L. JULIUS M. TURMAN (SBN 226126)
BARBARA I. ANTONUCCI (SBN  209039)
PHILIP J. SMITH (SBN 232462)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
50 California, Suite 1625
San Francisco, CA  94111
Telephone:  415.918.3000
Facsimile:  415.918.3005

*Attorneys for Defendant*
**TESLA, INC. DBA TESLA MOTORS, INC.**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.    3:17-cv-06748<br><br>[Removal from Superior Court of California, Alameda County Superior Court Case No. RG117878854]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 and 1441(a)** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON, AND THEIR ATTORNEY OF RECORD, LAWRENCE A. ORGAN:

PLEASE TAKE NOTICE that Defendant TESLA, INC. DBA TESLA MOTORS, INC. ("Defendant" or "Tesla") hereby remove this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. This removal is based on federal question, pursuant to 28 U.S.C. § 1441(a), for the reasons stated below:

## I.
### BACKGROUND FACTS

1.      On October 16, 2017, an action was commenced in the Superior Court of the State of California in and for the County of Alameda by Plaintiffs Demetric Di-az, Owen Diaz and Lamar Patterson (collectively, "Plaintiffs"), which action is entitled Demetric Di-Az et al. v. Tesla, Inc. dba Tesla Motors, Inc. et al., Case No. RG17878854 (the "State Court Action"). A true and correct copy of the Complaint For Damages (the "Complaint") filed in the State Court Action is attached hereto as Exhibit A to the Declaration of Barbara I. Antonucci ("Antonucci Decl.").

2.      In addition to the Complaint, on October 16, 2017, Plaintiffs filed a Civil Case Cover Sheet (the "Cover Sheet") in the State Court Action. A true and correct copy of the Cover Sheet is attached hereto as Exhibit B to the Antonucci Decl.

3.      On October 16, 2017, following receipt of the Complaint and Cover Sheet, the Alameda County Superior Court issued a Summons to Defendants Tesla, Inc. dba. Tesla Motors, Inc. ("Tesla"), Citistaff Solutions, Inc. ("CitiStaff Solutions"), West Valley Staffing Group ("West Valley") and Chartwell Staffing Services, Inc. ("Chartwell"). A true and correct copy of the

1    Summons is attached hereto as Exhibit C to the Antonucci Decl.

2
3           4.      On October 17, 2017, the Presiding Judge of the Superior Court of California, County
4    of Alameda, issued a "Notice of Assignment of Judgment for All Purposes-September 6, 2017" (the
5    "Notice"). The Notice advised that the State Court Action had been assigned to Judge Dennis
6    Hayashi for all purposes. A true and correct copy of the Notice is attached hereto as Exhibit D to the
7    Antonucci Decl.

8           5.      On October 18, 2017, the Court issued a Notice of Case Management Conference and
9    Order (the "CMC Order") in the State Court Action. A true and correct copy of the CMC Order
10   issued in the State Court Action is attached hereto as Exhibit E to the Antonucci Decl.

11
12          6.      On October 31, 2017, Plaintiffs filed a Proof of Service of Summons relative to Tesla
13   (the "Tesla POS"). Pursuant to the Tesla POS, Plaintiffs advised that on October 24, 2017, Plaintiffs
14   served Tesla with a copy of the Summons, the Complaint, the Civil Case Cover Sheet, the Notice
15   and the CMC Order. A true and correct copy of the Tesla POS is attached hereto as Exhibit F to the
16   Antonucci Decl.

17          7.      On November 13, 2017, Plaintiffs filed a document entitled "Plaintiffs [sic] Jury Fee
18   Deposit Pursuant to CCP §631(b)" (the "Jury Deposit"). A true and correct copy of the Jury Deposit
19   is attached hereto as Exhibit G to the Antonucci Decl.

20
21          8.      On November 14, 2017, Plaintiffs filed a Proof of Service of Summons relative to
22   Chartwell (the "Chartwell POS"). Pursuant to the Chartwell POS, Plaintiffs advised that on
23   November 13, 2017, Plaintiffs served Chartwell with a copy of the Summons, the Complaint, the
24   Civil Case Cover Sheet, the Notice and the CMC Order. A true and correct copy of the Chartwell
25   POS is attached hereto as Exhibit H to the Antonucci Decl.

26          9.      On November 14, 2017, Plaintiffs filed a "Proof of Service by First-Class Mail-
27   Civil" relative to Chartwell (the "Chartwell Mail POS"). A true and correct copy of the Chartwell
28   Mail POS is attached hereto as Exhibit I to the Antonucci Decl.

