PAHL & McCAY
A Professional Law Corporation
**Fenn C. Horton III, Esq.** (State Bar No. 119888)
**Helene A. Simvoulakis-Panos, Esq.** (State Bar No. 256334)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone:   (408) 286-5100
Facsimile:   (408) 286-5722
Email:  fhorton@pahl-mccay.com
       hsimvoulakis@pahl-mccay.com

Attorneys for Defendant
WEST VALLEY STAFFING GROUP

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON<br><br>Plaintiffs<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC,; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICEDS, INC.,<br><br>Defendants | Case No. 17-cv-06748-SK<br><br>**DEFENDANT WEST VALLEY STAFFING GROUP'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>Assigned to: Magistrate Judge Sallie Kim<br>Action Filed:<br>Trial Date: TBA |

Defendant WEST VALLEY STAFFING GROUP ("WEST VALLEY") hereby responds to the Complaint for Damages ("Complaint") of Plaintiffs DEMETRIC DI-AZ ("DI-AZ"), OWEN DIAZ ("DIAZ") and LAMAR PATTERSON ("PATTERSON")[1] as follows:

1.   WEST VALLEY lacks sufficient information and belief with respect to the allegations contained in Paragraphs 1, 8, 9, 14, 17, 18, 19, 20, 22, 23, 24, 25, 26, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 71, 72, 73, 74, 79, 84, 146, 152, 153, 154, 155, and 156 of the Complaint,

---

[1] DI-AZ, DIAZ and PATTERSON are collectively referred to herein as "PLAINTIFFS."

1

DEFENDANT WEST VALLEY STAFFING GROUP'S ANSWER . . .        (Case No. 17-cv-06748-SK )

and on that basis, denies each and every, generally and specifically, all and singularly, the allegations contained in Paragraphs 1, 8, 9, 14, 17, 18, 19, 20, 22, 23, 24, 25, 26, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 71, 72, 73, 74, 79, 84, 146, 152, 153, 154, 155, and 156 of the Complaint.

2.  Paragraphs 3, 4, 6, 11, 92, 93, 94, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 162, 163, 164, 165, 166, 167, 168, 169, 170, 172, 173, 174, 175, 176, 177, 178, 180, 181, 182, 183, 184, 185, 187, 188, 189, 190, 191, 192, 222, 223, 224, 225, 226, 227, 228, 229, 230 and 231 of the Complaint are not charging as to WEST VALLEY, but, to the extent necessary, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations contained in Paragraphs 3, 4, 6, 11, 92, 93, 94, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 162, 163, 164, 165, 166, 167, 168, 169, 170, 172, 173, 174, 175, 176, 177, 178, 180, 181, 182, 183, 184, 185, 187, 188, 189, 190, 191, 192, 222, 223, 224, 225, 226, 227, 228, 229, 230 and 231 of the Complaint.

3.  WEST VALLEY denies the allegations contained in Paragraph 2 of the Complaint to the extent they imply or allege that WEST VALLEY subjected PLAINTIFFS to "racially motivated abuse, including the frequent use of racial slurs." WEST VALLEY further denies the allegations contained in Paragraph 2 of the Complaint to the extent they imply or allege that PLAINTIFFS ever "complained" to WEST VALLEY regarding any alleged "racially motivated abuse, including the frequent use of racial slurs." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations contained in Paragraph 2 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 2 of the Complaint.

4.  WEST VALLEY admits the allegations contained in Paragraph 5 of the Complaint that WEST VALLEY "is a staffing corporation with corporate offices in Sunnyvale, California," that WEST VALLEY "provides trained employees for short and long-term assignments to other

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

businesses," that WEST VALLEY's "employees are sent to work at other business' sites" and that WEST VALLEY's employees "receive paychecks from WEST VALLEY." As to the allegations contained in Paragraph 2 of the Complaint, which contain legal contentions and conclusions, DEFENDANT is not required to respond. WEST VALLEY denies each and every, generally and specifically, all and singularly, the remaining material allegations contained within Paragraph 2 of the Complaint.

