ROGER M. MANSUKHANI (SBN: 164463)
rmansukhani@grsm.com
CRAIG D. NICKERSON (SBN: 215067)
cnickerson@grsm.com
MEGAN L. HAYATI (SBN: 271888)
mhayati@grsm.com
BRITTNEY RENEE-MOSS DOBBINS (SBN: 299768)
BDOBBINS@GRSM.COM
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (213) 270-7868
Facsimile: (619) 696-7124

Attorneys for Defendant
CHARTWELL STAFFING SERVICES, INC.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON,

Plaintiffs,

vs.

TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-10, inclusive,

Defendants.

CASE NO. 3:17-cv-06748-WHO

**DEFENDANT CHARTWELL STAFFING SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Date: February 21, 2018
Time: 2:00 p.m.
Location: Courtroom 2

Judge: Hon. William H. Orrick

Complaint Filed: October 16, 2017
**Trial Date: Not Set**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

**TABLE OF CONTENTS**

**Page No.**


I. INTRODUCTION ....1

II. STATEMENT OF RELEVANT FACTS ....1

A. Plaintiff Signed an Arbitration Agreement with Chartwell ....1

B. Plaintiff Files A State Court Lawsuit Alleging Claims Arising Out of His Employment with Chartwell ....2

C. This Court Held Section 1981 Claims Can Be Subject to Arbitration ....2

III. LEGAL ARGUMENT ....2

A. The Federal Arbitration Act Compels Arbitration of Plaintiff's Claims ....2

B. Plaintiff Agreed to Arbitrate His Claims ....3

C. The Agreement Provides For Arbitration As The Exclusive Procedure to Resolve the Employment Dispute Between the Parties And Plaintiff's Claims Are Covered By The Arbitration Agreement ....4

D. No Grounds Exist for Revoking the Arbitration Agreement ....4

1. The Arbitration Agreement is Not Procedurally Unconscionable ....4

2. The Arbitration Agreement Meets the Armendariz Requirements and is Not Substantially Unconscionable ....5

a) The Arbitration Agreement Provides For A Neutral Arbitrator ....6

b) The Arbitration Agreement Provides Adequate Discovery ....7

c) The Arbitration Agreement Requires a Written Award ....7

d) The Arbitration Agreement Does Not Limit Available Remedies ....7

e) The Arbitration Agreement Requires Chartwell to Pay the Arbitration Costs ....8

E. Any Invalid Provisions Should be Severed ....8

F. This Action As To Patterson's Claims Should be Stayed or Dismissed ....8

G. All of Plaintiff's Claims Against All Defendants Should Be Compelled to Binding Arbitration ....9

H. Section 1981 Claims Can Be Compelled to Arbitration ....10

IV. CONCLUSION ........................................................................................................ 10

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*24 Hour Fitness, Inc. v. Superior Court*,
66 Cal.App.4th 1199 (1998) .......... 6

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
24 Cal. 4th 83 (2000) .......... 5, 7, 8, 9, 10

*Baltazar v. Forever 21*,
62 Cal. 4th 1237 (2016) .......... 5

*Bigler v. Harker School*,
213 Cal. App. 4th 727 (2013) .......... 6

*Brookwood v. Bank of America*,
45 Cal.App.4th 1667 (1996) .......... 6

*Circuit City Stores, Inc. v. Adams*,
532 U.S. 105 (2001) .......... 3

*Cox v. Ocean View Hotel Corp.*,
533 F.3d 1114 (9th Cir. 2008) .......... 4

*Dotson v. Amgen, Inc.*,
181 Cal. App. 4th 975 (2010) .......... 5

*Fitz v. NCR Corp.*,
118 Cal. App. 4th 702 (2004) .......... 6

*Garcia v. Pexco, LLC*,
11 Cal. App. 5th 782 (2017) .......... 11

*Graham v. Scissor-tail, Inc.*,
28 Cal. 3d 807 (1981) .......... 5

*Green Tree Financial Corp. v. Randolph*,
531 U.S. 79 (2000) .......... 3

*JSM Tuscany, LLC v. Superior Court*,
193 Cal. App. 4th 1222 (2011) .......... 12

