# EXHIBIT C

# CHARTWELL STAFFING SERVICES, INC. ARBITRATION AGREEMENT

In the event of any controversy, claim, or dispute arising from, related to, or having any relationship or connection whatsoever with the employment of, or the association between, the employee signing below ("Employee") and Chartwell Staffing Services, Inc., including its co-employers, present and former partners, owners, shareholders, officers, managers, employees, agents, employee benefit and health plans, as well as parent entities, successor entities, related entities, and subsidiaries (together "Chartwell"), or the termination of employment, whether based on contract, tort, or statutory duty or prohibition, including any prohibition against discrimination or harassment, Employee and Chartwell (together the "Parties") agree to submit the dispute to binding arbitration administered by JAMS subject to its Policy of Employment Arbitration Minimum Standards of Procedural Fairness, and pursuant to its Employment Arbitration Rules and Procedures (the "Rules") in effect on the date JAMS issues a commencement letter confirming that its requirements for commencement of arbitration have been met.

Employee acknowledges receiving a copy of JAMS' Rules in conjunction with this Agreement and that the Rules can be accessed online at http://www.jamsadr.com/rules-employment-arbitration/. The arbitration shall take place in Orange County, California. The arbitrator shall issue a written award to allow for adequate judicial review and judgment on the award may be entered in any court having jurisdiction. The Parties shall each bear their own costs for legal representation and witness fees and Chartwell will bear the cost of the arbitrator and any incidental costs of arbitration that would not have been incurred if the case were litigated in a court of law. The Parties shall be entitled to meaningful discovery of essential documents and witnesses, as determined by the arbitrator in accordance with the Rules.

All issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by, and construed in accordance with, the Federal Arbitration Act, 9 U.S.C. Sec 1, *et seq.*, and the laws of the State of California, without giving effect to any conflict of law. The Parties hereby consent to personal jurisdiction in the state and federal courts of the State of California and agree that any and all claims brought to enforce this Agreement shall be brought either in the state or federal courts of the County of Orange. The Parties understand that they are waiving their right to a jury trial. Employee agrees that Employee is waiving the right to bring, or to participate in, a class action or collective action, whether filed in a court of law or in arbitration, against Chartwell (the "Class Action Waiver"). If the Class Action Waiver is found to be unenforceable, the Parties agree that a court of law, and not arbitration, is the only forum for a class action or collective action against Chartwell. Employee further agrees that Employee is waiving the right to bring, or to participate in, a representative action, including a PAGA action, whether filed in a court of law or in arbitration, against Chartwell (the "Representative Action Waiver"). If the Representative Action Waiver is found to be unenforceable, the Parties agree that a court of law, and not arbitration, is the only forum for a representative action, including a PAGA action, against Chartwell.

To the extent that the Parties' dispute involves both claims which cannot be arbitrated under applicable law ("Excluded Claims") and claims subject to this Agreement, the Parties agree to bifurcate and stay for the duration of the arbitration proceedings any such Excluded Claims. In the event of a dispute, the court, and not an arbitrator, shall decide the gateway issues of arbitrability of claims, including class and representative claims. Employee may have a statutory right (for example, under the National Labor Relations Act) to act concertedly on behalf of him/herself and others against Chartwell in certain forums, however Chartwell is entitled to enforce this Agreement and seek dismissal of such class, collective, or representative action and otherwise assert this Agreement as a defense in any proceeding. The Parties acknowledge that this Agreement does not preclude Employee's ability to file a workers' compensation claim, a claim for unemployment insurance benefits with the EDD, or a claim with the DFEH or EEOC.

Nothing contained in this Agreement shall be deemed to alter or modify Chartwell's policy of at-will employment. Employment at Chartwell is at-will and can be terminated by Employee or Chartwell at any time, with or without cause or notice. If any provision of this Agreement is deemed invalid or unenforceable, such provision shall be limited to the extent necessary to render it valid and enforceable and the remaining provisions of the Agreement shall continue in full force and effect without being impaired or invalidated in any way. The Parties specifically agree that if the Representative Action Waiver is found to be unenforceable, it may be severed from this Agreement. In such case, the remainder of the claims shall be decided by arbitration under the terms of this Agreement and the representative action stayed in court until the later occurrence of a judgment entered in a court of law on the arbitrator's decision or dismissal of the arbitration.

This Agreement supersedes and replaces any prior agreements with Chartwell regarding Employee's obligation to arbitrate claims. This Agreement shall survive the termination of Employee's employment with Chartwell. The Parties' signatures below certify that they understand and agree to the above Agreement. The Parties understand that by signing this Agreement, both Employee and Chartwell are giving up their rights to a trial by jury.

| **Employee** | **Chartwell** |
|---|---|
| Print Name: Lamar Patterson | Print Name/Title: Maria Lopez Staffing Special |
| Signature: Lamar Patterson | Signature: Maria L |
| Date: 12/21/15 | Date: 12/21/2015 |

4