Lawrence A. Organ (SBN 175503)
Navruz Avloni (SBN 279556)
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960-2664
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
larry@civilrightsca.com
navruz@civilrightsca.com

Attorneys for Plaintiffs
DEMETRIC DIAZ, OWEN DIAZ,
And LAMAR PATTERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DIAZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>   Plaintiffs,<br><br>   v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROU; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-10 inclusive,<br><br>   Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF LAMAR PATTERSON'S OPPOSITION TO DEFENDANT CHARTWELL STAFFING SERVICES, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date:     February 21, 2018<br>Time:    2:00 p.m.<br>Location: San Francisco Courthouse<br>              Courtroom 2-17th Floor<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br>Judge:   Hon. William H. Orrick<br><br>Complaint Filed: October 16, 2017<br>Trial Date: Not Set |

0

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff opposes Defendant Chartwell Staffing Services, Inc.'s motion to compel arbitration because the Chartwell Staffing Services, Inc. Arbitration Agreement ("the Agreement") in question is unconscionable. The Agreement is procedurally unconscionable because it is (1) an adhesion contract drafted by a party with significantly greater bargaining power, and (2) required as a condition of employment. The Agreement is substantively unconscionable because it (1) imposes costs upon Plaintiff that bar Plaintiff from litigating unwaivable statutory claims, and (2) denies Plaintiff remedies to which he is statutorily entitled, namely attorney fees and costs. Because enforcing the Agreement would bar Plaintiff from vindicating his rights and obtaining key remedies, Plaintiff requests that this Court deny Defendant's motion.

### II.  STATEMENT OF RELEVANT FACTS

Plaintiff Lamar Patterson is an African-American man who, like many Americans, believed hard work would earn him a decent living and respect from his employer. Instead of respect, Plaintiff was confronted with vicious harassment because of his race. Both co-workers and supervisors used the word "nigger" liberally throughout the workplace, often in his presence; they "joked" that African-Americans should "go back to Africa"; they adorned the factory with racist caricatures and effigies. Even when Plaintiff complained, Tesla took no action to remedy the situation. Because of the harassment, he was eventually forced to quit his employment with Tesla and Chartwell in August 2016.

During the process of obtaining job placement at Tesla, Inc. ("Tesla"), Plaintiff visited Chartwell Staffing, Inc.'s ("Chartwell") Hayward, California location. (Declaration of Lamar Patterson ["Patterson Decl."], ¶2.) Plaintiff has never been to Chartwell's Orange County, California location. (decl. para 2.) Chartwell placed Plaintiff at Tesla's Factory in Fremont, California. (Patterson Decl. ¶ 3.) Plaintiff has not worked at any other Tesla locations. (decl. para. 3) Currently, Plaintiff resides in Berkeley, California. (Patterson Decl. ¶ 4.) JAMS has a location in Orange County, California that is located at 500 N State College Blvd, Orange, CA 92868. (Declaration of Navruz Avloni ["Avloni Decl."] ¶ 2.) The JAMS' Orange County

1

location is approximately 403 miles away from Plaintiff's home, approximately 390 miles from Chartwell's Hayward location, and approximately 378 miles from the Tesla Factory where Plaintiff and all witnesses worked during all relevant times. (Avloni Decl. ¶¶ 3-5.)

In 2017, Plaintiff earned approximately $15,000 to $20,000. (Patterson Decl. ¶ 5.) The prohibitively high cost of traveling to and from Orange County, and staying in Orange County for purposes of arbitration, would likely result in Plaintiff's inability to pursue his claims on the merits. (Patterson Decl. ¶ 6.)

### III.   ARBITRATION IS INAPPROPRIATE BECAUSE THE AGREEMENT IS UNCONSCIONABLE.

A revocation of an arbitration agreement is proper upon any "grounds as exist at law or in equity for the revocation of any contract." *Armendariz v. Foundation Health Psychcare Srvs, Inc.*, 24 Cal.4th 83, 98 (2000). Further, "generally applicable contract defenses, such as fraud, duress, or *unconscionability*, may be applied to invalidate arbitration agreements…" *Id.* at 115 (internal citations omitted; emphasis in original).

The doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal.4th 1109, 1133 (2013). "The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. *But they need not be present in the same degree*." *Id.* (second emphasis added). The California Supreme Court has articulated that a "sliding scale" analysis is to be used when determining whether an agreement is unconscionable. *Armendariz,* 24 Cal.4th at 114.

These include "terms that impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms, or provisions that seek to negate the reasonable expectations of the non-drafting party, or unreasonably and unexpectedly harsh terms having to do with price or

other central aspects of the transaction." *Sonic-Calabasas A, Inc.*, 57 Cal.4th at 1145. The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910-12 (2015).

In this case, the arbitration agreement Defendant seeks to enforce should be revoked, as it is both procedurally and substantively unconscionable. The Agreement, if enforced, would adversely affect the public interest by barring Plaintiff, and discouraging other plaintiffs, from pursuing unwaivable statutory claims. Finally, the entire agreement is unenforceable because the substantively unconscionable portions of the Agreement cannot be severed from the arbitration agreement.

### a. The Arbitration Agreement is Procedurally Unconscionable.

Defendant argues that the Agreement is enforceable because an adhesion contract is not necessarily unconscionable. This misstates the law: adhesion contracts are the archetype of a procedurally unconscionable agreement, particularly when drafted by a party with superior bargaining power. Courts also find arbitration agreements procedurally unconscionable where, as here, they were required as a condition of employment.

1. The arbitration agreement is a contract of adhesion, which is alone sufficient to render the Agreement procedurally unconscionable.

Adhesion contracts are considered the archetype of a procedurally unconscionable contract. *Sonic-Calabasas A., Inc.*, 57 Cal.4th at 1134 ("The procedural element of unconscionable contract generally takes the form of a contract of adhesion," imposed and drafted by a party of superior strength.). As a result, it is well established under California law that an adhesion contract may render a contract procedurally unconscionable even absent other factors. *E.g.*, *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889 (9th Cir. 2002) (finding arbitration agreement procedurally unconscionable "because it is a contract of adhesion"); *Baltazar v. Forever 21*, 62 Cal. 4th 1237, 1244 (2016) ("Ordinary contracts of adhesion . . . contain a degree of procedural unconscionability even without any notable surprises, and bear within them the clear danger of oppression and overreaching." (internal citations and quotation marks omitted)).

Defendant does not contest that the Agreement constitutes an adhesion contract, which it plainly is. Nor can it be reasonably argued that the parties are of comparable bargaining power. Plaintiff is an ordinary person, lacking the financial, informational, and other resources of large corporations such as Defendant.

For this reason alone, the arbitration agreement should be considered procedurally unconscionable.

2. The Agreement was required as a condition of employment.

Arbitration agreements executed as a condition of employment are frequently found to be procedurally unconscionable. For example, in *McManus v. CIBC World Markets Corp.*, 109 Cal. App. 4th 76, 91 (2003), a California court considered the unconscionability of an employment arbitration agreement. It held that "the arbitration clauses are procedurally unconscionable because they must be executed as a condition of employment." Other courts have held similarly. In *Kinney v. United Healthcare Services, Inc.*, 70 Cal. App. 4th 1322 (1999), a California court considered the unconscionability of an arbitration agreement contained in an employee handbook; the employees were required, as a condition of employment, to sign the agreement, with no opportunity to negotiate. *Id.* at 1329. The court held that it was "clear" those facts established procedural unconscionability. *Id*.

Here, Plaintiff's arbitration agreement was executed as a condition of his employment with Defendant, a fact that Defendants do not contest. *Id*. (finding procedural unconscionability where defendants submitted no evidence rebutting claim that plaintiff reasonably believed agreement was condition of employment). Accordingly, the adhesion arbitration agreement is unconscionable.

