LAWRENCE A. ORGAN, Esq. (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI, Esq. (SBN 279556)
navruz@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Ave.
San Anselmo, California 94960
Telephone: (415) 453-4740
Facsimile: (415) 785-7352

Attorneys for Plaintiffs
DEMETRIC DI-AZ and OWEN DIAZ

BARBARA I. ANTONUCI (SBN 209039)
bantonucci@constangy.com
AARON M. RUTSCHMAN (SBN 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
351 California, Suite 200
San Francisco, CA 94104
Telephone: (415) 918-3000
Facsimile: (415) 918-3005

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

[Additional Attorneys Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERAVICES, INC.; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 17-cv-06748-WHO <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **DATE:** September 4, 2018 <br> **TIME:** 2:00 p.m. |

    The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to Federal Rule of Civil Procedure 26(f), Civil Local

Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

1. <u>Jurisdiction & Service</u>

On or about November 22, 2017, this case was removed from the Superior Court of California, County of Alameda, based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

There are no issues with respect to personal jurisdiction or venue.

All named parties have been served.

2. <u>Facts</u>

**Plaintiffs' Position:** Plaintiff Demetric Di-az worked at the Tesla Factory as a Production Associate in 2015 through West Valley Staffing. His father, Plaintiff Owen Diaz, also worked at the Tesla Factory in 2015 and 2016 through CitiStaff Solutions, Inc. initially as an Elevator Operator and subsequently as an Elevator Lead. During their employment, both men were referred to as "nigger." Owen Diaz was also called "boy" in a demeaning tone, observed his son being referred to as a "nigger" when bringing him lunch and observed racist caricatures that resembled the "pickaninny" imagery of the early twentieth century. The men complained about the harassment, but instead of fixing the problem, Defendants retaliated against Plaintiffs.

**Defendant West Valley Staffing Group' Position:** Defendant West Valley Staffing Group is the fictitious business name for West Valley Engineering, Inc. ("West Valley"), which is a staffing company. Defendant Tesla, Inc. ("Tesla") is one of West Valley's clients. Plaintiff Demetric Di-az ("Di-az") was temporarily placed on assignment with Tesla by West Valley on or about August 31, 2015. During the course of his assignment with Tesla, Di-az repeatedly violated safety protocol and/or failed to timely appear for work. Following repeated warnings, Di-az's assignment with Tesla was terminated. Before, during or after his assignment with Tesla, West Valley has no record of any complaints made by Di-az regarding any alleged discriminatory treatment. West Valley denies all allegations of liability and damages set forth in Plaintiffs' complaint.

**Defendant Tesla, Inc.'s Position:** Plaintiffs are African-American males who were temporarily assigned to work at Tesla by CitiStaff Solutions, Inc. ("CitiStaff") (Plaintiff Owen

Diaz) and West Valley Staffing Group ("West Valley") (Plaintiff Demetric Di-az). Plaintiff Owen Diaz worked as an Elevator Operator from approximately June 3, 2015 to March 18, 2016, when he stopped showing up to work. Plaintiff Demetric Di-az worked as a Production Associate from approximately August 24, 2015 to October 22, 2015 when his assignment to Tesla was terminated for ongoing performance and safety issues that had been addressed with him and are documented. During their respective assignments to Tesla, Plaintiffs worked in entirely separate locations at Tesla's facility in Fremont, California. Tesla denies Plaintiffs' allegations of liability and damages.

**Defendant CitiStaff Solutions, Inc.'s Position:** Plaintiffs are African-American males who were temporarily assigned to work at Tesla by CitiStaff Solutions, Inc. ("CitiStaff") (Plaintiff Owen Diaz) and West Valley Staffing Group ("West Valley") (Plaintiff Demetric Di-az). Plaintiff Owen Diaz worked as an Elevator Operator from approximately June 3, 2015 to March 18, 2016, when he stopped showing up to work. CitiStaff denies Plaintiffs' allegations of liability and damages.

3. <u>Legal Issues</u>

<u>Plaintiffs</u>:

- Whether Defendants discriminated against Plaintiffs on the basis of their race in violation of 42 U.S.C. § 1981;
- Whether Defendants created a hostile work environment on the basis of Plaintiffs' race in violation of 42 U.S.C. § 1981;
- Whether Defendants retaliated against Plaintiffs for complaining about being harassed based on their race in violation of 42 U.S.C. § 1981;
- Whether Defendants failed to prevent discrimination, harassment and retaliation in violation of 42 U.S.C. § 1981;
- Whether Defendants discriminated against Plaintiffs on the basis of their race in violation of the Unruh Civil Rights Act;
- Whether Defendants retaliated against Plaintiff on the basis of their race in violation of the Unruh Civil Rights Act;

- Whether Plaintiff Owen Diaz was subjected to threats of violence because of his race in violation of the Ralph Civil Rights Act;
- Whether Plaintiff Owen Diaz was subjected to threats of violence because of his race in violation of the Bane Act;
- Whether Defendants interfered with Plaintiff's constitutional rights entitling them to equal protection under the Bane Act;
- Whether Defendants retaliated against Plaintiffs for engaging in protected activity of reporting racially harassing and discriminatory behavior;
- Whether Defendants negligently inflicted emotional distress on Plaintiffs;
- Whether Defendants intentionally inflicted emotional distress on Plaintiffs;
- Whether Defendants negligently hired, retained and/or failed to adequately supervise its employees allowing them to commit the wrongful acts outlined in the Complaint;
- Whether Plaintiff Demetric Di-az was wrongfully terminated; and
- Whether Plaintiff Owen Di-az was constructively terminated.

