PAHL & McCAY
A Professional Law Corporation
**Fenn C. Horton III, Esq.** (State Bar No. 119888)
**Helene A. Simvoulakis-Panos, Esq.** (State Bar No. 256334)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone:   (408) 286-5100
Facsimile:    (408) 286-5722
Email:  fhorton@pahl-mccay.com
            hsimvoulakis@pahl-mccay.com

Attorneys for Defendant
WEST VALLEY STAFFING GROUP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON<br><br>Plaintiffs<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICEDS, INC.,<br><br>Defendants | Case No.  17-cv-06748-WHO<br><br>**DEFENDANT WEST VALLEY STAFFING GROUP'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES**<br><br>Assigned to: Hon. William H. Orrick<br>Action Filed: October 16, 2017<br>Trial Date: May 13, 2019 |

Defendant WEST VALLEY STAFFING GROUP ("WEST VALLEY") hereby responds to the Amended Complaint for Damages ("Complaint") of Plaintiffs DEMETRIC DI-AZ ("DI-AZ"), OWEN DIAZ ("DIAZ") and LAMAR PATTERSON ("PATTERSON")[1] as follows:

1.   WEST VALLEY lacks sufficient information and belief with respect to the allegations contained in Paragraphs 1, 9, 10, 14, 15, 17, 19, 22, 23, 24, 25, 27, 28, 29, 30, 31, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 76, 77, 78, 79, 84, 89, 151, 157, 158, 159, 160, and 161 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly,

---
[1] DI-AZ, DIAZ and PATTERSON are collectively referred to herein as "PLAINTIFFS."

the allegations contained in Paragraphs 1, 9, 10, 14, 15, 17, 19, 22, 23, 24, 25, 27, 28, 29, 30, 31, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 76, 77, 78, 79, 84, 89, 151, 157, 158, 159, 160, and 161 of the Complaint.

2.  Paragraphs 3, 4, 6, 7, 97, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 109, 110, 111, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 167, 168, 169, 170, 171, 172, 173, 174, 175, 177, 178, 179, 180, 181, 182, 183, 185, 186, 187, 188, 189, 190, 192, 193, 194, 195, 196, 197, 227, 228, 229, 230, 231, 232, 233, 234, 235 and 236 of the Complaint are not charging as to WEST VALLEY, but, to the extent necessary, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations contained in Paragraphs 3, 4, 6, 7, 97, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 109, 110, 111, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 167, 168, 169, 170, 171, 172, 173, 174, 175, 177, 178, 179, 180, 181, 182, 183, 185, 186, 187, 188, 189, 190, 192, 193, 194, 195, 196, 197, 227, 228, 229, 230, 231, 232, 233, 234, 235 and 236 of the Complaint.

3.  WEST VALLEY denies the allegations contained in Paragraph 2 of the Complaint to the extent they imply or allege that WEST VALLEY subjected PLAINTIFFS to "racially motivated abuse, including the frequent use of racial slurs." WEST VALLEY further denies the allegations contained in Paragraph 2 of the Complaint to the extent they imply or allege that PLAINTIFFS ever "complained" to WEST VALLEY regarding any alleged "racially motivated abuse, including the frequent use of racial slurs." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations contained in Paragraph 2 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 2 of the Complaint.

4.  WEST VALLEY admits the allegations contained in Paragraph 5 of the Complaint that WEST VALLEY "is a staffing corporation with corporate offices in Sunnyvale, California," that WEST VALLEY "provides trained employees for short and long-term assignments to other

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

businesses," that WEST VALLEY's "employees are sent to work at other business' sites" and that WEST VALLEY's employees "receive paychecks from WEST VALLEY." As to the allegations contained in Paragraph 2 of the Complaint, which contain legal contentions and conclusions, WESTS VALLEY is not required to respond. WEST VALLEY denies each and every, generally and specifically, all and singularly, the remaining material allegations contained within Paragraph 2 of the Complaint.

