LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone: 415.453.4740
Facsimile: 415.785.7352

BARBARA I. ANTONUCCI (SBN  209039)
bantonucci@constangy.com
PHILIP J. SMITH (SBN 232462)
psmith@constangy.com
AARON M. RUTSCHMAN (SBN 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP**
351 California, Suite 200
San Francisco, CA  94104
Telephone:  415.918.3000

Attorneys for Defendant,
CITISTAFF SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC. and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:    3:17-cv-06748-WHO<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DEFENDANT CITISTAFF SOLUTIONS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Assigned to Hon. William H. Orrick]<br><br>Complaint Filed: October 16, 2017<br>FAC Filed: December 26, 2018<br>Trial Date: November 18, 2019 |

1

STIPULATION AND [PROPOSED] ORDER RE:                CASE NO: 3:17-CV-06748-WHO
DEFENDANT CITISTAFF SOLUTIONS, INC.'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**STIPULATION**

Plaintiffs Demetric Di-az and Owen Diaz ("Plaintiffs"), and Defendant CitiStaff Solutions, Inc. ("CitiStaff") (collectively CitiStaff and Plaintiffs referred to as the "Parties") hereby stipulate as follows:

**WHEREAS**, on October 16, 2017, Plaintiffs filed their Complaint in the Superior Court of California for the County of Alameda;

**WHEREAS**, on November 22, 2017, CitiStaff filed its Answer to Plaintiffs' Complaint in the Superior Court of California for the County of Alameda, attached hereto as Exhibit 1;

**WHEREAS**, on December 14, 2018, the parties filed a Stipulation And [Proposed] Order Allowing Plaintiffs to File An Amended Complaint To Add New Party NextSource, Inc. As A Defendants; And To Continue Trial Date From May 13, 2019 to October 28, 2019 And Trial-Related Deadlines;

**WHEREAS**, on December 20, 2018, this Court ordered that Plaintiffs may file an amended complaint adding NextSource, Inc. as a party to the action and continued the trial date and trial related deadlines;

**WHEREAS**, on December 26, 2018, Plaintiffs filed their First Amended Complaint adding NextSource, Inc. as a party to the action, but otherwise did not amend any of the substantive allegations as against CitiStaff;

**WHEREAS**, on January 7, 2019, the Parties filed a Stipulation To Extend Defendant CitiStaff Solutions, Inc.'s Time To Respond To Plaintiffs' First Amended Complaint pursuant to Civil Local Rule 6-1(a);

**WHEREAS,** Plaintiffs have agreed that, because the changes in the First Amended Complaint are minor and do not substantially affect the allegations against CitiStaff, CitiStaff's answer to Plaintiffs' original Complaint may be deemed its answer to Plaintiffs' First Amended Complaint to avoid unnecessarily repetitive pleadings;

///

STIPULATION AND [PROPOSED] ORDER RE:                     CASE NO: 3:17-CV-06748-WHO
DEFENDANT CITISTAFF SOLUTIONS, INC.'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1    **NOW THEREFORE**, Plaintiffs and CitiStaff, by and through their respective counsel,

2  hereby stipulate and agree, and respectfully request, that the Court issue an order that CitiStaff's

3  answer to Plaintiff's original Complaint, attached hereto as Exhibit 1, is deemed its answer to

4  Plaintiffs' First Amended Complaint.

5    **IT IS SO STIPULATED.**

6

7  DATED: January 11, 2019                    **CALIFORNIA CIVIL RIGHTS LAW GROUP**

8

9                                            By:    /s/ Lawrence Organ
                                                  Lawrence A. Organ
10                                                 Navruz Avloni
                                                  Attorneys for Plaintiffs
11                                                 DEMETRIC DI-AZ and OWEN DIAZ

12

13 DATED: January 11, 2019                    **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

14                                           By:    /s/ Aaron M. Rutschman
                                                  Barbara Antonucci
15                                                 Aaron M. Rutschman
                                                  Attorneys for Defendant
16                                                 CITISTAFF SOLUTIONS, INC.

