**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

415.774.2909 direct
rswafford-harris@sheppardmullin.com

File Number: 26VT-291370

August 9, 2019

***VIA ECF AND OVERNIGHT MAIL***

Hon. William H. Orrick
USDC, Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Di-az et al., v. Tesla, Inc. dba Tesla Motors, Inc.* Case No. 3:17-cv-06748-WHO

Dear Judge Orrick:

Pursuant to this Court's Standing Order re discovery, the Parties submit this joint letter and certify they met and conferred in-person on July 26, 2019 on this issue and were unable to resolve their differences.

**Tesla, Inc.'s Position**

On July 22, 2019, Plaintiffs served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to the law offices of his own counsel. Plaintiff's Subpoena seeks the production of documents (including confidential documents) that Plaintiffs' counsel obtained in a different matter where they represented a different plaintiff, *Dewitt Lambert v. Tesla, Inc. dba Tesla Motors, Inc.*, filed in California Superior Court, Case No. RG17854515; JAMS Ref. No. RG18927296, ("*Lambert*"). Plaintiffs' counsel's client, Lambert, and Defendant, exchanged confidential documents in *Lambert* pursuant to a Protective Order. Plaintiffs' subpoena is nothing more than subterfuge to circumvent the protective order which governs the documents sought through the Subpoena Plaintiffs' counsel "served" on himself.

As an initial matter, serving oneself with a subpoena is not authorized by the Federal Rules of Civil Procedure, which govern who can serve and be served a subpoena. Though Plaintiff's counsel will presumably argue the Plaintiffs Demetric Di-az and Owen Diaz are the party serving the Subpoena on a "third party," *Law Offices of Lawrence A. Organ*, the fact that the Law Offices of Lawrence A. Organ represent the Plaintiffs in this action and signed the subpoena to themselves on behalf of Plaintiffs, establishes such a unity of interest and identity between Plaintiffs and Lawrence Organ, that the service of the Subpoena at minimum violates the spirit of Rule 45. A Rule 34 document request and/or motion to compel, rather than a Rule 45 subpoena, is the preferred mechanism for seeking documents from parties or their agents. Rule 34(c) suggests as much by stating that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule

**SheppardMullin**

Hon. William H. Orrick
August 9, 2019
Page 2

45[1]." Moreover, though "[t]he majority view is that Rule 45 can be used against a party, [that is] provided it is *not being used to circumvent the requirements of Rule 34.* [2]"   William W. Schwarzer *et al., Federal Civil Procedure Before Trial,* ¶ 11:1809.6; *Flagg v. City of Detroit*, No. 05-74253, 2008 WL 787039, at *5 (E.D. Mich. Mar. 20, 2008) (emphasis added).  Here, because Plaintiffs have previously requested the documents under Rule 34, but have not brought a motion under Rule 34 and issued its subpoena, it is clear Plaintiff is seeking to circumvent the discovery rules (and the Protective Order in *Lambert*).

Further, and as discussed during the Parties' meet and confer, the documents sought in the Subpoena are governed and protected by the Confidentiality Agreement and Stipulated Protective Order (the "Order") in *Lambert*, which was executed by Plaintiff's counsel on April 11, 2018.  The Order in relevant parts provides:

> "All Confidential Information, whether marked "Confidential" or "Confidential—Attorneys' Eyes Only," produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced only for the purpose of this case." (*see* Order ¶ 3).

> "Except with the prior written consent of the other parties, or upon prior order of the Arbitrator obtained upon notice to opposing counsel, information designated as "Confidential," shall not be disclosed to any person other than counsel for the respective party to this arbitration,[3] including in-house counsel and co-counsel retained for this arbitration. . .[.]" (*see* Order ¶ 4).

> If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designed the material.  The party or non-party who designed the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Arbitrator for an order designating the material as confidential.  The party or non-party seek the order has the burden of establishing that the document is entitled to protection." (*see* Order ¶ 8).

> "All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered." (*see* Order ¶ 10).

Here, Plaintiffs seek to have Lambert's counsel (who is also their counsel) disclose Confidential and Confidential Attorneys' Eyes Only documents in violation of the Protective

---

[1] Effective December 1, 2015, the text of Rule 34(c) reads: "**Nonparties**. As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."
[2] *See also Id.* **Comment:** The Adv. Comm. Notes to the 1970 Amendment to former Rule 30(b)(5) (now Rule 30(b)(2)) make clear that when seeking documents from a party, the requesting party should proceed under Rule 34 or 30(b)(2).
[3] Counsel refers to the law firm of Ogletree, Deakins, Nash, Smoak and Stewart, P.C., who was counsel of record for the party in the action where the protective order was entered into.

