UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIC DI-AZ, et al.,

    Plaintiffs,

    v.

TESLA, INC., et al.,

    Defendants.

Case No. 17-cv-06748-WHO

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 79

    The parties have filed a joint letter concerning plaintiffs' attempt to obtain documents produced by defendant Tesla, Inc. in *Lambert v Tesla*, a case in which plaintiffs' counsel and Tesla were involved. Tesla complains about the procedure plaintiffs' counsel chose to seek the documents, some of which were covered by a Confidentiality Agreement and Stipulated Protective Order (the "Confidentiality Agreement") in *Lambert*. The complaint about the process itself elevates form over substance and is denied. Tesla does not argue that the documents are irrelevant to this litigation, and they are obviously known to plaintiffs' counsel. That plaintiffs' counsel did not notify the Ogletree firm of his desire to use the documents in this case makes no difference.

    The real question is whether and how the documents may be used. Tesla asserts that plaintiffs' counsel seeks by this procedure to bypass the procedural protections to which his client agreed in *Lambert*. That is prohibited. Information designated as "Confidential" in *Lambert* shall not be disclosed except as allowed by the Confidentiality Agreement. If there is a dispute over whether any material is entitled to confidential treatment, the parties shall meet and confer and then follow the process set forth in the Confidentiality Agreement. If the disagreement cannot be resolved, the specific dispute should come to me for resolution.

That said, the parties should consider whether any of the documents would ultimately be sealable in this court, and whether their dispute is more about admissibility than discoverability. Please focus on the importance of the issue before bringing it to court.

**IT IS SO ORDERED.**

Dated: August 19, 2019



William H. Orrick
United States District Judge