LAWRENCE A. ORGAN, Esq. (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI, Esq. (SBN 279556)
navruz@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Ave.
San Anselmo, California 94960
Telephone: (415) 453-4740
Facsimile: (415) 785-7352

Attorneys for Plaintiffs
DEMETRIC DI-AZ and OWEN DIAZ

TRACEY KENNEDY
tkennedy@sheppardmullin.com
REANNE SWAFFORD-HARRIS
RSwafford-Harris@sheppardmullin.com
PATRICIA JENG

**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
333 SOUTH HOPE STREET
FORTY-THIRD FLOOR
Los Angeles, CA 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

[Additional Attorneys Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; NEXTSOURCE, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 10, 2019<br>Time: 2:00 p.m. |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

1. <u>Jurisdiction & Service</u>

On or about November 22, 2017, this case was removed from the Superior Court of California, County of Alameda, based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

There are no issues with respect to personal jurisdiction or venue.

All named parties have been served.

2. <u>Facts</u>

**Plaintiffs' Position:** Plaintiff Demetric Di-az worked at the Tesla Factory as a Production Associate in 2015 through West Valley Staffing. His father, Plaintiff Owen Diaz, also worked at the Tesla Factory in 2015 and 2016 through CitiStaff Solutions, Inc. and NextSource initially as an Elevator Operator and subsequently as an Elevator Lead. During their employment, both men were referred to as "nigger." Owen Diaz was also called "boy" in a demeaning tone, observed his son being referred to as a "nigger" when bringing him food and observed racist caricatures that resembled the "pickaninny" imagery of the early twentieth century. The men complained about the harassment, but instead of fixing the problem, Defendants retaliated against Plaintiffs.

**Defendant West Valley Staffing Group' Position:** Defendant West Valley Staffing Group is the fictitious business name for West Valley Engineering, Inc. ("West Valley"), which is a staffing company. Defendant Tesla, Inc. ("Tesla") is one of West Valley's clients. Plaintiff Demetric Di-az ("Di-az") was temporarily placed on assignment with Tesla by West Valley on or about August 31, 2015. During the course of his assignment with Tesla, Di-az repeatedly violated safety protocol and/or failed to timely appear for work. Following repeated warnings, Di-az's assignment with Tesla was terminated. Before, during or after his assignment with Tesla, West Valley has no record of any complaints made by Di-az regarding any alleged discriminatory treatment. West Valley denies all allegations of liability and damages set forth in Plaintiffs' complaint.

///

**Defendant Tesla, Inc.'s Position:** Plaintiffs are African-American males who were temporarily assigned to work at Tesla by CitiStaff Solutions, Inc. ("CitiStaff") (Plaintiff Owen Diaz) and West Valley Staffing Group ("West Valley") (Plaintiff Demetric Di-az). Plaintiff Owen Diaz worked as an Elevator Operator from approximately June 3, 2015 to March 18, 2016, when he stopped showing up to work. Plaintiff Demetric Di-az worked as a Production Associate from approximately August 24, 2015 to October 22, 2015 when his assignment to Tesla was terminated for ongoing performance and safety issues that had been addressed with him and are documented. During their respective assignments to Tesla, Plaintiffs worked in entirely separate locations at Tesla's facility in Fremont, California. Tesla denies Plaintiffs' allegations of liability and damages.

**Defendant CitiStaff Solutions, Inc.'s Position:** Plaintiffs are African-American males who were temporarily assigned to work at Tesla by CitiStaff Solutions, Inc. ("CitiStaff") (Plaintiff Owen Diaz) and West Valley Staffing Group ("West Valley") (Plaintiff Demetric Di-az). Plaintiff Owen Diaz worked as an Elevator Operator from approximately June 3, 2015 to March 18, 2016, when he stopped showing up to work. CitiStaff denies Plaintiffs' allegations of liability and damages.

**Defendant NextSource, Inc.'s Position:** Plaintiffs are African-American males who were temporarily assigned to work at Tesla by CitiStaff Solutions, Inc. (Plaintiff Owen Diaz) and West Valley Staffing Group (Plaintiff Demetric Di-az). Plaintiff Owen Diaz worked as an Elevator Operator from approximately June 3, 2015 to March 18, 2016, when he stopped showing up to work. NextSource denies Plaintiffs' allegations of liability and damages.

