September 19, 2019

**VIA ECF and First Class Mail**

Hon. William H. Orrick
USDC, Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Di-az et al., v. Tesla, Inc. dba Tesla Motors, Inc.* Case No. 3:17-cv-06748-WHO

Dear Judge Orrick:

      Pursuant to this Court's Standing Order re discovery, the Parties submit this joint letter and certify they met and conferred in-person on September 9, 2019 on this issue and were unable to resolve their differences.

**Plaintiffs' Position**

      This lawsuit involves two plaintiffs, four defendants, and dozens of witnesses. To date, Plaintiffs have taken nine depositions in total, including (a) all of the Defendants' Persons Most Knowledgeable, (b) 3 employees responsible for investigating harassment complaints at the Tesla factory, (c) a supervisor on notice of the harassing conduct with the ability to discipline Plaintiffs' harassers, and (d) Plaintiff Owen Diaz's black coworker who was also harassed. Plaintiffs now seek leave of court to depose the below additional fact witnesses with unique information that cannot be obtained via means other than deposition:

- **Josue Torres:** Mr. Torres worked for Defendant Tesla, Inc. during Plaintiffs' employment. He investigated Plaintiff Owen Diaz's complaints about the racist effigy drawing, in addition to receiving multiple complaints regarding racial harassment in the Tesla factory from other African-American employees who worked in the same area as Plaintiff Diaz. He likely has unique knowledge about these complaints, in addition to knowledge about Defendant Tesla, Inc.'s response to complaints of racial harassment. Estimated time: 4 hours.
- **Erin Marconi:** Ms. Marconi was employed by Defendant Tesla as a Human Resources Business Partner. She investigated Plaintiff Diaz's October 2015 complaints of harassment. As the only HR employee of Defendant Tesla to participate in this investigation, Ms. Marconi is likely to have unique knowledge pertaining to the investigation and Defendant Tesla's response. Ms. Marconi is also likely to have knowledge about Defendant Tesla's practices and policies for investigating complaints of harassment and discrimination. Est time: 4 hours.
- **Judy Timbreza:** Mr. Timbreza was previously employed at Defendant Tesla's Fremont, California factory. Mr. Timbreza called Plaintiff Diaz racial slurs, including calling Plaintiff Diaz a "porch monkey," "nigger," and "jiggaboo." Estimated time: 4 hours.
- **Ramon Martinez:** Mr. Martinez was previously employed at Defendant Tesla's Fremont, California factory by Chartwell Staffing Services, Inc. ("Chartwell"). Mr. Martinez directed racial slurs towards Plaintiff Diaz, drew a racist effigy, and attempted to physically intimidate Plaintiff Diaz. Estimated time: 4 hours.
- **Tamotsu Kawasaki:** Mr. Kawasaki was Plaintiff Diaz's supervisor. Plaintiff Diaz complained to Mr. Kawasaki on multiple occasions about being subjected to racial harassment at Tesla. Mr. Kawasaki also has personal knowledge of the racially hostile work environment where

- Plaintiff Diaz worked. Mr. Kawasaki's deposition was initially noticed by Defendant Tesla and subsequently cancelled. Estimated time: 4 hours.
- **Veronica Martinez:** Ms. Martinez is a Chartwell employee. She investigated Plaintiff Diaz's January 2016 complaint regarding the racist effigy drawing and is thus likely to have knowledge of the investigation and Defendants' response to Plaintiff Diaz's complaints. Estimated time: 2 hours.
- **Jackelin Delgado:** Ms. Delgado is a Chartwell employee. She personally obtained witness statements from Plaintiff Diaz and Ramon Martinez following Plaintiff Diaz's January 2016 complaint about the racist effigy drawing. In addition to authenticating these documents, Ms. Delgado will likely have additional knowledge about the investigation into Plaintiff Diaz's January 2016 complaint. Estimated time: 2 hours.
- **Samuel Zehner:** Mr. Zehner is an On-Site Program Coordinator for Defendant West Valley, and is stationed at Tesla's Fremont, California factory. Plaintiff Demetric Di-az complained to Mr. Zehner about the use of racial slurs. Mr. Zehner is likely to have knowledge about Plaintiff Di-az's complaints of racial harassment, in addition to having knowledge of other complaints of racial harassment and discrimination. Estimated time: 4 hours.

