UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>TESLA, INC., et al.,<br><br>            Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**ORDER ON DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 86, 88 |

Plaintiffs Demetric Di-az and Owen Diaz allege that they experienced racial discrimination, harassment, and retaliation while working at Tesla, Inc.'s production factory in Fremont, California. The parties recently filed two joint letters outlining various discovery disputes. I address those disputes below. To the extent the discovery permitted here leads to information that suggests further discovery is needed, the parties shall meet and confer and attempt to move forward in a manner that complies with the spirit of this Order. To the extent they cannot resolve their dispute, they may submit another joint letter.

**A.    September 19 Letter**

The first letter outlines plaintiffs' request to depose eight additional individuals who allegedly have unique knowledge related to plaintiffs' case, for an estimated 28 hours of depositions. There is good cause to grant the request in part.[1] I will allow plaintiffs 14 additional hours for depositions, which must be completed by October 15.[2] Defendants will not be able to call as a witness at trial any individuals named in the letter who have not been deposed.

---

[1] Defendants proposed a compromise of eight hours.
[2] The parties may stipulate to enlarge this time frame and the deadlines revised in this Order. I recognize that October 15 is only two weeks away, but also realize that it is two weeks from the date for defendants' to file their motion for summary judgment.

I approve the briefing schedule the defendants proposed for their upcoming motions for summary judgment because it appears to account fairly for both sides' desire for additional time to file oppositions and replies.

### B.  September 20 Letter

The second letter outlines numerous areas of disagreement over document production. Tesla represents that plaintiffs' requests are overly burdensome because "there is no method to search a 'centralized' database of complaints for the majority of the 11[-]year period"; instead, it will be necessary to search the emails of individual HR partners. As surprising as it is that Tesla lacked a system for documenting complaints and the company's response to them, I have no choice but to rely on this representation. If plaintiffs uncover any information tending to show this representation is misleading or false, they should bring that information to me right away.

*Re: plaintiffs' request that Tesla produce contact information for employees and/or contractors who worked with or around plaintiffs*: To the extent it has not done so already, Tesla shall provide information about known individuals who fall into this category. Tesla need not go on a wild goose chase to uncover the names of individuals about whom it is not aware.

*Re: plaintiffs' request for complaints from 2008 to present*: I will accept Tesla's proposal that it search for the relevant epithets in emails and documents of HR partners in plaintiffs' departments during 2015 to 2016. If these searches uncover information showing that an expanded search is needed, plaintiffs can request such a search.

*Re: plaintiffs' request for "me too" evidence*: With the above caveats, I will accept Tesla's proposal.

*Re: plaintiffs' request for documents showing racist messages in bathrooms*: With the above caveats, I will accept Tesla's proposal.

*Re: plaintiffs' request for investigations into complaints by other individuals*: Plaintiffs do not dispute that the identified individuals' experiences lack any connection with them in terms of time, proximity, department, or alleged harasser. Without such connection, plaintiffs are not entitled to this information.

*Re: plaintiffs' requests for any messages Elon Musk sent or received that contain the*

2

1  *relevant epithets*:  Plaintiffs must show some connection between Musk's allegedly hostile attitude
2  toward discrimination suits and the company's response to their own experiences with and
3  complaints about racial discrimination.  Defendants need not respond to this request at this time.

*Re: plaintiffs' request for information about the relationships between Tesla and NextSource and Tesla and Citistaff*:  Plaintiffs are certainly entitled to the written contracts and any documents that describe how the contract would be implemented substantively.  If there are no written contracts, the defendants should provide documents that explain the agreements between the parties and how they would be implemented.

The schedule for the remaining defendants' motion(s) for summary judgment (which the parties may request to amend through stipulation) is as follows:

- October 29: defendants' motion filing date
- November 19: plaintiffs' opposition
- December 5: defendants' replies
- December 18: hearing

**IT IS SO ORDERED.**

Dated: October 3, 2019

William H. Orrick
United States District Judge