GARY T. LAFAYETTE (SBN 88666)
SUSAN T. KUMAGAI (SBN 127667)
CHERYL A. STEVENS (SBN 146397)
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
CITISTAFF SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT CITISTAFF SOLUTIONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION OF ISSUES**<br><br>Date:           October 23, 2019<br>Time:           2:00 p.m.<br>Courtroom:  2, 17th Floor<br>Judge:          Hon. William H. Orrick<br><br>Trial Date:      March 2, 2020<br>Complaint filed: October 16, 2017<br>Amended filed:  December 26, 2018 |

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ..................................................................................................................1

II. RESPONSE TO PLAINTIFF'S PURPORTED FACTS ......................................................2

    A. PLAINTIFF UNDERSTOOD CITISTAFF'S COMPLAINT PROCEDURE ..................................................................................................2

    B. CITISTAFF HAD NO KNOWLEDGE OF THE OCTOBER 17, 2015 ALTERCATION WITH MARTINEZ PRIOR TO JANUARY 22, 2016 .............3

    C. NO ADMISSIBLE EVIDENCE SHOWING JOINT EMPLOYER RELATIONSHIP .....................................................................................4

    D. PLAINTIFF'S ALLEGATIONS OF HARASSMENT .......................................6

    E. LEGITIMATE BUSINESS REASONS FOR THE TERMINATION OF PLAINTIFF'S TEMPORARY ASSIGNMENT WITH TESLA ...........................7

III. DISCUSSION .......................................................................................................................7

    A. CITISTAFF HAS NO LIABILITY UNDER A JOINT EMPLOYER THEORY ..........................................................................................7

    B. NO GENUINE ISSUE EXISTS REGARDING PLAINTIFF'S SECTION 1981 CLAIMS. ................................................................................10

        1. Plaintiff's Claim for Race Discrimination is Meritless. .............................10

        2. Plaintiff's Race Harassment Claim is Meritless. ......................................10

        3. Plaintiff's Claim Against CitiStaff is Barred by the Avoidable Consequences Doctrine. .............................................................................10

        4. The Failure to Prevent Claim is Equally Meritless ..................................11

    C. PLAINTIFF'S RETALIATION CLAIMS ARE MERITLESS. ...........................11

    D. PLAINTIFF'S BANE AND RALPH ACT CLAIMS ARE MERITLESS. ...........12

    E. PLAINTIFF'S NEGLIGENT HIRING, RETENTION AND SUPERVISION CLAIM FAILS AS A MATTER OF LAW. ......................12

    F. PLAINTIFF'S EMOTIONAL DISTRESS CLAIMS ARE MERITLESS. ...........12

        1. The Claims are Preempted. ........................................................................12

        2. Plaintiff is Unable to Establish the Necessary Elements for NIED ...........13

        3. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails ........................................................................................14

i

**DEFENDANT CITISTAFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Case No. 3:17-cv-06748-WHO)**

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

G. PLAINTIFF'S CLAIM FOR CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY IS MERITLESS. ........................................ 14

H. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS MERITLESS ............. 14

IV. CONCLUSION ................................................................................................ 15

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

# TABLE OF AUTHORITIES

Page No.

**Cases**

*America's Best Quality Coatings Corporation (ABQC) v. NLRB, et al.*,
  44 F.3d 516...........................................................................................................8, 9

*Burton v. Freescale Semiconductor, Inc.*,
  798 F.3d 222................................................................................................8

*Hajiapour v. Synova, Inc.*,
  2012 WL 5468834........................................................................................9

*Roe v. DDS*,
  2017 WL 2311303......................................................................................12

*Singh v. Southland Stone, U.S.A., Inc.*,
  186 Cal.App.4th 338 (2010)..................................................................12, 13

*U.S. Equal Employment Opportunity Commission v. Global Horizons, Inc.*,
  915 F.3d 631......................................................................................1, 7, 8

*Whitaker v. Milwaukee County*,
  772 F.3d 802................................................................................................8

**Statutes**

California Labor Code § 1102.5..............................................................................11

42 U.S.C. § 1981 .........................................................................................9, 10, 12

**Other Authorities**

*Enforcement Guidance:  Application of EEO Laws to Contingent Workers Place
  by Temporary Employment Agencies and Other Staffing Firms*,
  1997 WL 33159161.....................................................................................8

