October 19, 2019

**VIA E-MAIL AND U.S. MAIL**

Hon. William H. Orrick
USDC, Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Di-az et al., v. Tesla, Inc. dba Tesla Motors, Inc.* Case No. 3:17-cv-06748-WHO
        Subject:  Corrected Brief re Additional Deposition Based on Newly Discovered Evidence

Dear Judge Orrick:

Pursuant to this Court's Standing Order re discovery, the ~~Parties~~ Plaintiff submits this corrected joint letter and ~~certify~~ certifies ~~they~~ the parties met and conferred at 3:00 p.m. on September 18, 2019, over the phone because an in-person meeting was not possible given the exigent circumstances and the discovery motion cutoff.  The meet and confer meeting about an additional deposition based on newly discovered evidence did not resolve the dispute and therefore the parties respectfully submit this joint dispute letter on this issue.  This corrected joint dispute letter is being submitted to replace the brief filed on September 18 as Defendant's Position was sent at 11:43 p.m. on September 18 for filing by midnight.  As a result, Plaintiff did not have an opportunity to respond to the statement presented by Defendant, so Plaintiff has revised his Position Statement to correct what he perceives to be inaccurate inferences.  Plaintiff sought input for this corrected Joint Letter Brief through email and phone contact, but Defendant ignored those requests.  No changes have been made to Defendant's Position statement which is identical to the one filed yesterday.

**Plaintiffs' Position**

This lawsuit involves two plaintiffs, four defendants, and dozens of witnesses. Plaintiffs testified that they both saw racist graffiti including the N-word in the bathroom.  To date, Plaintiffs have taken 12 depositions in total.   On October 3, 2019, based on a prior joint dispute letter initiated by Plaintiffs to depose 8 additional witnesses, the Court granted Plaintiffs the right to depose the 8 individuals for a total of no more than 14 hours.  (Docket 93, p.1.)  To date, Plaintiff has deposed 3 individuals for a total of approximately 6.5 hours.  Plaintiff has scheduled a 4th deposition in Los Angeles for Monday, October 21, 2019, for which the Court just issued an order (Docket 100) approving the taking of that deposition past October 15 which was the previously established deadline for depositions.  Based on newly discovered evidence in documents that were just produced on approximately Tuesday, October 15, 2019, Plaintiffs seek at least one additional deposition to be completed in the remaining 7.5 hours of available time permitted by the Court's prior order (Docket 93.).

In the Court's order on Discovery (Docket 93) in which Plaintiff requested the identities of various individuals and documents relating to racist messages in bathrooms (Requests 53-55 originally propounded in February 2019), the Court ordered additional discovery.  (Docket 93, p.2.)  With respect to "*plaintiffs' request that Tesla Produce contact information for employees and/or contractors who worked with or around plaintiffs,*" the Court ordered Tesla to provide information about "known individuals who fall into this category."  (Docket 93, p.2)

In response to this Order, Tesla produced, among other documents, an email chain dated May 21, 2016, wherein a picture from the bathroom near the elevator was identified in which "racist graffiti" was depicted and next to it racist terms extremely similar to those identified by Plaintiffs in the bathrooms. (TESLA 1003-1005.) The e-mail and picture were sent by a Production Associate and forwarded to Andres Donet the Facilities Contract Supervisor. Mr. Donet wrote an email to various individuals including Tesla Human Resources. Andres Donet indicated in his email that the graffiti had been cleaned up. (TESLA 1003) Plaintiffs are informed and believe that this location is close to one of the elevators on which Plaintiff worked, but they cannot confirm this because the one floorplan provided by Defendant (Tesla 0000889) does not show that part of the factory.

Based on Mr. Donet's email, Plaintiffs seek to depose him to confirm if he saw racist graffiti and painted over it and to see if there has been other racist graffiti that he has cleaned up in that bathroom and others nearby. Both Plaintiffs testified to seeing racist graffiti in the bathrooms, most likely this very bathroom as it appears to be close to one of the elevators where Plaintiff Owen Diaz worked. Depending on what Mr. Donet says, Plaintiffs may later seek to depose the representative from Human Resources, who received Mr. Donet's email, to see how Tesla responded to the racist graffiti and if she was aware of other such conduct. At this point though, Plaintiffs only seek to depose Mr. Donet to find out what he knows about the number of times graffiti has been painted over in the bathrooms Plaintiffs had access to including the one where the racist graffiti was found as referenced.

During the meet and confer process, Plaintiffs sought agreement to the deposition of Mr. Donet, but Defendant Tesla objected. Defendant posits that it is speculative to know if Mr. Donet is actually a person who cleaned up or painted over racist graffiti in the bathrooms. In addition, Defendant mentioned that it has time pressure because it's motion for summary judgment must be filed in 11 days on October 29, 2019. In response, Plaintiff suggested a limited time for the deposition of approximately 45 minutes at a convenient location for defense counsel to minimize the time demand. In addition, Plaintiffs agreed to stipulate to a brief extension of the time for Defendant to file their Moving papers (2 days) and a similar extension for the opposition. As to Mr. Donet's knowledge, if he does not know about painting over the graffiti, based on his email, he should at least know who does.

