SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398
tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
E mail pjeng@sheppardmullin.com
rswafford-harris@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. DBA TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON

Plaintiffs,

v.

TESLA, INC. DBA TESLA MOTORS, INC., CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; NEXTSOURCE, INC.; and DOES 1-10, inclusive

Defendants.

Case No. 17-cv-06748-WHO

**DEFENDANT TESLA, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Date: December 18, 2019
Time: 2:00 p.m.
Courtroom: 2, 17th Floor
Judge: Hon. William H. Orrick

Trial date; March 2, 2020
Complaint filed: October 16, 2017

*[Filed concurrently with the Declaration of Patricia M. Jeng and Proposed Order]*

Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California, as well as Judge Orrick's Standing Order regarding administrative motions to seal, Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Tesla"), submits this Administrative Motion to File Under Seal and respectfully requests that the Court issue an Order sealing the physical copies of the Exhibits identified below to the Declaration of Patricia M. Jeng In Support of Tesla' Motion for Partial Summary Judgment as to the Claims for Unruh Civil Rights Act and Punitive Damages. This motion is based on the memorandum of points and authorities and the Declaration of Patricia M. Jeng In Support of the Administrative Motion to File Documents Under Seal In Support of Defendant's Motion for Partial Summary Judgment ("Jeng Decl."). Tesla identifies the following documents and portions of documents it proposes be sealed:

| Document | Portion(s) To Be Sealed | Designating Party |
|---|---|---|
| Exhibit 1: Deposition of Owen Diaz, taken on May 22, 2018 and Deposition Exhibits. | Excerpts from Owen Diaz's May 22, 2018 deposition testimony and Deposition Exhibit No. 13 (Bate stamped TESLA-0000043 – TESLA-000046) and Deposition Exhibit No. 24 (Bate stamped TESLA-0000001) | Tesla, Inc. |
| Exhibit 2: Deposition of Owen Diaz, taken on December 3, 2018. | Excerpts from Owen Diaz's December 3, 2018 deposition testimony | Tesla, Inc. |
| Exhibit 4: Deposition of Demetric Di-az, taken on May 15, 2018. | Excerpts from Demetric Di-az 's May 15, 2018 deposition testimony | Tesla, Inc. |
| Exhibit 5: Deposition of Demetric Di-az, taken on December 4, 2018. | Excerpts from Demetric Di-az's December 4, 2018 deposition testimony | Tesla, Inc. |
| Exhibit 10: Exhibits to Deposition of Edward Romero, taken on November 30, 2018. | Deposition Exhibits from Edward Romero's November 30, 2018 deposition: Deposition Exhibit No. 42 (Bate stamped TESLA-0000510); Deposition Exhibit No. 43 (Bate stamped TESLA-0000511); Deposition Exhibit No. 55 (Bate stamped TESLA-0000641); Deposition Exhibit No. 56 (Bate stamped TESLA-0000135 – TESLA-0000136); Deposition Exhibit No. 65 (Bate stamped TESLA-0000127- TESLA-0000128) | Tesla, Inc. |
| Exhibit 12:Exhibits to Deposition of Victor Quintero, taken on June 7, 2018. | Deposition Exhibits from Victor Quintero's June 7, 2018 deposition: Deposition Exhibit No. 38 (Bate stamped TESLA-00000020-TESLA-0000024); Deposition Exhibit No. 39 (Bate stamped TESLA0000025- TESLA0000029) | Tesla, Inc. |

| Document | Portion(s) To Be Sealed | Designating Party |
|---|---|---|
| Exhibit 17: Exhibits to Deposition of Wayne Jackson, taken on May 17, 2019. | Deposition Exhibits from Wayne Jackson's May 17, 2019 deposition: Deposition Exhibit No. 123 (Bate stamped TESLA-0000629 – TESLA-0000630); Deposition Exhibit No. 124 (Bate stamped TESLA-0000635-TESLA-0000636); Deposition Exhibit No. 125 (Bate stamped TESLA-0000644); Deposition Exhibit No. 128 (Bate stamped TESLA-0000020 – TESLA-0000024) | Tesla, Inc. |

All of the deposition testimony and deposition exhibits identified above were previously designated as "Confidential" pursuant to the parties' Stipulated Protective Order. Dkt. 50. Tesla requests that these documents be filed under seal because the parties have specifically stipulated that the documents are confidential. Jeng Decl., ¶¶ 2-3.

