SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213-620-1780
Facsimile:    213-620-1398
tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        pjeng@sheppardmullin.com
              rswafford-harris@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. DBA TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON<br><br>         Plaintiffs,<br><br>    v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC., CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; NEXTSOURCE, INC.; and DOES 1-10, inclusive<br><br>         Defendants. | Case No. 17-cv-06748-WHO<br><br>**DECLARATION OF PATRICIA M. JENG IN SUPPORT OF DEFENDANT TESLA, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:          December 18, 2019<br>Time:          2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge:         Hon. William H. Orrick<br><br>Trial date;    March 2, 2020<br>Complaint filed: October 16, 2017<br><br>*[Filed concurrently with Defendant's Administrative Motion to File Documents Under Seal and Proposed Order]* |

I, Patricia M. Jeng, declare as follows:

1. I am an attorney with Sheppard Mullin Richter & Hampton, LLP, counsel of record for Tesla, Inc. dba Tesla Motors, Inc. ("Tesla" or "Defendant"). I submit this Declaration in support of Tesla's Motion to File Documents Under Seal In Support Of Its Motion For Summary Judgment. I make this declaration as to my own personal knowledge and, if called as a witness, I could and would competently testify to all facts contained herein.

2. On June 18, 2018, a Stipulated Protective Order was entered in this matter. (Dckt. No. 50.) The Order allows a producing party to designate a document or other evidence "CONFIDENTIAL" where it contains information which qualifies for protection under Federal Rule of Civil Procedure 26 (c).

3. Exhibit 1 to this declaration consists of true and correct copies of relevant excerpts and Exhibits from the deposition of Owen Diaz, Deposition Exhibit ("Depo Exh.") 13 (Bate stamped TESLA-0000043-TESLA-0000045), and Deposition Exhibit 24, (Bate stamped TESLA-0000001), taken in the above captioned matter on May 22, 2018, which Tesla marked as "confidential" pursuant to the Stipulated Protective Order and therefore is filed under seal pursuant to the terms of the Stipulated Protective Order. The relevant deposition excerpts and Depo Exh.13, (Bate stamped TESLA-0000043-TESLA-0000045), should be sealed because they contain private information related to the individual's work history. Additionally, the relevant deposition excerpts and Depo Exh. 24 (Bate stamped TESLA TESLA-0000001), should be sealed because they contain confidential information about an individual's family member, including about the family member's medical and health condition. Tesla has a duty to not disclose this information to the public.

4. Exhibit 2 to this declaration consists of true and correct copies of relevant excerpts from the deposition of Owen Diaz, taken in the above captioned matter on December 3, 2018, which Tesla marked as "confidential" pursuant to the Stipulated Protective Order and therefore is filed under seal pursuant to the terms of the Stipulated Protective Order. The testimony contains personnel information and workplace information about Tesla employees or contract workers who are not parties to this litigation, including the outcome of an investigation of a complaint made against a contract worker. Disclosing such information would constitute an invasion of privacy.

5. Exhibit 4 to this declaration consists of true and correct copies of relevant excerpts from the deposition of Demetric Di-az, taken in the above captioned matter on May 15, 2018, which Tesla marked as "confidential" pursuant to the Stipulated Protective Order and therefore is filed under seal pursuant to the terms of the Stipulated Protective Order. The testimony contains personnel information and workplace information, including alleged complaints, about Tesla employees or contract workers who are not parties to this litigation. Disclosing such information would constitute an invasion of privacy. Moreover, the testimony is about correspondence and internal confidential messages related to employee misconduct and to sensitive investigations regarding the same matters.

6. Exhibit 5 to this declaration consists of true and correct copies of relevant excerpts from the deposition of Demetric Di-az, taken in the above captioned matter on December 4, 2018, which Tesla marked as "confidential" pursuant to the Stipulated Protective Order and therefore is filed under seal pursuant to the terms of the Stipulated Protective Order. The testimony contains information about Tesla employees or contract workers and information related to security protocol at the Tesla factory. Disclosing such information would constitute an invasion of privacy.

7. Exhibit 10 to this declaration consists of true and correct copies of relevant Exhibits from the deposition of Edward Romero, Depo Exh. 42 (Bate stamped TESLA-0000510), Depo Exh. 43, (Bate stamped TESLA-0000511), Depo Exh. 55 (Bate stamped TESLA-0000641), Depo Exh. 56, (Bate stamped TESLA-0000135), and Depo Exh. 65 (Bate stamped TESLA-0000127-TESLA-0000128), taken in the above captioned matter on November 30, 2018, which Tesla marked as "confidential" pursuant to the Stipulated Protective Order and therefore are filed under seal pursuant to the terms of the Stipulated Protective Order. The Exhibits contain personnel information and workplace information about Tesla employees or contract workers who are not parties to this litigation. Disclosing such confidential information would constitute an invasion of privacy rights of former and current employees and/or contractors. In addition, the Exhibits contain information about workplace complaints and internal communications regarding the investigation of these matters and the disciplinary record of employees and contract workers who are not parties to this litigation. This type of information is not only protected by the privacy rights discussed above, but

it is also sensitive, non-public information relating to Tesla's response to workplace complaints and any potential discipline or recommendations for discipline of employees and contract workers. Disclosure of the information would reveal confidential information related to internal investigations.

8. Exhibit 12 to this declaration consists of true and correct copies of Exhibits from the deposition of Victor Quintero, Depo Exh. 38 (Bate stamped TESLA-0000002, TESLA-0000020, TESLA-0000022-TESLA-0000024), Depo Exh. 39 (Bate stamped TESLA0000025-TESLA0000029), taken in the above captioned matter on June 7, 2018, which Tesla marked as "confidential" pursuant to the Stipulated Protective Order and therefore are filed under seal pursuant to the terms of the Stipulated Protective Order. The Exhibits contain personnel information and workplace information about Tesla employees or contract workers who are not parties to this litigation. Disclosing such confidential information would constitute an invasion of privacy rights of former and current employees and/or contractors. In addition, the Exhibits contain information about workplace complaints and internal communications regarding the investigation of these matters and the discipline record of employees and contract workers who are not parties to this litigation. This type of information is not only protected by the privacy rights discussed above, but it is also sensitive, non-public information relating to Tesla's response to workplace complaints and any potential discipline or recommendations for discipline of employees and contract workers. Disclosure of the information would reveal confidential information related to internal investigations.

9. Exhibit 17 to this declaration consists of true and correct copies of relevant Exhibits from the deposition of Wayne Jackson, Depo Exh. 123, TESLA-0000629, Depo Exh. 124, TESLA-0000635- TESLA-0000636, Depo Exh. 125, TESLA-0000644, Depo Exh. 128, TESLA-0000020, taken in the above captioned matter on May 17, 2019, which Tesla marked as "confidential" pursuant to the Stipulated Protective Order and therefore are filed under seal pursuant to the terms of the Stipulated Protective Order. The Exhibits contain personnel information and workplace information about Tesla employees or contract workers who are not parties to this litigation. Disclosing such confidential information would constitute an invasion of privacy rights of former

1 and current employees and/or contractors.  In addition, the Exhibits contain information about
2 workplace complaints and internal communications regarding the investigation of these matters and
3 the discipline record of employees and contract workers who are not parties to this litigation.  This
4 type of information is not only protected by the privacy rights discussed above, but it is also
5 sensitive, non-public information relating to Tesla's response to workplace complaints and any
6 potential discipline or recommendations for discipline of employees and contract workers.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this 29th day of October 2019, at San Francisco, California.

By     */s/ Patricia M. Jeng*
        PATRICIA M. JENG