*Di-az et al v. Tesla, Inc. et al*
U.S. District Court for the Northern District of California
Case No. 17-cv-06748-WHO

# EXHIBIT 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---


DEMETRIC DI-AZ, OWEN DIAZ, and
LAMAR PATTERSON,

               Plaintiffs,

                      No. 3:17-cv-06748-WHO

vs.

TESLA, INC. Dba TESLA MOTORS,
INC.; CITISTAFF SOLUTIONS,
INC.; WEST VALLEY STAFFING
GROUP; CHARTWELL STAFFING
SERVICES, INC.; NEXTSOURCE,
INC.; and DOES 1-50,
inclusive,

               Defendants.
_____/


DEPOSITION OF ANNALISA HEISEN

May 29, 2019


Reported by:

Bridget M. Mattos, CSR No. 11410

1       **A.    No.**

2       Q.    So you're here, designated as the person most

3   knowledgeable on various topics.

4            MS. JENG:  Correct.

5            MR ORGAN:  I have your objections, so what I

6   thought we'd do is maybe go through the objections and

7   sort of figure out the topics, if that's okay.

8            MS. JENG:  Yeah, I'd just like to assert a

9   belated objection to the videography not being done by

10   a certified officer pursuant to the FRCP.

11            MR ORGAN:  Okay.

12            This is 143.

13            (Whereupon Deposition Exhibit 143

14             was marked for identification.)

15            MR ORGAN:  So Exhibit 143, for the record, is

16   a 44-page document that is Defendants' objections to

17   Plaintiff's sixth amended notice of videotaped

18   deposition of Tesla Inc's person most knowledgeable

19   pursuant to FRCP 30(b)(6).  And let's just go through.

20       Q.   If you turn to the fourth page, you're the

21   person most knowledgeable relative to topic number 1;

22   is that right?

23       **A.   Correct.**

24       Q.   And then you're the person most knowledgeable

25   relative to topic number 2?

```
 1          A.    Correct.

 2          Q.    You're the person most knowledgeable relative

 3    to topic number 3; is that right?

 4          A.    Correct.

 5          Q.    You're the person most knowledgeable relative

 6    to topic number 4?

 7          A.    Correct.

 8          Q.    You're the person most knowledgeable relative

 9    to topic number 5?

10          A.    Correct.

11          Q.    You're the person most knowledgeable relative

12    to topic number 6?   We're now on page 6.

13          A.    Correct.

14          Q.    You're the person most knowledgeable relative

15    to topic number 7?

16          A.    Correct.

17          Q.    You're the person most knowledgeable relative

18    to topic number 8?

19          A.    Correct.

20          Q.    You're the person most knowledgeable relative

21    to topic number 9?

22          A.    Correct.

23          Q.    You're the person most knowledgeable relative

24    to topic number 10?

25          A.    Correct.
```

1      Q.    You're the person most knowledgeable relative

2   to topic number 11?

3      A.    **Correct.**

4      Q.    You're the person most knowledgeable relative

5   to topic number 12?

6      A.    **Correct.**

7      Q.    You're the person most knowledgeable relative

8   to -- you're not here to testify on topic number 13;

9   correct?

10     A.    **Correct.**

11     Q.    But you're the person most knowledgeable

12  relative to topic number 14?

13     A.    **Correct.**

14           MS. JENG:   And, Counsel, just to clarify,

15  she's here to testify about the topics as designated

16  in the objections.

17           MR ORGAN:   No, I understand that.

18           MS. JENG:   Okay.

19           MR ORGAN:   We're going to have to meet and

20  confer on that, but in terms of going forward today.

21           You're the person most knowledgeable relative

22  to topic number 15; is that correct?

23     A.    **Correct.**

24     Q.    You're the person most knowledgeable relative

25  to topic number 16?

Bridget Mattos & Associates
(415)747-8710

1     **A.    Correct.**

2          MR. ORGAN:   Topic 17 and 18, we've already

3     had a PMK on.

4          19 you're objecting to, and 20 and 21 and 22;

5     is that right?

6          MS. JENG:   What was the question?

7          MR ORGAN:   Q.   My question is just in terms

8     of -- you are not testifying -- we know on 17 and 18,

9     because we've already had a PMK on those topics, but

10    in terms of 19, 20, 21 and 22, you are not testifying

11    on those topics; correct?

12    **A.    Correct.**

13    Q.    You're the person most knowledgeable on topic

14    number 23?

15    **A.    Correct.**

16    Q.    You are not testifying on topics 24 through

17    26; correct?

18    **A.    Correct.**

19         MR. ORGAN:   Now, with respect to topic number

20    27, Ramon Martinez previously testified as to

21    discipline issued.   No, Javier, I think, testified as

22    to discipline issued to Ramon Martinez, but not as to

23    complaints made against Ramon Martinez.

24         Are you still objecting to topic number 27?

25         MS. JENG:   I believe this was covered.

1           MR ORGAN:   Q.   You're the person most

2    knowledgeable as to topic number 28?   No, I think

3    that's the same as 27.

4                29 and 30 were already testified to.   And 31.

5                You're not here to testify on topics 32

6    through 35; is that correct?

7         **A.    Correct.**

8                MR. ORGAN:   Now, with respect to 36, there is

9    an objection as to most senior employee of Defendant

10   as to proper procedures for performing the race

11   harassment investigation as Tesla's Fremont location

12   in 2014 to 2016.

13               I'm wondering, absent that objection, is this

14   witness still able to testify as to the remainder of

15   that topic; i.e., proper procedures for performing a

16   race harassment investigation at Tesla's Fremont

17   location from 2014 to 2016?

18               MS. JENG:   I think to the extent you're

19   trying to parse out the topic, I mean, I think what

20   you're looking for is covered by some of the other

21   topics that we've designated her for.

22               MR ORGAN:   Q.   You're not testifying on topic

23   number 37; correct?

24        **A.    Correct.**

25        Q.   Then with respect to topic number 38, you are

1    the person most knowledgeable on that, correct, the

2    business relationship between Tesla and CitiStaff.

3              MS. JENG:  She's not the designated person

4    for that.

5              MR ORGAN:  Q.  And then 39, is there a

6    different designated person for that one too, then?

7         A.   Correct.

8         Q.   Okay.  And then a different designated person

9    for 40?

10        A.   Yes.

11        Q.   Then you are not testifying on topics 41

12   through 50; is that correct?

13        A.   Correct.

14        Q.   But you are the person most knowledgeable on

15   topic number 51?

16              MS. JENG:  As phrased, Counsel, yeah.

17              MR ORGAN:  As phrased?  Yes.

18              MS. JENG:  Yes.  There's objections.

19              MR ORGAN:  Right.

20        Q.   And then with respect to topics 52 through

21   56, you are not testifying as to any of those topics;

22   correct.

23        A.   Correct.

24              MS. JENG:  Counsel, before I forget, I

25   apologize.  Here's some documents for you.

1   at the factory?

2           MS. JENG:  Objection; vague and ambiguous as

3   to "line workers."

4           THE WITNESS:  What do you mean by "line

5   workers"?

6           MR ORGAN:  Q.  People who work on the

7   production line, production associates.

8           I'll try it this way:  What does Tesla do to

9   communicate its antiharassment and discrimination

10  policy to production associates?

11      A.   The policy is available on our internal site,

12  and we do also provide trainings.

13      Q.   Who gets the training on the antiharassment

14  and discrimination policy?

15      A.   We have different versions of training

16  available for different employees.

17      Q.   Is training provided to all regular employees

18  at the Fremont factory, relative to antidiscrimination

19  and harassment?

20      A.   I believe so.  You said "all regular

21  employees"?

22      Q.   Yeah.

23      A.   Yes, that's my understanding.

24      Q.   And as to contract employees, are contract

25  employees also trained on Tesla's antiharassment and

1    discrimination policy?

2        **A.    My understanding is that the agencies who**

3    **employ the contractors are doing training on policies**

4    **and compliance.   I don't have visibility into their**

5    **processes.**

6        Q.    So your understanding is that the contracting

7    agencies are supposed to train their employees who

8    were working at the Tesla factory, on Tesla's

9    antiharassment and discrimination policy; correct?

10            MR. ARANEDA:   Misstates prior testimony.

11            THE WITNESS:   So, there's an expectation that

12   they're being trained by their staffing agencies on

13   antiharassment and discrimination, but this -- not

14   this policy specifically; I'm not sure what they're

15   doing.   I couldn't confirm if they're training this

16   policy, since they're employees.

17            MR ORGAN:   Q.   What steps does Tesla take to

18   ensure that contractors who come into and work in the

19   Tesla factory in Fremont have training relative to the

20   topic of antiharassment and discrimination?

21       **A.    We have an expectation that agencies are**

22   **training on antiharassment and discrimination.**

23       Q.    And what is that expectation based on?

24       **A.    That they're legally compliant.**

25       Q.    In terms of Tesla's expectation, is there an

```
 1                  MR ORGAN:   Q.  And any information that is
 2    brought to Tesla's HR department is investigated by
 3    Tesla's HR department; right?
 4                  MS. JENG:  Objection.
 5                  MR ORGAN:  Strike that.
 6         Q.    Any information relative to a complaint of
 7    harassment based on race at the Tesla factory, that's
 8    investigated by HR, Tesla's HR, if it's brought to
 9    Tesla HR attention; correct?
10         A.    It depends.
11         Q.    What does it depend on?
12         A.    Who's involved in the complaint.
13         Q.    I see.
14               So what if you have a complaint that involves
15    different contractors at the factory, how would you go
16    about investigating that?
17               MS. JENG:   Objection; incomplete
18    hypothetical.
19               THE WITNESS:   It's case by case, given what
20    information is presented in the complaint and who's
21    involved.
22               MR ORGAN:   Q.  What if conduct is sort of
23    open and notorious, meaning it's open for everybody to
24    see, harassing conduct, would that be something that
25    Tesla's HR would investigate?
```

 1          MS. JENG:  Objection; incomplete

 2  hypothetical.  Also vague and ambiguous.

 3          THE WITNESS:  It would similarly depend on

 4  who's involved in the complaint.

 5          MR ORGAN:  Q.  And how do you make sure that

 6  Tesla's obligation to ensure a workplace free from

 7  harassment based on race is maintained, if you are

 8  delegating investigations to non-Tesla HR?

 9          MS. JENG:  Objection; misstates her

10  testimony.

11          THE WITNESS:  Can you repeat the question?

12          MR ORGAN:  Let me break it down.

13      Q.  Tesla has an obligation to the people who

14  work at the Fremont factory to ensure that they are in

15  a workplace free from harassment based on race; right?

16      **A.  Correct.**

17      Q.  And that's regardless of whether the person

18  working there is an employee or a contractor, right,

19  that obligation?

20      **A.  That's my understanding.**

21      Q.  So in terms of ensuring that workers at the

22  Tesla factory are not subject to harassment based on

23  race, how does Tesla's HR department ensure that that

24  is the case, if they are delegating investigation

25  processes to non-Tesla employees?

1            MS. JENG:  Objection; misstates her prior

2      testimony.

3            THE WITNESS:  There's still an expectation

4      that these types of concerns that are brought forward

5      will be investigated, but it depends case by case as

6      to how that's approached.

7            MR ORGAN:  Q.  There must be at least some

8      oversight, though, by Tesla human resources, relative

9      to investigations conducted by contractors; right?

10         A.  And again, depends on the case.

11         Q.  In terms of Tesla's efforts to ensure that it

12     has a workplace free from harassment based on race,

13     are there any kind of procedures that Tesla has

14     adopted for coordinating investigations into

15     allegations of harassment based on race?

16         A.  It depends on the case.  It varies widely.

17     There's not one fixed method that we address that

18     with.

19         Q.  There are no written procedures that Tesla

20     has for coordinating investigations of allegations of

21     harassment based on race?

