*Di-az et al v. Tesla, Inc. et al*
U.S. District Court for the Northern District of California
Case No. 17-cv-06748-WHO

# EXHIBIT 14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---

DEMETRIC DI-AZ, OWEN DIAZ,
and LAMAR PATTERSON,

      Plaintiffs,

    vs.                            No. 3:17-cv-06748-WHO

TESLA, INC., dba TESLA
MOTORS, INC.; CITISTAFF
SOLUTIONS, INC.; WEST VALLEY
STAFFING GROUP; CHARTWELL
STAFFING SERVICES, INC.;
and DOES 1-50, inclusive,

      Defendants.
_____//


DEPOSITION OF JAVIER CABALLERO

June 7, 2018







Reported by:

Bridget M. Mattos, CSR No. 11410

```
 1   the key performance indicators?
 2            MS. ANTONUCCI:  Objection; lacks foundation.
 3            THE WITNESS:  I evaluated my team members
 4   based on those.
 5            MR. ORGAN:  Q.  Did you have the ability to
 6   hire production associates as a supervisor?
 7       A.   No.
 8       Q.   Did you have the ability to recommend that
 9   someone be hired as a production associate, when you
10   were a supervisor?
11            MS. ANTONUCCI:  Objection; vague, lacks
12   foundation.
13            THE WITNESS:  Come back with that again.
14            MR. ORGAN:  Yeah.
15       Q.   Could you, like, recommend someone:  "Hey, I
16   think we should hire so-and-so"?
17            MS. ANTONUCCI:  Objection; vague, lacks
18   foundation.
19            THE WITNESS:  No, they would ask for our
20   input, but never recommend.
21            MR. ORGAN:  Q.  I see.  But you could give
22   input on whether someone was hired or not; right?
23            MS. ANTONUCCI:  Objection; lacks foundation.
24            THE WITNESS:  Just input.
25            MR. ORGAN:  Okay.
```

1   Q.   And then, could you fire someone who was on
2   your production team?
3        MS. ANTONUCCI:  Objection; vague, lacks
4   foundation.
5        THE WITNESS:  I could not fire.
6        MR. ORGAN:  Q.  You could recommend if
7   someone would be fired, though; is that right?
8        MS. ANTONUCCI:  Objection; vague.
9        THE WITNESS:  I could not.
10       MS. ANTONUCCI:  Lacks foundation.
11       MR. ORGAN:  Q.  Did you play any role in any
12  termination of any employee at any time while you were
13  a supervisor?
14  **A.   What do you mean by that?**
15   Q.  Meaning, did you make any kind of suggestion
16  to anyone at Tesla that an employee or a contractor
17  should be fired?
18       MS. ANTONUCCI:  Objection; vague, lacks
19  foundation.
20       THE WITNESS:  I don't make suggestions.
21       MR. ORGAN:  Q.  Did you make any kind of
22  request that someone be fired?
23       MS. ANTONUCCI:  Objection; vague, lacks
24  foundation.
25       THE WITNESS:  No.

```
 1   State of California              )
 2   County of Marin                  )
 3
 4              I, Bridget M. Mattos, hereby certify
 5   that the witness in the foregoing deposition was by me
 6   duly sworn to testify to the truth, the whole truth
 7   and nothing but the truth in the within entitled
 8   cause; that said deposition was taken at the time and
 9   place herein named; that the deposition is a true
10   record of the witness's testimony as reported to the
11   best of my ability by me, a duly certified shorthand
12   reporter and disinterested person, and was thereafter
13   transcribed under my direction into typewriting by
14   computer; that the witness was given an opportunity to
15   read, correct and sign the deposition.
16              I further certify that I am not
17   interested in the outcome of said action nor connected
18   with or related to any of the parties in said action
19   nor to their respective counsel.
20              IN WITNESS WHEREOF, I have hereunder
21   subscribed my hand on June 7, 2018.
22
                _____
23                BRIDGET M. MATTOS, CSR NO. 11410
24
25
```