1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   TRACEY A. KENNEDY, Cal. Bar No. 150782
3  333 South Hope Street, 43rd Floor
   Los Angeles, California  90071-1422
4  Telephone:    213.620.1780
   Facsimile:    213.620.1398
5  Email:        tkennedy@sheppardmullin.com

6  PATRICIA M. JENG, Cal. Bar No. 272262
   REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
7  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
8  Telephone:    415.434.9100
   Facsimile:    415.434.3947
9  Email:        pjeng@sheppardmullin.com
                 rswafford-harris@sheppardmullin.com
10

11 Attorneys for Defendants,
   TESLA, INC. DBA TESLA MOTORS, INC.
12

13 **UNITED STATES DISTRICT COURT**

14 **NORTHERN DISTRICT OF CALIFORNIA**

| 15  DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON | Case No. 3:17-cv-06748-WHO |
|---|---|
| 16  Plaintiffs, | **DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO RETAIN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER** |
| 17  v. | |
| 18  TESLA, INC. DBA TESLA MOTORS, INC., CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; NEXTSOURCE, INC.; and DOES 1-10, inclusive | [*Filed concurrently with the Declaration of Reanne Swafford-Harris, Declaration of Brandon Ward and [Proposed] Order*] |
| 22  Defendants. | Date:       January 8, 2020<br>Time:       2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge:      Hon. William H. Orrick<br><br>Complaint Filed: October 16, 2017<br>Trial Date:      March 2, 2020 |

1     PLEASE TAKE NOTICE that on January 8, 2020, at 2:00 p.m., or as soon thereafter as

2 this matter may be heard, in Courtroom 2 of the above-entitled Court, Defendant Tesla, Inc.

3 ('Tesla") will and hereby does move this Court to retain the confidential treatment of its

4 documents produced in discovery.

6 Dated: November 18, 2019     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:     */s/ Reanne Swafford-Harris*
TRACEY A. KENNEDY
PATRICIA M. JENG
REANNE SWAFFORD-HARRIS

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

SMRH:4823-0451-0891.2

-1-     Case No. 3:17-cv-06748-WHO
DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO RETAIN
CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER

1 **I.    INTRODUCTION**

2       Pursuant to Civil L.R. 7-4 and Paragraph 6.3 of the Stipulation and Protective Order, Dkt.

3 50 ("Protective Order"), Defendant Tesla, Inc. ("Tesla") hereby moves to maintain the

4 confidential treatment of its documents produced in discovery, to date. Tesla's confidential

5 designations were properly applied pursuant to the Protective Order. Discovery is closed and

6 Plaintiffs Owen Diaz and Demetric Di-Az ("Plaintiffs") have no need to disclose any confidential

7 documents for the purposes of litigating this case, except at trial. However, when Tesla offered to

8 meet and confer on the use of protected confidential material at trial because, per the Protective

9 Order, "Protected Material at trial shall be governed by a separate agreement or order," Plaintiffs

10 refused. Plaintiffs' intent to disclose these documents outside this litigation is driven by an

11 improper purpose, and their challenges to these designations are frivolous. Accordingly, Tesla has

12 no choice but to bring this motion.

13       In this litigation, Plaintiffs are alleging that they were individually subjected to retaliation

14 and discrimination due to their race while employed by Tesla. Plaintiffs nonetheless seek public

15 disclosure of Tesla's private documents containing the confidential personnel information of

16 Tesla's employees, *i.e.,* nonparties to these proceedings who have a constitutional right to privacy,

17 and as the employer, Tesla is affirmatively obligated to protect. Plaintiffs' notice challenging the

18 designations of Tesla's production contain conclusory accusations rather than particularized bases,

19 as required by the Protective Order. The asserted basis for Plaintiffs' purported need to remove

20 the protections of this Court's Order from these documents is wholly insufficient to overcome the

21 constitutional privacy rights of Tesla's employees and other non-parties, or otherwise outweigh

22 Tesla's particularized need to maintain the confidentiality of its employment policies. As such,

23 Tesla requests that the Court uphold their "CONFIDENTIAL" designations.

24

25 ///

26 ///

27 ///

28 ///

## II. ARGUMENT

### A. Plaintiffs Challenge Is Frivolous As The Parties Are Informed That The Use Of Confidential Documents At Trial Will Be Governed By A Separate Agreement

