SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
Email:    tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:    pjeng@sheppardmullin.com
    rswafford-harris@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. DBA TESLA MOTORS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC., CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; NEXTSOURCE, INC.; and DOES 1-10, inclusive<br><br>    Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DECLARATION OF REANNE SWAFFORD-HARRIS IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO RETAIN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER**<br><br>[*Filed concurrently with the Notice of Motion and Memorandum of Points and Authorities, Declaration of Brandon Ward and [Proposed] Order*]<br><br>Date:    January 8, 2020<br>Time:    2:00 p.m.<br>Courtroom:  2, 17th Floor<br>Judge:    Hon. William H. Orrick<br><br>Complaint Filed: October 16, 2017<br>Trial Date:    March 2, 2020 |

I, Reanne Swafford-Harris, declare as follows:

1. I am an attorney with Sheppard Mullin Richter & Hampton, LLP, counsel of record for Tesla, Inc. dba Tesla Motors, Inc. ("Tesla" or "Defendant"). I submit this Declaration in support of Tesla's Motion to Retain Confidentiality of Documents Pursuant to Protective Order. I make this declaration as to my own personal knowledge and, if called as a witness, I could and would competently testify to all facts contained herein.

2. On October 16, 2019, October 19, 2019 and October 22, 2019, Plaintiffs served three separate letters to Tesla regarding their challenges to Tesla's confidential document designations (the "Notice"). On October 30, 2019, I met and conferred with Plaintiffs' counsel Larry Organ and inquired why Plaintiffs' counsel was challenging Tesla's designations at this advanced stage in the litigation. Discovery for the Parties closed on October 30, 2019; and the discovery motion deadline had also closed. A true and correct copy of the Court's Civil Pretrial Order, Dkt. 78 is attached hereto as Exhibit A. Additionally, I informed Mr. Organ that by the time this Motion is heard, Plaintiffs would have already filed their Opposition to all of the parties' motions for summary judgment or partial summary judgment, and had filed one of them.

3. In response, Counsel for Plaintiffs informed me he wished to use confidential documents at trial. I then informed Plaintiffs' counsel that a separate order will govern the use of Protected Material at trial, in accordance with Section 3 of the Parties' Protective Order, and offered to meet and confer on that separate order. A true and correct copy of the Parties' Stipulated and Protective Order, Dkt. 50, is attached hereto as Exhibit B. Plaintiffs' counsel refused to do so, clearly indicating their intent to disclose protected material outside this litigation in an attempt to harass and unnecessarily burden Tesla.

4. In the Notice, Plaintiffs appear to challenge the entirety of Tesla's production designated "Confidential," on the basis that "they are merely routine business documents not privileged." Further, the Notice merely concludes generally, with no basis in fact or evidence, that Tesla's internal documents and policies were provided to its employees and therefore not treated as confidential by Tesla. True and correct copies of Plaintiffs Notice letters are attached hereto as

-1-   Case No. 3:17-cv-06748-WHO

SMRH:4832-4265-8731.1   DECLARATION OF REANNE SWAFFORD-HARRIS ISO TESLA'S MOTION TO RETAIN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER

Exhibits E-G.  During the call however, I informed Larry that we were agreeable to de-designating some of the challenged documents.

5. Plaintiffs' counsel intends to circumvent a separate protective order with Tesla in an arbitration, *Dewitt Lambert v. Tesla, Inc. dba Tesla Motors, Inc.*, filed in California Superior Court, Case No. RG17854515; JAMS Ref. No. RG18927296, ("*Lambert*"), which required that the plaintiff and their counsel destroy any documents after the conclusion of arbitration.  Instead, Plaintiffs' counsel issued a subpoena on their own office to obtain the confidential documents, which were supposed to be destroyed, in order to use them outside of the *Lambert* litigation (which the protective order prohibited).  This Court previously issued an order prohibiting Plaintiffs' counsel from seeking to bypass the procedural protections to which their client agreed in *Lambert;* and that "[i]nformation designated as "Confidential" in *Lambert* shall not be disclosed . . ."  A true and correct copy of the Court's Discovery Order, Dkt. 80, is attached hereto as Exhibit C.

6. Plaintiff's counsel also attempted to circumvent the *Lambert* protective order in a third case, *Marcus Vaughn v. Tesla, Inc. dba Tesla Motors, Inc.*, filed in California Superior Court, Case No. RG17882082, by subpoenaing their own office in that case as well, seeking to have disclosed confidential documents that should have been destroyed.  The Court there indicated that subpoenaing oneself was not the route for Plaintiffs' counsel to take in order to obtain the documents sought.

7. The documents sought to be protected by Tesla's "CONFIDENTIAL" designation, contain confidential information regarding pay records, HR investigations, and performance and personnel/disciplinary issues of third-party employees.  A true and correct copy of Tesla's Production Chart of Challenged Documents is attached hereto as Exhibit D.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of November 2019, at San Francisco, California.

_____
REANNE SWAFFORD-HARRIS