# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIC DI-AZ, et al.,

        Plaintiffs,

    v.

TESLA, INC., et al.,

        Defendants.

Case No. 17-cv-06748-WHO

**CIVIL PRETRIAL ORDER**

A jury trial has been set in this matter for March 2, 2020, beginning at 8:30 A.M. with an attorney conference and jury selection to follow thereafter. A Pretrial Conference has been set for February 3, 2020 at 2:00 P.M.

The following scheduling deadlines and hearing dates have been set:

| | |
|---|---|
| **Fact Discovery cutoff:** | **October 11, 2019** |
| **Dispositive Motion deadline:** | **November 20, 2019** |
| **Expert discovery cutoff:** | **November 20, 2019** |

## 1. Pretrial Conference and Statement

Not less than 28 days prior to the Pretrial Conference, counsel shall exchange (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7), (8), (9) and (10), and any motions in limine.

At least 21 days before the Pretrial Conference, lead trial counsel shall meet and confer with respect to:

- Preparation and content of the joint pretrial conference statement;

- Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and filed pursuant to this Order. To the extent such differences are not resolved, the parties will present the issues in the pretrial

United States District Court
Northern District of California

conference statement so that the judge may rule on the matter during the Pretrial Conference; and

- Settlement.

At least 14 days prior to the Pretrial Conference, the parties shall file a joint pretrial conference statement containing the following information:

a.     The Action

(i)  Substance of the Action.  A brief description of the substance of claims and defenses that remain to be decided.

(ii)  Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of those damages.

b.     The Factual Basis of the Action

(i)  Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(ii)  Disputed Factual Issues.  A plain and concise statement of all disputed factual issues that remain to be decided.

(iii)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(iv)  Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

c.     Disputed Legal Issues

(i)  Points of Law.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.

(ii)  Proposed Conclusions of Law.  If the case is to be tried without a jury, unless otherwise ordered, parties should briefly indicate objections to proposed conclusions of law.

d.      Trial Preparation

(i)  Witnesses to be Called.  A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

(ii)  Exhibits, Schedules and Summaries.  A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each describing its substance or purpose and the identity of the sponsoring witness.  Unless otherwise ordered, parties will indicate their objections to the receipt in evidence of exhibits and materials lodged and that counsel have conferred respecting such objections.

(iii)  Estimate of Trial Time.  An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(iv)  Use of Discovery Responses.  Counsel shall cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, interrogatory answers, or responses to requests for admission.  Counsel shall indicate any objections to use of these materials and that counsel has conferred respecting such objections.

(v)  Further Discovery or Motions.  A statement of all remaining discovery or motions, including motions in limine.

e.      Trial Alternatives and Options

(i)  Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(ii)  Consent to Trial Before a Magistrate Judge.  A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(iii)  Amendments, Dismissals.  A statement of requested or proposed amendments to pleadings or dismissals of parties' claims or defenses.

(iv)  Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

3

1   **2.    Witnesses**

2         a.    <u>Jury Trials</u>.  The Pretrial Conference Statement shall include the witness list

3   required in part by 1(d)(i) above.  In addition, in the case of expert witnesses, the summary shall

4   clearly state the expert's theories and conclusions and the basis therefore and shall be

5   accompanied by a curriculum vitae; if the expert has prepared a report in preparation for the

6   testimony, a copy thereof shall be furnished to opposing counsel.  Witnesses not included on the

7   list may be excluded from testifying.

8         b.    <u>Non-Jury Trials</u>.  In non-jury cases, any party may serve and lodge with the Court a

9   written narrative statement of the proposed direct testimony of each witness under that party's

10  control in lieu of a summary.  Each statement shall be marked as an exhibit and shall be in a form

11  suitable to be received into evidence.

12  **3.    Jury Instructions**

13        a.    <u>Joint Set of Instructions</u>.  The parties shall jointly prepare a set of jury instructions,

14  and shall file the proposed instructions at least fourteen days prior to the Pretrial Conference.  The

15  submission shall contain both agreed upon instructions (which shall be so noted), and contested

16  instructions, all in the order in which they should be read to the jury.  Where contested instructions

17  are included, they should be annotated both with the proponent's authority for seeking the

18  instruction and the opponent's reason for opposition.  Counsel shall deliver to Chambers a copy of

19  the joint submission on a CD/DVD in Word format.  The label shall include the case number and a

20  description of the documents.

21        b.    <u>Substance and Format of Instructions</u>.  The instructions shall cover all substantive

22  issues and other points not covered by the Ninth Circuit Manual of Model Jury Instructions.  Each

23  requested instruction shall be typed in full on a separate page and citations to the authorities upon

24  which the instruction is based shall be included.  Instructions shall be brief, clear, written in plain

25  English, and free of argument.  Pattern or form instructions shall be revised to address the

26  particular facts and issues of this case.

27        c.    <u>Preliminary Statement and Instructions</u>.  If the parties wish to have a preliminary

28  statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly

United States District Court
Northern District of California

4

prepare and file the text of the proposed preliminary statement and/or preliminary instructions at least fourteen days prior to the Pretrial Conference.

        d.    <u>Voir Dire and Verdict Forms</u>.  Each party shall file proposed questions for jury voir dire and a proposed Form of Verdict at least fourteen days prior to the Pretrial Conference.

