SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398
tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
E mail     pjeng@sheppardmullin.com
              rswafford-harris@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. DBA TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON<br><br>        Plaintiffs,<br><br>   v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC., CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; NEXTSOURCE, INC.; and DOES 1-10, inclusive<br><br>        Defendants. | Case No. 17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TESLA, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS FOR UNRUH CIVIL RIGHTS ACT AND PUNITIVE DAMAGES**<br><br>Date:        December 17, 2019<br>Time:       9:30 a.m.<br>Courtroom: 2, 17th Floor<br>Judge:      Hon. William H. Orrick<br><br>Trial date;     March 2, 2020<br>Complaint filed: October 16, 2017<br><br>*[Filed concurrently with the Declaration of Patricia M. Jeng and Proposed Order]* |

1   Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California, as well
2   as Judge Orrick's Standing Order regarding administrative motions to seal, Defendant Tesla, Inc.
3   dba Tesla Motors, Inc. ("Tesla"), submits this Administrative Motion to File Under Seal and
4   respectfully requests that the Court issue an Order sealing the physical copies of the documents
5   identified below to the Declaration of Patricia M. Jeng In Support of Tesla's Reply to Plaintiffs'
6   Memorandum of Points and Authorities in Opposition to Tesla, Inc.'s Motion for Partial Summary
7   Judgment as to the Claims for Unruh Civil Rights Act and Punitive Damages.  This motion is
8   based on the memorandum of points and authorities and the Declaration of Patricia M. Jeng In
9   Support of the Administrative Motion to File Documents Under Seal In Support of Defendant's
10  Motion for Partial Summary Judgment ("Jeng Decl.").  Tesla identifies the following documents
11  and portions of documents it proposes be sealed:

| Document | Portion(s) To Be Sealed | Designating Party |
|---|---|---|
| Exhibit 25: Deposition of Owen Diaz and Deposition Exhibit 8, taken on May 22, 2018 | Excerpts from Owen Diaz's May 22, 2018 deposition testimony and Deposition Exhibit 8. | Tesla, Inc. |

16  The deposition testimony and deposition exhibit identified above were previously
17  designated as "Confidential" pursuant to the parties' Stipulated Protective Order.  Dkt. 50.  Tesla
18  requests that these documents be filed under seal because the parties have specifically stipulated
19  the documents are confidential.  Jeng Decl., ¶¶ 2-3.

20  **TESLA'S DOCUMENTS SHOULD BE SEALED**

21  In addition to complying with the Parties' Stipulated Protective Order, the deposition
22  testimony and deposition exhibit are independently qualified to be protected from being filed in
23  the public record because they provide information protected by the privacy rights of third parties
24  granted by the California Constitution.  The documents contain information that is protected by
25  law, and thus sealable under Civil Local Rule 79-5.
26  The documents relate to alleged events that occurred during plaintiffs' work with Tesla
27  which contain personnel information from and about other non-parties and Tesla employees or
28

1   contractors.  *See* Jeng Decl., ¶¶ 3-9.  The documents contain private personnel and workplace

2   information about Tesla employees and contract workers who are not parties to this litigation.

3         It is well established that California workers have a constitutional right to privacy as to

4   their private, confidential information.   Cal. Const. Art. I, sec. 1.  The right to privacy includes

5   confidential information contained in personnel-related documents and other personal identifying

6   information.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)

7   (acknowledging privacy interests implicated by sensitive, personal identifying information); *see*

8   *also Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-CV-05064-JSC, 2015 WL

9   9268118, at *4 (N.D. Cal. Dec. 21, 2015) (noting that an employee's personnel records from

10  employment are subject to California's constitutional right to privacy).  Additionally, sensitive and

11  private information of third parties to a litigation ordinarily should be sealed to protect the non-

12  party from improper disclosure.  *See Foltz*, 331 F.3d at 1137.

13        As described above, Exhibit 25 to the Jeng Declaration should be sealed because it

14  contains personnel information and workplace information about Tesla employees and contract

15  workers who are not parties to this litigation, including information regarding complaints and

16  confidential investigations of individuals not party to this litigation.  Disclosing such confidential

17  information would constitute an invasion of privacy rights of former and current employees and/or

18  contractors.   Jeng Decl., ¶ 3-9.

19        Information relating to investigations of employee misconduct is properly sealed from the

20  public because releasing such information could damage or impair an employer's ability to

21  conduct investigations in the future.  *See Genentech, Inc. v. JHL Biotech, Inc.,* 2019 U.S. Dist.

22  LEXIS 35177 (N.D. Cal. March 5, 2019).  In *Genentech, Inc.*, the court sealed documents

23  regarding an internal investigation dealing with employee misconduct, reasoning that such

24  documents and information would reveal to the public the company's procedures and tools when

25  conducting sensitive internal investigation into suspected employee misconduct.  *Id.*

26        Here, the identified deposition testimony and deposition exhibit should be filed under seal,

27  as set forth in *Genetech*.

28

-2-   Case No. 17-cv-06748-WHO
SMRH:4814-3259-8446.1                   DEFENDANT TESLA, INC.'S ADMINISTRATIVE
                                        MOTION TO FILE DOCUMENTS UNDER SEAL

**CONCLUSION**

For the reasons set forth above and based on the accompanying Declaration of Patricia M. Jeng, Tesla respectfully requests that the Court grant Tesla's motion and enter an Order sealing the documents identified above and in the Declaration of Patricia M. Jeng.

Dated: December 5, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Patricia M. Jeng*
TRACEY A. KENNEDY,
PATRICIA M. JENG
REANNE SWAFFORD-HARRIS

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.