LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone: (415)-453-7352
Facsimile: (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER KRAKOW + GLICK LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 394-0888
Facsimile: (310) 394-0811

Attorneys for Plaintiffs,
DEMETRIC DI-AZ and OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO RETAN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 8, 2020<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Trial Date: March 2, 2020<br>Complaint filed: October 16, 2017 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Tesla has violated the terms of section 5.1 of the Protective Order by designating its entire production, including blank pages with no substantive information, as confidential. Examples of Tesla's over-designation of documents includes (1) emails from the Plaintiffs and other employees related to Plaintiffs' claims of racial discrimination; (2) Tesla's policies and procedures, despite the fact that the information Tesla seeks to protect can be found on Tesla's website; and (3) emails related to other similar claims of racial discrimination at Tesla.

It is incumbent on Tesla to sufficiently explain why the documents at issue merit special protection. Defendant fails to meet its burden of showing that (a) the information is a "trade secret or other confidential research, development, or commercial information," under FRCP 26(c)(1)(G), and (b) its disclosure would be harmful to the party's interest in the property." *In re "Agent Orange" Product Liab. Litig*. 104 F.R.D. 559, 574, aff'd (2nd Cir. 1987) 821 F.2d 139. Nor does it show that disclosure of the documents and information would "violate any privacy interests." *Glenmede Trust Co. v. Thompson*, 56 F. 3d 476, 483 (3d Cir. 1995).

Here, Tesla has failed to submit the disputed documents to this Court for review, or even, at a minimum, to provide details as to why the subject documents deserve confidential treatment. Tesla's failure to submit the documents or explain the justification for their confidentiality is testament to the unreasonableness of the proposed confidential designation and grounds for the Court to deny its Motion.

This is an important civil rights case involving widespread use of the N-word and other racist images at one of the Bay Area's largest manufacturers. Plaintiffs seek to have a public trial of the issues in this case. Given the incendiary nature of the evidence in this case, Defendant Tesla seeks to hide important evidence of its utter failure to address this racist conduct under the shroud of "confidentiality." In doing so, it blatantly misrepresents the nature of the evidence and its alleged efforts to keep these materials confidential, and misstates the reasons why Plaintiffs have challenged the "confidential" designations in this case.

In Plaintiffs' counsel's meet and confer efforts, Plaintiffs clearly described the issues

with each of the proposed document designated by defendant for confidentiality (as reflected by the exhibits attached to Tesla's motion as well as this Opposition). Although Tesla conceded that some documents *were* improperly designated as confidential, Defendant ultimately did not retract any of the hundreds of pages of documents for de-designation. Accordingly, Defendant's wholesale request to have <u>all</u> documents designated confidential should be denied.

## II. FACTUAL BACKGROUND

Plaintiff Owen Diaz and his son Plaintiff Demetric Di-az were pleased to land positions at Tesla's production factory, located in Fremont, California. Despite working in different areas of the factory, both men were targets of racially motivated abuse, including frequent use of racial slurs. Plaintiffs complained to their supervisors, but Tesla took no action. Plaintiffs quickly learned that Tesla's progressive image was a façade, camouflaging a hostile work environment that was regressive and demeaning in its treatment of African-American employees.

The Parties entered into a Stipulated Protective Order, which the Court signed on June 18, 2018. (Dkt. 50; Exhibit B to the Declaration of Renee Swafford-Harris ("Swafford-Harris Dec.")) Pursuant to the Order, Tesla designated virtually all of its document production as "Confidential." Plaintiff objected to numerous confidentiality designations Tesla made in its document production, in four letters dated October 16, 19, 22, and 31, 2019. (Exhs. E-G to Swafford-Harris Dec.; Exh. E to Declaration of Larry Organ ("Organ Dec.")) The parties also exchanged email correspondence in an attempt to informally resolve the confidentiality dispute, and Tesla conceded that at least some of the documents it designated as confidential should be de-designated. (Exh. F to Organ Dec. at pp. 1-2) However, Defendant never confirmed that these, or any documents, had been de-designated as confidential, despite being required to do so by the terms of the Protective Order. (*Id*.)

## III. LEGAL ARGUMENT.

### A. The Court Must Deny Defendant's Motion, Because Defendant Has Not Met its Burden to Demonstrate Good Cause for the Documents' Sealing.

