**CALIFORNIA CIVIL RIGHTS LAW GROUP**
Lawrence A. Organ (SBN 175503)
Navruz Avloni (SBN 279556)
332 San Anselmo Avenue
San Anselmo, California 94960-2664
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
larry@civilrightsca.com
navruz@civilrightsca.com

Attorneys for Plaintiffs,
DEMETRIC DI-AZ and OWEN DIAZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DECLARATION OF LAWRENCE ORGAN IN OPPOSITION TO DEFENDANT TESLA'S MOTION TO RETAIN CONFIDENTIALITY**<br><br>Date: January 8, 2020<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Trial Date: March 2, 2020<br>Complaint filed: October 16, 2017 |

I, LAWRENCE A. ORGAN, hereby declare:

1. I am an attorney licensed to practice law in the State of California. I am an attorney with the law firm of California Civil Rights Law Group, attorneys of record for Plaintiffs Demetric Di-Az and Owen Diaz in this action. I submit this Declaration in Opposition to Defendant Tesla, Inc.'s Motion to Retain Confidentiality. I have personal knowledge of the facts stated herein and if called upon to testify, I could and would competently testify thereto, except as to those matters that are stated upon information and belief.

2. On October 16, 19, and 22, 2019, I sent meet and confer letters to Defendant Tesla's counsel of record challenging the confidential designations of its document productions in general and the document exhibits used in depositions specifically. (See Attachments E, F & G to Decl. of Swafford-Harris) On October 30, 2019, I had a conference call with Reanne Swafford-Harris regarding the confidentiality of documents. Initially, I sought to cover the entire document production, but Ms. Swafford Harris indicated that she did not have sufficient time to do that. We discussed several documents, specifically including documents identified in my letters. During the conference call, I suggested that Tesla remove the confidentiality of all deposition exhibits for trial and summary judgment purposes, but she said she was only willing to discuss removal for trial purposes. I noted during this conversation that Tesla had not analyzed the document with specificity as numerous blank pages were designated as confidential. In addition, I tried to discuss the specific deposition exhibits and why Tesla felt they were confidential. This discussion included documents containing Mr. Owen Diaz's complaint. I asked how the complaint made by my client could possibly be considered a confidential document for Tesla to which Ms. Swafford-Harris had no substantive response other than to say it identified employees other than Plaintiff at Tesla. Although this conversation lasted for approximately 1.1 hours, by the end of the conversation it was apparent that Ms.

Swafford-Harris lacked any authority to agree to any removal of confidential designations. At no time did Ms. Swafford-Harris offer to de-designate any identified deposition exhibits as non-confidential.

3. On November 1, 2019, I had a follow up conversation with Reanne Swafford-Harris and Patricia Jeng regarding de-designating deposition exhibits for use in Plaintiff's opposition to Defendant's Motion for Summary Adjudication. No agreement could be reached; defense counsel were unwilling to de-designate any of the exhibits that were used in deposition.

4. On November 8, 2019, I conducted research on the internet to discover if there are documents that Tesla has designated as confidential in this litigation that are public. I discovered that Tesla has made its "Attendance Policy," contained in its handbook, available to the public. I found the policy on a website name SCRIBD. I also found a link to the policy in an article by Lora Kolodny entitled: "Tesla rolled out a new attendance policy for hourly workers this month – read it here." Attached hereto as Exhibit A is a true and correct copy of the article containing the link.

5. During my research, I also discovered a 2014 article entiled "Powering a Revolution" by Andrew R. McIlvaine discussing Tesla's culture. In the article, he describes Tesla's employee handbook as follows: "Referred to within the company as the 'anti-handbook handbook,' it consists of four short pages written in an informal, conversational style that explain the company's philosophy." Clearly Tesla provided its handbook to Mr. McIlvaine for him to be able to accurately describe the number of pages it has and its title. In addition, Mr. McIlvaine quotes the attendance policy from the handbook. Attached hereto as Exhibit B is a true and correct copy of the article I found on the internet.

6. In addition, I located a page on Tesla's public website that contains its "Code of Business Conduct and Ethics". This code was last revised December 12, 2017, and appears to be

DECLARATION OF LAWRENCE ORGAN IN OPPOSITION TO MOTION TO RETAIN CONFIDENTIALITY

identical to the "Code of Business Conduct and Ethics" Tesla seeks to maintain as confidential. Attached hereto as Exhibit C is a true and correct copy of the page on Tesla's website.

7. The public information I uncovered about Tesla's Anti-Handbook Handbook, Attendance Policy, and Code of Business Conduct directly contradicts the representations made under penalty of perjury by Business Partner Brandon Ward who claims that "Tesla regards all of the challenged employment policies, including its Anti-Handbook Handbook as confidential and takes appropriate measures to prevent any external distribution. As such, Tesla restricts the means by which its employees may access its policies. It is not Tesla's business practice to provide its employees with hard copies of its employment policies, nor to make them generally available to the public." (Ward Decl. ¶ 3)

8. During my research, I also located a webpage on Tesla's public website entitled "Factory." This page contained a diagram of the Tesla factory's floor plan, similar to the floor plan Tesla seeks to maintain as confidential. A true and correct copy of this webpage is attached hereto as Exhibit D.

9. Ms. Swafford-Harris suggests that "Plaintiff's counsel intends to circumvent a separate protective order with Tesla in an arbitration, Dewitt Lambert v. Tesla Inc. . . . which required that the plaintiff and their counsel destroy documents after the conclusion of arbitration." (Swafford-Harris Decl. ¶ 5) Neither Ms. Swafford Harris nor her firm were counsel of record in the Lambert case, so it is unclear how she has any personal knowledge of matters there. More importantly, Plaintiff's counsel challenged the confidential designations in the *Lambert* matter pursuant to the terms of that protective order. Defendant did not respond to that challenge and therefore waived any confidential designations based on the terms of the confidentiality agreement in *Lambert*.

DECLARATION OF LAWRENCE ORGAN IN OPPOSITION TO MOTION TO RETAIN CONFIDENTIALITY

10. Attached hereto as Exhibit C is a true and correct copy of correspondence I sent to Defendant Tesla, Inc.'s counsel in this matter regarding Tesla's confidential designations, dated October 31, 2019.

11. Attached hereto as Exhibit D is a true and correct copy of e-mail correspondence I exchanged with Defendant Tesla, Inc.'s counsel in this matter regarding Tesla's confidential designations, dated October 31, 2019 through November 8, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 9, 2019 in San Anselmo, California.

DATED: December 9, 2019     By:     ___/s Lawrence Organ_____
                                    Lawrence A. Organ, Esq.
                                    Navruz Avloni, Esq.
                                    J. Bernard Alexander, Esq.
                                    Attorneys for Plaintiffs
                                    DEMETRIC DI-AZ AND OWEN DIAZ