# Exhibit

# 1

**CALIFORNIA CIVIL RIGHTS LAW GROUP**
Lawrence A. Organ (SBN 175503)
Navruz Avloni (SBN 279556)
332 San Anselmo Avenue
San Anselmo, California 94960-2664
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
larry@civilrightsca.com
navruz@civilrightsca.com

Attorneys for Plaintiff
DEMETRIC DI-AZ and OWEN DIAZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF OWEN DIAZ'S INTERROGATORIES TO DEFENDANT TESLA, INC. – SET TWO** |

**PROPOUNDING PARTY:**    Plaintiff OWEN DIAZ

**RESPONDING PARTY:**    Defendant TESLA, INC.

**SET NO.:**    TWO

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff OWEN DIAZ propounds the following interrogatories to Defendant TESLA, INC.  Responding party is to respond to these Interrogatories within thirty (30) days after service.

and the current status of the litigation.

G.  "ANY" or "EACH" shall include and encompass "all" and "every."

H. "COMPLAINT," as used in this request, means the Complaint for Damages on file in this action.

I. The term "TESLA FACTORY" refers to Tesla's factory in Fremont, California that is located at 45500 Fremont Boulevard, in Fremont, California.

## INTERROGATORIES

### INTERROGATORY NO. 11

Please provide the names and most recent contact information (physical and email addresses and phone numbers) for all employees and/or contractors who worked with or around Plaintiff Owen Diaz.

### INTERROGATORY NO. 12

Please provide the names and most recent contact information (physical and email addresses and phone numbers) for all employees and/or contractors who worked with or around Plaintiff Demetric Di-Az.

### INTERROGATORY NO. 13

Identify the business relationship between YOU and Chartwell Staffing.

CALIFORNIA CIVIL RIGHTS LAW GROUP

DATED:  February 12, 2019          By:  _____

Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Attorneys for Plaintiffs
DEMETRIC DI-AZ AND OWEN DIAZ

Lawrence A. Organ (SBN 175503)
Navruz Avloni (SBN 279556)
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960-2664
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
larry@civilrightsca.com
navruz@civilrightsca.com

Attorneys for Plaintiffs
DEMETRIC DIAZ, OWEN DIAZ,
and LAMAR PATTERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DIAZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>       Plaintiffs,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-10 inclusive,<br><br>       Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

*Owen Diaz, Demetric Diaz, and Lamar Patterson v. Tesla, Inc., et al.*

**United States District Court, Northern Dist. California, Case No. 3:17-cv-06748-WHO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Marin, State of California. My business address is 332 San Anselmo Avenue, San Anselmo, CA 94960. On February 12, 2019, I served true copies of the following document(s) described as:

- **PLAINTIFF OWEN DIAZ'S INTERROGATORIES TO DEFENDANT TESLA, INC.—SET TWO;**

- **PLAINTIFF OWEN DIAZ'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TESLA, INC.—SET FOUR.**

| xx | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Anselmo, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in the affidavit. |

on the interested parties in this action as follows:

*Attorneys for Defendants Tesla, Inc.:*

Tracey A. Kennedy
Sheppard Mullin
333 South Hope Street
43rd Floor
Los Angeles, California 90071

*Attorneys for Defendants Citistaff Solutions:*

Gary T. Lafayette
Cheryl A. Stevens
Lafayette & Kumagai
1300 Clay Street, Ste. 810
Oakland, California 94612

CERTIFICATE OF SERVICE                                    Case No. 3:17-cv-06748-WHO

*Attorneys for Defendant West Valley Staffing Group:*

Fenn C. Horton, III
Helene Anastasia Simvoulakis
PAHL & MCKAY
225 West Santa Clara St, Suite 1500
San Jose, CA 95113
*Attorneys for Defendant nextSource, Inc.:*

Jason A. Geller
Juan C. Araneda
Aaron D. Langberg
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111

_____   **(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__   **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 12, 2019 at San Anselmo, California.

_____
Sabrina Grislis

CERTIFICATE OF SERVICE                           Case No. 3:17-cv-06748-WHO

# Exhibit

## **2**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
    Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
Email:        tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        pjeng@sheppardmullin.com
              rswafford-harris@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. dba TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, AND LAMAR PATTERSON, | Case No. 3:17-cv-06748-WHO |
| Plaintiffs, | **DEFENDANT TESLA, INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ'S INTERROGATORIES – SET TWO** |
| v. | |
| TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,, | |
| Defendants. | Complaint filed:  October 16, 2017<br>Trial Date:       None Set |

-1-

PROPOUNDING PARTY:        PLAINTIFF OWEN DIAZ

RESPONDING PARTY:         DEFENDANT TESLA, INC.

SET NO.:                  TWO

Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Defendant") hereby responds to Plaintiff

Owen Diaz's ("Plaintiff") Interrogatories, Set One, pursuant to Federal Rules of Civil Procedure,

Rule 33, as follows:

## PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

1.      Defendant has not completed its investigation of the facts relating to this case, has
not fully completed its discovery in this action, and has not completed it preparation for trial.
Defendant's responses herein are based upon and reflect the current state of its knowledge, and are
made without prejudice to Defendant's right to produce and utilize any subsequently discovered
evidence or interpretations thereof.

2.      The following responses are given without prejudice to Defendant's right to
produce evidence of any subsequently discovered fact or facts revealed by further investigation.
Defendant according reserved the righted to change any and all answers herein as additional facts
are ascertained, analyses are made, legal research is completed and contentions are made.  The
answers contained herein are made in a good faith effort to supply as much factual information as
is presently known but in no way may be used to the prejudice of this responding party in relation
to further discovery, research or analysis.

3.      Defendant does not concede the relevancy, materiality or admissibility of any
matters that are the subject of these interrogatories.  Defendant objects to the interrogatories to the
extent they that they assume certain facts.  By responding to the interrogatories, Defendant does
not admit or agree with any of the matters contained in the interrogatories, or that any fact is true
or exists.  Defendant's responses shall not be construed as a representation that Defendant adopt,
accept, affirm, or admit the assertions, claims, or contentions used in connection with the
interrogatories.

1    4.    Defendant objects to each and every interrogatory to the extent it is unduly

2 burdensome, overly broad, and seeks information which is neither relevant to the subject matter of

3 this action, nor reasonably calculated to lead to the discovery of admissible evidence.

4    5.    Defendant objects to each and every interrogatory to the extent that these

5 interrogatories seek information protected against disclosure by the attorney-client privilege and/or

6 protected by the attorney work-product doctrine, Defendant or any third party's right to privacy,

7 the joint defense privilege, or any other privilege or allowance of confidentiality provided by law,

8 and no such documents will be produced.

9    6.    Defendant objects to each and every interrogatory to the extent that it calls for

10 disclosure of information which is of a confidential or proprietary nature, or trade secret.

11    7.    Defendant objects to each and every interrogatory to the extent it seeks information

12 about which Plaintiff has access through other sources less burdensome to Defendant, including

13 and without limitation any public records or third parties.

14    8.    Each of the foregoing general objections is hereby incorporated by reference into

15 each and every one of the responses contained herein as though fully set forth therein, regardless

16 of whether any or all of the foregoing general objections are repeated in response to any request.

17 **INTERROGATORY NO. 11:**

18    Please provide the names and most recent contact information (physical and email

19 addresses and phone numbers) for all employees and/or contractors who worked with or around

20 Plaintiff Owen Diaz.

21 **RESPONSE TO INTERROGATORY NO. 11:**

22    Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

23 the term(s) and/or phrase(s): "contractors," and "worked with or around." Defendant further

24 objects that this interrogatory is not limited in time or scope, and thus is overbroad, unduly

25 burdensome, oppressive, and harassing. Defendant further object to the extent this interrogatory is

26 invasive of the privacy rights and confidentiality of third-party non-litigants and/or current or

27 former employees of Defendant. Defendant further objects to the extent this interrogatory seeks

28 information that is not relevant to the claims or defenses and/or proportional to the needs of the

-3-

1  case, considering the importance of the issues at stake in the action, the amount in controversy, the

2  parties' relative access to relevant information, the parties' resources, the importance of the

3  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

4  outweighs its likely benefit.   Defendant is unable to respond to this interrogatory because it is

5  unintelligible, and what "employees and/or contracts" may have "worked with or around" Plaintiff

6  Owen Diaz at any time is not reasonably ascertainable and has not been described with sufficient

7  specificity by Plaintiffs.

8  **INTERROGATORY NO. 12:**

9       Please provide the names and most recent contact information (physical and email

10  addresses and phone numbers) for all employees and/or contractors who worked with or around

11  Plaintiff Demetric Di-Az.

12  **RESPONSE TO INTERROGATORY NO. 12:**

13       Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

14  the term(s) and/or phrase(s): "contractors," and "worked with or around." Defendant further

15  objects that this interrogatory is not limited in time or scope, and thus is overbroad, unduly

16  burdensome, oppressive, and harassing.  Defendant further object to the extent this interrogatory is

17  invasive of the privacy rights and confidentiality of third-party non-litigants and/or current or

18  former employees of Defendant.  Defendant further objects to the extent this interrogatory seeks

19  information that is not relevant to the claims or defenses and/or proportional to the needs of the

20  case, considering the importance of the issues at stake in the action, the amount in controversy, the

21  parties' relative access to relevant information, the parties' resources, the importance of the

22  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

23  outweighs its likely benefit.  Defendant is unable to respond to this interrogatory because it is

24  unintelligible, and what "employees and/or contracts" may have "worked with or around" Plaintiff

25  Demetric Di-Az at any time is not reasonably ascertainable and has not been described with

26  sufficient specificity by Plaintiffs.

27  **INTERROGATORY NO. 13:**

28       Identify the business relationship between YOU and Chartwell Staffing.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to the term(s) and/or phrase(s): "business relationship" and "Chartwell Staffing" Defendant further objects that this interrogatory is not limited in time or scope, including as to the term "YOU," which includes Tesla, Inc, its representatives, attorneys, any owner, officer, director, shareholder, manager, employee, managing agent, agent, or any individual or entity acting with actual or apparent authority of Tesla, Inc., and thus is overbroad, unduly burdensome, oppressive, and harassing.

