# EXHIBIT A

| From: | Patricia Jeng |
|---|---|
| To: | Larry Organ |
| Cc: | Cimone Nunley; Reanne Swafford-Harris; Tracey Kennedy; Navruz Avloni; Bernard Alexander; Larry Organ; Susan Haines |
| Subject: | RE: Di-az, et al. v. Tesla, et al.: Request for Further Documents and Information per Judge Orrick''s 10/3 Order |
| Date: | Thursday, November 14, 2019 5:24:19 PM |

Counsel:

To be clear, the interrogatories ask for "names and most recent contact information" for individuals "who worked with or around" Plaintiffs.  The Court's Order states that Tesla is "To the extent it has not done so already, Tesla shall provide information about known individuals who fall into this category. Tesla need not go on a wild goose chase to uncover the names of individuals about whom it is not aware."  The Court did not order the information of people "who had regular contact with the elevators," although that is equally as vague as "with or around plaintiffs."  The Court also did not order the information of people that Plaintiffs identified in their initial disclosures, nor did Plaintiffs request this (except for Ramon Martinez, which, as you know, Tesla already provided).  The Court also did not order information of individuals in all email correspondence produced, nor did Plaintiffs request this at any point in time.  Also, I did not produce any list of individuals of individuals who worked "with or around" Plaintiffs.  If what Plaintiffs actually wished for was the information of people in initial disclosures, emails, or any purported list, they should have either agreed to do so during the parties' meet and confer or amended their discovery to clarify what they were truly seeking, but they did not and the Court did not order these different searches.  Plaintiffs also previously refused to identify any specific individuals whose contact information they were seeking, and your email for the first time identifies individuals by name with respect to these interrogatories; again, where Plaintiffs previously sought specific contact information, they have been provided that information to the extent it is in Tesla's possession.

**Patricia Jeng**
+1 415-774-2928 | direct
PJeng@sheppardmullin.com | Bio

**Sheppard**Mullin
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Larry Organ <larryaorgan@gmail.com>
**Sent:** Wednesday, November 13, 2019 8:34 PM
**To:** Patricia Jeng <PJeng@sheppardmullin.com>
**Cc:** Cimone Nunley <cimone@civilrightsca.com>; Reanne Swafford-Harris <RSwafford-Harris@sheppardmullin.com>; Tracey Kennedy <TKennedy@sheppardmullin.com>; Navruz Avloni <navruz@civilrightsca.com>; Bernard Alexander <balexander@akgllp.com>; Larry Organ <larry@civilrightsca.com>; Susan Haines <shaines@sheppardmullin.com>
**Subject:** Re: Di-az, et al. v. Tesla, et al.: Request for Further Documents and Information per Judge Orrick's 10/3 Order

Counsel,

Quite frankly, that is impossible. There are numerous people in recycling who you have not identified and given contact information for who had regular interactions with the elevators.  In addition, there were production people who also had regular contact with the elevators.  You are the one with the rosters of employees, not us.  You did not even provide last known contact information for people specifically identified in initial disclosures such as Rothaj Foster and Ramon Martinez and numerous others contained in the emails exchanged thus far in discovery such as Israel Zuniga, Jesse Leite, Aron Deharto, Tory Dennis, and Joyce Delagrande.  During Mr. Demetric Di-Az's deposition, you produced lists with photographs and names of people with whom he worked without contact information.  So, you clearly have this type of information.

Please provide a description of your methodology in trying to provide contact information and identify additional witnesses as this seems not in compliance with the Judge's order.

Sincerely,

Larry Organ



**Lawrence A. Organ**
**332 San Anselmo Avenue**
**San Anselmo, CA 94960**
**(415)453-4740 phone**
**(415)785-7352 fax**
**www.civilrightsca.com**

On Wed, Nov 13, 2019 at 6:28 PM Patricia Jeng <PJeng@sheppardmullin.com> wrote:

Counsel:

We will produce the nextSource contract tomorrow (apologies – we thought this was included this in our prior production).  There is no MSA between CitiStaff and Tesla.  Based on Tesla's search in compliance with the Court's Order, Tesla has not identified any additional individuals whose information is not already in Plaintiff's possession, custody, and control (including by way of Tesla's discovery responses).  Although we are not required to go on a wild goose chase, if we do obtain any additional information, we would provide that.

**Patricia Jeng**
+1 415-774-2928 | direct
PJeng@sheppardmullin.com | Bio

**Sheppard**Mullin
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Cimone Nunley <cimone@civilrightsca.com>
**Sent:** Wednesday, November 13, 2019 1:19 PM
**To:** Reanne Swafford-Harris <RSwafford-Harris@sheppardmullin.com>; Patricia Jeng <PJeng@sheppardmullin.com>; Tracey Kennedy <TKennedy@sheppardmullin.com>
**Cc:** Navruz Avloni <navruz@civilrightsca.com>; Bernard Alexander <balexander@akgllp.com>; Larry Organ <larry@civilrightsca.com>
**Subject:** Re: Di-az, et al. v. Tesla, et al.: Request for Further Documents and Information per Judge Orrick's 10/3 Order

Counsel,
To date, we have not received the documents and information that Judge Orrick ordered Tesla to produce in his October 3, 2019 Order.

Please advise whether you will be producing the requested documents tomorrow. If not, we will be raising a dispute with the Court regarding Tesla's non-compliance with the Court's explicit order.

Regards,

**Cimone Nunley**
*Associate Attorney*
Preferred Pronouns: She/Her/Hers



332 San Anselmo Avenue
San Anselmo, CA 94960
SF: (415) 453-4740
OAK: (510) 978-4880
SJ: (408) 471-6914
Fax: (415) 785-7352
www.CivilRightsCA.com

DISCLAIMER: This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

On Fri, Nov 8, 2019 at 10:59 AM Cimone Nunley <cimone@civilrightsca.com> wrote:

Counsel,

I am writing to follow up on the Court's October 3, 2019 Order regarding discovery disputes.

Judge Orrick's order plainly instructed Tesla to produce the names and contact information of employees who worked with and around Plaintiffs, in addition to the contracts defining the relationship between Tesla, Citistaff, and nextSource. To date, we have not received amended responses to our interrogatories, nor have we received documents responsive to our requests.

Please produce the requested information and documents no later than **Thursday, November 14, 2019**. Absent a response by that date, Plaintiffs will have no choice but to raise a dispute with the Court.

Warm regards,

**Cimone Nunley**
*Associate Attorney*
Preferred Pronouns: She/Her/Hers



332 San Anselmo Avenue
San Anselmo, CA 94960
SF: (415) 453-4740
OAK: (510) 978-4880
SJ: (408) 471-6914
Fax: (415) 785-7352
www.CivilRightsCA.com

DISCLAIMER: This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and

**delete the original message.**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.