1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAWRENCE A. ORGAN (SBN 175503)
NAVRUZ AVLONI (SBN 279556)
CIMONE A. NUNLEY (SBN 362915)
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Ave.
San Anselmo, California, 94960
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
larry@civilrightsca.com
navruz@civilrightsca.com

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER KRAKOW + GLICK LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 394-0888
Facsimile: (310) 394-0811
balexander@akgllp.com

Attorneys for Plaintiffs

DEMETRIC DI-AZ and OWEN DIAZ

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS PURSUANT TO FRCP 37(B)(2)(A)**<br><br>Date: February 19, 2020<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Trial Date: May 11, 2020<br>Complaint filed: October 16, 2017 |

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 4

I.   FACTUAL AND PROCEDURAL BACKGROUND.......................................... 5

   A.   Plaintiffs Request Witness Names and Contact Information via Interrogatory and Tesla Does Not Respond. ................................................................................................ 5

   B.   Plaintiffs Repeatedly Narrow Their Request in the Meet and Confer Process. ................. 6

   C.   Tesla Never Responds to Plaintiffs' Interrogatories. ...................................... 7

   D.   Tesla's Shifting Justifications Fail to Justify Its Noncompliance with the Court's October 3, 2019 Order. ........................................................................................... 7

     1.   Tesla Cannot Claim that Plaintiffs' Faulty Memory Excuses Its Failure to Produce Responsive Information. ..................................................................................... 7

     2.   Whether Plaintiffs Asked For Unredacted Copies of Employee Rosters is Irrelevant. ...... 9

     3.   Whether Plaintiffs Identified Individuals During the Meet and Confer Process is Irrelevant. .................................................................................................. 10

     4.   Plaintiffs Were *Unable* to Depose Ramon Martinez Because Tesla Did Not Produce His Contact Information. ...................................................................................... 10

II.   LEGAL ARGUMENT ............................................................................... 11

   A.   Tesla Has Not Complied with the Court's October 3, 2019 Order.................................. 11

   B.   A Motion for Sanctions is Appropriate, Because Tesla Still Has Not Complied with the Court's October 3, 2019 Order. .......................................................................... 11

   C.   A Witness Preclusion is Not Only Appropriate, but Automatic and Self-Executing Under FRCP 37........................................................................................................ 12

   D.   Plaintiffs' Motion was Brought as Soon as Practicable................................................. 14

   E.   Imposition of Attorneys' Fees is Appropriate. ............................................... 15

III.   CONCLUSION......................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amersham Pharmacia Biotech, Inc. v. Perkin- Elmer Corp.,*
    190 F.R.D. 644 (N.D. Cal. 2000) ..........................................................................13

*Cardinal v. Lupo,*
    No. 18-CV-00272-JCS, 2019 WL 4450859 (N.D. Cal. Sept. 17, 2019) ................................14

*David v. Hooker, Ltd.,*
    560 F.2d 412 (1977)..........................................................................15

*Goethe v. California Dep't of Motor Vehicles,*
    No. CIV S-07-1945MCEGGH, 2009 WL 3568624 (E.D. Cal. Oct. 27, 2009) ......................15

*Hickman v. Taylor,*
    329 U.S. 495 (1947)..........................................................................4

*Siebert v. Gene Sec. Network, Inc,*
    No. 11-cv-01987-JST, 2014 WL 5808755 (N.D. Cal. Nov. 6, 2014)....................................15

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
    259 F.3d 1101 (9th Cir. 2001) ..........................................................................12

**Other Authorities**

Fed. R. Civ. P. 37(c)(1)..........................................................................12

Fed. R. Civ. P. 26(e)(1)(B) ..........................................................................11

Fed. R. Civ. P. 26 ..........................................................................13

Fed. R. Civ. P. 26(a) ..........................................................................12

Fed. R. Civ. P. 37 ..........................................................................5, 12, 14

Fed. R. Civ. P. 37(b)(2)(A) ..........................................................................11

Fed. R. Civ. P. 37 ..........................................................................13

1

## INTRODUCTION

2       The purpose of discovery is to provide a mechanism for making relevant information

3   available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is

4   essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Defendant Tesla,

5   Inc. violated the spirit of this fundamental discovery rule as it continues to tactically withhold

6   relevant facts by feigning ignorance and confusion, and now by intentionally disobeying this

