LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:      (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER KRAKOW + GLICK LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:      (310) 394-0811

Attorneys for Plaintiffs,
DEMETRIC DI-AZ and OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>         Plaintiffs,<br><br>     v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>         Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFFS' REVISED DESIGNATIONS OF DISCOVERY**<br><br>Pretrial Conference Date: May 11, 2020<br>Time: 10:00 a.m.<br><br>Trial Date: June 8, 2020<br>Complaint filed: October 16, 2017 |

Plaintiff Owen Diaz intends to use the following discovery responses at trial as part of his case in chief:

**SPECIAL INTERROGATORIES TO DEFENDANT TESLA:**

**Set One:  June 4, 2018 (1-10)**

**Set Two: March 18, 2019 (11-13)**

**Set Three:  May 24, 2019 (14-20)**

**Set Four:  October 11, 2019 (21-25)**

**1, 2, 3,**

| NO. | INTERROGATORY | RESPONSE |
|---|---|---|
| 1 | Describe in comprehensive detail each position PLAINTIFF has held with YOU, including the dates PLAINTIFF held such jobs. (In responding to this interrogatory, the term describe includes, but is not limited to, the job title, functions, hours and responsibilities for each job held by PLAINTIFF.) | Elevator Operator; Elevator Lead. Plaintiff was temporarily assigned to Defendant from approximately August 16, 2015 to March 20, 2016. |
| 2 | Identify the business relationship between YOU and Citistaff Solutions, Inc. | Defendant contracts with NextSource to staff temporary employees at its facilities. It is Defendant's understanding that NextSource contracts with CitiStaff, Solutions, Inc., among other third parties, to secure temporary employees to work at its facilities. Discovery is ongoing and Defendant reserves the right to supplement its response. |
| 3 | Identify the business relationship between YOU and NextSource. | Defendant contracts with NextSource to staff temporary employees at its facilities. It is Defendant's understanding that NextSource contracts with CitiStaff, Solutions, Inc., among other third parties, to secure temporary employees to work at its facilities. Discovery is ongoing and Defendant reserves the right to supplement its response. |
| 6 | Please describe in comprehensive detail how Tesla, Inc. educates its employees to ensure familiarity with its policies and practices regarding race harassment or discrimination. (In responding to this interrogatory, the term employee includes, but is not limited to, managers.) | Defendant objects to this interrogatory on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase "describe in comprehensive detail how Citistaff Solutions, Inc. educates its employees to ensure familiarity with its policies and practices regarding race harassment or |

| | | | |
|---|---|---|---|
| | | | discrimination. (In responding to this interrogatory, the term employee includes, but is not limited to, managers.)." Defendant further objects to this interrogatory to the extent that it seeks information not relevant to any party's claims or defenses nor proportional to the needs of this case. Defendant further objects to this interrogatory on the grounds it seeks information protected by the attorney-client privilege and/or by the attorney work product doctrine. Defendant further objects to this request on the grounds that it is burdensome and harassing in that it is overbroad and vague and ambiguous as to time and not limited in any manner in geographical scope. |
| | 7 | Please provide the last best-known contact information for Ramon Martinez. (In responding to this interrogatory, the term contact information, includes, but is not limited to, address, phone number and email.) | Ramon Martinez was never a Tesla employee. Mr. Martinez's last known contact information is: ramonmartinez7113@gmail.com. |
| | 8 | Please provide the last best-known contact information for Edward Romero. (In responding to this interrogatory, the term contact information, includes, but is not limited to, address, phone number and email.) | Mr. Romero is a former Tesla employee but he is represented by counsel for Tesla in this action. Accordingly, Mr. Romero may be contacted through counsel of record for Tesla. |
| | 13 | Identify the business relationship between YOU and Chartwell Staffing. | During the time period relevant to Owen Diaz, Chartwell Staffing Services, Inc. was a staffing agency who placed their employees at for work at various companies, including Tesla, Inc. |
| | 14 | Please provide the last, best-known contact information of Judy Timbreza. | Judy Timbreza was never a Tesla employee. The last known contact information that Tesla has for Judy Timbreza is judyannafuan18@gmail.com. |
| | 16 | Please DESCRIBE in comprehensive detail each position Edward Romero has held during his employment at the TESLA FACTORY from 2014 to present. (For the | Edward Romero's position was Janitorial Supervisor, Production Facilities from on or about October 12, 2015 through on or about August 4, 2017. |

