Lawrence A. Organ (SBN 175503)
Navruz Avloni (SBN 279556)
Cimone Nunley (SBN 326915)
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960-2664
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
larry@civilrightsca.com
navruz@civilrightsca.com

J. Bernard Alexander (SBN 128307)
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 394-0888
Facsimile: (310) 394-0811
balexander@akgllp.com

Attorneys for Plaintiffs
DEMETRIC DIAZ, OWEN DIAZ,
and LAMAR PATTERSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, AND LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT TESLA, INC.'S LOCAL RULE 16-10(b)(1) DESIGNATION OF DEPOSITION TESTIMONY, INTERROGATORY ANSWERS, AND RESPONSES TO REQUESTS FOR ADMISSION OF PLAINTIFFS OWEN DIAZ AND DEMETRIC DI-AZ TO BE OFFERED AT TRIAL**<br><br>Trial Date:    June 8, 2020<br>Pre-Trial:    May 11, 2020 |

**OWEN DIAZ DEPOSITION TESTIMONY**

Volume 1 (May 22, 2018)

| DESIGNATION | OBJECTION OR PROPOSED ADDITION/REDUCTION |
|---|---|
| 8:21-9:25 | |
| 15:11-18 | Obj: relevance |
| 18:5-22 | Obj: relevance |
| 24:10-25:15 | |
| 26:12-18 | |
| 30:14-21 | Obj: relevance, 403 |
| 31:13-18 | Obj: relevance, 403 |
| 32:4-12 | Obj: relevance, 403 |
| 43:15-44:24 | |
| 45:13-47:25 | |
| 49:2-11 | |
| 48:22-49:4 | |
| 49:12-51:6 | |
| 51:11-22 | |
| 52:3-24 | Obj: completeness to 53:16 |
| 54:2-23 | |
| 55:4-17 | |
| 55: | |
| 55:18-56:11 | |
| 57:6-10 | Obj: speculation |
| 57:18-25 | |
| 58:1-59:17 | |
| 63:5-8 | |
| 63:15-64:10 | |
| 65:2-12 | |
| 68:7-69:14 | |
| 70:20-71:8 | |
| 72:10-73:7 | |
| 80:4-7 | |
| 81:1-10, 21-23 | Add: completeness 81:18-20 |
| 89:10-14 | |
| 88:20-22 | |
| 90:14-91:25 | |
| 93:17-20 | |
| 99:4-24 | Add: 100:2-9 for completeness Obj: relevance |
| 101:25-102:3 | Obj: relevance |
| 104:17-105:23 | Add: up to 106:14 |
| 111:6-18 | Stop at 111:16 |
| 115:6-117:27 | Obj: relevance, hearsay |
| 121:16-123:15 | |
| 123:19-125:16 | |
| 126:6-129:5 | |
| 132:16-133:19 | |
| 139:10-16 | |

1

| DESIGNATION | OBJECTION OR PROPOSED ADDITION/REDUCTION |
|---|---|
| 141:17-143:2 | Obj: MIL, relevance |
| 143:7-24 | |
| 144:15-145:3 | Obj: completeness, vague & ambiguous |
| 145:9-151:3 | |
| 154:16-155:9 | |
| 156:20-157:5 | |
| 163:23-24 | |
| 173:15-20 | |
| 174:2-8 | |
| 181:12-21 | |
| 183:23-184:1 | |
| | |

Volume 2 (December 3, 2018)

| DESIGNATION | OBJECTION OR PROPOSED ADDITION/REDUCTION |
|---|---|
| 215:23-216:18 | Obj: ends on question |
| 219:21-221:15 | |
| 231:2-7; 16-18 | |
| 232:10-15 | |
| 238:12-23 | |
| 239:23-240:10 | |
| 240:20-241:4 | |
| 241:22-242:20 | Obj: includes instruction; relevance |
| 243:7-244:11 | |
| 244:16-19 | |
| 249:2-250:3 | Obj: relevance |
| 250:16-22 | Obj: relevance |
| 261:20-262:1 | Obj: relevance |

