# Exhibit

# 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--oOo--

DEMETRIC DIAZ, OWEN DIAZ AND      )
LAMAR PATTERSON,                  )
                                  )
                    Plaintiffs,   )CASE NO.
                                  )3:17-cv-06748-WHO
          vs.                     )
                                  )
TESLA, INC., DBA TESLA MOTORS,    )
INC.; CITISTAFF SOLUTIONS, INC.;  )
WEST VALLEY STAFFING GROUP;       )
CHARTWELL STAFFING SERVICES,      )
INC.; AND DOES 1-50, INCLUSIVE,   )
                                  )
                    Defendants.   )
_____ )


VIDEOTAPED DEPOSITION OF TAMOTSU KAWASAKI


DATE:        OCTOBER 9, 2019

TIME:        2:05 P.M.

LOCATION:    CALIFORNIA CIVIL RIGHTS LAW GROUP
             180 GRAND AVENUE, SUITE 1380
             OAKLAND, CALIFORNIA


REPORTED BY:  ANGIE M. MATERAZZI
              Certified Shorthand Reporter
              License No. 13116

```
 1    APPEARANCES:

 2

          FOR THE PLAINTIFFS:
 3
              BY:  LAWRENCE A. ORGAN, ESQ.
 4            CALIFORNIA CIVIL RIGHTS LAW GROUP
              332 SAN ANSELMO AVENUE
 5            SAN ANSELMO, CALIFORNIA 94960
              (415)453-4720
 6            LARRY@CIVILRIGHTSCA.COM

 7

 8        FOR THE DEFENDANTS, TESLA MOTORS:

 9            BY:  PATRICIA M. JENG, ESQ.
              SHEPPARD MULLIN
10            FOUR EMBARCADERO CENTER, 17TH FLOOR
              SAN FRANCISCO, CALIFORNIA 94111
11            (415)434-9100
              PJENG@SHEPPARDMULLIN.COM

12

13        FOR DEFENDANTS, CITISTAFF SOLUTIONS:

14            BY:  SUSAN T. KUMAGAI, ESQ.
              LAFAYETTE & KUMAGAI
15            1300 CLAY STREET, SUITE 810
              OAKLAND, CALIFORNIA 94612
16            (415)357-4600
              SKUMAGAI@LKCLAW.COM

17

18        FOR DEFENDANTS, NEXTSOURCE:

19            BY:  JUAN C. ARANEDA, ESQ.
              FISHER PHILLIPS
20            ONE EMBARCADERO CENTER, SUITE 2050
              SAN FRANCISCO, CALIFORNIA 94111
21            (415)490-9000
              JARANEDA@FISHERPHILLIPS.COM

22

23

24

25
```

Bridget Mattos & Associates
(415)747-8710

1   Mr. Timreza had used the N-word towards him?

2       **A.   Correct.**

3       Q.   And you also recall that other people told you

4   that they had heard racial terms used; is that right?

5       **A.   Correct.**

6           MR. ARANEDA:   Objection, misstates his

7   testimony.

8   BY MR. ORGAN:

9       Q.   Did -- did anyone ever tell you -- anyone

10  else -- other than Mr. Diaz -- tell you they had also

11  heard the N-word directed towards Mr. Diaz?

12      **A.   I don't remember anybody else telling me that**

13  **the N-word was directed towards him.   I mean, it's -- we**

14  **live in that era where that words is very -- throw**

15  **around very casually.**

16      <u>Q.   Right.   But in terms of workplace policy at</u>

17  <u>the Tesla factory, people were not supposed to use the</u>

18  <u>N-word there?</u>

19      **<u>A.   Correct.   That's any workplace.</u>**

20      Q.   Right.   Whether people use the word

21  casually -- in their everyday life or not -- is

22  irrelevant, relative to the workplace, right?

23      **A.   Correct.**

24          MS. JENG:   Objection, calls for a legal

25  conclusion.

1    is 3:35.

2              (Off the record at 3:35 p.m. and back on

3              the record at 3:37 p.m.)

4              MR. ORGAN:  Okay.  We're back on the record.

5    The time is 3:37.

6    BY MR. ORGAN:

7        Q.   Did -- when you were walking around the

8    facility, did you ever hear anyone using the N-word,

9    even if you can't identify them, did you hear that word?

10       A.   I mean, I heard it all the over the facility.

11   I mean, it's -- there's a bunch of staffing companies,

12   man.  I mean, you had -- you had a range of people, man.

13   Staffing companies hire -- you go to a staffing company

14   because you can't get a job, per se, like a -- I guess a

15   real person or whatever, you have a background, whatever

16   it is.  I mean, we filtered through a lot of people.

17   I'm not knocking people for what they do, but it's a

18   staffing agency, per se.  So you got a wide arrange of

19   people.

20              Like I said, in our age, that word gets thrown

21   around very causally.  Now, if you -- there is tones the

22   way you say it and what it is, but -- I mean, I've heard

23   it thrown around there, yeah.

24       Q.   How -- how often do you think you heard the

25   N-word at the Tesla factory?

1    at NextSource?

2         A.   No.   I -- what -- what do you mean by that?

3    You got to rephrase that.

4         Q.   Sure.   Was anyone at NextSource informed of

5    the incident between Mr. Ramon Martinez and Mr. Owen

6    Diaz?

7         A.   Not by me.   I don't -- I can't tell by anybody

8    else but not by me.   I didn't -- don't have -- don't

9    know anybody at NextSource or e-mail chain.

10             Like I said, my e-mails always went to Victor,

11   Jaime and Ed, when Ed came.   Before that, it was Victor

12   and Jaime.

13        Q.   You testified that you heard the N-word thrown

14   around, but you did not think anything of this.

15             What did you -- what did you mean by that?

16        A.   It -- I mean, I drive around the building,

17   people are -- whatever, they're on break, they're in the

18   cafeteria, they're joking around with each other, you

19   know, they're saying the N-word to each other, maybe in

20   a cool way or whatever to them, whatever it is.

21             I -- just -- it -- it didn't recollect to me

22   that that wasn't right or I should say something or

23   whatever.   It -- like I said, that had nothing to do

24   with me.   It wasn't hurting me, it wasn't hurting my

25   people in doing their job.   They weren't my employees.

1   **It didn't affect me.  So I just thought nothing of it.**

2   **It's like walking down the street right now hearing**

3   **somebody saying it.  You're not going to think twice,**

4   **you're not going to stop.**

5        Q.   Did you -- did you -- did you think nothing of

6   it because you heard it sort of more of a greeting

7   between people?  Is that what you're saying?

8        **A.   It was -- it wasn't like an argument tone, it**

9   **wasn't in an aggressive tone, so.**

10        Q.   Did you -- did you believe it was not being

11   used in an offensive manner?

12        **A.   Yes --**

13             MR. ORGAN:  Objection, assume facts not in

14   evidence, calls for speculation.

15   BY MR. ARANEDA:

16        Q.   Did you ever hear Mr. Diaz use the N-word?

17        **A.   No.**

18        Q.   You -- you testified earlier that you spoke

19   with Mr. Organ's office, correct?

20        **A.   (No audible response.)**

21        Q.   How long did you -- was that in an person --

22   strike that.

23             The conversation that you had with Mr. Organ's

24   office, was that in an person conversation or over the

25   telephone?

1              CERTIFICATE OF DEPOSITION OFFICER

2

3              I, ANGIE M. MATERAZZI, CSR No. 13116, duly

4    authorized to administer oaths Pursuant to Section

5    2093(b) of the California Code of Civil Procedure,

6    hereby certify that the witness in the foregoing

7    deposition was by me duly sworn to testify the truth,

8    the whole truth and nothing but the truth in the

9    within-entitled cause; that said deposition was taken at

10   the time and place therein stated; that the testimony of

11   the said witness was reported by me and thereafter

12   transcribed by me or under my direction into

13   typewriting; that the foregoing is a full, complete and

14   true record of said testimony; and that the witness was

15   given an opportunity to read and correct said deposition

16   and to subscribe the same.

17              I further certify that I am not of counsel nor

18   attorney for either or any of the parties in the

19   deposition and caption named, or in any way interested

20   in the outcome of the cause named in said caption.

21              I hereby certify this copy is a true and
     exact copy of the original.
22

23              _____

24                   ANGIE M. MATERAZZI, CSR 13116

25   Date: _____

# Exhibit

## 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

- - - - - - - - - - - - - - - - - - - -

DEMETRIC DIAZ, OWEN DIAZ, and          )

LAMAR PATTERSON,                       )

              Plaintiffs,          )   CASE NO.

vs.                                    )   3:17-CV-06748-WHO

TESLA, INC. dba TESLA MOTORS,          )

INC.; CITISTAFF SOLUTIONS,             )

INC.; WEST VALLEY STAFFING             )

GROUP; CHARTWELL STAFFING              )

SERVICES, INC.; and DOES 1-50,         )

inclusive,                             )

             Defendants.          )

- - - - - - - - - - - - - - - - - - - -

DEPOSITION OF MICHAEL JOHN WHEELER

WEDNESDAY, JUNE 12, 2019

Reported by:

BY:  MELINDA M. SELLERS, CSR# 10686, RMR, CRC, CRR, CCRR

1

2

3

4

5

6

7

8

9          Deposition of MICHAEL JOHN WHEELER, taken on

10     behalf of PLAINTIFFS, at 180 Grand Ave., Suite 1380,

11     Oakland, California, commencing at 12:18 p.m.,

12     WEDNESDAY, JUNE 12, 2019, before Melinda M. Sellers,

13     Certified Shorthand Reporter No. 10686, pursuant to

14     Notice.

15

16

17

18

19

20

21

22

23

24

25

```
 1    APPEARANCES OF COUNSEL:
 2    FOR PLAINTIFFS:
 3        CALIFORNIA CIVIL RIGHTS LAW GROUP
 4        BY:  LAWRENCE A. ORGAN, ATTORNEY AT LAW
 5        332 San Anselmo Avenue
 6        San Anselmo, California 94960-2664
 7        Telephone:  (415) 453-4740
 8        Email:  larry@civilrightsca.com
 9
10    FOR DEFENDANT TESLA, INC.:
11        SHEPPARD MULLIN RICHTER & HAMPTON LLP
12        BY:  PATRICIA M. JENG, ATTORNEY AT LAW
13        Four Embarcadero Center, 17th Floor
14        San Francisco, California 94111-4109
15        Telephone:  (415) 434-9100
16        Email:  pjeng@sheppardmullin.com
17
18    FOR DEFENDANT NEXTSOURCE, INC.:
19        FISHER PHILLIPS LLP
20        BY:  VINCENT J. ADAMS, ATTORNEY AT LAW
21        One Embarcadero Center, Suite 2050
22        San Francisco, California 94111
23        Telephone:  (415) 490-9036
24        Email:  vadams@fisherphillips.com
25
```

Bridget Mattos & Associates
(415)747-8710

```
 1    APPEARANCES OF COUNSEL (CONTINUED):

 2    FOR DEFENDANT CITISTAFF SOLUTIONS, INC.:

 3        LAFAYETTE & KUMAGAI

 4        BY:  SUSAN T. KUMAGAI, ATTORNEY AT LAW

 5        1300 Clay Street, Suite 810

 6        Oakland, California 94612

 7        Telephone:  (415) 357-4600

 8        Email:  skumagai@lkclaw.com

 9

10    ALSO PRESENT:

11        SAJA SPEARMAN, INTERN/VIDEOGRAPHER

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    circulation.  We took care of the whole factory.

2    And if you've seen the factory, it's a really large

3    factory.  So, yeah, I cannot remember.

4         Q.   You would be throughout the whole factory?

5         A.   Throughout the entire factory.

6         Q.   Did you ever hear the N-word used anywhere

7    else on the factory?

8         A.   Not -- not outside of friendly context.  So

9    g-a instead of e-r, but never really aggressively.

10        Q.   Okay.  So tell me about that.  So when you

11   were in general assembly -- that's what g-a is,

12   right?

13        A.   What did I just say?  No.  No.

14             I mean, g-a is general assembly but --

15        Q.   Okay.

16        A.   But I think my g-a was something different,

17   if I did just say that.  But we were everywhere, all

18   the way to the end of the line to gate 3, which

19   would have been the big red gate, to plastics,

20   paint, body and white.

21        Q.   So as a recycling associate, you would have

22   to go throughout the entire factory.  Is that true?

23        A.   Yes.

24        Q.   And so as a result of that, you were able

25   to overhear things?  Is that true?

1      **A.   Yes and no.   So I had a little cart that I**
2  **drove around, and so I wouldn't be -- I would be**
3  **moving too fast to really drop into a conversation.**
4      Q.   I see.   Okay.
5           But it sounded like you did hear the N-word
6  used at other times in the factory --
7      **A.   Yeah.**
8      Q.   -- is that correct?
9      **A.   During breaks or outside when they're**
10  **smoking or in passing, coming into the factory.**
11     Q.   And do you remember who the people were who
12  you heard using the N-word?
13     **A.   Everybody.   Blacks, whites, Mexican.**
14     Q.   Okay.   And you said that you didn't think
15  it was used in an aggressive way?
16     **A.   Not at all.**
17     Q.   So when you were overhearing it, you were
18  hearing it more like, "Hey, how's my N-word," or
19  that kind of thing?
20     **A.   Yeah.**
21     Q.   And the N-word with an "A"?
22     **A.   "A," correct.**
23     Q.   Right.
24          However, N-word with an "A" can still be
25  offensive to an African-American, right?

1    **A.    Could be, yes.**

2    Q.    Okay.  Certainly the e-r version of the

3    N-word you heard is always offensive, correct?

4    **A.    Correct.**

5    Q.    And you found it offensive.  And Jesus used

6    the N-word towards you, right?

7    **A.    Yes.**

8    Q.    And in terms of what Josue said to you

9    about what he would do about the fact that you had

10   been called the N-word, tell me, again, what did he

11   say he would do?

12   **A.    That would have been in an email.**

13   Q.    An email?

14   **A.    Yeah.**

15   Q.    So you complained to Josue in an email?

16   **A.    Yes.  If you could -- I don't know if we --**

17   **if we could get to the phone, if we could get to a**

18   **supervisor phone -- if you could get into my email,**

19   **so much more could be taken care of.**

20   Q.    I see.

21   **A.    But right after I was terminated, they had**

22   **me turn in my phone.**

23   Q.    Okay.  But the email goes through a

24   electronic service, so --

25   **A.    Yes.**

Bridget Mattos & Associates
(415)747-8710

1    than me, so this would strike him more specifically

2    than it would my generation of African-Americans.

3    Where they still use, you know, "spook" and things

4    of that, you know, nature.

5        Q.  Did he tell you -- did Owen tell you that

6    he thought the "Boo" was short for jigaboo?

7        A.  If he did mention it, I wasn't -- I was

8    more concerned with who, not what at that point.

9        Q.  Okay.  Okay.  But the way you perceived it

10   as an African-American male, was you still perceived

11   this as some kind of racial drawing, right?

12       A.  I perceived it as spook, "Boo" being

13   related to spook, not as jigaboo.

14       Q.  Okay.  And it was still offensive to you as

15   an African-American male, right?

16       A.  Correct.

17       Q.  Okay.  So and certainly Owen Diaz expressed

18   to you that he was offended by this drawing, right?

19       A.  Yes.

20       Q.  And then -- okay.  What happens next?

21       A.  So Ramon -- we call Ramon over.  I want to

22   say we called Ramon over to figure out what was

23   going on.  At this point -- because I don't think

24   Ramon drew it --

25       Q.  Okay.

```
 1   STATE OF CALIFORNIA      )

 2                            )     ss

 3   COUNTY OF CALAVERAS      )

 4            I hereby certify that the witness in the

 5   foregoing deposition of MICHAEL JOHN WHEELER was by

 6   me duly sworn to testify to the truth, the whole

 7   truth, and nothing but the truth in the

 8   within-entitled cause; that said deposition was taken

 9   at the time and place herein named; that the

10   deposition is a true record of the witness's

11   testimony as reported by me, a duly certified

12   shorthand reporter and a disinterested person, and

13   was thereafter transcribed into typewriting by

14   computer.

15            I further certify that I am not interested

16   in the outcome of the said action, nor connected

17   with, nor related to any of the parties in said

18   action, nor to their respective counsel.

19            IN WITNESS WHEREOF, I have hereunto set my

20   hand this 24th day of June, 2019.

21

22

23            _____

24            MELINDA M. SELLERS, CSR NO. 10686

25            STATE OF CALIFORNIA
```

# Exhibit

# 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---

DEMETRIC DI-AZ, OWEN DIAZ, and
LAMAR PATTERSON,

               Plaintiffs,

                                No. 3:17-cv-06748-WHO

vs.

TESLA, INC. dba TESLA MOTORS,
INC.; CITISTAFF SOLUTIONS,
INC.; WEST VALLEY STAFFING
GROUP; CHARTWELL STAFFING
SERVICES, INC.; NEXTSOURCE,
INC.; and DOES 1-50,
inclusive,

               Defendants.

_____/

DEPOSITION OF WAYNE JACKSON

Friday, May 17, 2019

Reported by:  Patricia Rosinski, CSR #4555

Job No. 13571

```
 1                  A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4         CALIFORNIA CIVIL RIGHTS LAW GROUP
           By:  LAWRENCE A. ORGAN
 5              Attorney at Law
           332 San Anselmo Avenue
 6         San Anselmo, California 94960
           (415) 453-4740
 7         larry@civilrightsca.com

 8

 9   FOR THE DEFENDANT WEST VALLEY STAFFING GROUP:

10         PAHL & MCCAY
           By:  FENN C. HORTON, III
11              Attorney at Law
           225 West Santa Clara, Suite 1500
12         San Jose, California 95113
           (408) 286-5100
13         fhorton@pahl-mccay.com

14

15   FOR THE DEFENDANT NEXTSOURCE, INC.:

16         FISHER & PHILLIPS
           By:  JUAN C. ARANEDA
17              Attorney at Law
           One Embarcadero Center, Suite 2050
18         San Francisco, California 94111
           (415) 490-9000
19         jaraneda@fisherphillips.com

20

21   FOR THE DEFENDANT TESLA INC. dba TESLA MOTORS INC.:

22         SHEPPARD, MULLIN, RICHTER & HAMPTON
           By:  PATRICIA M. JENG
23              Attorney at Law
           Four Embarcadero Center, 17th Floor
24         San Francisco, California 94111
           (415) 434-9100
25         pjeng@sheppardmullin.com
```

```
 1                A P P E A R A N C E S  (continued)

 2

 3    FOR THE DEFENDANT CHARTWELL STAFFING SERVICES, INC.:

 4         LAFAYETTE & KUMAGAI LLP
            By:  CHERYL A. STEVENS
 5              Attorney at Law
           1300 Clay Street, Suite 810
 6         Oakland, California 94612
           (415) 357-4600
 7         cstevens@lkclaw.com

 8

 9

10

11
                        ---oOo---
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1        A.      No.

2        Q.      -- at Tesla?

3        A.      I wouldn't have.   I wouldn't have done anything

4    with her, no.

5        Q.      What's your opinion of West Valley Staffing

6    Group?

7        A.      They're a good staffing agency, just like any

8    other staffing agency.

9        Q.      I'm going to ask you about a word that has

10   been -- that's come up a few times in this case, and I

11   don't want you to be offended, but I have to use the

12   word.   The word is nigger.

13       A.      Yes, sir.

14       Q.      Did you ever hear anyone use that word at

15   Tesla?

16       A.      Yes, sir.

17       Q.      In what circumstances did you hear that word

18   being said?

19       A.      There had been times where I'd actually

20   walked -- been walking through the facility, and there

21   was -- one time in particular, there was two Asian or

22   Filipino gentlemen.   And one was, like, "What's up, my

23   nigga," to the other one.   That type of thing.

24              It still was offensive, but, you know, it

25   wasn't my employee, so I didn't engage in it.

1          **A.    I wouldn't say a joking way, sir, but more of**

2     **an -- I don't know how to put it -- acknowledgment of**

3     **their friend, I guess you could say.  I don't know.  It**

4     **just -- it never seemed appropriate to me, though.**

5               MR. HORTON:  Q.  Did you ever hear the word

6     nigger used at Tesla in an intentionally offensive way?

7          **A.    No, sir, I never did.**

8          Q.    Have you ever heard of a person named

9     Javier Caballero (phonetic)?

10         **A.    No, I have not.**

11         Q.    That's all I have.  Thank you very much.

12               MS. STEVENS:  No questions.

13               THE WITNESS:  Ma'am?  Or --

14               MS. JENG:  None.

15               MR. ORGAN:  I'm just going to do a little

16     follow-up on that.

17                   FURTHER EXAMINATION BY MR. ORGAN

18               MR. ORGAN:  Q.  In terms of this area where you

19     heard the -- was it the A version of the N word or ER

20     version?

21         **A.    A.**

22         Q.    A version?

23         **A.    Yes, sir.**

24         Q.    And did you --

25               MR. HORTON:  Could we get some clarification on

1          **A.     Yes, sir.**

2          Q.     You heard the A version of the N word on

3     numerous occasions throughout the factory.

4                 Is that true?

5                 MR. ARANEDA:  Objection.  Vague.  It misstates

6     his testimony.

7                 THE WITNESS:  Do I answer?

8                 MR. ORGAN:  Yes.

9                 THE WITNESS:  Yes, I did.  I mean, like I said,

10    it's -- unfortunately, with music and things of that

11    nature nowadays, it's kind of the norm for these

12    youngsters now, the younger generation, unfortunately.

13    They don't understand the struggles or what people went

14    through with regards to that word.

15                MR. ORGAN:  Right.

16                THE WITNESS:  So, you know, they don't

17    understand the impact I think it has when they use it,

18    and it's just engrained in society around here, to be

19    honest.  You hear it on the street.  I mean, I hear it,

20    quite honestly, white people calling each other that at

21    this point in life, which is amazing to me.

22                MR. ORGAN:  Q.  Because it's offensive to you

23    as an African-American, isn't it --

24         **A.     Yes, sir.**

25         Q.     -- the use of the A version of the N word,

1    right?  Any version of the N word?

2        **A.    I don't like the word, period, but, you know, I**

3    **understand a little more why they do it.  I just wish**

4    **they wouldn't.**

5        Q.    Right.

6              And did you ever communicate to anybody at,

7    like, Tesla human resources or anything like that about

8    the fact that you're hearing --

9        **A.    No, sir.**

10       Q.    -- A version of the N word?

11       **A.    No, sir, I did not.**

12       Q.    Did you talk to the two -- the two

13   Asian-American people who you overheard where you have

14   the specific recollection about them saying, What's up,

15   my N word with an A, did you talk to them about the

16   fact --

17       **A.    Yes.**

18       Q.    -- that they had used it?

19       **A.    Yes, sir.**

20             THE REPORTER:  Wait a minute.

21             THE WITNESS:  Sorry.

22             MR. ORGAN:  Q.  And what did you tell them in

23   terms of after you heard them say -- use the A version

24   of the N word?

25       **A.    I just basically let them know, you guys**

1      **shouldn't be doing that.**

2          **Q.**    **What did they say in response to you telling**

3      **them they shouldn't be doing that?**

4          **A.**    **If I remember correctly, "My bad."**

5          Q.    But you said that you had heard the A version

6      of the N word throughout the factory when you were

7      walking around.

8                  Is that true?

9                  MR. ARANEDA:  It misstates his testimony.

10                 THE WITNESS:  I've heard it on a few occasions.

11     I just can't say just everywhere, but I have heard it a

12     few times, yes.

13                 MR. ORGAN:  Q.  Is it fair to say that you

14     heard the A version of the N word in different parts of

15     the factory?

16                 Is that true?

17                 MS. JENG:  Objection.  Vague.

18                 THE WITNESS:  Yeah, I guess you could say it's

19     different parts, yes.

20                 MR. ORGAN:  Q.  Okay.  If you can, tell me, as

21     best you can recall, what are the areas that you recall

22     hearing the A version of the N word at the Tesla

23     factory?

24         **A.**    **On the floor closer to some of the satellite**

25     **cafeterias where people would go to lunch.  And they'd**

1    **be having just common conversations.**

2           **Like I said, I don't -- I honestly don't feel**

3    **like they were trying to offend anybody.  It's just kind**

4    **of what the culture has evolved into as of late.**

5           **It's unfortunate, but I don't necessarily feel**

6    **they were trying to say it in an inoffensive way.**

7    Q.    Right.

8          They may not have been intending to be

9    offensive, but, certainly, from your perspective --

10   **A.    Can I --**

11   Q.    Sure.

12   **A.    She's calling me.**

13         MR. HORTON:  Take a quick break?

14         MR. ORGAN:  Sure.

15         (Whereupon, a recess was held from

16         1:29 p.m. to 1:32 p.m.)

17         MR. ORGAN:  Back on the record.

18   Q.    In terms of the areas that you heard the

19   N word, you said in the floor area typically near the

20   satellite cafeterias.

21         Is that correct?

22   **A.    Yes, sir, where the people would be coming for**

23   **lunch and they'd be walking in groups talking, things**

24   **like that.**

25   Q.    And in terms of -- I think the question I was

1    going to ask you was, you mentioned that you didn't

2    think that the workers who you overheard were intending

3    it to be offensive, but, certainly, as an

4    African-American male, any time anyone uses even -- the

5    A version of the N word, that's offensive to you, isn't

6    it?

7        **A.    I wouldn't say that.  To be honest, a lot of**

8    **African-Americans use that word amongst each other.**

9        Q.    Right.

10           But when an African-American uses that word,

11   the N word, that's different than when people who aren't

12   African-Americans use the word; right?

13       **A.    Once again, it depends on which version they're**

14   **using.**

15       Q.    Right.

16           But even the A version of the N word is

17   offensive to African-Americans if someone who's not

18   African-American is using it; right?

19       **A.    It depends, once again, on the context of how**

20   **they're using it.**

21       Q.    Okay.

22       **A.    It is offensive, but, like I said, it depends**

23   **on how they're using it, you know.**

24       Q.    Well, it's not something that should be used in

25   the workplace --

WAYNE JACKSON
May 17, 2019

1        **A.**    **There you go.**

2        Q.    -- right?

3        **A.**    **There you go.   It shouldn't be used at all,**

4    **so...**

5        Q.    And where you currently work --

6        **A.**    **Uh-hum.**

7        Q.    -- do you hear the N word there?

8        **A.**    **No, sir.**

9        Q.    All right.  And other than at the Tesla

10    factory, have you ever heard the N word used by

11    non-African-Americans in the workplace?

12       **A.**    **Yes, sir.**

13       Q.    Where else?

14       **A.**    **Places like Walmart, I've heard their**

15    **associates saying it to each other.**

16       Q.    Okay.

17       **A.**    **I mean, yeah, I have heard it in other places.**

18       Q.    Did you hear the E-R version of the N word at

19    Tesla?

20       **A.**    **No, I think that's even a more disparaging**

21    **version, so a lot of people are super offended by that.**

22       Q.    Right.

23             But you didn't hear that at Tesla; right?

24       **A.**    **No, I did not.**

25       Q.    In terms of the number of times that you heard

1    the N word with an A at Tesla, how many times -- what's

2    your best estimate of the number times you've heard

3    that?

4        A.    **Three, four times, probably.**

5        Q.    And did you report that to HR?

6        A.    **No, sir.**

7        Q.    Why not?

8        A.    **Because of the context it was being used in**

9    **wasn't being used, at least in my opinion, to offend.**

10   **It was just people being ignorant.**

11       Q.    You do know that some African-Americans are

12   offended by any use of the N word even with the A;

13   correct?

14       A.    **And that's their preference, yes, sir.**

15       Q.    And in terms of any kind of, like, diversity

16   training on the issue of the use of the N word, were you

17   aware of any such training during the time that you were

18   at the Tesla factory?

19       A.    **I couldn't say I do know.  No, I don't know.  I**

20   **wasn't involved in their orientation or training**

21   **processes, no.**

22       Q.    But in terms of your knowledge of whether or

23   not such training occurred, you're not aware of any kind

24   of diversity training that Tesla did around the N word;

25   correct?

1    A.    I wouldn't have that knowledge, no.

2    Q.    Okay.  No further questions.

3          MR. HORTON:  Just a quick one.

4              FURTHER EXAMINATION BY MR. HORTON

5          MR. HORTON:  Q.  Did you ever hear anyone at

6    Tesla who you knew to be a supervisor use the N word

7    ending in A?

8    A.    No, sir.

9    Q.    What do you think is the difference between the

10   N word ending in A and the N word ending E-R?

11          What is the --

12   A.    One is --

13   Q.    -- difference between those --

14   A.    One is -- the way it is now in the culture, I

15   guess one is more of, like I say, an acknowledgement of

16   a friend.

17          Like --

18   Q.    Which --

19   A.    -- a lot of -- a lot of people will say,

20   "What's up, my nigga," like "What's up, my friend" type

21   of thing.  It's not an N-I-G-G-E-R type of deal.

22          So to a lot of African-Americans, there is a

23   differential between the two.

24   Q.    So the N word ending in A is something of a

25   salutation between friends, in your mind?

1       **A.      For African-Americans it is.  It's shocking to**

2    **see other races using it the same, but a lot of**

3    **African-American cultures are adapted [sic] by other**

4    **cultures.**

5        Q.     Thank you.

6               MR. ORGAN:  Nothing else.

7               MR. ARANEDA:  Do you guys have any follow-ups?

8               MS. JENG:  No.

9               MS. STEVEN:  No.

10              MR. ORGAN:  Great.  Thanks a lot.

11              (Whereupon, at the hour of 1:37 p.m., the

12              deposition was concluded.)

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    REPORTER'S CERTIFICATE

 2     STATE OF CALIFORNIA        )
                                  )  ss.
 3     COUNTY OF MARIN            )

 4              I, PATRICIA ROSINSKI, hereby certify:

 5              That I am a Certified Shorthand Reporter in the

 6     State of California.

 7              That prior to being examined, WAYNE JACKSON,

 8     the witness named in the foregoing deposition, was by me

 9     duly sworn to testify the truth, the whole truth, and

10     nothing but the truth;

11              That said deposition was taken pursuant to

12     Notice of Deposition and agreement between the parties

13     at the time and place therein set forth and was taken

14     down by me in stenotype and thereafter transcribed by me

15     by computer and that the deposition is a true record of

16     the testimony given by the witness.

17              I further certify that I am neither counsel for

18     either, nor related in any way to any party to said

19     action, nor otherwise interested in the result or

20     outcome thereof.

21              Pursuant to Federal Rules of Civil Procedure,

22     Rule 30(e), review of the transcript was not requested

23     before the completion of the deposition.
                 _____
24               PATRICIA ROSINSKI, CSR No. 4555

25                       May 28, 2019
```

# Exhibit

# 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---

DEMETRIC DI-AZ, OWEN DIAZ, and
LAMAR PATTERSON,

               Plaintiffs,

                            No. 3:17-cv-06748-WHO

vs.

TESLA, INC. Dba TESLA MOTORS,
INC.; CITISTAFF SOLUTIONS,
INC.; WEST VALLEY STAFFING
GROUP; CHARTWELL STAFFING
SERVICES, INC.; NEXTSOURCE,
INC.; and DOES 1-50,
inclusive,

               Defendants.
_____/

DEPOSITION OF ANNALISA HEISEN

May 29, 2019

Reported by:

Bridget M. Mattos, CSR No. 11410

```
 1                   A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4         CALIFORNIA CIVIL RIGHTS LAW GROUP
           By:  LAWRENCE A. ORGAN
 5              Attorney at Law
           332 San Anselmo Avenue
 6         San Anselmo, California 94960
           (415) 453-4740
 7         larry@civilrightsca.com

 8   ALSO PRESENT:  JEAN GER, CCRLG

 9

10   FOR THE DEFENDANT WEST VALLEY STAFFING GROUP:

11         PAHL & MCCAY
           By:  FENN C. HORTON, III
12              Attorney at Law
           225 West Santa Clara, Suite 1500
13         San Jose, California 95113
           (408) 286-5100
14         fhorton@pahl-mccay.com

15   ALSO PRESENT:
     TERESA KOSSAYIAN, WEST VALLEY STAFFING GROUP
16

17   FOR THE DEFENDANT NEXTSOURCE, INC.:

18         FISHER & PHILLIPS
           By:  JUAN C. ARANEDA
19              Attorney at Law
           One Embarcadero Center, Suite 2050
20         San Francisco, California 94111
           (415) 490-9000
21         jaraneda@fisherphillips.com

22

23

24

25
```

```
 1                    A P P E A R A N C E S (continued)

 2

 3    FOR THE DEFENDANT TESLA INC. Dba TESLA MOTORS INC.:

 4         SHEPPARD, MULLIN, RICHTER & HAMPTON
           By:  PATRICIA M. JENG
 5              Attorney at Law
           Four Embarcadero Center, 17th Floor
 6         San Francisco, California 94111
           (415) 434-9100
 7         pjeng@sheppardmullin.com

 8    FOR THE DEFENDANT CHARTWELL STAFFING SERVICES, INC.:
           LAFAYETTE & KUMAGAI LLP
 9          By:  CHERYL A. STEVENS
                Attorney at Law
10         1300 Clay Street, Suite 810
           Oakland, California 94612
11         (415) 357-4600
           cstevens@lkclaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     Q.   You would agree that use of the "N" word in

2  any form is inappropriate at the Fremont factory?

3     **A.   Yeah, that's not acceptable language for**

4  **professional work environment or Tesla's factory.**

5     Q.   And certainly, use of the "N" word in any

6  form would violate Tesla's antiharassment policy;

7  right?

8     **A.   If it was found to be substantiated, then it**

9  **would potentially violate the policy, yes.**

10    Q.   Can you think of an instance where use of the

11  "N" word in the Tesla factory would not violate

12  Tesla's antiharassment policy?

13    **A.   Not specifically, no.**

14    Q.   Are you aware of any training modules that

15  nextSource developed for Tesla relative to the issue

16  of diversity, sexual harassment training?

17    **A.   I'm not familiar with that, no.**

18         MR ORGAN:  This is Exhibit 33.

19         Exhibit 33, for the record, is a three-page

20  document Bates-stamped Tesla 217 to 219, and it's the

21  antiharassment and discrimination policy.

22    Q.   I'm wondering if you can tell when this

23  particular policy Exhibit 33 was in effect.

24    **A.   I believe this version of it is a prior**

25  **version.  It's not the most recent one.**

1    State of California              )

2    County of Marin                  )

3

4              I, Bridget M. Mattos, hereby certify

5    that the witness in the foregoing deposition was by me

6    duly sworn to testify to the truth, the whole truth

7    and nothing but the truth in the within entitled

8    cause; that said deposition was taken at the time and

9    place herein named; that the deposition is a true

10   record of the witness's testimony as reported to the

11   best of my ability by me, a duly certified shorthand

12   reporter and disinterested person, and was thereafter

13   transcribed under my direction into typewriting by

14   computer; that the witness was given an opportunity to

15   read, correct and sign the deposition.

16             I further certify that I am not

17   interested in the outcome of said action nor connected

18   with or related to any of the parties in said action

19   nor to their respective counsel.

20             IN WITNESS WHEREOF, I have hereunder

21   subscribed my hand on May 29, 2019.

22

23   _____
     BRIDGET M. MATTOS, CSR NO. 11410

24

25

Exhibit

**5**

Erin Marconi                                                    October 21, 2019

```
 1              UNITED STATES DISTRICT COURT

 2            NORTHERN DISTRICT OF CALIFORNIA

 3

 4

 5   DEMETRIC DI-AZ, OWEN DIAZ, and     )
     LAMAR PATTERSON,                   )
 6                                      )
                    Plaintiffs,         )
 7                                      )  Case No.
          vs.                           )  3:17-cv-06748-WHO
 8                                      )
     TESLA, INC. dba TESLA MOTORS,      )  Pages 1 - 142
 9   INC.; CITISTAFF SOLUTIONS, INC.;   )
     WEST VALLEY STAFFING GROUP;        )
10   CHARTWELL STAFFING SERVICES, INC.; )
     and DOES 1-50, inclusive,          )
11                                      )
                    Defendants.         )
12   _____)

13

14

15

16         VIDEO DEPOSITION OF ERIN MARCONI

17            MONDAY, OCTOBER 21, 2019

18                  11:39 A.M.

19

20

21

22

23   REPORTED BY:  LAURA J. MELLINI

24            CSR NO. 8181, RPR, CCRR

25   NDS JOB NO.:  220525
```

                                                           1

```
1      APPEARANCES OF COUNSEL:

2

3    FOR PLAINTIFFS DEMETRIC DI-AZ AND OWEN DIAZ:

4

5              CALIFORNIA CIVIL RIGHTS LAW GROUP

6              BY:  LAWRENCE A. ORGAN, ESQ.

7              332 SAN ANSELMO AVENUE

8              SAN ANSELMO, CALIFORNIA 94960

9              415.453.4740

10             larry@civilrightsca.com

11

12   FOR DEFENDANTS TESLA, INC. dba TESLA MOTORS, INC.:

13

14             SHEPPARD MULLIN RICHTER & HAMPTON LLP

15             BY:  TRACEY A. KENNEDY, ESQ.

16             333 SOUTH HOPE STREET

17             43RD FLOOR

18             LOS ANGELES, CALIFORNIA 90071-1422

19             213.617.4249

20             tkennedy@sheppardmullin.com

21

22

23

24

25
```

                                                                    3

```
 1     APPEARANCES OF COUNSEL:  (Continued)

 2

 3     FOR DEFENDANT CITISTAFF SOLUTIONS, INC.:

 4

 5               (APPEARING TELEPHONICALLY)

 6               LAFAYETTE & KUMAGAI LLP

 7               BY:  SUSAN KUMAGI, ESQ.

 8               1300 CLAY STREET

 9               SUITE 810

10               OAKLAND, CALIFORNIA  94612

11               415.357.4600

12               skumagai@lkclaw.com

13

14     FOR DEFENDANT NEXTSOURCE, INC.:

15

16               (APPEARING TELEPHONICALLY)

17               FISHER PHILLIPS

18               BY:  VINCENT ADAMS, ESQ.

19               ONE EMBARCADERO CENTER

20               SUITE 2050

21               SAN FRANCISCO, CALIFORNIA  94111-3712

22               415.490.9000

23               vadams@fisherphillips.com

24

25
```

4

1    (INDEX CONTINUED)

2

3    ALSO PRESENT:

4

5            GREG CLUBB, VIDEO OPERATOR

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

```
 1        A    Correct.                                     12:12

 2        Q    What does that mean to have a zero-tolerance  12:12

 3   policy under Tesla's formula?                           12:12

 4        A    That there's no tolerance of any of those    12:13

 5   things which you just said, harassment, discrimination. 12:13

 6        Q    Would you agree that based on your            12:13

 7   understanding of Tesla's policies, that use of the      12:13

 8   n-word by any worker at the factory would have violated 12:13

 9   Tesla's anti-harassment policy?                         12:13

10        A    I don't want to assume anything.  So what were 12:13

11   we talking about?                                       12:13

12        Q    Yeah.  You mentioned that you understood      12:13

13   Tesla's zero- -- that Tesla had a zero-tolerance policy 12:13

14   for discrimination and harassment; right?               12:13

15        A    Correct.                                      12:13

16        Q    And based on your understanding of that       12:13

17   policy, if a Tesla worker had used the n-word in the    12:13

18   workplace, would that have violated Tesla's             12:14

19   anti-harassment, anti-discrimination policy?            12:14

20        A    What do you mean by "n-word"?  I don't want to 12:14

21   assume what you mean.                                   12:14

22        Q    Oh, okay.  So I'll just say it once because   12:14

23   it's a highly offensive term to most people.  But my    12:14

24   understanding is and my use of "n-word" is either       12:14

25   "nigger," n-i-g-g-e-r, or "nigga," n-i-g-g-a.  Okay?    12:14
```

34

Erin Marconi                                                    October 21, 2019

| | | |
|---|---|---|
| 1 | A     Okay. | 12:14 |
| 2 | Q     So with that understanding of the definition | 12:14 |
| 3 | of n- -- of the n-word, is it your understanding that | 12:14 |
| 4 | Tesla's anti-harassment and anti-discrimination | 12:14 |
| 5 | zero-tolerance policies prohibit use of the n-word at | 12:14 |
| 6 | the Tesla facility? | 12:14 |
| 7 | A     Yes. | 12:14 |
| 8 | Q     Let me just do a little more questions about | 12:15 |
| 9 | your background. | 12:15 |
| 10 | In terms of the number of investigations that | 12:15 |
| 11 | you've done into harassment claims or, you know, words | 12:15 |
| 12 | that people found inappropriate, how many investigations | 12:15 |
| 13 | do you think you did to things like that during the time | 12:15 |
| 14 | that you were at Tesla? | 12:15 |
| 15 | A     I don't recall doing any of that particular... | 12:15 |
| 16 | Q     Okay.  Did you do any sexual harassment | 12:15 |
| 17 | investigations? | 12:15 |
| 18 | A     Yes. | 12:15 |
| 19 | Q     How many sexual harassment investigations did | 12:15 |
| 20 | you do? | 12:15 |
| 21 | A     I have absolutely no idea.  I would be | 12:15 |
| 22 | guessing if I gave a number on -- | 12:15 |
| 23 | Q     More than ten do you think? | 12:15 |
| 24 | A     Accusations? | 12:16 |
| 25 | Q     Yeah, yeah.  Complaints.  How many complaints | 12:16 |

35

Erin Marconi                                                                    October 21, 2019

```
1    STATE OF CALIFORNIA          )

2                                 )  ss.

3    COUNTY OF LOS ANGELES        )

4

5              I, LAURA J. MELLINI, Certified Shorthand

6    Reporter, Certificate No. 8181, for the State of

7    California, hereby certify:

8              I am the deposition officer that

9    stenographically recorded the testimony in the foregoing

10   deposition;

11             Prior to being examined the deponent was first

12   duly sworn by me;

13             The foregoing transcript is a true record of

14   the testimony given;

15             Before completion of the deposition, review of

16   the transcript [  X  ] was [    ] was not requested.  If

17   requested, any changes made by the deponent (and

18   provided to the reporter) during the period allowed are

19   appended hereto.

20

21   Dated_____.

22

23                         _____

24                              LAURA J. MELLINI

25                              CSR NO. 8181, RPR, CCRR
```

                                                               141

Exhibit

**6**

Case 3:17-cv-06748-WHO   Document 201-1   Filed 04/30/20   Page 50 of 170

L. JULIUS M. TURMAN (State Bar No. 226126)
lturman@constangy.com
BARBARA I. ANTONUCCI (State Bar No. 209039)
bantonucci@constangy.com
AARON M. RUTSCHMAN (State Bar No. 288273)
arutschman@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
351 California, Suite 200
San Francisco, California 94104
Telephone: (415) 918.3000
Facsimile: (415) 918.3005

Attorneys for Defendant
TESLA, INC. DBA TESLA MOTORS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ and LAMAR PATTERSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC. and DOES 1-10, inclusive , <br><br> Defendants. | Case No. 3:17-cv-06748-WHO <br><br> **DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.'S INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71** |

Defendant Tesla Inc. dba Tesla Motors, Inc. ("Tesla") submits the following information pursuant to General Order No. 71. Tesla reserves the right to rely on witnesses, documents, and other information that may come to it or its counsel's attention through discovery and trial preparation. Tesla further reserves the right to modify or supplement the information and documents provided pursuant to General Order No. 71 as discovery proceeds in this matter.

-1-

# I. PLAINTIFFS' SUPERVISORS

During their temporary assignments to Tesla, Plaintiff Demetric Di-az and Plaintiff Owen Diaz (collectively "Plaintiffs") were supervised by:

    A.    Javier Caballero: Plaintiff Demetric Di-az

    B.    Ed Romero: Plaintiff Owen Diaz

# II. IDENTITY OF PERSON(S) INVOLVED IN MAKING DECISION TO TAKE THE ADVERSE ACTION

Tesla does not concede and instead disputes that Plaintiffs were subjected to any adverse actions. Plaintiff Owen Diaz alleges that he abandoned his temporary assignment to Tesla.

Javier Caballero recommended that Plaintiff Demetric Di-az's temporary assignment to Tesla be ended in or around October 2015 due to ongoing performance issues. Rovilla Wetle (West Valley) agreed with Mr. Cabellero's recommendation to end Mr. Di-az's temporary assignment to Tesla.

# III. PERSONS TESLA BELIEVES TO HAVE KNOWLEDGE OF FACTS CONCERNING THE CLAIMS AND DEFENSES AT ISSUE

Since Tesla has not received any formal discovery concerning the factual basis for the claims of Plaintiffs, Tesla cannot fully anticipate or predict all of the issues that may be relevant to its defenses. Nonetheless, based upon the information reasonably available to it, Tesla believes the following persons may have discoverable information concerning the claims and defenses at issues in this lawsuit:

    A.    **Plaintiff Demetric Di-az**. Plaintiff presumably has knowledge regarding the claims in his lawsuit, as well as information pertaining to the mitigation of his alleged damages.

    B.    **Plaintiff Owen Diaz**. Plaintiff presumably has knowledge regarding the claims in his lawsuit, as well as information pertaining to the mitigation of his alleged damages.

C. **Ludivina Ledesma**. Ms. Ledesma is a Human Resources Manager at CitiStaff and will likely have knowledge regarding Plaintiff Owen Diaz's temporary assignment to Tesla. Ms. Ledesma may be contacted through counsel for CitiStaff.

D. **Monica De Leon**. Ms. De Leon is CitiStaff's former Staffing Supervisor and will likely have knowledge regarding Plaintiff Owen Diaz's temporary assignment to Tesla.

E. **Rovilla Wetle**. On information and belief, Ms. Wetle is employed by Defendant West Valley Staffing Group. On information and belief, Ms. Wetle will likely have knowledge regarding Plaintiff Demetric Di-az's temporary assignment to Tesla. Ms. Wetle may be contacted through counsel for Defendant West Valley.

F. **Terri Garrett**. On information and belief, Ms. Garrett is employed by NextSource. On information and belief, Ms. Garrett will likely have knowledge regarding Plaintiff Owen Diaz's temporary assignment at Tesla. Ms. Garrett can be contacted through counsel for NextSource.

G. **Wayne Jackson**. On information and belief, Mr. Jackson was employed by NextSource. On information and belief, Mr. Jackson will likely have relevant knowledge of Plaintiff Owen Diaz's temporary assignment to Tesla.

H. **Veronica Martinez**. On information and belief, Ms. Martinez was employed by Chartwell. On information and belief, Ms. Martinez will likely have relevant knowledge of Plaintiff Ramon Martinez's temporary assignment to Tesla.

Case 3:17-cv-06748-WHO   Document 201-1   Filed 04/30/20   Page 52 of 170

INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71
CASE No. 3:17-cv-06748-WHO

I. **Ed Romero**. Mr. Romero worked at Tesla as a Janitorial Supervisor, Production Facilities. Mr. Romero likely will have relevant information regarding Plaintiff Owen Diaz's temporary assignment at Tesla.

J. **Michael Wheeler**. On information and belief, Mr. Wheeler may have relevant information regarding Plaintiff Owen Diaz's assignment to Tesla.

K. **Rothaj Foster**. On information and belief, Mr. Foster may have relevant information regarding Plaintiff Owen Diaz's assignment to Tesla.

L. **Ramon Martinez**. On information and belief, Mr. Martinez works for Chartwell and may have relevant information regarding Plaintiff Owen Diaz's assignment to Tesla.

M. **Javier Caballero**. Mr. Caballero will likely have knowledge of Plaintiff Demetric Di-az's performance, the discipline received during his temporary assignment, and the decision to end Plaintiff Demetric Di-az's temporary assignment to Tesla. Mr. Caballero may be contacted through counsel of record for Tesla.

N. **Erin Marconi**. Ms. Marconi is Tesla's former Human Resources Business Partner. Ms. Marconi will likely have knowledge regarding Plaintiffs' temporary assignments at Tesla.

O. **Victor Quintero**. Mr. Quintero will likely have relevant information regarding Plaintiff Owen Diaz's assignment at Tesla.

P. **Josue Torres**. Mr. Torres will likely have relevant information regarding Plaintiff Owen Diaz's assignment at Tesla.

Q. **Joshua Buck**. Mr. Buck will likely have knowledge of Plaintiff Demetric Di-az's temporary assignment to Tesla.

R.   **Krista Washington**. Ms. Washington will likely have knowledge regarding Tesla's policies against discrimination and harassment and its anti-retaliation policy. Ms. Washington may be contacted through counsel of record for Tesla.

## IV.   PLAINTIFFS' APPLICATION FOR BENEFITS

Tesla is not currently aware of any applications for disability benefits and/or social security disability benefits by Plaintiff Demetric Di-az or Plaintiff Owen Diaz.

Dated: March 30, 2018        CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By_____
Barbara I. Antonucci
Aaron M. Rutschman
Attorneys for Defendant
TESLA INC. DBA TESLA MOTORS, INC.

Case 3:17-cv-06748-WHO   Document 201-1   Filed 04/30/20   Page 54 of 170

INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71
CASE No. 3:17-cv-06748-WHO

**PROOF OF SERVICE**

*U.S. District Court*
*California Northern District (San Francisco)*
*CIVIL DOCKET FOR CASE #: 3:17-cv-06748-WHO*

I am over 18 years of age and not a party to the within entitled action. I am employed at the law firm of CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 351 California Street, Suite 200, San Francisco, California 94104. On March 30, 2018, I served a copy of the following:

**DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.'S INITIAL DISCOVERY INFORMATION PURSUANT TO GENERAL ORDER NO. 71; AND [ACCOMPANYING DOCUMENT PRODUCTION] TESLA-000001 TO TESLA-0000307**

on the attorney(s) for the parties to this action by the following method:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cshanahan@constangy.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Lawrence Anthony Organ<br>Navruz Avloni<br>California Civil Rights Law Group<br>332 San Anselmo Avenue<br>San Anselmo, CA 94960<br>Tel.: 415-453-4740<br>Fax: 415-785-7352<br>Email: larry@civilrightsca.com<br>Email: navruz@civilrightsca.com | *Attorneys for Plaintiffs'*<br>*DEMETRIC DI-AZ, OWEN DIAZ,*<br>*LAMAR PATTERSON* |
| Fenn C. Horton , III<br>Helene Anastasia Simvoulakis<br>Pahl & McKay, APC<br>225 West Santa Clara Street, Suite 1500<br>San Jose, CA 95113-1752<br>Tel.:408-286-5100<br>Fax.: 408-286-5722<br>Email: fhorton@pahl-mccay.com<br>Email: hsimvoulakis@pahl-mccay.com | *Attorneys for Defendant*<br>*WEST VALLEY STAFFING GROUP* |

Case 3:17-cv-06748-WHO   Document 201-1   Filed 04/30/20   Page 55 of 170

[FEDERAL] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2018 at San Francisco, California.

Cristi Shanahan

# Exhibit

# 7

1  BARBARA I. ANTONUCCI (State Bar No. 209039)
2  bantonucci@constangy.com
   AARON M. RUTSCHMAN (State Bar No. 288273)
3  arutschman@constangy.com
4  **CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
   351 California, Suite 200
5  San Francisco, California 94104
6  Telephone: (415) 918.3000
   Facsimile: (415) 918.3005
7
8  Attorneys for Defendant
   TESLA, INC. DBA TESLA MOTORS, INC.
9

10            **UNITED STATES DISTRICT COURT**

11           **NORTHERN DISTRICT OF CALIFORNIA**

12

13  DEMETRIC DI-AZ, OWEN DIAZ and          Case No. 3:17-cv-06748-WHO
    LAMAR PATTERSON, an individual,

14            Plaintiffs,                  **DEFENDANT TESLA INC.'S**
                                           **RESPONSE TO PLAINTIFF OWEN**
15       vs.                               **DIAZ' INTERROGATORIES – SET**
                                           **ONE**
16  TESLA, INC. DBA TESLA MOTORS,
17  INC.; CITISTAFF SOLUTIONS, INC.;
    WEST VALLEY STAFFING GROUP;
18  CHARTWELL STAFFING SERVICES,
19  INC. and DOES 1-10, inclusive ,

20            Defendants.

21

22

23  PROPOUNDING PARTY:      Plaintiff, OWEN DIAZ

24  RESPONDING PARTY:       Defendant, TESLA, INC. DBA TESLA MOTORS,

25                          INC.

26  SET NO.:                One

27

28

                              -1-

1    Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Defendant") hereby responds to

2    Plaintiff Owen Diaz's ("Plaintiff") Interrogatories, Set One, pursuant to Federal Rules

3    of Civil Procedure, Rule 33, as follows:

4    ## PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

5    1.    Defendant has not completed its investigation of the facts relating to this

6    case, has not fully completed its discovery in this action, and has not completed its

7    preparation for trial.  Defendant's responses herein are based upon and reflect the

8    current state of its knowledge, and are made without prejudice to Defendant's right to

9    produce and utilize any subsequently discovered evidence or interpretations thereof.

10   2.    All the responses contained herein are based only upon such information

11   and documents which are presently available to and specifically known to Defendant

12   and disclose only those contentions which presently occur to Defendant.    It is

13   anticipated that further discovery, independent investigation, legal research and

14   analysis will supply additional facts, and meaning to the known facts, as well as

15   establish entirely new factual conclusions and legal contentions, all of which may lead

16   to substantial additions, changes and variations to the contentions set forth herein.

17   3.    The following responses are given without prejudice to Defendant's right

18   to produce evidence of any subsequently discovered fact or facts revealed by further

19   investigation.  Defendant accordingly reserved the right to change any and all answers

20   herein as additional facts are ascertained, analyses are made, legal research is

21   completed and contentions are made.  The answers contained herein are made in a

22   good faith effort to supply as much factual information as is presently known but in no

23   way may be used to the prejudice of this responding party in relation to further

24   discovery, research or analysis.

25   4.    To the extent that these Interrogatories seek information privileged

26   against disclosure by the attorney-client privilege and/or protected by the attorney

27   work-product doctrine, Defendant objects to them.

28
-2-

DEFENDANT TESLA'S RESPONSE TO                    CASE NO. 3:17-CV-06748-WHO
PLAINTIFF'S INTERROGATORIES – SET ONE

5.     No incidental or implied admissions are intended by these responses. The fact that Defendant responds to or objects to any interrogatory should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any interrogatory is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any interrogatory.

6.     Each of the foregoing general objections is hereby incorporated by reference into each and every one of the responses contained herein as though fully set forth therein, regardless of whether any or all of the foregoing general objections are repeated in response to any request.

## RESPONSE TO INTERROGATORIES – SET ONE

**INTERROGATORY NO. 1:**

Describe in comprehensive detail each position PLAINTIFF has held with YOU, including the dates PLAINTIFF held such jobs. (In responding to this interrogatory, the term describe includes, but is not limited to, the job title, functions, hours and responsibilities for each job held by PLAINTIFF.)

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this interrogatory on the grounds that it is overbroad, ambiguous, vague, uncertain, and unintelligible with regard to the definition of the term "describe" and the phrase "[d]escribe in comprehensive detail each position PLAINTIFF has held with YOU." Defendant objects to this interrogatory on the grounds that Plaintiff was never an employee of Defendant. Subject to and without waiving its objections and to the extent it is understood, Defendant responds: Elevator Operator; Elevator Lead. Plaintiff was temporarily assigned to Defendant from approximately August 16, 2015 to March 20, 2016.

-3-

1   **INTERROGATORY NO. 2:**

2       Identify the business relationship between YOU and Citistaff Solutions, Inc.

3   **RESPONSE TO INTERROGATORY NO. 2:**

4       Defendant objects to this interrogatory on the grounds that it is overbroad,

5   ambiguous, vague and uncertain with regard to the phrase "Identify the business

6   relationship between YOU and Tesla, Inc." Defendant further objects to this

7   interrogatory on the grounds that it seeks information not relevant to any party's

8   claims or defenses nor proportional to the needs of this case. Defendant further

9   objects to this interrogatory to the extent that it seeks confidential and proprietary

10  business information.

11      Subject to and without waiving its objections and to the extent it is understood

12  and limiting its response to information that reasonably pertains to the claims in this

13  case, Defendant responds: Defendant contracts with NextSource to staff temporary

14  employees at its facilities. It is Defendant's understanding that NextSource contracts

15  with CitiStaff, Solutions, Inc., among other third parties, to secure temporary

16  employees to work at its facilities. Discovery is ongoing and Defendant reserves the

17  right to supplement its response.

18

19  **INTERROGATORY NO. 3:**

20      Identify the business relationship between YOU and NextSource.

21  **RESPONSE TO INTERROGATORY NO. 3:**

22      Defendant objects to this interrogatory on the grounds that it is overbroad,

23  ambiguous, vague and uncertain with regard to the phrase "Identify the business

24  relationship between YOU and NextSource." Defendant further objects to this

25  interrogatory on the grounds that it seeks information not relevant to any party's

26  claims or defenses nor proportional to the needs of this case. Defendant further

27

28

-4-

objects to this interrogatory to the extent that it seeks confidential and proprietary business information.

Subject to and without waiving its objections and to the extent it is understood, and limiting its response to information that reasonably pertains to the claims in this case, Defendant responds: Defendant contracts with NextSource to staff temporary employees at its facilities. It is Defendant's understanding that NextSource contracts with CitiStaff, Solutions, Inc., among other third parties, to secure temporary employees to work at its facilities. Discovery is ongoing and Defendant reserves the right to supplement its response.

**INTERROGATORY NO. 4:**

Please describe all formal complaints made by Tesla, Inc. employees working at the TESLA FACTORY in the last ten years RELATED TO harassment based on race or color. (In responding to this interrogatory, the term formal complaint includes, but it is not limited to, complaints with the EEOC, DFEH, or civil actions for harassment based on race or color. Please list the name, address, phone number and job title of the complainant, the date of the complaint, name of the person listed as the harasser and description of the complaint.)

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase "all formal complaints made by Tesla, Inc. employees working at the TESLA FACTORY in the last ten years RELATED TO harassment based on race or color. (In responding to this interrogatory, the term formal complaint includes, but it is not limited to, complaints with the EEOC, DFEH, or civil actions for harassment based on race or color. Please list the name, address, phone number and job title of the complainant, the date of the complaint, name of the person listed as the harasser

-5-

and description of the complaint.).” Defendant further objects to this interrogatory to the extent that it seeks information not relevant to any party's claims or defenses nor proportional to the needs of this case.  Defendant further objects to this interrogatory to the extent that it seeks documents and information pertaining to employees or former employees of Defendant and thereby seeks to invade privacy rights established by the California Constitution. Defendant further objects to this interrogatory on the grounds it seeks information protected by the attorney-client privilege and/or by the attorney work product doctrine. Defendant further objects to this request on the grounds that it is burdensome and harassing in that it is overbroad as to time and not limited to Plaintiff or the specific department(s) Plaintiff temporarily worked in and it seeks information that is equally available to Plaintiff through public court records. This request impermissibly seeks “me too” evidence that is not relevant to the claims and defenses in this case.

**INTERROGATORY NO. 5:**

Please describe in comprehensive detail all steps taken to prevent future race harassment or discrimination as a result of PLAINTIFF's complaints. (In responding to this interrogatory, the term describe includes but is not limited to dates and actions that were taken in response to each complaint.)

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase “all steps taken to prevent future race harassment or discrimination as a result of PLAINTIFF's complaints.  (In responding to this interrogatory, the term describe includes but is not limited to dates and actions that were taken in response to each complaint.).” Defendant further objects to this interrogatory to the extent that it seeks information not relevant to any party's claims or defenses nor proportional to the needs of this case. Defendant

-6-

further objects to this interrogatory on the grounds it seeks information protected by the attorney-client privilege and/or by the attorney work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and vague and ambiguous as to Plaintiff's alleged "complaints," which are not defined here.

Subject to and without waiving its objections and to the extent it is understood, and limiting its response to information that reasonably pertains to the claims in this case, Defendant responds: Immediately upon receipt of the only complaint Ed Romero received from Plaintiff Owen Diaz regarding alleged harassment, received on or around January 22, 2016, documents bates labeled TESLA 0000010-13, Tesla took immediate action, as it normally does, and the email was reported to the employers (i.e. NextSource and Chartwell) of record for the alleged harasser, Ramon Martinez, and a prompt investigation ensued. Victor Quintero agreed with the recommendation by NextSource and Chartwell to suspend Mr. Martinez without pay and to issue him a final written warning. Mr. Quintero also recommended additional diversity training for Mr. Martinez. Josue Torres also informed its team members not to draw on materials in its facilities at all going forward. Discovery is ongoing and Defendant reserves the right to supplement its response.

**INTERROGATORY NO. 6:**

Please describe in comprehensive detail how Tesla, Inc. educates its employees to ensure familiarity with its policies and practices regarding race harassment or discrimination. (In responding to this interrogatory, the term employee includes, but is not limited to, managers.)

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase "describe in comprehensive detail how Citistaff Solutions, Inc. educates its employees to ensure familiarity with

-7-

its policies and practices regarding race harassment or discrimination. (In responding to this interrogatory, the term employee includes, but is not limited to, managers.)." Defendant further objects to this interrogatory to the extent that it seeks information not relevant to any party's claims or defenses nor proportional to the needs of this case. Defendant further objects to this interrogatory on the grounds it seeks information protected by the attorney-client privilege and/or by the attorney work product doctrine. Defendant further objects to this request on the grounds that it is burdensome and harassing in that it is overbroad and vague and ambiguous as to time and not limited in any manner in geographical scope.

**INTERROGATORY NO. 7:**

Please provide the last best-known contact information for Ramon Martinez. (In responding to this interrogatory, the term contact information, includes, but is not limited to, address, phone number and email.)

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant further objects to this interrogatory to the extent that it seeks documents and information pertaining to employees or former employees of Defendant and thereby seeks to invade privacy rights established by the California Constitution. Subject to and without waiving its objections and to the extent it is understood, Defendant responds: Ramon Martinez was never a Tesla employee. Mr. Martinez's last known contact information is: ramonmartinez7113@gmail.com.

**INTERROGATORY NO. 8:**

Please provide the last best-known contact information for Edward Romero. (In responding to this interrogatory, the term contact information, includes, but is not limited to, address, phone number and email.)

-8-

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant further objects to this interrogatory to the extent that it seeks documents and information pertaining to employees or former employees of Defendant and thereby seeks to invade privacy rights established by the California Constitution. Subject to and without waiving its objections and to the extent it is understood, Defendant responds: Mr. Romero is a former Tesla employee but he is represented by counsel for Tesla in this action.  Accordingly, Mr. Romero may be contacted through counsel of record for Tesla.

**INTERROGATORY NO. 9:**

If Ramon Martinez is no longer employed at TESLA, please list all the reasons for his separation.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant further objects to this interrogatory to the extent that it seeks documents and information pertaining to employees or former employees of Defendant and thereby seeks to invade privacy rights established by the California Constitution. Subject to and without waiving its objections and to the extent it is understood, Defendant responds: Ramon Martinez was never a Tesla employee.

**INTERROGATORY NO. 10:**

Describe every fringe benefit available to PLAINTIFF as part of his employment with Tesla, Inc. (In responding to this interrogatory, the term describe includes, but is not limited to, the nature, approximate annual dollar value to PLAINTIFF, and minimum number of work hours to qualify for each fringe benefit).

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase "[d]escribe every fringe

-9-

benefit available to PLAINTIFF as part of his employment with Citistaff Solutions, Inc. (In responding to this interrogatory, the term describe includes, but is not limited to, the nature, approximate annual dollar value to PLAINTIFF, and minimum number of work hours to qualify for each fringe benefit)." Defendant further objects to this interrogatory on the grounds that the definition of the term "describe" is overbroad, burdensome and harassing. Defendant is not responsible for calculating the approximately annual dollar value to plaintiff of benefits he was entitled to from Defendant, if any.

Subject to and without waiving its objections and to the extent it is understood, and limiting its response to information that reasonably pertains to the claims in this case, Defendant responds: Plaintiff was never an employee of Defendant and therefore he was not entitled to any "fringe benefits" from Defendant.

Dated:  June 4, 2018          CONSTANGY, BROOKS, SMITH & PROPHETE, LLP


By /s/ Barbara Antonucci
Barbara I. Antonucci
Aaron M. Rutschman
Attorney for Defendant
TESLA, INC. DBA TESLA MOTORS, INC.

**PROOF OF SERVICE**

*U.S. District Court*
*California Northern District (San Francisco)*
*CIVIL DOCKET FOR CASE #: 3:17-cv-06748-WHO*

I am over 18 years of age and not a party to the within entitled action.  I am employed at the law firm of CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 2029 Century Park East, Suite 1100, Los Angeles, California 90067.  On June 4, 2018, I served a copy of the following:

1. **DEFENDANT TESLA, INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ' INTERROGATORIES – SET ONE**

on the attorney(s) for the parties to this action by the following method:

  X   **(BY MAIL)**  By placing same, with postage fully prepared, in the United States Mail, addressed as indicated below.  I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

Lawrence Anthony Organ
Navruz Avloni
California Civil Rights Law Group
332 San Anselmo Avenue
San Anselmo, CA 94960
Tel.: 415-453-4740
Fax: 415-785-7352
Email: larry@civilrightsca.com
Email: navruz@civilrightsca.com

*Attorneys for Plaintiffs'*
*DEMETRIC DI-AZ,* OWEN DIAZ,

Fenn C. Horton , III
Helene Anastasia Simvoulakis
Pahl & McKay, APC
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113-1752
Tel.:408-286-5100
Fax.: 408-286-5722
Email: fhorton@pahl-mccay.com
Email: hsimvoulakis@pahl-mccay.com

*Attorneys for Defendant*
*WEST VALLEY STAFFING GROUP*

[FEDERAL] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 4, 2018 at Los Angeles, California.

*Lorna Hatch*
Lorna Hatch

# Exhibit

# 8

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    TRACEY A. KENNEDY, Cal. Bar No. 150782
3   333 South Hope Street, 43rd Floor
    Los Angeles, California 90071-1422
4   Telephone:    213-620-1780
    Facsimile:    213-620-1398
5   Email:        tkennedy@sheppardmullin.com

6   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
7       Including Professional Corporations
    PATRICIA M. JENG, Cal. Bar No. 272262
8   REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
    Four Embarcadero Center, 17th Floor
9   San Francisco, California 94111-4109
    Telephone:    415.434.9100
10  Facsimile:    415.434.3947
    Email:        pjeng@sheppardmullin.com
11               rswafford-harris@sheppardmullin.com

12  Attorneys for Defendant,
    TESLA, INC. DBA TESLA MOTORS, INC.
13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

17
    DEMETRIC DI-AZ, OWEN DIAZ AND         Case No. 17-cv-06748-WHO
18  LAMAR PATTERSON
                                          **DEFENDANT TESLA, INC. DBA TESLA**
19           Plaintiffs,                  **MOTORS, INC.'S RESPONSE TO PLAINTIFF**
                                          **OWEN DIAZ'S INTERROGATORIES, SET**
20       v.                               **THREE**

21  TESLA, INC. DBA TESLA MOTORS,
    INC., CITISTAFF SOLUTIONS, INC.;
22  WEST VALLEY STAFFING GROUP;
    CHARTWELL STAFFING SERVICES,
23  INC.; NEXTSOURCE, INC.; and DOES
    1-10, inclusive
24
                                          Amended Complaint Filed:  December 26, 2018
25           Defendants.                  Trial Date:               November 18, 2019

26

27

28
                                       -1-                   Case No. 17-cv-06748-WHO
    SMRH:4850-8836-        DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET THREE
    2648.1

PROPOUNDING PARTY:       Plaintiff OWEN DIAZ

RESPONDING PARTY:        Defendant TESLA, INC. DBA TESLA MOTORS, INC.

SET NO.:                 THREE

### PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 33, Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Defendant") hereby responds to Plaintiff Owen Diaz's ("Plaintiff") Interrogatories, Set Three.

The following responses and objections have been prepared prior to the completion of Defendant's investigation, discovery, and preparation for trial in this action. The responses and objections are based only on information, facts, and documents currently available and known to Defendant. Defendant reserves its right to make changes to the responses and objections if it appears that omissions or errors have been made in them, or that further and more accurate information, facts, and/or documents are available, but Defendant is under no obligation to do so. Defendant also reserves its right to rely upon and/or introduce into evidence at trial or any pre-trial proceeding any additional information, facts, and/or documents.

Defendant's responses and objections are for the purpose of discovery only, and are not an admission or acceptance that any response, fact, or document is relevant and/or admissible into evidence. Defendant reserves its right to object to the admissibility of any response, fact, or document at the time of trial or any pre-trial proceeding.

Defendant provides the following responses subject to, and without waiving the foregoing Preliminary Statement, which is incorporated by reference into each response below.

### GENERAL OBJECTIONS

1.      Defendant reserves the right to object on any ground at any time to such other or supplemental Interrogatories, or any other discovery, as Plaintiff may at any time propound involving the subject matter of the Interrogatories.

2.      Defendant objects to the Interrogatories on the grounds and to the extent they seek information outside the possession, custody, or control of Defendant and that is not within Defendant's personal knowledge.

-2-                                    Case No. 17-cv-06748-WHO

3.      Defendant objects to the Interrogatories because they are overbroad and unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to the Interrogatories on the grounds and to the extent they call for information which is protected by the by the attorney-client privilege, that was prepared in anticipation of litigation for trial or is covered by the work product doctrine, or which constitutes information which is privileged or related to confidential trade secrets or the right or privilege of privacy (including the freedom of association and financial privacy, the right of privacy held by non-party individuals with respect to their employment records).

Each of these general objections is incorporated by reference into each set of specific responses to each Interrogatory set forth below.  The fact that any of these general objections is set forth again specifically in response to any of the Interrogatories shall not be construed as a waiver of any of the other general objections set forth herein.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 14:**

Please provide the last, best-known contact information of Judy Timbreza.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this request on the grounds that it is overbroad, ambiguous, vague and uncertain with regard to the phrase "best-known."  Defendant objects that this interrogatory is not limited in time or scope, and thus is overbroad, unduly burdensome, oppressive, and harassing. Defendant further objects to the extent this interrogatory is invasive of the privacy rights and confidentiality of third-party non-litigants.  Defendant further objects to the extent this interrogatory seeks information that is not relevant to the claims or defenses and/or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

1    Subject to and without waiving any objections, Defendant responds as follows:  Judy

2  Timbreza was never a Tesla employee.  The last known contact information that Tesla has for

3  Judy Timbreza is judyannafuan18@gmail.com.

4  **INTERROGATORY NO. 15:**

5    Please DESCRIBE in comprehensive detail each position Judy Timbreza has held during

6  his employment at the TESLA FACTORY from 2014 to present. (For the purposes of responding

7  to this interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job

8  duties, hours worked, and dates the position was held.)

9  **RESPONSE TO INTERROGATORY NO. 15:**

10    Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

11  the term(s) and/or phrase(s): "comprehensive detail," "position," and "employment at TESLA

12  FACTORY."  Defendant further objects to the extent this interrogatory is invasive of the privacy

13  rights and confidentiality of third-party non-litigants.  Defendant further objects to the extent this

14  interrogatory seeks information that is not relevant to the claims or defenses and/or proportional to

15  the needs of the case, considering the importance of the issues at stake in the action, the amount in

16  controversy, the parties' relative access to relevant information, the parties' resources, the

17  importance of the discovery in resolving the issues, and whether the burden or expense of the

18  proposed discovery outweighs its likely benefit.  Defendant objects that this interrogatory lacks

19  foundation, and assumes facts not in evidence, particularly, that Judy Timbreza had an assigned

20  schedule of "hours worked," and/or recorded the same.  Defendant further objects to the extent

21  this interrogatory necessitates the preparation or the making of a compilation, abstract, audit, or

22  summary.

23    Subject to and without waiving any objections, Defendant responds as follows:  Judy

24  Timbreza was never a Tesla employee.

25  **INTERROGATORY NO. 16:**

26    Please DESCRIBE in comprehensive detail each position Edward Romero has held during

27  his employment at the TESLA FACTORY from 2014 to present. (For the purposes of responding

28

1  to this interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job

2  duties, hours worked, and dates the position was held.)

3  **RESPONSE TO INTERROGATORY NO. 16:**

4        Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

5  the term(s) and/or phrase(s): "comprehensive detail," "position," and "employment at TESLA

6  FACTORY." Defendant further objects to the extent this interrogatory is invasive of the privacy

7  rights and confidentiality of third-party non-litigants and/or current or former employees of

8  Defendant. Defendant further objects to the extent this interrogatory seeks information that is not

9  relevant to the claims or defenses and/or proportional to the needs of the case, considering the

10  importance of the issues at stake in the action, the amount in controversy, the parties' relative

11  access to relevant information, the parties' resources, the importance of the discovery in resolving

12  the issues, and whether the burden or expense of the proposed discovery outweighs its likely

13  benefit. Defendant objects that this interrogatory lacks foundation, and assumes facts not in

14  evidence, particularly, that Edward Romero had an assigned schedule of "hours worked," and/or

15  recorded the same. Defendant further objects to the extent this interrogatory necessitates the

16  preparation or the making of a compilation, abstract, audit, or summary.

17        Subject to and without waiving any objections, Defendant responds as follows:  Edward

18  Romero's position was Janitorial Supervisor, Production Facilities from on or about October 12,

19  2015 through on or about August 4, 2017.

20  **INTERROGATORY NO. 17:**

21        Please DESCRIBE in comprehensive detail each position Victor Quintero has held during

22  his employment at the TESLA FACTORY from 2014 to present. (For the purposes of responding

23  to this interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job

24  duties, hours worked, and dates the position was held.)

25  **RESPONSE TO INTERROGATORY NO. 17:**

26        Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

27  the term(s) and/or phrase(s): "comprehensive detail," "position," and "employment at TESLA

28  FACTORY." Defendant further objects to the extent this interrogatory is invasive of the privacy

1  rights and confidentiality of third-party non-litigants and/or current or former employees of

2  Defendant.  Defendant further objects to the extent this interrogatory seeks information that is not

3  relevant to the claims or defenses and/or proportional to the needs of the case, considering the

4  importance of the issues at stake in the action, the amount in controversy, the parties' relative

5  access to relevant information, the parties' resources, the importance of the discovery in resolving

6  the issues, and whether the burden or expense of the proposed discovery outweighs its likely

7  benefit.  Defendant objects that this interrogatory lacks foundation, and assumes facts not in

8  evidence, particularly, that Victor Quintero had an assigned schedule of "hours worked," and/or

9  recorded the same.  Defendant further objects to the extent this interrogatory necessitates the

10  preparation or the making of a compilation, abstract, audit, or summary.

11       Subject to and without waiving any objections, Defendant responds as follows:  Victor

12  Quintero's position is Manager, Recycling Services from May 12, 2015 through the date of this

13  response.

14  **INTERROGATORY NO. 18:**

15       Please DESCRIBE in comprehensive detail each position Ramon Martinez held during his

16  employment at the TESLA FACTORY. (For the purposes of responding to this interrogatory, the

17  term "DESCRIBE" means to list, for each position, the job title, job duties, hours worked, and

18  dates the position was held.)

19  **RESPONSE TO INTERROGATORY NO. 18:**

20       Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

21  the term(s) and/or phrase(s): "comprehensive detail," "position," and "employment at TESLA

22  FACTORY."  Defendant further objects that this interrogatory is not limited in time or scope, and

23  thus is overbroad, unduly burdensome, oppressive, and harassing.  Defendant further objects to the

24  extent this interrogatory is invasive of the privacy rights and confidentiality of third-party non-

25  litigants and/or current or former employees of Defendant.  Defendant further objects to the extent

26  this interrogatory seeks information that is not relevant to the claims or defenses and/or

27  proportional to the needs of the case, considering the importance of the issues at stake in the

28  action, the amount in controversy, the parties' relative access to relevant information, the parties'

1 resources, the importance of the discovery in resolving the issues, and whether the burden or

2 expense of the proposed discovery outweighs its likely benefit.  Defendant objects that this

3 interrogatory lacks foundation, and assumes facts not in evidence, particularly, that Ramon

4 Martinez had an assigned schedule of "hours worked," and/or recorded the same.  Defendant

5 further objects to the extent this interrogatory necessitates the preparation or the making of a

6 compilation, abstract, audit, or summary.

7      Subject to and without waiving any objections, Defendant responds as follows:  Ramon

8 Martinez was not employed by Tesla during the time that plaintiff Owen Diaz or Plaintiff

9 Demetric Di-az worked at Tesla.  Ramon Martinez's position from January 14, 2019 to the date of

10 this response is Lead Material Handler.

11 **INTERROGATORY NO. 19:**

12      Please DESCRIBE in comprehensive detail each position Joyce DelaGrande has held

13 during her employment at the TESLA FACTORY. (For the purposes of responding to this

14 interrogatory, the term "DESCRIBE" means to list, for each position, the job title, job duties,

15 hours worked, and dates the position was held.)

16 **RESPONSE TO INTERROGATORY NO. 19:**

17      Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

18 the term(s) and/or phrase(s): "comprehensive detail," "position," and "employment at TESLA

19 FACTORY."  Defendant further objects that this interrogatory is not limited in time or scope, and

20 thus is overbroad, unduly burdensome, oppressive, and harassing.  Defendant further objects to the

21 extent this interrogatory is invasive of the privacy rights and confidentiality of third-party non-

22 litigants and/or current or former employees of Defendant.  Defendant further objects to the extent

23 this interrogatory seeks information that is not relevant to the claims or defenses and/or

24 proportional to the needs of the case, considering the importance of the issues at stake in the

25 action, the amount in controversy, the parties' relative access to relevant information, the parties'

26 resources, the importance of the discovery in resolving the issues, and whether the burden or

27 expense of the proposed discovery outweighs its likely benefit.  Defendant objects that this

28 interrogatory lacks foundation, and assumes facts not in evidence, particularly, that Joyce

1  DelaGrande had an assigned schedule of "hours worked," and/or recorded the same.  Defendant

2  further objects to the extent this interrogatory necessitates the preparation or the making of a

3  compilation, abstract, audit, or summary.

4        Subject to and without waiving any objections, Defendant responds as follows:  Joyce

5  Delagrande's position from August 20, 2012 to November 30, 2012 was Production Associate; her

6  position from December 1, 2012 to June 31, 2013 was Supervisor Manufacturing; her position

7  from July 1, 2013 to October 30, 2015 was Associate Manager Supply Chain; her position from

8  October 31, 2015 to July 8, 2017 was Supervisor Supply Chain; and her position from July 9,

9  2017 to present is Associate Manager Supply Chain.

10 **INTERROGATORY NO. 20:**

11       If Ramon Martinez is no longer working at TESLA, please list all the reasons for his

12 separation.

13 **RESPONSE TO INTERROGATORY NO. 20:**

14       Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to

15 the term(s) and/or phrase(s): "working," and "separation."  Defendant further objects to the extent

16 this interrogatory is invasive of the privacy rights and confidentiality of third-party non-litigants

17 and/or current or former employees of Defendant.  Defendant further objects to the extent this

18 interrogatory seeks information that is not relevant to the claims or defenses and/or proportional to

19 the needs of the case, considering the importance of the issues at stake in the action, the amount in

20 controversy, the parties' relative access to relevant information, the parties' resources, the

21 importance of the discovery in resolving the issues, and whether the burden or expense of the

22 proposed discovery outweighs its likely benefit.  Defendant objects to the extent this interrogatory

23 lacks foundation, and assumes facts not in evidence.  Defendant further objects to the extent this

24 interrogatory necessitates the preparation or the making of a compilation, abstract, audit, or

25 summary.

26 ///

27 ///

28 ///

1   Subject to and without waiving any objections, Defendant responds as follows:  Not

2 applicable.

3

4 Dated:  May 24, 2019    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6         By: _____

7           TRACEY A. KENNEDY
            PATRICIA M. JENG

8          REANNE SWAFFORD-HARRIS

9         Attorneys for Defendant
        TESLA, INC. dba TESLA MOTORS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4850-8836-
2648.1    DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET THREE

1

## CERTIFICATE OF SERVICE

2

*Demetric Di-Az, et al. v. Tesla, Inc., et al.*
USDC, Northern District of California, Case No. 3:17-cv-06748-WHO

3

4        At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

5

6        On May 24, 2019, I served true copies of the following document(s) described as:

7        **DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.'S RESPONSE TO PLAINTIFF OWEN DIAZ'S INTERROGATORIES, SET THREE**

8   on the interested parties in this action as follows:

9                                        **SEE SERVICE LIST**

10  ☒     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

11

12

13

14  ☐     **BY FAX TRANSMISSION:**  I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List.  The telephone number of the sending facsimile machine was 415.434.3947.  The transmission was reported as complete and without error.  No error was reported by the fax machine that I used.  A transmission report was properly issued by the sending fax machine.

15

16

17  ☐     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address eruiz@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19

20  ☐     **BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

21

22

23

24  ☐     **BY PERSONAL SERVICE:**  I personally delivered the document(s) to the person at the addresses listed in the Service List.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

25

26

27

28

-1-

1    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

2

3         Executed on May 24, 2019, at San Francisco, California.

4

5                                                _____

6                                                Elena E. Ruiz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

<u>**SERVICE LIST**</u>

| | |
|---|---|
| Lawrence A. Organ, Esq. | Attorneys for Plaintiffs |
| Navruz Avloni, Esq. | DEMETRIC DI-AZ and OWEN DIAZ |
| **CALIFORNIA CIVIL RIGHTS LAW GROUP** | |

332 San Anselmo Avenue
San Anselmo, CA 94960
Telephone:      415-453-4740
Facsimile:      415-785-7352]
Email:          larry@civiilrightsca.com
                navruz@civilrightsca.com

| | |
|---|---|
| Gary T. Lafayette, Esq. | Attorneys for Defendant |
| Cheryl A. Stevens, Esq. | CITISTAFF SOLUTIONS, INC. |
| **LAFAYETTE & KUMAGAI** | |

1300 Clay Street, Suite 810
Oakland, CA 94612
Telephone:      415-357-4600
Email:          glafayette@lkclaw.com
                cstevens@lkclaw.com

| | |
|---|---|
| Jason A. Geller, Esq. | Attorneys for Defendant |
| Juan C. Araneda, Esq. | NEXTSOURCE, INC. |
| Aaron D. Langberg, Esq. | |
| **FISHER & PHILLIPS LLP** | |

One Embarcadero Center, Suite 2050
San Francisco, CA 94111
Telephone:      415-490-9000
Facsimile:      415-490-9001
Email:          jgeller@fisherphillips.com
                jaraneda@fisherphillips.com
                alangberg@fisherphillips.com

| | |
|---|---|
| Fenn C. Horton III, Esq. | Attorneys for Defendant |
| Helene Simvoulakis-Panos, Esq. | WEST VALLEY STAFFING GROUP |
| **PAHL & McCAY** | |

225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone:      408-286-5110
Facsimile:      408-286-5722
Email:          fhorton@pahl-mccay.com
                hsimvoulakis@pahl-mccay.com

SMRH:4850-8836-2648.1

Case No. 3:17-cv-06748-WHO
CERTIFICATE OF SERVICE

Exhibit

**9**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Lawrence A. Organ  (SBN:175503)<br>California Civil Rights Law Group<br>332 San Anselmo Avenue<br>San Anselmo, CA 94960 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: (415) 453-4740   FAX   (415) 785-7352<br>                                NO.:<br><br>ATTORNEY FOR: Plaintiff | |

| US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | |
|---|---|
| STREET ADDRESS: 450 Golden Gate Avenue<br>MAILING ADDRESS: 450 Golden Gate Avenue<br>CITY AND ZIP CODE: San Francisco, CA, 94102<br>BRANCH NAME: San Francisco/Oakland Division | |

| PLAINTIFF: DEMETRIC DI-AZ and OWEN DIAZ<br>DEFENDANT: TESLA, INC. dba TESLA MOTORS, INC, et al. | CASE NUMBER:<br>3:17-CV-06748-WHO |
|---|---|
| **DECLARATION OF NON-SERVICE** | Ref. No. or File No.: |

1.  I am over 18 years of age and not a party to this action.

2.  Received by Evan-Allen Services to be served on **Ramon Martinez, 626 Pinewood Drive, Apt 1, San Jose, CA 95129.**

3.  **NON-SERVED** the **Subpoena to Testify at a Deposition in a Civil Action; Plaintiff Owen Diaz's Notice of Deposition of Ramon Martinez.** After due search, careful inquiry and diligent attempts was unable to serve on **Ramon Martinez** for the reasons detailed in the comments below.

4.  Additional Information pertaining to this non-service:

```
12/07/2018  2:00 PM   Attempted Service. The defendant Ramon Martinez was not in per Jane
                      Doe - Co-Occupant (Hispanic, Female, 40years old).
12/08/2018  6:10 PM   Attempted Service. No answer, no movement, no sound.
12/10/2018  4:00 PM   Attempted Service. No answer, no movement, no sound.
12/11/2018  7:05 AM   Attempted Service. No answer, no movement, no sound.
12/13/2018  9:55 PM   Attempted Service. No answer, lights on inside.
12/14/2018  8:35 PM   Attempted Service. No answer, lights on inside. Returned Not Served.
                      Needs reissued subpoena with new hearing date.
```

5.  I am an independent contractor of a registered California process server.

6.  My name, address, telephone number, and, if applicable, county of registration and number are:

    Name: Gary Genest<br>
    Firm: Evan-Allen Services<br>
    Address: 4425 Treat Blvd., #149, Concord, CA 94521<br>
    Telephone number: (925) 525-9062<br>
    Registration Number: PS1560<br>
    County: Santa Clara<br>
    The fee for the service was: $70.00

7.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *12/26/2018*

| **Gary Genest** | |
|---|---|
| (TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS) | (SIGNATURE OF PERSON WHO SERVED THE PAPERS) |

**Page 1 of 1**

**DECLARATION OF NON-SERVICE**          Job Number EVN-2018001084

# Exhibit

# **10**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
--oOo--

DEMETRIC DI-AZ, OWEN DIAZ,      )
AND LAMAR PATTERSON,            )
                               )
        Plaintiffs,            )
                               )   Case No.
vs.                            )   3:17-cv-06748-WHO
                               )
TESLA, INC., dba TESLA         )
MOTORS, INC.; CITISTAFF        )
SOLUTIONS, INC.; WEST          )
VALLEY STAFFING GROUP;         )
CHARTWELL STAFFING             )
SERVICES, INC.; and DOES       )
1-50, inclusive,               )
                               )
        Defendants.            )
_____  )


VIDEO DEPOSITION OF VERONICA MARTINEZ

TUESDAY, OCTOBER 15, 2019



STENOGRAPHICALLY REPORTED BY:

KIMBERLY E. D'URSO, RPR, CSR NO. 11372

Job No. 13937

```
 1   APPEARANCES:

 2

 3   FOR THE PLAINTIFFS:

 4           CALIFORNIA CIVIL RIGHTS LAW GROUP
             LAWRENCE A. ORGAN, ESQ.
 5           332 San Anselmo Avenue
             San Anselmo, CA  94960
 6           415.453.4740

 7   FOR THE DEFENDANT TESLA:

 8           SHEPPARD MULLIN, LLP
             BY:  PATRICIA M. JENG, ESQ.
 9           Four Embarcadero Center, 17th Floor
             San Francisco, CA  94111
10           415.434.9100

11   FOR THE DEFENDANT NEXT SOURCE:

12           FISHER PHILLIPS, LLP
             BY:  JUAN C. ARANEDA, ESQ.
13           One Embarcadero Center, Suite 2050
             San Francisco, CA  94111
14           415.490.9012

15   FOR THE DEFENDANT CITISTAFF:

16           LAFAYETTE & KUMAGAI, LLP
             BY:  SUSAN T. KUMAGAI, ESQ.
17           1300 Clay Street, Suite 810
             Oakland, CA  94612
18           415.357.4600

19   FOR THE DEFENDANT CHARTWELL STAFFING:

20           GORDON & REES
             BY:  SARAH Y. OH, ESQ.
21           3 Parkcenter Drive, Suite 200
             Sacramento, CA  95825
22           916.830.6528

23                   --oOo--

24

25
```

```
           1      Q.   Did Jackie Delgado ever tell you that she found
           2    Mr. Owen Diaz to be credible?
           3      A.   She didn't mention any of that.
           4      Q.   And based on your interaction -- strike that.
03:33:41   5           Did you actually interview Ramon Martinez
           6    relative to what happened between him and Owen Diaz?
           7      A.   Documentation was given to Ramon, and Ramon
           8    answered the questionnaire.
           9      Q.   Why -- why was Ramon Martinez given a
03:34:11  10    questionnaire to fill out rather than actually
          11    interviewed?
          12           MS. JENG:  Objection.  Calls for speculation.
          13           THE WITNESS:  That's what I was told to do.
          14    BY MR. ORGAN:
03:34:20  15      Q.   So Jackie Delgado told you to get a statement
          16    from Ramon Martinez?
          17      A.   To give the questionnaire to Ramon.
          18      Q.   Did Jackie Delgado suggest to you in any way
          19    that she felt as if the allegations against
03:34:59  20    Ramon Martinez were serious?
          21           MS. JENG:  Objection.  Vague.
          22           MS. OH:  Join.
          23           THE WITNESS:  The only thing that was provided
          24    by Jackie in any conversation was the emails going back
03:35:11  25    and forth.
```

VERONICA MARTINEZ
October 15, 2019

```
          1   pages of Exhibit 184 are emails, and then there's some
          2   handwritten notes that are the last 6 pages of
          3   Exhibit 184.
          4        Do you remember receiving these documents from
04:06:12  5   Jackie Delgado on Monday, January 25th?
          6   A.   I think so.
          7   Q.   Okay.  You -- you have no reason to doubt that
          8   you got them; correct?
          9   A.   No.
04:06:22 10   Q.   And let's go to the last three pages of
         11   Exhibit 184.
         12        Do you recognize those?  I'm looking at NS43
         13   through 45.
         14   A.   Yes.
04:06:49 15   Q.   And what are those?
         16   A.   This is the questionnaire that was emailed to
         17   me.
         18   Q.   And at some point you received these pages,
         19   NS43 through 45, you received those pages without the
04:07:15 20   handwriting on them; correct?
         21   A.   Correct.
         22   Q.   And then you gave that blank questionnaire to
         23   Mr. Martinez; right?
         24   A.   Ramon?
04:07:24 25   Q.   Yeah.  Yeah.  Ramon Martinez.
```

Bridget Mattos & Associates
(415)747-8710

            1        **A.**   **Yes.**

            2        Q.    And then did you watch Ramon Martinez fill out

            3   these pages in Exhibit 184?

            4        **A.**   **Yes.**

04:07:39    5        Q.    And then after he filled out the pages, it

            6   looks like he signed it; is that right?

            7        **A.**   **Yes.**

            8        Q.    And then he gave it back to you?

            9        **A.**   **Correct.**

04:07:53   10        Q.    And it has here a time of 4:30 on 11/22 [sic].

           11              Does that comport with your memory of when

           12   Mr. Martinez finished his questionnaire?

           13        **A.**   **You mean 1/22?**

           14        Q.    Yeah, on 1/22, at 4:30 p.m.?

04:08:12   15        **A.**   **That's what it looks like, yes.**

           16        Q.    Yeah.  And do you know why he signed it?

           17              MS. OH:  Objection.  Calls for speculation.

           18              THE WITNESS:  No.

           19   BY MR. ORGAN:

04:08:24   20        Q.    Let me ask a different question.  Did you ask

           21   Mr. Martinez, Mr. Ramon Martinez, to sign his filled out

           22   questionnaire?

           23        **A.**   **He asked if he should sign it, and I said,**

           24   **"Yes, please."**

04:08:38   25        Q.    Okay.  Now, if you could look over the

VERONICA MARTINEZ
October 15, 2019

```
 1   STATE OF CALIFORNIA      )
                              ) ss:
 2   COUNTY OF ALAMEDA        )

 3

 4          I, KIMBERLY E. D'URSO, do hereby certify:

 5          That the witness named in the foregoing

 6   deposition was present and duly sworn to testify to the

 7   truth in the within-entitled action on the day and date

 8   and at the time and place therein specified;

 9          That the testimony of said witness was reported

10   by me in shorthand and was thereafter transcribed through

11   computer-aided transcription;

12          That the foregoing constitutes a full, true and

13   correct transcript of said deposition and of the

14   proceedings which took place;

15          Further, that if the foregoing pertains to the

16   original transcript of a deposition in a federal case,

17   before completion of the proceedings, review of the

18   transcript [ ] was [ ] was not requested.

19          That I am a disinterested person to the said

20   action;

21          IN WITNESS WHEREOF, I have hereunder subscribed

22   my hand this 30th day of October, 2019.

23

24   _____
     KIMBERLY D'URSO
25   RPR, CSR NO. 11372, STATE OF CALIFORNIA
```

**Page 117**

# Exhibit

# 11

CITISTAFF-0000001

# Monica Deleon

| | |
|---|---|
| **From:** | Monica Deleon <mdeleon@citistaffsolutions.com> |
| **Sent:** | Friday, November 06, 2015 5:17 PM |
| **To:** | 'Wayne Jackson' |
| **Cc:** | 'Parks, Vanessa'; 'Gryske, Deb'; Bruce Wismer (bwismer@citistaffsolutions.com); 'William Hidalgo' |
| **Subject:** | RE: Termination of Rothaj Foster |

Wayne,

I do apologize for the late response. I did let Rothaj know that his assignment has ended. I do feel that there were several misunderstandings and miscommunications. I took a statement from both of them. Rothaj was straight forward and explained fully to me what happened from his point of view. When I spoke to Owen, he had to think about what happened. I have also heard a few complaints about Owen abusing his power as a lead, as well as coming off slightly standoffish. If there was a report made could you please forward it to me to have for Citistaffs records. If there was no witness to the threats that Rothaj had supposedly said I don't think that should have been counted against him. As far as the illegal parking Rothaj has a handicap sticker in his car.  At this point is there any chance of Rothaj returning possibly back to sorting. He was enlisted for a raise next week. Thank you for you efforts I appreciate it.

Monica De Leon
Staff Supervisor
CitiStaff Solutions
37053 Cherry Street Suite 204A
Newark, CA 94560
Office 510-797-2581

**From:** Wayne Jackson [mailto:wajackson@teslamotors.com]
**Sent:** Friday, November 06, 2015 10:21 AM
**To:** mdeleon@citistaffsolutions.com
**Cc:** Parks, Vanessa; Gryske, Deb
**Subject:** Termination of Rothaj Foster

Monica we will have to terminate Rothaj Foster assignment effective immediately.  Please see the email below.

Wayne Jackson
1040 Avenue of the Americas, 24th Floor
New York, NY 10018
Mobile: (917) 797-9984
wajack....@teslamotors.com

CONFIDENTIAL

i

CITISTAFF-0000002



www.nextsource.com

*Workforce Optimization, Business Enlightenment*

**From:** Edward Romero
**Sent:** Friday, November 06, 2015 12:17 AM
**To:** Wayne Jackson <wajackson@teslamotors.com>
**Cc:** Victor Quintero <vquintero@teslamotors.com>; Jaime Salazar <jsalazar@teslamotors.com>
**Subject:** FW: Rothaj Foster

Please see email below.

**From:** Edward Romero
**Sent:** Friday, November 06, 2015 12:12 AM
**To:** Wayne Jackson
**Cc:** Victor Quintero; Jaime Salazar
**Subject:** Rothaj Foster

I had Rothaj Foster removed from the Tesla premises last night at 10:00 pm. The reason is that he was conducting himself in a threatening manner against Owen Diaz.

I received a call from Rothaj Foster at 6:06 pm. He said that he had spoken to Wayne Jackson and that Wayne had told him he was going to move him to a recycling sorter position tonight. I explained to him that people are not moved around like that without us first getting a replacement. I encouraged him to be patient, do his job and everything would work out. I also reminded him that we were short on staff.

I received another call from Mr. Foster at 7:47 saying that Owen wouldn't let him take his break. He said that Owen had went to cover for Froilan break. I told him to be patient and Owen would cover for him when Froilan came back. I explained that when we only have three people on we might not be able to take our breaks as we want but when we can. I told him to be patient. I then got another call from from Mr. Foster around 9:00 insinuating that Owen was being mean. I called Owen to ask him what was happening and Owen said Rothaj was being difficult and threatening, saying "you better watch your car". I asked Owen if anyone had heard him say that, Owen said he didn't think so.

I then instructed Owen to assign Rothaj to elevator 2 as to avoid any friction between the two. When Owen approached Rothaj Foster to instruct him to go to elevator 2 he conducted himself in a threatening manner as if he wanted to fight with Owen. He also made a comment about shooting Owen. I asked him if anyone had witnessed this, at which time a Tesla material handler came forward and said he had witnessed Mr. Foster's threatening conduct. I then returned to Tesla to investigate the matter.

I then returned to Tesla and met with Yordano Ramirez, material handler from the Reman Area. He gave me his written statement and explained what happen. He said he witnessed Rothaj Foster conduct himself in a threatening manner towards Owen. I then called security explained the situation and asked that he be

CONFIDENTIAL

CITISTAFF-0000003

removed from the premises. Security informed me that they had had problems with Mr. Fosters attitude in the past. They said I could included that information in my report. I asked for his badge, which he returned to me. I informed Mr. Foster that he was suspended while we evaluated what had happen. He asked if he could call someone. I told him he could call his agency if wanted to. He asked if he could call Wayne Jackson, I told him he was free to do so if he wanted to. He was then escorted out of the building and followed to his car which he had parked illegally in a handicapped parking spot.

I could not allow anyone to be a threat to any other employee. I do not recommend he be allowed to return.

CONFIDENTIAL

CITISTAFF-0000004

## Monica Deleon

| | |
|---|---|
| **From:** | Monica Deleon <mdeleon@citistaffsolutions.com> |
| **Sent:** | Monday, January 25, 2016 9:33 AM |
| **To:** | Bruce Wismer (bwismer@citistaffsolutions.com) |
| **Cc:** | 'William Hidalgo' |
| **Subject:** | RE: Ramon |

Bruce,
This is a part of it to

Monica De Leon
Staff Supervisor
CitiStaff Solutions
37053 Cherry Street Suite 204A
Newark, CA 94560
Office 510-797-2581

**From:** Owen Diaz [mailto:sfrednose@gmail.com]
**Sent:** Saturday, January 23, 2016 4:47 AM
**To:** Citistaff
**Subject:** Fwd: Ramon

This is an email i sent on the first issue

Sent from my iPhone

Begin forwarded message:

> **From:** Owen Diaz <sfrednose@gmail.com>
> **Date:** October 17, 2015 at 6:08:48 AM PDT
> **To:** "edromero@teslamotors.com" <edromero@teslamotors.com>, "Tom @ Tesla" <tkawasaki@teslamotors.com>
> **Subject: Ramon**
>
> Mr. Romero today @ 4:45 am I was working elevator 1 with rothaj foster  training him, when the elevator doors opened  on the first floor and we saw Ramon siting there. At the time I was explaining to Rothaj  what you had told me about the outside team and inside team and what his duties consisted of. I was  explaining him that Tom would no longer be his supervisor it was going to be you. For

CONFIDENTIAL

CITISTAFF-0000005

some reason Ramon jump off the tugger he was on and started yelling at me in a Threatening manner, saying you have a problem with me! why are you telling him who his supervisor is! When I did not say anything to Ramon followed me into the elevator and stood next to the forklift I was on and keep yelling at me. I thought he was going to hit me. so I asked him to please step back. because of his threatening manner and reminded Ramon we were on camera. Mr. Romero because of the way Ramon was acting I don't feel safe around him now. Can you please talk to him I don't need any problems. I just want to do my job. You can check the surveillance system to confirm. I contacted Tom for advice and he said, if you don't have excess surveillance system please contact him.

Sent from my iPhone

CONFIDENTIAL

# Exhibit

# **12**

CITISTAFF-0000011

**Monica Deleon**



| From: | Monica Deleon <mdeleon@citistaffsolutions.com> |
|---|---|
| Sent: | Friday, November 06, 2015 5:17 PM |
| To: | 'Wayne Jackson' |
| Cc: | 'Parks, Vanessa'; 'Gryske, Deb'; Bruce Wismer (bwismer@citistaffsolutions.com); 'William Hidalgo' |
| Subject: | RE: Termination of Rothaj Foster |

Wayne,

I do apologize for the late response. I did let Rothaj know that his assignment has ended. I do feel that there were several misunderstandings and miscommunications. I took a statement from both of them. Rothaj was straight forward and explained fully to me what happened from his point of view. When I spoke to Owen, he had to think about what happened. I have also heard a few complaints about Owen abusing his power as a lead, as well as coming off slightly standoffish. If there was a report made could you please forward it to me to have for Citistaffs records. If there was no witness to the threats that Rothaj had supposedly said I don't think that should have been counted against him. As far as the illegal parking Rothaj has a handicap sticker in his car. At this point is there any chance of Rothaj returning possibly back to sorting. He was enlisted for a raise next week. Thank you for you efforts I appreciate it.

Monica De Leon
Staff Supervisor
CitiStaff Solutions
37053 Cherry Street Suite 204A
Newark, CA 94560
Office 510-797-2581

**From:** Wayne Jackson [mailto:wajackson@teslamotors.com]
**Sent:** Friday, November 06, 2015 10:21 AM
**To:** mdeleon@citistaffsolutions.com
**Cc:** Parks, Vanessa; Gryske, Deb
**Subject:** Termination of Rothaj Foster

Monica we will have to terminate Rothaj Foster assignment effective immediately. Please see the email below.

Wayne Jackson
1040 Avenue of the Americas, 24th Floor
New York, NY 10018
Mobile: (917) 797-9984
wajack.....//teslamotors.com

1

CONFIDENTIAL

CITISTAFF-0000012

www.nextsource.com



*Workforce Optimization, Business Enlightenment*

**From:** Edward Romero
**Sent:** Friday, November 06, 2015 12:17 AM
**To:** Wayne Jackson <wajackson@teslamotors.com>
**Cc:** Victor Quintero <vquintero@teslamotors.com>; Jaime Salazar <jsalazar@teslamotors.com>
**Subject:** FW: Rothaj Foster

Please see email below.

---

**From:** Edward Romero
**Sent:** Friday, November 06, 2015 12:12 AM
**To:** Wayne Jackson
**Cc:** Victor Quintero; Jaime Salazar
**Subject:** Rothaj Foster

I had Rothaj Foster removed from the Tesla premises last night at 10:00 pm. The reason is that he was conducting himself in a threatening manner against Owen Diaz.

I received a call from Rothaj Foster at 6:06 pm. He said that he had spoken to Wayne Jackson and that Wayne had told him he was going to move him to a recycling sorter position tonight. I explained to him that people are not moved around like that without us first getting a replacement. I encouraged him to be patient, do his job and everything would work out. I also reminded him that we were short on staff.

I received another call from Mr. Foster at 7:47 saying that Owen wouldn't let him take his break. He said that Owen had went to cover for Froilan break. I told him to be patient and Owen would cover for him when Froilan came back. I explained that when we only have three people on we might not be able to take our breaks as we want but when we can, I told him to be patient. I then got another call from from Mr. Foster around 9:00 insinuating that Owen was being mean. I called Owen to ask him what was happening and Owen said Rothaj was being difficult and threatening, saying "you better watch your car". I asked Owen if anyone had heard him say that, Owen said he didn't think so.

I then instructed Owen to assign Rothaj to elevator 2 as to avoid any friction between the two. When Owen approached Rothaj Foster to instruct him to go to elevator 2 he conducted himself in a threatening manner as if he wanted to fight with Owen. He also made a comment about shooting Owen. I asked him if anyone had witnessed this, at which time a Tesla material handler came forward and said he had witnessed Mr. Foster's threatening conduct. I then returned to Tesla to investigate the matter.

I then returned to Tesla and met with Yordano Ramirez, material handler from the Reman Area. He gave me his written statement and explained what happen. He said he witnessed Rothaj Foster conduct himself in a threatening manner towards Owen. I then called security explained the situation and asked that he be

?

CONFIDENTIAL

CITISTAFF-0000013

removed from the premises. Security informed me that they had had problems with Mr. Fosters attitude in the past. They said I could included that information in my report. I asked for his badge, which he returned to me. I informed Mr. Foster that he was suspended while we evaluated what had happen. He asked if he could call someone. I told him he could call his agency if wanted to. He asked if he could call Wayne Jackson, I told him he was free to do so if he wanted to. He was then escorted out of the building and followed to his car which he had parked illegally in a handicapped parking spot.

I could not allow anyone to be a threat to any other employee. I do not recommend he be allowed to return.

3

CONFIDENTIAL

# Exhibit

# **13**

*Cr*

4-195330-6
F.2/6/19
A.2/11/19



### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF CONTRA COSTA
### MARTINEZ

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>                              Plaintiff,<br><br>            v.<br><br>DEMETRIC DIAZ,<br>      *dob* 06/19/1995;<br>CLENZELL BRYANT,<br>      dob 03/31/1996;<br>      Defendants. | Docket: 05-190194-1<br>DA No: 0130975561<br><br>INFORMATION - FELONY<br><br>Count 1) PC211<br>Count 2) PC211<br>Count 3) PC211<br>Count 4) PC245(b)<br>Count 5) PC245(b)<br>Count 6) PC245(b)<br>Count 7) VC2800.2 |

## COUNT 1 – SECOND DEGREE ROBBERY

The undersigned states, on information and belief, that Demetric Diaz and Clenzell Bryant, Defendants, did commit a Felony, a violation of PC211, Second Degree Robbery, committed as follows:

On or about December 21, 2018, in the County of Contra Costa, State of California, the crime of Second Degree Robbery in violation of PC211, a Felony, was committed in that DEMETRIC DIAZ AND CLENZELL BRYANT did unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of Ariana Sharifi, a Domino's Pizza employee.

### ENHANCEMENT 1
PC12022.53(b): Special Allegation-Personal Use Of A Firearm
It is further alleged as to Count 1 at said defendant, DEMETRIC DIAZ personally used a firearm, a handgun, within the meaning of Penal Code Section 12022.53(b) also causing the above offense to become a serious felony pursuant to Penal Code section 1192.7(c)(8) and a violent felony within the meaning of Penal Code section 667.5(c)(8).

### ENHANCEMENT 2
It is further alleged as to Count 1 that in the commission and attempted commission of the above offense, the said defendant, CLENZELL BRYANT, a principal in said offense was armed with a firearm(s), to wit, handgun, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

## COUNT 2 – SECOND DEGREE ROBBERY

The undersigned states, on information and belief, that Demetric Diaz and Clenzell Bryant, Defendants, did commit a Felony, a violation of PC211, Second Degree Robbery, committed as follows:

On or about December 21, 2018, in the County of Contra Costa, State of California, the crime of Second Degree Robbery in violation of PC211, a Felony, was committed in that DEMETRIC DIAZ AND CLENZELL

TESLA-0001051

PEOPLE vs. DEMETRIC DIAZ, CLENZELL BRYANT          Docket: 05-190194-1
                                                   Page 2 of 4

BRYANT did unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of Madison Minton, a Domino's Pizza employee.


ENHANCEMENT 1
PC12022.53(b): Special Allegation-Personal Use Of A Firearm
It is further alleged as to Count 2 that said defendant, DEMETRIC DIAZ personally used a firearm, a handgun, within the meaning of Penal Code Section 12022.53(b) also causing the above offense to become a serious felony pursuant to Penal Code section 1192.7(c)(8) and a violent felony within the meaning of Penal Code section 667.5(c)(8).

ENHANCEMENT 2
It is further alleged as to Count 2 that in the commission and attempted commission of the above offense, the said defendant, CLENZELL BRYANT, a principal in said offense was armed with a firearm(s), to wit, handgun, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

**COUNT 3 – SECOND DEGREE ROBBERY**

The undersigned states, on information and belief, that Demetric Diaz and Clenzell Bryant, Defendants, did commit a Felony, a violation of PC211, Second Degree Robbery, committed as follows:

On or about December 21, 2018, in the County of Contra Costa, State of California, the crime of Second Degree Robbery in violation of PC211, a Felony, was committed in that DEMETRIC DIAZ AND CLENZELL BRYANT did unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of Antero Sanchez, a Domino's Pizza employee.


ENHANCEMENT 1
PC12022.53(b): Special Allegation-Personal Use Of A Firearm
It is further alleged as to Count 3 that said defendant, DEMETRIC DIAZ personally used a firearm, a handgun, within the meaning of Penal Code Section 12022.53(b) also causing the above offense to become a serious felony pursuant to Penal Code section 1192.7(c)(8) and a violent felony within the meaning of Penal Code section 667.5(c)(8).

ENHANCEMENT 2
It is further alleged as to Count 3 that in the commission and attempted commission of the above offense, the said defendant, CLENZELL BRYANT, a principal in said offense was armed with a firearm(s), to wit, handgun, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

**COUNT 4 – ASSAULT WITH A SEMIAUTOMATIC FIREARM**

The undersigned states, on information and belief, that Demetric Diaz, Defendant, did commit a Felony, a violation of PC245(b), Assault with a Semiautomatic Firearm, committed as follows:

On or about December 21, 2018, in the County of Contra Costa, State of California, the crime of Assault With A Firearm in violation of PC245(a)(2), a Felony, was committed in that DEMETRIC DIAZ did willfully and unlawfully commit an assault on Ariana Sharifi with a firearm.

TESLA-0001052

PEOPLE vs. DEMETRIC DIAZ, CLENZELL BRYANT

Docket: 05-190194-1
Page 3 of 4

## COUNT 5 – ASSAULT WITH A SEMIAUTOMATIC FIREARM

The undersigned states, on information and belief, that Demetric Diaz, Defendant, did commit a Felony, a violation of PC245(b), Assault with a Semiautomatic Firearm, committed as follows:

On or about December 21, 2018, in the County of Contra Costa, State of California, the crime of Assault With A Firearm in violation of PC245(a)(2), a Felony, was committed in that DEMETRIC DIAZ did willfully and unlawfully commit an assault on Madison Minton with a firearm.

## COUNT 6 – ASSAULT WITH A SEMIAUTOMATIC FIREARM

The undersigned states, on information and belief, that Demetric Diaz, Defendant, did commit a Felony, a violation of PC245(b), Assault with a Semiautomatic Firearm, committed as follows:

On or about December 21, 2018, in the County of Contra Costa, State of California, the crime of Assault With A Firearm in violation of PC245(a)(2), a Felony, was committed in that DEMETRIC DIAZ did willfully and unlawfully commit an assault on Antero Sanchez with a firearm.

## COUNT 7 – FLEEING A PURSUING PEACE OFFICER'S MOTOR VEHICLE WHILE DRIVING RECKLESSLY

The undersigned states, on information and belief, that Clenzell Bryant, Defendant, did commit a Felony, a violation of VC2800.2, Fleeing A Pursuing Peace Officer's Motor Vehicle While Driving Recklessly, committed as follows:

On or about December 21, 2018, in the County of Contra Costa, State of California, the crime of Fleeing A Pursuing Peace Officer's Motor Vehicle While Driving Recklessly in violation of VC2800.2, a Felony, was committed in that CLENZELL BRYANT while driving a motor vehicle in a willful and/or wanton disregard for the safety of persons, and with the intent to evade, willfully fled and/or attempted to elude a pursuing peace officer's motor vehicle.

### PROBATION VIOLATION - IN RE LAW NOTICE

It is further alleged, pursuant to Penal Code section 1203.3, that the DEMETRIC DIAZ did violate the law as alleged above in violation of the grant of probation and in violation of the grant of mandatory supervision set forth below:

| Charge | S | Off. Date | Conv. Date | Docket Number | Jurisdiction |
|---|---|---|---|---|---|
| PC148(a)(1) | M | 05-30-2016 | 06-02-2017 | 04-187326-4 | 7100 - Contra Costa |

The People of the State of California hereby provide notice that the probation violation hearing on the above matter shall be conducted in conjunction with any trial on the charges alleged herein or at an earlier properly noticed probation violation hearing.  See, In re Law (1973) 10 Cal. 3d 21.

TESLA-0001053

PEOPLE vs. DEMETRIC DIAZ, CLENZELL BRYANT

Docket: 05-190194-1
Page 4 of 4

Complainant requests that the Defendant[s] be dealt with according to the law.

Dated:  February 6, 2019, at Martinez, California

DIANA BECTON
District Attorney

Simon O'Connell
Deputy District Attorney
SO/ga

TESLA-0001054

ERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO. 5-190194-1

## FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES

EFENDANT: Demetric Diaz   DEPT. MCC   DATE 11/4/19   TIME 8:45

ADDRESS: _____   DOB: _____

ROC: JT   PROB _____   DEFENSE ATTORNEY _____   TIME _____ WAIVED

CUSTODIAL STATUS: S BOND

CHARGES: + PC 211

MINUTES CERTIFIED CORRECT

JUDGE Canepa   COURT REPORTER Argyropoulos   CLERK Tang
ASSIGN TO DEPT. _____ JUDGE _____   COURT REPORTER _____   CLERK _____

### APPEARANCE
- ☐ Def proceeds PRO PER ☐ Appearance waived
- ☑ Def appears ☐ In Custody ☐ Def not appearing
- ☑ With / by Atty Rob Def DADO Luther/Della Prater
- ☑ Deputy District Atty Sansoe
- ☐ Court Probation Officer
- ☐ Interp. _____ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893
- ☐ Order _____ Interp. ☐ Coord. Notified
- ☐ Refer to PD / PROB R. Study / PPR / ☐ Conf. Notified
- ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd
- ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied

### ARRAIGNMENT
- Handed copy of: ☐ Petition to Revoke
- ☐ Information / Indictment ☐ PX / GJ transcript
- ☐ Complaint/Discovery ☐ Bail Study
- ☐ Formal arraignment waived / Reading of Complt.
- ☐ Duly arraigned ☐ Video ☐ on Prob. Viol.
- ☐ Answers true name as charged
- ☐ Deny enhancements
- ☐ Plea of not guilty entered
- ☐ Time not waived _____ ☐ PC977 waiver filed

### WARRANT / BAIL
- ☐ Bench Warrant to issue
- Bail set at $ _____
- ☐ No Cite/PTA release ☐ No vol app
- ☐ Hold until _____
- ☐ Bail forfeited & continued 190 days
- ☐ Recalled ☐ Set aside ☐ Remain out
- ☐ Bail exonerated
- ☐ Bail forfeiture set aside & reinstated upon payment of fee $ _____

### PLEAS & WAIVERS
- ☐ Written plea filed ☐ Pleads Guilty, Ct. #
- ☐ Pleads no contest, Found Guilty Ct # _____
- ☐ Pleads Not guilty / Found Not guilty by reason of insanity
- ☐ Admits / denies: priors / enhancements / strikes
- ☐ Rights given / waived ☐ App. Rights given / waived
- ☐ Per PC1192.5
- ☐ Time for Misdo Trial / Sent waived / not waived
- ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived
- ☐ Time for PV – 15 / 45 days waived / not waived
- ☐ Other _____

### CONDS
- ☐ Obey all laws ☐ Use true name / DOB
- ☐ Do Not use any alcohol / drugs w/o Rx
- ☐ Attend _____ AA / NA meetings per week and present proof at each court appearance
- ☐ Submit to search/testing for _____
- ☐ Re-ref / Reinstate L1 / L2 / PCDDP
- ☐ Not drive unless properly licensed and insured.
- ☐ Destroy / Return Weapon
- ☐ SCRAM / GPS ☐ Ordered ☐ Removed

### CONTINUANCES
- ☐ TRIAL: 1/6 845 MCC
- (RC/FRC: 12/24 830 D-6
- PX: _____
- PTC/SET: _____
- ☐ FUTURE DATES CONFIRMED
- ☑ Time waived to 1/6 (+10) 60 days
- ☐ Vacate date of _____
- ☐ Def must need not appear - 1/6/20
- Trailing _____
- Last Day appx 1/16/20

### MOTION ORDERS
- ☐ Defendant held to answer at PX hearing
- ☐ People / Def Motion to / for / cont _____
- ☐ People / Def objected ☐ No action taken
- ☐ Granted ☐ Denied ☐ Submitted
- ☐ Info / Indictment/Complaint amended on its face to add Ct # _____ a violation of section _____ Fel / Misd
- ☐ Pursuant to 23103.5 CVC
- ☐ Substitute misdemeanor for felony where it appears in Ct # _____
- ☐ Per Court / DA dismiss Ct # _____
- ☐ Per Court / DA dismiss Enhancements / Strikes Reasons: _____
- ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim ☐ DA
- ☐ Stay away from _____

### PROBATION / DIVERSION / PAROLE
- ☐ Court / Formal Prob. _____ yrs. _____ mos.
- ☐ No Probation
- ☐ Adult Pre-Trial / Post Plea / Diversion
- ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. to _____
- ☐ Def given / waived rights to Revoc Hrg: admits / denies allegation
- ☐ Violation of Prob./ Div. / Parole / PRCS
- ☐ Prob. / Div. / Parole / PRCS revoked
- ☐ In re law notice given
- ☐ Prob. / Div. / PRCS: Terminated: Successfully / Unsuccessfully / Denied
- ☐ Crim. proceedings susp. / reinstated / dism.
- ☐ Standard terms & cond. of Probation given
- ☐ PC 296 sample ordered / verified
- ☐ Parole violation(s) sustained / not sustained

### 1368 / 1370
- ☐ Counsel declares doubt / ☐ Crim proc susp
- ☐ Court appoints Dr. _____ Purs. PC288.1 / PC1368
- ☐ Counsel submit on Dr / CONREP Report dated _____ marked as EXH _____
- ☐ Court finds def competent / incompetent to stand trial
- ☐ Court refers def to CONREP / Adult MH
- ☐ Def committed to _____ Max term of commitment _____ Local custody credits _____
- ☐ Meds voluntary / involuntary / no consent
- ☐ Criminal proceedings reinstated

### FINES & FEES
- ☐ RFS _____ [PC1202.4] ☐ Fine $ _____
- ☐ Prob. Viol. Fine $ _____ ☐ PVRF/PRCS $ _____ [PC1202.44] suspended / imposed [PC1202.44]
- ☐ Victim restitution $ _____
- ☐ Victim restitution TBD / Not ordered
- ☐ VCB $ _____
- ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41 Theft fee
- ☐ CJA govt. code 29550 et. seq. $ _____ COA $ _____ CCA $ _____ Lab $ _____
- ☐ Atty Fees $ _____ ☐ Prob. Report Fee $ _____
- ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine _____ hours Volunteer work by _____ Fee $ _____
- ☐ Balance of fines / fees / rest. to remain as ordered
- ☐ Make payments to Linebarger.
- ☐ Other _____

### COMMITMENT / REGISTER
- ☐ County jail _____ days / mos / yrs
- ☐ _____ days / mos / yrs credit
- ☐ _____ days / mos / yrs suspended
- ☐ Sentence to commence _____
- ☐ Serve consecutive / concurrent with: _____
- ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD
- ☐ Release from custody to program
- ☐ Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program
- ☐ PC 290 registration ☐ SARATSO
- ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent.
- ☐ See attached additional orders

| | yrs | mos | mos |
|---|---|---|---|
| State Prison | _____ yrs | _____ | mos |
| County Jail | _____ yrs | _____ mos | _____ days |
| Mand. Sup. | _____ yrs | _____ mos | _____ days |
| CT __ L M U | _____ yrs | _____ mos (cc)(cs) | |
| CT __ L M U | _____ yrs | _____ mos (cc)(cs) | |
| CT __ L M U | _____ yrs | _____ mos (cc)(cs) | |
| CT __ L M U | _____ yrs | _____ mos (cc)(cs) | |
| ENH | _____ yrs | _____ mos | |
| ENH | _____ yrs | _____ mos | |

ACTUAL CTS _____
CONDUCT CTS _____
☐ ½ time credits
☐ Parole / PRCS advisement given
☐ Paper commitment

### REMANDED
- ☐ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☑ Bond ☐ Phone calls
- Bail set in the amount of $ _____ ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full
- TO THE SHERIFF: COMMITMENT. I certify that this is a true copy of the Entry of Judgment or Order for your authority for the execution thereof.
- DATED: 11/4/19

J. CANEPA
JUDGE OF THE SUPERIOR COURT

See back of form for additional information.   WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU   CR-3013 (Rev 10/12/16)

TESLA-0001055

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO.

SUPERIOR COURT OF CALIFORN , MARTINEZ                    05-190194-1  01

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

DEFENDANT: DIAZ, DEMETRIC                DEPT. 035  DATE 10/31/2019 TIME 1:30 PM

ADDRESS 2021 MAYFLOWER DR              ANTIOCH        CA 94509 DOB: 06/19/1995

ROC: MCONT-FEL        PROB        DEFENSE ATTORNEY DELL-PLAN        TIME NOT WAIVED

CUSTODIAL STATUS: SBOND       $300,000

CHARGES:  01 F PC 211        02 F PC 211        03 PC 211    ST:11/4, PC:10/23

04 F PC 245(b)        05 F PC 245(b)        W/E

MINUTES CERTIFIED CORRECT

| | |
|---|---|
| JUDGE THERESA CANEPA | COURT REPORTER M ARGYROPOUL CLERK A JANG |
| ASSIGN TO DEPT. ____ JUDGE ____ | COURT REPORTER ____ CLERK ____ |

**APPEARANCE**
- ☐ Def proceeds PRO PER ☑ Appearance waived
- ☐ Def appears ☐ In Custody ☑ Def not appearing
- ☑ With / by Atty / Pub Def/ADO Della Piane
- ☐ Deputy District Atty Sansee
- ☐ Court Probation Officer
- ☐ Interp. ____ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893
- ☐ Order ____ Interp. Coord. Notified
- ☐ Refer to PD / PROB B Study / PPR / ☐ Confi. Notified
- ☐ PD / ADO / PVT ☐ accepts / relieved ☐ appt'd
- ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied

**PLEAS/WAIVERS**
- ☐ Written plea filed ☐ Pleads Guilty, Ct. #____
- ☐ Pleads no contest, Found Guilty Ct #____
- ☐ Pleads Not guilty / Found Not guilty by reason of insanity
- ☐ Admits / denies: priors / enhancements / strikes
- ☐ Rights given / waived ☐ App. Rights given / waived
- ☐ Per PC1192.5
- ☐ Time for Misdo Trial / Sent waived / not waived
- ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived
- ☐ Time for PV – 15 / 45 days waived / not waived
- ☐ Other ____

**MOTIONS / ORDERS**
- ☐ Defendant held to answer to PX hearing
- ☑ People / Def Motion to / for ____ cont
- ☐ People / Def objected ☐ No action taken
- ☐ Granted ☐ Denied ☐ Submitted
- ☐ Info / Indictment/Complaint amended on its face to add Ct # ____ a violation of section ____ Fel / Misd
- ☐ Pursuant to 23103.5 CVC
- ☐ Substitute misdemeanor for felony where it appears in Ct # ____
- ☐ Per Court / DA dismiss Ct # ____
- ☐ Per Court / DA dismiss Enhancements / Strikes Reasons: ____
- ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim / DA
- ☐ Stay away from ____

**FINES/FEES**
- ☐ RFS ____ [PC1202.4] ☐ Fine $____
- ☐ Prob. Viol. Fine $____ ☐ PVRF/PRCS $____ [PC1202.44] suspended / imposed [PC1202.44]
- ☐ Victim restitution $____
- ☐ Victim restitution  TBD / Not ordered
- ☐ VCB $____
- ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41Theft fee
- ☐ CJA govt. code 29550 et. seq. $____
- ☐ COA $____ CCA $____
- ☐ Lab $____
- ☐ Atty Fees $____ ☐ Prob. Report Fee $____
- ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine ☐ ____ hours Volunteer work by ____ Fee $____
- ☐ Balance of fines / fees / rest. to remain as ordered
- ☐ Make payments to Linebarger.
- ☐ Other ____

**ARRAIGNMENT**
- Handed copy of: ☐ Petition to Revoke
- ☐ Information / Indictment ☐ PX / GJ transcript
- ☐ Complaint/Discovery ☐ Bail Study
- ☐ Formal arraignment waived / Reading of Complt.
- ☐ Duly arraigned ☐ Video ☐ on Prob. Viol.
- ☐ Answers true name as charged

- ☐ Deny enhancements
- ☐ Plea of not guilty entered
- ☐ Time not waived        ☐ PC977 waiver filed

**ORDER / CONDS**
- ☐ Obey all laws ☐ Use true name / DOB
- ☐ Do Not use any alcohol / drugs w/o Rx
- ☐ Attend ____ AA / NA meetings per week and present proof at each court appearance
- ☐ Submit to search/testing for ____
- ☐ Re-ref / Reinstate L1 / L2 / PCDDP
- ☐ Not drive unless properly licensed and insured.
- ☐ Destroy / Return Weapon
- ☐ SCRAM / GPS ☐ Ordered ☐ Removed

**PROBATION / PAROLE**
- ☐ Court / Formal Prob. ____ yrs. ____ mos.
- ☐ No Probation
- ☐ Adult Pre-Trial / Post Plea / Diversion
- ☐ Prob / Div / Parole / PRCS Revoc'd / Ext./ Modif. to ____
- ☐ Def given / waived rights to Revoc Hg; admits / denies allegation
- ☐ Violation of Prob./ Div., / Parole / PRCS
- ☐ Prob. / Div. / Parole / PRCS revoked
- ☐ In re law notice given
- ☐ Prob. / Div. / PRCS: Terminated: Successfully / Unsuccessfully / Denied
- ☐ Crim. proceedings susp. / reinstated / dism.
- ☐ Standard terms & cond. of Probation given
- ☐ PC 296 sample ordered / verified
- ☐ Parole violation(s) sustained / not sustained

**COMMITMENTS / REGIS**
- ☐ County jail ____ days / mos / yrs
- ☐ ____ days / mos / yrs credit
- ☐ ____ days / mos / yrs suspended
- ☐ Sentence to commence ____
- ☐ Serve consecutive / concurrent with ____
- ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD
- ☐ Release from custody to program
- ☐ Day-for-day credit for successful completion of approved ____ day / mo / yr residential treatment program
- ☐ PC 290 registration ☐ SARATSO
- ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent.
- ☐ See attached additional orders

**WARRANT / BAIL**
- ☐ Bench Warrant to issue
- ☐ Bail set at $____
- ☐ No Cite/PTA release ☐ No vol app
- ☐ Hold until ____
- ☐ Bail forfeited & continued 190 days
- ☐ Recalled ☐ Set aside ☐ Remain out
- ☐ Bail exonerated
- ☐ Bail forfeiture set aside & reinstated upon payment of fee $____

**CONTINUANCES**
- TRIAL: 11/16  S45 MCC
- RC/ARC: 12/24  830 DG
- PX: ____
- PTC/SET: ____
- ☑ FUTURE DATES CONFIRMED
- ☐ Time waived to ____ +10 / 60 days
- ☐ Vacate date of ____
- ☑ Def must / need not appear
- ☐ Trailing ____
- Last Day ____

**PROCEEDINGS**
- ☐ Counsel declares doubt / ☐ Crim proc susp
- ☐ Court appoints Dr. ____
- Purs. PC288.1 / PC1368
- ☐ Counsel submit on Dr / CONREP Report dated ____ marked as EXH ____
- ☐ Court finds def competent / incompetent to stand trial
- ☐ Court refers def to CONREP / Adult MH
- ☐ Def committed to ____ Max term of commitment ____ Local custody credits ____
- ☐ Meds voluntary / involuntary / no consent
- ☐ Criminal proceedings reinstated

**SENTENCE**
| | | | | |
|---|---|---|---|---|
| State Prison | ____ yrs | | | ____ mos |
| County Jail | ____ yrs | ____ mos | | ____ days |
| Mand. Sup. | ____ yrs | ____ mos | | ____ days |
| CT ____ L M U | ____ yrs | ____ mos (cc) (cs) | | |
| CT ____ L M U | ____ yrs | ____ mos (cc) (cs) | | |
| CT ____ L M U | ____ yrs | ____ mos (cc) (cs) | | |
| CT ____ L M U | ____ yrs | ____ mos (cc) (cs) | | |
| ENH ____ | | ____ yrs | | ____ mos |
| ENH ____ | | ____ yrs | | ____ mos |
| ACTUAL CTS | | | | ____ |
| CONDUCT CTS | | | | ____ |

- ☐ ½ time credits
- ☐ Parole / PRCS advisement given
- ☐ Paper commitment

**REMANDED**
- ☐ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls
- Bail set in the amount of $____ ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full
- TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution hereof.
- DATED: 10/31/2019                    THERESA CANEPA

JUDGE OF THE SUPERIOR COURT

See back of form for additional information.    WHITE – Court  GREEN – Jail (if in custody)  CANARY – Defendant  PINK – Probation  GOLDENROD  CCU    CR-3013 (Rev. 10/27/16)

TESLA-0001056

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA — DOCKET NO.

SUPERIOR COURT OF CALIFORN , MARTINEZ — 05-190194-1  01

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-4

DEFENDANT: DIAZ, DEMETRIC — DEPT. MCC — DATE 7/22/2019 — TIME 8:45 AM

ADDRESS: 3821 MAYFLOWER DR — ANTIOCH — CA 84509 — DOB: 06/19/1995

ROC: TRIAL FEL — PROB — DEFENSE ATTORNEY PD-DELLA-P — TIME NOT WAIVED

CUSTODIAL STATUS: $BOND — $300,000

CHARGES: 01 F PC 211 — 02 F PC 211 — 03 F PC 211

04 F PC 245(b) — 05 F PC 245(b) — W/E — MORE

MINUTES CERTIFIED CORRECT

JUDGE: THERESA CANEPA
ASSIGN TO DEPT.: JUDGE

COURT REPORTER: Argyropoulos
COURT REPORTER:

CLERK: A. JANG
CLERK:

| APPEARANCE | ARRAIGNMENT | WARRANT/BAIL |
|---|---|---|
| ☐ Def proceeds PRO PER ☐ Appearance waived | Handed copy of: ☐ Petition to Revoke | ☐ Bench Warrant to issue |
| ☑ Def appears ☑ In Custody ☐ Def not appearing | ☐ Information / Indictment ☐ PX / GJ transcript | Bail set at $ _____ |
| ☑ With / by Atty / Pub Def / ADO DELLA-PIANA | ☐ Complaint/Discovery ☐ Bail Study | ☐ No Cite/PTA release ☐ No vol app |
| ☐ Deputy District Atty  O'CONNELL | ☐ Formal arraignment / Reading of Complt. | ☐ Hold until _____ |
| ☐ Court Probation Officer | ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. | ☐ Bail forfeited & continued 190 days |
| ☐ Interp. _____ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893 | ☐ Answers true name as charged | ☐ Recalled ☐ Set aside ☐ Remain out |
| ☐ Order _____ Interp. ☐ Coord. Notified | | ☐ Bail exonerated |
| ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified | ☐ Deny enhancements | ☐ Bail forfeiture set aside & reinstated upon payment of fee $ _____ |
| ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd | ☐ Plea of not guilty entered | |
| ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | ☐ Time not waived ☐ PC977 waiver filed | |

| PLEAS / WAIVERS | OR CONDS | CONTINUANCES |
|---|---|---|
| ☐ Written plea filed ☐ Pleads Guilty, Ct. # _____ | ☐ Obey all laws ☐ Use true name / DOB | ☐ TRIAL: 11/4  845 MCC |
| ☐ Pleads no contest, Found Guilty Ct # _____ | ☐ Do not use any alcohol / drugs w/o Rx | (RC/FRC): 10/23 830 D-6 |
| ☐ Pleads Not guilty / Found Not guilty by reason of insanity | ☐ Attend ___ AA / NA meetings per week and present proof at each court appearance | PTC/SET: _____ |
| ☐ Admits / denies: priors / enhancements / strikes | ☐ Submit to search/testing for _____ | |
| ☐ Rights given / waived ☐ App. Rights given / waived | ☐ Re-ref / Reinstate L1 / L2 / PCDDP | ☐ FUTURE DATES CONFIRMED |
| ☐ Per PC1192.5 | ☐ Not drive using properly licensed and insured. | ☑ Time waived to 11/4 (+10) / 60 days |
| ☐ Time for Misdo Trial / Sent waived / not waived | ☐ Destroy / Return Weapon | ☐ Vacate date of _____ |
| ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived | ☐ SCRAM / GPS ☐ Ordered ☐ Removed | ☐ Bail must / need not appear |
| ☐ Time for PV – 15 / 45 days waived / not waived | | ☐ Trailing _____ 11/4 only |
| ☐ Other _____ | | Last Day _____ |

| MOTIONS / ORDERS | PROBATION / PAROLE | PC 368 / 1370 |
|---|---|---|
| ☐ Defendant held to answer at PX hearing | ☐ Court / Formal Prob. _____ yrs. _____ mos. | ☐ Counsel declares doubt / ☐ Crim proc susp |
| ☐ People / Def Motion to / for / cont _____ | ☐ No Probation | ☐ Court appoints Dr. _____ |
| ☐ People / Def objected ☐ No action taken | ☐ Adult Pre-Trial / Post Plea / Diversion | Purs. PC288.1 / PC1368 |
| ☐ Granted ☐ Denied ☐ Submitted | ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. | ☐ Counsel submit on Dr / CONREP Report |
| ☐ Info / Indictment/Complaint amended on its face to add Ct # _____ a violation of section _____ Fel / Misd | to _____ | dated _____ marked as EXH _____ |
| | ☐ Def given / waived rights to Revoc Hg: admits / denies allegation | ☐ Court finds def competent / incompetent to stand trial |
| ☐ Pursuant to 23103.5 CVC | ☐ Violation of Prob./ Div./ Parole / PRCS | ☐ Court refers def to CONREP / Adult MH |
| ☐ Substitute misdemeanor for felony where it appears in Ct # _____ | ☐ Prob./ Div./ Parole / PRCS revoked | ☐ Def committed to _____ |
| ☐ Per Court / DA dismiss Ct # _____ | ☐ In re law notice given | Max term of commitment _____ |
| ☐ Per Court / DA dismiss Enhancements / Strikes | ☐ Prob./ Div./ PRCS: Terminated: | Local custody credits _____ |
| Reasons: _____ | Successfully / Unsuccessfully / Denied | ☐ Meds voluntary / involuntary / no consent |
| ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim / DA | ☐ Crim. proceedings susp. / reinstated / dism. | ☐ Criminal proceedings reinstated |
| ☐ Stay away from _____ | ☐ Standard terms & cond. of Probation given | |
| | ☐ PC 296 sample ordered / verified | |
| | ☐ Parole violation(s) sustained / not sustained | |

| FINES / FEES | COMMITMENTS | REGIS |
|---|---|---|
| ☐ RFS _____ [PC1202.4] ☐ Fine $ _____ | ☐ County jail _____ days / mos / yrs | State Prison _____ yrs _____ mos |
| ☐ Prob. Viol. Fine $ _____ ☐ PVRF/PRCS $ _____ [PC1202.44] suspended / imposed [PC1202.44] | ☐ _____ days / mos / yrs credit | County Jail _____ yrs _____ mos _____ days |
| ☐ Victim restitution $ _____ | ☐ _____ days / mos / yrs suspended | Mand. Sup. _____ yrs _____ mos _____ days |
| ☐ Victim restitution  TBD / Not ordered | ☐ Sentence to commence _____ | CT ___ L M U _____ yrs _____ mos (cc) (cs) |
| ☐ VCB $ _____ | ☐ Serve consecutive / concurrent with: | CT ___ L M U _____ yrs _____ mos (cc) (cs) |
| ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41 Theft fee | _____ | CT ___ L M U _____ yrs _____ mos (cc) (cs) |
| ☐ CJA govt. code 29550 et. seq. $ _____ | ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD | CT ___ L M U _____ yrs _____ mos (cc) (cs) |
| COA $ _____ CCA $ _____ | ☐ Release from custody to program | ENH _____ yrs _____ mos |
| Lab $ _____ | ☐ Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program | ENH _____ yrs _____ mos |
| Atty Fees $ _____ ☐ Prob. Report Fee $ _____ | | ACTUAL CTS _____ |
| ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine | | CONDUCT CTS _____ |
| ☐ _____ hours Volunteer work by _____ Fee $ _____ | ☐ PC 290 registration ☐ SARATSO | ☐ ½ time credits |
| ☐ Balance of fines / fees / rest. to remain as ordered | ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent. | ☐ Parole / PRCS advisement given |
| ☐ Make payments to Linebarger. | ☐ PC 290 registration | ☐ Paper commitment |
| ☐ Other _____ | ☐ See attached additional orders | |

☐ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Can't on bond/cash bail posted ☐ Phone calls
Bail set in the amount of $ _____ ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full
TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.
DATED: _____

_____
JUDGE OF THE SUPERIOR COURT

See back of form for additional information — WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU   CR-3013 (Rev. 10/12/18)

TESLA-0001057

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA
COURT OF CALIFORNIA, MARTINEZ

DOCKET NO. 05-190194-1  01

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

P: DIAZ, DEMETRIC _____ DEPT. MCC  DATE 6/03/2019 TIME 8:45 AM

2821 MAYFLOWER DR _____ ANTIOCH _____ CA 94509 DOB: 06/19/1995

TRIAL FEL _____ PROB _____ DEFENSE ATTORNEY PD–DELLA–P _____ TIME NOT WAIVED

DIAL STATUS: SBOND _____ $300,000

SES: 01 F PC 211 _____ 02 F PC 211 _____ 03 F PC 211

F PC 245(b) _____ 05 F PC 245(b) _____ W/E _____ MORE

MINUTES CERTIFIED CORRECT

DGE: THERESA CANEPA

COURT REPORTER M. ARGYROPOULOS CLERK A. JANG

SSIGN: 46  JUDGE Bowen

COURT REPORTER VALERIE PRINCE CSR# 7946  C. Castillo

**REMANDED** ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls

Bail set in the amount of $ _____ ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution hereof.

DATED: 6/03/2019 _____ THERESA CANEPA

JUDGE OF THE SUPERIOR COURT

See back of form for additional information   WHITE - Court  GREEN - Jail in custody  CANARY - Defendant  PINK - Probation  GOLDENROD - CCU  CR-3013 (Rev. 10/12/18)

TESLA-0001058

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA     DOCKET NO.

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

DEFENDANT: _____ DEPT. _____ DATE _____ TIME _____

ADDRESS: _____ _____ DOB: _____

ROC: _____ PROB _____ DEFENSE ATTORNEY _____ TIME _____ WAIVED

CUSTODIAL STATUS:    SPEND       $900,000

CHARGES: _____

MINUTES CERTIFIED CORRECT

| JUDGE | COURT REPORTER | M Butler | CLERK |
|---|---|---|---|
| ASSIGN TO DEPT. ___ JUDGE | COURT REPORTER | | CLERK |

| APPEARANCE | ARRAIGNMENT | WARRANT / BAIL |
|---|---|---|
| ☐ Def Proceeds PRO PER ☐ Appearance waived <br> ☐ Def appears ☐ In Custody ☐ Def not appeared <br> ☐ With / by Atty / Pub Def APPT <br> ☐ Deputy District Atty <br> ☐ Court Probation Officer <br> ☐ Interp. ___ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893 <br> ☐ Order _____ Interp. ☐ Coord. Notified <br> ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified <br> ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd <br> ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | Handed copy of: ☐ Petition to Revoke <br> ☐ Information / Indictment ☐ PX / GJ transcript <br> ☐ Complaint/Discovery ☐ Bail Study <br> ☐ Formal arraignment waived / Reading of Complt. <br> ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. <br> ☐ Answers true name as charged <br> <br> ☐ Deny enhancements <br> ☐ Plea of not guilty entered <br> ☐ Time not waived ☐ PC977 waiver filed | ☐ Bench Warrant to issue <br> ☐ Bail set at $_____ <br> ☐ No Cite/PTA release ☐ No vol app <br> ☐ Hold until _____ <br> ☐ Bail forfeited & continued 190 days <br> ☐ Recalled ☐ Set aside ☐ Remain out <br> ☐ Bail exonerated <br> ☐ Bail forfeiture set aside & reinstated upon payment of fee $_____ |

| PLEAS / WAIVERS | CONDS | CONTINUANCES |
|---|---|---|
| ☐ Written plea filed ☐ Pleads Guilty, Ct. #_____ <br> ☐ Pleads no contest, Found Guilty Ct # _____ <br> ☐ Pleads Not guilty / Found Not guilty by reason of insanity <br> ☐ Admits / denies: priors / enhancements / strikes <br> ☐ Rights given / waived ☐ App. Rights given / waived <br> ☐ Per PC1192.5 <br> ☐ Time for Misdo Trial / Sent waived / not waived <br> ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived <br> ☐ Time for PV – 15 / 45 days waived / not waived <br> ☐ Other | ☐ Obey all laws ☐ Use true name / DOB <br> ☐ Do Not use any alcohol / drugs w/o Rx <br> ☐ Attend ___ AA / NA meetings per week and present proof at each court appearance <br> ☐ Submit to search/testing for _____ <br> ☐ Re-ref / Reinstate L1 / L2 / PCDDP <br> ☐ Not drive unless properly licensed and insured. <br> ☐ Destroy / Return Weapon <br> ☐ SCRAM / GPS ☐ Ordered ☐ Removed | TRIAL: _____ <br> RC/FRC: _____ <br> PX: _____ <br> PTC/SET: _____ <br> <br> ☐ FUTURE DATES CONFIRMED <br> ☐ Time waived to _____ (10 / 60 days <br> ☐ Vacate date of _____ <br> ☐ Def must / need not appear <br> ☐ Training _____ <br> Last Day _____ |

| MOTIONS / ORDERS | PROBATION / DIV / PAROLE | PC 1368 / 1370 |
|---|---|---|
| ☐ Defendant held to answer at PX hearing <br> ☐ People / Def Motion to / for / cont _____ <br> ☐ People / Def objected ☐ No action taken <br> ☐ Granted ☐ Denied ☐ Submitted <br> ☐ Info / Indictment/Complaint amended on its face to add Ct # _____ a violation of section _____ Fel / Misd <br> ☐ Pursuant to 23103.5 CVC <br> ☐ Substitute misdemeanor for felony where it appears in Ct # _____ <br> ☐ Per Court / DA dismiss Ct # _____ <br> ☐ Per Court / DA dismiss Enhancements / Strikes <br> Reasons: _____ <br> ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim / DA <br> ☐ Stay away from _____ | ☐ Court / Formal Prob. _____ yrs. _____ mos. <br> ☐ No Probation <br> ☐ Adult Pre-Trial / Post Plea / Diversion <br> ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. to _____ <br> ☐ Def given / waived rights to Revoke Hg: admits / denies allegation <br> ☐ Violation of Prob./ Div. / Parole / PRCS <br> ☐ Prob. / Div. / Parole / PRCS revoked <br> ☐ In re law notice given <br> ☐ Prob. / Div. / PRCS: Terminated: Successfully / Unsuccessfully / Denied <br> ☐ Crim. proceedings susp. / reinstated / dism. <br> ☐ Standard terms & cond. of Probation given <br> ☐ PC 296 sample ordered / verified <br> ☐ Parole violation(s) sustained / not sustained | ☐ Counsel declares doubt / ☐ Crim proc susp <br> ☐ Court appoints Dr. _____ <br> Purs. PC288.1 / PC1368 <br> ☐ Counsel submit on Dr / CONREP Report dated _____ marked as EXH _____ <br> ☐ Court finds def competent / incompetent to stand trial <br> ☐ Court refers def to CONREP / Adult MH <br> ☐ Def committed to _____ <br> Max term of commitment _____ <br> Local custody credits _____ <br> ☐ Meds voluntary / involuntary / no consent <br> ☐ Criminal proceedings reinstated |

| FINES / FEES | COMMITMENTS | SENTENCE |
|---|---|---|
| ☐ RFS _____ (PC1202.4) ☐ Fine $_____ <br> ☐ Prob. Viol. Fine $_____ ☐ PVRF/PRCS $_____ [PC1202.44] suspended / imposed [PC1202.44] <br> ☐ Victim restitution $ _____ <br> ☐ Victim restitution TBD / Not ordered <br> ☐ VCB $ _____ <br> ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41 Theft fee <br> ☐ CJA govt. code 29550 et. seq. $ _____ <br> ☐ _____ CCA $ _____ <br> Lab $ _____ Drug Ed $ _____ <br> Atty Fees $ _____ ☐ Prob. Report Fee $ _____ <br> ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine _____ hours Volunteer work by _____ Fee $_____ <br> ☐ Balance of fines / fees / rest. to remain as ordered <br> ☐ Make payments to AllianceOne. <br> ☐ Other | ☐ County jail _____ days / mos / yrs <br> ☐ _____ days / mos / yrs credit <br> ☐ _____ days / mos / yrs suspended <br> ☐ Sentence to commence _____ <br> ☐ Serve consecutive / concurrent with: _____ <br> ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD <br> ☐ Release from custody to program <br> ☐ Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program <br> ☐ PC 290 registration ☐ SARATSO <br> ☐ Sent. recall purs. to 1170.18 / Prop 47 pet resent. <br> ☐ See attached additional orders | State Prison _____ yrs _____ mos <br> County Jail _____ yrs _____ mos _____ days <br> Mand. Sup. _____ yrs _____ mos _____ days <br> CT ___ L M U _____ yrs _____ mos (cc) (cs) <br> CT ___ L M U _____ yrs _____ mos (cc) (cs) <br> CT ___ L M U _____ yrs _____ mos (cc) (cs) <br> CT ___ L M U _____ yrs _____ mos (cc) (cs) <br> ENH _____ _____ yrs _____ mos <br> ENH _____ _____ yrs _____ mos <br> ACTUAL CTS _____ <br> CONDUCT CTS _____ <br> ☐ ½ time credits <br> ☐ Parole / PRCS advisement given <br> ☐ Paper commitment |

☐ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls
Bail set in the amount of $_____ ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF; COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: _____       JUDGE OF THE SUPERIOR COURT

See back of form for additional information    WHITE – Court   GREEN – Jail (if in custody)   CANARY – Defendant   PINK – Probation   GOLDENROD – CCU    CR-3013 (Rev. 9/9/17)

TESLA-0001059

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO. 05-190194-1 01

SUPERIOR COURT OF CALIFORN   MARTINEZ

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

DEFENDANT: DIAZ, DEMETRIC                DEPT. 003   DATE 2/11/2019   TIME 1:30 PM
ADDRESS 2621 MAYFLOWER DR                ANTIOCH   CA 94509   DOB: 06/19/1995
ROC: 4RR   FEL   PROB   DEFENSE ATTORNEY PD DELLA P   TIME   WAIVED
CUSTODIAL STATUS: SBOND   $300,000
CHARGES: 01 F PC 211   02 F PC 245(a)(2)   03 F PC 245(a)(2)
04 F PC 245(a)(2)   N/E

MINUTES CERTIFIED CORRECT

JUDGE P. SCANLON   COURT REPORTER C. YACCVETTI   CLERK ARNOLD/KOERBER
ASSIGN TO DEPT. ___ JUDGE ___   COURT REPORTER ___   CLERK L. ANDERSON

| APPEARANCE | ARRAIGNMENT | WARRANT/BAIL |
|---|---|---|
| ☐ Def proceeds PRO PER ☐ Appearance waived | Handed copy of: ☐ Petition to Revoke | ☐ Bench Warrant to issue |
| ☐ Def appears ☐ In Custody ☐ Failed to appear | ☐ Information / Indictment ☑ PX / Rep transcript | Bail set at $_____ |
| ☑ With / by Atty / Pub Def Appts / Deft not present | ☐ Complaint/Discovery ☐ Bail Study | ☐ No Cite/PTA release ☐ No vol app |
| ☑ Deputy District Atty ___ | ☑ Formal arraignment waived / Reading of Complt. | ☐ Hold until _____ |
| ☐ Court Probation Officer | ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. | ☐ Bail forfeited & continued 190 days |
| ☐ Interp. ___ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893 | ☐ Answers true name as charged | ☐ Recalled ☐ Set aside ☐ Remain out |
| ☐ Order ___ Interp. ☐ Coord. Notified | | ☐ Bail exonerated |
| ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified | ☑ Deny enhancements | ☐ Bail forfeiture set aside & reinstated |
| ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd | ☑ Plea of not guilty entered | upon payment of fee $_____ |
| ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | ☑ Time not waived ☐ PC977 waiver filed | |

| PLEAS / MOTIONS / WAIVERS | OR CONDS | CONTINUANCES |
|---|---|---|
| ☐ Written plea filed ☐ Pleads Guilty, Ct. #___ | ☐ Obey all laws ☐ Use true name / DOB | ☐ TRIAL: |
| ☐ Pleads no contest, Found Guilty Ct # ___ | ☐ Do Not use any alcohol / drugs w/o Rx | RC/FRC: |
| ☐ Pleads Not guilty / Found Not guilty by reason of insanity | ☐ Attend ___ AA / NA meetings per week and present proof at each court appearance | PX: |
| ☐ Admits / denies: priors / enhancements / strikes | ☐ Submit to search/testing for ___ | PTC SET: 3/18 1:30 D3 |
| ☐ Rights given / waived ☐ App. Rights given / waived | ☐ Re-ref / Reinstate L1 / L2 / PCDDP | |
| ☐ Per PC1192.5 | ☐ Not drive unless properly licensed and insured. | ☐ FUTURE DATES CONFIRMED |
| ☐ Time for Misdo Trial / Sent waived / not waived | ☐ Destroy / Return Weapon | ☑ Time waived to 3/18   + wd / 60 days |
| ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived | ☐ SCRAM / GPS ☐ Ordered ☐ Removed | ☐ Vacate date of _____ |
| ☐ Time for PV – 15 / 45 days waived / not waived | | ☑ Deft must / need not appear |
| ☐ Other | | ☐ Trailing |
| | | Last Day |

| MOTIONS / ORDERS | PROBATION / DIV / PAROLE | P1368 / PC288.1 |
|---|---|---|
| ☐ Defendant held to answer at PX hearing | ☐ Court / Formal Prob. ___ yrs. ___ mos. | ☐ Counsel declares doubt / ☐ Crim proc susp |
| ☐ People / Def Motion to / for / cont ___ | ☐ No Probation | ☐ Court appoints Dr. ___ |
| ☐ People / Def objected ☐ No action taken | ☐ Adult Pre-Trial / Post Plea / Diversion | Purs. PC288.1 / PC1368 |
| ☐ Granted ☐ Denied ☐ Submitted | ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. | ☐ Counsel submit on Dr / CONREP Report |
| ☐ Info / Indictment/Complaint amended on its face to add Ct # ___ a violation of section ___ Fel / Misd | to ___ | dated ___ marked as EXH ___ |
| | ☐ Def given / waived rights to Revoc Hg: admits / denies allegation | ☐ Court finds def competent / incompetent to stand trial |
| ☐ Pursuant to 23103.5 CVC | ☐ Violation of Prob./ Div. / Parole / PRCS | ☐ Court refers def to CONREP / Adult MH |
| ☐ Substitute misdemeanor for felony where it appears in Ct # ___ | ☐ Prob. / Div. / Parole / PRCS revoked | ☐ Def committed to ___ |
| ☐ Per Court / DA dismiss Ct # ___ | ☐ In re law notice given | Max term of commitment ___ |
| ☐ Per Court / DA dismiss Enhancements / Strikes | ☐ Prob. / Div / PRCS: Terminated: | Local custody credits ___ |
| Reasons: ___ | Successfully / Unsuccessfully / Denied | ☐ Meds voluntary / involuntary / no consent |
| ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim ☐ DA | ☐ Crim. proceedings susp. / reinstated / dism. | ☐ Criminal proceedings reinstated |
| ☐ Stay away from ___ | ☐ Submit terms & cond. of Probation given | |
| | ☐ PC 296 sample ordered / verified | |
| | ☐ Parole violation(s) sustained / not sustained | |

| FINES / FEES | COMMITMENT / SENTENCE | State Prison ___ yrs ___ mos |
|---|---|---|
| ☐ RFS ___ [PC1202.4] ☐ Fine $___ | ☐ County jail ___ days / mos / yrs | County Jail ___ yrs ___ mos |
| ☐ Prob. Viol. Fine $___ ☐ PVRF/PRCS $___ [PC1202.44] suspended / imposed [PC1202.44] | ☐ ___ days / mos / yrs credit | Mand. Sup. ___ yrs ___ mos ___ days |
| ☐ Victim restitution $___ | ☐ ___ days / mos / yrs suspended | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ Victim restitution TBD / Not ordered | ☐ Sentence to commence ___ | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ VCB $___ | ☐ Serve consecutive / concurrent with: | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41 Theft fee | ___ | ENH ___ yrs ___ mos |
| ☐ CJA govt. code 29550 et. seq. $___ | ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD | ENH ___ yrs ___ mos |
| COA $___ CCA $___ | ☐ Release from custody to program | ACTUAL CTS ___ |
| Lab $___ Drug Ed $___ | ☐ Day-for-day credit for successful completion of approved ___ day / mo / yr residential treatment program | CONDUCT CTS ___ |
| Atty Fees $___ ☐ Prob. Report Fee $___ | | ☐ ½ time credits |
| ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine ___ hours Volunteer work by ___ Fee $___ | ☐ PC 290 registration ☐ SARATSO | ☐ Parole / PRCS advisement given |
| ☐ Balance of fines / fees / rest. to remain as ordered | ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent. | ☐ Paper commitment |
| ☐ Make payments to AllianceOne | ☐ See attached additional orders ___ | |
| ☐ Other ___ | | |

| | | |
|---|---|---|
| ☐ REMANDED ☐ Court Courtesy ☐ Ordered released | ☐ On OR ☐ Promise to Appear ☑ Cont'd on bond/cash bail posted ☐ Phone calls | |
| Bail set in the amount of $___ | ☐ State Prison Commitment | ☐ Committed to custody until sentence is satisfied in full |

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: ___

JUDGE OF THE SUPERIOR COURT

See back of form for additional information.   WHITE – Court   GREEN – Jail (if in custody)   CANARY – Defendant   PINK – Probation   GOLDENROD – CCU   CR-3013 (Rev. 9/8/17)

TESLA-0001060

PEOPLE vs DEMETRIC DIAZ,04-195330-6, Vols 1 Contra Costa_Report
PEOPLE vs DEMETRIC DIAZ
04-195330-6
Volume 1

Superior Court Transcript,Vol 1
First Proceeding Date: January 22, 2019
Bind-over/End Date:    January 22, 2019

Additional Dates:

DA-  S. O'CONNELL          PD- K. DELLA-PIANA      ADO- E. KULUK

Upload Date/Time:      February 01, 2019 3:03PM

Reporter(s): Priscilla Gwaltney

F I L E D
FEB 0 4 2019
JC. BIGGIN CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
T. Mekhit, Deputy Clerk

Published To:
============================================================
District Attorney - Contra Costa <DAtranscripts@contracostada.org>;
Public Defender - Contra Costa <PDtranscripts@pd.cccounty.us>;
Alternate Defender - Contra Costa <adotranscripts@pd.cccounty.us>
============================================================


Total Pages: 114 Transcript Pages
 1 Index Pages
-------------------------------------
115 Transcript and Index Pages

TESLA-0001061

Superior Court of California, County of Contra Cos...

☐ MARTINEZ   ☑ PITTSBURG   ☐ RICHMOND

5-190194-1

**FELONY, COMMITMENT,**
**HOLDING OVER, REMANDING FORM**

SUPPLEMENTAL

DEFENDANT (NAME): Demetric Diaz

**CLERK'S DOCKET AND MINUTES**

CASE # 04-195330-6 Δ 2
DATE(S) 1/22/19

APPLICABLE ENTRIES MARKED

**APPEARANCES**            **PROCEEDINGS**

☑ Deputy District Attorney Simon O'Connell   Defendant and Attorney DPD Krista Della Piana

Voir dire by _____

☐ Other Ofcr Barrera designated as investigating ofcr

**MOTIONS**

☐ Motion to Exclude Witness(es)/Spectators ☐ Except _____ by _____ ☐ Granted ☐ Denied

☑ Motion by People/Defense to/for reduce bail / release to prog

☐ Motion to reduce per PC 17b is _____

☑ Argued & Submitted ☐ Submitted Without Argument ☐ Granted ☑ Denied ☐ Taken Under Submission ☐ Other

**WITNESSES**                              **EXHIBITS**

WITNESS(ES) SWORN AND TESTIFIED FOR PEOPLE

EXHIBITS ON BEHALF OF THE PEOPLE
Description                    Marked    Withdrawn    Admitted

1. Ofcr Ryan Rezentes, BPD       1. _____ ☐ ☐ ☐
2. Ofcr Edward Barrera           2. _____ ☐ ☐ ☐
3. _____               3. _____ ☐ ☐ ☐
4. _____         see attached exh list   4. ☐ ☐ ☐
5. _____               5. _____ ☐ ☐ ☐
6. _____               6. _____ ☐ ☐ ☐

☐ See reverse side for additional witnesses and exhibits

WITNESS(ES) SWORN AND TESTIFIED FOR DEFENDANT

EXHIBITS ON BEHALF OF THE DEFENDANT
Description                    Marked    Withdrawn    Admitted

1. _____               A. _____ ☐ ☐ ☐
2. _____               B. see attached ☐ ☐ ☐
3. _____                  exh list    C. ☐ ☐ ☐
4. _____               D. _____ ☐ ☐ ☐

☐ See reverse side for additional witnesses and exhibits

☑ People Rest ☐ Defense Rests ☐ No Evidence by Defendant
☑ Closing Argument by People DDA O'Connell    ☑ Closing Argument by Defense DPD Della Piana
☑ Rebuttal Closing by People                 ☐ Submitted

**COURT ACTION**

PRELIMINARY EXAMINATION HELD

☑ Preliminary examination was held on the above date and it appearing to the below named Judge that a Felony Violation of §§ 2, 3, 4, 5 has been committed and there is sufficient cause to believe the above named defendant GUILTY thereof, it is ordered that Defendant be held to answer to same.

PLEA OF GUILTY

☐ The above named defendant, being charged in a complaint on file in this Court under the above case number, and having entered a plea of GUILTY to a Felony Violation of _____, it is so ordered that this case together with a copy of all proceedings held herein is certified to the Superior Court of California, County of Contra Costa.

PRELIMINARY EXAMINATION WAIVED

☐ The above named defendant, being charged in a complaint on file in this Court under the above case number, and having waived preliminary examination of the charges, the Court and the District Attorney consenting thereto, it is ordered that Defendant be held to answer the same.

DISCHARGE

☑ Defendant is Discharged as to Count ct 1 cnt enh under PC1170.12 (?)

☐ Other _____

**SETTINGS/REFERRALS**

☑ Defendant ordered to appear in the Superior Court of Contra Costa County, Department 3 on 2/11/19 at 1:30 for ARR

☐ Defendant referred to Probation Department for Report

☑ Stipulated that exhibits be returned to proffering parties ☐ Exhibits retained by court

☐ Other _____ reduced

**CUSTODIAL STATUS**

☐ DEFENDANT REMANDED to custody to Sheriff until legally discharged.
☐ DEFENDANT RELEASED/CONTINUED on own recognizance.
☐ DEFENDANT RELEASED on signed promise to appear

☑ ADMIT TO BAIL amount of $ ~~$350,000~~ $300,000 and defendant is remanded to the Sheriff of this County until such bail is given.
☐ DEFENDANT TO REMAIN FREE on cash/bail bond as posted or own recognizance

TO THE SHERIFF. I hereby certify that the following is a true copy of the entry of the judgment or order and is your authority for the execution thereof.

DATED: 1/22/19                    _____ Judy Johnson
                                  Judge of the Superior Court

☐ See other minute pages for additional proceedings

TESLA-0001062

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA          DOCKET NO.

MUNICIPAL COURT OF CALIFORNIA   PITTSBURG                            04-195330-6   01

## FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES          PA RATE-H

DEFENDANT: DIAZ, DEMETRIC _____ DEPT. 004 ____ DATE 1/22/2019 TIME 8:45 AM

ADDRESS 2821 MAYFLOWER DR _____ ANTIOCH ___ CA 94509 _ DOB 06/19/1995

ROC: PX ___ FEL _____ PROB _____ DEFENSE ATTORNEY PD-DELLA-P _ TIME 10 DAY __ WAIVED

CUSTODIAL STATUS:   CUST                                          TARGET:  2/08/

CHARGES: 01 F PC 209(b)(1) ___ 02 F PC 211 _____ 03 F PC 245(a)(2)

4 F PC 245(a)(2) ___ Department 26 PC 245(a)(2) ___ W/E          MINUTES CERTIFIED CORRECT

JUDGE MARY A O'MALL ___ COURT REPORTER M. HAYNES ___ CLERK D. MURGUIA
                        Clerk: Jocelyn Lem
ASSIGN                  Reporter: Priscilla Gwaltney, CSR #13316              60 = 2/26

TO DEPT. _____ JUDGE _____ REPORTER _____ CLERK _____

| | | |
|---|---|---|
| **APPEARANCE** | Handed copy of: ☐ Petition to Revoke | **WARRANTY / BAIL** |
| ☐ Def proceeds PRO PER ☐ Appearance waived | ☐ Information / Indictment ☐ PX / GJ transcript | ☐ Bench Warrant to issue |
| ☑ Def appears ☑ In custody ☐ | ☐ Complaint/Discovery ☐ Bail Study | Bail set at $ _____ |
| ☐ With / by Atty / Def APPD | ☐ Formal arraignment waived / Reading of Complt. | ☐ No Cite/PTA release ☐ No vol app |
| ☐ Deputy District Atty | ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. | ☐ Hold until |
| ☐ Court Probation Officer | ☐ Answers true name as charged | ☐ Bail forfeited & continued 190 days |
| ☐ Interp. ____ ☐ cert. ☐ non-cert. | | ☐ Recalled ☐ Set aside ☐ Remain out |
| sworn / oath on file / qualified per Rule 2.893 | ☐ Deny enhancements | ☐ Bail exonerated |
| ☐ Order ____ Interp. ☐ Coord. Notified | ☐ Plea of not guilty entered | ☐ Bail forfeiture set aside & reinstated |
| ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified | ☐ Time not waived ☐ PC977 waiver filed | upon payment of fee $ _____ |
| ☐ PD / ADO / PVT ☐ accept'd ☐ relieved ☐ appt'd | | |
| ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | | |

| | | |
|---|---|---|
| **PLEAS / WAIVERS** | **ORDERS** | **CONTINUANCES** |
| ☐ Written plea filed ☐ Pleads Guilty, Ct. # ___ | ☐ Obey all laws ☐ Use true name / DOB | TRIAL |
| ☐ Pleads no contest, Found Guilty Ct # | ☐ Do Not use any alcohol / drugs w/o Rx | PX: 2/11/19 1:30 |
| ☐ Pleads Not guilty / Found Not guilty by reason of insanity | ☐ Attend ___ AA / NA meetings per week and | PTC/SET: D 3 MF 2 |
| ☐ Admits / denies: priors / enhancements / strikes | present proof at each court appearance | ☐ FUTURE DATES CONFIRMED |
| ☐ Rights given / waived ☐ App. Rights given / waived | ☐ Submit to search/testing for ___ | ☐ Time waived to ___ +10 / 60 days |
| ☐ Per PC1192.5 | ☐ Re-ref / Reinstate L1 / L2 / PCDDP | ☐ Vacate date of ___ |
| ☐ Time for Misdo Trial / Sent waived / not waived | ☐ Not drive unless properly licensed and insured. | ☐ Def must / need not appear |
| ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived | ☐ Destroy / Return Weapon | ☐ Trailing |
| ☐ Time for PV – 15 / 45 days waived / not waived | ☐ SCRAM / GPS ☐ Ordered ☐ Removed | Last Day |
| ☑ Other _Ct 1 tenh discharged_ | | |

| | | |
|---|---|---|
| **MOTIONS / ORDERS** | **PROBATION / VIOLATION / DIV / PAROLE** | **PC 1368 / 1370** |
| ☐ Defendant held to answer at PX hearing | ☐ Court / Formal Prob. ___ yrs. ___ mos. | ☐ Counsel declares doubt / ☐ Crim proc susp |
| ☐ People / Def Motion to / for _reduce bail_ | ☐ No Probation | ☐ Court appoints Dr. ___ |
| ☐ People (Def objected) ☐ No action taken fel to proc | ☐ Adult Pre-Trial / Post Plea / Diversion | Purs. PC288.1 / PC1368 |
| ☐ Granted ☐ Denied ☐ Submitted | ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. | ☐ Counsel submit on Dr / CONREP Report |
| ☐ Info / Indictment/Complaint amended on its face to | to ___ | dated ___ marked as EXH ___ |
| add Ct # ___ a violation of section | ☐ Def given / waived rights to Revoc Hg: admits / | ☐ Court finds def competent / incompetent to |
| ___ Fel / Misd | denies allegation | stand trial |
| ☐ Pursuant to 23103.5 CVC | ☐ Violation of Prob./ Div. / Parole / PRCS | ☐ Court refers def to CONREP / Adult MH |
| ☐ Substitute misdemeanor for felony where it appears | ☐ Prob. / Div. / Parole / PRCS revoked | ☐ Def committed to ___ |
| in Ct # ___ | ☐ In re law matter given | Max term of commitment ___ |
| ☐ Per Court / DA dismiss Ct # ___ | ☐ Prob. / Div / PRCS: Terminated: | Local custody credits ___ |
| ☐ Per Court / DA dismiss Enhancements / Strikes | Successfully / Unsuccessfully / Denied | ☐ Meds voluntary / involuntary / no consent |
| Reasons: ___ | ☐ Crim. proceedings susp. / reinstated / dism. | ☐ Criminal proceedings reinstated |
| ☐ Crim. protective order issued/modified/served on | ☐ Standard terms & cond. of Probation given | |
| ☐ Deft. ☐ Victim ☐ DA | ☐ PC 296 sample ordered / verified | |
| ☐ Stay away from ___ | ☐ Parole violation(s) sustained / not sustained | |

| | | |
|---|---|---|
| **FINES** | **COMMITMENT REG** | **STATE PRISON** |
| ☐ RF$ ___ [PC1202.4] ☐ Fine $ ___ | ☐ County jail ___ days / mos / yrs | State Prison ___ yrs ___ mos |
| ☐ Prob. Viol. Fine $ ___ ☐ PVRF/PRCS $ ___ | ☐ ___ days / mos / yrs credit | County Jail ___ yrs ___ mos ___ days |
| [PC1202.44] suspended / imposed [PC1202.44] | ☐ ___ days / mos / yrs suspended | Mand. Sup. ___ yrs ___ mos ___ days |
| ☐ Victim restitution $ ___ | ☐ Sentence to commence ___ | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ Victim restitution TBD / Not ordered | | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ VCB $ ___ | ☐ Serve consecutive / concurrent with: | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41Theft fee | | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ CJA govt. code 29550 et. seq. $ ___ | ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD | ENH ___ yrs ___ mos |
| COA $ ___ CCA $ ___ | ☐ Release from custody to program | ENH ___ yrs ___ mos |
| Lab $ ___ Drug ED $ ___ | ☐ Day-for-day credit for successful completion of | ACTUAL CTS ___ |
| Atty Fees $ ___ ☐ Prob. Report Fee $ ___ | approved ___ day / mo / yr | |
| ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine | residential treatment program | CONDUCT CTS ___ |
| ___ hours Volunteer work by ___ Fee $ ___ | ☐ PC 290 registration ☐ SARATSO | ☐ ½ time credits |
| ☐ Balance of fines / fees / rest. $ ___ | ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent. | ☐ Parole / PRCS advisement given |
| ☐ Make payments to AllianceOne. | ☑ See attached additional orders | ☐ Paper commitment |
| ☐ Other ___ $300,000 | | |

☑ REMANDED   ☐ Court Courtroom ☐ Ordered released   ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls

Bail set in the amount of $ ___   ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for its execution thereof.

DATED: 1/22/2019 _____ MARY A O'MALLEY ___ JUDGE OF THE SUPERIOR COURT

See back of form for additional information.          WHITE – Court   GREEN – Jail (if in custody)   CANARY – Defendant   PINK – Probation   GOLDENROD – DA          CR-3013 (Rev. 9/9/17)

TESLA-0001063



SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

HON. JUDY JOHNSON
PRISCILLA GWALTNEY #13316
J. LEM, COURTROOM CLERK
G. HENDERSON, BAILIFF
DEPARTMENT 26

PEOPLE OF THE STATE OF
               CALIFORNIA

vs

DEMETRIC DIAZ
CLENZELL BRYANT

DDA Simon O'Connell

DPD Krista Della Piana
ADO Evan Kuluk

DEFENDANT

Docket 04-195330-6

# PRELIMINARY HEARING
## EXHIBIT LIST

| PPL | DEF | DESCRIPTION | ID 2019 | ADMITTED 2019 | W/DRAWN 2019 |
|---|---|---|---|---|---|
| 1 | | Front of Domino's location | 1/22/19 | 1/22/19 | |
| 2 | | Inside of Domino's - cash register area | 1/22/19 | 1/22/19 | |
| 3 | | Inside of Domino's - Food prep and sink area with two standing individuals | 1/22/19 | 1/22/19 | |
| 4 | | Inside of Domino's - Back of cash register area, depicting open register on night of incident | 1/22/19 | 1/22/19 | |
| 5 | | Rear kitchen area of Domino's | 1/22/19 | 1/22/19 | |
| 6 | | White Honda FIT vehicle | 1/22/19 | 1/22/19 | |

TESLA-0001064

| PPL | DEF | DESCRIPTION | ID 2019 | ADMITTED 2019 | W/DRAWN 2019 |
|---|---|---|---|---|---|
| 7 | | Rear view of white Honda FIT vehicle, depicting no rear license plate/sticker | 1/22/19 | 1/22/19 | |
| 8 | | Open trunk depicting license plates & frames | 1/22/19 | 1/22/19 | |
| 9 | | Black male | 1/22/19 | 1/22/19 | |
| 10 | | Jean pocket of individual depicting money bills | 1/22/19 | | |
| 11 | | Jean pocket of individual depicting money bills | 1/22/19 | | |
| 12 | | Black head mask | 1/22/19 | 1/22/19 | |
| 13 | | Cardboard box retrieved from trunk of FIT (labeled Case #1806244) | 1/22/19 | 1/22/19 | |
| 14 | | Black paintball gun found in trunk of FIT | 1/22/19 | 1/22/19 | |
| 15 | | Surveillance still of gunman w/gun on victim Sharifi 12/21/18 21:52.:28 | 1/22/19 | 1/22/19 | |
| 16 | | Leather hockey-like face mask found on floorboard of FIT | 1/22/19 | 1/22/19 | |
| | A(1) | Paintball gun retrieved from trunk of FIT | 1/22/19 | 1/22/19 | |
| | B(1) | Paintball gun retrieved from trunk of FIT | 1/22/19 | 1/22/19 | |
| | C(1) | Two individuals at food prep area | 1/22/19 | | |
| | D(1) | Front of Dominos | 1/22/19 | | |
| | E(1) | Inside of Domino's - cash register area | 1/22/19 | | |
| | F(1) | Inside of Domino's – area behind register area | 1/22/19 | 1/22/19 | |
| | G(1) | Inside of Domino's - cash registers w/Officer Baccera's markings | 1/22/19 | 1/22/19 | |
| | H(1) | Inside of Domino's - cash registers | 1/22/19 | | |
| | I(1) | Inside of Domino's - Kitchen area | 1/22/19 | | |

| PPL | DEF | DESCRIPTION | ID 2019 | ADMITTED 2019 | W/DRAWN 2019 |
|---|---|---|---|---|---|
| | J(1) | Inside of Domino's-cash registers | 1/22/19 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

TESLA-0001066

From:CCC DISTRICT ATTORNEY          925 646 4174          01/18/2019 09:51          #861 P.004/013

```
                    PITT FRC                        01/18/2019   8:20              PAGE    3
                    JUDGE MARY A O'MALLEY           DEPARTMENT    004
```

---

```
CURRIE, DELANO DESHAWN              195107-8  F  CUST    FRC           PD-MASTROM  8:20
        CHARGES: PC 422(a)
                 PC 314(1)
```

SOFT GO ✓

```
        PX      01/22/19
```

---

```
DIAZ, DEMETRIC                     195330-6  F  CUST    FRC      NO PD-DELLA-P  8:20
        CHARGES: PC 209(b)(1)
                 PC 211
                 PC 245(a)(2)
                 PC 245(a)(2)
                 PC 245(a)(2)
```

DDA: OCONS
Unit: VVC   ✓

```
        PX      01/22/19
```

CONFIRM

---

```
BRYANT, CLENZELL                   195330-6  F  CUST    FRC      NO KULUK     8:20
    2   CHARGES: PC 209(b)(1)
    2            PC 211
    2            VC 2800.2
    2
    2
```

DDA: OCONS
Unit: VVC   2 hrs ✓

```
        PX      01/22/19
```

CONFIRM

---

```
DUTRA, THOMAS ANDREW               195316-5  F  CUST    FRC      NO PD-FIERRO  8:20
        CHARGES: PC 496D(a)
                 PC 496D(a)
                 PC 496(a)
                 PC 148.9(a)
```

✓

```
        PX      01/22/19
```

---

```
FLORES, ESTEBAN SAMUEL             195423-9  F  CUST    FRC      NO PD-MCNAMAR  8:20
        CHARGES: PC 211
```

✓

```
        PX      01/23/19
```

TESLA-0001067

SUPERIOR COURT. COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO.

~PERIOR COURT OF CALIFORNI   PITTSBURG                     04-195330-6   01

## FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES

PA RATE-H

DEFENDANT: DIAZ, DEMETRIC _____ DEPT.004 _ DATE 1/15/2019 _ TIME 8:45 AM
ADDRESS 2821 MAYFLOWER DR _____ ANTIOCH _____ CA 94509 _ DOB 06/19/1995
ROC: PX _ FEL _____ PROB _____ DEFENSE ATTORNEY PD-DELLA-P _____ TIME [ ] (WAIVED)
CUSTODIAL STATUS:   CUST _____ TARGET: 2/08/
CHARGES: 01 F PC 209(b)(1) _____ 02 F PC 211 _____ 03 F PC 245(a)(2)
⊢ F PC 245(a)(2) _____ 05 F PC 245(a)(2) ____ W/E _ 1004-2/20

_____ MINUTES CERTIFIED CORRECT

| JUDGE MARY A O'MALLEY | COURT REPORTER M. HAYNES | CLERK D. MURGUIA |
|---|---|---|
| ASSIGN TO DEPT. ___ JUDGE ___ | COURT REPORTER ___ | CLERK ___ |

| A P P E A R A N C E | A R R A I G N M E N T | W A R R A N T / B A I L |
|---|---|---|
| ☐ Def proceeds PRO PER ☐ Appearance waived ☐ Def appears in Custody ☐ Def not appearing ☑ With / by Atty (Pub Def) ADO _ Freyre ☐ Deputy District Atty _ O'Connell ☐ Court Probation Officer ___ ☐ Interp. _____ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893 ☐ Order _____ Interp. ☐ Coord. Notified ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | Handed copy of: ☐ Petition to Revoke ☐ Information / Indictment ☐ PX / GJ transcript ☐ Complaint/Discovery ☐ Bail Study ☐ Formal arraignment waived / Reading of Complt. ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. ☐ Answers true name as charged _____ ☐ Deny enhancements ☐ Plea of not guilty entered ☐ Time not waived _ ☐ PC977 waiver filed | ☐ Bench Warrant to issue ☐ Bail set at $_____ ☐ No Cite/PTA release ☐ No vol appr ☐ Hold until _____ ☐ Bail forfeited & continued 190 days ☐ Recalled ☐ Set aside ☐ Remain out ☐ Bail exonerated ☐ Bail forfeiture set aside & reinstated upon payment of fee $_____ |

| P L E A S / W A I V E R | C O N D S | C O N T I N U A N C E S |
|---|---|---|
| ☐ Written plea filed ☐ Pleads Guilty, Ct. # ___ ☐ Pleads no contest, Found Guilty Ct # ___ ☐ Pleads Not guilty / Found Not guilty by reason of insanity ☐ Admits / denies: priors / enhancements / strikes ☐ Rights given / waived ☐ App. Rights given / waived ☐ Per PC1192.5 ☐ Time for Misdo Trial / Sent waived / not waived ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived ☐ Time for PV – 15 / 45 days waived / not waived ☑ Other _ A counsel.il _ 1050.1 cont's | ☐ Obey all laws ☐ Use true name / DOB ☐ Do Not use any alcohol / drugs w/o Rx ☐ Attend ___ AA / NA meetings per week and present proof at each court appearance ☐ Submit to search/testing for _____ ☐ Re-ref / Reinstate L1 / L2 / PCDDP ☐ Not drive unless properly licensed and insured. ☐ Destroy / Return Weapon ☐ SCRAM / GPS ☐ Ordered ☐ Removed | ☐ TRIAL: RC/ERC) 1/18 8:20 PX: 1/22 8:45 D4 PTC/SET: _____ ☐ FUTURE DATES CONFIRMED ☐ Time waived to _____ +10 / 60 days ☐ Vacate date of _____ ☑ Def (must) / need not appear 1/22 ☐ Trailing _____ Last Day _____ |

| M O T I O N S / O R D E R S | P R O B A T I O N / P A R O L E | P C 1 3 6 8 |
|---|---|---|
| ☐ Defendant held to answer at PX hearing ☐ People / Def Motion to / for / court _____ ☐ People / Def objected ☐ No action taken ☐ Granted ☐ Denied ☐ Submitted ☐ Info / Indictment/Complaint amended on its face to add Ct # _____ a violation of section _____ Fel / Misd ☐ Pursuant to 23103.5 CVC ☐ Substitute misdemeanor for felony where it appears in Ct # _____ ☐ Per Court / DA dismiss Ct # _____ ☐ Per Court / DA dismiss Enhancements / Strikes Reasons: _____ ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim / DA ☐ Stay away from _____ | ☐ Court / Formal Prob. ___ yrs. ___ mos. ☐ No Probation ☐ Adult Pre-Trial / Post Plea / Diversion ☐ Prob / Div / Parole / PRCS Reinst'd / Ext./ Modif. to _____ ☐ Def given / waived rights to Revoc Hg: admits / denies allegation ☐ Violation of Prob./ Div. / Parole / PRCS ☐ Prob. / Div. / Parole / PRCS revoked ☐ In re law matter closed ☐ Prob. / Div / PRCS: Terminated: Successfully / Unsuccessfully / Denied ☐ Crim. proceedings susp. / reinstated / dism. ☐ Standard terms & cond. of Probation given ☐ PC 296 sample ordered / verified ☐ Parole violation(s) sustained / not sustained | ☐ Counsel declares doubt / ☐ Crim proc susp ☐ Court appoints Dr. _____ Purs. PC288.1 / PC1368 ☐ Counsel submit on Dr / CONREP Report dated _____ marked as EXH ___ ☐ Court finds def competent / incompetent to stand trial ☐ Court refers def to CONREP / Adult MH ☐ Def committed to _____ Max term of commitment _____ Local custody credits _____ ☐ Meds voluntary / involuntary / no consent ☐ Criminal proceedings reinstated |

| F I N E S / F E E S | C O M M I T M E N T | (right column) |
|---|---|---|
| ☐ RFS _____ [PC1202.4] ☐ Fine $ _____ ☐ Prob. Viol. Fine $ _____ ☐ PVRF/PRCS $ _____ [PC1202.44] suspended / imposed [PC1202.44] ☐ Victim restitution $ _____ ☐ Victim restitution   TBD / Not ordered ☐ VCB $ _____ ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41Theft fee ☐ CJA govt. code 29550 et. seq. $ _____ COA $ _____ CCA $ _____ Lab $ _____ Drug Ed $ _____ Atty Fees $ _____ ☐ Prob. Report Fee $ _____ ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine _____ hours Volunteer work by _____ Fee $ _____ ☐ Balance of fines / fees / rest. to remain as ordered ☐ Make payments to AllianceOne. ☐ Other _____ | ☐ County jail _____ days / mos / yrs ☐ _____ days / mos / yrs credit ☐ _____ days / mos / yrs suspended ☐ Sentence to commence _____ ☐ Serve consecutive / concurrent with: _____ ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD ☐ Release from custody to program ☐ Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program ☐ PC 290 registration ☐ SARATSO ☐ Sent. recall purs. to 1170.18 / Prop 47 dent resent. ☐ See attached additional orders | State Prison _____ yrs _____ mos County Jail ___ yrs ___ mos ___ days Mand. Sup. ___ yrs ___ mos ___ days CT ___ L M U ___ yrs ___ mos (cc) (cs) CT ___ L M U ___ yrs ___ mos (cc) (cs) CT ___ L M U ___ yrs ___ mos (cc) (cs) CT ___ L M U ___ yrs ___ mos (cc) (cs) ENH _____ yrs ___ mos ENH _____ yrs ___ mos ACTUAL CTS _____ CONDUCT CTS _____ ☐ ½ time credits ☐ Parole / PRCS advisement given ☐ Paper commitment |

☑ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls
Bail set in the amount of $ _ 1,250,000 _ ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full
TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.
DATED: 1/15/2019 _____ MARY A O'MALLEY
_____ JUDGE OF THE SUPERIOR COURT

See back of form for additional information      WHITE = Court   GREEN = Jail (if in custody)   CANARY = Defendant   PINK = Probation   GOLDENROD = CCU      CR-3013 (Rev. 9/8/17)

TESLA-0001068

From CCC DISTRICT ATTORNEY          925 646 4174          01/11/2019 12:46          #837 P.004/011

```
              PITT FRC                      01/11/2019  8:20              PAGE    3
              JUDGE MARY A O'MALLEY         DEPARTMENT  004
```

---

CRENSHAW, ARTIS MALCOM          194996-5   F   CUST   FRC          PD-ASKELAN  8:20
    CHARGES:  PC 29800(a)(1)
           PC 25850(a)
           HS 11370.1(a)
           PC 148(a)(1)

                           *Vacate* ✓

      PX     01/16/19

---

DAIGLE, NICHOLAS CONRAD         192988-4   F   CUST   FRC          BROOKS      8:20
    CHARGES:  PC 289(d)
           PC 243.4(e)(1)           DDA:   KOLKJ
           PC 314(1)                 UNIT:  SAU
           PC 243.4(e)(1)
           PC 647(a)                                          ✓

      PX     01/16/19       *VACATE*

---

DELVALLE, AMANDA LYNN-KARLEE     194037-8   F   OR     FRC          PD-FIERRO   8:20
    CHARGES:  VC 10851(a)
           PC 496D(a)

                      *Confirm* ✓

      PX     01/16/19

---

DIALS, SEAN MIGUEL              195364-5   F   CUST   FRC          NO ADO-YOUNG 8:20
    CHARGES:  PC 29800(a)(1)
           PC 29825(a)
           PC 30305(a)(1)
           PC 417(b)                   *Vacate* ✓
           PC 422(a)

      PX     01/16/19

---

ESTRADA, JOSE MANUEL-NUNEZ       192539-5   F   OR     FRC          PD-OSBORNE  8:20
    CHARGES:  VC 23153(a)
           VC 23153(b)
           VC 12500(a)                                 ✓

SPANISH   PX     01/15/19

*Diaz, Demetric          4-195330-6                          Della-Piana*

*PC 209(b)(1)                          Confirm ✓*

*PX  1/15  AM          DDA: OCONS*
*                unit VVC*

*Bryant, Glenzell          4-195330-6                          Kulak*

*PC 209(b)(1)          DDA: OCONS          Confirm*
*PX  1/15  AM                          unit VVC*

TESLA-0001069

SUPERIOR COURT. COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

JPERIOR COURT OF CALIFORNI   PITTSBURG

DOCKET NO.
04-195330-6   01

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

DEFENDANT: DIAZ, DEMETRIC ___ DEPT. 004 ___ DATE 1/09/2019   8:45 AM

ADDRESS 2821 MAYFLOWER DR ___ ANTIOCH ___ CA 94509 ___ DOB 06/19/1995

ROC PX ___ FEL ___ PROB ___ DEFENSE ATTORNEY PD-DELLA-P ___ TIME ___ NOT ___ WAIVED

TARGET: 2/08/

CUSTODIAL STATUS: ___ CUST

CHARGES: 01 F PC 209(b)(1) ___ 02 F PC 211 ___ 03 F PC 245(a)(2)

4 F PC 245(a)(2)   05 F PC 245(a)(2)   W/E

MINUTES CERTIFIED CORRECT

| JUDGE MARY A O'MALLEY | COURT REPORTER M. HAYNES | CLERK D. MURGUIA |
|---|---|---|
| ASSIGN TO DEPT. ___ JUDGE ___ | COURT REPORTER ___ | CLERK ___ |

<table>
<tr><td rowspan="2">A P P E A R A N C E</td><td>☐ Def proceeds PRO PER  ☐ Appearance waived</td><td rowspan="2">A R R A I G N M E N T</td><td>Handed copy of: ☐ Petition to Revoke</td><td rowspan="2">W A R R A N T / B A I L</td><td>☐ Bench Warrant to issue</td></tr>
<tr><td>☐ Def appears ☒ In Custody ☐ Def not appearing</td><td>☐ Information / Indictment ☐ PX / GJ transcript</td><td>Bail set at $ ___</td></tr>
<tr><td>☒ With / by Atty</td><td>☐ Complaint/Discovery  ☐ Bail Study</td><td>☐ No Cite/PTA release ☐ No vol app</td></tr>
<tr><td>☒ Deputy District Atty</td><td>☐ Formal arraignment waived / Reading of Complt.</td><td>☐ Hold until ___</td></tr>
<tr><td>☐ Court Probation Officer</td><td>☐ Duly arraigned ☐ Video ☐ on Prob. Viol.</td><td>☐ Bail forfeited & continued 100 days</td></tr>
<tr><td>☐ Interp. ___ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893</td><td>☐ Answers true name as charged</td><td>☐ Recalled ☐ Set aside ☐ Remain out</td></tr>
<tr><td>☐ Order ___ Interp. ☐ Coord. Notified</td><td>☐ Deny enhancements</td><td>☐ Bail exonerated</td></tr>
<tr><td>☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified</td><td>☐ Plea of not guilty entered</td><td>☐ Bail forfeiture set aside & reinstated upon payment of fee $ ___</td></tr>
<tr><td>☐ PD / ADO / PVT ☐ appoint'd ☐ relieved ☐ appt'd<br>☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied</td><td>☐ Time not waived ☐ PC977 waiver filed</td><td></td></tr>
</table>

<table>
<tr><td rowspan="2">P L E A S / W A I V E R S</td><td>☐ Written plea filed ☐ Pleads Guilty, Ct. # ___</td><td rowspan="2">O R<br>C O N S</td><td>☐ Obey all laws ☐ Use true name / DOB</td><td rowspan="2">C O N T I N U A N C E S</td><td>☐ TRIAL:</td></tr>
<tr><td>☐ Pleads no contest, Found Guilty Ct. # ___</td><td>☐ Do Not use any alcohol / drugs w/o Rx</td><td>REFERC: 1/11  8:20</td></tr>
<tr><td>☐ Pleads Not guilty / Found Not guilty by reason of insanity</td><td>☐ Attend ___ AA / NA meetings per week and present proof at each court appearance</td><td>PX: 1/15  8:45 D4</td></tr>
<tr><td>☐ Admits / denies: priors / enhancements / strikes</td><td>☐ Submit to search/testing for</td><td>PTC/SET: ___</td></tr>
<tr><td>☐ Rights given / waived ☐ App. Rights given / waived</td><td>☐ Re-ref / Reinstate L1 / L2 / PCDDP</td><td>☐ FUTURE DATES CONFIRMED</td></tr>
<tr><td>☐ Per PC1191.5</td><td>☐ Not drive unless properly licensed and insured.</td><td>☐ Time waived to ___ +10 / 60 days</td></tr>
<tr><td>☐ Time for Misdo Trial / Sent waived / not waived</td><td>☐ Destroy / Return Weapon</td><td>☐ Vacate date of ___</td></tr>
<tr><td>☒ Time for Fel PX Trial 10 / 60 days waived / not waived</td><td>☐ SCRAM / GPS ☐ Ordered ☐ Removed</td><td>☒ Def must / need-not appear  1/15</td></tr>
<tr><td>☐ Time for PV - 15 / 45 days waived / not waived</td><td></td><td>☐ Trailing<br>Last Day ___</td></tr>
<tr><td>☐ Other ___</td><td></td><td></td></tr>
</table>

<table>
<tr><td rowspan="2">M O T I O N S / O R D E R S</td><td>☐ Defendant held to answer at PX hearing</td><td rowspan="2">P R O B A T I O N / P A R O L E</td><td>☐ Court / Formal Prob. ___ yrs. ___ mos.</td><td rowspan="2">P C 1 3 6 8 / 1 3 7 0</td><td>☐ Counsel declares doubt / ☐ Crim proc susp</td></tr>
<tr><td>☐ People / Def Motion to / for / cont ___</td><td>☐ No Probation</td><td>☐ Court appoints Dr. ___</td></tr>
<tr><td>☐ People / Def objected ☐ No action taken</td><td>☐ Adult Pre-Trial / Post Plea / Diversion</td><td>Purs. PC288.1 / PC1368</td></tr>
<tr><td>☐ Granted ☐ Denied ☐ Submitted</td><td>☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif.</td><td>☐ Counsel submit on Dr / CONREP Report</td></tr>
<tr><td>☐ Info / Indictment/Complaint amended on its face to add Ct # ___ a violation of section ___ Fel / Misd</td><td>to ___<br>☐ Def given / waived rights to Revoc Hg: admits / denies allegation</td><td>dated ___ marked as EXH___<br>☐ Court finds def competent / incompetent to stand trial</td></tr>
<tr><td>☐ Pursuant to 23103.5 CVC</td><td>☐ Violation of Prob./ Div./ Parole / PRCS</td><td>☐ Court refers def to CONREP / Adult MH</td></tr>
<tr><td>☐ Substitute misdemeanor for felony where it appears in Ct # ___</td><td>☐ Prob./ Div./ Parole / PRCS revoked</td><td>☐ Def committed to ___</td></tr>
<tr><td>☐ Per Court / DA dismiss Ct # ___</td><td>☐ In re law notice given</td><td>Max term of commitment ___</td></tr>
<tr><td>☐ Per Court / DA dismiss Enhancements / Strikes Reasons: ___</td><td>☐ Prob./ Div./ PRCS: Terminated:<br>Successfully / Unsuccessfully / Denied</td><td>Local custody credits ___<br>☐ Meds voluntary / involuntary / no consent</td></tr>
<tr><td>☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim ☐ DA</td><td>☐ Crim. proceedings susp. / reinstated / dism.<br>☐ Standard terms & cond. of Probation given</td><td>☐ Criminal proceedings reinstated</td></tr>
<tr><td>☐ Stay away from ___</td><td>☐ PC 296 sample ordered / verified<br>☐ Parole violation(s) sustained / not sustained</td><td></td></tr>
</table>

<table>
<tr><td rowspan="2">F I N E S</td><td>☐ RF$ ___ [PC1202.4]  ☐ Fine $ ___</td><td rowspan="2">C O M M I T M E N T S</td><td>☐ County jail ___ days / mos / yrs</td><td>State Prison ___ yrs ___ mos</td></tr>
<tr><td>☐ Prob. Viol. Fine $ ___ ☐ PVRF/PRCS $ ___<br>[PC1202.4] suspended / imposed [PC1202.44]</td><td>☐ ___ days / mos / yrs credit</td><td>County Jail ___ yrs ___ mos ___ days<br>Mand. Sup. ___ yrs ___ mos ___ days</td></tr>
<tr><td>☐ Victim restitution $ ___</td><td>☐ ___ days / mos / yrs suspended</td><td>CT ___ L M U ___ yrs ___ mos (cc) (cs)</td></tr>
<tr><td>☐ Victim restitution TBD / Not ordered</td><td>☐ Sentence to commence ___</td><td>CT ___ L M U ___ yrs ___ mos (cc) (cs)</td></tr>
<tr><td>☐ VCB $ ___</td><td>☐ Serve consecutive / concurrent with:</td><td>CT ___ L M U ___ yrs ___ mos (cc) (cs)</td></tr>
<tr><td>☐ $10 Cite Fee ☐ $25 O.R. ☐ $41 Theft fee</td><td></td><td>CT ___ L M U ___ yrs ___ mos (cc) (cs)</td></tr>
<tr><td>☐ CJA govt. code 29550 et. seq. $ ___<br>COA $ ___ CCA $ ___</td><td>☐ Jail ☐ SWAP ☐ No EHD ☐ EHD</td><td>ENH ___ yrs ___ mos<br>ENH ___ yrs ___ mos</td></tr>
<tr><td>Lab $ ___ Drug Ed $ ___</td><td>☐ Release from custody to program</td><td>ACTUAL CTS ___</td></tr>
<tr><td>Atty Fees $ ___ ☐ Prob. Report Fee $ ___</td><td>☐ Day-for-day credit for successful completion of approved ___ day / mo / yr residential treatment program</td><td>CONDUCT CTS ___</td></tr>
<tr><td>☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine<br>☐ ___ hours Volunteer work by ___ Fee $ ___</td><td>☐ PC 290 registration ☐ SARATSO</td><td>☐ ½ time credits</td></tr>
<tr><td>☐ Balance of fines / fees / rest. to remain as ordered</td><td>☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent.</td><td>☐ Parole / PRCS advisement given</td></tr>
<tr><td>☐ Make payments to AllianceOne.<br>☐ Other ___</td><td>☐ See attached additional orders</td><td>☐ Paper commitment</td></tr>
</table>

☐ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls

Bail set in the amount of $ _1,250,000_ ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: 1/09/2019 ___ MARY A O'MALLEY ___ JUDGE OF THE SUPERIOR COURT

See back of form for additional information ___ WHITE - Court ___ GREEN - Jail (if in custody) ___ CANARY - Defendant ___ PINK - Probation ___ GOLDENROD - GCU ___ CR-3013 (Rev 9/8/17)

TESLA-0001070

From:CCC DISTRICT ATTORNEY          925 646 4174          01/04/2019 12:07          #815 P.004/008

```
              PITT FRC                    01/04/2019  8:20         PAGE    3
              JUDGE MARY A O'MALLEY       DEPARTMENT  004
```

---

```
DIAZ, DEMETRIC                    195330-6  F  CUST    FRC       NO PD-DELLA-P  8:20
        CHARGES:  PC 209(b)(1)
                  PC 211
                  PC 245(a)(2)                [ VVC ]
                  PC 245(a)(2)
                  PC 245(a)(2)                                              ✓

              PX     01/09/19                      CONFIRM
```

---

```
BRYANT, CLENZELL                  195330-6  F  CUST    FRC       NO EISENHART  8:20
   2    CHARGES:  PC 209(b)(1)                            ADO KULUK
   2              PC 211
   2              VC 2800.2          [ VVC ]
   2                                                                       ✓
   2
              PX     01/09/19            CONFIRM
```

---

```
DUNN, STEPHAN CHRISTOPHER          194185-5  F  OR      FRC       ADO-YOUNG  8:20
        CHARGES:  VC 23153(a)
                  VC 23153(b)
                                            VACATE.                        ✓

              PX     01/08/19
```

---

```
FRAIRE, ROBERTO ZUNIGA             191495-1  F  CUST    FRC       PD-DELLA-P  8:20
        CHARGES:  VC 23152(a)&235
                  VC 23152(b)&235
                  VC 14601.2(a)
                  VC 23247(e)
                                                                          ✓
SPANISH
              PX     01/09/19               CONFIRM
```

---

```
GARCIA, JULIO CESAR                191995-0  F  CUST    FRC       MORRIS  8:20
        CHARGES:  PC 246
                  PC 246.3(a)
                  PC 29800(a)(1)
                  PC 496(a)


              PX     01/08/19
                                                                          ✓
```

VACATE

TESLA-0001071

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO.

~~JPERIOR COURT OF CALIFORNI   PITTSBURG~~   04-195330-6   01

PA RATE-H

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

DEFENDANT: DIAZ, DEMETRIC                    DEPT. 034   DATE 2/28/2018   TIME 8:45 AM

ADDRESS 2821 MAYFLOWER DR          ANTIOCH          CA  94509   DOB: 06/19/1995

ROC: ARR   FEL _____   PROB _____   DEFENSE ATTORNEY _____   TIME _____ WAIVED

CUSTODIAL STATUS:   WARR

CHARGES: 01 F PC 209(b)(1)      02 F PC 211      03 F PC 245(a)(2)

F PC 245(a)(2)      05 F PC 245(a)(2)      W/E

MINUTES CERTIFIED CORRECT

JUDGE  LEONARD MARQUEZ

COURT REPORTER ~~D.B. THOMPSON~~   CLERK  L. BECNEL

ASSIGN TO DEPT. _____   JUDGE _____

COURT REPORTER  BJ Enea CSR#2599

| | | |
|---|---|---|
| **A P P E A R A N C E** | **A R R A I G N M E N T** | **W A R R** | |
| | | **B A I L** | |

**APPEARANCE**
- ☑ Def proceeds PRO PER ☐ Appearance waived
- ☑ Def appears ☐ In Custody ☐ Def not appearing
- ☑ With / by Atty: Pub Def / ADO _Paris_
- ☑ Deputy District Atty: _Tompkins_
- ☐ Court Probation Officer _____
- ☐ Interp. _____ ☐ Cert. / non-cert. sworn / oath on file / qualified per Rule 2.893
- ☐ Order _____ Interp. / Coord. Notified
- ☑ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified
- ☑ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd
- ☑ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied

**ARRAIGNMENT**
Handed copy of: ☐ Petition to Revoke
- ☐ Information / Indictment ☐ PX / GJ transcript
- ☑ Complaint/Discovery ☐ Bail Study
- ☑ Formal arraignment waived / Reading of Compl.
- ☐ Duly arraigned ☐ Video ☐ on Prob. Viol.
- ☑ Answers true name as charged
- ☐ Deny enhancements
- ☑ Plea of not guilty entered
- ☑ Time not waived _____ ☐ PC977 waiver filed

**WARR / BAIL**
- ☐ Bench Warrant to issue
- Bail set at $ _____
- ☐ No Cite/PTA release ☐ No vol app
- ☐ Hold until _____
- ☐ Bail forfeited & continued 190 days
- ☑ Recalled ☐ Set aside ☐ Remain out
- ☐ Bail exonerated
- ☐ Bail forfeiture set aside & reinstated upon payment of fee $ _____

**PLEAS / WAIVERS**
- ☐ Written plea filed ☐ Pleads Guilty, Ct. # _____
- ☐ Pleads no contest, Found Guilty Ct # _____
- ☐ Pleads Not guilty / Found Not guilty by reason of insanity
- ☐ Admits / denies: priors / enhancements / strikes
- ☐ Rights given / waived ☐ App. Rights given / waived
- ☐ Per PC1192.5
- ☐ Time for Misdo Trial / Sent waived / not waived
- ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived
- ☐ Time for PV – 15 / 45 days waived / not waived
- ☐ Other _____

**OR / CONDS**
- ☐ Obey all laws ☐ Use true name / DOB
- ☐ Do Not use any alcohol / drugs w/o Rx
- ☐ Attend ___ AA / NA meetings per week and present proof at each court appearance
- ☐ Submit to search/testing for _____
- ☐ Re-ref / Reinstate L1 / L2 / PCDDP
- ☐ Not drive unless properly licensed and insured.
- ☐ Destroy / Return Weapon
- ☐ SCRAM / GPS ☐ Ordered ☐ Removed

**CONTINUANCES**
- ☐ TRIAL _____
- PCI/ERC: __114__ __820__
- PX: __119 045 D4__
- PX/C/SET: _____
- Bail __119 045 D4__
- ☐ FUTURE DATES CONFIRMED
- ☐ Time waived to _____ +10 / 60 days
- ☐ Vacate date of _____ __119__
- ☑ Def must / need not appear __119__
- ☐ Trailing _____
- Last Day __10=1/14__ (60=2/26)

**MOTIONS / ORDERS**
- ☐ Defendant held to answer at PX hearing
- ☐ People / Def Motion to _____ for / cont _____
- ☐ People / Def objected ☐ No action taken
- ☐ Granted ☐ Denied ☐ Submitted
- ☐ Info / Indictment/Complaint amended on its face to add Ct # _____ a violation of section _____ Fel / Misd
- ☐ Pursuant to 23103.5 CVC
- ☐ Substitute misdemeanor for felony where it appears in Ct # _____
- ☐ Per Court / DA dismiss Ct # _____
- ☐ Per Court / DA dismiss Enhancements / Strikes Reasons: _____
- ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim / DA
- ☐ Stay away from _____

**PROBATION / DIVERSION / PAROLE**
- ☐ Court / Formal Prob. _____ yrs. _____ mos.
- ☐ No Probation
- ☐ Adult Pre-Trial / Post Plea / Diversion
- ☐ Prob. Div./ Parole / PRCS Reinst'd / Ext./ Modif. to _____
- ☐ Def given / waived rights to Revoc Hg: admits / denies allegation
- ☐ Violation of Prob./ Div. / Parole / PRCS
- ☐ Prob. / Div. / Parole / PRCS revoked
- ☐ In re law notice given
- ☐ Prob. / Div / PRCS: Terminated: Successfully / Unsuccessfully / Denied
- ☐ Crim. proceedings susp. / reinstated / dism.
- ☐ Standard terms & cond. of Probation given
- ☐ PC 296 sample ordered / verified
- ☐ Parole violation(s) sustained / not sustained

**PC1368**
- ☐ Counsel declares doubt / ☐ Crim proc susp
- ☐ Court appoints Dr. _____ Purs. PC288.1 / PC1368
- ☐ Counsel submit on Dr / CONREP Report dated _____ marked as EXH _____
- ☐ Court finds def competent / incompetent to stand trial
- ☐ Court refers def to CONREP / Adult MH
- ☐ Def committed to _____ Max term of commitment _____ Local custody credits _____
- ☐ Meds voluntary / involuntary / no consent
- ☐ Criminal proceedings reinstated

**FINES / FEES**
- ☐ RF$ _____ [PC1202.4] ☐ Fine $ _____
- ☐ Prob. Viol. Fine $ _____ ☐ PVRF/PRCS $ _____ [PC1202.44] suspended / imposed [PC1202.44]
- ☐ Victim restitution $ _____
- ☐ Victim restitution   TBD / Not ordered
- ☐ VCB $ _____
- ☐ $10 Cito Fee ☐ $25 O.R. ☐ $41Theft fee
- ☐ CJA govt. code 29550 et. seq. $ _____
   COA $ _____ CCA $ _____
   Lab $ _____ Drug Ed $ _____
   Atty Fees $ _____ ☐ Prob. Report Fee $ _____
- ☐ Pay bal. of fine/ ☐ in lieu of fine/ ☐ Susp. after fine _____ hours Volunteer work by _____ Fee $ _____
- ☐ Balance of fines / fees / rest. to remain as ordered
- ☐ Make payments to AllianceOne.
- ☐ Other _____

**COMMITMENT**
- ☐ County jail _____ days / mos / yrs
- ☐ _____ days / mos / yrs credit
- ☐ _____ days / mos / yrs suspended
- ☐ Sentence to commence _____
- ☐ Serve consecutive / concurrent with:
- ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD
- ☐ Release from custody to program
- ☐ Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program
- ☐ PC 290 registration ☐ SARATSO
- ☐ Sent. recall purs. to 1170.18 / Prop 47 sent resent.
- ☐ See attached additional orders

State Prison _____ yrs _____ mos
County Jail _____ yrs _____ mos _____ days
Mand. Sup. _____ yrs _____ mos _____ days
CT ___ L M U _____ yrs _____ mos (cc) (cs)
CT ___ L M U _____ yrs _____ mos (cc) (cs)
CT ___ L M U _____ yrs _____ mos (cc) (cs)
CT ___ L M U _____ yrs _____ mos (cc) (cs)
ENH _____ _____ yrs _____ mos
ENH _____ _____ yrs _____ mos
ACTUAL CTS _____
CONDUCT CTS _____
- ☐ ½ time credits
- ☐ Parole / PRCS advisement given
- ☐ Paper commitment

☑ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls

☐ Bail set in the amount of $ _1,000,000_   ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF; COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: 2/28/2018                    LEONARD MARQUEZ

JUDGE OF THE SUPERIOR COURT

TESLA-0001072

Superior Court of California
County Of Contra Costa

F I L E D

DEC 27 2018

THE PEOPLE OF THE STATE OF CALIFORNIA,

vs.

DEMETRIC DIAZ.

No.04-195330-6

DECLARATION IN SUPPORT
OF WARRANT FOR ARREST

The Undersigned Declares:

Affiant holds the position of Officer, with the Brentwood Police Department, who has reviewed the reports of an official police investigation into the above entitled cause.   Attached hereto and incorporated herein by reference as if fully set forth are copies of the documents, referenced below, related to that investigation.

| Police Agency | Case Number |
|---|---|
| Brentwood Police Department | 18-6244 |

The above referenced documents were prepared in the ordinary course of business of the investigating agency, and pursuant to the sworn duty of the subscribing officers.   Affiant is informed and believes that the above referenced defendant committed the offense[s] alleged in the accompanying complaint in the manner and by the means as set forth in said complaint and in said incorporated documents, and prays:

( X )   That A Warrant Be Issued For The Arrest Of Said Defendant
( X )   Defendant Be Held In-Custody Until Bail Is Posted

I declare under penalty of perjury that the foregoing is true and correct.

Date:   December 26, 2018

Officer Barrera, Badge # 598
DET. PEACHMAN, #478

**ORDER**

The Court finds, based on the foregoing declaration and accompanying complaint, that there is probable cause to believe the above named defendant committed the crime[s] alleged in that complaint, and orders:

( X )   A Warrant Be Issued For The Arrest Of Said Defendant
( X )   Defendant Be Held In-Custody Until Bail Is Posted
( X )   The Defendant Is To Be Admitted To Bail In The Sum Of $ 1,250,000 Dollars.

Date:   DEC 2 7 2018

Judge of the Superior Court
Contra Costa County

TESLA-0001073

SUPERIOR COURT COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA
PITTSBURG

CLERKS DOCKET AND MINUTES

REV CODE O4421

CASE NO: 195330 6 01

| THE PEOPLE OF THE STATE OF CALIFORNIA | CO-DEFENDANTS |
|---|---|
| Vs. | |
| DEMETRIC DIAZ | 2  CLENZELL BRYANT |
| 2821 MAYFLOWER DR | |
| ANTIOCH        CA 94509 | |

DATE OF BIRTH: 06/19/95

D/L F4511705   CA

| DATE | CHARGES |
|---|---|

```
12/27/18 : COMPLAINT FILED, SWORN TO BY OFC BARRERA              36 CHARGING
         : DEFENDANT (S) WITH HAVING COMMITTED ON OR ABOUT 12/21/18
         : A FELONY TO WIT: A VIOLATION OF SECTION(S)
         :    1 PC 209(b)(1)          KIDNAPPING TO COMMIT ANOTHER CRIME
         :    2 PC 211                SECOND DEGREE ROBBERY
         :    3 PC 245(a)(2)          ASSAULT WITH A FIREARM
         :    4 PC 245(a)(2)          ASSAULT WITH A FIREARM
         :    5 PC 245(a)(2)          ASSAULT WITH A FIREARM
```

| JUDGE | PROCEEDINGS |
|---|---|

```
              SET FOR ARR   ON 12/28/18 AT  8:45

              DOCKET: COF PURPLE
```

_____ $10 (SIGNED CITE)
_____ $25 (BOOKING FEE)
_____ $_____(CJA FEE)
_____ SERVE PROTECTIVE ORDER
_____ CCA FEE ($30 / $35 PER CONV)
_____ SECURITY FEE ($40 PER CONV)

TESLA-0001074

## Superior Court of California, County of Contra Costa

## BOOKING FEE REIMBURSEMENT NOTICE

| To Be Completed by Arresting Agency: | ☒ Brentwood  1806e24U | ☐ Oakley |
| --- | --- | --- |
| Defendant's Name: _Diaz, Demetric_ | ☐ CHP | ☐ Orinda |
| | ☐ Danville | ☐ San Ramon |
| Arresting Agency: _Brentwood Police Department_ | ☐ East Bay Reg. Parks | ☐ Sheriff |
| | ☐ El Cerrito | ☐ Walnut Creek |
| Arresting Agency's Contact Phone No.: _(925) 634-6911_ | ☐ Lafayette | |

**To Be Completed by Arresting Agency:**

Defendant's Name: _Diaz, Demetric_

Arresting Agency: _Brentwood Police Department_

Arresting Agency's
Contact Phone No.: _(925) 634-6911_

CJA Fee Incurred Under Booking No.: _CC18 KU(e0)_

Verified By: _508_

Name & Title: _T. Thomas - Records Clerk_
(PLEASE PRINT)

**To Be Completed by the Court:**

Court Case No.: _____

Sentenced: _____

Amount: _____

### INFORMATION FOR DEFENDANTS REGARDING
### ASSESSMENT OF A CRIMINAL JUSTICE ADMINISTRATION FEE

Following your conviction, the Court has ordered that you reimburse the local arresting agency for fingerprinting and booking costs incurred on your behalf in the above action pursuant to Section 29550 of the Government Code.

☐ YOU HAVE <u>NOT</u> BEEN ORDERED TO SERVE JAIL OR OTHER CUSTODY TIME.
   Contact AllianceOne at (877) 541-8420 to make a payment in full or to arrange a payment plan.

☐ YOU HAVE BEEN ORDERED TO SERVE JAIL OR OTHER CUSTODY TIME.
   You must pay the amount designated above within 20 working days after release from jail/state prison/other facility.  Upon your release from custody, you must contact AllianceOne at (877) 541-8420.

If you believe you have insufficient assets to pay this fee you may request a hearing where the Court will make a determination of your ability to pay all or a portion of this fee.  If you wish to have a hearing, you must notify the Court or your attorney.  At that hearing you will have the right to counsel, to present evidence and confront and cross examine witnesses.  In addition, the court will order you to appear before a Financial Evaluation Officer who will make an inquiry regarding your ability to pay this fee and make a recommendation to the Court about your ability to pay.  If you fail to contact the Financial Evaluation Officer, you waive your right to a hearing.

Contact the Court Collections Unit (CCU) regarding your ability to pay:  (925) 608-2605

DISTRIBUTION:     ORIGINAL – Court     CANARY – Defendant     PINK – Court File     GOLDENROD – Arresting Agency

Local Court Form
CR-143 Rev. 10/5/17

TESLA-0001075

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO. 5-190194-1

## FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES

DEFENDANT: Clenzel Bryant    DEPT. MCC   DATE 11/4/19   TIME 845

ADDRESS: _____ DOB: _____

ROC: _____ PROB _____ DEFENSE ATTORNEY _____ TIME _____ WAIVED

CUSTODIAL STATUS: S BOND $150,000 + PC 211

CHARGES: _____

MINUTES CERTIFIED CORRECT

JUDGE Canepa    COURT REPORTER Argyropoulos    CLERK Jary

ASSIGN TO DEPT. 5   JUDGE HARDIE   9:00/9:46   COURT REPORTER _____ CLERK _____

### APPEARANCE
- [ ] Def proceeds PRO PER / Appearance waived
- [ ] Def appears [ ] In Custody [✓] Def not appearing
- [✓] With / by Atty / Pub Def (ADO) Kuluk
- [ ] Deputy District Atty Not Sansoe
- [ ] Court Probation Officer
- [ ] Interp. _____ [ ] cert. [ ] non-cert. sworn / oath on file / qualified per Rule 2.893
- [ ] Order _____ [ ] Interp. Coord. Notified
- [ ] Refer to PD / PROB B Study / PPR / [ ] Confl. Notified
- [ ] PD / ADO / PVT [ ] accepts [ ] relieved [ ] appt'd
- [ ] 170.6 / 171 PC filed / Order [ ] Granted [ ] Denied

### ARRAIGNMENT
Handed copy of: [ ] Petition to Revoke
- [ ] Information / Indictment [ ] PX / GJ transcript
- [ ] Complaint/Discovery [ ] Bail Study
- [ ] Formal arraignment waived / Reading of Compl.
- [ ] Duly arraigned [ ] Video [ ] on Prob. Viol.
- [ ] Answers true name as charged
- [ ] Deny enhancements
- [ ] Plea of not guilty entered
- [ ] Time not waived [ ] PC977 waiver filed

### WARRANT / BAIL
- [✓] Bench Warrant to issue
- Bail set at $ 0
- [ ] No Cite/PTA release [ ] No vol app
- [ ] Hold until _____
- [ ] Bail forfeited & continued 190 days
- [✓] Recalled [ ] Set aside [ ] Remain out
- [ ] Bail exonerated
- [ ] Bail forfeiture set aside & reinstated upon payment of fee $

### PLEAS / WAIVERS
- [ ] Written plea filed [ ] Pleads Guilty, Ct. #
- [ ] Pleads no contest, Found Guilty Ct #
- [ ] Pleads Not guilty / Found Not guilty by reason of insanity
- [ ] Admits / denies: priors / enhancements / strikes
- [ ] Rights given / waived [✓] App. Rights given / waived
- [ ] Per PC1192.5
- [ ] Time for Misdo Trial / Sent waived / not waived
- [ ] Time for PX / Trial 10 / 60 days waived / not waived
- [ ] Time for PV – 15 / 45 days waived / not waived
- [ ] Other

### OR CONDS
- [ ] Obey all laws [ ] Use true name / DOB
- [ ] Do not use any alcohol / drugs w/o Rx
- [ ] Attend _____ AA / NA meetings per week and present proof at each court appearance
- [ ] Submit to search/testing for
- [ ] Re-ref / Reinstate L1 / L2 / PCDDP
- [ ] Not drive unless properly licensed and insured.
- [ ] Destroy / Return Weapon
- [ ] SCRAM / GPS [ ] Ordered [ ] Removed

### CONTINUANCES
- [ ] TRIAL: 1/6/20 @ 8:44 am MCC
- RC/FRC: 12/24/19 8:30 A-6
- PX: _____
- PTC/SET: _____
- [ ] FUTURE DATES CONFIRMED
- [✓] Time waived to 1/6 [ ] (10 / 60 days)
- [ ] Vacate date of _____
- [✓] Def must / need not appear 1/6/20
- [ ] Trailing
- Last Day _____

### MOTIONS / ORDERS
- [ ] Defendant held to answer at PX hearing
- [ ] People / Def Motion to / for / cont _____
- [ ] People / Def objected [ ] No action taken
- [ ] Granted [ ] Denied [ ] Submitted
- [ ] Info / Indictment/Complaint amended on its face to add Ct # _____ a violation of section _____ Fel / Misd
- [ ] Pursuant to 23103.5 CVC
- [ ] Substitute misdemeanor for felony where it appears in Ct # _____
- [ ] Per Court / DA dismiss Ct # _____
- [ ] Per Court / DA dismiss Enhancements / Strikes Reasons: _____
- [ ] Crim. protective order issued/modified/served on [ ] Deft. [ ] Victim [ ] DA
- [ ] Stay away from _____

### PROBATION / DIV / PAROLE
- [ ] Court / Formal Prob. _____ yrs. _____ mos.
- [ ] No Probation
- [ ] Adult Pre-Trial / Post Plea / Diversion
- [ ] Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. to _____
- [ ] Def given / waived rights to Revoc Hg: admits / denies allegation
- [ ] Violation of Prob./ Div. / Parole / PRCS
- [ ] Prob. / Div. / Parole / PRCS revoked
- [ ] In re law notice given
- [ ] Prob. / Div / PRCS: Terminated: Successfully / Unsuccessfully / Denied
- [ ] Crim. proceedings susp. / reinstated / dism.
- [ ] Standard terms & cond. of Probation given
- [ ] PC 296 sample ordered / verified
- [ ] Parole violation(s) sustained / not sustained

### PC 1370
- [ ] Counsel declares doubt / [ ] Crim proc susp
- [ ] Court appoints Dr. _____ Purs. PC288.1 / PC1368
- [ ] Counsel submit on Dr / CONREP Report dated _____ marked as EXH _____
- [ ] Court finds def competent / incompetent to stand trial
- [ ] Court refers def to CONREP / Adult MI I
- [ ] Def committed to _____ Max term of commitment _____ Local custody credits _____
- [ ] Meds voluntary / involuntary / no consent
- [ ] Criminal proceedings reinstated

### FINES
- [ ] RF$ _____ [PC1202.4] [ ] Fine $ _____
- [ ] Prob. Viol. Fine $ _____ [ ] PVRF/PRCS $ _____ [PC1202.44] suspended / imposed [PC1202.44]
- [ ] Victim restitution $ _____
- [ ] Victim restitution TBD / Not ordered
- [ ] VCB $ _____
- [ ] $10 Cite Fee [ ] $25 O.R. [ ] $41 Theft fee
- [ ] CJA govt. code 29550 et. seq. $ _____ COA $ _____ CCA $ _____ Lab $ _____
- [ ] Atty Fees $ _____ [ ] Prob. Report Fee $ _____
- [ ] Pay bal. of fine/ LI In lieu of fine/ Susp. after fine _____ hours Volunteer work by _____
- [ ] Balance of fines / fees / rest. to remain as ordered
- [ ] Make payments to Linebarger.
- [ ] Other _____

### COMMITMENTS / REGISTS
- [ ] County jail _____ days / mos / yrs
- [ ] _____ days / mos / yrs credit
- [ ] _____ days / mos / yrs suspended
- [ ] Sentence to commence _____
- [ ] Serve consecutive/ concurrent with _____
- [ ] Jail [ ] SWAP [ ] No EHD [ ] EHD
- [ ] Release from custody to program
- [ ] Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program
- [ ] PC 290 registration [ ] SARATSO
- [ ] Sent. recall purs. to 1170.18 / Prop 47 dept resent.
- [ ] See attached additional orders

### STATE PRISON
- State Prison _____ yrs _____ mos
- County Jail _____ yrs _____ mos _____ days
- Mand. Sup. _____ yrs _____ mos _____ days
- CT _____ L M U _____ yrs _____ mos (cc) (cs)
- CT _____ L M U _____ yrs _____ mos (cc) (cs)
- CT _____ L M U _____ yrs _____ mos (cc) (cs)
- CT _____ L M U _____ yrs _____ mos (cc) (cs)
- ENH _____ yrs _____ mos
- ENH _____ yrs _____ mos
- ACTUAL CTS _____
- CONDUCT CTS _____
- [ ] ½ time credits
- [ ] Parole / PRCS advisement given
- [ ] Paper commitment

REMANDED [ ] Court Courtesy [ ] Ordered released in the amount of $ _____ [ ] On OR [ ] Promise to Appear [✓] Cont'd on bond/cash bail posted [ ] Phone calls [ ] State Prison Commitment [ ] Committed to custody until sentence is satisfied in full

SHERIFF COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

11/4/19    T. Canepa / REBECCA C. HARDIE

JUDGE OF THE SUPERIOR COURT

WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU   CR 201 (Rev. 10/12/18)

TESLA-0001076

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO. _5-190194-1_

## FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES

DEFENDANT: _Bryant, Clenzeli_    DEPT. _MCC_   DATE _10/31/19_   TIME _1:30_

ADDRESS: _____ DOB: _____

ROC: _____ PROB _____ DEFENSE ATTORNEY _____ TIME _____ WAIVED

CUSTODIAL STATUS: _Sdond_ 

CHARGES: _+ PC 211_   (JT: 11/4   PC 10/23)

MINUTES CERTIFIED CORRECT

JUDGE _T. Canepa_    COURT REPORTER _M. Arapopoulos_    CLERK _A. Tang_

ASSIGN TO DEPT. _____ JUDGE _____   COURT REPORTER _____   CLERK _____

### APPEARANCE
- [ ] Def proceeds PRO PER [x] Appearance waived
- [ ] Def appears [ ] In Custody [ ] Def not appearing
- [x] With / by Atty / Pub Def / ADO _Kluck_
- [x] Deputy District Atty _Sm150P_
- [ ] Court Probation Officer
- [ ] Interp. _____ [ ] cert. [ ] non-cert. sworn / oath on file / qualified per Rule 2.893
- [ ] Order _____ Interp. [ ] Court Notified
- [ ] Refer to PD / PROB B Study / PPR / [ ] Confi. Notified
- [ ] PD / ADO / PVT [ ] accepts [ ] relieved [ ] appt'd
- [ ] 170.6 / 171 PC filed / Order [ ] Granted [ ] Denied

### ARRAIGNMENT
Handed copy of: [ ] Petition to Revoke
- [ ] Information / Indictment [ ] PX / GJ transcript
- [ ] Complaint/Discovery [ ] Bail Study
- [ ] Formal arraignment waived / Reading of Complaint
- [ ] Duly arraigned [ ] Video [ ] on Prob. Viol.
- [ ] Answers true name as charged
- [ ] Deny enhancements
- [ ] Plea of not guilty entered
- [ ] Time not waived [ ] PC977 waiver filed

### WARRANT/BAIL
- [ ] Bench Warrant to issue
- Bail set at $_____
- [ ] No Cite/PTA release [ ] No vol appr
- [ ] Hold until _____
- [ ] Bail forfeited & continued 190 days
- [ ] Recalled [ ] Set aside [ ] Remain out
- [ ] Bail exonerated
- [ ] Bail forfeiture set aside & reinstated upon payment of fee $_____

### PLEAS & WAIVERS
- [ ] Written plea filed [ ] Pleads Guilty, Ct. # _____
- [ ] Pleads no contest, Found Guilty Ct # _____
- [ ] Pleads Not guilty / Found Not guilty by reason of insanity
- [ ] Admits / denies: priors / enhancements / strikes
- [ ] Rights given / rights given / waived
- [ ] Per PC1192.5
- [ ] Time for Misdo Trial / Sent waived / not waived
- [ ] Time for Fel PX / Trial 10 / 60 days waived / not waived
- [ ] Time for PV – 15 / 45 days waived / not waived
- [ ] Other _____

### ORDER CONDS
- [ ] Obey all laws [ ] Use true name / DOB
- [ ] Do Not use any alcohol / drugs w/o Rx
- [ ] Attend ____ AA / NA meetings per week and present proof at each court appearance
- [ ] Submit to search/testing for _____
- [ ] Re-ref / Reinstate L1 / L2 / PCDDP
- [ ] Not drive unless properly licensed and insured.
- [ ] Destroy / Return Weapon
- [ ] SCRAM / GPS [ ] Ordered [ ] Removed

### CONTINUANCES
- TRIAL: _11/10 8:45 MCC_
- RC/FRC: _12/24 8:30 D6_
- PX: _____
- PTC/SET: _____
- [x] FUTURE DATES CONFIRMED
- [ ] Time waived to _____ +10 / 60 days
- [ ] Vacate date of _____
- [x] Def must / need not appear
- [ ] Trailing _____
- Last Day _____

### MOTIONS / ORDERS
- [ ] Defendant held to answer at PX hearing
- [x] People / Def Motion to / for (Cont.) _JT_
- [ ] People / Def objected [ ] No action taken
- [x] Granted [ ] Denied [ ] Submitted
- [ ] Info / Indictment/Complaint amended on its face to add _____ a violation of section _____ Fel / Misd
- [ ] Pursuant to 23103.5 CVC
- [ ] Substitute misdemeanor for felony where it appears in Ct # _____
- [ ] Per Court / DA dismiss Ct # _____
- [ ] Per Court / DA dismiss Enhancements / Strikes Reasons: _____
- [ ] Crim. protective order issued/modified/served on [ ] Deft. [ ] Victim [ ] DA
- [ ] Stay away from _____

### PROBATION / DIV / PAROLE
- [ ] Court / Formal Prob. _____ yrs. _____ mos.
- [ ] No Probation
- [ ] Adult Pre-Trial / Post Plea / Diversion
- [ ] Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif.
- [ ] Def given / waived rights to Revoc Hg: admits / denies allegation
- [ ] Violation of Prob./ Div. / Parole / PRCS
- [ ] Prob. / Div. / Parole / PRCS revoked
- [ ] In re law notice given
- [ ] Prob. / Div. / PRCS: Terminated: Successfully / Unsuccessfully / Denied
- [ ] Crim. proceedings susp. / reinstated / dism.
- [ ] Standard terms & cond. of Probation given
- [ ] PC 296 sample ordered / verified
- [ ] Parole violation(s) sustained / not sustained

### PC 288.1 / PC 1368
- [ ] Counsel declares doubt / [ ] Crim proc susp
- [ ] Court appoints Dr. _____ Purs. PC288.1 / PC1368
- [ ] Counsel submit on Dr / CONREP Report dated _____ marked as EXH ___
- [ ] Court finds def competent / incompetent to stand trial
- [ ] Court refers def to CONREP / Adult MH
- [ ] Def committed to _____ Max term of commitment _____ Local custody credits _____
- [ ] Meds voluntary / involuntary / no consent
- [ ] Criminal proceedings reinstated

### FINES / FEES
- [ ] RF$ _____ [PC1202.4] [ ] Fine $_____
- [ ] Prob. Viol. Fine $_____ [ ] PVRF/PRCS $_____ [PC1202.44] suspended / imposed [PC1202.44]
- [ ] Victim restitution $_____
- [ ] Victim restitution TBD / Not ordered
- [ ] VCB $_____
- [ ] $10 Cite Fee [ ] $25 O.R. [ ] $41 Theft fee
- [ ] CJA govt. code 29550 et. seq. $_____ COA $_____ CCA $_____ Lab $_____
- [ ] Atty Fees $_____ [ ] Prob. Report Fee $_____
- [ ] Pay bal. of fine/ [ ] In lieu of fine/ [ ] Susp. after fine ___ hours Volunteer work by _____ Fee $_____
- [ ] Balance of fines / fees / rest. to remain as ordered
- [ ] Make payments to Linebarger.
- [ ] Other _____

### COMMITMENT / REGISTRATION
- [ ] County jail _____ days / mos / yrs
- [ ] _____ days / mos / yrs susp
- [ ] _____ days / mos / yrs suspended
- [ ] Sentence to commence _____
- [ ] Serve consecutive / concurrent with: _____
- [ ] Jail [ ] SWAP [ ] No EHD [ ] EHD
- [ ] Release from custody to program
- [ ] Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program
- [ ] PC 290 registration [ ] SARATSO
- [ ] Sent. recall purs. to 1170.18 / Prop 47 dept resent.
- [ ] See attached additional orders

### SENTENCE
| | | | | |
|---|---|---|---|---|
| State Prison | _____ yrs | | _____ mos | |
| County Jail | _____ yrs | _____ mos | _____ days | |
| Mand. Sup. | _____ yrs | _____ mos | _____ days | |
| CT ___ L M U | _____ yrs | _____ mos (cc) (cs) | | |
| CT ___ L M U | _____ yrs | _____ mos (cc) (cs) | | |
| CT ___ L M U | _____ yrs | _____ mos (cc) (cs) | | |
| CT ___ L M U | _____ yrs | _____ mos (cc) (cs) | | |
| ENH _____ | | | _____ yrs | _____ mos |
| ENH _____ | | | _____ yrs | _____ mos |

ACTUAL CTS _____
CONDUCT CTS _____
- [ ] ½ time credits
- [ ] Parole / PRCS advisement given
- [ ] Paper commitment

### REMANDED
- [ ] REMANDED [ ] Court Courtesy [ ] Ordered released [ ] On OR [ ] Promise to Appear [x] Cont'd on bond/cash bail posted [ ] Phone calls ___
- Bail set in the amount of $_____ [ ] State Prison Commitment [ ] Committed to custody until sentence is satisfied in full

TO THE SHERIFF/COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: _10/31/19_     _Canepa_    JUDGE OF THE SUPERIOR COURT

See back of form for additional information.    WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU    CR-3013 (Rev. 10/12/18)

TESLA-0001077

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA     DOCKET NO.

SUPERIOR COURT OF CALIFORN , MARTINEZ     05-190194-1  02

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

DEFENDANT: BRYANT, GLENZELL     DEPT. MCC   DATE -7/22/2019   TIME 8:45 AM

ADDRESS 19 ATLANTIC CIR #203     PITTSBURG   CA 94565   DOB: 03/31/1996

ROC: TRIAL FEL     PROB     DEFENSE ATTORNEY KULAK     TIME     MBT WAIVED

CUSTODIAL STATUS: SBOND   $150,000

CHARGES: 01 F PC 211     02 F PC 211     03 F PC 211

07 F VC 2800.2     W/E     MINUTES CERTIFIED CORRECT

JUDGE THERESA CANEPA     COURT REPORTER MARY ARGYROPOULOS   CSR#9775     CLERK A. JANG

ASSIGN     JUDGE     COURT REPORTER     CLERK

TO DEPT.

| APPEARANCE | ARRAIGNMENT | WARRANT/BAIL |
|---|---|---|
| ☐ Def proceeds PRO PER  ☐ Appearance waived | Handed copy of: ☐ Petition to Revoke | ☐ Bench Warrant to issue |
| ☑ Def appears ☑ In Custody ☐ Def not appearing | ☐ Information / Indictment ☐ PX / GJ transcript | Bail set at $ |
| ☑ With / by Atty / Pub Def (ADO) KULAK | ☐ Complaint/Discovery ☐ Bail Study | ☐ No Cite/PTA release ☐ No vol app |
| ☐ Deputy District Atty O'CONNELL | ☐ Formal arraignment waived / Reading of Complt. | ☐ Hold until |
| ☐ Court Probation Officer | ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. | ☐ Bail forfeited & continued 190 days |
| ☐ Interp. _____ ☐ cert. ☐ non-cert. | ☐ Answers true name as charged | ☐ Recalled ☐ Set aside ☐ Remain out |
| sworn / oath on file / qualified per Rule 2.893 | | ☐ Bail exonerated |
| ☐ Order _____ Interp. ☐ Coord. Notified | ☐ Deny enhancements | ☐ Bail forfeiture set aside & reinstated |
| ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified | ☐ Plea of not guilty entered | upon payment of fee $ |
| ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd | ☐ Time not waived ☐ PC977 waiver filed | |
| ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | | |

| PLEAS / WAIVERS | ORDERS/CONDS | CONTINUANCES |
|---|---|---|
| ☐ Written plea filed ☐ Pleads Guilty, Ct. # | ☐ Obey all laws ☐ Use true name / DOB | ☐ TRIAL: 11/4 845 MCC |
| ☐ Pleads no contest, Found Guilty Ct # | ☐ Do Not use any alcohol / drugs w/o Rx | RC/PRC: 10/23 830 D-6 |
| ☐ Pleads Not guilty / Found Not guilty by reason of insanity | ☐ Attend ____ AA / NA meetings per week and | PX: |
| ☐ Admits / denies: priors / enhancements / strikes | present proof at each court appearance | PTC/SET: |
| ☐ Rights given / waived ☑ App. Rights given / waived | ☐ Submit to search/testing for | |
| ☐ Per PC1192.5 | ☐ Re-ref / Reinstate L1 / L2 / PCDDP | ☐ FUTURE DATES CONFIRMED |
| ☐ Time for Misdo Trial / Sent waived / not waived | ☐ Not drive unless properly licensed and insured. | ☑ Time waived to 11/4 (+10) 60 days |
| ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived | ☐ Destroy / Return Weapon | ☐ Vacate date of |
| ☐ Time for PV – 15 / 45 days waived / not waived | ☐ SCRAM / GPS ☐ Ordered ☐ Removed | ☑ Def must / need not appear |
| | | ☑ Trailing |
| | | Last Day 11/14 |

| MOTIONS / ORDERS | PROBATION / DIV / PAROLE | PC1370 |
|---|---|---|
| ☐ Defendant held to answer at PX hearing | ☐ Court / Formal Prob. ____ yrs. ____ mos. | ☐ Counsel declares doubt / ☐ Crim proc susp |
| ☐ People / Def Motion to / for / cont | ☐ No Probation | ☐ Court appoints Dr. |
| ☐ People / Def objected ☐ No action taken | ☐ Adult Pre-Trial / Post Plea / Diversion | Purs. PC288.1 / PC1368 |
| ☐ Granted ☐ Denied ☐ Submitted | ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. | ☐ Counsel submit on Dr / CONREP Report |
| ☐ Info / Indictment/Complaint amended on its face to | to | dated _____ marked as EXH |
| add Ct # _____ a violation of section | ☐ Def given / waived rights to Revoc Hg: admits / | ☐ Court finds def competent / incompetent to |
| _____ Fel / Misd | denies allegation | stand trial |
| ☐ Pursuant to 23103.5 CVC | ☐ Violation of Prob./ Div. / Parole / PRCS | ☐ Court refers def to CONREP / Adult MH |
| ☐ Substitute misdemeanor for felony where it appears | ☐ Prob. / Div. / Parole / PRCS revoked | ☐ Def committed to |
| in Ct # | ☐ In re law notice given | Max term of commitment |
| ☐ Per Court / DA dismiss Ct # | ☐ Prob. / PRCS: Terminated: | Local custody credits |
| ☐ Per Court / DA dismiss Enhancements / Strikes | Successfully / Unsuccessfully / Denied | ☐ Meds voluntary / involuntary / no consent |
| Reasons: | ☐ Crim. proceedings susp. / reinstated / dism. | ☐ Criminal proceedings reinstated |
| ☐ Crim. protective order issued/modified/served on | ☐ Standard terms & cond. of Probation given | |
| ☐ Deft. ☐ Victim ☐ DA | ☐ PC 296 sample ordered / verified | |
| ☐ Stay away from | ☐ Parole violation(s) sustained / not sustained | |

| FINES / FEES | COMMITMENTS | State Prison / County Jail |
|---|---|---|
| ☐ RFS _____ [PC1202.4] ☐ Fine $ | ☐ County jail ____ days / mos / yrs | State Prison ____ yrs ____ mos |
| ☐ Prob. Viol. Fine $ ____ ☐ PVRF/PRCS $ | | County Jail ____ yrs ____ mos ____ days |
| [PC1202.44] suspended / imposed [PC1202.44] | ☐ ____ days / mos / yrs credit | Mand. Sup. ____ yrs ____ mos ____ days |
| ☐ Victim restitution $ | | CT ___ L M U ____ yrs ____ mos (cc) (cs) |
| ☐ Victim restitution  TBD / Not ordered | ☐ ____ days / mos / yrs suspended | CT ___ L M U ____ yrs ____ mos (cc) (cs) |
| ☐ VCB $ | ☐ Sentence to commence | CT ___ L M U ____ yrs ____ mos (cc) (cs) |
| ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41Theft fee | | CT ___ L M U ____ yrs ____ mos (cc) (cs) |
| ☐ CJA govt. code 29550 et. seq. $ | ☐ Serve consecutive / concurrent with: | ENH _____ yrs ____ mos |
| COA $ _____ CCA $ | | ENH _____ yrs ____ mos |
| Lab $ | ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD | ACTUAL CTS |
| Atty Fees $ _____ ☐ Prob. Report Fee $ | ☐ Release from custody to program | CONDUCT CTS |
| ☐ Pay bal. of fine/ (.) In lieu of fine/ (.) Susp. after fine | ☐ Day-for-day credit for successful completion of | ☐ ½ time credits |
| ____ hours Volunteer work by _____ Fee $ | approved _____ day / mo / yr | ☐ Parole / PRCS advisement given |
| ☐ Balance of fines / fees / rest. to remain as ordered | residential treatment program | ☐ Paper commitment |
| ☐ Make payments to Linebarger. | ☐ PC 290 registration ☐ SARATSO | |
| ☐ Other | ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent. | |
| | ☐ See attached additional orders | |

☐ REMANDED   ☐ Court Courtesy  ☐ Ordered released   ☐ On OR   ☐ Promise to Appear  ☑ Cont'd on bond/cash bail posted  ☐ Phone calls
Bail set in the amount of $ _____   ☐ State Prison Commitment   ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: _____     _____

     JUDGE OF THE SUPERIOR COURT

See back of form for additional information     WHITE – Court   GREEN – Jail (if in custody)   CANARY – Defendant   PINK – Probation   GOLDENROD – CCU     CR-3013 (Rev. 10/12/18)

TESLA-0001078

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

SUPERIOR COURT OF CALIFORN   MARTINEZ

DOCKET NO.
C5-190194-1   02

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

DEFENDANT: BRYANT, CLENZELL          DEPT. MCC   DATE 6/03/2019 TIME 8:45 AM
ADDRESS  19 ATLANTIC CIR #203      PITTSBURG      CA 94565 DOB: 03/31/1996
ROC: TRIAL FEL     PROB ___   DEFENSE ATTORNEY  KULUK      TIME  NOT WAIVED
CUSTODIAL STATUS:  SBOND      $150,000
CHARGES: 01 F PC 211       02 F PC 211       03 F PC 211
07 F VC 2800.2      W/E

MINUTES CERTIFIED CORRECT

JUDGE   THERESA CANEPA           COURT REPORTER   M. ARGYROPOULOS   CLERK  A. JANG
ASSIGN TO DEPT. 40   JUDGE Bowen     REPORTER  VALERIE PRINCE CSR# 7946     C. Castillo

| | | |
|---|---|---|
| **A P P E A R A N C E** | □ Def proceeds PRO PER □ Appearance waived | **W A R R A N T / B A I L** |
| | □ Def appears □ In Custody □ Def not appearing | □ Bench Warrant to issue |
| | ☑ With / by Atty / Pub Def (ADO) Kuluk | □ Bail set at $ _____ |
| | ☑ Deputy District Atty (Cabral/Beltran) | □ No Cite/PTA release □ No vol app |
| | □ Court Probation Officer | □ Hold until _____ |
| | □ Interp. _____ □ cert. □ non-cert. | □ Bail forfeited & continued 190 days |
| | sworn / oath on file / qualified per Rule 2.893 | □ Recalled □ Set aside □ Remain out |
| | □ Order _____ Interp. Coord. Notified | □ Bail exonerated |
| | □ Refer to PD / PROB B Study / PPR / □ Confi. Notified | □ Bail forfeiture set aside & reinstated |
| | □ PD / ADO / PVT □ accepts □ relieved □ appt'd | upon payment of fee $ _____ |
| | □ 170.6 / 171 PC filed □ Granted □ Denied | |

| | | |
|---|---|---|
| **P L E A S / W A I V E R** | □ Written plea filed □ Pleads Guilty, Ct. # _____ | **O R  C O N D S** |
| | □ Pleads no contest, Found Guilty Ct # _____ | |
| | □ Pleads Not guilty / Found Not guilty by reason of insanity | |
| | □ Admits / denies: priors / enhancements / strikes | |
| | □ Rights given / waived □ App. Rights given / waived | |
| | □ Per PC1192.5 | |
| | □ Time for Misdo Trial / Sent waived / not waived +10 days | |
| | ☑ Time for Fel PX (Trial (10) / 60 days waived / not waived | |
| | □ Time for PV – 15/45 days waived / not waived | |
| | □ Other _____ | |

OR CONDS column:
□ Obey all laws   □ Use true name / DOB
□ Do Not use any alcohol / drugs w/o Rx
□ Attend _____ AA / NA meetings per week and present proof at each court appearance
□ Submit to search/testing for _____
□ Re-ref / Reinstate L1 / L2 / PCDDP
□ Not drive unless properly licensed and insured.
□ Destroy / Return Weapon
□ SCRAM / GPS □ Ordered □ Removed

| **C O N T I N U A N C E S** | |
|---|---|
| TRIAL: | 7-22-19  8:45 |
| RC/FRC: | 7-10-19   D.35 |
| PX: | 8:30 D6 |
| PTC/SET: | |
| □ FUTURE DATES CONFIRMED | |
| ☑ Time waived to 7/22 (-10) / 60 days | |
| □ Vacate date of _____ | |
| □ Def must / need not appear _____ 7/22 | |
| □ Trailing _____ | |
| Last Day _____ | |

| | | |
|---|---|---|
| **M O T I O N S / O R D E R S** | □ Defendant held to answer at PX hearing | **P R O B A T I O N / D I V / P A R O L E** |
| | □ People / Def Motion to / for / cont _____ | □ Court / Formal Prob. _____ yrs. _____ mos. |
| | □ People / Def objected   □ No action taken | □ No Probation |
| | □ Granted □ Denied □ Submitted | □ Adult Pre-Trial / Post Plea / Diversion |
| | □ Info / Indictment/Complaint amended on its face to | □ Prob./ Div./ Parole / PRCS Reins'd / Ext./ Modif. |
| | add Ct # _____ a violation of section | to _____ |
| | _____ Fel / Misd | □ Def given / waived rights to Revoc Hg: admits / denies allegation |
| | □ Pursuant to 23103.5 CVC | □ Violation of Prob./ Div./ Parole / PRCS |
| | □ Substitute misdemeanor for felony where it appears | □ Prob. / Div. / Parole / PRCS revoked |
| | in Ct # _____ | □ In re law notice given |
| | □ Per Court / DA dismiss Ct # _____ | □ Prob. / Div / PRCS: Terminated: |
| | □ Per Court / DA dismiss Enhancements / Strikes | Successfully / Unsuccessfully / Denied |
| | Reasons: _____ | □ Crim. proceedings susp / reinstated / dism. |
| | □ Crim. protective order issued/modified/served on | □ Standard terms & cond. of Probation given |
| | □ Deft. □ Victim □ DA | □ PC 296 sample ordered / verified |
| | □ Stay away from _____ | □ Parole violation(s) sustained / not sustained |

| **P C  1 3 6 8** | |
|---|---|
| □ Counsel declares doubt / □ Crim proc susp | |
| □ Court appoints Dr. _____ | |
| Purs. PC288.1 /  PC1368 | |
| □ Counsel submit on Dr / CONREP Report | |
| dated _____ marked as EXH _____ | |
| □ Court finds def competent / incompetent to stand trial | |
| □ Court refers def to CONREP / Adult MH | |
| □ Def committed to _____ | |
| Max term of commitment _____ | |
| Local custody credits _____ | |
| □ Meds voluntary / involuntary / no consent | |
| □ Criminal proceedings reinstated | |

| | | |
|---|---|---|
| **F I N E S  /  F E E S** | □ RF$ _____ [PC1202.4] □ Fine $ _____ | **C O M M I T M E N T / R E G** |
| | □ Prob. Viol. Fine $ _____ □ PVRF/PRCS $ _____ | □ County jail _____ days / mos / yrs |
| | [PC1202.44] suspended / imposed [PC1202.4] | □ _____ days / mos / yrs suspended |
| | □ Victim restitution $ _____ | □ _____ days / mos / yrs suspended |
| | □ Victim restitution  TBD / Not ordered | □ Sentence to commence _____ |
| | □ VCB $ _____ | □ Serve consecutive / concurrent with: |
| | □ $10 Cite Fee □ $25 O.R. □ $41Theft fee | _____ |
| | □ CJA govt. code 29550 et. seq. $ _____ | □ Jail □ SWAP □ No EHD □ EHD |
| | COA $ _____ CCA $ _____ | □ Release from custody to program |
| | Lab $ _____ | □ Four-for-day credit for successful completion of |
| | Atty Fees $ _____ □ Prob. Report Fee $ _____ | approved _____ day / mo / yr |
| | □ Pay bal. of fine/ □ In lieu of fine/ □ Susp. after fine | residential treatment program |
| | _____ hours Volunteer work by _____ Fee $ _____ | □ PC 290 registration □ SARATSO |
| | □ Balance of fines / fees / rest. to remain as ordered | □ Sent. recall purs. to 1170.18 / Prop 47 dept resent. |
| | □ Make payments to Linebarger. | □ See attached additional orders |
| | □ Other _____ | |

COMMITMENT / SENTENCE right columns:
State Prison _____ yrs _____ mos
County Jail _____ yrs _____ mos _____ days
Mand. Sup. _____ yrs _____ mos _____ days
CT __ L M U _____ yrs _____ mos (cc) (cs)
CT __ L M U _____ yrs _____ mos (cc) (cs)
CT __ L M U _____ yrs _____ mos (cc) (cs)
CT __ L M U _____ yrs _____ mos (cc) (cs)
ENH _____ yrs _____ mos
ENH _____ yrs _____ mos
ACTUAL CTS _____
CONDUCT CTS _____
□ ½ time credits
□ Parole / PRCS advisement given
□ Paper commitment

□ REMANDED  □ Court Courtesy  □ Ordered released  □ On OR  □ Promise to Appear  ☑ Cont'd or bond/cash bail posted  □ Phone calls
Bail set in the amount of $ _____     □ State Prison Commitment  □ Committed to custody until sentence is satisfied in full
TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.
DATED:  6/03/2019                    THERESA CANEPA
                                     JUDGE OF THE SUPERIOR COURT

See back of form for additional information.   WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU   CR-3013 (Rev 10/12/18)

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA          DOCKET NO.

## FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES

DEFENDANT: _____ DEPT. _____ DATE _____ TIME _____

ADDRESS: _____ DOB: _____

ROC: _____ PROB _____ DEFENSE ATTORNEY _____ TIME _____ WAIVED

CUSTODIAL STATUS: _____ $150,000

CHARGES: _____

| | | |
|---|---|---|

JUDGE ____ P. SCANLON ____   COURT REPORTER __M Baller__   CLERK _____

ASSIGN _____ JUDGE _____   COURT REPORTER _____   CLERK _____

MINUTES CERTIFIED CORRECT

| A R R A I G N A N C E | A R R A I G N M E N T | W A R R A N T / B A I L |
|---|---|---|
| ☐ Def proceeds PRO PER  ☐ Appearance waived | Handed copy of: ☐ Petition to Revoke | ☐ Bench Warrant to issue |
| ☑ Def appears  ☐ in Custody ☐ Def not appear | ☐ Information / Indictment ☐ PX / GJ transcript | Bail set at $_____ |
| ☑ With / by Atty / Pub Def ( ) | ☐ Complaint/Discovery ☐ Bail Study | ☐ No Cite/PTA release ☐ No vol app |
| ☑ Deputy District Atty _____ | ☐ Formal arraignment waived / Reading of Complt. | ☐ Hold until _____ |
| ☐ Court Probation Officer _____ | ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. | ☐ Bail forfeited & continued 190 days |
| ☐ Interp. _____ ☐ cert. ☐ non-cert. | ☐ Answers true name as charged | ☐ Recalled ☐ Set aside ☐ Remain out |
| sworn / oath on file / qualified per Rule 2.893 | | ☐ Bail exonerated |
| ☐ Order _____ Interp.  ☐ Coord. Notified | | ☐ Bail forfeiture set aside & reinstated |
| ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified | ☐ Deny enhancements | upon payment of fee $_____ |
| ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd | ☐ Plea of not guilty entered | |
| ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | ☐ Time not waived _____ ☐ PC977 waiver filed | |

| P L E A S / W A I V E R S | O R   C O N S | C O N T I N U A N C E S |
|---|---|---|
| ☐ Written plea filed  ☐ Pleads Guilty, Ct. #____ | ☐ Obey all laws  ☐ Use true name / DOB | TRIAL: _____ |
| ☐ Pleads no contest, Found Guilty Ct # | ☐ Do Not use any alcohol / drugs w/o Rx | RC/FRG? _____ |
| ☐ Pleads Not guilty / Found Not guilty by reason of insanity | ☐ Attend ____ AA / NA meetings per week and | PX: _____ |
| ☐ Admits / denies: priors / enhancements / strikes | present proof at each court appearance | PTC/SET: _____ |
| ☐ Rights given / waived ☐ App. Rights given / waived | ☐ Submit to search/testing for _____ | |
| ☐ Per PC1192.5 | ☐ Re-ref / Reinstate L1 / L2 / PCDDP | ☐ FUTURE DATES CONFIRMED |
| ☐ Time for Misdo Trial / Sent waived / not waived | ☐ Not drive unless properly licensed and insured. | ☐ Time waived for _____ (____) ____ days |
| ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived | ☐ Destroy / Return Weapon | ☐ Vacate date of _____ |
| ☐ Time for PV – 15 / 45 days waived / not waived | ☐ SCRAM / GPS  ☐ Ordered  ☐ Removed | ☐ Def (must) need not appear |
| ☐ Other _____ | | ☐ Trailing _____ |
| | | Last Day _____ |

| M O T I O N S / O R D E R S | P R O B A T I O N / D I V / P A R O L E | P C 1 3 6 8 / 1 3 7 0 |
|---|---|---|
| ☐ Defendant held to answer at PX hearing | ☐ Court / Formal Prob. ____ yrs. ____ mos. | ☐ Counsel declares doubt / ☐ Crim proc susp |
| ☐ People / Def Motion to / for _____ | ☐ No Probation | ☐ Court appoints Dr. _____ |
| ☐ People / Def objected  ☐ No action taken | ☐ Adult Pre-Trial / Post Plea / Diversion | Purs. PC288.1 / PC1368 |
| ☐ Granted  ☐ Denied  ☐ Submitted | ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. | ☐ Counsel submit on Dr / CONREP Report |
| ☐ Info / Indictment/Complaint amended on its face to | to _____ | dated _____ marked as EXH ____ |
| add Ct # _____ a violation of section | ☐ Def given / waived rights to Revoc Hg: admits / | ☐ Court finds def competent / incompetent to |
| _____ Fel / Misd | denies allegation | stand trial |
| ☐ Pursuant to 23103.5 CVC | ☐ Violation of Prob./ Div. / Parole / PRCS | ☐ Court refers def to CONREP / Adult MH |
| ☐ Substitute misdemeanor for felony where it appears | ☐ Prob./ Div. / Parole / PRCS revoked | ☐ Def committed to _____ |
| in Ct # _____ | ☐ In re law notice given | Max term of commitment _____ |
| ☐ Per Court / DA dismiss Ct # _____ | ☐ Prob./ Div. / PRCS: Terminated: | Local custody credits _____ |
| ☐ Per Court / DA dismiss Enhancements / Strikes | Successfully / Unsuccessfully / Denied | ☐ Meds voluntary / involuntary / no consent |
| Reasons: _____ | ☐ Crim. proceedings susp. / reinstated / dism. | ☐ Criminal proceedings reinstated |
| ☐ Crim. protective order issued/modified/served on | ☐ Standard terms & cond. of Probation given | |
| ☐ Deft. ☐ Victim ☐ DA | ☐ PC 296 sample ordered / verified | |
| ☐ Stay away from _____ | ☐ Parole violation(s) sustained / not sustained | |

| F I N E S / F E E S | C O M M I T M E N T S / R E G I S | |
|---|---|---|
| ☐ RFS _____ [PC1202.4] ☐ Fine $____ | ☐ County jail _____ days / mos / yrs | State Prison ____ yrs _____ mos |
| ☐ Prob. Viol. Fine $____ ☐ PVRF/PRCS $____ | _____ days / mos / yrs credit | County Jail ____ yrs ____ mos ____ days |
| [PC1202.44] suspended / imposed [PC1202.44] | _____ days / mos / yrs suspended | Mand. Sup. ____ yrs ____ mos / day |
| ☐ Victim restitution $____ | ☐ Sentence to commence _____ | CT ___ L M U _____ yrs ____ mos (cc) (cs) |
| ☐ Victim restitution  TBD / Not ordered | ☐ Serve consecutive / concurrent with: | CT ___ L M U _____ yrs ____ mos (cc) (cs) |
| ☐ VCB $____ | _____ | CT ___ L M U _____ yrs ____ mos (cc) (cs) |
| ☐ $10 Cite Fee  ☐ $25 O.R.  ☐ $41Theft fee | ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD | CT ___ L M U _____ yrs ____ mos (cc) (cs) |
| ☐ CJA govt. code 29550 et. seq. $____ | ☐ Release from custody to program | ENH _____ yrs ____ mos |
| COA $____ CCA $____ | ☐ Day-for-day credit for successful completion of | ENH _____ yrs ____ mos |
| Lab $____ Drug Ed $____ | approved _____ day / mo / yr | ACTUAL CTS _____ |
| Atty Fees $____ ☐ Prob. Report Fee $____ | residential treatment program | CONDUCT CTS _____ |
| ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine | ☐ PC 290 registration ☐ SARATSO | ☐ ½ time credits |
| ☐ ____ hours Volunteer work by ____ Fee $____ | ☐ Sent. recall purs. to 1170.18 / Prop 47 def resent. | ☐ Parole / PRCS advisement given |
| ☐ Balance of fines / fees / rest. to remain as ordered | ☐ See attached additional orders | ☐ Paper commitment |
| ☐ Make payments to AllianceOne | | |
| ☐ Other _____ | | |

☐ REMANDED   ☐ Court Courtesy   ☐ Ordered released   ☐ On OR   ☐ Promise to Appear   ☑ Cont'd on bond/cash bail posted   ☐ Phone calls ____

Bail set in the amount of $_____   ☐ State Prison Commitment   ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: _____   _____
                                JUDGE OF THE SUPERIOR COURT

See back of form for additional information   WHITE – Court   GREEN – Jail (if in custody)   CANARY – Defendant   PINK – Probation   GOLDENROD – Court   CR-3013 (Rev 9/9/17)

TESLA-0001080

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

DOCKET NO. 05-190194-1  02

SUPERIOR COURT OF CALIFORN  MARTINEZ

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

DEFENDANT: BRYANT, CLENZELL
ADDRESS: 19 ATLANTIC CIR #203       PITTSBURG    CA  94565
DEPT: 003   DATE 2/11/2019   TIME 1:30 PM   PA RATE-H   DOB: 03/31/1994
ROC: ARR  FEL   PROB   DEFENSE ATTORNEY DOKULUK   TIME   WAIVED
CUSTODIAL STATUS: SBOND  $150,000
CHARGES: 01 F PC 211    05 F VC 2800.2    W7E

MINUTES CERTIFIED CORRECT

JUDGE  P. SCANLON    COURT REPORTER  C. YACOVETTI    CLERK  ARNOLD/KOERBER
ASSIGN TO DEPT.  JUDGE    COURT REPORTER    CLERK  L. ANDERSON

| APPEARANCE | ARRAIGNMENT | WARRANT/BAIL |
|---|---|---|
| ☑ Def proceeds PRO PER ☐ Appearance waived | Handed copy of: ☐ Petition to Revoke | ☐ Bench Warrant to issue |
| ☑ Def appears ☐ In Custody ☐ Def not appearing | ☐ Information / Indictment ☐ PX ☐ CT transcript | Bail set at $_____ |
| ☑ With / by Atty / Pub Def / MARO1 | ☐ Complaint/Discovery ☐ Bail Study | ☐ No Cite/PTA release ☐ No vol app |
| ☑ Deputy District Atty | ☑ Formal arraignment / Reading of Complt. | ☐ Hold until _____ |
| ☐ Court Probation Officer | ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. | ☐ Bail forfeited & continued 190 days |
| ☐ Interp. _____ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893 | ☐ Answers true name as charged | ☐ Recalled ☐ Set aside ☐ Remain out |
| ☐ Order _____ Interp. ☐ Coord. Notified | | ☐ Bail exonerated |
| ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified | ☑ Deny enhancements | ☐ Bail forfeiture set aside & reinstated upon payment of fee $_____ |
| ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd | ☑ Plea of not guilty entered | |
| ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | ☑ Time not waived _____ ☐ PC977 waiver filed | |

| PLEAS / WAIVERS | ORDER CONDS | CONTINUANCES |
|---|---|---|
| ☐ Written plea filed ☐ Pleads Guilty, Ct. #___ | ☐ Obey all laws ☐ Use true name / DOB | ☐ TRIAL: _____ |
| ☐ Pleads no contest, Found Guilty Ct #___ | ☐ Do Not use any alcohol / drugs w/o Rx | RC/FRC: _____ |
| ☐ Pleads Not guilty / Found Not guilty by reason of insanity | ☐ Attend ___ AA / NA meetings per week and present proof at each court appearance | PX: _____ |
| ☐ Admits / denies: priors / enhancements / strikes | ☐ Submit to search/testing for _____ | PTC: SEE ☑ 3/18  1:30  D3 |
| ☐ Rights given / waived ☐ App. Rights given / waived | ☐ Re-ref / Reinstate L1 / L2 / PCDDP | |
| ☐ Per PC1192.5 | ☐ Not drive unless properly licensed and insured. | ☐ FUTURE DATES CONFIRMED |
| ☐ Time for Misdo Trial / waived | ☐ Destroy / Return Weapon | ☑ Time waived to 3/10 +10 / 60 days |
| ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived | ☐ SCRAM / GPS ☐ Ordered ☐ Removed | ☑ Vacate date of _____ |
| ☐ Time for PV – 15 / 45 days waived / not waived | | ☑ Defendant / need not appear |
| ☐ Other | | ☐ Trailing _____ |
| | | Last Day _____ |

| MOTIONS / ORDERS | PROBATION / DIVERSION / PAROLE / GOLDEN ROD | PC 368 / 1370 |
|---|---|---|
| ☐ Defendant held to answer at PX hearing | ☐ Court / Formal Prob. ___ yrs. ___ mos. | ☐ Counsel declares doubt / ☐ Crim proc susp |
| ☐ People / Def Motion to / for / cont _____ | ☐ No Probation | ☐ Court appoints Dr. _____ |
| ☐ People / Def objected ☐ No action taken | ☐ Adult Pre-Trial / Post Plea / Diversion | Purs. PC288.1 / PC1368 |
| ☐ Granted ☐ Denied ☐ Submitted | ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. | ☐ Counsel submit on Dr / CONREP Report dated _____ marked as EXH. _____ |
| ☐ Info / Indictment/Complaint amended on its face to add Ct # _____ a violation of section _____ Fel / Misd | ☐ Def given / waived rights to Revoc Hg: admits / denies allegation | ☐ Court finds def competent / incompetent to stand trial |
| ☐ Pursuant to 23103.5 CVC | ☐ Violation of Prob./ Div./ Parole / PRCS | ☐ Court refers def to CONREP / Adult MH |
| ☐ Substitute misdemeanor for felony where it appears in Ct # _____ | ☐ Prob./ Div./ Parole / PRCS revoked | ☐ Def committed to _____ |
| ☐ Per Court / DA dismiss Ct # _____ | ☐ In re law notice given | Max term of commitment _____ |
| ☐ Per Court / DA dismiss Enhancements / Strikes Reasons: _____ | ☐ Prob./ Div./ PRCS: Terminated: Successfully / Unsuccessfully / Denied | Local custody credits _____ |
| ☐ Crim. protective order issued/modified/served on ☐ Deft. ☐ Victim / DA | ☐ Crim. proceedings susp. / reinstated / dism. ☐ Standard terms & cond. of Probation given | ☐ Meds voluntary / involuntary / no consent |
| ☐ Stay away from _____ | ☐ PC 296 sample ordered / verified | ☐ Criminal proceedings reinstated |
| | ☐ Parole violation(s) sustained / not sustained | |

| FINES / FEES | COMMITMENT | (sentence) |
|---|---|---|
| ☐ RFS $_____ [PC1202.4] ☐ Fine $_____ | ☐ County jail ___ ___ days / mos / yrs | State Prison ___ yrs ___ mos |
| ☐ Prob. Viol. Fine $_____ ☐ PVRF/PRCS $_____ [PC1202.44] suspended / imposed [PC1202.44] | ☐ _____ days / mos / yrs credit | County Jail ___ yrs ___ mos ___ days |
| ☐ Victim restitution $_____ | ☐ _____ days / mos / yrs suspended | Mand. Sup. ___ yrs ___ mos ___ days |
| ☐ Victim restitution TBD / Not ordered | ☐ Sentence to commence _____ | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ VCB $_____ | ☐ Serve consecutive / concurrent with: | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41Theft fee | | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| ☐ CJA govt. code 29550 et. seq. $_____ | ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD | CT ___ L M U ___ yrs ___ mos (cc) (cs) |
| COA $_____ CCA $_____ | ☐ Release from custody to program | ENH ___ ___ yrs ___ mos |
| Lab $_____ Drug Ed $_____ | ☐ Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program | ENH ___ ___ yrs ___ mos |
| Atty Fees $_____ ☐ Prob. Report Fee $_____ | | ACTUAL CTS _____ |
| ☐ Pay bal. of fine/ L1 In lieu of Fine of T Susp. after fine ___ hours Volunteer work by _____ Fee $_____ | ☐ PC 290 registration ☐ SARATSO | CONDUCT CTS _____ |
| ☐ Balance of fines / fees / rest. to remain as ordered | ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent. | ☐ ½ time credits |
| ☐ Make payments to AllianceOne. | ☐ See attached additional orders | ☐ Parole / PRCS advisement given |
| ☐ Other _____ | | ☐ Paper commitment |

| ☐ REMANDED ☐ Court Courtesy ☐ Ordered released | ☐ On OR ☐ Promise to Appear ☑ Cont'd on bond/cash bail posted ☐ Phone calls _____ |
| Bail set in the amount of $_____ | ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full |

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: _____    JUDGE OF THE SUPERIOR COURT _____

See back of form for additional information.    WHITE – Court    GREEN – Jail (if in custody)    CANARY – Defendant    PINK – Probation    GOLDENROD – CCU    CR-3013 (Rev. 9/8/17)

TESLA-0001081

Superior Court of California, County of Contra Costa
☐ MARTINEZ   ☐ PITTSBURG   ☐ RICHMOND

**5-190194-1**

**FELONY, COMMITMENT,**
**HOLDING OVER, REMANDING FORM**

SUPPLEMENTAL

**CLERK'S DOCKET AND MINUTES**

DEFENDANT (NAME): *Glenzell Bryant*   CASE # *04-195330-6 A2*
APPLICABLE ENTRIES MARKED   *J. Lem*   DATE(S) *1/22/19*

**APPEARANCES**   **PROCEEDINGS**
☑ Deputy District Attorney *Simon O'Connell*   Defendant and Attorney *ADD Evan Kuluk*
Voir dire by *Burrera*
☑ Other *Ofcr Barcera designated as investigating officer*

**MOTIONS**
☐ Motion to Exclude Witness(es)/Spectators ☐ Except _____ by _____   ☐ Granted ☐ Denied
☑ Motion by People/Defense to/for *reduce bail + supervised release*
☐ Motion to reduce per PC 17b is _____

☑ Argued & Submitted ☐ Submitted Without Argument ☐ Granted ☑ Denied ☐ Taken Under Submission ☐ Other _____

| **WITNESSES** | **EXHIBITS** | Marked | Admitted |
|---|---|---|---|
| WITNESS(ES) SWORN AND TESTIFIED FOR PEOPLE | EXHIBITS ON BEHALF OF THE PEOPLE / Description | | Withdrawn |
| 1. *Ofcr Ryan Rezentes, BPD* | 1. | ☐ ☐ | ☐ ☐ |
| 2. *Ofcr Edward Burrera* | 2. | ☐ ☐ | ☐ ☐ |
| 3. | 3. *see attached w/ list* | ☐ ☐ | ☐ ☐ |
| 4. | 4. | ☐ ☐ | ☐ ☐ |
| 5. | 5. | ☐ ☐ | ☐ ☐ |
| 6. | 6. | ☐ ☐ | ☐ ☐ |

☐ See reverse side for additional witnesses and exhibits

| WITNESS(ES) SWORN AND TESTIFIED FOR DEFENDANT | EXHIBITS ON BEHALF OF THE DEFENDANT / Description | Marked | Admitted |
|---|---|---|---|
| 1. | A. | ☐ ☐ | ☐ ☐ |
| 2. | B. | ☐ ☐ | ☐ ☐ |
| 3. | C. | ☐ ☐ | ☐ ☐ |
| 4. | D. | ☐ ☐ | ☐ ☐ |

☐ See reverse side for additional witnesses and exhibits

☑ People Rest ☐ Defense Rests ☐ No Evidence by Defendant
☐ Closing Argument by People   ☑ Closing Argument by Defense *ADD Kuluk*
☑ Rebuttal Closing by People *DDA O'Connell*   ☐ Submitted

**COURT ACTION**

PRELIMINARY EXAMINATION HELD
☐ Preliminary examination was held on the above date and it appearing to the below named Judge that a Felony Violation of *Cts 2+b renks*
has been committed and there is sufficient cause to believe the above named defendant GUILTY thereof, it is ordered that Defendant be held to answer to same.

PLEA OF GUILTY
☐ The above named defendant, being charged in a complaint on file in this Court under the above case number, and having entered a plea of GUILTY to a Felony Violation of _____ , it is so ordered that this case together with a copy of all proceedings held herein is certified to the Superior Court of California, County of Contra Costa.

PRELIMINARY EXAMINATION WAIVED
☐ The above named defendant, being charged in a complaint on file in this Court under the above case number, and having waived preliminary examination of the charges, the Court and the District Attorney consenting thereto, it is ordered that Defendant be held to answer the same.

DISCHARGE
☑ Defendant is Discharged as to *Ct + Enh related to*
☐ Other _____

**SETTINGS/REFERRALS** *3*

☑ Defendant ordered to appear in the Superior Court of Contra Costa County, Department _____
on *2/11/19* at *1.30* for *APL*
☐ Defendant referred to Probation Department for Report
☑ Stipulated that exhibits are to be returned to _____   ☐ Exhibits retained by court _____
☐ Other _____

**CUSTODIAL STATUS** *150,000*

☐ DEFENDANT REMANDED to custody to Sheriff until legally discharged.   ☑ ADMIT TO BAIL amount of $ *w/adagram* and defendant is remanded to the Sheriff of this County until such bail is given.
☐ DEFENDANT RELEASED/CONTINUED on own recognizance.   ☐ DEFENDANT TO REMAIN FREE on cash/bail bond as posted or own recognizance
☐ DEFENDANT RELEASED on signed promise to appear

TO THE SHERIFF, I hereby certify that the following is a true copy of the entry of the judgment or order and is your authority for the execution thereof.
DATED: *1/22/19*   Judge of the Superior Court

☐ See other minute pages for additional proceedings

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA    DOCKET NO.

~~SUPERIOR COURT OF CALIFORNI   PITTSBURG~~    04-195330-6   02

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

DEFENDANT ~~BRYANT , GLENZELL~~   DEPT 004   DATE 1/22/2019   TIME 8:45 AM

ADDRESS ~~19 ATLANTIC CIR #203~~   ~~PITTSBURG~~   ~~CA 94565~~   DOB 03/31/1996

ROC ~~PX~~ ~~FEL~~   PROB   DEFENSE ATTORNEY KULUK   TIME NOT WAIVED

CUSTODIAL STATUS: CUST   TARGET: 1/28/

CHARGES: ~~01 F PC 209(b)(1)~~   ~~02 F PC 211~~   ~~06 F VC 2800.2~~

MINUTES CERTIFIED CORRECT

**Department 26**

JUDGE ~~MARY A. O'MALEY~~   Judge Judy Johnson   COURT REPORTER M. HAYNES   CLERK D. MURGUIA

Clerk Jocelyn Lem

ASSIGN TO DEPT. _____ JUDGE _____   Reporter: Priscilla Gwaltney, CSR#13810 COURT REPORTER _____   CLERK 60 @ 3/1

| A P P E A R A N C E | |
|---|---|
| ☐ Def proceeds PRO PER | ☐ Appearance waived |
| ☑ Def appears ☑ In Custody ☐ Def not (illegible) | Handed copy of: ☐ Petition to Revoke |
| ☐ With / by Atty / Pub Def (APD) | ☐ Information / Indictment ☐ PX / GJ transcript |
| ☐ Deputy District Atty | ☐ Complaint/Discovery ☐ Bail Study |
| ☐ Court Probation Officer | ☐ Formal arraignment waived / Reading of Complt. |
| ☐ Interp. ☐ cert. ☐ non-cert. | ☐ Duly arraigned ☐ Video ☐ on Prob. Viol. |
| sworn / oath on file / qualified per Rule 2.893 | ☐ Answers true name as charged |

(This is a standard pre-printed California felony/misdemeanor clerk's docket form (CR-3013 Rev. 9/8/17) with numerous checkbox fields. Handwritten annotations appear throughout, including:)

- APPEARANCE section: "O'Connell"
- WAIVERS/PLEAS section: ☑ Other "Ct 1 + enh discharged"
- CONTINUANCE section: "ROP/AR 2/11/19 1:30 PM" "PTC/SET: D 3 M + 2"
- ☐ Def must / need not appear (circled)
- MOTIONS/ORDERS section: "supervised release" "People / Def (objected)"
- REMANDED section: ☑ REMANDED
- COMMITMENT section handwriting
- DATED: 1/22/2019
- MARY A. O' (signature)   JUDGE OF THE SUPERIOR COURT

WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU

CR-3013 (Rev. 9/8/17)

See back of form for additional information.

TESLA-0001083

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

HON. JUDY JOHNSON
PRISCILLA GWALTNEY #13316
J. LEM, COURTROOM CLERK
G. HENDERSON, BAILIFF
DEPARTMENT 26

PEOPLE OF THE STATE OF                    DDA Simon O'Connell
                    CALIFORNIA

vs

DEMETRIC DIAZ                             DPD Krista Della Piana
CLENZELL BRYANT                           ADO Evan Kuluk

               DEFENDANT

Docket 04-195330-6

# PRELIMINARY HEARING
# EXHIBIT LIST

| PPL | DEF | DESCRIPTION | ID 2019 | ADMITTED 2019 | W/DRAWN 2019 |
|---|---|---|---|---|---|
| 1 | | Front of Domino's location | 1/22/19 | 1/22/19 | |
| 2 | | Inside of Domino's - cash register area | 1/22/19 | 1/22/19 | |
| 3 | | Inside of Domino's - Food prep and sink area with two standing individuals | 1/22/19 | 1/22/19 | |
| 4 | | Inside of Domino's - Back of cash register area, depicting open register on night of incident | 1/22/19 | 1/22/19 | |
| 5 | | Rear kitchen area of Domino's | 1/22/19 | 1/22/19 | |
| 6 | | White Honda FIT vehicle | 1/22/19 | 1/22/19 | |

TESLA-0001084

| PPL | DEF | DESCRIPTION | ID 2019 | ADMITTED 2019 | W/DRAWN 2019 |
|---|---|---|---|---|---|
| 7 | | Rear view of white Honda FIT vehicle, depicting no rear license plate/sticker | 1/22/19 | 1/22/19 | |
| 8 | | Open trunk depicting license plates & frames | 1/22/19 | 1/22/19 | |
| 9 | | Black male | 1/22/19 | 1/22/19 | |
| 10 | | Jean pocket of individual depicting money bills | 1/22/19 | | |
| 11 | | Jean pocket of individual depicting money bills | 1/22/19 | | |
| 12 | | Black head mask | 1/22/19 | 1/22/19 | |
| 13 | | Cardboard box retrieved from trunk of FIT (labeled Case #1806244) | 1/22/19 | 1/22/19 | |
| 14 | | Black paintball gun found in trunk of FIT | 1/22/19 | 1/22/19 | |
| 15 | | Surveillance still of gunman w/gun on victim Sharifi 12/21/18 21:52.:28 | 1/22/19 | 1/22/19 | |
| 16 | | Leather hockey-like face mask found on floorboard of FIT | 1/22/19 | 1/22/19 | |
| | A(1) | Paintball gun retrieved from trunk of FIT | 1/22/19 | 1/22/19 | |
| | B(1) | Paintball gun retrieved from trunk of FIT | 1/22/19 | 1/22/19 | |
| | C(1) | Two individuals at food prep area | 1/22/19 | | |
| | D(1) | Front of Dominos | 1/22/19 | | |
| | E(1) | Inside of Domino's - cash register area | 1/22/19 | | |
| | F(1) | Inside of Domino's – area behind register area | 1/22/19 | 1/22/19 | |
| | G(1) | Inside of Domino's - cash registers w/Officer Baccera's markings | 1/22/19 | 1/22/19 | |
| | H(1) | Inside of Domino's - cash registers | 1/22/19 | | |
| | I(1) | Inside of Domino's - Kitchen area | 1/22/19 | | |

TESLA-0001085

| PPL | DEF | DESCRIPTION | ID 2019 | ADMITTED 2019 | W/DRAWN 2019 |
|-----|-----|-------------|---------|---------------|--------------|
|  | J(1) | Inside of Domino's-cash registers | 1/22/19 |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

TESLA-0001086

From:CCC DISTRICT ATTORNEY                925 646 4174              01/18/2019 09:51      #861 P.004/013

```
                    PITT FRC                      01/18/2019  8:20              PAGE    3
                    JUDGE MARY A O'MALLEY         DEPARTMENT   004
```

---

```
CURRIE, DELANO DESHAWN             195107-8  F  CUST    FRC         PD-MASTROM  8:20
       CHARGES: PC 422(a)
                PC 314(1)
```

SOFT GO ✓

```
       PX     01/22/19
```

---

```
DIAZ, DEMETRIC                     195330-6  F  CUST    FRC      NO PD-DELLA-P  8:20
       CHARGES: PC 209(b)(1)
                PC 211
                PC 245(a)(2)
                PC 245(a)(2)
                PC 245(a)(2)
```

DDA OCONS
Unit VVC ✓

```
       PX     01/22/19
```

CONFIRM

---

```
BRYANT, CLENZELL                   195330-6  F  CUST    FRC      NO KULUK      8:20
    2  CHARGES: PC 209(b)(1)
    2           PC 211
    2           VC 2800.2
    2
    2
```

DDA OCONS
Unit VVC      2 hrs

```
       PX     01/22/19
```

CONFIRM ✓

---

```
DUTRA, THOMAS ANDREW               195316-5  F  CUST    FRC      NO PD-FIERRO  8:20
       CHARGES: PC 496D(a)
                PC 496D(a)
                PC 496(a)
                PC 148.9(a)
```

✓

```
       PX     01/22/19
```

---

```
FLORES, ESTEBAN SAMUEL             195423-9  F  CUST    FRC      NO PD-MCNAMAR  8:20
       CHARGES: PC 211
```

✓

```
       PX     01/23/19
```

TESLA-0001087

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA          DOCKET NO.
JPERIOR COURT OF CALIFORNI    PITTSBURG                              04-195330-6   02

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**          PA RATE-H

DEFENDANT: BRYANT, CLENZELL          DEPT. 004    DATE 1/15/2019   TIME 8:45 AM
ADDRESS 19 ATLANTIC CIR #203          PITTSBURG      CA  94565   DOB: 03/31/1996
ROC: PX   FEL ____ PROB ____ DEFENSE ATTORNEY KULUK _____   TIME ____  WAIVED
CUSTODIAL STATUS:    CUST                                       TARGET:  1/28/
CHARGES: 01 F PC 209(b)(1)       02 F PC 211       04 F VC 2800.2
'E                                            10th, 15, 10th 3/1
                                                        MINUTES CERTIFIED CORRECT

JUDGE  MARY A O'MALLEY          COURT
                                REPORTER  M. HAYNES      CLERK  D. MURGUIA
ASSIGN                          COURT
TO DEPT. _____ JUDGE          REPORTER

| A P P E A R A N C E | □ Def proceeds PRO PER □ Appearance waived<br>□ Def appears CT ☒ In Custody □ Not appearing<br>☒ With / by Atty / Pub Def (ADD)  KULUK<br>□ Deputy District Atty  (Deputy DA Comm)<br>□ Court Probation Officer<br>□ Interp. _____ □ cert. □ non-cert.<br>sworn / oath on file / qualified per Rule 2.893<br>□ Order _____ Interp. □ Coord. Notified<br>□ Refer to PD / PROB B Study / PPR / □ Confl. Notified<br>□ PD / ADO / PVT □ accepts □ relieved □ appt'd<br>□ 170.6 / 171 PC filed / Order □ Granted □ Denied | R A R A I G N M E N T | Handed copy of: □ Petition to Revoke<br>□ Information / Indictment □ PX / GJ transcript<br>□ Complaint/Discovery □ Bail Study<br>□ Formal arraignment waived / Reading of Complt.<br>□ Duly arraigned □ Video □ on Prob. Viol.<br>□ Answers true name as charged<br><br>□ Deny enhancements<br>□ Plea of not guilty entered<br>□ Time not waived □ PC977 waiver filed | W A R R A N T / B A I L | □ Bench Warrant to Issue<br>   Bail set at $_____<br>□ No Cite/PTA release □ No vol app<br>□ Hold until _____<br>□ Bail forfeited & continued 190 days<br>□ Recalled □ Set aside □ Remain out<br>□ Bail exonerated<br>□ Bail forfeiture set aside & reinstated<br>   upon payment of fee $ _____ |
| P L E A / W A I V E R S | □ Written plea filed □ Pleads Guilty, Ct. #____<br>□ Pleads no contest, Found Guilty Ct #____<br>□ Pleads Not guilty / Found Not guilty by reason of insanity<br>□ Admits / denies: priors □ enhancements □ strikes<br>□ Rights given / waived ☒ App. Rights given / waived<br>□ Per PC1192.5<br>□ Time for Misdo Trial / Sent waived / not waived<br>□ Time for Fel PX / Trial 10 / 60 days waived / not waived<br>□ Time for PV – 15 / 45 days waived / not waived<br>☒ Other  Def mtn for OR release-Denied | O R D E R / C O N D S | □ Obey all laws □ Use true name / DOB<br>□ Do Not use any alcohol / drugs w/o Rx<br>□ Attend ... AA / NA meetings per week and<br>   present proof at each court appearance<br>□ Submit to search/testing for ____<br>□ Re-ref / Reinstate L1 / L2 / PCDDP<br>□ Not drive unless properly licensed and insured.<br>□ Destroy / Return Weapon<br>□ SCRAM / GPS □ Ordered □ Removed | C O N T I N U A N C E S | □ TRIAL:<br>RO/FRO 1/18  8:20<br>PX: 1/22  8:45  D4<br>PTC/SET: _____<br><br>□ FUTURE DATES CONFIRMED<br>□ Time waived to _____ +10 / 60 days<br>□ Vacate date of _____<br>☒ Def must/need not appear 1/22<br>□ Trailing<br>   Last Day |
| M O T I O N S / O R D E R S | □ Defendant held to answer at PX hearing<br>□ People / Def Motion to / for / cont _____<br>☒ People / Def objected □ No action taken<br>□ Granted ☒ Denied □ Submitted<br>□ Info / Indictment/Complaint amended on its face to<br>   add Ct # ____ , a violation of section<br>   _____ Pursuant to 23103.5 CVC<br>□ Substitute misdemeanor for felony where it appears<br>   in Ct # _____<br>□ Per Court / DA dismiss Ct # _____<br>□ Per Court / DA dismiss Enhancements / Strikes<br>   Reasons: _____<br>□ Crim. protective order issued/modified/served on<br>   □ Deft. □ Victim / DA<br>□ Stay away from _____ | P R O B / D I V / P A R O L E | □ Court / Formal Prob. _____ yrs. _____ mos.<br>□ No Probation<br>□ Adult Pre-Trial / Post Plea / Diversion<br>□ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif.<br>   to _____<br>□ Def given / waived rights to Revoc Hg: admits /<br>   denies allegation<br>□ Violation of Prob./ Div. / Parole / PRCS<br>□ Prob. / Div. / Parole / PRCS revoked<br>□ In re law notice given<br>□ Prob. / Div / PRCS: Terminated:<br>   Successfully / Unsuccessfully / Denied<br>□ Crim. proceedings susp. / reinstated / dism.<br>□ Standard terms & cond. of Probation given<br>□ PC 296 sample ordered / verified<br>□ Parole violation(s) sustained / not sustained | P C 1 3 6 8 | □ Counsel declares doubt / □ Crim proc susp<br>□ Court appoints Dr. _____<br>   Purs. PC288.1 / PC1368<br>□ Counsel submit on Dr / CONREP Report<br>   dated _____ marked as EXH ____<br>□ Court finds def competent / incompetent to<br>   stand trial<br>□ Court refers def to CONREP / Adult MH<br>□ Def committed to _____<br>   Max term of commitment _____<br>   Local custody credits _____<br>□ Meds voluntary / involuntary / no consent<br>□ Criminal proceedings reinstated |
| F I N E S / F E E S | □ RF$ ____ [PC1202.4] □ Fine $ ____<br>□ Prob. Viol. Fine $ ____ □ PVRF/PCS $ ____<br>   [PC1202.44] suspended / imposed [PC1202.44]<br>□ Victim restitution $ _____<br>□ Victim restitution  TBD / Not ordered<br>□ VCB $ _____<br>□ $10 Cite Fee □ $25 O.R. □ $41 Theft fee<br>□ CJA govt. code 29550 et. seq. $ _____<br>   COA $ _____ CCA $ _____<br>   Lab $ _____ Drug $0 $ _____<br>   Atty Fees $ _____ □ Prob. Report Fee $ ____<br>□ Pay bal. of fine/ I h lieu of fine/ □ Susp. after fine<br>   ____ hours Volunteer work by _____ Fee $ ____<br>□ Balance of fines / fees / rest. to remain as ordered<br>□ Make payments to AllianceOne<br>□ Other _____ | C O M M I T M E N T S | □ County jail _____ days / mos / yrs<br>□ _____ days / mos / yrs credit<br>□ _____ days / mos / yrs suspended<br>□ Sentence to commence _____<br>□ Serve consecutive / concurrent with:<br>_____<br>□ Jail □ SWAP □ No EHD □ EHD<br>□ Release from custody to program<br>□ Day-for-day credit for successful completion of<br>   approved _____ day / mo / yr<br>   residential treatment program<br>□ PC 290 registration □ SARATSO<br>□ Sent. recall purs. to 1170.18 / Prop 47 dept resent.<br>□ See attached additional orders | | State Prison ____ yrs ____ mos<br>County Jail ____ yrs ____ mos ____ days<br>Mand. Sup. ____ yrs ____ mos ____ days<br>CT __ L M U ____ yrs ____ mos (cc) (cs)<br>CT __ L M U ____ yrs ____ mos (cc) (cs)<br>CT __ L M U ____ yrs ____ mos (cc) (cs)<br>CT __ L M U ____ yrs ____ mos (cc) (cs)<br>ENH _____ yrs ____ mos<br>ENH _____ yrs ____ mos<br>ACTUAL CTS _____<br>CONDUCT CTS _____<br>□ ½ time credits<br>□ Parole / PRCS advisement given<br>□ Paper commitment |

☒ REMANDED    □ Court Courtesy   □ Ordered released   □ On OR   □ Promise to Appear   □ Cont'd on bond/cash bail posted □ Phone calls
Bail set in the amount of $ 1,100,000    □ State Prison Commitment  □ Committed to custody until sentence is satisfied in full
TO THE SHERIFF: COMMITMENT. I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.
DATED: 1/15/2019                                              MARY A O'MALLEY
                                                        JUDGE OF THE SUPERIOR COURT

See back of form for additional information          WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU          CR-3013 (Rev 9/8/17)

TESLA-0001088

From CCC DISTRICT ATTORNEY          925 646 4174          01/11/2019 12:46          #837 P 004/011

```
                PITT FRC                      01/11/2019   8:20          PAGE    3
                JUDGE MARY A O'MALLEY         DEPARTMENT   004
```

---

CRENSHAW, ARTIS MALCOM          194996-5  F  CUST    FRC          PD-ASKELAN  8:20
    CHARGES:  PC 29800(a)(1)
              PC 25850(a)
              HS 11370.1(a)
              PC 148(a)(1)
                                                        *Vacate*        ✓

        PX    01/16/19

---

DAIGLE, NICHOLAS CONRAD          192988-4  F  CUST    FRC          BROOKS      8:20
    CHARGES:  PC 289(d)
              PC 243.4(e)(1)
              PC 314(1)                       DDA:  KOLKJ
              PC 243.4(e)(1)                  UNIT:  SAU
              PC 647(a)
                                                        *VACATE*       ✓

        PX    01/16/19

---

DELVALLE, AMANDA LYNN-KARLEE      194037-8  F  OR      FRC          PD-FIERRO   8:20
    CHARGES:  VC 10851(a)
              PC 496D(a)
                                                        *Confirm*      ✓

        PX    01/16/19

---

DIALS, SEAN MIGUEL              195364-5  F  CUST    FRC          NO ADO-YOUNG  8:20
    CHARGES:  PC 29800(a)(1)
              PC 29825(a)
              PC 30305(a)(1)
              PC 417(b)
              PC 422(a)                                 *Vacate*       ✓

        PX    01/16/19

---

ESTRADA, JOSE MANUEL-NUNEZ       192539-5  F  OR      FRC          PD OSBORNE   8:20
    CHARGES:  VC 23153(a)
              VC 23153(b)
              VC 12500(a)
                                                                      ✓

SPANISH     PX    01/15/19

---

*Diaz, Demetric     4-195330-6                          Della-Piana*
                    *PC 209(b)(1)              *confirm*  ✓
    *PX  1/15 AM                  DDA: OCONS
                                  UNIT: VVC*

*J. Bryant, Clenzell    4-195330-6                      Kwink*
                        *PC 209(b)(1)   DDA: OCONS   confirm*
    *PX  1/15 AM                  UNIT: VVC            ✓*

TESLA-0001089

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA
JPERIOR COURT OF CALIFORNI · PITTSBURG

DOCKET NO.
04-195330-6  02

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**   PA RATE-H

DEFENDANT: BRYANT, CLENZELL____ DEPT. 004  DATE 1/09/2019  TIME 8:45 AM
ADDRESS 19 ATLANTIC CIR #203____ PITTSBURG___ CA 94565  DOB: 03/31/1996
ROC: PX___ FEL___ PROB___ DEFENSE ATTORNEY EISENHART___ TIME __ NOT_ WAIVED
CUSTODIAL STATUS:  CUST                                           TARGET:  1/28/
CHARGES: 01 F PC 209(b)(1)   02 F PC 211   06 F VC 2800.2   10 1/15
'E                                                               60 = 31
                                                    MINUTES CERTIFIED CORRECT

JUDGE  MARY A O'MALLEY          COURT REPORTER  M. HAYNES        CLERK  D. MURGUIA
~~DEPT~~ 34  JUDGE Marquez      COURT REPORTER  A. Weston        CLERK  L Becnel

**APPEARANCE**
- ☐ Def proceeds PRO PER ☐ Appearance waived
- ☑ Def appears ☐ In Custody ☐ Def not appearing
- ☑ With / by Atty / ~~Pub Defn~~ ADO  J. Kuld
- ☐ Deputy District Atty  O'connel, Comal
- ☐ Court Probation Officer
- ☐ Interp._____ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893
- ☐ Order_____ Interp. ☐ Coord. Notified
- ☐ Refer to PD / PROB B Study / PPR / ☐ Confid. Notified
- ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd
- ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied

**PLEAS / WAIVERS**
- ☐ Written plea filed ☐ Pleads Guilty, Ct. #_____
- ☐ Pleads no contest, Found Guilty Ct #_____
- ☐ Pleads Not guilty / Found Not guilty by reason of insanity
- ☐ Admits / denies: priors / enhancements / strikes
- ☐ Rights given / waived ☐ App. Rights given / waived
- ☐ Per PC1192.5
- ☐ Time for Misdo Trial / Sent waived / not waived
- ☐ Time for PX / Trial 10 / 60 days waived / not waived
- ☐ Time for PX / 15 / 45 days waived / not waived
- ☑ Other DDA states claim has not been provided notice + hed waive. none. court does not believe notice + can be waived.

**MOTIONS / ORDERS**
- ☐ Defendant held to answer at PX hearing
- ☑ People / Def Motion to / for / cont BMOT - granted / 15 People people comply w/ notice requirements
- ☐ People / Def objected ☐ No action taken
- ☐ Grant _____ Denied _____ Submitted
- ☐ Info / Indictment/Complaint amended on its face to add/_____ A co-responds + obj Counsels are unavailable
- ☐ Pursuant to this afternoon.
- ☐ Substitute misdemeanor for felony where it appears in Ct.____
- ☐ Per Court / DA dismiss Ct #
- ☐ Per Court / DA dismiss Enhancements / Strikes Reason
- ☐ Crim. protective order issued/modified/served on ☐ Def / victim/_____
- ☐ Stay away from_____

**WARRANT / BAIL**
- ☐ Handed copy of: ☐ Petition to Revoke
- ☐ Information / Indictment ☐ PX / GJ transcript
- ☐ Complaint/Discovery ☐ Bail Study
- ☐ Formal arraignment waived / Reading of Complt.
- ☐ Duly arraigned ☐ Video ☐ on Prob. Viol.
- ☐ Answers true name as charged
- ☐ Deny enhancements
- ☐ Plea of not guilty entered
- ☐ Time not waived ☐ PC977 waiver filed
- ☐ Obey all laws ☐ Use true name / DOB
- ☐ Do Not use any alcohol / drugs w/o Rx
- ☐ Attend ___ AA / NA meetings per week and present proof at each court appearance
- ☐ Submit to search/testing for_____
- ☐ Re-ref / Reinstate L1 / L2 / PCDDP
- ☐ Not drive unless properly licensed and insured.
- ☐ Destroy / Return Weapon
- ☐ SCRAM / GPS / ETOH deivce _____ ☐ Removal
- ☐ No Formal Action
- ☐ PRCS / Probation
- ☐ Adult Pre-Trial / Post Plea / Diversion
- ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif.
- ☐ Def given / waived rights to Revoc Hg: admits / denies allegation
- ☐ Violation of Prob./ Div./ Parole / PRCS
- ☐ Prob./ Div./ Parole / PRCS revoked
- ☐ No law notice given
- ☐ Prob./ Div./ PRCS: Terminated: Successfully / Unsuccessfully / Denied
- ☐ Probation susp. / reinstated / dism.
- ☐ Standard terms & cond. of Probation given
- ☐ PC 296 sample ordered / overruled
- ☐ Parole violation(s) sustained / not sustained

**WARRANT / BAIL (right col)**
- ☐ Bench Warrant to issue   Bail set at $_____
- ☐ No Cite/PTA release ☐ No vol app
- ☐ Hold until_____
- ☐ Bail forfeited & continued 190 days
- ☐ Recalled ☐ Set aside ☐ Remain out
- ☐ Bail exonerated
- ☐ Bail forfeiture set aside & reinstated upon payment of fee $_____

**CONTINUANCE**
TRIAL:
RC/ERC/_____ 1/11 8:30
PX: 1/15 8:45 D4
BMOT 1115 945 D4
☐ FUTURE DATES CONFIRMED
☐ Time waived to _____ +10 / 60 days
☐ Vacate date of _____
☑ Def must / need not appear  1/15
☐ Trailing_____
Last Day_____

**(far right col)**
- ☐ Counsel declares doubt / ☐ Crim proc susp
- ☐ Court appoints Dr._____ Purs. PC288.1 / PC1368
- ☐ Counsel submit on Dr / CONREP Report dated _____ marked as EXH_____
- ☐ Court finds def competent / incompetent to stand trial
- ☐ Court refers def to CONREP / Adult MH
- ☐ Def committed to _____ Max term of commitment _____ Local custody credits _____
- ☐ Meds voluntary / involuntary / no consent
- ☐ Criminal proceedings reinstated

**FINES / FEES**
- ☐ RFS _____ [PC1202.4] ☐ Fine $_____
- ☐ Prob. Viol. Fine $_____ ☐ PVRF/PRCS $_____ [PC1202.44] suspended / imposed [PC1202.44]
- ☐ Victim restitution $_____
- ☐ Victim restitution  TBD / Not ordered
- ☐ VCB $_____
- ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41 Theft fee
- ☐ CJA govt. code 29550 et. seq. $_____
- ☐ COA $ _____ CCA $ _____
- ☐ Lab $ _____ Drug Ed $ _____
- ☐ Atty Fees $ _____ ☐ Prob. Report Fee $ _____
- ☐ Pay bal. of fine / In lieu of fine / Susp. after fine ___ hours Volunteer work by _____ Fee $_____
- ☐ Balance of fines / fees / rest. to remain as ordered
- ☐ Make payments to AllianceOne.
- ☐ Other_____

**COMMITMENT / REGISTRATION**
- ☐ County jail _____ days / mos / yrs
- ☐ _____ yrs / mos / days credit
- ☐ _____ days / mos / yrs suspended
- ☐ Sentence to commence _____
- ☐ Serve consecutive / concurrent with:
- ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD
- ☐ Release from custody to program
- ☐ Day-for-day credit for successful completion of approved _____ day / mo / yr residential treatment program
- ☐ PC 290 registration ☐ SARATSO
- ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent.
- ☐ See attached additional orders

**SENTENCE col**
State Prison _____ yrs _____ mos
County Jail _____ yrs _____ mos _____ days
Mand. Sup. _____ yrs _____ mos _____ days
CT __ L M U _____ yrs _____ mos (cc) (cs)
CT __ L M U _____ yrs _____ mos (cc) (cs)
CT __ L M U _____ yrs _____ mos (cc) (cs)
CT __ L M U _____ yrs _____ mos (cc) (cs)
ENH _____ yrs _____ mos
ENH _____ yrs _____ mos
ACTUAL CTS _____
CONDUCT CTS _____
- ☐ ½ time credits
- ☐ Parole / PRCS advisement given
- ☐ Paper commitment

☑ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls
Bail set in the amount of $ 1,100,000.  ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full
TO THE SHERIFF, COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.
DATED: 1/09/2019                              _____ MARY A O'MALLEY
                                              JUDGE OF THE SUPERIOR COURT

See back of form for additional information   WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU   CR-3013 (Rev. 9/8/17)

TESLA-0001090

From:CCC DISTRICT ATTORNEY          925 646 4174          01/04/2019 12:07    #815 P 004/008

```
                        PITT FRC                    01/04/2019   8:20           PAGE    3
                        JUDGE MARY A O'MALLEY        DEPARTMENT   004
```

---

```
DIAZ, DEMETRIC                      195330-6  F  CUST   FRC      NO PD-DELLA-P  8:20
          CHARGES: PC 209(b)(1)
                   PC 211
                   PC 245(a)(2)
                   PC 245(a)(2)              [ VVC ]
                   PC 245(a)(2)
```

PX        01/09/19                                    CONFIRM                ✓

---

```
BRYANT, CLENZELL                    195330-6  F  CUST   FRC      NO EISENHART  8:20
   2      CHARGES: PC 209(b)(1)
   2               PC 211                                      ADO KULUK
   2               VC 2800.2            [ VVC ]
   2
   2      PX        01/09/19                            CONFIRM              ✓
```

---

```
DUNN, STEPHAN CHRISTOPHER            194185-5  F  OR     FRC      ADO-YOUNG     8:20
          CHARGES: VC 23153(a)
                   VC 23153(b)
                                               VACATE                       ✓
          PX        01/08/19
```

---

```
FRAIRE, ROBERTO ZUNIGA              191495-1  F  CUST   FRC      PD-DELLA-P    8:20
          CHARGES: VC 23152(a)&235
                   VC 23152(b)&235
                   VC 14601.2(a)
                   VC 23247(e)                                               ✓
SPANISH
          PX        01/09/19                    CONFIRM
```

---

```
GARCIA, JULIO CESAR                 191995-0  F  CUST   FRC      MORRIS        8:20
          CHARGES: PC 246
                   PC 246.3(a)
                   PC 29800(a)(1)
                   PC 496(a)

          PX        01/08/19                                                 ✓
```

VACATE

TESLA-0001091

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA   DOCKET NO.

~PERIOR COURT OF CALIFORNI    PITTSBURG    04-195330-6    02

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE~H

DEFENDANT: BRYANT, CLENZELL    DEPT. 034    DATE 2/31/2018    TIME 8:45 AM

ADDRESS 19 ATLANTIC CIR #203    PITTSBURG    CA  94565    DOB: 03/31/1996

ROC: ARR    FEL    PROB    DEFENSE ATTORNEY ADO    TIME    WAIVEL

CUSTODIAL STATUS:    CUST    TARGET:   1/28

CHARGES: 01 F PC 209(b)(1)    02 F PC 211    06 F VC 2800.2

'E    Department 26    MINUTES CERTIFIED CORRECT

Judge Judy Johnson

JUDGE LEONARD MARQUEZ   Clerk: Jocelyn Lam    COURT

ASSIGN    Reporter: Priscilla Gwaltney, CSR    REPORTER D.R. THOMPSON    CLERK  ET  BECNEL

TO DEPT.    JUDGE    COURT REPORTER    CLERK 10 115  60 3/1

| | | |
|---|---|---|
| **A P P E A R A N C E** | ☐ Def proceeds PRO PER ☐ Appearance waived<br>☑ Def appears ☑ In-Custody ☐ not appearing<br>☑ With ty Atty /Dep/Def ADO<br>☐ Deputy District Atty<br>☐ Court Probation Officer<br>☐ Interp. ____ ☐ cert. ☐ non-cert.<br>sworn / oath on file / qualified per Rule 2.893<br>☐ Order ____ ☐ Coord. Notified<br>☐ Refer to PD / PROB B Study / PPR / Ct. Notified<br>☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd<br>☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | **A R R A I G N M E N T / B A I L** | Handed copy of: ☐ Petition to Revoke<br>☐ Information / Indictment ☐ PX / CJ transcript<br>☐ Complaint/Discovery ☐ Bail Study<br>☐ Formal arraignment waived / Reading of Complt.<br>☐ Duly arraigned ☐ Video ☐ on Prob. Viol.<br>☐ Answers true name as charged<br>☐ Deny enhancements<br>☑ Plea of not guilty entered<br>☑ Time not waived ☐ PC977 waiver filed | **W A R R A N T / B A I L** | ☐ Bench Warrant to issue<br>Bail set at $____<br>☐ No Cite/PTA release ☐ No vol app<br>☐ Hold until ____<br>☐ Bail forfeited & continued 190 days<br>☑ Recalled ☐ Set aside ☐ Remain out<br>☐ Bail exonerated<br>☐ Bail forfeiture set aside & reinstated<br>upon payment of fee p<br>FTA 11/8-20 |

| | | |
|---|---|---|
| **P L E A S / W A I V E R S** | ☐ Written plea filed ☐ Pleads Guilty, Ct. # ____<br>☐ Pleads no contest, Found Guilty Ct # ____<br>☐ Pleads Not guilty / Found Not guilty by reason of insanity<br>☐ Admits / denies: priors ☐ enhancements ☐ strikes<br>☐ Rights given ☐ App. Rights given / waived<br>☐ Per PC1192.5<br>☐ Time for Misdo Trial / Sent waived / not waived<br>☐ Time for Fel PX / Trial 10 / 60 days waived / not waived<br>☐ Time for PX – 15 / 45 days waived / not waived<br>☐ Other  ADO authorizes DA to review police report | **C O N D S** | ☐ Obey all laws ☐ Use true name / DOB<br>☐ Do Not use any alcohol / drugs w/o Rx<br>☐ Attend ___ AA / NA meetings per week and<br>present proof at each court appearance<br>☐ Submit to search/testing for ____<br>☐ Re-ref / Reinstate L1 / L2 / PCDDP<br>☐ Not drive unless properly licensed and insured.<br>☐ Destroy / Return Weapon<br>☐ SCRAM / GPS ☐ Ordered ☐ Removed | **C R I M I N A L** | ☐ TRIAL:<br>RC/ERC: 1/9/19  8:45<br>PX<br>PTC/SET: DA PTT<br>☐ **FUTURE DATES CONFIRMED**<br>☐ Time waived to ____ +10 / 60 days<br>☐ Vacate date of ____<br>☐ Def must / need not appear  PV only<br>☐ Trailing<br>Last Day  10 1/15 |

| | | |
|---|---|---|
| **M O T I O N S / O R D E R S** | ☐ Defendant held to answer at PX hearing  012<br>☐ People / Def Motion to ____ for / cont ____<br>☐ People / Def objected ☐ No action taken<br>☐ Granted ☐ Denied ☐ Submitted<br>☐ Info / Indictment/Complaint amended on its face to<br>add Ct # ____ a violation of section<br>____ Fel / Misd<br>☐ Pursuant to 23103.5 CVC<br>☐ Substitute misdemeanor for felony where it appears<br>in Ct # ____<br>☐ Per Court / DA dismiss Ct # ____<br>☐ Per Court / DA dismiss Enhancements / Strikes<br>Reasons: ____<br>☐ Crim. protective order issued/modified/served on<br>☐ Deft. ☐ Victim ☐ DA<br>☐ Stay away from ____ | **P R O B / D I V / P A R O L E** | ☐ Court / Formal Prob. ____ yrs. ____ mos.<br>☐ No Probation<br>☐ Adult Pre-Trial / Post Plea / Diversion<br>☐ Prob./ Div./ Parole/ PRCS Reinst'd / Ext./ Modif.<br>to ____<br>☐ Def given / waived rights to Revoc Hg; admits /<br>denies allegation<br>☐ Violation of Prob./ Div. / Parole / PRCS<br>☐ Prob. / Div. / Parole / PRCS revoked<br>☐ In re law notice given<br>☐ Prob. / Div. / PRCS: Terminated:<br>Successfully / Unsuccessfully / Denied<br>☐ Crim. proceedings susp. / reinstated / dism.<br>☐ Standard terms & cond. of Probation given<br>☐ PC 296 sample ordered / verified<br>☐ Parole violation(s) sustained / not sustained | **P C 1 3 6 8** | ☐ Counsel declares doubt / ☐ Crim proc susp<br>☐ Court appoints Dr. ____<br>Purs. PC288.1 / PC1368<br>☐ Counsel submit on Dr / CONREP Report<br>dated ____ marked as EXH ____<br>☐ Court finds def competent / incompetent to<br>stand trial<br>☐ Court refers def to CONREP / Adult MH<br>☐ Def committed to ____<br>Max term of commitment ____<br>Local custody credits ____<br>☐ Meds voluntary / involuntary / no consent<br>☐ Criminal proceedings reinstated |

| | | |
|---|---|---|
| **F I N E / F E E S** | ☐ RF$ ____ [PC1202.4] ☐ Fine $ ____<br>☐ Prob. Viol. Fine $ ____ ☐ PVRF/PRCS $ ____<br>[PC1202.44] suspended / imposed [PC1202.44]<br>☐ Victim restitution $ ____<br>☐ Victim restitution  T.B.D  / Not ordered<br>☐ VCB $ ____<br>☐ $10 Cite Fee ☐ $25 O.R. ☐ $41 Theft fee<br>☐ CJA govt. code 29550 et. seq. $ ____<br>COA $ ____ CCA $ ____<br>Lab $ ____ Drug Ed $ ____<br>Atty Fees $ ____ ☐ Prob. Report Fee $ ____<br>☐ Pay bal. of fine/ [ ] In lieu of fine/ ☐ Susp. after fine<br>____ hours Volunteer work by ____ Fee $ ____<br>☐ Balance of fines / fees / rest. to remain as ordered<br>☐ Make payments to AllianceOne.<br>☐ Other ____ | **C O M M I T M E N T S / R E G I S T** | ☐ County jail ____ days / mos / yrs<br>☐ ____ days / mos / yrs credit<br>☐ ____ days / mos / yrs suspended<br>☐ Sentence to commence ____<br>☐ Serve consecutive / concurrent with:<br>☐ Jail ☐ SWAP ☐ EM ☐ EHD<br>☐ Release from custody to program ____<br>☐ Day-for-day credit for successful completion of<br>approved ____ day / mo / yr<br>residential treatment program<br>☐ PC 290 registration ☐ SARATSO<br>☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent.<br>☐ See attached additional orders | | State Prison ____ yrs ____ mos<br>County Jail ____ yrs ____ mos ____ days<br>Mand. Sup. ____ yrs ____ mos ____ days<br>CT ___ L M U ____ yrs ____ mos (cc) (cs)<br>CT ___ L M U ____ yrs ____ mos (cc) (cs)<br>CT ___ L M U ____ yrs ____ mos (cc) (cs)<br>ENH ____ yrs ____ mos<br>ENH ____ yrs ____ mos<br>ACTUAL CTS ____<br>CONDUCT CTS ____<br>☐ ½ time credits<br>☐ Parole / PRCS advisement given<br>☐ Paper commitment |

☑ REMANDED ☐ Court Courtesy ☐ Ordered released ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls
Bail set in the amount of $  1,100,000    ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full

TO THE SHERIFF: COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.

DATED: 12/31/2018    LEONARD MARQUEZ

JUDGE OF THE SUPERIOR COURT

See back of form for additional information.    WHITE - Court    GREEN - Jail (if in custody)    CANARY - Defendant    PINK - Probation    GOLDENROD  CCU    CR 3013 (Rev. 9/8/17)

TESLA-0001092

SUPERIOR COURT, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA

~~SUPERIOR COURT OF CALIFORNIA   PITTSBURG~~

DOCKET NO.
04-195330-6   02

**FELONY AND MISDEMEANOR CLERK'S DOCKET AND MINUTES**

PA RATE-H

DEFENDANT BRYANT, CLENZELL   DEPT. 034   DATE 12/28/2018   TIME 8:45 AM
ADDRESS 19 ATLANTIC CIR #203   PITTSBURG   CA 94565   DOB 03/31/1996
ROC ARR   FEL   PROB   DEFENSE ATTORNEY _____   TIME ___ WAIVE ___
CUSTODIAL STATUS:   WARR
CHARGES: 01 F PC 209(b)(1)   02 F PC 211   06 F VC 2800.2
'E

BJ Enea CSR#2599   MINUTES CERTIFIED CORRECT

JUDGE LEONARD MARQUEZ
ASSIGN
TO DEPT. _____ JUDGE _____

COURT
REPORTER ~~D.B. THOMPSON~~   CLERK L. BECNEL
COURT
REPORTER _____   CLERK _____

| A P P E A R A N C E | | M/O/R/A/I/G/N/M/E/N/T | | W A R R A N T / B A I L | |
|---|---|---|---|---|---|
| ☐ Def proceeds PRO PER ☐ Appearance waived | | Handed copy of: ☐ Petition to Revoke | | ☐ Bench Warrant to issue | |
| ☑ Def appears ☑ In Custody ☐ Def not appearing | | ☐ Information / Indictment ☐ PX / GJ transcript | | Bail set at $_____ | |
| ☑ With / by Atty (Pub Def) LADO *Banks* | | ☑ Complaint/Discovery ☐ Bail Study | | ☐ No Cite/PTA release ☐ No vol app | |
| ☐ Deputy District Atty *Tompkins* | | ☐ Formal arraignment waived / Reading of Complt. | | ☐ Hold until ___ | |
| ☐ Court Probation Officer _____ | | ☐ Daily arraigned ☐ Video ☐ on Prob. Viol. | | ☑ Bail forfeited & continued 190 days | |
| ☐ Interp. _____ ☐ cert. ☐ non-cert. sworn / oath on file / qualified per Rule 2.893 | | ☐ Answers true name as charged | | ☑ Recalled ☐ Set aside ☐ Remain out | |
| ☐ Order _____ Interp. ☐ Coord. Notified | | | | ☐ Bail exonerated | |
| ☐ Refer to PD / PROB B Study / PPR / ☐ Confl. Notified | | ☐ Deny enhancements | | ☐ Bail forfeiture set aside & reinstated | |
| ☐ PD / ADO / PVT ☐ accepts ☐ relieved ☐ appt'd | | ☐ Plea of not guilty entered | | upon payment of fee $_____ | |
| ☐ 170.6 / 171 PC filed / Order ☐ Granted ☐ Denied | | ☐ Time not waived ☐ PC977 waiver filed | | | |

| P L E A S / W A I V E R S | | C/O/N/D/S | | T R I A L / M/O/T/I/O/N/U/A/N/C/E/S | |
|---|---|---|---|---|---|
| ☐ Written plea filed ☐ Pleads Guilty, Ct. # | | ☐ Obey all laws ☐ Use true name / DOB | | ☐ TRIAL: _____ | |
| ☐ Pleads no contest, Found Guilty Ct # _____ | | ☐ Do Not use any alcohol / drugs w/o Rx | | RC/FRC: _____ | |
| ☐ Pleads Not guilty / Found Not guilty by reason of insanity | | ☐ Attend ___ AA / NA meetings per week and | | PX: _____ | |
| ☐ Admits / denies: priors ☐ enhancements ☐ strikes | | present proof at each court appearance | | PTC/SET: _____ | |
| ☐ Rights given / waived ☑ App. Rights given / waived | | ☐ Submit to search/testing for _____ | | ARR 12/31 845 D34 | |
| ☐ Per PC1192.5 | | ☐ Re-ref / Reinstate L1 / L2 / PGDDP ~~~~ | | ☐ FUTURE DATES CONFIRMED | |
| ☐ Time for Misdo Trial / Sent waived / not waived | | ☐ Not drive unless properly licensed and insured. | | ☐ Time waived to _____ + 10 / 60 days | |
| ☐ Time for Fel PX / Trial 10 / 60 days waived / not waived | | ☐ Destroy / Return Weapon | | ☐ Vacate date of _____ | |
| ☐ Time for PV – 15 / 45 days waived / not waived | | ☐ SCRAM / GPS ☐ Ordered ☐ Removed | | ☑ Def must/ need not appear _____ | |
| ☑ Other PD has conflict | | | | ☐ Training _____ | |
| | | | | Last Day _____ | |

| M/O/T/I/O/N/S/I/O/R/D/E/R/S | | P/R/O/B/A/T/I/O/N/I/D/I/V/P/A/R/O/L/E | | P/C/1/3/6/8/1/7/0 | |
|---|---|---|---|---|---|
| ☐ Defendant held to answer at PX hearing | | ☐ Court / Formal Prob. _____ yrs. ___ mos. | | ☐ Counsel declares doubt / ☐ Crim proc susp | |
| ☐ People / Def Motion to / for / cont _____ | | ☐ No Probation | | ☐ Court appoints Dr. _____ | |
| ☐ People / Def objected ☐ No action taken | | ☐ Adult Pre-Trial / Post Plea / Diversion | | Purs. PC288.1 / PC1368 | |
| ☐ Granted ☐ Denied ☐ Submitted | | ☐ Prob./ Div./ Parole / PRCS Reinst'd / Ext./ Modif. | | ☐ Counsel submit on Dr / CONREP Report | |
| ☐ Info / Indictment/Complaint amended on its face to | | to _____ | | dated _____ marked as EXH _____ | |
| add Ct # _____ a violation of section | | ☐ Def given / waived rights to Revoc Hg: admits / | | ☐ Court finds def competent / incompetent to | |
| _____ Fel / Misd | | denies allegation | | stand trial | |
| ☐ Pursuant to 23103.5 CVC | | ☐ Violation of Prob./ Div. / Parole / PRCS | | ☐ Court refers def to CONREP / Adult MH | |
| ☐ Substitute misdemeanor for felony where it appears | | ☐ Prob. / Div. / Parole / PRCS revoked | | ☐ Def committed to _____ | |
| in Ct # _____ | | ☐ In re law notice given | | Max term of commitment _____ | |
| ☐ Per Court / DA dismiss Ct # _____ | | ☐ Prob. / Div / PRCS: Terminated: | | Local custody credits _____ | |
| ☐ Per Court / DA dismiss Enhancements / Strikes | | Successfully / Unsuccessfully / Denied | | ☐ Meds voluntary / involuntary / no consent | |
| Reasons: _____ | | ☐ Crim. proceedings susp. / reinstated / dism. | | ☐ Criminal proceedings reinstated | |
| ☐ Crim. protective order issued/modified/served on | | ☐ Standard terms & cond. of Probation given | | | |
| ☐ Deft. ☐ Victim / DA | | ☐ PC 296 sample ordered / verified | | | |
| ☐ Stay away from _____ | | ☐ Parole violation(s) sustained / not sustained | | | |

| F/I/N/E/S | | C/O/M/M/I/T/M/E/N/T/S | | (commitment columns) | | |
|---|---|---|---|---|---|---|
| ☐ RFS _____ [PC1202.4] ☐ Fine $_____ | | ☐ County jail _____ days / mos / yrs | | State Prison _____ yrs | | |
| ☐ Prob. Viol. Fine $_____ ☐ PVRF/PRCS $_____ | | ☐ _____ days / mos / yrs credit | | County Jail ___ yrs ___ mos ___ days | | |
| [PC1202.44] suspended / imposed [PC1202.44] | | ☐ _____ days / mos / yrs suspended | | Mand. Sup. ___ yrs ___ mos ___ days | | |
| ☐ Victim restitution $_____ | | ☐ Sentence to commence _____ | | CT ___ L M U ___ yrs ___ mos (cc) (cs) | | |
| ☐ Victim restitution TBD / Not ordered | | ☐ Serve consecutive / concurrent with: | | CT ___ L M U ___ yrs ___ mos (cc) (cs) | | |
| ☐ VCB $_____ | | | | CT ___ L M U ___ yrs ___ mos (cc) (cs) | | |
| ☐ $10 Cite Fee ☐ $25 O.R. ☐ $41Theft fee | | ☐ Jail ☐ SWAP ☐ No EHD ☐ EHD | | CT ___ L M U ___ yrs ___ mos (cc) (cs) | | |
| ☐ CJA govt. code 29550 et. seq. $_____ | | ☐ Release from custody to program | | ENH _____ yrs ___ mos | | |
| COA $_____ CCA $_____ | | ☐ Day-for-day credit for successful completion of | | ENH _____ yrs ___ mos | | |
| Lab $_____ Drug Ed $_____ | | approved _____ day / mo / yr | | ACTUAL CTS _____ | | |
| Atty Fees $_____ ☐ Prob. Report Fee $_____ | | residential treatment program | | CONDUCT CTS _____ | | |
| ☐ Pay bal. of fine/ ☐ In lieu of fine/ ☐ Susp. after fine | | ☐ PC 290 registration ☐ SARATSO | | ☐ ½ time credits | | |
| program Hours Volunteer work by _____ Fee $_____ | | ☐ Sent. recall purs. to 1170.18 / Prop 47 dept resent. | | ☐ Parole / PRCS advisement given | | |
| ☐ Balance of fines / fees / rest. to remain as ordered | | ☐ See attached additional orders | | ☐ Paper commitment | | |
| ☐ Make payments to AllianceOne. | | | | | | |
| ☐ Other _____ | | | | | | |

☑ REMANDED ☐ Court Courtesy ☐ Ordered released   ☐ On OR ☐ Promise to Appear ☐ Cont'd on bond/cash bail posted ☐ Phone calls _____
Bail set in the amount of $ 100,000   ☐ State Prison Commitment ☐ Committed to custody until sentence is satisfied in full
TO THE SHERIFF; COMMITMENT: I certify that this is a true copy of the Entry of Judgment or Order and is your authority for the execution thereof.
DATED 12/28/2018   LEONARD MARQUEZ
                    JUDGE OF THE SUPERIOR COURT

See back of form for additional information.   WHITE - Court   GREEN - Jail (if in custody)   CANARY - Defendant   PINK - Probation   GOLDENROD - CCU   CR-3013 (Rev. 9/8/17)

TESLA-0001093

Superior Court of California
County Of Contra Costa

F I L E D

DEC 27 2018

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
L. OHM, Deputy Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA,

vs.

CLENZELL BRYANT.

No.04-195330-6

DECLARATION IN SUPPORT
OF WARRANT FOR ARREST

___

The Undersigned Declares:

Affiant holds the position of Officer, with the Brentwood Police Department, who has reviewed the reports of an official police investigation into the above entitled cause.   Attached hereto and incorporated herein by reference as if fully set forth are copies of the documents, referenced below, related to that investigation.

| Police Agency | Case Number |
|---|---|
| Brentwood Police Department | 18-6244 |

The above referenced documents were prepared in the ordinary course of business of the investigating agency, and pursuant to the sworn duty of the subscribing officers.  Affiant is informed and believes that the above referenced defendant committed the offense[s] alleged in the accompanying complaint in the manner and by the means as set forth in said complaint and in said incorporated documents, and prays:

( X )   That A Warrant Be Issued For The Arrest Of Said Defendant
( X )   Defendant Be Held In-Custody Until Bail Is Posted

I declare under penalty of perjury that the foregoing is true and correct.

Date:   December 26, 2018

Officer Barrera, Badge # 598   Det. Peterson, # 478

**ORDER**

The Court finds, based on the foregoing declaration and accompanying complaint, that there is probable cause to believe the above named defendant committed the crime[s] alleged in that complaint, and orders:

( X )   A Warrant Be Issued For The Arrest Of Said Defendant
( X )   Defendant Be Held In-Custody Until Bail Is Posted
( X )   The Defendant Is To Be Admitted To Bail In The Sum Of $ 1,100,000 Dollars.

Date:   DEC 2 7 2018

Judge of the Superior Court
Contra Costa County

TESLA-0001094

SUPERIOR COURT COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA
PITTSBURG

**CLERKS DOCKET AND MINUTES**

REV CODE 04421                                               CASE NO: 195330 6 02

| THE PEOPLE OF THE STATE OF CALIFORNIA | CO-DEFENDANTS |
|---|---|
| Vs. | |
| CLENZELL BRYANT | 1  DEMETRIC DIAZ |
| 19 ATLANTIC CIR #203 | |
| PITTSBURG      CA 94565 | |

| DATE OF BIRTH: 03/31/96 | D/L F7563776   CA |
|---|---|
| DATE | CHARGES |

12/27/18 : COMPLAINT FILED, SWORN TO BY OFC BARRERA          36 CHARGING
         : DEFENDANT (S) WITH HAVING COMMITTED ON OR ABOUT 12/21/18
         : A FELONY TO WIT: A VIOLATION OF SECTION(S)
         :    1 PC 209(b)(1)          KIDNAPPING TO COMMIT ANOTHER CRIME
         :    2 PC 211               SECOND DEGREE ROBBERY
         :    6 VC 2800.2            EVADING PEACE OFFICER/DRIVE IN RECKLESS
         :                          MANNER

: JUDGE :                          PROCEEDINGS

         : SET FOR ARR   ON 12/28/18 AT  8:45

         : DOCKET: COF PURPLE

_____ $10 (SIGNED CITE)
_____ $25 (BOOKING FEE)
_____ $5&4 (CJA FEE)
      SERVE PROTECTIVE ORDER
_____ CCA FEE ($30 / $35 PER CONV)
_____ SECURITY FEE ($40 PER CONV)

TESLA-0001095

## Superior Court of California, County of Contra Costa

## BOOKING FEE REIMBURSEMENT NOTICE

**To Be Completed by Arresting Agency:**

Defendant's Name: Bryant, Clenzell

Arresting Agency: Brentwood Police Department

Arresting Agency's
Contact Phone No.: (925) 634-6911

CJA Fee Incurred Under Booking No.: CC18KU602

Verified By: 568

Name & Title: T. Thomas - Records Clerk
(PLEASE PRINT)

| | | | |
|---|---|---|---|
| ☒ Brentwood 1806244 | | ☐ Oakley | |
| ☐ CHP | | ☐ Orinda | |
| ☐ Danville | | ☐ San Ramon | |
| ☐ East Bay Reg. Parks | | ☐ Sheriff | |
| ☐ El Cerrito | | ☐ Walnut Creek | |
| ☐ Lafayette | | | |

**To Be Completed by the Court:**

Court Case No.: 4-195330-6-02

Sentenced:

Amount: $564.—

### INFORMATION FOR DEFENDANTS REGARDING
### ASSESSMENT OF A CRIMINAL JUSTICE ADMINISTRATION FEE

Following your conviction, the Court has ordered that you reimburse the local arresting agency for fingerprinting and booking costs incurred on your behalf in the above action pursuant to Section 29550 of the Government Code.

☐ YOU HAVE <u>NOT</u> BEEN ORDERED TO SERVE JAIL OR OTHER CUSTODY TIME.
   Contact AllianceOne at (877) 541-8420 to make a payment in full or to arrange a payment plan.

☐ YOU HAVE BEEN ORDERED TO SERVE JAIL OR OTHER CUSTODY TIME.
   You must pay the amount designated above within 20 working days after release from jail/state prison/other facility.  Upon your release from custody, you must contact AllianceOne at (877) 541-8420.

If you believe you have insufficient assets to pay this fee you may request a hearing where the Court will make a determination of your ability to pay all or a portion of this fee.  If you wish to have a hearing, you must notify the Court or your attorney.  At that hearing you will have the right to counsel, to present evidence and confront and cross examine witnesses.  In addition, the court will order you to appear before a Financial Evaluation Officer who will make an inquiry regarding your ability to pay this fee and make a recommendation to the Court about your ability to pay.  If you fail to contact the Financial Evaluation Officer, you waive your right to a hearing.

Contact the Court Collections Unit (CCU) regarding your ability to pay:  (925) 608-2605

DISTRIBUTION:    ORIGINAL – Court    CANARY – Defendant    PINK – Court File    GOLDENROD – Arresting Agency

Local Court Form
CR-143 Rev. 10/5/17

TESLA-0001096

Next court date: 12/31/2018
Time: 08:45
Dept.: 34

1   Robin Lipetzky, State Bar # 124769
    Public Defender, Contra Costa County
2   By: ROBIN LIPETZKY, Public Defender
    800 Ferry Street
3   Martinez, California 94553-1626
    Telephone: (925) 335-8000
4
5                                              F I L E D
6                                              DEC 3 1 2018
                                               K. GIEKER CLERK OF THE COURT
7                                              SUPERIOR COURT OF CALIFORNIA
                                               COUNTY OF CONTRA COSTA
                                               By_____
8                                                   S. Mann, Deputy Clerk

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              IN AND FOR THE COUNTY OF CONTRA COSTA   HTA-5-1961 94-2

10  THE PEOPLE OF THE STATE OF CALIFORNIA        No: 04-195330-6

11                     v.                        CASE TRANSFER TO ALTERNATE
                                                 DEFENDER OFFICE
12  CLENZELL BRYANT,                             PD   File No. M18D-3278

13  _____Defendant/          Case type: FEL

14  ROBIN LIPETZKY states that:

15      She/He is a Deputy Public Defender in the County of Contra Costa, State of California; the Public

16  Defender's Office or Cost Recovery has taken a financial statement signed by the above-named applicant

17  for representation; and, that it appears from said statement that applicant is not financially able to

18  employ counsel. The Public Defender's Office accepts representation of the above-named defendant.

19      In order to avoid a conflict of interest or for administrative reasons, this case is being transferred

20  to the Contra Costa County Alternate Defender Office, an autonomous branch in the Office of the Public

21  Defender.

22      I declare under penalty of perjury that the forgoing is true and correct.

23

24  Dated:  DECEMBER 28, 2018  at MARTINEZ, CALIFORNIA

25

26                              _____Robin Lipetzky_____
27
28                                        Public Defender

    PD   TRANSFER NO:  M39469

TESLA-0001097

**FINANCIAL CASUALTY & SURETY, INC.**
The Bail Insurance Company (*fcs*)
3131 EASTSIDE # 600 (P. O. Box 4479)
HOUSTON, TEXAS 77098 (Houston, TX 77210-4479)
877.737.2245 ☐ Fax 713.580.6401

Absolute Bail Bonds
45100 Yucca Ave.
Lancaster, CA 93534
(800) 793-2245
AEAPP
Lic. #BA1841120

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

JAN 29 2019

# BAIL BOND

NO. __FCS800 - 1946577__

(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED.)

IN THE __SUPERIOR__ COURT OF THE __MARTINEZ__ JUDICIAL DISTRICT

COUNTY OF __CONTRA COSTA__, STATE OF CALIFORNIA.

__5-190194-1__

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff,

CASE NO. __04-195330-6-002__

VS.

DIV. NO. _____

__CLENZELL  BRYANT__

Defendant

Defendant __CLENZELL  BRYANT__ __CC18KU602__
(NAME OF DEFENDANT)                    (BOOKING NO.)

having been admitted to bail in the sum of __ONE HUNDRED FIFTY THOUSAND & 00/100__

Dollars ($ __150,000.00__ ) and ordered to appear in the above entitled court, on __02 - 11 - 2019 @ 1:30 pm__
                                                                              MONTH   DAY   YEAR

on __PC 211   VC 2800.2   PC 209 (B)(1)__ charge/s;
(State "MISDEMEANOR" OR "FELONY")

Now, FINANCIAL CASUALTY & SURETY, INC., a Texas Corporation, hereby undertakes that the above-named defendant will appear in the above-named court on the date above, set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and as duly authorized amendments thereof, in whatever court may be filed and prosecuted, and will at all times hold him/herself amenable to the orders and process of the court, and if convicted, will appear for pronouncement of judgment or grant of probation, or if he/she fails to perform either of these conditions, that the FINANCIAL CASUALTY & SURETY, INC., a Texas Corporation, will pay to the people of the State of California the sum of __ONE HUNDRED FIFTY THOUSAND & 00/100__ dollars ($ __150,000.00__ ) subject to applicable legal provisions.

If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said FINANCIAL CASUALTY & SURETY, INC., a Texas Corporation, for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code.

**FINANCIAL CASUALTY & SURETY, INC.**
**(A Texas Corporation)**

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED OR IF WRITTEN AFTER THE EXPIRATION DATE SPECIFIED ON THE ATTACHED POWER OF ATTORNEY.

By_____

Robert Sabo, Sr. Vice-President

SEAL

I certify under penalty of perjury that I am a licensed bail agent of the FINANCIAL CASUALTY & SURETY, INC. and that I am executing this bond on __1/24/19__ day, at __MARTINEZ  CA__
                                    (Date)                              (Location)

_____
(SIGNATURE OF LICENSED AGENT)

| | |
|---|---|
| THE PREMIUM CHARGED FOR | Approved __24th__ day of __January__, __2019__ |
| THIS BOND PER ANNUM IS: $ __15,000.00__ | Title __Sgt K Buryz__ |

NOTE:   This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims, nor can it be as a Bond on Appeal.

## CERTIFICATE OF DISCHARGE BOND
## FINANCIAL CASUALTY & SURETY, INC.

POWER NO. __FCS800 - 1946577__      BOND AMT $ __150,000.00__

TESLA-0001098

**BANKERS**
INSURANCE GROUP

**Bankers Insurance Company**
P.O. Box 33015 • St. Petersburg, Florida 33733-8015
727 823 4000 • 800 627 0000 • Fax 727 803 4076

F I L E D
JAN 29 2019

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
NO. 520020580-9
By:_____

**Bail Hotline Bail Bonds**
Insurance License # 1845394
3611 University Ave Second Floor
Riverside, California 92501
1-888-438-2245

## BAIL BOND

(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED)

IN THE _SUPERIOR_____ COURT OF THE _MARTINEZ_____ JUDICIAL DISTRICT   5-190194-1 AOW

COUNTY OF _CONTRA COSTA_____, STATE OF CALIFORNIA.

THE PEOPLE OF THE STATE OF CALIFORNIA,
                                      Plaintiff,     CASE NO. _04-195330-6-001_

VS.

DIAZ, DEMETRIC G.                                   DIV. NO. _Dept. 3_
                                      Defendant.

Defendant _DIAZ, DEMETRIC G._____          _CC18KU601_____
          (NAME OF DEFENDANT)                   (BOOKING NO.)

having been admitted to bail in the sum of _Three Hundred Thousand_____
_____ Dollars ($_300,000.00___) and ordered to appear in the above-entitled
court on _2/11/19 @ 1:30 PM__, on _PC211, PC245(A)(2)x3, PC209(B)(1)___ charge/s:
           (DATE OF APPEARANCE)              (STATE MISDEMEANOR OR FELONY)

NOW, the BANKERS INSURANCE COMPANY, a Florida Corporation hereby undertakes that the above-named defendant will appear in the above named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be filed and prosecuted, and will at all times hold him/herself amendable to the orders and process of the court and, if convicted, will appear for pronouncement of judgement or grant of probation; or if he/she fails to perform either of these conditions, that the BANKERS INSURANCE COMPANY, a Florida Corporation, will pay to the People of the state of California the sum of _Three Hundred Thousand_____ Dollars ($_300,000.00_____)

If the forfeiture of this bond be ordered by the Court, Judgment may be summarily made and entered forthwith against the said BANKERS INSURANCE COMPANY, a Florida Corporation, for the amount of its undertaking herein as provided by Section 1305 and 1306 of the California Penal Code.

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, IF MORE THAN ONE SUCH POWER IS ATTACHED, OR IF WRITTEN AFTER THE EXPIRATION DATE AS SPECIFIED ON THE ATTACHED POWER OF ATTORNEY.

BANKERS INSURANCE COMPANY

                                                    (SEAL)
By AMORE J. WINKLE _____
                                                    AGENT

I certify under penalty of perjury that I am a licensed bail agent of the BANKERS INSURANCE COMPANY and that I am executing this bond on _1/23/19_____
                        (DATE)
at _MARTINEZ, CA_____
       (LOCATION)
                              _____
                              (SIGNATURE OF LICENSED AGENT)

| THE PREMIUM CHARGED FOR THIS BOND IS $ _30,000.00_ | Approved this _23RD_ day of _JAN._ _2019_ _SGT. BRUMFIELD_ (Title) |

Note:  This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES, or Wage Law claims, nor can it be used as a Bond on /_____.

BIC0420260809A

TESLA-0001099



1   ALTERNATE DEFENDER OFFICE, Contra Costa County
    Elizabeth K. Barker, Asst. Public Defender
2   By: Evan Kuluk (SBN #251008), Deputy Public Defender
    627 Ferry St. Martinez, CA 94553
3   Telephone: (925) 335-8181
    Evan.Kuluk@pd.cccounty.us
4



5   Attorneys for Defendant BRYANT

6

7               SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA

8

9   PEOPLE OF THE STATE OF CALIFORNIA,      )   No. 4-195330-6
                                            )
10                          Plaintiff,      )   NOTICE OF MOTION AND
                                            )   MOTION TO RESET BAIL TO AN
11      vs.                                 )   AFFORDABLE AMOUNT AND/OR GRANT
                                            )   PRETRIAL RELEASE
12                                          )   [In re Humphrey; P.C. §§ 1270.2, 1270.5, 1271;
                                            )   U.S. & CAL. Constitutions]
13  CLENZELL BRYANT,                        )
                                            )
14                          Defendant.      )   Date:  1/9/2018
                                            )   Time:  8:45 AM
15                                          )   Dept.: 4
                                            )
16

17

18  **TO THE DISTRICT ATTORNEY FOR THE COUNTY OF CONTRA COSTA AND TO THE**
    **CLERK OF THE ABOVE ENTITLED COURT:**

19
        **PLEASE TAKE NOTICE** that at the above listed date and time, in the above department of
20
    the above-entitled court, defendant will move to reduce bail and/or grant pretrial release.  This motion
21
    is made on the ground that defendant is unable to afford the currently set bail and that the due process
22
    and equal protection clauses of the Fourteenth Amendment to the United States Constitution require
23
    this Court to ensure that the defendant is not held in custody solely because the defendant lacks
24
    financial resources.  The recent appellate court decision in *In re Humphrey* (2018) 19 Cal.App.5th 1006
25
    [review granted but still published; citable as persuasive authority pursuant to Cal. Rules of Court Rule
26

27

28

TESLA-0001100

8.1115(e)(1)] calls upon the judiciary to harmonize its bail determinations with the Constitution, and in so doing, "change the way we think about bail":

Defendant respectfully asks this court to give credence to *Humphrey's* analysis and the constitutional principles on which it relies and thereby consider defendant's ability to pay and alternatives to incarceration. This motion is based on the Notice, the attached Memorandum of Points and Authorities, the records, pleadings and papers on file in this action, and on any other evidence presented at the hearing.

DATED:  January 2, 2019                    Respectfully submitted,

Evan Kuluk
Deputy Public Defender

TESLA-0001101

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

For decades, California judges have set bail in amounts that permit pretrial release of the wealthy but not the poor. Bail has been set according to bail schedules without consideration of defendant's ability to pay. *In re Humphrey* (2018) 19 Cal.App.5th 1006 [review granted but still published; citable as persuasive authority pursuant to Cal. Rules of Court Rule 8.1115(e)(1)] makes clear that our established practice is "a deformity in our criminal justice system that close observers have long considered a blight on the system."[1] The *Humphrey* court discusses our longstanding error and says it is the *judiciary* that must correct it:

> The problem, as our Chief Justice has shown, *requires the judiciary ... to change the way we think about bail and the significance we attach to the bail process*... [T]he highest judicial responsibility is and must remain the enforcement of constitutional rights... [and the protection of] presumptively innocent persons threatened with divestment of their fundamental constitutional right to pretrial liberty.

(*Humphrey, supra*, 19 Cal.App.5th at 1049, emph. added.) The defense respectfully requests that this Court fulfill its responsibility to ensure that no person is incarcerated because he or she is poor, and to reduce bail to an affordable amount and/or grant pretrial release on appropriate conditions.

---

[1] While the California Supreme Court has granted review in *Humphrey*, the Court chose not to de-publish the case. *Humphrey* may still be cited for its "persuasive value." (Cal. Rules of Court Rule 8.1115(e)(1).) Even though the case is not currently binding precedent, it should not be ignored. Like dicta in a judicial decision, "a statement that does not possess the force of a square holding may nevertheless be considered highly persuasive, particularly when made by an able court after careful consideration, or in the course of an elaborate review of the authorities." (9 Witkin, Cal. Proc. 5th Appeal §511 (2008); see also *Smith v. Los Angeles* (1989) 214 Cal.App.3d 266, 297 ["Such dictum, while not controlling authority, carries persuasive weight and should be followed where it demonstrates a thorough analysis of the issue or reflects compelling logic."].) This Court should not reject or demean the persuasive, reasoned decision in *Humphrey*. The Court of Appeal in *Humphrey* conducted a careful review of the relevant constitution principles, the leading federal and state case law, and binding precedent from the United States Supreme Court in finding that our current bail system did not comport with due process and equal protection. As such, the ruling and analysis in the case should be followed.

TESLA-0001102

## STATEMENT OF FACTS

The prosecution filed felony charges against Clenzell Bryant and codefendant Demetric Diaz. At Mr. Bryant's arraignment on December 31, 2018, monetary bail was set at $1,100,000, an amount that Mr. Bryant is unable to pay. Mr. Bryant remains in custody because he does not have the financial means to post the monetary amount set by the court. Accordingly, under Penal Code section 1270.2, the due process and equal protection clauses of the state and federal constitutions, the Eight Amendment, and the decision of *In re Humphrey*, defendant is hereby requesting the court reconsider the bail previously set and either reduce defendant's bail based on defendant's ability to pay and/or grant pretrial release on appropriate conditions. (*Humphrey*, *supra*, 19 Cal.App.5th at 1048-1049.)

Pretrial incarceration places a significant burden on defendant, including deprivation of liberty, curtailed ability to prepare a defense, prejudice engendered by appearing in court incarcerated, peril to employment, imposition on family, and attendant social burdens. (See, generally, *Van Atta v. Scott* (1995) 27 Cal.3d 424, 435-437.)

Mr. Bryant is 22 years old. According to the RAP sheet provided in discovery, he has no criminal convictions. He lives with his parents at a long-term stable address in Richmond. He takes care of his two year-old son. He coaches basketball and football through San Francisco Parks and Recreation, and drives for Door Dash and Cavier. He is heavily involved in Operation Genesis through the San Francisco Police Department. Mr. Bryant has significant ties to Contra Costa County and not a flight risk nor a danger to the community.

//

//

TESLA-0001103

**STATEMENT OF LAW AND ARGUMENT**

**I.      MR. BRYANT IS ENTITLED TO AFFORDABLE BAIL.**

Defendant is entitled to affordable bail. When a person is entitled to bail:

> [T]he due process and equal protection clauses of the Fourteenth Amendment require the court to make two additional inquiries and findings before ordering release conditioned on the posting of money bail—whether the defendant has the financial ability to pay the amount of bail ordered and, if not, whether less restrictive conditions of bail are adequate to serve the government's interests…

(*Humphrey, supra,* 19 Cal.App.5th at 1025.)  Because defendant is unable to pay bail as currently set, *Humphrey* makes the following clear:

> [The] court may <u>not</u> order pretrial detention unless it finds…
>
> > [1] the defendant is unable to pay that amount and no less restrictive conditions of release would be sufficient to reasonably assure such appearance; or
> >
> > [2] no less restrictive nonfinancial conditions of release would be sufficient to protect the victim and community.

(*Id.,* at 1026, emph. added.) Furthermore, the court may only order bail above defendant's ability to pay, i.e. the functional equivalent of a no bail ruling, if it finds by clear and convincing evidence that no less restrictive non-financial alternatives will satisfy those purposes—attendance at court appearances and protection of victim and community. (*Id.,* at 1037, 1039.)

*Humphrey* holds: "A determination of ability to pay is critical in the bail context to guard against improper detention based only on financial resources. . . . [This is] a matter that is the trial court's responsibility to ensure—that a defendant not be held in custody solely because he or she lacks financial resources." (*Humphrey,* 19 Cal.App.5th at 1036.)  Furthermore, any bail reduction is meaningful "only if the court ha[s] reason to believe it possible for petitioner to post bail in the lower amount…" (*Id.,* at 1045.)

TESLA-0001104

At the hearing on this motion, the defense will offer evidence regarding Mr. Bryant's ability to pay. However, if this Court disagrees and "concludes that an amount of bail the defendant is unable to pay is required to ensure his or her future court appearances, it may impose that amount only upon a determination by clear and convincing evidence that no less restrictive alternative will satisfy that purpose." (*Humphrey, supra,* 19 Cal.App.5th at 1037.) This Court's determinations regarding dangerousness and flight risk must be based upon an individualized evaluation of defendant's circumstances and propensities, and not "generalizations of future criminality." (*Id.,* at 1040.) Moreover, the prosecution has the burden to present "clear and convincing evidence, to establish that 'no condition or combination of conditions of release would ensure the safety of the community or any person' [citation], thereby justifying abridgment of petitioner's liberty interest while awaiting trial." (*Id.,* at 1045 [citing *U.S. v. Salerno* (1987) 481 U.S. 739, 743-744].)

In the present case, the prosecution will be unable to demonstrate by clear and convincing evidence that the defendant meets the criteria set forth for pretrial detention without reasonable bail under article I, section 12, of the California Constitution. Thus, Mr. Bryant should be admitted to bail. Under the analysis of *Humphrey* and the cases and constitutional principles on which it relies, this court must either grant pretrial release or set bail at an amount defendant can afford.

///

//

TESLA-0001105

**CONCLUSION**

For decades, our courts have set bail in exorbitant amounts that permit release of the wealthy but not the poor. This established practice is "a deformity in our criminal justice system that close observers have long considered a blight on the system." (*Humphrey, supra,* 19 Cal.App.5th at 1049.)  The *judiciary* that must correct it. (*Id.*)  The defense respectfully requests that this Court fulfill its responsibility to ensure that no person is incarcerated because they are poor, and to reduce bail to an affordable amount and/or grant pretrial release on appropriate conditions.

DATED:  January 2, 2019                     Respectfully submitted,


_____
Evan Kuluk
Deputy Public Defender


**CERTIFICATE OF WORD COUNT**

I hereby certify that according to the word count feature of the software used to prepare this brief, the word count of the motion and notice, excluding case caption information, signature blocks and this certificate, is 1,343 words.


_____
Evan Kuluk
Deputy Public Defender

TESLA-0001106

1

## AFFIDAVIT OF PERSONAL SERVICE

2

3
Case:                          People v. BRYANT

Superior Court Case No.:       4-195330-6
4

5

6
     Evan I. Kuluk, being first duly sworn deposes and says:

7
     I am a citizen of the United States, over age 18 years and am not a party to the above-entitled

8
proceeding.  My business address is 627 Ferry St.  Martinez, CA 94553;

9
     That I personally served a copy of the following documents:

10

11
NOTICE OF MOTION AND MOTION TO RESET BAIL TO AN AFFORDABLE AMOUNT
AND/OR GRANT PRETRIAL RELEASE

12

13
     On the hereinafter named person(s) or party(ies) by delivering to and leaving with said person(s)

14
or party(ies) at the places and date hereinafter set opposite the name of such person(s) or party(ies), true

15
copies of said abovementioned document:

16

| Office of the District Attorney | Via Fax<br>925-646-4174 | 1/2/2019 |
| --- | --- | --- |

17

18

19
     I declare under penalty of perjury that the foregoing is true and correct,

20

21
Executed on Jan. 2, 2019 in Martinez, California.

22

23

24
                       Evan Kuluk, Deputy Public Defender

25

26

27

28

TESLA-0001107

1

ROBIN LIPETZKY (# 124769)
Public Defender, Contra Costa County

2

By: Brooks Osborne (#244841), Deputy Public Defender
800 Ferry Street

3

Martinez, CA 94553
Telephone: (925) 335-8000

4

Attorneys for Defendant

5

6

7

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA

8

9

PEOPLE OF THE STATE OF CALIFORNIA,                    ) No. 4-195330-6
                                                      )
10                                     Plaintiff,     ) NOTICE OF MOTION AND MOTION TO
                                                      ) RESET BAIL TO AN AFFORDABLE
11                vs.                                  ) AMOUNT AND/OR GRANT PRETRIAL
                                                      ) RELEASE
12                                                    ) [In re Humphrey; P.C. §§ 1270.2, 1270.5, 1271;
   Demetric Diaz,                                     ) U.S. & CAL. Constitutions]
13                                                    )
                                       Defendant.     )
14                                                    ) Date: January 9, 2019
                                                      ) Time: 8:45a.m.
15                                                    ) Dept.: 4

16

17

**TO THE DISTRICT ATTORNEY FOR THE COUNTY OF CONTRA COSTA AND TO THE
CLERK OF THE ABOVE ENTITLED COURT:**

18

19

**PLEASE TAKE NOTICE** that at the above listed date and time, in the above department of

20

the above-entitled court, defendant will move to reduce bail and/or grant pretrial release.  This motion

21

is made on the ground that defendant is unable to afford the currently set bail and that the due process

22

and equal protection clauses of the Fourteenth Amendment to the United States Constitution require

23

this Court to ensure that the defendant is not held in custody solely because the defendant lacks

24

financial resources.  The recent appellate court decision in *In re Humphrey* (2018) 19 Cal.App.5th 1006

25

[review granted but still published; citable as persuasive authority pursuant to Cal. Rules of Court Rule

26

8.1115(e)(1)] calls upon the judiciary to harmonize its bail determinations with the Constitution, and in

27

so doing, "change the way we think about bail":

28

NOTICE OF MOTION AND MOTION TO REDUCE BAIL AND/OR GRANT PRETRIAL RELEASE
-1-

TESLA-0001108

Defendant respectfully asks this court to give credence to *Humphrey's* analysis and the constitutional principles on which it relies and thereby consider defendant's ability to pay and alternatives to incarceration. This motion is based on the Notice, the attached Memorandum of Points and Authorities, the records, pleadings and papers on file in this action, and on any other evidence presented at the hearing.

DATED:  December 28, 2018                      Respectfully submitted,


Brooks Osborne
SBN: 244841
Deputy Public Defender,
Attorney for Defendant

TESLA-0001109

## MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

For decades, California judges have set bail in amounts that permit pretrial release of the wealthy but not the poor. Bail has been set according to bail schedules without consideration of defendant's ability to pay. *In re Humphrey* (2018) 19 Cal.App.5th 1006 [review granted but still published; citable as persuasive authority pursuant to Cal. Rules of Court Rule 8.1115(e)(1)] makes clear that our established practice is "a deformity in our criminal justice system that close observers have long considered a blight on the system."[1] The *Humphrey* court discusses our longstanding error and says it is the *judiciary* that must correct it:

> The problem, as our Chief Justice has shown, *requires the judiciary ... to change the way we think about bail and the significance we attach to the bail process...* [T]he highest judicial responsibility is and must remain the enforcement of constitutional rights... [and the protection of] presumptively innocent persons threatened with divestment of their fundamental constitutional right to pretrial liberty.

(*Humphrey, supra*, 19 Cal.App.5th at 1049, emph. added.) The defense respectfully requests that this Court fulfill its responsibility to ensure that no person is incarcerated because he or she is poor, and to reduce bail to an affordable amount and/or grant pretrial release on appropriate conditions.

---

[1] While the California Supreme Court has granted review in *Humphrey*, the Court chose not to de-publish the case. *Humphrey* may still be cited for its "persuasive value." (Cal. Rules of Court Rule 8.1115(e)(1).) Even though the case is not currently binding precedent, it should not be ignored. Like dicta in a judicial decision, "a statement that does not possess the force of a square holding may nevertheless be considered highly persuasive, particularly when made by an able court after careful consideration, or in the course of an elaborate review of the authorities." (9 Witkin, Cal. Proc. 5th Appeal §511 (2008); see also *Smith v. Los Angeles* (1989) 214 Cal.App.3d 266, 297 ["Such dictum, while not controlling authority, carries persuasive weight and should be followed where it demonstrates a thorough analysis of the issue or reflects compelling logic."].) This Court should not reject or demean the persuasive, reasoned decision in *Humphrey*. The Court of Appeal in *Humphrey* conducted a careful review of the relevant constitution principles, the leading federal and state case law, and binding precedent from the United States Supreme Court in finding that our current bail system did not comport with due process and equal protection. As such, the ruling and analysis in the case should be followed.

TESLA-0001110

## STATEMENT OF FACTS

The prosecution filed criminal charges against defendant.  Monetary bail was previously set in an amount that defendant is unable to pay.  Defendant remains in custody because defendant does not have the financial means to post the monetary amount set by the court.  Accordingly, under Penal Code section 1270.2, the due process and equal protection clauses of the state and federal constitutions, the Eight Amendment, and the decision of *In re Humphrey*, the defendant is hereby requesting the court reconsider the bail previously set and either reduce defendant's bail based on defendant's ability to pay and/or grant pretrial release on appropriate conditions. (*Humphrey*, *supra*, 19 Cal.App.5th at 1048-1049.)

Pretrial incarceration places a significant burden on defendant, including deprivation of liberty, curtailed ability to prepare a defense, prejudice engendered by appearing in court incarcerated, peril to employment, imposition on family, and attendant social burdens. (See, generally, *Van Atta v. Scott* (1995) 27 Cal.3d 424, 435-437.)

## STATEMENT OF LAW AND ARGUMENT

### I.     THE ACCUSED IS ENTITLED TO AFFORDABLE BAIL.

Defendant is entitled to affordable bail. When a person is entitled to bail:

> [T]he due process and equal protection clauses of the Fourteenth Amendment require the court to make two additional inquiries and findings before ordering release conditioned on the posting of money bail—whether the defendant has the financial ability to pay the amount of bail ordered and, if not, whether less restrictive conditions of bail are adequate to serve the government's interests...

(*Humphrey*, *supra*, 19 Cal.App.5th at 1025.)  Because defendant is unable to pay bail as currently set, *Humphrey* makes the following clear:

> [The] court may not order pretrial detention unless it finds...

> [1] the defendant is unable to pay that amount and no less restrictive conditions of release would be sufficient to reasonably assure such appearance; or

TESLA-0001111

[2] no less restrictive nonfinancial conditions of release would be sufficient to protect the victim and community.

(*Id.,* at 1026, emph. added.) Furthermore, the court may only order bail above defendant's ability to pay, i.e. the functional equivalent of a no bail ruling, if it finds by clear and convincing evidence that no less restrictive non-financial alternatives will satisfy those purposes—-attendance at court appearances and protection of victim and community. (*Id.,* at 1037, 1039.)

*Humphrey* holds: "A determination of ability to pay is critical in the bail context to guard against improper detention based only on financial resources. . . . [This is] a matter that is the trial court's responsibility to ensure—that a defendant not be held in custody solely because he or she lacks financial resources." (*Humphrey,* 19 Cal.App.5th at 1036.)  Furthermore, any bail reduction is meaningful "only if the court ha[s] reason to believe it possible for petitioner to post bail in the lower amount…" (*Id.,* at 1045.)

At the hearing on this motion, defendant will offer evidence regarding defendant's ability to pay. However, if this Court disagrees and "concludes that an amount of bail the defendant is unable to pay is required to ensure his or her future court appearances, it may impose that amount only upon a determination by clear and convincing evidence that no less restrictive alternative will satisfy that purpose." (*Humphrey, supra,* 19 Cal.App.5th at 1037.) This Court's determinations regarding dangerousness and flight risk must be based upon an individualized evaluation of defendant's circumstances and propensities, and not "generalizations of future criminality." (*Id.,* at 1040.) Moreover, the prosecution has the burden to present "clear and convincing evidence, to establish that 'no condition or combination of conditions of release would ensure the safety of the community or any person' [citation], thereby justifying abridgment of petitioner's liberty interest while awaiting trial." (*Id.,* at 1045 [citing *U.S. v. Salerno* (1987) 481 U.S. 739, 743-744].)

TESLA-0001112

In the present case, the prosecution will be unable to demonstrate by clear and convincing evidence that the defendant meets the criteria set forth for pretrial detention without reasonable bail under article I, section 12, of the California Constitution.  Thus, the defendant should be admitted to bail.  Under the analysis of *Humphrey* and the cases and constitutional principles on which it relies, this court must either grant pretrial release or set bail at an amount defendant can afford.

## CONCLUSION

For decades, our courts have set bail in exorbitant amounts that permit release of the wealthy but not the poor. This established practice is "a deformity in our criminal justice system that close observers have long considered a blight on the system." (*Humphrey, supra,* 19 Cal.App.5th at 1049.) The *judiciary* that must correct it. (*Id.*)  The defense respectfully requests that this Court fulfill its responsibility to ensure that no person is incarcerated because they are poor, and to reduce bail to an affordable amount and/or grant pretrial release on appropriate conditions.

DATED:  December 28, 2018                    Respectfully submitted,


                                             Brooks Osborne
                                             Deputy Public Defender,
                                             Attorney for Defendant


CERTIFICATE OF WORD COUNT
      I hereby certify that according to the word count feature of the software used to prepare this brief, the word count of the motion and notice, excluding case caption information, signature blocks and this certificate, is 1205 words.

Brooks Osborne
Deputy Public Defender

TESLA-0001113

## AFFIDAVIT OF SERVICE BY FACSIMILE TRANSMISSION

(C.C.P. 1012, 1013a, 2015.5)

I, Andrea Martinez, the undersigned, declare that I am over the age of eighteen years, employed in the County of Contra Costa, State of California, and not a party to the cause described in the affixed document. My business address is 800 Ferry Street, Martinez, CA 94553.

On December 28, 2018, I served a true copy of the attached:

**NOTICE OF MOTION AND MOTION TO RESET BAIL TO AN AFFORDABLE AMOUNT AND/OR GRANT PRETRIAL RELEASE [*In re Humphrey*; P.C. sections 1270.2, 1270.5, 1271; U.S. &CAL. Constitutions]**

Re:     Demetric Diaz, No. 04-195330-6

by placing a true copy in a telephone facsimile machine and transmitting as follows:

Office of the District Attorney          (925) 646-2524

The telephone facsimile machine by which this was transmitted is located at 1000 Center Street, Pittsburg, CA and is served by telephone number (925) 252-2812.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2018, at Pittsburg, California.

Andrea Martinez

7

TESLA-0001114

## Contra Costa County Detention Facilities

ail Set Form For:  Demetric Diaz                     DOB:  06/19/1995

```
┌─────────────────────────────────┐
│     DETERMINATION OF BAIL IS     │
│       THE RESPONSIBILITY         │
│    OF THE ARRESTING AGENCY!      │
└─────────────────────────────────┘
```

### THE UNDERSIGNED REQUESTS THAT BAIL BE SET:

**1)   LIST EACH SEPARATE FELONY AND THE CORRESPONDING BAIL SCHEDULE AMOUNT.**

Crimes committed on different days and crimes against different persons are generally separate crimes.  However, a criminal act arrestable under more than one code section such as PC 499(b) / CVC 10851 or attempted pc 187 / PC 245(a), creates only one bailable event.

When listing enhancements, remember they often have substantially higher bails than the underlying crimes themselves.  Some significant common enhancements: Armed /Used Firearm = $50,000; GBI =$50,000; while on Bail or O.R. = $25,000; Two Strikes = double bail plus $20,000; Three Strikes = no bail; Prior Felony = minimum of $25,000.

| CNT | CODE SECTION | ALL ENH THIS CNT | BAIL |
|-----|--------------|------------------|------|
| 1 | PC209(b)(1) | PC12022.53(b) | $ 1,000,000 + 100,000 |
| 2 | PC211 | PC12022.53(b) | $ [654] |
| 3 | PC245(a)(2) | | $ 50,000 |
| 4 | PC245(a)(2) | | $ 50,000 |
| 5 | PC245(a)(2) | | $ 50,000 |
|   | PC1203.3 | | $ |

```
┌─────────────────────────────────────┐
│   BAIL TOTAL   $1,250,000.00         │
└─────────────────────────────────────┘
```

**3)   LIST ALL WARRANTS AND BAIL AMOUNTS.**

| NUMBER | COURT | BAIL |
|--------|-------|------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**4)   CHECK BOX IF BAIL INCREASE FORM ATTACHED:**                    ☐

Officer  Barrera , Badge # 598
Brentwood Police Department 18-6244

Date:   December 26, 2018

TESLA-0001115

## Contra Costa County Detention Facilities

Bail Set Form For:  Clenzell Bryant                    DOB:  03/31/1996

```
┌─────────────────────────────────────┐
│      DETERMINATION OF BAIL IS        │
│      THE RESPONSIBILITY              │
│      OF THE ARRESTING AGENCY!        │
└─────────────────────────────────────┘
```

### THE UNDERSIGNED REQUESTS THAT BAIL BE SET:

1)   **LIST EACH SEPARATE FELONY AND THE CORRESPONDING BAIL SCHEDULE AMOUNT.**

Crimes committed on different days and crimes against different persons are generally separate crimes.  However, a criminal act arrestable under more than one code section such as PC 499(b) / CVC 10851 or attempted pc 187 / PC 245(a), creates only one bailable event.

When listing enhancements, remember they often have substantially higher bails than the underlying crimes themselves.  Some significant common enhancements: Armed /Used Firearm = $50,000; GBI =$50,000; while on Bail or O.R. = $25,000; Two Strikes = double bail plus $20,000; Three Strikes = no bail; Prior Felony = minimum of $25,000.

| CNT | CODE SECTION | ALL ENH THIS CNT | BAIL |
|-----|--------------|------------------|------|
| 1 | PC209(b)(1) | PC12022(a)(1) | $ 1,000,000.00 |
| 2 | PC211 | PC12022(a)(1) | $ 50,000 |
| 6 | VC2800.2 | | $ 50,000 |

```
┌─────────────────────────────────────────┐
│   BAIL TOTAL   $1,100,000.00             │
└─────────────────────────────────────────┘
```

3)   **LIST ALL WARRANTS AND BAIL AMOUNTS.**

| NUMBER | COURT | BAIL |
|--------|-------|------|
| | | |
| | | |

4)   **CHECK BOX IF BAIL INCREASE FORM ATTACHED:**   

Officer  Barrera , Badge # 598
Brentwood Police Department 18-6244

Date:   December 26, 2018

TESLA-0001116

# Exhibit

# **14**

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    TRACEY A. KENNEDY, Cal. Bar No. 150782
3   333 South Hope Street, 43rd Floor
    Los Angeles, California  90071-1422
4   Telephone:    213.620.1780
    Facsimile:    213.620.1398
5   E mail        tkennedy@sheppardmullin.com

6   PATRICIA M. JENG, Cal. Bar No. 272262
    REANNE SWAFFORD-HARRIS, Cal. Bar No. 305558
7   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4109
8   Telephone:    415.434.9100
    Facsimile:    415.434.3947
9   E mail        pjeng@sheppardmullin.com
                  rswafford-harris@sheppardmullin.com
10
    Attorneys for Defendants,
11  TESLA, INC. dba TESLA MOTORS, INC.

12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16  DEMETRIC DI-AZ, OWEN DIAZ, AND          Case No. 3:17-cv-06748-WHO
    LAMAR PATTERSON,
17
                    Plaintiffs,             **CERTIFICATE OF SERVICE**
18
19          v.

20  TESLA, INC. DBA TESLA MOTORS, INC.;
    CITISTAFF SOLUTIONS, INC.; WEST
21  VALLEY STAFFING GROUP;
    CHARTWELL STAFFING SERVICES,
22  INC.; and DOES 1-50, inclusive,,

23                  Defendants.

24

25

26

27

28

-1-

## CERTIFICATE OF SERVICE

*Demetric Di-Az, et al. v. Tesla, Inc., et al.*
USDC, Northern District of California, Case No. 3:17-cv-06748-WHO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On November 14, 2019, I served true copies of the following document(s) described as:

**TESLA'S DOCUMENT PRODUCTION**
**(Bates label:  TESLA-0001014 to TESLA-0001161)**

on the interested parties in this action as follows:

**SEE SERVICE LIST**

☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 14, 2019, at San Francisco, California.

_____
Dorothy M. Gatmen

<u>**SERVICE LIST**</u>

| | |
|---|---|
| 2 | Lawrence A. Organ |
| | Navruz Avloni |
| 3 | California Civil Rights Law Group |
| | 332 San Anselmo Ave. |
| 4 | San Anselmo, CA  94960 |
| | Telephone:     415-453-4740 |
| 5 | Facsimile:     415-785-7352] |
| | Email:         larry@civiilrightsca.com |
| 6 |                 navruz@civilrightsca.com |

Lawrence A. Organ
Navruz Avloni
California Civil Rights Law Group
332 San Anselmo Ave.
San Anselmo, CA  94960
Telephone:     415-453-4740
Facsimile:     415-785-7352]
Email:         larry@civiilrightsca.com
                navruz@civilrightsca.com
Attorneys for Plaintiffs
DEMETRIC DI-AZ and OWEN DIAZ

J. Bernard Alexander, Esq.
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:     310-464-1535
Facsimile:     310-394-0811
Email:         balexander@akgllp.com
Attorneys for Plaintiffs,
DEMETRIC DI-AZ and OWEN DIAZ

Gary T. Lafayette
Cheryl A. Stevens
Lafayette & Kumagai
1300 Clay Street, Suite 810
Oakland, CA  94612
Telephone:     415-357-4600
Email:         glafayette@lkclaw.com
                cstevens@lkclaw.com
Attorneys for Defendant
CITISTAFF SOLUTIONS, INC.

Jason A. Geller
Juan C. Araneda
Aaron D. Langberg
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile: (415) 490-9001
Email: jgeller@fisherphillips.com
        jaraneda@fisherphillips.com
        alangberg@fisherphillips.com
Attorneys for Defendant
nextSource, Inc.

Fenn C. Horton III
Helene Simvoulakis-Panos
PAHL & McCAY
225 West Santa Clara Street, Suite 1500
San Jose, CA  95113
Telephone:     408-286-5110
Facsimile:     408-286-5722
Email:         fhorton@pahl-mccay.com
Attorneys for Defendant
WEST VALLEY STAFFING GROUP

-3-

Case No. 3:17-cv-06748-WHO
CERTIFICATE OF SERVICE