LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
T: (415)-453-7352 | F: (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs,
DEMETRIC DI-AZ and OWEN DIAZ

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
TRACEY A. KENNEDY (SBN 150782)
NAMAL TANTULA (SBN 247373)
BRETT YOUNG (SBN 305657)
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
T: 213.620.1780 | F: 213.620.1398
tkennedy@sheppardmullin.com
ntantula@sheppardmullin.com
byoung@sheppardmullin.com

PATRICIA M. JENG (SBN 272262)
SUSAN HAINES (SBN 224611)
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
T: 415.434.9100 | F: 415.434.3947
pjeng@sheppardmullin.com
shaines@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. dba TESLA MOTORS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**JOINT FURTHER PRETRIAL CONFERENCE STATEMENT**<br>Date: September 21, 2021<br>Time: 3:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Trial Date: September 27, 2021<br>Complaint filed: October 16, 2017 |

**TO THE HONORABLE COURT:**

The Parties submit this further Joint Pretrial Conference Statement pursuant to the Court's Trial Notification Order of September 9, 2021 to identify any issues to address at the Conference of September 21, 2021:

1. The Parties stipulate to appearance via Zoom at the September 21, 2021 Conference.

2. Per the Court's May 22, 2020 Order, the parties met and conferred regarding limiting the language they will use in reference to the Demetric Di-Az's specific crimes. The parties could not come to an agreement regarding the language to be used.

   Plaintiff Position: Plaintiff proposes "felonies" or "robberies." Plaintiff objects to the adjective "serious" because it causes conjecture as to the nature of the crimes. By focusing on the crimes that were charged, Defendant misrepresents the nature of the crimes to which Plaintiff plead guilty, none of which include use of a firearm. Demetric Di-Az plead guilty to three counts of robbery (Cal. Penal C. 211) based on a single event robbery of a Domino's Pizza place. The plea did not include an aggravating factor for use of a firearm as it clearly says "PC 211 x 3." (See Ex. 378.) With respect to the Court's May 22, 2020 Order (Dkt. 207) on this issue, the Court stated: "The parties should reach an agreement on the language they will use in the presence of the jury (i.e., "serious felonies")." Perhaps the Court would consider "three felonies for the same event" or "three counts of robbery for the same event."

   Defendant Position: Defendant proposes "**serious felonies**" (which the Court proposed in its May 22, 2020 Order) or "**violent felonies**," based on the charges against Mr. Di-Az, with Count 1 being committed with a firearm, causing the above offense to become "serious felony pursuant to Penal Code section 1192.7(c)(8) and a violent felony within the meaning of Penal Code section 667.5(c)(8)," and the second count to be "in violation of PC211, a Felony." Defendant does not misrepresent Plaintiff's guilty plea in describing the crimes with which Mr. Di-Az was charged.

3. The Parties have agreed that certain witnesses will testify remotely and agree to advise opposing counsel of these witnesses at least 2 court days before they testify. Specifically,

Plaintiff has advised that Charles Mahla, Amy Oppenheimer, and Nigel Jones would be testifying remotely. Annalisa Heisen is on maternity leave and unable to travel during the time of trial and Defendant has requested, and Plaintiff has agreed that he will advise what date Plaintiff intends to call her so she can make arrangements to testify.

4. One witness Joyce Delagrande will be traveling/flying in to testify and she will need to testify on the morning of October 1, 2021 given her travel schedule. Plaintiff does not object to this scheduling issue.

5. One witness, Erin Marconi, the former Tesla HR person who received some of the complaints by Owen Diaz, cannot be located at this time. Ms. Marconi was served at her deposition for trial on March 2, 2020. At her deposition, Ms. Marconi and her counsel Ms. Kennedy agreed if the trial were continued to May 2020, plaintiff could serve her counsel. Defense counsel was not authorized by the witness, who is not a Tesla employee, to accept service beyond the then-potential May 2020 trial date. Plaintiff's counsel asked for Ms. Marconi's address, and defense counsel has provided the last known address, phone number, and email, but the address Defense counsel provided was from 2017 in Pleasanton, California when she worked for Tesla in the Fremont Factory. At the time of her deposition, Ms. Marconi was living in the Los Angeles area. Plaintiff has reviewed her LinkedIn page and is trying to locate her and serve her. Defense counsel is also attempting to locate Ms. Marconi. Plaintiff proposes that if she cannot be served by Wednesday, September 22, 2021, the Court permit the parties to designate her testimony to be read or played to the jury as her deposition was videotaped; if the parties designate her testimony to be read or played, they must do so 2 days in advance to permit the opposing party to object.

