1  LAWRENCE A. ORGAN (SBN 175503)
   larry@civilrightsca.com
2  NAVRUZ AVLONI (SBN 279556)
   navruz@civilrightsca.com
3  CIMONE A. NUNLEY (SBN 326915)
   cimone@civilrightsca.com
4  **CALIFORNIA CIVIL RIGHTS LAW GROUP**
5  332 San Anselmo Avenue
   San Anselmo, California 94960
6  Telephone:    (415)-453-7352
7  Facsimile:    (415)-785-7352

8  J. BERNARD ALEXANDER (SBN 128307)
9  **ALEXANDER KRAKOW + GLICK LLP**
   1900 Avenue of the Stars, Suite 900
10 Los Angeles, California 90067
   Telephone:    (310) 394-0888
11 Facsimile:    (310) 394-0811

12
   Attorneys for Plaintiffs,
13 DEMETRIC DI-AZ and OWEN DIAZ

14                  **UNITED STATES DISTRICT COURT**

15                  **NORTHERN DISTRICT OF CALIFORNIA**

16

17 | | |
   |---|---|
   | DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON, | Case No. 3:17-cv-06748-WHO |
   | Plaintiffs, | **PLAINTIFFS' REVISED DESIGNATION OF DEPOSITION TESTIMONY OF KEVIN MCGINN WITH DEFENDANT'S OBJECTIONS AND/OR COUNTERDESIGNATIONS** |
   | v. | |
   | TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive, | Pretrial Conference Date: 09-21-21<br>Time: 3:00 p.m. |
   | Defendants. | Trial Date: September 24, 2021<br>Complaint filed: October 16, 2017 |

      Plaintiff Owen Diaz hereby designates the following revised deposition transcript excerpts for Kevin McGinn, NextSource's PMK and CFO, for presentation via video as part of his case in chief and submits these with Defendant's objections and/or counter designations:

                                        1                    Case No. 3:17-cv-06748-WHO
   PLAINTIFFS' REVISED DESIGNATION OF KEVIN MCGINN DEPOSITION TESTIMONY

**McGinn, Kevin 6/17/19, Volume 1**

| # | Lines | Deposition Excerpt | Objection / Counterdesignation |
|---|---|---|---|
| 1 | 7:21-7:23 | **7:21** MR. ORGAN: Q. Could you please state and<br>**22** spell your full name for the record.<br>**23** A. Kevin McGinn; K-E-V-I-N, M-C-G-I-N-N. | **8:3** Q. And did you go to college?<br>**4** A. Yes.<br>**5** Q. Where did you go to college?<br>**6** A. Middle Tennessee State University.<br>**7** Q. And when did you graduate?<br>**8** A. 1992.<br>**9** Q. And what was your degree?<br>**10** A. Master's in business administration. Well,<br>**11** that was the undergrad, in business administration. I<br>**12** also have a graduate degree as well.<br>**13** Q. From the same Middle Tennessee State<br>**14** University?<br>**15** A. No.<br>**16** Q. So your undergraduate degree was from Middle<br>**17** Tennessee State university?<br>**18** A. Yes.<br>**19** Q. And that was in 1992?<br>**20** A. Yes.<br>**21** Q. And that was in business?<br>**22** A. Yes.<br>**23** Q. And what was your MBA; where was that from?<br>**24** A. Wilkes University. |
| 2 | 9:06-9:12 | **06** Q. When did you -- well, what's your current<br>**07** position for nextSource, Inc.?<br>**08** A. I'm the chief financial officer for<br>**09** nextSource, Inc.<br>**10** Q. And where are you located? Where is your<br>**11** office?<br>**12** A. Based in Nashville, Tennessee. | **9:13** Q. How long have you worked for nextSource?<br>**14** A. Just under four years.<br>**15** Q. So when did you start working at nextSource?<br>**16** A. October of 2015.<br>**17** Q. And what was your starting position with<br>**18** nextSource, Inc.?<br>**19** A. I joined nextSource as the |

