# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# CIVIL MINUTES

| Date: September 21, 2021 | Time: 1 hour<br>2:30 p.m. to 3:30 p.m. | Judge: WILLIAM H. ORRICK |
|---|---|---|
| Case No.: 17-cv-06748-WHO | Case Name: Di-az v. Tesla, Inc. | |

**Attorneys for Plaintiff:** Lawrence Organ, Cimone A. Nunley, and John Bernard Alexander, III

**Attorneys for Defendant:** Tracey A. Kennedy, Patricia M. Jeng, and Susan Haines

**Deputy Clerk:** Jean Davis         **Court Reporter:** Debra Pas

## PROCEEDINGS

Pretrial Conference conducted via videoconference.

Counsel are requested to provide a clean list of witnesses and the counsel expected to appear during trial (without commentary) by Wednesday morning. The list will be provided to potential jurors on Friday morning.

**Rulings on disputed issues:**

The criminal history of Mr. Diaz's son may be referenced as a source of potential stress to Mr. Diaz. The parties may state that his son pleaded guilty to three counts of robbery of a Domino's Pizza store and may examine plaintiff and his expert using terminology that "these were serious felonies." Defendant may not go into further detail regarding the offenses.

The deposition testimony of Ms. Marconi and Ms. DeLeon may be presented in lieu of live testimony.

Admission of discovery responses made by dismissed parties discussed. Counsel should provide further limited briefing on this issue by close of jury selection on Friday, September 24, 2021.

**Demetric Di-Az's deposition testimony:**

The testimony of Mr. Demetric Di-Az is discussed. During the conference, the Court indicated that it would review the record for any past designations. That said, plaintiff's counsel revealed at the conference that Demetric Di-Az is incarcerated more than 100 miles from the courthouse, which was not referenced in the pretrial statement. After the conference, I found that the Ninth Circuit has held that Federal Rule of Civil Procedure 32(a)(4)(B) creates an exception to Federal Rule of Evidence 804 that is not in the latter Rule's plain text. *Nationwide Life Ins. Co. v.*

*Richards*, 541 F.3d 903, 914 (9th Cir. 2008).  That Rule of Civil Procedure provides that a deposition of an unavailable witness may be used for "any purpose" and a witness is unavailable if "that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition."  Fed. R. Civ. P. 32(a)(4)(B).  I am therefore inclined to permit his deposition to be used under *Nationwide*.  If either party has further argument on this point, they should be prepared to raise it on Friday.

**Rulings on jury instructions:**

The Court requests that counsel prepare a new draft of jury instructions sequenced in the order that they would like to have them presented to the jury.  The Court's preliminary view on the proposed instructions is:

4.2 – model instruction will be adopted.
4.13 – will not be given
4.14 – will not be given
Pl #8 – The Court will adopt language consistent with *EEOC v. Global Horizons* (see below)
Pl #9 – will not be given
Pl #2 – CACI 2524 will be adopted.
Def #10.2b – will not be given unless the anticipated evidence changes
Pl #3 – will not be given
Pl #10 – Tesla's objection will be overruled and the instruction allowed, with modification to iii
Pl #11 – A different definition of the term supervisor will be utilized (see below)
Pl #5 – Counsel may provide additional law on Friday
Pl #6 – the term "negligent hiring" will not be included
Pl #12 – is acceptable (more detailed objection may be raised)
Def #1 – will not be given

The Court is inclined to adopt the plaintiff's verdict form (subject to further objection/argument).

The final instruction conference will be held on October 1, after the trial day is complete.

**Additional matters:**

The Court requests that counsel contact Judge Illman for one last phone conference regarding possible settlement prior to noon on September 22, 2021.

Jury questionnaires, voir dire, and the mechanics of jury selection discussed. Timing, technology and other procedural issues reviewed.

**Counsel will meet with the Courtroom Deputy on Thursday, September 23, 2021 at 2:30 p.m. for technology tutorial and testing.**

**Text of non-model jury instructions:**

The following are the text of the two jury instructions that do not have models and that I am inclined to give instead of either party's proposed instructions. Citations to authorities follow each but would not be included in the final instruction given to the jury.

Joint Employment
A person can have more than one employer. The primary consideration in determining whether a defendant is an employer is the extent of control that it may exercise over the details of the plaintiff's work. In making this determination, all of the incidents of the relationship must be assessed and weighed with no one factor being decisive. Factors that you may examine include but are not limited to, the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. *See U.S. Equal Emp. Opportunity Comm'n v. Glob. Horizons, Inc.*, 915 F.3d 631 (9th Cir. 2019).

Supervisor
A "supervisor" is one who exercises immediate (or successively higher) authority over the employee. Whether someone is a supervisor is not dependent upon job titles or formal structures within the workplace, but rather upon whether a supervisor has the authority to demand obedience from an employee. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119 n.13 (9th Cir. 2004).

The parties should raise any objections they have to the preliminary instructions that have been posted on the docket on Friday, September 24. The parties may also raise any questions about the above instructions or the rulings identified in this Minute Order on September 24th. To reiterate, the final instruction conference will occur on October 1.