SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780; Facsimile:    213.620.1398
Email:          tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
SUSAN HAINES, Cal. Bar No. 224611
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100; Facsimile:    415.434.3947
Email:          pjeng@sheppardmullin.com
                shaines@sheppardmullin.com

Attorneys for Defendant,
TESLA, INC. dba TESLA MOTORS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, AND LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S BRIEFING REGARDING INADMISSIBILITY OF DEMETRIC DI-AZ'S DEPOSITION TESTIMONY AT TRIAL**<br><br>Trial Date;   September 27, 2021<br>Complaint Filed: October 16, 2017 |

## I. INTRODUCTION

Defendant Tesla, Inc. ("Tesla") submits the following memorandum of points and authorities in connection with Plaintiff Owen Diaz's ("Plaintiff") suggestion that Plaintiff can offer the testimony of former Plaintiff Demetric Di-az by deposition at trial without satisfying the requirements of the applicable provisions of Federal Rule of Evidence 804. After the September 21, 2021 Pre-Trial conference, the Court reviewed additional authority because Plaintiff's "counsel revealed at the conference that Demetric Di-Az ("Demetric") is incarcerated more than 100 miles from the courthouse, which was not referenced in the pretrial statement." Dkt. No. 240. The Court cited to Federal Rule of Civil Procedure 32(a)(4)(B) and *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008) and is "inclined to permit his deposition to be used under *Nationwide*" but invited further argument from the parties. *Id.*

Tesla agrees that Plaintiff, as proponent of the deposition testimony sought to be presented at trial, must establish that the testimony falls within a statutory exception to the hearsay rule. Plaintiff cannot meet his burden and show that Demetric is unavailable within the meaning of Federal Rule of Evidence 804(a)(5) because Plaintiff (as discussed at the Pre-Trial Conference) has not made *any* efforts to procure Demetric's testimony at trial. But even if Plaintiff now seeks to rely upon Federal Rule of Civil Procedure 32(a)(4)(B), Plaintiff has not met his burden because Plaintiff has not provided any information about Demetric's actual location. There is no publicly available information that Tesla has located that would allow Tesla or this Court to objectively determine that Demetric is in fact more than 100 miles from the courthouse.

But these hearsay exception determinations obscure the fundamental problem with Plaintiff's position: *Plaintiff never designated Demetric's deposition testimony despite being required to do so on April 27, 2020 by this Court's Pretrial Order.* Even though Demetric pled guilty to three felonies on March 12, 2020 and the guilty plea carried a five year prison sentence, Plaintiff apparently made a strategic decision not to designate Demetric's testimony more than one month later on April 27, 2020. Even after Demetric was incarcerated – more than a year ago – Plaintiff still did not to designate Demetric's deposition testimony. Plaintiff waited until days

1  before trial began – without any justification – to contend that Plaintiff could present Demetric's
2  deposition testimony at trial.
3      The Court should preclude Plaintiff from presenting Demetric's deposition testimony at
4  trial because Plaintiff failed to designate Demetric's testimony and to permit Plaintiff do so on the
5  eve of trial would be prejudicial to Tesla and would undermine this Court's Pretrial Orders.

6  **II.    PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

7      Plaintiff and former plaintiff Demetric asserted 16 causes of action against Tesla, CitiStaff
8  Solutions, Inc. ("CitiStaff"), nextSource, Inc. ("nextSource") and West Valley Staffing Group
9  ("West Valley) in their First Amended Complaint, filed on December 26, 2018. *See* Dkt. No. 57.
10 The Court entered a stipulated dismissal as to West Valley's claims on December 18, 2019. *See*
11 Dkt. No. 138. Pursuant to settlement agreements, the Court entered the stipulated dismissal of
12 Plaintiff's and Demetric's claims against CitiStaff (Dkt. No. 165) on March 4, 2020 and
13 nextSource (Dkt. No. 169) on March 9, 2020, leaving Tesla as the only defendant.
14     On March 23, 2020, the parties exchanged initial pretrial documents, pursuant to the
15 Court's Pretrial Order (Dkt. No. 78). One week later on April 1, 2020, pursuant to stipulation,
16 Demetric dismissed with prejudice all his claims against Tesla, and Plaintiff dismissed all his
17 claims against Tesla with prejudice except for his claims for violation of 42 U.S.C. §1981 and
18 negligent hiring, retention and supervision. *See* Dkt. No. 176.
19     On April 20, 2020, Tesla and Plaintiff filed Motions *in Limine* (Dkt. Nos. 185-188).
20 Tesla's Motions *In Limine* sought, among other things, to exclude any and all testimony of
21 Demetric. *See* Dkt. Nos. 185-186. One week later on April 27, the parties filed their Joint Pretrial
22 Statement, Witness List, Exhibit List, Discovery Designations and Deposition Designations and
23 Objections. *See* Dkt. Nos. 189-197. Plaintiff's Designation of Deposition Testimony (Dkt. No.
24 194) did not contain *any* designations for Demetric's deposition. To date, Plaintiff has never filed
25 deposition designations for Demetric. While Tesla did designate some deposition testimony for
26 Demetric, it was done as a placeholder to preserve Tesla's rights because it was not known
27 whether or not Demetric would testify at trial, particularly in light of Demetric's dismissal of all
28 his claims and Plaintiff's dismissal of a number of his claims, and more importantly, if Plaintiff

