1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    TRACEY A. KENNEDY, Cal. Bar No. 150782
3   333 South Hope Street, 43rd Floor
    Los Angeles, California  90071-1422
4   Telephone:     213.620.1780; Facsimile:     213.620.1398
    Email:       tkennedy@sheppardmullin.com
5
    PATRICIA M. JENG, Cal. Bar No. 272262
6   SUSAN HAINES, Cal. Bar No. 224611
    Four Embarcadero Center, 17th Floor
7   San Francisco, California 94111-4109
    Telephone:     415.434.9100; Facsimile:     415.434.3947
8   Email:       pjeng@sheppardmullin.com
                 shaines@sheppardmullin.com
9
    Attorneys for Defendant,
10  TESLA, INC. dba TESLA MOTORS, INC.

11

12                  **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN FRANCISCO DIVISION**

15  DEMETRIC DI-AZ, OWEN DIAZ, AND          Case No. 3:17-cv-06748-WHO
    LAMAR PATTERSON,
16                                          **DEFENDANT TESLA, INC.'S BRIEFING**
                 Plaintiffs,                **REGARDING INADMISSIBILITY OF**
17                                          **DISMISSED ENTITIES'**
          v.                                **INTERROGATORY RESPONSES AT**
18                                          **TRIAL**
    TESLA, INC. DBA TESLA MOTORS, INC.;
19  CITISTAFF SOLUTIONS, INC.; WEST
    VALLEY STAFFING GROUP;
20  CHARTWELL STAFFING SERVICES,
    INC.; and DOES 1-50, inclusive,
21                                          Trial Date;          September 27, 2021
                 Defendants.                Complaint Filed:  October 16, 2017
22

23

24

25

26

27

28

## I.     INTRODUCTION

Defendant Tesla, Inc. ("Tesla") submits the following memorandum of points and authorities in connection with the Court's Order following the September 21, 2021 further Pretrial Conference on the issue of whether Plaintiff can offer into evidence at trial discovery responses made by dismissed entities, namely third party staffing agencies.  *See* Dkt. No. 240.  Plaintiff has suggested, for the first time, at the further Pretrial Conference that dismissed entities' discovery responses would be admissible against Tesla as a purported agent of the dismissed entities.  Both assertions are incorrect, and the Court should deny any request to read or otherwise admit into evidence discovery responses by any non-party.

Interrogatory responses are not party admissions and do not conclusively bind a *party*.  A *party's* interrogatory response can only be used to the extent allowed under the Federal Rules of Evidence.  Plaintiff's position is one step further removed because Plaintiff's request does not involve a *party's* interrogatory responses but only those of entities who Plaintiff dismissed and are no longer parties to this litigation.

Plaintiff's request is the textbook definition of hearsay evidence because Plaintiff seeks to offer out of court statements in the dismissed entities' interrogatory responses as true and as an admission by Tesla.  The interrogatory responses are inadmissible because Plaintiff cannot prove that they fall within any exception to the hearsay rule.

## II.    PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and former plaintiff Demetric Di-az asserted claims against Tesla, CitiStaff Solutions, Inc. ("CitiStaff"), nextSource, Inc. ("nextSource") and West Valley Staffing Group ("West Valley") in their First Amended Complaint.  *See* Dkt. No. 57.  The Court entered a stipulated dismissal as to Plaintiff's and Demetric Di-az's claims against West Valley, CitiStaff and nextSource.  *See* Dkt. Nos. 138, 165 & 169.

