LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:    (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER KRAKOW + GLICK LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:    (310) 394-0888
Facsimile:    (310) 394-0811

Attorneys for Plaintiff
OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 3:17-cv-06748-WHO <br><br> **PLAINTIFF'S SUPPLEMENTAL PRETRIAL BRIEF RE PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5** <br><br> Trial Date: September 27, 2021 <br> Complaint filed: October 16, 2017 |

In lieu of Plaintiff's Proposed Jury Instruction No. 5, Plaintiff proposes the following instruction:

> Owen Diaz claims that Tesla, Inc. failed to take all reasonable steps to prevent harassment based on race. To establish this claim, Mr. Diaz must prove all of the following:
>
> 1. That Owen Diaz was an employee of or providing services under a contract with Tesla, Inc.;
>
> 2. That Owen Diaz was subjected to harassment based on race in the course of employment;
>
> 3. That Tesla, Inc., failed to take all reasonable steps necessary to prevent the harassment based on race;
>
> 4. That Owen Diaz was harmed; and
>
> 5. That Tesla's failure to take all reasonable steps to prevent harassment was a substantial factor in causing Mr. Diaz's harm.
>
> When evaluating an employer's reasonableness, you may consider an employer's policies and procedures as well as what remedial efforts it takes to address the harassment and to prevent future incidents of harassment.

The first portion of the instruction copies the text of CACI No. 2527. It adds the elements of harm and "substantial factor" causation, mooting Defendant's previous objections.

The final sentence of the instruction sets out factors relevant to evaluating the reasonableness of an employer's remedial efforts. These factors are established in *Ellison v. Brady*, 924 F.2d 872, 881 (9th Cir. 1991) and *Fuller v. City of Oakland*, 47 F. 3d 1522, 1528 (9th Cir. 1995): "[T]he reasonableness of an employer's remedy will depend on its ability to stop harassment by the person who engaged in harassment. In evaluating the adequacy of the remedy, the court may also take into account the remedy's ability to persuade potential harassers from unlawful conduct." *Ellison v. Brady*, 924 F.2d 872, 881 (9th Cir. 1991).

-3-

1 | DATED: September 23, 2021

/s/ Cimone A. Nunley
Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
J. Bernard Alexander, Esq.
Cimone A. Nunley, Esq.
Attorneys for Plaintiff
OWEN DIAZ