LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:      (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:      (310) 394-0811

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON, <br><br>      Plaintiffs, <br><br>   v. <br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive, <br><br>      Defendants. | Case No. 3:17-cv-06748-WHO <br><br>**PLAINTIFF OWEN DIAZ'S ISSUE BRIEF REGARDING ADMISSIBILITY OF DEMETRIC DI-AZ'S DEPOSITION TESTIMONY AT TRIAL** <br><br>Trial date: September 27, 2021 <br> Complaint filed: October 16, 2017 |

## I. INTRODUCTION

Plaintiff Owen Diaz ("Plaintiff") named his son and former co-plaintiff, Demetric Di-az ("Demetric"), as a witness – as did Defendant Tesla, Inc. ("Tesla"). Dkt. Nos. 197 and 237. Demetric is incarcerated in Soledad, California. *See* Dkt. No. 243-1, Declaration of Owen Diaz ("Diaz Decl.") at ¶ 3. Demetric's incarceration renders him unavailable to testify at trial because he is located more than 100 miles from the courthouse. *See* Fed. R. Civ. P. 32(a)(4)(B).[1] And for that reason, Plaintiff now intends to use excerpts from Demetric's deposition testimony in lieu of live testimony at trial. Fed. R. Civ. P. 32(a)(4).

Tesla again seeks to preclude Demetric's testimony—this time for Plaintiff's failure to designate his deposition testimony by the April 27, 2020, deadline set by this Court's Pretrial Order. *See* Dkt. No. 242. But Plaintiff's initial decision not to designate said testimony is irrelevant. At that time, Plaintiff had no reason to designate Demetric's deposition testimony because he was available to testify at trial, which had originally been set for June 8, 2020. That changed following the trial's continuation and Demetric's eventual incarceration more than 100 miles from the courthouse.

The Court previously ruled that Demetric would be permitted to testify to the events and complaints about which Plaintiff was aware. Dkt. No. 207 at p. 6. However, given Demetric's intervening unavailability, the excerpts designated by Plaintiff now provide the sole means of presenting that testimony. Dkt. No. 243. Tesla notably designated each of the excerpts Plaintiff now intends to use back when Demetric was expected to testify at trial. Tesla also included him as a defense witness in the joint witness list submitted to this Court a few days ago. Dkt. No. 237. It follows that although Tesla would not be prejudiced by the excerpts' admission, Plaintiff surely would be by their exclusion. The Court should permit their use at trial in a manner consistent with its prior order.

---

[1] Tesla agrees the deposition testimony of an unavailable witness under Rule 32(a)(4)(B) need not also meet the requirements for admissibility under Federal Rule of Evidence 804. *See Nationwide Life Inc. Co. v. Richards,* 541 F.3d 903, 914 (9th Cir. 2008); Dkt. No. 242 at p. 6.

## II.     ARGUMENT

Federal Rule of Civil Procedure 32(a)(4)(B) permits a party to use the deposition of a witness for any purpose based on a court's finding that the witness is more than 100 miles from the place of trial. Demetric is one such witness.[2]

Demetric is incarcerated with the California Department of Corrections and Rehabilitation ("CDCR"). *See* CDCR's Public Inmate Locator System <https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BM0160>, visited on Sept. 23, 2021. He is currently located in a conservation or fire camp. *Id.* Demetric, Plaintiff's son, stays in regular contact with Plaintiff and has informed Plaintiff that he is incarcerated in a facility located in Soledad, California. Dkt. No. 243-1, Diaz Decl. at ¶¶ 2-3. There is only one conservation camp located in Soledad – namely, Gabilan Conservation Camp #38. *See* CDCR's List of Conservation (Fire) Camps <https://www.cdcr.ca.gov/facility-locator/conservation-camps/camps/>, visited on Sept. 23, 2021. Gabilan Conservation Camp #38 is located at 31801 McCoy Road, Soledad, California 93960. *Id.* It is more than 100 miles from this Court. *See* Google Maps <https://www.google.com/maps/>, visited on Sept. 23, 2021. Therefore, Demetric is unavailable, and Plaintiff is permitted to rely on Demetric's deposition testimony under Rule 32(a)(4)(B).

