LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
T: (415)-453-7352 | F: (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs,
DEMETRIC DI-AZ and OWEN DIAZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF OWEN DIAZ'S BRIEF REGARDING ADMISSABILITY OF NIGEL JONES'S TESTIMONY**<br><br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick<br><br>Trial Date: September 27, 2021<br>Complaint filed: October 16, 2017 |

## I.   Introduction

On May 22, 2020, this Court ruled on the parties' motions in limine concluding, "people who worked with and near Diaz will be permitted to testify broadly about that work environment, including unrelated incidents of racial harassment that allegedly gave Tesla notice that racial harassment was occurring." *See* Dkt. No. 207. Plaintiff seeks to call at trial Nigel Jones whose testimony will corroborate that the N-word was used in the area where Plaintiff worked, and that Tesla had notice. Specifically, Mr. Jones will testify that: (1) his employment with Plaintiff overlapped by six months, (2) his position required him to work often in and near the elevators, where Plaintiff worked, (3) that Mr. Jones heard the N-word in the elevator area, and (4) that Mr. Jones complained about racial harassment in the presence of Wayne Jackson, a nextSource employee that was involved in investigating Plaintiff's harassment complaint. (*See* Declaration of Nigel Jones, attached as Exh. 1, ¶¶ 2, 6, 9). This testimony is relevant under FRE 401, more probative than prejudicial under FRE 403, and for the reasons outlined below this Court should admit it.

## II.   Nigel Jones's Testimony is Relevant.

"Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In *Ziskie v. Mineta,* 547 F.3d 220, 225–26 (4th Cir. 2008), the Court held that,

> Even if Ziskie did not witness the conduct described therein, it is nonetheless relevant because it could contribute to the evidence offered to show that the workplace environment at the Washington Center was indeed a hostile one. Evidence that many of Ziskie's co-workers experienced treatment similar *226 to that claimed by Ziskie could lend credence to Ziskie's claims about her own treatment, show that the harassment she alleges was indeed pervasive, or support a finding that she was treated badly by co-workers because of her gender, and not some other reason.

Percipient witness testimony on matters raised in Plaintiff's claims is routinely held to be admissible. *See e.g. Hill v. Grade*, Case No. 18-cv-01474-HSG, 3 (N.D. Cal. Sep. 4, 2019).

Here, Mr. Jones's testimony is relevant because it will assist the trier of fact decide whether or not the N-word was used in the elevator area, and whether supervisors, such as

-2-

Wayne Jackson, were on notice. Mr. Jones's testimony is also relevant to rebut Tesla's anticipated defense that the N-word was not used in the area Plaintiff worked, which is implied in Tesla's demonstratives that were exchanged on September 22, 2021. For these reasons, this Court should permit Mr. Jones to testify.

**III.** **This Court Should Permit Nigel Jones to Testify Because his Testimony is More Probative than Prejudicial.**

Plaintiff anticipates Nigel Jones's direct to last approximately 15 minutes and to be limited to the four areas listed above. Because Plaintiff's case in chief is already limited to 12 hours by this Court, and Plaintiff does not anticipate spending more than 15 minutes with Mr. Jones, such testimony would not be an "undue waste of time." Because the testimony will be limited to the elevator area and to witnesses that are being already called in this matter, such as Wayne Jackson, Mr. Jones' testimony will not confuse the jury. Nor would a mini trial be required because Mr. Jones will not be talking about his own claims, but rather what he witnessed in the area where Plaintiff worked.  Because this is not the sort of undue delay, waste of time or confusion of issues that the Rules contemplate, this Court should permit Mr. Jones to testify.

**IV.** **Conclusion**

Because the proposed testimony is relevant and Rule 403 considerations do not warrant exclusions in this case, this Court should permit Mr. Jones to testify that he heard the N-word used in the elevator area, and that he complained about racial harassment in the presence of Wayne Jackson.

CALIFORNIA CIVIL RIGHTS LAW GROUP
ALEXANDER MORRISON & FEHR LLP

DATED:  September 24, 2021          By:  _/s/ Navruz Avloni_____
                                    Lawrence A. Organ, Esq.
                                    J. Bernard Alexander, Esq.
                                    Navruz Organ, Esq.
                                    Cimone A. Nunley, Esq.

                                    Attorneys for Plaintiff OWEN DIAZ