LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:     (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:     (310) 394-0811

Attorneys for Plaintiff OWEN DIAZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>        Plaintiffs,<br><br>      v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF OWEN DIAZ'S ISSUE BRIEF REGARDING ADMISSIBILITY OF KEVIN MCGILL'S TESTIMONY**<br><br>Trial date: September 27, 2021<br>Complaint filed: October 16, 2017 |

## I.   INTRODUCTION

Former Defendant NextSource, Inc. ("NextSource") designated Kevin McGill as the person most knowledgeable to testify on certain subject matters in this action. *See* Dkt. No. 238. NextSource served objections prior to the deposition. *See* Exhibit 1 to Declaration of Lawrence A. Organ ("Organ Decl.") filed concurrently herewith. And Plaintiff took McGill's deposition on June 17, 2019. Organ Decl. at ¶ 5.

Defendant Tesla, Inc. ("Tesla") seeks to exclude portions of McGill's deposition testimony designated by Plaintiff for use at trial as more prejudicial than probative under Federal Rule of Evidence 403. Dkt. No. 238. It relies, in part, on NextSource's objections to the notice – objections on which this Court has not yet ruled but are nevertheless without merit. The same is true of Tesla's claim of undue prejudice. The designated testimony is relevant, not excludable by NextSource's objections, and will take minimal time to present to the jury. Therefore, the Court should overrule Tesla's objections and permit Plaintiff to present the designated portions of McGill's deposition testimony.

## II.   ARGUMENT

Relevant evidence is presumptively admissible. *See* Fed. R. Evid. 401 and 402. Such evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. No such danger exists here.

### A.   Designation 6

Designation 6 consists of the following excerpt of McGill's testimony:

Q. So looking at Exhibit 166, you've been designated as the person most knowledgeable on Topic 1, the contractual relationship between Defendant and Tesla, Inc.; is that true, subject to your objections?
A. Yes.
Q. And you've also been designated as the person most knowledgeable on the second topic, the contractual relationship between Defendant and CitiStaff Solutions, Inc., subject to your objections; is that correct?
A. Yes.

Dkt. No 238. This background is relevant to the jury's understanding of McGill's testimony. It

informs the jury that McGill testified on NextSource's behalf.

Without providing a legal basis, Tesla argues that this testimony is unduly prejudicial because it "was only provided subject to [NextSource's] objections" and "does not reflect" those objections. Dkt. No. 238. Plaintiff is unaware of any authority supporting Tesla's position. The mere fact that a former party has objected to a deposition notice does not mean that testimony obtained by way of the noticed deposition is unduly prejudicial. Indeed, the purpose of stating an objection is to preserve it so that the Court may subsequently rule on it. This Court has not sustained any of NextSource's objections to the deposition notice. It would be inappropriate to exclude McGill's testimony on their basis.

Moreover, none of NextSource's objections – objections Tesla did not make – warrant the exclusion of McGill's testimony. NextSource raised the same three objections to Topics 1 and 2, specifically: (1) the term "contractual relationship" was vague, ambiguous. and uncertain; (2) the category of examination seeks confidential, proprietary, or trade secret information; and (3) the subject matter was not limited in time and scope. Exhibit 1 to Organ Decl. Still, NextSource agreed to produce its person most knowledgeable, McGill, as to the general nature of the relationship between NextSource, on one hand, and Tesla and CitiStaff Solutions, Inc. ("CitiStaff"), respectively on the other. *Id.* None of NextSource's objections merit the exclusion of the testimony in Designation 6. First, McGill understood the term "contractual relationship" – a term that is commonly used and understood among chief officers of organizations – well enough to testify about it. Second, nothing in this testimony reveals confidential, proprietary, or trade secret information. Third, McGill agreed that he was the person most knowledgeable about these topics at the time of his deposition. His testimony makes clear that his knowledge was based on his role as NextSource's Chief Financial Officer from October 2015 to the date of his deposition, which encompasses the relevant time period in this action.

NextSource's objections do not warrant the exclusion of McGill's testimony. Nor does Tesla's reliance on them.

### B.    Designation 13

Designation 13 contains the following excerpt of McGill's testimony:

PLAINTIFF'S ISSUE BRIEF REGARDING ADMISSIBILITY OF KEVIN MCGILL'S TESTIMONY

Q. But in terms of your suppliers, the companies like CitiStaff and Chartwell, they're essentially just providing employees to Tesla to work in Tesla's factory, is that correct?

MR. GELLER: Misstates his testimony. Objection to the form.

MS. SWAFFORD-HARRIS: And calls for speculation.

THE WITNESS: The supplier will, in the course of their employment of the worker, will recruit, onboard, and pay the worker. They place that worker at the Tesla site, who then works under the day-to-day direction and control of Tesla.

Dkt. No. 238. This testimony tends to show that Tesla was Plaintiff's joint employer under the control test set forth in *E.E.O.C. v. Global Horizons, Inc.,* 915 F.3d 631, 637 (9th Cir. 2019), for Plaintiff's claim under 42 U.S.C. § 1981. The probative value is heightened here because McGill testified on behalf of NextSource.

Contrary to Tesla's objection, the testimony in Designation 13 is not cumulative. It is the only designated testimony from McGill that provides a factual basis for a finding that Tesla directed and controlled the day-to-day work of CitiStaff employees, like Plaintiff. Dkt. No. 238. The only other designation that discusses Tesla's right to control contract workers is Designation 4, which relates to NextSource associates. *Id.* Nor would its admission waste time or cause undue delay. The testimony is useful to the jury's determination of whether Tesla was Plaintiff's joint employer, and it would only take a minute to read the testimony into the record.

Accordingly, there is no danger, much less substantial danger, that the testimony would cause undue delay, waste time, or be needlessly cumulative. The Court should allow the admission of this probative evidence.

## III.   CONCLUSION

McGill's designated testimony is relevant. Its probative value is not substantially outweighed by a danger that it would be unfairly prejudicial, cause unduly delay, waste time, or be needlessly cumulative. Therefore, it is admissible.

CALIFORNIA CIVIL RIGHTS LAW GROUP
ALEXANDER KRAKOW + GLICK LLP

DATED:  September 26, 2021          By:    /s/ Lawrence A. Organ
                                            Lawrence A. Organ, Esq.
                                            Navruz Avloni, Esq.

Cimone A. Nunley, Esq.
J. Bernard Alexander, Esq.

Attorneys for Plaintiff OWEN DIAZ

PLAINTIFF'S ISSUE BRIEF REGARDING ADMISSIBILITY OF KEVIN MCGILL'S TESTIMONY