1  LAWRENCE A. ORGAN (SBN 175503)
   larry@civilrightsca.com
2  NAVRUZ AVLONI (SBN 279556)
   navruz@civilrightsca.com
3  CIMONE A. NUNLEY (SBN 326915)
   cimone@civilrightsca.com
4  CALIFORNIA CIVIL RIGHTS LAW GROUP
5  332 San Anselmo Avenue
   San Anselmo, California 94960
6  Telephone:     (415)-453-7352
   Facsimile:     (415)-785-7352
7
8  J. BERNARD ALEXANDER (SBN 128307)
9  balexander@amfllp.com
   ALEXANDER KRAKOW + GLICK LLP
10 1900 Avenue of the Stars, Suite 900
   Los Angeles, California 90067
11 Telephone:     (310) 394-0888
12 Facsimile:     (310) 394-0811
13 Attorneys for Plaintiff OWEN DIAZ

14              **UNITED STATES DISTRICT COURT**
15             **NORTHERN DISTRICT OF CALIFORNIA**
16
17 DEMETRIC DI-AZ, OWEN DIAZ, and        Case No. 3:17-cv-06748-WHO
18 LAMAR PATTERSON,
19              Plaintiffs,              **DECLARATION OF LAWRENCE A.
                                         ORGAN IN SUPPORT OF PLAINTIFF
20      v.                               OWEN DIAZ'S ISSUE BRIEF
                                         REGARDING ADMISSIBILITY OF
21 TESLA, INC. dba TESLA MOTORS, INC.;   KEVIN MCGILL'S TESTIMONY**
   CITISTAFF SOLUTIONS, INC.; WEST
22 VALLEY STAFFING GROUP;
   CHARTWELL STAFFING SERVICES, INC.;
23 and DOES 1-50, inclusive,            Trial date: September 27, 2021
                                        Complaint filed: October 16, 2017
24              Defendants.
25
26
27
28

1      I, Lawrence A. Organ, declare:

2      1.    I am an attorney of record for Plaintiff Owen Diaz. I make this declaration based

3  on my personal knowledge. If called to do so, I could and would testify to the following.

4      2.    My office noticed the deposition of former Defendant NextSource, Inc.'s

5  ("NextSource") person most knowledgeable pursuant to Federal Rule of Civil Procedure

6  30(b)(6). An amended notice was served on the parties on April 25, 2019.

7      3.    On June 13, 2019, I received NextSource's objections to the amended notice. A

8  true and correct copy of NextSource's objections is attached hereto and marked as **Exhibit 1**.

9      4.    NextSource identified Kevin McGill as the person most knowledgeable as to

10  certain topics identified in the notice.

11      5.    On June 17, 2019, I took Mr. McGill's deposition.

12

13      I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct. Executed on the 26th of September, 2021.

15

16      By:    <u>/s/ Lawrence A. Organ</u>

17          Lawrence A. Organ, Esq.

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LAWRENCE A. ORGAN IN SUPPORT OF PLAINTIFF'S ISSUE BRIEF REGARDING
ADMISSIBILITY OF KEVIN MCGILL'S TESTIMONY

# EXHIBIT 1

1  JASON A. GELLER (SBN 168149)
   Email:  jgeller@fisherphillips.com
2  JUAN C. ARANEDA (SBN 213041)
   Email:  jaraneda@fisherphillips.com
3  VINCENT J. ADAMS (SBN 249696)
   Email:  vadams@fisherphillips.com
4  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
5  San Francisco, California  94111
   Telephone:  (415) 490-9000
6  Facsimile:  (415) 490-9001

7  Attorneys for Defendant
   nextSource, Inc.

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11  DEMETRIC DI-AZ, OWEN DIAZ, and       Case No:  3:17-CV-06748-WHO
    LAMAR PATTERSON,                     *[Removed from Alameda Superior Court, Case No.*
12                                       *RG17878854]*
                    Plaintiffs,
13
         v.                             **DEFENDANT NEXTSOURCE, INC.'S**
14                                      **OBJECTIONS TO PLAINTIFFS' FIRST**
    TESLA, INC. dba TESLA MOTORS, INC.; **AMENDED NOTICE OF VIDEOTAPED**
15  CITISTAFF SOLUTIONS, INC.; WEST     **DEPOSITION OF NEXTSOURCE, INC.'S**
    VALLEY STAFFING GROUP;              **PERSON MOST KNOWLEDGEABLE**
16  CHARTWELL STAFFING SERVICES,        **PURSUANT TO FED. R. CIV. P. 30(B)(6);**
    INC.; NEXTSOURCE, INC.; DOES 1-50   **AND REQUEST FOR PRODUCTION OF**
17  inclusive,                          **DOCUMENTS**

18                  Defendants.
                                        Dates:    June 17, 2019
19                                      Time:     10:00 a.m.
                                        Place:    California Civil Rights Law Group
20                                                332 San Anselmo Ave.
                                                  San Anselmo, CA 94960
21
                                        Trial Date:  November 28, 2019
22

23          Pursuant to Rules 26(b)(1) and 30 of the Federal Rules of Civil Procedure, Defendant

24  NEXTSOURCE, INC. ("Defendant") provides the following objections to Plaintiffs' First Notice

25  of Videotaped Depositions of nextSource, Inc.'s Person Most Knowledgeable ("Notice") and

26  Request for Production of Documents.

27  ///

28  ///

                                        1

OBJECTIONS TO NOTICE OF DEPOSITION OF              CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

**GENERAL OBJECTIONS AND QUALIFICATIONS**

1.      Defendant generally objects to the Request to the extent it purports to impose obligations on it in excess of those required by Rule 30 of the Federal Rules of Civil Procedure. Defendant's response is governed by Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable law, and not by the instructions, definitions, or other prefatory remarks stated in the Notice.

2.      Defendant objects to each and every individual matter of examination to the extent that it seeks testimony as to matters that that are irrelevant to any party's claim or defense as permitted by Federal Rule of Civil Procedure 26(b)(1).

3.      Defendant further objects to each and every individual matter of examination to the extent that it seeks discovery that is overbroad such that the burden and expense of producing such information outweighs its likely benefit as provided by Federal Rule of Civil Procedure 26(b)(2).

4.      Defendant further objects to each and every individual matter of examination to the extent that it states matters for examination without reasonably particularity as required by Federal Rule of Civil Procedure 30(b)(6).

The foregoing objections and qualifications are incorporated by this reference into each and all of the following responses to which they are applicable, as though fully set forth therein.

Subject to the foregoing general objections, Defendant hereby responds to each subject matter ("matter") identified in the Notice as follows:

## I.    OBJECTIONS TO TOPICS TO BE THE SUBJECT OF EXAMINATION

**SUBJECT MATTER NO. 1:**

The contractual relationship between DEFENDANT and Tesla, Inc.

**RESPONSE TO SUBJECT MATTER NO. 1:**

Defendant objects to this matter for examination as the terms "contractual relationship" are vague, ambiguous and uncertain. Defendant objects to this matter to the extent that this category of examination seeks confidential, proprietary and/or trade secret information. Further, the matter is not limited in time and scope. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable as to the general nature of the relationship

2

between Defendant and Tesla, Inc.

**SUBJECT MATTER NO. 2:**

The contractual relationship between DEFENDANT and Citistaff Solutions, Inc.

**RESPONSE TO SUBJECT MATTER NO. 2:**

Defendant objects to this matter for examination as the terms "contractual relationship" are vague, ambiguous and uncertain. Defendant objects to this matter to the extent that this category of examination seeks confidential, proprietary and/or trade secret information.  Further, the matter is not limited in time and scope. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable as to the general nature of the relationship between Defendant and CitiStaff Solutions, Inc.

**SUBJECT MATTER NO. 3:**

The contractual relationship between DEFENDANT and West Valley Staffing Group, Inc.

**RESPONSE TO SUBJECT MATTER NO. 3:**

Defendant objects to this matter for examination as the terms "contractual relationship" are vague, ambiguous and uncertain. Defendant objects to this matter to the extent that this category of examination seeks confidential, proprietary and/or trade secret information.  Further, the matter is not limited in time and scope. Subject to and without waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable on this matter, as Defendant did not have a relationship with West Valley Staffing Group, Inc.

**SUBJECT MATTER NO. 4:**

DEFENDANT'S POLICIES and PROCEDURES related to race harassment in effect from 2014 to present.

**RESPONSE TO SUBJECT MATTER NO. 4:**

Defendant objects to this matter for examination as the term "race harassment" is vague, ambiguous, uncertain, and unintelligible. Defendant objects to this matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because this matter seeks examination on policies and procedures in effect during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

3

and as neither Plaintiffs nor other staffing agency workers ("contractors") placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is not limited in time, scope, or geographic location. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning the policies and procedures applicable to its employees in effect during the relevant time period.

**SUBJECT MATTER NO. 5:**

DEFENDANT'S POLICIES and PROCEDURES RELATED to race discrimination in effect from 2014 to present.

**RESPONSE TO SUBJECT MATTER NO. 5:**

Defendant objects to this matter for examination as the term "race discrimination" is vague, ambiguous, uncertain, and unintelligible. Defendant objects to this matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because this matter seeks examination on policies and procedures in effect during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is not limited in time, scope, or geographic location. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning the policies and procedures applicable to its employees in effect during the relevant time period.

**SUBJECT MATTER NO. 6:**

DEFENDANT'S POLICIES and PROCEDURES RELATED to investigating complaints of claims of race harassment in effect from 2014 to present.

**RESPONSE TO SUBJECT MATTER NO. 6:**

Defendant objects to this matter for examination as the terms "investigating complaints" and "race harassment" are vague, ambiguous, uncertain, and unintelligible. Defendant objects to this matter on the grounds that it is overbroad and seeks information not relevant to claims or

4

1    defenses and/or proportional to the needs of the case; particularly because this matter seeks

2    examination on policies and procedures in effect during periods of times that Plaintiffs did not

3    work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

4    placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

5    policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is

6    not limited in time, scope, or geographic location. Subject to and without waiving the foregoing

7    objections, Defendant will produce its person most knowledgeable concerning the policies and

8    procedures applicable to its employees in effect during the relevant time period.

9    **SUBJECT MATTER NO. 7:**

10        DEFENDANT'S POLICIES and PROCEDURES RELATED to investigating complaints

11    of race discrimination in effect from 2014 to present.

12    **RESPONSE TO SUBJECT MATTER NO. 7:**

13        Defendant objects to this matter for examination as the terms "investigating complaints"

14    and "race discrimination" are vague, ambiguous, uncertain, and unintelligible. Defendant objects

15    to this matter on the grounds that it is overbroad and seeks information not relevant to claims or

16    defenses and/or proportional to the needs of the case; particularly because this matter seeks

17    examination on policies and procedures in effect during periods of times that Plaintiffs did not

18    work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

19    placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

20    policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is

21    not limited in time, scope, or geographic location. Subject to and without waiving the foregoing

22    objections, Defendant will produce its person most knowledgeable concerning the policies and

23    procedures applicable to its employees in effect during the relevant time period.

24    **SUBJECT MATTER NO. 8:**

25        DEFENDANT'S    communication(s)    to    its    EMPLOYEES    of    POLICIES    and

26    PROCEDURES RELATED TO race harassment from 2014 to present.

27    **RESPONSE TO SUBJECT MATTER NO. 8:**

28        Defendant objects to this matter for examination as the terms "communication(s)" and

5

1 "race harassment" are vague, ambiguous, uncertain, and unintelligible. Defendant objects to this

2 matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses

3 and/or proportional to the needs of the case; particularly because this matter seeks examination on

4 policies and procedures in effect during periods of times that Plaintiffs did not work at the Tesla

5 factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

6 factory in Fremont, California, were Defendant's employees and, as such, its policies and

7 procedures would be inapplicable to them. Further, the matter lacks foundation and is not limited

8 in time, scope, or geographic location. Subject to and without waiving the foregoing objections,

9 Defendant will produce its person most knowledgeable concerning the policies and procedures

10 applicable to its employees in effect during the relevant time period.

11 **SUBJECT MATTER NO. 9:**

12     DEFENDANT'S communications(s) to its EMPLOYEES of POLICIES and

13 PROCEDURES RELATED TO race discrimination from 2014 to present.

14 **RESPONSE TO SUBJECT MATTER NO. 9:**

15     Defendant objects to this matter for examination as the terms "communication(s)" and

16 "race discrimination" are vague, ambiguous, uncertain, and unintelligible. Defendant objects to

17 this matter on the grounds that it is overbroad and seeks information not relevant to claims or

18 defenses and/or proportional to the needs of the case; particularly because this matter seeks

19 examination on policies and procedures in effect during periods of times that Plaintiffs did not

20 work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

21 placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

22 policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is

23 not limited in time, scope, or geographic location. Subject to and without waiving the foregoing

24 objections, Defendant will produce its person most knowledgeable concerning the policies and

25 procedures applicable to its employees in effect during the relevant time period.

26 **SUBJECT MATTER NO. 10:**

27     Any anti-harassment, anti-discrimination, and/or anti-retaliation training that was provided

28 by YOU to YOUR employees at the TESLA FACTORY since 2014.

6

**RESPONSE TO SUBJECT MATTER NO. 10:**

Defendant objects to this matter for examination as the terms "training", "anti-discrimination" and "anti-retaliation" are vague, ambiguous and uncertain. Further, the matter is not limited in time and scope. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning any formal training on employment harassment, discrimination and retaliation in employment provided to its employees at the Tesla factory in Fremont, California during the relevant time period.

