LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:     (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:     (310) 394-0811

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 3:17-cv-06748-WHO <br><br> **DECLARATION OF LAWRENCE A. ORGAN IN SUPPORT OF PLAINTIFF OWEN DIAZ'S ISSUE BRIEF REGARDING ADMISSIBILITY OF KEVIN MCGINN'S TESTIMONY** <br><br> Trial date: September 27, 2021 <br> Complaint filed: October 16, 2017 |

DECLARATION OF LAWRENCE A. ORGAN IN SUPPORT OF PLAINTIFF'S ISSUE BRIEF REGARDING
ADMISSIBILITY OF KEVIN MCGINN'S TESTIMONY

I, Lawrence A. Organ, declare:

1.      I am an attorney of record for Plaintiff Owen Diaz. I make this declaration based on my personal knowledge. If called to do so, I could and would testify to the following.

2.      My office noticed the deposition of former Defendant NextSource, Inc.'s ("NextSource") person most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6). An amended notice was served on the parties on April 25, 2019.

3.      On June 13, 2019, I received NextSource's objections to the amended notice. A true and correct copy of NextSource's objections is attached hereto and marked as **Exhibit 1**.

4.      NextSource identified Kevin McGinn as the person most knowledgeable as to certain topics identified in the notice.

5.      On June 17, 2019, I took Mr. McGinn's deposition.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 26th of September, 2021.


By:      /s/ Lawrence A. Organ
         Lawrence A. Organ, Esq.

DECLARATION OF LAWRENCE A. ORGAN IN SUPPORT OF PLAINTIFF'S ISSUE BRIEF REGARDING
ADMISSIBILITY OF KEVIN MCGINN'S TESTIMONY

# EXHIBIT 1

1  JASON A. GELLER (SBN 168149)
   Email: jgeller@fisherphillips.com
2  JUAN C. ARANEDA (SBN 213041)
   Email: jaraneda@fisherphillips.com
3  VINCENT J. ADAMS (SBN 249696)
   Email: vadams@fisherphillips.com
4  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
5  San Francisco, California 94111
   Telephone: (415) 490-9000
6  Facsimile: (415) 490-9001

7  Attorneys for Defendant
   nextSource, Inc.

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11  DEMETRIC DI-AZ, OWEN DIAZ, and        Case No: 3:17-CV-06748-WHO
    LAMAR PATTERSON,                      *[Removed from Alameda Superior Court, Case No.
12                                        RG17878854]*
                     Plaintiffs,
13                                        **DEFENDANT NEXTSOURCE, INC.'S
       v.                                 OBJECTIONS TO PLAINTIFFS' FIRST
14                                        AMENDED NOTICE OF VIDEOTAPED
    TESLA, INC. dba TESLA MOTORS, INC.;   DEPOSITION OF NEXTSOURCE, INC.'S
15  CITISTAFF SOLUTIONS, INC.; WEST       PERSON MOST KNOWLEDGEABLE
    VALLEY STAFFING GROUP;                PURSUANT TO FED. R. CIV. P. 30(B)(6);
16  CHARTWELL STAFFING SERVICES,          AND REQUEST FOR PRODUCTION OF
    INC.; NEXTSOURCE, INC.; DOES 1-50     DOCUMENTS**
17  inclusive,
                                          Dates:    June 17, 2019
18                   Defendants.          Time:     10:00 a.m.
                                          Place:    California Civil Rights Law Group
19                                                  332 San Anselmo Ave.
                                                    San Anselmo, CA 94960
20
                                          Trial Date: November 28, 2019
21

22

23       Pursuant to Rules 26(b)(1) and 30 of the Federal Rules of Civil Procedure, Defendant

24  NEXTSOURCE, INC. ("Defendant") provides the following objections to Plaintiffs' First Notice

25  of Videotaped Depositions of nextSource, Inc.'s Person Most Knowledgeable ("Notice") and

26  Request for Production of Documents.

27  ///

28  ///

                                          1

OBJECTIONS TO NOTICE OF DEPOSITION OF              CASE NO: 3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

## GENERAL OBJECTIONS AND QUALIFICATIONS

1.    Defendant generally objects to the Request to the extent it purports to impose obligations on it in excess of those required by Rule 30 of the Federal Rules of Civil Procedure. Defendant's response is governed by Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable law, and not by the instructions, definitions, or other prefatory remarks stated in the Notice.

2.    Defendant objects to each and every individual matter of examination to the extent that it seeks testimony as to matters that that are irrelevant to any party's claim or defense as permitted by Federal Rule of Civil Procedure 26(b)(1).

3.    Defendant further objects to each and every individual matter of examination to the extent that it seeks discovery that is overbroad such that the burden and expense of producing such information outweighs its likely benefit as provided by Federal Rule of Civil Procedure 26(b)(2).

4.    Defendant further objects to each and every individual matter of examination to the extent that it states matters for examination without reasonably particularity as required by Federal Rule of Civil Procedure 30(b)(6).

The foregoing objections and qualifications are incorporated by this reference into each and all of the following responses to which they are applicable, as though fully set forth therein.

Subject to the foregoing general objections, Defendant hereby responds to each subject matter ("matter") identified in the Notice as follows:

## I.    OBJECTIONS TO TOPICS TO BE THE SUBJECT OF EXAMINATION

**SUBJECT MATTER NO. 1:**

The contractual relationship between DEFENDANT and Tesla, Inc.

**RESPONSE TO SUBJECT MATTER NO. 1:**

Defendant objects to this matter for examination as the terms "contractual relationship" are vague, ambiguous and uncertain. Defendant objects to this matter to the extent that this category of examination seeks confidential, proprietary and/or trade secret information. Further, the matter is not limited in time and scope. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable as to the general nature of the relationship

2

1    between Defendant and Tesla, Inc.

2    **SUBJECT MATTER NO. 2:**

3       The contractual relationship between DEFENDANT and Citistaff Solutions, Inc.

4    **RESPONSE TO SUBJECT MATTER NO. 2:**

5       Defendant objects to this matter for examination as the terms "contractual relationship" are

6    vague, ambiguous and uncertain. Defendant objects to this matter to the extent that this category

7    of examination seeks confidential, proprietary and/or trade secret information.  Further, the matter

8    is not limited in time and scope. Subject to and without waiving the foregoing objections,

9    Defendant will produce its person most knowledgeable as to the general nature of the relationship

10   between Defendant and CitiStaff Solutions, Inc.

11   **SUBJECT MATTER NO. 3:**

12      The contractual relationship between DEFENDANT and West Valley Staffing Group, Inc.

13   **RESPONSE TO SUBJECT MATTER NO. 3:**

14      Defendant objects to this matter for examination as the terms "contractual relationship" are

15   vague, ambiguous and uncertain. Defendant objects to this matter to the extent that this category

16   of examination seeks confidential, proprietary and/or trade secret information.  Further, the matter

17   is not limited in time and scope. Subject to and without waiving the foregoing objections,

18   Defendant is unable to produce a person most knowledgeable on this matter, as Defendant did not

19   have a relationship with West Valley Staffing Group, Inc.

20   **SUBJECT MATTER NO. 4:**

21      DEFENDANT'S POLICIES and PROCEDURES related to race harassment in effect from

22   2014 to present.

23   **RESPONSE TO SUBJECT MATTER NO. 4:**

24      Defendant objects to this matter for examination as the term "race harassment" is vague,

25   ambiguous, uncertain, and unintelligible. Defendant objects to this matter on the grounds that it is

26   overbroad and seeks information not relevant to claims or defenses and/or proportional to the needs

27   of the case; particularly because this matter seeks examination on policies and procedures in effect

28   during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

3

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

and as neither Plaintiffs nor other staffing agency workers ("contractors") placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is not limited in time, scope, or geographic location. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning the policies and procedures applicable to its employees in effect during the relevant time period.

**SUBJECT MATTER NO. 5:**

DEFENDANT'S POLICIES and PROCEDURES RELATED to race discrimination in effect from 2014 to present.

**RESPONSE TO SUBJECT MATTER NO. 5:**

Defendant objects to this matter for examination as the term "race discrimination" is vague, ambiguous, uncertain, and unintelligible. Defendant objects to this matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because this matter seeks examination on policies and procedures in effect during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is not limited in time, scope, or geographic location. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning the policies and procedures applicable to its employees in effect during the relevant time period.

**SUBJECT MATTER NO. 6:**

DEFENDANT'S POLICIES and PROCEDURES RELATED to investigating complaints of claims of race harassment in effect from 2014 to present.

**RESPONSE TO SUBJECT MATTER NO. 6:**

Defendant objects to this matter for examination as the terms "investigating complaints" and "race harassment" are vague, ambiguous, uncertain, and unintelligible. Defendant objects to this matter on the grounds that it is overbroad and seeks information not relevant to claims or

4

1  defenses and/or proportional to the needs of the case; particularly because this matter seeks

2  examination on policies and procedures in effect during periods of times that Plaintiffs did not

3  work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

4  placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

5  policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is

6  not limited in time, scope, or geographic location. Subject to and without waiving the foregoing

7  objections, Defendant will produce its person most knowledgeable concerning the policies and

8  procedures applicable to its employees in effect during the relevant time period.

9  **SUBJECT MATTER NO. 7:**

10  DEFENDANT'S POLICIES and PROCEDURES RELATED to investigating complaints

11  of race discrimination in effect from 2014 to present.

12  **RESPONSE TO SUBJECT MATTER NO. 7:**

13  Defendant objects to this matter for examination as the terms "investigating complaints"

14  and "race discrimination" are vague, ambiguous, uncertain, and unintelligible. Defendant objects

15  to this matter on the grounds that it is overbroad and seeks information not relevant to claims or

16  defenses and/or proportional to the needs of the case; particularly because this matter seeks

17  examination on policies and procedures in effect during periods of times that Plaintiffs did not

18  work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

19  placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

20  policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is

21  not limited in time, scope, or geographic location. Subject to and without waiving the foregoing

22  objections, Defendant will produce its person most knowledgeable concerning the policies and

23  procedures applicable to its employees in effect during the relevant time period.

24  **SUBJECT MATTER NO. 8:**

25  DEFENDANT'S communication(s)   to   its   EMPLOYEES   of   POLICIES   and

26  PROCEDURES RELATED TO race harassment from 2014 to present.

27  **RESPONSE TO SUBJECT MATTER NO. 8:**

28  Defendant objects to this matter for examination as the terms "communication(s)" and

5

1   "race harassment" are vague, ambiguous, uncertain, and unintelligible. Defendant objects to this

2   matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses

3   and/or proportional to the needs of the case; particularly because this matter seeks examination on

4   policies and procedures in effect during periods of times that Plaintiffs did not work at the Tesla

5   factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

6   factory in Fremont, California, were Defendant's employees and, as such, its policies and

7   procedures would be inapplicable to them.  Further, the matter lacks foundation and is not limited

8   in time, scope, or geographic location. Subject to and without waiving the foregoing objections,

9   Defendant will produce its person most knowledgeable concerning the policies and procedures

10  applicable to its employees in effect during the relevant time period.

11  **SUBJECT MATTER NO. 9:**

12        DEFENDANT'S communications(s) to its EMPLOYEES of POLICIES and

13  PROCEDURES RELATED TO race discrimination from 2014 to present.

14  **RESPONSE TO SUBJECT MATTER NO. 9:**

15        Defendant objects to this matter for examination as the terms "communication(s)" and

16  "race discrimination" are vague, ambiguous, uncertain, and unintelligible. Defendant objects to

17  this matter on the grounds that it is overbroad and seeks information not relevant to claims or

18  defenses and/or proportional to the needs of the case; particularly because this matter seeks

19  examination on policies and procedures in effect during periods of times that Plaintiffs did not

20  work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

21  placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

22  policies and procedures would be inapplicable to them. Further, the matter lacks foundation and is

23  not limited in time, scope, or geographic location. Subject to and without waiving the foregoing

24  objections, Defendant will produce its person most knowledgeable concerning the policies and

25  procedures applicable to its employees in effect during the relevant time period.

26  **SUBJECT MATTER NO. 10:**

27        Any anti-harassment, anti-discrimination, and/or anti-retaliation training that was provided

28  by YOU to YOUR employees at the TESLA FACTORY since 2014.

6

| OBJECTIONS TO NOTICE OF DEPOSITION OF | CASE NO:  3:17-CV-06748-WHO |
| NEXTSOURCE, INC.'S PMK | |

FPDOCS 35523839.4

**RESPONSE TO SUBJECT MATTER NO. 10:**

Defendant objects to this matter for examination as the terms "training", "anti-discrimination" and "anti-retaliation" are vague, ambiguous and uncertain. Further, the matter is not limited in time and scope. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning any formal training on employment harassment, discrimination and retaliation in employment provided to its employees at the Tesla factory in Fremont, California during the relevant time period.

**SUBJECT MATTER NO. 11:**

Any anti-harassment, anti-discrimination and/or anti-retaliation training materials, practices and/or guidelines YOU provided to YOUR employees and/or supervisors and/or managers since 2014.

**RESPONSE TO SUBJECT MATTER NO. 11:**

Defendant objects to this matter for examination as the terms ""anti-harassment," anti-discrimination," "anti-retaliation" "training materials," "practices" and "guidelines" are vague, ambiguous and uncertain. Further, the matter is not limited in time, scope, or geographic location. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning formal training documents provided to its employees at the Tesla factory in Fremont, California during the relevant time period.

**SUBJECT MATTER NO. 12:**

Any investigation(s) YOU conducted in response to PLAINTIFFS' complaint(s) of race harassment.

