SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
NAMAL TANTULA, Cal. Bar No. 247373
BRETT YOUNG, Cal. Bar No. 305657
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
Email:    tkennedy@sheppardmullin.com
          ntantula@sheppardmullin.com
          byoung@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
SUSAN HAINES, Cal. Bar No. 224611
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:    pjeng@sheppardmullin.com
          shaines@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. dba TESLA MOTORS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, AND LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC. dba TESLA MOTORS, INC.'S OBJECTIONS AND COUNTER-DESIGNATIONS TO PLAINTIFF'S DESIGNATION OF ERIN MARCONI DEPOSITION TESTIMONY**<br><br>Trial Date;          September 24, 2021<br>Complaint Filed:  October 16, 2017 |

Defendant, Tesla, Inc. dba Tesla Motors, Inc., hereby objects and counter-designates the following

deposition excerpts from Erin Marconi, Tesla Human Resources Business Partner, for presentation via

video in response to Plaintiff's designation as part of his case in chief as follows:

Marconi, Erin 10/21/19, Volume 1

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| 1 | 13:17-13:24 | 17 **What did you do after you left Volt as a** 18 **program manager?** 19 A I went to Tesla as an HR business partner. 20 **Q So that would be approximately 2013?** 21 A Correct. 22 **Q How long were you an HR business partner at** 23 **Tesla?** 24 A Until January 2017. | Counter-designation.  Rule of completeness.  FRE 106. **13:25-14:5** **25 Q And what was your job title after you – after** **1 January 2017?** **2 A I took a time off work. I had been a** **3 caregiver for my mother.** **4 Q And have you worked at Tesla since that time?** **5 A No.** |
| 2 | 14:09-14:21 | 9 **Q Okay. What were the job duties of an HR** 10 **business partner in your role?** 11 A Strategic partner with the business management 12 teams from work planning, succession planning. Time to 13 time would help out if recruiting was needed, but that 14 wasn't primary. 15 A lot of HR generalist at the beginning. That 16 went away as we grew. Employee relations, 17 investigations, performance management. Employee 18 engagement. 19 **Q It sounds like --** 20 A Probably about covers it. A little bit of 21 everything. | |
| 3 | 15:03-15:05 | 3 **Q Okay. So investigations were part of your job** 4 **as an HR business partner; is that right?** 5 A Correct. | |
| 4 | 27:12-27:15 | 12 **Q But the HR business partner team that you were** 13 **part of was in charge of handling, among other things,** 14 **complaints about discrimination or harassment; right?** 15 A Correct. | |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|---------------------------------|
| 5 | 33:17-33:20 | 17 **Q Okay. But it's fair to say that you at least** 18 **understood what Tesla's policies were in terms of** 19 **anti-discrimination and anti-harassment; right?** 20 A Correct | |
| 6 | 35:02-35:07 | 2 **Q So with that understanding of the definition** 3 **of n- --- of the n-word, is it your understanding that** 4 **Tesla's anti-harassment and anti-discrimination** 5 **zero-tolerance policies prohibit use of the n-word at** 6 **the Tesla facility?** 7 A Yes. | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 7 | 36:05-13 | 5 **Q Okay. And if you had known about someone** 6 **using the n-word at the Tesla factory, that would** 7 **certainly be something that you would investigate;** 8 **correct?** 9 A Absolutely. 10 **Q And the reason that you would investigate that** 11 **is use of the n-word at the Tesla factory could create a** 12 **hostile work environment for other workers; right?** 13 A Correct. | Testimony presents deponent with a hypothetical and asks for improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>If testimony allowed, counter-designation under the rule of completeness.  FRE 106.<br><br>**37:4-6** 4 **Do you recall ever investigating a claim where** 5 **it was alleged that the n-word was used?** 6 A Not specifically. |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| 8 | 39:02-39:08 | 2 **Q Was there ever any kind of meeting among HR** 3 **professionals about, like, sensitivity training or how** 4 **to address a situation where the n-word was being used** 5 **in the workplace?** 6 A Specifically regarding the n-word? 7 **Q Yeah.** 8 A No. | Counter-designation.  Rule of completeness.  FRE 106.<br><br>**38:5-15**<br>5 **Q I see.**<br>6 **It's fair to say that the HR team that did**<br>7 **investigations would talk to each other about what was**<br>8 **going on in the workplace; is that true?**<br>9 A As needed.<br>10 **Q And certainly if the n-word had been used in**<br>11 **the workplace there, that would be a fairly big issue.**<br>12 **Is that true, from an HR perspective?**<br>13 A Yes, it would be a big issue, but don't know<br>14 that that would necessarily mean it would be discussed<br>15 in a group. Investigations were need-to-know |
