LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:   (415)-453-7352
Facsimile:   (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER KRAKOW + GLICK LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 394-0888
Facsimile:   (310) 394-0811

Attorneys for Plaintiff,
OWEN DIAZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>     Plaintiffs,<br><br>     v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>     Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S OBJECTIONS TO TESLA'S COUNTER-DESIGNATIONS OF DEPOSITION TESTIMONY OF ERIN MARCONI**<br><br>Trial Date: September 24, 2021<br>Complaint filed: October 16, 2017 |

Plaintiff Owen Diaz hereby submits the following objections to Tesla's proposed deposition transcript excerpts for Erin Marconi, Tesla Human Resources Business Partner:

**Marconi, Erin 10/21/19, Volume 1**

| # | Lines | Deposition Excerpt | Objection/Counter-Designation | Objection to Counter-Designation |
|---|---|---|---|---|
| 1 | 13:17-13:24 | 17  What did you do after you left Volt as a<br>18  program manager?<br>19  A  I went to Tesla as an HR business partner.<br>20  Q  So that would be approximately 2013?<br>21  A  Correct.<br>22  Q  How long were you an HR business partner at<br>23  Tesla?<br>24  A  Until January 2017. | Counter-designation. Rule of completeness. FRE 106.<br>**13:25-14:5**<br>**25 Q And what was your job title after you – after**<br>**1 January 2017?**<br>**2 A I took a time off work. I had been a**<br>**3 caregiver for my mother.**<br>**4 Q And have you worked at Tesla since that time?**<br>**5 A No.** | Relevance, FRE 401-2. Ms. Marconi's post-Tesla work, over two years after Plaintiff worked at Tesla, is not relevant to any issue in this action. |
| 7 | 36:05-13 | 5  Q  Okay. And if you had known about someone<br>6  using the n-word at the Tesla factory, that would<br>7  certainly be something that you would investigate;<br>8  correct?<br>9  A  Absolutely.<br>10  Q  And the reason that you would investigate that<br>11  is use of the n-word at the Tesla factory could create a<br>12  hostile work environment for other workers; right?<br>13  A  Correct. | Testimony presents deponent with a hypothetical and asks for improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion. FRE 702.<br><br>If testimony allowed, counter-designation under the rule of completeness. FRE 106.<br>**37:4-6**<br>4 **Do you recall ever investigating a claim where**<br>5 **it was alleged that the n-word was used?**<br>6 A Not specifically. | Deponent was Tesla HR staff and was asked to testify about matters within her personal knowledge and experience, i.e. the requirements of Tesla's anti-discrimination and -harassment policies.<br><br>Objection to Defendant's counter-designation: Relevance, FRE 401-3. Whether deponent recalled conducting particular investigations into the use of racial slurs not relevant. Testimony likely |

| # | Lines | Deposition Excerpt | Objection/Counter-Designation | Objection to Counter-Designation |
|---|---|---|---|---|
| | | | | to confuse or mislead the jury, since deponent merely states she does not "recall" conducting such investigations. |
| 14 | 56:22-57:04 | 22  Q  A temporary worker would be doing a task that<br>23  a Tesla employee might also do; is that true?<br>24  A  Yes.<br>25  Q  And a temporary worker could also -- would at<br><br>56<br><br>1  least have some -- there would be at least some<br>2  reporting structure to a Tesla employee, is that right,<br>3  for a temporary worker?<br>4  A  Correct. | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion. FRE 702.<br><br>Deposition does not establish that deponent has personal knowledge of the alleged fact to which she testified. FRE 602. Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403.<br><br>If testimony is permitted, Tesla requests the following counter-designation under the rule of completeness. FRE 106.<br>**57:5-7<br>5 Q And so even if they're --<br>6 A And then a dotted line to their actual<br>7 employer.** | Improper lay opinion, FRE 701; undue confusion, FRE 403. Ms. Marconi was not a contract employee and does not have knowledge of all contract employees' reporting structures. Her testimony about contract workers' "actual employers" is speculative, unhelpful to the trier of fact, and unduly confusing and misleading to the jury. |
| 15 | 58:10-15 | 10  Q  Okay. And if someone does complain about what<br>11  they consider to be inappropriate conduct, and they feel<br>12  threatened, you would agree that as a | Improper lay opinion, hypothetical offered is not "rationally based on the perception of the witness" as required by FRE 701. Deponent was not designated by Plaintiff as an expert witness; this is impermissible expert opinion. | Relevance, FRE 401-403. Testimony about staffing agency procedures and practices not relevant to what Tesla employees |

