IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA


OWEN DIAZ,                          )
                                    )
      Plaintiff,                  )
                                    )
      v.                          )
                                    )
                                    )        No. 17-cv-6748
                                    )
TESLA, INC., et al.,                )
                                    )
      Defendants                  )
                                    )
_____)


**DRAFT FINAL JURY INSTRUCTIONS**

**No. 1**
**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

First, I will remind you of some of the instructions I gave you at the outset on evaluating the evidence, before I get into the substantive instructions.

**No. _**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**No. _**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;
    2. the exhibits that are admitted into evidence;
    3. any facts to which the lawyers have agreed; and
    4. any facts that I [may instruct] [have instructed] you to accept as proved.

**No. _**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, may say in their closing arguments and at other times is and has been intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**No. _**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I have instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**No. _**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**No. _**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**No. _**

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
> (1) the opportunity and ability of the witness to see or hear or know the things testified to;
> (2) the witness's memory;
> (3) the witness's manner while testifying;
> (4) the witness's interest in the outcome of the case, if any;
> (5) the witness's bias or prejudice, if any;
> (6) whether other evidence contradicted the witness's testimony;
> (7) the reasonableness of the witness's testimony in light of all the evidence; and
> (8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**No. _**
**IMPLICIT BIAS**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

**No. _**
**PUBLICITY DURING TRIAL**

      If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**No. _**
**TAKING NOTES**

You may have taken notes to help you remember the evidence. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**No. _**
**STIPULATED TESTIMONY**

The parties have agreed what [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**No. _**
**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.

**No. _**
**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true.

**No. _**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of KEVIN MCGINN was taken on June 17, 2019. The deposition of DEMETRIC DI-AZ was taken on May 15, 2018. The deposition of ERIN MARCONI was taken on October 21, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**No. _**
**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**No. _**
**USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**No. _**
**USE OF REQUESTS FOR ADMISSION**

      Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**No. _**
**EXPERT OPINION**

      You have heard testimony from Anthony Reading, Amy Oppenheimer and Charles Mahla who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness. Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**No. _**
**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**No. _**
**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**No. _**
**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**No. _**
**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**No. _**
**AGENT AND PRINCIPAL—DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  One may be an agent without receiving compensation for services.  The agency agreement may be oral or written.

25

**No. _**
**AGENT—SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**No. _**
**APPARENT AGENCY**

If Tesla has intentionally or unintentionally caused the plaintiff to believe that NetSource or Citistaff or Chartwell was the principal's agent, a relationship known as "apparent agency" may be created, even if no actual authority was ever given to the agent. Apparent agency, however, can never arise solely from the acts of the alleged agent.

In order to establish apparent agency, the plaintiff must prove that:

      1.    The alleged principal caused, by representation or action, the plaintiff to believe that NetSource, Citistaff or Chartwell was the principal's agent;

      2.    The plaintiff relied on this representation or action to his detriment; and

      3.    Such reliance was reasonably justified.

If an apparent agency has been established, the principal is liable for the acts of the apparent agent just as if the principal had authorized the agent from the outset.

**No. _**
**RATIFICATION**

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.

**No. _**
**ACT OF AGENT IS ACT OF PRINCIPAL—SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

**No. _**
**JOINT EMPLOYMENT**

A person can have more than one employer.  The primary consideration in determining whether a defendant is an employer is the extent of control that it may exercise over the details of the plaintiff's work. In making this determination, all of the incidents of the relationship must be assessed and weighed with no one factor being decisive. Factors that you may examine include but are not limited to, the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

**No. _**
**PLAINTIFF'S CLAIMS**

Plaintiff brings three separate claims. These claims are for:
1. Hostile Work Environment based on Race
2. Failure to Prevent Harassment from Occurring
3. Negligent Supervision and Retention of an Employee

These claims are described in the following instructions. The first two claims are civil rights claims brought under federal law and the third claim is brought under state law. Each claim involves a distinct set of elements. Some elements are common to more than one claim. That is, there are some things that a plaintiff must show to succeed on one claim that plaintiff must also show to succeed on one or more other claims. Although the claims have some elements in common, you should consider each claim individually. Plaintiff can succeed on any claim only if he proves all of the elements of that claim.

**No. _**
**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT— HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS**

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed by the defendant.  In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature

2.      the conduct was unwelcome;

3.      the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;

4.      the plaintiff perceived the working environment to be abusive or hostile; and

5.      a reasonable African American man in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**No. _**
**"SEVERE AND PERVASIVE" EXPLAINED**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a work environment that is hostile, intimidating, offensive, oppressive, or abusive.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances, including any or all of the following:

    (a) The nature of the conduct;
    (b) How often, and over what period of time, the conduct occurred;
    (c) The circumstances under which the conduct occurred;
    (d) Whether the conduct was physically threatening or humiliating.

Mr. Diaz does not have to prove that his productivity has declined. It is sufficient to prove that a reasonable person who was subjected to the harassing conduct would find that the conduct so altered working conditions as to make it more difficult to do the job.

A single incident can be sufficiently severe or pervasive to constitute harassment.

**No. _**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED ON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE**

An employer may be liable when an employee's supervisor creates a racially hostile work environment for that employee.  A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits.

