UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OWEN DIAZ,

        Plaintiff,

   v.

TESLA, INC., et al.,

        Defendants.

Case No. 3:17-cv-06748-WHO

**ORDER ON *BATSON* CHALLENGES**

During voir dire in this case, I sustained a *Batson* challenge by plaintiff Owen Diaz to one of defendant Tesla, Inc.'s ("Tesla"), peremptory strikes for a prospective juror ("Juror 26") who was ultimately seated. *See generally Batson v. Kentucky*, 476 U.S. 79 (1986); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991) (applying *Batson* to civil cases). This Order provides a written explanation for that decision and for the rejection of a second *Batson* challenge.

"A *Batson* challenge has three steps: first, the [challenging party] must make a prima facie showing that a challenge was based on race; second, the [striking party] must offer a race-neutral basis for the challenge; and third, the court must determine whether the [challenging party] has shown purposeful discrimination." *Briggs v. Grounds*, 682 F.3d 1165, 1169 (9th Cir. 2012) (internal quotation marks omitted). Step two requires that the striking party offer a "comprehensible reason" for the strike, it "does not demand an explanation that is persuasive, or even plausible . . . so long as the reason is not inherently discriminatory." *Rice v. Collins*, 546 U.S. 333, 338 (2006) (internal quotation marks omitted). At step three, the court must "consider the totality of the relevant facts to decide whether counsel's race-neutral explanation for a peremptory challenge should be believed." *Briggs*, 682 F.3d at 1169 (internal quotation marks omitted). "To decide whether the defendant has met his burden, the court must undertake a

sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Id.* at 1170 (internal quotation marks omitted). "At that stage, implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination." *Purkett v. Elem*, 514 U.S. 765, 768 (1995). "If a [party's] proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at *Batson*'s third step." *Miller-El v. Dretke*, 545 U.S. 231, 241 (2005). Accordingly, courts should, among other things, "compar[e] African American panelists who were struck with those non-African American panelists who were allowed to serve." *Briggs*, 682 F.3d at 1170.

At the first step, Diaz made a prima facie showing that the peremptory strikes were based on race. After cause and hardship challenges were completed, there were two black jurors left in the venire, which had been whittled down to fifteen people. Tesla had three peremptory challenges; it used two to strike the remaining African-Americans. Though *Batson* applies regardless of the subject matter of the suit, this case is about alleged race-based harassment, strengthening the implication that the strikes were based on race.

Accordingly, I turn to Tesla's proffered justifications, which failed at the next two steps when it came to Juror 26.

Tesla's first and primary justification was that there was difficulty understanding Juror 26. There are several reasons to disbelieve this and to conclude that the strike was purposefully based on race. First, the understandability argument is "implausible"—indeed, flatly untrue. *Purkett*, 514 U.S. at 768. As I noted on the record at the time, Juror 26's answers were perfectly understandable. He spoke at a normal and appropriate volume. There was nothing unclear about what he said. Counsel did not point to a single specific instance to back up her argument, such as a time she asked the juror to be clearer. Reviewing the transcript, the lone instance that even arguably qualifies is that Juror 26 did not get close enough to the microphone on his first question, so I said I could not hear him; that was quickly corrected, and the issue did not recur.

This aside, comparing Juror 26 to the non-black jurors that were seated shows that counsel's justification is spurious. *See Miller-El*, 545 U.S. at 241. There were several prospective

2

1   jurors whom I, counsel, and the court reporter had repeated trouble understanding. The two
2   prospective jurors (Jurors 6 and 13) that were most difficult to understand—as reflected in the
3   repeated requests for clarification and repetition—were not black and ended up on the jury. Juror
4   26's answers were nowhere near as difficult to understand as theirs and no similar requests for
5   clarification are reflected in the record when questioning him. Accordingly, both in the
6   implausibility of the justification itself and viewing Juror 26's behavior compared to non-black
7   jurors, Tesla's primary justification is not credible.

8         Tesla's counsel also argued that she struck Juror 26 because he had been called the N-word
9   at a past job. This reason is not race-neutral. It is intrinsically and inexorably intertwined with
10  Juror 26's race. If a party could get around *Batson* by arguing that jurors who had been treated
11  differently because of their race can be excluded, *Batson* would mean nothing.

12        Belatedly, during her rebuttal argument, Tesla's counsel asserted that she struck Juror 26
13  not just because he was called the N-word at the job but because his manager took no corrective
14  action in response. To start, counsel did not initially raise this argument and only did so in a later
15  round of rebuttal argument, after I indicated that the understandability ground was unpersuasive; it
16  is less-than-credible as an honestly held reason. The reason is also partially based on race. And to
17  the extent that Tesla's argument is that the strike was about the manager not doing anything
18  (separated from the fact of the N-word itself), it does not change my assessment of a purposeful
19  race-based strike. Another juror (Juror 4) who was not struck and was not black also indicated
20  that she had raised concerns at work that were not addressed. To be sure, those concerns were not
21  the use of the N-word or another racial slur, but Tesla cannot rely on that fact alone for the reasons
22  explained above. If Tesla's concern were truly just with jurors whose complaints went
23  unaddressed, it would not make sense to strike Juror 26 but not Juror 4. *See Miller-El*, 545 U.S. at
24  241; *Briggs*, 682 F.3d at 1170.

25        The totality of the circumstances—that Tesla's primary and immediate justification is so
26  threadbare and pretextual, that it immediately tried to strike both black prospective jurors, that it
27  relied in part on a reason linked to Juror 26's race, and that its eleventh-hour argument would also
28  apply to a non-black juror that it did not strike—demonstrates that Tesla's strike was purposefully

3

1 discriminatory. *See Briggs*, 682 F.3d at 1170.

2 Contrast this with Tesla's other peremptory strike of a black prospective juror (Juror 33), which Diaz also challenged. Tesla's proffered reasons for striking him were that his mother had been mistreated at work, he had a friend who worked at the Tesla Fremont plant, he had been offered a job at Tesla, and that friend of his had been (in his view) wrongfully terminated at Tesla. I concluded that these facially legitimate reasons—especially a friend who was allegedly wrongfully terminated *by the defendant*—evidenced that Tesla's strike was not purposefully discriminatory.[1] No such reasons existed or were proffered for Juror 26.

**IT IS SO ORDERED.**

Dated: September 28, 2021



William H. Orrick
United States District Judge

---

[1] As I noted at the time, Tesla's counsel also relied on times that this juror heard the N-word in the past. But the significant race-neutral justifications explained in the body of this Order convinced me that the strike was not purposefully based on race.

4