LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:   (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 394-0888
Facsimile:    (310) 394-0811

Attorneys for Plaintiffs,
OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 3:17-cv-06748-WHO <br><br> **PLAINTIFF'S OBJECTIONS TO DRAFT JURY INSTRUCTIONS** <br><br><br> Trial Date: September 27, 2020 <br> Complaint filed: October 16, 2017 |

Per the Court's September 27, 2021 request, Plaintiff Owen Diaz respectfully submits the following objections to the Court's draft jury instructions. Plaintiff's proposed additions or changes are underlined.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12—WITNESSES DESIGNATED AS "PERSONS MOST KNOWLEDGEABLE"**

You are about to hear testimony from a witness who, when depositions were taken previously in this case, was designated by Tesla as a "person most knowledgeable" regarding certain specific subjects and issues identified by Mr. Diaz.

Testimony from a witness who has been identified by a corporation as a "person most knowledgeable" represents the company's knowledge, not the individual witness's knowledge. The company must prepare the "person most knowledgeable" to testify on the designated subjects and issues based on information reasonably available from documents, current or past employees, or other sources. Because the testimony from the "person most knowledgeable" reflects the company's knowledge, rather than the individual witness's personal knowledge, if a certain fact is within the collective knowledge or subjective belief of the company, the "person most knowledgeable" is allowed to testify to that fact even though the fact is not within the personal knowledge of the witness designated as the "person most knowledgeable." Thus, a witness designated as the "person most knowledgeable" is free to testify to matters outside of his or her personal knowledge as long as they were within the company's collective knowledge.

Comment: Tesla's person most knowledgeable, Annalisa Heisen, is unavailable to testify in-person because she gave birth the morning of her scheduled testimony. In light of Ms. Heisen's unavailability, Plaintiff respectfully requests the Court instruct the jury on the role of a designated person most knowledgeable to avoid confusing or misleading the jury.

**No. _**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT— HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS**

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed <u>(See Joint Employment instruction)</u> by the defendant. In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature<u>;</u>

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment <u>(See Joint Employment instruction)</u> and create a racially abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable African American man in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially <u>hostile</u> work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

<u>Comment</u>: The parties dispute whether Defendant employed Plaintiff. Accordingly, Plaintiff inserted references to the Court's Joint Employment instruction to permit jurors to evaluate whether Defendant employed Plaintiff. Plaintiff also corrected a typographical error in the final paragraph, changing "racially work environment" to "racially hostile work environment."

No. _

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED ON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE**

An employer (See Joint Employment instruction) may be liable when an employee's supervisor creates a racially hostile work environment for that employee. A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits.

The plaintiff claims that he was subjected to a racially hostile work environment by Tesla, and that Ramon Martinez was his supervisor empowered by Tesla to take tangible employment actions against the plaintiff.

The defendant denies the plaintiff's claim. The plaintiff must prove his claim by a preponderance of the evidence.

Comment: Plaintiff inserted references to the Court's Joint Employment instruction to permit jurors to evaluate whether Defendant employed Plaintiff.

-5-

## No. _

## "SUPERVISOR" DEFINED

A "supervisor" is one who exercises immediate (or successively higher) authority over the employee (See Joint Employment instruction). Whether someone is a supervisor is not dependent upon job titles or formal structures within the workplace, but rather upon whether a supervisor has the authority to demand obedience from an employee.

Comment: Plaintiff inserted references to the Court's Joint Employment instruction to permit jurors to evaluate whether Defendant employed Plaintiff.

**No. _**

**EMPLOYER'S DUTY TO INVESTIGATE AND TAKE REMEDIAL ACTION**

Employers (See Joint Employment instruction) must take all reasonable steps necessary to prevent harassment from occurring. When an employer becomes aware of potentially harassing conduct, it has a duty to promptly investigate and to take immediate and effective corrective action should it determine that harassment has occurred. Remedial measures need to include immediate corrective action that is reasonably calculated to 1) end the current harassment and 2) to deter future harassment. The remedial actions must be designed, in part, to deter future harassment by the same offender or others.

