SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:    213.620.1780
Facsimile:     213.620.1398
E mail           tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
SUSAN HAINES, Cal. Bar No. 224611
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:     415.434.3947
E mail           pjeng@sheppardmullin.com
                      shaines@sheppardmullin.com

Attorneys for Defendant,
TESLA, INC. dba TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, AND LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S OBJECTIONS TO DRAFT FINAL JURY INSTRUCTIONS**<br><br><br>Trial Date:       September 24, 2021<br>Compliant Filed: October 16, 2017 |

1. **PAGE 6: EVIDENCE FOR LIMITED PURPOSE**

    This instruction should be accompanied by the Court's limiting instruction as to Exhibit 106 concerning Mr. Romero's credibility, and testimony from Mr. Jackson who testified about his experience of the "N-word" at the factory (i.e., limiting instruction given on September 29, 2021). Tesla also requests a similar limiting instruction for Mr. Wheeler's testimony about areas and time periods other than where and when Plaintiff may have worked, i.e. "that this case is about Mr. Diaz and the work environment that he experienced at the Tesla factory, not what others in a different part of the facility or during other time periods."

2. **PAGE 13: STIPULATED TESTIMONY**

    There is no stipulated testimony.

3. **PAGE 14: STIPULATIONS OF FACT**

    There are no stipulations of fact.

4. **PAGE 15: JUDICIAL NOTICE**

    There are no facts for judicial notice.

5. **PAGE 22: CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

    There are no charts and summaries received in evidence.

6. **PAGE 27: APPARENT AGENCY**

    Tesla objects to the reference to *NextSource* in the first line, and in the first element. The Model Civil Jury Instruction requires that "the alleged principal cause, by representation or action, the [plaintiff] [defendant] to believe that *[name of alleged agent]* was the principal's agent[.]" Plaintiff's undisputed employer is CitiStaff and alleged joint employer is Tesla. Plaintiff must be required to show that he believed that CitiStaff was the principal's agent. Establishing apparent agency between Tesla and nextSource is insufficient to establish apparent authority between CitiStaff and Tesla.

7. **PAGE 37:  CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE**

Tesla objects to this instruction. The instruction on negligence provides the incorrect standard for Plaintiff's Claim No. 1: Racially Hostile Work Environment. The Verdict Form provides for Punitive Damages if the jury finds in favor of Plaintiff on this claim. This instruction is likely to confuse the jury and allow a punitive damages award if the jury finds that Tesla was "negligent" and if, there can be no award of punitive damages.

**8. PAGE 42: LIABILITY FOR CIVIL RIGHTS VIOLATIONS BASED ON CONTRACTUAL RELATIONSHIP**

Same objections as in No. 6 above.

**9. VERDICT FORM: PUNITIVE DAMAGES FOR CIVIL RIGHTS CLAIMS**

Question 6 should be modified to state "Do you find by a preponderance of the evidence that Owen Diaz is entitled to punitive damages against Tesla, Inc. for intentionally creating a hostile work environment based on race?" As written, the question will cause confusion because 1) the language suggests that punitive damages may be award for only the failure to prevent harassment based on race claim (hostile work environment based on race <u>or</u> failure to prevent); and 2) the language potentially suggests that punitive damages may be awarded for both claims, allowing for double recovery (hostile work environment based on race <u>and</u> failure to prevent). Because Plaintiff must prevail on the hostile work environment based on race claim in order to prevail on a failure to prevent claim, the "and/or failure failing to prevent harassment based on race in the workplace" is superfluous language that should be omitted.

Dated: September 30, 2021

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By   */s/ Tracey A. Kennedy*
             TRACEY A. KENNEDY
             PATRICIA M. JENG
             SUSAN HAINES

            Attorneys for Defendant
          TESLA, INC. dba TESLA MOTORS, INC.