LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:      (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:      (310) 394-0811

Attorneys for Plaintiffs,
OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S REPLY TO DEFENDANT TESLA, INC.'S OBJECTIONS TO DRAFT FINAL JURY INSTRUCTIONS**<br><br>Trial Date: September 27, 2020<br>Complaint filed: October 16, 2017 |

**PAGE 6: EVIDENCE FOR A LIMITED PURPOSE**

Plaintiff objects to Tesla's proposed limiting instruction regarding Mr. Jackson and Mr. Wheeler's testimony. Tesla claims Mr. Jackson and Mr. Wheeler worked in "areas and time periods other than where and when Plaintiff may have worked." Mr. Jackson and Mr. Wheeler were Plaintiff's supervisors. (Trial Transcript 228:17-20 [Jackson responsible for alerting Tesla to complaints of harassment and discrimination], 229:1-10 [Jackson could recommend discipline for contract employees like Plaintiff], 423:4-6 [Wheeler had supervisory authority over Plaintiff]) Both men worked during the same time period as Plaintiff. Mr. Wheeler's assignment at Tesla ended in April 2016. (*Id.* 429:13-17) He testified that he heard the n-word used "All over the factory." (*Id.* 424:21-22) When Mr. Jackson testified about hearing the n-word, he specifically testified that it was "during the time frame of 2015 to 2016". (Trial Transcript 224:25-225:17) Plaintiff's supervisors' actual knowledge of the use of racial slurs in the factory is directly relevant to Plaintiff's claims. If Plaintiff's supervisors, who worked with him, heard racial slurs used, it tends to make Plaintiff's claims of the use of racial slurs more likely true.

This information is likewise relevant to Defendant's defenses. Defendant has explicitly, repeatedly argued to the jury that Plaintiff's harm was caused by Plaintiff's unreasonable failure to complain to supervisors and staffing agencies about the use of racial slurs. For instance, in her opening statement, counsel for Tesla stated:

> At no point in time will the evidence show that Mr. Diaz wrote to anyone at CitiStaff, nextSource, Chartwell, anyone at Tesla, anything in writing about, quote, "awful" words, the "N" word, the "porch monkey," "mayate," any of these words.

(*Id.* 46: 13-16) But if Plaintiff's supervisors from nextSource (Jackson) and Chartwell (Wheeler) heard the n-word used and took no action, it rebuts Defendant's position. If supervisors walked through the factory, heard the n-word used repeatedly, and took no action, it tends to demonstrate that Plaintiff's complaints—written or otherwise—would have been futile, and thus Plaintiff's purported failure to complain was not unreasonable. Tesla cannot be allowed to mount this defense and deny Plaintiff the right to rebut it via evidence of his supervisors' conduct when confronted with the use of racial slurs at work.

**PAGE 27: APPARENT AGENCY**

**PAGE 42: LIABILITY FOR CIVIL RIGHTS VIOLATIONS BASED ON CONTRACTUAL RELATIONSHIP**

There is no justification for Tesla's proposed removal of nextSource, nor for the proposed requirement that Plaintiff "show that he believed CitiStaff was the principal's agent." Plaintiff has brought a claim under 42 U.S.C. 1981. This claim only requires Plaintiff to show that Tesla, its agents, or its apparent agents "engaged in racial discrimination in the enforcement of the contract, or… failed to take reasonable step(s) to prevent harassment from occurring in the workplace". (Dkt. No. 262 at p. 42) Under this theory of liability, Plaintiff is not required to show that Tesla was his joint employer, or that CitiStaff was Tesla's apparent agent. Plaintiff instead must show that either Citistaff, nextSource, or Chartwell (1) engaged in racial discrimination or failed to prevent harassment, and (2) were Tesla's apparent agents. The Court should reject Tesla's proposed additions for requiring a showing above and beyond the requisite legal basis for Plaintiff's claims.

**PAGE 37: CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE**

Tesla's objections omit a central fact: the jury will receive a separate instruction regarding punitive damages. (Dkt. No. 262 at p. 45) This instruction tells the jury to award punitive damages "<u>only if</u> you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights." (*Id.*, emphasis added) In other words, the jury can only award punitive damages on a showing of intentional conduct, not negligent conduct as Tesla misrepresents in its Objections.

**VERDICT FORM: PUNITIVE DAMAGES FOR CIVIL RIGHTS CLAIMS**

Tesla again takes the punitive damages section of the verdict form out of context to support its overblown claim of confusion to the jury.

Tesla is correct that Plaintiff must prevail on his hostile work environment claim to prevail on his failure to prevent claim. Claims Nos. 1 and 2 on the verdict form properly account

for this legal requirement. The jury can only reach Claim 2 (Failure to Prevent Harassment) if finds in Plaintiff's favor on Claim 1 (Hostile Work Environment). But this does not render the language concerning "failing to prevent harassment based on race in the workplace" superfluous.

The jury could find Tesla negligently subjected Plaintiff to a hostile work environment claim, but maliciously failed to prevent harassment in its factory—supporting an award of punitive damages for the latter claim but not the former. Or the jury could find Tesla subjected Plaintiff to a hostile work environment and failed to prevent harassment with conscious disregard for Plaintiff's rights, supporting an award of punitive damages for both claims. This is not, as Tesla's counsel claims, a "double recovery"—these are separate legal claims, with separate bases for liability, and Plaintiff can properly recover damages for the hostile work environment claim alone or both claims. Accordingly, the Court should reject Tesla's proposed alternative instructions.

Dated:   September 27, 2021

J. Bernard Alexander
Lawrence A. Organ
Navruz Avloni
Cimone A. Nunley
Attorneys for Plaintiff
OWEN DIAZ