UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OWEN DIAZ,

         Plaintiff,

   v.

TESLA, INC., et al.,

         Defendants.

Case No. 3:17-cv-06748-WHO

**ORDER EXPLAINING JURY INSTRUCTION**

The parties have disputed the jury instruction entitled "Liability for Civil Rights Violations Based on Contractual Relationship." This Order explains why I adopted my formulation of the disputed language. It assumes familiarity with this case.

Diaz's instruction would state,

> Plaintiff need not have signed the contract, nor have been a party to the contract, in order to have rights under the contract. Plaintiff can establish his rights under the contract if he shows that he received benefits or privileges under the contractual relationship between Tesla and nextSource or Citistaff, and the benefits or privileges were not incidental or remote.

Tesla objected at the jury instruction meeting to referencing nextSource because it is not alleged to be in a contractual relationship with Diaz.

I will permit nextSource to be left in the instruction because it will be up to the jury to determine whether there was a contractual relationship that can support liability under 42 U.S.C § 1981. The Supreme Court has explicitly reserved the question whether a third-party beneficiary to a contract may sue under the statute: "We say 'under which the plaintiff has rights' rather than 'to which the plaintiff is a party' because we do not mean to exclude the possibility that a third-party intended beneficiary of a contract may have rights under § 1981. Neither do we mean to affirm

1  that possibility." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 n.3 (2006) (citations
2  omitted). There are several good reasons to think that it does and Tesla has not made any showing
3  to the contrary.
4        First, the statute provides that "[a]ll persons within the jurisdiction of the United States
5  shall have the same right in every State and Territory to make and enforce contracts . . . as is
6  enjoyed by white citizens." 42 U.S.C. § 1981(a). And "make and enforce" is defined to
7  "include[] the making, performance, modification, and termination of contracts, and the enjoyment
8  of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §
9  1981(b). Accordingly, the statute's plain text indicates it is not limited to the contracting parties.
10 Instead, it speaks more broadly of the right to be free of discrimination in the *enforcement* of
11 *benefits* under contracts. As explained below, intended beneficiaries generally have that right
12 under the law. Next, the statute—a post-Civil War civil rights law—is intended to end invidious
13 racial discrimination in contracting. If a state chooses to give intended beneficiaries rights related
14 to contracts, it would be illogical for the statute to withhold anti-discrimination protections only to
15 them even though it extends them to all other manner of contract rights. And those courts of
16 appeals that have addressed the issue are, as far as I am aware, in agreement that intended
17 beneficiaries can sue under Section 1981. *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427,
18 436 (4th Cir. 2006); *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1119 (10th Cir. 2001);
19 *Jones v. Loc. 520, Int'l Union of Operating Engineers*, 603 F.2d 664, 665 (7th Cir. 1979); *Olzman*
20 *v. Lake Hills Swim Club, Inc.*, 495 F.2d 1333, 1339 (2d Cir. 1974).
21       Accordingly, nextSource can remain in the jury instruction because it will be left to the
22 jury to determine whether Diaz can make out a third-party claim.
23       I have also altered Diaz's proposed language to read, with changes emphasized,

> Plaintiff need not have signed the contract, nor have been a party to the contract, in order to have rights under the contract. Plaintiff can establish his rights under the contract if he shows that he received benefits or privileges under the contractual relationship between Tesla and nextSource or Citistaff, ***and the contracting parties intended that Diaz receive benefits or privileges that were not incidental or remote***.

27 I have done so because it is a more accurate description of California's test for whether someone is

an intended beneficiary.  *See Serv. Emps. Internat. Union, Loc. 99 v. Options--A Child Care & Hum. Servs. Agency*, 200 Cal. App. 4th 869, 878 (2011).

**IT IS SO ORDERED.**

Dated: October 1, 2021



William H. Orrick
United States District Judge