| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | A Limited Liability Partnership |
| 2 | Including Professional Corporations |
| | TRACEY A. KENNEDY, Cal. Bar No. 150782 |
| 3 | NAMAL TANTULA, Cal. Bar No. 247373 |
| | BRETT YOUNG, Cal. Bar No. 305657 |
| 4 | 333 South Hope Street, 43rd Floor |
| | Los Angeles, California 90071-1422 |
| 5 | Telephone:   213.620.1780 |
| | Facsimile:   213.620.1398 |
| 6 | Email:   tkennedy@sheppardmullin.com |
| |    ntantula@sheppardmullin.com |
| 7 |    byoung@sheppardmullin.com |

PATRICIA M. JENG, Cal. Bar No. 272262
SUSAN HAINES, Cal. Bar No. 224611
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
Email:   pjeng@sheppardmullin.com
   shaines@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. dba TESLA MOTORS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, AND LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S MOTION TO STRIKE TESTIMONY OF CHARLES MAHLA**<br><br><br>Trial Date;   June 8, 2020<br>Complaint Filed:   October 16, 2017 |

## I. INTRODUCTION

Defendant Tesla Motors, Inc. ("Tesla") moves this Court to strike the putative expert testimony of Charles Mahla ("Mahla") and instruct the jury not to consider Mahla's testimony because although he was qualified to testify as an expert, his trial testimony amounted to no more than lay opinion testimony which was not based on technical or special knowledge and his testimony will not help the jury determine any fact in the case.

## II. ARGUMENT

Charles Mahla was qualified as an expert on the value and financial condition of Tesla as of February 2020. *See* Declaration of Susan Haines, Ex. 1 (9/30/21 Transcript), 681:9-24. But his trial testimony did not satisfy the criteria set forth in Federal Rule of Evidence 702. Accordingly, the Court should strike his testimony and instruct the jury accordingly.

### A. Mahla's Testimony Was Not Based On Technical Or Special Knowledge

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A witness who is qualified as an expert may not offer opinion testimony unless the expert has "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a).

Here, Mahla's testimony demonstrated he did not rely upon any such knowledge for his testimony. When asked how he came up with a value for Tesla as of February 2020, he testified that because it is a publicly traded company, "the value of Tesla is relativity easy to determine." Haines Decl., Ex. 1 (9/30/21 Transcript), 682:2-7. Per Mahla, the value is the market capitalization, and it is "simply determined by taking the publicly-traded shares outstanding and multiply it by the share price of those shares." *Id.* Identifying two publicly available numbers and multiplying them does not require scientific, technical or specialized knowledge.

For Tesla's financial condition, Mahla created chart with financial numbers he pulled unaltered from Tesla's June 30, 2019 and December 31, 2019 SEC filings. He populated his chart with figures from each of the SEC reports for: total assets, market capitalization, total revenue, cash and cash equivalents, free cash flow, and net income. *Id.* at 684:8-17, 685:3-11. Mahla agreed that he took publicly available financial information and that he just recited the information for those categories. *Id.* at 686:15-20. On cross-examination, he admitted that he only had publicly available information from

SEC filings. *Id.* at 687:16-22. When asked "So you looked at these filings with the SEC and basically you recited what is on those SEC filings as part of your opinion, correct," he responded "Correct." *Id.* at 687:25 -688:3.

Thus, the totality of Mahla's testimony is describing a chart which contained data he copied from two SEC filings and adding the market capitalization which required him to multiply two numbers together. None of this requires knowledge that is scientific, technical, or specialized as required by Rule 702.

### B. Mahla's Testimony Is Not Expert Opinion Testimony

Courts have recognized that testimony which appears to be expert opinion testimony is in fact lay witness testimony, such as where corporate executives use business records to perform damages calculations, generally using straightforward arithmetic to calculate damages. *See, e.g., United States v. Aubrey*, 800 F.3d 1115, 1129 (9th Cir. 2015). Even where damages calculations involve multiplication – such as a business owner calculating lost profits for 29 computer sales the company was unable to make because the computers were found defective, with the calculation determined by multiplying the lost profit for one computer by the 29 computers the company could not sell. *See State Office Sys., Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843 (10th Cir. 1985).

Mahla's testimony should likewise be not be considered expert opinion testimony because he did not engage in *any* analysis, interpretations or accounting methods. Here, Mahla only identified numbers in his chart, which he copied from SEC filings. His only testimony about the numbers in his chart was that he took them from publicly available SEC filings, and his only calculation for market capitalization was "easy to determine" by simple multiplication. His testimony is comparable to the lay witness testimony in *Aubrey* and the business owner in *Olivetti* calculating lost sales profits except that it is inadmissible as lay witness opinion testimony because Mahla does not have personal knowledge of the contents of Tesla's SEC filings. *See* Fed. R. Evid. 602, 701.

### C. Mahla's Testimony Does Not Help the Jury To Determine A Fact Issue

Even if Mahla's testimony was found to be expert opinion testimony, it does not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). This is "[o]ne of the fundamental requirements of Rule 702." *Reach Music Publishing, Inc. v. Warner Chappell Music,*

*Inc.*, 988 F. Supp. 2d 395, 400 (S.D.N.Y. 2013). Jurors do not need assistance – particularly assistance that is not based upon technical, scientific or specialized knowledge as required by Rule 702 – with concepts and information within their grasp or understanding. "The upshot of Rule 702's helpfulness requirement is that the proffered expert testimony must actually help the factfinder "understand facts that are *outside common understanding* [citations]." *Weisfelner v. Blavatnick*, 558 B.R. 661, 667 (Bankr. S.D.N.Y. 2016). Courts will exclude expert testimony that does *not* assist the jury. *See United States v. Castaneda*, 997 F.3d 1318, 1331 (11th Cir. 2021) (properly excluded expert testimony that "some people sometimes mix fact with fiction on the internet" because no "juror needs *expert* help understanding that concept"). Similarly, an expert "who simply regurgitates what a party has told him provides no assistance to the trier of fact through the application of specialized knowledge." *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 424 (S.D.N.Y. 2009).

While Mahla is not relying on a representation from a party, simply repeating financial statistics from Tesla's SEC filing does not assist the jury because the jury is more than capable of reading a document and examining numbers. Furthermore, even if Mahla's testimony were necessary to direct the jury to appropriate numbers from SEC filings, he did not testify or explain the reasons why the jury would need to examine these numbers, what considerations should inform their understanding about each number and how each number assisted in purportedly determining Tesla's financial condition.

## III. CONCLUSION

For the foregoing reasons, Tesla respectfully requests the Court strike Mahla's testimony and instruct the jury accordingly.

Dated: October 1, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Susan Haines
TRACEY A. KENNEDY
PATRICIA M. JENG
SUSAN HAINES

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.