SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:    213.620.1780
Facsimile:     213.620.1398
Email:          tkennedy@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
SUSAN HAINES, Cal. Bar No. 224611
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:     415.434.3947
Email:          pjeng@sheppardmullin.com
                    shaines@sheppardmullin.com

Attorneys for Defendant,
TESLA, INC. dba TESLA MOTORS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, AND LAMAR PATTERSON,<br><br>           Plaintiffs,<br><br>      v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>           Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)**<br><br>Courtroom:  2, 17th Floor<br>Judge:        Hon. William H. Orrick<br><br>Trial Date;        September 27, 2021<br>Complaint Filed: October 16, 2017 |

## I. INTRODUCTION

Evidence and testimony was presented in a jury trial held in this matter from September 27, 2021 to October 1, 2021. Plaintiff Owen Diaz has failed to provide the jury with evidence conclusively demonstrating that Tesla subjected Plaintiff to race discrimination in violation of 42 U.S.C. section 1981, which prohibits racial harassment in the making and enforcement of private contracts. Without such evidence, the jurors must answer no to the verdict form question asking whether Plaintiff was subjected to a racially hostile work environment by Tesla based on a civil rights violation in a contractual relationship under Section 1981.

Section 1981 prohibits "racial discrimination in the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship[.]" At trial, Plaintiff alleged he was subjected to race based harassment when he was assigned to work at the Tesla Fremont factory from June 2015 to March 2016 by Tesla.

But even assuming the truth of these allegations for the purpose of this motion, Plaintiff presented no evidence to establish an essential element of a section 1981 race discrimination violation by Tesla. Specifically, Plaintiff did not meet his burden to establish Plaintiff was in a contractual relationship with Tesla, nor has there been any evidence of a contract under which Plaintiff has rights under Section 1981. There has been no evidence presented of an actual contract between Tesla and Plaintiff, or a contractual relationship under which Plaintiff would have rights under Section 1981.

Since no evidence was presented at trial to establish a contractual relationship between Plaintiff and Tesla, pursuant to 42 U.S.C. section 1981, Tesla requests that the Court enter judgment in its favor as a matter of law as to Plaintiff's race Section 1981 claim.

## II. PLAINTIFF'S CLAIMS

Plaintiff has three claims: 1) racial harassment in violation of 42 U.S.C. § 1981; 2) failure to prevent harassment in violation of 42 U.S.C. § 1981; and 3) negligent supervision and retention (as to Ramon Martinez and Robert Hurtado). Plaintiff is seeking emotional distress damages as well as punitive damages. Plaintiff does not seek economic damages.

## III. LEGAL STANDARD

Judgment as a matter of law is proper "when the record contains no proof beyond speculation to support a verdict." *First Union Nat'l Bank v. Benham*, 423 F.3d 855, 863 (8th Cir. 2005). Rule 50(a) of the Federal Rules of Civil Procedure provides:

> **(a)  Judgment as a Matter of Law.**
>
> (1)  *In General.*  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A)  resolve the issue against the party; and
>
> (B)  grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

*See* F.R.C.P. 50(a).

In conducting its analysis, the Court should examine the full record. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-50 (2000); *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014).

Rule 50(a) "allows a court to remove issue[s] – claims, defenses, or entire cases – from the jury when there is no 'legally sufficient evidentiary basis to support a particular outcome.'" *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007) (citation omitted). Such a motion is properly granted "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Wheatley v. Wicomico County*, 390 F.3d 328, 332 (4th Cir. 2004) (quoting *Singer v. Dugan*, 45 F.3d 823, 827 (4th Cir. 1995)) (internal quotation marks omitted). To defeat a motion for judgment as a matter of law, "the non-moving party must come forward with more than the existence of a scintilla of evidence." *Miller v. Glen Miller Prods, Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (citation omitted) (emphasis added).

## IV. PLAINTIFF HAS NOT PRESENTED EVIDENCE OF AN IMPAIRED "CONTRACTUAL RELATIONSHIP" UNDER SECTION 1981.

Plaintiff cannot establish a violation of Section 1981 for race harassment "unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce'" *Domino's*

*Pizza, Inc.*, 546 U.S. at 476.   42 U.S.C. § 1981 prohibits racial harassment in the ***making and enforcement of private contracts.***  *Runyon v. McCrary*, 427 U.S. 160, 168 (1976).  "Any claim brought under § 1981 . . . ***must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights***."  *Domino's Pizza, Inc.*, 546 U.S. 470, 476 (2006) (emphasis added).

