SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
NAMAL TANTULA, Cal. Bar No. 247373
BRETT YOUNG, Cal. Bar No. 305657
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:    213.620.1398
Email:         tkennedy@sheppardmullin.com
                  ntantula@sheppardmullin.com
                  byoung@sheppardmullin.com

PATRICIA M. JENG, Cal. Bar No. 272262
SUSAN HAINES, Cal. Bar No. 224611
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:    415.434.3947
Email:         pjeng@sheppardmullin.com
                  shaines@sheppardmullin.com

Attorneys for Defendants,
TESLA, INC. dba TESLA MOTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ AND LAMAR PATTERSON<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; NEXTSOURCE, INC.; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 17-cv-06748-WHO<br><br>**DECLARATION OF PATRICIA M. JENG IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)**<br><br>Courtroom:  2, 17th Floor<br>Judge:        Hon. William H. Orrick<br><br>Trial Date;          September 27, 2021<br>Complaint Filed:  October 16, 2017 |

# DECLARATION

I, Patricia M. Jeng, declare as follows:

1. I am currently an attorney with the law firm Sheppard Mullin Richter & Hampton, LLP which serves as Defendant Tesla, Inc.'s ("Tesla") attorneys of record in the above-captioned matter. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. **Exhibit 1** to this declaration consists of true and correct copies of excerpts of the September 29, 2021 Official Trial Transcript in the above captioned matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of October 2021, at San Francisco, California.

>                               /s/ Patricia M. Jeng
>                               Patricia M. Jeng

# EXHIBIT 1

---

Volume 3
Pages 369 - 544

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ORRICK

DEMETRIC DI-AZ, OWEN DIAZ AND  )
LAMAR PATTERSON                )
                               )
        Plaintiffs,            )
                               )
 vs.                           ) No. C 17-6748 WHO
                               )
TESLA, INC., dba TESLA MOTORS, )
INC., CITISTAFF SOLUTIONS, INC., )
WEST VALLEY STAFFING GROUP,    )
CHARTWELL STAFFING SERVICES, INC., )
and DOES 1-50, inclusive,      )
                               ) San Francisco, California
        Defendants.            ) Wednesday
                               ) September 29, 2021
_____) 8:00 a.m.

TRANSCRIPT OF JURY TRIAL PROCEEDINGS

APPEARANCES:

For Plaintiffs:      ALEXANDER MORRISON & FEHR LLP
                     1900 Avenue of the Stars
                     Suite 900
                     Los Angeles, California 90067
                BY:  BERNARD ALEXANDER, ESQ.

                     CALIFORNIA CIVIL RIGHTS LAW GROUP
                     332 San Anselmo Avenue
                     San Anselmo, California 94960
                BY:  LAWRENCE A. ORGAN, ESQ.
                     CIMONE A. NUNLEY, ESQ.

        (APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By:    Debra L. Pas, CSR 11916, CRR, RMR, RPR
                Official Reporter - US District Court
                Computerized Transcription By Eclipse

---

370

APPEARANCES:  (CONTINUED)

For Defendants:      SHEPPARD MULLIN RICHTER & HAMPTON LLP
                     333 S. Hope Street
                     43rd Floor
                     Los Angeles, California 90017
                BY:  TRACEY A. KENNEDY, ESQ.

                     SHEPPARD MULLIN RICHTER & HAMPTON, LLP
                     379 Lytton Ave
                     Palo Alto, California 94301
                BY:  PATRICIA M. JENG, ESQ.

                     SHEPPARD MULLIN RICHTER & HAMPTON LLP
                     Four Embarcadero Center
                     17th Floor
                     San Francisco, California 94111
                BY:  SUSAN Q. HAINES, ESQ.

Also Present:        JOSEPH ALM, ESQ.
                     - Tesla, Inc.

                     YUSUF MOHAMED, ESQ.
                     - Tesla, Inc.

                     VALERIE CAPERS WORKMAN
                     - Tesla, Inc.

