LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:    (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:    (310) 394-0888
Facsimile:    (310) 394-0811

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF OWEN DIAZ'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO STRIKE TESTIMONY OF CHARLES MAHLA**<br><br>Trial date: September 27, 2021<br>Complaint filed: October 16, 2017 |

## I. INTRODUCTION

Tesla's motion to strike Dr. Charles Mahla's trial testimony is an untimely *Daubert* motion that should have been filed two years ago. Either at the time Plaintiff designated Dr. Mahla, at or after the deposition of Dr. Mahla, during the motion *in limine* stage, at trial before the Court qualified Dr. Mahla, or even during Tesla's cross examination of Dr. Mahla, but *before* Plaintiff rested his case. Tesla's legal basis for excluding Dr. Mahla's testimony is contrary to well settled case law that expert testimony on the financial condition of a company is relevant, admissible, and necessary for a jury to award punitive damages. Tesla's factual basis for its motion is non-existent, as Dr. Mahla finding it "relatively easy" *for him* to calculate the financial condition of Tesla does not mean the average person understands what the financial condition of Tesla is, or how to calculate it. Tesla has presented zero evidence as to the latter. Lastly, Plaintiff will be prejudiced as Tesla's Motion is raised *after* Plaintiff rested his case, therefore preventing him from submitting alternative evidence to enable the jury to determine the financial condition of Tesla, which will impact Plaintiff's right to obtain punitive damages, should the jury decide such damages need to be awarded.

## II. ARGUMENT

### a. Tesla's Motion is Untimely.

On October 11, 2019, Plaintiff served his expert witness designations on Tesla disclosing Dr. Charles Mahla as an expert that would testify at trial about Tesla's financial condition based on publicly available financial information. (See Declaration of Navruz Avloni in Support of Plaintiff's Opposition to Tesla's Motion to Strike the Testimony of Charles Mahla, Ph.D. (hereinafter "Avloni Dec."), ¶ 2). That same day, Plaintiff served Dr. Mahla's report in which Tesla was again put on notice that Dr. Mahla would testify at trial about Tesla's financial condition based on "publicly available documents." (Avloni Dec. ¶ 3.) <u>So, as early as October 11, 2019, Tesla had the information on which it bases its current motion to strike, yet it did not file a motion to strike at that time.</u>

On February 25, 2020, Tesla took the deposition of Dr. Mahla during which he testified about the financial condition of Tesla, as well as the basis for his conclusions, which included

publicly available documents. (Avloni Dec. ¶ 4.) <u>Tesla did not file a motion to exclude Dr. Mahla in response to his February 25, 2020 deposition testimony on the financial condition of Tesla</u>.

On September 30, 2021, Dr. Mahla testified before this Court. (Avloni Dec. ¶ 5.) Prior to this Court qualifying Dr. Mahla as an expert, he testified that he has on a number of occasions provided an opinion on valuation of companies (Avloni Dec. ¶ 5, 681:5-8); Plaintiff's counsel indicated that Dr. Mahla's expert testimony would be about the financial condition of Tesla, Inc. in February 2020 (*Id.* at 681:11-22); <u>Tesla's counsel responded with, "No objection"</u> (*Id.* 681:23) to this Court qualifying Dr. Mahla as an expert. After Tesla's counsel finished her cross examination of Dr. Mahla, she merely noted "Thank you. I'm done. Thank you, Your Honor." (*Id.* at 687:25-688:9.) <u>Tesla made no objections, nor did it seek to strike Dr. Mahla's testimony on September 30th, and after it completed Dr. Mahla's cross examination</u>.

Instead, Tesla filed its motion to strike the testimony of Dr. Mahla only *after* Plaintiff rested his case; or more specifically at 10:25pm on Friday, with the case to go to the jury the following Monday morning. (See Dkt No. 281.) This Court should deny Tesla's untimely motion because Tesla's motion was filed after the scheduling order cut-off date, and close to <u>two years after</u> it was put on notice that Dr. Mahla would be testifying about Tesla's financial condition based on information gathered from publicly available documents.

