LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
NAVRUZ AVLONI (SBN 279556)
navruz@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:   (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 394-0888
Facsimile:    (310) 394-0811

Attorneys for Plaintiffs,
OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)**<br><br>Trial Date: September 27, 2020<br>Complaint filed: October 16, 2017 |

## I. INTRODUCTION

This Court must deny Tesla's motion for judgment as a matter of law on Plaintiff's racial harassment claims. (Dkt.No. 282) The motion ignores the trial evidence and cherry-picks from non-precedential opinions, glossing over or omitting their distinguishable factual circumstances.

The Court must allow a jury to decide Plaintiff Owen Diaz's claims, because Plaintiff has presented evidence to support <u>two</u> distinct theories of liability for racial harassment under 42 U.S.C § 1981 ("§ 1981"). Plaintiff presented evidence of his own contractual relationship with Tesla. Plaintiff also presented evidence he was an intended third-party beneficiary of the contract between NextSource and Tesla.

## II. FACTUAL BACKGROUND

The Court presided over a jury trial in this matter from September 27-October 1, 2021. The parties presented the following evidence:

Defendant hires employees to work in its Fremont factory via staffing agencies. It contracts with NextSource, Inc. to do so. (Depo. Desig. of Kevin McGinn, 20:13-21:04, Exh. 1 to Dec. of Cimone Nunley ("Nunley Dec.")) NextSource does not hire employees for placement at the Tesla factory; instead, NextSource contracts with other staffing agencies to place these other agencies' employees at Defendant's factory. (McGinn Desig. 20:13-21:04, 22:21-24, 99:6-18) CitiStaff is one of these other staffing agencies. (McGinn Desig. 25:20-24) Beyond placing employees to work at job sites and paying benefits, contractors through NextSource worked at the client's (i.e. Tesla's) direction and NextSource only disciplined employees or removed them from the job site on Tesla's direction. (McGinn Desig., 12:15-13:19) Plaintiff worked at the Tesla facility pursuant to the contract with NextSource. (McGinn Desig. 97:14-19)

Though CitiStaff was Plaintiff's employer on paper, Plaintiff worked at Tesla's direction, for Tesla's benefit. As an elevator operator, Plaintiff was responsible for moving materials, waste, and finished components between two stories of Defendant's factory. (Trial Tr. Vol. 1 93:15-94:3, Exh. 2 to Nunley Dec.) One witness described the elevator as a "key part" and "backbone" of the factory. (*Id.* 93:12-15, 94:4-7) Another witness explained this required close communication and collaboration with Tesla employees, who instructed Plaintiff on the materials

Case No. 3:17-cv-06748-WHO

1  to load and transport via the elevators. (Trial Tr. Vol. 5 711:17-22, 713:17-22, Exh. 3 to Nunley
2  Dec.) Tesla employee Jaime Salazar set Plaintiff's initial schedule, and Plaintiff had to mirror
3  Tesla workers' schedules. (Trial Tr. Vol. 3 399:23-400:1, Exh. 4 to Nunley Dec.; Trial Tr. Vol. 5
4  713:5-10) When Tesla was satisfied with Plaintiff's performance, Tesla employees gave Plaintiff
5  raises. (Trial Exh. 293, Exh. 5 to Nunley Dec.; Trial Exh. 222 p. 1, Exh. 6 to Nunley Dec.) Tesla
6  employee Ed Romero supervised Plaintiff. (Trial Tr. Vol 3 401:17-25)

### III.   LEGAL ARGUMENT

#### A.  Standards Governing Rule 50(a) Motions

"[I]n entertaining a motion for judgment as a matter of law, the court… may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court "must view the evidence in the light most favorable to the nonmoving party… and draw all reasonable inferences in that party's favor." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). The motion may only be granted where evidence permits a single conclusion. *Id*. Under this test, Defendant's motion fails. Plaintiff put forth ample evidence to support his claim under § 1981.

#### B.  Plaintiff presented evidence of a contractual relationship with Tesla under § 1981.

There is "no federal common law of contracts for section 1981 claims." *Judie v. Hamilton*, 872 F.2d 919, 922 (9th Cir. 1989). When evaluating claims under § 1981, courts should borrow applicable state law to the extent it is consistent with federal law. (*Id*.)

1. <u>Plaintiff was in a contractual relationship with Tesla.</u>

In California, four essential elements are required for a contract: "1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration." Cal. Civ. Code § 1150. A written contract is not required—parties may also express their consent via spoken words, acts, or failures to act. *Merced Cnty. Sheriff's Employees' Ass'n. v. Cnty of Merced*, 188 Cal. App. 3d 662, 670 (1988) (citation omitted). When evaluating the parties' consent to a contract, "the primary focus… is upon the acts of the parties involved." *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 789 (2019). Consideration exists where "the promisee confers a benefit or suffers a prejudice," and the benefit or prejudice is bargained-for. *Property*

*Cal. SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155, 1165 (2018).

