QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnemanuel.com
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant,
*TESLA, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OWEN DIAZ,<br><br>               Plaintiff,<br><br>        vs.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.,<br><br>               Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL AND/OR REMITTITUR PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 50 AND 59**<br><br>**Date: January 19, 2022**<br>**Time: 2 p.m.**<br>**Place: Courtroom 2, 17th Floor**<br>**Judge:  Hon. William H. Orrick** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Now before the Court is Defendant Tesla, Inc. DBA Tesla Motors, Inc.'s ("Tesla") Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur Pursuant to Federal Rules of Civil Procedure 50(b) and 59 ("Motion").  Upon consideration of the papers filed in support of and in opposition to the Motion, this Court concludes as follows.

**[Granting Judgment as a Matter of Law]**

Plaintiff Owen Diaz has failed to establish a legally sufficient basis for a reasonable jury to decide in his favor.  Fed. R. Civ. P. 50(b).  Accordingly, the Court grants judgment as a matter of law as to plaintiff Owen Diaz's claims for (1) racial harassment in violation of 42 U.S.C. § 1981; (2) failure to prevent racial harassment in violation of 42 U.S.C. § 1981; and (3) negligent supervision and retention of an employee under California state law.

IT IS THEREFORE ORDERED that Tesla's motion for judgment as a matter of law is GRANTED.

**[In the Alternative, Granting a New Trial]**

The jury's verdict was against the weight of the evidence.  Fed. R. Civ. P. 59.  Accordingly, the Court grants a new trial as to plaintiff Owen Diaz's claims for (1) racial harassment in violation of 42 U.S.C. § 1981; (2) failure to prevent racial harassment in violation of 42 U.S.C. § 1981; and (3) negligent supervision and retention of an employee under California state law.

IT IS THEREFORE ORDERED that Tesla's motion for a new trial is GRANTED.

**[In the Alternative, Denying a New Trial Conditioned on Remittitur]**

The jury's damages award was grossly excessive.  The Court finds that the maximum amount of damages sustainable by the proof is $____, and remittitur is therefore appropriate in that amount.

IT IS THEREFORE ORDERED that Tesla's motion for a new trial is DENIED, conditioned on plaintiff Owen Diaz's acceptance of a remittitur to an award in that amount.

Dated: _____

_____

The Honorable William H. Orrick
United States District Judge

[PROPOSED] ORDER GRANTING TESLA'S MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW
TRIAL, AND/OR REMITTITUR