**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3844**

WRITER'S EMAIL ADDRESS
kathleensullivan@quinnemanuel.com

January 27, 2022

**BY ELECTRONIC FILING**
The Honorable William H. Orrick
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Diaz v. Tesla, Inc.*, No. 17-cv-06748-WHO (N.D. Cal.)

Dear Judge Orrick:

On behalf of defendant Tesla, Inc., I write in response to the letter brief submitted by counsel for plaintiff Owen Diaz on January 25, 2022 (Dkt. 326).

As an initial matter, the Court should decline to consider Diaz's letter because it violates Local Rule 7-3(d), which provides that, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," which Diaz did not seek.  Moreover, Diaz's arguments, including his attempt to distinguish *Shaw v. United States*, 741 F.2d 1202 (9th Cir. 1984), are directed to arguments Tesla raised in its Motion (*see, e.g.*, Dkt. 317 at 12-13), and thus Diaz could and should have raised them before.  If the Court is inclined to consider Diaz's unauthorized letter, however, then Tesla respectfully requests that the Court also consider this brief response.

*First*, Diaz errs in suggesting that a district court ruling on a Rule 59 motion for new trial or remittitur may not consider whether the amount of a jury's compensatory damages award falls within the range of awards in comparable cases.  Diaz ignores the abundance of federal authority Tesla cited to the contrary.  *See, e.g.*, *Sooroojballie v. Port Auth. of N.Y. & N.J.*, 816 F. App'x 536, 546 (2d Cir. 2020) (holding that that post-trial assessment of whether a jury's damages award is excessive requires a comparison of "the awards in this case with the awards in analogous cases" and ordering remittitur of jury's $2.1 million award of to $250,000) (citation omitted); *Thompson v. Memorial Hosp. of Carbondale*, 625 F.3d 394, 409 (7th Cir. 2010) (holding that post-trial assessment of a jury's compensatory damages award requires considering "whether the award is roughly comparable to awards made in similar cases" and ordering remittitur of jury's $500,000 award to $250,00).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Courts within the Ninth Circuit are in accord. For instance, in *Clark v. City of Tucson*, 2020 WL 914524 (D. Ariz. Feb. 26, 2020), the district court expressly applied the Ninth Circuit's reasoning in *Shaw* to "compare [a jury] verdict amount to awards in similar cases in this District." *Id.* at *18 (remitting award of $1.85 million to $200,000); *see also Johnson v. Albertsons LLC*, 2020 WL 3604107, at *5 (W.D. Wash. July 2, 2020) (remitting "garden variety" emotional distress damages from $750,000 to $200,000, relying on comparison to verdicts in similar cases).

This comparative analysis is particularly important in the context, as here, of jury awards of emotional-distress damages, as those "already contain [a] punitive element." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003). As with punitive damages, where a jury's compensatory damages award seeks to condemn "outrage and humiliation" suffered by the plaintiff, *id.*, a consideration of comparable verdicts guards against arbitrariness and promotes consistency and fairness.

*Second*, the Court should reject Diaz's new argument that California state law controls this Court's discretion to decide whether the compensatory damages award is excessive. That argument is waived, as Diaz previously acknowledged that federal standards for remittitur control the present inquiry. (Dkt. 321 at 7-8, 14-15.) Diaz may not change his position for the first time now. *See, e.g.*, *Sloan v. Gen. Motors LLC*, 2020 WL 5517244, at *5 (N.D. Cal. Sept. 14, 2020) ("[A]rguments made for the first time at oral argument are deemed waived.").

In any event, Diaz's state-law argument is wrong. Diaz's narrow state-law claim, which is confined to negligent supervision of Ramon Martinez (*see* Dkt 301, Question 6), pertains to only a narrow subset of Diaz's alleged injuries under § 1981. It cannot suffice to independently support the verdict. And even if California law were controlling (and it is not), Diaz's own cited cases demonstrate that verdict comparison is permissible under California law. *See Seffert v. L.A. Transit Lines*, 56 Cal. 2d 498, 508 (1961) (noting that courts "should consider the amounts awarded in prior cases for similar injuries"); *see also, e.g.*, *Briley v. City of West Covina*, 66 Cal. App. 5th 119, 141 (2021) (same); *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 302-03 (2017) (concluding that comparison to cases "involving awards of the magnitude awarded here" supported the conclusion that the award at issue "shock[ed] the conscience").

In sum, the Court should disregard Diaz's submission as improper, waived, and incorrect, and the Court should grant Tesla's motion and order a significant remittitur.

Respectfully submitted,

*Kathleen Sullivan*

Kathleen M. Sullivan

cc: All counsel of record