LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:   (415)-453-7352
Facsimile:   (415)-785-7352

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:   (415) 421-7151
Facsimile:   (415) 362-8064

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 394-0888
Facsimile:   (310) 394-0811

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DECLARATION OF MICHAEL RUBIN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL ON LIABILITY AND DAMAGES**<br><br>Hearing Date: December 7, 2022<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>The Hon. William H. Orrick |

**DECLARATION OF MICHAEL RUBIN**

I, Michael Rubin, hereby declare:

1. I am a member of the State Bar of California and of this Court and am co-counsel for plaintiff Owen Diaz in this matter. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's Opposition to Defendant's Motion for a New Trial on Liability and Damages.

3. Defendant Tesla, Inc. made several representations in its October 14, 2022 Motion for New Trial on Liability and Damages (Dkt. 359), at 3, 13 about the content of the meet and confer discussions between the parties' counsel in September 2022 that are not entirely consistent with my recollection and contemporaneous notes. I submit this declaration to set forth my recollection of those discussions.

4. Defendant Tesla did not make any reference to *Gasoline Prods. Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494 (1931), or to its theory that *Gasoline Products* entitled Tesla to a complete retrial at any time between the July 12, 2022 case management conference and September 9, 2022, when the parties first met and conferred about the scope of retrial.

5. On September 2, 2022, Tesla's counsel Daniel Posner contacted plaintiff's counsel to request a meet-and-confer session regarding issues including "the parties' views on the scope of the retrial proceedings." Mr. Posner's email did not refer to *Gasoline Products*. The parties scheduled a videoconference meet and confer for the following week, on September 9, 2022.

6. Tesla's counsel informed plaintiff's counsel at that September 9, 2022 meet and confer, and again at a follow-up meet and confer on September 20, 2022, that Tesla believed it would be entitled to a complete retrial based on *Gasoline Products* unless plaintiff agreed to exclude from the second trial, at a minimum, all evidence pertaining to racist incidents at Tesla's factory that did not result in a written complaint and all evidence pertaining to Tesla's history and pattern of discriminating against Black employees, which Tesla's counsel referred to as "me-too evidence."

7. Plaintiff's counsel responded, in part, by stating that such a blanket exclusion would

deprive Mr. Diaz of his own Seventh Amendment rights. Plaintiff's counsel also stated our position that that evidence pertaining to several liability issues would not be relevant at the damages retrial, including evidence establishing that Tesla was a joint employer of plaintiff and evidence that Tesla had acted pursuant to contract. At the second meet and confer session, plaintiff's counsel also informed Tesla's counsel that we were in the process of reviewing the exhibit list and witness list from the first trial and believed that several witnesses would no longer need to be called, that others' testimony would be shorter, and that many of the exhibits introduced at the first trial would not be necessary at the damages retrial.

8. At the end of the second meet-and-confer session, plaintiff's counsel stated our willingness to participate in further discussions to more specifically identify issues and evidence that could be omitted from the parties' presentations at the retrial on damages. After a subsequent email exchange, the parties agreed that further discussions would not resolve the parties' dispute concerning Tesla's asserted rights under *Gasoline Products*.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Executed on this 4th day of November, 2022 in Berkeley, California.

*/s/Michael Rubin*
Michael Rubin