QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kathleen M. Sullivan (CA Bar No. 242261)
  kathleensullivan@quinnemanuel.com
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Attorneys for Defendant Tesla, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| OWEN DIAZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>TESLA, INC. DBA TESLA MOTORS, INC.,<br><br>          Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF MOTION FOR NEW TRIAL ON LIABILITY AND DAMAGES**<br><br>**Date: December 7, 2022**<br>**Time: 2 p.m.**<br>**Place: Courtroom 2, 17th Floor**<br>**Judge: Hon. William H. Orrick** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I.    TESLA'S MOTION IS PROCEDURALLY PROPER ........................................... 2

    A.    Tesla's Motion Is Not An Improper Motion For Reconsideration ............................ 2

    B.    Tesla's Motion Is Not Barred By Waiver Or Forfeiture ............................................ 3

    C.    Judicial Estoppel Does Not Bar Tesla's *Gasoline Products* Argument .................... 6

II.    A NEW TRIAL ON DAMAGES ALONE WOULD BE UNCONSTITUTIONAL ............. 7

    A.    Mr. Diaz Fails To Show How Questions Of Damages And Liability Can Be Separated In A New Trial On Damages Alone ........................................................... 7

    B.    Mr. Diaz's Voluminous Authorities Are Irrelevant Or Unpersuasive ....................... 9

    C.    Mr. Diaz Fails To Refute Tesla's Showing Of Prejudice Or Show Any Prejudice To Him ..................................................................................................... 12

CONCLUSION ........................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alvarado v. Fed. Express Corp.*,
  2008 WL 744819 (N.D. Cal. Mar. 18, 2008) .................................................................. 3, 4, 8

*Chien Van Bui v. City and County of San Francisco*,
  2014 WL 12701124 (N.D. Cal. July 25, 2014) ..................................................................... 2

*Claiborne v. Blauser*,
  934 F.3d 885 (9th Cir. 2019) ................................................................................................ 4

*Cole v. Foxmar, Inc.*,
  2022 WL 842881 (D. Vt. Mar. 22, 2022) ............................................................................ 11

*Cont'l Cas. Co. v. Chatz as Tr. for CFB/WFB Liquidating Tr.*,
  591 B.R. 396 (N.D. Cal. 2018) ............................................................................................. 6

*Cosby v. AutoZone, Inc.*,
  445 F. App'x 914 (9th Cir. 2011) .................................................................................. 10, 12

*F.B.T. Prods., LLC v. Aftermath Records*,
  827 F. Supp. 2d 1092 (C.D. Cal. 2011) ................................................................................ 4

*Fenner v. Dependable Trucking Co.*,
  716 F.2d 598 (9th Cir. 1983) ................................................................................................ 4

*Gasoline Products Co., Inc. v. Champlin Refining Cop.*,
  283 U.S. 494 (1931) ..................................................................................................... *passim*

*Glenn-Davis v. City of Oakland*,
  2007 WL 687486 (N.D. Cal. Mar. 5, 2007) .......................................................................... 4

*Hasbrouck v. Texaco, Inc.*,
  663 F.2d 930 (9th Cir. 1981) ................................................................................................ 7

*Houseman v. U.S. Aviation Underwriters*,
  171 F.3d 1117 (7th Cir. 1999) ............................................................................................ 11

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
  2020 WL 2768683 (D. Or. May 28, 2020) ....................................................................... 3, 5

*Larez v. Holcomb*,
  16 F.3d 1513 (9th Cir. 1994) ........................................................................................ 11, 12

*Lutz v. Glendale Union High School*,
  403 F.3d 1061 (9th Cir. 2005) ............................................................................................ 11

*Mahoney v. Canada Dry Bottling Co. of New York/Coors Distrib. Co. of New York*,
  1998 WL 231082 (E.D.N.Y. May 7, 1998) ........................................................................ 11

*Martell v. Boardwalk Enterprises, Inc.*,
  748 F.2d 740 (2d Cir. 1984) ............................................................................................... 11

*Masayesva v. Hale*,
  118 F.3d 1371 (9th Cir. 1997) .............................................................................................. 6

*Memphis Community School District v. Stachura*,
  477 U.S. 299 (1986) ............................................................................................................ 10

*Mfg. Rsch. Corp. v. Greenlee Tool Co.*,
  693 F.2d 1037 (11th Cir. 1982) .......................................................................................... 11

*National Urban League v. Ross*,
  489 F. Supp. 3d 939 (N.D. Cal. 2020) .................................................................................. 5

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) .................................................................................................... 6

*Nguyen v. Kelly*,
  2017 WL 8229635 (C.D. Cal. July 12, 2017) ............................................................. 2