10.     On November 14, 2017, Plaintiffs filed a Proof of Service of Summons relative to CitiStaff Solutions (the "CitiStaff Solutions POS"). Pursuant to the CitiStaff Solutions POS, Plaintiffs advised that on November 13, 2017, Plaintiffs served CitiStaff Solutions with a copy of the Summons, the Complaint, the Civil Case Cover Sheet, the Notice and the CMC Order. A true and correct copy of the CitiStaff Solutions POS is attached hereto as Exhibit J to the Antonucci Decl.

11.     On November 13, 2017, Plaintiffs filed a "Proof of Service by First-Class Mail-Civil" relative to CitiStaff Solutions (the "CitiStaff Solutions Mail POS"). A true and correct copy of the CitiStaff Solutions Mail POS is attached hereto as Exhibit K to the Antonucci Decl.

12.     On November 14, 2017, Plaintiffs filed a Proof of Service of Summons relative to their substituted service upon West Valley (the "West Valley POS"). Pursuant to the West Valley POS, Plaintiffs advised that on November 13, 2017, Plaintiffs served West Valley with a copy of the Summons, the Complaint, the Civil Case Cover Sheet, the CMC Order and the Notice via Substituted Service. A true and correct copy of the West Valley POS is attached hereto as Exhibit L to the Antonucci Decl.

13.     On November 13, 2017, Plaintiffs filed a "Proof of Service by First-Class Mail-Civil" relative to West Valley (the "West Valley Mail POS"). A true and correct copy of the West Valley Mail POS is attached hereto as Exhibit M to the Antonucci Decl.

14.     Tesla filed and served its Answer to the Complaint (the "Answer") on November 22, 2017. A copy of the Answer is attached as Exhibit N to the Antonucci Decl.

15.     CitiStaff filed and served its Answer to the Complaint (the "Answer") on November 22, 2017. A copy of the Answer is attached as Exhibit O to the Antonucci Decl.

16.     In accordance with 28 U.S.C. § 1446(d), Defendant will, promptly after filing this Notice of Removal (the "Notice"), give written notice of the filing of the Notice to Plaintiff and the Clerk of the Alameda County Superior Court.

## II.

### FEDERAL QUESTION JURISDICTION EXISTS UNDER 42 U.S.C. § 1981

17.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed by Defendants pursuant to the provisions of 28 U.S.C. § 1441. 28 U.S.C. § 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Any such action may be removed to the district court if it is originally filed in a state court:

> "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). Removal on such "federal question" grounds is proper even if the parties are not of diverse citizenship, and without regard to the amount in controversy. 28 U.S.C. § 1441(b).

18.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Tesla pursuant to the provisions of 28 U.S.C. § 1441(a) in that the first claim alleged in the Complaint arises under 42 U.S.C. § 1981.

19.     Therefore, removal of this action is appropriate under the original jurisdiction of this Court.

## III.

### PLAINTIFF'S ENTIRE COMPLAINT SHOULD BE REMOVED

20.     "[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court." Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996). Even if the claims raising federal question are separate and independent claims from the remaining state law claims, "the entire case may be removed and the district court may determine all issues therein" pursuant to 28 U.S.C. § 1441(c).

21.     Alternatively, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all claims that are so related to the federal claims discussed above that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative fact," such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966).

22.     Plaintiffs allege that their federal and state law claims derive from a common nucleus of operative fact, i.e. their work at Defendant Tesla. Thus, the court has the authority to exercise supplemental jurisdiction. 28 U.S.C. § 1367(a).

## IV.

### REMOVAL IS TIMELY

23.     This action is being removed within 30 days of the time when Defendant Tesla first became aware that it was removable. "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

## V.

### INTRADISTRICT ASSIGNMENT

24.     Assignment to the San Francisco/Oakland Division is proper because the state action filed by Plaintiff is pending in the Superior Court of the County of Alameda. 28 U.S.C. § 1446(a); Northern District L.R. 3-2(e).

## VI.

## CONCLUSION

25.     Because Plaintiffs' Complaint raises questions of federal law, Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

26.     All other defendants who have been served with the Summons and the Complaint have consented to and joined in this Notice of Removal.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Alameda to this Court.


DATED:     November 22, 2017                    **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**


                                                By: */s/ Barbara I. Antonucci*_____
                                                    Barbara I. Antonucci
                                                    ***Attorneys for Defendant***
                                                    TESLA INC. DBA
                                                    TESLA MOTORS, INC.