5. WEST VALLEY admits the allegations of Paragraph 7 of the Complaint that DI-AZ became an employee of WEST VALLEY in August 2015 and that, at that time, DI-AZ was placed on assignment with TESLA as a Production Associate. WEST VALLEY denies the allegations contained in Paragraph 7 of the Complaint to the extent they imply or allege that WEST VALLEY ever terminated DI-AZ's employment. WEST VALLEY lacks sufficient information and belief as to the remaining allegations contained in Paragraph 7 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 7 of the Complaint.

6. As to the allegations contained in Paragraph 10 of the Complaint, which contain legal contentions and conclusions, DEFENDANT is not required to respond. WEST VALLEY lacks sufficient information and belief as to the remaining allegations contained in Paragraph 10 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining material allegations contained within Paragraph 10 of the Complaint.

7. Answering Paragraph 12 of the Complaint, WEST VALLEY admits that jurisdiction and venue are proper in this Court. The statutory provisions speak for themselves and no answer is required as to PLAINTIFFS' allegations concerning said statutory provisions.

8. Answering Paragraph 13 of the Complaint, WEST VALLEY admits that venue is proper in the Oakland Division of the Northern District of California. To the extent Paragraph 13 of the Complaint contains legal contentions and conclusions, WEST VALLEY is not required to respond.

9. WEST VALLEY admits the allegations contained in Paragraph 15 of the Complaint to the extent they allege that DI-AZ was hired by WEST VALLEY and that his start

date was August 24, 2015. WEST VALLEY denies the allegations contained in Paragraph 15 of the Complaint to the extent they allege that DI-AZ's employment with WEST VALLEY was anything other than "at will." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations contained in Paragraph 15 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 15 of the Complaint.

10. WEST VALLEY admits the allegations contained in Paragraph 16 of the Complaint that DI-AZ's assignment with TESLA as a Production Associate commenced in August 2015. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations contained in Paragraph 16 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 16 of the Complaint.

11. Answering the allegations of Paragraph 21 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations contained in Paragraph 21 of the Complaint.

12. Answering Paragraphs 27, 28, 30, 67, 68, 70, 75, 76, 78, 86, 87, 88, 89, 90, 138, 141, 142, 143, 144, 149, 158, 159, 160, 197, 198, 199, 203, 204, 205, 209, 210, 211, 212, 218, 219 and 220 of the Complaint, said paragraphs contain legal contentions or conclusions and no answer is required as to said legal contentions or conclusions. WEST VALLEY denies each and every, generally and specifically, all and singularly, the remaining material allegations contained in Paragraphs 27, 28, 30, 67, 68, 70, 75, 76, 78, 86, 87, 88, 89, 90, 138, 141, 142, 143, 144, 149, 158, 159, 160, 197, 198, 199, 203, 204, 205, 209, 210, 211, 212, 218, 219 and 220 of the Complaint.

13. Answering Paragraphs 29, 69, 77 and 157 of the Complaint, the cited statutory provisions speak for themselves and no answer is required as to PLAINTIFFS' allegations concerning said statutory provisions. As to those portions of Paragraphs 29, 69, 77 and 157 of the Complaint which contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions. WEST VALLEY denies each and every, generally and specifically, all and singularly, the remaining material allegations contained in Paragraphs 29, 69, 77 and 157

of the Complaint.

14. Answering Paragraph 80, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 79, hereinbefore, as though fully set forth herein.

15. WEST VALLEY denies the allegations contained in Paragraph 81 of the Complaint that DI-AZ was ever in a "contractual relationship with" WEST VALLEY. As to those portions of Paragraph 81 of the Complaint which contain references to statutory provisions, the cited statutory provisions speak for themselves and no answer is required. As to those portions of Paragraph 81 of the Complaint which contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions. WEST VALLEY lacks sufficient information and belief as to the remaining allegations of Paragraph 81 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 81 of the Complaint.