*Lambert v. Tesla, Inc.*,
2018 U.S. Dist. LEXIS 3971 (January 8, 2018) .......... 1, 12

*Lane v. Francis Capital Management LLC*,
224 Cal. App. 4th 676 (2014) .......... 6

*Lewis v. UBS Fin. Servs. Inc.*,
818 F. Supp. 2d 1161 (N.D. Cal. 2011) .......... 11

*Little v. Auto Stiegler*,
29 Cal. 4th 1064 (2003) .......... 10

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

*Madden v. Kaiser Found. Hosps.*,
17 Cal.3d 699 (1976) .......... 7

*Mastrobuono v. Shearson Lehamn Hutton, Inc.*,
514 U.S. 52 (1995) .......... 3

*Peng v. First Republic Bank*,
219 Cal. App. 4th 1462 (2013) .......... 6

*Quevedo v. Macy's Inc.*,
798 F. Supp. 2d 1122 (C.D. Cal. 2011) .......... 11

*Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) .......... 4, 5

*Roman v. Superior Court*,
172 Cal. App. 4th 1462 (2009) .......... 5

*Serpa v. California Surety Investigations, Inc.*,
215 Cal. App. 4th 695 (2013) .......... 6

*Southland Corp. v. Keating*,
465 U.S. 1 (1984) .......... 3

*Stirlen v. Supercuts, Inc.*,
51 Cal. App. 4th 1332 (1999) .......... 7

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
368 F.3d 1053 (9th Cir. 2004) .......... 11

**Statutes**

42 United States Code
Section 1981 .......... 1, 2, 12

9 United States Code
Section 1 .......... 3

9 United States Code
Section 2 .......... 3, 5

9 United States Code
Section 3 .......... 11

**Rules**

Federal Rules of Civil Procedure
Rule 12 .......... 10, 11

JAMS Rules
Rule 24 .......... 8, 9

JAMS Rules
Rule 7 .......... 8

Local Rules
Rule 7-2 .................................................................................................................... 1

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Defendant CHARTWELL STAFFING SERVICES, Inc. ("Defendant" or "Chartwell") respectfully submits this memorandum of Points and Authorities pursuant to rule 7-2(b) of the Local Rules for the United States District Court of the Northern District of California, as follows:

## I. INTRODUCTION

This is a wrongful termination case that primarily involves state and federal claims of discrimination, harassment, and retaliation; and alleged violations of the Bane Act brought by Chartwell employee Lamar Patterson ("Plaintiff"). For example, Plaintiff asserts parallel claims for racial discrimination under the Fair Employment and Housing Act and section 1981 of the Civil Rights Act. These claims allegedly arise out of Plaintiff's employment with Chartwell.

Plaintiff's claims should be dismissed, or in the alternative stayed, because Plaintiff is bound by a valid and enforceable arbitration agreement, which requires final and binding arbitration of any claims related to Plaintiff's employment with Chartwell and its co-employers. Additionally, this Court has held that 1981 claims can be subjected to arbitration.[1]

## II. STATEMENT OF RELEVANT FACTS

### A. Plaintiff Signed an Arbitration Agreement with Chartwell

Plaintiff was hired by Chartwell and was placed on assignment with Tesla working as an elevator operator around January 2016. (Declaration of Brittney Dobbins, ("Dobbins Decl."), Exhibit A, ¶ 9.) On December 21, 2015, prior to commencing employment with Chartwell, Plaintiff signed a binding arbitration agreement ("Agreement"). (Declaration of Jannette Van Gorkum ("Van Gorkum Dec.") **Exhibit C**, ¶ 6.) The Agreement, in pertinent part, contained the following language:

> "In the event of any controversy, claim, or dispute arising from, related to, or having any relationship or connection whatsoever with the employment of, or the association between, the employee signing below ("Employee") and Chartwell Staffing Services, Inc., including its co-employers, present and former partners, owners, shareholders, officers, managers, employees, agents, employee benefit

[1] Plaintiff's counsel has filed similar claims against defendant Tesla, Inc. ("Tesla"). In *Lambert v. Tesla Inc. et. al.*, the plaintiffs, like in this matter, made claims of racial discrimination in violation of section 1981 of the Civil Rights Act. Tesla moved to compel arbitration, and in opposition Plaintiff's counsel argued that the Federal Arbitration Act does not apply in cases alleging section 1981 racial discrimination. Plaintiff's counsel sought a declaratory judgment that section 1981 race discrimination claims are not subject to mandatory arbitration. In response, this Court expressly held that 1981 claims can be subjected to arbitration.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

and health plans, as well as parent entities, successor entities, related entities, and subsidiaries (together "Chartwell"), or the termination of employment, whether based on contract, tort, or statutory duty or prohibition, including any prohibition against discrimination or harassment, employee and Chartwell (together the "Parties") agree to submit the dispute to binding arbitration administered by JAMS subject to its Policy of Employment Arbitration Minimum Standards of Procedural Fairness, and pursuant to its Employment Arbitration Rules and Procedures (the "Rules") in effect on the date JAMS issues a commencement letter confirming that its requirements for commencement of arbitration have been met." (*Id.* at Exhibit C, ¶ 1.)

**B. <u>Plaintiff Files A State Court Lawsuit Alleging Claims Arising Out of His Employment with Chartwell</u>**

On October 16, 2017, Plaintiff filed a complaint in Alameda Superior Court alleging the following eleven causes of action, all of which he contends arose out of his employment with Chartwell: (1) Race Discrimination, harassment, retaliation, failure to prevent, constructive and wrongful termination (42 U.S.C. section 1981); (2) Race Discrimination (Unruh Civil Rights Act); (3) Interference with Constitutional Rights (Bane Act); (4) Harassment (race) (FEHA); (5) Discrimination (race) (FEHA); (6) Retaliation (FEHA); (7) Failure to Prevent (FEHA); (8) Negligent Infliction of Emotional Distress; (9) Intentional Infliction of Emotional Distress; (10) Negligent Hiring Retention and Supervision; and (11) Constructive Discharge in violation of public policy. (Dobbins Decl. at **Exhibit A**.) Plaintiff alleges that Tesla was a joint employer. (*Id.*) Plaintiff seeks general and special damages, punitive damages, civil penalties, attorneys' fees, interest and costs, and injunctive relief. (*Id.*)

Tesla removed this action to this federal court, and on November 22, 2017, Chartwell joined in the removal. (Dobbins Dec. at **Exhibit B**.)

**C. <u>This Court Held Section 1981 Claims Can Be Subject to Arbitration</u>**

On January 8, 2018, this Court held in a similar matter that section 1981 claims can be subjected to arbitration. (Request for Judicial Notice ("RJN"), **Attachment A**.)

## III. <u>LEGAL ARGUMENT</u>

**A. <u>The Federal Arbitration Act Compels Arbitration of Plaintiff's Claims</u>**

The Agreement is governed by the Federal Arbitration Act, 9 U.S.C. section 1, *et seq.* ("FAA"), under which a written provision "in any…contract…involving commerce to settle by

arbitration a controversy thereafter arising…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA not only placed arbitration agreements on equal footing with other contracts, but also established a federal policy favoring arbitration. *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 90 (2000); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). This policy is so significant that "even claims arising under a statute designed to further important policies may be arbitrated." *Green Tree Financial Corp.*, 531 U.S. at 90. For state law to apply exclusively to an arbitration agreement, the agreement must clearly opt out of the FAA and express that state law applies. *Mastrobuono v. Shearson Lehamn Hutton, Inc.*, 514 U.S. 52, 63-64 (1995). These principles are equally applicable in the employment context. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) (stating "[w]e have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context").