To the extent Defendant argues or will argue that the Agreement was negotiable, which it was not, this argument will also fail: to avoid a finding of procedural unconscionability, an employer must have informed the employee that the agreement was negotiable. *Murphy v. Check 'N' Go of California, Inc.*, 156 Cal. App. 4th 138, 144-145 (2007) (finding employment arbitration agreement unconscionable where employee was never informed that agreement was

negotiable and believed she was required to sign as condition of employment). Defendant did not so inform Plaintiff.

Because the Agreement was required as condition of employment (or, at a minimum, because Plaintiff reasonably perceived it to be a condition of employment), and because Defendant have proffered no evidence to the contrary, the Agreement is procedurally unconscionable.

3. Taken together, the factors "multiply" the procedural unconscionability of the contract.

Even were these factors not individually sufficient to render the contract procedurally unconscionable, taken together they are. *See Pokorny v. Quixtar, Inc.*, 601 F.3d 987 997 (9th Cir. 2010) (noting that such combinations serve to "multiply" the degree of procedural unconscionability).

### b. The Arbitration Agreement is Substantively Unconscionable.

The Agreement is also substantively unconscionable. Contrary to Defendant's assertions, the Agreement does not comport with two essential *Armendariz* requirements: that an arbitration agreement not impose unreasonably high costs on a plaintiff, and that the plaintiff be entitled to the same remedies to which he would be entitled in a judicial forum. Because the Agreement is so procedurally unconscionable, and specifically because it is an adhesion contract, this Court should scrutinize it closely when conducting its substantive unconscionability analysis.

1. The Agreement imposes unfair costs on Plaintiff that bar him from pursuing his case through arbitration.

Defendant crafted the Agreement in such a way as to have a patina of fairness in allocating the costs of arbitration. In reality, two key cost-allocation provisions create unconscionable roadblocks to the vindication of Plaintiff's statutory rights: first, the Agreement establishes that any arbitration take place in the County of Orange, hundreds of miles from Plaintiff's home and place of employment; second, the Agreement requires Plaintiff to bear his own costs, even if he prevails.

Arbitration clauses are unconscionable if they require individuals to pay more than they can afford to adjudicate their claims. *Gutierrez v. Autowest, Inc.*, 114 Cal.App.4th 77, 89-90 (2003); *Sonic-Calabasas A, Inc.*, 57 Cal.4th at 1144-45 ("[I]t is substantively unconscionable to require a consumer to give up the right to utilize the judicial system while imposing arbitral forum fees that are prohibitively high. Whatever preference for arbitration might exist, it is not served by an adhesive agreement that effectively blocks every forum for the redress of disputes, including arbitration itself."). The California Supreme Court approved *Gutierrez*'s approach on affordability of arbitration. *Sanchez*, 61 Cal.4th at 919.

Moreover, courts strictly refuse to enforce arbitration provisions if they impede the enforcement of unwaivable statutory rights. *See Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 506–07 (stating that employees subject to mandatory arbitration agreements must be ensured certain minimum standards of fairness to "vindicate their public rights in an arbitral forum" (internal quotation marks omitted).); *see also, Nagrampa v. MailCoups, Inc.* (9th Cir. 2006) 469 F.3d 1257, 1292–93 ("to the extent the fee-splitting provision may impede Nagrampa from vindicating statutory rights, it would be unenforceable and illegal under California law as contrary to public policy"); *Indep. Ass'n of Mailbox Ctr. Owners v. Superior Court* (2005) 133 Cal.App.4th 396, 417 (statutory provisions, including Business and Professions Code section 16700 *et seq.* and section 17200 *et seq.* affect the public interest and fall within the rules of *Armendariz*).

Here, the Agreement discourages enforcement of statutory claims by locating the Arbitration in Orange County. Plaintiff lives over 400 miles away, in Berkeley. As a result, Plaintiff would need to bear numerous costs he would not otherwise need to bear to vindicate his claims were his case to be heard in this Court. Plaintiff would need to pay the cost of airfare or gasoline (in addition to the costs of mileage on his vehicle), a hotel, and other costs and inconveniences. As someone who earns between $15,000 and $20,000 per year, these are costs that Plaintiff cannot afford.