Defendants:

- Whether Plaintiffs failed to exhaust their administrative remedies;
- Whether Plaintiffs assignments to Tesla were ended for legitimate, non-discriminatory and non-retaliatory reasons;
- Whether Plaintiffs' claims are barred by the exclusive remedy provision of the California Workers' Compensation Act;
- Whether Defendants are entitled to an offset, if Plaintiffs sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies;
- Whether Plaintiffs' claims are barred, in whole or in part, or in the alternative, Plaintiffs' claims for relief should be denied and/or limited pursuant to the doctrine of "after-acquired evidence";
- Whether Plaintiffs have failed to take reasonable steps to mitigate their damages;
- Whether Plaintiffs' Complaint states facts sufficient to maintain any claims for punitive or exemplary damages;

- Whether there are any unnamed third parties who may have committed the wrongful acts alleged;
- Whether claims of discrimination under the Unruh Act are cognizable;
- Whether Plaintiffs' claims for Whistleblower Retaliation apply to Plaintiffs' alleged employment by West Valley and Citistaff ;
- Whether Plaintiffs' claims for violations of 42 U.S.C. § 1981 apply to Plaintiffs' alleged employment by West Valley and Citistaff ;
- Whether Plaintiffs failed to take advantage of corrective opportunities.

Defendant Tesla:

- Whether Tesla was a joint employer of Plaintiff Demetric Di-az; and
- Whether Tesla was a joint employer of Plaintiff Owen Diaz.

Defendants deny that they have committed any violation of law.

4. Motions

Plaintiffs do not contemplate filing any motions at this time. Defendants anticipate bringing [a] motion(s) for summary judgment and/or summary adjudication.

5. Amendment of Pleadings

Plaintiffs intend on amending the Complaint to include Chartwell Staffing and Nextsource, Inc.

6. Evidence Preservation

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have taken steps to preserve physical and electronic evidence relevant to the issues in this case.

7. Disclosures

The parties all agree to comply with the initial disclosure requirements of Fed. R. Civ. P. 26, and made their initial disclosures on or before February 27, 2018.

///

///

8. <u>Discovery</u>

All parties have propounded an initial round of written discovery in this matter. Defendants have taken Plaintiffs' depositions, and Plaintiffs have taken the depositions of Rovilla Wetle from West Valley, and Victor Quintero and Javier Caballero, who were designated as Tesla's persons most knowledgeable regarding certain topics. Plaintiffs will be noticing additional depositions, which will most likely be scheduled for the months of October and November, depending on witness availability.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

Plaintiffs contend the following cases are related:

- *Marcus Vaughn, et al. v. Tesla, Inc., et al.*; Alameda County Superior Court; Case No.: RG17882082; and
- *DeWitt Lambert v. Tesla, Inc.:* JAMS Arbitration Reference No. 1100088204.

Defendants do not contend that there are any related cases.

11. <u>Relief</u>

**Plaintiffs' Position:**

Plaintiffs seek compensatory damages for economic loss and emotional distress; punitive damages to deter Defendants from engaging in similar unlawful behavior; an order enjoining Defendants from such behavior; pre- and post-judgment interest as allowable by law; reasonable attorneys' fees and costs of suit incurred; allowable penalties; and any such further relief as the court deems proper.

**Defendants' Position:**

Defendants deny Plaintiffs' allegations of liability and that Plaintiffs have been damaged in any way.

///

///

12. <u>Settlement and ADR</u>

The parties attended mediation with Mary Leichliter on June 11, 2018. Although the case did not resolve at mediation, the parties discussed the prospect of attending another mediation in the future.

13. <u>Consent to Magistrate Judge for All Purposes</u>

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties have not stipulated to the narrowing of any issues. Issues may be resolved by motion or by agreement after conducting discovery.

16. <u>Expedited Trial Procedure</u>

This case is not the type that can be handled under the Expedited Trial Procedure.

17. <u>Scheduling</u>

The current pretrial schedule in this matter:

| | |
|---|---|
| Fact Discovery Cutoff: | January 11, 2019 |
| Expert Disclosures Due: | January 11, 2019 |
| Rebuttal Expert Disclosure: | February 18, 2019 |
| Expert Discovery Cutoff: | February 25, 2019 |
| Final Day to Hear Dispositive Motions: | February 14, 2019 |
| Final Pretrial Conference: | April 15, 2019 |
| Trial Date: | May 13, 2019 |

18. <u>Trial</u>

This Court has set the jury trial for May 13, 2019 at 8:30 a.m. The parties estimate that the trial will require between 10-12 court days.

///

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Pursuant to Civil Local Rule 3-15, the undersigned certify that as of this date, other than the named parties, there is no such interest to report.

20. <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

Not applicable.

CALIFORNIA CIVIL RIGHTS LAW GROUP

Dated: August 28, 2018     /s/ Navruz Avloni_____

Lawrence A. Organ
Navruz Avloni
Attorneys for Plaintiffs
DEMETRIC DI-AZ and OWEN DIAZ

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

Dated: August 28, 2018     /s/ Aaron Rutschman_____

Barbara I. Antonucci
Aaron Rutschman
Attorneys for Defendant
TESLA, INC. DBA TESLA MOTORS INC.

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

Dated: August 28, 2018     /s/ Aaron Rutschman_____

Kenneth D. Sulzer
Barbara I. Antonucci
Aaron Rutschman
Attorneys for Defendant
CITISTAFF SOLUTIONS, INC.

//

//

| | |
|---|---|
| 1 | PAHL & McCAY |
| 2 | |
| 3 | Dated: August 28, 2018     /s/ Fenn c. Horton |
| 4 | Fenn C. Horton<br>Helene A. Simvoulakis-Panos<br>Attorneys for Defendant<br>WEST VALLEY STAFFING GROUP |