5. WEST VALLEY admits the allegations of Paragraph 8 of the Complaint that DI-AZ became an employee of WEST VALLEY in August 2015 and that, at that time, DI-AZ was placed on assignment with TESLA as a Production Associate. WEST VALLEY denies the allegations contained in Paragraph 8 of the Complaint to the extent they imply or allege that WEST VALLEY ever terminated DI-AZ's employment. WEST VALLEY lacks sufficient information and belief as to the remaining allegations contained in Paragraph 8 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 8 of the Complaint.

6. As to the allegations contained in Paragraph 11 of the Complaint, which contain legal contentions and conclusions, WEST VALLEY is not required to respond. WEST VALLEY lacks sufficient information and belief as to the remaining allegations contained in Paragraph 10 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining material allegations contained within Paragraph 11 of the Complaint.

7. Answering Paragraphs 12 and 13 of the Complaint, WEST VALLEY admits that jurisdiction is proper in this Court. The statutory provisions cited in Paragraphs 12 and 13 of the Complaint speaks for themselves and no answer is required as to PLAINTIFFS' allegations concerning said statutory provisions. To the extent Paragraphs 12 and 13 of the Complaint contains legal contentions and conclusions, WEST VALLEY is not required to respond.

8. WEST VALLEY admits the allegations contained in Paragraph 16 of the Complaint that this Court "has personal jurisdiction over" WEST VALLEY and that WEST VALLEY is "a corporation incorporated in the State of California with its corporate offices and principal place of business located in Sunnyvale, California."

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

9. Answering Paragraph 18 of the Complaint, WEST VALLEY admits that venue is proper in this Court. The statutory provision cited in Paragraph 18 of the complaint speaks for itself and no answer is required as to PLAINTIFFS' allegations concerning said statutory provision. To the extent Paragraph 18 of the Complaint contains legal contentions and conclusions, WEST VALLEY is not required to respond.

10. WEST VALLEY admits the allegations contained in Paragraph 20 of the Complaint to the extent they allege that DI-AZ was hired by WEST VALLEY and that his start date was August 24, 2015. WEST VALLEY denies the allegations contained in Paragraph 20 of the Complaint to the extent they allege that DI-AZ's employment with WEST VALLEY was anything other than "at will." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations contained in Paragraph 20 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 20 of the Complaint.

11. WEST VALLEY admits the allegations contained in Paragraph 21 of the Complaint that DI-AZ's assignment with TESLA as a Production Associate commenced in August 2015. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations contained in Paragraph 21 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 21 of the Complaint.

12. Answering the allegations of Paragraph 26 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations contained in Paragraph 26 of the Complaint.

13. Answering Paragraphs 32, 33, 35, 72, 73, 75, 80, 81, 83, 91, 92, 93, 94, 95, 143, 146, 147, 148, 149, 154, 162, 163, 164, 165, 202, 203, 204, 208, 209, 210, 215, 216, 217, 223, 224 and 225 of the Complaint, said paragraphs contain legal contentions or conclusions and no answer is required as to said legal contentions or conclusions. WEST VALLEY denies each and every, generally and specifically, all and singularly, the remaining material allegations contained in Paragraphs 32, 33, 35, 72, 73, 75, 80, 81, 83, 91, 92, 93, 94, 95, 143, 146, 147, 148, 149, 154, 162,

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

163, 164, 165, 202, 203, 204, 208, 209, 210, 215, 216, 217, 223, 224 and 225 of the Complaint.

14. Answering Paragraphs 34, 74 and 82 of the Complaint, the cited statutory provisions speak for themselves and no answer is required as to PLAINTIFFS' allegations concerning said statutory provisions. As to those portions of Paragraphs 34, 74 and 82 of the Complaint which contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions. WEST VALLEY denies each and every, generally and specifically, all and singularly, the remaining material allegations contained in Paragraphs 34, 74 and 82 of the Complaint.

15. Answering Paragraph 85, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 84, hereinbefore, as though fully set forth herein.