17

18

19    I hereby attest that I obtained concurrence in the filing of this document from each of the

20  other signatories on this e-filed document.

21

22  Dated:  January 16, 2019                  **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

23

24                                           By   /s/ Aaron M. Rutschman
                                                  Aaron M. Rutschman
25

26

27

28
                                            3

1

## [PROPOSED] ORDER

2      Based upon the foregoing Stipulation, and for good cause appearing thereon, the Court orders

3  as follows:

4      CitiStaff's Answer to Plaintiff's original Complaint, filed in the Superior Court of the State

5  of California For the County of Alameda and attached hereto as Exhibit 1, is deemed its answer to

6  Plaintiffs' First Amended Complaint;

7

8      **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

9

10  DATED: _____, 2019      _____

11                                          Hon. William H. Orrick

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER RE:                CASE NO: 3:17-CV-06748-WHO
DEFENDANT CITISTAFF SOLUTIONS, INC.'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

EXHIBIT 1

KENNETH SULZER (SBN 120253)
BARBARA I. ANTONUCCI (SBN 209039)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
50 California, Suite 1625
San Francisco, CA 94111
Telephone: 415.918.3000
Facsimile: 415.918.3005

*Attorneys for Defendant*
**CITISTAFF SOLUTIONS, INC.**

ENDORSED
FILED
ALAMEDA COUNTY

NOV 2 2 2017

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

DEMETRIC DI-AZ, OWEN DIAZ and
LAMAR PATTERSON, an individual

        Plaintiff,

    vs.

TESLA, INC. DBA TESLA MOTORS, INC.;
CITISTAFF SOLUTIONS, INC.; WEST
VALLEY STAFFING GROUP;
CHARTWELL STAFFING SERVICES, INC.
and DOES 1-10, inclusive,

        Defendants.

Case No. RG17878854

**DEFENDANT CITISTAFF
SOLUTIONS, INC.'S ANSWER TO
PLAINTIFFS' UNVERIFIED
COMPLAINT FOR DAMAGES**

1

COPY

1

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant CitiStaff Solutions, Inc. ("Defendant") hereby answers the unverified Complaint for Damages of Plaintiffs Demetric Di-Az, Owen Diaz and Lamar Patterson ("Plaintiffs") by generally and specifically denying each and every allegation, statement, matter, and purported cause of action contained therein. Defendant also specifically denies that it is liable to Plaintiffs for the sum or sums alleged or for any other amount whatsoever.

Defendant asserts the following affirmative defenses to each and every cause of action alleged in Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a first, separate, and affirmative defense to the Complaint and every cause of action set forth therein, Defendant alleges that Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a second, separate, and affirmative defense to the Complaint and every cause of action set forth therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Civil Code Sections 335.1, 338, 340, 343, and 361, California Government Code Section 12965, and 28 U.S.C. Section 1658.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a third, separate, and affirmative defense to the Complaint and every cause of action set forth therein, Defendant alleges that Plaintiffs failed to comply with the applicable procedural and administrative prerequisites including timely charge filing requirements and the exhaustion of all administrative remedies under federal or state law.

2

**FOURTH AFFIRMATIVE DEFENSE**

**(Legitimate Non-Discriminatory, Non-Retaliatory Reasons)**

As a fourth, separate, and affirmative defense to the Complaint and every cause of action set forth therein, Defendant alleges, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, that any acts, conduct or statements by Defendant or anyone acting on its behalf were justified, in good faith, and for legitimate, non-discriminatory reasons that were wholly unrelated to Plaintiffs' alleged race or any protected activity.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Knowledge)**

As a fifth, separate and affirmative defense to the Complaint and every cause of action set forth herein, Defendant alleges that it had no knowledge of any discriminatory or otherwise unlawful behavior by any of its employees, agents, or representatives.