**SheppardMullin**

Hon. William H. Orrick
August 9, 2019
Page 3

Order. Plaintiffs made clear during the Parties' meet and confer that they intend to disclose said documents to persons not permitted by the Protective Order, including but not limited to the three other parties in this case and their individual counsel. Further, Plaintiffs never gave any notice to Ogletree to challenge the confidential designation of any documents, and therefore Tesla was not required to make any application or to show "good cause." (*see* Order ¶ 8). The parties in *Lambert* mutually agreed to a process to resolve disputes regarding any confidentiality designation; Plaintiffs' counsel cannot agree to such procedures to their benefit, only to now try to disregard them by summarily relying on the notion that the Ninth Circuit "generally disfavors" precluding disclosure. To allow counsel to circumvent the procedures they agreed to and that the Court ordered, simply because courts "generally" disfavor precluding disclosure, would render the stipulated agreement meaningless, including the Parties protective order in the instant action, which counsel correctly identifies as "substantially similar" to the Order in *Lambert*.

Further, per the Order, notice and prior written consent of all other parties to the Order is required prior to the disclosure of any documents designated as "Confidential" to any person other than counsel for the respective parties in *Lambert*. Plaintiff's counsel, to Defendant's knowledge, has not informed counsel for Defendant in *Lambert* of their intent to subpoena such documents as required by the Order.

None of the exceptions outlined in the Order apply to the documents requested in the Subpoena. Thus, should Plaintiffs refuse to withdraw their Subpoena requiring the disclosure of privileged or other protected matter, where no exception or waiver applies, Defendant intends to file a Motion to Quash under Rule 45(3)(A)(iii).

**Plaintiffs' Position**

DeWitt Lambert, a third party, was employed at Tesla's Fremont factory at the same time as Plaintiffs, and was subjected to racially harassing conduct that was substantially similar to the conduct Plaintiffs allege in the instant suit. He was represented by the California Civil Rights Law Group (CCRLG) at his arbitration. Plaintiffs Owen Diaz and Demetric Di-az served a subpoena on CCRLG seeking documents and transcripts from the *Lambert v. Tesla* matter. The subpoena was served for the proper purpose of reducing or eliminating the need to conduct duplicative discovery in related litigation, and DeWitt Lambert does not object to the subpoena.

Tesla objects to the subpoena because Plaintiffs' counsel is a "party," so the subpoena, according to Tesla, is an improper vehicle for discovery and an attempt to "circumvent" unspecified "discovery rules." If Plaintiffs' counsel was a "party" in this matter, then the information at issue would already be in the possession of Plaintiffs, and yes, there would be no need to subpoena documents which Plaintiffs already possess. This, unfortunately, is not the case. Rather, Plaintiffs followed the proper procedure under FRCP by issuing a Rule 45 subpoena for information related to *another* case arbitrated by their law firm, CCRLG.

Tesla further objects to the subpoena because Rule 34 is the "preferred method for seeking documents." Tesla cannot dictate how Plaintiffs conduct discovery. In *Olympic Refining Co. v. Carter*, 332 F.2d 260, 266 (9th Cir. 1964), cert. den. 379 U.S. 900 (1964) ("Olympic"), the

**SheppardMullin**

Hon. William H. Orrick
August 9, 2019
Page 4

Ninth Circuit held that "[i]t is immaterial that [a party] could possibly obtain the same information through the process of propounding its own interrogatories" or document requests. And the Northern District has held that "[i]t simply does not make sense to force... counsel to reinvent the wheel and to promulgate discovery requests and take depositions when much of the same discovery has already taken place." *Kraszewski v. State Farm General Ins. Co.*, 139 F.R.D. 156, 160 (N.D. Cal. 1991).

The Ninth Circuit also "strongly favors disclosure [of discovery produced in prior litigation] to meet the needs of parties in pending litigation", because "trials ordinarily take place in public and the purpose of federal discovery is to force full disclosure." *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). Additionally, "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) ("*Foltz*").

The parties in Lambert v. Tesla produced hundreds of documents and took twenty-two depositions of various witnesses regarding racial harassment in the factory where Plaintiffs worked. It is of no import that Plaintiffs *could* obtain the material sought through other discovery methods. Forcing Plaintiffs to reinvent the proverbial wheel serves no meaningful purpose other than increasing the expense and time required for the parties to litigate the case.