3. **LEGAL ISSUES**

   **PLAINTIFFS:**
   - Whether Defendants discriminated against Plaintiffs on the basis of their race in violation of 42 U.S.C. § 1981;
   - Whether Defendants created a hostile work environment on the basis of Plaintiffs' race in violation of 42 U.S.C. § 1981;
   - Whether Defendants retaliated against Plaintiffs for complaining about being harassed based on their race in violation of 42 U.S.C. § 1981;

- Whether Defendants failed to prevent discrimination, harassment and retaliation in violation of 42 U.S.C. § 1981;
- Whether Defendants discriminated against Plaintiffs on the basis of their race in violation of the Unruh Civil Rights Act;
- Whether Defendants retaliated against Plaintiff on the basis of their race in violation of the Unruh Civil Rights Act;
- Whether Plaintiff Owen Diaz was subjected to threats of violence because of his race in violation of the Ralph Civil Rights Act;
- Whether Plaintiff Owen Diaz was subjected to threats of violence because of his race in violation of the Bane Act;
- Whether Defendants interfered with Plaintiff's constitutional rights entitling them to equal protection under the Bane Act;
- Whether Defendants retaliated against Plaintiffs for engaging in protected activity of reporting racially harassing and discriminatory behavior;
- Whether Defendants negligently inflicted emotional distress on Plaintiffs;
- Whether Defendants intentionally inflicted emotional distress on Plaintiffs;
- Whether Defendants negligently hired, retained and/or failed to adequately supervise its employees allowing them to commit the wrongful acts outlined in the Complaint;
- Whether Plaintiff Demetric Di-az was wrongfully terminated; and
- Whether Plaintiff Owen Di-az was constructively terminated.

Defendants:

- Whether Plaintiffs failed to exhaust their administrative remedies;
- Whether Plaintiffs assignments to Tesla were ended for legitimate, non-discriminatory and non-retaliatory reasons;
- Whether Plaintiffs' claims are barred by the exclusive remedy provision of the California Workers' Compensation Act;
- Whether Defendants are entitled to an offset, if Plaintiffs sustained any damage as a result of the conduct alleged in the Complaint, which Defendants deny;

- Whether Plaintiffs' claims are barred, in whole or in part, or in the alternative, Plaintiffs' claims for relief should be denied and/or limited pursuant to the doctrine of "after-acquired evidence";
- Whether Plaintiffs have failed to take reasonable steps to mitigate their damages;
- Whether Plaintiffs' Complaint states facts sufficient to maintain any claims for punitive or exemplary damages;
- Whether there are any unnamed third parties who may have committed the wrongful acts alleged;
- Whether claims of discrimination under the Unruh Act are cognizable;
- Whether Plaintiffs' claims for Whistleblower Retaliation apply to Plaintiffs' alleged employment by West Valley and Citistaff ; Whether Plaintiffs' claims for violations of 42 U.S.C. § 1981 apply to Plaintiffs' alleged employment by West Valley and Citistaff;
- Whether NextSource was a joint employer of Plaintiffs;
- Whether Plaintiffs' claims for Whistleblower Retaliation apply to Plaintiffs' alleged joint employment by NextSource;
- Whether Plaintiffs' claim for violations of 42 U.S.C. § 1981 applies to Plaintiffs' alleged joint employment by NextSource;
- Whether Plaintiffs' claim for violations of the Ralph Civil Act applies to Plaintiffs' alleged joint employment by NextSource;
- Whether Plaintiffs' claim for violations of the Bane Act applies to Plaintiffs' alleged joint employment by NextSource;
- Whether Plaintiffs' claim for negligent hiring, retention and supervision applies to Plaintiffs' alleged joint employment by NextSource;
- Whether Plaintiffs' claim for wrongful termination applies to Plaintiffs' alleged joint employment by NextSource;
- Whether Plaintiffs' claims against NextSource are barred by applicable statues of limitations;
- Whether Plaintiffs failed to take advantage of corrective opportunities.

Defendant Tesla:

- Whether Tesla was a joint employer of Plaintiff Demetric Di-az; and
- Whether Tesla was a joint employer of Plaintiff Owen Diaz.

Defendants deny that they have committed any violation of law.

4. Motions

Plaintiffs anticipate filing joint discovery dispute statements related to: (1) Tesla's deficient discovery responses and document production; (2) additional depositions of key witnesses; (3) PMK topics for which persons most knowledgeable have not been produced; and (4) Plaintiffs' request for a site inspection which Defendant Tesla refuses to permit. Plaintiffs will also be requesting additional time to respond to Defendants' motions for summary judgment and/or summary adjudication given the anticipated number of motions that will be filed in this matter at the same time. Defendants anticipate bringing [a] motion(s) for summary judgment and/or summary adjudication. Additionally, West Valley anticipates filing a Motion for Separate Trials pursuant to Rule 42(b) of the Federal Rules of Evidence.

5. Amendment of Pleadings

On December 26, 2018, Plaintiffs filed a First Amended Complaint, adding NextSource, Inc., as a defendant. (Dkt. No. 57.)

6. Evidence Preservation

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have taken steps to preserve physical and electronic evidence relevant to the issues in this case.

7. Disclosures

The parties have complied with the initial disclosure requirements of Fed. R. Civ. P. 26, and General Order No. 71.