Upon request and a particularized showing of need, the court "must grant leave [to take additional depositions] to the extent consistent with Rule 26(b)(2)". Fed. R. Civ. Pro. 30(a)(2). Generally, this requires the court to consider whether "(a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues." *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 767839 at *1 (N.D. Cal. Feb. 28, 2011), citing Fed. R. Civ. P. 26(b)(2); (C)(i-iii).

Under this standard, the depositions Plaintiffs seek should be allowed. First, these depositions would not be cumulative or duplicative, because as demonstrated above, each deponent possesses unique information that cannot be obtained via other sources. Plaintiffs have attempted, repeatedly, to obtain the information sought via written discovery requests and now require percipient witness testimony to fill in the missing gaps. Plaintiffs cannot informally communicate with witnesses still employed by Defendants, in order to obtain sworn declarations or affidavits. The remaining witnesses harassed Plaintiffs, and thus are not likely to communicate with Plaintiffs' counsel informally or willingly sign an affidavit. For instance, Plaintiffs attempted to informally reach out to witness Ramon Martinez beginning in November of 2018.  However, Mr. Martinez has evaded all attempts at informal contact for over ten months. Recognizing the expense and inconvenience of depositions, Plaintiffs' counsel will endeavor to keep all requested depositions as short as possible and, as noted above, expects a majority of the depositions to last four hours or less. Given the vital and unique information possessed by these witnesses with respect to Plaintiffs' case, the burden and expense of discovery is vastly outweighed by the likely benefit.

Second, Defendants' position that Plaintiff's unduly delayed making the request to increase the number of depositions is not made in good faith. Plaintiffs' counsel agreed to put discovery on hold in winter of 2018 and early spring of 2019 per the request of Defendants Tesla and Citistaff's former counsel who indicated they would be withdrawing and that Defendant Tesla and Citistaff would be obtaining new counsel. Once Notice of Appearance was filed by new counsel for Tesla and Citistaff, on December 28th and January 25th respectively, the parties agreed to put depositions on hold at least until March to permit new counsel for

Tesla and Citistaff, as well as, the new party to the action, nextSource, to get caught up. Plaintiffs' obliged.

On March 29, 2019, Plaintiffs' counsel relayed to defense counsel that they intended to depose Tom Kawasaki, Judy Timbreza and Ramon Martinez; indicated that the total number of depositions would increase to 12; asked whether there were any objections; and indicated that a stipulation would be forthcoming. No objections were noted by Defendants.

On July 23, 2019, Plaintiffs' counsel circulated a stipulation that included the names of all the above listed witnesses and sought to increase the number of depositions in this matter. Receiving no response, on August 2nd, Plaintiffs' counsel followed up with the parties regarding the stipulation to increase the number of depositions. Citistaff responded on August 8th merely to state that it objected. That same date, Plaintiffs asked Citistaff the basis for its objection – no response was provided. Having received no response from Tesla or nextSource, and no clarification from Citistaff regarding its objection, on August 23, 2019, Plaintiffs' counsel sought the parties' availability to meet and confer regarding the discovery dispute. Again, Tesla, nextSource and Citistaff failed to respond. On September 2nd, Plaintiffs followed up on their request and the parties' met and conferred on September 9th on a request that was raised by Plaintiffs' 6-months prior.

Third, Defendants' position that they would be prejudiced by the depositions being taken after the MSJ filing deadline does not hold water either. If these depositions were essential to Defendants' MSJs, they could have notice these depositions, which they did not do. Plaintiffs' counsel also offered during the September 9th meet and confer to set these depositions asap. Defendants' did not accept this offer, but continued to object to any additional depositions.