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**INTRODUCTION**

Plaintiff Owen Diaz ("Plaintiff") does not dispute that CitiStaff did not discriminate, harass and/or threaten him. Instead, Plaintiff attempts to impute liability to CitiStaff for these intentional acts based on a joint employer theory. First, as shown below, Plaintiff's attempt to establish a joint employer relationship is based on argument and misleading statements of deposition testimony. Second, regardless of whether there was a joint employment relationship, Plaintiff failed to establish that CitiStaff knew or should have known of a hostile work environment at the Tesla site and "failed to undertake prompt corrective measure within its control." *U.S. Equal Employment Opportunity Commission v. Global Horizons, Inc.*, 915 F.3d 631, 641 (9th Cir. 2019). Plaintiff's feeble attempt to show that CitiStaff knew of the alleged hostile work environment is based on an argument that CitiStaff was informed of the verbal altercation with Ramon Martinez on October 17, 2015. Plaintiff's argument is ludicrous in light of the undisputed facts relating to the incident. Plaintiff admitted under oath he never reported the October 17, incident to CitiStaff, Monica DeLeon admitted under oath that she had no knowledge of the October 17, incident until January 22, 2016, Wayne Jackson testified that he reported the incident to Martinez's employer Chartwell, and CitiStaff's H.R. Manager Judy Ledesma's sworn declaration attests to the fact that CitiStaff received no complaint of harassment from Plaintiff until January 22, 2016. Despite the foregoing undisputed testimony, Plaintiff relies on testimony from Wayne Jackson wherein, at one point in his deposition, he could not recall Ramon Martinez's employer, Chartwell or CitiStaff. However, it is undisputed that Martinez's employer was Chartwell. Plaintiff's flimsy "evidence" to support his argument of prior knowledge by CitiStaff falls far short of the legal standard necessary to create a genuine issue for trial. It remains undisputed that CitiStaff had no knowledge of the October 17, 2015, verbal altercation with Martinez until January 22, 2016. It is also undisputed that Plaintiff never reported the October 17, incident as being based on his race.

Lastly, it remains undisputed that CitiStaff never terminated Plaintiff. He remains employed with CitiStaff. Plaintiff's specious argument that CitiStaff did not offer him a position that paid as much as Tesla is irrelevant to the issues presented here. Further, Plaintiff himself

1

**DEFENDANT CITISTAFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Case No. 3:17-cv-06748-WHO)**

admitted no CitiStaff client paid as much as Tesla. If no such position existed, then none was there to offer to Plaintiff.

Plaintiff proffers no argument in opposition to CitiStaff's motion for summary adjudication of the claims for retaliation, negligent hiring and retention, and constructive termination in violation of public policy. Therefore, summary adjudication of these claims should be dismissed outright.

Plaintiff's baseless attempt to keep CitiStaff in this case should not be condoned by the Court. All actions by CitiStaff only show it made every effort to keep its workers, including Plaintiff, safe and employed. CitiStaff did nothing wrong, and certainly its conduct violated no law. All of Plaintiff's claims against CitiStaff should be dismissed.

## I. RESPONSE TO PLAINTIFF'S PURPORTED FACTS

### A. PLAINTIFF UNDERSTOOD CITISTAFF'S COMPLAINT PROCEDURE

No dispute exists that Plaintiff knew and understood to report problems in the workplace to CitiStaff. Indeed, it is undisputed Plaintiff complained of race harassment to CitiStaff on January 22, 2016. Further, it is undisputed DeLeon's standard practice was to provide all policies and procedures to new hires and Plaintiff does not dispute that he received these policies, including copies of the anti-harassment policy and the Employee Handbook. Plaintiff admits receiving CitiStaff's Sexual Harassment Policy setting forth the avenues for complaints regarding harassment. (Diaz Depo. Vol. II at 254"6-255:1, Exh. 33; Organ Supp. Dec. Exh. B.) Further, it is undisputed Plaintiff was verbally told by DeLeon at his on-boarding to report any problem at a worksite to CitiStaff. (See Deposition of Monica DeLeon ("DeLeon Depo.") at 40:2-15, 73:12-16, 107:13-108:3, 162:5-16, 163:11-164:20, 165:18-166.14; Declaration of Ludivina Ledesma ("Ledesma Dec.") at ¶¶ 2, 3; Diaz Depo. at Vol. 1 at 95:4-25, 102:14-24, Exh. 3.)

Plaintiff also knew to contact CitiStaff's corporate office if he could not reach DeLeon. Plaintiff admits that the one time he could not reach DeLeon, he called the corporate office and spoke to someone there but cannot recall why he was calling. (Kumagai Supp. Dec. at ¶ 2; Diaz Depo. at 42:3-21.)