Defendant also contends in its position statement that Plaintiff has known about Mr. Donet since taking a 30(b)(6) deposition of Victor Quintero on June 7, 2018. Mr. Quintero, however, only identified Mr. Donet as a supervisor who reported to him and did not identify Mr. Donet has having anything to do with cleaning up graffiti in the bathrooms. The first Plaintiff learned of any connection between Mr. Donet and cleaning the graffiti in the bathroom near Plaintiff Owen Diaz's work station was when discovery documents were received on Tuesday, October 15, 2019. That document production included TESLA 1003-1005 in response to Plaintiff's February 2019 requests.

With respect to the number of depositions, it is true that Plaintiff has decided not to depose 4 witnesses identified in our last papers, but that was done in light of the court's order, the hours that were allotted for deposition, the relative importance of the witnesses, and the knowledge of the witnesses' contact information (Plaintiff served a Ramon Martinez who informed them he had not worked at Tesla). This requested deposition would only bring the total to 14 depositions, a reasonable number.

Once identified, that person who did clean up or paint over the discovery could then be deposed or at a minimum subpoenaed for trial. Again, Plaintiffs commit to limit the time for

deposing Mr. Donet to the least amount of time needed to get the relevant information and could do so within the time constraints set by the Court's October 3 Order.

Accordingly, the Court should grant Plaintiffs' request.

**Defendants' Position**

Plaintiffs' attempts to seek yet another deposition – of a Facilities Contract Supervisor (providing oversight of building services such as janitorial services, copy paper, availability of drinking water and drinking water cups, cleaning products, etc.) at Tesla with whom Plaintiffs have no connection – at the eleventh hour truly demonstrate the scorched earth discovery tactics they have employed in this case. **Plaintiffs have been aware of the individual they seek to depose, Andres Donet, since June 2018**, when they deposed Tesla's 30(b)(6) witness and Mr. Donet's name was disclosed during deposition. Yet Plaintiffs did not seek to depose him in June 2018, or in their September 16, 2019 Discovery Dispute Letter seeking to enlarge their number of depositions, or at any time until two days before this Letter was filed. This Court has already permitted Plaintiffs to depose an additional 8 fact witnesses beyond the 10-deposition limit, up 14 hours, by October 15, 2019.[1]

After failing to notice Mr. Donet's deposition after June 2018, and failing to seek relief at any time for 18 months thereafter, Plaintiffs now attempt to shoehorn his deposition at the last hour by claiming that they just became aware of Mr. Donet through supplemental documents and discovery responses produced by Tesla on October 11, 2019 (in response to the Court's Order to conduct certain email searches). However, **Plaintiffs ignore that they were independently made aware of Mr. Donet as early as June 2018**. Indeed, Plaintiffs' counsel confirmed with Tesla's 30(b)(6) witness at the deposition that Mr. Donet was still working at Tesla as of June 7, 2018. (**Q:** Andres Donet? **A:** He's still at Tesla.) Plaintiffs' counsel could have followed up with live questioning about Mr. Donet, but did not. Nor did Plaintiffs seek Mr. Donet's deposition thereafter.

Instead, Plaintiffs emailed Tesla at 3:16 pm on October 16, 2019, demanding that Tesla respond within 24 hours regarding a stipulation to depose Mr. Donet. Plaintiffs' stated in their email that they must depose Mr. Donet to "obtain any information he may have" because Plaintiffs "believe that Mr. Donet has relevant, discoverable information about Plaintiffs' claims."

First, Plaintiffs' reason for deposing Mr. Donet – "to see if there has been other racist graffiti that he has cleaned up" – confirms there is no existing connection between Mr. Donet and Plaintiffs' claims, and that Plaintiffs simply want to go on a fishing expedition to identify even

---

[1] Plaintiffs only deposed 3 of the 8 additional individuals that this Court allowed them to depose in its October 3 Order (with one more scheduled after the 10/15 deadline). Plaintiffs now argue they should be able to use the "remaining" time to depose Mr. Donet, but ignore that the Court set a deadline to complete all depositions by October 15 to allow completion of depositions before Defendants' dispositive motion deadline. Despite Plaintiffs previously insisting that all 8 additional fact witnesses were necessary, they only ever *attempted* to depose 5 of the 8 witnesses thereafter. Clearly, Plaintiffs did not need all of those witnesses, just as they do not need to depose Mr. Donet. The Court's Order permitting up to 14 hours of deposition was as to the individuals Plaintiffs previously identified as necessary; the Court did not simply allow Plaintiffs an unfettered number of depositions until they "used up" all 14 hours, especially after the October 15 deadline.

more witnesses to depose. Plaintiffs' position in this letter already states their intention to obtain additional depositions after the deposition of Mr. Donet.