**TESLA'S DOCUMENTS SHOULD BE SEALED**

In addition to complying with the Parties' Stipulated Protective Order, the deposition testimony and deposition exhibits are independently qualified to be protected from being filed in the public record because they provide information protected by the privacy rights of third parties granted by the California Constitution. The documents contain information that is protected by law, and thus sealable under Civil Local Rule 79-5.

The documents relate to alleged events that occurred during plaintiffs' work with Tesla which contain personnel information from and about other non-parties and Tesla employees or contractors. *See* Jeng Decl., ¶¶ 3-9. The documents contain private personnel and workplace information about Tesla employees and contract workers who are not parties to this litigation.

It is well established that California workers have a constitutional right to privacy as to their private, confidential information. Cal. Const. Art. I, sec. 1. The right to privacy includes confidential information contained in personnel-related documents and other personal identifying information. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging privacy interests implicated by sensitive, personal identifying information); *see also Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-CV-05064-JSC, 2015 WL

9268118, at *4 (N.D. Cal. Dec. 21, 2015) (noting that an employee's personnel records from employment are subject to California's constitutional right to privacy). Additionally, sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure. *See Foltz*, 331 F.3d at 1137.

As described above, Exhibits 1, 2, 4, 5, 10, 12, and 17 attached to the Jeng Declaration should be sealed because they contain personnel information and workplace information about Tesla employees and contract workers who are not parties to this litigation. Exhibit 1 contains information related to individual work history, information about an individual's family member and that family member's medical and health condition. Exhibit 10, 12, and 17 also contains information regarding complaints, confidential investigations, and discipline record of individuals not party to this litigation. Disclosing such confidential information would constitute an invasion of privacy rights of former and current employees and/or contractors. Jeng Decl., ¶ 3-9.

In addition to personnel information, many of the documents also contain information about workplace complaints and internal communications regarding the investigation of these matters and the discipline records of employees and contract workers who are not parties to this litigation. This type of information is not only protected by the privacy rights discussed above, but it is also sensitive, non-public information relating to Tesla's workplace complaints and any potential discipline or recommendations for discipline of employees and contract workers. Jeng Decl., ¶¶ 7-9.

Information relating to investigations of employee misconduct is properly sealed from the public because releasing such information could damage or impair an employer's ability to conduct investigations in the future. *See Genentech, Inc. v. JHL Biotech, Inc.,* 2019 U.S. Dist. LEXIS 35177 (N.D. Cal. March 5, 2019). In *Genentech, Inc.*, the court sealed documents regarding an internal investigation dealing with employee misconduct, reasoning that such documents and information would reveal to the public the company's procedures and tools when conducting sensitive internal investigation into suspected employee misconduct. *Id.*

Likewise, here, Exhibits 4,10, 12, 17 attached to the Jeng Declaration should be sealed because the exhibits contain sensitive information about workplace misconduct and investigations

relating to the alleged misconduct that have not been disclosed to the public. The documents should be filed under seal, like in *Genentech*. Otherwise, disclosure of the documents would likely undermine Tesla's ability to engage in workplace investigations and potentially reveal confidential business information related to the procedures and tools employed during internal investigations.

**CONCLUSION**

For the reasons set forth above and based on the accompanying Declaration of Patricia M. Jeng, Tesla respectfully requests that the Court grant Tesla's motion and enter an Order sealing the documents identified above and in the Declaration of Patricia M. Jeng.

Dated: October 29, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *Patricia M. Jeng*

TRACEY A. KENNEDY,
PATRICIA M. JENG
REANNE SWAFFORD-HARRIS

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.