22            MS. JENG:  Objection; misstates her prior

23     testimony.

24            THE WITNESS:  Not that outline step by step

25     for each of these cases.

1    orientation.

2        Q.   Mr. Gesowich did training relative to leads

3    and supervisors; correct?

4        **A.   Yeah, if I recall correctly.**

5        Q.   You mentioned previously that both employees

6    and contractors have access to Tesla's policies on its

7    internal website; is that correct, or internal --

8    whatever that communication system?

9        **A.   Home page website, yes.   Some of the**

10   **policies, yeah.   We have a lot of policies, but**

11   **certainly the antiharassment and discrimination policy**

12   **is still there.**

13       Q.   In terms of communicating the policy to

14   workers, other than through the new-hire training and

15   then having it available on the internal home page,

16   does Tesla do anything else to inform its employees of

17   it's antiharassment and discrimination policies?

18       **A.   There are other harassment trainings that**

19   **they go by different names.   Some are listed as**

20   **certifications, video or online courses, or in-person**

21   **trainings as well.**

22       Q.   And the online training that there is --

23   there's a videotape of, I think it's a couple Tesla

24   employees speaking in front of the Tesla car; is that

25   right?   Have you seen that one?

ANNALISA HEISEN
May 29, 2019

1      **A.   I don't recall that specifically.   The online**
2  **training that I know definitely exists is for managers**
3  **and supervisors.   Again, there's an expectation that**
4  **they'll take a refresher on harassment training,**
5  **every -- two years, I believe, has been the standard.**
6  **And I know that's delivered as a two-hour course**
7  **online, and there might be others as well.**
8      Q.   And the online training for managers and
9  supervisors, do the leads have to take that training
10 too?
11     **A.   Currently, I don't believe so.**
12     Q.   But is there something in the works to change
13 that, such that leads need to take that training in
14 the future?
15     **A.   My understanding is that the law is changing**
16 **as of next year; that they'll need to take that as**
17 **well.**
18     Q.   In terms of training by Javier Caballeros, do
19 you know what kind of training he received on the
20 topic of discrimination or harassment?
21     **A.   I couldn't name it off the top of my head,**
22 **but there is a certification record that would include**
23 **courses.**
24     Q.   Did you review those records to get ready for
25 your deposition?

Bridget Mattos & Associates
(415)747-8710

1    there was a man named Nordano Ramirez who said he had

2    witnessed Mr. Foster engaging in threatening conduct

3    towards Mr. Diaz; correct?

4        **A.    Correct.**

5        Q.    Other than these four issues, the July 2015,

6    the October 2015, the November 2015, and then the

7    January 2016 incidents, are you aware of any other

8    complaints or investigations relating to Owen Diaz?

9        **A.    I'm not.**

10        Q.    Are you aware of any complaints or

11    investigations regarding Demetric Diaz?

12        **A.    Not during his time on contract with Tesla.**

13        Q.    Are you aware of any complaints regarding

14    Demetric Diaz from some other time?

15        **A.    No, just as relates to this case.**

16        Q.    Oh, in terms of Mr. Demetric Diaz filing this

17    case, is that what you're saying?

18        **A.    Correct.**

19        Q.    Have we now covered the results of any

20    investigations that you're aware of relating to any of

21    the plaintiff's claims of race harassment?

22        **A.    That's my understanding.**

23        Q.    In terms of Tesla's policies and procedures

24    for Tesla contractors to ensure that your contractors

25    enforce Tesla's antiharassment policies, is there

1    complaining to either a lead, a supervisor, a manager,

2    or HR; is that true?

3         A.    **Correct.  Or through the integrity hotline.**

4         Q.    Or to the integrity hotline.

5              And similarly, if a contract employee who's

6    working at the Tesla factory wanted to complain about

7    harassing conduct, they could also complain to their

8    lead supervisor manager or HR; is that true?

9         A.    **The staffing agencies' HR and other people**

10   **employed through there, they would be able to speak**

11   **with them or Tesla staff, or the agency.**

12        Q.    Actually, a contract employee has more

13   avenues to complain, because they can complain either

14   to their own staffing agency or to Tesla supervisors,

15   managers, or HR people; true?

16        A.    **That's correct.**

17        Q.    Now, in terms of steps that Tesla has taken

18   to prevent the use of the "N" word at the Fremont

19   factory, are you aware of any steps that Tesla has

20   taken specifically to address that term?

21             MS. JENG:  Objection; lacks foundation.

22             THE WITNESS:  Not solely for the purpose of

23   addressing that term.

24             MR ORGAN:  Q.  You're aware that there have

25   been allegations of the use of the "N" word in

```
 1    State of California              )

 2    County of Marin                  )

 3

 4              I, Bridget M. Mattos, hereby certify

 5    that the witness in the foregoing deposition was by me

 6    duly sworn to testify to the truth, the whole truth

 7    and nothing but the truth in the within entitled

 8    cause; that said deposition was taken at the time and

 9    place herein named; that the deposition is a true

10    record of the witness's testimony as reported to the

11    best of my ability by me, a duly certified shorthand

12    reporter and disinterested person, and was thereafter

13    transcribed under my direction into typewriting by

14    computer; that the witness was given an opportunity to

15    read, correct and sign the deposition.

16              I further certify that I am not

17    interested in the outcome of said action nor connected

18    with or related to any of the parties in said action

19    nor to their respective counsel.

20              IN WITNESS WHEREOF, I have hereunder

21    subscribed my hand on May 29, 2019.

22            _____

23              BRIDGET M. MATTOS, CSR NO. 11410

24

25
```



1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   TRACEY A. KENNEDY, Cal. Bar No. 150782
3  PATRICIA M. JENG, Cal. Bar No. 272262
   REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
4  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
5  Telephone:   415.434.9100
   Facsimile:    415.434.3947
6  E-mails:       tkennedy@sheppardmullin.com
                   pjeng@sheppardmullin.com
7                  rswafford-harris@sheppardmullin.com

8  Attorneys for Defendant
   TESLA, INC. DBA TESLA MOTORS, INC.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  DEMETRIC DI-AZ, OWEN DIAZ and        Case No. 3:17-cv-06748-WHO
    LAMAR PATTERSON, an individual,
14                                        **DEFENDANT'S OBJECTIONS TO**
                                          **PLAINTIFFS' SIXTH AMENDED**
15          Plaintiffs,                   **NOTICE OF VIDEOTAPED**
                                          **DEPOSITION OF TESLA, INC.'S**
16     v.                                 **PERSON MOST KNOWLEDGEABLE**
                                          **PURSUANT TO FED. R. CIV. P. 30(B)(6);**
17  TESLA, INC. DBA TESLA MOTORS, INC.;   **AND REQUEST FOR PRODUCTION OF**
    CITISTAFF SOLUTIONS, INC.; WEST       **DOCUMENTS**
18  VALLEY STAFFING GROUP;
    CHARTWELL STAFFING SERVICES, INC.
19  and DOES 1-10, inclusive,             Date:    May 29, 2019
                                          Time:    10:00 a.m.
20          Defendants.                   Place:   California Civil Rights Law Group
                                                   332 San Anselmo Avenue
21                                                 San Anselmo, CA 94960

22
                                          Trial Date: November 18, 2019
23

24

25

26

27

28
                                          -1-                Case No. 3:17-cv-06748-WHO

1       Defendant TESLA, INC. dba TESLA MOTORS, INC. (hereinafter "Defendant"), hereby

2 makes the following Objections to Plaintiffs DEMETRIC DI-AZ and OWEN DIAZ's

3 ("Plaintiffs") Sixth Amended Notice of Videotaped Deposition of the Person Most Qualified to

4 Testify from Defendant Tesla Motors, Inc., and Request for Production of Documents ("Notice of

5 Deposition").

6 **PRELIMINARY STATEMENT AS TO PERSON MOST KNOWLEDGEABLE TOPICS**

7       These responses are made solely for purposes of this dispute. Each response is subject to

8 all objections as to relevance, materiality and admissibility, and any and all other objections and

9 grounds which would require the exclusion of any statements contained herein, if such statements

10 were made by a witness present and testifying at court. All said objections and grounds are

11 expressly reserved and may be interposed at the time of trial.

12       The responses set forth herein are based solely on the investigation and discovery

13 conducted in this dispute to date. Defendant's discovery and investigation are ongoing and

14 continuing. Without incurring an obligation to do so, Defendant fully reserves the right to

15 supplement, amend, or modify its responses to this Notice of Deposition as discovery and

16 investigation continue.

17               **GENERAL OBJECTIONS**

18       Defendant makes the following General Objections to each deposition subject area

19 ("Topic"), each of which is incorporated by this reference into each individual response as if set

20 forth there in full, and accordingly these General Objections will not be repeated in full therein.

21 These General Objections apply to the entirety of the Notice of Deposition. The assertion of same,

22 similar, or additional objections to the individual requests does not waive any of Defendant's

23 General Objections as set forth below. Likewise, insofar as a General Objection is not enumerated

24 in a response, it shall not be deemed waived.

25       1.      Defendant generally objects to the Notice of Deposition to the extent it seeks the

26 discovery of information covered by the attorney-client privilege, the attorney work-product

27 doctrine, or any other applicable privilege.

28

SMRH:4829-2292-
2391.1     DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
          TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1          2.          Defendant generally objects to the Notice of Deposition to the extent that it requires

2    Defendant to produce information within the exclusive possession, custody, or control of third

3    parties.

4          3.          Defendant generally objects to the Notice of Deposition to the extent it requires

5    Defendant to produce information, public or otherwise, that is equally available to Plaintiffs, and

6    decline to produce any such information or documents.

7          4.          Defendant generally objects to the Notice of Deposition and to each Topic therein

8    to the extent that the Topics seeks discovery of information, the release of which would be a

9    violation of any individual's right of privacy under Article I, Section 1 of the California

10   Constitution, or any other constitutional, statutory or common law right of privacy of any person.

11         5.          Defendant generally objects to the Notice of Deposition and to each Topic therein

12   to the extent it is vague and ambiguous, overly broad, unduly burdensome, and not reasonably

13   calculated to lead to the discovery of admissible evidence.  Defendant reserves any and all

14   objections as to relevance and materiality.  Defendant's responses are not intended to waive or

15   prejudice any objections Defendant may have or may assert later.

16         6.          Defendant generally objects to the Notice of Deposition and to each Topic therein

17   to the extent it seeks information relating to events that fall outside the relevant period.

18         7.          Defendant generally objects to the Notice of Deposition to the extent the requested

19   information is available from other sources and/or from other means.

20         8.          Defendant objects to the following defined terms/phrases in the notice as vague,

21   ambiguous, and overbroad: "YOU," "YOUR," "DEFENDANT," "EMPLOYEE,"

22   "EMPLOYEES," and "DOCUMENTS."

23         Defendant provides the following objections and responses subject to, and without waiving

24   the foregoing Preliminary Statement and General Objections, which are incorporated by reference

25   into each response below.

26         Subject to the foregoing General Objections, which are incorporated into each specific

27   response below and expressly subject thereto, Defendant provides responses to Plaintiff's Notice

28   of Deposition as follows:

**DEPOSITION TOPICS**

**TOPIC NO. 1:**

DEFENDANT'S POLICIES and PROCEDURES RELATED to race harassment in effect from 2014 to present.

**OBJECTION TO TOPIC NO. 1:**

Defendant further objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases "POLICIES and PROCEDURES," "RELATED to," and "race harassment," unintelligible and uncertain; and (4) it lacks foundation and calls for speculation that certain, if any of, Defendant's policies applied to Plaintiffs, who were never employees of Defendant. Subject to and without waiving it objections and to the extent it is understood, Defendant responds: Defendant will produce its person most knowledgeable to testify as to policies and procedures in effect during the relevant time period and that applied to Plaintiffs, who were never employees of Defendant, if any.