Plaintiffs' counsel lodged their challenges to Tesla's designations well after the discovery cutoff date in this litigation[1]. In an effort to avoid unnecessary law and motion and with the sincere desire to resolve this issue, Tesla's counsel accordingly met and conferred with Plaintiffs' counsel on October 30, 2019, and also inquired why Plaintiffs' counsel would challenge its designations at this advanced stage in the litigation.[2] Declaration of Reanne Swafford-Harris in Support of Motion to Retain Confidentiality ("Swafford-Harris Decl."), ¶ 2. Discovery closed on October 30, 2019. The discovery motion deadline was also closed. By the time this motion is heard, Plaintiffs would have also already filed their Opposition to all of the parties' motions for summary judgment or partial summary judgment, and had filed one of them. *Id.,* ¶ 2. Counsel for Plaintiffs stated that he wished to use confidential documents at trial, but Tesla referred Plaintiffs' counsel to Section 3 of the Protective Order, which provides that "[a]ny use of Protected Material at trial shall be governed by a separate agreement or order." *See e.g.* Swafford-Harris Decl., ¶ 3, Exh. B. Since there would be a separate order governing Protected Material at trial, Tesla offered to meet and confer on that separate agreement or order. *Id.,* ¶ 3. Plaintiffs refused, clearly indicating they intend to disclose protected material outside this litigation in an attempt to harass and unnecessarily burden Tesla. *Id.* Per the Protective Order, "[f]rivolous challenges, and those made for an improper purpose (*e.g.* to harass or impose unnecessary expenses and burden on other parties)," are not permitted. Section, 6.3 Protective Order.

Indeed, Plaintiffs' counsel intends to circumvent a separate protective order with Tesla in an arbitration, *Dewitt Lambert v. Tesla, Inc. dba Tesla Motors, Inc.*, filed in California Superior Court, Case No. RG17854515; JAMS Ref. No. RG18927296, ("*Lambert*"), which required that

---

[1] The Court's July 17, 2019 Civil Pretrial Order provides a fact discovery cutoff date of October 11, 2019. *See* Dkt. 78; *see also* Swafford-Harris Decl., ¶ 2, Exh. A.

[2] Tesla informed Plaintiffs during their meet and confer conference, that they would agree to de-designate some of the challenged documents. *See e.g.* Swafford-Harris Decl., ¶ 4.

-3- Case No. 3:17-cv-06748-WHO

SMRH:4823-0451-0891.2 DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO RETAIN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER

the plaintiff and their counsel (*i.e.* Plaintiffs' counsel here) destroy any documents after the conclusion of arbitration. Instead, Plaintiffs' counsel issued a subpoena on their own office to obtain the confidential documents, which were supposed to be destroyed, in order to use them outside of the *Lambert* litigation (which the protective order prohibited). Swafford-Harris Decl.*,* ¶ 5. This Court previously issued an order prohibiting Plaintiffs' counsel from seeking to bypass the procedural protections to which their client agreed in *Lambert;* and that "[i]nformation designated as "Confidential" in *Lambert* shall not be disclosed . . ." *See* Dkt. 80. *See also* Swafford-Harris Decl., ¶ 3, Exh. C. Plaintiff's counsel also attempted to circumvent the *Lambert* protective order in a third case, *Marcus Vaughn v. Tesla, Inc. dba Tesla Motors, Inc.*, filed in California Superior Court, Case No. RG17882082, by subpoenaing their own office in *that* case as well, seeking to have disclosed confidential documents that should have been destroyed. *Id.,* ¶ 6. The Court there indicated that subpoenaing oneself was not the route for Plaintiffs' counsel to take in order to obtain the documents sought. *Id.* Similar to prior improper means Plaintiffs' counsel pursued to circumvent the protections guaranteed to Tesla per the parties' protective order, here there is also no valid purpose for Plaintiffs to challenge Tesla's designations.