**4.**    **Exhibits**

        a.    <u>Provide Copies of Exhibits to Other Parties</u>.  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries.  Each item shall be pre-marked with a trial exhibit sticker ("Trial Exhibit No.__"), not deposition exhibit label, and defendant's exhibit numbers shall be sequenced to begin after plaintiff's exhibit numbers.  If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits that have not been provided as required are subject to exclusion.

        b.    <u>Stipulations re Admissibility</u>.  At least fourteen days prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate to exhibits' admissibility.  If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

        c.    <u>Objections to Exhibits</u>.  In addition to the exhibit list, counsel shall confer with respect to any other objections to exhibits in advance of the Pretrial Conference.  Each party shall file a statement briefly identifying each item objected to, the grounds for the objection, and the position of the offering party at least fourteen days prior to the date set for the Pretrial Conference.

        d.    <u>Provide Copies of Exhibits to Court</u>.  One set of exhibits shall be provided to the Court in Chambers on the Friday prior to the trial date, in binders, marked, tabbed, and indexed in accordance with Local Rule 16-10(b)(7).  Exhibits shall be identified as follows:

United States District Court
Northern District of California

Case 3:17-cv-06748-WHO   Document 78   Filed 07/17/19   Page 6 of 8

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100


CASE NO. _____


DATE ENTERED_____


BY _____
DEPUTY CLERK
```

Blocks of numbers shall be assigned to fit the needs of the case (e.g., Plaintiff has 1-100, Defendant has 101-200). The parties shall not mark duplicate exhibits (e.g., plaintiff and defendant shall not mark the same exhibit; only one copy of the exhibit shall be marked).

e.    <u>Witness Binders</u>.  If all of the exhibits in a case do not fit in one binder, then the parties shall prepare a witness binder for each witness that will testify regarding three or more exhibits.

f.    <u>Disposition of Exhibits after Trial</u>.  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

**5.    Motions In Limine**

Any party wishing to have motions in limine heard prior to the commencement of trial must file them at least fourteen days prior to the date set for the Pretrial Conference.  All motions in limine shall be contained in one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading.  Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings, and shall be filed at least seven days prior to the Pretrial Conference.  No reply papers will be considered.  The motions will be heard at the Pretrial Conference or at such other time as the Court may direct.  Nothing in this

United States District Court
Northern District of California

provision prevents a party from noticing its motions in limine regularly for hearing on or prior to the final date for hearing dispositive motions.  No leave to file under seal will be granted with respect to motions in limine.

**6.      Other Pretrial Matters**

a.      Status Conferences.  Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the Courtroom Deputy, Jean Davis, at 415-522-2077 or whocrd@cand.uscourts.gov.

b.      Settlement Conferences.  Parties wishing to arrange a settlement conference before another judge or magistrate judge may do so by contacting the Courtroom Deputy.

c.      Daily Transcripts.   Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Rick Duvall, Court Reporter Supervisor, at 415-522-2079 or Richard_Duvall@cand.uscourts.gov, at least seven calendar days prior to the trial date.

**7.      Trial Matters**

a.      The normal trial schedule will be from 8:00 a.m. to 1:00 p.m. (or slightly longer to finish a witness) with two fifteen minute breaks.  Trial is usually held from Monday through Friday.

b.      Ordinarily, the Court will set fixed time limits for each side at the Final Pretrial Conference.

c.      Expert witnesses are limited to the scope of their expert reports on direct examination.  F.R.C.P. 26(a)(2) and 37(c).

d.      Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than Wednesday before the trial.  Any objections not resolved must be filed in writing by Thursday before trial.  The parties shall be available by telephone Friday before trial to discuss the issue raised with the Court.

e.      The parties shall disclose the witnesses whom they will call at trial on any given day by at least 2:00 p.m. the court day before their testimony is expected.  Failure to have a witness ready to proceed at trial will usually constitute resting.

f. The Court takes a photograph of each witness prior to the witness's testimony.

g. Other than a party or party representative, fact witnesses are excluded from the courtroom until they are called to testify, and may not attend in the gallery until their testimony is complete.

h. The Court does not typically allow bench conferences. If there are matters that need to be raised with the Court outside the presence of the jury, the parties should raise them in the morning before trial or during recess. With advance notice, the Court is usually available at 7:30 a.m. to address such matters.

**8.     Miscellaneous**

a. Please DO NOT call Chambers. If you need to contact the Courtroom Deputy, please call (415) 522-2077 and leave a message if the deputy is not available, or email whocrd@cand.uscourts.gov.

b. <u>Copies</u>. Each document filed or lodged with the Court must be accompanied by a three-hole punched copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

**IT IS SO ORDERED.**

Dated: July 17, 2019



William H. Orrick
United States District Judge

United States District Court
Northern District of California

8

# EXHIBIT B

BARBARA I. ANTONUCCI
(SBN 209039)
bantonucci@constangy.com
AARON M. RUTSCHMAN
(SBN 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP**
351 California, Suite 200
San Francisco, CA  94104
Tel: 415.918.3000

Attorneys for Defendant
TESLA, INC. DBA TESLA MOTORS,
INC.

FENN C. HORTON, III
(SBN 119888)
fhorton@pahl-mccay.com
HELENE A. SIMVOULAKIS
(SBN 256334)
hsimvoulakis@pahl-mccay.com
**PAHL & MCKAY, APC**
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113-1752
Tel.:408-286-5100

Attorneys for Defendant
WEST VALLEY STAFFING GROUP

KENNETH D. SULZER (SBN 120253)
ksulzer@constangy.com
BARBARA I. ANTONUCCI
(SBN 209039)
bantonucci@constangy.com
AARON M. RUTSCHMAN
(SBN 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH &
PROPHETE LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Tel: (310) 909.7775