Where a party seeks to seal documents produced in discovery, it must make a particularized showing of "good cause" to justify their sealing. *Kamakana v. City and County of*

*Honolulu*, 447 F.3d 1172,1180 (9th Cir. 2006). The party seeking sealing "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F. 3d 1206, 1210-1 (9th Cir. 2002), *citing Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992). The party must make this "particularized showing" for <u>each individual document</u>. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—Northern Dist. (San Jose)*, 187 F. 3d 1096, 1102 (9th Cir. 1999). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test". *Beckman Indus., Inc.*, 966 F.2d at 476. The party seeking to unseal the record does not bear a burden to justify its request; "rather the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means the default posture of public access prevails." *Kamakana*, 447 F.3d at 1182 (discussing burden for request to seal documents submitted with dispositive motions under parallel FRCP 26 "compelling reasons" standard). The Protective Order echoes this requirement, noting that the "burden of persuasion in any [proceeding challenging confidential designations] shall be on the Designating Party"—in this case, Tesla. (Exh. B to Swafford-Harris Dec. at 8:3-4)

Tesla has utterly failed to meet its burden. The only discussion of specific harm is a broad claim that disclosure of some documents "may have a chilling effect" on its employees. (Def.'s Mtn. at 6:18-20) It fails to articulate its reasoning or provide specific examples of the employees whose speech may be chilled. It makes no such showing of any harm for any other category of documents. Indeed, Tesla fails to even submit copies of the documents it seeks to seal, precluding the Court from making a reasoned determination as to whether the documents' sealing is merited. Because Defendant fails to identify the "specific harm or prejudice" that would result from the disclosure of each one of its allegedly confidential documents, and fails to submit the documents for the Court's review, its Motion must be denied.

### B. Defendant's Mass, Default Designation of Virtually All Documents as Confidential is Improper and in Bad Faith.

In violation of the Protective Order, and in contradiction of abundant statutory and case law, Tesla has indiscriminately labeled hundreds of documents as "confidential" without

justification. In its motion, Tesla fails to offer any adequate explanation as to why routine employment documents which are patently relevant to this case should be sealed by the Court.

The courts recognize a presumption of public access to court records and documents. *Nixon v. Warner Communications, Inc.* 435 U.S. 589. 597 (1978). When presented with an agreed proposed protective order seeking to seal documents produced in discovery, the court must ensure that the information sought to be protected falls within a <u>legitimate category of confidential information</u>. *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002), *citing Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Federal courts cannot grant parties *carte blanche* to seal or protect whatever they desire. *Citizens First National Bank of Princeton*, 178 F.3d 943, 944.

The Parties entered into a stipulated protective order signed by this Court on June 18, 2018, which specifically addressed the production of confidential, proprietary or private information. (Dkt. 50; Exh. B to Swafford-Harris Dec.) The Protective Order, which was modeled after the Northern District of California's preferred form for stipulated protective orders, sets forth that certain information produced in this case may require special protection from public disclosure. It delineates as follows: "Such confidential and proprietary materials and information consist of, among other things, **proprietary and/or confidential business practices, financial information, information regarding confidential business practices, or other confidential, development, or commercial information (including information implicating privacy rights of third parties, including, but not limited to, employees), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law**. (Dkt. 50; Exh. B to Swafford-Harris Dec. at 2:15-21)

It further provides, in pertinent part:

"5.1 <u>Exercising Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection **only those**

**parts** of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably with the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation." (Dkt. 50; Exh. B to Swafford-Harris Dec. at 5:6-19)

As reflected in both the protective order and case law, <u>the party resisting discovery or seeking limitations thereon has the burden of justifying the protections sought</u>. *Pearson v. Miller* (3rd Cir. 2000) 211 F.3d 57, 72-73; *In re "Agent Orange" Product Liab. Litig*. (ED NY 1985) 104 F.R.D. 559, 574, aff'd (2nd Cir. 1987) 821 F.2d 139; *Centurion Indus., Inc. v. Warren Steurer & Assocs*. (10th Cir. 1981) 665 F.2d 323, 326; *Blankenship v. Hearst Corp*. (9th Cir. 1975) 519 F.2d 418, 429; Dkt. 50; Exh. B to Swafford-Harris Dec. at 8:3-4 ("The burden of persuasion in any such challenge proceeding shall be on the Designating Party."). First, the party moving for the protective order (party opposing discovery) must show (a) that the information is a "trade secret or other confidential research, development, or commercial information," under FRCP 26(c)(1)(G) and (b) that its disclosure would be harmful to the party's interest in the property." *In re "Agent Orange" Product Liab. Litig*. 104 F.R.D. 559, 574, aff'd (2nd Cir. 1987) 821 F.2d 139.