Subject to and without waiving any objections, Defendant responds as follows:  During the time period relevant to Owen Diaz, Chartwell Staffing Services, Inc. was a staffing agency who placed their employees at for work at various companies, including Tesla, Inc.

Dated:  March 18, 2019          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

TRACEY A. KENNEDY
PATRICIA M. JENG
REANNE SWAFFORD-HARRIS

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

**PROOF OF SERVICE**

*Demetric Di-Az, et al. v. Tesla, Inc., et al.*
USDC, Northern District of CA, Case No. 3:17-cv-06748-WHO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On March 18, 2019, I served true copies of the following document(s) described as

**DEFENDANT TESLA, INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ'S INTERROGATORIES – SET TWO**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 18, 2019, at San Francisco, California.

_____
Elena E. Ruiz

SMRH:489552551.1

-1-

Case No. 3:17-cv-06748-WHO
PROOF OF SERVICE

**SERVICE LIST**

| | | |
|---|---|---|
| 1 | | |
| 2 | Lawrence A. Organ | Attorneys for Plaintiffs, |
| | Navruz Avloni | DEMETRIC DI-AZ AND OWEN DIAZ |
| 3 | California Civil Rights Law Group | |
| | 332 San Anselmo Ave. | |
| 4 | San Anselmo, CA 94960 | |
| | Telephone:     415-453-4740 | |
| 5 | Facsimile:     415-785-7352] | |
| | Email:     larry@civiilrightsca.com | |
| 6 | navruz@civilrightsca.com | |
| 7 | Gary T. Lafayette | Attorneys for Defendant, |
| | Cheryl A. Stevens | CITISTAFF SOLUTIONS, INC. |
| 8 | Lafayette & Kumagai | |
| | 1300 Clay Street, Suite 810 | |
| 9 | Oakland, CA 94612 | |
| | Telephone:     415-357-4600 | |
| 10 | Email:     glafayette@lkclaw.com | |
| | cstevens@lkclaw.com | |
| 11 | | |
| 12 | Jason A. Geller | Attorneys for Co-Defendant, |
| | Juan C. Araneda | NEXTSOURCE, INC. |
| 13 | Aaron D. Langberg | |
| | FISHER & PHILLIPS LLP | |
| 14 | One Embarcadero Center, Suite 2050 | |
| | San Francisco, California 94111 | |
| 15 | Telephone: (415) 490-9000 | |
| | Facsimile: (415) 490-9001 | |
| 16 | Email: jgeller@fisherphillips.com | |
| | jaraneda@fisherphillips.com | |
| 17 | alangberg@fisherphillips.com | |
| 18 | Fenn C. Horton III | Attorneys for Defendant, |
| | Helene Simvoulakis-Panos | WEST VALLEY STAFFING GROUP |
| 19 | Pahl & McCay | |
| | 225 West Santa Clara Street, Suite 1500 | |
| 20 | San Jose, CA 95113 | |
| | Telephone:     408-286-5110 | |
| 21 | Facsimile:     408-286-5722 | |
| | Email:     fhorton@pahl-mccay.com | |
| 22 | Robert M. Mansukhani | Attorneys for Defendant, |
| | Craig D. Nickerson | CHARTWELL STAFFING SERVICES |
| 23 | Megan L. Hayati | |
| | Nathan R. Brogden | |
| 24 | Gordon Reese Scully Mansukhani, LLP | |
| | 101 W. Broadway, Ste. 2000 | |
| 25 | San Diego, CA 92101 | |
| 26 | | |
| 27 | | |
| 28 | | |

# Exhibit

# **3**



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

*Via Electronic Mail*

May 4, 2019

Tracey Kennedy
Patricia Jeng
Reanne Swafford-Harris
Sheppard Mullin
333 South Hope Street
43rd Floor
Los Angeles, CA 90071

> **Re**:  *Demetric Di-az, et al. v. Tesla, Inc., et al.*
> Case No. 17-cv-06748-SK
> Defendant Tesla's Responses to Plaintiff Owen Diaz's Written Discovery

Counsel,

Thank you for your responses to Plaintiff Owen Diaz's Interrogatories, Set Two, and Requests for Production, Sets Three and Four. After careful review, Plaintiffs note that you have failed to produce responsive documents described in your responses, nor have you produced a privilege log for those responses where you have withheld documents on the basis of a claimed privilege. Additionally, Plaintiffs believe that many of the responses you have provided are legally deficient. Finally, Plaintiffs wish to meet and confer regarding your objections to our site inspection request. We are writing this letter to initiate the meet and confer process. We look forward to discussing the outlined issues further during our currently scheduled in person meeting on Thursday, May 9, 2019.

**<u>Tesla's Failure to Produce Responsive Documents</u>**

Under Rule 34(b)(2)(B), a party must produce responsive documents "no later than the time for inspection specified in the request or another reasonable time specified in the response."

Tesla stated that it would produce documents responsive to Requests for Production Nos. 65-68 of Set Three, and Requests Nos. 67-69[1]  and 72-74 of Set Four. Responses were due on March 11 and 26, 2019. Additionally, you indicated in your correspondence of April 5, 2019, that you would produce additional documents responsive to our prior discovery requests no later than April 19, 2019. To date, Plaintiffs' counsel have not received **any** responsive documents. Please promptly produce responsive documents, and an accompanying privilege log for any documents that have been withheld on the basis of any claimed privilege. Given that these

---

[1]  Counsel for Plaintiffs inadvertently numbered two requests 67 and 68, and apologize for any confusion.



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

documents should have been produced weeks ago, we ask that you produce all responsive documents and a privilege log by email as well as regular service no later than **Wednesday, May 8, 2019**.

## Tesla's Privilege Objections

Given that Plaintiffs' counsel have requested a privilege log on three prior occasions, we will not recite the Federal Rules yet again. However, we do remind you that a failure to timely provide an adequate privilege log coupled with "boilerplate objections or blanket refusals" may constitute a waiver of the privilege. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149-50 (9th Cir. 2005). We therefore ask that you produce a Rules-compliant privilege log for all previously propounded discovery by email as well as regular service no later than **Wednesday, May 8, 2019**.

## Tesla's Responses to Plaintiff Owen Diaz's Interrogatories, Set Two

Interrogatories Nos. 11 and 12

These requests seek the names and contact information for each employee or contractor who worked with or around Plaintiffs. Tesla objects as to vagueness; overbreadth, undue burden, oppression, and harassment; third-party privacy rights; and relevance. Tesla also objects to the request as "unintelligible," because "what 'employees and/or contracts [sic]' may have 'worked with or around' [Plaintiffs] is not reasonably ascertainable and has not been described with sufficient specificity by Plaintiffs."

Objections on "vagueness" grounds will be overruled if the terms and phrases used in interrogatories are susceptible to ordinary definitions. *Henson v. Dillon*, 2017 WL 999472 at *1 (E.D. Cal. Mar. 15, 2017), *citing Pulsecard, Inc. v. Discovery Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996). Tesla has identified the words "contractors" and "worked with or around" as impermissibly vague. Because these words are plainly susceptible to ordinary definitions, this objection cannot justify Tesla's failure to respond.

Similarly, Tesla's omnibus objection as to overbreadth, undue burden, oppression, and harassment does not justify its failure to respond. A request is impermissibly overbroad where it "'would produce much tangential if not irrelevant information.'" *United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 420 (D. Md. 2005). Discovery may also be overbroad where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). A party resisting discovery on these grounds must identify the undue burden with particularity. *See Areizaga v. ADW Corp.*, 2016 WL 1305065 at *3 (N.D. Tex Apr. 4, 2016). Tesla has failed to do so here, and it is unlikely that Tesla can make the required showing. Indeed, Tesla has already produced some of the information sought: At Plaintiff Demetric Diaz's deposition, counsel for Tesla produced a "list of the individuals who were working at Tesla



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

at the time [Plaintiff Di-az] was there." *See* Exhibit 34 to Di-az Deposition, Volume I. It truly beggars belief that producing the names and contact information of Tesla's former employees is only "harassing" and "burdensome" when Plaintiffs seek the information. Given that Tesla has previously produced some of the information sought, producing the contact information for the already-identified employees and compiling a similar list for Plaintiff Owen Diaz likely would not impose a substantial burden on Tesla. Because production likely does not constitute an undue burden, Tesla must produce the information sought.

Tesla's objection as to relevance is baseless. The Federal Rules explicitly provide that "[a] party must, without awaiting a discovery request, provide to the other parties… [t]he name and, if known, the address and telephone number of each individual likely to have discoverable information…". Fed. R. Civ. P. 26(a)(1)(A). Subsection (b) of Rule 26 explicitly lists "[t]he identity and locations of persons who know any discoverable matter" as a "non-privileged matter that is relevant" for discovery purposes. In an employment claim, there is no one more likely to have discoverable information than the plaintiff-employee's coworkers. As a result, under Rule 26 courts have found that such "very basic" information is "clearly discoverable." *Stone v. Advance America*, 2010 WL 5892501 at *2 (S.D. Cal. Sept. 21, 2010) (holding other employees' contact information relevant, non-privileged, and discoverable). Given the plainly obvious relevance of the information sought to Plaintiffs' claims, this objection cannot support Tesla's refusal to respond.