7   Court's order.

8       On October 3, 2019, this Court ordered Tesla to respond to Plaintiffs' Interrogatories

9   Nos. 11-12, which were served on Tesla a year ago. ████████████████████████████

10  ████████████████████████████████████████████████████████████████████████

11  ████████████████████████       Today, Plaintiffs are *still* waiting to receive amended verified

12  responses to Interrogatories Nos. 11-12. Tesla has approximately 10,000 employees working at

13  its Fremont factory; yet, Tesla's counsel Patricia Jeng states in an e-mail that the company is

14  only aware of five employees that "may have worked with or around Plaintiffs" Owen Diaz and

15  Demetric Di-az. Given how unrealistic this number is, it is not surprising that to date, nobody at

16  Tesla has verified it, as required by Federal Rules of Civil Procedure.  In their Motion, Plaintiffs

17  have provided at least 15 employee names, and supporting documentation establishing that Tesla

18  is continuing to withhold relevant information responsive to Interrogatories Nos. 11-12.

19           ████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████

23  ██████████████████████████████████████████████████████

24  ████████████████████████████████   ██████████████████████████████████

25  ██████████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████   Given that this ***list*** is the standard

that Tesla is using to determine who worked "with or around" Plaintiff, at minimum, Tesla needs to identify and provide information for all of the individuals included on this ***list*** in response to Interrogatories Nos. 11-12. It has not done so.

Under Rule 37, Tesla alone bears the burden of explaining its failure to respond to Plaintiffs' Interrogatories Nos. 11-12, either by articulating a substantial justification for its nonresponse or detailing how its failure was harmless. Tesla does not attempt to do either in its Opposition. Because Tesla has articulated neither substantial justification nor harmlessness supporting its failure to provide a verified response, sanctions are not only appropriate but "self-executing" and "mandatory" under Rule 37. Fed. R. Civ. P. 37, Advisory Committee's Note (1993). The Court should thus grant Plaintiffs' requested witness preclusion sanctions, as well as, attorneys fees and costs in bringing this motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiffs Request Witness Names and Contact Information via Interrogatory and Tesla Does Not Respond.

On February 12, 2019, Plaintiffs propounded interrogatories on Defendant seeking the "names and most recent contact information (physical and email addresses and phone numbers) for all employees and/or contractors who worked with or around" Plaintiffs Owen Diaz and Demetric Di-az. (Plaintiff Owen Diaz's Interrogatories to Defendant Tesla, Inc.—Set Two, at 4:8-15, Exhibit 1 to the Declaration of Cimone Nunley ISO Plaintiffs' Motion for Sanctions (Dkt. No. 146-1) ("First Nunley Dec.").) The request contained no limitations as to departments, supervisors, or shift times.

Notably, Tesla did not provide a full response to these discovery requests. Instead, it stated in March of 2019, "Defendant is <u>unable to respond to this interrogatory</u> because it is unintelligible, and what 'employees and/or contracts' [*sic*] may have worked 'with or around' [Plaintiffs] at any time is not reasonably ascertainable and has not been described with sufficient specificity by Plaintiffs." (Defendant Tesla, Inc.'s Response to Plaintiff Owen Diaz's Interrogatories—Set Two, Exhibit 2 to First Nunley Dec. at 3:17-4:26 (emphasis added).) This is the only response Tesla has ever offered to Plaintiffs' interrogatories.

1

2

### B.  Plaintiffs Repeatedly Narrow Their Request in the Meet and Confer Process.

Plaintiffs initiated the meet and confer process via letter on May 4, 2019, and offered to

3 narrow their requests to employees who worked in the same "area" (i.e. physical portion of the

4 factory) where Plaintiffs worked, during the times Plaintiffs were employed at the Tesla factory.