| | | |
|---|---|---|
| | purposes of responding to this interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job duties, hours worked, and dates the position was held.) | |
| 17 | Please DESCRIBE in comprehensive detail each position Victor Quintero has held during his employment at the TESLA FACTORY from 2014 to present. (For the purposes of responding to this interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job duties, hours worked, and dates the position was held.) | Victor Quintero's position is Manager, Recycling Services from May 12, 2015 through the date of this response. |
| 18 | Please DESCRIBE in comprehensive detail each position Ramon Martinez held during his employment at the TESLA FACTORY. (For the purposes of responding to this interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job duties, hours worked, and dates the position was held.) | Ramon Martinez was not employed by Tesla during the time that plaintiff Owen Diaz or Plaintiff Demetric Di-az worked at Tesla. Ramon Martinez's position from January 14, 2019 to the date of this response is Lead Material Handler. |
| 20 | If Ramon Martinez is no longer working at TESLA, please list all the reasons for his separation. | Not applicable. |
| 22 | Please IDENTIFY the individuals and/or companies that were responsible for painting over graffiti or drawings or handwriting in the bathrooms at the TESLA FACTORY from January 1, 2014 to January 1, 2017. | During the time Plaintiff worked at Tesla, Tesla's Facilities Department and Facilities Contract Supervisor, including but not limited to Andres Donet, was "responsible" for cleaning and maintaining bathrooms at Tesla's Fremont, California facility. |
| 24 | Please IDENTIFY the individuals who worked in TESLA'S human resources or employee relations department who were responsible for investigating the racist graffiti, drawings or handwriting in the bathrooms at the TESLA FACTORY from January 1, 2014 to January 1, 2017. | During the time Plaintiff worked at Tesla, Tesla did not designate responsibility to individual Human Resource or Employee Relation employees to specifically investigate "racist graffiti, drawings, or handwriting in the bathrooms at the Tesla Factory;" all Human Resource Partners and/or Employee Relations employees could potentially investigate claims of race harassment or discrimination. |

**REQUESTS FOR ADMISSIONS TO DEFENDANT TESLA**:

Set One:  signed May 24, 2019

Set Two:  signed October 11, 2019

| NO. | REQUEST FOR ADMISSION | RESPONSE |
| --- | --- | --- |
| 1 | Admit Plaintiff Owen Diaz was working at the TESLA FACTORY pursuant to the contract YOU had with Defendant NextSource Inc. | Defendant admits that it contracts with NextSource to staff temporary workers at its facilities. It is Defendant's understanding that NextSource contracts with CitiStaff, Solutions, Inc., among other third parties, to secure temporary workers to work at its facilities. |
| 2 | Admit Plaintiff Owen Diaz was working at the TESLA FACTORY pursuant to the contract YOU had with Defendant Citistaff, Inc. | Defendant admits that it contracts with NextSource to staff temporary workers at its facilities. It is Defendant's understanding that NextSource contracts with CitiStaff, Solutions, Inc., among other third parties, to secure temporary workers to work at its facilities. |
| 5 | Admit that employees other than Plaintiff Owen Diaz complained about use of the N-WORD at the TESLA FACTORY from January 1, 2014 to January 1, 2018. | Admit. |
| 7 | Admit that Ramon Martinez provided supervision to other workers at the TESLA FACTORY at some time from January 1, 2014 to January 1, 2017. | Deny that Ramon Martinez was a Tesla employee. Deny to the extent Ramon Martinez was not assigned to work or working at Tesla during the referenced time period. Deny that Ramon had the ability to hire, fire, or promote workers that he worked with at Tesla. Admit that he provided instruction to certain individuals in the workplace. |
| 8 | Admit that Ramon Martinez continued to work at the TESLA FACTORY after Plaintiff Owen Diaz complained about his posting of an inappropriate drawing on some recycled cardboard. | Admit that Ramon Martinez worked at Tesla subsequent to January 21, 2016, following his final written warning and 3-day suspension without pay issued by Ramon Martinez's employer, Chartwell. |
| 10 | Admit YOU have no security recordings or footage of any interactions between Plaintiff Owen Diaz and Ramon Martinez. | Admit. |