**Demetric Di-az Deposition Volume 1 (May 15, 2018)**

| DESIGNATION | OBJECTION AND PROPOSED ADDITION/REDUCTION |
|---|---|
| 10:4-22 | |
| 31:20-22 | |
| 33:2-9 | Obj: relevance |
| 40:14-16 | |
| 47:20-48:23 | Obj: relevance |
| 49:9-25 | Obj: relevance |
| 107:9-19 | |
| 109:2-3 | |
| 109:22-110:3 | Obj: relevance |
| 110:21-111:1 | Obj: relevance, cumulative |
| 110:10-14 | Obj: relevance |
| 111:21-112:2 | Obj: relevance |
| 119:18-21 | |
| 120:17-18 | Obj: relevance and confusing 403 |
| 125:5-16 | Obj: relevance and confusing 403 |
| 129:130:7 | Obj: relevance |
| 131:17-25 | Obj: relevance |
| 137:11-17 | Obj: relevance |
| 139:7-9 | Obj: relevance |
| 140:3-14 | Obj: relevance |
| 142:19-21 | Obj: relevance |
| 145:18-23 | Obj: relevance |
| 146:21-23 | Obj: relevance |
| 150:15-151:20 | |
| 153:6-8; 22-24 | |
| 153:24-155:18 | Obj: vague and ambiguous |
| 159:24-160:14 | |
| 161:9-11 | |
| 165:24-166:19 | Obj: relevance as to 166:6-19 |
| 167:11-12 | Obj: relevance |
| 169:1-24 | Obj: relevance |
| 170:20-171:9 | |
| 177:16-178:11 | Obj: relevance  as to 177:22-178:11 |
| 185:24-187:11 | |
| 190:3-17 | Obj: relevance |
| 193:8-24 | Obj: relevance  as to 193:8-13 |
| 194:12-19 | Obj: legal conclusion, relevance |
| 201:6-202:19 | Obj: relevance |
| 217:8-21 | Obj: relevance |
| 218:6-20 | Obj: relevance |

**DESIGNATED ANSWERS AND RESPONSES TO WRITTEN DISCOVERY**

| NextSource Responses to Owen Diaz's Interrogatories | | | |
|---|---|---|---|
| No. | Interrogatory | Answer | **OBJECTIONS** |
| 3 | Describe the business relationship between YOU and Defendant Citistaff Solutions, Inc. | [Objections] … Defendant contracted with Citistaff Solutions, Inc. to place their temporary employees to work at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California. | |
| 3 (sic) | Describe the business relationship between YOU and Defendant Chartwell Staffing Services, Inc. | [Objections] … Defendant contracted with Chartwell Staffing Solutions to place their temporary employees to work at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California. | |

| Owen Diaz's Responses to CitiStaff's Interrogatories | | | |
|---|---|---|---|
| No. | Interrogatory | Answer | **OBJECTIONS** |
| 2 | If YOU attribute any physical, psychological, emotional, or psychiatric condition or injury to TESLA, or to the conduct of its current or former employees, describe each injury and the areas of the body affected. | [Objections] …As a result of the conduct of Tesla and its agents employees, and contractors, Plaintiff has suffered mental and emotional distress including, depression, stress, anxiety, weight loss, appetite loss, insomnia, chronic restlessness, social withdrawal, decreased libido. | |
| 3 | Identify each and every MEDICAL PRACTITIONER, hospital, or other health facility from which YOU received medical treatment, medical consultation, medical advice, other medical services for any physical, psychological, | [Objections] … To date, Plaintiff has not obtained medical care for the injuries asserted in his complaint. | |