6. Another witness, Monica DeLeon, worked as a Staff Supervisor for Citistaff Solutions, Mr. Diaz's staffing agency. At deposition (158:21-1:3), Aaron Rutschman of the law firm Constangy Brooks, in his capacity as CitiStaff's prior counsel, and Ms. DeLeon agreed that Plaintiff could serve Mr. Rutschman in lieu of providing an address. CitiStaff later changed counsel to Lafayette & Kumagai. We are waiting for a status report from Constangy Brooks to determine if they will accept service for Ms. Deleon.

7. The parties agree to give notice of the witnesses to be called "no later than 2:00 p.m. the court day before the testimony is expected" pursuant to the Court's most recent trial setting order.

8. If the Parties are going to use any demonstratives during opening statements they will exchange no later than 5:00 p.m. on September 22, 2021 pursuant to the Court's Scheduling Order to ensure there are no objections. Should a party object to a demonstrative exhibit, the parties agree to submit any objections to the Court no later than noon on September 23, 2021 in order to enable the Court to resolve any objections by September 24, 2021.

9. Plaintiff asks the Court for clarification on designated discovery responses. Both parties have designated discovery from dismissed parties. Plaintiff believes that only discovery between the parties who are still part of the case should be introduced into evidence. Plaintiff would like guidance from the Court on this issue. Contrary to Defendant's representations, Plaintiff will agree to a ruling by the Court that Discovery between the parties and dismissed parties would not be admissible. Defendant objects to Plaintiff's request to selectively exclude discovery from dismissed parties, and believes the admission of discovery should be subject to typical evidentiary rules. Plaintiff intends to introduce exhibits produced by dismissed parties in discovery, call several witnesses employed by and who were 30(b)(6) witnesses of former parties, and introduce the deposition taken during discovery of a dismissed plaintiff; although Plaintiff has not identified the specific discovery seeks to exclude from the dismissed parties, Defendant does not believe there is any basis to exclude all discovery wholesale from dismissed parties particularly where Plaintiff seeks to prevent only Defendant from introducing said discovery.

10. Plaintiff notes that numerous depositions were designated prior to the 2020 trial date. Plaintiff does not intend to use his designations as to all witnesses who are testifying either in person or by zoom/video conference. Plaintiff has revised these designations with respect to Kevin McGinn (CFO for NextSource) because his testimony is too lengthy in light of the time limits. Plaintiff has provided a revised designation to Defendant and given Defendant 24 hours to make any applicable objections prior to the Pretrial Conference on September 21, 2021,.

11. Finally, there is the issue of designated testimony of Mr. Demetric Di-Az. Demetric Diaz is in prison right now so is unavailable.

  Plaintiff's Position: This testimony was previously designated by Defendant, to which Plaintiff only objected to certain bits of testimony not at issue here.  With respect to FRE 804, given Defendant's insistence on introducing evidence of Demetric Di-Az's felonies, that in itself establishes Mr. Di-Az's unavailability.

  Defendant's Position:  The Parties wish to discuss Mr. Di-Az's testimony at the Pretrial Conference.  Defendant objects to the use of Demetric Di-az deposition testimony at this time insofar as Plaintiff has failed to comply with FRE 804.

12. Finally, the parties submitted a joint questionnaire for prospective jurors to fill out.  The Court previously indicated that it would ask jurors to fill out the questionnaire the day before jury selection so the parties would be able to review the questionnaires prior to jury selection.  The parties request guidance on how the Court wants the parties to copy the questionnaires and if the parties will have access to the questionnaires before September 24, 2021.

CALIFORNIA CIVIL RIGHTS LAW GROUP

ALEXANDER KRAKOW + GLICK LLP

DATED:  September 20, 2021   By:  */s/ Lawrence Organ*
                Lawrence A. Organ, Esq.
                J. Bernard Alexander, Esq.
                Navruz Organ, Esq.
                Cimone A. Nunley, Esq.

                Attorneys for Plaintiff OWEN DIAZ

1
2                                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3
4                                           By      */s/ Tracey Kennedy*
  DATED: September 20, 2021                         TRACEY A. KENNEDY
5                                                   PATRICIA M. JENG
6
7                                                   Attorneys for Defendant
                                                    TESLA, INC. dba TESLA MOTORS, INC.
8

SMRH:4833-6417-2283.1                          -6-