| # | Lines | Deposition Excerpt | Objection / Counterdesignation |
|---|---|---|---|
|   |   |   | CFO.<br>20 Q. So you've been the CFO since you joined<br>21 nextSource in October of 2015; is that right?<br>22 A. Yes. |
| 3 | 10:02-10:09 | 10:02 MR. ORGAN: Q. Tell me, what are your job<br>03 duties as the CFO for nextSource, Inc.?<br>04 A. I'm responsible for all the accounting<br>05 control of the company, the financial reporting of the<br>06 company. The payroll processing for the company<br>07 reports to me. Human resources reports to me.<br>08 Q. How many direct reports do you have?<br>09 A. Approximately five direct reports. |   |
| 4 | 12:15-13:09 | 12:15 Q. I'm asking you what nextSource considers.<br>16 And so what I'm trying to find out is, does nextSource<br>17 consider administrative employees to be employees of<br>18 nextSource?<br>19 A. No. The administrative -- the associates, as<br>20 I define the associates who are -- in which we provide<br>21 the administrative payroll, their pay rates are set by<br>22 the clients. They act under the direction and control<br>23 of the clients. So I would not -- nextSource would<br>24 not consider them employees in that -- under that<br>25 definition.<br>13:01 Q. Okay. So nextSource considers the associates<br>02 to be under the direction and control of the clients<br>03 who you contract with; is that right?<br>04 A. That's correct.<br>5 Q. Okay. And nextSource's role, | Counterdesignation: 13:05-13:09.  Rule of completeness. Fed. R. Evid. 106, Fed. R. Civ. P. 32(a)(6).<br><br>5 Q. Okay. And nextSource's role, relative to the 6 associates, is to essentially pay them their salary or 7 hourly rates and then any benefits that they're 8 entitled to; is that correct?<br><br>9 A. Correct.<br>(NOTE:  Counterdesignation is accepted by Plaintiff) |

| # | Lines | Deposition Excerpt | Objection / Counterdesignation |
|---|---|---|---|
| | | relative to the<br>6 associates, is to essentially pay them their salary or<br>7 hourly rates and then any benefits that they're<br>8 entitled to; is that correct?<br>9 A. Correct. | |
| 5 | 13:10-13:19 | **13:10 Q. Is there any other role that nextSource<br>11 plays, relative to the associates, in terms of their<br>12 employee, or their employment with a client?**<br>13 A. So the associate works at the direction of<br>14 the client, usually on the client site. NextSource<br>15 will, if needed, take direction from the client to<br>16 discipline an employee, if the client has requested us<br>17 to. If the client has -- has wished for the person to<br>18 be removed from the site, we could facilitate that<br>19 removal. That's essentially, generally, it. | |
| 6 | 16:10-16:20 | **16:10 Q. So looking at Exhibit 166, you've been<br>11 designated as the person most knowledgeable on Topic<br>12 1, the contractual relationship between Defendant and<br>13 Tesla, Inc.; is that true, subject to your objections?**<br>14 A. Yes.<br>**15 Q. And you've also been designated as the person<br>16 most knowledgeable on the second topic, the<br>17 contractual relationship between Defendant and<br>18 CitiStaff Solutions, Inc., subject to your objections;<br>19 is that correct?**<br>20 A. Yes. | Testimony was only provided subject to the objections to the deposition notice, and testimony does not reflect any of the objections as stated at the deposition: "Counsel, these questions are all subject to the objections that we served on your office last week. And so we would produce -- we are producing Mr. McGinn as the 30(b)(6) witness subject to all of those objections. And if you have a copy of the objections, it might be useful for you to share those with the witness as you're going down the list." Dep. 14:16-22. Thus, it is unduly prejudicial and misleading. Fed. R. Evid. 403. |

| # | Lines | Deposition Excerpt | Objection / Counterdesignation |
|---|---|---|---|
| 7 | 17:15-17:17 | 17:15 Q. Was there some kind of written contract<br>16 between Tesla and nextSource?<br>17 A. Yes. | |
| 8 | 20:13-21:04 | 13 Q. So in other words, nextSource would<br>14 coordinate with other staffing agencies to try and<br>15 accommodate Tesla's demand for associates at the<br>16 Fremont factory?<br>17 MR. GELLER: Misstates his testimony.<br>18 Go ahead.<br>19 THE WITNESS: NextSource would select<br>20 suppliers who would provide resources into the Tesla<br>21 factory at the direction of -- day-to-day direction of<br>22 Tesla. However, those workers were employed; in other<br>23 words, they were recruited, onboarded and paid, and,<br>24 if needed, you know, terminated by the supplier<br>25 employer.<br>21:01 MR. ORGAN: Q. And when you're referring to<br>02 "suppliers" here, you're referring to companies that<br>03 would supply manpower; is that correct?<br>04 A. Yes. | Counterdesignation: 22:21-24. Rule of completeness. Fed. R. Evid. 106, Fed. R. Civ. P. 32(a).<br><br>21 Q. In addition to that, did nextSource provide<br>22 any additional services for CitiStaff employees, other<br>23 than the timekeeping function?<br>24 A. No. |
| 9 | 25:10-25:24 | 25:10 Q. So who were the -- other than CitiStaff<br>11 Solutions, who were the other suppliers that<br>12 nextSource worked with when you first onboarded in<br>13 October of 2015, relative to the Tesla Fremont<br>14 factory?<br>15 A. CitiStaff is one supplier. Chartwell was the<br>16 other, primary supplier. I believe there | |