would comply with FRE 804.  While Plaintiff filed objections to Tesla's deposition testimony designations, Plaintiff objected to almost every designation on the basis of relevance, as well as adding other objections.  *See* Dkt. No. 196, p. 4.  Plaintiff did not propose any counter-designations.

The Pretrial Conference was held on May 11, 2020 (Dkt. No. 204), and on May 22, the Court issued its Order on Motions in *Limine*, which provided guidance on whether or not Demetric could testify and some scope limitations for that testimony.  *See* Dkt. No. 207.  The Order necessarily contemplated that if Demetric testified, **he would do so in person** since the Order (Dkt. No. 207, pp. 4-5) permitted Tesla to question Demetric about his felony convictions as a result of his March 12, 2020 plea bargain, which occurred after the October 2019 fact discovery cut-off and long after Demetric's deposition concluded in December 2018.  The same is true for Plaintiff's newly expressed theory that Demetric's convictions allegedly caused Plaintiff emotional distress, which is also discussed in the Order.  *See* Dkt. No. 207, p. 4.  Likewise, other rulings on Demetric's testimony contemplated in-person testimony stating "Tesla can cross-examine Demetric about the absence of records of his complaints."  *Id.* at p. 6.

The trial date then set for June 8, 2020 was continued several times.  With confirmation of the current trial date, the parties filed an updated Joint Witness List (Dkt. No. 237) on September 20, 2021 to reflect the time limitations imposed by the Court, but Plaintiff did not revise the entry for Demetric to reflect that he would be testifying by deposition.  Tesla, accordingly, did not revise any information as to Demetric in order to preserve Tesla's rights should Plaintiff call Demetric to testify.  ***The same day, Plaintiff also filed a Revised Designation of Deposition Testimony (Dkt. No. 238), which did not contain any designations of Demetric's deposition testimony.***

Plaintiff first raised the issue that Plaintiff may seek to present Demetric's testimony by deposition was when the parties were preparing the Joint Further Pretrial Conference Statement filed just days ago on September 20.  Then, only at the September 21 Further Pretrial Conference did Plaintiff represent – without providing any details – that Demetric was incarcerated more than 100 miles from the courthouse. (Dkt. 240).  The California Department of Corrections website, however, lists Demetric's location as "Fire Camp" and does not identify the Fire Camp where Demetric

resides. Moreover, because Demetric was a former plaintiff, and Plaintiff is his father clearly counsel and Plaintiff have to make a showing they complied with FRE and provide some proof that Demetric is actually residing more than 100 miles from the courthouse because there is no publicly available information that allows Tesla to confirm that Demetric is actually residing more than 100 miles from the courthouse.

**III.    LEGAL ARGUMENT**

**A.    Plaintiff Should Be Precluded From Offering Demetric's Deposition Testimony Because Plaintiff Never Designated His Testimony**

Plaintiff apparently now suggests that Demetric's testimony can be presented at trial by deposition. Plaintiff first raised this issue when the parties were preparing the September 20, 2021 Further Pretrial Conference Statement. Not only is Plaintiff's unexplained delay problematic, but there is an even more rudimentary problem: ***Plaintiff never designated Demetric's deposition testimony* despite being required to do so**. Local Rule 16-10 (b)(10) authorizes the Court to set deadlines for submission of deposition designations. The Pretrial Order required the parties, as part of the Pretrial Conference Statement and associated filings to provide the following: "Counsel shall cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions . . . [and] Counsel shall indicate any objections to use of these materials and that counsel has conferred respecting such objections." Dkt. No. 78, p. 3. Any such deposition designations were due on **April 27, 2020**, with the other pretrial filings.