On April 27, 2020, Plaintiff filed his Discovery Designations, which designated certain Special Interrogatory Responses from CitiStaff, nextSource, and West Valley .  *See* Dkt. No. 195.  On September 20, 2021, Plaintiff updated his Exhibit List to add corresponding exhibits: Plaintiff's Exhibit 130 (CitiStaff's Responses to Special Interrogatories); Plaintiff's Exhibit 129

1   (nextSource's Responses to Special Interrogatories); and Plaintiff's Exhibit 131 (West Valley's

2   Responses to Special Interrogatories).  *See* Dkt. No. 235.  Plaintiff's Designation of Discovery

3   Responses did not state that he sought to have the dismissed entities' responses admitted against

4   Tesla as a purported agent of the dismissed entities.

5   **III.     LEGAL ARGUMENT**

6
        **A.      Interrogatory Responses Are Not Binding Admissions Even as to the
7               Responding Party**

8           It is well established that interrogatories may only be propounded upon *parties* to the

9   litigation.  *See* Fed. R. Civ. P. 33(a)(1) (interrogatories may be served on "any other party").  A

10  *party's* answers to an interrogatory "may be used **to the extent allowed by the Federal Rules of**

11  **Evidence.**"  Fed. R. Civ. P. 33(c)(emphasis added).  Simply put, answers to interrogatories are not

12  admissions that conclusively bind the responding *party*.  *Compare* Fed. R. Civ. P. 33(c) (use only

13  as permitted by FRE) *with* Fed. R. Civ. P. 36(b) ("[a] matter admitted under this rule is

14  conclusively established unless the court, on motion, permits the admission to be withdrawn or

15  amended").  The Ninth Circuit confirms that interrogatories are not conclusive admissions against

16  the responding *party*.  *See, e.g., Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir. 1982)

17  ("[i]nterrogatories do not supersede or supplement pleadings, nor do they bind parties as an

18  allegation or admission in a pleading or pre-trial order").  As a practical matter, this means that a

19  *party's* admissions in interrogatory responses can be "explained away or contradicted by other

20  evidence" unlike a party's admissions in response to a request for admission.  *Echo Drain v.*

21  *Newsted*, 307 F. Supp. 2d 1116, 1122 (C.D. Cal. 2003); *see also Victory Carriers, Inc. v. Stockton*

22  *Stevedoring Co.*, 388 F.2d 955, 959 (9th Cir. 1968) ("An answer to an interrogatory is comparable

23  to answers, which may be mistaken, given in deposition testimony or during the course of the trial

24  itself").

25          There is no dispute that a *party's* interrogatory response is not conclusively determinative

26  even upon the *responding party*.  Here, Plaintiff is seeking to introduce interrogatory responses

27  from entities *that are no longer parties to this litigation*.  Because the dismissed entities are not

28  parties, the dismissed entities cannot challenge or even contradict their own interrogatory

1    responses.  If Plaintiff is permitted to offer non-party responses, it would have the unwarranted

2    effect that the dismissed entities' interrogatory responses would appear to be conclusively

3    established as facts against Tesla.  Indeed, Plaintiff's counsel stated at the further Pretrial

4    Conference that the responses would be offered as facts against Tesla.  This is contrary to what is

5    contemplated by Rule 33.  Non-parties cannot be compelled to respond to interrogatories under

6    Rule 33, and it would be wholly illogical if interrogatory responses from now-non-parties could be

7    permitted to be used against *parties*.  This result is also contrary to Rule 33(c), which mandates

8    that a *party's* interrogatory responses can only be used to the extent permitted by the Federal

9    Rules of Evidence, and as presented here, the dismissed entities' interrogatory responses are

10    inadmissible hearsay.

11          **B.**       **The Dismissed Entities' Interrogatory Responses Are Inadmissible Hearsay**

12        Plaintiff seeks to offer at trial as true, out of court statements by dismissed entities

13    CitiStaff, nextSource and West Valley, in the form of interrogatory responses.  But "a statement,

14    other than one made by the declarant while testifying at the trial or hearing, offered in evidence to

15    prove the truth of the matter asserted" is inadmissible unless a hearsay exception applies.  Fed. R.