Tesla's argument that Plaintiff failed to designate Demetric's deposition testimony by the deadline set forth in the Court's pretrial order is irrelevant. At the time, Demetric was available to testify at trial,[3] and Plaintiff indicated his intent to call Demetric as a witness by including Demetric's name on the original witness list. *See* Dkt. No. 197, Joint Witness List filed Apr. 27, 2020. Therefore, there was no reason to designate his testimony.

Tesla's alternative arguments about delayed disclosure are misplaced. When Demetric

---

[2] Counsel's representations that a witness is more than 100 miles from the courthouse may be sufficient to establish unavailability. *See In re 3M Combat Arms Earplug Products Liability Litigation,* 338 F.R.D. 167, 170 fn. 3 (N.D. Fla. Mar. 26, 2021); *Mote v. City of Chelsea,* 391 F.Supp.3d 720, 736 (E.D. Mich. July, 3, 2019).

[3] Trial was initially set for June 8, 2020, and Demetric was not taken into custody until September 9, 2020. *See* CDCR's Public Inmate Locator System <https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BM0160>, visited on Sept. 23, 2021.

became unavailable after the trial's continuance, Rule 32(a)(4)(B) permitted Plaintiff to use Demetric's deposition testimony for "any purpose." Nothing in the rule's plain language required advanced disclosure of Demetric's unavailability, much less by a specified time. *See* Fed. R. Civ. P. 32(a)(4)(B). Nor did it demand that Plaintiff predesignate those portions of Demetric's deposition testimony that Plaintiff plans to use at trial. *See id.* The rule's only requirement is unprocured unavailability. *Id.* Precisely the situation here.

In any event, the use of Demetric's deposition testimony at trial does not prejudice Tesla. Tesla was represented by counsel at Demetric's deposition, and counsel had the opportunity to cross-examine him at that time. *See* Fed. R. Civ. P 32(a)(1)(A); *see also Junger v. Singh,* 514 F.Supp.3d 579, 605 (W.D. N.Y. Jan 22, 2021) [court permitted testimony under Rule 32(a)(4)(B) where the party's attorney was present at the deposition]; *Televisa, S.A. de C.V. v. Univision Communications, Inc.,* 635 F.Supp.2d 1106, 1109 (C.D. Cal. Apr. 2, 2009) [same]. Additionally, while Demetric was still available to testify, the Court ruled that he could do so regarding events and complaints about which Plaintiff was aware. *See* Fed. R. Civ. P 32(a)(1)(B); Dkt. No. 207 at p. 6. Tesla then relied on that ruling by including Demetric on its witness list and designating Demetric's testimony for use at trial. *See* Dkt. No. 237. In fact, Tesla's own designations include the entirety of the deposition testimony Plaintiff now plans to offer into evidence. Therefore, even if Plaintiff might have raised Demetric's unavailability sooner, any such delay comes at no expense to Tesla, which stands in effectively the same position as it would have had Demetric been unavailable from the start. Conversely, precluding the use of said testimony at trial would surely prejudice Plaintiff, who, after originally planning to call Demetric as a witness at trial, now needs to use deposition testimony to help fill the void left by his present unavailability.

//
//
//
//
//
//

### III. CONCLUSION

Under to Rule 32(a)(4)(B), Demetric is unavailable and Plaintiff's use of Demetric's deposition testimony at trial is permissible.

CALIFORNIA CIVIL RIGHTS LAW GROUP
ALEXANDER KRAKOW + GLICK LLP

DATED: September 24, 2021    By:   /s/ Lawrence A. Organ
                                   Lawrence A. Organ, Esq.
                                   Navruz Avloni, Esq.
                                   Cimone A. Nunley, Esq.
                                   J. Bernard Alexander, Esq.

                                   Attorneys for Plaintiff OWEN DIAZ