**SUBJECT MATTER NO. 11:**

Any anti-harassment, anti-discrimination and/or anti-retaliation training materials, practices and/or guidelines YOU provided to YOUR employees and/or supervisors and/or managers since 2014.

**RESPONSE TO SUBJECT MATTER NO. 11:**

Defendant objects to this matter for examination as the terms ""anti-harassment," anti-discrimination," "anti-retaliation" "training materials," "practices" and "guidelines" are vague, ambiguous and uncertain. Further, the matter is not limited in time, scope, or geographic location. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning formal training documents provided to its employees at the Tesla factory in Fremont, California during the relevant time period.

**SUBJECT MATTER NO. 12:**

Any investigation(s) YOU conducted in response to PLAINTIFFS' complaint(s) of race harassment.

**RESPONSE TO SUBJECT MATTER NO. 12:**

Defendant objects to this matter for examination as the terms ""investigation(s)," "conducted," and "race harassment" are vague, ambiguous and uncertain. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter lacks foundation and is not limited in scope. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning the review of the allegations by Defendant in

7

1    response to the complaint of alleged race harassment made by Plaintiff Owen Diaz while at the

2    Tesla factory in Fremont, California during the relevant time period.

3    **SUBJECT MATTER NO. 13:**

4        The circumstances (who, what, where, when, how, and why) of any investigation

5    conducted by DEFENDANT into Plaintiffs' claims of race harassment.

6    **RESPONSE TO SUBJECT MATTER NO. 13:**

7        Defendant objects to this matter for examination as the terms "circumstances" and

8    "investigation," and "race harassment" are vague, ambiguous and uncertain. Defendant further

9    objects to the extent this category of examination seeks information protected by the attorney-

10    client privilege and/or attorney work product doctrine. Further, the matter lacks foundation and is

11    not limited in scope. Subject to and without waiving the foregoing objections, Defendant will

12    produce its person most knowledgeable concerning the review of the allegations by Defendant in

13    response to the complaint of alleged race harassment made by Plaintiff Owen Diaz while at the

14    Tesla factory in Fremont, California during the relevant time period

15    **SUBJECT MATTER NO. 14:**

16        The results of any investigation(s) conducted by DEFENDANT into PLAINTIFFS' claims

17    of race harassment.

18    **RESPONSE TO SUBJECT MATTER NO. 14:**

19        Defendant objects to this matter for examination as the terms "investigation(s)" and "race

20    harassment" are vague, ambiguous and uncertain. Defendant further objects to the extent this

21    category of examination seeks information protected by the attorney-client privilege and/or

22    attorney work product doctrine. Further, the matter lacks foundation and is not limited in scope.

23    Subject to and without waiving the foregoing objections, Defendant will produce its person most

24    knowledgeable concerning the review of the allegations by Defendant in response to any complaint

25    of alleged race harassment made by Plaintiff Owen Diaz while at the Tesla factory in Fremont,

26    California during the relevant time period.

27    **SUBJECT MATTER NO. 15:**

28        What action, if any, was taken by DEFENDANT as a result of its investigation(s) into

1   PLAINTIFFS' claims of race harassment.

2   **RESPONSE TO SUBJECT MATTER NO. 15:**

3            Defendant objects to this matter for examination as the terms "action," "investigation(s),"

4   and "race harassment" are vague, ambiguous and uncertain. Defendant further objects to the extent

5   this category of examination seeks information protected by the attorney-client privilege and/or

6   attorney work product doctrine. Further, the matter lacks foundation and is not limited in scope.

7   Subject to and without waiving the foregoing objections, Defendant will produce its person most

8   knowledgeable concerning the review of the allegations by Defendant in response to the complaint

9   of alleged race harassment made by Plaintiff Owen Diaz while at the Tesla factory in Fremont,

10  California during the relevant time period.

11  **SUBJECT MATTER NO. 16:**

12           YOUR policies and procedures RELATED to disciplining employees.

13  **RESPONSE TO SUBJECT MATTER NO. 16:**

14           Defendant objects to this matter for examination as the terms "polices," "procedures" and

15  "disciplining" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds

16  that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

17  the needs of the case; particularly because this matter seeks examination on policies and procedures

18  in effect during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont,

19  California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont,

20  California, were Defendant's employees and, as such, its policies and procedures would be

21  inapplicable to them.  Further, the matter is not limited in time, scope, or geographic location.

22  Defendant will not produce a witness to testify on this matter based on the foregoing objections.

23  **SUBJECT MATTER NO. 17:**

24           YOUR policies and procedures RELATED TO investigating allegations or complaints of

25  race harassment or discrimination by contractors working at your factory in Fremont, California.

26  **RESPONSE TO SUBJECT MATTER NO. 17:**

27           Defendant objects to this matter for examination as the terms "policies," "procedures,"

28  "investigating," "allegations," "race harassment" "discrimination" and "your factory in Fremont,

9

1   California" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds

2   that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

3   the needs of the case; particularly because this matter seeks examination on policies and procedures

4   in effect during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont,

5   California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont,

6   California, were Defendant's employees and, as such, its policies and procedures would be

7   inapplicable to them. Further, Defendant did not own, operate, or control the Tesla factory in

8   Fremont, California. Defendant also objects to this matter as not limited in time or scope. Subject

9   to and without waiving the foregoing objections, Defendant will produce its person most

10   knowledgeable concerning the policies and procedures applicable to its employees in effect during

11   the relevant time period.

12   **SUBJECT MATTER NO. 18:**

13         YOUR policies and procedures for your contractors to ensure that they enforce your anti-

14   harassment, anti-discrimination, or anti-retaliation policies and procedures for their employees

15   working at your factory in Fremont, California.

16   **RESPONSE TO SUBJECT MATTER NO. 18:**

17         Defendant objects to this matter for examination as the terms "your contractors,"

18   "policies," "procedures," "ensure," "anti-harassment," "anti-discrimination," "their employees"

19   and "your factory in Fremont, California" are vague, ambiguous and uncertain. Defendant objects

20   to this matter on the grounds that it is overbroad and seeks information not relevant to claims or

21   defenses and/or proportional to the needs of the case; particularly because this matter seeks

22   examination on policies and procedures in effect during periods of times that Plaintiffs did not

23   work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

24   placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

25   policies and procedures would be inapplicable to them. Further, Defendant did not own, operate,

26   or control the Tesla factory in Fremont, California. Defendant also objects to this matter as not

27   limited in time or scope. Subject to and without waiving the foregoing objections, Defendant will

28   produce its person most knowledgeable to concerning the policies and procedures applicable to its

1  employees in effect during the relevant time period.

2  **SUBJECT MATTER NO. 19:**

3  YOUR policies and procedures for ensuring that workers who are working at your

4  Fremont, California factory are not subjected to harassment, discrimination, or retaliation.

5  **RESPONSE TO SUBJECT MATTER NO. 19:**

6  Defendant objects to this matter for examination as the terms "policies," "procedures,"

7  "workers," "ensuring," "your factory in Fremont, California," "harassment," "discrimination, and

8  "retaliation" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds

9  that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

10  the needs of the case; particularly because Defendant did not own, operate, or control the Tesla

11  factory in Fremont, California.   Subject to and without waiving the foregoing objections,

12  Defendant will produce its person most knowledgeable concerning the policies and procedures

13  applicable to its employees in effect during the relevant time period.

14  **SUBJECT MATTER NO. 20:**

15  Plaintiff Owen Diaz's work performance during his employment at the TESLA FACTORY

16  (including but not limited to his work performance reviews and attendance).

17  **RESPONSE TO SUBJECT MATTER NO. 20:**

18  Defendant objects to this matter for examination as the terms "work performance" and

19  "employment" are vague, ambiguous and uncertain. The subject matter is not relevant to claims or

20  defenses and/or proportional to the needs of the case as Defendant was not Plaintiff Owen Diaz's

21  employer and was not responsible for managing his performance. Further, the matter is not limited

22  in scope. Defendant will not produce a witness to testify on this matter based on the foregoing

23  objections.

24  **SUBJECT MATTER NO. 21:**

25  Plaintiff Demetric Di-az's work performance during his employment at the TESLA

26  FACTORY (including but not limited to his work performance reviews and attendance).

27  **RESPONSE TO SUBJECT MATTER NO. 21:**

28  Defendant objects to this matter for examination as the terms "work performance" and

11

1  "employment" are vague, ambiguous, uncertain, and unintelligible. The subject matter is not
2  relevant to claims or defenses and/or proportional to the needs of the case as Defendant was not
3  Plaintiff Demetric Di-az's employer and was not responsible for managing his performance.
4  Further, the matter is not limited in scope. Defendant will not produce a witness to testify on this
5  matter based on the foregoing objections.

6  **SUBJECT MATTER NO. 22:**

7      The circumstances (who, what, where, when, how and why) of DEFENDANT's past
8  record of acting on race harassment complaints from 2010 to the present.

9  **RESPONSE TO SUBJECT MATTER NO. 22:**

10     Defendant objects to this matter for examination as the terms "past record,"
11 "circumstances," "acting," and "race harassment" are vague, ambiguous and uncertain. It is overly
12 broad, burdensome, and oppressive. Further, the matter is not limited in time, scope, or geographic
13 location. The subject matter is not relevant to claims or defenses and/or proportional to the needs
14 of the case and it seeks inadmissible "me too" evidence. Finally, the subject matter seeks testimony
15 regarding Defendant's current and former employees in violation of the privacy rights of third
16 parties as guaranteed by the California and United States Constitutions. Defendant will not produce
17 a witness to testify on this matter based on the foregoing objections.

18 **SUBJECT MATTER NO. 23:**

19     For the period from 2010 to the present, the circumstances (who, what, where, when, how
20 and why) of any civil actions filed against DEFENDANT or DEFENDANT's employee by another
21 employee claiming that they were the victim of race harassment, including but not limited to the
22 use of "nigger" or "nigga" in the workplace, or that DEFENDANT failed to take reasonable steps
23 to prevent harassment from occurring, including (a) the name, address, and telephone number of
24 each employee who filed the action; (b) the court, names of the parties, and case number of the
25 civil action; (c) state the name, address, and telephone number of any attorney representing each
26 employee; (d) whether the action has been resolved or is pending.

27 **RESPONSE TO SUBJECT MATTER NO. 23:**

28     Defendant objects to this matter for examination as the terms "circumstances," "civil

12

1   actions," "acting," and "race harassment" are vague, ambiguous, uncertain, and unintelligible. It

2   is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category

3   of examination seeks information protected by the attorney-client privilege and/or attorney work

4   product doctrine. Further, the matter is not limited in time, scope, or geographic location. The

5   subject matter is not relevant to claims or defenses and/or proportional to the needs of the case and

6   as it seeks inadmissible "me too" evidence. Finally, the subject matter seeks testimony regarding

7   Defendant's current and former employees in violation of the privacy rights of third parties as

8   guaranteed by the California and United States Constitutions. Defendant will not produce a witness

9   to testify on this matter based on the foregoing objections.

10  **SUBJECT MATTER NO. 24:**

11         The facts supporting DEFENDANT's claim, if so, that it took reasonable steps to prevent

12  and correct workplace race harassment from 2014 to present.

13  **RESPONSE TO SUBJECT MATTER NO. 24:**

14         Defendant objects to this matter for examination as the terms "supporting," "claim"

15  "reasonable steps," "correct," and "race harassment" are vague, ambiguous, uncertain, and

16  unintelligible. It is overly broad, burdensome, and oppressive. Further, the matter is not limited in

17  time, scope, or geographic location. The subject matter not relevant to claims or defenses and/or

18  proportional to the needs of the case and as it seeks inadmissible "me too" evidence. This matter

19  is not proper for deposition as it seeks a party contention. Defendant will not produce a witness to

20  testify on this matter based on the foregoing objections.

21  **SUBJECT MATTER NO. 25:**

22         The facts supporting DEFENDANT'S claim, if so, that PLAINTIFFS unreasonably failed

23  to use DEFENDANT's anti-harassment complaint procedures.

24  **RESPONSE TO SUBJECT MATTER NO. 25:**

25         Defendant objects to this matter for examination as the terms "supporting," "unreasonably

26  failed" and "anti-harassment complaint procedures" are vague, ambiguous and uncertain. It is

27  overly broad, burdensome, and oppressive. Further, the matter is not limited in time, scope, or

28  geographic location. Defendant objects to this matter on the grounds that it seeks information not

13

OBJECTIONS TO NOTICE OF DEPOSITION OF                        CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1  relevant to claims or defenses and/or proportional to the needs of the case; particularly as neither

2  Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California, were

3  Defendant's employees and, as such, its policies would be inapplicable to them.  This matter is not

4  proper for deposition as it seeks a party contention. Defendant will not produce a witness to testify

5  on this matter based on the foregoing objections.

6  **SUBJECT MATTER NO. 26:**

7        The details of DEFENDANT's anti-harassment complaint procedures from 2014 to

8  present.

9  **RESPONSE TO SUBJECT MATTER NO. 26:**

10        Defendant objects to this matter for examination as the terms "details," and "anti-

11  harassment complaint procedures" are vague, ambiguous and uncertain. Defendant further objects

12  to the extent this category of examination seeks information protected by the attorney-client

13  privilege and/or attorney work product doctrine. Defendant objects to this matter on the grounds

14  that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

15  the needs of the case; particularly because this matter seeks examination on procedures in effect

16  during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

17  and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California,

18  were Defendant's employees and, as such, its procedures would be inapplicable to them. Further,

19  the matter is not limited in scope or geographic location. Subject to and without waiving the

20  foregoing objections, Defendant will produce its person most knowledgeable concerning the

21  procedure for making complaints of alleged unlawful harassment applicable to its employees in

22  effect during the relevant time period.