**RESPONSE TO SUBJECT MATTER NO. 12:**

Defendant objects to this matter for examination as the terms ""investigation(s)," "conducted," and "race harassment" are vague, ambiguous and uncertain. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter lacks foundation and is not limited in scope. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning the review of the allegations by Defendant in

7

1 | response to the complaint of alleged race harassment made by Plaintiff Owen Diaz while at the

2 | Tesla factory in Fremont, California during the relevant time period.

3 | **SUBJECT MATTER NO. 13:**

4 | The circumstances (who, what, where, when, how, and why) of any investigation

5 | conducted by DEFENDANT into Plaintiffs' claims of race harassment.

6 | **RESPONSE TO SUBJECT MATTER NO. 13:**

7 | Defendant objects to this matter for examination as the terms "circumstances" and

8 | "investigation," and "race harassment" are vague, ambiguous and uncertain. Defendant further

9 | objects to the extent this category of examination seeks information protected by the attorney-

10 | client privilege and/or attorney work product doctrine. Further, the matter lacks foundation and is

11 | not limited in scope. Subject to and without waiving the foregoing objections, Defendant will

12 | produce its person most knowledgeable concerning the review of the allegations by Defendant in

13 | response to the complaint of alleged race harassment made by Plaintiff Owen Diaz while at the

14 | Tesla factory in Fremont, California during the relevant time period

15 | **SUBJECT MATTER NO. 14:**

16 | The results of any investigation(s) conducted by DEFENDANT into PLAINTIFFS' claims

17 | of race harassment.

18 | **RESPONSE TO SUBJECT MATTER NO. 14:**

19 | Defendant objects to this matter for examination as the terms "investigation(s)" and "race

20 | harassment" are vague, ambiguous and uncertain. Defendant further objects to the extent this

21 | category of examination seeks information protected by the attorney-client privilege and/or

22 | attorney work product doctrine. Further, the matter lacks foundation and is not limited in scope.

23 | Subject to and without waiving the foregoing objections, Defendant will produce its person most

24 | knowledgeable concerning the review of the allegations by Defendant in response to any complaint

25 | of alleged race harassment made by Plaintiff Owen Diaz while at the Tesla factory in Fremont,

26 | California during the relevant time period.

27 | **SUBJECT MATTER NO. 15:**

28 | What action, if any, was taken by DEFENDANT as a result of its investigation(s) into

8

1  PLAINTIFFS' claims of race harassment.

2  **RESPONSE TO SUBJECT MATTER NO. 15:**

3      Defendant objects to this matter for examination as the terms "action," "investigation(s),"

4  and "race harassment" are vague, ambiguous and uncertain. Defendant further objects to the extent

5  this category of examination seeks information protected by the attorney-client privilege and/or

6  attorney work product doctrine. Further, the matter lacks foundation and is not limited in scope.

7  Subject to and without waiving the foregoing objections, Defendant will produce its person most

8  knowledgeable concerning the review of the allegations by Defendant in response to the complaint

9  of alleged race harassment made by Plaintiff Owen Diaz while at the Tesla factory in Fremont,

10  California during the relevant time period.

11  **SUBJECT MATTER NO. 16:**

12      YOUR policies and procedures RELATED to disciplining employees.

13  **RESPONSE TO SUBJECT MATTER NO. 16:**

14      Defendant objects to this matter for examination as the terms "polices," "procedures" and

15  "disciplining" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds

16  that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

17  the needs of the case; particularly because this matter seeks examination on policies and procedures

18  in effect during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont,

19  California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont,

20  California, were Defendant's employees and, as such, its policies and procedures would be

21  inapplicable to them.   Further, the matter is not limited in time, scope, or geographic location.

22  Defendant will not produce a witness to testify on this matter based on the foregoing objections.

23  **SUBJECT MATTER NO. 17:**

24      YOUR policies and procedures RELATED TO investigating allegations or complaints of

25  race harassment or discrimination by contractors working at your factory in Fremont, California.

26  **RESPONSE TO SUBJECT MATTER NO. 17:**

27      Defendant objects to this matter for examination as the terms "policies," "procedures,"

28  "investigating," "allegations," "race harassment" "discrimination" and "your factory in Fremont,

9

1  California" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds

2  that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

3  the needs of the case; particularly because this matter seeks examination on policies and procedures

4  in effect during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont,

5  California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont,

6  California, were Defendant's employees and, as such, its policies and procedures would be

7  inapplicable to them. Further, Defendant did not own, operate, or control the Tesla factory in

8  Fremont, California. Defendant also objects to this matter as not limited in time or scope. Subject

9  to and without waiving the foregoing objections, Defendant will produce its person most

10 knowledgeable concerning the policies and procedures applicable to its employees in effect during

11 the relevant time period.

12 **SUBJECT MATTER NO. 18:**

13      YOUR policies and procedures for your contractors to ensure that they enforce your anti-

14 harassment, anti-discrimination, or anti-retaliation policies and procedures for their employees

15 working at your factory in Fremont, California.

16 **RESPONSE TO SUBJECT MATTER NO. 18:**

17      Defendant objects to this matter for examination as the terms "your contractors,"

18 "policies," "procedures," "ensure,"  "anti-harassment," "anti-discrimination," "their employees"

19 and "your factory in Fremont, California" are vague, ambiguous and uncertain. Defendant objects

20 to this matter on the grounds that it is overbroad and seeks information not relevant to claims or

21 defenses and/or proportional to the needs of the case; particularly because this matter seeks

22 examination on policies and procedures in effect during periods of times that Plaintiffs did not

23 work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other contractors

24 placed at the Tesla factory in Fremont, California, were Defendant's employees and, as such, its

25 policies and procedures would be inapplicable to them. Further, Defendant did not own, operate,

26 or control the Tesla factory in Fremont, California.  Defendant also objects to this matter as not

27 limited in time or scope. Subject to and without waiving the foregoing objections, Defendant will

28 produce its person most knowledgeable to concerning the policies and procedures applicable to its

10

1    employees in effect during the relevant time period.

2    **SUBJECT MATTER NO. 19:**

3          YOUR policies and procedures for ensuring that workers who are working at your

4    Fremont, California factory are not subjected to harassment, discrimination, or retaliation.

5    **RESPONSE TO SUBJECT MATTER NO. 19:**

6          Defendant objects to this matter for examination as the terms "policies," "procedures,"

7    "workers," "ensuring," "your factory in Fremont, California," "harassment," "discrimination, and

8    "retaliation" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds

9    that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

10   the needs of the case; particularly because Defendant did not own, operate, or control the Tesla

11   factory in Fremont, California.   Subject to and without waiving the foregoing objections,

12   Defendant will produce its person most knowledgeable concerning the policies and procedures

13   applicable to its employees in effect during the relevant time period.

14   **SUBJECT MATTER NO. 20:**

15         Plaintiff Owen Diaz's work performance during his employment at the TESLA FACTORY

16   (including but not limited to his work performance reviews and attendance).

17   **RESPONSE TO SUBJECT MATTER NO. 20:**

18         Defendant objects to this matter for examination as the terms "work performance" and

19   "employment" are vague, ambiguous and uncertain. The subject matter is not relevant to claims or

20   defenses and/or proportional to the needs of the case as Defendant was not Plaintiff Owen Diaz's

21   employer and was not responsible for managing his performance. Further, the matter is not limited

22   in scope. Defendant will not produce a witness to testify on this matter based on the foregoing

23   objections.

24   **SUBJECT MATTER NO. 21:**

25         Plaintiff Demetric Di-az's work performance during his employment at the TESLA

26   FACTORY (including but not limited to his work performance reviews and attendance).

27   **RESPONSE TO SUBJECT MATTER NO. 21:**

28         Defendant objects to this matter for examination as the terms "work performance" and

<div align="center">11</div>

"employment" are vague, ambiguous, uncertain, and unintelligible. The subject matter is not relevant to claims or defenses and/or proportional to the needs of the case as Defendant was not Plaintiff Demetric Di-az's employer and was not responsible for managing his performance. Further, the matter is not limited in scope. Defendant will not produce a witness to testify on this matter based on the foregoing objections.

**SUBJECT MATTER NO. 22:**

The circumstances (who, what, where, when, how and why) of DEFENDANT's past record of acting on race harassment complaints from 2010 to the present.

**RESPONSE TO SUBJECT MATTER NO. 22:**

Defendant objects to this matter for examination as the terms "past record," "circumstances," "acting," and "race harassment" are vague, ambiguous and uncertain. It is overly broad, burdensome, and oppressive. Further, the matter is not limited in time, scope, or geographic location. The subject matter is not relevant to claims or defenses and/or proportional to the needs of the case and it seeks inadmissible "me too" evidence. Finally, the subject matter seeks testimony regarding Defendant's current and former employees in violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions. Defendant will not produce a witness to testify on this matter based on the foregoing objections.

**SUBJECT MATTER NO. 23:**

For the period from 2010 to the present, the circumstances (who, what, where, when, how and why) of any civil actions filed against DEFENDANT or DEFENDANT's employee by another employee claiming that they were the victim of race harassment, including but not limited to the use of "nigger" or "nigga" in the workplace, or that DEFENDANT failed to take reasonable steps to prevent harassment from occurring, including (a) the name, address, and telephone number of each employee who filed the action; (b) the court, names of the parties, and case number of the civil action; (c) state the name, address, and telephone number of any attorney representing each employee; (d) whether the action has been resolved or is pending.

**RESPONSE TO SUBJECT MATTER NO. 23:**

Defendant objects to this matter for examination as the terms "circumstances," "civil

12

1 | actions," "acting," and "race harassment" are vague, ambiguous, uncertain, and unintelligible. It

2 | is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category

3 | of examination seeks information protected by the attorney-client privilege and/or attorney work

4 | product doctrine. Further, the matter is not limited in time, scope, or geographic location. The

5 | subject matter is not relevant to claims or defenses and/or proportional to the needs of the case and

6 | as it seeks inadmissible "me too" evidence. Finally, the subject matter seeks testimony regarding

7 | Defendant's current and former employees in violation of the privacy rights of third parties as

8 | guaranteed by the California and United States Constitutions. Defendant will not produce a witness

9 | to testify on this matter based on the foregoing objections.

10 | **SUBJECT MATTER NO. 24:**

11 | The facts supporting DEFENDANT's claim, if so, that it took reasonable steps to prevent

12 | and correct workplace race harassment from 2014 to present.

13 | **RESPONSE TO SUBJECT MATTER NO. 24:**

14 | Defendant objects to this matter for examination as the terms "supporting," "claim"

15 | "reasonable steps," "correct," and "race harassment" are vague, ambiguous, uncertain, and

16 | unintelligible. It is overly broad, burdensome, and oppressive. Further, the matter is not limited in

17 | time, scope, or geographic location. The subject matter not relevant to claims or defenses and/or

18 | proportional to the needs of the case and as it seeks inadmissible "me too" evidence. This matter

19 | is not proper for deposition as it seeks a party contention. Defendant will not produce a witness to

20 | testify on this matter based on the foregoing objections.

21 | **SUBJECT MATTER NO. 25:**

22 | The facts supporting DEFENDANT'S claim, if so, that PLAINTIFFS unreasonably failed

23 | to use DEFENDANT's anti-harassment complaint procedures.

24 | **RESPONSE TO SUBJECT MATTER NO. 25:**

25 | Defendant objects to this matter for examination as the terms "supporting," "unreasonably

26 | failed" and "anti-harassment complaint procedures" are vague, ambiguous and uncertain. It is

27 | overly broad, burdensome, and oppressive. Further, the matter is not limited in time, scope, or

28 | geographic location. Defendant objects to this matter on the grounds that it seeks information not

13

1   relevant to claims or defenses and/or proportional to the needs of the case; particularly as neither

2   Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California, were

3   Defendant's employees and, as such, its policies would be inapplicable to them.  This matter is not

4   proper for deposition as it seeks a party contention. Defendant will not produce a witness to testify

5   on this matter based on the foregoing objections.

6   **SUBJECT MATTER NO. 26:**

7          The details of DEFENDANT's anti-harassment complaint procedures from 2014 to

8   present.

9   **RESPONSE TO SUBJECT MATTER NO. 26:**

10         Defendant objects to this matter for examination as the terms "details," and "anti-

11  harassment complaint procedures" are vague, ambiguous and uncertain. Defendant further objects

12  to the extent this category of examination seeks information protected by the attorney-client

13  privilege and/or attorney work product doctrine. Defendant objects to this matter on the grounds

14  that it is overbroad and seeks information not relevant to claims or defenses and/or proportional to

15  the needs of the case; particularly because this matter seeks examination on procedures in effect

16  during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

17  and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California,

18  were Defendant's employees and, as such, its procedures would be inapplicable to them. Further,

19  the matter is not limited in scope or geographic location. Subject to and without waiving the

20  foregoing objections, Defendant will produce its person most knowledgeable concerning the

21  procedure for making complaints of alleged unlawful harassment applicable to its employees in

22  effect during the relevant time period.

23  **SUBJECT MATTER NO. 27:**

24         The facts supporting DEFENDANT's claim, if so, that DEFENDANT provided

25  preventative and corrective measures for claims of race harassment from 2014 to present.

26  **RESPONSE TO SUBJECT MATTER NO. 27:**

27         Defendant objects to this matter for examination as the terms "preventative and corrective

28  measures" and "race harassment" are vague, ambiguous and uncertain. Further, the matter lacks

14

1  foundation and is not limited in time, scope, or geographic location. This matter is not proper for

2  deposition as it seeks a party contention. Defendant will not produce a witness to testify on this

3  matter based on the foregoing objections.