| 9 | 42:21-43:05 | 21 **Q Okay. But under Tesla's guidelines or** 22 **policies for anti-harassment complaints, if a member of** 23 **the leadership team, supervisor, manager, director,** 24 **received a complaint of harassment, they were to at** 25 **least inform HR that they had received such a complaint;** 1 **is that true?** 2 A Yes. 3 **Q And that was true throughout the time that you** 4 **worked at Tesla; right?** 5 A Yes. | |
| 10 | 49:07-23 | 7 **Q In fact, every -- every employer has a duty to** 8 **make sure that its workers are working in an environment** 9 **that is harassment-free; right?** 10 A Correct. 11 **Q And that would include harassment based on sex** 12 **or race or any of those other prohibited categories;** | Designated testimony asks for obligations and duties of an employer and an employer in California, essentially requesting a legal opinion. Testimony is improper lay opinion, hypothetical offered is |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|-------------------------------|
| | | 13 **right?**<br>14 A Yes.<br>15 **Q Similarly, every employer is -- has a duty to**<br>16 **make sure that once it knows about harassment, that it**<br>17 **takes some sort of corrective action to make sure that**<br>18 **the harassment doesn't continue; right?**<br>19 A Yes.<br>20 **Q And in California, every employer must take**<br>21 **all reasonable steps necessary to prevent discrimination**<br>22 **and harassment from occurring; right?**<br>23 A Yes. | not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 11 | 51:02-12 | 2 **Q You would agree that it's never okay to use**<br>3 **the n-word in the workplace?**<br>4 A Correct.<br>5 **Q And you'd also agree that it's never okay to**<br>6 **make offensive drawings that could be racial in nature;**<br>7 **right?**<br>8 A Correct.<br>9 **Q You'd agree that every employer has a duty to**<br>10 **provide a workplace where employees are not using the**<br>11 **n-word towards other employees?**<br>12 A Yes. | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 12 | 51:23-52:10 | 23 **If -- if a Tesla worker complains about**<br>24 **harassment to their supervisor, that meets their at**<br>25 **least initial burden under Tesla's policies for**<br>1 **reporting harassment; right?**<br>2 A Yes.<br>3 **Q And under Tesla policies, supervisors are**<br>4 **supposed to report issues relating to harassment to**<br>5 **their managers and to HR?**<br>6 A Yes.<br>7 **Q Similarly, if an employee wanted to report an**<br>8 **issue of harassment to a manager, that would satisfy** | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| | | 9 **Tesla's reporting requirements; right?**<br>10 A Yes. | harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 13 | 55:23-56:04 | 23 Q And in terms of the standards, the<br>24 **anti-discrimination, anti-harassment policy standards**<br>25 **that applied to workers at the Tesla factory, those**<br>1 **standards applied to both regular full-time Tesla**<br>2 **employees and to the temporary workers who were working**<br>3 **at the plant; right?**<br>4 A Yes. | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 14 | 56:22-57:04 | 22 **Q A temporary worker would be doing a task that**<br>23 **a Tesla employee might also do; is that true?**<br>24 A Yes.<br>25 **Q And a temporary worker could also -- would at**<br>1 **-- there would be at least some**<br>2 **reporting structure to a Tesla employee, is that right,**<br>3 **for a temporary worker?**<br>4 A Correct | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Deposition does not establish that deponent has personal knowledge of the alleged fact to which she testified.  FRE 602.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|---|---|---|
| | | | If testimony is permitted, Tesla requests the following counter-designation under the rule of completeness.  FRE 106.<br><br>**57:5-7**<br>**5 Q And so even if they're --**<br>**6 A And then a dotted line to their actual**<br>**7 employer.** |
| 15 | 58:10-15 | 10 Q Okay. And if someone does complain about what<br>11 they consider to be inappropriate conduct, and they feel<br>12 threatened, you would agree that as a Tesla HR person,<br>13 you would still have a responsibility to make sure that<br>14 nothing happened to them further; right?<br>15 A Oh, absolutely | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403.<br><br>If testimony is permitted, Tesla requests the following counter-designations under the rule of completeness.  FRE 106.<br><br>**57:21-58:9**<br>21 but as far as -- like I wouldn't want to investigate for<br>22 West Valley for their employee. I would be happy to<br>23 facilitate.<br>24 Does that make sense?<br>25 Q So Tesla's HR role for a complaint by a<br>Page 58 |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|---|---|---|