3  Case No. 3:17-cv-06748-WHO
PLAINTIFF'S OBJECTIONS TO DEFENDANT'S COUNTER-DESIGNATIONS OF ERIN MARCONI DEPOSITION TESTIMONY

| # | Lines | Deposition Excerpt | Objection/Counter-Designation | Objection to Counter-Designation |
|---|---|---|---|---|
| | | Tesla HR person,<br>13   you would still have a responsibility to make sure that<br>14   nothing happened to them further; right?<br>15       A     Oh, absolutely. | FRE 702.<br>Not relevant to Plaintiff's specific allegations of alleged harassment in his work area and during his time frame and is more prejudicial than probative and would confuse the jury. FRE 401-403.<br><br>If testimony is permitted, Tesla requests the following counter-designations under the rule of completeness. FRE 106.<br><br>**57:21-58:9**<br>21 but as far as -- like I wouldn't want to investigate for<br>22 West Valley for their employee. I would be happy to<br>23 facilitate.<br>24 Does that make sense?<br>25 **Q So Tesla's HR role for a complaint by a**<br>Page 58 | would do; discussion of other employers' business practices likely to confuse the jury as to Tesla's obligations to remediate or address harassment. |

| # | Lines | Deposition Excerpt | Objection/Counter-Designation | Objection to Counter-Designation |
|---|---|---|---|---|
| | | | 1 temporary worker would be to facilitate the 2 investigation. Is that true typically? 3 A Primary first thing would be obviously, 4 depending on what that is, are they comfortable or do 5 they feel threatened. Those kind of things you want to 6 take care of in the immediate. 7 The next thing I would do is get them 8 connected with the person that would have been my role 9 for their employer. **58:16-59:5, 59:8-21** 16 Q And as a Tesla HR person, if someone had 17 complained about like threatening conduct or feeling 18 that they were threatened, you would at least have to 19 make that workplace safe for them from that point that 20 you find out about it on; right? 21 A In the immediate, absolutely. If then it 22 was -- the investigation was conducted and it, say, only 23 involved temporary people that were all under West 24 Valley -- **25 Q Yeah.** 1 A -- if West Valley investigated it and came 2 back and said there wasn't actually an issue, I'm going 3 to believe that West Valley did their investigation | |

| # | Lines | Deposition Excerpt | Objection/Counter-Designation | Objection to Counter-Designation |
|---|---|---|---|---|
| | | | 4 thoroughly and if there was something to address,<br>5 addressed it.<br>8 **You -- you typically rely on the contract --**<br>9 **contracting agency to do an investigation into**<br>10 **complaints by their employees; is that right?**<br>11 A If it is involving other of their employees.<br>12 If it is involving Tesla employees, then I<br>13 would talk to probably Tesla employees, they would talk<br>14 to their employees.<br>15 If the stars align and everyone was in the<br>16 building or in the same side of the country and we would<br>17 help -- sometimes I had been there when they were<br>18 interviewing their employee and vice versa. But I<br>19 wouldn't -- my preference would not be to interview<br>20 someone else's employee, and especially not without them<br>21 present . | |
| 35 | 108:4-<br>109:12 | 4       Exhibit 35 for the record is a three-page<br>5   document Bates-stamped Tesla 140 to 142.  And it appears<br>6   that at least in this situation with respect to Ramon<br>7   Martinez and Owen Diaz, that eventually at least it got<br>8   forwarded to you.<br>9       Do you see that?<br>10      A   Yes. | Counter-designation. Rule of completeness. FRE 106.<br><br>**109:13-19**<br>13 **Q Okay. And it looks like maybe Ed was talking**<br>14 **about getting involved here, and Terri Garrett was**<br>15 **asking for your help as to whether or not Mr. Romero**<br>16 **should be involved in the investigation; right?**<br>17 A It looks like she wants him not to be<br>18 involved.<br>19 **Q Right.** | Relevance, FRE 401-403; Improper opinion, FRE 701; Hearsay, FRE 802.<br><br>Witness did not recall receiving this e-mail or interacting with other employees regarding it. Tesla's proposed counter- |

| # | Lines | Deposition Excerpt | Objection/Counter-Designation | Objection to Counter-Designation |
|---|---|---|---|---|
| | | 11  Q  And so at least at some point you did get<br>12  Mr. Diaz's statement about his -- the threat that he<br>13  perceived from Ramon Martinez; correct?<br>14  A  Owen's statement?<br>15  Q  Yeah.<br>16  A  Assuming this whole thread was actually<br>17  forwarded at the time?<br>18  Q  Yeah.<br>19  A  Yes.  If it was, I can't say for sure.<br>20  Q  Okay.  But based on the email chain, I mean,<br>21  it looks like it was forwarded to you.  Do you see that?<br>22  A  Correct.<br>23  Q  Okay.<br>24  A  Several days later; right?  Yeah.<br>25  Q  Yeah.<br><br>108<br><br> 1     The complaint was made on the 17th, and then<br> 2  forwarded again on the 20th to Wayne Jackson, and then<br> 3  it looks like Wayne Jackson forwarded it to you on that<br> 4  same day, on the | | designation asks witness to speculate about others' actions. The proffered portions are also hearsay that do not fall within any recognized exception. |

| # | Lines | Deposition Excerpt | Objection/Counter-Designation | Objection to Counter-Designation |
|---|---|---|---|---|
| | | 20th.<br>5    A    Terri.<br>6    Q    I'm sorry. Terri.<br>7    A    Yeah.<br>8    Q    Terri forwarded it to you that same day,<br>9    October 20th of 2015; right?<br>10    A    Yes. And based on that, it would appear that<br>11    it was all nextSource employees involved, other than<br>12    Victor and Ed. | | |

DATED:  September 28, 2021

CALIFORNIA CIVIL RIGHTS LAW GROUP
ALEXANDER KRAKOW + GLICK LLP

By:    /s/ Cimone A. Nunley_____
Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Cimone A. Nunley, Esq.
J. Bernard Alexander, Esq.

Attorneys for Plaintiff OWEN DIAZ