The plaintiff claims that he was subjected to a racially hostile work environment by Tesla, and that Ramon Martinez was his supervisor empowered by Tesla to take tangible employment actions against the plaintiff.

The defendant denies the plaintiff's claim. The plaintiff must prove his claim by a preponderance of the evidence.

**No. _**
**"SUPERVISOR" DEFINED**

A "supervisor" is one who exercises immediate (or successively higher) authority over the employee. Whether someone is a supervisor is not dependent upon job titles or formal structures within the workplace, but rather upon whether a supervisor has the authority to demand obedience from an employee.

**No. _**
**CIVIL RIGHTS—TITLE VII—"TANGIBLE EMPLOYMENT ACTION" DEFINED**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates.  A tangible employment action requires an official act of the enterprise, a company act.  A tangible employment action consists of a significant change in employment status such as firing, failing to promote, reassignment, a significant change in responsibilities, undesirable reassignment or a significant change in benefits.

A tangible employment action need not be adverse, such as when a supervisor coerces an employee into engaging in sexual acts by threats of discharge. In such a case, an employee need not actually suffer discharge or other adverse employment action to demonstrate a tangible employment action.

**No. _**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT  CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE**

The plaintiff seeks damages from the defendant for a hostile work environment caused by racial harassment.  The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.      the plaintiff was subjected to a racially hostile work environment by a non-immediate supervisor or co-worker; and

2.      the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment.  A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.  You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate.  Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct.  An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**No. _**
**EMPLOYER'S DUTY TO INVESTIGATE AND TAKE REMEDIAL ACTION**

Employers must take all reasonable steps necessary to prevent harassment from occurring. When an employer becomes aware of potentially harassing conduct, it has a duty to promptly investigate and to take immediate and effective corrective action should it determine that harassment has occurred. Remedial measures need to include immediate corrective action that is reasonably calculated to 1) end the current harassment and 2) to deter future harassment. The remedial actions must be designed, in part, to deter future harassment by the same offender or others.

Some of the steps employers can take to prevent harassment from occurring include such things as affirmatively raising the subject, expressing strong disapproval, conducting a timely, thorough, good faith investigation of allegations of harassment of which the Defendant knew or had reason to know, developing appropriate sanctions, informing employees of their right to raise and how to raise the issue of harassment under federal law, and developing methods to sensitize all concerned.

**No. _**
**FAILURE TO PREVENT HARASSMENT**

Owen Diaz claims that Tesla Inc. failed to take all reasonable steps to prevent harassment based on race. To establish this claim, Mr. Diaz must prove all of the following:

1. That Mr. Diaz was an employee of Tesla;
2. That Mr. Diaz was subjected to harassment in the course of employment;
3. That Tesla failed to take all reasonable steps to prevent the harassment;
4. That Mr. Diaz was harmed; and
5. That Tesla's failure to take all reasonable steps to prevent harassment was a substantial factor in causing Mr. Diaz's harm.

**No. _**
## NEGLIGENT SUPERVISION OR RETENTION OF EMPLOYEE

Owen Diaz claims that he was harmed by Ramon Martinez and that Tesla is responsible for that harm because Tesla negligently supervised or retained Ramon Martinez. To establish this claim, Owen Diaz must prove all of the following:

1. That Tesla hired Ramon Martinez;
2. That Ramon Martinez was or became unfit or incompetent to perform the work for which he was hired;
3. That Tesla knew or should have known that Ramon Martinez was or became unfit or incompetent and that this unfitness or incompetence created a particular risk to others;
4. That Ramon Martinez's unfitness or incompetence harmed Owen Diaz; and
5. That Tesla's negligence in supervising or retaining Ramon Martinez was a substantial factor in causing Owen Diaz's harm.

**No. _**
**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**No. _**
**LIABILITY FOR CIVIL RIGHTS VIOLATIONS BASED ON CONTRACTUAL RELATIONSHIP**

Plaintiff asserts a section 1981 civil rights claim against Tesla, Inc. Plaintiff can prove this claim by establishing that he was an employee of Tesla, Inc. (See Joint Employer Instruction) Alternatively, Plaintiff may establish liability against Tesla by showing all of the following:

> (i) Plaintiff gained rights or was a beneficiary under a contract,
>
> (ii) Tesla engaged in racial discrimination or harassment in the enforcement of the contract, or
>
> Tesla failed to take reasonable step(s) to prevent harassment from occurring in the workplace; and
>
> (iii) Plaintiff suffered injuries that he would not have suffered but for the defendant's conduct.

Plaintiff need not have signed the contract, nor have been a party to the contract, in order to have rights under the contract. Plaintiff can establish his rights under the contract if he shows that he received benefits or privileges under the contractual relationship between Tesla and nextSource or Citistaff, and the benefits or privileges were not incidental or remote.

**No. _**
**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

The mental or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**No. _**
**DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

    1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.  the amount by which damages would have been mitigated.

**No. _**
**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded based on his hostile work environment claim or failure to prevent harassment claim and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

45

**No. _**
**NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**No. _**
**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**No. _**
## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**No. _**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**No. _**
**RETURN OF VERDICT**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the deputy that you are ready to return to the courtroom.