Some of the steps employers can take to prevent harassment from occurring include such things as affirmatively raising the subject, expressing strong disapproval, conducting a timely, thorough, good faith investigation of allegations of harassment of which the Defendant knew or had reason to know, developing appropriate sanctions, informing employees of their right to raise and how to raise the issue of harassment under federal law, and developing methods to sensitize all concerned.

Comment: Plaintiff inserted references to the Court's Joint Employment instruction to permit jurors to evaluate whether Defendant employed Plaintiff.

## No. _

## FAILURE TO PREVENT HARASSMENT

Owen Diaz claims that Tesla Inc. failed to take all reasonable steps to prevent harassment based on race. To establish this claim, Mr. Diaz must prove all of the following:

1. That Mr. Diaz was an employee of <u>(See Joint Employment instruction) or providing services under a contract with</u> Tesla;

2. That Mr. Diaz was subjected to harassment in the course of employment;

3. That Tesla failed to take all reasonable steps to prevent the harassment;

4. That Mr. Diaz was harmed; and

5. That Tesla's failure to take all reasonable steps to prevent harassment was a substantial factor in causing Mr. Diaz's harm.

<u>Comment</u>: Plaintiff brings his claim under 42 U.S.C. § 1981, which does not require Plaintiff to prove he was "an employee" of Defendant. Plaintiff respectfully submits this modified instruction, which accurately states the elements of Plaintiff's claim.

**No. _**

**NEGLIGENT SUPERVISION OR RETENTION OF EMPLOYEE**

Owen Diaz claims that he was harmed by Ramon Martinez and that Tesla is responsible for that harm because Tesla negligently supervised or retained Ramon Martinez. To establish this claim, Owen Diaz must prove all of the following:

~~1. That Tesla hired Ramon Martinez;~~

~~2~~1. That Ramon Martinez was or became unfit or incompetent ~~to perform the work for which he was hired~~ for the position of supervisor at Tesla's factory;

~~3~~2. That Tesla knew or should have known that Ramon Martinez was or became unfit or incompetent and that this unfitness or incompetence created a particular risk to others;

<u>3. That after Tesla knew or should have known of Ramon Martinez's unfitness or incompetence, it retained or supervised Ramon Martinez in his position at Tesla's factory;</u>

4. That Ramon Martinez's unfitness or incompetence harmed Owen Diaz; and

5. That Tesla's negligence in supervising or retaining Ramon Martinez was a substantial factor in causing Owen Diaz's harm.

<u>Comment</u>: At the Pretrial Conference, the Court ruled it would use Plaintiff's version of the instruction, which omitted reference to negligent hiring. In the Draft Instructions, the claim's heading is "negligent supervision or retention of employee," but the elements reference "hiring." Plaintiff respectfully submits a modified instruction consistent with the heading and the Court's previous ruling.

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 14—ALTERNATIVE THEORIES OF LIABILITY

If you find there was a racially hostile work environment, Tesla will be liable for the harm Mr. Diaz suffered pursuant to this claim if Plaintiff proves all of the elements of *any one* of the following three theories of legal liability:

1) CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED ON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE (No. _____); or

2) CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE (No. _____); or

3) LIABILITY FOR CIVIL RIGHTS VIOLATIONS BASED ON CONTRACTUAL RELATIONSHIP (No. _____).

If you find Plaintiff has proved all elements of *any one* of these legal theories, you must find in Plaintiff's favor on Claim No. 1: Racially Hostile Work Environment.

Comment: The Court's Draft Instructions set out three alternative bases for liability on Plaintiff's hostile work environment claim. The trier of fact may be confused or misled into believing Plaintiff must prove all elements of multiple theories of liability to prevail on this claim. To avoid this confusion, Plaintiff proposes an instruction to educate the jury on the operation of multiple theories of liability.