A claim by an employee against its staffing agency's client is not cognizable under § 1981 **when there is no evidence that the employee entered into a contract with the client or ever attempted to do so**.  *Faush v. Tuesday Morning, Inc.*, 808 F. 3d 208, 220 (3d Cir. 2015) (plaintiff could not survive summary judgment against employer staffing agency's client, the defendant retailer, for workplace discrimination based on race, "absent evidence that retailer ever entered into any contracts with worker").

Plaintiff has not presented any evidence of a contractual relationship between him and Tesla. Plaintiff testified that he never got any written document from Tesla saying that he was a Tesla employee at any point in time.  Trial Tr. Vol. 3, 497:25-498:2 ("**Q.**  Sure.  Did you ever get any written document from Tesla saying that you were a Tesla employee at any point in time?  **A.**  No, ma'am.").

Moreover, Plaintiff cannot conflate any alleged *agency relationship* with a *contractual relationship*.  "While it is true that the substantive elements of a § 1981 claim mirror those of a Title VII claim in many respects [] the types of individuals who can bring such claims are not identical.  Section 1981 'does not limit itself, or even refer, to employment contracts.'"  *Faush*, 808 F.3d at 220.  Indeed, *Fausch* confirms there is a distinction between the two.  Even when there is "more than sufficient evidence to preclude summary judgment" because a rational jury "could find…a common-law employment relationship" for purposes of Title VII, the Court in *Fausch* found that the plaintiff's "[Section] 1981 claim, by contrast, was properly dismissed."  In *Faust*, the Court found that the plaintiff "[could] not avoid summary judgment on his § 1981 claim…unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'"  *Domino's Pizza, Inc.,* 546 U.S. at 479–80 (quoting 42 U.S.C. § 1981).   Here, the record does not indicate that Plaintiff entered into a contract with Tesla.  Plaintiff submitted into evidence a Master Services Agreement between Tesla and nextSource, Inc.  (Tr. Ex. 3.)  However, Plaintiff is not a party to the contract.

### A. The evidence must establish that Plaintiff had *his own* contractual relationship with Tesla.

Although a plaintiff does not need a contractual relationship prior to the alleged harassment, a plaintiff must have his or her "own contractual relationship" to establish a § 1981 discrimination claim. *Domino's Pizza,* 546 U.S. at 480 (holding that "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's.") (emphasis added).  A harassment claim by an employee against his staffing agency's client is not cognizable under § 1981 when there is no evidence that the employee entered into a contract with the client or ever attempted to do so.  *Faush v. Tuesday Morning, Inc.*, 808 F. 3d 208, 220 (3d Cir. 2015).

In *Faush*, the plaintiff was an African American temporary-worker employed by Labor Ready, a staffing agency firm that provides workers to a number of clients, including the defendant, retailer Tuesday Morning, Inc.  808 F. 3d at 210.  Throughout the plaintiff's time working at a Tuesday Morning, Inc. store, the plaintiff alleged that he and other African-American workers who were working at the defendant's store were subject to racial slurs.  *Id.* The staffing company had the power to hire and fire the plaintiff from its own employ, but Tuesday Morning, Inc. had the ultimate authority to terminate the plaintiff from its premises. *Id.* at 16.  The plaintiff brought action against Tuesday Morning, Inc., alleging race discrimination under § 1981. *Id.*  The *Fausch* Court held that the plaintiff's § 1981 claim was appropriately dismissed on summary judgment because "the record does not indicate that [the plaintiff] entered into a contract with [the staffing agency's client] or ever attempted to do so."

Similarly, the United Stated District Court for the District of Oregon has held that there was no evidence of any contractual right belonging to a contractor that was impaired by purported racial animus of company where the contract worker was placed by a staffing service, as required for the contract worker's § 1981 claim against company. *Justice v. Rockwell Collins, Inc.*, 117 F. Supp.3d 1119, 1124 (D.Or., 2015).