                          _  _  _

---

371

PROCEEDINGS

1   Wednesday - September 29, 2021                8:01 a.m.
2                   P R O C E E D I N G S
3                        ---oOo---
4       (Proceedings were heard out of presence of the jury.)
5           THE COURT:  All right.  There are two things on my
6   mind this morning.  One is the counter designations and
7   objections regarding Erin Marconi.  And I think in every
8   instance I'm going to overrule the objection to the counter
9   designation and overrule the objection to the testimony.  So
10  all of the testimony can come in that the parties are
11  interested in.
12          MR. ORGAN:  Your Honor, just a question on that then.
13  With respect to how they are presented, do you want the
14  designations presented with the counter designations then
15  together?
16          THE COURT:  Yeah, I think that's the smoothest way of
17  dealing with things.
18          MR. ORGAN:  So we'll have one video.
19          THE COURT:  One video.
20          MR. ORGAN:  In terms of the time, Your Honor --
21          THE COURT:  You time it yourself.
22          MR. ORGAN:  We'll produce that tonight.  So we'll --
23  it's our intent to present it, then, tomorrow, Your Honor.
24          THE COURT:  Great.
25          MR. ORGAN:  Okay.  Thank you.

---

372

PROCEEDINGS

1           THE COURT:  All right.  And then the other thing I
2   just wanted to mention, yesterday I allowed Wayne Jackson to
3   testify about his experience of hearing the "N" word throughout
4   the factory.  And on Monday I admitted Exhibit 106 concerning
5   Mr. Romero's credibility regarding his hearing of the "N" word.
6       I did so because it appears from Tesla's presentation of
7   the case, from the opening of the argument to the designations
8   in the depositions, that it wishes to minimize the use of the
9   "N" word in the workplace at Tesla, which is fine, but so this
10  counter evidence I think is relevant.
11      I am willing and inclined to give the jury a further
12  limiting instruction, and I can do that this morning.  It would
13  be primarily at the defendant's -- I'll let the defendant
14  decide whether this is something that you would like or not,
15  but it would be to the effect of:
16      As you know, I admitted Exhibit 106 for the limited
17  purpose of your consideration of the credibility of
18  Mr. Romero's testimony.  And yesterday I allowed Mr. Jackson to
19  testify about his experience hearing the "N" word in the Tesla
20  factory.
21      I want to remind you that this case is about Mr. Diaz and
22  the work environment that he experienced at the Tesla factory,
23  not what others in a different part of the facility
24  experienced.
25          MS. KENNEDY:  Yes, Your Honor, that would be