### b. Dr. Mahler's Testimony Will Help the Jury Determine the Financial Condition of Tesla, Which the Jury Needs to Know to Award Punitive Damages.

Should the jury decide punitive damages are warranted here, Dr. Mahla's testimony will assist them with determining the financial condition of Tesla in deciding the punitive damages amount to award. Economic experts are routinely admitted and testify in Court on the financial condition of a company for this very reason – to assist the jury in understanding the financial condition of the company at issue which will ultimately assist them to determine how much to award. (*See e.g. Pooshs v. Phillip Morris USA, Inc.*, 287 F.R.D. 543, 550 (N.D. Cal. 2012); *Embotelladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co., Inc.*, No. 316CV00724GPCMSB, 2020 WL 730921, at *12 (S.D. Cal. Feb. 13, 2020)).

In fact, in *Van Kralingen v. Fairchild Corp.*, 221 F.3d 1350 (9th Cir. 2000), the lower court ruled Fairchild's SEC 10K financial statement could not be admitted without expert testimony explaining it. The Ninth Circuit did not disagree that an expert witness was required; rather it concluded that based on the circumstances presented, Van Kralingen was entitled to a new trial where he could present the issue of punitive damages and have an opportunity to present the evidence of Fairchild's financial condition. <u>This Ninth Circuit decision reflects that not only does the testimony of Dr. Mahla *help* the jury determine the financial condition of Tesla, but that such testimony is *necessary* for the jury to be able to award punitive damages</u>.

In its Motion, Tesla cites to cases that simply do not support its position. In *Reach Music Publishing, Inc. v. Warner Chappell Music, Inc.*, 988 F. Supp. 2d 395, 400 (S.D.N.Y. 2013), the Court held an expert witness *can* testify about the customs and practice in a particular industry. The case did not deal with an economic expert, the financial condition of a company, or any other issues related to Tesla's Motion. Similarly, neither *Weisfelner v. Blavatnick*, 558 B.R. 661, 667 (Bankr. S.D.N.Y. 2016), nor *United States v. Castaneda*, 997 F.3d 1318, 1331 (11th Cir. 2021) address any issues present here. In *Weisflener,* an expert was precluded from testifying about the parties' actions and state of mind – not an issue here. In *Castaneda,* a case involving online sexual predators, the Court excluded defendant's expert who was designated to testify about the general concept that sometimes people mix fact and fiction online. *Id.* 1331. The Court concluded, "everyone knows people sometimes lie and that the internet does not filter out falsehoods." *Id.* at 1331. These cases are not even a stretch, but rather completely irrelevant.

Because Tesla has not cited to a single case holding that an economic expert's testimony on the financial condition of a company does not help a jury determine a fact at issue, and because legal authority supports that such testimony is not only relevant but necessary, this Court should deny Tesla's motion.

   **c. Dr. Mahla's Expert Testimony on the Financial Condition of Tesla is Permissible Under FRE 702 and Supported by Case Law.**

Tesla argues Dr. Mahla's testimony did not satisfy the criteria set forth in Federal Rule of Evidence 702 because Dr. Mahla testified "the value of Tesla is relatively easy to determine."

(Tesla's Motion to Strike, Dkt No. 281, 1:16-22.) What Tesla ignores is that Dr. Mahla testifies it's "relatively easy" *for him* to calculate the financial condition of Tesla. Tesla has submitted zero evidence to this Court reflecting that a lay person (1) understands how to determine the financial condition of a company on their own; (2) can understand Tesla's SEC filings without any guidance; and (3) understands the financial condition of Tesla. How easy something is for Dr. Mahla is not proof that every lay person can understand such information on their own. It's only proof that Dr. Mahla is good at what he does.

Tesla's claim that Dr. Mahla did not engage in any "analysis, interpretation or accounting" is also unsupported by the record. Mahla had to know which numbers to identify, which numbers to include where, and what to add and/or multiply. Doing so *is* "analysis, interpretation and accounting."