In the instant case, all four elements are met. There is no dispute as to the parties' capacity. Sufficient consideration existed for the contract. Plaintiff went to Tesla's factory to work his scheduled shifts, moving materials at the direction of Tesla employees. (Trial Tr. Vol. 5 711:17-22, 713:17-22) In exchange for Plaintiff's labor, Tesla compensated Plaintiff at a Tesla-determined pay rate, by way of Plaintiff's staffing company. (Trial Exh. 293; Trial Exh. 222; Trial Tr. Vol. 3 474:15-24) The object of the contract—labor in exchange for remuneration—is lawful under both state and federal law. *See Bernstein v. Vocus, Inc.*, 2014 WL 3673307 at *3 (N.D. Cal. July 23, 2014) (all elements of contract pled where object of contract was plaintiff's employment). And both parties consented to the work-for-pay exchange, as demonstrated by the fact that Tesla welcomed Plaintiff into its factory and paid him for work from June 3, 2015 through March of 2016. (Trial Tr. Vol. 3 392:3-5; Trial Exh. 320, Exh. 7 to Nunley Dec.)

Plaintiff "never got any written document from Tesla saying that he was a Tesla employee at any point in time." (Dkt. No. 282 4:11-13) But under California law, no written document is required—the central focus is "upon the acts of the parties involved." *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 789 (2019). The undisputed facts demonstrate that, from June 2015 through March of 2016, Plaintiff worked at Tesla and received compensation in exchange for his work. (Trial Tr. Vol. 3 392:3-5; Trial Exh. 320) The evidence is sufficient to allow a jury to find an unwritten contract existed.

2. <u>Plaintiff was an intended third-party beneficiary of Tesla's contract with NextSource.</u>

Plaintiffs also have rights under § 1981 if they are intended third-party beneficiaries of a contract. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006). To prevail, a third-party beneficiary must show he "has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'" *Id.* at 479-80. Under California law, a third party is a beneficiary where "the parties intended to benefit the third party and the terms of the contract make that evident," when viewed in light of the circumstances under which the parties entered the contract. *Balsam v. Tucows, Inc.*, 627 F. 3d 1158, 1161 (9th Cir. 2010).

Plaintiff has made just this showing. He worked at Defendant's facility pursuant to a

contract between Defendant and NextSource. (McGinn Desig. 97:14-19; Plaintiff's Revised Proposed Discovery Designations, Special Interrogatories Nos. 2-3, Request For Admission No. 2, Exh. 8 to Nunley Dec.) This contract was received into evidence. (Trial Exh. 3, Exh. 9 to Nunley Dec.) The contract provides, in relevant part, "Supplier [NextSource] will assign an adequate number of Supplier Personnel to perform the Services specified by Tesla…" (Trial Exh. 3 p. 3) CitiStaff provided nextSource "Supplier Personnel" to work in Tesla's factory. (Plaintiff's Revised Proposed Discovery Designations, Special Interrogatories Nos. 2-3; McGinn Desig. 36:13-18, 37:20-38:1) In exchange, the contract sets forth "the unit rates and charges payable to Supplier for performing the Services" requested by Tesla. (Trial Exh. 3 p. 4)  Workers like Plaintiff were not incidental or remote beneficiaries—their labor was the primary purpose of the contract. (McGinn Desig. 20:13-21:04)

    The clause disclaiming third-party beneficiaries does not alter this result. Such a clause is only given effect in "the absence of any evidence to the contrary." *Balsam v. Tucows, Inc*., 627 F. 3d 1158, 1163 (9th Cir. 2010). Plaintiff presented precisely such evidence at trial. NextSource and Tesla contracted to staff employees at the Tesla factory. (McGinn Desig. 20:13-21:04) Payment to employees is not expressly mentioned in the redacted contract. But this ignores the context of the contract. Under the agreement, NextSource must "comply with, and perform the Services in compliance with, all Laws pertaining to… (iv) labor and employment conditions; [and] (v) wages and hours…." (Trial Exh. 3 p. 2) The California Labor Code provides, "All wages… earned by any person in any employment are due and payable twice during each calendar month…." Cal. Lab. Code. § 204(a). Compliance with California requirements to pay workers is thus expressly incorporated into the contract. This express, specific term prevails over the general "no third-party beneficiaries" disclaimer. *Balsam v. Tucows, Inc*., 627 F. 3d 1158, 1161 (9th Cir. 2010). Accordingly, because Plaintiff was plainly contemplated as a beneficiary under the contract, he has enforceable rights under rights under § 1981.

    3.  <u>The cases Tesla relies on are distinguishable.</u>

    The cases upon which Tesla relies are inapposite. In one, the court dismissed a § 1981 claim on summary judgment because the plaintiff's brief was "silent" as to the requirements of § 1981,

alleged no facts regarding a contract, and specified no contractual right impaired by discrimination. *Justice v. Rockwell Collins, Inc.*, 117 F. Supp. 3d 1119, 1142 (D. Or. 2015). In the second, the plaintiff likewise did not argue he met the requirements of § 1981 and or entered into a contract with the defendant. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 219 (3d Cir. 2015).[1]  These cases are not comparable to Plaintiff, who presented evidence of (1) an unwritten employment contract and (2) his beneficiary status under the Tesla/NextSource contract. Moreover, they analyze the contractual relationship under Oregon (*Justice*) and Pennsylvania (*Faush*) law, not California contract law.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Tesla's motion in its entirety.

Dated:     October 2, 2021  _____

J. Bernard Alexander
Lawrence A. Organ
Navruz Avloni
Cimone A. Nunley
Attorneys for Plaintiff
OWEN DIAZ

---

[1] The *Faush* court observed the plaintiff could be a third-party beneficiary of the contract, but did not analyze this argument since the plaintiff did not raise it. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 219 (3d Cir. 2015).