*Prendeville v. Singer*,
  155 F. App'x 303 (9th Cir. 2005) ............................................................................... 9

*Schell v. Witek*,
  218 F.3d 1017 (9th Cir. 2000) .................................................................................... 5

*Simers v. Los Angeles Times Commc'ns, LLC*,
  18 Cal. App. 5th 1248 (2018) .................................................................................. 11

*Spence v. Bd. of Educ. of Christina Sch. Dist.*,
  806 F.2d 1198 (3d Cir. 1986) ................................................................................... 10

*United States v. Grimaldo*,
  993 F.3d 1077 (9th Cir. 2021) .................................................................................... 5

*United States v. J-M Mfg. Co., Inc.*,
  2018 WL 705532 (C.D. Cal. Jan. 31, 2018) ............................................................. 11

*United States v. Kim*,
  806 F.3d 1161 (9th Cir. 2015) .................................................................................... 7

*United States v. Pollard*,
  850 F.3d 1038 (9th Cir. 2017) .................................................................................... 5

*Wamboldt v. Safety-Kleen Systems, Inc.*,
  2008 WL 728884 (N.D. Cal. March 17, 2008) .......................................................... 2

*Watec Co. v. Liu*,
  403 F.3d 645 (9th Cir. 2005) .................................................................................... 10

*Watson v. City of San Jose*,
  800 F.3d 1135 (9th Cir. 2015) ...................................................................... 10, 11, 12

*Yniguez v. Arizona*,
  939 F.2d 727 (9th Cir. 1991) ...................................................................................... 6

*Zender v. Vlasic Foods, Inc.*,
  91 F.3d 158 (9th Cir. 1996) ........................................................................... 8, 10, 12

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) .................................................................................... 5

**Rules and Regulations**

Fed. R. Civ. P. 38(b) ............................................................................................................ 5

# INTRODUCTION

Mr. Diaz goes to great lengths in his opposition (Dkt. 361 ("Opp.")) to argue that Tesla's motion is procedurally barred, encouraging the Court to look away from the merits of Tesla's argument that the facts of this case and constitutional requirements of fairness require retrial on both liability and damages. But that effort fails. The motion is procedurally proper, and the Court should reject Mr. Diaz's efforts to read *Gasoline Products* out of existence. *Gasoline Products* sets forth a presumption favoring full retrial of liability and damages absent a showing that damages are distinct and separable from issues resolved in the liability phase. Mr. Diaz fails to make that showing.

***First***, Tesla's motion is not a disguised motion for reconsideration because Tesla is not asking the Court to reconsider a prior ruling. Indeed, it would have been premature for Tesla to argue in its post-trial motion that a damages-only retrial would violate Tesla's Seventh Amendment rights because the Court had not ordered any retrial at the time. Nor did the issue of the overlap between liability and damages have any bearing on the issue Tesla raised regarding whether the evidence supported the verdict. Only after the Court granted new trial or remittitur and Mr. Diaz rejected remittitur did it become ripe for Tesla to specify the constitutionally required scope of retrial. And contrary to Mr. Diaz's argument, Tesla did not need to obtain leave to file this motion, as Mr. Diaz stipulated to its filing and the Court granted that stipulation.

Moreover, the doctrines of waiver and forfeiture do not bar Tesla's motion. Diaz cannot show that Tesla intentionally relinquished a known right. Tesla had no need to raise its *Gasoline Products* argument in its post-trial motion because that argument was irrelevant to whether the damages exceeded the maximum supported by the proof. Tesla raised its argument as soon as Mr. Diaz rejected remittitur and thus the ***scope of*** new trial became relevant.

Finally, Mr. Diaz fails to meet any of the requirements for judicial estoppel. Tesla never took any "clearly inconsistent" positions on its *Gasoline Products* argument, nor did the Court rule in any manner on that argument that gave Tesla an unfair advantage.

***Second***, Mr. Diaz fails to refute Tesla's showing on the merits that constitutional fairness requires retrial on liability and damages. The litany of cases Mr. Diaz cites is unavailing. Some show simply that courts have permitted damages-only retrials in some instances, which Tesla has

never disputed. Others did not concern damages retrials at all, did not cite to *Gasoline Products* or apply its reasoning, or did not provide any reasoning relevant here. And the few cases Mr. Diaz cites where courts explained why a partial retrial was appropriate on the facts before them only highlight why a full retrial is required here. For example, cases in which liability was based on an improper warrantless search or seizure are distinguishable because there, unlike here, neither liability nor damages turned on the scope, magnitude, or extent of the "harm," but rather simply on the fact that there was a violation of the law.