16. WEST VALLEY denies the allegations contained in Paragraph 82 of the Complaint to the extent they imply or allege that WEST VALLEY ever entered into an "employment contract" with any of the PLAINTIFFS. WEST VALLEY further denies the allegations contained in Paragraph 82 that WEST VALLEY "violated" the rights of any of the PLAINTIFFS relative to any alleged (non-existent) "employment contract." As to those portions of Paragraph 82 of the Complaint which contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions. WEST VALLEY lacks sufficient information and belief as to the remaining allegations contained in Paragraph 82 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 82 of the Complaint.

17. WEST VALLEY denies the allegations contained in Paragraph 83 of the Complaint to the extent they imply or allege that any of the PLAINTIFFS ever made any "reports and complaints" of "racial harassment" or of a "hostile work environment" to WEST VALLEY. WEST VALLEY further denies the allegations of Paragraph 83 of the Complaint to the extent they imply or allege that WEST VALLEY ever issued DI-AZ "a written warning based on false allegations" or that WEST VALLEY ever "approve[d]" of any alleged "retaliatory termination" of

Pahl & McCay
A Professional Corp
225 W Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

1  DI-AZ. WEST VALLEY lacks sufficient information and belief with respect to the remaining
2  allegations of Paragraph 83 of the Complaint, and on that basis, denies each and every, generally
3  and specifically, all and singularly, the remaining allegations of Paragraph 83 of the Complaint.

4      18.    WEST VALLEY denies the allegations of Paragraph 85 of the Complaint that
5  WEST VALLEY "failed to prevent" any alleged "racially harassing and retaliatory behavior
6  directed at" any of the PLAINTIFFS, as well as "others." WEST VALLEY further denies the
7  allegations of Paragraph 85 of the Complaint to the extent they imply or allege that DI-AZ was
8  ever "terminated" by WEST VALLEY. WEST VALLEY lacks sufficient information and belief
9  with respect to the remaining allegations of Paragraph 85 of the Complaint and on that basis,
10 denies each and every, generally and specifically, all and singularly, the remaining allegations of
11 Paragraph 85 of the Complaint.

12     19.    Answering Paragraph 91, WEST VALLEY re-alleges and incorporates by
13 reference its responses to Paragraphs 1 through 90, hereinbefore, as though fully set forth herein.

14     20.    Answering Paragraph 99, WEST VALLEY re-alleges and incorporates by
15 reference its responses to Paragraphs 1 through 98, hereinbefore, as though fully set forth herein.

16     21.    Answering Paragraph 107, WEST VALLEY re-alleges and incorporates by
17 reference its responses to Paragraphs 1 through 106, hereinbefore, as though fully set forth herein.

18     22.    Answering Paragraph 122, WEST VALLEY re-alleges and incorporates by
19 reference its responses to Paragraphs 1 through 121, hereinbefore, as though fully set forth herein.

20     23.    Answering Paragraph 137, WEST VALLEY re-alleges and incorporates by
21 reference its responses to Paragraphs 1 through 136, hereinbefore, as though fully set forth herein.

22     24.    Answering the allegations of Paragraph 139, 140, 151, 207 and 208 of the
23 Complaint, said allegations are vague, ambiguous and unintelligible. On that basis, WEST
24 VALLEY denies each and every, generally and specifically, all and singularly, the allegations of
25 Paragraphs 139, 140, 151, 207 and 208 of the Complaint.

26     25.    Answering Paragraph 145, WEST VALLEY re-alleges and incorporates by
27 reference its responses to Paragraphs 1 through 144, hereinbefore, as though fully set forth herein.

28     26.    WEST VALLEY admits the allegations of Paragraph 147 that DI-AZ was

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

employed by WEST VALLEY effective August 24, 2015.  WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 147 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 147 of the Complaint.

27.  WEST VALLEY denies the allegations of Paragraph 148 of the Complaint to the extent they imply or allege that DI-AZ ever "reported" any alleged "racially harassing and discriminatory behavior" to WEST VALLEY, including any alleged "threat to terminate his employment for his refusal to endure the daily racial harassment.  As to those portions of Paragraph 148 of the Complaint that contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions.  WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 148 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 148 of the Complaint.

28.  Answering the allegations of Paragraph 150 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 150 of the Complaint.

29.  Answering Paragraph 161, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 160, hereinbefore, as though fully set forth herein.