Here, the Agreement was executed within the employment context because it is between Plaintiff and his alleged employer, Chartwell. Further, the Agreement does not opt out of the FAA; rather it expressly calls for its application. Thus, the FAA governs the Agreement between Plaintiff and Chartwell.

**B. <u>Plaintiff Agreed to Arbitrate His Claims</u>**

Under the FAA, courts must compel arbitration in disputes covered by a legally binding agreement. *Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). In deciding whether to compel arbitration and stay proceedings under the FAA, the court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks omitted).

Plaintiff signed the Agreement on December 21, 2015, and agreed to arbitrate his claims with Chartwell and any alleged co-employers, including Tesla. Plaintiff has waived any right to litigate his claims in court.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

### C. The Agreement Provides For Arbitration As The Exclusive Procedure to Resolve the Employment Dispute Between the Parties And Plaintiff's Claims Are Covered By The Arbitration Agreement

The Agreement covers disputes arising out of Plaintiff's employment with Chartwell and his assignment to Tesla. (Van Gorkum Dec. at **Exhibit C**.) The claims at issue in this lawsuit arise out of Plaintiff's employment with Chartwell and his assignment with Tesla. For example, Plaintiff alleges that he was "employed as an elevator operator jointly by Chartwell and Tesla." (Dobbins Dec. at **Exhibit A**, ¶ 9.) He further, asserts that each claim asserted is based on his employment with Chartwell and or Tesla. (Dobbins Dec. at **Exhibit A**, ¶¶ 82, 138, 164, 174, 181, 188, 194, 201, 209, 223.) Accordingly, the Agreement encompasses the disputes at issue.

### D. No Grounds Exist for Revoking the Arbitration Agreement

If an agreement to arbitrate exists, the court must compel arbitration unless it determines that grounds exist for revocation of the arbitration agreement. 9 U.S.C. § 2; *Reynolds, Inc. v. Byrd*, 470 U.S. at 218. An arbitration agreement may only be revoked if it does not include basic procedural and remedial protections, or otherwise is unconscionable. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 96-97 (2000). Both procedural and substantive unconscionability must be present for a court to refuse to enforce a contract provision under the doctrine of unconscionability, but "they need to be present in the same degree." (*Id.*) Here, Plaintiff will be unable to show either procedural or substantive unconscionability, let alone both.

#### 1. The Arbitration Agreement is Not Procedurally Unconscionable

A finding of procedural unconscionability requires the existence of both "oppressions and surprise." *Armendariz*, 24 cal. 4th at 114. With respect to oppression Defendant anticipates that Plaintiff will argue the Agreement is unconscionable because it is a contract of adhesion. This argument fails because California courts have repeatedly concluded that adhesion alone is not sufficient to support a finding of procedural unconscionability. *Baltazar v. Forever 21*, 62 Cal. 4th 1237 (2016); *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 981-982 (2010); *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1471 (2009); *Graham v. Scissor-tail, Inc.*, 28 Cal. 3d

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

807 (1981). Courts routinely uphold arbitration clauses in employment contracts despite claims that the clauses were unconscionable because they were presented as part of an adhesion contract. *Serpa v. California Surety Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013).

With respect to surprise, Defendant anticipates that Plaintiff will argue either that Defendant did not provide him with a copy of the JAMS rules or that he did not read and or understand the entire Agreement before signing it. These arguments should likewise fail. California courts have held that failure to attach a copy of the arbitration rules does not render an arbitration agreement procedurally unconscionable. *Lane v. Francis Capital Management LLC*, 224 Cal. App. 4th 676, 691 (2014); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 722 (2004); *Bigler v. Harker School*, 213 Cal. App. 4th 727, 737 (2013); *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1466, 1472 (2013). Further, reasonable diligence requires reading of a contract before signing it. *Brookwood v. Bank of America*, 45 Cal.App.4th 1667, 1674 (1996); *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th at 1215 (employee could not invalidate arbitration agreement against employer, despite fact that employee did not read the arbitration agreement and that the arbitration agreement was a contract of adhesion). The failure to read or understand an arbitration clause is therefore generally no defense. (*Madden v. Kaiser Found. Hosps.*, 17 Cal.3d 699, 710 (1976.)).

Here, Plaintiff voluntarily assented to the Agreement and acknowledged by signing it that he both understood it and received a copy of the JAMS rules with the Agreement. Further, nothing about the Agreement was hidden or obscure. The website where the JAMS rules could be found was also listed within the Agreement, and the Agreement is a one page standalone document drafted in English and in a legible font size. Plaintiff speaks English fluently and has access to the internet. Thus, Plaintiff cannot credibly claim surprise.

### 2. The Arbitration Agreement Meets the *Armendariz* Requirements and is Not Substantially Unconscionable

For a mandatory arbitration agreement to compel the arbitration of employment disputes, it must also meet five other criteria: (1) provide for a neutral arbitrator; (2) provide for more than minimal discovery; (3) require a written award; (4) provide for all of the types of relief that

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

would otherwise be available in court; and (5) not require employees to pay either unreasonable costs to any arbitrator's fees or expenses as a condition of access to the arbitration forum. *Armendariz*, 24 Cal. 4th at 102. The Agreement meets all five requirements.

The agreement is fair and mutual. Neither Plaintiff nor Chartwell is exempt from the requirement to resolve their disputes through arbitration, as evidenced by the language which states "employee and Chartwell (together the "Parties") agree to submit the dispute to binding arbitration." (Van Gorkum Dec. at **Exhibit C**, ¶ 1.) Moreover, the Agreement does not contain the explicit or implicit one-sided provisions that California courts have rejected, e.g. it does not contain provisions that alter the statute of limitations for employees' claims, limit the types of remedies the employee can recover, or limit the type of discovery an employee may conduct. *Stirlen v. Supercuts, Inc.* 51 Cal. App. 4th 1332, 1330-1332 (1999). Rather, the Agreement provides that it follows JAMS rules and those rules provide that "in determining the merits of the dispute, the Arbitrator shall be guided by the rules of law agreed upon by the Parties." (Rule 24(c).) Defendants agree that the parties are entitled to all rights and remedies that they would be entitled to under applicable California law. The arbitration agreement is not one-sided.

The JAMS rules provide: (1) for neutral arbitrators (Rule 7); (2) the arbitrator shall issue a written decision including the arbitrator's essential findings and conclusions and a statement of the award (Rule 24(h)); and (3) that the parties are entitled to all rights and remedies that they would be entitled to in a court of law (Rule 24(c)).[2] The Agreement further provides: (1) that the arbitrator shall have the authority to compel adequate discovery; and (2) that Defendant shall pay all fees unique to arbitration. (Dobbins Dec. at **Exhibit C**, ¶ 1-2.)

**a) <u>The Arbitration Agreement Provides For A Neutral Arbitrator</u>**

The Agreement provides that the arbitration shall be conducted by Jams under the then current JAMS rules for employment disputes. (Dobbins Dec. at **Exhibit C**, ¶ 1.) The JAMS rules provide that the arbitration "shall be conducted by one neutral Arbitrator, unless all Parties

[2] The JAMS rules provide that "in determining the merits of the dispute, the Arbitrator shall be guided by the rules of law agreed upon by the Parties." (Rule 24(c).) Although not expressly stated within the Agreement Defendant agrees that the parties are entitled to all rights and remedies that they would be entitled to under applicable California law.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

agree otherwise." (Dobbins Dec. at **Exhibit D**, Rule 7.) Accordingly, the Agreement satisfies the first *Armendariz* factor.

**b) <u>The Arbitration Agreement Provides Adequate Discovery</u>**

Under *Armendariz*, an arbitration agreement is lawful if, among other things, it provides "for more than minimal discovery." *Armendariz*, 24 Cal. 4th at 102. However, details regarding discovery need not be explicitly mentioned in the agreement. Armendariz holds that "when parties agree to arbitrate statutory claims, they also implicitly agree, absent express language to the contrary, to such procedures as are necessary to vindicate that claim." *Id.* at 106. Here, the Agreement does not place any limitations on discovery, instead it provides that the "the Parties shall be entitled to meaningful discovery of essential documents and witnesses, as determined by the arbitrator in accordance with the Rules." (Van Gorkum Dec. at **Exhibit C**, ¶ 2.) Accordingly, the Agreement satisfies the discovery prong of *Armendariz.*

**c) <u>The Arbitration Agreement Requires a Written Award</u>**

The Agreement provides that the arbitration shall be conducted by Jams under the then current JAMS rules. (Van Gorkum Dec. at **Exhibit C**, ¶ 1.) Rule 24 of the JAMS Rules provides that an award "shall contain a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the Award is based."(Dobbins Dec. at **Exhibit D**, Rule 24.) The Agreement thus satisfies the third *Armendariz* factor.

**d) <u>The Arbitration Agreement Does Not Limit Available Remedies</u>**

Employers cannot restrict an employee's right to recover any substantive remedies afforded by statute. *Armendariz*, 24 Cal. 4th at 103-04. The ADR Policy in no way limits any remedy that would otherwise be available to Plaintiff if he maintained his action in court. The Agreement provides that the arbitration shall be conducted by JAMS under the then current JAMS' rules. (Van Gorkum Dec. at **Exhibit C**, ¶ 1.) Rule 24 of the JAMS rules provides that "in determining the merits of the dispute, the Arbitrator shall be guided by the rules of law agreed upon by the Parties." (Dobbins Decl. at **Exhibit D**, Rule 24(c).) Although not expressly stated within the Agreement, Defendant agrees that the parties are entitled to all rights and remedies

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

that they would be entitled to under applicable California law. Further, the rule also permits the arbitrator to award attorney's fees and expenses and inserts if provided by the agreement "or allowed by applicable law." (Dobbins Decl. at **Exhibit D**, Rule 24(g).) Therefore, the fourth *Armendariz* factor is satisfied.

**e) <u>The Arbitration Agreement Requires Chartwell to Pay the Arbitration Costs</u>**

Employees cannot be required to "bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." *Armendariz,* 24 Cal. 4th at 110-111. Further, "the employer [must] pay all types of costs that are unique to arbitration" including the arbitrator's fees. *Id.* at 113. Here, the Agreement expressly states: "Chartwell will bear the cost of the arbitrator and any incidental costs of arbitration that would not have been incurred if the case were litigated in a court of law." (Dobbins Dec. at **Exhibit C**, ¶ 2.) Therefore, the fifth *Armendariz* factor is satisfied.

In sum, because the Agreement is not unconscionable and it meets all the requirements of *Armendariz*, it should be enforced.

**E. <u>Any Invalid Provisions Should be Severed</u>**

Assuming, *arguendo,* that the Agreement contains any unconscionable provisions. They do not permeate the Agreement or defeat its essential purpose, which is to arbitrate all employment disputes. Thus, to the extent the Court determines that any provision of the Agreement is invalid. The Court should sever the invalid provision so that the Agreement may be enforced. *Little v. Auto Stiegler,* 29 Cal. 4th 1064, 1074-1075 (2003) (severing unconscionable provision and enforcing remainder of arbitration agreement).

**F. <u>This Action As To Patterson's Claims Should be Stayed or Dismissed</u>**

Defendant requests that the Court, pursuant to Ninth Circuit authority, exercise its discretion and dismiss Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (dismissing, instead of a staying, plaintiffs' claims that were subject to arbitration agreement); *Lewis v. UBS Fin. Servs. Inc.*, 818

F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) (holding that courts have discretion under 9 U.S.C. § 3, to dismiss claims that are subject to an arbitration agreement); *Quevedo v. Macy's Inc., 798 F. Supp. 2d 1122, 1143* (C.D. Cal. 2011) (finding that "dismissal is proper even where the party who moves to compel arbitration only requests a stay pending arbitration").

Because the Agreement is enforceable and encompasses Plaintiff's claims, the Court should dismiss this action with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1). At the very minimum, this Court should stay this action pending arbitration. 9 U.S.C. § 3 (when presented with an enforceable arbitration agreement, the Court shall stay the action pending resolution of the arbitration).

### G. All of Plaintiff's Claims Against All Defendants Should Be Compelled to Binding Arbitration

Plaintiff brings claims jointly against Chartwell and Tesla in this matter. All of Patterson's claims should be compelled to binding arbitration as his claims are all intimately founded in and intertwined with his employment relationship with Chartwell, which is governed by the employment agreement compelling arbitration. (*See Garcia v. Pexco, LLC,* 11 Cal. App. 5th 782, 787.)

"A non-signatory defendant may compel a signatory plaintiff to arbitrate under the doctrine of equitable estoppel." *JSM Tuscany, LLC v. Superior Court*, 193 Cal. App. 4th 1222, 1238 (2011). "For the doctrine to apply, the claims plaintiff asserts against the nonsignatory must be dependent upon, or founded in and inextricably intertwined with, the underlying contractual obligations of the agreement containing the arbitration clause." *Id.* (internal citations omitted). This is particularly true where the signatory and non-signatory parties are related entities. *Id.* at 1240. "A nonsignatory can be compelled to arbitrate when a preexisting relationship existed between the nonsignatory and one of the parties to the arbitration agreement, making it equitable to compel the nonsignatory to arbitrate as well." *Id.*

Here, Chartwell and Plaintiff are signatories to the Agreement. Tesla has a preexisting relationship with both signatories; Chartwell assigned Plaintiff to perform work at Tesla and Plaintiff alleges in his Complaint that Tesla was his joint employer. (Dobbins Dec. at **Exhibit A**,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

¶ 9.) Additionally, all of Plaintiff's claims are based on those very relationships. For example, Plaintiff alleges that he was "employed as an elevator operator jointly by Chartwell and Tesla." (Dobbins Dec. at **Exhibit A**, ¶ 9.) He further alleges that each claim asserted is based on his employment with Chartwell and or Tesla. (Dobbins Dec. at **Exhibit A**, ¶¶ 82, 138, 164, 174, 181, 188, 194, 201, 209, 223.) Thus, Plaintiff is equitably estopped from arguing that his claims against Tesla should not be compelled to arbitration as well. *Id.* at 1241.

### H. Section 1981 Claims Can Be Compelled to Arbitration

Plaintiff has asserted racial discrimination claims pursuant to section 1981. Defendant anticipates that Plaintiff will argue, like in *Lambert*, that these claims are not subject to binding arbitration. This argument should fail because this Court has already held that section 1981 claims for racial discrimination can be subjected to arbitration. (RJN, **Attachment A**.) Thus, like in *Lambert*, Defendant's Motion should be granted.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant this motion and enter an order compelling binding arbitration as to all of Plaintiff's claims and dismissing this action as to Plaintiff's claims with prejudice, or in the alternative, staying all further proceedings with regards to Plaintiff's claims in this action until the arbitration is concluded.

Dated: January 16, 2018

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/Brittney R. Dobbins*
Roger M. Mansukhani
Craig D. Nickerson
Megan L. Hayati
Brittney R. Dobbins
Attorneys for Defendant
CHARTWELL STAFFING SERVICES, INC.