The forum selection clause also interferes with Plaintiff's ability to pursue his claims in arbitration because it impairs his ability to produce witnesses and evidence. Like Plaintiff, all

witnesses were or are current employees of the Tesla Factory in Fremont, California. Given that the witnesses are all located hundreds of miles away from Orange County, California, Plaintiff would likely be unable to compel them to testify at the arbitration. Because the forum selection clause renders arbitration unaffordable for Plaintiff and because it interferes with his ability to prosecute his case, it precludes his ability to vindicate his rights entirely.

Worse, the Agreement requires Plaintiff to bear his own costs and prevents him from recovering attorney fees, even if he prevails. Decl. Van Gorkum, Exh. C ("The Parties shall each bear their own costs for legal representation and witness fees."). Courts have universally found similar cost-bearing provisions substantively unconscionable. *E.g.*, *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 251 (2016) ("Several courts have held an arbitration provision substantively unconscionable when it purports to deprive an employee of his or her statutory right to recover attorney fees if the employee prevails . . . on a discrimination claim under" FEHA); *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1096 n. 7 (9th Cir. 2009) (finding provision requiring each party to bear its own costs to be unconscionable because it "discourages individuals from litigating by precluding an award of otherwise available attorney fees").

Each of these provisions bar Plaintiff from the vindication of unwaivable statutory rights. Plaintiff is asserting that Defendants violated statutory provisions – 42 U.S.C. § 1981, FEHA, and others – which prohibit race discrimination and retaliation. These statutory claims affect the public interest and fall within the rules of *Armendariz's* fee-shifting rule. *See, e.g.*, Cal. Gov. Code § 12920 ("[T]he practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.").

Because the forum selection clause and the cost-bearing clause each *de facto* bar Plaintiff from fully adjudicating his claims, and because they bar Plaintiff from pursuing unwaivable statutory claims affecting the public interest, the Agreement should be found substantively unconscionable.

2. If enforced, the arbitration agreement would preclude relief to which Plaintiff is statutorily entitled.

Defendant's cost-bearing clause is unconscionable for a second reason: in violation of *Armendariz*, the arbitration agreement limits remedies available to a plaintiff—by requiring the parties to bear their own costs, it prevents Plaintiff from recovering attorney fees. "[A]n arbitration agreement may not limit statutorily imposed remedies such as . . . *attorney fees*." *Aremendariz*, 24 Cal. 4th at 103 (emphasis added).

In *Armendariz*, the California Supreme Court held that "an arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA." 24 Cal. 4th at 101. In addition to other relief, Plaintiff seeks reasonable attorney fees which he is entitled to seek pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, California Government Code sections 52.1, 51.7, 52(b)(3), and 12965(b). In direct contravention of this statutorily-provided relief, however, the Agreement states: "[t]he Parties shall each bear their own costs for legal representation and witness fees." Decl. Van Gorkum Exh. C. Accordingly, the Agreement should be held unconscionable.

3. The Unconscionable Provisions So Permeate the Agreement That They Cannot Be Severed.

The California Supreme Court has held that more than one unlawful provision in an arbitration agreement is evidence of an intent to use arbitration to gain an unfair advantage. *Armendariz, supra*, 24 Cal 4th at 124-125. Accordingly, refusal to enforce the contract is appropriate when the contract is permeated with unconscionability. *Id.* at 122. In this case, there are numerous unconscionable, or unlawful, provisions – in short, the agreement has "multiple defects." *Id.* at 124. To remedy the unconscionability, the Court would have to reform the entire contract, or augment it with additional terms, in violation of California Civil Code section 1670.5.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiff Lamar Patterson respectfully requests that the Court deny Defendant's motion to compel arbitration.

Dated: January 30, 2018                      CALIFORNIA CIVIL RIGHTS LAW GROUP

By  */s/ Lawrence A. Organ*
    Lawrence A. Organ
    Navruz Avloni
    Attorneys for Plaintiff
    LAMAR PATTERSON