16. WEST VALLEY denies the allegations contained in Paragraph 86 of the Complaint that DI-AZ was ever in a "contractual relationship with" WEST VALLEY. As to those portions of Paragraph 86 of the Complaint which contain references to statutory provisions, the cited statutory provisions speak for themselves and no answer is required. As to those portions of Paragraph 86 of the Complaint which contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions. WEST VALLEY lacks sufficient information and belief as to the remaining allegations of Paragraph 86 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in Paragraph 86 of the Complaint.

17. WEST VALLEY denies the allegations contained in Paragraph 87 of the Complaint to the extent they imply or allege that WEST VALLEY ever entered into an "employment contract" with any of the PLAINTIFFS. WEST VALLEY further denies the allegations contained in Paragraph 87 that WEST VALLEY "violated" the rights of any of the PLAINTIFFS relative to any alleged (non-existent) "employment contract." As to those portions of Paragraph 87 of the Complaint which contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions. WEST VALLEY lacks sufficient information and belief as to the remaining allegations contained in Paragraph 87 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations contained in

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

Paragraph 87 of the Complaint.

18. WEST VALLEY denies the allegations contained in Paragraph 88 of the Complaint to the extent they imply or allege that any of the PLAINTIFFS ever made any "reports and complaints" of "racial harassment" or of a "hostile work environment" to WEST VALLEY. WEST VALLEY further denies the allegations of Paragraph 88 of the Complaint to the extent they imply or allege that WEST VALLEY ever issued DI-AZ "a written warning based on false allegations" or that WEST VALLEY ever "approve[d]" of any alleged "retaliatory termination" of DI-AZ. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 88 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 88 of the Complaint.

19. WEST VALLEY denies the allegations of Paragraph 90 of the Complaint that WEST VALLEY "failed to prevent" any alleged "racially harassing and retaliatory behavior directed at" any of the PLAINTIFFS, as well as "others." WEST VALLEY further denies the allegations of Paragraph 90 of the Complaint to the extent they imply or allege that DI-AZ was ever "terminated" by WEST VALLEY. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 90 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 90 of the Complaint.

20. Answering Paragraph 96, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 95, hereinbefore, as though fully set forth herein.

21. Answering Paragraph 104, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 103, hereinbefore, as though fully set forth herein.

22. Answering Paragraph 112, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 111, hereinbefore, as though fully set forth herein.

23. Answering Paragraph 127, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 126, hereinbefore, as though fully set forth herein.

24. Answering Paragraph 142, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 141, hereinbefore, as though fully set forth herein.

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

6

WVSG'S ANSWER TO AMENDED COMPLAINT   (Case No. 17-cv-06748- WHO )

25.   Answering the allegations of Paragraph 144, 145, 156, 212 and 213 of the Complaint, said allegations are vague, ambiguous and unintelligible. On that basis, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraphs 144, 145, 156, 212 and 213 of the Complaint.

26.   Answering Paragraph 150, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 149, hereinbefore, as though fully set forth herein.

27.   WEST VALLEY admits the allegations of Paragraph 152 that DI-AZ was employed by WEST VALLEY effective August 24, 2015. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 152 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 152 of the Complaint.

28.   WEST VALLEY denies the allegations of Paragraph 153 of the Complaint to the extent they imply or allege that DI-AZ ever "reported" any alleged "racially harassing and discriminatory behavior" to WEST VALLEY, including any alleged "threat to terminate his employment for his refusal to endure the daily racial harassment. As to those portions of Paragraph 153 of the Complaint that contain legal contentions or conclusions, no answer is required as to said legal contentions or conclusions. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 153 of the Complaint and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 153 of the Complaint.

29.   Answering the allegations of Paragraph 155 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 155 of the Complaint.

30.   Answering Paragraph 166, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 165, hereinbefore, as though fully set forth herein.

31.   Answering Paragraph 176, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 175, hereinbefore, as though fully set forth herein.

32.   Answering Paragraph 184, WEST VALLEY re-alleges and incorporates by

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

reference its responses to Paragraphs 1 through 183, hereinbefore, as though fully set forth herein.

33. Answering Paragraph 191, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 190, hereinbefore, as though fully set forth herein.