**SIXTH AFFIRMATIVE DEFENSE**

**(Reasonable Care)**

As a sixth, separate and affirmative defense to the Complaint and every cause of action set forth herein, Defendant alleges that it exercised reasonable care to prevent and promptly correct any discriminatory or other unlawful behavior.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Course and Scope of Employment)**

As a seventh, separate and affirmative defense to the Complaint and every cause of action set forth herein, Defendant alleges that to the extent employees engaged in any discriminatory or otherwise unlawful behavior, the alleged acts were committed outside the course and scope of employment.

DEFENDANT CITISTAFF SOLUTIONS, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES. CASE NO. RG17878854

**EIGHTH AFFIRMATIVE DEFENSE**

**(Exclusive Remedy of Workers' Compensation)**

As an eighth, separate, and affirmative defense to the Complaint and every cause of action set forth therein, Defendant alleges that Plaintiffs' claims are barred by the exclusive remedy provisions of the California Workers' Compensation Act.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands, Estoppel, Waiver, Laches)**

As a ninth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that the Complaint is barred by the doctrines of unclean hands, estoppel, waiver and/or laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Occupational Qualification)**

As a tenth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that the employment practices complained are based on a bona fide occupation qualification necessary for the normal operation of the business.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Same Decision/Mixed Motive)**

As an eleventh, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, if it is found that Defendant's actions were motivated by both discriminatory and nondiscriminatory reasons, the legitimate nondiscriminatory reasons alone would have induced Defendant to make the same decision regarding Plaintiffs' employment.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

As a twelfth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that any unlawful or wrongful acts, if any, taken by its agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know nor should it have known of such acts.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

As a thirteenth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because of their unreasonable failure to avail themselves of their employer's measures to prevent and correct discrimination, the use of which would have prevented the harm Plaintiffs allege that they suffered.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

As a fourteenth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, if Plaintiffs sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, Defendant is entitled to an offset to the extent that Plaintiffs received income, benefits, or money from other sources.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

As a fifteenth, separate, and affirmative defense to the Complaint herein, Defendant asserts that Plaintiffs are seeking to recover more than Plaintiffs are entitled to recover in this case, and an award of the judgment sought by Plaintiff would unjustly enrich Plaintiff.

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (After-Acquired Evidence)

3       As a sixteenth, separate, and affirmative defense to the Complaint and every cause of

4   action alleged therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, or

5   in the alternative, Plaintiffs' claims for relief, including economic damages, should be denied

6   and/or limited pursuant to the doctrine of "after-acquired evidence" to the extent the doctrine

7   applies in this case.

8

## SEVENTEENTH AFFIRMATIVE DEFENSE

9

### (Release)

10      As a seventeenth, separate, and affirmative defense to the Complaint and every cause of

11  action alleged therein, Defendant alleges that Plaintiffs' claims are barred in whole or in part to

12  the extent entered into any agreement discharging or waiving their right to assert the claims

13  against Defendant pleaded in the Complaint, the Complaint and the causes of action alleged

14  therein are barred by the doctrine of release.

15

## EIGHTEENTH AFFIRMATIVE DEFENSE

16

### (Arbitration Agreement)

17      As an eighteenth, separate, and affirmative defense to the Complaint and every cause of

18  action alleged therein, Defendant alleges that Plaintiffs' claims are barred in whole or in part to

19  the extent that Plaintiffs are subject to binding arbitration of their claims and they have waived

20  bringing such claims.

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

### (Failure to Mitigate)

23      As a nineteenth, separate, and affirmative defense to the Complaint and every cause of

24  action alleged therein, Defendant alleges that Plaintiffs are not entitled to damages to the extent

25  they failed to take reasonable steps to mitigate their damages, if any; or alternatively, Plaintiffs

26  have mitigated their damages, and therefore, are barred from recovering any damages in this

27  action.