Tesla also alleges that Plaintiffs' are attempting to circumvent Rule 34 by seeking some of the same information previously sought via written discovery. As mentioned above, there is no case law or rule that prohibits Plaintiffs from obtaining information through multiple discovery channels. Also, to correct Tesla's misrepresentation, Plaintiffs have met and conferred with Tesla about their boiler plate discovery responses and refusal to produce relevant documents, including investigation guidelines and various handbooks, and are in the process of drafting a joint dispute letter.

Tesla further objects to the subpoena because it seeks information marked as confidential pursuant to the Protective Order in *Lambert v. Tesla.* However, the *majority* of the information sought by Plaintiffs' Rule 45 subpoena is *not* marked confidential pursuant to the *Lambert* Protective Order, including discovery responses, non-confidential documents produced in discovery, twenty out of the twenty-two deposition transcripts, deposition exhibits, and transcripts of the arbitration proceeding.

As for the information that was marked confidential, the Ninth Circuit generally disfavors precluding disclosure where the parties have merely stipulated to a protective order and have not made the showing of "good cause" required by Rule 26. *Id.* at 1131. Rather, the party seeking enforcement of the protective order must "meet the burden imposed by Rule 26(c) of making a 'particular showing' of good cause" and alleging "'*specific* prejudice or harm now.'" *Id.*, citing *Beckman*, *supra*, 966 F.2d at 476 (emphasis original). Where a party obtains a protective order without showing good cause and specific prejudice with respect to each individual document in preceding litigation, it cannot "reasonably rely on the order to hold those records under seal forever." *Id.* at 1138. This is because, while stipulated protective orders are

**SheppardMullin**

Hon. William H. Orrick
August 9, 2019
Page 5

"understandable for [] unfiled documents given the onerous burden document review entails", they do not satisfy the standards of Rule 26(c). *Id.* at 1131.

      Tesla designated virtually *all* of the documents it produced, and portions of the two depositions, as "Confidential" without making a showing of good cause and specific harm to justify their protection from disclosure. That Plaintiffs did not object to Tesla's "Confidential" designations during the *Lambert* arbitration is immaterial: now that the confidential designations have been challenged, Tesla must make "an actual showing of good cause for their continuing protection under" FRCP 26; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("*Foltz*"). This does not render the *Lambert* Order meaningless, as Tesla baselessly claims. It merely requires Tesla to meet the burden under Rule 26 that it bypassed in the *Lambert* litigation for the sake of efficiency.

      Because Tesla has not made the showing of good cause and specific prejudice required by Rule 26, it "cannot reasonably rely" on the Order to shield the documents Plaintiffs seek. Tesla will not be prejudiced or harmed by the disclosure of the documents. The other three defendants in this matter that Plaintiffs' counsel indicated such information would be disclosed to contract with Tesla to place employees in its factory and assist in its workplace investigations, and have thus likely seen much of the sealed information. Per Tesla's request, the parties have also entered into a stipulated protective order in this matter to further guard Tesla's interests.

      Finally, Tesla argues that Plaintiffs' counsel improperly failed to provide written notice of their intent to disclose confidential information to Ogletree Deakins, Tesla's counsel in the *Lambert* matter. Tesla cites no authority for this position and it finds no support in case law. Crucially, the Order itself specifically states that it is an agreement between "Claimant *DeWitt Lambert* and Respondent *Tesla, Inc.*" (*See* Order at 1:2.), *not* an agreement to which Ogletree, Deakins, Nash, Smoak & Stewart, P.C. is a party. As required by the Order, Plaintiffs properly notified DeWitt Lambert and Tesla, Inc.

Jointly,

| | |
|---|---|
| CALIFORNIA CIVIL RIGHTS LAW GROUP | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| By: __/s/ Navruz Avloni_____ | By: __/s/ Reanne Swafford-Harris_____ |
| LAWRENCE A. ORGAN<br>NAVRUZ AVLONI | TRACEY A. KENNEDY<br>PATRICIA M. JENG<br>REANNE SWAFFORD-HARRIS |
| Attorneys for Plaintiffs<br>Demetric Di-Az and Owen DIAZ | Attorneys for Defendant<br>TESLA, INC. dba TESLA MOTORS, INC. |

**SheppardMullin**