8. Discovery

All parties have propounded written discovery in this matter. Defendants have taken Plaintiffs' depositions and the depositions of Demetrica Jones, La'Drea Jones, Titus McCaleb,

and Lamar Patterson. Plaintiffs have taken the depositions of Rovilla Wetle and Teresa Kossoyian from West Valley; Victor Quintero, Javier Caballero, and Annalisa Heisen, who were designated as Tesla's persons most knowledgeable regarding certain topics; Tesla employee Edward Romero; Kevin McGinn, who was designated as NextSurce's person most knowledgeable; former NextSource employee Wayne Jackson; former Chartwell employee Michael Wheeler; former CitiStaff employee Monica DeLeon and current CitiStaff employee Ludivina Ledesma, who was designated as CitiStaff's person most knowledgeable for certain topics. Plaintiffs have numerous outstanding discovery requests that are subject to joint discovery dispute documents.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Plaintiffs contend the following cases are related:

- *Marcus Vaughn, et al. v. Tesla, Inc., et al.*; Alameda County Superior Court; Case No.: RG17882082; and
- *DeWitt Lambert v. Tesla, Inc.:* JAMS Arbitration Reference No. 1100088204.

Defendants do not contend that there are any related cases. The *Lambert v. Tesla, Inc.* Arbitration concluded April 1, 2019.

11. **RELIEF**

**PLAINTIFFS' POSITION:**

Plaintiffs seek compensatory damages for economic loss and emotional distress; punitive damages to deter Defendants from engaging in similar unlawful behavior; an order enjoining Defendants from such behavior; pre- and post-judgment interest as allowable by law; reasonable attorneys' fees and costs of suit incurred; allowable penalties; and any such further relief as the court deems proper.

**DEFENDANTS' POSITION:**

Defendants deny plaintiffs' allegations of liability and that plaintiffs have been damaged in any way.

12. **SETTLEMENT AND ADR**

The parties (absent NextSource) attended mediation with Mary Leichliter on June 11, 2018. On October 16, 2018, the parties (absent NextSource) attended a private mediation that did not result in a settlement.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**

The parties have not stipulated to the narrowing of any issues. Issues may be resolved by motion or by agreement after conducting discovery.

16. **EXPEDITED TRIAL PROCEDURE**

This case is not the type that can be handled under the Expedited Trial Procedure.

17. **SCHEDULING**

The current pretrial schedule in this matter:

| | |
|---|---|
| Fact Discovery Cutoff: | October 11, 2019 |
| Expert Disclosures Due: | October 11, 2019 |
| Rebuttal Expert Disclosure: | November 15, 2019 |
| Expert Discovery Cutoff: | November 20, 2019 |
| Final Day to Hear Dispositive Motions: | November 20, 2019 |
| Final Pretrial Conference: | February 3, 2020 |
| Trial Date: | March 2, 2020 |

18. **TRIAL**

This Court has set the jury trial for March 2, 2020 at 8:30 a.m. The parties estimate that the trial will require between 10-12 court days.

///

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-15, the undersigned certify that as of this date, other than the named parties, there is no such interest to report.

20. **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER**

Not applicable.

DATE: September 3, 2019            CALIFORNIA CIVIL RIGHTS LAW GROUP
                                   ALEXANDER KRAKOW + GLICK LLP


                                   By:  */s/ Navruz Avloni*
                                   LAWRENCE A. ORGAN
                                   J. BERNARD ALEXANDER, III
                                   NAVRUZ AVLONI
                                   Attorneys for Plaintiffs
                                   DEMETRIC DI-AZ AND OWEN DIAZ


DATE: September 3, 2019            SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP


                                   By:  */s/ Patricia M. Jeng*
                                   TRACEY A. KENNEDY
                                   PATRICIA M. JENG
                                   REANNE SWAFFORD-HARRIS
                                   Attorneys for Defendant
                                   TESLA, INC. DBA TESLA MOTORS, INC.


DATE: September 3, 2019            LAFAYETTE & KUMAGAI LLP


                                   By:  */s/ Gary T. Lafayette*
                                   GARY T. LAFAYETTE
                                   CHERYL A. STEVENS
                                   Attorneys for Defendant
                                   CITISTAFF SOLUTIONS, INC.

| | | |
|---|---|---|
| 1 | DATE: September 3, 2019 | PAHL & McCAY |
| 2 | | |
| 3 | | By: _/s/ Fenn C. Horton_ |
| | | FENN C. HORTON |
| 4 | | HELENE A. SIMVOULAKIS-PANOS |
| | | Attorneys for Defendant |
| 5 | | WEST VALLEY STAFFING GROUP |

DATE: September 3, 2019    FISHER & PHILLIPS LLP

By: _/s/ Juan C. Araneda_
JASON A. GELLER
JUAN C. ARANEDA
VINCENT J. ADAMS
Attorneys for Defendant
NEXTSOURCE, INC.

9

**JOINT CASE MANAGEMENT STATEMENT (CASE NO. 3:17-cv-06748-WHO)**