Fourth, Defendants did not address the fact that Plaintiffs had to wait until exhausting all or most of their allotted depositions before requesting additional depositions from the Court. "[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)." *Authentec, Inc. v. Atrua Technologies, Inc*., 2008 WL 5120767 at *1 (N.D. Cal. Dec. 4, 2008). Thus, after completing their ninth deposition in June of 2019, Plaintiffs re-initiated the meet and confer process with Defendants to increase the number of depositions via stipulation.

Accordingly, the Court should grant Plaintiffs' request.

**Defendants' Position**

At the face-to-face meet and confer on September 9, 2019, CitiStaff and nextSource clarified the basis of their objection to depose eight additional witnesses. It is CitiStaff's and nextSource's position that Plaintiffs' request to take 8 additional percipient witnesses at this stage of litigation is unreasonable particularly in light of all parties' stipulation on June 17, 2019 agreeing to the October 11, 2019 discovery cutoff date. Clearly, CitiStaff and nextSource are prejudiced if they relied upon set deadlines, which they did, in the preparation of their case, including a motion for summary judgment, just to be faced with continuances to accommodate Plaintiffs' calendar. In addition, Plaintiffs knew of the involvement of most of the proposed witnesses for deposition at the outset of discovery, if not prior to the filing of the underlying lawsuit.

After last week's Status Conference, the Defendants agreed to compromise on Plaintiffs' request for additional depositions. Plaintiffs however rejected the offer of compromise and did

not propose an alternative to their original request.

Tesla.  Following the September 10 Scheduling Conference, Defendants jointly proposed a compromise and holistic plan to address Plaintiffs' requests for 1) eight additional witness depositions; 2) three additional 30(b)(6) depositions[1], and 3) 10 additional days to oppose dispositive motions.  The last date for dispositive motion hearing is November 20, 2019.  As Defendants indicated to Plaintiffs, based on the current deadlines and Plaintiffs' request to stipulate to at least 8 additional depositions and 10 additional days for Plaintiffs' oppositions, Defendants would be severely prejudiced because Plaintiffs' proposal requires Defendants to file their summary judgment motions 10 days early on October 6, 2019.  Further, because it is unlikely Plaintiffs will complete their requested 8 depositions and any depositions of CitiStaff, Tesla, and NextSource's 30(b)(6) witnesses that may be agreed upon (even assuming only one additional 30(b)(6) witness per Defendant is deposed) by then, Defendants will not have sufficient time to prepare their motions after completion of the depositions.

Thus, Defendants proposed the following compromise to Plaintiffs on September 12, which allowed additional 8 hours of depositions, further meet and confer re which witnesses to depose, and a briefing schedule that allowed Plaintiffs additional time but did not require Defendants (except CitiStaff) to file their motion before depositions were completed:

1. Plaintiffs will outline the specific unique knowledge that each proposed deponent has which has not been previously testified about. Defendants are agreeable setting up a call with all parties to meet and confer.
2. Defendants will agree to 8 additional total hours of depositions.
3. Depositions must be completed by October 1 to allow sufficient time for receipt of transcripts and West Valley, Tesla, and/or NextSource to prepare their motions.
4. CitiStaff will agree to file their dispositive motion in advance and set a hearing date set for October 23, 2019, so that motions are staggered in accordance with the minute order issued by the Court.
5. Other Defendants will agree to stipulate to an additional 7 days for Plaintiffs to oppose their motions (total of 21 days) provided Plaintiffs agree to an additional 7 days for Defendants to prepare their Replies.   A proposed briefing schedule based on the Court's hearing availability is as follows:

- **October 29:** Defendants' Motion filing date
- **November 19:** Plaintiffs' Oppositions [2 weeks +  7 days]
- **December 5:** Defendants' Replies [1 week + 7 days, and excluding Thanksgiving holiday]
- **December 18**: Hearing Date

On 9/12/19, Plaintiffs rejected Defendants' proposal (except for the additional time for Plaintiffs to oppose Defendants' motion) and would only agree to the 28 hours of testimony as originally requested, without further explanation.  Defendants' proposed compromise is reasonable as it provides some additional deposition testimony to Plaintiffs while minimizing the prejudice to Defendants by ensuring that deposition scheduling is completed in time for Defendants to

---

[1] Plaintiffs have expressed their intent to seek to re-depose Tesla's 30(b)(6) witness on 46 topics, including topics for which Tesla previously produced a witness.  The 46 topics were previously noticed in its original Notice of Rule 30 Deposition. Tesla's responses and objections were served in June 2018, after which Tesla produced three 30(b)(6) witnesses.  Plaintiffs also seek to re-depose nextSource's 30(b)(6) witness, whose deposition was taken on June 17, 2019, on 32 of 68 topics noticed.

prepare its dispositive motions.