///

2
**DEFENDANT CITISTAFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Case No. 3:17-cv-06748-WHO)**

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

### B.  CITISTAFF HAD NO KNOWLEDGE OF THE OCTOBER 17, 2015 ALTERCATION WITH MARTINEZ PRIOR TO JANUARY 22, 2016

It remains undisputed that CitiStaff was not informed of the October 27, 2015, verbal altercation with Ramon Martinez prior to January 22, 2016.  On October 17, 2015, Ramon Martinez emailed Ed Romero at <u>4:56 a.m.</u>, complaining that Plaintiff was acting unprofessionally.  <u>After</u> Martinez sent his email to Romero, Plaintiff emailed Romero and nextSource's Program Manager Wayne Jackson at <u>6:08 a.m.</u> and alleged that Martinez yelled at him in a threatening manner.  (Romero Depo. at 107:5-21, 182:16-183:3, Exh. 55, 186:7-19, Exh. 56.)  Neither Martinez nor Plaintiff emailed CitiStaff.  Plaintiff admits he never reported the October 17, 2015, altercation to CitiStaff.  (Diaz Depo., Vol. III at 424:23-425:10.)  DeLeon testified that the first time she was notified of the October 17, 2015, altercation was on January 23, 2016.  (DeLeon Depo. at 245:22-246:6.)  Lastly, Judy Ledesma attests that no complaint of harassment by Plaintiff was lodged with CitiStaff before January 22, 2016.  (Ledesma Dec. at ¶ 6.)

Plaintiff's argument that Wayne Jackson of nextSource notified CitiStaff of the October incident is baseless, citing to testimony taken out of context and misleading.  In fact, Jackson gathered information regarding the incident to provide to Tesla and Chartwell, Martinez's employer.  (Romero Depo. at 186:24-187:9; Jackson Depo. at 64:4-24.)  Jackson's testimony cited by Plaintiff is as follows:

> Q.  And it references your – it says you're actually on the phone doing the investigation of the Ramon/Owen incident.
>
> A.  I was probably on the phone with Chartwell, I would, at that time.
>
> Q.  Chartwell was the contractor that was employing Mr. Martinez.
>
>     Is that right?
>
> A.  Yes, it was either Chartwell or CitiStaff.  I can have been talking to both of them.

(Plaintiff's Opp. at 11:17-18; Organ Dec. at ¶ 6, Ex. 5 - Jackson Depo. at 62:1-13.)

///

It remains undisputed that CitiStaff was not notified of the October 17, 2015, verbal altercation involving Martinez and/or race harassment until January 22, 2016. (Diaz Depo. at 71:5-8, 73:8-21; Ledesma Dec. at ¶ 6.)

Notably, Plaintiff omits any mention of CitiStaff's immediate response relating to the report of the verbal altercation involving Plaintiff and Rothaj Foster ("Foster") on November 5, 2015. (This incident is fully discussed in CitiStaff's moving papers.) Clearly, Plaintiff's omission was intentional as Foster is African American and was an employee of CitiStaff. Hence, it bears repeating here, that the undisputed facts show that when DeLeon was advised by Jackson of an altercation with Foster on November 5, 2015, she immediately contacted both Foster and Plaintiff to gather information about the incident. (Defendant's Memorandum in Support of Summary Judgment Motion at 7:11-8:1.) And, when Jackson informed DeLeon that Foster's assignment with Tesla was terminated, she asked for clarification on his findings and inquired if it was possible for Foster to keep his job and be transferred to a different department at Tesla. (*Ibid*, DeLeon Depo. 239:10-240:16) In other words, DeLeon advocated to save an African American male's job at Tesla and, at the same time, tried to avoid further interaction with Plaintiff by suggesting separation into different departments.

### C. NO ADMISSIBLE EVIDENCE SHOWING JOINT EMPLOYER RELATIONSHIP

CitiStaff admits to paying Plaintiff's wages and that Plaintiff used a technology platform at Tesla to "submit timesheets." (Organ Dec. Exh. 7; McGinn Depo. at 22:1-20.) However, Plaintiff's argument that "factory operations were intertwined in a complex overlap of duties, whereby Tesla, CitiStaff and nextSource share the duties of an employer" is baseless. (Plaintiff's Opp. at 6:21-22.) Quite simply, CitiStaff paid Plaintiff's wages and, for purposes of this motion only, CitiStaff will not dispute that Tesla set Plaintiff's work schedule, and that Plaintiff was required to follow Tesla's safety rules. (Plaintiff's Opp. at 27-28.) But, there is no evidentiary support proffered by Plaintiff that CitiStaff treated nextSource and Tesla's supervisors as its own. In fact, it is undisputed that DeLeon never spoke to anyone at Tesla. (DeLeon Depo at 29:11-18, 62:21-63:4.) Plaintiff's representation that CitiStaff relied on Tesla and nextSource to address