Second, there is no evidence Mr. Donet had any unique knowledge regarding the removal of graffiti at Tesla – let alone any graffiti purportedly seen by Plaintiffs. Mr. Donet is a member of the Facilities Department which oversees, among other things like copy paper and water cups, the cleaning and maintenance of bathrooms. However, there is no evidence Mr. Donet ever witnessed, cleaned, or directed the cleaning of any graffiti complained of by Plaintiffs (in fact, there no evidence either Plaintiff raised a complaint of "racist graffiti" to Tesla prior to this lawsuit, as the allegations are based solely on Plaintiffs' deposition testimony). There is no evidence Mr. Donet himself cleaned the bathrooms, cleaned any "racist graffiti," or had any other knowledge about any of Plaintiffs' allegations. Based on Plaintiffs' counsel's email to defense counsel that they want "to obtain any information [Donet] *may* have," it is apparent Plaintiffs are grasping at straws, because they have failed to articulate why his testimony is needed at all.

Third, Plaintiffs' last-minute request for testimony regarding "racist graffiti" is particularly disingenuous and unreasonable, since the alleged graffiti incidents have ostensibly been part of Plaintiffs' claims since well before the discovery cutoff. Yet, none of the 56 noticed 30(b)(6) topics sought testimony regarding any graffiti. However, Plaintiffs did choose to "use" their limited depositions to question other witnesses on graffiti, including Javier Caballero (Tesla's 30(b)(6) witness who testified he saw graffiti in bathrooms but never saw any swastikas or the n word, and also saw bathrooms in areas that have been painted over to cover up graffiti); Tomatsu Kawasaki (Plaintiff's Lead who testified that any graffiti was promptly removed); Lamar Patterson (Plaintiffs' former co-plaintiff who testified he saw graffiti in bathrooms but that it was cleaned)[2]; Michael Wheeler (a co-worker who Plaintiffs testified he did not recall seeing the n word in any of the bathrooms, nor did he see a swastika). Plaintiffs not only failed to seek Mr. Donet's deposition in a timely manner, they also squandered their limited depositions on other witnesses. Though Plaintiffs' deponents did not provide particularly helpful testimony, that does not entitle Plaintiffs to continue to request more depositions beyond the 18 already permitted.

Plaintiffs were staffed to work at Tesla for approximately 2 months (Di-Az) and 9 months (Diaz), there is no evidence of Plaintiffs ever complaining of "racist graffiti" to Tesla prior to this lawsuit, and there is no evidence Mr. Donet would have any unique knowledge (or any knowledge) of Plaintiffs' claims. Thus, Plaintiffs' request for an order permitting a 19th deponent, of a Facilities Contractor Supervisor who had no connection to Plaintiffs or any unique knowledge, is not proportional to the needs of this case, nor is it likely to resolve the legal issues here. Plaintiffs should not be permitted, after being provided ample opportunity prior to close of discovery, to continue to try to unearth testimony from unrelated witnesses with no unique knowledge regarding Plaintiffs' allegations of "racist graffiti." There is simply no good cause for Plaintiffs' to depose Mr. Donet.

Finally, in Plaintiffs' September 19 Discovery Letter to enlarge the number of depositions under Rule 30, Defendant had already explained it would be severely prejudiced based on Plaintiffs' then-proposal to depose 8 additional witnesses without moving the dispositive motion filing deadline, because Defendants would not have had sufficient time to prepare their motions after completion of depositions. Defendant therefore proposed both additional depositions for

---

[2] (**Q:** Okay. So did they [the bathroom drawings] get cleaned up from somebody in janitorial services, probably? **A:** I'm not sure. **Q:** Okay. But somebody cleaned it up? **A:** Yes.)

Judge Orrick
**October 19, 2019**
Page 5

Plaintiffs and a new briefing schedule that was granted by this Court.  To order yet another deposition immediately before the new dispositive motion filing deadline would prejudice Defendant for the same reasons.[3]

Consequently, this Court should deny Plaintiffs' request to again enlarge Plaintiffs' number of depositions to depose Mr. Donet.

Jointly,

CALIFORNIA CIVIL RIGHTS LAW GROUP          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:_____/s/Lawrence Organ_____         By:_____
       LAWRENCE A. ORGAN                                   TRACEY A. KENNEDY
       NAVRUZ AVLONI                                       PATRICIA M. JENG
                                                           REANNE SWAFFORD-HARRIS
       Attorneys for Plaintiffs
       Demetric Di-Az and Owen DIAZ                        Attorneys for Defendant
                                                    TESLA, INC. dba TESLA MOTORS, INC.

---

[3] Plaintiffs' claim that they "agreed to stipulate to a brief extension of the time to file their Moving papers" is patently false; that has never occurred.