**TOPIC NO. 2:**

DEFENDANT'S POLICIES and PROCEDURES RELATED to race discrimination in effect from 2014 to present

**OBJECTION TO TOPIC NO. 2:**

Defendant incorporates each of the general objections listed above. Defendant further objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases "POLICIES and PROCEDURES," "RELATED to," "complaints or claims," and "race harassment," unintelligible and uncertain; and (4) it lacks foundation and calls for speculation that certain, if any of, Defendant's policies applied to Plaintiffs, who were never employees of Defendant. Subject to and without waiving it objections and to the extent it is understood, Defendant responds: Defendant will produce its person most knowledgeable to testify as to

1  policies and procedures in effect during the relevant time period and that applied to Plaintiffs, who
2  were never employees of Defendant, if any.

3  **TOPIC NO. 3:**

4      DEFENDANT'S POLICIES and PROCEDURES RELATED to investigating complaints
5  or claims of race harassment.

6  **OBJECTION TO TOPIC NO. 3:**

7      Defendant incorporates each of the general objections listed above. Defendant further
8  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive
9  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged
10  harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases
11  "POLICIES and PROCEDURES," "RELATED to," "complaints or claims," and "race
12  harassment," unintelligible and uncertain; and (4) it lacks foundation and calls for speculation that
13  certain, if any of, Defendant's policies applied to Plaintiffs, who were never employees of
14  Defendant.  Subject to and without waiving it objections and to the extent it is understood,
15  Defendant responds: Defendant will produce its person most knowledgeable to testify as to
16  policies and procedures in effect during the relevant time period and that applied to Plaintiffs, who
17  were never employees of Defendant, if any.

18  **TOPIC NO. 4:**

19      DEFENDANT'S POLICIES and PROCEDURES RELATED to investigating complaints
20  or claims of race discrimination.

21  **OBJECTION TO TOPIC NO. 4:**

22      Defendant incorporates each of the general objections listed above. Defendant further
23  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive
24  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged
25  harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases
26  "POLICIES and PROCEDURES," "RELATED to," "complaints or claims," and "race
27  discrimination," unintelligible and uncertain; and (3) it lacks foundation and calls for speculation
28  that certain, if any of, Defendant's policies applied to Plaintiffs, who were never employees of

-5-    Case No. 3:17-cv-06748-WHO

1  Defendant. Subject to and without waiving it objections and to the extent it is understood,

2  Defendant responds: Defendant will produce its person most knowledgeable to testify as to

3  policies and procedures in effect during the relevant time period and that applied to Plaintiffs, who

4  were never employees of Defendant, if any.

5  **TOPIC NO. 5:**

6      DEFENDANT'S communication(s) to its EMPLOYEES of POLICIES and

7  PROCEDURES RELATED TO race harassment.

8  **OBJECTION TO TOPIC NO. 5:**

9      Defendant incorporates each of the general objections listed above. Defendant further

10  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

11  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

12  harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases

13  "communication(s)," "POLICIES and PROCEDURES," "RELATED to," and "race harassment,"

14  unintelligible and uncertain; and (4) it lacks foundation and calls for speculation that certain, if any

15  of, Defendant's policies applied to Plaintiffs, who were never employees of Defendant. Subject to

16  and without waiving it objections and to the extent it is understood, Defendant responds:

17  Defendant will produce its person most knowledgeable to testify as to communications about this

18  Topic made during the relevant time period to Plaintiffs, who were never employees of Defendant,

19  if any, Plaintiffs' supervisors and Plaintiffs' alleged harassers as identified in the Complaint.

20  **TOPIC NO. 6:**

21      DEFENDANT'S communication(s) to its EMPLOYEES of POLICIES and

22  PROCEDURES RELATED TO race discrimination

23  **OBJECTION TO TOPIC NO. 6:**

24      Defendant incorporates each of the general objections listed above. Defendant further

25  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

26  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

27  harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases

28  "communication(s)," "POLICIES and PROCEDURES," "RELATED to," and "race

1  discrimination," unintelligible and uncertain; and (4) it lacks foundation and calls for speculation

2  that certain, if any of, Defendant's policies applied to Plaintiffs, who were never employees of

3  Defendant. Subject to and without waiving it objections and to the extent it is understood,

4  Defendant responds: Defendant will produce its person most knowledgeable to testify as to

5  communications about this Topic made during the relevant time period to Plaintiffs, who were

6  never employees of Defendant, if any, Plaintiffs' supervisors and Plaintiffs' alleged harassers as

7  identified in the Complaint.

8  **TOPIC NO. 7:**

9      Any anti-harassment, anti-discrimination and/or anti-retaliation training that was provided

10  by YOU to YOUR employees since 2014.

11  **OBJECTION TO TOPIC NO. 7:**

12      Defendant incorporates each of the general objections listed above. Defendant further

13  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

14  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

15  harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases

16  "training," unintelligible and uncertain. Subject to and without waiving it objections and to the

17  extent it is understood, Defendant responds: Defendant will produce its person most

18  knowledgeable to testify as to anti-harassment, anti-discrimination and/or anti-retaliation training

19  provided during the relevant time period to Plaintiffs, who were never employees of Defendant, if

20  any, Plaintiffs' supervisors and Plaintiffs' alleged harassers as identified in the Complaint.

21  **TOPIC NO. 8:**

22      Any anti-harassment, anti-discrimination and/or anti-retaliation training materials,

23  practices, and/or guidelines YOU provided to YOUR employees and/or supervisors and/or

24  managers since 2014.

25  **OBJECTION TO TOPIC NO. 8:**

26      Defendant incorporates each of the general objections listed above. Defendant further

27  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

28  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

1  harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases

2  "training materials," "practices," "guidelines," and "managers," unintelligible and uncertain.

3  Subject to and without waiving it objections and to the extent it is understood, Defendant

4  responds: Defendant will produce its person most knowledgeable to testify as to anti-harassment,

5  anti-discrimination and/or anti-retaliation training materials provided during the relevant time

6  period to Plaintiffs, who were never employees of Defendant, if any, Plaintiffs' supervisors and

7  Plaintiffs' alleged harassers as identified in the Complaint.

8  **TOPIC NO. 9:**

9        Any and all investigation(s) YOU conducted in response to PLAINTIFFS' complaint(s)

10  of race harassment.

11  **OBJECTION TO TOPIC NO. 9:**

12        Defendant incorporates each of the general objections listed above. Defendant further

13  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

14  oppressive; (2) it is vague and ambiguous, especially as to the alleged "complaint(s) of race

15  harassment," and Defendant denies that Plaintiffs ever made any complaints of race harassment;

16  (3) it is vague and ambiguous, especially as to the phrase "investigation(s)," unintelligible and

17  uncertain.  Subject to and without waiving it objections and to the extent it is understood,

18  Defendant responds: Defendant will produce its person most knowledgeable to testify as to how

19  the incidents alleged in the Complaint by Plaintiff Owen Diaz were investigated and responded to.

20  **TOPIC NO. 10:**

21        The circumstances (who, what, where, when, how and why) of any investigation

22  conducted by DEFENDANT into Plaintiffs' claims of race harassment.

23  **OBJECTION TO TOPIC NO. 10:**

24        Defendant incorporates each of the general objections listed above. Defendant further

25  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

26  oppressive; (2) it is vague and ambiguous, especially as to the alleged "claims of race

27  harassment," and Defendant denies that Plaintiffs ever made any complaints of race harassment;

28  (3) it is vague and ambiguous, especially as to the phrases "circumstances" and "investigation,"

SMRH:4829-2292-
2391.1

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1    unintelligible and uncertain. Subject to and without waiving it objections and to the extent it is

2    understood, Defendant responds: Defendant will produce its person most knowledgeable to testify

3    as to how the incidents alleged in the Complaint by Plaintiff Owen Diaz were investigated and

4    responded to.

5    **TOPIC NO. 11:**

6          The results of any investigation(s) conducted by DEFENDANT into PLAINTIFFS' claims

7    of race harassment.

8    **OBJECTION TO TOPIC NO. 11:**

9          Defendant incorporates each of the general objections listed above. Defendant further

10   objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

11   oppressive; (2) it is vague and ambiguous, especially as to the alleged "claims of race

12   harassment," and Defendant denies that Plaintiffs ever made any complaints of race harassment;

13   (3) it is vague and ambiguous, especially as to the phrases "results" and "investigation(s),"

14   unintelligible and uncertain. Subject to and without waiving it objections and to the extent it is

15   understood, Defendant responds: Defendant will produce its person most knowledgeable to testify

16   as to how the incidents alleged in the Complaint by Plaintiff Owen Diaz were investigated and

17   responded to.

18   **TOPIC NO. 12:**

19         What action, if any, was taken by DEFENDANT as a result of its investigation(s) into

20   PLAINTIFFS' claims of race harassment.

21   **OBJECTION TO TOPIC NO. 12:**

22         Defendant incorporates each of the general objections listed above. Defendant further

23   objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

24   oppressive; (2) it is vague and ambiguous, especially as to the alleged "claims of race

25   harassment," and Defendant denies that Plaintiffs ever made any complaints of race harassment;

26   (3) it is vague and ambiguous, especially as to the phrases "action" and "investigation(s),"

27   unintelligible and uncertain. Subject to and without waiving it objections and to the extent it is

28   understood, Defendant responds: Defendant will produce its person most knowledgeable to testify

SMRH:4829-2292-2391.1                Case No. 3:17-cv-06748-WHO
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1   as to how the incidents alleged in the Complaint by Plaintiff Owen Diaz were investigated and

2   responded to.

3   **TOPIC NO. 13:**

4        YOUR policies and procedures RELATED to disciplining employees.

5   **OBJECTION TO TOPIC NO. 13:**

6        Defendant incorporates each of the general objections listed above. Defendant further

7   objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

8   in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

9   harassers; (2) it is overbroad as to time; and (3) it is vague and ambiguous, especially as to the

10  phrases "policies and procedures," "RELATED to," and "disciplining employees," unintelligible

11  and uncertain.

12  **TOPIC NO. 14:**

13       YOUR policies and procedures RELATED TO investigating allegations or complaints of

14  race harassment or discrimination by contractors working at your factory in Fremont, California.

15  **OBJECTION TO TOPIC NO. 14:**

16       Defendant incorporates each of the general objections listed above. Defendant further

17  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

18  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

19  harassers; (2) it is overbroad as to time; and (3) it is vague and ambiguous, especially as to the

20  phrases "policies and procedures," "RELATED to," and "allegations or complaints…by

21  contractors," unintelligible and uncertain.  Defendant will produce its person most knowledgeable

22  to testify as to policies and procedures in effect during the relevant time period and that applied to

23  Plaintiffs, who were never employees of Defendant, if any.

24  **TOPIC NO. 15:**

25       YOUR policies and procedures for your contractors to ensure that they enforce your

26  antiharassment, anti-discrimination, or anti-retaliation policies and procedures for their employees

27  working at your factory in Fremont, California.

28  **OBJECTION TO TOPIC NO. 15:**

SMRH:4829-2292-
2391.1       DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
              TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1       Defendant incorporates each of the general objections listed above. Defendant further

2 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

3 in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

4 harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases

5 "to ensure," "they enforce," "*their* employees," are unintelligible and uncertain; (4) it lacks

6 foundation and calls for speculation that certain, if any of, Defendant's policies applied to

7 individuals who were never employees of Defendant.  Subject to and without waiving it objections

8 and to the extent it is understood, Defendant responds:  Defendant will produce its person most

9 knowledgeable as to its policies and procedures against harassment, discrimination, and

10 retaliation.