### B. Good Cause Exists to Retain the Confidentiality of Tesla's Designated Documents

There is good cause to retain confidentiality of Tesla's designated documents because Tesla has a particular need for protection of the documents in dispute. Fed. R. Civ. P. 26(c). When the confidentiality of information produced under a protective order is challenged, the court should consider "[w]hether particularized harm will result from disclosure of information to the public." *Shelley v. Cty. of San Joaquin*, No. 2:13-CV-0266 MCE DAD, 2015 WL 2082370, at *2 (E.D. Cal. May 4, 2015). It must then "balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'" *Id.* The Ninth Circuit has "directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson,*56 F.3d 476, 483 (3d Cir.1995))." *Id.* In *Glenmede Trust,* the Third Circuit recognized several factors that a district court may consider in determining whether "good cause" exists to continue the protection of the discovery material produced pursuant to a stipulated protective

-4-    Case No. 3:17-cv-06748-WHO

DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO RETAIN
CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER

order, including whether disclosure will violate any privacy interests and whether the information is being sought for a legitimate purpose or for an improper purpose [. . .]. Tesla's Motion is made on the grounds that its documents produced contain: (1) information that Tesla contains its proprietary and confidential business practices; (2) information that Tesla properly marked "CONFIDENTIAL" pursuant to the Protective Order and (3) the private and confidential personnel information of nonparties which, if disclosed, would result in the violation of their constitutional rights—an irreparable harm.[3]

Under the Protective Order, information or materials designated as "CONFIDENTIAL" may involve:

> Valuable research, development, commercial, financial, technical, personnel, human resources, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary material and information consist of, among other things, proprietary and/or confidential business practices, financial information, **information regarding confidential business practices,** or other confidential, development, or commercial information **(including information implicating privacy rights of third parties, including, but not limited to, employees), information otherwise generally unavailable to the public,** or which may be privileged or otherwise protected from disclosure under state or federal statues, court rules, case decisions, or common law. Section 1, Protective Order. (emphasis added).

Tesla properly designated all nonparty communications pertaining to nonparty personnel information, investigative, and/or disciplinary conduct, and personnel documents as "CONFIDENTIAL." California employees' contact information and personnel records are

---

[3] Swafford-Harris Decl., ¶ 7, Exh. D, Tesla's Production Chart of Challenged Documents, containing each disputed designation, its document type and its confidential nature; See *e.g.* Line Nos. 1; 4-8; 31-32; 43-50; and 54-55 (confidential employment policies and business practices); *see also* Line Nos. 11; 14-19; 30; 51-52; and 56-58 (private and confidential personnel information of nonparties).

protected by the right to privacy. Cal. Const., art. I, § 1; *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) ("[B]oth federal and state courts have specifically held that individuals have a privacy interest in not having their names and addresses disclosed."). "[T]he initiation of a law suit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck." *Id.* This balance extends to the inherent right to privacy over confidential information contained in personnel files. *See Dep't of Air Force v. Rose,* 425 U.S. 352, 372, 96 S. Ct. 1592, 1604, 48 L. Ed. 2d 11 (1976) (Congressional concern for the protection of the kind of confidential personal data usually included in a personnel file is abundantly clear). Tesla also considers the disciplinary information of its employees confidential. Ward Decl., ¶ 5.

The documents sought to be protected here contain confidential information regarding pay records, HR investigations, and performance and personnel/disciplinary issues of nonparty employees. *See e.g.* Swafford-Harris Decl., ¶ 7, Exh. D[4]. These are exactly the types of private personnel records intended to be protected by California's Constitution. Further, Plaintiffs' challenge to de-designate such personnel records and publicly disclose nonparty personnel investigations would undermine the integrity with which Tesla conducts its employee investigations. Declaration of Brandon Ward in Support of Motion to Retain Confidentiality ("Ward Decl."), ¶ 5. Tesla strives to maintain confidentiality throughout its complaint investigation process to the extent it is able; and such public disclosure may have a chilling effect on employees from coming forward with their concerns. *Id*.