Attorneys for Defendant
CITISTAFF SOLUTIONS. INC.

LAWRENCE ANTHONY ORGAN
(SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW
GROUP**
332 San Anselmo Avenue
San Anselmo, CA 94960
Tel.: 415-453-4740

Attorneys for Plaintiffs
DEMETRIC DI-AZ and OWEN DIAZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC. and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:   3:17-cv-06748-WHO<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>[Assigned to Hon. William H. Orrick] |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This action may involve valuable research, development, commercial, financial, technical, personnel, human resources, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, proprietary and/or confidential business practices, financial information, information regarding confidential business practices, or other confidential, development, or commercial information (including information implicating privacy rights of third parties, including, but not limited to, employees), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, there is good cause for a protective order for such information. It is the intent of the parties that information will not be designated as confidential for tactical reasons and

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   <u>House Counsel</u>:   attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

4

Case 3:17-cv-06748-WHO   Document 128-2   Filed 11/18/19   Page 5 of 15

otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

10

STIPULATION AND PROTECTIVE ORDER Case No. 3:17-cv-06748-WHO

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

11

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:     March 28, 2018          **CALIFORNIA CIVIL RIGHTS LAW GROUP**

By:  /s/ Navruz Avloni
Navruz Avloni
Attorneys for Plaintiffs
DEMETRIC DI-AZ and OWEN DIAZ

DATED:     March 29, 2018          **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Barbara Antonucci
Barbara I. Antonucci
Attorneys for Defendant
TESLA INC. DBA TESLA MOTORS, INC.

DATED:     March 29, 2018          **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Barbara Antonucci
Barbara I. Antonucci
Attorneys for Defendant
CITISTAFF SOLUTIONS, INC.

DATED:     March 29, 2018          **PAUL & McCAY, PLC**

By: /s/ Helene Simvoulakis-Panos
Fenn C. Horton, III
Helene A. Simvoulakis-Panos
Attorneys for Defendant
WEST VALLEY STAFFING GROUP

13

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: June 18, 2018

_____

Hon. William H. Orrick

STIPULATION AND PROTECTIVE ORDER                    Case No. 3:17-cv-06748-WHO

### EXHIBIT A

#### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

15

# EXHIBIT C

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMETRIC DI-AZ, et al.,

  Plaintiffs,

  v.

TESLA, INC., et al.,

  Defendants.

Case No.  17-cv-06748-WHO

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 79

The parties have filed a joint letter concerning plaintiffs' attempt to obtain documents produced by defendant Tesla, Inc. in *Lambert v Tesla*, a case in which plaintiffs' counsel and Tesla were involved.  Tesla complains about the procedure plaintiffs' counsel chose to seek the documents, some of which were covered by a Confidentiality Agreement and Stipulated Protective Order (the "Confidentiality Agreement") in *Lambert*.  The complaint about the process itself elevates form over substance and is denied.  Tesla does not argue that the documents are irrelevant to this litigation, and they are obviously known to plaintiffs' counsel.  That plaintiffs' counsel did not notify the Ogletree firm of his desire to use the documents in this case makes no difference.

The real question is whether and how the documents may be used.  Tesla asserts that plaintiffs' counsel seeks by this procedure to bypass the procedural protections to which his client agreed in *Lambert*.  That is prohibited.  Information designated as "Confidential" in *Lambert* shall not be disclosed except as allowed by the Confidentiality Agreement.  If there is a dispute over whether any material is entitled to confidential treatment, the parties shall meet and confer and then follow the process set forth in the Confidentiality Agreement.  If the disagreement cannot be resolved, the specific dispute should come to me for resolution.

1        That said, the parties should consider whether any of the documents would ultimately be

2  sealable in this court, and whether their dispute is more about admissibility than discoverability.

3  Please focus on the importance of the issue before bringing it to court.

4        **IT IS SO ORDERED.**

5  Dated: August 19, 2019



William H. Orrick
United States District Judge

United States District Court
Northern District of California

**EXHIBIT D**

| Line Nos. | Bates No. TESLA | Document Type |
|---|---|---|
| 1. | 211-219 | Confidential Employment Policy: "Anti-Handbook Handbook" |
| 2. | 185-186 | Email: Communications re nonparties' performance and/or disciplinary issues |
| 3. | 223-226; 234 | Confidential Employment Policy: "Fremont Factory Personal Protective Equipment (PPE) Requirements on the Production Floor" |
| 4. | 227-233; 235-239 | Confidential Employment Policy: "Personal Protective Equipment Program" |
| 5. | 240-242 | Confidential Employment Policy: "Safety \| Tesla Internal" |
| 6. | 249 | Confidential Employment Policy: "Tesla Workplace Violence Policy" |
| 7. | 220 | Confidential Employment Policy: "Tesla Anti-Harassment Policy" |
| 8. | 217-219 | Confidential Employment Policy: "Tesla Anti-Harassment Policy" |
| 9. | 140-142 | Email: Communications re internal investigation of nonparty and discipline of nonparty |
| 10. | 54-55 | Email: Communications re worker (nonparty) pay, performance issues of nonparty |
| 11. | 35-37 | Email: Communications re internal investigation of nonparty worker, including personnel and/or disciplinary issues |
| 12. | 20-24 | Email: Communications re internal investigation of nonparty |
| 13. | 25-29 | Email: Communications re internal investigation of nonparty worker |
| 14. | 509 | Email: Communications re internal investigation of nonparty, including personnel and/or discipline of nonparty |
| 15. | 510 | Email: Internal investigative documents of nonparty issues |
| 16. | 511 | Email: Communications re internal investigation of nonparty, including personnel and/or discipline issued to nonparty |
| 17. | 512 | Email: Communications re internal investigation of nonparty, including personnel and/or discipline issued to nonparty |
| 18. | 513 | Email: Communications re internal investigation of nonparty including re discipline of nonparties. |
| 19. | 518 | Investigation documents, including emails re nonparties' performance and personnel and/or disciplinary issues |
| 20. | 565-566 | Email: Communications re about termination of nonparty who was neither plaintiffs nor any alleged harasser. |
| 21. | 568-569 | Email: Communications re about termination of nonparty who was neither plaintiffs nor any alleged harasser. |
| 22. | 68-69 | Email: Communications re about termination of nonparty who was neither plaintiffs nor any alleged harasser. |
| 23. | 308-309 | Email: Communications re complaints made by nonparties to this action |
| 24. | 134 | Email: Communications re internal investigation, including involving nonparties' conduct |
| 25. | 663 | Email: Communications re training of individuals (nonparties who are neither plaintiffs nor alleged harassers) |

| Line Nos. | Bates No. TESLA | Document Type |
|---|---|---|
| 26. | 58; 61 | Email: Communications re nonparty performance issues not related to any alleged harassment |
| 27. | 672-674 | Email: Communications re nonparty performance issues not related to any alleged harassment |
| 28. | 51-52 | Email: Communications re performance issues of nonparty who is neither plaintiffs nor any alleged harassers |
| 29. | 127-128 | Email: Communications re discipline of nonparty |
| 30. | 127-128 | Email: Communications re individuals, including nonparties' conduct and personnel and/or disciplinary issues |
| 31. | 211-214 | Confidential Employment Policy: "Anti-Handbook Handbook" |
| 32. | 215-216 | Confidential Employment Policy: "General Assembly Expectations" |
| 33. | 732-737 | Nonparty Statement: Statement from internal investigation |
| 34. | 629-30 | Email: Communications re internal investigation involving nonparties |
| 35. | 635-636 | Email: Communications re internal investigation of nonparties |
| 36. | 646-647 | Email: Communications re internal investigation involving nonparties |
| 37. | 20-24 | Email: Communications re internal investigation involving nonparties, and discipline of nonparty |
| 38. | 09-12 | Email: Communications re internal investigation involving nonparties, and discipline of nonparty |
| 39. | 04-08 | Email: Communications re internal investigation involving nonparties |
| 40. | 730-732 | Email: Communications re internal investigation involving nonparties, and discipline of nonparty |
| 41. | 738-739 | Email: Communications re internal investigation involving nonparties, and discipline of nonparty |
| 42. | 317 | Email: Communications re internal investigation involving nonparties, and discipline of nonparty |
| 43. | 769-770 | Confidential Employment Policy: "Standard Operating Procedure" |
| 44. | 772-774 | Confidential Employment Policy: "Standard Operating Procedure" |
| 45. | 771 | Confidential Employment Policy: "Work Instructions Template" |
| 46. | 805-808 | Confidential Employment Policy: "Anti-Handbook Handbook" |
| 47. | 844-849 | Confidential Employment Policy: "Tesla Code of Business Conduct and Ethics" |
| 48. | 809-815 | Confidential Employment Policy: "Tesla Code of Business Conduct and Ethics (Rev 12/12/17)" |
| 49. | 842-843 | Confidential Employment Policy: "Tesla Anti-Harassment and Discrimination Policy" |
| 50. | 819-824 | Confidential Employment Policy: "Policy Against Discrimination & Harassment in the Workplace" |
| 51. | 879-888 | Portion of nonparty personnel file |
| 52. | 863-878 | Portion of nonparty personnel file |

-2-

| Line Nos. | Bates No. TESLA | Document Type |
|-----------|-----------------|---------------|
| 53. | 702-703 | Email: Communications re discipline of nonparty |
| 54. | 243-247 | Confidential Employment Policy: "The Integrity Line \| Tesla Internal" |
| 55. | 258-260 | Confidential Employment Policy: "Environment, Health and Safety Training" |
| 56. | 825-841 | Portion of nonparty personnel file |
| 57. | 852-862 | Portion of nonparty personnel file |
| 58. | 816-818 | Portion of nonparty personnel file |
| 59. | 05-08 | Email: Communications re internal investigation involving nonparties |
| 60. | 889 | Proprietary and Confidential: Floor Plan of Tesla Factory |
| 61. | 133-136 | Email: Communications re discipline of nonparty |
| 62. | 905-1013 | Email: Complaints by nonparties who are neither plaintiffs nor alleged harassers |

# EXHIBIT E



**CALIFORNIA CIVIL RIGHTS LAW GROUP**
*Law Offices of Lawrence A. Organ*

Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

*Via Electronic Mail*

October 16, 2019

Tracey Kennedy
Patricia Jeng
Reanne Swafford-Harris
Sheppard Mullin
333 South Hope Street
43rd Floor
Los Angeles, CA 90071

> **Re**:  *Demetric Di-az, et al. v. Tesla, Inc., et al.*
> Case No. 17-cv-06748-SK
> Plaintiff Owen Diaz's Written Discovery Responses to Tesla

Counsel,

I write pursuant to Provision 6.2 of the Stipulation and Protective Order signed by the Court on June 18, 2018.   Plaintiffs hereby challenge the confidentiality designations of the documents produced in discovery by Defendant Tesla because in contravention of Section 5.1, Defendant designated almost all documents confidential without considering the nature of the documents being produced. Plaintiffs do not believe that these documents qualify as a "trade secret or other confidential research, development, or commercial information" as required by FRCP 26(c)(1)(G) nor are they privileged. In addition, Plaintiffs challenge Defendant Tesla's designation of various documents used by Plaintiffs at deposition on the following bases (Note: Depo Exhibit Number refers to the Plaintiffs' Exhibit numbers used in depositions taken by Plaintiffs' counsel; "T" refers to documents Bates Stamped "Tesla *******":

| Depo. Exhibit # | Bates Number | Date | Subject | Reason Confidentiality is Challenged |
|---|---|---|---|---|
| 5 | T211-219 | | Anti-Handbook Handbook | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 7 | T157-162 | | Demetric Di-Az online Tesla Application | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |

*California Civil Rights Law Group*
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 1  of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| 19 | T185-186 | 2015.09.14 | Dominguez email re Demetric work good and bad | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 20 | T187-188 | 2015.10.09 | Caballero email to Gleason and Martinez re Demetric "we're willing to work with him" | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 21 | T294-295 | 2015.10.20 | Juan Martinez email agreeing to ending Di-Az contract | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 23 | T182-184 | 2015.10.22 | Caballero to Wetle asking Di-Az be told not to report to work | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 24 | T195-200 | | Di-Az performance review | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 25 | T234-239 | | Tesla Personal Protective Equipment Reqs | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 26 | T227 | | Tesla Personal Protective Eq. Program | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 27 | T223-226 | | Personal Protective Equipment | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 28 | T240-242 | | Tesla Safety | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business |

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 2 of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| | | | | documents not privileged |
|---|---|---|---|---|
| 29 | T228-233 | | Personal Protective Eq Program | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 31 | T249 | | Tesla Workplace Violence Policy | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 32 | T220 | | Tesla Anti-Harassment Policy | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 33 | T217-219 | | Tesla Anti-Harassment Policy | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 35 | T140-142 | 2015.10.20 | Garrett email to Marconi Re Ramon threat | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 36 | T54-55 | 2015.10.27 | Parks email RE Rothaj Foster payroll | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 37 | T35-37 | 2016.01.22 | Fwd Racist Effigy and Drawing | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 38 | T20-24 | 2016.01.22 | Garrett email Re Racist Effigy and Drawing | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 39 | T25-29 | 2016.01.22 | Quintero email Re Racist Effigy and Drawing | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are |

*California Civil Rights Law Group*
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 3 of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| | | | | |
|---|---|---|---|---|
| | | | | merely routine business documents not privileged |
| 41 | T509 | 2015.08.01 | Romero email Re Confidential elevator issues (owen) | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 42 | T510 | 2015.08.02 | Kawasaki email re confidential elevator issues (owen) | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 43 | T511 | 2015.08.04 | Romero email re Judy Tibreza (verbal warning) | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 44 | T512 | 2015.08.04 | Romero email Re Elevator confidential information | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 45 | T513 | 2018.08.04 | Quintero email re Judy Tibreza (verbal warning) | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 46 | T518 | 2015.08.17 | Quintero email Re employee changes | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 47 | T539 | 2018.08.27 | Romero email re daily report | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 48 | T557 | 2015.09.16 | Quintero email re daily log binder | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 49 | T565-566 | 2015.09.18 | Kawasaki email re Diaz letter of resignation – tesla motors | This is not the type of document that qualifies under |

*California Civil Rights Law Group*
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 4 of 14



| | | | | FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
|---|---|---|---|---|
| 50 | T568-569 | 2015.09.19 | Quintero email re two week letter of resignation | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 51 | T68-69 | 2015.09.21 | Quintero email re two week letter of resignation | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 52 | T576-577 | 2015.09.27 | Kawasaki response re elevator 2 | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 53 | T308 | 2015.10.02 | Quintero response re: owen diaz – verbal warning | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 54 | T628 | 2015.10.19 | Quintero Re: night elevator lead | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 55 | T641 | 2015.10.19 | Romero email re: Josue email: owen | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 56 | T135-136 | 2015.10.20 | Garrett email re ramon | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 57 | T134 | 2015.10.20 | Marconi email to Garrett re ramon | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 58 | T663 | 2015.10.23 | Romeo email to Delagrande | This is not the type of |



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| | | | and Quintero re pwt dz | document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
|---|---|---|---|---|
| 59 | T58 | 2015.10.24 | Romero email re rothaj foster2016.02.26 | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 60 | T 672-674 | 2015.11.02 | Quintero to Romero re pn 1004777-20-k | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 61 | 666 | 2015.11.02 | Delagrande to Romero re elevators/totes | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 62 | T701 | 2015.11.03 | Delagrande email re today's meeting | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 63 | T51-52 | 2015.11.05 | Romero to Jackson re elevator 1 out of service | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 65 | T127-128 | 2016.11.06 | Romero to Marconi re rothaj foster | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 66 | T704-705 | 2015.11.07 | Delagrande to Romero re meeting re bike | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 67 | T708-709 | 2015.11.09 | Quintero to Romero re meeting | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |

**California Civil Rights Law Group**
Marin County  |  332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County  |  180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page  6  of  14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| 68 | T49-50 | 2015.11.12 | nextsource – Rashad zaid – forklift to elevator candidate | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| --- | --- | --- | --- | --- |
| 69 | T710-712 | 2015.12.02 | elevator (forklift) operator (grave) – Eduardo Osorio | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 70 | T717-718 | 2015.12.03 | contractor email address request | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 71 | T719 | 2015.12.14 | tesla email | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 72 | T39-42 | 2015.12.15 | resume | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 73 | T720 | 2015.12.22 | one on one meeting | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 78 | T412-421 | 2018.09.02 | Owen's badge history | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 79 | T163-169 | | Candidate: Owen O. Diaz | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 80 | T211-214 | | Anti-Handbook Handbook | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business |

*California Civil Rights Law Group*
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 7 of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| | | | | documents not privileged |
|---|---|---|---|---|
| 81 | T215-216 | | General Assembly Instructions | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 83 | T732-737 | 2015.01.22 | Ramon Martinez's Chartwell Staffing Solutions' alleged harasser-investigation questions | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 93 | T3 | 2016.03.15 | Antioch Health Center – Owen's off work note | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 95 | T334-335 | 2016.3.21 | Elevator | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 96 | T144 | 2016.5.04 | Separation notice – Owen Diaz – 05/04/2016 – United States of America | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 97 | T54-55 | 2015.10.27 | Rothaj Foster – Payroll Exception | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 100 | T215-216 | | Tesla's General Assembly Expectations | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 116 | T471-481 | | Next Source Operational Meeting Minutes | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 117 | T220 | | Tesla Anti-harassment | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are |

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 8 of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

|  |  |  |  | merely routine business documents not privileged |
|---|---|---|---|---|
| 118 | T217-219 |  | Tesla Anti-harassment | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 119 | T62 | 2015.06.24 | Uhlenbrock email re Resume/Owen Diaz | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 120 | T610 | 2015.08.02 | Kawasaki email to Quintero re Confidential elevator issues | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 121 | T511 | 2015.08.04 | Romero to Quintero Re Judy Tibreza (verbal warning) | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 122 | T512 | 2015.08.04 | Romero to Kawasaki re elevator confidential info | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 123 | T629-30 | 2015.10.19 | Jackson to Garrett re Recruiter status | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 124 | T635-636 | 2015.10.19 | Jackson to Gryske Re (redacted) | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 125 | T641 | 2015.10.19 | Romero to Jackson Re Owen | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 126 | T133-136 | 2015.10.20 | Garrett to Marconi Re Ramon | This is not the type of document that qualifies under |

California Civil Rights Law Group
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 9 of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| | | | | |
|---|---|---|---|---|
| | | | | FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 127 | T646-647 | 2015.10.21 | Jackson to Garrett Re Employee Relations issue – Tesla | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 128 | T20-24 | 2016.01.22 | Garrett to Jackson re Racist Effigy & Drawing | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 129 | T09-T12 | 2016.01.22 | Torres to Jackson re Racist Effigy    & Drawing | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 130 | T04-08 | 2016.01.22 | Martinez to Jackson re Racist Effigy    & Drawing | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 131 | C50 & 55 | 2016.01.26 | Deleon to Ledesma re Racist Effigy    & Drawing | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 132 | T730-7 | 2016.01.25 | Wayne to Quintero re NextSource Ramon Martinez Status Update | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 133 | T738-739 | 2016.01.25 | Quintero to Jackson, Torres and Laloh Re NextSource Ramon Martinez Status Update | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 134 | T317 | 2016.03.02 | Jackson to Romero Re Owen Diaz and Troy Dennis | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 135 | T319 | 2016.03.04 | Romero to Hopper Re Safety | This is not the type of |

*California Civil Rights Law Group*
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 10  of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | Shoes | document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 136 | T320 | 2016.03.04 | Romero to Diaz Re Safety Shoes | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 137 | T329 | 2016.03.14 | Romero to Jackson Re FW Night Elevator Lead | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 138 | T330 | 2016.03.17 | Romero to Jackson Re Owen Diaz | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 139 | T333 | 2016.03.18 | Romero to Jackson Re Owen Diaz Dr Note | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 142 | T752-753 | 2016.02.26 | Quintero to Romero Re Owen | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 144 | T769-770 | 2015.02.14 | Tesla SOP of Inoperable Freight Elevator | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 145 | T772-774 |  | SOP Bldg services/Elevator Operators | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 146 | T771 |  | Work Intruction #2015-006-A | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 11 of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| 147 | T805-808 | | Anti Handbook Handbook | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 148 | T844-849 | | Tesla Code of Bus Conduct & Ethics | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 149 | T809-815 | | Tesla Code of Bus Conduct & Ethics (Rev 12/12/17 | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 150 | T842-843 | | Tesla Anti-Harassment and Discrmination Policy | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 151 | T819-824 | | Tesla Policy Against Discrimination… | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 152 | T879-888 | | Javier Caballero (Redacted)doc | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 153 | T863-878 | | Ramon Martinez (Redacted)doc | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 155 | T61 | 2015.10.18 | Kawasaki to Jackson re FWD Diaz re Ramon | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 156 | T702-703 | 2015.11.06 | Quintero to Romero Re response to Foster termination | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business |

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page  12  of  14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| | | | | documents not privileged |
|---|---|---|---|---|
| 157 | T243-247 | | Tesla: The Integrity Line | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 158 | T258-260 | | Tesla: You are Eyes and Ears… | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 159 | T65 | | Tesla: Construction | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 160 | T825-841 | | (Redacted) Edward Romero HR Training docs | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 161 | T852-862 | | (redacted)    Victor Quintero HR Training docs | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 162 | T816-818 | | Roberto Hurtado HR Training docs | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 165 | T05-08 | 2016.01.22 | Diaz to Romero Re Racisct effigy with color photos | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 183 | T889 | | Schematic Plan of Tesla Factory | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are merely routine business documents not privileged |
| 185 | T133-136 | 2015.10.20 | Oct. 2015 Investigation of Diaz Complaint re Martinez | This is not the type of document that qualifies under FRCP26(c)(1)(G) and they are |

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 13 of 14



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

| | | | | merely routine business documents not privileged |
|---|---|---|---|---|

I look forward to your timely responses. We are available next week to meet and confer over these challenged designations.

Sincerely,

Larry Organ

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 14 of 14

**EXHIBIT F**



CALIFORNIA CIVIL RIGHTS LAW GROUP
*Law Offices of Lawrence A. Organ*

Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

*Via Electronic Mail*

October 19, 2019

Tracey Kennedy
Patricia Jeng
Reanne Swafford-Harris
Sheppard Mullin
333 South Hope Street
43rd Floor
Los Angeles, CA 90071

    **Re**: *Demetric Di-az, et al. v. Tesla, Inc., et al.*
      Case No. 17-cv-06748-SK
      Plaintiffs Challenge to Confidential Designations as to documents Bates Stamped
       TESLA 905-1013, TESLA 1-407.

Counsel,

   I write pursuant to Provision 6.2 of the Stipulation and Protective Order signed by the
Court on June 18, 2018.   Plaintiffs hereby challenge the confidentiality designations of the
documents produced in discovery by Defendant Tesla as follows because in contravention of
Section 5.1, Defendant designated all documents in these ranges confidential without considering
the nature of the documents being produced. Plaintiffs do not believe that these documents
qualify as a "trade secret or other confidential research, development, or commercial
information" as required by FRCP 26(c)(1)(G) nor are they privileged.

   More specifically, Plaintiffs challenge the confidential designations of the documents
recently produced by Defendant Tesla on October 15, 2019.   These documents, Bates Stamped
TESLA 905-1013 do not qualify as categories subject to protection under FRCP 26(c)(1)(G), or
any privacy right.   The documents are evidence of other complaints by workers at Tesla's
Fremont factory during the time Plaintiffs worked there.   This type of evidence is admissible in
court and cannot be classified as "confidential" within the meaning of the protective order. For
example, TESLA 1003 speaks of cleanup of graffiti, which Tesla is required to do by federal and
state anti-harassment laws, so there can be no basis of confidentiality there. TESLA 1004
includes the complaint by Production Associate Kevin Colvin about the graffiti in the bathroom
including the statement "all niggers must die." Again, there is no basis for suggesting that this is
confidential as Mr. Colvin was making a complaint and therefore willfully elevating his
concerns.   TESLA 1005 is a picture of the graffiti as communicated by Mr. Colvin and includes
a picture of the "swastika" and the statement "all niggers must die."   Again, this is not
confidential because it was posted in the bathroom for all employees to see who used the
bathroom.

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 1 of 2



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

Importantly, Defendant Tesla's over-designation of documents is improper both under the terms of the Protective Order (See Section 5.1), but again clearly includes documents that simply could not possibly qualify as "confidential" under anyone's interpretation.   For example, TESLA 966 is only an email "requesting an update" which cannot be confidential.   TESLA 936 is merely an email re scheduling.   TESLA 932 merely indicates which team Titus is on.   TESLA 924 merely contains directions to the Fremont plant.   TESLA 911 talks about highlighting.   TESLA 913 is a redacted spreadsheet with no information.   Presumably the redacted was enough to prevent disclosure of any information, and so that should not be labeled as confidential.   TELSA 919-922, 970, and 974 are merely notices of meetings.   In summary, Defendant simply designated all documents as confidential without scrutinizing any of the documents or their content. Accordingly, and pursuant to the Protective Order, Plaintiffs hereby challenge all of the designations of this range TESLA 905-1013.

It appears that Defendant used a similar overreaching use of the confidential designations as to its first two productions of documents also which are included in the Bates Number range TESLA 1-407. These documents include numerous versions of Mr. Owen Diaz's complaints about the racist conduct directed at him.   Of course, these are not confidential because Plaintiff sent them.   This range of documents include such confidential things as Plaintiff's resume (TESLA 63-65).   In addition, there are numerous blank spreadsheets (TESLA 175, 200, 309), pages with a vertical line (TESLA 371, 389), and pages with just the Tesla letters on the page (TESLA 299).   Accordingly, Plaintiff contests the entire race of documents from TESLA 1-407 because Defendant failed to do a particularized analysis of the documents to ensure that only confidential documents were so designated and because the documents do not statisfy the requirements for such designations.

I look forward to your timely responses to this letter based on the requirements of the protective order. We are available next week to meet and confer over these challenged designations.

Sincerely,

Larry Organ

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 2 of 2

**EXHIBIT G**



CALIFORNIA CIVIL RIGHTS LAW GROUP
*Law Offices of Lawrence A. Organ*

Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

*As Via Electronic Mail*

October 22, 2019

Tracey Kennedy
Patricia Jeng
Reanne Swafford-Harris
Sheppard Mullin
333 South Hope Street
43rd Floor
Los Angeles, CA 90071

**Re**: *Demetric Di-az, et al. v. Tesla, Inc., et al.*
Case No. 17-cv-06748-SK
Plaintiffs Challenge to Confidential Designations as to documents Bates Stamped TESLA 408-889

Counsel,

I write pursuant to Provision 6.2 of the Stipulation and Protective Order signed by the Court on June 18, 2018. Plaintiffs hereby challenge the confidentiality designations of the documents produced in discovery by Defendant Tesla as follows because in contravention of Section 5.1, Defendant designated all documents in these ranges confidential without considering the nature of the documents being produced. Plaintiffs do not believe that these documents qualify as a "trade secret or other confidential research, development, or commercial information" as required by FRCP 26(c)(1)(G) nor are they privileged. As a general comment, it is troubling that Defendant redacted and then labeled documents as "confidential" when the redacting should cure any issues with respect to the document.

More specifically, Plaintiffs challenge the confidential designations of the documents produced by Defendant Tesla Bates Stamped TESLA 408-889 because they clearly do not qualify as the types of documents or categories subject to protection under FRCP 26(c)(1)(G), or any privacy right. The documents initially are time punches for Demetric and Owen Diaz which clearly are not confidential as Plaintiffs are the ones who punched in and out. (See TESLA 408-421.) From TESLA 422-466, the documents appear to be slides from a Powerpoint on Environment Safety which presumably were given to Tesla workers, and therefore they were not treated as confidential by Tesla. Such information can hardly be said to be a trade secret. Documents 467 – 481 are two sets of Weekly Operations Meetings Notes. Most of the pages are redacted and contain no information so the confidential designation is clearly erroneous. As to Mr. Diaz's promotion and the reference to a rollout of training by NextSource, again these are general statements communicated to many workers and were not confidential. Accordingly, Plaintiffs challenge this entire range from TESLA 408-481.

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 1 of 3



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

        With respect to TESLA 482-802, again Tesla violated Section 5.1 of the protective order by designating all documents as confidential, perhaps most egregiously by assigning that designation to TESLA 560, 563 and 567 which are blank pages marked "Intentionally left blank."   Document 485 lists Owen Diaz's name and phone number on an otherwise blank page and 486 is a redacted email showing Mr Diaz scheduled to work 8 hour shifts on the elevator. TESLA 492-494 is Owen Diaz's resume. Document 516 is a page that is blank apart from the name "Josue".   TESLA 522, 525, 542, 636, 638, 670 and 671 have been redacted of all information, so the confidential designation is erroneous because all potentially confidential information has been eliminated from the pages.   Document 528 has been redacted of all information except "Owen Diaz Elevator Lead, D Day 12hr".   TESLA 532 is a blank page. The names Raul Camancho and Eric Ambrecht are all that appear on TESLA 546.   Documents 550 and 590 are spreadsheet headers with all of the content redacted and 692-700 are completely redacted spreadsheets. TESLA 561, 584, 586 and 593 are copies of unsigned non-disclosure agreements. Document 569 is a single, unidentified phone number whilst 583 appears to be one line of url code and TESLA 575 is a line of asterisks. TESLA 594 is an email header followed by a page redacted of all information that continues through document 595. The confidential designation has been assigned to TESLA 625, a page redacted of all information other than Rebecca Gleason's name and letterfooter. Documents 668 is a page redacted of all information other than the email tag and the words "good afternoon" and "thank you" and is followed by 669, a spreadsheet page redacted of all information other than Owen Diaz's recycling payroll information and followed by two more fully redacted pages, produced as TESLA 670 and 671. Documents 676 and 679, 684, 686 and 688 have been redacted of all information other than an email tag. The wholesale designating of confidential status is further evidenced by that allocation on the blank signature page, TESLA 0000716. Documents 725 and 729 are blank pages bearing only the "sent from my iphone" tagline. 751 and 762 bear jdelagrande email tags on otherwise blank pages. Items 776-778 are part of the TeslaFlex injury prevention slide presentation which were presumably given to Tesla workers and hence were not treated as confidential by Tesla but were nonetheless assigned that designation. The same applies to documents 779 through 801 which appear to be slides from Tesla's health and safety training program. Document 802, also assigned the Confidential designation, bears only the words "Incident Reporting." TESLA 805 - 808 are pages from the Anti Handbook Handbook, a document provided to all new employees and therefore clearly not a trade secret or confidential document, 809-815 are the Tesla codes of conduct and ethics, clearly pages that were published to employees, and therefore not confidential. Document 818 is another blank page. TESLA 819 through 824 , 842-43, and 844-51 are more examples of Tesla's internally published policies on anti-harassment and codes of conduct, and therefore not subject to the Confidential designation they have been assigned. TESLA 825 through 829, 839 and 840 are documents redacted of all information except the words "view worker Edward Romero"; documents 852-857 are redacted of information except "view worker Victor Quintero"; 863-866 and 870-873 are redacted of all information except "view worker Ramon Martinez"; and 879-884 are redacted of all information for except "view worker Javier Caballero."

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 2 of 3



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cimone Nunley, Esq.

Accordingly, Plaintiff contests the entire race of documents from TESLA 408-889 because Defendant failed to do a particularized analysis of the documents to ensure that only confidential documents were so designated and because the documents do not satisfy the requirements for such designations.

I look forward to your timely responses to this letter based on the requirements of the protective order. We are available this week or next to meet and confer over these challenged designations.

Sincerely,

Larry Organ

**California Civil Rights Law Group**
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4770
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 3 of 3