Here, rather than delineating a basis for confidentiality, Tesla summarily states that roughly 300 pages of documents ought to remain confidential because they contain proprietary and business information such as its employment policies and business practices, and personnel

information of nonparties including pay records, HR investigations and disciplinary issues of nonparty employees. (Mtn. at 5:2-7) Tesla offers no support for the proposition that its employment policies are "commercial information", and provides no justification for the "harm" that might result from the disclosure of the information. It is difficult to contemplate how the disclosure of human resources policies would be harmful to Defendant's business of automobile manufacturing.

Tesla fails to even *describe* the documents for which it seeks confidentiality, let alone submit the actual documents to Court in order to allow for a well-informed determination. This machination allows Tesla to misrepresent the substance of the documents it seeks to protect. The majority of the documents consist of emails related to complaints of racial discrimination and harassment made by Plaintiffs and co-workers (the claims at issue in this case) and Tesla employees attempting to address the same. Tesla identifies all of these documents as pertaining to non-parties, a blatantly false representation. For instance, Tesla identifies one document as "Communications re nonparties' performance and/or disciplinary issues". (Exh. D to Swafford-Harris Dec. at p. 1, ln. 2)

Tesla claims two other e-mail exchanges involve "Communications re internal investigation involving nonparties". (Exh. D to Swafford-Harris Dec. at p. 1, lns. 9 and 39)

Nonparties are only discussed to the extent they harassed Plaintiffs, and Tesla offers no explanation as to the legal basis for sealing these documents. *See Pierson v. Indianapolis Power & Light Co.* (SD IN 2002) 205 F.R.D. 646, 647 (merely describing personnel records and employment agreements as "private" "confidential" and "proprietary" did not meet Rule 26(c)'s "good cause" standard).

To claim privacy protections, a party must demonstrate that the individuals mentioned in the records had a reasonable expectation of privacy in the information. *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 36 (1994). Tesla has made no such showing, because it cannot: other

PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO RETAN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

employees cannot claim a privacy interest in their discussion of <u>Plaintiff's</u> claims of racial harassment. To the extent other personnel issues are mentioned—such as in discussion of discipline and other personnel matters—Tesla neglects to mention that other employees' discipline is only implicated in the context of Plaintiff's complaints. It offers no support for its claim that such limited personnel information, devoid of "more intimate privacy interests" like medical information or even a home address, carries any reasonable expectation of privacy. *Gilbert v. Citigroup, Inc.*,2009 WL 10692463 at *4 (N.D. Cal. Apr. 2, 2009.)

Tesla also seeks to extend confidentiality designations to

Tesla provides no specific facts to demonstrate good cause for labeling these documents confidential and identifies no specific harm that might result from their disclosure. This is likely because Tesla already knows no specific harm will result from their disclosure, because forms of these documents are already publicly available. Updates to the attendance policy contained in Tesla's employee handbook are a matter of public record. (Organ Dec. ¶ 4, Exh. A) The other contents of Tesla's employee handbook are also a matter of public record. (Organ Dec. ¶ 5, Exh. B) Tesla's Code of Business Conduct and Ethics is publicly available on its website. (Organ Dec. ¶ 6, Exh. C.) A map of its factory is also publicly available on its website, containing a similar degree of detail to the map Tesla seeks to seal. (Organ Dec. ¶ 8, Exh. D.) Public disclosure of documents undermines any attempt to designate as confidential. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, (C.D. Cal. 2009) 256 F.R.D. 678, 683 citing *Ruckelshaus v. Monsanto Co.* (1984) 467 U.S. 986, 1002 ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished").

Other documents Tesla seeks to shield include:

PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO RETAN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Tesla seeks to seal these documents while failing to provide good cause for their sealing. Case law rejects these categories of documents as being subject to protection. Many courts allow discovery of the personnel records of plaintiff's coworkers or other employees to bolster claims of harassment or discrimination. *Ladson v. Ultra East Parking Corp*. (SD NY 1996) 164 F.R.D. 376, 378 (action to determine whether employer had discriminated against its employees); *Hicks v. Robeson County* (ED NC 1999) 187 F.R.D. 232, 235 [in "reverse discrimination" action, plaintiff's request for production of personnel records for county employees performing same job as plaintiff could provide relevant information (e.g., date of hire, rate of pay, date of birth and race of employees)].

Case law also supports disclosure of company reports of internal investigations conducted in response to a plaintiff's claims. *Carman v. McDonnell Douglas Corp.* (8th Cir. 1997) 114 F3d 790, 793-794 (in age discrimination action, plaintiff was entitled to discover the notes and information maintained by an independent and neutral person hired to investigate and mediate workplace disputes); *McGrath v. Nassau County Health Care Corp*. (ED NY 2001) 204 F.R.D. 240, 244 (an employer that defends an employment discrimination lawsuit on the ground it took reasonable corrective action, by investigating the merits of plaintiff's claims and taking appropriate action, places in issue the adequacy of its investigation…the employer's defense will result in waiver of the attorney-client privilege and work product doctrine; i.e., the defendant cannot have it both ways); *Johnson v. Rauland-Borg Corp*. (ND IL 1997) 961 F. Supp. 208, 211 (in a sexual harassment case, the employer's defense that it conducted a reasonable investigation

and took prompt remedial action made it so that the attorney-client privilege did not shield the advice of the outside attorney-investigator because the employer placed the sufficiency of the investigation at issue); *Harding v. Dana Transport, Inc*. (D NJ 1996) 914 F. Supp. 1084, 1094 (by using its attorney's investigation of sexual harassment allegations as a defense, employer forfeited its attorney-client privilege with respect to content of attorney's investigation); *Peterson v. Wallace Computer Services, Inc*. (D VT 1997) 984 F. Supp. 821, 825 (work product protection is likewise forfeited under these circumstances as plant manager's memos and notes prepared in anticipation of litigation were also deemed discoverable).

Here, the standard is heightened beyond mere discoverability. Defendant must establish that "good cause" exists to seal the documents within the meaning of Rule 26 by demonstrating, on a document-by-document basis, that specific harm will result from each document's disclosure. Defendant has failed to do so. The documents for which Tesla seeks special protection are relevant and discoverable and Tesla has failed to meet its burden to justify retaining their confidentiality.

### C. **Plaintiffs Are Properly Following The Procedure Set Forth In The Protective Order For Challenging Such Designations.**

Rather than attempting to meet its burden to demonstrate "good cause" for the documents' sealing, Tesla strains to paint Plaintiffs in a negative light by claiming Plaintiffs failed to follow the appropriate procedure for challenging Tesla's designations. This contention is meritless.

Pursuant to the Protective Order, a party shall challenge a designation of confidentiality, <u>at any time</u>, by providing written notice of each designation it is challenging. (Exh. B to Swafford-Harris Dec. at 7:3-15) Here, Plaintiffs' letters, dated October 16, 2019, October 19, 2019, October 22, 2019, and October 31, 2019, properly challenged Tesla's designations. (Exhs. E-G to Swafford-Harris Dec; Exh. E to Organ Dec.) Plaintiffs also exchanged email correspondence with Tesla, attempting to informally resolve the disagreement over the confidentiality designations, and received concessions from Tesla that some of the documents were not confidential and should have been de-designated. (Exh. F to Organ Dec.) However,

9     Case No. 3:17-cv-06748-WHO
PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO RETAN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant never confirmed that these, or any documents, had been de-designated as confidential, as required by the Protective Order. *(Id.)*

Thought Plaintiffs sent four meet and confer letters to Tesla, in addition to meeting and conferring with Tesla via phone and e-mail, Tesla maintains that Plaintiffs have not adequately set forth the issues with Defendant's confidentiality designations. Yet, in compliance with the Protective Order, Plaintiffs set forth each confidentiality designation with which Plaintiffs take issue and explained that the documents are "not the type of document that qualifies under FRCP 26(c)(1)(G) and they are merely routine business documents." (Exh. E to Swafford-Harris Dec.) Plaintiffs further explained that "Defendant designated almost all documents confidential without considering the nature of the documents being produced. Plaintiffs do not believe that these documents qualify as a 'trade secret or other confidential research, development, or commercial information' as required by FRCP 26(c)(1)(G) nor are they privileged." *(Id.)*

Further, in Plaintiffs' October 19, 2019 letter, Plaintiffs state:

(Exh. F to Swafford-Harris Dec.;

Plaintiffs identify other documents not qualifying for confidentiality:

PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO RETAN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

(Exh. F to Swafford-Harris Dec.;

Plaintiffs continued to explain: "It appears that Defendant used a similar overreaching use of the confidential designations as to its first two productions of documents also which are included in the Bates Number range TESLA 1-407. These documents include

(Exh. F to Swafford-Harris Dec.;

Similarly, in Plaintiffs' October 22, 2019 letter, Plaintiffs provided sufficient detail to notify Defendant of the issues with its designations. Plaintiffs state, in pertinent part, as follows: "Plaintiffs challenge the confidential designations of the documents produced by Defendant Tesla Bates Stamped TESLA 408-889…

(Exh. F to Swafford-Harris Dec.;

PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO RETAN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiffs provide additional detail as follows:

(Exh. F to Swafford-Harris Dec.;

As evidenced by the above communications, Plaintiffs painstakingly reviewed each document and explained the issues with Tesla's improper confidentiality designations. These communications confirm that Plaintiffs have satisfied their burden of objecting, with specificity. In contrast, Tesla has failed to meet its burden of demonstrating good cause and specific harm for *each* document, and its motion must therefore be denied.

### D. The Timing and Purpose of Plaintiffs' Notices Is Appropriate.

The Protective Order provides that a challenging party can assert a challenge to a

confidentiality designation at any time. (Exh. B to Swafford-Harris Dec. at 7:3-15). While Tesla asserts that the agreement contemplates entering into a new protective order for documents to be used at trial, this contemplated *future* agreement does not preclude Plaintiffs from contesting the propriety of the confidentiality designations at this time. To the contrary, for Plaintiff to fail to timely address the improper designations now might imply a waiver or concession.

Nor is Plaintiffs' purpose in challenging the designations frivolous or improper, as Tesla baselessly claims. (Def.'s Mtn. at 3:19-21) Plaintiffs have contested Tesla's confidentiality designations in order to obtain guidance from the Court to confirm what does, and does not, qualify for confidential treatment. Rejection of improper confidentiality designations now will simplify any *future* discussions of designations to be made for purposes of trial. There is no benefit gained from allowing improperly designated documents to remain viable for confidential treatment at this stage. It simply allows Tesla to continue to improperly, and baselessly, maintain a bloated cache of "confidential" documents shielded from public disclosure. A ruling by the Court at this juncture will assist the parties as they move forward with the case, and prevent Tesla from maintaining mass, indiscriminate "confidential" designations as prohibited by the Protective Order.

Tesla attempts to tar Plaintiffs, and distract from its failure to meet its burden, by claiming Plaintiffs seek to use the documents at issue in other litigation. This is not so. However, even if it was, this factor actually supports disclosure. The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation....Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (*citations omitted*).

Tesla also discusses the *Lambert* case in a further attempt to distract from its lack of good cause, in an attempt to paint Plaintiffs' counsel as bad actors. Tesla's current counsel was not counsel of record in the *Lambert* matter and thus has no personal knowledge of the protective order or confidential designations in that matter. (Organ Dec. at ¶ 9.) This likely explains why Tesla's counsel was not aware that Plaintiffs' counsel challenged Tesla's confidential

PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO RETAN CONFIDENTIALITY OF DOCUMENTS PURSUANT TO PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

designations pursuant to the terms of the *Lambert* protective order. (*Id.*) Neither Tesla nor its counsel responded to the challenge, and thereby waived any confidential designations based on the *Lambert* protective order. (*Id.*) The Court must reject Tesla's baseless assertion that Plaintiffs' adherence to the terms and procedures of the protective orders, both in this case and in *Lambert*, somehow constitutes an improper purpose.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Tesla's Motion be denied, and that any document for which Tesla has failed to make a showing of good cause and specific harm be de-designated as "confidential."

CALIFORNIA CIVIL RIGHTS LAW GROUP

ALEXANDER KRAKOW + GLICK LLP

DATED: December 9, 2019    By:    /s Lawrence Organ_____
　　　　　　　　　　　　　　　　　　Lawrence A. Organ, Esq.
　　　　　　　　　　　　　　　　　　Navruz Organ, Esq.
　　　　　　　　　　　　　　　　　　J. Bernard Alexander, Esq.
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　DEMETRIC DI-AZ AND OWEN DIAZ