Disclosure is even more strongly supported when the proportionality factors of Rule 26 are considered. The factors include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The Advisory Committee has specifically highlighted the importance of employee rights in actions such as this, noting that cases concerning "employment practices… vindicate *vitally important* personal or public values." Fed. R. Civ. P. 26(b), Advisory Committee's Note (2015 Amendments) (emphasis added). This factor thus weighs in favor of disclosure. The other factors similarly weigh in favor of disclosure: the amount in controversy is substantial, given that similar complaints of racial harassment in the Northern District have led to verdicts of millions of dollars; while Tesla has unfettered access to the contact information of its current and former contractors and employees, Plaintiffs have no such similar access; as a profitable corporation Tesla has access to the resources it would require to conduct a simple computer search; evidence that would tend to support or refute Plaintiffs' allegations could be dispositive; and though the burden of conducting a simple computer search for the identities of employees who worked near Plaintiffs is low, the benefit is relatively high in that it could provide highly relevant and even dispositive information. Accordingly, this objection does not support Tesla's refusal to produce the information sought.

Nor does Tesla's objection on third-party privacy grounds support its refusal to respond.



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

Generally, courts have held that percipient witnesses do not have a legally cognizable privacy interest in their contact information, because "[n]othing could be more ordinary in discovery than finding out the [contact information] of… witnesses so that they may be contacted and additional investigation performed", and such information "is generally discoverable, and it is neither unduly personal nor overly intrusive." *Sandres v. Corrections Corp. of America*, 2011 WL 475068 at *3 (E.D. Cal. Feb. 4, 2011), *citing Puerto v. Sup. Ct.*, 158 Cal. App. 4th 1242, 1254 (2d Dist. 2008); *accord Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995) ("courts should be less solicitous of finding a significant privacy interest in keeping secret the names of witnesses providing factual information about events"). In addition, these limited privacy concerns may be adequately protected where, as here, the parties have entered into a protective order to shield non-litigants' confidentiality. *See Goold v. Hilton Worldwide, Inc.*, 2014 WL 1383252 (E.D. Cal. Apr. 4, 2014). Because privacy concerns are not implicated in the context of seeking the names and contact information of likely percipient witnesses, the information sought should be produced. And as noted above, Tesla's resistance to this discovery on privacy grounds is particularly striking, given that Tesla has already produced the full legal names and photographs of the employees that worked with Plaintiff Demetric Di-az. Accordingly, this objection does not support its failure to respond.

Finally, Tesla objects to this interrogatory because it fails to identify the information sought with "sufficient specificity," given the lack of temporal limitation. However, as Tesla itself has repeatedly noted, Plaintiffs worked for Tesla for less than a year. Such a temporal limit is implicit in the request. However, in the spirit of compromise, Plaintiffs are willing to limit this request to encompass only individuals working in the areas that Plaintiffs worked, during the times that Plaintiffs were employed at the Tesla factory. Therefore, Tesla's refusal to respond cannot be justified on this ground either and the information sought must be provided.

Interrogatory No. 13

This interrogatory asks Tesla to describe the business relationship between Tesla and Chartwell Staffing. Tesla objects to the phrases "business relationship" and "Chartwell Staffing" as vague and ambiguous. Tesla also objects to the interrogatory as overbroad because it seeks information regarding Tesla's representatives.

Tesla responded that Chartwell Staffing Services, Inc, was a "staffing agency who placed their employees for work at various companies, including Tesla, Inc." during "the time period relevant to Owen Diaz." Tesla neglects to define the "relevant" time period and, while it does an admirable job of describing the actions of Chartwell Staffing Services, Inc., utterly fails to describe the relationship between the two entities.

In the spirit of compromise, Plaintiffs are willing to limit this interrogatory to encompass only Tesla, Inc. itself and not its representatives, agents, or employees. Plaintiffs also note that the phrase "Chartwell Staffing" refers to defendant "Chartwell Staffing Services, Inc." In light of



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

these concessions, and because the phrase "business relationship" is perfectly susceptible to ordinary definitions, Plaintiffs request that Tesla provide a full response describing the business relationship between the two entities promptly.

### Tesla's Responses to Plaintiff Owen Diaz's Requests for Production, Set Three

Requests for Production Nos. 53-55

These requests seek documents and images that evidence or depict racist messages or images displayed in the restrooms of the Fremont factory; refer to such messages or images; or discuss efforts to clean up or remove such messages or images from 2013 to the present. Tesla did not produce any responsive documents, based on objections of vagueness; overbreadth; relevance and proportionality; the attorney-client privilege or the attorney work product doctrine; the information sought is equally available to Plaintiffs; and the request fails to identify the documents and information sought with sufficient specificity as required by Rule 34(b)(1)(A).

Tesla's vagueness objections do not support its failure to respond. The phrases identified by Tesla as impermissibly vague—including "other manners of capturing visual images"; "racial images, words, epithets, drawings, symbols, or other matters"; "suggest"; "racial or racist messages or words"; and "were found"—are not so vague as to be insusceptible to ordinary definitions. However, in the spirit of compromise, Plaintiffs offer the following clarifications: "other manners of capturing visual images" is merely a reference to non-photographic methods of capturing images, such as video stills or sketches. Additionally, the phrases "racial images" and "racial or racist messages or words" include (though are not limited to) the following categories: art depicting darker-skinned individuals, "golliwog"- or "pickaninny"-style depictions of African-Americans, illustrations of monkeys, or depictions of nooses; racially offensive words including "nigger", "nigga", "monkey", and "mayate"; images or symbols that reference white supremacist hate groups, like the "iron cross", "twin lightning bolts", the Confederate flag, or the number 88; and/or references to "white power", Nazism, or Adolf Hitler. Plaintiffs hope these clarifications explain the types of documents and images sought, and are happy to provide additional clarification if Tesla can explain with particularity how these requests are so vague as to preclude a response.

Nor does Tesla's next objection as to overbreadth support its failure to respond. Tesla states that this request is overbroad because it encompasses time periods when Plaintiffs did not work at Tesla, and areas where Plaintiffs did not work. As noted above, a request is overbroad where it would produce a great deal of irrelevant information or where its burden would outweigh its benefit. Here, the information is highly relevant. Prior complaints would tend to indicate that Tesla had notice of the very behavior that created a racially harassing workplace environment. Subsequent complaints would tend to rebut Tesla's affirmative defense that actions it undertook in response to Plaintiffs' complaints were reasonably calculated to end the harassment. Indeed, courts have specifically recognized that discovery of other complaints is

California Civil Rights Law Group
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 5 of 17



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

relevant and appropriate in similar circumstances. *See Marsh v. Bloomberg Inc*., 2017 WL 2224250 (N.D. Cal. May 22, 2017) (ordering defendant-employer to produce 9 years' worth of complaints from all other employees in plaintiff-employee's former office and rejecting defendant's request to limit scope); *see also Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) (holding other complaints of harassment and discrimination relevant to harassment claim). Because the information sought is directly relevant to both Plaintiffs' claims and Tesla's claimed defenses, it must be produced.

Similarly, Tesla's objections on relevance and proportionality grounds are misplaced. As noted above, the information is directly relevant to Plaintiffs' claims. In addition, the proportionality factors support the request: the rights at issue in this case have been described as important by the Advisory Committee; the amount in controversy is substantial; Tesla has exclusive, unfettered access to the information sought (since employees like Plaintiffs are barred from using phones or taking photographs in the Tesla factory) while Plaintiffs must rely on Tesla to provide it; as a large and profitable business Tesla has the resources to conduct a search for responsive documents or images; the trier of fact could find evidence of other complaints dispositive in reaching a verdict; and while such information is highly important and beneficial to both Plaintiff's claims and Tesla's defenses, Tesla has not identified a single burden to justify its refusal to produce responsive documents, much less a burden that outweighs the benefit of such discovery. Accordingly, this objection does not support Tesla's refusal to produce the discovery sought.

In addition, Tesla's privilege objection does not support its withholding of relevant documents. As noted above, the attorney-client privilege applies to confidential communications between an attorney and his client for the purposes of obtaining legal counsel and advice. The mere transmission of documents to corporate counsel does not shield those documents from disclosure on privilege grounds. *Clavo v. Zarrabian*, 2003 WL 24272641 (C.D. Cal. Sept. 24, 2003). The key factors are whether the communications were between an attorney and client, whether the communications were confidential, and whether the communications' primary purpose was to obtain legal advice—and the "party seeking to withhold discovery based upon the attorney-client privilege must prove that all of the communications it seeks to protect were made 'primarily for the purpose of generating legal advice.'" *United States v. Chevron Corp*., 1996 WL 264769 (N.D. Cal Mar. 13, 1996). The documents produced by Tesla thus far in discovery indicate that investigations into complaints of harassment and discrimination, like those into racist drawings in the restrooms, were conducted by Tesla's rank-and-file employees, rather than its counsel. Investigations conducted by non-attorney personnel are not, simply put, communications between an attorney and his client, and such investigations are not swept up in the scope of the privilege simply because the documents are later transmitted to corporate counsel. Because a routine investigation is not a confidential communication between attorney and client, the privilege does not apply and production cannot be withheld on this ground. Similarly, the attorney work product doctrine cannot apply to shield the documents requested from disclosure. Documents shielded from disclosure by the work product doctrine share "two

California Civil Rights Law Group
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 6 of 17



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.'" *In re California Pub. Utils. Comm'n*, 892 F.2d 778, 780-81 (9th Cir. 1989) (quoting Fed. R. Civ. P. 26(b)(3)). Documents created in the ordinary course of employee relations, including investigation reports, are not protected by the work product doctrine. *E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153 at *6 (N.D. Cal. Sept. 16, 2002). In addition, California employers have a duty to investigate and prevent harassment and discrimination. This duty is not dependent on whether litigation is imminent, and instead, attaches to all California employers in the regular course of business. As a California business, Tesla must therefore respond to claims of harassment and discrimination in the normal course of its business. Indeed, Tesla likely hopes to avoid litigation by fully investigating such complaints. These investigation files are not transformed into protected work product because litigation is subsequently filed. Because Tesla must investigate complaints of harassment and discrimination in the ordinary course of business, its investigation files are not protected work product and must be produced.

Nor does Tesla's objection because the information is "equally available" to Plaintiffs pass muster. Federal courts have "unambiguously stated that this exact objection is insufficient to resist a discovery request." *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (internal citation and quotation mark omitted).

Finally, Tesla's objection that the request fails to describe the documents sought with "reasonable particularity" is meritless. Under Rule 34, the test for "reasonable particularity" is whether a responding party is given reasonable notice of the documents sought, and whether the request's scope is sufficiently limited to allow a party to ascertain what documents it must produce. *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012). While requests must be limited in scope, the rule does *not* "mean that any particular language be used, or that the name of the book or document be given with minute accuracy." *United Mercantile Agencies v. Silver Fleet Motor Exp.*, 1 F.R.D. 709, 712 (W.D. Ky. 1941) ("It may be impossible for the plaintiff to know in just what book or what ledger this information is contained but certainly the defendant knows and with that information in mind the defendant knows exactly what books or records it is supposed to produce and which ones it is not required to produce."). Plaintiffs' requests plainly pass muster under this test: Plaintiffs seek photographs of racist messages or words in the restrooms, documents referencing such racist words or messages, and documents referencing efforts to clean up or remove such racist words and messages. Tesla is not excused from producing responsive documents merely because Plaintiffs have not specified specific file names or document formats, and Tesla must produce the information sought.

Request for Production No. 56

This request seeks any surveillance footage of Plaintiffs. Tesla objects to this request as vague; overbroad; not relevant or proportional; protected by attorney-client privilege or work product; violating third-party privacy; and insufficiently particular under FRCP 34(b)(1)(A).



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

These objections do not support Tesla's failure to respond.

Tesla identifies the phrases "digital recordings" and "surveillance of Plaintiff Owen Diaz or Plaintiff Demetric Di-az" as vague and ambiguous. These phrases are perfectly susceptible to ordinary definitions and therefore are not so vague as to preclude a response.

Tesla also objects to this request as overbroad because it is not limited in time or scope. However, the request is limited in time (the time Plaintiffs began working at Tesla to the present day) and scope (seeking surveillance footage of Plaintiffs). Nor is this scope overbroad. While it may produce some irrelevant information, much of the information is central to Plaintiffs' claims: security footage taken inside the Fremont factory might reveal individuals who witnessed Plaintiffs' harassment or even rebut Defendants' claims about Plaintiffs' poor performance. Such direct relevance dramatically outweighs the limited amount of irrelevant information that might be produced, and accordingly this objection does not support Tesla's failure to respond.

As noted, the footage sought is directly relevant to Plaintiffs' claims. In addition, the discovery sought is fully proportional under Rule 26: the rights Plaintiffs seek to vindicate are vitally important; the amount in controversy is substantial; Defendants have exclusive access to security footage in their factory while Plaintiffs have no access to similar footage; a large business such as Tesla certainly has the resources to conduct a simple computer search; these videos could reveal information that is essential to its resolution; and while this footage is relevant to both Plaintiffs' claims and Defendants' defenses, Tesla has not identified a single burden, much less a burden that outweighs the benefit of the information sought. Therefore, this objection does not support Tesla's refusal to produce the surveillance footage.

Tesla next refuses to provide the footage sought because it is protected by the attorney-client privilege or the work product doctrine. However, the attorney-client privilege does not apply to films or photographs because they are not "communications". *Suezaki v. Sup. Ct. of Santa Clara Cty.*, 58 Cal. 2d 166, 176 (1962). The attorney work product doctrine *may* protect surveillance video from discovery. *See Fletcher v. Union Pacific R.R. Co.*, 194 F.R.D. 666 (S.D. Cal. 2000) (holding surveillance video protected work product where commissioned by attorney in anticipation of litigation). However, the work product doctrine does not apply to surveillance videos created *before* Tesla had any reasonable expectation of litigation—such as surveillance footage created during Plaintiffs' employment.

Surveillance created since the initiation of this litigation may be subject to work product protection. However, this protection is qualified. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). If Tesla seeks to withhold documents on the basis of this doctrine, it must follow the procedures laid out in Rule 34(b)(2)(C) by plainly stating "whether any responsive materials are being withheld on the basis of [an] objection," and producing a privilege log that identifies the documents withheld so Plaintiffs can evaluate the claimed privilege. Unless Tesla produces a Rule-compliant answer and a privilege log, this objection cannot support its failure to respond.



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

Nor does Tesla's objection on third-party privacy grounds support its failure to respond. The right to privacy is not absolute, and when relevant information is implicated "this privacy interest calls for a well-crafted protective order, rather than a bar on discovery." *Andrews v. Pride Industries*, 2016 WL 1394261 (E.D. Cal. April 8, 2016). In the instant case, the parties have already entered into a protective order to shield the privacy of non-parties. The appropriate step, therefore, is to mark surveillance footage "confidential," instead of refusing to produce relevance documents.

Finally, Tesla's objection as to insufficient particularity does not support its refusal to respond. As laid out above, Plaintiff need not identify every document potentially sought with laserlike precision; Plaintiff need only identify documents with sufficient particularity for Defendant to understand what is sought. Plaintiff has done just that in requesting surveillance videos and other digital recordings. If Tesla can further detail what it finds unintelligible or confusing about the request, Plaintiffs are happy to provide further clarification to facilitate a response.

<u>Requests for Production Nos. 61-64</u>

These requests seek documents concerning complaints of racism from other Tesla employees: Dewitt Lambert, Lamar Patterson, Marcus Vaughn, and Timothy Cotton. Tesla objected on the following grounds: vagueness; overbreadth; relevance and proportionality; confidential and proprietary business information; the attorney-client privilege or work product doctrine; equal availability to Plaintiff; third-party privacy; argumentative; and a failure to identify responsive documents with sufficient particularity under FRCP 34(b)(1)(A).

Tesla's objection on vagueness grounds does not support its refusal to produce responsive documents. The words Tesla identifies as vague include "allegations", "complaints", "concerns", "filed", "raised", "brought up", and "related to" (among others). These terms are perfectly susceptible to ordinary definitions, and Tesla's claim that these terms are unintelligible is especially unconvincing, given that "related to" is specifically defined in the introduction to the requests.

Nor does Tesla's objection on relevance and proportionality grounds support its failure to respond. As noted above, the federal courts have specifically opined that evidence of the employer's discriminatory or harassing treatment of other members of a plaintiff's protected class is both relevant and discoverable in harassment and discrimination claims. These claims are from similarly situated African-American employees who worked for Tesla during the same approximate timeframe that Plaintiffs worked for Tesla. Such complaints are directly relevant to Plaintiff's assertion that Tesla failed to investigate and prevent harassment, in addition to being relevant to Tesla's contention that it implemented an effective antiharassment program. In addition, the proportionality factors support the request: the rights at issue in this case have been



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

described as important by the Advisory Committee; the amount in controversy is substantial; Tesla has exclusive, unfettered access to the information sought (since Tesla's staff conduct all investigations and do not share documents with other parties) while Plaintiffs must rely on Tesla to provide it; as a large and profitable business Tesla has the resources to conduct a search for responsive documents or images; the trier of fact could find evidence of other complaints dispositive in reaching a verdict; and while such information is highly important and beneficial to both Plaintiff's claims and Tesla's defenses, Tesla has not identified a single burden to justify its refusal to produce responsive documents, much less a burden that outweighs the benefit of such discovery. Accordingly, this objection does not support Tesla's refusal to produce the discovery sought.

Tesla's objections as to overbreadth are similarly unconvincing. A request is overbroad where it would produce a great deal of irrelevant or tangentially relevant information. Here, Plaintiffs are seeking information directly relevant to their claims and to Tesla's defenses, from individuals similarly situated to Plaintiffs. In contrast, Tesla has not identified any irrelevant information that could be produced in response to this request, much less the substantial quantity of irrelevant information required to resist discovery on overbreadth grounds. As a result, this objection does not sustain Tesla's non-response. However, in the spirit of other compromise, Plaintiff is willing to limit this request to encompass only those documents in the possession of Tesla and its employees, rather than its shareholders.

Nor can Tesla's objections on trade secret grounds support its failure to respond. Under Rule 26(c)(1)(G) of the Federal Rules of Procedure, discovery may be limited, subjected to certain terms, or prohibited entirely where it would entail the revelation of confidential and proprietary business information ("trade secrets"). However, the appropriate procedure for protection of trade secrets is not to unilaterally refuse to answer a discovery request. Rather, a party resisting discovery of its confidential business information "should... enter[] into a stipulated protective order or file[] a motion for a protective order before the date by which it was to produce responsive documents." *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009). A party seeking a protective order must show good cause for its issuance. Fed. R. Civ. Pro. 26(c). "In the case of trade secrets, the moving party must show (a) that the information is a 'trade secret or other confidential research, development, or commercial information,' under Rule 26... and (b) that its disclosure would be harmful to the party's interest in the property." *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 554-5 (C.D. Cal. 2007) (internal citations omitted).

In the present case, Tesla failed to move for a protective order before the time for production had passed. Had Tesla chosen to do so, it would not be able to meet its burden of showing good cause exists for the issuance of a protective order: Tesla has provided no evidence to indicate that its human resources investigation records are confidential and proprietary business records, nor has Tesla offered any evidence to indicate that it would be harmed by the disclosure of such documents. Moreover, the parties have already entered into a stipulated

California Civil Rights Law Group
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page 10 of 17



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

protective order. Tesla has offered no evidence to prove that the stipulated protective order is not sufficient to protect its interests, either. In light of the foregoing, this objection does not support Tesla's refusal to respond.

Nor does the attorney-client privilege or the attorney work product doctrine apply in a "blanket" fashion to all investigation-related documents. Only documents that represent confidential communications between Tesla and its counsel, or that were prepared in anticipation of litigation, fall into this category. All documents that do not meet this narrow definition should be produced, and Tesla must produce a privilege log for those documents that may be subject to a claim of privilege.

Similarly, Tesla's objection that the information sought is equally available has been flatly rejected by the federal courts, and cannot support its refusal to respond. And as detailed in our prior correspondence, third-party privacy concerns do not support Tesla's refusal to produce relevant documents detailing other complaints of race harassment.

Tesla then objects to the request as argumentative. However, the request as written does not require Tesla to adopt any assumptions: they do not assume that the listed individuals complained to Tesla, they do not assume that Tesla investigated any complaints that it may or may not have received, and they do not assume that Tesla ultimately found the complainants experienced harassing, retaliatory, inappropriate, or abusive conduct. The requests merely ask Tesla to produce documents reflecting the investigation of such complaints, if they exist. Accordingly, this does not support Tesla's refusal to produce responsive documents.

Last, Tesla objects that these requests do not identify the documents sought with sufficient particularity. While Plaintiffs disagree with this objection, in the spirit of compromise Plaintiffs are willing to limit the requests to the following categories of documents: investigation notes, investigation reports, documents gathered in the course of the investigation, interview statements from individuals interviewed in connection with the investigation, interview notes from individuals interviewed in connection with the investigation, and communications which discuss or reference the investigation into the listed employees' complaints. With this modification, Plaintiffs hope that Tesla will find the request sufficiently particular.

### **Tesla's Responses to Plaintiff Owen Diaz's Requests for Production, Set Four**

Requests for Production Nos. 67-69

These requests seek schematics of several locations in the Fremont factory: the general assembly area where Plaintiff Demetric Di-az worked, the elevator area where Plaintiff Owen Diaz worked, and the relative locations of the general assembly area, the elevator area, and the factory's restrooms. Tesla has objected to the requests as vague; overbroad; not relevant or proportional; seeking information protected by the attorney-client privilege or work product



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

doctrine; seeking confidential and proprietary business information; seeking information equally available to Plaintiffs; violating third party privacy rights; and too vague under FRCP 34. These objections do not support its failure to respond.

As before, Tesla's objections on vagueness grounds border on the absurd. Tesla claims that common words and simple phrases, such as "constitute diagrams, drawings, schematic depictions"; "other plans"; "relative locations"; and "parts of the general assembly area" are so vague as to preclude it from providing a response at all. These objections cannot support its failure to respond. Plaintiff concedes that it inadvertently failed to define the phrase "FREMONT FACTORY" in the definitions preceding the requests for production. When discussing the "FREMONT FACTORY" in these three requests, Plaintiff is referring to Tesla's Fremont, California factory, located at 45500 Fremont Boulevard, in Fremont, California. With this clarification, Plaintiff believes that Tesla should be able to fully respond to the interrogatory.

Tesla's objection on relevance and proportionality grounds is misplaced. The spatial layout of the factory is relevant to Plaintiffs' claims, because Plaintiffs are entitled to show the jury that the working environment was permeated with hostility by showing the various locations where they experienced harassment and discrimination. In addition, Tesla itself has directly placed the spatial layout of its factory at issue by contending, for instance, that the hostility of Plaintiffs' working environment could not be affected by employees who worked at a slight spatial remove from Plaintiffs, or proposing to limit Plaintiffs' discovery to "the areas Plaintiffs worked" without producing any schematic or explanation to justify its proposed limitations. As before, the proportionality factors also support Plaintiffs' requests: the rights at issue in this case have been described as important by the Advisory Committee; the amount in controversy is substantial; Tesla has exclusive, unfettered access to the information sought (since Tesla does not publicly disseminate maps or schematics of its factory and does not allow employees to use phones or recording devices on the job) while Plaintiffs must rely on Tesla to provide it; as a large and profitable business Tesla has the resources to conduct a search for responsive documents or images; the trier of fact could find evidence of other complaints dispositive in reaching a verdict; and while such information is highly important and beneficial to both Plaintiff's claims and Tesla's defenses, Tesla has not identified a single burden to justify its refusal to produce responsive documents, much less a burden that outweighs the benefit of such discovery. Accordingly, this objection does not support Tesla's refusal to produce the discovery sought.

Tesla's next objection as to overbreadth is similarly misplaced. As laid out above, this narrow request for schematics or maps of the factory is directly relevant to Plaintiffs' claims and Tesla's defenses and proposed limitations on discovery. Tesla has not identified any irrelevant information that would be produced as a result of this request, because Tesla itself has created a need for these schematics through its stated defenses.

Tesla's objection on attorney-client privilege and attorney work product grounds is



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

nonsensical. Maps are not, simply put, confidential communications between an attorney and her client. And Plaintiffs find it highly unlikely that every schematic or map of the Tesla factory is a document created in anticipation of litigation (and, if this is the case, Tesla must produce a privilege log).

Similarly, that the request seeks confidential and proprietary business materials is not a justification for Tesla's refusal to produce responsive documents. The appropriate procedure when such an objection is made is to file for a protective order and demonstrate good cause for shielding the information sought from disclosure. Here, the parties have already stipulated to a protective order to adequately protect any potentially sensitive information, so Tesla's interests are adequately protected and the information sought should be produce.

Tesla's objection on third-party privacy grounds makes little sense, given that Plaintiffs only seek a generic schematic of the Tesla factory. However, Plaintiffs are willing to meet and confer in good faith to discuss any potential third-party privacy concerns if Tesla can detail its concerns with specificity.

Tesla's objection that the information is "equally available to Plaintiffs" is factually incorrect, because Plaintiffs do not have access to any schematics of Tesla's factory. In addition, federal courts have explicitly found this response insufficient to resist a discovery request.

Finally, Tesla's objection that the request is insufficiently particular under FRCP 34 does not support your refusal to respond. Although Plaintiffs have identified several potential categories of documents that could be responsive to the request, the request itself still places Tesla on reasonable notice of the narrow categories of documents that are sought. Again, if Tesla is willing to detail its particularity objections with greater specificity, Plaintiffs are more than happy to meet and confer in good faith to adjust the scope of the requests.

<u>Request for Production No. 70</u>

This request seeks all documents, including prior versions, of Tesla's "investigation toolkit." Tesla objects to this request as vague; overbroad; irrelevant and not proportional; seeking confidential and proprietary business information; seeking information protected by the attorney-client privilege and the attorney work product doctrine; and insufficiently specific under FRCP 34.

Tesla's vagueness objection does not support its refusal to produce responsive documents, because the phrase Tesla identifies as vague ("prior versions of such documents") is susceptible to ordinary definitions.



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

Plaintiffs acknowledge that this request does not have a temporal or spatial location. In the spirit of compromise, Plaintiffs are willing to limit this request to encompass only "investigation toolkit" documents in effect at the Fremont factory from 2014 through 2017.

Tesla's relevance and proportionality objections do not support its failure to respond, either. Plaintiffs have claimed that Tesla failed to adequately investigate their complaints of harassment, while Tesla has asserted that it implemented and enforced an effective antiharassment policy. Tesla's investigation policies speak directly to the heart of these issues. Moreover, the requested discovery is directly proportional to the needs of the case, because Plaintiffs only seek a single document and its prior iterations.

Nor can Tesla's objection as to confidential and proprietary business information support its failure to respond. As noted above, the appropriate procedure where discovery is to seek the entry of a protective order, and the parties have already stipulated to a protective order in the case. Tesla has not demonstrated good cause for the issuance of a protective order, and it is unlikely that Tesla could demonstrate to a court that its business would be harmed if it divulged human resources policy documents- especially given that Tesla's primary business is not the provision of human resources services.

In addition, the documents sought are not attorney-client privileged or attorney work product. These documents are widely distributed to Tesla's Human Resources employees, and are not confidential communications between the corporation and its counsel. Nor can documents prepared to govern day-to-day employee relations issues be fairly called materials prepared in advance of litigation.

Finally, Tesla's objection that Plaintiffs' request fails to identify the documents sought with particularity is baseless. Plaintiffs cannot identify documents with more specificity than identifying the documents sought by name. Because Tesla's objections are groundless, the documents sought must be produced.

Requests for Production Nos. 71, 75, and 76

These requests seek job descriptions for employees with the title of "lead production associate," and the job descriptions of any lead production associates who worked with Plaintiffs. In response, Tesla states without explanation that it is "unable to produce responsive documents." Tesla has not stated why it is unable to produce responsive documents. If Tesla is unable to produce responsive documents because of its listed objections, Plaintiffs respectfully request that Tesla state whether any documents have been withheld on the basis of its objections as required by Rule 34(b)(2)(C). Otherwise, Plaintiffs would appreciate if Tesla could describe why it is unable to comply with Plaintiffs' requests.

Requests for Production Nos. 77 and 78



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

These requests seek the job descriptions for any employees who supervised Plaintiffs from 2015-2017. Tesla provided no responsive documents and objected to the requests as vague, overbroad, irrelevant, seeking confidential information, and failing to identify the documents and information sought with sufficient specificity under FRCP 34.

Tesla's vagueness objection does not justify its failure to respond, because the words Tesla identifies as vague ("constitute", "compromise", "any position of a person who supervised", "in any capacity") are susceptible to ordinary definitions.

In addition, the requests are not overbroad because they are not limited in scope. They contain an explicit temporal limitation, covering only the period from 2015 through 2017, and an implicit spatial limitation, encompassing only employees who supervised Plaintiffs, who only worked at Tesla's Fremont factory.

Similarly, the requests are relevant and directly proportional to the needs of the case. Plaintiffs only seek job descriptions of the employees who supervised them. This information is directly relevant to Plaintiffs' claims, because one avenue for Plaintiffs to hold Tesla liable is to prove that they were harassed by employees considered supervisors within the meaning of FEHA. Plaintiffs therefore need information about their supervisors' job duties to evaluate whether their supervisors were actually "supervisors" under FEHA. Such information is directly relevant to Plaintiffs' claims, and producing a handful of job descriptions is not disproportionate to the needs of the case. Accordingly, the information sought must be produced.

## Plaintiffs' Site Inspection Request

Plaintiffs served a demand for a site inspection of the Fremont factory, and Tesla objected on the following grounds: vagueness; overbreadth; confidential and proprietary business information; relevance and proportionality; a failure to describe the item or category of items to be inspected with particularity; and a failure to specify a reasonable time, place, and manner for inspection because the noticed date "was not timely provided to Defendant and unilaterally selected."

Tesla's objection as to vagueness grounds does not support its objection, because the phrase "land and premises" is susceptible to common definitions.

Tesla's objection to the request as overbroad because it encompasses time periods and locations where Plaintiffs did not work borders on nonsensical. There is nothing in the case law to suggest that a site inspection may be denied because a plaintiff-employee no longer works on the premises. In addition, in their request Plaintiffs specifically limited the inspection to "any area that Plaintiffs had access to during their employment." If Tesla believes this limited request is still overbroad, Plaintiffs are more than happy to meet and confer over the scope of the



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

inspection if Tesla can clarify its objections in greater detail.

Tesla next objects because the site inspection might reveal confidential and proprietary business information. Under Rule 26(c)(1)(G), an inspection may be limited or prohibited where it might reveal confidential and proprietary business information. However, the appropriate procedure for protection of trade secrets is not to unilaterally refuse a discovery request. Rather, a party resisting discovery of its confidential business information "should... enter[] into a stipulated protective order or file[] a motion for a protective order before the date" set for production or inspection. *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009). A party seeking a protective order must show good cause for its issuance. Fed. R. Civ. Pro. 26(c). "In the case of trade secrets, the moving party must show (a) that the information is a 'trade secret or other confidential research, development, or commercial information,' under Rule 26... and (b) that its disclosure would be harmful to the party's interest in the property." *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 554-5 (C.D. Cal. 2007) (internal citations omitted).

The parties have already entered into a stipulated protective order for the stated purpose of protecting confidential and proprietary business information. Accordingly, this objection cannot support Tesla's refusal to respond. However, in the spirit of compromise, Plaintiffs are open to meeting and conferring to discuss Tesla's further concerns.

In the same way, Tesla's objection as to relevance and proportionality does not support its failure to respond. Rule 34(a) of the Federal Rules of Civil Procedure permits requests for inspection "within the scope of Rule 26(b)." Rule 26(b) has a broad scope, which encompasses any relevant and non-privileged information pertaining to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). A site inspection is relevant to Plaintiffs' claims for the same reasons schematics are relevant to Plaintiffs' claims. Plaintiffs may wish to show that the work environment was permeated with hostility by showing the multitude of locations where harassment occurred. Such information could also help bolster or rebut Tesla's defense that Plaintiffs performed poorly at their positions in the facility. Additionally, a site inspection could rebut Tesla's assertion that Human Resources staff were readily accessible to Plaintiffs and that Plaintiffs' failure to seek the aid of such staff was unreasonable. As before, the proportionality factors also support Plaintiffs' requests: the rights at issue in this case have been described as important by the Advisory Committee; the amount in controversy is substantial; Tesla has exclusive, unfettered access to the information sought (since Tesla does not allow non-employees to enter its factory and does not allow employees to use phones or recording devices on the job) while Plaintiffs must rely on Tesla to provide it; as a large and profitable business Tesla has the resources to permit a brief site inspection; the trier of fact could find visual representations of the actual work areas dispositive; and while such information is highly important and beneficial to both Plaintiff's claims and Tesla's defenses, Tesla has not identified a single burden to justify its refusal to permit an inspection, much less a burden that outweighs the benefit of such discovery. Accordingly, this objection does not support Tesla's refusal to permit



Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Julianne K. Stanford, Esq.
Cady Sartorius, Esq.
Noah Baron, Esq.

the requested site inspection.

Tesla's next objection as to "reasonable particularity" grounds is similarly misplaced. Plaintiffs have not sought a blanket site inspection of the entire factory, but instead limited their requests to the following areas that Plaintiffs had access to during their employment: "the entrance lobby, production lines, elevator area, restrooms, break rooms, clock-in areas, human resources area, and common areas." While Tesla may refer to these areas by different names, the descriptions are simple enough to place Tesla on notice of the areas Plaintiffs wish to examine and this objection therefore does not support its refusal to respond.

Plaintiffs concede that the site inspection was unilaterally noticed. However, this was not for lack of effort on Plaintiffs' part. Counsel for Plaintiffs first attempted to set a call or meeting to schedule depositions and other discovery matters in early February of 2019. Thereafter, counsel for Tesla ignored Plaintiffs' counsel's repeated, good-faith attempts to discuss availability. After attempting to obtain Tesla's counsel's availability for **nearly two months**, Plaintiffs' counsel was forced to unilaterally notice the site inspection given the impending close of discovery. Tesla's counsel then ignored the request for weeks, never informed Plaintiffs that they were not available on the selected date, and never attempted to select an alternative date. Instead, Tesla's counsel objected on the eve of the scheduled inspection. Plaintiffs' counsel is, of course, amenable to selecting a date and time that would cause the least inconvenience to Tesla. Please provide your availability for a call to meet and confer regarding the site inspection, so we can discuss alternative dates in addition to reviewing Tesla's other concerns regarding the site inspection.

Thank you in advance for your prompt attention and anticipated professional courtesy in this matter. Please produce all outstanding responsive documents and a privilege log later than **Wednesday, May 8, 2019**.

Warm regards,

Navruz Avloni

California Civil Rights Law Group
Marin County | 332 San Anselmo Ave., San Anselmo, CA 94960 • (415) 453-4740
Alameda County | 180 Grand Avenue, Suite 1380, Oakland, CA 94612 • (510) 978-4880

Page  17  of  17

# Exhibit

# 4

Case 3:17-cv-06748-WHO Document 146-2 Filed 01/13/20 Page 34 of 53

L. JULIUS M. TURMAN (State Bar No. 226126)
lturman@constangy.com
BARBARA I. ANTONUCCI (State Bar No. 209039)
bantonucci@constangy.com
AARON M. RUTSCHMAN (State Bar No. 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
351 California, Suite 200
San Francisco, California 94104
Telephone: (415) 918.3000
Facsimile: (415) 918.3005

Attorneys for Defendant
TESLA, INC. DBA TESLA MOTORS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON, an individual, | Case No. 3:17-cv-06748-WHO |
| Plaintiffs, | **DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.'S INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71** |
| vs. | |
| TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC. and DOES 1-10, inclusive , | |
| Defendants. | |

Defendant Tesla Inc. dba Tesla Motors, Inc. ("Tesla") submits the following information pursuant to General Order No. 71. Tesla reserves the right to rely on witnesses, documents, and other information that may come to it or its counsel's attention through discovery and trial preparation. Tesla further reserves the right to modify or supplement the information and documents provided pursuant to General Order No. 71 as discovery proceeds in this matter.

INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71
CASE No. 3:17-cv-06748-WHO

## I. PLAINTIFFS' SUPERVISORS

During their temporary assignments to Tesla, Plaintiff Demetric Di-az and Plaintiff Owen Diaz (collectively "Plaintiffs") were supervised by:

    A.    Javier Caballero: Plaintiff Demetric Di-az

    B.    Ed Romero: Plaintiff Owen Diaz

## II. IDENTITY OF PERSON(S) INVOLVED IN MAKING DECISION TO TAKE THE ADVERSE ACTION

Tesla does not concede and instead disputes that Plaintiffs were subjected to any adverse actions. Plaintiff Owen Diaz alleges that he abandoned his temporary assignment to Tesla.

Javier Caballero recommended that Plaintiff Demetric Di-az's temporary assignment to Tesla be ended in or around October 2015 due to ongoing performance issues. Rovilla Wetle (West Valley) agreed with Mr. Cabellero's recommendation to end Mr. Di-az's temporary assignment to Tesla.

## III. PERSONS TESLA BELIEVES TO HAVE KNOWLEDGE OF FACTS CONCERNING THE CLAIMS AND DEFENSES AT ISSUE

Since Tesla has not received any formal discovery concerning the factual basis for the claims of Plaintiffs, Tesla cannot fully anticipate or predict all of the issues that may be relevant to its defenses. Nonetheless, based upon the information reasonably available to it, Tesla believes the following persons may have discoverable information concerning the claims and defenses at issues in this lawsuit:

    A.    **Plaintiff Demetric Di-az**. Plaintiff presumably has knowledge regarding the claims in his lawsuit, as well as information pertaining to the mitigation of his alleged damages.

    B.    **Plaintiff Owen Diaz**. Plaintiff presumably has knowledge regarding the claims in his lawsuit, as well as information pertaining to the mitigation of his alleged damages.

Case 3:17-cv-06748-WHO   Document 146-2   Filed 01/13/2022   Page 35 of 53

Case 3:17-cv-06748-WHO   Document 146-2   Filed 01/13/20   Page 36 of 53

C.    **Ludivina Ledesma**. Ms. Ledesma is a Human Resources Manager at CitiStaff and will likely have knowledge regarding Plaintiff Owen Diaz's temporary assignment to Tesla. Ms. Ledesma may be contacted through counsel for CitiStaff.

D.    **Monica De Leon**. Ms. De Leon is CitiStaff's former Staffing Supervisor and will likely have knowledge regarding Plaintiff Owen Diaz's temporary assignment to Tesla.

E.    **Rovilla Wetle**. On information and belief, Ms. Wetle is employed by Defendant West Valley Staffing Group. On information and belief, Ms. Wetle will likely have knowledge regarding Plaintiff Demetric Di-az's temporary assignment to Tesla. Ms. Wetle may be contacted through counsel for Defendant West Valley.

F.    **Terri Garrett**. On information and belief, Ms. Garrett is employed by NextSource. On information and belief, Ms. Garrett will likely have knowledge regarding Plaintiff Owen Diaz's temporary assignment at Tesla. Ms. Garrett can be contacted through counsel for NextSource.

G.    **Wayne Jackson**. On information and belief, Mr. Jackson was employed by NextSource. On information and belief, Mr. Jackson will likely have relevant knowledge of Plaintiff Owen Diaz's temporary assignment to Tesla.

H.    **Veronica Martinez**. On information and belief, Ms. Martinez was employed by Chartwell. On information and belief, Ms. Martinez will likely have relevant knowledge of Plaintiff Ramon Martinez's temporary assignment to Tesla.

INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71
CASE No. 3:17-cv-06748-WHO

I.  **Ed Romero**.  Mr. Romero worked at Tesla as a Janitorial Supervisor, Production Facilities.  Mr. Romero likely will have relevant information regarding Plaintiff Owen Diaz's temporary assignment at Tesla.

J.  **Michael Wheeler**.  On information and belief, Mr. Wheeler may have relevant information regarding Plaintiff Owen Diaz's assignment to Tesla.

K.  **Rothaj Foster**. On information and belief, Mr. Foster may have relevant information regarding Plaintiff Owen Diaz's assignment to Tesla.

L.  **Ramon Martinez**.  On information and belief, Mr. Martinez works for Chartwell and may have relevant information regarding Plaintiff Owen Diaz's assignment to Tesla.

M.  **Javier Caballero**. Mr. Caballero will likely have knowledge of Plaintiff Demetric Di-az's performance, the discipline received during his temporary assignment, and the decision to end Plaintiff Demetric Di-az's temporary assignment to Tesla. Mr. Caballero may be contacted through counsel of record for Tesla.

N.  **Erin Marconi**.  Ms. Marconi is Tesla's former Human Resources Business Partner.  Ms. Marconi will likely have knowledge regarding Plaintiffs' temporary assignments at Tesla.

O.  **Victor Quintero**.  Mr. Quintero will likely have relevant information regarding Plaintiff Owen Diaz's assignment at Tesla.

P.  **Josue Torres**. Mr. Torres will likely have relevant information regarding Plaintiff Owen Diaz's assignment at Tesla.

Q.  **Joshua Buck**. Mr. Buck will likely have knowledge of Plaintiff Demetric Di-az's temporary assignment to Tesla.

Case 3:17-cv-06748-WHO   Document 146-2   Filed 01/13/20   Page 37 of 53

R.    **Krista Washington**. Ms. Washington will likely have knowledge regarding Tesla's policies against discrimination and harassment and its anti-retaliation policy. Ms. Washington may be contacted through counsel of record for Tesla.

## IV.    PLAINTIFFS' APPLICATION FOR BENEFITS

Tesla is not currently aware of any applications for disability benefits and/or social security disability benefits by Plaintiff Demetric Di-az or Plaintiff Owen Diaz.

Dated: March 30, 2018          CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By_____
            Barbara I. Antonucci
            Aaron M. Rutschman
            Attorneys for Defendant
            TESLA INC. DBA TESLA MOTORS, INC.

Case 3:17-cv-06748-WHO   Document 146-2   Filed 01/13/20   Page 38 of 53

INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71
CASE No. 3:17-cv-06748-WHO

# PROOF OF SERVICE

*U.S. District Court*
*California Northern District (San Francisco)*
*CIVIL DOCKET FOR CASE #: 3:17-cv-06748-WHO*

I am over 18 years of age and not a party to the within entitled action. I am employed at the law firm of CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 351 California Street, Suite 200, San Francisco, California 94104. On March 30, 2018, I served a copy of the following:

**DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.'S INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71; AND [ACCOMPANYING DOCUMENT PRODUCTION] TESLA-000001 TO TESLA-0000307**

on the attorney(s) for the parties to this action by the following method:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cshanahan@constangy.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Lawrence Anthony Organ
Navruz Avloni
California Civil Rights Law Group
332 San Anselmo Avenue
San Anselmo, CA 94960
Tel.: 415-453-4740
Fax: 415-785-7352
Email: larry@civilrightsca.com
Email: navruz@civilrightsca.com

*Attorneys for Plaintiffs'*
*DEMETRIC DI-AZ, OWEN DIAZ,*
*LAMAR PATTERSON*

Fenn C. Horton , III
Helene Anastasia Simvoulakis
Pahl & McKay, APC
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113-1752
Tel.:408-286-5100
Fax.: 408-286-5722
Email: fhorton@pahl-mccay.com
Email: hsimvoulakis@pahl-mccay.com

*Attorneys for Defendant*
*WEST VALLEY STAFFING GROUP*

[FEDERAL] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2018 at San Francisco, California.

Cristi Shanahan

# Exhibit

## 5

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    TRACEY A. KENNEDY, Cal. Bar No. 150782
3   333 South Hope Street, 43rd Floor
    Los Angeles, California 90071-1422
4   Telephone:    213-620-1780
    Facsimile:    213-620-1398
5   Email:        tkennedy@sheppardmullin.com

6   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
7       Including Professional Corporations
    PATRICIA M. JENG, Cal. Bar No. 272262
8   REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
    Four Embarcadero Center, 17th Floor
9   San Francisco, California 94111-4109
    Telephone:    415.434.9100
10  Facsimile:    415.434.3947
    Email:        pjeng@sheppardmullin.com
11                rswafford-harris@sheppardmullin.com

12  Attorneys for Defendant,
    TESLA, INC. DBA TESLA MOTORS, INC.

13

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17

18  | DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON | Case No. 17-cv-06748-WHO |
    |---|---|

19  |                   Plaintiffs, | **DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ'S INTERROGATORIES, SET THREE** |

20  |          v. | |

21  | TESLA, INC. DBA TESLA MOTORS, INC., CITISTAFF SOLUTIONS, INC.; | |
22  | WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, | |
23  | INC.; NEXTSOURCE, INC.; and DOES 1-10, inclusive | |

24

25  |                   Defendants. | Amended Complaint Filed:  December 26, 2018<br>Trial Date:               November 18, 2019 |

26

27

28

-1-                                         Case No. 17-cv-06748-WHO

1    PROPOUNDING PARTY:        Plaintiff OWEN DIAZ

2    RESPONDING PARTY:         Defendant TESLA, INC. DBA TESLA MOTORS, INC.

3    SET NO.:                  THREE

4                            **PRELIMINARY STATEMENT**

5          Pursuant to Federal Rule of Civil Procedure 33, Defendant Tesla, Inc. dba Tesla Motors,

6    Inc. ("Defendant") hereby responds to Plaintiff Owen Diaz's ("Plaintiff") Interrogatories, Set

7    Three.

8          The following responses and objections have been prepared prior to the completion of

9    Defendant's investigation, discovery, and preparation for trial in this action.  The responses and

10   objections are based only on information, facts, and documents currently available and known to

11   Defendant.  Defendant reserves its right to make changes to the responses and objections if it

12   appears that omissions or errors have been made in them, or that further and more accurate

13   information, facts, and/or documents are available, but Defendant is under no obligation to do so.

14   Defendant also reserves its right to rely upon and/or introduce into evidence at trial or any pre-trial

15   proceeding any additional information, facts, and/or documents.

16         Defendant's responses and objections are for the purpose of discovery only, and are not an

17   admission or acceptance that any response, fact, or document is relevant and/or admissible into

18   evidence.  Defendant reserves its right to object to the admissibility of any response, fact, or

19   document at the time of trial or any pre-trial proceeding.

20         Defendant provides the following responses subject to, and without waiving the foregoing

21   Preliminary Statement, which is incorporated by reference into each response below.

22                            **GENERAL OBJECTIONS**

23         1.      Defendant reserves the right to object on any ground at any time to such other or

24   supplemental Interrogatories, or any other discovery, as Plaintiff may at any time propound

25   involving the subject matter of the Interrogatories.

26         2.      Defendant objects to the Interrogatories on the grounds and to the extent they seek

27   information outside the possession, custody, or control of Defendant and that is not within

28   Defendant's personal knowledge.

---

                                                -2-                    Case No. 17-cv-06748-WHO

1    rights and confidentiality of third-party non-litigants and/or current or former employees of

2    Defendant.  Defendant further objects to the extent this interrogatory seeks information that is not

3    relevant to the claims or defenses and/or proportional to the needs of the case, considering the

4    importance of the issues at stake in the action, the amount in controversy, the parties' relative

5    access to relevant information, the parties' resources, the importance of the discovery in resolving

6    the issues, and whether the burden or expense of the proposed discovery outweighs its likely

7    benefit.  Defendant objects that this interrogatory lacks foundation, and assumes facts not in

8    evidence, particularly, that Victor Quintero had an assigned schedule of "hours worked," and/or

9    recorded the same.  Defendant further objects to the extent this interrogatory necessitates the

10   preparation or the making of a compilation, abstract, audit, or summary.

11           Subject to and without waiving any objections, Defendant responds as follows:  Victor

12   Quintero's position is Manager, Recycling Services from May 12, 2015 through the date of this

13   response.

14   **INTERROGATORY NO. 18:**

15           Please DESCRIBE in comprehensive detail each position Ramon Martinez held during his

16   employment at the TESLA FACTORY. (For the purposes of responding to this interrogatory, the

17   term "DESCRIBE" means to list, for each position, the job title, job duties, hours worked, and

18   dates the position was held.)

19   **RESPONSE TO INTERROGATORY NO. 18:**

20           Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

21   the term(s) and/or phrase(s): "comprehensive detail," "position," and "employment at TESLA

22   FACTORY."  Defendant further objects that this interrogatory is not limited in time or scope, and

23   thus is overbroad, unduly burdensome, oppressive, and harassing.  Defendant further objects to the

24   extent this interrogatory is invasive of the privacy rights and confidentiality of third-party non-

25   litigants and/or current or former employees of Defendant.  Defendant further objects to the extent

26   this interrogatory seeks information that is not relevant to the claims or defenses and/or

27   proportional to the needs of the case, considering the importance of the issues at stake in the

28   action, the amount in controversy, the parties' relative access to relevant information, the parties'

1  resources, the importance of the discovery in resolving the issues, and whether the burden or

2  expense of the proposed discovery outweighs its likely benefit.  Defendant objects that this

3  interrogatory lacks foundation, and assumes facts not in evidence, particularly, that Ramon

4  Martinez had an assigned schedule of "hours worked," and/or recorded the same.  Defendant

5  further objects to the extent this interrogatory necessitates the preparation or the making of a

6  compilation, abstract, audit, or summary.

7      Subject to and without waiving any objections, Defendant responds as follows:  Ramon

8  Martinez was not employed by Tesla during the time that plaintiff Owen Diaz or Plaintiff

9  Demetric Di-az worked at Tesla.  Ramon Martinez's position from January 14, 2019 to the date of

10  this response is Lead Material Handler.

11  **INTERROGATORY NO. 19:**

12      Please DESCRIBE in comprehensive detail each position Joyce DelaGrande has held

13  during her employment at the TESLA FACTORY. (For the purposes of responding to this

14  interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job duties,

15  hours worked, and dates the position was held.)

16  **RESPONSE TO INTERROGATORY NO. 19:**

17      Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

18  the term(s) and/or phrase(s): "comprehensive detail," "position," and "employment at TESLA

19  FACTORY."  Defendant further objects that this interrogatory is not limited in time or scope, and

20  thus is overbroad, unduly burdensome, oppressive, and harassing.  Defendant further objects to the

21  extent this interrogatory is invasive of the privacy rights and confidentiality of third-party non-

22  litigants and/or current or former employees of Defendant.  Defendant further objects to the extent

23  this interrogatory seeks information that is not relevant to the claims or defenses and/or

24  proportional to the needs of the case, considering the importance of the issues at stake in the

25  action, the amount in controversy, the parties' relative access to relevant information, the parties'

26  resources, the importance of the discovery in resolving the issues, and whether the burden or

27  expense of the proposed discovery outweighs its likely benefit.  Defendant objects that this

28  interrogatory lacks foundation, and assumes facts not in evidence, particularly, that Joyce

1        Subject to and without waiving any objections, Defendant responds as follows:  Not

2   applicable.

3

4   Dated:  May 24, 2019                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                                     By: _____

7                                          TRACEY A. KENNEDY
                                           PATRICIA M. JENG
8                                          REANNE SWAFFORD-HARRIS

9                                          Attorneys for Defendant
                                     TESLA, INC. dba TESLA MOTORS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4850 8836              DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET THREE
2648.1

## CERTIFICATE OF SERVICE

*Demetric Di-Az, et al. v. Tesla, Inc., et al.*
USDC, Northern District of California, Case No. 3:17-cv-06748-WHO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On May 24, 2019, I served true copies of the following document(s) described as:

**DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ'S INTERROGATORIES, SET THREE**

on the interested parties in this action as follows:

### SEE SERVICE LIST

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 415.434.3947. The transmission was reported as complete and without error. No error was reported by the fax machine that I used. A transmission report was properly issued by the sending fax machine.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address eruiz@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person at the addresses listed in the Service List. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

-1-

1    I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct.

3    Executed on May 24, 2019, at San Francisco, California.

4

5                                                    _____
6                                                    Elena E. Ruiz
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

| | |
|---|---|
| Lawrence A. Organ, Esq.<br>Navruz Avloni, Esq.<br>**CALIFORNIA CIVIL RIGHTS LAW GROUP**<br>332 San Anselmo Avenue<br>San Anselmo, CA 94960<br>Telephone:      415-453-4740<br>Facsimile:      415-785-7352]<br>Email:           larry@civiilrightsca.com<br>                     navruz@civilrightsca.com | Attorneys for Plaintiffs<br>DEMETRIC DI-AZ and OWEN DIAZ |
| Gary T. Lafayette, Esq.<br>Cheryl A. Stevens, Esq.<br>**LAFAYETTE & KUMAGAI**<br>1300 Clay Street, Suite 810<br>Oakland, CA 94612<br>Telephone:      415-357-4600<br>Email:           glafayette@lkclaw.com<br>                     cstevens@lkclaw.com | Attorneys for Defendant<br>CITISTAFF SOLUTIONS, INC. |
| Jason A. Geller, Esq.<br>Juan C. Araneda, Esq.<br>Aaron D. Langberg, Esq.<br>**FISHER & PHILLIPS LLP**<br>One Embarcadero Center, Suite 2050<br>San Francisco, CA 94111<br>Telephone:      415-490-9000<br>Facsimile:      415-490-9001<br>Email:           jgeller@fisherphillips.com<br>                     jaraneda@fisherphillips.com<br>                     alangberg@fisherphillips.com | Attorneys for Defendant<br>NEXTSOURCE, INC. |
| Fenn C. Horton III, Esq.<br>Helene Simvoulakis-Panos, Esq.<br>**PAHL & McCAY**<br>225 West Santa Clara Street, Suite 1500<br>San Jose, CA 95113<br>Telephone:      408-286-5110<br>Facsimile:      408-286-5722<br>Email:           fhorton@pahl-mccay.com<br>                     hsimvoulakis@pahl-mccay.com | Attorneys for Defendant<br>WEST VALLEY STAFFING GROUP |

Case No. 3:17-cv-06748-WHO
CERTIFICATE OF SERVICE

# Exhibit

# 6

BARBARA I. ANTONUCCI (State Bar No. 209039)
bantonucci@constangy.com
AARON M. RUTSCHMAN (State Bar No. 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
351 California, Suite 200
San Francisco, California 94104
Telephone: (415) 918.3000
Facsimile: (415) 918.3005

Attorneys for Defendant
TESLA, INC. DBA TESLA MOTORS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON, an individual, | Case No. 3:17-cv-06748-WHO |
| Plaintiffs, | **DEFENDANT TESLA INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ' INTERROGATORIES – SET ONE** |
| vs. | |
| TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC. and DOES 1-10, inclusive , | |
| Defendants. | |

PROPOUNDING PARTY:    Plaintiff, OWEN DIAZ

RESPONDING PARTY:    Defendant, TESLA, INC. DBA TESLA MOTORS, INC.

SET NO.:    One

-1-

its policies and practices regarding race harassment or discrimination. (In responding to this interrogatory, the term employee includes, but is not limited to, managers.)." Defendant further objects to this interrogatory to the extent that it seeks information not relevant to any party's claims or defenses nor proportional to the needs of this case. Defendant further objects to this interrogatory on the grounds it seeks information protected by the attorney-client privilege and/or by the attorney work product doctrine.  Defendant further objects to this request on the grounds that it is burdensome and harassing in that it is overbroad and vague and ambiguous as to time and not limited in any manner in geographical scope.

**INTERROGATORY NO. 7:**

Please provide the last best-known contact information for Ramon Martinez. (In responding to this interrogatory, the term contact information, includes, but is not limited to, address, phone number and email.)

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant further objects to this interrogatory to the extent that it seeks documents and information pertaining to employees or former employees of Defendant and thereby seeks to invade privacy rights established by the California Constitution. Subject to and without waiving its objections and to the extent it is understood, Defendant responds: Ramon Martinez was never a Tesla employee. Mr. Martinez's last known contact information is: ramonmartinez7113@gmail.com.

**INTERROGATORY NO. 8:**

Please provide the last best-known contact information for Edward Romero. (In responding to this interrogatory, the term contact information, includes, but is not limited to, address, phone number and email.)

-8-

benefit available to PLAINTIFF as part of his employment with Citistaff Solutions, Inc. (In responding to this interrogatory, the term describe includes, but is not limited to, the nature, approximate annual dollar value to PLAINTIFF, and minimum number of work hours to qualify for each fringe benefit)." Defendant further objects to this interrogatory on the grounds that the definition of the term "describe" is overbroad, burdensome and harassing. Defendant is not responsible for calculating the approximately annual dollar value to plaintiff of benefits he was entitled to from Defendant, if any.

Subject to and without waiving its objections and to the extent it is understood, and limiting its response to information that reasonably pertains to the claims in this case, Defendant responds: Plaintiff was never an employee of Defendant and therefore he was not entitled to any "fringe benefits" from Defendant.

Dated:  June 4, 2018          CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By /s/ Barbara Antonucci
Barbara I. Antonucci
Aaron M. Rutschman
Attorney for Defendant
TESLA, INC. DBA TESLA MOTORS, INC.

-10-

**PROOF OF SERVICE**

*U.S. District Court*
*California Northern District (San Francisco)*
*CIVIL DOCKET FOR CASE #: 3:17-cv-06748-WHO*

I am over 18 years of age and not a party to the within entitled action. I am employed at the law firm of CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 2029 Century Park East, Suite 1100, Los Angeles, California 90067. On June 4, 2018, I served a copy of the following:

1. **DEFENDANT TESLA, INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ' INTERROGATORIES – SET ONE**

on the attorney(s) for the parties to this action by the following method:

  X   **(BY MAIL)**  By placing same, with postage fully prepared, in the United States Mail, addressed as indicated below. I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

| | |
|---|---|
| Lawrence Anthony Organ<br>Navruz Avloni<br>California Civil Rights Law Group<br>332 San Anselmo Avenue<br>San Anselmo, CA 94960<br>Tel.: 415-453-4740<br>Fax: 415-785-7352<br>Email: larry@civilrightsca.com<br>Email: navruz@civilrightsca.com | *Attorneys for Plaintiffs'*<br>*DEMETRIC DI-AZ,* OWEN DIAZ, |
| Fenn C. Horton , III<br>Helene Anastasia Simvoulakis<br>Pahl & McKay, APC<br>225 West Santa Clara Street, Suite 1500<br>San Jose, CA 95113-1752<br>Tel.:408-286-5100<br>Fax.: 408-286-5722<br>Email: fhorton@pahl-mccay.com<br>Email: hsimvoulakis@pahl-mccay.com | *Attorneys for Defendant*<br>*WEST VALLEY STAFFING GROUP* |

[FEDERAL] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 4, 2018 at Los Angeles, California.

Lorna Hatch