5 (Exhibit 3 to First Nunley Dec. at p. 4.) Contrary to Tesla's assertions in its Opposition, this

6 request had no limitations as to shift time, department, or supervisor. This request logically

7 included employees in the recycling department, given that Plaintiff Owen Diaz worked in the

8 same physical area as recycling employees, and recycling supervisors (like Martinez, Israel

9 Zuniga, and witness Michael Wheeler) were "technically Owen's superior[s]." (Deposition of

10 Michael Wheeler at 40:18-42:5 and 74:12-24, attached as Exhibit 1 to Declaration of Cimone

11 Nunley in Support of Plaintiffs' Reply ("Second Nunley Dec.").)

12 Tesla never responded to Plaintiff's letter in writing. When the parties met and conferred

13 in person in June 2019, Plaintiffs again narrowed the requests. For the first time, Plaintiffs

14 limited the requests with respect to departments, shift times, and supervisors: "(1) individuals

15 who worked in the elevator department during Plaintiff Owen Diaz's work shifts; (2) individuals

16 who worked in the recycling department during Plaintiff Owen Diaz's work shifts [the

17 department where Plaintiff Diaz's harasser worked]; and (3) individuals who worked on Plaintiff

18 Demetric Di-az's "team", under the same supervisor." (Declaration of Navruz Avloni ISO

19 Plaintiffs' Motion for Sanctions at ¶ 4, Dkt. No. 146-3.)[1]

20 Tesla never responded to Plaintiffs' proposed compromise. The parties ultimately filed a

21 joint discovery dispute letter with the Court on September 20, 2019. (Dkt. No. 88.) Plaintiffs

22 reiterated their final, narrowed request to the Court, seeking the contact information of

23 "employees who worked in the same departments as Plaintiffs, while Plaintiffs worked for Tesla,

24 during the shifts Plaintiffs worked, and having the same supervisors as Plaintiffs." Plaintiffs also

25 requested the names and contact information of individuals who worked in the same department

26 as Plaintiff Owen Diaz's harassers [i.e. the Recycling department], during Plaintiff Diaz's work

27

28

---

[1] Tesla claims to dispute this compromise, but its Opposition offers no declarations or competent evidence to support its position. (Opposition at 3:22-4:2 (Dkt. No. 156.).)

shifts." (*Id*. at p. 1.) Though Tesla attempts to portray Plaintiffs' request for Recycling Department employees as an inappropriate, *post hoc* expansion of the original interrogatories, such employees were within the scope of the original interrogatories and have been included in all of Plaintiffs' subsequent compromise offers. Plaintiffs' subsequent requests included spatial and then temporal limitations that progressively narrowed the scope of Plaintiffs' requests.

The Court ruled in Plaintiffs' favor and ordered Tesla to produce the information sought on October 3, 2019. (Dkt. No. 93 at p. 2.) To date, Tesla has neither amended nor supplemented its initial response in violation of this Court's Order.

**C.  Tesla Never Responds to Plaintiffs' Interrogatories.**

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███  But notably, almost a full year after the discovery request at issue, Tesla has steadfastly refused to amend or supplement its objections to include a full response. Based on Tesla's response, as it presently stands, no individuals worked "with or around" Plaintiffs, or in Plaintiffs' departments, or in the Recycling Departments. Such a result is obviously absurd. As Tesla itself rushed to remind the Court in the parties' joint discovery dispute on this matter, Tesla maintains a factory "that totals over five million square feet" (Dkt. No. 88 at p. 3.). It is patently impossible for Plaintiffs to have worked around *no* other employees in Tesla's massive production facility.

**D.  Tesla's Shifting Justifications Fail to Justify Its Noncompliance with the Court's October 3, 2019 Order.**

Tesla's Opposition offers a variety of irrelevant "justifications" for its refusal to respond to Plaintiffs' interrogatory. These justifications do not support its nonresponse.

1.  <u>Tesla Cannot Claim that Plaintiffs' Faulty Memory Excuses Its Failure to Produce Responsive Information.</u>

Tesla first attacks Plaintiffs' memories, claiming that Plaintiffs' failure to recall

witnesses' full legal names at deposition excuses Tesla's refusal to respond to Plaintiffs' interrogatories. This flies in the face of the Court's October 3, 2019 Order, which demands that Tesla produce the names and contact information of individuals of whom *Tesla* is aware. (Dkt. No. 93 at 2:12-15.) Using Tesla's knowledge—not Plaintiffs'—as the proper starting point, the undisputed evidence demonstrates that Tesla was aware of the witnesses identified in Plaintiffs' Motion and their connection to Plaintiffs.

Tesla relies, in part, on Plaintiff Demetric Di-az's deposition testimony to misrepresent the employee roster it produced at his deposition. (Opposition at 9:5-12.) It claims that Plaintiff Di-az's poor recollection justifies its lack of production (*Id.*) However, Tesla misquotes and mischaracterizes Plaintiff Di-az's deposition testimony to support its position. Tesla claims Plaintiff Di-az did not recall any individuals on the list, to justify its failure to produce the individuals' contact information. (Opposition at 9:5-12.) ███████████████████

████████████████████████████████████████████

██████████████████████████████████         █████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

█████████████     Plaintiff Di-az plainly recognized some of the listed employees.

More egregiously, Tesla's own production puts lie to its misrepresentations. ████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████     Tesla even concedes this point in its motion, noting in a footnote that the list contained the names and contact information of individuals responsive to the interrogatories. (Opposition at 9:11-12, fn. 5.) Regardless of what Plaintiff Di-az recalled or did not recall, it is plain that Tesla itself knew these employees worked with Plaintiff Di-az in some capacity. Far from being speculative, <u>Tesla's own production</u> demonstrates that Tesla knew these individuals worked with Plaintiff Di-az.

1   Tesla attempts a similar sleight of hand with other witnesses, such as Israel Zuniga. Tesla

2   claims it need not produce their contact information, because Plaintiff Owen Diaz could not

3   recall their last names at deposition. (Opposition at 10:19-24, 12:24-13:16.) Tesla conspicuously

4   neglects to detail its own knowledge for the Court, which demonstrates that Tesla knows these

5   witnesses and their connection to Plaintiffs. ███████████████████

6   ████████████████████████████████

7   ████████████████████████████████████

8   ████████████████████████████████

9   Another witness, Michael Wheeler, explained that Zuniga was a recycling department

10   supervisor, and recycling department supervisors like Zuniga were Plaintiff's superiors with the

11   power to direct Plaintiff's work. (Wheeler Depo. at 40:18-42:5 and 74:12-24.) Tesla can hardly

12   claim it does not know the identities of employees who directly supervised and directed

13   Plaintiffs' work.

14   Tesla's position is similarly absurd for the remaining witnesses identified. Though

15   Plaintiffs produced copious evidence demonstrating Plaintiffs' workplace contact with various

16   witnesses, Tesla has still failed to respond to Plaintiffs' interrogatories. It has not identified a

17   single employee Plaintiffs worked with. In Tesla's telling, generously interpreting Tesla's

18   November e-mail as a "response" (which it is not), just four employees worked "with or

19   around" Plaintiff Di-az during his tenure at the Tesla factory. Just one additional employee may

20   have worked "with or around" either Plaintiff Owen Diaz or Plaintiff Demetric Di-az.[2] This

21   position is facially absurd and is not supported by Tesla's misdirection and conflation.

22   2. Whether Plaintiffs Asked For Unredacted Copies of Employee Rosters is Irrelevant.

23   Tesla next attempts to distract by claiming Plaintiffs could have merely asked for copies

24   of unredacted employee rosters to provide potential witness names. (Opposition at 14:21-15:9.)

25   This issue is an irrelevant diversion tactic. The employee rosters are offered to demonstrate for

26   

27   ───────────────

28   [2] The e-mail, in addition to being unverified, does not specify which interrogatory the individuals' names and contact information is responsive to. (Exh. V. to First Supp. Nunley Dec. at p. 3.) Plaintiffs therefore cannot determine the employees' position and roles.

the Court's review Tesla's pattern and practice of meticulously tracking and documenting its employees' whereabouts. This demonstrates that other employees worked with Plaintiffs in the Tesla factory, in Plaintiffs' departments and the recycling departments. These employees should have properly been identified in response to Plaintiffs' interrogatories. However, to date, Tesla has not supplemented its response to reflect even *one single individual* who worked with Plaintiffs.

3. <u>Whether Plaintiffs Identified Individuals During the Meet and Confer Process is Irrelevant.</u>

Tesla next attempts to distract from its failure to respond by claiming that Plaintiffs failed to identify witnesses during the meet and confer process. (*e.g.* Opposition at 11:18-23.) However, this failure to identify witnesses is irrelevant. Neither the interrogatory, the various compromises Plaintiffs proposed, nor the Court's October 3 Order limited the scope of the requests to "individuals identified by Plaintiffs in the meet and confer process." The Court's Order instructed Tesla to produce the names and contact information of "known individuals". (Dkt. 93 at 2:12-15). Given that the request affirmatively asked Tesla to produce individuals' full, legal names, the request implicitly covers individuals known *to Tesla*, rather than Plaintiffs, because Plaintiffs cannot identify individuals to Tesla if Plaintiffs do not know their full legal names. Tesla's position would lead to an absurd result, allowing it to hide witnesses so long as Plaintiffs had forgotten those witnesses' full legal names. The logical interpretation is that Tesla must produce the names and contact information of employees known *to Tesla*, and to date, Tesla has not responded to Plaintiffs' interrogatories with the production of a single employee's name or contact information.

4. <u>Plaintiffs Were *Unable* to Depose Ramon Martinez Because Tesla Did Not Produce His Contact Information.</u>

Tesla continues to attempt to divert from its failure to respond by making the irrelevant claim that Plaintiffs "did not elect to depose Martinez." (Opposition at 9:21-10:9, fn. 10.) The implication Tesla makes is that Plaintiffs' lack of due diligence excuses its failure to respond to the interrogatories. This is not just a red herring, but actually describes an incident where Tesla's

noncompliance harmed Plaintiffs.

After the Court granted Plaintiffs leave to take depositions over the Rules' ten-deposition limit, Plaintiffs succeeded in serving Martinez with a deposition subpoena on October 2, 2019. (Declaration of Sabrina Grislis at ¶ 1-2.) Martinez reached out to Plaintiffs' counsel via phone shortly thereafter. He stated that Plaintiffs had identified the wrong Ramon Martinez, that he had never worked at Tesla, and could not appear for the scheduled deposition. (*Id*.) Martinez, as a recycling department employee that worked with Plaintiff Di-az fell squarely within the scope of the October 3, 2019 Order. Because Tesla failed to produce the contact information of *its current employee* when his contact information was plainly relevant to the discovery requests Plaintiffs propounded, Plaintiffs were not able to locate and depose Martinez before the Court's deposition cut-off date.

## II.   LEGAL ARGUMENT

### A.   Tesla Has Not Complied with the Court's October 3, 2019 Order.

The instant discovery dispute arose because Tesla did not fully respond to Plaintiffs' discovery requests, instead offering only objections. (Exhibit 2 to First Nunley Dec. at 3:17-4:26.) The Court's October 3, 2019 Order instructed Tesla to provide responsive witness names and contact information. (Dkt. 93 at 2:12-15.) To date, Tesla has not amended or supplemented its response. Though Tesla claims it is in full compliance with the Court's Order, Tesla offers no evidence to demonstrate that it amended or supplemented its prior responses, and baselessly claims it complied with the Court's Order in its Opposition. (Opposition at 17:11-24.) No evidence exists to demonstrate Tesla's compliance, because Tesla has never responded to the interrogatories at issue and thus has not complied with the Order.

### B.   A Motion for Sanctions is Appropriate, Because Tesla Still Has Not Complied with the Court's October 3, 2019 Order.

Under Rule 26(e)(1)(B) of the Federal Rules of Civil Procedure, a party who has responded to an interrogatory must "supplement or correct its disclosure or response...as ordered by the court." A motion for sanctions under Rule 37(b)(2)(A) is appropriate where a party "fails to obey an order to provide or permit discovery". Tesla did not obey this Court's Order, and a

1   motion for sanctions is thus the appropriate procedure.

2          The Court's October 3, 2019 Order instructed the parties to submit a further discovery

3   dispute letter if the parties could not resolve their dispute as to the scope of the Order or the

4   information sought. While the parties do dispute the precise scope of the Court's order due to the

5   extreme position Tesla has taken, the underlying dispute is more fundamental: Tesla failed to

6   obey the order to provide discovery. The Court instructed Tesla to respond to Plaintiffs'

7   interrogatory, and Tesla has steadfastly refused to do so. Tesla has not even provided a verified

8   response stating that it produced all responsive contact information in other interrogatories

9   responses or communications. In the face of Tesla's flagrant defiance of this Court's prior Order,

10  a motion for sanctions is the appropriate procedure authorized by the Federal Rules. No

11  directives in the Local Rules or the Court's standing orders supplant this procedure, and Tesla

12  cites no authority to the contrary.

13  **C.  A Witness Preclusion is Not Only Appropriate, but Automatic and Self-Executing**

14      **Under FRCP 37.**

15         Tesla claims a witness preclusion sanction is only justified where the proponent of the

16  sanction demonstrates undue prejudice. (Opposition at 18:23-28.) This misstates the standard.

17  Rule 37 explicitly states, "If a party fails to provide information or identify a witness as required

18  by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

19  evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or

20  harmless." Fed. R. Civ. P. 37(c)(1). The plain text of the Rule is clear. Moreover, the "burden is

21  on the party facing sanctions to prove harmlessness" or substantial justification. *Yeti by Molly,*

22  *Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1107 (9th Cir. 2001). There is no burden on the

23  party seeking sanctions to demonstrate harm or undue prejudice under the Rules. When a party

24  fails to meet this burden, the Advisory Committee describes the sanction as "self-executing" and

25  "automatic." Fed. R. Civ. P. 37, Advisory Committee's Note (1993).

26         In its Response, Tesla fails to meet its burden. It claims Plaintiffs have suffered no

27  prejudice, but it offers no evidence whatsoever to carry its burden to demonstrate harmlessness.

28  Tesla does not even attempt to justify its failure to respond. Because Tesla has failed to carry its

burden to demonstrate substantial justification or harmlessness, it cannot escape sanctions.

The case Tesla cites, to the extent it applies at all, supports this view of the Rules. *Amersham Pharmacia Biotech, Inc. v. Perkin- Elmer Corp.*, 190 F.R.D. 644 (N.D. Cal. 2000) ("*Amersham*"). *Amersham* was a patent case, and the defendant located a Japanese patent that should have been included in an early required disclosure approximately two months after making the initial disclosure, and immediately before the case was stayed pending arbitration. *Id*. at 645. During the stay, defendant's counsel produced the Japanese patent to the plaintiff's counsel in a closely related case, and defendant's counsel promptly produced the document to plaintiffs' counsel when the stay was lifted. *Id*. at 645. Defendant's counsel asked the plaintiff's counsel to stipulate to an amendment of the disclosures, and the plaintiff's counsel refused. *Id* at 645-6. Defendant's counsel then moved for leave to amend the disclosures. *Id*. at 646-7. The court permitted the amendment, holding the defendant had "sought to amend its disclosures in a timely fashion" after a stay was lifted, and thus established "'excusable subsequent discovery of new information'" (i.e. substantial justification). *Id*. at 648. *After* the defendant established substantial justification, the Court turned to whether the plaintiff would be prejudiced by the amendment. *Id*. at 648. The Court found no prejudice existed, because the defendant had actually received the patent at issue and thus had an opportunity to fully "evaluate the…document's importance". *Id.* at 648. In the absence of prejudice and "any indicia of bad faith," the court held a sanction precluding the Japanese patent reference was "wholly unwarranted." *Id*. at 648-9. The Court granted leave to amend the disclosures. *Id*. at 649.

Tesla's reliance on *Amersham* is misplaced. *Amersham* arose in a factually distinguishable disposition: *Amersham* was a patent case, where the defendant proactively sought to amend its disclosures as soon as was practicable under Rule 26. The *Amersham* decision does not mention or address Rule 37's requirements of substantial justification or harmlessness.

To the extent *Amersham* applies, it actually supports Plaintiffs' position. *Amershand* stands for the proposition that a preclusion sanction is inappropriate where a party gainfully attempts to produce relevant information to his opponent as soon as practicable. In contrast, Tesla has not made any attempts to respond to Plaintiffs' interrogatories. Though Tesla received

the interrogatories nearly one year ago, Plaintiffs have still not received a response identifying even one single individuals' name or contact information. ████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████ █████████████████████████ ████████████████████████████████ █████████████████████████████ Assuming generously that this employee worked with Plaintiff Diaz or in the recycling department, it is absurd for Tesla to proclaim that *just one employee* worked in Plaintiff Diaz's department and/or the recycling department. Tesla's out-of-context citation of a case grappling with an unrelated issue under a different Federal Rule does not excuse its failure to respond or shift the burden inherent in Rule 37. Ultimately, Tesla's failure to carry its burden of demonstrating substantial justification or harmlessness requires the Court to impose a preclusion sanction.

### D. Plaintiffs' Motion was Brought as Soon as Practicable.

Tesla next argues that Plaintiffs' Motion must be denied because Plaintiffs failed to bring the motion "as soon as practicable." (Opposition at 16:2-10.) Tesla argues, without support, that the delay of seven weeks dooms Plaintiffs' Motion. (*Id*. at 4-10.) Plaintiffs notified Tesla of their intent to move for sanctions on November 25, 2019—two days before the office's closure for the Thanksgiving holiday. (*Id*.) Plaintiffs' counsel, a small office with just four attorneys, started an out-of-town trial the following week. (Second Nunley Dec. at ¶ 2.) Only one attorney remained in the office to handle matters pertaining to all other cases from December 3 through December 18. (*Id*. at ¶ 3.) Thereafter, Plaintiffs' counsel promptly completed and filed the motion as soon as it was able, approximately four weeks later. (*Id.* at ¶ 4.) Though there was a slight delay, Plaintiffs' counsel brought the motion as soon as practicable under the circumstances.

The cases Tesla cites do not support the claim that a justifiable delay of seven weeks dooms a motion for sanctions. In one, the court rejected a party's motion for sanctions where the party learned of the discovery abuse in March and delayed its motion for sanctions until August of the same year—a delay of *five months*. *Cardinal v. Lupo*, No. 18-CV-00272-JCS, 2019 WL 4450859, at *9 (N.D. Cal. Sept. 17, 2019). In the second, the court denied a motion for sanctions

1   where a party brought the motion *eight months* after learning of its opponent's abuse. *Siebert v.*

2   *Gene Sec. Network, Inc*, No. 11-cv-01987-JST, 2014 WL 5808755, at *2 (N.D. Cal. Nov. 6,

3   2014). Neither case supports the proposition that a delay of seven weeks justifies rejection of a

4   motion.

5       **E.  Imposition of Attorneys' Fees is Appropriate.**

6       Tesla claims the imposition of attorneys' fees is inappropriate. However, the cases cited

7   support Plaintiffs' position. In one, the Eastern District Court held attorneys' fees could not be

8   imposed where a party complied with disclosure and production requests. *Goethe v. California*

9   *Dep't of Motor Vehicles*, No. CIV S-07-1945MCEGGH, 2009 WL 3568624, at *2 (E.D. Cal.

10  Oct. 27, 2009). As laid out previously, Tesla has not complied with its disclosure responsibilities,

11  because it has not responded to Plaintiffs' interrogatories. Tesla thus cannot escape sanctions

12  under this provision. In the second case Tesla cites, the Ninth Circuit observed that a party could

13  escape monetary sanctions where the failure to respond was justified or where "special

14  circumstances" would render such an award unjust. *David v. Hooker, Ltd*., 560 F.2d 412, 419

15  (1977). However, the court observed: "...the record clearly demonstrates a complete failure [of

16  the party facing sanctions] to answer the interrogatories or to explain the failure to respond

17  which existed for a period of over three months from the date answers were originally due and

18  one month after the date on which the district court ordered them to be answered." *Id.* Based on

19  the defendant's noncompliance with the prior court order, the Ninth Circuit upheld the award of

20  attorneys' fees. *Id*. at 421. Tesla's behavior is even more egregious than the party facing

21  sanctions in *David*: Tesla has not responded to the propounded interrogatories for *nearly a year*

22  after responses to the original requests were due. Like the award of attorneys' fees in *David*, an

23  award of attorney's fees is appropriate in the face of Tesla's unjustified refusal to respond to

24  Plaintiffs' interrogatories.

25  **III. CONCLUSION**

26      For the foregoing reasons, the Court should impose sanctions precluding Tesla from

27  calling any witness at trial that was (1) responsive to Plaintiffs' interrogatories and (2) was not

28  identified in response to Plaintiffs' interrogatories, as well as reasonable attorneys' fees and

costs. The Court should also order Tesla to comply with its October 3, 2019 Order and produce the witness names and contact information sought.

DATED:  February 3, 2020         By: _____

                                           Cimone A. Nunley, Esq.
Attorneys for Plaintiffs
DEMETRIC DI-AZ AND OWEN DIAZ