**SPECIAL INTERROGATORIES TO DEFENDANT NEXTSOURCE:**

| NO. | INTERROGATORY | RESPONSE |
| --- | --- | --- |
| 1 | Describe the business relationship between YOU and Defendant Tesla, Inc. | Defendant secured temporary employees to work at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California, by contracting with |

| | | CitiStaff Solutions, Inc., among other third parties, to place their temporary employees at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California. |
|---|---|---|
| 3 | Describe the business relationship between YOU and Defendant Citistaff Solutions, Inc. | Defendant contracted with Citistaff Solutions, Inc. to place their temporary employees to work at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California. |
| 3 (Sic) | Describe the business relationship between YOU and Defendant Chartwell Staffing Services, Inc. | Defendant contracts with NextSource to staff temporary employees at its facilities. It is Defendant's understanding that NextSource contracts with CitiStaff, Solutions, Inc., among other third parties, to secure temporary employees to work at its facilities. Discovery is ongoing and Defendant reserves the right to supplement its response. |

**SPECIAL INTERROGATORIES TO DEFENDANT CITISTAFF:**

| NO. | INTERROGATORY | RESPONSE |
|---|---|---|
| 2 | Identify the business relationship between YOU and Tesla, Inc. | It is Defendant's understanding that Tesla, Inc. dba Tesla Motors, Inc. contracts with NextSource to staff temporary employees at its facilities. Defendant contracts with NextSource to secure temporary employees to work at the facilities of third party employers, including Tesla. Discovery is ongoing and Defendant reserves the right to supplement its response. |
| 3 | Identify the business relationship between YOU and NextSource. | Defendant contracts with NextSource to secure temporary employees to work at the facilities of third party employers, including Tesla. |

| | | Discovery is ongoing and Defendant reserves the right to supplement its response. |
|---|---|---|

**SPECIAL INTERROGATORIES TO DEFENDANT WEST VALLEY BY DEMETRIC DI-AZ:**

| NO. | INTERROGATORY | RESPONSE |
|---|---|---|
| 1 | Describe in comprehensive detail each position PLAINTIFF DI-AZ has held with YOU, including the dates PLAINTIFF DI-AZ held such jobs. (In responding to this interrogatory, the term describe includes, but is not limited to, the job title, functions, hours and responsibilities for each job held by PLAINTIFF DI-AZ.) | On or about August 17, 2015, Propounding Party was hired by Responding Party to work as a Production Associate with Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Tesla"). Propounding Party commenced his assignment on or about August 24, 2015. On or about October 19, 2015, Tesla decided to end Propounding Party's assignment. On or about October 22, 2015, Propounding Party's assignment was ended. Pursuant to Rule 33(d)(l) of the Federal Rules of Civil Procedure, Responding Party specifies the following records that are responsive to this interrogatory: 1) Propounding Party's job functions and responsibilities are contained on Tesla's Production Associate job description, which document is bate-stamped WV000064; and 2) Propounding Party's work hours are contained on the copies of his paystubs and timecards, which documents are bate-stamped WV000029-WV000036 and WV000041-WV000049. Pursuant to Rule 33(d)(2), Responding Party previously produced the referenced bate-stamped documents to Propounding Party in connection with its Initial Disclosures, as well as its |

| | | Disclosures pursuant to General Order No. 71. |
|---|---|---|

DATED:  April 27, 2020         By:    CALIFORNIA CIVIL RIGHTS LAW GROUP
ALEXANDER KRAKOW + GLICK LLP

/s Lawrence A Organ
Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Cimone A. Nunley, Esq.
J. Bernard Alexander, Esq.
Attorneys for Plaintiffs
DEMETRIC DI-AZ AND OWEN DIAZ