4

| | | | |
|---|---|---|---|
| | emotional, or psychiatric condition or injury YOU attribute to the conduct alleged in the COMPLAINT. YOUR response must include any address, telephone number, and dates of treatment that Plaintiff received from each and every MEDICAL PRACTITIONER, hospital, or other health care facility. | | |
| 5 | DESCRIBE in detail all efforts that YOU have made to mitigate any damages, whether economic or non-economic, which YOU allege YOU have suffered as a result of the conduct alleged in the COMPLAINT. | [Objections] … Plaintiff submitted over 80 applications for employment. Plaintiff worked for MV Transportation following his termination from Defendant. Since February of 2017, Plaintiff has been employed with AC Transit. | OBJECTION:  Relevance Evid. C. §401; Wasting time Evid. C. §403 |
| 7 | IDENTIFY by name, address, and telephone number each person or business entity who has offered YOU employment or work for compensation since January 1, 2015. | [Objections] … MV Transportation,  1944 Williams St. San Leandro, CA 94577, (510)-895-9911. AC Transit, 1600 Franklin St., Oakland, CA 94612, (510)-891-4777. | OBJECTION:  Relevance Evid. C. §401; Wasting time Evid. C. §403 |
| 9 | For each and every employer and business entity that YOU identified in response to Interrogatory No. 8, state: a) The title of YOUR position(s); b) The dates that YOU began and ended work; c) All compensation YOU received (including salary or hourly rate, incentive compensation, bonuses | [Objections] …MV Transportation; Driver; Plaintiff will supplement this interrogatory to include compensation and benefits. AC Transit; Driver; February 2017 to present; approximately $24 per hour; and Plaintiff receives medical, dental and vision benefits from AC Transit as well as an employer-funded pension plan. | OBJECTION:  Relevance Evid. C. §401; Wasting time Evid. C. §403 |

| | | | |
|---|---|---|---|
| | and/or commissions); and d) Describe the employment benefits that were available to YOU. | | |
| 10 | Beginning from the date YOU last worked for CITISTAFF during YOUR temporary assignment *to* TESLA, state the amount of income YOU have earned, regardless of whether that income was declared to the Internal Revenue Service. | [Objections] …Since his employment with Defendants ended, Plaintiff estimates he has earned roughly $90,000. | OBJECTION:  Relevance Evid. C. §401; Wasting time Evid. C. §403 |
| 14 | IDENTIFY each person who is a WITNESS to, or has knowledge of, the allegations in the civil Complaint for damages ("Complaint"). ("IDENTIFY" means to provide the full name, last known business and residential address, and last known telephone number of the person, as well as any other information which may help to identify the person in question. "WITNESS" means any person who has any knowledge whatsoever pertaining to the subject matter of the interrogatory in question.) | [Objections] … Plaintiff refers Defendant to the witness list contained in his Initial Disclosures and his Rule 79 disclosures and supplemental disclosures. Additionally, Plaintiff identifies the following witnesses: Demetric Di-az, Alaynna Elliot, Alfanso Franco, Charles Lambert, DeWitt Lambert, Christian Kremer, Crispin Rodriguez, Erin Garcia, Jose Jimenez, My Doan Cong, Rose Sanson, Triet Doan, Joshua Mantz, Tim Cotton, Nigel Jones, Aaron Laird, Sean Jones, Sr., Gregory Belton, DeWayne Jones, Derek Anderson, Dyrell Wilson, Andre McMorris, Carl Ruppert, David Lee, Fernando Segura, Jose Jimenez, Ricky Gecewich, Sedone Than, Steven Ruiz, Melvin Berry, Michael Baker, Tianere Edwards, Elon Musk, Rothaj Foster, Jay Gardner, Lamar Patterson, La'Drea Jones, Demetrica Diaz, Wayne Jackson, Tomatsu Kawasaki, Oliver (last name unknown), Paul (last name unknown), Rovilla Wetle, Ramon Martinez, Michael Wheeler, | |

Monica DeLeon, Terri Garrett, Judy Timbreza, and Robert Hidalgo.

Demetric Di-az, DeWitt Lambert, Marcus Vaughn, Tim Cotton, Nigel Jones, Aaron Laird, Michael Baker, Tianere Edwards, Sean Jones, Sr., Gregory Belton, Melvin Berry, DeWayne Jones, Derek Anderson, Dyrell Wilson, Lamar Patterson, La'Drea Jones, and Demetrica Diaz may be contacted through counsel for Plaintiff.

Contact information for Alaynna Elliot, Alfanso Franco, Christian Kremer, Crispin Rodriguez, Erin Garcia, Jose Jimenez, My Doan Cong, Rose Sanson, Triet Doan, Joshua Mantz, Elon Musk, Rothaj Foster, Andre McMorris, Carl Ruppert, David Lee, Fernando Segura, Jose Jimenez, Ricky Gecewich, Sedone Than, Steven Ruiz, Rovilla Wetle, Jay Gardner, Oliver (last name unknown), Paul (last name unknown), Monica DeLeon, Terri Garrett, Judy Timbreza, and Robert Hidalgo is not known to Plaintiff at this time.

The last best-known contact information for Charles Lambert is: clambertj3@comcast.net, (510)-646-6766.

The last best-known contact information for Ramon Martinez is: 626 Pinewood Drive, Apt 1, San Jose, CA 95129.

Wayne Jackson may be contacted through his counsel of record, Emily Harper Mack, of Bone McAllester Norton PLLC.

7

| | 15 | For each person identified in Response to Interrogatory No. 14 above, state in complete detail what that person knows and/or witnessed regarding the allegations in the Complaint. | [Objections] …Elon Musk has knowledge of Defendants' policies and procedures regarding racial harassment and discrimination. Mr. Musk also has knowledge of Tesla's response to claims of racial harassment and discrimination at Tesla's Fremont factory, and Plaintiff is informed and believes that Mr. Musk has helped make final decisions about Tesla's responses to complaints of race discrimination and harassment.<br><br>Lamar Patterson has knowledge of Defendants' racially harassing and discriminatory behavior towards Plaintiffs.<br><br>Demetrica Diaz and La'Drea Jones have knowledge of Plaintiffs' emotional distress damages.<br><br>Alaynna Elliot worked as a manager in Tesla's Human Resources department, and can testify about its investigation practices and policies as well as the prevalence of the use of racial slurs at Tesla's Fremont factory.<br><br>Alfonso Franco was an Assistant Production Manager at Tesla, and can testify about the use of racial slurs in the Tesla factory, as well as Tesla's response to reports of such slurs and HR's inadequate responses to various claims of race harassment and discrimination.<br><br>Charles Lambert was a Production Supervisor at Tesla, and can testify about the prevalence of the use of racial slurs at the Tesla factory, as well as Tesla's policies and procedures for addressing complaints of the use of racial slurs.<br><br>DeWitt Lambert is a former employee of Tesla who complained repeatedly of the use of racial slurs at | |
|---|---|---|---|---|

the Fremont Factory. Mr. Lambert can testify about the prevalence of the use of racial slurs and Tesla's failure to conduct a full and fair investigation into his complaints.

Christian Kremer was a lead and supervisor for Tesla who engaged in racially harassing conduct on the production floor. He has knowledge about Tesla's failure to prevent harassing and discriminatory behavior, and about the prevalence of racially harassing and discriminatory conduct in the production area.

Crispin Rodriguez was a lead for Tesla who engaged in racially harassing conduct. He has knowledge about Tesla's failure to prevent harassing and discriminatory behavior, and about the prevalence of racially harassing and discriminatory conduct in the production area.

Erin Garcia worked for Tesla's Human Resources department and investigated claims of harassment involving racial slurs. Ms. Garcia will testify about her failure to conduct full investigations into complaints of racial harassment, and about the inadequate procedures in place for investigating complaints of harassment at Tesla.

Jose Jimenez was a supervisor in the production area at Tesla. He engaged in racially harassing conduct and observed racially harassing conduct during his tenure at Tesla.

My Doan Cong was a Human Resources employee for Tesla who investigated complaints of race-based harassment. Ms. Cong can testify about Tesla's policies and practices

for investigating complaints of race-based harassment.

Rose Sanson was a Human Resources employee for Tesla who investigated a complaint of harassment involving the use of racial slurs. Ms. Sanson can testify about Tesla's policies and procedures for investigating claims of race-based harassment..

Triet Doan was a production associate and lead who engaged in and witnessed race-based harassment on the production floor at Tesla's Fremont factory. He has knowledge about Tesla's failure to prevent harassing and discriminatory behavior, and about the prevalence of racially harassing and discriminatory conduct in the production area.

Joshua Mantz worked in Tesla's Human Resources department. He can testify about the training of supervisors as well as Tesla's policies and practices pertaining to racial harassment and discrimination.

Tim Cotton is a former Tesla employee who experienced harassment and discrimination at Tesla's Fremont factory. He can testify about the racially harassing conduct he experienced, as well as Tesla's failure to investigate and correct the racially harassing behavior.

Sean Jones, Sr., Gregory Belton, DeWayne Jones, Derek Anderson, Dyrell Wilson, Melvin Berry and Nigel Jones are former Tesla employees who experienced race-based harassment and discrimination at Tesla's Fremont factory. He can testify about the racially harassing conduct he experienced, as well as Tesla's failure to investigate and correct the racially harassing behavior.

| | | Carl Ruppert, David Lee, Andre McMorris, Fernando Segura, Sedone Than and Steven Ruiz are current and former Tesla employees who have information related to the widespread and regular use of the N-word at the Tesla factory, and a culture that condones the use of the N-word.<br><br>Aaron Laird, Michael Baker, and Tianere Edwards worked in Tesla's production area during the 2016-2018 time period. All three can testify about the widespread use of racial slurs and racist graffiti discovered in the restrooms of Tesla's Fremont Factory.<br><br>Demetric Di-az has knowledge of the harassment and discrimination Plaintiff experienced during the course of his employment for Defendants.<br>Rothaj Foster has knowledge of Defendants' harassing and discriminatory behavior towards Owen Diaz.<br><br>Jay Gardner participated in the harassment and discrimination of Owen Diaz. Additionally, Mr. Gardner was a supervisor and accordingly has knowledge of Defendants' policies and procedures pertaining to racial harassment and discrimination.<br><br>Wayne Jackson has knowledge of Plaintiffs complaints of harassment and discrimination to Defendants. Additionally, Mr. Jackson has knowledge of Defendants' policies and procedures as they pertain to racial harassment and discrimination.<br><br>Tomotsu Kawasaki has knowledge of Defendants' harassment of Plaintiff. Additionally, | |
|---|---|---|---|

as a supervisor, Mr. Kawasaki has knowledge of Defendants' policies and procedures pertaining to racial harassment and discrimination.

Oliver (last name unknown) has knowledge (sic) of Defendants' harassing and discriminatory treatment of Plaintiff.

Paul (last name unknown) has knowledge of Defendants' harassing and discriminatory treatment of Plaintiff.

Ramon Martinez participated in harassing and discriminating against Plaintiff. Additionally, as a supervisor, Mr. Martinez has knowledge of Defendants' policies regarding racial harassment and discrimination.

Ed Romero has knowledge of Plaintiffs complaints of harassment and discrimination. In addition, because Mr. Romero was a supervisor, he has knowledge of Defendants' policies and practices pertaining to racial harassment and discrimination.

Michael Wheeler has knowledge of Defendants' harassing and discriminatory treatment towards Plaintiff. Mr. Wheeler also has knowledge of Defendants' generally harassing and discriminatory treatment of African-American employees.

Monica DeLeon has information related to Citistaff s harassment and discrimination policies, Citistaff s failure to prevent harassment and discrimination, as well as retaliatory conducted directed at Plaintiff.

Terri Garrett was involved in the investigation of Plaintiffs claims of discrimination and

| | | | | |
|---|---|---|---|---|
| | | | harassment. | |
| | | | Judy Timbreza engaged in race-based harassment and discrimination against Plaintiff. | |
| | | | Robert Hidalgo engaged in race-based harassment and discrimination against Plaintiff. | |
| | | | Javier Caballero was Demetric's supervisor. Mr. Caballero has knowledge of the racially harassing behavior to which he subjected Demetric as well as Plaintiff. Additionally, Mr. Caballero has knowledge of Defendants' policies and procedures for investigating complaints of racial harassment and discrimination and Defendant's failure to prevent harassment and discrimination. | |
| | | | Rovilla Wetle can testify to HR policies and procedures as well as the failure of defendants to prevent harassment and discrimination. | |
| | | | Victor Quintero can testify about the harassment conduct directed at Plaintiff as well as the companies' failure to prevent harassment and discrimination from occurring. | |
| | 16 | IDENTIFY each person with whom Plaintiff, or anyone acting on his behalf, has had communications regarding any of the allegations in the Complaint. ("IDENTIFY" means to provide the full name, last known business and residential address, and last known telephone number of the person, as well as any other information which may help to identify the person in question.) | [Objections]… Plaintiff or someone acting on his behalf has spoken to the following individuals relative to Plaintiffs claims in this litigation: Lamar Patterson, Demetrica Diaz, La'Drea Jones, Demetric Di-az, Rothaj Foster, Jay Gardner, Wayne Jackson, Tomotsu Kawasaki, Oliver (last name unknown), Paul (last name unknown), Ramon Martinez, Ed Romero, Michael Wheeler, Monica DeLeon, Judy Timbreza, and Robert Hidalgo. | |

**Owen Diaz's Responses to Tesla's Interrogatories**

| No. | Interrogatory | Answer |
|-----|---------------|--------|
|     |               |        |

**Demetric Di-Az's Responses to NextSource's Interrogatories**

| No. | Interrogatory | Answer | OBJECTIONS |
|-----|---------------|--------|------------|
| 12 | IDENTIFY any PERSON who referred YOU to TESLA. | [Objections] …Plaintiff Owen Diaz referred Plaintiff to Tesla. | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time Evid. C. §403; Demetric Di-Az is no longer a party in this case |

**Owen Diaz's Responses to NextSource's Interrogatories**

| No. | Interrogatory | Answer | OBJECTIONS |
|-----|---------------|--------|------------|
| 1 | IDENTIFY each and every person who is a witness to, or has knowledge of any allegation YOU asserted against NEXTSOURCE, INC. in YOUR COMPLAINT. | [Objections] …Plaintiff refers Defendant to the witness list contained in his Initial Disclosures and supplemental disclosures. In addition, Plaintiff identifies the following witnesses: Alaynna Elliot, Alfanso Franco, Charles Lambert, De Witt Lambert, Christian Kremer, Crispin Rodriguez, Erin Garcia, Jose Jimenez, My Doan Cong, Rose | |

| | | |
|---|---|---|
| 1 | | Sanson, Triet Doan, Joshua Mantz, Tim Cotton, Nigel Jones, Aaron Laird, Sean Jones, Sr., Gregory Belton, De Wayne Jones, Derek Anderson, Dyrell Wilson, Andre McMorris, Carl Ruppert, David Lee, Fernando Segura, Jose Jimenez, Ricky Gecewich, Sedone Than, Steven Ruiz, Melvin Berry, Michael Baker, Tianere Edwards, Elon Musk, Rothaj Foster, Jay Gardner, Lamar Patterson, La'Drea Jones, Wayne Jackson,  Tomotsu Kawasaki, Oliver (last name unknown), Paul (last name unknown), Rovilla Wetle, Ramon Martinez, Michael Wheeler, Monica DeLeon, Terri Garrett, Judy Timbreza, Erin Marconi, and Robert Hidalgo. |

Sanson, Triet Doan, Joshua Mantz, Tim Cotton, Nigel Jones, Aaron Laird, Sean Jones, Sr., Gregory Belton, De Wayne Jones, Derek Anderson, Dyrell Wilson, Andre McMorris, Carl Ruppert, David Lee, Fernando Segura, Jose Jimenez, Ricky Gecewich, Sedone Than, Steven Ruiz, Melvin Berry, Michael Baker, Tianere Edwards, Elon Musk, Rothaj Foster, Jay Gardner, Lamar Patterson, La'Drea Jones, Wayne Jackson,  Tomotsu Kawasaki, Oliver (last name unknown), Paul (last name unknown), Rovilla Wetle, Ramon Martinez, Michael Wheeler, Monica DeLeon, Terri Garrett, Judy Timbreza, Erin Marconi, and Robert Hidalgo.

DeWitt Lambert, Marcus Vaughn, Tim Cotton, Nigel Jones, Aaron Laird, Michael Baker, Tianere Edwards, Sean Jones, Sr., Gregory Belton, Melvin Berry, De Wayne Jones, Derek Anderson, Dyrell Wilson, Lamar Patterson, and La'Drea Jones may be contacted through counsel for Plaintiff. Contact information for Alaynna Elliot, Alfonso Franco, Christian Kremer, Crispin Rodriguez, Erin Garcia, Erin Marconi, Jose Jimenez, My Doan Cong, Rose Sanson, Triet Doan, Joshua Mantz, Elon Musk, Rothaj Foster, Andre McMorris, Carl Ruppert, David Lee, Fernando Segura, Jose Jimenez, Ricky Gecewich, Sedone Than, Steven Ruiz, Rovilla Wetle, Jay Gardner, Oliver (last name unknown), Paul (last name unknown), Monica DeLeon, Terri Garrett, Judy Timbreza, and Robert Hidalgo is not known to Plaintiff at this time.

The last best-known contact information for Charles Lambert is: clambertj3@comcast.net, (510)-646-6766.
The last best-known contact information for Ramon Martinez is: 626 Pinewood Drive,

| | | | 22 Apt I, San Jose, CA 95129. Wayne Jackson may be contacted through counsel for Defendant nextSource, Inc. | |
|---|---|---|---|---|
| | 11 | IDENTIFY each and every person who YOU believe was an employee of NEXTSOURCE, INC. at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California. | [Objections] …Terri Garrett, Wayne Jackson, Deb Gryske, Vanessa Parks,  Nancy Uhlenbrock, Jason Alexander, N. Garibay. Plaintiff lacks sufficient information to fully respond to this interrogatory, because Plaintiff does not know the identities of the individual(s) and/or entity ( or entities) that acted "as an agent or otherwise on behalf of' Defendant nextSource. | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Misleading the Jury, Wasting time, Cumulative Evid. C. §403 |
| | 13 | State the total monetary amount (or YOUR best estimate) of income, benefits, or earning capacity (including, but not limited to, back pay) YOU have lost to date as a result of the harassment YOU allege occurred while working at Tesla, including the manner by which the amount was calculated. | [Objections] …Plaintiff estimates that he has lost approximately $14,840 of income as a result of the harassment he experienced and his constructive termination.  This amount was calculated by adding together the following totals: <br>• approximately 3 months, and thus lost $12,000 in pay. (15 weeks x an average of $800/wk during employment at Tesla) <br>• Plaintiff then moved to working for MV Transportation. For the first month, he made $10 per hour, resulting in a wage loss of approximately $2000 (5 weeks x [$800/week-$400/week]). Then, he made approximately $17 per hour for approximately two to three months, resulting in a wage loss of approximately $840 (7 weeks x [$800/week-$680/week]). Thereafter, he made approximately $19 per hour and Plaintiff | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time, Cumulative Evid. C. §403 |

| | | thus does not claim any lost wages after this time. | |
|---|---|---|---|
| 14 | Identify each physical, mental, or emotional injury YOU suffered as a result of any alleged wrongdoing by DEFENDANT as a result of the harassment YOU allege occurred while working at Tesla, including the manner by which the amount was calculated. | [Objections] …As a result of the conduct of nextSource, its agents, employees, and contractors, Plaintiff has suffered mental and emotional distress including, depression, stress, anxiety, weight loss, appetite loss, insomnia, chronic restlessness, social withdrawal, decreased libido, heightened vigilance, loss of self-respect, loss of enjoyment of life, and strained familial relationships. | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time, Cumulative Evid. C. §403 |
| 15 | If YOU still have any ongoing or recurring complaints of physical, mental, or emotional injuries that YOU attributed to any alleged wrongdoing by DEFENDANT, identify each such injury, whether the injury is subsiding, remaining the same, or becoming worse, and the frequency and duration of such injury. | [Objections] … Plaintiff continues to suffer from depression and social withdrawal. These injuries are subsiding, and occur sporadically. Plaintiff also continues to suffer from heightened vigilance, loss of self-respect, loss of enjoyment of life, and strained familial relationships, and these injuries are remaining the same. They started during Plaintiffs employment with  Defendant. | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time, Cumulative Evid. C. §403 |
| 20 | State all facts relating to YOUR contention that DEFENDANT provides human resources functions to the contracting business and staffing agencies, has the power to make hiring and firing decisions, and to select the employees who work at a particular contracting company as alleged in Paragraph | [Objections]… nextSource had the power to recommend promotions, pay raises, and demotions for certain contract employees. In fact, nextSource employee Nancy Uhlenbrock recommended Plaintiff Owen Diaz for a promotion to Elevator Lead and a pay raise in late summer 2015; and nextSource employee Wayne Jackson later proposed demoting Plaintiff Owen Diaz from the position. nextSource also had the power to recommend termination of contractors, including Plaintiff | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time, Cumulative Evid. C. §403 |

| | 7 of YOUR COMPLAINT. | Owen Diaz, from the Tesla job site. In fact, this power rested primarily with nextSource: Citistaff employees, like Monica De Leon, did not have the power to remove contractors, like Plaintiff Owen Diaz, from a job site. nextSource employees and agents, including Ed Romero, Michael Wheeler, Ramon Martinez, and Tomotsu Kawasaki, supervised and directed Plaintiff Owen Diaz's work, and should have been aware of Plaintiff Owen Diaz's complaints about Judy Timbreza's use of racial slurs based on the procedures in place for investigating and responding to complaints at the Tesla factory. nextSource was responsible for receiving and acting on Plaintiff Owen Diaz's complaints, and in fact did participate in the investigation of Plaintiff Owen Diaz's complaints about Ramon Martinez and Rothaj Foster. nextSource could, and did, issue discipline to Plaintiff Owen Diaz, including written and verbal warnings issued by nextSource employee Wayne Jackson. nextSource hired Plaintiff Owen Diaz's subordinates and tracked his time. nextSource also gave Plaintiff Owen Diaz performance reviews, including a performance review nextSource employee Nancy Uhlenbrock gave Plaintiff Owen Diaz in late summer of 2015. | |

| Owen Diaz's Responses to NextSources's Requests for Admissions | | | |
|---|---|---|---|
| No. | Request | Response | **OBJECTIONS** |

| 5 | Admit that YOU never received a letter from Tesla Motors, Inc offering DIAZ employment with Tesla Motors, Inc. | [Objections] … ADMIT. | |
| 7 | Admit that DIAZ never received a paycheck issued by Tesla Motors, Inc. | [Objections] …Admit. | |
| 10 | Admit that DIAZ never received an IRS W-2 form issued by Tesla Motors, Inc. | [Objections] …ADMIT | |

| **Owen Diaz's Responses to NextSource's Requests for Admissions** | | | |
| No. | Request | Response | **OBJECTIONS** |
| 31 | Admit that YOU have no evidence in YOUR possession, custody, or control that NEXTSOURCE, INC. determined YOUR wages. | [Objections] …DENY.  At deposition, Citistaff employee Monica De Leon testified that nextSource determined the wages of Citistaff contractors and that Citistaff employees had no power to set contractors' wages.  In addition, nextSource employee Vanessa Parks communicated wage increases to Plaintiff both in person and via telephone. | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time, Cumulative Evid. C. §403 |
| 37 | Admit that YOU have no evidence in YOUR possession, | [Objections] …DENY.  Before promoting Plaintiff to lead, nextSource, Inc. employee Nancy | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, |

| | | | |
|---|---|---|---|
| | custody, or control that NEXTSOURCE, INC. ever provided YOU with a performance review. | Uhlenbrock met with Plaintiff to discuss his performance. | Wasting time, Cumulative Evid. C. §403 |
| 39 | Admit that YOU have no evidence in YOUR possession, custody, or control that any discipline YOU received while at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California was imparted by NEXTSOURCE, INC. | [Objections] …DENY.  On at least two occasions, nextSource, Inc. employee Wayne Jackson claimed that he issued Plaintiff discipline of some kind. | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time, Cumulative Evid. C. §403 |
| 40 | Admit that YOU have no evidence in YOUR possession, custody, or control that NEXTSOURCE, INC. made any decision to impart discipline on YOU during YOUR placement at the Tesla Motors, Inc. facility located at 45500 Fremont Boulevard, in Fremont, California. | [Objections] …DENY.  On at least two occasions, nextSource, Inc. employee Wayne Jackson claimed that he issued Plaintiff discipline of some kind. | OBJECTION:  Relevance Evid. C. §401; Confusing the issues, Wasting time, Cumulative Evid. C. §403 |

1

2                                          CALIFORNIA CIVIL RIGHTS LAW GROUP
                                           ALEXANDER KRAKOW + GLICK LLP
3
     DATED:  April 27, 2020        By:    /s Lawrence A Organ
4                                          Lawrence A. Organ, Esq.
                                           Navruz Avloni, Esq.
5                                          Cimone A. Nunley, Esq.
                                           J. Bernard Alexander, Esq.
6                                          Attorneys for Plaintiffs
                                           DEMETRIC DI-AZ AND OWEN DIAZ
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28