| # | Lines | Deposition Excerpt | Objection / Counterdesignation |
|---|---|---|---|
| | | was a third<br>17 supplier not relevant here, but I'm happy to share the<br>18 name. Maliko, I believe, was another supplier<br>19 employer at the Tesla site.<br>20 Q. In terms of providing sort of<br>21 production-associate level employees, were the primary<br>22 suppliers that nextSource coordinate with CitiStaff<br>23 and Chartwell?<br>24 A. Yes. | |
| 10 | 36:13-36:18 | 13 Q. Okay. So with respect to CitiStaff providing<br>14 workers at the Tesla factory as one of nextSource's<br>15 suppliers, that would be pursuant to a specific<br>16 contract between nextSource and CitiStaff; is that<br>17 right?<br>18 A. Yes. | |
| 11 | 37:20-38:01 | 37:20 Q. So in terms of the contract, though, that<br>21 nextSource has with CitiStaff relative to providing<br>22 services to or employees to the Tesla factory, that<br>23 contract was specific to providing employees to Tesla;<br>24 right?<br>25 MR. GELLER: Asked and answered.<br>38:01 THE WITNESS: Yes. | |
| 12 | 97:14-97:19 | 97:14 Q. So in other words, Mr. Diaz's relationship,<br>15 as I understand it then, is that of -- he -- Mr. Diaz<br>16 was working for a contractor supplier of nextSource,<br>17 pursuant to nextSource's contract with Tesla; is that<br>18 right?<br>19 A. Yes. | |
| 13 | 99:06-99:18 | 99:06 Q. But in terms of your suppliers, the companies | Testimony is cumulative, wastes time and would cause undue |

| # | Lines | Deposition Excerpt | Objection / Counterdesignation |
|---|---|---|---|
| | | 07 like CitiStaff and Chartwell, they're essentially just<br>08 providing employees to Tesla to work in Tesla's<br>09 factory; is that correct?<br>10 MR. GELLER: Misstates his testimony.<br>11 Objection to the form.<br>12 MS. SWAFFORD-HARRIS: And calls for<br>13 speculation.<br>14 THE WITNESS: The supplier will, in the<br>15 course of their employment of the worker, will<br>16 recruit, onboard, and pay the worker. They place that<br>17 worker at the Tesla site, who then works under the<br>18 day-to-day direction and control of Tesla. | delay.  The same testimony was provided by designations 4, 9, 10, 14, 21, 30, 34 and 40.  Fed. R. Evid. 403. |
| 14 | 106:24-108:08 | 106:24 Q. So we were talking about the process that<br>25 Wayne Jackson was supposed to go through.<br>107:01 One thing that Mr. Jackson was supposed to do<br>02 was to act as a liaison between Tesla and CitiStaff;<br>03 is that correct?<br>04 A. Correct.<br>05 Q. And another thing that Mr. Jackson was<br>06 supposed to do was to gather information relative to<br>07 Mr. Diaz's complaint; correct?<br>08 A. When Mr. Jackson was made aware of the<br>09 complaint, he gathered facts.<br>10 Q. Okay. And then another thing Mr. Jackson was<br>11 supposed to do was to confer with his boss, Terry<br>12 Garrett, about what steps to take for -- relative to<br>13 nextSource; correct? | |

| # | Lines | Deposition Excerpt | Objection / Counterdesignation |
|---|---|---|---|
|  |  | 14 A. I would push back a little bit on what to do<br>15 next for nextSource. This was not deemed to be a<br>16 nextSource issue, so what Wayne was doing was -- my<br>17 understanding was gathering the facts, taking<br>18 statements, and then his disposition would be to bring<br>19 that to Tesla on the client side and then the supplier<br>20 for which the offending person would have worked.<br>**21 Q. In terms of how Mr. Jackson was supposed to**<br>**22 bring the issues relating to Owen Diaz's complaint and**<br>**23 his investigation to Tesla, was there a particular**<br>**24 person that he was supposed to bring that information**<br>**25 to at Tesla?**<br>108:01 A. Yes, so concurrent with Mr. Diaz advising<br>02 Mr. Jackson, Wayne Jackson about the claim, the --<br>03 remember I mentioned earlier, there was a series of<br>04 department managers. Well, the affected department<br>05 manager, I believe the name is Victor Quintero,<br>06 brought -- advised Wayne of the claim, complaint, and<br>07 Wayne was fact gathering and would have brought the<br>08 information back to Victor Quintero. |  |

|  |  |
|---|---|
|  | CALIFORNIA CIVIL RIGHTS LAW GROUP |
|  | ALEXANDER KRAKOW + GLICK LLP |
| DATED:  September 20, 2021 | By:     /s/ Lawrence A Organ |
|  | Lawrence A. Organ, Esq. |
|  | Navruz Avloni, Esq. |
|  | Cimone A. Nunley, Esq. |
|  | J. Bernard Alexander, Esq. |
|  | Attorneys for Plaintiffs |
|  | DEMETRIC DI-AZ AND OWEN DIAZ |