Plaintiff did not file any designations for Demetric on or before the April 27, 2020 due date and still has not done so. The only conclusion that can be drawn is Plaintiff made a strategic decision to not designate Demetric's deposition testimony and to only have Demetric testify at trial if he could do so live and in person. Plaintiff was aware of the due date for deposition designations and indeed filed deposition designations for other witnesses – but not for Demetric. *See* Dkt. No. 194. Before the April 27, 2020 due date for deposition designations, Plaintiff must have known that Demetric pled guilty to felony charges on March 12, 2020 that would require Demetric to serve five years in prison. Regardless, Plaintiff did not designate Demetric's deposition testimony.

1    Even when Demetric was taken into custody which was *more than one year ago* on
2 September 9, 2020, based on the publicly available information on the California Department of
3 Corrections website, Plaintiff did not seek leave to designate Demetric's deposition testimony.
4 Even now, Plaintiff *still* has not *filed* any designations of Demetric's deposition testimony.
5 Plaintiff apparently elected *not* to designated Demetric's deposition testimony even though
6 Plaintiff must have had actual knowledge of Demetric's guilty plea, anticipated incarceration and
7 actual incarceration.  Plaintiff should not now be permitted to designate deposition testimony of
8 his son, and counsel's client just days before trial (especially given the long delays for trial).  *See,*
9 *e.g.*, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK, at *1 (N.D. Cal. Nov. 13,
10 2013)( "Neither party will be permitted to introduce deposition testimony not previously disclosed
11 in their deposition designations or counter-designations").

12    To the extent that Plaintiff suggests that he relied on Tesla's designation of Demetric's
13 testimony, Plaintiff cannot point to any legal or factual basis to support this assertion.  ***This***
14 ***contention is fundamentally flawed because it does not explain why Plaintiff did not file his own***
15 ***designation of Demetric's testimony as required by this Court's Pretrial Order***.  A deposition
16 designation is a necessary prerequisite, per the Pretrial Order, that potentially allow a party to offer
17 a witness' testimony by deposition at trial for the proposed designations.  Just because a party
18 designates deposition testimony in compliance with the Pretrial order does not mean the party
19 must any or all of the designated testimony at trial.  It is no different than identifying all witnesses
20 who *may* provide testimony on a witness list.  "[I]t is elementary that litigants are not *required* to
21 call every witness identified on their witness lists.  *U.S. v. Bond*, 552 F.3d 1092, 1097 (9th Cir.
22 2009) (citing *United States v. Schwartz*, 857 F.2d 655, 659 (9th Cir. 1988).  Whether a party "calls
23 all, or any, of the witnesses on its witness list is purely a matter of trial strategy." *Id.* at 1097.

24    Here, Tesla designated Demetric's testimony to preserve its rights *if* Plaintiff called
25 Demetric at trial and Demetric testified.  The designation in no way obligates Tesla to offer the
26 designated testimony to the jury.  Nor does *Tesla's* designation permit *Plaintiff* to offer the
27 designated deposition testimony.  The Pretrial Order plainly requires *each* party to designate the
28 deposition testimony the party may offer at trial.  *See* Dkt. No. 78.  Any claim that Plaintiff

purportedly "relied" on Tesla's designation is wholly undermined by Tesla's Motions *In Limine* which sought to preclude Demetric from testifying *at all*.

Plaintiff failed to timely submit deposition designations for Demetric, despite presumably knowing Demetric would not be able to appear in person on his own volition. Plaintiff should be precluded from presenting Demetric's testimony by deposition at trial on this ground alone.

### B. Plaintiff Has Not Established That He Meets The Requirements of Federal Rule of Civil Procedure 32(a)(4)(B)

Even if Plaintiff could overcome the hurdle of failing to timely designate Demetric's deposition testimony, Plaintiff still must establish that the testimony falls within an exception to the hearsay rule.

Tesla does not dispute the authority cited by the Court, both Federal Rule of Civil Procedure 32(a)(4)(B) or the explanation of that provision in *Nationwide Life Ins. Co. v. Richards*. These authorities establish another hearsay exception that permits the use of deposition testimony at trial *if and only if* "the witness is more than 100 miles from the place of hearing or trial. Fed. R. Civ. P. 32(a)(4)(B).

Plaintiff, however, has not provided the place where Demetric resides so that Tesla (and the Court) can verify that it is more than 100 miles from the courthouse. If Demetric were residing in Alaska, there would not be a dispute over the geographical requirement. But since Demetric is in the California State Corrections system, he is presumably in the state of California, which certainly includes locations within 100 miles of the courthouse. The only information Tesla can find relating to Demetric's location is from the California Department of Corrections website. It shows Demetric's location as "Fire Camp," but does not identify the specific Fire Camp location where Demetric resides. There are numerous Fire Camp locations shown on the California Department of Corrections' map. Without specific, objective information to establish Demetric's actual geographic location, Plaintiff has not shown that Demetric is actually located more than 100 miles from the courthouse. Unless that criteria is satisfied, the exception in Rule 32 does not apply, and Demetric's deposition testimony is inadmissible hearsay.

### C. Plaintiff Cannot Satisfy Federal Rule of Evidence 804(a)(5)

If Plaintiff cannot meet the exception in Rule 32, the only other hearsay exception is found in Federal Rule of Evidence 804, and Plaintiff cannot meet his burden. Federal Rule of Evidence 804(b)(1) governs the admissibility of prior testimony, such as deposition testimony, if a witness is unavailable. To offer prior testimony, such as deposition testimony, a witness is unavailable if the witness "is absent from the trial . . . and the statement's proponent has not been able, by process or other reasonable means, to procure: (A) the declarant's attendance." Fed. R. Evid. 804(a)(5). The other criteria for unavailability do not apply here: the witness is exempt from testifying due to a privilege ruling; the witness refuses to testify despite a court order; the witness testifies he does not remember; and the witness cannot be present due to death, then-existing infirmity, physical illness or mental illness. *See* Fed. R. Evid. 804(a)(1)-(4).

The plain language of the rule requires Plaintiff – the party seeking to use former testimony – to demonstrate that Plaintiff has attempted to use service of process or other reasonable means to procure Demetric's attendance at trial. "Before a witness will be deemed unavailable under Rule 804(a)(5), the proponent of a statement must show a good-faith effort to procure the witness's attendance at trial." *Young v. Wolfe*, CV 07-03190 RSWL (AJWx), at *16 (C.D. Cal. Mar. 14, 2017) (reasonable efforts included hiring an investigator and attempting to contact witness' mother). But even mere service of process does not necessarily satisfy this requirement. In *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1048 (9th Cir. 2018), the Ninth Circuit affirmed the district court's finding that the party did *not* make reasonable efforts to obtain the witness' presence even a subpoena was served on the witness because counsel was "aware the witness did not intend to appear in court" but "failed to make additional reasonable efforts in the time leading up to trial." *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1048 (9th Cir. 2018).

Here, Plaintiff has made no efforts *at all* and thus cannot meet his burden of proof to demonstrate that Demetric is unavailable under Federal Rule of Evidence 804(a)(5). Therefore, Demetric's deposition testimony is inadmissible hearsay.

### IV. CONCLUSION

For the foregoing reasons, Tesla respectfully requests the Court preclude Plaintiff from

1  offering Demetric's testimony deposition at trial because (1) Plaintiff did not timely designate

2  Demetric's deposition testimony; (2) there is no objective evidence establishing that Demetric

3  resides more than 100 miles from the courthouse and thus Federal Rule of Civil Procedure

4  32(a)(4)(B) does not apply; and (3) Plaintiff cannot show that Demetric is unavailable within the

5  meaning of Federal Rule of Evidence 804(a)(5).

6  Dated: September 22, 2021.                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8                                                   By      */s/Susan Haines*
                                                           TRACEY A. KENNEDY
9                                                          PATRICIA M. JENG
                                                           SUSAN HAINES

11                                                         Attorneys for Defendant
                                                    TESLA, INC. dba TESLA MOTORS, INC.

SMRH:4829-4069-4012.1

-8-                                                                 Case No. 3:17-cv-06748-WHO
DEFENDANT'S BRIEFING RE INADMISSIBILITY OF
DEMETRIC DI-AZ'S DEPOSITION TESTIMONY AT TRIAL