16    Evid. 802; *see also* Fed. R. Civ. P. 33(c) (party's interrogatory responses can only be used as

17    permitted by the Federal Rules of Evidence).  "Although an answer to an interrogatory is

18    admissible against the party answering the interrogatory, it ordinarily is not admissible in evidence

19    against anyone else." *Sharp Elecs. Corp. v. Hitachi Ltd. (In re Cathode Ray Tube (CRT) Antitrust*

20    *Litig.)*, MDL No. 1917, at *18 (N.D. Cal. Oct. 26, 2016) (citing 23 Am. Jur. 2d, Dispositions and

21    Discovery, § 131).

22        Plaintiff has not and cannot identify a hearsay exception which would apply to the

23    dismissed entities' interrogatory responses.  As an initial matter, the responses do not fall under

24    Rule 801 because the discovery responses are not statements of an opposing *party*.  *See* Fed. R.

25    Evid. 801(d)(2).  Nor are they prior inconsistent statements of a *testifying* declarant.  *See* Fed. R.

26    Evid. 801(d)(1).  It is equally simple to confirm that none of the hearsay exceptions peculiar to

27    individuals in Rule 803 could apply to these entities, such as present sense impression, excited

28    utterance, then-existing sensory condition, statements for medical diagnosis or treatment, or a

DEFENDANT TESLA, INC.'S BRIEFING REGARDING INADMISSIBILITY OF
DISMISSED ENTITIES' INTERROGATORY RESPONSES AT TRIAL

1    recorded recollection.  *See* Fed. R. Evid. 803(1)-(5).  Similarly, an interrogatory response, which is

2    a statutory creation for purposes of litigation, cannot fall within the document-based exceptions in

3    Rule 803, such as a business record, a public record, ceremonial certificates, family records,

4    property interest records, publications or treatises, or previous convictions.  *See* Fed. R. Evid.

5    803(6)-(22).

6          Turning to the exceptions in Rule 804, the predicate requirement for this rule is that

7    Plaintiff, as the proponent of the evidence, must prove that the declarant (the dismissed entities)

8    are unavailable within the meaning of Rule 804(a).  Plaintiff cannot meet this burden.  Even

9    setting aside that requirement solely for purposes of argument, the dismissed entities'

10   interrogatory responses do not fall within any of the Rule 804 exceptions.  First, the interrogatory

11   responses are not former testimony, which is defined as *testimony* "given as a witness at a trial,

12   hearing or lawful deposition."  Fed. R. Evid. 804(b)(1).  The interrogatory responses are certainly

13   not statements made under the belief of imminent death, under Rule 804(b)(2).  Nor are they

14   statements of personal or family history, under Rule 804(b)(4).  Finally, the interrogatory

15   responses do not meet the dual criteria for a statement against interest under Rule 804(b)(3).

16   Having failed to meet any of the defined hearsay exceptions, the interrogatory responses likewise

17   cannot satisfy the residual hearsay exception, under Rule 807.  Notably, Rule 807(1) requires that

18   the proffered evidence be "supported by sufficient guarantees of trustworthiness."  Yet Ninth

19   Circuit case law confirms that an interrogatory responsive is not conclusively binding or a party

20   admission.  *See Donovan*, 689 F.2d at 875; *Victory Carriers, Inc.*, 388 F.2d at 959.  And Plaintiff

21   would be hard pressed to meet the other component of Rule 807, that any interrogatory response is

22   "more probative on the point for which it is offered than any other evidence that the proponent can

23   obtain through reasonable efforts."  Fed. R. Evid. 807(a)(2).

24        Because the dismissed entities' interrogatory responses do not satisfy any hearsay

25   exceptions, they are inadmissible.  *See* Fed. R. Evid. 802.

26

27

28

**C.     Invoking Purported Agency Principles Does Not Abolish Plaintiff's Obligation to Prove the Interrogatory Responses Fall Within A Hearsay Exception**

At the further Pretrial Conference, Plaintiff suggested for the first time that the dismissed entities' interrogatory responses were admissible against Tesla *because* the dismissed entities were purportedly agents of Tesla.  Plaintiff's argument is circular and unpersuasive, and runs afoul of the Federal Rules of Evidence as described above.

Plaintiff's newly articulated position is belied by the fact that Plaintiff sued each of these purported "agents" as a separate entity, served discovery on each separate entity, and opposed dispositive motions filed by dismissed entities CitiStaff and nextSource.  Nor does Plaintiff's theory correlate with Federal Rule of Civil Procedure 33, which only discusses a *party's* obligations in connection with interrogatories.  In particular, Rule 33(c) only allows interrogatory responses to be used to the extent allowed by the Federal Rules of Evidence, and does not state any exceptions for *agents*.

A brief look at agency principles demonstrates that Plaintiff's theory is untenable as a matter of law as well.  In *Federal Deposit Insurance Corp. v. Glickman*, 450 F.2d 416, 418-19 (9th Cir. 1971), the Ninth Circuit upheld the trial court's exclusion of former testimony finding that the United States government and the FDIC were not "one and the same" person for purposes of satisfying the hearsay exception and noting the entities were represented by different counsel. The former testimony at issue in *Glickman* was offered to prove that a witness was an agent of the FDIC.  *Glickman* noted that "[s]tatements by an agent are admissible against the principal to prove the truth of the facts asserted therein, only if he [the agent] was authorized to make those statements."  *Glickman*, 450 F.3d at 418 (citations omitted).

Here, the dismissed entities' interrogatory responses do not meet these requirements.  Each entity responded to the separately propounded discovery through its own counsel; Tesla did not provide or verify any of the dismissed entities' interrogatory responses.  Nothing in the dismissed entities' interrogatory responses proves or otherwise establishes that Tesla authorized the dismissed entities to make any of the statements the dismissed entities included in their interrogatory responses.  Accordingly, the dismissed entities' interrogatory responses do not

1   establish that any of the dismissed entities are agents of Tesla, and the statements contained

2   therein cannot be admitted against Tesla as the purported principal.  To find otherwise would

3   eviscerate the concept of agency.

4          Even assuming *arguendo* that Plaintiff had otherwise demonstrated the dismissed entities

5   were agents of Tesla, "[i]t is elementary that even if agency is proven, the agent's remarks are not

6   binding upon the principal *unless there is foundation to prove that the agent had express or*

7   *implied authority to speak on behalf of the principal*."  *D'Aquino v. United States*, 192 F.2d 338,

8   373 n.27 (9th Cir. 1951)(emphasis added).  The defendant in *D'Aquino* sought to have statements

9   made to her by the jailer in charge of the prison be binding upon the government without making

10  the necessary foundational proof to establish the jailer was the government's agent as to those

11  statements.  The court's observation that the logical extension of defendant's position would mean

12  "the United States would be bound by the remarks of anyone on the Government payroll"

13  demonstrates the absurdity of Plaintiff's contentions here.  *Id.*

14          **D.     Interrogatory Responses That Are Not Properly Verified Are Inadmissible**

15          Even if Plaintiff could overcome the hurdles discussed above, the designated interrogatory

16  responses for West Valley are either not verified and are inadmissible for that reason as well.

17  Interrogatories must be answered "in writing under oath" and signed by the "person who makes

18  the answers."  Fed. R. Civ. P. 33(b)(3) & (5).  Interrogatory responses must "be verified—that is,

19  bear plaintiff's signature attesting under penalty of perjury that his responses are true and correct—

20  *in order to be an admissible form at summary judgment or trial*."  *Wilson v. Frito-Lay N. Am.,*

21  *Inc.*, 260 F. Supp. 3d 1202, 1212 (N.D. Cal. 2017)(citations omitted, emphasis added).

22          Here, West Valley's Special Interrogatory Responses, that were served on Tesla, did not

23  have a verification and thus are inadmissible.

24

25

26

27

28

1

## IV.    CONCLUSION

For the foregoing reasons, Tesla respectfully requests the Court preclude Plaintiff from offering the designated interrogatory responses from dismissed entities CitiStaff, nextSource, and West Valley.

Dated:  September 23, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   _____/s/ Susan Haines_____
TRACEY A. KENNEDY
PATRICIA M. JENG
SUSAN HAINES

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.