23  **SUBJECT MATTER NO. 27:**

24        The facts supporting DEFENDANT's claim, if so, that DEFENDANT provided

25  preventative and corrective measures for claims of race harassment from 2014 to present.

26  **RESPONSE TO SUBJECT MATTER NO. 27:**

27        Defendant objects to this matter for examination as the terms "preventative and corrective

28  measures" and "race harassment" are vague, ambiguous and uncertain. Further, the matter lacks

14

1  foundation and is not limited in time, scope, or geographic location. This matter is not proper for

2  deposition as it seeks a party contention. Defendant will not produce a witness to testify on this

3  matter based on the foregoing objections.

4  **SUBJECT MATTER NO. 28:**

5        What type of conduct DEFENDANT considered to be unlawful race harassment from 2014

6  through 2016.

7  **RESPONSE TO SUBJECT MATTER NO. 28:**

8        Defendant objects to this matter for examination as the terms "conduct" and "unlawful race

9  harassment" are vague, ambiguous and uncertain. It is overly broad, burdensome, and oppressive.

10  Defendant objects to this matter on the grounds that it seeks information not relevant to claims or

11  defenses and/or proportional to the needs of the case; particularly because neither Plaintiffs nor

12  other contractors placed at the Tesla factory in Fremont, California, were Defendant's employees

13  and, as such, its policies and procedures would be inapplicable to them. Defendant further objects

14  to the extent this category of examination seeks information protected by the attorney-client

15  privilege and/or attorney work product doctrine. Defendant objects to this matter for examination

16  as it calls for an opinion and a legal conclusion. Defendant will not produce a witness to testify on

17  this matter based on the foregoing objections.

18  **SUBJECT MATTER NO. 29:**

19        The facts supporting DEFENDANT's claim, if so, that the reasonable use of its procedures

20  would have prevented some or all of PLAINTIFFS' harm.

21  **RESPONSE TO SUBJECT MATTER NO. 29:**

22        Defendant objects to this matter for examination as the terms "reasonable use"

23  "procedures" and "harm" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

24  burdensome, and oppressive. Defendant objects to this matter on the grounds that it is overbroad

25  and seeks information not relevant to claims or defenses and/or proportional to the needs of the

26  case; particularly because neither Plaintiffs nor other contractors placed at the Tesla factory in

27  Fremont, California, were Defendant's employees and, as such, its procedures would be

28  inapplicable to them. Further, the matter lacks foundation and is not limited in time, scope, or

15

1 geographic location. This matter is not proper for deposition as it seeks a party contention.

2 Defendant will not produce a witness to testify on this matter based on the foregoing objections.

3 **SUBJECT MATTER NO. 30:**

4     Any racial harassment complaints made against Ramon Martinez and received by YOU.

5 **RESPONSE TO SUBJECT MATTER NO. 30:**

6     Defendant objects to this matter for examination as the term "racial harassment

7 complaints" is vague, ambiguous and uncertain. It is overly broad, burdensome, and oppressive.

8 Further, the matter is not limited in time, scope, or geographic location. Defendant objects to this

9 matter on the grounds that it seeks information not relevant to claims or defenses and/or

10 proportional to the needs of the case; particularly because Ramon Martinez was not an employee

11 of Defendant. Subject to and without waiving the foregoing objections, Defendant will produce its

12 person most knowledgeable concerning Plaintiff Owen Diaz's complaint against Ramon Martinez

13 to the extent that information about such a complaint was received by Defendant during the

14 relevant time period.

15 **SUBJECT MATTER NO. 31:**

16     Any racial harassment complaints of race harassment received by YOU involving Ramon

17 Martinez.

18 **RESPONSE TO SUBJECT MATTER NO. 31:**

19     Defendant objects to this matter for examination as the terms "racial harassment complaints

20 of race harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

21 burdensome, and oppressive. Further, the matter lacks foundation and is not limited in time, scope,

22 or geographic location. Defendant objects to this matter on the grounds that it seeks information

23 not relevant to claims or defenses and/or proportional to the needs of the case; particularly because

24 Ramon Martinez was not an employee of Defendant.  Subject to and without waiving the foregoing

25 objections, Defendant will produce its person most knowledgeable concerning Plaintiff Owen

26 Diaz's complaint against Ramon Martinez to the extent that information about such a complaint

27 was received by Defendant during the relevant time period.

28

1  **SUBJECT MATTER NO. 32:**

2      Any discipline issued to Ramon Martinez as a result of Plaintiff Owen Diaz's complaint of

3  race harassment.

4  **RESPONSE TO SUBJECT MATTER NO. 32:**

5      Defendant objects to this matter for examination as the terms "discipline" and "complaint

6  of race harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

7  burdensome, and oppressive. Further, the matter is not limited in time, scope, or geographic

8  location. Defendant objects to this matter on the grounds that it seeks information not relevant to

9  claims or defenses and/or proportional to the needs of the case; particularly because Ramon

10 Martinez was not an employee of Defendant. Subject to and without waiving the foregoing

11 objections, Defendant will produce its person most knowledgeable to testify concerning discipline

12 issued to Ramon Martinez due to Plaintiff Owen Diaz's complaint against Ramon Martinez to the

13 extent that information was made available to Defendant

14 **SUBJECT MATTER NO. 33:**

15     Any discipline issued to Ramon Martinez as a result of complaints of racial harassment

16 that YOU received.

17 **RESPONSE TO SUBJECT MATTER NO. 33:**

18     Defendant objects to this matter for examination as the terms "discipline" and "complaints

19 of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

20 burdensome, and oppressive. Further, the matter is not limited in time, scope, or geographic

21 location. Defendant objects to this matter on the grounds that it seeks information not relevant to

22 claims or defenses and/or proportional to the needs of the case; particularly because Ramon

23 Martinez was not an employee of Defendant.  Subject to and without waiving the foregoing

24 objections, Defendant will produce its person most knowledgeable to testify concerning discipline

25 issued to Ramon Martinez due to Plaintiff Owen Diaz's complaint against Ramon Martinez to the

26 extent that information was made available to Defendant

27 **SUBJECT MATTER NO. 34:**

28     Any complaints of racial harassment that YOU received involving Ed Romero.

17

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

**RESPONSE TO SUBJECT MATTER NO. 34:**

Defendant objects to this matter for examination as the terms "complaints of racial harassment" are vague, ambiguous and uncertain. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter is not limited in time, scope, or geographic location. The subject matter is not relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions. Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 35:**

Any discipline issued to Ed Romero as a result of complaints of racial harassment that YOU received.

**RESPONSE TO SUBJECT MATTER NO. 35:**

Defendant objects to this matter for examination as the terms "discipline" and "complaints of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter is not limited in time, scope, or geographic location. The subject matter is not relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions. Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 36:**

Any complaints of racial harassment that YOU received involving Javier Caballero.

**RESPONSE TO SUBJECT MATTER NO. 36:**

Defendant objects to this matter for examination as the term "complaints of racial harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks

18

1  information protected by the attorney-client privilege and/or attorney work product doctrine.

2  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

3  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

4  violation of the privacy rights of third parties as guaranteed by the California and United States

5  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

6  objections.

7  **SUBJECT MATTER NO. 37:**

8  Any discipline issued to Javier Caballero as a result of any complaints of racial harassment

9  that YOU received.

10  **RESPONSE TO SUBJECT MATTER NO. 37:**

11  Defendant objects to this matter for examination as the terms "discipline" and "complaints

12  racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

13  burdensome, and oppressive. Defendant further objects to the extent this category of examination

14  seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

15  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

16  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

17  violation of the privacy rights of third parties as guaranteed by the California and United States

18  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

19  objections.

20  **SUBJECT MATTER NO. 38:**

21  Any complaints of racial harassment that YOU received involving Judy Timbreza.

22  **RESPONSE TO SUBJECT MATTER NO. 38:**

23  Defendant objects to this matter for examination as the term "complaints of racial

24  harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome,

25  and oppressive. Defendant further objects to the extent this category of examination seeks

26  information protected by the attorney-client privilege and/or attorney work product doctrine.

27  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

28  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

19

violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions. Subject to and without waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable on this matter, as Defendant is not aware of complaints of racial harassment involving Judy Timbreza and Mr. Timbreza was not Defendant's employee.

**SUBJECT MATTER NO. 39:**

Any discipline issued to Judy Timbreza as a result of any complaints of racial harassment YOU received.

**RESPONSE TO SUBJECT MATTER NO. 39:**

Defendant objects to this matter for examination as the terms "discipline" and "complaints of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter is not limited in time, scope, or geographic location. The subject matter is not relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions. Subject to and without waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable on this matter, as Defendant is not aware of complaints of racial harassment involving Judy Timbreza and Mr. Timbreza was not Defendant's employee.

**SUBJECT MATTER NO. 40:**

Any complaints of racial harassment that YOU received involving Robert Hidalgo.

**RESPONSE TO SUBJECT MATTER NO. 40:**

Defendant objects to this matter for examination as the term "complaints of racial harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter is not limited in time, scope, or geographic location. The subject matter is not relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as guaranteed by the California and United States

20

1  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

2  objections.

3  **SUBJECT MATTER NO. 41:**

4      Any discipline issued to Robert Hidalgo as a result of any complaints of racial harassment

5  YOU received.

6  **RESPONSE TO SUBJECT MATTER NO. 41:**

7      Defendant objects to this matter for examination as the terms "discipline" and "complaints

8  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

9  burdensome, and oppressive. Defendant further objects to the extent this category of examination

10  seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

11  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

12  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

13  violation of the privacy rights of third parties as guaranteed by the California and United States

14  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

15  objections.

16  **SUBJECT MATTER NO. 42:**

17      Any complaints of racial harassment that YOU received from Michael Wheeler.

18  **RESPONSE TO SUBJECT MATTER NO. 42:**

19      Defendant objects to this matter for examination as the term "complaints of racial

20  harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome,

21  and oppressive. Defendant further objects to the extent this category of examination seeks

22  information protected by the attorney-client privilege and/or attorney work product doctrine.

23  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

24  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

25  violation of the privacy rights of third parties as guaranteed by the California and United States

26  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

27  objections.

28

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1  **SUBJECT MATTER NO. 43:**

2       Any discipline issued to Michael Wheeler following his complaints of racial harassment.

3  **RESPONSE TO SUBJECT MATTER NO. 43:**

4       Defendant objects to this matter for examination as the terms "discipline" and "complaints

5  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

6  burdensome, and oppressive. Defendant further objects to the extent this category of examination

7  seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

8  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

9  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony

10  regarding in violation of the privacy rights of third parties as guaranteed by the California and

11  United States Constitutions.  Defendant will not produce a witness on this matter on the basis of

12  the foregoing objections.

13  **SUBJECT MATTER NO. 44:**

14       Any discipline issued to other employees as a result of any complaints of racial harassment

15  from Michael Wheeler.

16  **RESPONSE TO SUBJECT MATTER NO. 44:**

17       Defendant objects to this matter for examination as the terms "discipline" and "complaints

18  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

19  burdensome, and oppressive. Defendant further objects to the extent this category of examination

20  seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

21  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

22  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

23  violation of the privacy rights of third parties as guaranteed by the California and United States

24  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

25  objections.

26  **SUBJECT MATTER NO. 45:**

27       The reason Demetric Di-az's employment at the TESLA FACTORY was terminated.

28

OBJECTIONS TO NOTICE OF DEPOSITION OF          CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

**RESPONSE TO SUBJECT MATTER NO. 45:**

Defendant objects to this matter for examination as the terms "employment" and "terminated" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds that it seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because Demetric Di-az was not an employee of Defendant.  Subject to and without waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable on this matter, as Defendant is not aware of the reason's Demetric Di-Az's assignment at the Tesla factory in Fremont, California, ended.

**SUBJECT MATTER NO. 46:**

The reason Owen Diaz's employment at the TESLA FACTORY ended.

**RESPONSE TO SUBJECT MATTER NO. 46:**

Defendant objects to this matter for examination as the term "employment" is vague, ambiguous and uncertain. Defendant objects to this matter on the grounds that it seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because Plaintiff Owen Diaz was not an employee of Defendant.  Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning the end of Plaintiff Owen Diaz's assignment at the Tesla factory in Fremont, California, to the extent that information was made available to Defendant.

**SUBJECT MATTER NO. 47:**

Any race harassment complaints or concerns made against Javier Caballero by Plaintiff Demetric Di-Az, and received by YOU.

**RESPONSE TO SUBJECT MATTER NO. 47:**

Defendant objects to this matter for examination as the term "race harassment" and "complaints or concerns" are vague, ambiguous and uncertain. . Defendant objects to this matter on the grounds that it seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because Plaintiff Demetric Di-az was not an employee of Defendant.  Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions.  Subject to and without

23

1   waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable

2   on this matter, as Defendant is not aware of complaints of race harassment by Plaintiff Demetric

3   Di-Az against Javier Caballero.

4   **SUBJECT MATTER NO. 48:**

5      Any discipline issued to Javier Caballero as a result of Plaintiff Demetric Di-Az's

6   complaint of race harassment.

7   **RESPONSE TO SUBJECT MATTER NO. 48:**

8      Defendant objects to this matter for examination as the term "discipline" and "complaints

9   race harassment" is vague, ambiguous and uncertain. . Defendant objects to this matter on the

10   grounds that it seeks information not relevant to claims or defenses and/or proportional to the needs

11   of the case; particularly because Plaintiff Demetric Di-Az was not an employee of Defendant.

12   Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as

13   guaranteed by the California and United States Constitutions.  Subject to and without waiving the

14   foregoing objections, Defendant is unable to produce a person most knowledgeable on this matter,

15   as Defendant is not aware of complaints of race harassment by Plaintiff Demetric Di-Az against

16   Javier Caballero.

17   **SUBJECT MATTER NO. 49:**

18      YOUR policies, practices and procedures for promoting employees.

19   **RESPONSE TO SUBJECT MATTER NO. 49:**

20      Defendant objects to this matter for examination as the terms "polices," "practices,"

21   "procedures" and "promoting" are vague, ambiguous and uncertain. Defendant objects to this

22   matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses

23   and/or proportional to the needs of the case; particularly because neither Plaintiffs nor other

24   contractors placed at the Tesla factory in Fremont, California, were Defendant's employees and,

25   as such, its policies, practices, and procedures for promoting employees would be inapplicable to

26   them. Further, the matter is not limited in time, scope, or geographic location. Defendant will not

27   produce a witness on this matter on the basis of the foregoing objections.

28

24

**SUBJECT MATTER NO. 50:**

Any salary, hourly wage, bonus, other remuneration and all fringe benefits PLAINTIFFS received during their employment with YOU, and to which PLAINTIFFS would have been entitled and/or eligible had PLAINTIFFS' employment with YOU continued.

**RESPONSE TO SUBJECT MATTER NO. 50:**

Defendant objects to this matter for examination as the term "salary," "hourly wage," "bonus," "other remuneration," and "fringe benefits" is vague, ambiguous and uncertain. Defendant objects to this matter on the grounds that it seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because Plaintiffs were not Defendant's employees and not entitled to any such benefits. Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 51:**

The most senior employee of DEFENDANT as to proper procedures for performing a race harassment investigation at Tesla, Inc.'s Fremont location from 2014 through 2016.

**RESPONSE TO SUBJECT MATTER NO. 51:**

Defendant objects to this matter for examination as the terms "most senior," "proper procedures," "performing," and "race harassment investigation" is vague, ambiguous and uncertain.  Further, Defendant objects to this matter for examination on the grounds that it is not a proper topic for examination.  Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 52:**

What was done with the evidence gathered during the investigation of PLAINTIFFS' claims of race harassment.

**RESPONSE TO SUBJECT MATTER NO. 52:**

Defendant objects to this matter for examination as the terms "evidence," "investigation," and "PLAINTIFF'S claims of race harassment" are vague, ambiguous and uncertain. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning information it received about the complaint made by Plaintiff Owen

25

1 | Diaz of race harassment at the Tesla factory in Fremont, California.

2 | **SUBJECT MATTER NO. 53:**

3 | How much money YOU spent each year from 2010 to the present in connection with

4 | training YOUR employees at the FREMONT FACTORY on YOUR race harassment policies,

5 | practices and procedures.

6 | **RESPONSE TO SUBJECT MATTER NO. 53:**

7 | Defendant objects to this matter for examination as the terms "training" and "race

8 | harassment policies, practices and procedures" are vague, ambiguous and uncertain. Defendant

9 | objects to this matter on the grounds that it is overbroad and seeks information not relevant to

10 | claims or defenses and/or proportional to the needs of the case; particularly because this matter

11 | seeks examination about matters during periods of times that Plaintiffs did not work at the Tesla

12 | factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

13 | factory in Fremont, California, were Defendant's employees. Defendant further objects to this

14 | matter for examination on the grounds that it seeks confidential and proprietary business

15 | information, in violation of Defendant's right to financial privacy. Defendant will not produce a

16 | witness on this matter on the basis of these objections.

17 | **SUBJECT MATTER NO. 54:**

18 | How much money YOU spent each year from 2010 to the present in connection with

19 | training YOUR employees at the FREMONT FACTORY on YOUR race discrimination policies,

20 | practices and procedures.

21 | **RESPONSE TO SUBJECT MATTER NO. 54:**

22 | Defendant objects to this matter for examination as the terms "training" and "race

23 | harassment policies, practices and procedures" are vague, ambiguous and uncertain. Defendant

24 | objects to this matter on the grounds that it is overbroad and seeks information not relevant to

25 | claims or defenses and/or proportional to the needs of the case; particularly because this matter

26 | seeks examination about matters during periods of times that Plaintiffs did not work at the Tesla

27 | factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

28 | factory in Fremont, California, were Defendant's employees. Defendant further objects to this

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1   matter for examination on the grounds that it seeks confidential and proprietary business

2   information, in violation of Defendant's right to financial privacy. Defendant will not produce a

3   witness on this matter on the basis of these objections.

4   **SUBJECT MATTER NO. 55:**

5       How much money YOU spent each year from 2010 to the present in connection with

6   training YOUR employees at the FREMONT FACTORY on YOU assault/battery policies,

7   practices and procedures.

8   **RESPONSE TO SUBJECT MATTER NO. 55:**

9       Defendant objects to this matter for examination as the terms "training" and "race

10  assault/battery policies, practices and procedures" are vague, ambiguous and uncertain. Defendant

11  objects to this matter on the grounds that it is overbroad and seeks information not relevant to

12  claims or defenses and/or proportional to the needs of the case; particularly because this matter

13  seeks examination about matters during periods of times that Plaintiffs did not work at the Tesla

14  factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

15  factory in Fremont, California, were Defendant's employees. Defendant further objects to this

16  matter for examination on the grounds that it seeks confidential and proprietary business

17  information, in violation of Defendant's right to financial privacy. Defendant will not produce a

18  witness on this matter on the basis of these objections.

19  **SUBJECT MATTER NO. 56:**

20      How much time YOU spent investigating PLAINTIFF's allegations against Ramon

21  Martinez.

22  **RESPONSE TO SUBJECT MATTER NO. 56:**

23      Defendant objects to this matter for examination as the term "allegations" is vague,

24  ambiguous and uncertain. Defendant objects to this matter on the grounds that it is overbroad and

25  seeks information not relevant to claims or defenses and/or proportional to the needs of the case;

26  particularly because Ramon Martinez was not an employee of Defendant. Subject to and without

27  waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable

28  on this matter, as time reviewing Plaintiff Owen Diaz's allegations against Ramon Martinez was

1  not tracked.

2  **SUBJECT MATTER NO. 57:**

3      How much money YOU spent to train Ramon Martinez on YOUR race harassment

4  policies, practices and procedures.

5  **RESPONSE TO SUBJECT MATTER NO. 57:**

6      Defendant objects to this matter for examination as the term "race harassment policies,

7  practices and procedures" is vague, ambiguous and uncertain. Defendant objects to this matter on

8  the grounds that it seeks information not relevant to claims or defenses and/or proportional to the

9  needs of the case; particularly because Ramon Martinez was not an employee of Defendant.

10  Defendant further objects to this matter for examination on the grounds that it seeks confidential

11  and proprietary business information, in violation of Defendant's right to financial privacy. .

12  Subject to and without waiving the foregoing objections, Defendant is unable to produce a person

13  most knowledgeable on this matter, as Ramon Martinez was not an employee of Defendant.

14  **SUBJECT MATTER NO. 58:**

15      How much money YOU spent to train Ramon Martinez on YOUR race discrimination

16  policies, practices and procedures.

17  **RESPONSE TO SUBJECT MATTER NO. 58:**

18      Defendant objects to this matter for examination as the term "train" and "race

19  discrimination policies, practices and procedures" is vague, ambiguous and uncertain. Defendant

20  objects to this matter on the grounds that it seeks information not relevant to claims or defenses

21  and/or proportional to the needs of the case; particularly because Ramon Martinez was not an

22  employee of Defendant.  Defendant further objects to this matter for examination on the grounds

23  that it seeks confidential and proprietary business information, in violation of Defendant's right to

24  financial privacy. . Subject to and without waiving the foregoing objections, Defendant is unable

25  to produce a person most knowledgeable on this matter, as Ramon Martinez was not an employee

26  of Defendant.

27  **SUBJECT MATTER NO. 59:**

28      How much money YOU spent to train Ramon Martinez on YOUR assault/battery policies,

28

1  practices and procedures.

2  **RESPONSE TO SUBJECT MATTER NO. 59:**

3      Defendant objects to this matter for examination as the term "train" and "assault/battery

4  policies, practices and procedures" is vague, ambiguous and uncertain. Defendant objects to this

5  matter on the grounds that it seeks information not relevant to claims or defenses and/or

6  proportional to the needs of the case; particularly because Ramon Martinez was not an employee

7  of Defendant.  Defendant further objects to this matter for examination on the grounds that it seeks

8  confidential and proprietary business information, in violation of Defendant's right to financial

9  privacy. . Subject to and without waiving the foregoing objections, Defendant is unable to produce

10  a person most knowledgeable on this matter, as Ramon Martinez was not an employee of

11  Defendant.

12  **SUBJECT MATTER NO. 60:**

13      Information RELATED to which PERSONS or entities, including third-party entities, that

14  participated in any manner (including preparing, reviewing, revising or authorizing training

15  materials and literature, training guides, web-based training services, or any other involvement

16  with any such training) in training employees on YOUR race harassment, race discrimination and

17  assault/battery policies, procedures and practices.

18  **RESPONSE TO SUBJECT MATTER NO. 60:**

19      Defendant objects to this matter for examination as the terms "Information RELATED to

20  which PERSONS," "third-party entities," "participated," "training," "race harassment, race

21  discrimination, and assault/battery policies, procedures and practices" are vague, ambiguous, and

22  uncertain. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent

23  this category of examination seeks information protected by the attorney-client privilege and/or

24  attorney work product doctrine. Defendant objects to this matter on the grounds that it is overbroad,

25  without limitation in scope or time, and seeks information not relevant to claims or defenses and/or

26  proportional to the needs of the case; particularly because this matter seeks examination on policies

27  and procedures in effect during periods of times that Plaintiffs did not work at the Tesla factory,

28  in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in

29

OBJECTIONS TO NOTICE OF DEPOSITION OF NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1  Fremont, California, were Defendant's employees and, as such, its policies and procedures would

2  be inapplicable to them.  Defendant will not produce a witness on this matter on the basis of these

3  objections.

4  **SUBJECT MATTER NO. 61:**

5  Identify the average length of employment of a Production Associate (whether direct hires

6  or through contracting agencies) at the TESLA FACTORY.

7  **RESPONSE TO SUBJECT MATTER NO. 61:**

8  Defendant objects to this Matter on the ground that the terms "average length of

9  employment" and "Production Associate" is vague and ambiguous. The Matter is not limited in

10  time and scope and is compound. Defendant objects to this matter on the grounds that it is

11  overbroad and seeks information not relevant to claims or defenses and/or proportional to the needs

12  of the case; particularly because neither Plaintiffs nor other contractors placed at the Tesla factory

13  in Fremont, California, were Defendant's employees and because Plaintiff Owen Diaz, who, as

14  Defendant understands, is the only plaintiff asserting claims against Defendant, worked there as

15  an elevator operator. Defendant will not produce a witness on this matter on the basis of these

16  objections.

17  **SUBJECT MATTER NO. 62:**

18  How much money YOU have spent each year from 2010 to the present on stopping the use

19  of "nigger" and/or "nigga" at the FREMONT FACTORY.

20  **RESPONSE TO SUBJECT MATTER NO. 62:**

21  Defendant objects to this Matter on the ground that the terms "stopping the use" is vague

22  and ambiguous. Defendant objects to this matter on the grounds that it is overbroad and seeks

23  information not relevant to claims or defenses and/or proportional to the needs of the case;

24  particularly because this matter seeks examination on matters during periods of times that Plaintiffs

25  did not work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other

26  contractors placed at the Tesla factory in Fremont, California, were Defendant's employees.

27  Further, Defendant did not own, operate, or control the Tesla factory in Fremont, California.

28  Defendant further objects to this matter for examination on the grounds that it seeks confidential

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK                     CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1    and proprietary business information, in violation of Defendant's right to financial privacy.

2    Defendant will not produce a witness on this matter on the basis of these objections.

3    **SUBJECT MATTER NO. 63:**

4         What steps YOU have taken to prevent the use of "nigger" and/or "nigga" at the

5    FREMONT FACTORY.

6    **RESPONSE TO SUBJECT MATTER NO. 63:**

7         Defendant objects to this Matter on the ground that the term "steps" is vague and

8    ambiguous. Defendant objects to this matter on the grounds that it is overbroad, without limitation

9    in time, and seeks information not relevant to claims or defenses and/or proportional to the needs

10   of the case; particularly because Defendant did not own, operate, or control the Tesla factory in

11   Fremont, California.   Subject to and without waiving the foregoing objections, Defendant will

12   produce its person most knowledgeable concerning the policies and procedures against harassment

13   and discrimination applicable to its employees in effect during the relevant time period.

14   **SUBJECT MATTER NO. 64:**

15        The total amount of money YOU have spent training employees at the FREMONT

16   FACTORY on issues relating to race harassment and/or discrimination in each of the years

17   between 2010 and present.

18   **RESPONSE TO SUBJECT MATTER NO. 64:**

19        Defendant objects to this Matter on the ground that the terms "training," and "race

20   harassment and/or discrimination" are vague and ambiguous. Defendant objects to this matter on

21   the grounds that it is overbroad and seeks information not relevant to claims or defenses and/or

22   proportional to the needs of the case; particularly because this matter seeks examination on matters

23   during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

24   and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California,

25   were Defendant's employees. Further, Defendant did not own, operate, or control the Tesla factory

26   in Fremont, California.  Defendant further objects to this matter for examination on the grounds

27   that it seeks confidential and proprietary business information, in violation of Defendant's right to

28   financial privacy. Defendant will not produce a witness on this matter on the basis of these

31

1  objections.

2  **SUBJECT MATTER NO. 65:**

3        The amount of money YOU spend on average per year per employee training employees

4  at the FREMONT FACTORY on issues relating to race harassment and/or discrimination for each

5  of the years between 2010 and present.

6  **RESPONSE TO SUBJECT MATTER NO. 65:**

7        Defendant objects to this Matter on the ground that the terms "training," and "race

8  harassment and/or discrimination" are vague and ambiguous. Defendant objects to this matter on

9  the grounds that it is overbroad and seeks information not relevant to claims or defenses and/or

10  proportional to the needs of the case; particularly because this matter seeks examination on matters

11  during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

12  and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California,

13  were Defendant's employees. Further, Defendant did not own, operate, or control the Tesla factory

14  in Fremont, California.  Defendant further objects to this matter for examination on the grounds

15  that it seeks confidential and proprietary business information, in violation of Defendant's right to

16  financial privacy. Defendant will not produce a witness on this matter on the basis of these

17  objections.

18  **SUBJECT MATTER NO. 66:**

19        The total amount of time each year that YOU require supervisors and/or leads at the

20  FREMONT FACTORY to spend training on issues relating to race harassment and/or

21  discrimination for each of the years between 2010 and present.

22  **RESPONSE TO SUBJECT MATTER NO. 66:**

23        Defendant objects to this Matter on the ground that the terms "supervisors and/or leads,"

24  "training," and "race harassment and/or discrimination" are vague and ambiguous. Defendant

25  objects to this matter on the grounds that it is overbroad and seeks information not relevant to

26  claims or defenses and/or proportional to the needs of the case; particularly because this matter

27  seeks examination on matters during periods of times that Plaintiffs did not work at the Tesla

28  factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

32

OBJECTIONS TO NOTICE OF DEPOSITION OF                          CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

1  factory in Fremont, California, were Defendant's employees and as such were not supervised by

2  Defendant's employees.  Subject to and without waiving the foregoing objections, Defendant will

3  produce its person most knowledgeable concerning its expectation of time spent training by its

4  employees during the relevant time period.

5  **SUBJECT MATTER NO. 67:**

6  Discipline of employees who have violated YOUR race harassment and/or discrimination

7  policies.

8  **RESPONSE TO SUBJECT MATTER NO. 67:**

9  Defendant objects to this Matter on the ground that the terms "discipline," and "race

10  harassment and/or discrimination policies' are vague and ambiguous. Defendant objects to this

11  matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses

12  and/or proportional to the needs of the case; particularly because neither Plaintiffs nor other

13  contractors placed at the Tesla factory in Fremont, California, were Defendant's employees and,

14  as such, its policies would be inapplicable to them. Finally, the subject matter seeks testimony in

15  violation of the privacy rights of third parties as guaranteed by the California and United States

16  Constitutions. Defendant will not produce a witness on this matter on the basis of these objections.

17  **SUBJECT MATTER NO. 68:**

18  YOUR current financial condition.

19  **RESPONSE TO SUBJECT MATTER NO. 68:**

20  Defendant objects to this Matter on the ground that the terms "current financial condition"

21  are vague and ambiguous. Defendant further objects to this matter for examination on the grounds

22  that it seeks confidential and proprietary business and financial information, in violation of

23  Defendant's right to financial privacy.  Defendant will not produce a witness on this matter on the

24  basis of these objections.

25  ///

26  ///

27  ///

28  ///

33

1    **II.      OBJECTIONS TO THE REQUEST FOR PRODUCTION OF DOCUMENTS**

2    **REQUEST FOR PRODUCTION NO. 1:**

3          Any and all DOCUMENTS reviewed by the deponent in preparation for their deposition.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5          Objection. Defendant also objects to this request to the extent that it seeks documents

6    protected by the attorney-client privilege, the attorney work product doctrine and/or other

7    privileges, protections, or doctrines of similar effect.

8    **REQUEST FOR PRODUCTION NO. 2:**

9          Please produce all DOCUMENTS, including (though not limited to) text messages, e-

10   mails, notes, and memoranda, which RELATE to, refer to, or discuss Plaintiff Owen Diaz.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

12         Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

13   vague and ambiguous.  Defendant further objects to this request as burdensome, oppressive and

14   harassing to the extent that it seeks documents not relevant to any party's claims or defenses or

15   that are not proportional to the needs of this case, especially given that this request seeks the

16   production of all documents, without limitation, that "RELATE to, refer to or discuss Plaintiff

17   Demetric Di-az." Defendant objects to this request to the extent it seeks the production of

18   electronically stored information (including, but not limited to emails, texts and meta-data) as

19   burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

20   Defendant also objects to this request to the extent that it seeks documents protected by the

21   attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

22   or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production

23   of documents that are equally available to Plaintiff. Defendant objects to this request on the

24   grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable

25   to Defendant.

26   **REQUEST FOR PRODUCTION NO. 3:**

27         Please produce all DOCUMENTS, including (though not limited to) text messages, e-

28   mails, notes, and memoranda, which RELATE to, refer to, or discuss Plaintiff Demetric Di-az.

                                                    34

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous. Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE TO, reflect, refer or discuss Plaintiff Demetric Di-az." Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production of documents that are equally available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable to Defendant.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all DOCUMENTS, including (though not limited to) text messages, e-mails, notes, and memoranda which RELATE to, refer to, or discuss Plaintiff Owen Diaz's job performance during his employment at the TESLA FACTORY. This includes, though is not limited to, performance reviews, written warnings, verbal warnings, demotions, suspensions, and terminations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "Plaintiff Owen Diaz's job performance during his employment at the TESLA FACTORY." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that

35

1   "RELATE to, reflect, refer to, or discuss Plaintiff Owen Diaz's job performance." Defendant

2   objects to this request to the extent it seeks the production of electronically stored information

3   (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in

4   the context of and in proportion to the claims in this action. Defendant also objects to this request

5   to the extent that it seeks documents protected by the attorney-client privilege, the attorney work

6   product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant

7   objects to this request to the extent it seeks the production of documents that are equally available

8   to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an employee of

9   Defendant and this request is therefore inapplicable to Defendant.

10   **REQUEST FOR PRODUCTION NO. 5:**

11      Please produce all DOCUMENTS, including (though not limited to) text messages, e-

12   mails, notes, and memoranda which RELATE to, refer to, or discuss Plaintiff Demetric Di-az's

13   job performance during his employment at the TESLA FACTORY. This includes though is not

14   limited to, performance reviews, written warnings, verbal warnings, demotions, suspensions, and

15   terminations.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

18   vague and ambiguous, including, but not limited to, its use of the phrase "Plaintiff Demetric Di-

19   az's job performance during his employment at the TESLA FACTORY."  Defendant further

20   objects to this request as burdensome, oppressive and harassing to the extent that it seeks

21   documents not relevant to any party's claims or defenses or that are not proportional to the needs

22   of this case, especially given that this request seeks the production of all documents, without

23   limitation, that "RELATE to, refer to, or discuss Plaintiff Demetric Diaz's job performance."

24   Defendant objects to this request to the extent it seeks the production of electronically stored

25   information (including but not limited to emails, texts and meta-data) as burdensome, costly and

26   oppressive in the context of and in proportion to the claims in this action. Defendant also objects

27   to this request to the extent that it seeks documents protected by the attorney-client privilege, the

28   attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

36

1   Defendant objects to this request to the extent it seeks the production of documents that are equally

2   available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an

3   employee of Defendant and this request is therefore inapplicable to Defendant. Discovery is

4   continuing, and Defendant reserves its right to supplement its response to this request.

5   **REQUEST FOR PRODUCTION NO. 6:**

6       Please produce all DOCUMENTS, including (though not limited to) text messages, emails,

7   notes, and memoranda which RELATE to any discussions about terminating Plaintiff Owen Diaz's

8   employment at the TESLA FACTORY.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

11  vague and ambiguous, including, but not limited to, its use of the phrase "discussions about

12  terminating Plaintiff Owen Diaz's employment at the TESLA FACTORY."  Defendant further

13  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

14  documents not relevant to any party's claims or defenses or that are not proportional to the needs

15  of this case, especially given that this request seeks the production of all documents, without

16  limitation, that "RELATE to any discussions about terminating Plaintiff Owen Diaz's employment

17  at the TESLA FACTORY." Defendant objects to this request to the extent it seeks the production

18  of electronically stored information (including, but not limited to emails, texts and meta-data) as

19  burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

20  Defendant also objects to this request to the extent that it seeks documents protected by the

21  attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

22  or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production

23  of documents that are equally available to Plaintiff. Defendant objects to this request on the

24  grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable

25  to Defendant.

26  **REQUEST FOR PRODUCTION NO. 7:**

27      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

28  notes, and memoranda which reflect, evidence, or RELATE to any complaints about Plaintiff

37

OBJECTIONS TO NOTICE OF DEPOSITION OF                     CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

1    Owen Diaz's "poor attitude" during his employment at the TESLA FACTORY.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

3           Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

4    vague and ambiguous, including, but not limited to, its use of the phrase "Plaintiff Owen Diaz's

5    'poor attitude' during his employment at the TESLA FACTORY."  Defendant further objects to

6    this request as burdensome, oppressive and harassing to the extent that it seeks documents not

7    relevant to any party's claims or defenses or that are not proportional to the needs of this case,

8    especially given that this request seeks the production of all documents, without limitation, that

9    "RELATE to any complaints about Plaintiff Owen Diaz's "poor attitude" during his employment

10   at the TESLA FACTORY." Defendant objects to this request to the extent it seeks the production

11   of electronically stored information (including, but not limited to emails, texts and meta-data) as

12   burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

13   Defendant also objects to this request to the extent that it seeks documents protected by the

14   attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

15   or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production

16   of documents that are equally available to Plaintiff. Defendant objects to this request on the

17   grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable

18   to Defendant.

19   **REQUEST FOR PRODUCTION NO. 8:**

20          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

21   notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

22   received by Wayne Jackson regarding Plaintiff Owen Diaz.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

24          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

25   vague and ambiguous, including, but not limited to, its use of the phrase "any communications

26   sent or received by Wayne Jackson regarding Plaintiff Owen Diaz."  Defendant further objects to

27   this request as burdensome, oppressive and harassing to the extent that it seeks documents not

28   relevant to any party's claims or defenses or that are not proportional to the needs of this case,

                                           38

1   especially given that this request seeks the production of all documents, without limitation, that

2   "RELATE to any communications sent or received by Wayne Jackson regarding Plaintiff Owen

3   Diaz." Defendant objects to this request to the extent it seeks the production of electronically stored

4   information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

5   oppressive in the context of and in proportion to the claims in this action. Defendant also objects

6   to this request to the extent that it seeks documents protected by the attorney-client privilege, the

7   attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

8   Defendant objects to this request to the extent it seeks the production of documents that are equally

9   available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an

10  employee of Defendant and this request is therefore inapplicable to Defendant.

11  **REQUEST FOR PRODUCTION NO. 9:**

12          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

13  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

14  received by Wayne Jackson regarding complaints of racial harassment at the TESLA FACTORY.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

17  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

18  sent or received by Wayne Jackson regarding complaints of racial harassment at the TESLA

19  FACTORY." Defendant further objects to this request as burdensome, oppressive and harassing

20  to the extent that it seeks documents not relevant to any party's claims or defenses or that are not

21  proportional to the needs of this case, especially given that this request seeks the production of all

22  documents, without limitation, that "RELATE to any communications sent or received by Wayne

23  Jackson regarding complaints of racial harassment at the TESLA FACTORY." The request

24  impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

25  Defendant objects to this request to the extent it seeks the production of electronically stored

26  information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

27  oppressive in the context of and in proportion to the claims in this action. Defendant also objects

28  to this request to the extent that it seeks documents protected by the attorney-client privilege, the

39

1  attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

2  Defendant objects to this request to the extent it calls for documents that are protected from

3  disclosure by third party privacy rights under the Federal and California constitutions and

4  applicable statutes.

5  **REQUEST FOR PRODUCTION NO. 10:**

6  Please produce all DOCUMENTS, including (though not limited to) text messages, emails

7  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

8  received by Wayne Jackson regarding complaints of racial discrimination at the TESLA

9  FACTORY.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11  Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

12  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

13  sent or received by Wayne Jackson regarding complaints of racial discrimination."  Defendant

14  further objects to this request as burdensome, oppressive and harassing to the extent that it seeks

15  documents not relevant to any party's claims or defenses or that are not proportional to the needs

16  of this case, especially given that this request seeks the production of all documents, without

17  limitation, that "RELATE to any communications sent or received by Wayne Jackson regarding

18  complaints of racial discrimination at the TESLA FACTORY." The request impermissibly seeks

19  "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to

20  this request to the extent it seeks the production of electronically stored information (including,

21  but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

22  of and in proportion to the claims in this action. Defendant also objects to this request to the extent

23  that it seeks documents protected by the attorney-client privilege, the attorney work product

24  doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

25  this request to the extent it calls for documents that are protected from disclosure by third party

26  privacy rights under the Federal and California constitutions and applicable statutes.

27  **REQUEST FOR PRODUCTION NO. 11:**

28  Please produce all DOCUMENTS, including (though not limited to) text messages, emails

40

1    notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

2    received by Wayne Jackson regarding complaints of retaliation at the TESLA FACTORY.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

4           Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

5    vague and ambiguous, including, but not limited to, its use of the phrase "any communications

6    sent or received by Wayne Jackson regarding complaints of retaliation." Defendant further objects

7    to this request as burdensome, oppressive and harassing to the extent that it seeks documents not

8    relevant to any party's claims or defenses or that are not proportional to the needs of this case,

9    especially given that this request seeks the production of all documents, without limitation, that

10   "RELATE to any communications sent or received by Wayne Jackson regarding complaints of

11   retaliation at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is

12   not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

13   it seeks the production of electronically stored information (including, but not limited to emails,

14   texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

15   the claims in this action. Defendant also objects to this request to the extent that it seeks documents

16   protected by the attorney-client privilege, the attorney work product doctrine and/or other

17   privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

18   it calls for documents that are protected from disclosure by third party privacy rights under the

19   Federal and California constitutions and applicable statutes.

20   **REQUEST FOR PRODUCTION NO. 12:**

21          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

22   notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

23   received by Wayne Jackson regarding the use of racial slurs, including (though not limited to)

24   "nigga," "nigger," and "ninga," at the TESLA FACTORY.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

26          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

27   vague and ambiguous, including, but not limited to, its use of the phrase "any communications

28   sent or received by Wayne Jackson regarding the use of racial slurs, including (though not limited

41

OBJECTIONS TO NOTICE OF DEPOSITION OF                      CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

to) 'nigga,' 'nigger,' and 'ninga'." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Wayne Jackson regarding the use of racial slurs, including (though not limited to) 'nigga,' 'nigger,' and 'ninga,' at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails, notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Wayne Jackson regarding any complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present. (For the purposes of responding to this interrogatory, the phrase "racist graffiti" includes, though is not limited to, stylized, "golliwog"-, "pickaninny"-, or "sambo"-type depictions of African-American individuals; nooses; swastikas; the phrase "white power"; references slavery or slave labor; and racial slurs, including, though not limited to, "nigger," "nigga," and "ninga.")

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications sent or received by Wayne Jackson regarding any complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present." Defendant further objects to this request as

42

1   burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any

2   party's claims or defenses or that are not proportional to the needs of this case, especially given

3   that this request seeks the production of all documents, without limitation, that "RELATE to any

4   communications sent or received by Wayne Jackson regarding complaints of retaliation at the

5   TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to

6   the claims and defenses in this case. Defendant objects to this request to the extent it seeks the

7   production of electronically stored information (including, but not limited to emails, texts and

8   meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims

9   in this action. Defendant also objects to this request to the extent that it seeks documents protected

10  by the attorney-client privilege, the attorney work product doctrine and/or other privileges,

11  protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for

12  documents that are protected from disclosure by third party privacy rights under the Federal and

13  California constitutions and applicable statutes.

14  **REQUEST FOR PRODUCTION NO. 14:**

15      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

16  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

17  received by Terri Garrett regarding Plaintiff Owen Diaz.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

19      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

20  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

21  sent or received by Terri Garrett regarding Plaintiff Owen Diaz." Defendant further objects to this

22  request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

23  to any party's claims or defenses or that are not proportional to the needs of this case, especially

24  given that this request seeks the production of all documents, without limitation, that "RELATE

25  to any communications sent or received by Terri Garrett regarding Plaintiff Owen Diaz."

26  Defendant objects to this request to the extent it seeks the production of electronically stored

27  information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

28  oppressive in the context of and in proportion to the claims in this action. Defendant also objects

43

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1   to this request to the extent that it seeks documents protected by the attorney-client privilege, the

2   attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

3   Defendant objects to this request to the extent it seeks the production of documents that are equally

4   available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an

5   employee of Defendant and this request is therefore inapplicable to Defendant.

6   **REQUEST FOR PRODUCTION NO. 15:**

7       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

8   notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

9   received by Terri Garrett regarding complaints of racial harassment at the TESLA FACTORY.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

12  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

13  sent or received by Terri Garrett regarding complaints of racial harassment."  Defendant further

14  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

15  documents not relevant to any party's claims or defenses or that are not proportional to the needs

16  of this case, especially given that this request seeks the production of all documents, without

17  limitation, that "RELATE to any communications sent or received by Terri Garrett regarding

18  complaints of racial harassment at the TESLA FACTORY." The request impermissibly seeks "me

19  too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

20  request to the extent it seeks the production of electronically stored information (including, but not

21  limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

22  in proportion to the claims in this action. Defendant also objects to this request to the extent that it

23  seeks documents protected by the attorney-client privilege, the attorney work product doctrine

24  and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

25  to the extent it calls for documents that are protected from disclosure by third party privacy rights

26  under the Federal and California constitutions and applicable statutes.

27  **REQUEST FOR PRODUCTION NO. 16:**

28      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

44

1  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

2  received by Terri Garrett regarding complaints of racial discrimination at the TESLA FACTORY.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

5  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

6  sent or received by Terri Garrett regarding complaints of racial discrimination." Defendant further

7  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

8  documents not relevant to any party's claims or defenses or that are not proportional to the needs

9  of this case, especially given that this request seeks the production of all documents, without

10 limitation, that "RELATE to any communications sent or received by Terri Garrett regarding

11 complaints of racial discrimination at the TESLA FACTORY." The request impermissibly seeks

12 "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to

13 this request to the extent it seeks the production of electronically stored information (including,

14 but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

15 of and in proportion to the claims in this action. Defendant also objects to this request to the extent

16 that it seeks documents protected by the attorney-client privilege, the attorney work product

17 doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

18 this request to the extent it calls for documents that are protected from disclosure by third party

19 privacy rights under the Federal and California constitutions and applicable statutes.

20 **REQUEST FOR PRODUCTION NO. 17:**

21      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

22 notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

23 received by Terri Garrett regarding complaints of retaliation at the TESLA FACTORY.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

25      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

26 vague and ambiguous, including, but not limited to, its use of the phrase "any communications

27 sent or received by Terri Garrett regarding complaints of retaliation." Defendant further objects

28 to this request as burdensome, oppressive and harassing to the extent that it seeks documents not

45

1  relevant to any party's claims or defenses or that are not proportional to the needs of this case,

2  especially given that this request seeks the production of all documents, without limitation, that

3  "RELATE to any communications sent or received by Terri Garrett regarding complaints of

4  retaliation at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is

5  not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

6  it seeks the production of electronically stored information (including, but not limited to emails,

7  texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

8  the claims in this action. Defendant also objects to this request to the extent that it seeks documents

9  protected by the attorney-client privilege, the attorney work product doctrine and/or other

10  privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

11  it calls for documents that are protected from disclosure by third party privacy rights under the

12  Federal and California constitutions and applicable statutes.

13  **REQUEST FOR PRODUCTION NO. 18:**

14  Please produce all DOCUMENTS, including (though not limited to) text messages, emails

15  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

16  received by Terri Garrett regarding the use of racial slurs, including (though not limited to)

17  "nigga," "nigger," and "ninga," at the TESLA FACTORY.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

19  Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

20  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

21  sent or received by Terri Garrett regarding the use of racial slurs, including (though not limited to)

22  'nigga,' 'nigger,' and 'ninga.'" Defendant further objects to this request as burdensome, oppressive

23  and harassing to the extent that it seeks documents not relevant to any party's claims or defenses

24  or that are not proportional to the needs of this case, especially given that this request seeks the

25  production of all documents, without limitation, that "RELATE to any communications sent or

26  received by Terri Garrett regarding the use of racial slurs, including (though not limited to) 'nigga,'

27  'nigger,' and 'ninga,' at the TESLA FACTORY." The request impermissibly seeks "me too"

28  evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

46

1   request to the extent it seeks the production of electronically stored information (including, but not

2   limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

3   in proportion to the claims in this action. Defendant also objects to this request to the extent that it

4   seeks documents protected by the attorney-client privilege, the attorney work product doctrine

5   and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

6   to the extent it calls for documents that are protected from disclosure by third party privacy rights

7   under the Federal and California constitutions and applicable statutes.

8   **REQUEST FOR PRODUCTION NO. 19:**

9         Please produce all DOCUMENTS, including (though not limited to) text messages, emails

10   notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

11   received by Terri Garrett regarding any complaints of racist graffiti in the restrooms at the TESLA

12   FACTORY from 2010 to the present. (For the purposes of responding to this interrogatory, the

13   phrase "racist graffiti" includes, though is not limited to, stylized, "golliwog"-, "pickaninny"-, or

14   "sambo"-type depictions of African-American individuals; nooses; swastikas; the phrase "white

15   power"; references to slavery or slave labor; and racial slurs, including, though not limited to,

16   "nigger," "nigga," and "ninga.")

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

18         Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

19   vague and ambiguous, including, but not limited to, its use of the phrase "any communications

20   sent or received by Terri Garrett regarding any complaints of racist graffiti in the restrooms."

21   Defendant further objects to this request as burdensome, oppressive and harassing to the extent

22   that it seeks documents not relevant to any party's claims or defenses or that are not proportional

23   to the needs of this case, especially given that this request seeks the production of all documents,

24   without limitation, that "RELATE to any communications sent or received by Terri Garrett

25   regarding any complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010

26   to the present." The request impermissibly seeks "me too" evidence that is not relevant to the

27   claims and defenses in this case. Defendant objects to this request to the extent it seeks the

28   production of electronically stored information (including, but not limited to emails, texts and

47

1    meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims

2    in this action. Defendant also objects to this request to the extent that it seeks documents protected

3    by the attorney-client privilege, the attorney work product doctrine and/or other privileges,

4    protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for

5    documents that are protected from disclosure by third party privacy rights under the Federal and

6    California constitutions and applicable statutes.

7    **REQUEST FOR PRODUCTION NO. 20:**

8         Please produce all DOCUMENTS, including (though not limited to) text messages, emails

9    notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

10   received by Nancy Uhlenbrock regarding Plaintiff Owen Diaz.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

12        Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

13   vague and ambiguous, including, but not limited to, its use of the phrase "any communications

14   sent or received by Nancy Uhlenbrock regarding Plaintiff Owen Diaz." Defendant further objects

15   to this request as burdensome, oppressive and harassing to the extent that it seeks documents not

16   relevant to any party's claims or defenses or that are not proportional to the needs of this case,

17   especially given that this request seeks the production of all documents, without limitation, that

18   "RELATE to any communications sent or received by Nancy Uhlenbrock regarding Plaintiff

19   Owen Diaz." Defendant objects to this request to the extent it seeks the production of electronically

20   stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly

21   and oppressive in the context of and in proportion to the claims in this action. Defendant also

22   objects to this request to the extent that it seeks documents protected by the attorney-client

23   privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of

24   similar effect. Defendant objects to this request to the extent it seeks the production of documents

25   that are equally available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff

26   was not an employee of Defendant and this request is therefore inapplicable to Defendant.

27   **REQUEST FOR PRODUCTION NO. 21:**

28        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

48

notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Nancy Uhlenbrock regarding complaints of racial harassment at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications sent or received by Nancy Uhlenbrock regarding complaints of racial harassment." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding complaints of racial harassment." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Nancy Uhlenbrock regarding complaints of racial discrimination at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications

49

1   sent or received by Nancy Uhlenbrock regarding complaints of racial discrimination." Defendant

2   further objects to this request as burdensome, oppressive and harassing to the extent that it seeks

3   documents not relevant to any party's claims or defenses or that are not proportional to the needs

4   of this case, especially given that this request seeks the production of all documents, without

5   limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding

6   complaints of racial discrimination at the TESLA FACTORY." The request impermissibly seeks

7   "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to

8   this request to the extent it seeks the production of electronically stored information (including,

9   but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

10  of and in proportion to the claims in this action. Defendant also objects to this request to the extent

11  that it seeks documents protected by the attorney-client privilege, the attorney work product

12  doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

13  this request to the extent it calls for documents that are protected from disclosure by third party

14  privacy rights under the Federal and California constitutions and applicable statutes.

15  **REQUEST FOR PRODUCTION NO. 23:**

16      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

17  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

18  received by Nancy Uhlenbrock regarding complaints of retaliation at the TESLA FACTORY.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

20      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

21  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

22  sent or received by Nancy Uhlenbrock regarding complaints of retaliation." Defendant further

23  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

24  documents not relevant to any party's claims or defenses or that are not proportional to the needs

25  of this case, especially given that this request seeks the production of all documents, without

26  limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding

27  complaints of retaliation at the TESLA FACTORY." The request impermissibly seeks "me too"

28  evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

50

request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Nancy Uhlenbrock regarding the use of racial slurs, including (though not limited to) "nigga," "nigger," and "ninga," at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications sent or received by Nancy Uhlenbrock regarding the use of racial slurs, including (though not limited to) 'nigga,' 'nigger,' and 'ninga.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding the use of racial slurs, including (though not limited to) 'nigga,' 'nigger,' and 'ninga' at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

51

1  Defendant objects to this request to the extent it calls for documents that are protected from

2  disclosure by third party privacy rights under the Federal and California constitutions and

3  applicable statutes.

4  **REQUEST FOR PRODUCTION NO. 25:**

5      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

6  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

7  received by Nancy Uhlenbrock regarding any complaints of racist graffiti in the restrooms at the

8  TESLA FACTORY from 2010 to the present. (For the purposes of responding to this interrogatory,

9  the phrase "racist graffiti" includes, though is not limited to, stylized, "golliwog"-, "pickaninny"-

10 , or "sambo"-type depictions of African-American individuals; nooses; swastikas; the phrase

11 "white power"; reference to slavery or slave labor; and racial slurs, including, though not limited

12 to, "nigger," "nigga," and "ninga.")

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

14      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

15 vague and ambiguous, including, but not limited to, its use of the phrase "any communications

16 sent or received by Nancy Uhlenbrock regarding any complaints of racist graffiti in the restrooms

17 at the TESLA FACTORY from 2010 to the present." Defendant further objects to this request as

18 burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any

19 party's claims or defenses or that are not proportional to the needs of this case, especially given

20 that this request seeks the production of all documents, without limitation, that "RELATE to any

21 communications sent or received by Nancy Uhlenbrock regarding any complaints of racist graffiti

22 in the restrooms at the TESLA FACTORY from 2010 to the present." The request impermissibly

23 seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant

24 objects to this request to the extent it seeks the production of electronically stored information

25 (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in

26 the context of and in proportion to the claims in this action. Defendant also objects to this request

27 to the extent that it seeks documents protected by the attorney-client privilege, the attorney work

28 product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant

52

1  objects to this request to the extent it calls for documents that are protected from disclosure by

2  third party privacy rights under the Federal and California constitutions and applicable statutes.

3  **REQUEST FOR PRODUCTION NO. 26:**

4        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

5  notes, and memoranda which reflect, evidence, or RELATE to any complaints of Ramon Martinez

6  racially harassing employees at the TESLA FACTORY.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

8        Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

9  vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Ramon

10  Martinez racially harassing employees." Defendant further objects to this request as burdensome,

11  oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

12  or defenses or that are not proportional to the needs of this case, especially given that this request

13  seeks the production of all documents, without limitation, that "RELATE to any complaints of

14  Ramon Martinez racially harassing employees at the TESLA FACTORY." The request

15  impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

16  Defendant objects to this request to the extent it seeks the production of electronically stored

17  information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

18  oppressive in the context of and in proportion to the claims in this action. Defendant also objects

19  to this request to the extent that it seeks documents protected by the attorney-client privilege, the

20  attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

21  Defendant objects to this request to the extent it calls for documents that are protected from

22  disclosure by third party privacy rights under the Federal and California constitutions and

23  applicable statutes.

24  **REQUEST FOR PRODUCTION NO. 27:**

25        Please produce all DOCUMENTS, including (though not limited to) text messages, emails,

26  notes, and memoranda which reflect, evidence, or RELATE TO any investigations into complaints

27  of Ramon Martinez racially harassing employees at the TESLA FACTORY.

28

53

OBJECTIONS TO NOTICE OF DEPOSITION OF                   CASE NO: 3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of Ramon Martinez racially harassing employees." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE TO any investigations into complaints of Ramon Martinez racially harassing employees at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any complaints of Judy Timbreza racially harassing employees at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Judy Timbreza racially harassing employees." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints of

54

1   Judy Timbreza racially harassing employees at the TESLA FACTORY." The request

2   impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

3   Defendant objects to this request to the extent it seeks the production of electronically stored

4   information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

5   oppressive in the context of and in proportion to the claims in this action. Defendant also objects

6   to this request to the extent that it seeks documents protected by the attorney-client privilege, the

7   attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

8   Defendant objects to this request to the extent it calls for documents that are protected from

9   disclosure by third party privacy rights under the Federal and California constitutions and

10  applicable statutes.

11  **REQUEST FOR PRODUCTION NO. 29:**

12          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

13  notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

14  of Judy Timbreza racially harassing employees at the TESLA FACTORY.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

16          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

17  vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into

18  complaints of Judy Timbreza racially harassing employees." Defendant further objects to this

19  request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

20  to any party's claims or defenses or that are not proportional to the needs of this case, especially

21  given that this request seeks the production of all documents, without limitation, that "RELATE

22  to any investigations into complaints of Judy Timbreza racially harassing employees at the TESLA

23  FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims

24  and defenses in this case. Defendant objects to this request to the extent it seeks the production of

25  electronically stored information (including, but not limited to emails, texts and meta-data) as

26  burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

27  Defendant also objects to this request to the extent that it seeks documents protected by the

28  attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1    or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents

2    that are protected from disclosure by third party privacy rights under the Federal and California

3    constitutions and applicable statutes.

4    **REQUEST FOR PRODUCTION NO. 30:**

5         Please produce all DOCUMENTS, including (though not limited to) text messages, emails

6    notes, and memoranda which reflect, evidence, or RELATE to any complaints of Judy Timbreza

7    using racial slurs, including, though not limited to, "nigger," "nigga," or "ninga," at the TESLA

8    FACTORY.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

10        Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

11   vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Judy

12   Timbreza using racial slurs, including, though not limited to, 'nigger,' 'nigga,' or 'ninga.'"

13   Defendant further objects to this request as burdensome, oppressive and harassing to the extent

14   that it seeks documents not relevant to any party's claims or defenses or that are not proportional

15   to the needs of this case, especially given that this request seeks the production of all documents,

16   without limitation, that "RELATE to any complaints of Judy Timbreza using racial slurs,

17   including, though not limited to, 'nigger,' 'nigga,' or 'ninga,' at the TESLA FACTORY." The

18   request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in

19   this case. Defendant objects to this request to the extent it seeks the production of electronically

20   stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly

21   and oppressive in the context of and in proportion to the claims in this action. Defendant also

22   objects to this request to the extent that it seeks documents protected by the attorney-client

23   privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of

24   similar effect. Defendant objects to this request to the extent it calls for documents that are

25   protected from disclosure by third party privacy rights under the Federal and California

26   constitutions and applicable statutes.

27   **REQUEST FOR PRODUCTION NO. 31:**

28        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

                                          56

notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints
of Judy Timbreza using racial slurs, including, though not limited to, "nigger," "nigga," or "ninga,"
at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,
vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into
complaints of Judy Timbreza using racial slurs, including, though not limited to, 'nigger,' 'nigga,'
or 'ninga.'" Defendant further objects to this request as burdensome, oppressive and harassing to
the extent that it seeks documents not relevant to any party's claims or defenses or that are not
proportional to the needs of this case, especially given that this request seeks the production of all
documents, without limitation, that "RELATE to any investigations into complaints of Judy
Timbreza using racial slurs, including, though not limited to, 'nigger,' 'nigga,' or 'ninga,' at the
TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to
the claims and defenses in this case. Defendant objects to this request to the extent it seeks the
production of electronically stored information (including, but not limited to emails, texts and
meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims
in this action. Defendant also objects to this request to the extent that it seeks documents protected
by the attorney-client privilege, the attorney work product doctrine and/or other privileges,
protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for
documents that are protected from disclosure by third party privacy rights under the Federal and
California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails
notes, and memoranda which reflect, evidence, or RELATE to any complaints of Robert Hidalgo
racially harassing employees at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,
vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Robert

57

1    Hidalgo racially harassing employees." Defendant further objects to this request as burdensome,

2    oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

3    or defenses or that are not proportional to the needs of this case, especially given that this request

4    seeks the production of all documents, without limitation, that "RELATE to any complaints of

5    Robert Hidalgo racially harassing employees at the TESLA FACTORY." The request

6    impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

7    Defendant objects to this request to the extent it seeks the production of electronically stored

8    information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

9    oppressive in the context of and in proportion to the claims in this action. Defendant also objects

10   to this request to the extent that it seeks documents protected by the attorney-client privilege, the

11   attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

12   Defendant objects to this request to the extent it calls for documents that are protected from

13   disclosure by third party privacy rights under the Federal and California constitutions and

14   applicable statutes.

15   **REQUEST FOR PRODUCTION NO. 33:**

16          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

17   notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

18   of Robert Hidalgo racially harassing employees at the TESLA FACTORY.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

20          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

21   vague and ambiguous, including, but not limited to, its use of the phrase "to any investigations

22   into complaints of Robert Hidalgo racially harassing employees." Defendant further objects to this

23   request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

24   to any party's claims or defenses or that are not proportional to the needs of this case, especially

25   given that this request seeks the production of all documents, without limitation, that "RELATE

26   to any investigations into complaints of Robert Hidalgo racially harassing employees at the

27   TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to

28   the claims and defenses in this case. Defendant objects to this request to the extent it seeks the

58

1   production of electronically stored information (including, but not limited to emails, texts and

2   meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims

3   in this action. Defendant also objects to this request to the extent that it seeks documents protected

4   by the attorney-client privilege, the attorney work product doctrine and/or other privileges,

5   protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for

6   documents that are protected from disclosure by third party privacy rights under the Federal and

7   California constitutions and applicable statutes.

8   **REQUEST FOR PRODUCTION NO. 34:**

9       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

10   notes, and memoranda which reflect, evidence, or RELATE to any complaints of Robert Hidalgo

11   using racial slurs, including though not limited to "nigger," "nigga," or "ninga," at the TESLA

12   FACTORY.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

14       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

15   vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Robert

16   Hidalgo using racial slurs, including though not limited to 'nigger,' 'nigga,' or 'ninga'." Defendant

17   further objects to this request as burdensome, oppressive and harassing to the extent that it seeks

18   documents not relevant to any party's claims or defenses or that are not proportional to the needs

19   of this case, especially given that this request seeks the production of all documents, without

20   limitation, that "RELATE to any complaints of Robert Hidalgo using racial slurs, including though

21   not limited to 'nigger,' 'nigga,' or 'ninga,' at the TESLA FACTORY." The request impermissibly

22   seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant

23   objects to this request to the extent it seeks the production of electronically stored information

24   (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in

25   the context of and in proportion to the claims in this action. Defendant also objects to this request

26   to the extent that it seeks documents protected by the attorney-client privilege, the attorney work

27   product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant

28   objects to this request to the extent it calls for documents that are protected from disclosure by

59

OBJECTIONS TO NOTICE OF DEPOSITION OF        CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1  third party privacy rights under the Federal and California constitutions and applicable statutes.

2  **REQUEST FOR PRODUCTION NO. 35:**

3       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

4  notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

5  of Robert Hidalgo using racial slurs, including though not limited to "nigger," "nigga," or "ninga,"

6  at the TESLA FACTORY.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

8       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

9  vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into

10  complaints of Robert Hidalgo using racial slurs, including though not limited to 'nigger,' 'nigga,'

11  or 'ninga'." Defendant further objects to this request as burdensome, oppressive and harassing to

12  the extent that it seeks documents not relevant to any party's claims or defenses or that are not

13  proportional to the needs of this case, especially given that this request seeks the production of all

14  documents, without limitation, that "RELATE to any investigations into complaints of Robert

15  Hidalgo using racial slurs, including though not limited to 'nigger,' 'nigga,' or 'ninga,' at the

16  TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to

17  the claims and defenses in this case. Defendant objects to this request to the extent it seeks the

18  production of electronically stored information (including, but not limited to emails, texts and

19  meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims

20  in this action. Defendant also objects to this request to the extent that it seeks documents protected

21  by the attorney-client privilege, the attorney work product doctrine and/or other privileges,

22  protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for

23  documents that are protected from disclosure by third party privacy rights under the Federal and

24  California constitutions and applicable statutes.

25  **REQUEST FOR PRODUCTION NO. 36:**

26       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

27  notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial harassment

28  at the TESLA FACTORY from 2010 to the present.

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial harassment at the TESLA FACTORY from 2010 to the present.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints of racial harassment at the TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints of racial harassment at the TESLA FACTORY from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of racial harassment at the TESLA FACTORY from 2010 to the present.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without

61

1   limitation, that "RELATE to any investigations into complaints of racial harassment at the TESLA

2   FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is

3   not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

4   it seeks the production of electronically stored information (including, but not limited to emails,

5   texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

6   the claims in this action. Defendant also objects to this request to the extent that it seeks documents

7   protected by the attorney-client privilege, the attorney work product doctrine and/or other

8   privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

9   it calls for documents that are protected from disclosure by third party privacy rights under the

10  Federal and California constitutions and applicable statutes.

11  **REQUEST FOR PRODUCTION NO. 38:**

12          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

13  notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial

14  discrimination at the TESLA FACTORY from 2010 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

16          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

17  vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial

18  discrimination at the TESLA FACTORY from 2010 to the present.'" Defendant further objects to

19  this request as burdensome, oppressive and harassing to the extent that it seeks documents not

20  relevant to any party's claims or defenses or that are not proportional to the needs of this case,

21  especially given that this request seeks the production of all documents, without limitation, that

22  "RELATE to any complaints of racial discrimination at the TESLA FACTORY from 2010 to the

23  present." The request impermissibly seeks "me too" evidence that is not relevant to the claims and

24  defenses in this case. Defendant objects to this request to the extent it seeks the production of

25  electronically stored information (including, but not limited to emails, texts and meta-data) as

26  burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

27  Defendant also objects to this request to the extent that it seeks documents protected by the

28  attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

62

1  or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents

2  that are protected from disclosure by third party privacy rights under the Federal and California

3  constitutions and applicable statutes.

4  **REQUEST FOR PRODUCTION NO. 39:**

5       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

6  notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

7  of racial discrimination at the TESLA FACTORY from 2010 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

9       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

10  vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into

11  complaints of racial discrimination at the TESLA FACTORY from 2010 to the present.'"

12  Defendant further objects to this request as burdensome, oppressive and harassing to the extent

13  that it seeks documents not relevant to any party's claims or defenses or that are not proportional

14  to the needs of this case, especially given that this request seeks the production of all documents,

15  without limitation, that "RELATE to any investigations into complaints of racial discrimination at

16  the TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too"

17  evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

18  request to the extent it seeks the production of electronically stored information (including, but not

19  limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

20  in proportion to the claims in this action. Defendant also objects to this request to the extent that it

21  seeks documents protected by the attorney-client privilege, the attorney work product doctrine

22  and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

23  to the extent it calls for documents that are protected from disclosure by third party privacy rights

24  under the Federal and California constitutions and applicable statutes.

25  **REQUEST FOR PRODUCTION NO. 40:**

26       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

27  notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial harassment

28  at the TESLA FACTORY made by Michael Wheeler.

63

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without

64

1  limitation, that "RELATE to any investigations into complaints of racial harassment at the TESLA

2  FACTORY made by Michael Wheeler." The request impermissibly seeks "me too" evidence that

3  is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

4  it seeks the production of electronically stored information (including, but not limited to emails,

5  texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

6  the claims in this action. Defendant also objects to this request to the extent that it seeks documents

7  protected by the attorney-client privilege, the attorney work product doctrine and/or other

8  privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

9  it calls for documents that are protected from disclosure by third party privacy rights under the

10  Federal and California constitutions and applicable statutes.

11  **REQUEST FOR PRODUCTION NO. 42:**

12      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

13  notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial harassment

14  at the TESLA FACTORY made by Plaintiff Owen Diaz.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

16      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

17  vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial

18  harassment at the TESLA FACTORY.'" Defendant further objects to this request as burdensome,

19  oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

20  or defenses or that are not proportional to the needs of this case, especially given that this request

21  seeks the production of all documents, without limitation, that "RELATE to any complaints of

22  racial harassment at the TESLA FACTORY made by Plaintiff Owen Diaz." Defendant objects to

23  this request to the extent it seeks the production of electronically stored information (including,

24  but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

25  of and in proportion to the claims in this action. Defendant also objects to this request to the extent

26  that it seeks documents protected by the attorney-client privilege, the attorney work product

27  doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

28  this request to the extent it seeks the production of documents that are equally available to Plaintiff.

65

1   Defendant objects to this request on the grounds that Plaintiff was not an employee of Defendant

2   and this request is therefore inapplicable to Defendant.

3   **REQUEST FOR PRODUCTION NO. 43:**

4          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

5   notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

6   of racial harassment at the TESLA FACTORY made by Plaintiff Owen Diaz.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

8          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

9   vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into

10  complaints of racial harassment at the TESLA FACTORY.'" Defendant further objects to this

11  request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

12  to any party's claims or defenses or that are not proportional to the needs of this case, especially

13  given that this request seeks the production of all documents, without limitation, that "RELATE

14  to any investigations into complaints of racial harassment at the TESLA FACTORY made by

15  Plaintiff Owen Diaz." Defendant objects to this request to the extent it seeks the production of

16  electronically stored information (including, but not limited to emails, texts and meta-data) as

17  burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

18  Defendant also objects to this request to the extent that it seeks documents protected by the

19  attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

20  or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production

21  of documents that are equally available to Plaintiff. Defendant objects to this request on the

22  grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable

23  to Defendant.

24  **REQUEST FOR PRODUCTION NO. 44:**

25         Please produce all DOCUMENTS, including (though not limited to) text messages, emails

26  notes, and memoranda which reflect, evidence, or RELATE to any complaints of racist graffiti in

27  the restrooms at the TESLA FACTORY from 2010 to the present. (For the purposes of responding

28  to this interrogatory, the phrase "racist graffiti" includes, though is not limited to, stylized,

1   "golliwog"-, "pickaninny"-, or "sambo"-type depictions of African-American individuals; nooses;

2   swastikas; the phrase "white power"; reference to slavery or slave labor; and racial slurs, including,

3   though not limited to, "nigger," "nigga," and "ninja.")

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

5   Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

6   vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racist

7   graffiti in the restrooms at the TESLA FACTORY.'" Defendant further objects to this request as

8   burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any

9   party's claims or defenses or that are not proportional to the needs of this case, especially given

10  that this request seeks the production of all documents, without limitation, that "RELATE to any

11  complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present."

12  The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses

13  in this case. Defendant objects to this request to the extent it seeks the production of electronically

14  stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly

15  and oppressive in the context of and in proportion to the claims in this action. Defendant also

16  objects to this request to the extent that it seeks documents protected by the attorney-client

17  privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of

18  similar effect. Defendant objects to this request to the extent it calls for documents that are

19  protected from disclosure by third party privacy rights under the Federal and California

20  constitutions and applicable statutes.

21  **REQUEST FOR PRODUCTION NO. 45:**

22  Please produce all DOCUMENTS, including (though not limited to) text messages, emails

23  notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

24  of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present. (For the

25  purposes of responding to this interrogatory, the phrase "racist graffiti" includes, though is not

26  limited to, stylized, "golliwog"-, "pickaninny"-, or "sambo"-type depictions of African-American

27  individuals; nooses; swastikas; the phrase "white power"; references to slavery or slave labor; and

28  racial slurs, including, though not limited to, "nigger," "nigga," and "ninja.")

67

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of racist graffiti in the restrooms at the TESLA FACTORY.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any investigations into complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any complaints about the use of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA FACTORY from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints about the use of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA FACTORY.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or

68

1 | that are not proportional to the needs of this case, especially given that this request seeks the

2 | production of all documents, without limitation, that "RELATE to any complaints about the use

3 | of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA

4 | FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is

5 | not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

6 | it seeks the production of electronically stored information (including, but not limited to emails,

7 | texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

8 | the claims in this action. Defendant also objects to this request to the extent that it seeks documents

9 | protected by the attorney-client privilege, the attorney work product doctrine and/or other

10 | privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

11 | it calls for documents that are protected from disclosure by third party privacy rights under the

12 | Federal and California constitutions and applicable statutes.

13 | **REQUEST FOR PRODUCTION NO. 47:**

14 | Please produce all DOCUMENTS, including (though not limited to) text messages, emails

15 | notes, and memoranda which reflect, evidence, or RELATE to any complaints about the use of

16 | racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA

17 | FACTORY from 2010 to the present.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

19 | Objection. Defendant objects to this requests as burdensome, oppressive and harassing as

20 | it is duplicative of Request No. 46.  Defendant objects to this request on the grounds that it is

21 | overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase

22 | "any complaints about the use of racial slurs, including, though not limited to, "nigger," "nigga,"

23 | and "ninga," at the TESLA FACTORY.'" Defendant further objects to this request as burdensome,

24 | oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

25 | or defenses or that are not proportional to the needs of this case, especially given that this request

26 | seeks the production of all documents, without limitation, that "RELATE to any complaints about

27 | the use of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the

28 | TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too"

69

1   evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

2   request to the extent it seeks the production of electronically stored information (including, but not

3   limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

4   in proportion to the claims in this action. Defendant also objects to this request to the extent that it

5   seeks documents protected by the attorney-client privilege, the attorney work product doctrine

6   and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

7   to the extent it calls for documents that are protected from disclosure by third party privacy rights

8   under the Federal and California constitutions and applicable statutes.

9   **REQUEST FOR PRODUCTION NO. 48:**

10          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

11   notes, and memoranda which reflect, evidence, or RELATE to any complaints about retaliation

12   for complaining of racial harassment at the TESLA FACTORY from 2010 to the present day.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

14          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

15   vague and ambiguous, including, but not limited to, its use of the phrase "any complaints about

16   retaliation for complaining of racial harassment at the TESLA FACTORY.'" Defendant further

17   objects to this request as burdensome, oppressive and harassing to the extent that it seeks

18   documents not relevant to any party's claims or defenses or that are not proportional to the needs

19   of this case, especially given that this request seeks the production of all documents, without

20   limitation, that "RELATE to any complaints about retaliation for complaining of racial harassment

21   at the TESLA FACTORY from 2010 to the present day." The request impermissibly seeks "me

22   too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

23   request to the extent it seeks the production of electronically stored information (including, but not

24   limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

25   in proportion to the claims in this action. Defendant also objects to this request to the extent that it

26   seeks documents protected by the attorney-client privilege, the attorney work product doctrine

27   and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

28   to the extent it calls for documents that are protected from disclosure by third party privacy rights

70

1  under the Federal and California constitutions and applicable statutes.

2  **REQUEST FOR PRODUCTION NO. 49:**

3      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

4  notes, and memoranda which reflect, evidence, or RELATE to any complaints about retaliation

5  for complaining of racial harassment at the TESLA FACTORY from 2010 to the present day.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

7      Objection. Defendant objects to this requests as burdensome, oppressive and harassing as

8  it is duplicative of Request No. 48.  Defendant objects to this request on the grounds that it is

9  overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase

10  "any complaints about retaliation for complaining of racial harassment at the TESLA

11  FACTORY.'" Defendant further objects to this request as burdensome, oppressive and harassing

12  to the extent that it seeks documents not relevant to any party's claims or defenses or that are not

13  proportional to the needs of this case, especially given that this request seeks the production of all

14  documents, without limitation, that "RELATE to any complaints about retaliation for complaining

15  of racial harassment at the TESLA FACTORY from 2010 to the present day." The request

16  impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

17  Defendant objects to this request to the extent it seeks the production of electronically stored

18  information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

19  oppressive in the context of and in proportion to the claims in this action. Defendant also objects

20  to this request to the extent that it seeks documents protected by the attorney-client privilege, the

21  attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

22  Defendant objects to this request to the extent it calls for documents that are protected from

23  disclosure by third party privacy rights under the Federal and California constitutions and

24  applicable statutes.

25  DATE:  June 13, 2019                    FISHER & PHILLIPS LLP

26                                          By:

27                                          Jason A. Geller
                                            Juan C. Araneda
28                                          Vincent J. Adams
                                            Attorneys for Defendant nextSource, Inc.
                                            71

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, am employed in the County of San Francisco, State of California.  I
am over the age of 18 and not a party to the within action; am employed with the law offices of
3  Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San
Francisco, California 94111.

4

       On June 13, 2019, I served **DEFENDANT NEXTSOURCE, INC.'S OBJECTIONS
5  **TO PLAINTIFFS' FIRST AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF
NEXTSOURCE, INC.'S PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R.
6  CIV. P. 30(b)(6); AND REQUEST FOR PRODUCTION OF DOCUMENTS** on all appearing
and/or interested parties as follows:

7

| | |
|---|---|
| Lawrence A. Organ<br>Navruz Avloni<br>California Civil Rights Law Group<br>332 San Anselmo Avenue<br>San Anselmo, CA 94960 | *Attorneys for Plaintiffs*<br>*DEMETRIC DI-AZ, OWEN DIAZ and*<br>*LAMAR PATTERSON*<br><br>Tel.:   (415) 453-4740<br>Fax:   (415) 785-7352<br>Email: larry@civilrightsca.com<br>          navruz@civilrightsca.com |

8

9

10

11

12

13

14  ☒   **[By messenger service.]**  I served the document(s) by placing it/them in envelopes or
packages addressed to the persons at the addresses listed above and providing them to a
15  professional messenger for service.

16

17  ☒   **FEDERAL -** I declare that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

18      Executed on June 13, 2019, at San Francisco, California.

19

20                                    /s/ Catherine Schmitz
                                      _____
21                                    Catherine Schmitz

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On June 13, 2019, I served **DEFENDANT NEXTSOURCE, INC.'S OBJECTIONS TO PLAINTIFFS' FIRST AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF NEXTSOURCE, INC.'S PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R. CIV. P. 30(b)(6); AND REQUEST FOR PRODUCTION OF DOCUMENTS** on all appearing and/or interested parties as follows:

| | |
|---|---|
| Tracey A. Kennedy<br>Sheppard, Mullin, Richter & Hampton LLP<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071 | *Attorneys for Defendant*<br>*TESLA, INC. dba TESLA MOTORS, INC.*<br><br>Tel.:   (213) 620-1780<br>Fax:   (213) 620-1398<br>Email: tkennedy@sheppardmullin.com |
| Patricia M. Jeng<br>Reanne Swafford-Harris<br>Sheppard, Mullin, Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111 | *Attorneys for Defendant*<br>*TESLA, INC. dba TESLA MOTORS, INC.*<br><br>Tel.:   (415) 434-9100<br>Fax:   (415) 434-3947<br>Email: pjeng@sheppardmullin.com<br>rswafford-harris@sheppardmullin.com |
| Gary T. Lafayette<br>Cheryl A. Stevens<br>Lafayette & Kumagai<br>1300 Clay Street, Suite 810<br>Oakland, CA 94612 | *Attorneys for Defendant*<br>*CITISTAFF SOLUTIONS*<br><br>Tel.:   (415) 357-4600<br>glafayette@lkclaw.com<br>cstevens@lkclaaw.com |
| Fenn C. Horton, III<br>Helene Anastasia Simvoulakis<br>Pahl & McKay<br>225 West Santa Clara Street, Suite 1500<br>San Jose, CA 95113 | *Attorneys for Defendant*<br>*WEST VALLEY STAFFING GROUP*<br><br>fhorton@pahl-mccay.com<br>hsimvoulakis@pahl-mccay.com |

| | |
|---|---|
| Roger M. Mansukhani<br>Craig D. Nickerson<br>Megan L. Hayati<br>Nathan R. Brogden<br>Gordon Rees Scully Mansukhani, LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA  92101 | *Attorneys for Defendant*<br>*CHARTWELL STAFFING SERVICES, INC.*<br><br>Tel.:    (213) 270-7868<br>Fax:    (619) 696-7124<br>Email: rmansukhani@grsm.com<br>            cnickerson@grsm.com<br>            mhayati@grsm.com<br>            mbrogden@grsm.com |

☒ **[by MAIL]**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[By Electronic Submission.]**  I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s).  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **FEDERAL -** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 13, 2019, at San Francisco, California.


_____
            */s/ Catherine Schmitz*
            Catherine Schmitz