4  **SUBJECT MATTER NO. 28:**

5      What type of conduct DEFENDANT considered to be unlawful race harassment from 2014

6  through 2016.

7  **RESPONSE TO SUBJECT MATTER NO. 28:**

8      Defendant objects to this matter for examination as the terms "conduct" and "unlawful race

9  harassment" are vague, ambiguous and uncertain. It is overly broad, burdensome, and oppressive.

10  Defendant objects to this matter on the grounds that it seeks information not relevant to claims or

11  defenses and/or proportional to the needs of the case; particularly because neither Plaintiffs nor

12  other contractors placed at the Tesla factory in Fremont, California, were Defendant's employees

13  and, as such, its policies and procedures would be inapplicable to them. Defendant further objects

14  to the extent this category of examination seeks information protected by the attorney-client

15  privilege and/or attorney work product doctrine. Defendant objects to this matter for examination

16  as it calls for an opinion and a legal conclusion. Defendant will not produce a witness to testify on

17  this matter based on the foregoing objections.

18  **SUBJECT MATTER NO. 29:**

19      The facts supporting DEFENDANT's claim, if so, that the reasonable use of its procedures

20  would have prevented some or all of PLAINTIFFS' harm.

21  **RESPONSE TO SUBJECT MATTER NO. 29:**

22      Defendant objects to this matter for examination as the terms "reasonable use"

23  "procedures" and "harm" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

24  burdensome, and oppressive. Defendant objects to this matter on the grounds that it is overbroad

25  and seeks information not relevant to claims or defenses and/or proportional to the needs of the

26  case; particularly because neither Plaintiffs nor other contractors placed at the Tesla factory in

27  Fremont, California, were Defendant's employees and, as such, its procedures would be

28  inapplicable to them. Further, the matter lacks foundation and is not limited in time, scope, or

15

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1  geographic location. This matter is not proper for deposition as it seeks a party contention.

2  Defendant will not produce a witness to testify on this matter based on the foregoing objections.

3  **SUBJECT MATTER NO. 30:**

4       Any racial harassment complaints made against Ramon Martinez and received by YOU.

5  **RESPONSE TO SUBJECT MATTER NO. 30:**

6       Defendant objects to this matter for examination as the term "racial harassment

7  complaints" is vague, ambiguous and uncertain. It is overly broad, burdensome, and oppressive.

8  Further, the matter is not limited in time, scope, or geographic location. Defendant objects to this

9  matter on the grounds that it seeks information not relevant to claims or defenses and/or

10  proportional to the needs of the case; particularly because Ramon Martinez was not an employee

11  of Defendant. Subject to and without waiving the foregoing objections, Defendant will produce its

12  person most knowledgeable concerning Plaintiff Owen Diaz's complaint against Ramon Martinez

13  to the extent that information about such a complaint was received by Defendant during the

14  relevant time period.

15  **SUBJECT MATTER NO. 31:**

16       Any racial harassment complaints of race harassment received by YOU involving Ramon

17  Martinez.

18  **RESPONSE TO SUBJECT MATTER NO. 31:**

19       Defendant objects to this matter for examination as the terms "racial harassment complaints

20  of race harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

21  burdensome, and oppressive. Further, the matter lacks foundation and is not limited in time, scope,

22  or geographic location. Defendant objects to this matter on the grounds that it seeks information

23  not relevant to claims or defenses and/or proportional to the needs of the case; particularly because

24  Ramon Martinez was not an employee of Defendant.  Subject to and without waiving the foregoing

25  objections, Defendant will produce its person most knowledgeable concerning Plaintiff Owen

26  Diaz's complaint against Ramon Martinez to the extent that information about such a complaint

27  was received by Defendant during the relevant time period.

28
                                                  16

1   **SUBJECT MATTER NO. 32:**

2        Any discipline issued to Ramon Martinez as a result of Plaintiff Owen Diaz's complaint of

3   race harassment.

4   **RESPONSE TO SUBJECT MATTER NO. 32:**

5        Defendant objects to this matter for examination as the terms "discipline" and "complaint

6   of race harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

7   burdensome, and oppressive. Further, the matter is not limited in time, scope, or geographic

8   location. Defendant objects to this matter on the grounds that it seeks information not relevant to

9   claims or defenses and/or proportional to the needs of the case; particularly because Ramon

10  Martinez was not an employee of Defendant. Subject to and without waiving the foregoing

11  objections, Defendant will produce its person most knowledgeable to testify concerning discipline

12  issued to Ramon Martinez due to Plaintiff Owen Diaz's complaint against Ramon Martinez to the

13  extent that information was made available to Defendant

14  **SUBJECT MATTER NO. 33:**

15       Any discipline issued to Ramon Martinez as a result of complaints of racial harassment

16  that YOU received.

17  **RESPONSE TO SUBJECT MATTER NO. 33:**

18       Defendant objects to this matter for examination as the terms "discipline" and "complaints

19  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

20  burdensome, and oppressive. Further, the matter is not limited in time, scope, or geographic

21  location. Defendant objects to this matter on the grounds that it seeks information not relevant to

22  claims or defenses and/or proportional to the needs of the case; particularly because Ramon

23  Martinez was not an employee of Defendant.  Subject to and without waiving the foregoing

24  objections, Defendant will produce its person most knowledgeable to testify concerning discipline

25  issued to Ramon Martinez due to Plaintiff Owen Diaz's complaint against Ramon Martinez to the

26  extent that information was made available to Defendant

27  **SUBJECT MATTER NO. 34:**

28       Any complaints of racial harassment that YOU received involving Ed Romero.

17

**RESPONSE TO SUBJECT MATTER NO. 34:**

Defendant objects to this matter for examination as the terms "complaints of racial harassment" are vague, ambiguous and uncertain. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter is not limited in time, scope, or geographic location. The subject matter is not relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions. Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 35:**

Any discipline issued to Ed Romero as a result of complaints of racial harassment that YOU received.

**RESPONSE TO SUBJECT MATTER NO. 35:**

Defendant objects to this matter for examination as the terms "discipline" and "complaints of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Further, the matter is not limited in time, scope, or geographic location. The subject matter is not relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as guaranteed by the California and United States Constitutions. Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 36:**

Any complaints of racial harassment that YOU received involving Javier Caballero.

**RESPONSE TO SUBJECT MATTER NO. 36:**

Defendant objects to this matter for examination as the term "complaints of racial harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent this category of examination seeks

18

1 information protected by the attorney-client privilege and/or attorney work product doctrine.

2 Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

3 relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

4 violation of the privacy rights of third parties as guaranteed by the California and United States

5 Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

6 objections.

7 **SUBJECT MATTER NO. 37:**

8 Any discipline issued to Javier Caballero as a result of any complaints of racial harassment

9 that YOU received.

10 **RESPONSE TO SUBJECT MATTER NO. 37:**

11 Defendant objects to this matter for examination as the terms "discipline" and "complaints

12 racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

13 burdensome, and oppressive. Defendant further objects to the extent this category of examination

14 seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

15 Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

16 relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

17 violation of the privacy rights of third parties as guaranteed by the California and United States

18 Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

19 objections.

20 **SUBJECT MATTER NO. 38:**

21 Any complaints of racial harassment that YOU received involving Judy Timbreza.

22 **RESPONSE TO SUBJECT MATTER NO. 38:**

23 Defendant objects to this matter for examination as the term "complaints of racial

24 harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome,

25 and oppressive. Defendant further objects to the extent this category of examination seeks

26 information protected by the attorney-client privilege and/or attorney work product doctrine.

27 Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

28 relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

19

1  violation of the privacy rights of third parties as guaranteed by the California and United States

2  Constitutions.  Subject to and without waiving the foregoing objections, Defendant is unable to

3  produce a person most knowledgeable on this matter, as Defendant is not aware of complaints of

4  racial harassment involving Judy Timbreza and Mr. Timbreza was not Defendant's employee.

5  **SUBJECT MATTER NO. 39:**

6      Any discipline issued to Judy Timbreza as a result of any complaints of racial harassment

7  YOU received.

8  **RESPONSE TO SUBJECT MATTER NO. 39:**

9      Defendant objects to this matter for examination as the terms "discipline" and "complaints

10  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

11  burdensome, and oppressive. Defendant further objects to the extent this category of examination

12  seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

13  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

14  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

15  violation of the privacy rights of third parties as guaranteed by the California and United States

16  Constitutions.  Subject to and without waiving the foregoing objections, Defendant is unable to

17  produce a person most knowledgeable on this matter, as Defendant is not aware of complaints of

18  racial harassment involving Judy Timbreza and Mr. Timbreza was not Defendant's employee.

19  **SUBJECT MATTER NO. 40:**

20      Any complaints of racial harassment that YOU received involving Robert Hidalgo.

21  **RESPONSE TO SUBJECT MATTER NO. 40:**

22      Defendant objects to this matter for examination as the term "complaints of racial

23  harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome,

24  and oppressive. Defendant further objects to the extent this category of examination seeks

25  information protected by the attorney-client privilege and/or attorney work product doctrine.

26  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

27  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

28  violation of the privacy rights of third parties as guaranteed by the California and United States

20

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

2  objections.

3  **SUBJECT MATTER NO. 41:**

4        Any discipline issued to Robert Hidalgo as a result of any complaints of racial harassment

5  YOU received.

6  **RESPONSE TO SUBJECT MATTER NO. 41:**

7        Defendant objects to this matter for examination as the terms "discipline" and "complaints

8  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

9  burdensome, and oppressive. Defendant further objects to the extent this category of examination

10 seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

11 Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

12 relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

13 violation of the privacy rights of third parties as guaranteed by the California and United States

14 Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

15 objections.

16 **SUBJECT MATTER NO. 42:**

17       Any complaints of racial harassment that YOU received from Michael Wheeler.

18 **RESPONSE TO SUBJECT MATTER NO. 42:**

19       Defendant objects to this matter for examination as the term "complaints of racial

20 harassment" is vague, ambiguous, uncertain, and unintelligible. It is overly broad, burdensome,

21 and oppressive. Defendant further objects to the extent this category of examination seeks

22 information protected by the attorney-client privilege and/or attorney work product doctrine.

23 Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

24 relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

25 violation of the privacy rights of third parties as guaranteed by the California and United States

26 Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

27 objections.

28

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1  **SUBJECT MATTER NO. 43:**

2       Any discipline issued to Michael Wheeler following his complaints of racial harassment.

3  **RESPONSE TO SUBJECT MATTER NO. 43:**

4       Defendant objects to this matter for examination as the terms "discipline" and "complaints

5  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

6  burdensome, and oppressive. Defendant further objects to the extent this category of examination

7  seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

8  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

9  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony

10  regarding in violation of the privacy rights of third parties as guaranteed by the California and

11  United States Constitutions.  Defendant will not produce a witness on this matter on the basis of

12  the foregoing objections.

13  **SUBJECT MATTER NO. 44:**

14       Any discipline issued to other employees as a result of any complaints of racial harassment

15  from Michael Wheeler.

16  **RESPONSE TO SUBJECT MATTER NO. 44:**

17       Defendant objects to this matter for examination as the terms "discipline" and "complaints

18  of racial harassment" are vague, ambiguous, uncertain, and unintelligible. It is overly broad,

19  burdensome, and oppressive. Defendant further objects to the extent this category of examination

20  seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

21  Further, the matter is not limited in time, scope, or geographic location. The subject matter is not

22  relevant as to the claims asserted against Defendant. Finally, the subject matter seeks testimony in

23  violation of the privacy rights of third parties as guaranteed by the California and United States

24  Constitutions.  Defendant will not produce a witness on this matter on the basis of the foregoing

25  objections.

26  **SUBJECT MATTER NO. 45:**

27       The reason Demetric Di-az's employment at the TESLA FACTORY was terminated.

28

OBJECTIONS TO NOTICE OF DEPOSITION OF          CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1

**RESPONSE TO SUBJECT MATTER NO. 45:**

2  Defendant objects to this matter for examination as the terms "employment" and

3  "terminated" are vague, ambiguous and uncertain. Defendant objects to this matter on the grounds

4  that it seeks information not relevant to claims or defenses and/or proportional to the needs of the

5  case; particularly because Demetric Di-az was not an employee of Defendant.  Subject to and

6  without waiving the foregoing objections, Defendant is unable to produce a person most

7  knowledgeable on this matter, as Defendant is not aware of the reason's Demetric Di-Az's

8  assignment at the Tesla factory in Fremont, California, ended.

9  **SUBJECT MATTER NO. 46:**

10  The reason Owen Diaz's employment at the TESLA FACTORY ended.

11  **RESPONSE TO SUBJECT MATTER NO. 46:**

12  Defendant objects to this matter for examination as the term "employment" is vague,

13  ambiguous and uncertain. Defendant objects to this matter on the grounds that it seeks information

14  not relevant to claims or defenses and/or proportional to the needs of the case; particularly because

15  Plaintiff Owen Diaz was not an employee of Defendant.  Subject to and without waiving the

16  foregoing objections, Defendant will produce its person most knowledgeable concerning the end

17  of Plaintiff Owen Diaz's assignment at the Tesla factory in Fremont, California, to the extent that

18  information was made available to Defendant.

19  **SUBJECT MATTER NO. 47:**

20  Any race harassment complaints or concerns made against Javier Caballero by Plaintiff

21  Demetric Di-Az, and received by YOU.

22  **RESPONSE TO SUBJECT MATTER NO. 47:**

23  Defendant objects to this matter for examination as the term "race harassment" and

24  "complaints or concerns" are vague, ambiguous and uncertain. . Defendant objects to this matter

25  on the grounds that it seeks information not relevant to claims or defenses and/or proportional to

26  the needs of the case; particularly because Plaintiff Demetric Di-az was not an employee of

27  Defendant.  Finally, the subject matter seeks testimony in violation of the privacy rights of third

28  parties as guaranteed by the California and United States Constitutions.  Subject to and without

23

OBJECTIONS TO NOTICE OF DEPOSITION OF          CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

1  waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable

2  on this matter, as Defendant is not aware of complaints of race harassment by Plaintiff Demetric

3  Di-Az against Javier Caballero.

4  **SUBJECT MATTER NO. 48:**

5       Any discipline issued to Javier Caballero as a result of Plaintiff Demetric Di-Az's

6  complaint of race harassment.

7  **RESPONSE TO SUBJECT MATTER NO. 48:**

8       Defendant objects to this matter for examination as the term "discipline" and "complaints

9  race harassment" is vague, ambiguous and uncertain. . Defendant objects to this matter on the

10  grounds that it seeks information not relevant to claims or defenses and/or proportional to the needs

11  of the case; particularly because Plaintiff Demetric Di-Az was not an employee of Defendant.

12  Finally, the subject matter seeks testimony in violation of the privacy rights of third parties as

13  guaranteed by the California and United States Constitutions.  Subject to and without waiving the

14  foregoing objections, Defendant is unable to produce a person most knowledgeable on this matter,

15  as Defendant is not aware of complaints of race harassment by Plaintiff Demetric Di-Az against

16  Javier Caballero.

17  **SUBJECT MATTER NO. 49:**

18       YOUR policies, practices and procedures for promoting employees.

19  **RESPONSE TO SUBJECT MATTER NO. 49:**

20       Defendant objects to this matter for examination as the terms "polices," "practices,"

21  "procedures" and "promoting" are vague, ambiguous and uncertain. Defendant objects to this

22  matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses

23  and/or proportional to the needs of the case; particularly because neither Plaintiffs nor other

24  contractors placed at the Tesla factory in Fremont, California, were Defendant's employees and,

25  as such, its policies, practices, and procedures for promoting employees would be inapplicable to

26  them. Further, the matter is not limited in time, scope, or geographic location. Defendant will not

27  produce a witness on this matter on the basis of the foregoing objections.

28

24

**SUBJECT MATTER NO. 50:**

Any salary, hourly wage, bonus, other remuneration and all fringe benefits PLAINTIFFS received during their employment with YOU, and to which PLAINTIFFS would have been entitled and/or eligible had PLAINTIFFS' employment with YOU continued.

**RESPONSE TO SUBJECT MATTER NO. 50:**

Defendant objects to this matter for examination as the term "salary," "hourly wage," "bonus," "other remuneration," and "fringe benefits" is vague, ambiguous and uncertain. Defendant objects to this matter on the grounds that it seeks information not relevant to claims or defenses and/or proportional to the needs of the case; particularly because Plaintiffs were not Defendant's employees and not entitled to any such benefits. Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 51:**

The most senior employee of DEFENDANT as to proper procedures for performing a race harassment investigation at Tesla, Inc.'s Fremont location from 2014 through 2016.

**RESPONSE TO SUBJECT MATTER NO. 51:**

Defendant objects to this matter for examination as the terms "most senior," "proper procedures," "performing," and "race harassment investigation" is vague, ambiguous and uncertain. Further, Defendant objects to this matter for examination on the grounds that it is not a proper topic for examination. Defendant will not produce a witness on this matter on the basis of the foregoing objections.

**SUBJECT MATTER NO. 52:**

What was done with the evidence gathered during the investigation of PLAINTIFFS' claims of race harassment.

**RESPONSE TO SUBJECT MATTER NO. 52:**

Defendant objects to this matter for examination as the terms "evidence," "investigation," and "PLAINTIFF'S claims of race harassment" are vague, ambiguous and uncertain. Subject to and without waiving the foregoing objections, Defendant will produce its person most knowledgeable concerning information it received about the complaint made by Plaintiff Owen

25

1  Diaz of race harassment at the Tesla factory in Fremont, California.

2  **SUBJECT MATTER NO. 53:**

3       How much money YOU spent each year from 2010 to the present in connection with

4  training YOUR employees at the FREMONT FACTORY on YOUR race harassment policies,

5  practices and procedures.

6  **RESPONSE TO SUBJECT MATTER NO. 53:**

7       Defendant objects to this matter for examination as the terms "training" and "race

8  harassment policies, practices and procedures" are vague, ambiguous and uncertain. Defendant

9  objects to this matter on the grounds that it is overbroad and seeks information not relevant to

10 claims or defenses and/or proportional to the needs of the case; particularly because this matter

11 seeks examination about matters during periods of times that Plaintiffs did not work at the Tesla

12 factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

13 factory in Fremont, California, were Defendant's employees. Defendant further objects to this

14 matter for examination on the grounds that it seeks confidential and proprietary business

15 information, in violation of Defendant's right to financial privacy. Defendant will not produce a

16 witness on this matter on the basis of these objections.

17 **SUBJECT MATTER NO. 54:**

18      How much money YOU spent each year from 2010 to the present in connection with

19 training YOUR employees at the FREMONT FACTORY on YOUR race discrimination policies,

20 practices and procedures.

21 **RESPONSE TO SUBJECT MATTER NO. 54:**

22      Defendant objects to this matter for examination as the terms "training" and "race

23 harassment policies, practices and procedures" are vague, ambiguous and uncertain. Defendant

24 objects to this matter on the grounds that it is overbroad and seeks information not relevant to

25 claims or defenses and/or proportional to the needs of the case; particularly because this matter

26 seeks examination about matters during periods of times that Plaintiffs did not work at the Tesla

27 factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

28 factory in Fremont, California, were Defendant's employees. Defendant further objects to this

26

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1   matter for examination on the grounds that it seeks confidential and proprietary business

2   information, in violation of Defendant's right to financial privacy. Defendant will not produce a

3   witness on this matter on the basis of these objections.

4   **SUBJECT MATTER NO. 55:**

5       How much money YOU spent each year from 2010 to the present in connection with

6   training YOUR employees at the FREMONT FACTORY on YOU assault/battery policies,

7   practices and procedures.

8   **RESPONSE TO SUBJECT MATTER NO. 55:**

9       Defendant objects to this matter for examination as the terms "training" and "race

10  assault/battery policies, practices and procedures" are vague, ambiguous and uncertain. Defendant

11  objects to this matter on the grounds that it is overbroad and seeks information not relevant to

12  claims or defenses and/or proportional to the needs of the case; particularly because this matter

13  seeks examination about matters during periods of times that Plaintiffs did not work at the Tesla

14  factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

15  factory in Fremont, California, were Defendant's employees. Defendant further objects to this

16  matter for examination on the grounds that it seeks confidential and proprietary business

17  information, in violation of Defendant's right to financial privacy. Defendant will not produce a

18  witness on this matter on the basis of these objections.

19  **SUBJECT MATTER NO. 56:**

20      How much time YOU spent investigating PLAINTIFF's allegations against Ramon

21  Martinez.

22  **RESPONSE TO SUBJECT MATTER NO. 56:**

23      Defendant objects to this matter for examination as the term "allegations" is vague,

24  ambiguous and uncertain. Defendant objects to this matter on the grounds that it is overbroad and

25  seeks information not relevant to claims or defenses and/or proportional to the needs of the case;

26  particularly because Ramon Martinez was not an employee of Defendant. Subject to and without

27  waiving the foregoing objections, Defendant is unable to produce a person most knowledgeable

28  on this matter, as time reviewing Plaintiff Owen Diaz's allegations against Ramon Martinez was

27

1   not tracked.

2   **SUBJECT MATTER NO. 57:**

3       How much money YOU spent to train Ramon Martinez on YOUR race harassment

4   policies, practices and procedures.

5   **RESPONSE TO SUBJECT MATTER NO. 57:**

6       Defendant objects to this matter for examination as the term "race harassment policies,

7   practices and procedures" is vague, ambiguous and uncertain. Defendant objects to this matter on

8   the grounds that it seeks information not relevant to claims or defenses and/or proportional to the

9   needs of the case; particularly because Ramon Martinez was not an employee of Defendant.

10  Defendant further objects to this matter for examination on the grounds that it seeks confidential

11  and proprietary business information, in violation of Defendant's right to financial privacy. .

12  Subject to and without waiving the foregoing objections, Defendant is unable to produce a person

13  most knowledgeable on this matter, as Ramon Martinez was not an employee of Defendant.

14  **SUBJECT MATTER NO. 58:**

15      How much money YOU spent to train Ramon Martinez on YOUR race discrimination

16  policies, practices and procedures.

17  **RESPONSE TO SUBJECT MATTER NO. 58:**

18      Defendant objects to this matter for examination as the term "train" and "race

19  discrimination policies, practices and procedures" is vague, ambiguous and uncertain. Defendant

20  objects to this matter on the grounds that it seeks information not relevant to claims or defenses

21  and/or proportional to the needs of the case; particularly because Ramon Martinez was not an

22  employee of Defendant.  Defendant further objects to this matter for examination on the grounds

23  that it seeks confidential and proprietary business information, in violation of Defendant's right to

24  financial privacy. . Subject to and without waiving the foregoing objections, Defendant is unable

25  to produce a person most knowledgeable on this matter, as Ramon Martinez was not an employee

26  of Defendant.

27  **SUBJECT MATTER NO. 59:**

28      How much money YOU spent to train Ramon Martinez on YOUR assault/battery policies,

28

1 | practices and procedures.

2 | **RESPONSE TO SUBJECT MATTER NO. 59:**

3 | Defendant objects to this matter for examination as the term "train" and "assault/battery

4 | policies, practices and procedures" is vague, ambiguous and uncertain. Defendant objects to this

5 | matter on the grounds that it seeks information not relevant to claims or defenses and/or

6 | proportional to the needs of the case; particularly because Ramon Martinez was not an employee

7 | of Defendant. Defendant further objects to this matter for examination on the grounds that it seeks

8 | confidential and proprietary business information, in violation of Defendant's right to financial

9 | privacy. . Subject to and without waiving the foregoing objections, Defendant is unable to produce

10 | a person most knowledgeable on this matter, as Ramon Martinez was not an employee of

11 | Defendant.

12 | **SUBJECT MATTER NO. 60:**

13 | Information RELATED to which PERSONS or entities, including third-party entities, that

14 | participated in any manner (including preparing, reviewing, revising or authorizing training

15 | materials and literature, training guides, web-based training services, or any other involvement

16 | with any such training) in training employees on YOUR race harassment, race discrimination and

17 | assault/battery policies, procedures and practices.

18 | **RESPONSE TO SUBJECT MATTER NO. 60:**

19 | Defendant objects to this matter for examination as the terms "Information RELATED to

20 | which PERSONS," "third-party entities," "participated," "training," "race harassment, race

21 | discrimination, and assault/battery policies, procedures and practices" are vague, ambiguous, and

22 | uncertain. It is overly broad, burdensome, and oppressive. Defendant further objects to the extent

23 | this category of examination seeks information protected by the attorney-client privilege and/or

24 | attorney work product doctrine. Defendant objects to this matter on the grounds that it is overbroad,

25 | without limitation in scope or time, and seeks information not relevant to claims or defenses and/or

26 | proportional to the needs of the case; particularly because this matter seeks examination on policies

27 | and procedures in effect during periods of times that Plaintiffs did not work at the Tesla factory,

28 | in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla factory in

<div align="center">29</div>

| OBJECTIONS TO NOTICE OF DEPOSITION OF | CASE NO:  3:17-CV-06748-WHO |
| NEXTSOURCE, INC.'S PMK | |

FPDOCS 35523839.4

1   Fremont, California, were Defendant's employees and, as such, its policies and procedures would

2   be inapplicable to them.  Defendant will not produce a witness on this matter on the basis of these

3   objections.

4   **SUBJECT MATTER NO. 61:**

5       Identify the average length of employment of a Production Associate (whether direct hires

6   or through contracting agencies) at the TESLA FACTORY.

7   **RESPONSE TO SUBJECT MATTER NO. 61:**

8       Defendant objects to this Matter on the ground that the terms "average length of

9   employment" and "Production Associate" is vague and ambiguous. The Matter is not limited in

10   time and scope and is compound. Defendant objects to this matter on the grounds that it is

11   overbroad and seeks information not relevant to claims or defenses and/or proportional to the needs

12   of the case; particularly because neither Plaintiffs nor other contractors placed at the Tesla factory

13   in Fremont, California, were Defendant's employees and because Plaintiff Owen Diaz, who, as

14   Defendant understands, is the only plaintiff asserting claims against Defendant, worked there as

15   an elevator operator. Defendant will not produce a witness on this matter on the basis of these

16   objections.

17   **SUBJECT MATTER NO. 62:**

18       How much money YOU have spent each year from 2010 to the present on stopping the use

19   of "nigger" and/or "nigga" at the FREMONT FACTORY.

20   **RESPONSE TO SUBJECT MATTER NO. 62:**

21       Defendant objects to this Matter on the ground that the terms "stopping the use" is vague

22   and ambiguous. Defendant objects to this matter on the grounds that it is overbroad and seeks

23   information not relevant to claims or defenses and/or proportional to the needs of the case;

24   particularly because this matter seeks examination on matters during periods of times that Plaintiffs

25   did not work at the Tesla factory, in Fremont, California, and as neither Plaintiffs nor other

26   contractors placed at the Tesla factory in Fremont, California, were Defendant's employees.

27   Further, Defendant did not own, operate, or control the Tesla factory in Fremont, California.

28   Defendant further objects to this matter for examination on the grounds that it seeks confidential

OBJECTIONS TO NOTICE OF DEPOSITION OF         CASE NO: 3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1 | and proprietary business information, in violation of Defendant's right to financial privacy.

2 | Defendant will not produce a witness on this matter on the basis of these objections.

3 | **SUBJECT MATTER NO. 63:**

4 | What steps YOU have taken to prevent the use of "nigger" and/or "nigga" at the

5 | FREMONT FACTORY.

6 | **RESPONSE TO SUBJECT MATTER NO. 63:**

7 | Defendant objects to this Matter on the ground that the term "steps" is vague and

8 | ambiguous. Defendant objects to this matter on the grounds that it is overbroad, without limitation

9 | in time, and seeks information not relevant to claims or defenses and/or proportional to the needs

10 | of the case; particularly because Defendant did not own, operate, or control the Tesla factory in

11 | Fremont, California.   Subject to and without waiving the foregoing objections, Defendant will

12 | produce its person most knowledgeable concerning the policies and procedures against harassment

13 | and discrimination applicable to its employees in effect during the relevant time period.

14 | **SUBJECT MATTER NO. 64:**

15 | The total amount of money YOU have spent training employees at the FREMONT

16 | FACTORY on issues relating to race harassment and/or discrimination in each of the years

17 | between 2010 and present.

18 | **RESPONSE TO SUBJECT MATTER NO. 64:**

19 | Defendant objects to this Matter on the ground that the terms "training," and "race

20 | harassment and/or discrimination" are vague and ambiguous. Defendant objects to this matter on

21 | the grounds that it is overbroad and seeks information not relevant to claims or defenses and/or

22 | proportional to the needs of the case; particularly because this matter seeks examination on matters

23 | during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

24 | and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California,

25 | were Defendant's employees. Further, Defendant did not own, operate, or control the Tesla factory

26 | in Fremont, California.  Defendant further objects to this matter for examination on the grounds

27 | that it seeks confidential and proprietary business information, in violation of Defendant's right to

28 | financial privacy. Defendant will not produce a witness on this matter on the basis of these

31

1   objections.

2   **SUBJECT MATTER NO. 65:**

3         The amount of money YOU spend on average per year per employee training employees

4   at the FREMONT FACTORY on issues relating to race harassment and/or discrimination for each

5   of the years between 2010 and present.

6   **RESPONSE TO SUBJECT MATTER NO. 65:**

7         Defendant objects to this Matter on the ground that the terms "training," and "race

8   harassment and/or discrimination" are vague and ambiguous. Defendant objects to this matter on

9   the grounds that it is overbroad and seeks information not relevant to claims or defenses and/or

10  proportional to the needs of the case; particularly because this matter seeks examination on matters

11  during periods of times that Plaintiffs did not work at the Tesla factory, in Fremont, California,

12  and as neither Plaintiffs nor other contractors placed at the Tesla factory in Fremont, California,

13  were Defendant's employees. Further, Defendant did not own, operate, or control the Tesla factory

14  in Fremont, California.  Defendant further objects to this matter for examination on the grounds

15  that it seeks confidential and proprietary business information, in violation of Defendant's right to

16  financial privacy. Defendant will not produce a witness on this matter on the basis of these

17  objections.

18  **SUBJECT MATTER NO. 66:**

19        The total amount of time each year that YOU require supervisors and/or leads at the

20  FREMONT FACTORY to spend training on issues relating to race harassment and/or

21  discrimination for each of the years between 2010 and present.

22  **RESPONSE TO SUBJECT MATTER NO. 66:**

23        Defendant objects to this Matter on the ground that the terms "supervisors and/or leads,"

24  "training," and "race harassment and/or discrimination" are vague and ambiguous. Defendant

25  objects to this matter on the grounds that it is overbroad and seeks information not relevant to

26  claims or defenses and/or proportional to the needs of the case; particularly because this matter

27  seeks examination on matters during periods of times that Plaintiffs did not work at the Tesla

28  factory, in Fremont, California, and as neither Plaintiffs nor other contractors placed at the Tesla

32

1  factory in Fremont, California, were Defendant's employees and as such were not supervised by

2  Defendant's employees.  Subject to and without waiving the foregoing objections, Defendant will

3  produce its person most knowledgeable concerning its expectation of time spent training by its

4  employees during the relevant time period.

5  **SUBJECT MATTER NO. 67:**

6        Discipline of employees who have violated YOUR race harassment and/or discrimination

7  policies.

8  **RESPONSE TO SUBJECT MATTER NO. 67:**

9        Defendant objects to this Matter on the ground that the terms "discipline," and "race

10  harassment and/or discrimination policies' are vague and ambiguous. Defendant objects to this

11  matter on the grounds that it is overbroad and seeks information not relevant to claims or defenses

12  and/or proportional to the needs of the case; particularly because neither Plaintiffs nor other

13  contractors placed at the Tesla factory in Fremont, California, were Defendant's employees and,

14  as such, its policies would be inapplicable to them. Finally, the subject matter seeks testimony in

15  violation of the privacy rights of third parties as guaranteed by the California and United States

16  Constitutions.  Defendant will not produce a witness on this matter on the basis of these objections.

17  **SUBJECT MATTER NO. 68:**

18        YOUR current financial condition.

19  **RESPONSE TO SUBJECT MATTER NO. 68:**

20        Defendant objects to this Matter on the ground that the terms "current financial condition"

21  are vague and ambiguous. Defendant further objects to this matter for examination on the grounds

22  that it seeks confidential and proprietary business and financial information, in violation of

23  Defendant's right to financial privacy.  Defendant will not produce a witness on this matter on the

24  basis of these objections.

25  ///

26  ///

27  ///

28  ///

33

## II.     OBJECTIONS TO THE REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS reviewed by the deponent in preparation for their deposition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all DOCUMENTS, including (though not limited to) text messages, e-mails, notes, and memoranda, which RELATE to, refer to, or discuss Plaintiff Owen Diaz.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous.  Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to, refer to or discuss Plaintiff Demetric Di-az." Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production of documents that are equally available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable to Defendant.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all DOCUMENTS, including (though not limited to) text messages, e-mails, notes, and memoranda, which RELATE to, refer to, or discuss Plaintiff Demetric Di-az.

34

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous. Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE TO, reflect, refer or discuss Plaintiff Demetric Di-az." Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production of documents that are equally available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable to Defendant.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all DOCUMENTS, including (though not limited to) text messages, e-mails, notes, and memoranda which RELATE to, refer to, or discuss Plaintiff Owen Diaz's job performance during his employment at the TESLA FACTORY. This includes, though is not limited to, performance reviews, written warnings, verbal warnings, demotions, suspensions, and terminations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "Plaintiff Owen Diaz's job performance during his employment at the TESLA FACTORY." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that

35

1  "RELATE to, reflect, refer to, or discuss Plaintiff Owen Diaz's job performance." Defendant

2  objects to this request to the extent it seeks the production of electronically stored information

3  (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in

4  the context of and in proportion to the claims in this action. Defendant also objects to this request

5  to the extent that it seeks documents protected by the attorney-client privilege, the attorney work

6  product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant

7  objects to this request to the extent it seeks the production of documents that are equally available

8  to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an employee of

9  Defendant and this request is therefore inapplicable to Defendant.

10  **REQUEST FOR PRODUCTION NO. 5:**

11  Please produce all DOCUMENTS, including (though not limited to) text messages, e-

12  mails, notes, and memoranda which RELATE to, refer to, or discuss Plaintiff Demetric Di-az's

13  job performance during his employment at the TESLA FACTORY. This includes though is not

14  limited to, performance reviews, written warnings, verbal warnings, demotions, suspensions, and

15  terminations.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17  Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

18  vague and ambiguous, including, but not limited to, its use of the phrase "Plaintiff Demetric Di-

19  az's job performance during his employment at the TESLA FACTORY."  Defendant further

20  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

21  documents not relevant to any party's claims or defenses or that are not proportional to the needs

22  of this case, especially given that this request seeks the production of all documents, without

23  limitation, that "RELATE to, refer to, or discuss Plaintiff Demetric Diaz's job performance."

24  Defendant objects to this request to the extent it seeks the production of electronically stored

25  information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

26  oppressive in the context of and in proportion to the claims in this action. Defendant also objects

27  to this request to the extent that it seeks documents protected by the attorney-client privilege, the

28  attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

36

OBJECTIONS TO NOTICE OF DEPOSITION OF                          CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1  Defendant objects to this request to the extent it seeks the production of documents that are equally

2  available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an

3  employee of Defendant and this request is therefore inapplicable to Defendant. Discovery is

4  continuing, and Defendant reserves its right to supplement its response to this request.

5  **REQUEST FOR PRODUCTION NO. 6:**

6       Please produce all DOCUMENTS, including (though not limited to) text messages, emails,

7  notes, and memoranda which RELATE to any discussions about terminating Plaintiff Owen Diaz's

8  employment at the TESLA FACTORY.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

11  vague and ambiguous, including, but not limited to, its use of the phrase "discussions about

12  terminating Plaintiff Owen Diaz's employment at the TESLA FACTORY."  Defendant further

13  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

14  documents not relevant to any party's claims or defenses or that are not proportional to the needs

15  of this case, especially given that this request seeks the production of all documents, without

16  limitation, that "RELATE to any discussions about terminating Plaintiff Owen Diaz's employment

17  at the TESLA FACTORY." Defendant objects to this request to the extent it seeks the production

18  of electronically stored information (including, but not limited to emails, texts and meta-data) as

19  burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

20  Defendant also objects to this request to the extent that it seeks documents protected by the

21  attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

22  or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production

23  of documents that are equally available to Plaintiff. Defendant objects to this request on the

24  grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable

25  to Defendant.

26  **REQUEST FOR PRODUCTION NO. 7:**

27       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

28  notes, and memoranda which reflect, evidence, or RELATE to any complaints about Plaintiff

<center>37</center>

OBJECTIONS TO NOTICE OF DEPOSITION OF                     CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1    Owen Diaz's "poor attitude" during his employment at the TESLA FACTORY.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

3           Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

4    vague and ambiguous, including, but not limited to, its use of the phrase "Plaintiff Owen Diaz's

5    'poor attitude' during his employment at the TESLA FACTORY."  Defendant further objects to

6    this request as burdensome, oppressive and harassing to the extent that it seeks documents not

7    relevant to any party's claims or defenses or that are not proportional to the needs of this case,

8    especially given that this request seeks the production of all documents, without limitation, that

9    "RELATE to any complaints about Plaintiff Owen Diaz's "poor attitude" during his employment

10   at the TESLA FACTORY." Defendant objects to this request to the extent it seeks the production

11   of electronically stored information (including, but not limited to emails, texts and meta-data) as

12   burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

13   Defendant also objects to this request to the extent that it seeks documents protected by the

14   attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

15   or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production

16   of documents that are equally available to Plaintiff. Defendant objects to this request on the

17   grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable

18   to Defendant.

19   **REQUEST FOR PRODUCTION NO. 8:**

20          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

21   notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

22   received by Wayne Jackson regarding Plaintiff Owen Diaz.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

24          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

25   vague and ambiguous, including, but not limited to, its use of the phrase "any communications

26   sent or received by Wayne Jackson regarding Plaintiff Owen Diaz."  Defendant further objects to

27   this request as burdensome, oppressive and harassing to the extent that it seeks documents not

28   relevant to any party's claims or defenses or that are not proportional to the needs of this case,

                                                      38

especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Wayne Jackson regarding Plaintiff Owen Diaz." Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production of documents that are equally available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable to Defendant.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Wayne Jackson regarding complaints of racial harassment at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications sent or received by Wayne Jackson regarding complaints of racial harassment at the TESLA FACTORY." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Wayne Jackson regarding complaints of racial harassment at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the

39

1  attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.
2  Defendant objects to this request to the extent it calls for documents that are protected from
3  disclosure by third party privacy rights under the Federal and California constitutions and
4  applicable statutes.

5  **REQUEST FOR PRODUCTION NO. 10:**

6      Please produce all DOCUMENTS, including (though not limited to) text messages, emails
7  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or
8  received by Wayne Jackson regarding complaints of racial discrimination at the TESLA
9  FACTORY.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,
12  vague and ambiguous, including, but not limited to, its use of the phrase "any communications
13  sent or received by Wayne Jackson regarding complaints of racial discrimination."  Defendant
14  further objects to this request as burdensome, oppressive and harassing to the extent that it seeks
15  documents not relevant to any party's claims or defenses or that are not proportional to the needs
16  of this case, especially given that this request seeks the production of all documents, without
17  limitation, that "RELATE to any communications sent or received by Wayne Jackson regarding
18  complaints of racial discrimination at the TESLA FACTORY." The request impermissibly seeks
19  "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to
20  this request to the extent it seeks the production of electronically stored information (including,
21  but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context
22  of and in proportion to the claims in this action. Defendant also objects to this request to the extent
23  that it seeks documents protected by the attorney-client privilege, the attorney work product
24  doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to
25  this request to the extent it calls for documents that are protected from disclosure by third party
26  privacy rights under the Federal and California constitutions and applicable statutes.

27  **REQUEST FOR PRODUCTION NO. 11:**

28      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

40

1  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

2  received by Wayne Jackson regarding complaints of retaliation at the TESLA FACTORY.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

4      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

5  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

6  sent or received by Wayne Jackson regarding complaints of retaliation." Defendant further objects

7  to this request as burdensome, oppressive and harassing to the extent that it seeks documents not

8  relevant to any party's claims or defenses or that are not proportional to the needs of this case,

9  especially given that this request seeks the production of all documents, without limitation, that

10 "RELATE to any communications sent or received by Wayne Jackson regarding complaints of

11 retaliation at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is

12 not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

13 it seeks the production of electronically stored information (including, but not limited to emails,

14 texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

15 the claims in this action. Defendant also objects to this request to the extent that it seeks documents

16 protected by the attorney-client privilege, the attorney work product doctrine and/or other

17 privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

18 it calls for documents that are protected from disclosure by third party privacy rights under the

19 Federal and California constitutions and applicable statutes.

20 **REQUEST FOR PRODUCTION NO. 12:**

21      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

22 notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

23 received by Wayne Jackson regarding the use of racial slurs, including (though not limited to)

24 "nigga," "nigger," and "ninga," at the TESLA FACTORY.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

26      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

27 vague and ambiguous, including, but not limited to, its use of the phrase "any communications

28 sent or received by Wayne Jackson regarding the use of racial slurs, including (though not limited

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO: 3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1   to) 'nigga,' 'nigger,' and 'ninga'." Defendant further objects to this request as burdensome,

2   oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

3   or defenses or that are not proportional to the needs of this case, especially given that this request

4   seeks the production of all documents, without limitation, that "RELATE to any communications

5   sent or received by Wayne Jackson regarding the use of racial slurs, including (though not limited

6   to) 'nigga,' 'nigger,' and 'ninga,' at the TESLA FACTORY." The request impermissibly seeks

7   "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to

8   this request to the extent it seeks the production of electronically stored information (including,

9   but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

10  of and in proportion to the claims in this action. Defendant also objects to this request to the extent

11  that it seeks documents protected by the attorney-client privilege, the attorney work product

12  doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

13  this request to the extent it calls for documents that are protected from disclosure by third party

14  privacy rights under the Federal and California constitutions and applicable statutes.

15  **REQUEST FOR PRODUCTION NO. 13:**

16       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

17  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

18  received by Wayne Jackson regarding any complaints of racist graffiti in the restrooms at the

19  TESLA FACTORY from 2010 to the present. (For the purposes of responding to this interrogatory,

20  the phrase "racist graffiti" includes, though is not limited to, stylized, "golliwog"-, "pickaninny"-

21  , or "sambo"-type depictions of African-American individuals; nooses; swastikas; the phrase

22  "white power"; references slavery or slave labor; and racial slurs, including, though not limited to,

23  "nigger," "nigga," and "ninga.")

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

26  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

27  sent or received by Wayne Jackson regarding any complaints of racist graffiti in the restrooms at

28  the TESLA FACTORY from 2010 to the present." Defendant further objects to this request as

42

1  burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any

2  party's claims or defenses or that are not proportional to the needs of this case, especially given

3  that this request seeks the production of all documents, without limitation, that "RELATE to any

4  communications sent or received by Wayne Jackson regarding complaints of retaliation at the

5  TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to

6  the claims and defenses in this case. Defendant objects to this request to the extent it seeks the

7  production of electronically stored information (including, but not limited to emails, texts and

8  meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims

9  in this action. Defendant also objects to this request to the extent that it seeks documents protected

10  by the attorney-client privilege, the attorney work product doctrine and/or other privileges,

11  protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for

12  documents that are protected from disclosure by third party privacy rights under the Federal and

13  California constitutions and applicable statutes.

14  **REQUEST FOR PRODUCTION NO. 14:**

15        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

16  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

17  received by Terri Garrett regarding Plaintiff Owen Diaz.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

19        Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

20  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

21  sent or received by Terri Garrett regarding Plaintiff Owen Diaz." Defendant further objects to this

22  request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

23  to any party's claims or defenses or that are not proportional to the needs of this case, especially

24  given that this request seeks the production of all documents, without limitation, that "RELATE

25  to any communications sent or received by Terri Garrett regarding Plaintiff Owen Diaz."

26  Defendant objects to this request to the extent it seeks the production of electronically stored

27  information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

28  oppressive in the context of and in proportion to the claims in this action. Defendant also objects

43

to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production of documents that are equally available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable to Defendant.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Terri Garrett regarding complaints of racial harassment at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications sent or received by Terri Garrett regarding complaints of racial harassment."  Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Terri Garrett regarding complaints of racial harassment at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails
44

OBJECTIONS TO NOTICE OF DEPOSITION OF NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

2  received by Terri Garrett regarding complaints of racial discrimination at the TESLA FACTORY.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

5  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

6  sent or received by Terri Garrett regarding complaints of racial discrimination." Defendant further

7  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

8  documents not relevant to any party's claims or defenses or that are not proportional to the needs

9  of this case, especially given that this request seeks the production of all documents, without

10  limitation, that "RELATE to any communications sent or received by Terri Garrett regarding

11  complaints of racial discrimination at the TESLA FACTORY." The request impermissibly seeks

12  "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to

13  this request to the extent it seeks the production of electronically stored information (including,

14  but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

15  of and in proportion to the claims in this action. Defendant also objects to this request to the extent

16  that it seeks documents protected by the attorney-client privilege, the attorney work product

17  doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

18  this request to the extent it calls for documents that are protected from disclosure by third party

19  privacy rights under the Federal and California constitutions and applicable statutes.

20  **REQUEST FOR PRODUCTION NO. 17:**

21      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

22  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

23  received by Terri Garrett regarding complaints of retaliation at the TESLA FACTORY.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

25      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

26  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

27  sent or received by Terri Garrett regarding complaints of retaliation." Defendant further objects

28  to this request as burdensome, oppressive and harassing to the extent that it seeks documents not

45

1   relevant to any party's claims or defenses or that are not proportional to the needs of this case,

2   especially given that this request seeks the production of all documents, without limitation, that

3   "RELATE to any communications sent or received by Terri Garrett regarding complaints of

4   retaliation at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is

5   not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

6   it seeks the production of electronically stored information (including, but not limited to emails,

7   texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

8   the claims in this action. Defendant also objects to this request to the extent that it seeks documents

9   protected by the attorney-client privilege, the attorney work product doctrine and/or other

10  privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

11  it calls for documents that are protected from disclosure by third party privacy rights under the

12  Federal and California constitutions and applicable statutes.

13  **REQUEST FOR PRODUCTION NO. 18:**

14      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

15  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

16  received by Terri Garrett regarding the use of racial slurs, including (though not limited to)

17  "nigga," "nigger," and "ninga," at the TESLA FACTORY.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

19      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

20  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

21  sent or received by Terri Garrett regarding the use of racial slurs, including (though not limited to)

22  'nigga,' 'nigger,' and 'ninga.'" Defendant further objects to this request as burdensome, oppressive

23  and harassing to the extent that it seeks documents not relevant to any party's claims or defenses

24  or that are not proportional to the needs of this case, especially given that this request seeks the

25  production of all documents, without limitation, that "RELATE to any communications sent or

26  received by Terri Garrett regarding the use of racial slurs, including (though not limited to) 'nigga,'

27  'nigger,' and 'ninga,' at the TESLA FACTORY." The request impermissibly seeks "me too"

28  evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

46

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1  request to the extent it seeks the production of electronically stored information (including, but not

2  limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

3  in proportion to the claims in this action. Defendant also objects to this request to the extent that it

4  seeks documents protected by the attorney-client privilege, the attorney work product doctrine

5  and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

6  to the extent it calls for documents that are protected from disclosure by third party privacy rights

7  under the Federal and California constitutions and applicable statutes.

8  **REQUEST FOR PRODUCTION NO. 19:**

9  Please produce all DOCUMENTS, including (though not limited to) text messages, emails

10  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

11  received by Terri Garrett regarding any complaints of racist graffiti in the restrooms at the TESLA

12  FACTORY from 2010 to the present. (For the purposes of responding to this interrogatory, the

13  phrase "racist graffiti" includes, though is not limited to, stylized, "golliwog"-, "pickaninny"-, or

14  "sambo"-type depictions of African-American individuals; nooses; swastikas; the phrase "white

15  power"; references to slavery or slave labor; and racial slurs, including, though not limited to,

16  "nigger," "nigga," and "ninga.")

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

18  Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

19  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

20  sent or received by Terri Garrett regarding any complaints of racist graffiti in the restrooms."

21  Defendant further objects to this request as burdensome, oppressive and harassing to the extent

22  that it seeks documents not relevant to any party's claims or defenses or that are not proportional

23  to the needs of this case, especially given that this request seeks the production of all documents,

24  without limitation, that "RELATE to any communications sent or received by Terri Garrett

25  regarding any complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010

26  to the present." The request impermissibly seeks "me too" evidence that is not relevant to the

27  claims and defenses in this case. Defendant objects to this request to the extent it seeks the

28  production of electronically stored information (including, but not limited to emails, texts and

47

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO: 3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1    meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims

2    in this action. Defendant also objects to this request to the extent that it seeks documents protected

3    by the attorney-client privilege, the attorney work product doctrine and/or other privileges,

4    protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for

5    documents that are protected from disclosure by third party privacy rights under the Federal and

6    California constitutions and applicable statutes.

7    **REQUEST FOR PRODUCTION NO. 20:**

8        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

9    notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

10    received by Nancy Uhlenbrock regarding Plaintiff Owen Diaz.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

12        Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

13    vague and ambiguous, including, but not limited to, its use of the phrase "any communications

14    sent or received by Nancy Uhlenbrock regarding Plaintiff Owen Diaz." Defendant further objects

15    to this request as burdensome, oppressive and harassing to the extent that it seeks documents not

16    relevant to any party's claims or defenses or that are not proportional to the needs of this case,

17    especially given that this request seeks the production of all documents, without limitation, that

18    "RELATE to any communications sent or received by Nancy Uhlenbrock regarding Plaintiff

19    Owen Diaz." Defendant objects to this request to the extent it seeks the production of electronically

20    stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly

21    and oppressive in the context of and in proportion to the claims in this action. Defendant also

22    objects to this request to the extent that it seeks documents protected by the attorney-client

23    privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of

24    similar effect. Defendant objects to this request to the extent it seeks the production of documents

25    that are equally available to Plaintiff. Defendant objects to this request on the grounds that Plaintiff

26    was not an employee of Defendant and this request is therefore inapplicable to Defendant.

27    **REQUEST FOR PRODUCTION NO. 21:**

28        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Nancy Uhlenbrock regarding complaints of racial harassment at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications sent or received by Nancy Uhlenbrock regarding complaints of racial harassment."  Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding complaints of racial harassment." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.  Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Nancy Uhlenbrock regarding complaints of racial discrimination at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications

49

1   sent or received by Nancy Uhlenbrock regarding complaints of racial discrimination." Defendant

2   further objects to this request as burdensome, oppressive and harassing to the extent that it seeks

3   documents not relevant to any party's claims or defenses or that are not proportional to the needs

4   of this case, especially given that this request seeks the production of all documents, without

5   limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding

6   complaints of racial discrimination at the TESLA FACTORY." The request impermissibly seeks

7   "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to

8   this request to the extent it seeks the production of electronically stored information (including,

9   but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

10  of and in proportion to the claims in this action. Defendant also objects to this request to the extent

11  that it seeks documents protected by the attorney-client privilege, the attorney work product

12  doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

13  this request to the extent it calls for documents that are protected from disclosure by third party

14  privacy rights under the Federal and California constitutions and applicable statutes.

15  **REQUEST FOR PRODUCTION NO. 23:**

16         Please produce all DOCUMENTS, including (though not limited to) text messages, emails

17  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

18  received by Nancy Uhlenbrock regarding complaints of retaliation at the TESLA FACTORY.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

20         Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

21  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

22  sent or received by Nancy Uhlenbrock regarding complaints of retaliation." Defendant further

23  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

24  documents not relevant to any party's claims or defenses or that are not proportional to the needs

25  of this case, especially given that this request seeks the production of all documents, without

26  limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding

27  complaints of retaliation at the TESLA FACTORY." The request impermissibly seeks "me too"

28  evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

50

request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any communications sent or received by Nancy Uhlenbrock regarding the use of racial slurs, including (though not limited to) "nigga," "nigger," and "ninga," at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any communications sent or received by Nancy Uhlenbrock regarding the use of racial slurs, including (though not limited to) 'nigga,' 'nigger,' and 'ninga.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any communications sent or received by Nancy Uhlenbrock regarding the use of racial slurs, including (though not limited to) 'nigga,' 'nigger,' and 'ninga' at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including (though not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

51

1  Defendant objects to this request to the extent it calls for documents that are protected from

2  disclosure by third party privacy rights under the Federal and California constitutions and

3  applicable statutes.

4  **REQUEST FOR PRODUCTION NO. 25:**

5     Please produce all DOCUMENTS, including (though not limited to) text messages, emails

6  notes, and memoranda which reflect, evidence, or RELATE to any communications sent or

7  received by Nancy Uhlenbrock regarding any complaints of racist graffiti in the restrooms at the

8  TESLA FACTORY from 2010 to the present. (For the purposes of responding to this interrogatory,

9  the phrase "racist graffiti" includes, though is not limited to, stylized, "golliwog"-, "pickaninny"-

10  , or "sambo"-type depictions of African-American individuals; nooses; swastikas; the phrase

11  "white power"; reference to slavery or slave labor; and racial slurs, including, though not limited

12  to, "nigger," "nigga," and "ninga.")

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

14     Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

15  vague and ambiguous, including, but not limited to, its use of the phrase "any communications

16  sent or received by Nancy Uhlenbrock regarding any complaints of racist graffiti in the restrooms

17  at the TESLA FACTORY from 2010 to the present." Defendant further objects to this request as

18  burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any

19  party's claims or defenses or that are not proportional to the needs of this case, especially given

20  that this request seeks the production of all documents, without limitation, that "RELATE to any

21  communications sent or received by Nancy Uhlenbrock regarding any complaints of racist graffiti

22  in the restrooms at the TESLA FACTORY from 2010 to the present." The request impermissibly

23  seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant

24  objects to this request to the extent it seeks the production of electronically stored information

25  (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in

26  the context of and in proportion to the claims in this action. Defendant also objects to this request

27  to the extent that it seeks documents protected by the attorney-client privilege, the attorney work

28  product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant

52

1 objects to this request to the extent it calls for documents that are protected from disclosure by

2 third party privacy rights under the Federal and California constitutions and applicable statutes.

3 **REQUEST FOR PRODUCTION NO. 26:**

4 Please produce all DOCUMENTS, including (though not limited to) text messages, emails

5 notes, and memoranda which reflect, evidence, or RELATE to any complaints of Ramon Martinez

6 racially harassing employees at the TESLA FACTORY.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

8 Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

9 vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Ramon

10 Martinez racially harassing employees." Defendant further objects to this request as burdensome,

11 oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

12 or defenses or that are not proportional to the needs of this case, especially given that this request

13 seeks the production of all documents, without limitation, that "RELATE to any complaints of

14 Ramon Martinez racially harassing employees at the TESLA FACTORY." The request

15 impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

16 Defendant objects to this request to the extent it seeks the production of electronically stored

17 information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

18 oppressive in the context of and in proportion to the claims in this action. Defendant also objects

19 to this request to the extent that it seeks documents protected by the attorney-client privilege, the

20 attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

21 Defendant objects to this request to the extent it calls for documents that are protected from

22 disclosure by third party privacy rights under the Federal and California constitutions and

23 applicable statutes.

24 **REQUEST FOR PRODUCTION NO. 27:**

25 Please produce all DOCUMENTS, including (though not limited to) text messages, emails,

26 notes, and memoranda which reflect, evidence, or RELATE TO any investigations into complaints

27 of Ramon Martinez racially harassing employees at the TESLA FACTORY.

28

<center>53</center>

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of Ramon Martinez racially harassing employees." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE TO any investigations into complaints of Ramon Martinez racially harassing employees at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any complaints of Judy Timbreza racially harassing employees at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Judy Timbreza racially harassing employees." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints of

54

1  Judy Timbreza racially harassing employees at the TESLA FACTORY." The request

2  impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

3  Defendant objects to this request to the extent it seeks the production of electronically stored

4  information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

5  oppressive in the context of and in proportion to the claims in this action. Defendant also objects

6  to this request to the extent that it seeks documents protected by the attorney-client privilege, the

7  attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

8  Defendant objects to this request to the extent it calls for documents that are protected from

9  disclosure by third party privacy rights under the Federal and California constitutions and

10 applicable statutes.

11 **REQUEST FOR PRODUCTION NO. 29:**

12  Please produce all DOCUMENTS, including (though not limited to) text messages, emails

13 notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

14 of Judy Timbreza racially harassing employees at the TESLA FACTORY.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

16  Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

17 vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into

18 complaints of Judy Timbreza racially harassing employees." Defendant further objects to this

19 request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

20 to any party's claims or defenses or that are not proportional to the needs of this case, especially

21 given that this request seeks the production of all documents, without limitation, that "RELATE

22 to any investigations into complaints of Judy Timbreza racially harassing employees at the TESLA

23 FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims

24 and defenses in this case. Defendant objects to this request to the extent it seeks the production of

25 electronically stored information (including, but not limited to: emails, texts and meta-data) as

26 burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

27 Defendant also objects to this request to the extent that it seeks documents protected by the

28 attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

55

OBJECTIONS TO NOTICE OF DEPOSITION OF         CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1  or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents

2  that are protected from disclosure by third party privacy rights under the Federal and California

3  constitutions and applicable statutes.

4  **REQUEST FOR PRODUCTION NO. 30:**

5       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

6  notes, and memoranda which reflect, evidence, or RELATE to any complaints of Judy Timbreza

7  using racial slurs, including, though not limited to, "nigger," "nigga," or "ninga," at the TESLA

8  FACTORY.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

10       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

11  vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Judy

12  Timbreza using racial slurs, including, though not limited to, 'nigger,' 'nigga,' or 'ninga.'"

13  Defendant further objects to this request as burdensome, oppressive and harassing to the extent

14  that it seeks documents not relevant to any party's claims or defenses or that are not proportional

15  to the needs of this case, especially given that this request seeks the production of all documents,

16  without limitation, that "RELATE to any complaints of Judy Timbreza using racial slurs,

17  including, though not limited to, 'nigger,' 'nigga,' or 'ninga,' at the TESLA FACTORY." The

18  request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in

19  this case. Defendant objects to this request to the extent it seeks the production of electronically

20  stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly

21  and oppressive in the context of and in proportion to the claims in this action. Defendant also

22  objects to this request to the extent that it seeks documents protected by the attorney-client

23  privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of

24  similar effect. Defendant objects to this request to the extent it calls for documents that are

25  protected from disclosure by third party privacy rights under the Federal and California

26  constitutions and applicable statutes.

27  **REQUEST FOR PRODUCTION NO. 31:**

28       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

                                        56

OBJECTIONS TO NOTICE OF DEPOSITION OF                    CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints of Judy Timbreza using racial slurs, including, though not limited to, "nigger," "nigga," or "ninga," at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of Judy Timbreza using racial slurs, including, though not limited to, 'nigger,' 'nigga,' or 'ninga.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any investigations into complaints of Judy Timbreza using racial slurs, including, though not limited to, 'nigger,' 'nigga,' or 'ninga,' at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any complaints of Robert Hidalgo racially harassing employees at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Robert

57

1   Hidalgo racially harassing employees." Defendant further objects to this request as burdensome,

2   oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

3   or defenses or that are not proportional to the needs of this case, especially given that this request

4   seeks the production of all documents, without limitation, that "RELATE to any complaints of

5   Robert Hidalgo racially harassing employees at the TESLA FACTORY." The request

6   impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case.

7   Defendant objects to this request to the extent it seeks the production of electronically stored

8   information (including, but not limited to emails, texts and meta-data) as burdensome, costly and

9   oppressive in the context of and in proportion to the claims in this action. Defendant also objects

10  to this request to the extent that it seeks documents protected by the attorney-client privilege, the

11  attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect.

12  Defendant objects to this request to the extent it calls for documents that are protected from

13  disclosure by third party privacy rights under the Federal and California constitutions and

14  applicable statutes.

15  **REQUEST FOR PRODUCTION NO. 33:**

16          Please produce all DOCUMENTS, including (though not limited to) text messages, emails

17  notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

18  of Robert Hidalgo racially harassing employees at the TESLA FACTORY.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

20          Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

21  vague and ambiguous, including, but not limited to, its use of the phrase "to any investigations

22  into complaints of Robert Hidalgo racially harassing employees." Defendant further objects to this

23  request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

24  to any party's claims or defenses or that are not proportional to the needs of this case, especially

25  given that this request seeks the production of all documents, without limitation, that "RELATE

26  to any investigations into complaints of Robert Hidalgo racially harassing employees at the

27  TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to

28  the claims and defenses in this case. Defendant objects to this request to the extent it seeks the

production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any complaints of Robert Hidalgo using racial slurs, including though not limited to "nigger," "nigga," or "ninga," at the TESLA FACTORY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of Robert Hidalgo using racial slurs, including though not limited to 'nigger,' 'nigga,' or 'ninga'." Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints of Robert Hidalgo using racial slurs, including though not limited to 'nigger,' 'nigga,' or 'ninga,' at the TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by

OBJECTIONS TO NOTICE OF DEPOSITION OF NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

1 │ third party privacy rights under the Federal and California constitutions and applicable statutes.

2 │ **REQUEST FOR PRODUCTION NO. 35:**

3 │     Please produce all DOCUMENTS, including (though not limited to) text messages, emails

4 │ notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

5 │ of Robert Hidalgo using racial slurs, including though not limited to "nigger," "nigga," or "ninga,"

6 │ at the TESLA FACTORY.

7 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

8 │     Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

9 │ vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into

10 │ complaints of Robert Hidalgo using racial slurs, including though not limited to 'nigger,' 'nigga,'

11 │ or 'ninga'." Defendant further objects to this request as burdensome, oppressive and harassing to

12 │ the extent that it seeks documents not relevant to any party's claims or defenses or that are not

13 │ proportional to the needs of this case, especially given that this request seeks the production of all

14 │ documents, without limitation, that "RELATE to any investigations into complaints of Robert

15 │ Hidalgo using racial slurs, including though not limited to 'nigger,' 'nigga,' or 'ninga,' at the

16 │ TESLA FACTORY." The request impermissibly seeks "me too" evidence that is not relevant to

17 │ the claims and defenses in this case. Defendant objects to this request to the extent it seeks the

18 │ production of electronically stored information (including, but not limited to emails, texts and

19 │ meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims

20 │ in this action. Defendant also objects to this request to the extent that it seeks documents protected

21 │ by the attorney-client privilege, the attorney work product doctrine and/or other privileges,

22 │ protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for

23 │ documents that are protected from disclosure by third party privacy rights under the Federal and

24 │ California constitutions and applicable statutes.

25 │ **REQUEST FOR PRODUCTION NO. 36:**

26 │     Please produce all DOCUMENTS, including (though not limited to) text messages, emails

27 │ notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial harassment

28 │ at the TESLA FACTORY from 2010 to the present.

OBJECTIONS TO NOTICE OF DEPOSITION OF
NEXTSOURCE, INC.'S PMK

CASE NO:  3:17-CV-06748-WHO

FPDOCS 35523839.4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial harassment at the TESLA FACTORY from 2010 to the present.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints of racial harassment at the TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints of racial harassment at the TESLA FACTORY from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of racial harassment at the TESLA FACTORY from 2010 to the present.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without

61

1  limitation, that "RELATE to any investigations into complaints of racial harassment at the TESLA

2  FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is

3  not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

4  it seeks the production of electronically stored information (including, but not limited to emails,

5  texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

6  the claims in this action. Defendant also objects to this request to the extent that it seeks documents

7  protected by the attorney-client privilege, the attorney work product doctrine and/or other

8  privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

9  it calls for documents that are protected from disclosure by third party privacy rights under the

10  Federal and California constitutions and applicable statutes.

11  **REQUEST FOR PRODUCTION NO. 38:**

12       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

13  notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial

14  discrimination at the TESLA FACTORY from 2010 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

16       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

17  vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial

18  discrimination at the TESLA FACTORY from 2010 to the present.'" Defendant further objects to

19  this request as burdensome, oppressive and harassing to the extent that it seeks documents not

20  relevant to any party's claims or defenses or that are not proportional to the needs of this case,

21  especially given that this request seeks the production of all documents, without limitation, that

22  "RELATE to any complaints of racial discrimination at the TESLA FACTORY from 2010 to the

23  present." The request impermissibly seeks "me too" evidence that is not relevant to the claims and

24  defenses in this case. Defendant objects to this request to the extent it seeks the production of

25  electronically stored information (including, but not limited to emails, texts and meta-data) as

26  burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

27  Defendant also objects to this request to the extent that it seeks documents protected by the

28  attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

OBJECTIONS TO NOTICE OF DEPOSITION OF            CASE NO:  3:17-CV-06748-WHO
NEXTSOURCE, INC.'S PMK

FPDOCS 35523839.4

1 | or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents
2 | that are protected from disclosure by third party privacy rights under the Federal and California
3 | constitutions and applicable statutes.

4 | **REQUEST FOR PRODUCTION NO. 39:**

5 |      Please produce all DOCUMENTS, including (though not limited to) text messages, emails
6 | notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints
7 | of racial discrimination at the TESLA FACTORY from 2010 to the present.

8 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

9 |      Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,
10 | vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into
11 | complaints of racial discrimination at the TESLA FACTORY from 2010 to the present.'"
12 | Defendant further objects to this request as burdensome, oppressive and harassing to the extent
13 | that it seeks documents not relevant to any party's claims or defenses or that are not proportional
14 | to the needs of this case, especially given that this request seeks the production of all documents,
15 | without limitation, that "RELATE to any investigations into complaints of racial discrimination at
16 | the TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too"
17 | evidence that is not relevant to the claims and defenses in this case. Defendant objects to this
18 | request to the extent it seeks the production of electronically stored information (including, but not
19 | limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and
20 | in proportion to the claims in this action. Defendant also objects to this request to the extent that it
21 | seeks documents protected by the attorney-client privilege, the attorney work product doctrine
22 | and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request
23 | to the extent it calls for documents that are protected from disclosure by third party privacy rights
24 | under the Federal and California constitutions and applicable statutes.

25 | **REQUEST FOR PRODUCTION NO. 40:**

26 |      Please produce all DOCUMENTS, including (though not limited to) text messages, emails
27 | notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial harassment
28 | at the TESLA FACTORY made by Michael Wheeler.

63

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of racial harassment at the TESLA FACTORY made by Michael Wheeler.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without

64

limitation, that "RELATE to any investigations into complaints of racial harassment at the TESLA

FACTORY made by Michael Wheeler." The request impermissibly seeks "me too" evidence that

is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

it seeks the production of electronically stored information (including, but not limited to emails,

texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

the claims in this action. Defendant also objects to this request to the extent that it seeks documents

protected by the attorney-client privilege, the attorney work product doctrine and/or other

privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

it calls for documents that are protected from disclosure by third party privacy rights under the

Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails

notes, and memoranda which reflect, evidence, or RELATE to any complaints of racial harassment

at the TESLA FACTORY made by Plaintiff Owen Diaz.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racial

harassment at the TESLA FACTORY.'" Defendant further objects to this request as burdensome,

oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

or defenses or that are not proportional to the needs of this case, especially given that this request

seeks the production of all documents, without limitation, that "RELATE to any complaints of

racial harassment at the TESLA FACTORY made by Plaintiff Owen Diaz." Defendant objects to

this request to the extent it seeks the production of electronically stored information (including,

but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context

of and in proportion to the claims in this action. Defendant also objects to this request to the extent

that it seeks documents protected by the attorney-client privilege, the attorney work product

doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to

this request to the extent it seeks the production of documents that are equally available to Plaintiff.

65

1  Defendant objects to this request on the grounds that Plaintiff was not an employee of Defendant

2  and this request is therefore inapplicable to Defendant.

3  **REQUEST FOR PRODUCTION NO. 43:**

4        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

5  notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

6  of racial harassment at the TESLA FACTORY made by Plaintiff Owen Diaz.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

8        Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

9  vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into

10  complaints of racial harassment at the TESLA FACTORY.'" Defendant further objects to this

11  request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant

12  to any party's claims or defenses or that are not proportional to the needs of this case, especially

13  given that this request seeks the production of all documents, without limitation, that "RELATE

14  to any investigations into complaints of racial harassment at the TESLA FACTORY made by

15  Plaintiff Owen Diaz." Defendant objects to this request to the extent it seeks the production of

16  electronically stored information (including, but not limited to emails, texts and meta-data) as

17  burdensome, costly and oppressive in the context of and in proportion to the claims in this action.

18  Defendant also objects to this request to the extent that it seeks documents protected by the

19  attorney-client privilege, the attorney work product doctrine and/or other privileges, protections,

20  or doctrines of similar effect. Defendant objects to this request to the extent it seeks the production

21  of documents that are equally available to Plaintiff. Defendant objects to this request on the

22  grounds that Plaintiff was not an employee of Defendant and this request is therefore inapplicable

23  to Defendant.

24  **REQUEST FOR PRODUCTION NO. 44:**

25        Please produce all DOCUMENTS, including (though not limited to) text messages, emails

26  notes, and memoranda which reflect, evidence, or RELATE to any complaints of racist graffiti in

27  the restrooms at the TESLA FACTORY from 2010 to the present. (For the purposes of responding

28  to this interrogatory, the phrase "racist graffiti" includes, though is not limited to, stylized,

66

1   "golliwog"-, "pickaninny"-, or "sambo"-type depictions of African-American individuals; nooses;

2   swastikas; the phrase "white power"; reference to slavery or slave labor; and racial slurs, including,

3   though not limited to, "nigger," "nigga," and "ninga.")

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

5       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

6   vague and ambiguous, including, but not limited to, its use of the phrase "any complaints of racist

7   graffiti in the restrooms at the TESLA FACTORY.'" Defendant further objects to this request as

8   burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any

9   party's claims or defenses or that are not proportional to the needs of this case, especially given

10  that this request seeks the production of all documents, without limitation, that "RELATE to any

11  complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present."

12  The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses

13  in this case. Defendant objects to this request to the extent it seeks the production of electronically

14  stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly

15  and oppressive in the context of and in proportion to the claims in this action. Defendant also

16  objects to this request to the extent that it seeks documents protected by the attorney-client

17  privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of

18  similar effect. Defendant objects to this request to the extent it calls for documents that are

19  protected from disclosure by third party privacy rights under the Federal and California

20  constitutions and applicable statutes.

21  **REQUEST FOR PRODUCTION NO. 45:**

22      Please produce all DOCUMENTS, including (though not limited to) text messages, emails

23  notes, and memoranda which reflect, evidence, or RELATE to any investigations into complaints

24  of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present. (For the

25  purposes of responding to this interrogatory, the phrase "racist graffiti" includes, though is not

26  limited to, stylized, "golliwog"-, "pickaninny"-, or "sambo"-type depictions of African-American

27  individuals; nooses; swastikas; the phrase "white power"; references to slavery or slave labor; and

28  racial slurs, including, though not limited to, "nigger," "nigga," and "ninga.")

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any investigations into complaints of racist graffiti in the restrooms at the TESLA FACTORY.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any investigations into complaints of racist graffiti in the restrooms at the TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any complaints about the use of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA FACTORY from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints about the use of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA FACTORY.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or

68

1  that are not proportional to the needs of this case, especially given that this request seeks the

2  production of all documents, without limitation, that "RELATE to any complaints about the use

3  of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA

4  FACTORY from 2010 to the present." The request impermissibly seeks "me too" evidence that is

5  not relevant to the claims and defenses in this case. Defendant objects to this request to the extent

6  it seeks the production of electronically stored information (including, but not limited to emails,

7  texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to

8  the claims in this action. Defendant also objects to this request to the extent that it seeks documents

9  protected by the attorney-client privilege, the attorney work product doctrine and/or other

10 privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent

11 it calls for documents that are protected from disclosure by third party privacy rights under the

12 Federal and California constitutions and applicable statutes.

13 **REQUEST FOR PRODUCTION NO. 47:**

14       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

15 notes, and memoranda which reflect, evidence, or RELATE to any complaints about the use of

16 racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the TESLA

17 FACTORY from 2010 to the present.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

19       Objection. Defendant objects to this requests as burdensome, oppressive and harassing as

20 it is duplicative of Request No. 46.  Defendant objects to this request on the grounds that it is

21 overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase

22 "any complaints about the use of racial slurs, including, though not limited to, "nigger," "nigga,"

23 and "ninga," at the TESLA FACTORY.'" Defendant further objects to this request as burdensome,

24 oppressive and harassing to the extent that it seeks documents not relevant to any party's claims

25 or defenses or that are not proportional to the needs of this case, especially given that this request

26 seeks the production of all documents, without limitation, that "RELATE to any complaints about

27 the use of racial slurs, including, though not limited to, "nigger," "nigga," and "ninga," at the

28 TESLA FACTORY from 2010 to the present." The request impermissibly seeks "me too"

69

1  evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

2  request to the extent it seeks the production of electronically stored information (including, but not

3  limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

4  in proportion to the claims in this action. Defendant also objects to this request to the extent that it

5  seeks documents protected by the attorney-client privilege, the attorney work product doctrine

6  and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

7  to the extent it calls for documents that are protected from disclosure by third party privacy rights

8  under the Federal and California constitutions and applicable statutes.

9  **REQUEST FOR PRODUCTION NO. 48:**

10       Please produce all DOCUMENTS, including (though not limited to) text messages, emails

11  notes, and memoranda which reflect, evidence, or RELATE to any complaints about retaliation

12  for complaining of racial harassment at the TESLA FACTORY from 2010 to the present day.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

14       Objection. Defendant objects to this request on the grounds that it is overbroad, uncertain,

15  vague and ambiguous, including, but not limited to, its use of the phrase "any complaints about

16  retaliation for complaining of racial harassment at the TESLA FACTORY.'" Defendant further

17  objects to this request as burdensome, oppressive and harassing to the extent that it seeks

18  documents not relevant to any party's claims or defenses or that are not proportional to the needs

19  of this case, especially given that this request seeks the production of all documents, without

20  limitation, that "RELATE to any complaints about retaliation for complaining of racial harassment

21  at the TESLA FACTORY from 2010 to the present day." The request impermissibly seeks "me

22  too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this

23  request to the extent it seeks the production of electronically stored information (including, but not

24  limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and

25  in proportion to the claims in this action. Defendant also objects to this request to the extent that it

26  seeks documents protected by the attorney-client privilege, the attorney work product doctrine

27  and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request

28  to the extent it calls for documents that are protected from disclosure by third party privacy rights

70

under the Federal and California constitutions and applicable statutes.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce all DOCUMENTS, including (though not limited to) text messages, emails notes, and memoranda which reflect, evidence, or RELATE to any complaints about retaliation for complaining of racial harassment at the TESLA FACTORY from 2010 to the present day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Objection. Defendant objects to this requests as burdensome, oppressive and harassing as it is duplicative of Request No. 48. Defendant objects to this request on the grounds that it is overbroad, uncertain, vague and ambiguous, including, but not limited to, its use of the phrase "any complaints about retaliation for complaining of racial harassment at the TESLA FACTORY.'" Defendant further objects to this request as burdensome, oppressive and harassing to the extent that it seeks documents not relevant to any party's claims or defenses or that are not proportional to the needs of this case, especially given that this request seeks the production of all documents, without limitation, that "RELATE to any complaints about retaliation for complaining of racial harassment at the TESLA FACTORY from 2010 to the present day." The request impermissibly seeks "me too" evidence that is not relevant to the claims and defenses in this case. Defendant objects to this request to the extent it seeks the production of electronically stored information (including, but not limited to emails, texts and meta-data) as burdensome, costly and oppressive in the context of and in proportion to the claims in this action. Defendant also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other privileges, protections, or doctrines of similar effect. Defendant objects to this request to the extent it calls for documents that are protected from disclosure by third party privacy rights under the Federal and California constitutions and applicable statutes.

DATE: June 13, 2019

FISHER & PHILLIPS LLP

By: ______________________

Jason A. Geller
Juan C. Araneda
Vincent J. Adams
Attorneys for Defendant nextSource, Inc.

1

**CERTIFICATE OF SERVICE**

2

     I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of

3

Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

4

     On June 13, 2019, I served **DEFENDANT NEXTSOURCE, INC.'S OBJECTIONS**

5

**TO PLAINTIFFS' FIRST AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF NEXTSOURCE, INC.'S PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R.**

6

**CIV. P. 30(b)(6); AND REQUEST FOR PRODUCTION OF DOCUMENTS** on all appearing and/or interested parties as follows:

7

8

| | |
|---|---|
| Lawrence A. Organ | *Attorneys for Plaintiffs* |
| Navruz Avloni | *DEMETRIC DI-AZ, OWEN DIAZ and* |
| California Civil Rights Law Group | *LAMAR PATTERSON* |
| 332 San Anselmo Avenue | |
| San Anselmo, CA 94960 | |
| | Tel.:  (415) 453-4740 |
| | Fax:  (415) 785-7352 |
| | Email: larry@civilrightsca.com |
| | navruz@civilrightsca.com |

9

10

11

12

13

14

  ☒  **[By messenger service.]**  I served the document(s) by placing it/them in envelopes or packages addressed to the persons at the addresses listed above and providing them to a

15

professional messenger for service.

16

17

  ☒  **FEDERAL -** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

Executed on June 13, 2019, at San Francisco, California.

19

20

                    */s/ Catherine Schmitz*
                    Catherine Schmitz

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2        I, the undersigned, am employed in the County of San Francisco, State of California.  I
am over the age of 18 and not a party to the within action; am employed with the law offices of
3  Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San
Francisco, California 94111.

4

5        On June 13, 2019, I served **DEFENDANT NEXTSOURCE, INC.'S OBJECTIONS
TO PLAINTIFFS' FIRST AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF
NEXTSOURCE, INC.'S PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R.
6  CIV. P. 30(b)(6); AND REQUEST FOR PRODUCTION OF DOCUMENTS** on all appearing
and/or interested parties as follows:

7

| | |
|---|---|
| Tracey A. Kennedy<br>Sheppard, Mullin, Richter & Hampton LLP<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA  90071 | *Attorneys for Defendant*<br>*TESLA, INC. dba TESLA MOTORS, INC.*<br><br>Tel.:   (213) 620-1780<br>Fax:   (213) 620-1398<br>Email: tkennedy@sheppardmullin.com |
| Patricia M. Jeng<br>Reanne Swafford-Harris<br>Sheppard, Mullin, Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA  94111 | *Attorneys for Defendant*<br>*TESLA, INC. dba TESLA MOTORS, INC.*<br><br>Tel.:   (415) 434-9100<br>Fax:   (415) 434-3947<br>Email: pjeng@sheppardmullin.com<br>rswafford-harris@sheppardmullin.com |
| Gary T. Lafayette<br>Cheryl A. Stevens<br>Lafayette & Kumagai<br>1300 Clay Street, Suite 810<br>Oakland, CA  94612 | *Attorneys for Defendant*<br>*CITISTAFF SOLUTIONS*<br><br>Tel.:   (415) 357-4600<br>glafayette@lkclaw.com<br>cstevens@lkclaaw.com |
| Fenn C. Horton, III<br>Helene Anastasia Simvoulakis<br>Pahl & McKay<br>225 West Santa Clara Street, Suite 1500<br>San Jose, CA  95113 | *Attorneys for Defendant*<br>*WEST VALLEY STAFFING GROUP*<br><br>fhorton@pahl-mccay.com<br>hsimvoulakis@pahl-mccay.com |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Roger M. Mansukhani<br>Craig D. Nickerson<br>Megan L. Hayati<br>Nathan R. Brogden<br>Gordon Rees Scully Mansukhani, LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA  92101 | *Attorneys for Defendant*<br>*CHARTWELL STAFFING SERVICES, INC.*<br><br>Tel.:   (213) 270-7868<br>Fax:   (619) 696-7124<br>Email: rmansukhani@grsm.com<br>         cnickerson@grsm.com<br>         mhayati@grsm.com<br>         mbrogden@grsm.com |

☒ **[by MAIL]**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[By Electronic Submission.]**  I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s).  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **FEDERAL -** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 13, 2019, at San Francisco, California.

_____
    */s/ Catherine Schmitz*
    Catherine Schmitz