| | | | 1 **temporary worker would be to facilitate the** 2 **investigation. Is that true typically?** 3 A Primary first thing would be obviously, 4 depending on what that is, are they comfortable or do 5 they feel threatened. Those kind of things you want to 6 take care of in the immediate. 7 The next thing I would do is get them 8 connected with the person that would have been my role 9 for their employer.<br><br>**58:16-59:5, 59:8-21**<br><br>**16 Q And as a Tesla HR person, if someone had** **17 complained about like threatening conduct or feeling** **18 that they were threatened, you would at least have to** **19 make that workplace safe for them from that point that** **20 you find out about it on; right?** 21 A In the immediate, absolutely. If then it 22 was -- the investigation was conducted and it, say, only 23 involved temporary people that were all under West 24 Valley -- **25 Q Yeah.** 1 A -- if West Valley investigated it and came 2 back and said there wasn't actually an issue, I'm going 3 to believe that West Valley did their investigation |

DEFENDANT TESLA, INC.'S OBJECTIONS TO MARCONI DEPOSITION TESTIMONY

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|---|---|---|
| | | | 4 thoroughly and if there was something to address, 5 addressed it. **8 You -- you typically rely on the contract -- 9 contracting agency to do an investigation into 10 complaints by their employees; is that right?** 11 A If it is involving other of their employees. 12 If it is involving Tesla employees, then I 13 would talk to probably Tesla employees, they would talk 14 to their employees. 15 If the stars align and everyone was in the 16 building or in the same side of the country and we would 17 help -- sometimes that I had been there when they were 18 interviewing their employee and vice versa. But I 19 wouldn't -- my preference would not be to interview 20 someone else's employee, and especially not without them 21 present. |
| 16 | 59:22-60:10 | 22 Q In terms of Tesla's duty, though, to all of **23 its employees, it has a -- it has a duty to both its 24 regular employees and the contractors to make sure that 25 all of those people work in a work environment free from** 1 harassment or discrimination based on race; right? 2 A Correct. **3 Q And so if -- if Tesla HR became aware of a 4 problem, let's say use of the n-word or use of racial 5 drawings, Tesla would still have to make sure that that 6 conduct stopped; right?** 7 A Assuming that an investigation found that that 8 conduct did happen? 9 Q Right. | Improper lay opinion, hypotheticals offered are not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702. Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|---|---|---|
| | | 10 A Then yes. | and would confuse the jury. FRE 401-403. |
| 17 | 61:10-14 | 10 Q And if someone is complaining about conduct,<br>11 do they have to complain in writing or can they also<br>12 complain verbally about inappropriate conduct in the<br>13 workplace at Tesla?<br>14 A Either. | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 18 | 62:9-13 | 9 Q And, similarly, if a person doesn't use<br>10 "discrimination" or "harassment" in their complaint,<br>11 they can still be complaining about what's<br>12 discrimination or harassment; right?<br>13 A Correct. | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 19 | 64:24-65:04 | 24 Q Tesla had video cameras throughout the<br>25 facility; is that true?<br>1 A Correct.<br>2 Q And if there was an altercation, would you<br>3 like to see if there was video footage of the incident?<br>4 A Absolutely. | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| | | | witness; this is impermissible expert opinion.  FRE 702.<br><br>Whether deponent "would like" to see video footage of a hypothetical altercation has no bearing on Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury.  FRE 401-403. |
| 20 | 67:08-67:13 | 8 There were numerous situations where Tesla<br>9 employees were supervising temporary workers who were<br>10 employed by contractors; right?<br>11 A Who were -- like a West Valley?<br>12 Q Yeah.<br>13 A Yes. | Testimony is not relevant. Plaintiff was not a West Valley employee and testimony would confuse the jury.  FRE 401-403. |
| 21 | 69:03-69:11 | 3 Q Okay. But based on the contract that you knew<br>4 about that Volt had with Tesla, it was understood that<br>5 the Volt temporary workers would be subject to Tesla's<br>6 policies for working at that facility; right?<br>7 MS. KENNEDY: Objection. Vague as to<br>8 "understood."<br>9 You may respond.<br>10 THE WITNESS: Yes, as well as their<br>11 employer's | Testimony is not relevant. Plaintiff was not a Volt employee and there are no Volt employees identified in Plaintiff's witness list. Testimony would confuse the jury.  FRE 401-403. |
| 22 | 69:22-70:04 | 22 Temporary workers who were working through a<br>23 staffing agency at a Tesla facility had to follow the<br>24 rules and regulations of the staffing agency and of<br>25 Tesla?<br>1 A Yes.<br>2 Q And that was true throughout the time that you<br>3 worked at Tesla; right?<br>4 A Yes. | Testimony seeks improper lay opinion because testimony is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702. |
| 23 | 72:19-73:19 | 19 A Yes.<br>20 Q Does this remind you of this situation where<br>21 Mr. Dennis alleged that he had been called the n-word by<br>22 Javier Temores? | Tesla moved to exclude the exhibit shown to deponent (Plaintiff's Trial Exhibit 106) and any witness testimony |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|-------------------|-------------------------------|
|   |       | 23 **Oh, no. I'm sorry. It's just the opposite.** <br> 24 **Troy Dennis apparently called Javier the** <br> 25 **n-word; is that right? Yeah. Do you see that?** <br> 1 A Yes. <br> 2 **Q Okay. So you would have received this because** <br> 3 **you're copied on the email; right?** <br> 4 A If I was in then. <br> 5 **Q Okay. And do you remember if -- do you** <br> 6 **remember what happened as a result of this issue?** <br> 7 A I do not. <br> 8 **Q If you look at the top email, Mr. Romero, Ed** <br> 9 **Romero, indicates that he is -- he's going to do an** <br> 10 **investigation into those incidents. Do you see that?** <br> 11 A I -- yes. <br> 12 **Q Do you remember whether or not you received** <br> 13 **any information about an investigation by Ed Romero into** <br> 14 **the allegation by Javier that Troy Dennis called him the** <br> 15 **n-word?** <br> 16 A I don't specifically recall it. And since the <br> 17 names don't -- I -- my first question would be if they <br> 18 are Tesla employees, or if they are nextSource employees <br> 19 since he's sending it to Wayne. | regarding the exhibit in Motion *In Limine* No. 2.  The Court (Dkt. No. 207) reserved ruling on these exhibits until the time of trial.  Tesla incorporates the arguments in its Motion by reference.  The exhibit here has no relevance to Plaintiff's claims:  it did not involve Plaintiff and it did not involve any of Plaintiff's alleged harassers. <br><br> Moreover, the deponent lacks personal knowledge regarding the exhibit.  FRE 602.  Deponent cannot remember if she received the email even though she was *copied* on it because she did not know whether she was in.  Deponent testified that she was a care giver for her mother (14:2-3) that during the 2015 to 2016 time period (39:15-24) "I was out on FMLA for a while, and then the nature of what it was had me in and out a lot -- . . -- for that time period."  Deponent did not confirm she received the email.  She did not recall what happened as to the issue raised by the email.  She testified "I don't specifically recall it." (73:12-16). <br><br> Deponent's lack of personal knowledge about this email is confirmed because she does not know who Wayne Jackson (also on the email) was and she had never met him. |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| | | | The designated testimony is hearsay and consists of Plaintiff's counsel asking deponent if she "saw" sections of the email. FRE 802. |
| 24 | 73:20-74:08 | 20 Q Okay. Wayne Jackson was one of the nextSource<br>21 **representatives working at -- working for nextSource at**<br>22 **the plant; is that right?**<br>23 A I am not completely sure. I don't recall ever<br>24 meeting him face to face. NextSource wasn't set up the<br>25 way that temporary workers were.<br>1 Q NextSource was actually more of a conduit for<br>2 **other staffing agencies, wasn't it?**<br>3 A My understanding is they were brought on<br>4 statement of work project or on a PO, but I don't<br>5 have -- can't confirm that.<br>6 **Q Okay. Do you recall what the statement of**<br>7 **work was about?**<br>8 A I do not. | Deponent lacks personal knowledge.  She does not know Wayne Jackson or have information about how nextSource had a relationship with Tesla.  FRE 602. Deponent specifically testified that she did not have any knowledge about the nextSource contract or relationship because "I wasn't involved in any of the contract."  (18:11-20). |
| 25 | 74:16-76:23 | 16 **Q Exhibit 188 is a three-page document**<br>17 **Bates-stamped Tesla 916 to 918, and it has some emails**<br>18 **from an Arturo Esquer. Do you know who that was?**<br>19 A Yes.<br>20 **Q Who was Arturo Esquer?**<br>21 A At that time I believe he was either a senior<br>22 manager or a director of general assembly.<br>23 **Q And then it's also copied to Charles Shin.**<br>24 **Well, it was sent to you; right? Do you**<br>25 **remember receiving this?**<br>1 A Yes.<br>2 **Q Okay. And Charles Shin, what was his job?**<br>3 A Manager in assembly, if my memory is correct.<br>4 **Q Okay.**<br>5 A Or senior manager. I don't know his title<br>6 exactly.<br>7 **Q And then it's got Josh Hedges. He was in HR,**<br>8 **wasn't he? As a cc, up at the top there?**<br>9 A Yes.<br>10 **Q What was Josh's role in HR at that time?**<br>11 A I don't know his title. He was either<br>12 directly or one step away from all of the manufacturing<br>13 HR business partners.<br>14 **Q Okay.**<br>15 A I believe by then it had kind of gone into | Tesla moved to exclude the exhibit shown to deponent (Plaintiff's Trial Exhibit 107) and any witness testimony regarding the exhibit in Motion *In Limine* No. 2.  The Court (Dkt. No. 207) reserved ruling on these exhibits until the time of trial.  Tesla incorporates the arguments in its Motion by reference.  The exhibit here has no relevance to Plaintiff's claims:  it is dated *after* Plaintiff's work at Tesla ended; it did not involve Plaintiff; it did not involve any of Plaintiff's alleged harassers; and it was not in Plaintiff's work area.<br><br>Deponent has no personal knowledge and testifies that she does not remember and she did not "believe I was the one that |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|-------------------------------|
| | | 16 groups.<br>17 **Q Okay.**<br>18 **And then it's got an Al Franco. He was an**<br>19 **assistant manager at that time; is that right?**<br>20 A I believe so.<br>21 **Q There's an email, if you look at April 29th of**<br>22 **2016, that says:**<br>23 **"Do an investigation, please,"**<br>24 **to Al or Jose. So who's Jose?**<br>25 A He would have probably by that time been the<br>1 counterpart to Al.<br>2 **Q I see.**<br>3 A One probably had days, and one was nights.<br>4 **Q Okay. And this involved an incident where**<br>5 **someone had put on an instrument panel the**<br>**phrase "Fuck**<br>6 **nigga"; correct? If you look at the third page.**<br>7 A Correct.<br>8 **Q And do you remember what happened as a result**<br>9 **of this investigation?**<br>10 A I do not because I don't believe I was the one<br>11 that ended up actually investigating or I would<br>12 remember.<br>13 **Q Do you recall who ended up investigating**<br>14 **this -- the fn-word?**<br>15 A I do not.<br>16 **Q Okay. This would have been a serious**<br>17 **allegation, though; correct?**<br>18 A Oh, absolutely.<br>19 **Q I mean, you had -- and this is a situation**<br>20 **where you had direct proof that there's a racial term**<br>21 **used; right?**<br>22 A Correct.<br>23 **Q So -- okay.** | ended up actually investigating or I would remember" (76:8-12) and that she did not know who ended up investigating (76:13-15).<br><br>The testimony 76:16-23, seeks improper expert testimony from deponent asking her to evaluate the situation and reach conclusions about the issue raised in the email.  This is improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701.  Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702. |
| 26 | 80:21-82:3 | 21 **Q Okay. Tell me about that. What was the**<br>22 **situation in which you did some sensitivity training for**<br>23 **a group relative -- was it relative to the n-word or was**<br>24 **it --**<br>25 A No.<br>1 **t was the -- tell me about the**<br>2 **situation where you did sensitivity training for a**<br>3 **group.**<br>4 A It was an offensive drawing that we were<br>5 unable to determine who did the drawing. And I say<br>6 "offensive"; it was a sexual drawing that clearly<br>7 offended folks.<br>8 That department was, I believe, over 500 | Testimony about an unrelated incident of sexual harassment at an unknown point in time has no relevance to Plaintiff's race-based allegations.  The designated testimony would confuse and mislead the jurors.  FRE 401-403. |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|-------------------|-------------------------------|
|   |       | 9 people. So we brought everyone together each shift,<br>10 went over how that was not okay; if we ever could find<br>11 out who it was, it wouldn't be tolerated.<br>12 An investigation couldn't pinpoint who it was<br>13 because there wasn't a camera in that particular area,<br>14 we addressed the whole entire team, and then did<br>15 sensitivity training that covered pretty much<br>16 everything.<br>17 And even if I tell you a joke about the sky<br>18 being blue and you think it's funny today and you don't<br>19 tomorrow, then I can't tell you that joke anymore.<br>**20 Q Do you remember what department it was in?**<br>21 A I think it was stamping.<br>**22 Q Okay. In terms of the drawing -- I don't mean**<br>**23 to offend you or anything, but can you describe the**<br>**24 sexual drawing that you ended up having to do**<br>**25 sensitivity training for.**<br>1 A If I recall correctly, somebody put boobs on<br>2 like -- you know the male/female symbols on bathrooms?<br>3 Somebody drew boobs. |   |
| 27 | 84:17-85:09 | **17 That sensitivity training came out of the fact**<br>**18 that there were these -- there was a visual harassment**<br>**19 in this -- the boobs on the bathroom door.**<br>**20 Is that what caused the training to come**<br>**21 about?**<br>22 A Yes. Someone was offended by the boobs drawn.<br>**23 Q Okay. And how was the decision made as a**<br>**24 result of that to do a sensitivity training? Why was**<br>**25 that the outcome?**<br>1 make sure that everyone<br>2 understood what the expectation was, and if it makes<br>3 someone uncomfortable, it's not okay.<br>**4 Q Right. Okay.**<br>**5 And do you recall any other sensitivity**<br>**6 trainings that were done relative to either race or sex**<br>**7 issues that you were involved in?**<br>8 A Not that I recall. I mean, other than your<br>9 regular annual required of supervisor and above. | Testimony about an unrelated incident of sexual harassment at an unknown point in time has no relevance to Plaintiff's race-based allegations.  The designated testimony would confuse and mislead the jurors. FRE 401-403. |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|-------------------------------|
| 28 | 85:21-87:04 | 21 Q Okay. Now, I'm going to show you what has 22 been previously marked as Exhibit 37. And just so the 23 **record is clear, Exhibit 37 is a three-page document** 24 **Bates-stamped Tesla 35 through 37, and it's a complaint** 25 **by Owen Diaz about a racist drawing, or what he** 1 **considered to be a racist drawing.** 2 **And I'm wondering if you recall seeing this** 3 **email, or the picture that's attached.** 4 A I don't recall seeing the picture, and I don't 5 specifically recall seeing it, given the time. It very 6 well could have been something that I was -- "Here's a 7 heads-up" kind of thing, and I just don't recall. 8 Q Okay. Okay. 9 **Based on your -- you just read the complaint** 10 **by Mr. Diaz from January 22nd, 2016. Based on that** 11 **complaint and in your experience as a professional HR** 12 **person, would that be sufficient to trigger an** 13 **investigation, in your mind, his complaint along with** 14 **the pictures?** 15 A Yes. 16 **Q And would -- as a trained investigator, given** 17 **this written information and the confirming picture,** 18 **would you expect there to be an investigation as a** 19 **result of that?** 20 A Yes. 21 **Q If you were conducting the investigation,** 22 **would you interview the people that are identified in** 23 **Mr. Diaz's email?** 24 A Depending on if they were Tesla employees or 25 employees of another company, either I would if they 1 were Tesla employees, or I would ask that the primary 2 employer, for lack of a better way to put it, did. And 3 if it was a combination, work together if at all 4 possible. | The designated testimony refers to Exhibit 37, and deponent does not recall seeing the email or the picture.  Plaintiff lacks personal knowledge.  Deponent later confirmed (133:24-135:4) that she was not the person "that investigated that issue."  FRE 602.  The designated testimony asks deponent to review emails about which she has no personal knowledge or involvement and seeks her opinion based on her "experience as a professional HR person."  This is improper lay opinion not "rationally based on the perception of the witness" as required by FRE 701.  Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.  The designated testimony is more prejudicial than probative and would confuse the jury.  FRE 403. |
| 29 | 88:20-89:07 | 20 **So if Michael Wheeler and the Israel -- the** 21 **guy whose name is Israel in this were both Tesla** 22 **employees, those interviews you would expect would be** | The designated testimony refers to Exhibit 37, and deponent does not recall seeing the email or the picture.  Plaintiff lacks personal knowledge.  Deponent |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|-------------------------------|
| | | 23 done by Tesla HR, and then the interviews -- assuming<br>24 that Ramon Martinez and Owen Diaz are temporary<br>25 employees working through a staffing agency, you would<br>1 interviewed by their<br>2 respective contracting agencies; correct?<br>3 A Correct.<br>4 I have had occasion to that whoever was on<br>5 site for, say, West Valley wasn't well versed or<br>6 comfortable. So if that kind of situation came up, I<br>7 would assist, but would make sure that they were there. | later confirmed (133:24-135:4) that she was not the person "that investigated that issue." FRE 602.<br><br>The designated testimony asks deponent to review emails about which she has no personal knowledge or involvement and seeks her opinion based on her "experience as a professional HR person." This is improper lay opinion not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion. FRE 702.<br><br>The designated testimony is more prejudicial than probative and would confuse the jury. FRE 403. |
| 30 | 97:12-98:05 | 12 Q If you look at Mr. Diaz's statement on Tesla<br>13 22, which is the third page of Exhibit 128, and you look<br>14 down at the bottom of what his statement is, he says<br>15 that:<br>16 "As a supervisor or leads, we are held to<br>17 a higher standard because the people we<br>18 supervise look to us as examples."<br>19 Is that -- is that a true statement for people<br>20 who were acting as leads or supervisors at Tesla, that<br>21 they were examples for other employees?<br>22 A Absolutely for Tesla employees.<br>23 Q Okay. And if a supervisor --<br>24 A I'm not aware of anybody that was working as a<br>25 lead or a supervisor that wasn't a Tesla employee.<br>1 Q Okay. But regardless, even if someone was a<br>2 temporary worker through a staffing agency, if they were<br>3 working in a lead position, they would need to adhere to | The designated testimony refers to Exhibit 128 and deponent does not recall seeing the email or the picture. Plaintiff lacks personal knowledge. Deponent later confirmed (133:24-135:4) that she was not the person "that investigated that issue." FRE 602.<br><br>The designated testimony asks deponent to review emails about which she has no personal knowledge or involvement and seeks her opinion. This is improper lay opinion not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| | | 4 **Tesla policies; right?** 5 A I believe so. | by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.  The designated testimony is more prejudicial than probative and would confuse the jury. FRE 403. |
| 31 | 99:22-100:20 | 22 **You understand that this drawing that's on the** 23 **fourth page of Exhibit 128, that that drawing is a** 24 **drawing that could be offensive to African Americans?** 25 A Yes. 1 **Q Right?** 2 A Yes. 3 **Q And it's a caricature that historically was** 4 **used -- it's been called a "pickaninny." Have you heard** 5 **that expression before?** 6 A Yes. 7 **Q And it was historically -- this drawing with** 8 **the bone in the hair was historically a way to put down** 9 **African Americans; right?** 10 A That's my understanding. 11 **Q So if you had understood that Mr. Martinez had** 12 **admitted to putting this poster -- to putting this** 13 **drawing up, and also to have threatened Mr. Diaz** 14 **previously, you would expect that Mr. Martinez would be** 15 **fired pursuant to Tesla policy, wouldn't you?** 16 A Assuming all of that is true -- 17 **Q Yeah.** 18 A -- I wouldn't presume what nextSource does, 19 but I would ask them not to have him return to an 20 assignment at Tesla. | The designated testimony refers to Exhibit 128 and deponent does not recall seeing the email or the picture.  Plaintiff lacks personal knowledge.  Deponent later confirmed (133:24-135:4) that she was not the person "that investigated that issue." FRE 602.  The designated testimony asks deponent to review emails about which she has no personal knowledge or involvement and seeks her opinion.  This is improper lay opinion not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.  The designated testimony is more prejudicial than probative and would confuse the jury. FRE 403. |
| 32 | 100:22-101:07 | 22 **Now, if you go on to Mr. Diaz's statement:** 23 **..."and because nothing has been done, it** 24 **seems that his behavior is getting worse."** 25 **That would be a concern to you as a Tesla** 1 **it, if conduct is getting worse?** 2 A Absolutely. 3 **Q Where Mr. Diaz then says:** 4 **"As an employee, I'm entitled to a safe** 5 **and harassment-free work environment,"** 6 **that's true; right?** 7 A Yes. | The designated testimony refers to Exhibit 128 and deponent does not recall seeing the email or the picture.  Plaintiff lacks personal knowledge.  Deponent later confirmed (133:24-135:4) that she was not the person "that investigated that issue." FRE 602. |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| | | | The designated testimony asks deponent to review emails about which she has no personal knowledge or involvement and seeks her opinion.  This is improper lay opinion not "rationally based on the perception of the witness" as required by FRE 701.  Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>The designated testimony is more prejudicial than probative and would confuse the jury.  FRE 403. |
| 33 | 104:15-19 | 15 Q Okay. Now, certainly if Ramon Martinez were<br>16 **yelling at him and threatening him, that would violate**<br>17 **Tesla's policies; right? -- at least the threatening**<br>18 **part?**<br>19 A Yes. Assuming it's Ramon Martinez. | The designated testimony refers to Exhibit 128 and deponent does not recall seeing the email or the picture.  Plaintiff lacks personal knowledge.  Deponent later confirmed (133:24-135:4) that she was not the person "that investigated that issue."  FRE 602.<br><br>The designated testimony asks deponent to make assumptions about a hypothetical situation involving Ramon Martinez and whether it would violate Tesla's policy.  This is improper lay opinion not "rationally based on the perception of the witness" as required by FRE 701.  Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702.<br><br>The designated testimony is more prejudicial than probative |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|-------------------------------|
| | | | and would confuse the jury. FRE 403. |
| 34 | 107:23-108:02 | 23 **Q Okay. So in general, you had -- sometimes you** 24 **had to push nextSource to get you the information you** 25 **needed so that you could evaluate –** 1 A And go about things the way that we had asked 2 them to go about them | Testimony about deponent's experience is not relevant and would confuse the jury. FRE 401-403. |
| 35 | 108:4-109:12 | 4 **Exhibit 35 for the record is a three-page** 5 **document Bates-stamped Tesla 140 to 142. And it appears** 6 **that at least in this situation with respect to Ramon** 7 **Martinez and Owen Diaz, that eventually at least it got** 8 **forwarded to you.** 9 **Do you see that?** 10 A Yes. 11 **Q And so at least at some point you did get** 12 **Mr. Diaz's statement about his -- the threat that he** 13 **perceived from Ramon Martinez; correct?** 14 A Owen's statement? 15 **Q Yeah.** 16 A Assuming this whole thread was actually 17 forwarded at the time? 18 **Q Yeah.** 19 A Yes. If it was, I can't say for sure. 20 **Q Okay. But based on the email chain, I mean,** 21 **it looks like it was forwarded to you. Do you see that?** 22 A Correct. 23 **Q Okay.** 24 A Several days later; right? Yeah. 25 **Q Yeah.** 1 **made on the 17th, and then** 2 **forwarded again on the 20th to Wayne Jackson, and then** 3 **it looks like Wayne Jackson forwarded it to you on that** 4 **same day, on the 20th.** 5 A Terri. 6 **Q I'm sorry. Terri.** 7 A Yeah. 8 **Q Terri forwarded it to you that same day,** 9 **October 20th of 2015; right?** 10 A Yes. And based on that, it would appear that 11 it was all nextSource employees involved, other than 12 Victor and Ed. | Counter-designation.  Rule of completeness.  FRE 106.<br><br>**109:13-19**<br><br>13 **Q Okay. And it looks like maybe Ed was talking** 14 **about getting involved here, and Terri Garrett was** 15 **asking for your help as to whether or not Mr. Romero** 16 **should be involved in the investigation; right?** 17 A It looks like she wants him not to be 18 involved. 19 **Q Right.** |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| 36 | 116:22-25 | 22 **Q And the correct response to threatening** 23 **conduct is to remove that individual from the factory;** 24 **right?** 25 A Correct. | Deponent had no involvement in the Rothaj Foster issue; it was an email sent to her describing what had already occurred.  The question seeks her expert opinion on a scenario which is improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701.  Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702. Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403. |
| 37 | 119:23-120:04 | 23 **Q Okay. But if an allegation of racist -- of a** 24 **racial term, particularly if it's the n-word, is** 25 **confirmed, that's the kind of information that** 1 **supervisors and managers such as Ed Romero and Victor** 2 **Quintero were trained to at least forward to HR;** 3 **correct?** 4 A Yes. | Deponent is presented with a hypothetical about what Ed Romero and Victor Romero were trained to do, which calls for improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701.  Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion.  FRE 702. |
| 38 | 123:09-123:18 | 9 **Q But any worker who is subject -- who is** 10 **working in the Tesla factory is subject to Tesla** 11 **policies; correct?** 12 A Yes. 13 **Q And -- and any worker who is being harassed or** 14 **discriminated against, regardless of who they work for,** | Deponent has no personal knowledge.  She is being questioned about deposition exhibit 45, questioning begins at 120:9.  Deposition Exhibit 45 is an email which has no relation to deponents:  she did |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|--------------------------------|
| | | 15 if -- if the harassment or discrimination occurs in the<br>16 Tesla factory, Tesla has a responsibility to do<br>17 something about it if it knows about it; right?<br>18 A Yes. | not send or receive a copy. FRE 602.<br>Deponent is being asked questions and for her opinion about the exhibit as to which she has no personal knowledge which is improper lay opinion, the hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion. FRE 702. The designated testimony is more prejudicial than probative and would confuse the jury. FRE 403. |
| 39 | 133:16-23 | 16 Q I do understand that. I'm wondering,<br>17 though -- we've looked at some documents which showed<br>18 numerous complaints about the n-word, several complaints<br>19 about the n-word, and I'm wondering if there was any<br>20 kind of discussion in human resources that there was a<br>21 need to address the use of that word in particular in<br>22 the workplace.<br>23 A Not that I recall. | Tesla moved to exclude all documentary "me too" evidence and any witness testimony regarding the documents in Motion *In Limine* No. 2. The Court (Dkt. No. 207) reserved ruling on these exhibits until the time of trial. Tesla incorporates the arguments in its Motion by reference. Plaintiff's designated question that references "numerous complaints about the n-word" ostensibly incorporates all of them. The designated testimony is more prejudicial than probative and would confuse the jury. FRE 403. |
| 40 | 134:20-135:03 | 20 Q And if there had been such an investigation by<br>21 anybody at Tesla, there should have been at least some<br>22 kind of written record of that; right?<br>23 A Yes.<br>24 Q Because that's what Tesla policy requires is | Deponent testified (134:13-19) that she was not involved in this investigation and thus lacks personal knowledge about whether there was a written record and testimony is speculative. FRE 602. |

| # | Lines | Deposition Excerpt | Objection / Counter-designation |
|---|-------|--------------------|----------------------------------|
|   |       | 25 **documentation of any kind of investigation that's done;** 1 **right?** 2 A Yes. Mine, for the most part, were 3 handwritten | |

Dated:  September 27, 2021                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                              By  _____
                                                          // Tracey A. Kennedy
                                                       TRACEY A. KENNEDY
                                                       PATRICIA M. JENG
                                                        SUSAN HAINES

                                                    Attorneys for Defendant
                                              TESLA, INC. dba TESLA MOTORS, INC.