In *Justice*, the plaintiff entered into an employment agreement with a staffing agency pursuant to which he was to work at defendant company. *Id.* at 1124.  After the plaintiff brought a § 1981 claim against the company, the court held that there was no evidence of any contractual relationship between the plaintiff and the company. *Id.* The court reasoned that the plaintiff did not allege any facts that would

support the existence of a contractual relationship between him and the company, given that the only entity the plaintiff entered into a contract with was the staffing agency. *Id.*

*Fausch* and *Justice* are directly on point. Here, as in *Faush* and *Justice*, Plaintiff's § 1981 claim has failed to provide evidence of any existing or would-be contract or contractual relationship with Tesla. Plaintiff also failed to plead facts showing how Tesla intentionally harassed against him on the basis of race in such a way as to impair *their* contractual relationship, instead of Tesla's contractual relationship with nextSource, Inc. Like in *Fausch* and *Justice*, the record does not indicate that Plaintiff entered into a contract with Tesla. Absent any evidence proving the existence of *his own* contractual relationship with Tesla, Plaintiff's § 1981 claim fails as a matter of law.

### B.     The record does not establish that Plaintiff is a third party beneficiary of a contract.

Plaintiff has also not submitted evidence that he is "a third-party intended beneficiary of a contract [who] may have rights under § 1981." *Domino's Pizza, Inc.,* 546 U.S. at 476. The law of the forum state determines questions of contract under Section 1981, provided that it is not inconsistent with federal law. *Judie v. Hamilton*, 872 F.2d 919, 923 (9th Cir. 1989) (applying Washington law). California courts interpret contracts "so as to give effect to the mutual intention of the contracting parties at the time the contract was formed." *Serv. Employees Internat. Union, Local 99 v. Options--A Child Care & Human Servs. Agency*, 200 Cal. App. 4th 869, 879 (2011). "A third party may enforce a contract made for his or her benefit or made for the benefit of a class of which he or she is a member." *Serv. Employees Internat. Union, Local 99 v. Options--A Child Care & Human Servs. Agency*, 200 Cal. App. 4th 869, 878 (2011).

A third party's right to enforce a contract is predicated on the contracting parties' express or implied intent to benefit the third party. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006). While a party need not be identified in a contract to be a recognized third-party beneficiary, a clause disclaiming any third-party beneficiaries is strong evidence to support a denial of third-party beneficiary rights. *Balsam v. Tucows Inc.*, 627 F.3d 1158, 1163 (9th Cir. 2010) (holding that a no third-party beneficiary clause "unambiguously manifests an intent not to create any obligations to third parties" when lacking sufficient evidence to the contrary); *Pegasus Satellite TV, Inc. v. DirecTV, Inc.,* 318 F. Supp. 2d

1  968, 977 (C.D. Cal. 2004) (finding no "authority that would allow [the court] to abrogate an express no

2  third-party beneficiary provision" in a contract).

3      Here, Plaintiff has presented no evidence that he was a third party beneficiary of the Master

4  Services Agreement between Tesla and nextSource, Inc.  To the contrary, as in *Balsam*, Tesla's Master

5  Service Agreement expressly excludes third party beneficiaries.  (Tr. Ex. 3.)   Paragraph 14.10 states:

> "Third Party Beneficiaries.  This Agreement is entered into solely between Tesla and Supplier and, except for the Parties indemnification obligations under Section 11 (Indemnification) and the Service Recipients, will not be deemed to create any rights in any third parties or to create any obligations of either Tesla or Supplier to any third parties."

9  (Tr. Ex. 3.)

10      Because of the clear and unambiguous clause disclaiming any third party beneficiaries in Tesla's

11  Master Services Agreement with nextSource, Inc., there is no evidence to support Plaintiff as either an

12  express or implied third party beneficiary.  Accordingly, Plaintiff cannot assert a Section 1981 claim

13  because the contract "unambiguously manifests an intent not to create any obligations to third parties."

14  *Balsam*, 627 F. 3d at 1163.

15  **V.    CONCLUSION**

16      For the foregoing reasons, the Court should enter judgment as a matter of law in favor of Tesla in

17  accordance with Rule 50(a) of the Federal Rules of Civil Procedure.

18  Dated:  October 1, 2021          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    /s/Patricia M.  Jeng
TRACEY A. KENNEDY
PATRICIA M. JENG
SUSAN HAINES

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.