Diaz vs Tesla, Inc.
C 17-6748 WHO
Volume 3

```
                                                              497
                    DIAZ - CROSS / KENNEDY
 1         THE COURT:  Well, if it's better to see Mr. Organ,
 2   yes.
 3         MS. KENNEDY:  I'll move it back a little farther.
 4         MR. ORGAN:  I think he wants you to move it back.
 5         MS. KENNEDY:  I'll move it back.  That's better.
 6   BY MS. KENNEDY:
 7   Q.   Mr. Diaz, as part of your employment with CitiStaff, you
 8   actually completed a direct deposit form so you could be paid
 9   through CitiStaff; correct?
10   A.   Yes.
11   Q.   Did you ever complete any type of direct deposit forms for
12   Tesla?
13   A.   No.
14   Q.   Mr. Diaz, did you ever get my type of written contract
15   from Tesla?
16         MR. ORGAN:  Objection.  Calls for a legal conclusion,
17   Your Honor.
18         THE COURT:  You can answer that.  Any sort of a
19   written agreement from Tesla?
20         THE WITNESS:  I did get an agreement, but I don't know
21   if the NDA was part that.  So can you be a little more
22   specific, ma'am?
23   BY MS. KENNEDY
24   Q.   Sure.
25        Did you ever get any written document from Tesla saying
```

```
                                                              498
                    DIAZ - CROSS / KENNEDY
 1   that you were a Tesla employee at any point in time?
 2   A.   No, ma'am.
 3   Q.   Lets go to Exhibit 19.
 4         MS. KENNEDY:  19 has been admitted, Your Honor.  It's
 5   the badge.
 6         THE COURT:  Okay.
 7        (Document displayed.)
 8   BY MS. KENNEDY
 9   Q.   Mr. Diaz, you got this badge, I think you said, around
10   your first day of employment with CitiStaff Solutions; is that
11   correct?
12   A.   I got that badge the first day I walked inside of Tesla.
13   Q.   Right.  And that was before you said you started your
14   safety trainings; correct?  Orientations and your safety
15   trainings?
16   A.   Yes.
17   Q.   And as you can see, it says "Contractor" on the left-hand
18   side of your badge.  Do you see that?
19   A.   Yes, I see that under the "Certified Forklift" sign,
20   ma'am.
21   Q.   Right.  And on top of that it says "Tesla Motors";
22   correct?
23   A.   Yes.
24   Q.   And you're required to wear this badge at all times when
25   you were in the Tesla facility; correct?
```

```
                                                              499
                    DIAZ - CROSS / KENNEDY
 1   A.   No.  It looks beat up because it was in my wallet, ma'am.
 2   Q.   Okay.  You had to have it on you at all times; correct?
 3   A.   Yes.  That's the only way I can get in and out of the
 4   building.
 5   Q.   Right.  So this Tesla badge was to let you get entry into
 6   the facility; correct?
 7   A.   Yes.
 8   Q.   And is it also -- do you have an understanding as to
 9   whether any contractor, whether they're a contractor through a
10   staffing agency or a third-party contractor, who is coming in
11   to the factory where you worked for more than a few days, if
12   they have to go through any type of safety training to be on
13   the factory floor?
14   A.   I wouldn't have knowledge of that, ma'am.
15   Q.   So you have no idea what the safety orientation
16   requirements are for any visitors to the factory in Fremont;
17   correct?
18   A.   Correct.
19   Q.   And do you know if lawyers, for example, or accountants
20   who are coming in who have to be on the factory floor, if they
21   have to go through any type of safety training before they are
22   allowed on the Fremont factory floor?
23   A.   Can you repeat that question, please?
24   Q.   Certainly.  Do you have any knowledge one way or the other
25   if, for example, lawyers or accountants or anyone else coming
```

```
                                                              500
                    DIAZ - CROSS / KENNEDY
 1   to the Tesla Fremont facility and they're going to be on the
 2   factory floor, if they are provided any type of safety training
 3   before they're allowed on the factory floor?
 4   A.   No, I wouldn't know that.
 5   Q.   But it's your position, according to your testimony, that
 6   anyone who is there -- contractors, employees -- they were all
 7   treated the same and you couldn't tell who was who; correct?
 8   A.   You're misstating my testimony.
 9   Q.   Well, let me ask you this.  It was your testimony that
10   when you got to Tesla, you couldn't tell who a Tesla employee
11   was or a contractor or anyone else; correct?
12   A.   Correct.
13   Q.   And I also understand that -- I believe you stated that
14   basically from almost the first day that you started working at
15   the Tesla factory in Fremont, you were being called racial
16   slurs; is that correct?
17   A.   No.  I never stated almost the first day, ma'am.
18   Q.   Was it within the first two weeks?
19   A.   I can't recall when it first started.
20   Q.   Was it before or after August of 2015?
21   A.   It was before.
22   Q.   So sometime between June and between August of 2015 is
23   when the racial slurs started; correct?
24   A.   Yes.
25   Q.   And you would agree all those racial slurs that were said
```

Diaz vs Tesla, Inc.
C 17-6748 WHO
Volume 3

CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR
Wednesday, September 29, 2021

*Debra L. Pas, CRR*
*Official Reporter - U.S. District Court*
*(415) 431-1477*