Similarly with its prior point, Tesla does not present any persuasive authority to support its position. In *United States v. Aubrey, 800 F.3d 1115, 1129 (9th Cir. 2015),* the Court permits Hoogoian to testify as a lay witness about his personal knowledge related to checks he saw. The Court concludes, "*he may be an expert*, but he hasn't testified as an expert. He's testifying to facts of which he had personal knowledge." *Id.* at 1129 (emphasis added). *Aubrey* does not support Tesla's position, nor does it stand for what Tesla claims it stands for, or use terms such as "straightforward arithmetic" or "calculate damages" which Tesla refers to when discussing the case.

Similarly, Tesla relies on *State Office Sys., Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843 (10th Cir. 1985), to support its position. In *Olivetti,* the lower occur permitted Springer, the president and treasurer of the company, to testify given his "lengthy experience in marketing and selling Olivetti computers in Kansas, and his personal knowledge of SOS operations, sales, and profits, he qualified as a witness able to render an opinion concerning SOS's lost future profits." *Id.* at 846. The Tenth Circuit concluded while the lower court failed to state the grounds for admitting information about future profits, for which Springer laid a foundation, such information and testimony was admissible as opinion testimony under both FRE 701 *and* 702. *Id.* at 845-846. Accordingly, *Olivetti,* a case Tesla relies on, is contrary to Tesla's position here.

**d. Granting Tesla's Untimely Motion Would Prejudice Plaintiff as He Has Already Rested His Case and Does Not Have an Opportunity to Provide Alternative Evidence on Tesla's Financial Condition to the Jury.**

It is "settled law" that evidence of defendant's financial condition is a necessary prerequisite to upholding an award for punitive damages. *Embotelladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co., Inc.,* No. 316CV00724GPCMSB, 2020 WL 730921, at *13 (S.D. Cal. Feb. 13, 2020); *See also, Viasphere International, Inc. v. Vardanyan*, 2017 U.S. Dist. LEXIS 40832, at *13, 2017 WL 1065191 (N.D. Cal. Mar. 21, 2017); *Boyle v. Lorimar Prods.*, 13 F.3d 1357, 1360-61 (9th Cir. 1994). In *Embotelladora Electropura,* the court concluded that without evidence of defendant's financial condition "it is impossible to uphold the punitive damages verdict rendered in this case" and granted a motion for a new trial on punitive damages. *Id.*

Not only is evidence of defendant's financial condition necessary, but case law suggests SEC filings alone are insufficient evidence of a company's financial condition, and that an expert is necessary. *Van Kralingen,* 221 F.3d 1350, footnote no.5 (9th Cir. 2000)("Because we hold the district court abused its discretion in refusing to grant the requested continuance, and we reverse on that ground, we do not decide whether the proffered financial statement was admissible without expert testimony to explain it.")

Tesla's Motion should be denied because Dr. Mahla's testimony is not only relevant but necessary. Because Tesla raises its motion after Plaintiff has already rested his case, Plaintiff will be prejudiced as he no longer has an opportunity to submit alternative evidence reflecting Tesla's financial condition.

If, arguendo, the Court is inclined to strike Dr. Mahla's testimony, Plaintiff motions this Court to reopen his case so he can introduce Tesla's most recent 10-Q (See **Exhibit 4** to Avloni Dec.) and alternative testimony regarding Tesla's current financial condition. *Kelly v. Haag*, 145 Cal. App. 4th 910, 915 (2006)("A punitive damages award is based on the defendant's financial condition at the time of trial.")

//

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Tesla's Motion.

|  |  |
|---|---|
|  | CALIFORNIA CIVIL RIGHTS LAW GROUP |
|  | ALEXANDER KRAKOW + GLICK LLP |
| DATED: October 3, 2021 | By:   /s/ Navruz Avloni |
|  | Lawrence A. Organ, Esq. |
|  | Navruz Avloni, Esq. |
|  | Cimone A. Nunley, Esq. |
|  | J. Bernard Alexander, Esq. |
|  | Attorneys for Plaintiff OWEN DIAZ |