Mr. Diaz simply fails to refute that the damages and liability issues are entirely overlapping here. In determining damages, the second jury will need to scrutinize the same evidence of supposed systemic and pervasive conduct the first jury considered in deciding liability—but the second jury will need to make its own specific liability findings (*e.g.*, how many instances of the n-word Mr. Diaz experienced) in place of the first jury's because there is no way for the second jury to know what the first jury found in that regard. This case thus presents a paradigmatic example of why a full retrial is required.

Finally, Mr. Diaz's prejudice arguments fail. Tesla has offered to alleviate any purported prejudice to Diaz by allowing him to decide again whether to accept the $15 million remittitur or else elect a retrial including both liability and damages. In contrast, the prejudice to Tesla from an unfair partial retrial cannot be avoided absent a full retrial.

## ARGUMENT

### I. TESLA'S MOTION IS PROCEDURALLY PROPER

#### A. Tesla's Motion Is Not An Improper Motion For Reconsideration

Mr. Diaz first fails to show (Opp. 6-9) that Tesla's motion is an improper motion for reconsideration. Tesla's motion is not a motion for reconsideration at all. Tesla's motion does not "ask[] the court to revisit its prior holding," *Wamboldt v. Safety-Kleen Systems, Inc.*, 2008 WL 728884, at *3 (N.D. Cal. March 17, 2008), argue that the Court's prior "order got it wrong," *Chien Van Bui v. City and County of San Francisco,* 2014 WL 12701124, at *4 (N.D. Cal. July 25, 2014), or seek to "vacate" the Court's prior order, *Nguyen v. Kelly* 2017 WL 8229635, at *1 (C.D. Cal. July 12, 2017). Nothing about Tesla's present request for a full retrial on liability and damages

under *Gasoline Products* requires reversal or "reconsideration" of any aspect of the Court's prior ruling that Tesla is entitled to a new trial or remittitur because the jury's damages award exceeded the maximum supported by the evidence.

Moreover, as Mr. Diaz acknowledges (Opp. 6), the requirements for a motion for reconsideration govern only whether to grant a party **leave to file** a motion for reconsideration. *See* L.R. 7-9 ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). But here, the Court has **already granted** Tesla leave to file this motion. When Tesla raised the scope of the retrial at the case management conference on July 12, 2022, the Court stated that "I'm not going to foreclose—prohibit you from filing something because I haven't read the case that you are talking about or the cases that follow it." *See* Declaration of Daniel C. Posner ("Posner Decl."), Ex. A (July 12, 2022 Hr'g Tr. ("Tr.") at 11:4-7). And when counsel for Tesla specifically asked if "we are free to brief it," the Court responded, in part, "I haven't read the cases, and maybe I will be compelled to the contrary. I don't want to indicate that you can't do it." *Id.* (Tr. at 12:20-13:10). Likewise, the Court confirmed in its subsequent Civil Minute Order that "Defendant is not precluded from filing a motion regarding the liability issues." Dkt. 352. And Mr. Diaz **stipulated** (Dkt. 356) to the filing of this motion and agreed with Tesla on a briefing and hearing schedule, thus waiving any argument as to leave to file for reconsideration.

These facts distinguish *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 2020 WL 2768683 (D. Or. May 28, 2020), where the defendant "raise[d] an argument for the first time in a motion for reconsideration" and "gave no hint of its current position" before filing the motion, *id.* at *2-3. Here, by contrast, Tesla discussed its motion with the Court and Mr. Diaz for months before filing it and had explicit agreement of Mr. Diaz and approval of the Court to file it.

### B.     Tesla's Motion Is Not Barred By Waiver Or Forfeiture

Mr. Diaz also fails to show (Opp. 9-13) that Tesla waived or forfeited its right to argue for a full retrial by failing to raise its *Gasoline Products* argument sooner. Mr. Diaz cites no authority holding that a party must address all issues affecting the scope of a retrial in its initial post-trial brief on pain of waiving its constitutional rights. To the contrary, courts ordering new trial or remittitur often do not expressly discuss the scope of a new trial. *See, e.g.*, *Alvarado v. Fed. Express Corp.*,

2008 WL 744819, at *3 (N.D. Cal. Mar. 18, 2008) (granting "motion for a new trial" unless plaintiff accepted remittitur, and not discussing scope of that new trial); *Glenn-Davis v. City of Oakland*, 2007 WL 687486, at *3 & n.3 (N.D. Cal. Mar. 5, 2007) (granting "defendant's motion for a new trial unless plaintiff accepts the Court's order of remittitur," and providing that the court "shall schedule a case management/pretrial conference" if plaintiff elected new trial); *F.B.T. Prods., LLC v. Aftermath Records*, 827 F. Supp. 2d 1092, 1100 (C.D. Cal. 2011) (noting "new trial proceeds de novo, under the broad discretion of a district court judge").

Tesla had no obligation to preemptively litigate the scope of the retrial before the Court even ordered a new trial, and it would have been premature and wasteful of the Court's resources for Tesla to do so.  Retrial "scope" issues had no bearing on whether a retrial should be granted in the first place because the damage award exceeded the maximum amount sustainable by the proof.  *See Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983) ("Once the trial court finds a verdict excessive, the court cannot allow it to stand."); *Claiborne v. Blauser*, 934 F.3d 885, 894 (9th Cir. 2019) (court "must grant a motion for a new trial" where "the damages are excessive") (citation omitted).  Until the Court ordered a new trial on June 27, 2022 (following Mr. Diaz's rejection of remittitur—Dkts. 347, 348), determining the proper scope of a retrial remained a hypothetical proposition.

Finally, contrary to Mr. Diaz's argument (Opp. 10), Tesla did ***not*** concede in its prior briefing "that a damages-only retrial would be appropriate."  Tesla sought a new trial on the grounds that the liability and damages awards were against the weight of the evidence ***and*** that the damages awarded in the verdict were excessive.  Dkt. 317 at i.  Mr. Diaz emphasizes (Opp. 10) Tesla's statement (Dkt. 317 at 2) that, "even if liability stands (and it should not), the Court must grant a new trial or steep remittitur," but such a fallback argument takes no position on the proper scope of retrial if the Court granted new trial or remittitur and Mr. Diaz rejected the remittitur.  Had Mr. Diaz accepted the remittitur, the issue would be moot and any litigation over the scope of a potential retrial would have been a waste of time and resources.  And when Mr. Diaz rejected the remittitur, Tesla promptly raised the issue at the case management conference on July 12, 2022.  Mr. Diaz

likewise errs in suggesting (Opp. 10) that Tesla should have raised the issue in its opposition to Mr. Diaz's motion for interlocutory appeal under § 1292(b), to which the scope of a retrial was irrelevant.

Mr. Diaz's few cited waiver cases are unavailing.  In *National Urban League v. Ross*, 489 F. Supp. 3d 939 (N.D. Cal. 2020), the district court declined to consider an argument that was relevant to arguments raised in a motion but that the opposing party failed to raise in its opposition brief.  *Id.* at 979.  Here, by contrast, the issue regarding the scope of trial was ***not*** relevant to whether Tesla was entitled to a new trial for any of the reasons raised in its post-trial Rule 59 motion.  In *ICTSI Oregon*, unlike here, the defendant specifically stated in its post-trial motion that, if the plaintiff rejected a remittitur, "the Court should grant a new trial limited to damages for [a particular] time period." 2020 WL 2768683 at *2.  And the jury trial waiver in *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (Opp. 11), is inapposite, for Federal Rule of Civil Procedure 38(b) specifically imposes a deadline for making a jury demand, while no such deadline applies to an argument as to the proper scope of a retrial under *Gasoline Products*.

Even if Tesla's post-trial motion were unclear or ambiguous as to whether Tesla took a position on the scope of any retrial, settled law bars any finding of waiver of the constitutional right protected by *Gasoline Products*.  Any waiver of a constitutional right must be "knowing, voluntary, and intelligent," and federal courts "indulge every reasonable presumption against waiver" of constitutional rights.  *United States v. Pollard*, 850 F.3d 1038, 1043 (9th Cir. 2017); *see Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (it must be "established by clear and convincing evidence that the waiver is voluntary, knowing, and intelligent").  Mr. Diaz lacks any basis for the inflammatory suggestion (Opp. 11) that Tesla's omission of *Gasoline Products* from its post-trial briefing was "knowing[]" and "strategic[]."  What possible "strategic" benefit could Tesla gain from holding back on its *Gasoline Products* argument?  None with the Court, because the Court had a legal obligation to grant the new trial/remittitur motion if the damages were excessive—no matter what Tesla argued about the scope of any retrial.  And none with Mr. Diaz, as Tesla has repeatedly offered to allow him to elect again now between new trial and $15 million remittitur.  The strategic-waiver theory thus makes no sense.  *See United States v. Grimaldo*, 993 F.3d 1077, 1081 (9th Cir. 2021) (rejecting waiver argument because theory that decision was "strategic" was "nonsensical").

### C. Judicial Estoppel Does Not Bar Tesla's *Gasoline Products* Argument

The narrow doctrine of judicial estoppel likewise does not bar Tesla's argument. As Mr. Diaz acknowledges, judicial estoppel applies only when (i) "a party's later position [is] 'clearly inconsistent' with its earlier position"; (ii) "the party has succeeded in persuading a court to accept that party's earlier position"; and (iii) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). None of those requirements is met here.

*First*, Tesla never took any "clearly inconsistent" positions in its post-trial motion and the current motion because it never took any positions in its post-trial motion on the scope of retrial at all. Tesla's post-trial argument had nothing to do with the overlap between liability and damages issues, or with what the scope of a retrial would need to be. That fact distinguishes Mr. Diaz's cases (Opp. 13) where the party's later position was "clearly inconsistent" with its earlier position. *See Cont'l Cas. Co. v. Chatz as Tr. for CFB/WFB Liquidating Tr.*, 591 B.R. 396, 412-13 (N.D. Cal. 2018) (applying judicial estoppel where the defendant asked the Court to "enter judgment on a complaint alleging coverage, only to later claim that coverage had not been decided" in an effort to "rais[e] a new defense after it has lost on the one presented"); *Yniguez v. Arizona*, 939 F.2d 727, 738 (9th Cir. 1991) (applying judicial estoppel where Attorney General argued in district court that he should not be a party and obtained dismissal on that basis, but later sought "an outcome directly contrary to the result" by claiming a right to intervene, which was a "reversal in position").

*Second*, Tesla never persuaded the Court to accept any "earlier position" on *Gasoline Products*, for as the Court recognized at the July 12 status conference—months after it ruled on Tesla's post-trial motion—it had not previously considered the *Gasoline Products* issue. Posner Decl., Ex. A (Tr. at 11:4-7; 13:2-9); *see also Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997) (affirming district court's rejection of judicial estoppel where "no court ever adopted the original . . . position").

*Third*, because Tesla never raised the *Gasoline Products* issue in its post-trial motion and thus did not "persuade" the Court to accept it, Tesla has not gained any "unfair advantage." Mr. Diaz's argument that he was "misled" in making his "remittitur selection" is unsupported. And

given Tesla's willingness to allow Mr. Diaz to reelect whether to accept the remittitur should the Court determine that the retrial must include liability issues too, Mr. Diaz is "in no worse position now than he would have been" if he had earlier made an election on whether to accept the remittitur knowing that the retrial would include liability.  *See United States v. Kim*, 806 F.3d 1161, 1167 (9th Cir. 2015) (government's shifting positions regarding claimants' attorney's right to intervene did not merit judicial estoppel where attorney "is in no worse position now than he would have been had he been allowed to intervene originally").

## II.  A NEW TRIAL ON DAMAGES ALONE WOULD BE UNCONSTITUTIONAL

### A.  Mr. Diaz Fails To Show How Questions Of Damages And Liability Can Be Separated In A New Trial On Damages Alone

As Mr. Diaz does not dispute, *Gasoline Products* establishes a presumption that retrials encompass liability and damages and that a partial retrial "may not properly be resorted to unless it clearly appears" that the issue to be retried is "distinct and separable" from the others.  *Gasoline Products Co., Inc. v. Champlin Refining Cop.*, 283 U.S. 494, 500 (1931).  *Gasoline Products* therefore places the burden to show that a partial retrial is appropriate on the proponent thereof, who "must" show the item to be retried is "'so distinct and separable from the others that a trial of it alone may be had without injustice.'"  *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) (quoting *Gasoline Products*, 238 U.S. at 500) (holding that two collateral issues were sufficiently distinct and separable from the measure of damages, but that appellants failed to show "that the determination of liability is fairly separable from the calculation of damages").  Despite bearing this burden, Mr. Diaz spends only half a page (Opp. 17-18) trying to meet it.  And in so doing, Mr. Diaz concedes (Opp. 17) that "some evidence pertaining to liability under Section 1981 and state law is relevant to the proper amount of compensatory and punitive damages," but assures the Court that nonetheless, the issues are "clearly distinct."  Mr. Diaz's assurance is wrong.

To begin with, Mr. Diaz fails (Opp. 15-16 & n.4) to distinguish this case from *Gasoline Products* itself.  There, although the first jury found liability on the defendants' breach-of-contract counterclaims, the record lacked findings (such as the length and extent of the plaintiff's breach and nonperformance) necessary for any second damages-only jury to determine damages.  *Id.* (quoting

*Gasoline Products,* 283 U.S. at 499-500)).  As Mr. Diaz concedes (Opp. 15), "the second jury on retrial could not calculate the resulting breach-of-contract damages without making those determinations itself" and reexamining the evidence anew.  That is why the Supreme Court found the evidence and issues of damages were so interwoven with those of liability as to engender confusion and uncertainty and require a full retrial.

So too here.  Contrary to Mr. Diaz's argument (Opp. 17) that the first jury made "detailed special findings with respect to each liability issue," the first jury's verdict in fact does not explain which conduct it found Tesla liable for and does not make any particularized findings as to the extent, degree, and magnitude of the conduct it found Mr. Diaz had proven.  Mr. Diaz cannot wave these missing findings away (Opp. 25) as mere "minor uncertainties."  A second jury here thus cannot calculate Mr. Diaz's damages without **reexamining** the evidence of liability and making determinations for itself as to which of the alleged conduct Tesla was liable for.

That is so in the circumstances here because both the hostile workplace environment liability finding **and** the magnitude of compensatory damages for emotional distress and supposed corporate reprehensibility for punitive damages turn on the **severity and pervasiveness** of the conduct, *see Alvarado*, 2008 WL 744819, at *3.  As Tesla's authorities establish and Mr. Diaz ignores, the severity and pervasiveness of a defendant's conduct is "probative evidence" of emotional distress damages and punitive damages.  Mot. 6-9 (citing, *e.g.*, *id*; *Zender v. Vlasic Foods, Inc.*, 91 F.3d 158, at *5 (9th Cir. 1996) (unpublished)) (affirming order for new trial on both liability for remaining tort claims and punitive damages, noting that the two "are so interwoven" as to preclude partial retrial).  As Mr. Diaz's own medical expert admitted at the first trial, he based his opinion about the severity of Mr. Diaz's emotional distress on evidence of "the pervasive nature and the protracted exposure" of Tesla's alleged conduct.  Dkt. 296 (Trial Tr. at 586:5-588:3).  Likewise, Mr. Diaz's counsel during his closing argument asked the jury to tie its assessment of emotional distress and punitive damages directly to whatever conduct it found Tesla liable for.  Dkt. 298 (Trial Tr. at 918:22-919:2) ("The more severe the harm, the more money you have to put on the other side to balance out the harm.); *see also id.* at 922:11-923:17.

But critically, the record contains no guidance as to what the first jury found on these issues. Contrary to Mr. Diaz's erroneous suggestion (Opp. 17), the verdict form itself (Dkt. 301) contains no particularized findings as to the frequency of the use of the n-word or other racist slurs or images, nor does it enumerate instances of Tesla's purported failure to address Mr. Diaz's complaints. This means that the second jury—without being instructed on which incidents the first jury credited, and while being presented with the same evidence the first jury considered—will necessarily make its own liability determination. As a result, the second jury could award damages based on all the alleged incidents Mr. Diaz presented at the first trial even if the first jury actually found that only some contributed to Tesla's liability. Tesla would necessarily receive an unfair retrial if the second jury assessed damages based on conduct as to which the first jury did not find Tesla liable. This is the paradigmatic situation that requires a new trial on liability and damages. *See, e.g.*, *Prendeville v. Singer*, 155 F. App'x 303, 305 (9th Cir. 2005) (affirming new trial on liability and damages where retrial of damages alone "would also have necessarily encompassed all the same evidence as a trial on liability" due to the inability to "clearly instruct the jury as to the basis of the presumed liability [thus] leading to juror confusion").

Mr. Diaz compounds this problem by declining to agree to limit the scope of a second trial to focus only on evidence of events or incidents that personally impacted him. The reason Mr. Diaz gave for this refusal is telling; according to his counsel, Mr. Diaz rejected Tesla's proposal to eliminate all evidence of slurs or symbols not directed at him personally because doing so would "deprive Mr. Diaz of his own Seventh Amendment rights" to provide evidence of, among other things, Tesla's supposed "history and pattern of discriminating against Black employees." Dkt. 361-1 ¶¶ 6-7. Mr. Diaz's desire to provide this evidence in a damages retrial simply confirms there is no separation between damages and liability evidence, and thus no way to conduct a damages-only retrial that comports with the Seventh Amendment.

### B. Mr. Diaz's Voluminous Authorities Are Irrelevant Or Unpersuasive

Mr. Diaz devotes much of his opposition to long string cites of cases that lack any analysis or discussion—perhaps seeking to persuade the Court by the volume of his cases rather than their content. But Mr. Diaz's cases are inapposite or unhelpful to him or both.

*First*, most of Mr. Diaz's cases are irrelevant because he offers them merely to knock down the strawman argument that Tesla drew rigid "categorical rules" about when a partial retrial is appropriate. Opp. 15, 16, 21-22 (citing cases). Tesla never suggested any broad categorical rules by which a partial retrial on emotional distress damages or on punitive damages is "never" appropriate. Instead, Tesla identified (Mot. 6) a few narrow instances where (as here) retrial of damages issues is likely to require a second jury's reassessment of liability. Specifically, Tesla identified cases where (as here) a plaintiff sought compensatory damages based on purely non-economic, emotional distress, and punitive damages based on the pervasiveness (*e.g.*, repetition or frequency) of the defendant's conduct. These are circumstances that courts have expressly identified as particularly problematic under *Gasoline Products*. *See, e.g.*, *Zender*, 91 F.3d 158, at *5 ("Both federal and California law, however, generally require that the same jury determine both liability for, and the amount of, punitive damages because those questions are so interwoven." (citing *Gasoline Products*, 283 U.S. 494)); *Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1201-02 (3d Cir. 1986) (rejecting emotional distress damages-only trial "limited to evidence showing only the effect the wrong had" as "contrary to the rule that emotional distress damages must be evaluated in light of all the circumstances surrounding the alleged misconduct").

Even though Tesla never argued that non-economic damages-only retrials are never available under *Gasoline Products*, it is telling that Mr. Diaz does not cite to a single federal case actually granting a non-economic-damages-only retrial under *Gasoline Products*. Opp. at 20-21. Neither *Watson* nor *Cosby* cites to *Gasoline Products* or applies its test. *See Watson v. City of San Jose*, 800 F.3d 1135 (9th Cir. 2015); *Cosby v. AutoZone, Inc.*, 445 F. App'x 914, 917 (9th Cir. 2011) (unpublished) (assessing only whether liability retrial was required under *Watec Co. v. Liu*, 403 F.3d 645, 655 (9th Cir. 2005), on the basis of jury passion or prejudice). Mr. Diaz similarly misplaces reliance (Opp. 21) on *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986), a Supreme Court case that also never cites *Gasoline Products* and that concerns solely whether

emotional distress damages are an available remedy in § 1983 claims; the Court was never even asked to address the issue of the scope of a retrial.[1]

*Second*, Mr. Diaz attempts to rebut Tesla's arguments with miscited cases and irrelevant caselaw.  Mr. Diaz asserts that "the Ninth Circuit (and other courts) routinely approve limited retrials where the nature and scope of defendants' wrongful conduct is as relevant to damages (including non-economic damages) as to liability." Opp. 18-19.  But many of the cases Mr. Diaz cites for this proposition do not even cite *Gasoline Products*, apply its test, or otherwise address issues of scope of retrials, offering little to no relevance to the issues presented by Tesla's motion.  *See, e.g.*, *Watson*, 800 F.3d 1135 (neither citing nor applying *Gasoline Products*); *Larez v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994) (same).

Other cases Mr. Diaz cites prove rather than rebut Tesla's distinction between cases with economic damages (which often may offer distinct and separable damages issues) and those where a damages determination requires a reassessment of the nature and scope of the defendant's liability for wrongful conduct.  *See Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1041-42 (11th Cir. 1982) (affirming limited retrial on damages for assessment of lost profits that did not require any examination of the nature and scope of defendants' wrongful conduct); *Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 756 (2d Cir. 1984) (liability issues based on negligence in boating accident "sufficiently distinct" from damages issues relating to resulting pain and suffering so that "new trial limited to the question of damages is permissible here"); *United States v. J-M Mfg. Co., Inc.*, 2018 WL 705532, at *3, 9-10 (C.D. Cal. Jan. 31, 2018) (rejecting defendant's challenge to

---

[1] Mr. Diaz's attempt to refute the strawman argument that non-economic-damages-only retrials are categorically impermissible under *Gasoline Products* (Opp. 21) not only is irrelevant but even on its own terms falls flat, as none of the cases Mr. Diaz cites rebuts that proposition.  *See Simers v. Los Angeles Times Commc'ns, LLC*, 18 Cal. App. 5th 1248 (2018) (rejecting the defendant's argument that the court's dismissal of a claim on JNOV justified retrial of liability based on taint because "this case is entirely different" from *Gasoline Products*); *Cole v. Foxmar, Inc.*, 2022 WL 842881, at *18 (D. Vt. Mar. 22, 2022) (concluding without analysis that economic "back pay and front pay" damages were interwoven with liability); *Mahoney v. Canada Dry Bottling Co. of New York/Coors Distrib. Co. of New York*, 1998 WL 231082, at *9 (E.D.N.Y. May 7, 1998) (neither citing nor applying *Gasoline Products*); *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1067 & n.6 (9th Cir. 2005) (no damages-only retrial at all); *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117 (7th Cir. 1999) (no retrial awarded at all).

bifurcated trial order under *Gasoline Products* where second jury was not required to examine wrongful conduct in order to determine damages, which included the value of the contract price, total cost of replacing pipe, and hypothetical cost of an insurance policy).

Mr. Diaz's cases likewise only highlight why the liability and damages determinations are inseparable here. In those cases, unlike here, liability turned simply on whether wrongful conduct occurred, and not on its extent or magnitude (*e.g.*, repetition or frequency). *E.g.*, *Cosby*, 445 F. App'x 914 (liability premised on employer's failure to provide reasonable accommodation); *Larez*, 16 F.3d at 1516 (liability based on officer's wrongful detention of plaintiff without probable cause); *Watson*, 800 F.3d at 1138-39 (liability turned on officers' improper removal of children without a warrant or exigent circumstances). Thus, in those cases (unlike here), emotional-distress or punitive damages awards lacked any necessary overlap with liability issues that also turned (as they do here) on the extent, frequency, and magnitude of the wrongful conduct.

Mr. Diaz also fails to distinguish Ninth Circuit caselaw applying *Gasoline Products* to conclude that "federal law . . . generally require[s] that the same jury determine both liability for, and the amount of, punitive damages because those questions are so interwoven." *Zender*, 91 F.3d 158, at *5. Mr. Diaz attempts to refute this point by citing (Opp. 21-22) seven Ninth Circuit cases—but none of them even cites or applies *Gasoline Products*. These cases, where neither the parties nor the courts appear to have raised, discussed, or applied *Gasoline Products*, or even touch upon the issues raised by Tesla's motion, are simply not relevant.

### C.   Mr. Diaz Fails To Refute Tesla's Showing Of Prejudice Or Show Any Prejudice To Him

Although, as Mr. Diaz concedes (Opp. 22), there no requirement for Tesla to show "prejudice" under *Gasoline Products*, Tesla has done so on the record here. Tesla has repeatedly described in detail the confusion and uncertainty any second jury would experience in attempting to assess damages without understanding for which conduct Tesla was found liable. Mot. 5-12; *supra* § II.A. In addition, Tesla has demonstrated injustice given the high likelihood that a second jury, bereft of detailed guidance as to the first jury's factual findings, would make its own findings and award damages based on conduct for which the first jury may have found Tesla not liable. Mot. 11-

12; *supra* § II.A). Tesla further showed that the risk of unfair "bolstering" of Mr. Diaz's damages evidence is acute here given the second jury's role in making subjective assessments of Tesla's conduct based on evidence the first jury already considered and that the second jury will likely infer it credited. Mot. 9-11. Mr. Diaz argues (Opp. 24) that bolstering is not an issue here because juries regularly decide liability before awarding damages. But that is a *non sequitur*, for in that example, the same jurors decide liability and damages based on their singular review of evidence, so that there is no concern that a second jury would be improperly influenced by considerations other than its own view of the evidence.

The jury instructions Mr. Diaz identifies (Opp. 23-24) fail to ameliorate any prejudice to Tesla and instead only highlight the *Gasoline Products* problem here. For example, after hearing evidence in the damages retrial that substantially overlaps that presented in the liability trial, how could a jury fail to be confused when told that it must credit the first jury's findings based on this evidence concerning a hostile workplace environment, while also feeling free to "believe or disbelieve the testimony of any witness in whole or in part"? The findings the second jury will be asked to make will inextricably overlap whatever findings it was told the first jury already made concerning the same evidence: namely, the extent, degree, and magnitude of Tesla's alleged conduct. This will plainly lead to juror confusion, and Mr. Diaz has not even attempted to provide a workable solution to address it.

On the other side of the balance, Mr. Diaz fails (Opp. 12-13) to show any prejudice from the Court's grant of the motion. Surely the importance of vindicating Tesla's constitutional rights vastly outweighs any supposed inconvenience to Mr. Diaz from having to make a renewed "difficult decision" whether to accept a $15 million remittitur. And Mr. Diaz errs in suggesting that his § 1292(b) motion would have been "materially stronger and far more likely to have been granted by this Court and the Ninth Circuit" if it had included a *Gasoline Products* issue. *Gasoline Products* is settled law, and because its application to a given case is highly fact-specific, it would almost certainly not have given rise to a purely legal question appropriate for interlocutory review.

**CONCLUSION**

For the reasons set forth above and in Tesla's Motion, the Court should order retrial on both liability and damages.

DATED: November 18, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Kathleen M. Sullivan*
Kathleen M. Sullivan
Daniel C. Posner
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Asher Griffin (appearance *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

Alex Spiro (appearance *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Attorneys for Defendant Tesla Inc.*