30.  Answering Paragraph 171, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 170, hereinbefore, as though fully set forth herein.

31.  Answering Paragraph 179, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 178, hereinbefore, as though fully set forth herein.

32.  Answering Paragraph 186, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 185, hereinbefore, as though fully set forth herein.

33.  Answering Paragraph 193, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 192, hereinbefore, as though fully set forth herein.

34.  Answering the allegations of Paragraph 194 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

194 of the Complaint.

35. Answering the allegations of Paragraph 195 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 195 of the Complaint.

36. Answering the allegations of Paragraph 196 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 196 of the Complaint.

37. Answering Paragraph 200, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 199, hereinbefore, as though fully set forth herein.

38. WEST VALLEY denies the allegations of Paragraph 201 of the Complaint that "PLAINTIFFS complained repeatedly to" WEST VALLEY about any "constant racial abuse" that they allegedly "received on a daily basis" or that PLAINTIFFS ever "made clear" to WEST VALLEY that Plaintiffs had suffered "racial harassment" which caused "distress, humiliation, and suffering." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 201 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 201 of the Complaint.

39. Answering the allegations of Paragraph 202 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 202 of the Complaint.

40. Answering Paragraph 206, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 205, hereinbefore, as though fully set forth herein.

41. DEFENDANT denies the allegations of Paragraph 207 of the Complaint that DEFENDANT "knew or reasonably should have known through reasonable investigation of some of its agents and/or employees' propensity for unlawful racially harassing and physical aggressive behavior." DEFENDANT lacks sufficient information and belief with respect to the remaining allegations of Paragraph 207 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 207 of the Complaint.

42. DEFENDANT denies the allegations of Paragraph 208 of the Complaint that

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

DEFENDANT "had a duty not to hire or retain" certain unnamed "employees/agents" on the purported basis that said unnamed "employees/agents" possessed "wrongful, dangerous, and racially offensive propensities." DEFENDANT further denies the allegations of Paragraph 208 of the Complaint to the extent they imply or allege that DEFENDANT failed "to provide reasonable supervision" of certain unnamed "employees/agents" and further that said certain unnamed "employees/agents" of DEFENDANT engaged in conduct which was or could be considered wrongful, dangerous or racially offensive. DEFENDANT lacks sufficient information and belief with respect to the remaining allegations of Paragraph 208 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of paragraph 208 of the Complaint.

43. DEFENDANT denies the allegations of Paragraph 209 of the Complaint that DEFENDANT "negligently hired, retained and/or failed to adequately supervise" certain unnamed "employees/agents," that certain unnamed "employees/agents" of DEFENDANT "committed the wrongful acts" alleged in the Complaint and that DEFENDANT "failed to provide reasonable supervision" of these certain unnamed "employees/agents." DEFENDANT further denies the allegations of Paragraph 209 of the Complaint to the extent they imply or allege that DEFENDANT knew or was aware of any "propensities" of certain unnamed "employees/agents" to commit any "wrongful acts" or that DEFENDANT knew or was aware that certain unnamed "employees/agents" had had "complaints made against them" for any "wrongful acts." DEFENDANT lacks sufficient information and belief with respect to the remaining allegations of Paragraph 209 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 209 of the Complaint.

44. Answering Paragraph 213, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 212, hereinbefore, as though fully set forth herein.

45. WEST VALLEY denies the allegations of Paragraph 214 of the Complaint that WEST VALLEY "punished" DI-AZ "by terminating" DI-AZ's "employment." WEST VALLEY further denies the allegations of Paragraph 214 of the Complaint that WEST VALLEY ever "terminat[ed]" DI-AZ. WEST VALLEY lacks sufficient information and belief with respect to

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

the remaining allegations of Paragraph 214 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 214 of the Complaint.

46. WEST VALLEY denies the allegations of Paragraph 215 of the Complaint that WEST VALLEY ever "stated that [DI-AZ] should be terminated for performance issues." WEST VALLEY further denies the allegations of Paragraph 215 of the Complaint to the extent they imply or allege that WEST VALLEY terminated DI-AZ's employment and that the purported basis for any alleged (non-existent) termination of DI-AZ's employment "was merely a pretext." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 215 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 215 of the Complaint.

47. Answering the allegations of Paragraph 216 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 216 of the Complaint.

48. WEST VALLEY denies the allegations of Paragraph 217 of the Complaint to the extent they imply or allege that WEST VALLEY ever made a "decision to terminate" DI-AZ's "employment." As WEST VALLEY never made a "decision to terminate" DI-AZ's "employment," WEST VALLEY further denies the allegations of Paragraph 217 of the Complaint that any such nonexistent "decision to terminate" was "based on discriminatory motives," that any such nonexistent "decision to terminate" "was contrary to the policies, rules, regulations, and laws of the State of California" and that any such nonexistent "decision to terminate" "constituted an unlawful termination under California law." As to the cited statutory provisions, said cited statutory provisions speak for themselves and no answer is required as to PLAINTIFFS' allegations concerning said statutory provisions. To the extent Paragraph 217 of the Complaint contains legal contentions and conclusions, WEST VALLEY is not required to respond to said legal contentions and conclusions. WEST VALLEY lacks sufficient information and belief as to the remaining allegations of Paragraph 217 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 217 of

the Complaint.

49. Answering Paragraph 221, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 220, hereinbefore, as though fully set forth herein.

50. With regard to PLAINTIFFS' Request for Relief, DEFENDANT denies that such relief is either appropriate or justified in the circumstances of this case.

51. Answering all other Paragraphs of the Complaint, DEFENDANT denies each and every, generally and specifically, all and singularly, the allegations of these paragraphs, and the whole thereof.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred by the applicable statute of limitation, including but not limited to, those enumerated in California Code of Civil Procedure Sections 335.1, 338, 340, 343 and 361, California Government Code Section 12965 and 28 U.S.C. Section 1658.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct, and omissions of PLAINTIFFS which constitute waiver.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct, and omissions of Plaintiff which constitute estoppel.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct, and omissions of PLAINTIFFS which constitute laches.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct,

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

and omissions of Plaintiff which constitute unclean hands.

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action contained therein, is barred because PLAINTIFFS would be unjustly enriched by receipt of any recovery prayed for in the Complaint.

AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that any of WEST VALLEY'S conduct towards PLAINTIFFS was justified and privileged.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that any loss or damage suffered by PLAINTIFFS was caused in whole or in part, by PLAINTIFFS' own conduct, acts or omissions.

AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claim for attorney's fees is barred as improper because there is no alleged basis either in contract or by statute for the recovery of attorney's fees against this Defendant.

AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFS' Complaint, and each cause of action therein, is uncertain, ambiguous, and unintelligible as it pertains to WEST VALLEY.

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action therein, is barred because WEST VALLEY is an improper party and/or wrongly joined in this action.

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS had no probable cause for bringing any action against this answering Defendant.

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action thereof, are barred in whole or in part because PLAINTIFFS have sustained no injury or damage by reason of acts or omissions of WEST VALLEY.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

12
DEFENDANT WEST VALLEY STAFFING GROUP'S ANSWER ...   (Case No. 17-cv-06748-SK)

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that should PLAINTIFFS recover from WEST VALLEY, WEST VALLEY is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to PLAINTIFFS' damages, if any there were.

AS AND FOR A SIXTEETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that there was no unity of interest between Defendants.

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred because PLAINTIFFS failed to exhaust their administrative remedies.

AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred because WEST VALLEY never terminated any PLAINTIFFS' employment.

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS' Complaint fails to state facts sufficient to constitute any cause of action because, to the extent any of the PLAINTIFFS' were employed by WEST VALLEY, PLAINTIFFS' employment was terminable at will.

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS have failed and refused to exercise a reasonable effort to obtain other employment in an effort to mitigate their damages.

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS breached their duty to minimize their losses and mitigate their damages by failing to make reasonable efforts to

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

13
DEFENDANT WEST VALLEY STAFFING GROUP'S ANSWER ...                    (Case No. 17-cv-06748-SK)

find comparable work. As such, any amount that PLAINTIFFS could reasonably have earned by obtaining comparable work through reasonable efforts must be offset from the damages, if any, awarded to PLAINTIFFS.

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that it has taken reasonable care to prevent and promptly correct any discriminatory behavior through its policies and procedures.

AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claim for punitive damages against WEST VALLEY is barred by the provisions of Civil Code Section 3294. WEST VALLEY is not liable for the acts of any employees/agents because WEST VALLEY did not have advance knowledge of any unfitness in any employee/agent and did not employ any employee/agent with a conscious disregard of the rights and safety of others. Further, WEST VALLEY did not authorize or ratify any alleged wrongful conduct. In addition, WEST VALLEY is not personally guilty of oppression, fraud, or malice.

AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS were terminated for legitimate, non-discriminatory, non-prohibited reasons or for good cause.

AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS' damages, if any, should be reduced, in whole or in part, by PLAINTIFFS' failure to avoid the consequences of alleged harassment by using the preventive and corrective measures provided by the employer.

AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct or statements attributed to it in the Complaint, alleges that if any of its employees or agents engaged in unlawful discrimination or harassing behavior toward PLAINTIFFS, WEST

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

1  VALLEY is not liable for the discrimination and/or harassment.

2  AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE
3  DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts,
4  conduct or statements attributed to it in the Complaint, alleges that PLAINTIFFS may not obtain
5  any of the relief requested in the Complaint because any adverse employment action, if at all, was
6  taken against PLAINTIFF based on legitimate, non-discriminatory factors other than
7  PLAI'TIFFS' alleged race or any protected activity.

8  AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
9  DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claim for punitive damages against
10 WEST VALLEY is barred by WEST VALLEY'S adoption, publication and enforcement of a
11 policy against the discrimination, harassment and retaliation of the type alleged in the Complaint.

12 AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE
13 DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred because any
14 damages suffered by Plaintiff were proximately caused by conduct, acts, or omissions of other
15 individuals or entities over which this answering Defendant had no responsibility or control.

16 AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE
17 DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint violates Defendant's right to
18 protection from excessive fines as provided in the Eighth Amendment to the U.S. Constitution and
19 Article I, Section 6 of the Constitution of the State of California and therefore fails to state a cause
20 of action upon which punitive or exemplary damages may be awarded.

21 AS AND FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE
22 DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint violates WEST VALLEY'S
23 right to due process as provided in the Fifth and Fourteenth Amendments to the U.S. Constitution
24 and Article I, Section 13 of the Constitution of the State of California and therefore fails to state a
25 cause of action upon which punitive or exemplary damages may be awarded.

26 AS AND FOR A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE
27 DEFENSE, WEST VALLEY alleges that the punitive damages sought by PLAINTIFFS are
28 barred because there is no allegation of sufficient facts to warrant an award of punitive damages.

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

AS AND FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS may not obtain the relief requested in the Complaint because PLAINTIFFS did not suffer emotional distress to such substantial quantity or induced quality that no reasonable man in a civilized society should be expected to endure.

AS AND FOR A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct or statements attributed to it in the Complaint, alleges that to the extent any of its employees or agents engage in any unlawful or discriminatory behavior, the alleged unlawful or discriminatory acts were committed outside the course and scope of employment.

AS AND FOR A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct or statements attributed to it in the Complaint, alleges that if it is found that WEST VALLEY'S actions were motivated by both discriminatory and nondiscriminatory reasons, the legitimate nondiscriminatory reasons alone would have induced WEST VALLEY to make the same decision regarding PLAINTIFFS' employment.

AS AND FOR A THIRTY-SIXTH, SEAPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claims are barred to the extent they infringe on WEST VALLEY'S constitutional rights under the provisions of the United States and California Constitutions.

AS AND FOR A THIRTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Seventh Cause of Action for Whistleblower Retaliation is barred against WEST VALLEY because PLAINTIFFS have not alleged, nor can PLAINTIFFS establish: 1) that WEST VALLEY made, adopted, or enforced any rule, regulation, or policy preventing PLAINTIFFS from disclosing information to a government or law enforcement agency; 2) that WEST VALLEY made, adopted, or enforced any rule, regulation or policy preventing PLAINTIFFS from disclosing information to a person with authority over PLAINTIFFS; 3) that WEST VALLEY made, adopted, or enforced any rule, regulation or policy preventing PLAINTIFFS from disclosing information to another employee of

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

16
DEFENDANT WEST VALLEY STAFFING GROUP'S ANSWER ...   (Case No. 17-cv-06748-SK )

1  WEST VALLEY with the authority to investigate, discover, or correct any alleged violation or
2  noncompliance; or 4) that WEST VALLEY made, adopted, or enforced any rule, regulation or
3  policy preventing PLAINTIFFS from providing information to, or testifying before, any public
4  body conducting an investigation, hearing, or inquiry, based upon any alleged belief of
5  PLAINTIFFS that the information disclosed a violation of state or federal statute, or a violation of
6  or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing
7  the information was part of the PLAINTIFFS' job duties.

8       AS AND FOR A THIRTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
9  DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Seventh Cause of Action for
10 Whistleblower Retaliation is barred against WEST VALLEY because PLAINTIFFS have not
11 alleged, nor can PLAINTIFFS establish: 1) that WEST VALLEY retaliated against PLAINTIFFS
12 for disclosing information; 2) that WEST VALLEY retaliated against PLAINTIFFS because
13 WEST VALLEY believed that PLAINTIFFS disclosed or may have disclosed information, to a
14 government or law enforcement agency; 3) that WEST VALLEY retaliated against PLAINTIFFS
15 because WEST VALLEY believed that PLAINTIFFS disclosed or may have disclosed
16 information, to a person with authority over PLAINTIFFS; 4) that WEST VALLEY retaliated
17 against PLAINTIFFS because WEST VALLEY believed that PLAINTIFFS disclosed or may
18 have disclosed information, to another employee of WEST VALLEY who has the authority to
19 investigate, discover, or correct the violation or noncompliance; or 5) that WEST VALLEY
20 retaliated against PLAINTIFFS for providing information to, or testifying before, any public body
21 conducting an investigation, hearing, or inquiry, based upon any alleged belief of PLAINTIFFS
22 that the information disclosed a violation of state or federal statute, or a violation of or
23 noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing
24 the information was part of the PLAINTIFFS' job duties.

25      AS AND FOR A THIRTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE
26 DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Seventh Cause of Action for
27 Whistleblower Retaliation is barred against WEST VALLEY because PLAINTIFFS have not
28 alleged, nor can PLAINTIFFS establish that WEST VALLEY, or any person acting on WEST

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

VALLEY'S behalf, retaliated against PLAINTIFFS for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

AS AND FOR A FORTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS lack standing to bring one or more of the cause of action stated in the Complaint.

AS AND FOR A FORTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAITNIFFS' First Cause of Action for Racial Discrimination, Harassment, Retaliation, failure to Prevent Constructive and Wrongful Termination in Violation of 42 U.S.C. Section 1981 is barred against WEST VALLEY because that claim does not apply to any alleged contract between PLAINTIFFS and WEST VALLEY.

**PRAYER**

WHEREFORE, Defendant WEST VALLEY STAFFING GROUP seeks such relief as may be appropriate, including judgment in favor of Defendant WEST VALLEY STAFFING GROUP and against Plaintiffs DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON as follows:

1. That PLAINTIFFS' Complaint be demised with prejudice in its entirety;
2. That PLAINTIFFS take nothing by way of their Complaint;
3. For an award of reasonable attorneys' fees, litigation expenses, and costs of suit; and
4. For such other further relief that the Court deems just and proper.

DATED: December 4, 2017             PAHL & McCAY
                                    A Professional Law Corporation


                                    By: /s/ Helene A. Simvoulakis
                                        Helene A. Simvoulakis, Esq.

                                    Attorneys for Defendant
                                    WEST VALLEY STAFFING GROUP

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00589340.DOCX.1

18
DEFENDANT WEST VALLEY STAFFING GROUP'S ANSWER . . .   (Case No. 17-cv-06748-SK )