34. Answering Paragraph 198, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 197, hereinbefore, as though fully set forth herein.

35. Answering the allegations of Paragraph 199 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 199 of the Complaint.

36. Answering the allegations of Paragraph 200 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 200 of the Complaint.

37. Answering the allegations of Paragraph 201 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 201 of the Complaint.

38. Answering Paragraph 205, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 204, hereinbefore, as though fully set forth herein.

39. WEST VALLEY denies the allegations of Paragraph 206 of the Complaint that "PLAINTIFFS complained repeatedly to" WEST VALLEY about any "constant racial abuse" that they allegedly "received on a daily basis" or that PLAINTIFFS ever "made clear" to WEST VALLEY that Plaintiffs had suffered "racial harassment" which caused "distress, humiliation, and suffering." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 201 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 206 of the Complaint.

40. Answering the allegations of Paragraph 207 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 207 of the Complaint.

41. Answering Paragraph 211, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 210, hereinbefore, as though fully set forth herein.

42. WEST VALLEY denies the allegations of Paragraph 212 of the Complaint that WEST VALLEY "knew or reasonably should have known through reasonable investigation of some of its agents and/or employees' propensity for unlawful racially harassing and physical aggressive behavior." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 212 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 212 of the Complaint.

43. WEST VALLEY denies the allegations of Paragraph 213 of the Complaint that WEST VALLEY "had a duty not to hire or retain" certain unnamed "employees/agents" on the purported basis that said unnamed "employees/agents" possessed "wrongful, dangerous, and racially offensive propensities." WEST VALLEY further denies the allegations of Paragraph 213 of the Complaint to the extent they imply or allege that WEST VALLEY failed "to provide reasonable supervision" of certain unnamed "employees/agents" and further that said certain unnamed "employees/agents" of WEST VALLEY engaged in conduct which was or could be considered wrongful, dangerous or racially offensive. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 213 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of paragraph 213 of the Complaint.

44. WEST VALLEY denies the allegations of Paragraph 214 of the Complaint that WEST VALLEY "negligently hired, retained and/or failed to adequately supervise" certain unnamed "employees/agents," that certain unnamed "employees/agents" of WEST VALLEY "committed the wrongful acts" alleged in the Complaint and that WEST VALLEY "failed to provide reasonable supervision" of these certain unnamed "employees/agents." WEST VALLEY further denies the allegations of Paragraph 214 of the Complaint to the extent they imply or allege that WEST VALLEY knew or was aware of any "propensities" of certain unnamed "employees/agents" to commit any "wrongful acts" or that WEST VALLEY knew or was aware that certain unnamed "employees/agents" had had "complaints made against them" for any "wrongful acts." WEST VALLEY lacks sufficient information and belief with respect to the

remaining allegations of Paragraph 214 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 214 of the Complaint.

45. Answering Paragraph 218, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 217, hereinbefore, as though fully set forth herein.

46. WEST VALLEY denies the allegations of Paragraph 219 of the Complaint that WEST VALLEY "punished" DI-AZ "by terminating" DI-AZ's "employment." WEST VALLEY further denies the allegations of Paragraph 219 of the Complaint that WEST VALLEY ever "terminat[ed]" DI-AZ. WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 219 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 219 of the Complaint.

47. WEST VALLEY denies the allegations of Paragraph 220 of the Complaint that WEST VALLEY ever "stated that [DI-AZ] should be terminated for performance issues." WEST VALLEY further denies the allegations of Paragraph 220 of the Complaint to the extent they imply or allege that WEST VALLEY terminated DI-AZ's employment and that the purported basis for any alleged (non-existent) termination of DI-AZ's employment "was merely a pretext." WEST VALLEY lacks sufficient information and belief with respect to the remaining allegations of Paragraph 220 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 220 of the Complaint.

48. Answering the allegations of Paragraph 221 of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of Paragraph 221 of the Complaint.

49. WEST VALLEY denies the allegations of Paragraph 222 of the Complaint to the extent they imply or allege that WEST VALLEY ever made a "decision to terminate" DI-AZ's "employment." As WEST VALLEY never made a "decision to terminate" DI-AZ's "employment," WEST VALLEY further denies the allegations of Paragraph 222 of the Complaint that any such nonexistent "decision to terminate" was "based on discriminatory motives," that any

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

such nonexistent "decision to terminate" "was contrary to the policies, rules, regulations, and laws of the State of California" and that any such nonexistent "decision to terminate" "constituted an unlawful termination under California law." As to the cited statutory provisions, said cited statutory provisions speak for themselves and no answer is required as to PLAINTIFFS' allegations concerning said statutory provisions. To the extent Paragraph 222 of the Complaint contains legal contentions and conclusions, WEST VALLEY is not required to respond to said legal contentions and conclusions. WEST VALLEY lacks sufficient information and belief as to the remaining allegations of Paragraph 222 of the Complaint, and on that basis, denies each and every, generally and specifically, all and singularly, the remaining allegations of Paragraph 222 of the Complaint.

50. Answering Paragraph 226, WEST VALLEY re-alleges and incorporates by reference its responses to Paragraphs 1 through 225, hereinbefore, as though fully set forth herein.

51. With regard to PLAINTIFFS' Request for Relief, WEST VALLEY denies that such relief is either appropriate or justified in the circumstances of this case.

52. Answering all other Paragraphs of the Complaint, WEST VALLEY denies each and every, generally and specifically, all and singularly, the allegations of these paragraphs, and the whole thereof.

**AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION**

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred by the applicable statute of limitation, including but not limited to, those enumerated in California Code of Civil Procedure Sections 335.1, 338, 340, 343 and 361, California Government Code Section 12965 and 28 U.S.C. Section 1658.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct,

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

and omissions of PLAINTIFFS which constitute waiver.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct, and omissions of PLAINTIFF which constitute estoppel.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct, and omissions of PLAINTIFFS which constitute laches.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the relief sought by PLAINTIFFS is barred due to the acts, conduct, and omissions of PLAINTIFFS which constitute unclean hands.

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action contained therein, is barred because PLAINTIFFS would be unjustly enriched by receipt of any recovery prayed for in the Complaint.

AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that any of WEST VALLEY'S conduct towards PLAINTIFFS was justified and privileged.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that any loss or damage suffered by PLAINTIFFS was caused in whole or in part, by PLAINTIFFS' own conduct, acts or omissions.

AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claim for attorney's fees is barred as improper because there is no alleged basis either in contract or by statute for the recovery of attorney's fees against this Defendant.

AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFS' Complaint, and each cause of action therein, is uncertain, ambiguous, and unintelligible as it pertains to WEST VALLEY.

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

12
WVSG'S ANSWER TO AMENDED COMPLAINT                  (Case No. 17-cv-06748- WHO )

1  WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action therein, is
2  barred because WEST VALLEY is an improper party and/or wrongly joined in this action.
3  　　　　AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
4  DEFENSE, WEST VALLEY alleges that PLAINTIFFS had no probable cause for bringing any
5  action against this answering Defendant.
6  　　　　AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
7  DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint, and each cause of action
8  thereof, are barred in whole or in part because PLAINTIFFS have sustained no injury or damage
9  by reason of acts or omissions of WEST VALLEY.
10 　　　　AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
11 DEFENSE, WEST VALLEY alleges that should PLAINTIFFS recover from WEST VALLEY,
12 WEST VALLEY is entitled to indemnification, either in whole or in part, from all persons or
13 entities whose negligence and/or fault proximately contributed to PLAINTIFFS' damages, if any
14 there were.
15 　　　　AS AND FOR A SIXTEETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
16 WEST VALLEY alleges that there was no unity of interest between Defendants.
17 　　　　AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
18 DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred because
19 PLAINTIFFS failed to exhaust their administrative remedies.
20 　　　　AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
21 DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred because WEST
22 VALLEY never terminated any PLAINTIFFS' employment.
23 　　　　AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
24 DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts,
25 conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS' Complaint fails
26 to state facts sufficient to constitute any cause of action because, to the extent any of the
27 PLAINTIFFS' were employed by WEST VALLEY, PLAINTIFFS' employment was terminable
28 at will.

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

13
WVSG'S ANSWER TO AMENDED COMPLAINT          (Case No. 17-cv-06748- WHO )

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS have failed and refused to exercise a reasonable effort to obtain other employment in an effort to mitigate their damages.

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS breached their duty to minimize their losses and mitigate their damages by failing to make reasonable efforts to find comparable work. As such, any amount that PLAINTIFFS could reasonably have earned by obtaining comparable work through reasonable efforts must be offset from the damages, if any, awarded to PLAINTIFFS.

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that it has taken reasonable care to prevent and promptly correct any discriminatory behavior through its policies and procedures.

AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claim for punitive damages against WEST VALLEY is barred by the provisions of Civil Code Section 3294. WEST VALLEY is not liable for the acts of any employees/agents because WEST VALLEY did not have advance knowledge of any unfitness in any employee/agent and did not employ any employee/agent with a conscious disregard of the rights and safety of others. Further, WEST VALLEY did not authorize or ratify any alleged wrongful conduct. In addition, WEST VALLEY is not personally guilty of oppression, fraud, or malice.

AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS were terminated for legitimate, non-discriminatory, non-prohibited reasons or for good cause.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 - 00668129.DOCX.1

14
WVSG'S ANSWER TO AMENDED COMPLAINT (Case No. 17-cv-06748- WHO )

AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, alleges that PLAINTIFFS' damages, if any, should be reduced, in whole or in part, by PLAINTIFFS' failure to avoid the consequences of alleged harassment by using the preventive and corrective measures provided by the employer.

AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct or statements attributed to it in the Complaint, alleges that if any of its employees or agents engaged in unlawful discrimination or harassing behavior toward PLAINTIFFS, WEST VALLEY is not liable for the discrimination and/or harassment.

AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct or statements attributed to it in the Complaint, alleges that PLAINTIFFS may not obtain any of the relief requested in the Complaint because any adverse employment action, if at all, was taken against PLAINTIFF based on legitimate, non-discriminatory factors other than PLAI'TIFFS' alleged race or any protected activity.

AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claim for punitive damages against WEST VALLEY is barred by WEST VALLEY'S adoption, publication and enforcement of a policy against the discrimination, harassment and retaliation of the type alleged in the Complaint.

AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint is barred because any damages suffered by Plaintiff were proximately caused by conduct, acts, or omissions of other individuals or entities over which this answering Defendant had no responsibility or control.

AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint violates Defendant's right to protection from excessive fines as provided in the Eighth Amendment to the U.S. Constitution and Article I, Section 6 of the Constitution of the State of California and therefore fails to state a cause

of action upon which punitive or exemplary damages may be awarded.

AS AND FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Complaint violates WEST VALLEY'S right to due process as provided in the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 13 of the Constitution of the State of California and therefore fails to state a cause of action upon which punitive or exemplary damages may be awarded.

AS AND FOR A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that the punitive damages sought by PLAINTIFFS are barred because there is no allegation of sufficient facts to warrant an award of punitive damages.

AS AND FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS may not obtain the relief requested in the Complaint because PLAINTIFFS did not suffer emotional distress to such substantial quantity or induced quality that no reasonable man in a civilized society should be expected to endure.

AS AND FOR A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct or statements attributed to it in the Complaint, alleges that to the extent any of its employees or agents engage in any unlawful or discriminatory behavior, the alleged unlawful or discriminatory acts were committed outside the course and scope of employment.

AS AND FOR A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY, without admitting that it engaged in or made any of the acts, conduct or statements attributed to it in the Complaint, alleges that if it is found that WEST VALLEY'S actions were motivated by both discriminatory and nondiscriminatory reasons, the legitimate nondiscriminatory reasons alone would have induced WEST VALLEY to make the same decision regarding PLAINTIFFS' employment.

AS AND FOR A THIRTY-SIXTH, SEAPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' claims are barred to the extent they infringe on WEST VALLEY'S constitutional rights under the provisions of the United States and California Constitutions.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

16
WVSG'S ANSWER TO AMENDED COMPLAINT         (Case No. 17-cv-06748- WHO )

AS AND FOR A THIRTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Seventh Cause of Action for Whistleblower Retaliation is barred against WEST VALLEY because PLAINTIFFS have not alleged, nor can PLAINTIFFS establish: 1) that WEST VALLEY made, adopted, or enforced any rule, regulation, or policy preventing PLAINTIFFS from disclosing information to a government or law enforcement agency; 2) that WEST VALLEY made, adopted, or enforced any rule, regulation or policy preventing PLAINTIFFS from disclosing information to a person with authority over PLAINTIFFS; 3) that WEST VALLEY made, adopted, or enforced any rule, regulation or policy preventing PLAINTIFFS from disclosing information to another employee of WEST VALLEY with the authority to investigate, discover, or correct any alleged violation or noncompliance; or 4) that WEST VALLEY made, adopted, or enforced any rule, regulation or policy preventing PLAINTIFFS from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, based upon any alleged belief of PLAINTIFFS that the information disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information was part of the PLAINTIFFS' job duties.

AS AND FOR A THIRTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Seventh Cause of Action for Whistleblower Retaliation is barred against WEST VALLEY because PLAINTIFFS have not alleged, nor can PLAINTIFFS establish: 1) that WEST VALLEY retaliated against PLAINTIFFS for disclosing information; 2) that WEST VALLEY retaliated against PLAINTIFFS because WEST VALLEY believed that PLAINTIFFS disclosed or may have disclosed information, to a government or law enforcement agency; 3) that WEST VALLEY retaliated against PLAINTIFFS because WEST VALLEY believed that PLAINTIFFS disclosed or may have disclosed information, to a person with authority over PLAINTIFFS; 4) that WEST VALLEY retaliated against PLAINTIFFS because WEST VALLEY believed that PLAINTIFFS disclosed or may have disclosed information, to another employee of WEST VALLEY who has the authority to investigate, discover, or correct the violation or noncompliance; or 5) that WEST VALLEY

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

retaliated against PLAINTIFFS for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, based upon any alleged belief of PLAINTIFFS that the information disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information was part of the PLAINTIFFS' job duties.

AS AND FOR A THIRTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS' Seventh Cause of Action for Whistleblower Retaliation is barred against WEST VALLEY because PLAINTIFFS have not alleged, nor can PLAINTIFFS establish that WEST VALLEY, or any person acting on WEST VALLEY'S behalf, retaliated against PLAINTIFFS for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

AS AND FOR A FORTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAINTIFFS lack standing to bring one or more of the cause of action stated in the Complaint.

AS AND FOR A FORTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, WEST VALLEY alleges that PLAITNIFFS' First Cause of Action for Racial Discrimination, Harassment, Retaliation, failure to Prevent Constructive and Wrongful Termination in Violation of 42 U.S.C. Section 1981 is barred against WEST VALLEY because that claim does not apply to any alleged contract between PLAINTIFFS and WEST VALLEY.

## PRAYER

WHEREFORE, Defendant WEST VALLEY STAFFING GROUP seeks such relief as may be appropriate, including judgment in favor of Defendant WEST VALLEY STAFFING GROUP and against Plaintiffs DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON as follows:

1. That PLAINTIFFS' Complaint be demised with prejudice in its entirety;
2. That PLAINTIFFS take nothing by way of their Complaint;
3. For an award of reasonable attorneys' fees, litigation expenses, and costs of suit; and

///

4. For such other further relief that the Court deems just and proper.

DATED: January 9, 2019

PAHL & McCAY
A Professional Law Corporation

By: /s/ *Helene A. Simvoulakis*
Helene A. Simvoulakis, Esq.

Attorneys for Defendant
WEST VALLEY STAFFING GROUP

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*2814/040 -
00668129.DOCX.1

WVSG'S ANSWER TO AMENDED COMPLAINT

19

(Case No. 17-cv-06748- WHO )