28

DEFENDANT CITISTAFF SOLUTIONS, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED
COMPLAINT FOR DAMAGES, CASE NO. RG17878854

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive Damages)**

As a twentieth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that Plaintiffs are not entitled to recover punitive or exemplary damages because the Complaint fails to state sufficient facts to maintain any claim for punitive or exemplary damages and because Defendant did not act willfully, wantonly or with malice with respect to Plaintiffs' employment. Defendant maintained a suitable anti-discrimination policy in effect at all material times.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

As a twenty-first, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Plaintiffs are not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages in general and/or any such award as applied to the facts of this specific action would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Bane, Ralph and Unruh Acts Unconstitutional)**

As a twenty-second, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Plaintiffs' claims are barred to the extent they infringe on Defendant's constitutional rights under the provisions of the United States and California Constitutions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Third Party Liability)**

As a twenty-third, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that to the extent that any of the alleged wrongs were committed by others, any and all such claims are barred as against Defendant in their entirety.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Unruh Act Inapplicable to Employment Discrimination)**

As a twenty-fourth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that Plaintiffs' claims of employment discrimination are not cognizable under the Unruh Act.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Bona Fide Seniority or Merit System)**

As a twenty-fifth, separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that Plaintiffs' claims are barred to the extent that employment decisions were made in accordance with a bona fide seniority or merit system.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to take Advantage of Corrective Opportunities)**

As a twenty-sixth separate, and affirmative defense to the Complaint and every cause of action alleged therein, Defendant alleges that Plaintiffs' claims are barred in whole or in part, because Plaintiffs failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm or otherwise.

//
//
//
//
//
//
//
//
//
//
//

DEFENDANT CITISTAFF SOLUTIONS, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED
COMPLAINT FOR DAMAGES. CASE NO. RG17878854

1

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

**(Reservation of Rights)**

3       As a twenty-seventh, separate, and affirmative defense to the Complaint, Defendant

4   presently has insufficient knowledge or information on which to form a belief as to whether it

5   may have additional, as yet unstated affirmative defenses available, and it reserves the right to

6   assert additional defenses in the event that investigation or discovery indicate that they would be

7   appropriate.

8

9

10                                    ### PRAYER

11       WHEREFORE, Defendant prays as follows:

12       1.      That Plaintiffs take nothing by their Complaint;

13       2.      That Plaintiffs' Complaint be dismissed, in its entirety, with prejudice;

14       3.      That Defendant recover its costs of suit and attorneys' fees;

15       4.      That the Court rule on all pleaded defenses supported by the evidence; and

16       5.      That Defendant be awarded such other and further relief as the court may deem

17   proper.

18

19

20   DATED:     November 22, 2017        **CONSTANGY, BROOKS, SMITH &**
                                         **PROPHETE, LLP**

21

22                                      By: _____

23                                          Barbara I. Antonucci
                                            *Attorneys for Defendant*

24                                          **CITISTAFF SOLUTIONS, INC.**

25

26

27

28

9

1

### PROOF OF SERVICE

2

3       I am over the age of 18 and not a party to the within action.  I am employed at the law offices of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, and my business address is: 50 California Street, Suite 1625, San Francisco, California 94111

4

5       On November 22, 2017, I served the **DEFENDANT CITISTAFF SOLUTION, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES** on the interested parties in this action by placing a true copy thereof in a sealed envelope(s) addressed as follows:

6

7

8       Lawrence A. Organ                          *Attorneys for Plaintiffs*
        Navruz Avloni
        California Civil Rights Law Group
9       332 San Anselmo Avenue
        San Anselmo, CA 94960
10      Tel:  415-453-4740
        Fax: 415-785-7352
11      larry@civilrightsca.com
        navruz@civilrightsca.com
12

13

14      __X__   **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid.  I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

15

16

17

18      __X__   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21      Executed on **November 22, 2017** in San Francisco, California.

22

23                                                  Cristi Shanahan

24

25

26

27

28

PROOF OF SERVICE