Defendants' proposal was made as a good faith attempt to resolve the parties' dispute despite the fact that most of testimony now sought, as described by Plaintiffs, is cumulative of prior testimony. For example, Plaintiffs purportedly seek testimony from Mr. Torres about Owen Diaz's complaints and "Tesla, Inc.'s response to the complaints of racial harassment," but two of Tesla's 30(b)(6) have already testified extensively about Diaz's alleged complaints and Tesla's response. Tesla produced 30(b)(6) witnesses to testify about Plaintiff Diaz's alleged incidents, "how the incidents…were investigated and responded to," and "any discipline issued to [the alleged harasser] as a result of Plaintiff Owen Diaz's complaint[.]" Plaintiff also seeks Ms. Marconi's testimony about "the investigation and Defendant Tesla's response" to Plaintiff Diaz's complaints of harassment and "Tesla's practice and policies for investigating complaints of harassment and discrimination." Again, Plaintiffs noticed and Tesla's 30(b)(6) witness specifically testified about incidents alleged by Plaintiff Diaz, the investigation, and response. Tesla also designated a 30(b)(6) witness to testify about Tesla's policies and procedures re harassment and discrimination. Plaintiffs have not identified any "unique knowledge" by either Marconi or Torres regarding Plaintiff Owen's complaints, Tesla's response, or policies and procedures.

Given the lack of unique knowledge and Plaintiff's extreme delay in seeking these depositions[2], as well as Plaintiffs' refusal to compromise regarding the number, time, and timing of depositions, this Court should not permit Plaintiffs to depose additional witnesses.

Jointly,

CALIFORNIA CIVIL RIGHTS LAW GROUP     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____/s/ Lawrence A. Organ_____     By: _____/s/ Patricia Jeng_____
        LAWRENCE A. ORGAN                     TRACEY A. KENNEDY
        NAVRUZ AVLONI                         PATRICIA M. JENG
                                            REANNE SWAFFORD-HARRIS
    Attorneys for Plaintiffs
Demetric Di-Az and Owen DIAZ             Attorneys for Defendant
                                       TESLA, INC. dba TESLA MOTORS, INC.

---

[2] This Court previously set a discovery cut-off deadline of June 28, 2019. On June 17, 2019, the parties stipulated to continue the trial and corresponding dates because of the newly added defendant, nextSource. The witnesses pertaining to the Defendants other than nextSource should have, and were, known to Plaintiffs well in advance of June 2019. Yet Plaintiffs did not make any party or this Court aware of the purported need to depose these eight additional witnesses until nearly the close of fact discovery and Defendants' dispositive motions were imminent.

| | |
|---|---|
| PAHL & MCCAY | FISHER & PHILLIPS LLP |
| By: */s/ Fenn Horton III* <br> HELENE SIMVOULAKIS-PANOS <br> FENN HORTON III <br><br> Attorneys for Defendant <br> WEST VALLEY STAFFING GROUP, INC. | By: */s/ Juan Araneda* <br> JASON GELLER <br> JUAN ARANEDA <br> AARON LANGBERG <br><br> Attorneys for Defendant <br> NEXTSOURCE, INC. |
| LAFAYETTE & KUMAGAI | |
| By: */s/ Cheryl Stevens* <br> GARY LAFAYETTE <br> CHERYL STEVENS <br><br> Attorneys for Defendant <br> CITISTAFF SOLUTIONS, INC. | |

SMRH:4831-4006-5958.1