employee complaints and escalate the complaints to CitiStaff is misleading. (Plaintiff's Opp. at 6:13-16, citing Organ Dec. Exh. 1 - DeLeon Depo. at 225:17-226:2.) DeLeon testified as follows:

> Q. My question was if CitiStaff temporary employee made a complaint to a CitiStaff client about any particular issue, is it generally the practice that those clients would then notify CitiStaff?
>
> [Objections by CitiStaff.]
>
> A. In a case that were to happen, they would generally advise me to let me know what is going on.

The evidence proffered by Plaintiff does not support his allegation that CitiStaff relied on Tesla and/or nextSource to address employee complaints and escalate them to CitiStaff. Further, Plaintiff's cite to Romero's testimony that he reported complaints to the "contractors' representative" is misleading as CitiStaff was not a representative of contractors working at Tesla and Romero never communicated with CitiStaff.

Plaintiff's argument that he was directed to report complaints of harassment to onsite supervisors is meritless. Plaintiff misrepresents DeLeon's deposition testimony in support of this argument. DeLeon's testimony relates to Plaintiff's attendance and, specifically, his failure to return to work after his leave in March 2016, without calling Tesla or DeLeon. DeLeon's testimony cited by Plaintiff is as follows:

> Q. Did Owen tell you why he was gone for an extra two, three days?
>
> A. He had said that he had told his supervisors that he was going to be gone for an extra few days, that he called in. But he never told me that.
>
> Q. Was he required to tell you that?
>
> A. Yes. To let the supervisors know and, you know, us at the office know; that way there's a record on both ends. And I would always let all the temp --- the contractor workers know that, you know, if there's ever an issue to arise, let me know. Let your supervisors know. If for whatever reason you can't contact your supervisor, let me know. I can get in contact with them, let them know, whatever the case is. Any last-minute issues, you just call in, let me know.

5
**DEFENDANT CITISTAFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Case No. 3:17-cv-06748-WHO)**

(Organ Dec. Exh. 1, DeLeon Depo. at 151:7-24.)

### D. PLAINTIFF'S ALLEGATIONS OF HARASSMENT

Plaintiff's allegations of race harassment relate to the Timbreza and cartoon incidents and use of derogatory comments in the workplace. (Plaintiff's Opp. at 7:17-14:17.) The Timbreza and cartoon incidents are discussed and addressed in CitiStaff's moving papers. Plaintiff relies on Michael Wheeler's testimony in an attempt to bolster his allegations of a hostile work environment. However, Wheeler was a Supervisor in the Recycling Department and was called by Plaintiff after his discovery of the cartoon. When Wheeler, who is African American, saw the cartoon he "laughed". (Wheeler Depo. at 63:13-14.) Otherwise, no evidence is proffered that Wheeler witnessed any alleged harassment toward Plaintiff. In fact, Wheeler told "everybody" that Tesla is "a great place to work." (Organ Decl. Exh. 4; Wheeler Depo. at 113:3-9.)

More importantly to this motion is Plaintiff does not dispute that he never complained to CitiStaff about derogatory comments allegedly being made at the Tesla site. Indeed, the facts remain undisputed Plaintiff never complained to CitiStaff about any alleged harassment except for the cartoon on January 22, 2016.

As to the cartoon complaint, the following facts remain undisputed: Chartwell commenced an investigation into Plaintiff's complaint about the cartoon the morning he sent the related email on Friday, January 22, 2016, to Romero and Jackson, and before the complaint was reported to CitiStaff; the next business day, Chartwell called DeLeon and asked for permission to interview Plaintiff, which was given by DeLeon; Chartwell interviewed Plaintiff that morning; DeLeon called Plaintiff to ensure he was fine and asked if he wanted to be reassigned; Plaintiff refused the offer because he wanted to stay at Tesla; DeLeon escalated the matter and reported the incident to her supervisors and H.R. Manager Ludivina Ledesma.

It is further undisputed that on Monday, January 25, 2016, the second business day after Plaintiff lodged his complaint, Chartwell suspended and issued a permanent warning to Martinez. Prompt corrective action could not have been swifter and clearly was effective as no further complaints of harassment were lodged by Plaintiff.

///

Plaintiff's argument that the investigation was somehow incomplete because Wheeler and Israel were not interviewed is simply another red-herring. Neither Wheeler nor Isreal was employed by CitiStaff. Martinez admitted to the drawing and Wheeler and Isreal were only witnesses after Plaintiff discovered the drawing. For purposes of this motion, CitiStaff is not disputing that Plaintiff was offended. There was nothing that Wheeler and Isreal could add to the information obtained regarding the cartoon incident that would have changed the outcome of the investigation and corrective action implemented.

Prior to January 22, 2016, CitiStaff had received no other complaints of race harassment at the Tesla site, including from Plaintiff. (DeLeon Depo. at 49:4-21, 58:11-15, 160:17-24; Diaz Depo. at 224:14-225:8; Ledesma Dec. at ¶ 6.) Further, CitiStaff never received a request from Plaintiff to be reassigned from the Tesla site. (DeLeon Depo. at 54:9-12.)

### E. LEGITIMATE BUSINESS REASONS FOR THE TERMINATION OF PLAINTIFF'S TEMPORARY ASSIGNMENT WITH TESLA

Plaintiff does not dispute that management continued to receive complaints that he was unprofessional, rude and uncooperative after his cartoon complaint. Nor, does Plaintiff dispute that he failed to return from a leave of absence without notifying CitiStaff, nextSource and/or Tesla. The reasons for termination of his assignment at Tesla had nothing to do with Plaintiff's race. The termination of Plaintiff's assignment was based on legitimate reasons that were documented and not disputed by Plaintiff. It is also undisputed that CitiStaff had no control over the termination of Plaintiff's assignment at Tesla and never terminated Plaintiff's employment with CitiStaff. Plaintiff remains on CitiStaff's register as a temporary employee for assignment. Plaintiff's specious argument that he was never offered a job that paid an hourly rate as high as Tesla is irrelevant. It is undisputed that CitiStaff had no other client that paid as much as Tesla.

## II. DISCUSSION

### A. CITISTAFF HAS NO LIABILITY UNDER A JOINT EMPLOYER THEORY

The court in U.S. Equal Employment Opportunity Commission v. Global Horizons, Inc., 915 F.3d 631 (9th Cir 2019), explained as follows:

> As our sister circuits have explained, even if a joint-employment relationship exists, one joint employer is not automatically liable for the actions of the other. (See, e.g., *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 228-29 (5th Cir. 2015); *Whitaker v. Milwaukee County*, 772 F.3d 802, 811-12 (7th Cir. 2014). Liability may be imposed for a co-employer's discriminatory conduct only if the defendant employer knew or should have known about the other employer's conduct and "failed to undertake a prompt corrective measure within its control." EEOC, Notice No. 915.002, *Enforcement Guidance: Application of EEO Laws to Contingent Workers Place by Temporary Employment Agencies and Other Staffing Firms*, 1997 WL 33159161, at *11 (Dec. 3, 1997).

*EEOC v. Global Horizons*, 915 F.3d at 641.

In *Horizons*, the 9th Circuit relied, in part, on *Whitaker v. Milwaukee County*, 772 F.3d 802 (7th Cir. 2014). *Id*. at 641. The court in *Whitaker* explained as follows:

> The [staffing] firm is liable if it participates in the client's discrimination. For example, if the firm honors its client's request to remove a worker from a job assignment for a discriminatory reason and replace him or her with an individual outside the worker's protected class, the firm is liable for the discriminatory discharge. The firm also is liable if it knew or should have known about the client's discrimination and failed to undertake prompt corrective measures within its control.

*Whitaker v. Milwaukee County*, 772 F.3e 802, 811-812 (7th Cir. 2014), citing *EEOC No. 915.002, Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms* at 2260 (1997). A staffing agency is liable for the discriminatory conduct of its joint-employer client if it participates in the discrimination, or if it knows or should have known of the client's discrimination but fails to take corrective measures within its control. *Whitaker* at 812.

Here, CitiStaff admits that Plaintiff was its employee. Plaintiff argues Tesla and nextSource were joint employers as a result of "control" over Plaintiff's workplace. (Plaintiff's Opp. at 16:11-17:11.) As to CitiStaff, Plaintiff argues CitiStaff knew or should have known of the alleged hostile work environment and failed to undertake prompt corrective measures in its control such as protesting conduct. (Plaintiff's Opp. at 17:12-24.)

Plaintiff cites to two cases in support of his argument, neither of which are applicable here. First, *America's Best Quality Coatings Corporation (ABQC) v. NLRB, et al.*, 44 F.3d 516

1  (7th Cir. 1995) was an unfair labor practices case under the National Labor Relations Act and
2  addressed an appeal of the National Labor Relations Board.  (*Id*. at 518).  Moreover, the
3  7th Circuit affirmed the Board's ruling that the staffing agency did not know of the unfair
4  practices. *Id*. at 523.  The suggestion to protest or exercise contractual rights is irrelevant to
5  Plaintiff's case as the suggestion in the *ABQC* case related to collective bargaining. *Id*. at 523.
6  The *ABQC* case is inapplicable to the case here relating to a joint employer theory and alleged
7  violation of 42 U.S.C. § 1981.

8        The second case cited by Plaintiff is inapposite to his case. *Hajiapour v. Synova, Inc.*,
9  2012 WL 5468834 (C.D. Cal. 2012) involved a disability discrimination case in which the hiring
10 agency knew that the plaintiff was disabled based on injury to his shoulder, surgery and an
11 extended approved medical leave. *Id.* at *7.  Moreover, defendant employer terminated the
12 plaintiff and treated him differently than a similarly situated employee not in plaintiff's protected
13 classification, by informing the coworker, but not the plaintiff, of options available short of
14 termination. *Id.* at *7, 8.  Clearly, *Hajiapour* is inapplicable to Plaintiff's case here.

15       Regardless, Plaintiff proffers no admissible evidence showing that CitiStaff knew or
16 should have known about the alleged hostile work environment.  The cartoon complaint was the
17 sole complaint of which CitiStaff was aware and the investigation that followed was prompt and
18 appropriate as it related to an alleged harasser not employed by CitiStaff and conduct occurring
19 at an offsite facility.  In that regard,  DeLeon immediately alerted her supervisors and Human
20 Resources and called Plaintiff to see if he was safe and asked if he wanted to be transferred.
21 Plaintiff outright rejected the offer of a transfer and adamantly indicated he wanted to stay.
22 Thereafter, CitiStaff participated in Chartwell's investigation by giving permission to speak with
23 Plaintiff.  DeLeon then reported the information she gathered and the outcome of Chartwell's
24 investigation to Human Resource Manager Judy Ledesma.

25       CitiStaff acted promptly taking corrective measures within its control.
26 ///
27 ///
28 ///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**B.      NO GENUINE ISSUE EXISTS REGARDING PLAINTIFF'S SECTION 1981 CLAIMS.**

### 1.     Plaintiff's Claim for Race Discrimination is Meritless.

Plaintiff has not established a *prima facie* case against CitiStaff, i.e., that he was subject to an adverse employment action by CitiStaff and an inference of discrimination. CitiStaff did not discipline, demote, terminate or treat Plaintiff differently than any other employee not in Plaintiff's protected class. Having failed to establish two elements of his *prima facie* case, Plaintiff's claim of race discrimination against CitiStaff should be dismissed as a matter of law.

### 2.     Plaintiff's Race Harassment Claim is Meritless.

Plaintiff rests his claim for hostile work environment on the Timbreza and cartoon incidents and allegations derogatory comments in the workplace. (Plaintiff's Opp. at 7:22-14:17.) No allegations of harassing conduct are against CitiStaff.

Except for the cartoon, it is undisputed that CitiStaff did not know of the allegations supporting Plaintiff's harassment claim. He admits he never complained to CitiStaff about derogatory comments, the October 17, 2015 incident and/or the Timbreza incident. Regarding the cartoon, CitiStaff took prompt corrective measures within its control.

Further, an investigation was underway by the time Plaintiff sent the January 22, 2016, email to CitiStaff. DeLeon reached out to Plaintiff to assure he was safe and participated in Chartwell's investigation. CitiStaff also offered to reassign Plaintiff, but he rejected the offer. Chartwell took corrective action all within two business days of the complaint.

Plaintiff's claim for race harassment against CitiStaff is meritless and should be dismissed.

### 3.     Plaintiff's Claim Against CitiStaff is Barred by the Avoidable Consequences Doctrine.

It remains undisputed that the alleged harasser, Ramon Martinez, was not employed by CitiStaff. Thus, Plaintiff is unable to support a strict liability theory against CitiStaff to support his claim for harassment. *Faragher v. City of Boca Raton*, 524 U.S. at 807, 118 S.Ct. at 2292-2293. Moreover, even if, *arguendo*, Martinez was a CitiStaff supervisor, which he was not,

contrary to Plaintiff's unsupported argument, Plaintiff was not terminated.[1]  Plaintiff suffered no tangible employment action.  He remains an employee of CitiStaff.  Hence, never having taken advantage of the internal procedures adopted by CitiStaff to report the prior alleged harassment, Plaintiff failed to protect himself against harm.   Therefore, Plaintiff's claim for race harassment against CitiStaff is barred.  *Ibid.*  (See also subsection III, B. 4, below.)

### 4.      The Failure to Prevent Claim is Equally Meritless

Plaintiff's sole argument for his failure to prevent claim against CitiStaff is that CitiStaff was notified of the October 17, 2015, incident with Martinez prior to January 22, 2016.  Again, no evidence has been proffered by Plaintiff to support his argument and create a genuine issue for trial.  The undisputed facts show CitiStaff was not notified of the incident and had no knowledge of it prior to January 22, 2016.

Moreover, CitiStaff exercised reasonable care to prevent and promptly correct any harassing behavior.  CitiStaff maintains an anti-harassment policy providing for avenues to complain about harassment.  CitiStaff also has procedures in place to investigate complaints of harassment and implement corrective action where harassment is believed to have occurred.

There is no dispute that Plaintiff knew to complain to CitiStaff.  Indeed, he did.  Plaintiff complained about the cartoon that he described as racist by email to DeLeon.  It remains undisputed that Plaintiff knew to report harassment to CitiStaff and did with regard to the cartoon.  It is further undisputed that CitiStaff responded promptly and took immediate action.  Thereafter, no evidence exists that Plaintiff was subject to further harassing conduct.

No genuine issue exists regarding Plaintiff's section 1981 claims against CitiStaff.

### C.      PLAINTIFF'S RETALIATION CLAIMS ARE MERITLESS.

Plaintiff concedes his retaliation claims because he proffered no argument in opposition to CitiStaff's motion for summary adjudication of the claims in violation of 42 U.S.C. § 1981 and California Labor Code § 1102.5.

---

[1] Plaintiff's argument regarding "temporal proximity" is irrelevant here. (Plaintiff's Opp. at 22:4-7.)  Further, plaintiff proffers no authority that the failure to offer Plaintiff a "comparable position at the same rate of pay" equates to constructive discharge. (Plaintiff's Opp. at 22:10-12.)  Otherwise, Plaintiff failed to avoid harm by utilizing the complaint procedures provided by CitiStaff.  (See argument below at III. B. 4.)

11
**DEFENDANT CITISTAFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Case No. 3:17-cv-06748-WHO)**

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

1   Accordingly, Plaintiff's retaliation claims fail and should be dismissed.

2   **D.     PLAINTIFF'S BANE AND RALPH ACT CLAIMS ARE MERITLESS.**

Plaintiff supports his claims under the Bane and Ralph Acts with the argument that CitiStaff had "actual notice" of the October 17, 2015, incident with Chartwell employee Ramon Martinez and that CitiStaff is vicariously liable for acts by Martinez. (Plaintiff's Opp. at 25:27-26:2.) However, as discussed above, it is undisputed CitiStaff had no knowledge of the October 17, 2015, altercation. Otherwise, it is undisputed that no CitiStaff employee threatened Plaintiff based on his race. Further, nothing CitiStaff did was a substantial factor in causing Plaintiff harm, if any, including interfering with his constitutional rights. Indeed, Plaintiff relies on a case where a state agency was held liable for sexual assault committed by one of its employees. (Plaintiff's Opp. at 25:23-26 citing *Roe v. DDS*, 2017 WL 2311303.) The *Roe* case is inapposite to the one here.

No genuine issue exists regarding threats of violence against Plaintiff by CitiStaff, particularly based on race. Nor was Plaintiff harmed by CitiStaff based on violence and/or threats of violence. Plaintiff's claims under the Ralph and Bane Acts against CitiStaff are frivolous and should be dismissed.

**E.     PLAINTIFF'S NEGLIGENT HIRING, RETENTION AND SUPERVISION CLAIM FAILS AS A MATTER OF LAW.**

Having proffered no argument in opposition to CitiStaff's motion for summary adjudication of this claim, the Court should sustain the motion and dismiss the claim for negligent hiring, retention and supervision.

**F.     PLAINTIFF'S EMOTIONAL DISTRESS CLAIMS ARE MERITLESS.**
   **1.     The Claims are Preempted.**

Contrary to his sworn testimony, Plaintiff asserts his emotional distress claims are not preempted because CitiStaff harassed Plaintiff based on his race. However, Plaintiff testified that CitiStaff caused him emotional distress because CitiStaff did not follow through on its investigation of his cartoon complaint. Further, no evidence is presented that CitiStaff harassed Plaintiff based on his race. (See discussions above). *Singh v. Southland Stone, U.S.A., Inc.*, 186

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

1  Cal.App.4th 338 (2010), cited by Plaintiff, is simply unpersuasive.  The court in *Singh* found that
2  the workers' compensation exclusivity rules applied to the plaintiff's claim for emotional distress
3  despite the fact it found the defendant firm's president's actions were "offensive and clearly
4  inappropriate" (i.e., use of profanity, intentionally slamming a computer cover on the plaintiff's
5  hand).  *Id.* at 367.  The court found the conduct at issue occurred in the normal course of the
6  employer-employee relationship and the exclusivity rules applied.  *Id.* at 367.  Plaintiff here is
7  merely arguing that CitiStaff failed to follow through on his complaint even though CitiStaff
8  knew the alleged harasser's employer conducted an investigation and took immediate corrective
9  action.  Clearly, CitiStaff's actions occurred in the normal course of the employer-employee
10 relationship and the exclusive remedies provided under the workers' compensation rules apply.
11 Plaintiff's claims are preempted and should be dismissed.

### 2. Plaintiff is Unable to Establish the Necessary Elements for NIED.

Plaintiff argues that CitiStaff "repeatedly rebuffed his attempts to complain directly to it, and when it failed to establish and enforce effective anti-harassment complaint procedures." (Plaintiff's Opp. at 27:22-24.)

First, Plaintiff testified that his claim for emotional distress against CitiStaff is based on an alleged follow through of his January 22, 2016, complaint.  Plaintiff's argument here that he suffered emotional distress because he attempted to contact CitiStaff to complain about harassment and was rebuffed is not supported by any evidence.  It is pure argument on counsel's part.  It remains undisputed the one time Plaintiff complained to CitiStaff, it responded immediately and took appropriate action.  No facts exist to show CitiStaff "rebuffed" any attempts to complain about race harassment.  Plaintiff's argument is frivolous.

Second, CitiStaff's actions to prevent further harm to Plaintiff does not constitute wrongful conduct and/or conduct that should have been foreseen to cause Plaintiff severe emotional distress.  Third, no harm to Plaintiff resulted from any act by CitiStaff.  Therefore, Plaintiff's NIED claim against CitiStaff should be dismissed.

///

///

### 3. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails.

Plaintiff's IIED claim against CitiStaff rests solely on his allegation that CitiStaff did not follow through on his complaint of January 22, 2016. Again, the undisputed facts show that CitiStaff acted immediately to ensure Plaintiff's safety after he forwarded his email of January 22, 2016, and offered to reassign him. He refused the offer. In addition, CitiStaff worked with Chartwell in its investigation of the incident and had knowledge that Chartwell took immediate corrective action one business day after the complaint was lodged. There was nothing more to be done by CitiStaff and any argument that CitiStaff could have done more fails to meet the standard for IIED of outrageous conduct outside the scope of employment. Further, Plaintiff is unable to establish harm from an alleged failure to follow through on his complaint if he had no further negative interactions with Martinez.

### G. PLAINTIFF'S CLAIM FOR CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY IS MERITLESS.

Plaintiff concedes this claim offering no argument in opposition. Plaintiff's claim for constructive discharge should be dismissed.

### H. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS MERITLESS

Under all claims made by Plaintiff, there are no allegations in this action that an officer, director or managing agent of CitiStaff personally committed acts of oppression, fraud or malice. No facts exist to support an argument that an officer, director or managing agent of CitiStaff authorized or ratified an employee's act of oppression, fraud or malice. Plaintiff's prayer for punitive damages against CitiStaff should be stricken.

///
///
///
///
///
///
///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

## III. CONCLUSION

Plaintiff's entire action against CitiStaff is meritless and should be dismissed. No genuine issue for trial against CitiStaff exists. Summary judgment is therefore warranted.

Dated: October 9, 2019 LAFAYETTE & KUMAGAI LLP

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant
CITISTAFF SOLUTIONS, INC.

15
**DEFENDANT CITISTAFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Case No. 3:17-cv-06748-WHO)**