11 **TOPIC NO. 16:**

12       YOUR policies and procedures for ensuring that workers who are working at your

13 Fremont, California factory are not subjected to harassment, discrimination or retaliation.

14 **OBJECTION TO TOPIC NO. 16:**

15       Defendant incorporates each of the general objections listed above.  Defendant further

16 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

17 in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

18 harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases

19 "policies and procedures," and "ensuring"; and (4) it lacks foundation and calls for speculation

20 that certain, if any of, Defendant's policies applied to Plaintiffs, who were never employees of

21 Defendant.

22       Subject to and without waiving it objections and to the extent it is understood, Defendant responds:

23 Defendant will produce its person most knowledgeable to testify as to policies and procedures in effect

24 during the relevant time period and that applied to Plaintiffs, who were never employees of Defendant, if

25 any.

26 ///

27 ///

28

1  **TOPIC NO. 17:**

2     Plaintiff Owen Diaz's work performance for DEFENDANT (including but not limited to

3  his work performance reviews and attendance).

4  **OBJECTION TO TOPIC NO. 17:**

5     Defendant incorporates each of the general objections listed above. Defendant further

6  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

7  oppressive; (2) it is vague and ambiguous, especially as to the phrases "work performance" and

8  "work performance reviews," unintelligible and uncertain; and (3) it lacks foundation and calls for

9  speculation that Plaintiff Owen Diaz ever received performance reviews from Defendant as

10 Plaintiff Owen Diaz was never an employee of Defendant.  Subject to and without waiving it

11 objections and to the extent it is understood, Defendant responds:  Defendant previously produced

12 for deposition its person most knowledgeable as to this topic.  Defendant will not produce, and

13 Plaintiff is not entitled to, a second person most knowledgeable to testify as to this topic.

14 **TOPIC NO. 18:**

15    Plaintiff Demetric Di-az's work performance for DEFENDANT (including but not limited

16 to his work performance reviews and attendance).

17 **OBJECTION TO TOPIC NO. 18:**

18    Defendant incorporates each of the general objections listed above. Defendant further

19 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

20 oppressive; (2) it is vague and ambiguous, especially as to the phrases "work performance" and

21 "work performance reviews," unintelligible and uncertain; and (3) it lacks foundation and calls for

22 speculation that Plaintiff Demetric Di-az ever received performance reviews from Defendant as

23 Plaintiff Demetric Di-az was never an employee of Defendant.  Subject to and without waiving it

24 objections and to the extent it is understood, Defendant responds:  Defendant previously produced

25 for deposition its person most knowledgeable as to this topic.  Defendant will not produce, and

26 Plaintiff is not entitled to, a second person most knowledgeable to testify as to this topic.

27 ///

28 ///

**TOPIC NO. 19:**

The circumstances (who, what, where, when, how and why) of DEFENDANT's past record of acting on race harassment complaints from 2010 to the present.

**OBJECTION TO TOPIC NO. 19:**

Defendant incorporates each of the general objections listed above. Defendant further objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive in that it is not limited geographically or to Plaintiffs, Plaintiff's supervisors or to Plaintiffs' alleged harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the phrases "circumstances," "past record of action on" and "race harassment complaint," unintelligible and uncertain; (4) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks impermissible "me too" evidence that Plaintiffs are not entitled to; (5) it seeks testimony pertaining to employees or former employees of Defendant and thereby seeks to invade privacy rights established by the California Constitution; (6) it seeks information protected by the attorney-client privilege or the attorney work product doctrine; and (7) it seeks information that is not relevant to the claims or defenses and/or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**TOPIC NO. 20:**

For the period from 2010 to the present, the circumstances (who, what, where, when, how and why) of any civil actions filed against DEFENDANT or DEFENDANT's employee by another employee claiming that they were the victim of race harassment, including but not limited to the use of "nigger" or "nigga" in the workplace, or that DEFENDANT failed to take reasonable steps to prevent harassment from occurring, including (a) the name, address, and telephone number of each employee who filed the action; (b) the court, names of the parties, and case number of the civil action; (c) state the name, address, and telephone number of any attorney representing each employee; (d) whether the action has been resolved or is pending.

-13-

1  **OBJECTION TO TOPIC NO. 20:**

2      Defendant incorporates each of the general objections listed above. Defendant further

3  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

4  in that it is not limited geographically or to Plaintiffs, Plaintiff's supervisors or to Plaintiffs'

5  alleged harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the

6  phrases "circumstances," "civil actions" and "race harassment," and "reasonable steps to prevent

7  harassment from occurring," unintelligible and uncertain; (4) it seeks testimony pertaining to

8  employees or former employees of Defendant and thereby seeks to invade privacy rights

9  established by the California Constitution; (5) it is not reasonably calculated to lead to the

10  discovery of admissible evidence in that it seeks impermissible "me too" evidence that Plaintiffs

11  are not entitled to;  (6) it seeks information protected by the attorney-client privilege or the

12  attorney work product doctrine, including testimony about the "circumstances (who, what, where,

13  when, how and why)" of litigation; (7) it seeks information equally available to Plaintiffs and is

14  thus unduly burdensome and harassing; and (8) it seeks information that is not relevant to the

15  claims or defenses and/or proportional to the needs of the case, considering the importance of the

16  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

17  information, the parties' resources, the importance of the discovery in resolving the issues, and

18  whether the burden or expense of the proposed discovery outweighs its likely benefit.

19  **TOPIC NO. 21:**

20      The facts supporting DEFENDANT's claim, if so, that it took reasonable steps to prevent

21  and correct workplace race harassment from 2014 to present.

22  **OBJECTION TO TOPIC NO. 21:**

23      Defendant incorporates each of the general objections listed above. Defendant further

24  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

25  in that it is not limited geographically or to Plaintiffs, Plaintiff's supervisors or to Plaintiffs'

26  alleged harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous as to any alleged

27  "workplace race harassment" unintelligible and uncertain; (4) it seeks testimony pertaining to

28  employees or former employees of Defendant and thereby seeks to invade privacy rights

SMRH:4829-2292-
2391.1              DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
                    TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1  established by the California Constitution; and (5) it seeks information protected by the attorney-

2  client privilege and/or by the attorney work product doctrine.

3  **TOPIC NO. 22:**

4         The facts supporting DEFENDANT'S claim, if so, that PLAINTIFFS unreasonably failed

5  to use DEFENDANT's anti-harassment complaint procedures.

6  **OBJECTION TO TOPIC NO. 22:**

7         Defendant incorporates each of the general objections listed above. Defendant further

8  objects to this category to the extent that: (1) it is vague and ambiguous, especially as to the

9  phrases "unreasonably failed" and "harassment complaint procedures," unintelligible and

10 uncertain; and (2) it seeks information protected by the attorney-client privilege and/or by the

11 attorney work product doctrine.

12 **TOPIC NO. 23:**

13        The details of DEFENDANT's anti-harassment complaint procedures from 2014 to

14 present.

15 **OBJECTION TO TOPIC NO. 23:**

16        Defendant incorporates each of the general objections listed above. Defendant further

17 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

18 in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

19 harassers; (2) it is overbroad as to time; and (3) it is vague and ambiguous, especially as to the

20 phrases "details" and "harassment complaint procedures," unintelligible and uncertain.   Subject to

21 and without waiving it objections and to the extent it is understood, Defendant responds:

22 Defendant will produce its person most knowledgeable to testify as to its harassment complaint

23 procedures in effect during the relevant time period and that applied to Plaintiffs, who were never

24 employees of Defendant, if any.

25 **TOPIC NO. 24:**

26        The facts supporting DEFENDANT's claim, if so, that DEFENDANT provided

27 preventative and corrective measures for claims of race harassment from 2014 to present.

28

-15-                                         Case No. 3:17-cv-06748-WHO

SMRH:4829-2292-
2391.1
DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1    **OBJECTION TO TOPIC NO. 24:**

2      Defendant incorporates each of the general objections listed above. Defendant further

3    objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

4    in that it is not limited geographically or to Plaintiffs, Plaintiff's supervisors or to Plaintiffs'

5    alleged harassers; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the

6    phrases "preventative and corrective measures" and "claims of race harassment," unintelligible

7    and uncertain; (4) it seeks testimony pertaining to employees or former employees of Defendant

8    and thereby seeks to invade privacy rights established by the California Constitution; (5) it is not

9    reasonably calculated to lead to the discovery of admissible evidence in that it seeks impermissible

10   "me too" evidence that Plaintiffs are not entitled to; and (6) it seeks information that is not

11   relevant to the claims or defenses and/or proportional to the needs of the case, considering the

12   importance of the issues at stake in the action, the amount in controversy, the parties' relative

13   access to relevant information, the parties' resources, the importance of the discovery in resolving

14   the issues, and whether the burden or expense of the proposed discovery outweighs its likely

15   benefit.

16   **TOPIC NO. 25:**

17     What type of conduct DEFENDANT considered to be unlawful race harassment from

18   2014 through 2016.

19   **OBJECTION TO TOPIC NO. 25:**

20     Defendant incorporates each of the general objections listed above. Defendant further

21   objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

22   oppressive; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially as to the

23   phrases "considered to be" and "unlawful race harassment," unintelligible, and uncertain; (4) it

24   seeks information protected by the attorney-client privilege and/or by the attorney work product

25   doctrine; and (5) it seeks information that is not relevant to the claims or defenses and/or

26   proportional to the needs of the case, considering the importance of the issues at stake in the

27   action, the amount in controversy, the parties' relative access to relevant information, the parties'

28   resources, the importance of the discovery in resolving the issues, and whether the burden or

1 | expense of the proposed discovery outweighs its likely benefit.

2 | **TOPIC NO. 26:**

3 |     The facts supporting DEFENDANT's claim, if so, that the reasonable use of its procedures
4 | would have prevented some or all of PLAINTIFFS' harm.

5 | **OBJECTION TO TOPIC NO. 26:**

6 |     Defendant incorporates each of the general objections listed above. Defendant further
7 | objects to this category to the extent that: (1) it is overly broad, unduly burdensome and
8 | oppressive; (2) it is overbroad as to time; (3) it lacks foundation and calls for speculation as to any
9 | alleged "harm" suffered by Plaintiffs, and Defendant denies that Plaintiffs suffered any harm
10 | during their temporary employment at Defendant's facility; (4) it is vague and ambiguous as to the
11 | phrases "reasonable use" and "procedures," unintelligible ,and uncertain; and (5) it seeks
12 | information protected by the attorney-client privilege and/or by the attorney work product
13 | doctrine.

14 | **TOPIC NO. 27:**

15 |     Any race harassment complaints made against Ramon Martinez, and received by YOU.

16 | **OBJECTION TO TOPIC NO. 27:**

17 |     Defendant incorporates each of the general objections listed above. Defendant further
18 | objects to this category to the extent that: (1) it is overly broad, unduly burdensome and
19 | oppressive; (2) it is vague and ambiguous, especially as to the phrase "race harassment
20 | complaints," unintelligible and uncertain; (3) it seeks testimony pertaining to employees or former
21 | employees of Defendant and thereby seeks to invade privacy rights established by the California
22 | Constitution; and (4) Ramon Martinez was never an employee of Defendant. Subject to and
23 | without waiving it objections and to the extent it is understood, Defendant responds: Defendant
24 | previously produced for deposition its person most knowledgeable as to this topic. Defendant will
25 | not produce, and Plaintiff is not entitled to, a second person most knowledgeable to testify as to
26 | this topic.

27 | ///

28 | ///

1 | **TOPIC NO. 28:**

2 |       Any race harassment complaints of race harassment [sic] received by YOU involving

3 | Ramon Martinez.

4 | **OBJECTION TO TOPIC NO. 28:**

5 |       Defendant incorporates each of the general objections listed above. Defendant further

6 | objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

7 | oppressive; (2) it is vague and ambiguous, especially as to the phrase "complaints of race

8 | harassment," unintelligible and uncertain; (3) it seeks testimony pertaining to employees or former

9 | employees of Defendant and thereby seeks to invade privacy rights established by the California

10 | Constitution; and (4) Ramon Martinez was never an employee of Defendant.  Subject to and

11 | without waiving it objections and to the extent it is understood, Defendant responds: Defendant

12 | previously produced for deposition its person most knowledgeable as to this topic.  Defendant will

13 | not produce, and Plaintiff is not entitled to, a second person most knowledgeable to testify as to

14 | this topic.

15 | **TOPIC NO. 29:**

16 |       Any discipline issued to Ramon Martinez as a result of Plaintiff Owen Diaz's complaint of

17 | race harassment.

18 | **OBJECTION TO TOPIC NO. 29:**

19 |       Defendant incorporates each of the general objections listed above. Defendant further

20 | objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

21 | oppressive; (2) it is vague and ambiguous, especially as to the phrase "discipline," unintelligible

22 | and uncertain; (3) it lacks foundation and calls for speculation that Plaintiff Owen Diaz ever made

23 | a complaint of race harassment regarding Ramon Martinez; (4) it seeks testimony pertaining to

24 | employees or former employees of Defendant and thereby seeks to invade privacy rights

25 | established by the California Constitution; and (5) Ramon Martinez was never an employee of

26 | Defendant.  Subject to and without waiving it objections and to the extent it is understood,

27 | Defendant responds: Defendant previously produced for deposition its person most knowledgeable

28 |

1  as to this topic.  Defendant will not produce, and Plaintiff is not entitled to, a second person most

2  knowledgeable to testify as to this topic.

3  **TOPIC NO. 30:**

4      The reason Demetric Di-az's employment with YOU was terminated.

5  **OBJECTION TO TOPIC NO. 30:**

6      Defendant incorporates each of the general objections listed above. Defendant further

7  objects to this category to the extent that: (1) it lacks foundation and calls for speculation that

8  Plaintiff Demetric Di-az was ever an employee of Defendant; and (2) Plaintiff Demetric Di-az was

9  never an employee of Defendant. Subject to and without waiving it objections and to the extent it

10  is understood, Defendant responds: Defendant previously produced for deposition its person most

11  knowledgeable as to this topic.  Defendant will not produce, and Plaintiff is not entitled to, a

12  second person most knowledgeable to testify as to this topic.

13  **TOPIC NO. 31:**

14      The reason Owen Diaz's employment with YOU ended.

15  **OBJECTION TO TOPIC NO. 31:**

16      Defendant incorporates each of the general objections listed above. Defendant further

17  objects to this category to the extent that: (1) it lacks foundation and calls for speculation that

18  Plaintiff Owen Diaz was ever an employee of Defendant; and (2) Plaintiff Owen Diaz was never

19  an employee of Defendant.  Subject to and without waiving it objections and to the extent it is

20  understood, Defendant responds: Defendant previously produced for deposition its person most

21  knowledgeable as to this topic.  Defendant will not produce, and Plaintiff is not entitled to, a

22  second person most knowledgeable to testify as to this topic.

23  **TOPIC NO. 32:**

24      Any race harassment complaints or concerns made against Javier Caballero, and received

25  by YOU.

26  **OBJECTION TO TOPIC NO. 32:**

27      Defendant incorporates each of the general objections listed above. Defendant further

28  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

1  oppressive; (2) it is overbroad as to time; (3) it lacks foundation and calls for speculation; (4) it is

2  vague and ambiguous, especially as to the phrases "complaints" and "concerns";  (5) it seeks

3  testimony pertaining to employees or former employees of Defendant and thereby seeks to invade

4  privacy rights established by the California Constitution; (6) it is not reasonably calculated to lead

5  to the discovery of admissible evidence in that it seeks impermissible "me too" evidence that

6  Plaintiffs are not entitled to; and (7) it seeks information that is not relevant to the claims or

7  defenses and/or proportional to the needs of the case, considering the importance of the issues at

8  stake in the action, the amount in controversy, the parties' relative access to relevant information,

9  the parties' resources, the importance of the discovery in resolving the issues, and whether the

10  burden or expense of the proposed discovery outweighs its likely benefit.

11  **TOPIC NO. 33:**

12      Any discipline issued to Javiar Caballero as a result of Plaintiff Demetric Di-Az's

13  complaint of race harassment.

14  **OBJECTION TO TOPIC NO. 33:**

15      Defendant incorporates each of the general objections listed above. Defendant further

16  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

17  oppressive; (2) it is overbroad as to time; (3) it lacks foundation and calls for speculation as to any

18  complaint of race harassment by Plaintiff Demetric Di-Az; (4) it is vague and ambiguous,

19  especially as to the phrases "discipline issued" and "complaint of race harassment."

20  **TOPIC NO. 34:**

21      YOUR policies, practices and procedures for promoting employees.

22  **OBJECTION TO TOPIC NO. 34:**

23      Defendant incorporates each of the general objections listed above. Defendant further

24  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

25  oppressive; (2) it is vague and ambiguous, especially as to the phrases "policies, practices and

26  procedures" and "promoting," unintelligible and uncertain; (3) it seeks confidential and

27  proprietary business information; and (4) it seeks information that is not relevant to the claims or

28  defenses and/or proportional to the needs of the case, considering the importance of the issues at

SMRH:4829-2292-2391.1

1  stake in the action, the amount in controversy, the parties' relative access to relevant information,

2  the parties' resources, the importance of the discovery in resolving the issues, and whether the

3  burden or expense of the proposed discovery outweighs its likely benefit.

4  **TOPIC NO. 35:**

5       Any salary, hourly wage, bonus, other remuneration and all fringe benefits PLAINTIFFS

6  received during their employment with YOU, and to which PLAINTIFFS would have been

7  entitled and/or eligible had PLAINTIFFS' employment with YOU continued.

8  **OBJECTION TO TOPIC NO. 35:**

9       Defendant incorporates each of the general objections listed above. Defendant further

10  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

11  oppressive; (2) it is vague and ambiguous, especially as to the phrases "other remuneration" and

12  "all fringe benefits," unintelligible and uncertain; (3) it lacks foundation and calls for speculation

13  that Plaintiffs were ever entitled to benefits from Defendant; and (4) it seeks confidential and

14  proprietary business information.

15  **TOPIC NO. 36:**

16       The most senior employee of DEFENDANT as to proper procedures for performing a race

17  harassment investigation at Tesla, Inc.'s Fremont location from 2014 through 2016.

18  **OBJECTION TO TOPIC NO. 36:**

19       Defendant incorporates each of the general objections listed above. Defendant further

20  objects to this category to the extent that: (1) it is overbroad, vague and ambiguous and uncertain

21  with regard to the phrase "[t]he most senior employee of DEFENDANT as to proper procedures

22  for performing a race harassment investigation at Tesla, Inc.'s Fremont location from 2014

23  through 2016," unintelligible and uncertain; (2) it seeks information that is not relevant to the

24  claims or defenses and/or proportional to the needs of the case, considering the importance of the

25  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

26  information, the parties' resources, the importance of the discovery in resolving the issues, and

27  whether the burden or expense of the proposed discovery outweighs its likely benefit; and (3)

28  Plaintiffs do not have the authority to compel a specific individual to testify as to a certain

1  category of examination under Rule 30(b)(6) and it is in Defendant's sole discretion as to who to

2  produce to testify as to each category of examination.

3  **TOPIC NO. 37:**

4     What was done with the evidence gathered during the investigation of PLAINTIFFS'

5  claims of race harassment.

6  **OBJECTION TO TOPIC NO. 37:**

7     Defendant incorporates each of the general objections listed above. Defendant further

8  objects to this category to the extent that: (1) it is overbroad, vague and ambiguous and uncertain

9  with regard to the phrases, "what was done with" and "the evidence gathered during the

10  investigation of PLAINTIFFS' claims of race harassment," unintelligible and uncertain; (2) it

11  lacks foundation and calls for speculation;  (2) it seeks information that is not relevant to the

12  claims or defenses and/or proportional to the needs of the case, considering the importance of the

13  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

14  information, the parties' resources, the importance of the discovery in resolving the issues, and

15  whether the burden or expense of the proposed discovery outweighs its likely benefit; (3) it seeks

16  testimony pertaining to employees or former employees of Defendant and thereby seeks to invade

17  privacy rights established by the California Constitution; and (4) it seeks information protected by

18  the attorney-client privilege and/or by the attorney work product doctrine.

19  **TOPIC NO. 38:**

20     Information RELATED to the business relationship between Tesla, Inc. and Citistaff

21  Solutions, Inc.

22  **OBJECTION TO TOPIC NO. 38:**

23     Defendant incorporates each of the general objections listed above. Defendant further

24  objects to this category to the extent that: (1) it is overbroad, ambiguous, vague and uncertain with

25  regard to the phrase "Information RELATED to the business relationship between Tesla, Inc. and

26  Citistaff Solutions, Inc."; (2) it seeks information not relevant to any party's claims or defenses

27  nor proportional to the needs of this case; and (3) it seeks confidential and proprietary business

28  information. Subject to and without waiving it objections and to the extent it is understood,

-22-                           Case No. 3:17-cv-06748-WHO

1 | Defendant responds:  Defendant will produce its person most knowledgeable as to the general

2 | nature of the relationship between Defendant and Citistaff Solutions, Inc.

3 | **TOPIC NO. 39:**

4 |       Information RELATED to the business relationship between Tesla, Inc. and West Valley

5 | Staffing Group.

6 | **OBJECTION TO TOPIC NO. 39:**

7 |       Defendant incorporates each of the general objections listed above. Defendant further

8 | objects to this category to the extent that: (1) it is overbroad, ambiguous, vague and uncertain with

9 | regard to the phrase "Information RELATED to the business relationship between Tesla, Inc. and

10 | West Valley Staffing Group."; (2) it seeks information not relevant to any party's claims or

11 | defenses nor proportional to the needs of this case; and (3) it seeks confidential and proprietary

12 | business information. Subject to and without waiving it objections and to the extent it is

13 | understood, Defendant responds: Defendant will produce its person most knowledgeable as to the

14 | general nature of the relationship between Defendant and West Valley Staffing Group.

15 | **TOPIC NO. 40:**

16 |       Information RELATED to the business relationship between Tesla, Inc. and NextSource.

17 | **OBJECTION TO TOPIC NO. 40:**

18 |       Defendant incorporates each of the general objections listed above. Defendant further

19 | objects to this category to the extent that: (1) it is overbroad, ambiguous, vague and uncertain with

20 | regard to the phrase "Information RELATED to the business relationship between Tesla, Inc. and

21 | NextSource."; (2) it seeks information not relevant to any party's claims or defenses nor

22 | proportional to the needs of this case; and (3) it seeks confidential and proprietary business

23 | information.  Subject to and without waiving it objections and to the extent it is understood,

24 | Defendant responds: Defendant will produce its person most knowledgeable as to the general

25 | nature of the relationship between Defendant and NextSource.

26 | ///

27 | ///

28 |

SMRH:4829-2292-2391.1

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1 **TOPIC NO. 41:**

2       How much money TESLA spent each year from 2010 to the present in connection with

3 training TESLA employees at the FREMONT FACTORY on TESLA's race harassment policies,

4 practices and procedures.

5 **OBJECTION TO TOPIC NO. 41:**

6       Defendant incorporates each of the general objections listed above. Defendant further

7 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

8 in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

9 harassers; (2) it is vague and ambiguous, especially with regard to the phrases "training" and "race

10 harassment policies, practices and procedures"; (3) it is overbroad as to time; (4) it seeks

11 information that is not relevant to the claims or defenses and/or proportional to the needs of the

12 case, considering the importance of the issues at stake in the action, the amount in controversy, the

13 parties' relative access to relevant information, the parties' resources, the importance of the

14 discovery in resolving the issues, and whether the burden or expense of the proposed discovery

15 outweighs its likely benefit; (5) it lacks foundation and calls for speculation;  and (6) it seeks

16 confidential and proprietary business information.

17 **TOPIC NO. 42:**

18       How much money TESLA spent each year from 2010 to the present in connection with

19 training TESLA employees at the FREMONT FACTORY on TESLA's race discrimination

20 policies, practices and procedures.

21 **OBJECTION TO TOPIC NO. 42:**

22       Defendant incorporates each of the general objections listed above. Defendant further

23 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

24 in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

25 harassers; (2) it is vague and ambiguous, especially with regard to the phrases "training" and "race

26 discrimination policies, practices and procedures"; (3) it is overbroad as to time; (4) it seeks

27 information that is not relevant to the claims or defenses and/or proportional to the needs of the

28 case, considering the importance of the issues at stake in the action, the amount in controversy, the

Case No. 3:17-cv-06748-WHO

1   parties' relative access to relevant information, the parties' resources, the importance of the

2   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

3   outweighs its likely benefit; (5) it lacks foundation and calls for speculation; and (6) it seeks

4   confidential and proprietary business information.

5   **TOPIC NO. 43:**

6          How much money TESLA spent each year from 2010 to the present in connection with

7   training TESLA employees at the FREMONT FACTORY on TESLA's assault/battery policies,

8   practices and procedures.

9   **OBJECTION TO TOPIC NO. 43:**

10         Defendant incorporates each of the general objections listed above. Defendant further

11  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

12  in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

13  harassers; (2) it is vague and ambiguous, especially with regard to the phrases "training" and

14  "assault/battery policies, practices and procedures"; (3) it is overbroad as to time; (4) it seeks

15  information that is not relevant to the claims or defenses and/or proportional to the needs of the

16  case, considering the importance of the issues at stake in the action, the amount in controversy, the

17  parties' relative access to relevant information, the parties' resources, the importance of the

18  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

19  outweighs its likely benefit; (5) it lacks foundation and calls for speculation; and (6) it seeks

20  confidential and proprietary business information.

21  **TOPIC NO. 44:**

22         How much time YOU spent investigating PLAINTIFF's allegations against Ramon

23  Martinez.

24  **OBJECTION TO TOPIC NO. 44:**

25         Defendant incorporates each of the general objections listed above. Defendant further

26  objects to this category to the extent that: (1) it is vague and ambiguous, especially with regard to

27  the phrases "investigating" and "Plaintiffs' allegations against Ramon Martinez"; (2) it seeks

28  information that is not relevant to the claims or defenses and/or proportional to the needs of the

SMRH:4829-2292-2391.1    DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1  case, considering the importance of the issues at stake in the action, the amount in controversy, the

2  parties' relative access to relevant information, the parties' resources, the importance of the

3  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

4  outweighs its likely benefit; (3) it lacks foundation and calls for speculation; and (4) it seeks

5  information protected by the attorney-client privilege and/or by the attorney work product

6  doctrine.

7  **TOPIC NO. 45:**

8      How much money TESLA spent to train Ramon Martinez on TESLA's race harassment

9  policies, practices and procedures.

10  **OBJECTION TO TOPIC NO. 45:**

11      Defendant incorporates each of the general objections listed above. Defendant further

12  objects to this category to the extent that: (1) it is vague and ambiguous, especially with regard to

13  the phrases "train" and "race harassment policies, practices and procedures"; (2) it seeks

14  *information that is not relevant to the claims or defenses and/or proportional to the needs of the*

15  case, considering the importance of the issues at stake in the action, the amount in controversy, the

16  parties' relative access to relevant information, the parties' resources, the importance of the

17  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

18  outweighs its likely benefit; (3) it seeks testimony pertaining to employees or former employees of

19  Defendant and thereby seeks to invade privacy rights established by the California Constitution;

20  (4) it seeks confidential and proprietary business information; and (5) it seeks information

21  protected by the attorney-client privilege and/or by the attorney work product doctrine.

22  **TOPIC NO. 46:**

23      How much money TESLA spent to train Ramon Martinez on TESLA's race discrimination

24  policies, practices and procedures.

25  **OBJECTION TO TOPIC NO. 46:**

26      Defendant incorporates each of the general objections listed above. Defendant further

27  objects to this category to the extent that: (1) it is vague and ambiguous, especially with regard to

28  the phrases "train" and "discrimination policies, practices and procedures"; (2) it seeks

-26-                                   Case No. 3:17-cv-06748-WHO

1   information that is not relevant to the claims or defenses and/or proportional to the needs of the

2   case, considering the importance of the issues at stake in the action, the amount in controversy, the

3   parties' relative access to relevant information, the parties' resources, the importance of the

4   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

5   outweighs its likely benefit; (3) it seeks testimony pertaining to employees or former employees of

6   Defendant and thereby seeks to invade privacy rights established by the California Constitution;

7   (4) it seeks confidential and proprietary business information; and (5) it seeks information

8   protected by the attorney-client privilege and/or by the attorney work product doctrine.

9   **TOPIC NO. 47:**

10       How much money TESLA spent to train Ramon Martinez on TESLA's assault/battery

11   policies, practices and procedures.

12   **OBJECTION TO TOPIC NO. 47:**

13       Defendant incorporates each of the general objections listed above. Defendant further

14   objects to this category to the extent that: (1) it is overbroad, ambiguous, vague and uncertain with

15   regard to the phrases "train" and "assault/battery policies, practices and procedures"; (2) it seeks

16   information that is not relevant to the claims or defenses and/or proportional to the needs of the

17   case, considering the importance of the issues at stake in the action, the amount in controversy, the

18   parties' relative access to relevant information, the parties' resources, the importance of the

19   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

20   outweighs its likely benefit; (3) it seeks testimony pertaining to employees or former employees of

21   Defendant and thereby seeks to invade privacy rights established by the California Constitution;

22   (4) it seeks confidential and proprietary business information; and (5) it seeks information

23   protected by the attorney-client privilege and/or by the attorney work product doctrine.

24   **TOPIC NO. 48:**

25       Information RELATED to which PERSONS or entities, including third-party entities, that

26   participated in any manner (including preparing, reviewing, revising or authorizing training

27   materials and literature, training guides, web-based training services, or any other involvement

28   with any such training) in training employees on YOUR race harassment, race discrimination and

1 | assault/battery policies, procedures and practices.

2 | **OBJECTION TO TOPIC NO. 48:**

3 | *Defendant incorporates each of the general objections listed above. Defendant further*

4 | objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

5 | oppressive; (2) it is vague and ambiguous, especially as to the phrases "Information," "participated

6 | in any manner," "training" and "race harassment, race discrimination and assault/battery policies,

7 | procedures and practices," unintelligible and uncertain; (3) it seeks information that is not relevant

8 | to the claims or defenses and/or proportional to the needs of the case, considering the importance

9 | of the issues at stake in the action, the amount in controversy, the parties' relative access to

10 | relevant information, the parties' resources, the importance of the discovery in resolving the

11 | issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit;

12 | (3) it seeks testimony pertaining to employees or former employees of Defendant and thereby

13 | seeks to invade privacy rights established by the California Constitution; (4) it seeks confidential

14 | and proprietary business information; and (5) it seeks information protected by the attorney-client

15 | privilege and/or by the attorney work product doctrine.

16 | **TOPIC NO. 49:**

17 | Identify the average length of employment of a TESLA Production Associates (whether

18 | direct hires or through contracting agencies).

19 | **OBJECTION TO TOPIC NO. 49:**

20 | Defendant incorporates each of the general objections listed above. Defendant further

21 | objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

22 | oppressive; (2) it is vague and ambiguous, especially as to the phrases "average length, and

23 | "whether direct hires or through contracting agencies," unintelligible, and uncertain; (3) it is

24 | overbroad as to time; (4) it seeks information that is not relevant to the claims or defenses and/or

25 | proportional to the needs of the case, considering the importance of the issues at stake in the

26 | action, the amount in controversy, the parties' relative access to relevant information, the parties'

27 | resources, the importance of the discovery in resolving the issues, and whether the burden or

28 | expense of the proposed discovery outweighs its likely benefit; and (5) it seeks testimony

1   pertaining to employees or former employees of Defendant and thereby seeks to invade privacy

2   rights established by the California Constitution.

3   **TOPIC NO. 50:**

4        How much money TESLA spent each year from 2010 to the present on stopping the use of

5   "nigger" and/or "nigga" at the FREMONT FACTORY.

6   **OBJECTION TO TOPIC NO. 50:**

7        Defendant incorporates each of the general objections listed above. Defendant further

8   objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

9   oppressive; (2) it is overbroad as to time; (3) it is vague and ambiguous, especially with regard to

10  the phrase "on stopping the use," uncertain, and unintelligible; (4) it seeks information that is not

11  relevant to the claims or defenses and/or proportional to the needs of the case, considering the

12  importance of the issues at stake in the action, the amount in controversy, the parties' relative

13  access to relevant information, the parties' resources, the importance of the discovery in resolving

14  the issues, and whether the burden or expense of the proposed discovery outweighs its likely

15  benefit; (5) it seeks confidential and proprietary business information; and (6) it seeks information

16  protected by the attorney-client privilege and/or by the attorney work product doctrine.

17  **TOPIC NO. 51:**

18       What steps TESLA has taken to prevent the use of "nigger" and/or "nigga" at the

19  FREMONT FACTORY.

20  **OBJECTION TO TOPIC NO. 51:**

21       Defendant incorporates each of the general objections listed above. Defendant further

22  objects to this category to the extent that: (1) it is overbroad as to time; (2) it is vague and

23  ambiguous, especially with regard to the phrase "steps"; and (3) it seeks information protected by

24  the attorney-client privilege and/or by the attorney work product doctrine.  Subject to and without

25  waiving it objections and to the extent it is understood, Defendant responds: Defendant will

26  produce its person most knowledgeable as to its policies and procedures against harassment and

27  discrimination.

28

SMRH:4829-2292-
2391.1

1 **TOPIC NO. 52:**

2       The total amount of money TESLA has spent training employees at its FREMONT

3 FACTORY on issues relating to race harassment and/or discrimination in each of the years

4 between 2010 and present.

5 **OBJECTION TO TOPIC NO. 52:**

6       Defendant incorporates each of the general objections listed above. Defendant further

7 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

8 oppressive; (2) it is overbroad as to time; (3) it is overbroad, ambiguous, vague and uncertain with

9 regard to the phrases "training" and "issues relating to race harassment and/or discrimination"; (4)

10 it seeks information that is not relevant to the claims or defenses and/or proportional to the needs

11 of the case, considering the importance of the issues at stake in the action, the amount in

12 controversy, the parties' relative access to relevant information, the parties' resources, the

13 importance of the discovery in resolving the issues, and whether the burden or expense of the

14 proposed discovery outweighs its likely benefit; (5) it seeks confidential and proprietary business

15 information; and (6) it seeks information protected by the attorney-client privilege and/or by the

16 attorney work product doctrine.

17 **TOPIC NO. 53:**

18       The amount of money TESLA spends on average per year per employee training

19 employees at its FREMONT FACTORY on issues relating to race harassment and/or

20 discrimination for each of the years between 2010 and present.

21 **OBJECTION TO TOPIC NO. 53:**

22       Defendant incorporates each of the general objections listed above. Defendant further

23 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

24 oppressive; (2) it is overbroad as to time; (3) it is overbroad, ambiguous, vague and uncertain with

25 regard to the phrases "training" and "issues relating to race harassment and/or discrimination"; (4)

26 it seeks information that is not relevant to the claims or defenses and/or proportional to the needs

27 of the case, considering the importance of the issues at stake in the action, the amount in

28 controversy, the parties' relative access to relevant information, the parties' resources, the

1  importance of the discovery in resolving the issues, and whether the burden or expense of the

2  proposed discovery outweighs its likely benefit; (5) it seeks confidential and proprietary business

3  information; and (6) it seeks information protected by the attorney-client privilege and/or by the

4  attorney work product doctrine.

5  **TOPIC NO. 54:**

6       The total amount of time each year that TESLA requires supervisors and/or leads at its

7  FREMONT FACTORY to spend training on issues relating to race harassment and/or

8  discrimination for each of the years between 2010 and present.

9  **OBJECTION TO TOPIC NO. 54:**

10      Defendant incorporates each of the general objections listed above. Defendant further

11 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

12 oppressive; (2) it is overbroad as to time; (3) it is overbroad, ambiguous, vague and uncertain with

13 regard to the phrases "training" and "issues relating to race harassment and/or discrimination"; (4)

14 *it seeks information that is not relevant to the claims or defenses and/or proportional to the needs*

15 of the case, considering the importance of the issues at stake in the action, the amount in

16 controversy, the parties' relative access to relevant information, the parties' resources, the

17 importance of the discovery in resolving the issues, and whether the burden or expense of the

18 proposed discovery outweighs its likely benefit; (5) it seeks confidential and proprietary business

19 information; and (6) it seeks information protected by the attorney-client privilege and/or by the

20 attorney work product doctrine.

21 **TOPIC NO. 55:**

22      Discipline of employees who have violated TESLA's race harassment and/or

23 discrimination policies.

24 **OBJECTION TO TOPIC NO. 55:**

25      Defendant incorporates each of the general objections listed above. Defendant further

26 objects to this category to the extent that: (1) it is overly broad, unduly burdensome and oppressive

27 in that it is not limited geographically or to Plaintiffs' supervisors or to Plaintiffs' alleged

28 harassers; (2) it is overbroad, ambiguous, vague and uncertain with regard to the phrases

SMRH:4829-2292-2391.1    DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1  "Discipline" and "race harassment and/or discrimination policies"; (3) it is overbroad as to time;

2  and (4) it seeks information not relevant to any party's claims or defenses nor proportional to the

3  needs of this case; (5) it is not reasonably calculated to lead to the discovery of admissible

4  evidence in that it seeks impermissible "me too" evidence that Plaintiffs are not entitled to;  (6) it

5  seeks testimony pertaining to employees or former employees of Defendant and thereby seeks to

6  invade privacy rights established by the California Constitution; and (7) it seeks information

7  protected by the attorney-client privilege and/or by the attorney work product doctrine.

8  **TOPIC NO. 56:**

9      TESLA'S current financial condition.

10  **OBJECTION TO TOPIC NO. 56:**

11      Defendant incorporates each of the general objections listed above. Defendant further

12  objects to this category to the extent that: (1) it is overly broad, unduly burdensome and

13  oppressive; (2) it is overbroad, ambiguous, vague and uncertain with regard to the phrase

14  "financial condition," (3) it is overbroad as to time which encompasses a time period outside of

15  Plaintiffs' alleged harassment/discrimination; and (4) it seeks information that is not relevant to

16  the claims or defenses and/or proportional to the needs of the case, considering the importance of

17  the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

18  information, the parties' resources, the importance of the discovery in resolving the issues, and

19  whether the burden or expense of the proposed discovery outweighs its likely benefit; (5) it seeks

20  information protected by the attorney-client privilege and/or by the attorney work product

21  doctrine; and (6) it seeks confidential and proprietary business information.

22      **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

23  **REQUEST FOR PRODUCTION NO. 1:**

24      Any and all DOCUMENTS reviewed by the deponent in preparation for their deposition.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

26      Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

27  uncertain with regard to the phrase "reviewed by the deponent in preparation for their deposition."

28  Defendant further objects to this request to the extent that it seeks documents protected from

-32-                                    Case No. 3:17-cv-06748-WHO

1 | disclosure by the attorney-client privilege and the attorney work product doctrine.

2 | **REQUEST FOR PRODUCTION NO. 2:**

3 | Any and all DOCUMENTS that refer to, reflect or evidence training provided to or

4 | received by the deponent on how to investigate claims of harassment.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6 | Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

7 | uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence

8 | training provided to or received by the deponent on how to investigate claims of harassment."

9 | Defendant further objects to this request on the grounds that it is burdensome, oppressive, and

10 | harassing to the extent that it seeks information and documents not relevant to any party's claims

11 | or defenses.  Defendant further objects to this request to the extent that it seeks documents

12 | protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

13 | **REQUEST FOR PRODUCTION NO. 3:**

14 | Any and all DOCUMENTS that refer to, reflect or evidence the amount of wages and

15 | benefits Plaintiff Owen Diaz would have been entitled to from the date he last physically worked

16 | for DEFENDANT through the present.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18 | Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

19 | uncertain with regard to the phrase "amount of wages and benefits Plaintiff Owen Diaz would

20 | have been entitled to from the date he last physically worked for DEFENDANT through the

21 | present."  Defendant further objects to this request on the grounds that it is burdensome,

22 | oppressive, and harassing to the extent that it seeks information and documents not relevant to any

23 | party's claims or defenses nor proportional to the needs of this case, especially given that it

24 | requests all documents "refer to, reflect or evidence" other documents.  Defendant further objects

25 | to this request to the extent that it seeks documents protected from disclosure by the attorney-

26 | client privilege and the attorney work product doctrine.  Defendant further objects to this request

27 | on the grounds that Plaintiff Owen Diaz was never an employee of Defendant and did not receive

28 | wages or benefits from Defendant.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS that refer to, reflect or evidence the amount of wages and benefits Plaintiff Demetric Di-az would have been entitled to from the date he last physically worked for DEFENDANT through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase "amount of wages and benefits Plaintiff Demetric Di-az would have been entitled to from the date he last physically worked for DEFENDANT through the present." Defendant further objects to this request on the grounds that it is burdensome, oppressive, and harassing to the extent that it seeks information and documents not relevant to any party's claims or defenses nor proportional to the needs of this case, especially given that it requests all documents "refer to, reflect or evidence" other documents. Defendant further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this request on the grounds that Plaintiff Demetric Di-az was never an employee of Defendant and did not receive wages or benefits from Defendant.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS that refer to, reflect or evidence YOUR anti-harassment policies and procedures in effect from 2014 through 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase "all DOCUMENTS that refer to, reflect or evidence YOUR anti-harassment policies and procedures in effect from 2014 through 2016." Defendant further objects to this request on the grounds that it is burdensome, oppressive, and harassing to the extent that it seeks information and documents not relevant to any party's claims or defenses nor proportional to the needs of this case, especially given that it requests all documents "refer to, reflect or evidence" other documents. Defendant further objects to this request on the grounds that it is burdensome and harassing in that it is overbroad as to time. Defendant further objects to the

1  extent that Plaintiffs were not employees of Tesla and not all Tesla policies applied to them

2  accordingly. Defendant further objects to this request on the grounds that it is duplicative of

3  Plaintiff Owen Diaz's Request for Production No. 23 and therefore burdensome and harassing. A

4  diligent search and reasonable inquiry have been made in an effort to comply with this request;

5  Defendant previously produced all responsive documents in its possession, custody or control.

6  Defendant refers Plaintiff to documents produced, including bates labeled TESLA 0000211 – 220;

7  243-247. Defendant will produce additional responsive documents in its possession, custody and

8  control, if any, to the extent they can be located.

9  **REQUEST FOR PRODUCTION NO. 6:**

10         Any and all DOCUMENTS that refer to, reflect or evidence the circumstances (who, what

11  where, when how and why) of any investigation conducted by YOU into Plaintiff Owen Diaz's

12  claims of a hostile work environment.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

14         Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

15  uncertain with regard to the phrase "all DOCUMENTS that refer to, reflect or evidence the

16  circumstances (who, what where, when how and why) of any investigation conducted by YOU

17  into Plaintiff Owen Diaz's claims of a hostile work environment." Defendant further objects to this

18  request on the grounds that it is burdensome, oppressive, and harassing to the extent that it seeks

19  information and documents not relevant to any party's claims or defenses nor proportional to the

20  needs of this case, especially given that it requests all documents "refer to, reflect or evidence"

21  other documents.  Defendant further objects to this request to the extent that it seeks documents

22  and information pertaining to employees or former employees of Defendant and thereby seeks to

23  invade privacy rights established by the California Constitution. Defendant further objects to this

24  request to the extent that it seeks documents protected from disclosure by the attorney-client

25  privilege and the attorney work product doctrine.  Defendant further objects on the grounds that it

26  lacks foundation and calls for speculation as to whether any alleged "claims of a hostile work

27  environment" were ever made by Plaintiff Owen Diaz. Defendant further objects to this request on

28  the grounds that it is duplicative of Plaintiff Owen Diaz's Request for Production Nos. 10-12, 14

1  and 31 and therefore burdensome and harassing. Subject to and without waiving its objections and

2  to the extent it is understood and assuming that this request does not seek disclosure of any

3  documents protected from disclosure by the attorney-client privilege and the attorney work

4  product doctrine, Defendant responds:  A diligent search and reasonable inquiry have been made

5  in an effort to comply with this request; Defendant previously produced all responsive documents

6  in its possession, custody or control. Defendant refers Plaintiff to documents produced, including

7  bates labeled TESLA 000005-13, 15-24, 30-38, 70-74, 80-109. Defendant will produce additional

8  responsive documents in its possession, custody and control, if any, to the extent they can be

9  located.

10  **REQUEST FOR PRODUCTION NO. 7:**

11      Any and all DOCUMENTS that refer to, reflect or evidence the results of any investigation

12  conducted by YOU into Plaintiff Owen Diaz's claims of race harassment.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

14      Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

15  uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence

16  the results of any investigation conducted by YOU into Plaintiff Owen Diaz's claims of race

17  harassment." Defendant further objects to this request on the grounds that it is burdensome,

18  oppressive, and harassing to the extent that it seeks information and documents not relevant to any

19  party's claims or defenses nor proportional to the needs of this case, especially given that it

20  requests all documents "refer to, reflect or evidence" other documents.  Defendant further objects

21  to this request to the extent that it seeks documents and information pertaining to employees or

22  former employees of Defendant and thereby seeks to invade privacy rights established by the

23  California Constitution. Defendant further objects to this request to the extent that it seeks

24  documents protected from disclosure by the attorney-client privilege and the attorney work

25  product doctrine.  Defendant further objects on the grounds that it lacks foundation and calls for

26  speculation as to whether any alleged "claims of race harassment" were ever made by Plaintiff

27  Owen Diaz. Defendant further objects to this request on the grounds that it is duplicative of

28  Plaintiff Owen Diaz's Request for Production Nos. 10-12, 14 and 31 and therefore burdensome

1   and harassing. Subject to and without waiving its objections and to the extent it is understood and

2   assuming that this request does not seek disclosure of any documents protected from disclosure by

3   the attorney-client privilege and the attorney work product doctrine, Defendant responds:   A

4   diligent search and reasonable inquiry have been made in an effort to comply with this request;

5   Defendant previously produced all responsive documents in its possession, custody or control.

6   Defendant refers Plaintiff to documents produced, including bates labeled TESLA 000005-13, 15-

7   24, 30-38, 70-74, 80-109. Defendant will produce additional responsive documents in its

8   possession, custody and control, if any, to the extent they can be located.

9   **REQUEST FOR PRODUCTION NO. 8:**

10          Any and all DOCUMENTS that refer to, reflect or evidence what action, if any, was taken

11   by YOU as a result of YOUR investigation into Plaintiff Owen Diaz's claims of race harassment.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

13          Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

14   *uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence*

15   *the results of any investigation conducted by YOU into Plaintiff Owen Diaz's claims of race*

16   *harassment."* Defendant further objects to this request on the grounds that it is burdensome,

17   oppressive, and harassing to the extent that it seeks information and documents not relevant to any

18   party's claims or defenses nor proportional to the needs of this case, especially given that it

19   requests all documents "refer to, reflect or evidence" other documents.  Defendant further objects

20   to this request to the extent that it seeks documents and information pertaining to employees or

21   former employees of Defendant and thereby seeks to invade privacy rights established by the

22   California Constitution. Defendant further objects to this request to the extent that it seeks

23   documents protected from disclosure by the attorney-client privilege and the attorney work

24   product doctrine.  Defendant further objects on the grounds that it lacks foundation and calls for

25   speculation as to whether any alleged "claims of race harassment" were ever made by Plaintiff

26   Owen Diaz. Defendant further objects to this request on the grounds that it is duplicative of

27   Plaintiff Owen Diaz's Request for Production Nos. 10-12, 14 and 31 and therefore burdensome

28   and harassing. Subject to and without waiving its objections and to the extent it is understood and

1   assuming that this request does not seek disclosure of any documents protected from disclosure by

2   the attorney-client privilege and the attorney work product doctrine, Defendant responds:  A

3   diligent search and reasonable inquiry have been made in an effort to comply with this request;

4   Defendant previously produced all responsive documents in its possession, custody or control.

5   Defendant refers Plaintiff to documents produced including bates labeled TESLA 000005-13, 15-

6   24, 30-38, 70-74, 80-109. Defendant will produce additional responsive documents in its

7   possession, custody and control, if any, to the extent they can be located.

8   **REQUEST FOR PRODUCTION NO. 9:**

9        Any and all DOCUMENTS that refer to, reflect or evidence the circumstances (who, what,

10  where, when, how and why) of any investigation conducted by YOU into Plaintiff Owen Diaz's

11  personal life (his finances, other lawsuits, assets, habits, etc.).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

13       Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

14  uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence

15  the circumstances (who, what, where, when, how and why) of any investigation conducted by

16  YOU into Plaintiff Owen Diaz's personal life (his finances, other lawsuits, assets, habits, etc.)."

17  Defendant further objects to this request on the grounds that it is burdensome, oppressive, and

18  harassing to the extent that it seeks information and documents not relevant to any party's claims

19  or defenses nor proportional to the needs of this case, especially given that it requests all

20  documents "refer to, reflect or evidence" other documents. Defendant further objects to this

21  request to the extent that it seeks documents protected from disclosure by the attorney-client

22  privilege and the attorney work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 10:**

24       Any and all DOCUMENTS that refer to, reflect or evidence the circumstances (who, what,

25  where, when, how and why) of any investigation conducted by YOU into Plaintiff Demetric Di-

26  az's personal life (his finances, other lawsuits, assets, habits, etc.).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

28       Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

1  uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence
2  the circumstances (who, what, where, when, how and why) of any investigation conducted by
3  YOU into Plaintiff Demetric Di-az's personal life (his finances, other lawsuits, assets, habits,
4  etc.)." Defendant further objects to this request on the grounds that it is burdensome, oppressive,
5  and harassing to the extent that it seeks information and documents not relevant to any party's
6  claims or defenses nor proportional to the needs of this case, especially given that it requests all
7  documents "refer to, reflect or evidence" other documents. Defendant further objects to this
8  request to the extent that it seeks documents protected from disclosure by the attorney-client
9  privilege and the attorney work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 11:**

11      Any and all DOCUMENTS that refer to, reflect or evidence Plaintiff Owen Diaz's work
12  performance.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

14      *Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and*
15  uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence
16  Plaintiff Owen Diaz's work performance." Defendant further objects to this request on the grounds
17  that it is burdensome, oppressive, and harassing to the extent that it seeks information and
18  documents not relevant to any party's claims or defenses nor proportional to the needs of this case,
19  especially given that it requests all documents "refer to, reflect or evidence" other documents.
20  Defendant further objects to this request to the extent that it seeks documents protected from
21  disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and
22  without waiving its objections, Defendant responds: A diligent search and reasonable inquiry have
23  been made in an effort to comply with this request; Defendant previously produced responsive
24  documents in its possession, custody or control. Defendant refers Plaintiff to documents produced
25  including bates labeled TESLA 0000144, 308, 315-320, 321-327, 330. Defendant will produce
26  additional responsive documents in its possession, custody and control, if any, to the extent they
27  can be located.

28

1  **REQUEST FOR PRODUCTION NO. 12:**

2       Any and all DOCUMENTS that refer to, reflect or evidence Plaitniff [sic] Demetric Di-az's

3  work performance.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

5       Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

6  uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence

7  Plaintiff Demetric Di-az's work performance." Defendant further objects to this request on the

8  grounds that it is burdensome, oppressive, and harassing to the extent that it seeks information and

9  documents not relevant to any party's claims or defenses nor proportional to the needs of this case,

10  especially given that it requests all documents "refer to, reflect or evidence" other documents.

11  Defendant further objects to this request to the extent that it seeks documents protected from

12  disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and

13  without waiving its objections, Defendant responds: A diligent search and reasonable inquiry have

14  been made in an effort to comply with this request; Defendant previously produced responsive

15  documents in its possession, custody or control. Defendant refers Plaintiff to documents produced

16  including bates labeled TESLA 0000170-185, 187-189, 191-201, 203-208, 294-296, 300-302.

17  Defendant will produce additional responsive documents in its possession, custody and control, if

18  any, to the extent they can be located.

19  **REQUEST FOR PRODUCTION NO. 13:**

20       Any and all DOCUMENTS that refer to, reflect or evidence the circumstances (who, what,

21  where, when, how and why) of YOUR past record of acting on race harassment complaints from

22  2010 to the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

24       Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and

25  uncertain with regard to the phrase "Any and all DOCUMENTS that refer to, reflect or evidence

26  the circumstances (who, what, where, when, how and why) of YOUR past record of acting on race

27  harassment complaints from 2010 to the present." Defendant further objects to this request on the

28  grounds that it is duplicative of Plaintiff Owen Diaz's Request for Production No. 22 and therefore

1  burdensome and harassing. Defendant further objects to this request to the extent that it seeks

2  information not relevant to any party's claims or defenses nor proportional to the needs of this

3  case. Defendant further objects to this request to the extent that it seeks documents and

4  information pertaining to employees or former employees of Defendant and thereby seeks to

5  invade privacy rights established by the California Constitution. Defendant further objects on the

6  grounds it seeks information or documents that are protected by the attorney-client privilege

7  and/or by the attorney work product doctrine. Defendant further objects to this request on the

8  grounds that it is burdensome and harassing in that it is overbroad as to time and not limited to

9  Plaintiff or the specific department(s) Plaintiff temporarily worked in.

10  **REQUEST FOR PRODUCTION NO. 14:**

11      Any and all DOCUMENTS that refer to, reflect, or evidence TESLA'S current financial

12  condition, including (though not limited to) audited financial statements.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

14      Defendant objects to this request on the grounds that it is vague and ambiguous as to the

15  term(s) and/or phrase(s) "current financial condition," and "audited financial statements."

16  Defendant further objects that this request is not reasonably limited to time and/or scope, and thus

17  overbroad, unduly burdensome, oppressive, and harassing. Defendant further objects to this

18  request to the extent it seeks documents that are not relevant to the parties' claims or defenses and

19  are not proportional to the needs of the case, considering the importance of the issues at stake in

20  the action, the amount in controversy, Defendant's relative access to relevant information, the

21  resources, importance of the discovery in resolving the issues, and the burden or expense of the

22  proposed discovery outweighs its likely benefit. Defendant further objects that to the extent this

23  request seeks information publicly and/or equally available to Plaintiff. Defendant further objects

24  to the extent that this request seeks confidential information related to business operations and/or

25  private information. Defendant further objects to the extent this request expressly seeks documents

26  protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant

27  further objects that this request seeks to violate third party privacy rights to an extent

28  incommensurate with Plaintiff's discovery needs. Defendant further objects that this request is too

Case No. 3:17-cv-06748-WHO

SMRH:4829-2292-
2391.1

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' 6TH AMENDED DEPOSITION NOTICE OF
TESLA, INC.'S PMK AND REQUEST FOR PRODUCTION OF DOCUMENTS

1  vague and ambiguous to permit Defendant to conduct a reasonable search for responsive

2  documents, as the request fails to adequately describe with reasonable particularity the item or

3  category of documents requested as required by Federal Rules of Civil Procedure section

4  34(b)(1)(A).

5

6  Dated:  May 15, 2019

7                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                      By

10                              TRACEY A. KENNEDY
                               PATRICIA M. JENG
11                             REANNE SWAFFORD-HARRIS

12                             Attorneys for Defendant,
                               TESLA, INC. DBA TESLA MOTORS, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

*Demetric Di-Az, et al. v. Tesla, Inc., et al.*
USDC, Northern District of California, Case No. 3:17-cv-06748-WHO

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am
employed in the County of San Francisco, State of California. My business address is Four
Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

4

5

On May 15, 2019, I served true copies of the following document(s) described as:

6

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' SIXTH AMENDED NOTICE OF
VIDEOTAPED DEPOSITION OF TESLA, INC.'S PERSON MOST KNOWLEDGEABLE
PURSUANT TO FED. R. CIV. P. 30(B)(6); AND REQUEST FOR PRODUCTION OF
DOCUMENTS**

7

8

9

on the interested parties in this action as follows:

10

**SEE SERVICE LIST**

11

☒        **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
and mailing, following our ordinary business practices. I am readily familiar with the
firm's practice for collecting and processing correspondence for mailing. On the same day
that correspondence is placed for collection and mailing, it is deposited in the ordinary
course of business with the United States Postal Service, in a sealed envelope with postage
fully prepaid. I am a resident or employed in the county where the mailing occurred.

12

13

14

15

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16

17

Executed on May 15, 2019, at San Francisco, California.

18

19
_____
Dorothy M. Gatmen

20

21

22

23

24

25

26

27

28

SMRH:4829-2292-2391.1

**SERVICE LIST**

| | |
|---|---|
| 1 | |
| 2 | Lawrence A. Organ, Esq. |
| | Navruz Avloni, Esq. |
| 3 | **CALIFORNIA CIVIL RIGHTS LAW GROUP** |

Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, CA 94960
Telephone:    415-453-4740
Facsimile:    415-785-7352]
Email:        larry@civiilrightsca.com
              navruz@civilrightsca.com

Attorneys for Plaintiffs
DEMETRIC DI-AZ and OWEN DIAZ

Gary T. Lafayette, Esq.
Cheryl A. Stevens, Esq.
**LAFAYETTE & KUMAGAI**
1300 Clay Street, Suite 810
Oakland, CA 94612
Telephone:    415-357-4600
Email:        glafayette@lkclaw.com
              cstevens@lkclaw.com

Attorneys for Defendant
CITISTAFF SOLUTIONS, INC.

Jason A. Geller, Esq.
Juan C. Araneda, Esq.
Aaron D. Langberg, Esq.
**FISHER & PHILLIPS LLP**
One Embarcadero Center, Suite 2050
San Francisco, CA 94111
Telephone:    415-490-9000
Facsimile:    415-490-9001
Email:        jgeller@fisherphillips.com
              jaraneda@fisherphillips.com
              alangberg@fisherphillips.com

Attorneys for Defendant
NEXTSOURCE, INC.

Fenn C. Horton III, Esq.
Helene Simvoulakis-Panos, Esq.
**PAHL & McCAY**
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone:    408-286-5110
Facsimile:    408-286-5722
Email:        fhorton@pahl-mccay.com
              hsimvoulakis@pahl-mccay.com

Attorneys for Defendant
WEST VALLEY STAFFING GROUP

-2-

Case No. 3:17-cv-06748-WHO
CERTIFICATE OF SERVICE

SMRH:4829-2292-2391.1