Tesla's employment policies were properly designated "CONFIDENTIAL" because they contain confidential business practice information, the dissemination of which is controlled by Tesla. Ward Decl., ¶ 3. Tesla does not publish its policies nor distribute them but makes them

---

[4] *See e.g.* Line No. 16: TESLA0000511, Email communications between nonparties regarding the discipline of a nonparty associate; Line No. 9: TESLA0000140-142, Email communications between Tesla's Employee Relations team regarding the investigation of a nonparty employee; *see also* Line 10: TESLA000054-55, Email communications regarding discipline of nonparty employee and their lost earnings.

accessible to its current employees through intranet. *Id.,* ¶ 4. Additionally, Tesla takes appropriate measures to ensure the challenged policies are not publicly disclosed by its employees by restricting their means of access, *e.g.* they are not printed for distribution. *Id.,* ¶ 3. Thus, Tesla's employment policies are also confidential because they contain information that is generally unavailable to the public. *See* Section 1, Protective Order (Exh. B).

Further, given the past and persistent conduct of Plaintiffs' counsel with respect to Tesla discovery, Tesla has serious concerns about the dissemination of its employment policies and communications produced in <u>this</u> matter, being used to not only further the litigation Plaintiffs' counsel is pursuing against Tesla in other matters; but being disclosed publicly, resulting in an unfair trial. As noted above, Plaintiffs' counsel is litigating several cases against Tesla and attempted to circumvent other protective orders through various methods, including propounding discovery in one matter seeking confidential documents that were produced pursuant to protective orders in other matters (that were required to be destroyed). Here, in particular, Plaintiffs do not have any valid purpose for disclosing the protected materials, since Plaintiffs made clear that the challenge would not be simply for use at trial (which would be governed by separate order), and all other discovery and dispositive motion briefing deadlines have passed.

As such, the public disclosure of internal communications regarding among other things, employee pay practices, disciplinary and personnel issues, and employee relations investigations, should be precluded. Tesla's personnel, investigative, disciplinary, and policy documents were properly designated "CONFIDENTIAL" pursuant to the Protective Order, and the confidential information contained in these documents should remain protected.

### C. Plaintiffs' Notices Contain Conclusory Accusations as the Basis for Their Belief That Tesla's Confidentiality Designations Were Not Proper

Plaintiffs served three separate letters to Tesla dated October 16, 2019, October 19, 2019 and October 22, 2019, Plaintiffs Challenge to Confidential Designations (the "Notice"). Swafford-Harris Decl., ¶ 2; 4, Exh. E-G. In the Notice, Plaintiffs appear to challenge the entirety of Tesla's production designated "Confidential," on the basis that "they are merely routine business documents not privileged." *Id*., ¶ 4, Exh. E. Section 6.2 of the Protective Order however

requires the challenging party to explain the basis for its belief that the confidentiality designation was not proper. Making conclusory accusations that a document cannot maintain its confidentiality because it is a business record, without more, is not a sufficient challenge.

Contrary to the Protective Order, the Notice merely concludes generally, with no basis in fact or evidence, that Tesla's internal documents and policies were provided to its employees and therefore not treated as confidential by Tesla. *Id*. at Exh. G.

Plaintiffs' assertions are inaccurate and belied by the facts. Tesla indeed treats the designated employment policies, including its Anti-Handbook Handbook as confidential and takes measures to prevent their external distribution. Ward Decl., ¶ 3. Tesla's policies are "not published." *Id.,* ¶ 4. In fact, the designated policies are available to its employees only through their intranet or a multi-step verification process. *Id.* Tesla does not have a business practice of distributing, in hard copy, their employment policies to employees. *Id.,* ¶ 3. Tesla requires its employees to review their policies online and acknowledge they have done so via an electronic signature. *Id.*, ¶ 4.

Thus, the purpose for Plaintiffs challenge is not only improper, but wholly insufficient.

## III. CONCLUSION

For the foregoing reasons, Tesla respectfully requests the Court retain the confidentiality of Tesla's document production.

Dated: November 18, 2019      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Reanne Swafford-Harris*
TRACEY A. KENNEDY
PATRICIA M. JENG
REANNE SWAFFORD-HARRIS

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

-8-     Case No. 3:17-cv-06748-WHO
SMRH:4823-0451-0891.2
DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO RETAIN
CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER