UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC., et al.,<br><br>    Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**ORDER DENYING NEW TRIAL ON LIABILITY**<br><br>Re: Dkt. No. 359 |

After a jury verdict assigning Tesla liability and awarding plaintiff Owen Diaz compensatory and punitive damages, and after I denied Tesla's motion for a new trial on liability and damages, it moves again for a new trial on liability and damages. But I already decided this question. There appears to be no reason—aside from strategic gamesmanship—that Tesla could not have made these same arguments when I previously decided this issue. Tesla's motion is judicially estopped and procedurally barred. In addition, it fails on the merits. For the reasons that follow, the motion is denied.

**BACKGROUND**

The facts and procedural background of this case are recounted in detail in my April 13, 2022, Order on Post Trial Motions. [Dkt. No. 328]. That order denied Tesla's motion for judgment as a matter of law, denied Tesla's motion for a new trial on liability and damages, and conditionally denied Tesla's motion for a new trial on damages only, based on Diaz's acceptance of a remittitur. ("Post-Trial Motion") [Dkt. 317]. Diaz subsequently declined the remittitur, Dkt. No. 347, and I granted Tesla's motion for a new trial on damages only, Dkt. No. 348.

At a subsequent scheduling conference, Tesla stated that it believed a new trial on damages only, without also retrying liability, would violate its rights under the Seventh Amendment and

*Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494 (1931). *See* Dkt. No. 350; Reply to Motion for New Trial on Liability and Damages ("Repl.") [Dkt. No. 362] Ex. A (Transcript of Conference). I shared my doubts about this argument but permitted Tesla to file the new motion. Repl. Ex. A. Tesla subsequently filed its "Motion for New Trial on Liability and Damages," ("Mot.") [Dkt. No. 359], which is now before me for decision.

# LEGAL STANDARD[1]

## I. Judicial Estoppel

Courts consider at least three "non-exclusive factors" when deciding to invoke judicial estoppel: whether "a party's later position [is] 'clearly inconsistent' with its earlier position"; "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled'"; and "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impair an unfair detriment on the opposing part if not estopped." *Bock v. Washington*, 33 F.4th 1139, 1145 (9th Cir. 2022) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

## II. Motion for Reconsideration

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). And because "[r]econsideration 'offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources,' . . . a motion for reconsideration may not be used to raise evidence or arguments for the first time that 'could reasonably have been raised earlier in the litigation.'" *Woods v. August*, No. 3:15-CV-05666-WHO, 2018 WL 5841311, at *1 (N.D. Cal. Nov. 8, 2018) (first quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); and then quoting *Marlyn*, 571 F.3d at 880); *see also*

---

[1] The legal standard for reviewing claims under *Gasoline Products* is discussed at length below.

*Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) ("[R]eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." (internal quotation marks omitted)).

**DISCUSSION**

**I.      Judicial Estoppel**

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Arconic, Inc. v. APC Inv. Co.*, 969 F.3d 945, 956 (9th Cir. 2020) (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). The purpose of judicial estoppel "is to protect the integrity of the judicial process, by prohibiting parties from deliberately changing positions according to the exigencies of the moment . . . and to prevent improper use of judicial machinery." *New Hampshire*, 532 U.S. at 749-50 (internal quotation marks and citations omitted). "[J]udicial estoppel 'protects against a litigant playing fast and loose with the courts." *Corbello v. Valli*, 974 F.3d 965, 978 (9th Cir. 2020) (quotation marks omitted) (quoting *Religious Tech. Ctr. v. Scott*, 869 F.2d 1306, 1311 (9th Cir. 1989) (Hall, J., dissenting)).

Each of the three "non-exclusive factors" that courts consider when deciding to invoke judicial estoppel is present here. *See Bock*, 33 F.4th at 1145. To start, Tesla's entire motion is "clearly inconsistent" with its previous motion for a new trial. Tesla's previous position was that there were four viable options for litigation to proceed: judgment as a matter of law, a new trial on liability and damages, remittitur, or a new trial on only damages. *See* Post-Trial Motion 11-17 (seeking remittitur or a new trial on damages). Its new position is that there were actually only three viable options all along, and that a new trial on only damages was not a real option because it is unconstitutional. These positions are clearly inconsistent. Tesla never once alluded to this position in the papers or hearings leading up to my order granting its motion for a new trial on damages only.

Second, because I ultimately granted Tesla's motion for a new trial on only damages, Tesla "succeeded in persuading [me] to accept [its] earlier position"; changing that position now affirmatively creates the perception that I was misled. *See New Hampshire*, 532 U.S. at 750. Both

1  in its motion and at the hearing, Tesla seems to assert that it did not mislead me because it did not
2  think of this argument earlier, as it could not have predicted that Diaz would reject the remittitur
3  and so would not know that the outcome it previously sought was actually unconstitutional. *See*
4  Mot. 13:3-4. That is unconvincing at best.

5  Those two factors are more than sufficient to judicially estop Tesla from making its new
6  arguments here. And the third consideration—"whether the party seeking to assert an inconsistent
7  position would derive an unfair advantage or impair an unfair detriment on the opposing part if not
8  estopped," *Bock*, 33 F.4th at 1145—is also present. As Diaz points out, he could have made
9  different arguments in subsequent motions had he known Tesla would take the position that one of
10 its own requests was unconstitutional. *See* Oppo. 12:4-14:7. More broadly, Diaz was precluded
11 from making choices about his litigation strategy because Tesla hid the ball on its true intentions
12 for this litigation. That creates an unfair detriment for Diaz. *See Bock*, 33 F.4th at 1145. It would
13 also give Tesla "an unfair advantage" if I now permit it to make an argument that directly
14 contradicts one that it previously made and upon which the plaintiffs and the court relied.

15 Tesla is judicially estopped from arguing for a new trial on damages and liability. Its
16 motion is denied.

17 **II.     Motion for Reconsideration**

18 I need not provide other reasons for denying Tesla's motion, but I will. Even if judicial
19 estoppel somehow did not apply, I construe this as a motion for reconsideration.[2] And it is barred.

20 At its core, this is a motion for a new trial on liability. Though the arguments and legal
21 bases differ from those presented in Tesla's Post-Trial Motion from November 16, 2021, this
22 motion has the *identical purpose* as one of Tesla's arguments in the November 2021 motion: to
23 hold a brand-new trial on Tesla's liability. And my Order on Post-Trial Motions specifically
24 rejected Tesla's request for a new trial on liability. Dkt. No. 328. Tesla's newest motion asks me

---

[2] Tesla contends it is not a motion for reconsideration but rather an entirely new motion, and so did not have to seek leave of the court, and at any rate received leave from the court to seek reconsideration. I agree I granted leave to file this motion in the hearing and minute order from July 11, 2022. *See* Dkt. Nos. 350, 352. Granting leave to file the motion is different from granting the motion. *See generally* Civ. Loc. R. 7-9(a)-(b).

to again analyze whether it is entitled to a new trial on liability. Because I already addressed that issue, this motion inherently asks me to reconsider my previous order; it is therefore a motion for reconsideration. *See generally* Civ. Loc. R. 7-9(a) (noting a motion for reconsideration seeks "reconsideration or any interlocutory order on any ground set forth in Civil L.R. 7-9(b)"); Fed. R. Civ. Proc. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").[3]

In this new motion, Tesla's only substantive reason for not presenting its central *Gasoline Products* argument earlier is that it had no way of knowing that Diaz would reject the remittitur and so, in essence, could not know that I would consider a retrial on damages only without trying liability. *See* Mot. 13:3-4. This is unconvincing at best and does not meet the standard for granting a motion for reconsideration. *See Marlyn*, 571 F.3d at 880.

Tesla argued in the alternative for a retrial on only damages or for remittitur. *See* Dkt. No. 317. Arguing now that it could not know that Diaz would reject remittitur and seek a new trial on only damages is disingenuous. *See also ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, No. 3:12-CV-1058-SI, 2020 WL 2768683, at *2 (D. Or. May 28, 2020) (rejecting defendant's belated attempt to seek a new trial on damages and liability under *Gasoline Products* where defendant had previously "moved alternatively for judgment as a matter of law, for new trial (on all issues, including liability), . . . for *new trial on damages*, [or] . . . for remittitur" and had specifically argued in post-trial motions for "a new trial limited to damages").

Tesla's motion relies entirely on *Gasoline Products*, a case from 1931. It does not cite "newly discovered evidence" or "an intervening change in the controlling law." *Marlyn*, 571 F.3d at 880; *see also ICTSI Or., Inc.*, 2020 WL 2768683, at *2 (noting *Gasoline Products* is decidedly "not new law"). Indeed, Tesla's briefs epitomize the rationale for rejecting reconsideration

---

[3] This can be construed as a motion for reconsideration even though judgment was entered in this case, *see* Dkt. No. 307, because "the action" "d[id] not end" as to certain claims; the Order on Post-Trial Motions and subsequent Order Granting Motion for New Damages Trial, Dkt. No. 348, left open the question of damages.

5

because Tesla "raise[s] . . . arguments . . . for the first time that 'could reasonably have been raised earlier in the litigation.'" *Woods*, 2018 WL 5841411, at *1 (citation omitted). As noted, Tesla's only substantive reason for not presenting its *Gasoline Products* argument in its Motion for a New Trial was that it could not have foreseen that Diaz would reject the remittitur. But that is irrelevant to whether it should have previously raised the argument, particularly where Tesla's own briefing argues in the alternative for a new trial on only damages. *See* Dkt. No. 317 11-26. Nowhere in its fifteen pages of argument for new trial on only damages did Tesla suggest that a new trial on only damages would violate its Seventh Amendment rights, ala the argument in its present motion. And while Tesla is permitted to make arguments in the alternative as it did in its first Motion for a New Trial, those briefs never suggested that Tesla's preferred outcome—a new trial on liability—was the only constitutionally permissible option given the edict of *Gasoline Products*. There is no reason that Tesla could not have previously made its present argument. *See Woods*, 2018 WL 5841311, at *1.

Third, Tesla does not assert I committed any clear error. *See Marlyn*, 571 F.3d at 880. It is not clear that Tesla *can* assert I committed clear error when I adopted one of the approaches it sought in its previous motion. And even if its argument about waiving constitutional rights is an argument about clear error, I find it unconvincing. Holding a second jury trial on only damages does not retroactively waive Tesla's right to have the first jury try its liability. And Tesla did not waive its right to a jury trial on liability: it already received its jury trial, and the jury found that Tesla was liable.

Additionally, holding a second trial on only damages is permitted by the Seventh Amendment. *See, e.g.*, *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 436 n.20 (1996) ("[N]ew trials restricted to the determination of damages" are "compatible with the Seventh Amendment." (citing *Gasoline Prods.*, 283 U.S. 494)); *Dimick v. Schiedt*, 293 U.S. 474, 491-92 (1935) (The Seventh Amendment presents "no bar" to adopting procedures contrary to common law, including "order[ing] a new trial on th[e] issue [of damages] alone." (citing *Gasoline Prods.*, 283 U.S. 294)); *see also* infra Part II. As explained below, holding a second damages-only trial

here does not violate Tesla's constitutional rights.[4]

For those reasons, Tesla's motion is denied as procedurally barred. The new trial will be held on damages only.

### III. Merits

Tesla's motion primarily makes two assertions based on the reasoning from *Gasoline Products*: that liability and damages are inextricably interwoven so that a new trial on damages would rely on the same evidence as the trial on liability, Mot. 5:9-9:15, and that Tesla would be prejudiced by a damages-only trial because the second jury would improperly rely on the liability determination, *id.* 9:17-12:2. Though I need not review the merits of Tesla's judicially estopped and procedurally barred argument, *see ICTSI Or., Inc.*, 2020 WL 2768683, at *2, I do so to show that even if Tesla's motion were not barred for other reasons, its argument still fails.

#### A. *Gasoline Products*

Tesla's motion for a new trial on liability and damages is grounded in the reasoning of *Gasoline Products Company v. Champlin Refining Company*. Although subsequent cases have discussed and applied the analysis from *Gasoline Products*, it is helpful to understand the facts and reasoning of the original case to properly apply its holding.

The case involved a contract dispute between Gasoline Products ("GP") and Champlin, where GP agreed to provide two structures to Champlin to increase production of gasoline and Champlin agreed to pay GP royalties. 283 U.S. at 495-96. GP sued for breach of contract and Champlin counterclaimed, alleging that a separate contract required GP to provide treatment towers to make the gasoline marketable before Champlin had to pay royalties. *Id.* The jury found for GP on the royalties claim and for Champlin on the counterclaim, but the First Circuit held that the damages for the counterclaim were miscalculated and so sent the case back for retrial on the

---

[4] Even if this second trial somehow waived Tesla's constitutional right to a jury trial on liability, "[l]ike other constitutional rights, the right to a jury trial in civil suits can be waived." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 802 (9th Cir. 2019) (citing *United States v. Moore*, 340 U.S. 616, 621 (1951)). Though there is "presumption against waiver" of the right to a jury trial, *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1065 (9th Cir. 2005), the demand must be timely, *see Edmo*, 935 F.3d at 802-03, and the demand must be clear, *see Lutz*, 403 F.3d at 1064-65. Tesla's belated demand for a *second* jury trial on liability is not timely and was not clearly made earlier.

7

1  counterclaim damages only. *Id.* at 496. The Supreme Court held that the Constitution did not
2  require retrying the entire case, and that the royalties claim was properly separated from retrial.
3  *Id.* at 497-99.

4  But the Court determined that the questions of damages and liability for the counterclaim
5  could not be separated on retrial. *Id.* at 499-500. Its reasoning was highly fact-specific: Champlin
6  sought lost profits, cost of storage for the gasoline, depreciation of value due to evaporation, and
7  losses due to halted production, *id.* at 496, but it was "impossible" to calculate those damages
8  from the record or verdict form because it was unclear which of two possible contracts were
9  breached, the dates of formation or breach, how many towers GP was supposed to construct,
10 whether GP assured treatment of all gas produced by Champlin, or whether GP guaranteed
11 satisfaction with the treatment towers, *id.* at 499-500. The Court held that those questions were
12 material to calculating damages but were also "so interwoven with that of liability"—indeed, they
13 were functionally the same questions as those of liability—that it would cause the jury "confusion
14 and uncertainty" to submit the damages questions alone to the jury. *Id.* at 500. The Court ordered
15 retrial for both damages and liability. *Id.*

16 **B. The Resulting Rule**

17 *Gasoline Products* has been discussed sporadically by the Supreme Court, the Ninth
18 Circuit, and various district courts since 1931, though not at length. The subsequent discussions
19 and analyses clarified three governing principles.

20 First, district courts have discretion to grant new trials on only some of the issues in a case.
21 *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 638 (9th Cir. 1995); *Gasoline Prods.*, 283 U.S. at
22 497-99; *see also Galdamez v. Potter*, 415 F.3d 1015, 1025 n.8 (9th Cir. 2005); *Peterson v. Kelly
23 Servs., Inc.*, 730 F. App'x 471, 473 (9th Cir. 2018) (unpublished); *Zottola v. City of Oakland*, 32
24 F. App'x 307, 313 (9th Cir. 2002) (unpublished). Courts may exercise their discretion in limiting
25 retrials to manage the "substantial complexity" presented in "modern litigation" so long as the trial
26 "'afford[s] opportunity for the consideration by the jury' provided at common law." *Arthur Young
27 & Co. v. U. S. Dist. Ct.*, 549 F.2d 686, 693 (9th Cir. 1977) (citing *Gasoline Prods.*, 283 U.S. at
28 693); *see also Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) (holding where issues

8

were "sufficiently 'distinct and separable' from the measure of damages question, that, in the interest of judicial economy" they do not need to be retried with damages). Indeed, the Supreme Court has noted that *Gasoline Products* stands for the proposition that civil jury trials are meant "to assure a fair and equitable resolution of factual issues," *Colgrove v. Battin*, 413 U.S. 149, 157 (1973), not necessarily for the strict proposition that certain issues must always be retried together.[5]

Second, the Seventh Amendment does not preclude district courts from ordering new trials on damages only, without a concurrent new trial as to liability. *See Gasperini*, 518 U.S. at 436 n.20 ("[N]ew trials restricted to the determination of damages" are "compatible with the Seventh Amendment." (citing *Gasoline Prods.*, 283 U.S. 494)); *Dimick*, 293 U.S. at 491-92 (The Seventh Amendment presents "no bar" to adopting procedures contrary to common law, including "order[ing] a new trial on th[e] issue [of damages] alone." (citing *Gasoline Prods.*, 283 U.S. 294)); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979) (same); *Fairmount Glass Works v. Cub Fork Coal Co.*, 287 U.S. 474, 480 (1933) (same).

Third, new damages-only trials are appropriate where the questions of liability and damages are not "so interwoven" that trying them separately may result in juror "confusion and uncertainty." *Gasoline Prods.*, 283 U.S. at 500; *see also Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1067 & n.6 (9th Cir. 2005) (finding "no bar" to separate trials on liability and damages where the issues were "sufficiently distinct"); *United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 306 (9th Cir. 1961) (holding that, "under the circumstances presented by this appeal," liability and damages were "not so distinct and separable that a separate trial of *damages* issues may be had without injustice"). That inquiry is inherently fact specific and based on the district court's discretion. *See Wharf*, 60 F.3d at 638; *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 897 (9th Cir. 1977); *United Air Lines, Inc.*, 286 F.2d at 305-06.

---

[5] In discussing trials (though not clearly re-trials), the Federal Rules similarly acknowledge that separate trials are permissible: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. Proc. 42.

9

### C. The Rule As Applied to These Facts

It is clear that ordering a new trial for damages only does not inherently violate Tesla's Seventh Amendment rights.[6] *See Gasperini*, 518 U.S. at 436 n.20; *Dimick*, 293 U.S. at 491-92. And it is clear that I may exercise my discretion to hold a new trial on damages only so long as the questions of damages and liability are not so interwoven as to confuse the jury or prejudice Tesla. *Gasoline Prods.*, 283 U.S. at 500; *Lutz*, 403 F.3d at 1067 & n.6; *United Air Lines*, 286 F.2d at 306. Tesla contends that ordering a damages-only retrial *in this factual context* violates its Seventh Amendment rights and would constitute an abuse of discretion because the issues of liability and damages are so interwoven that they will cause the jury confusion and uncertainty and will prejudice Tesla. But after thoroughly reviewing the facts and procedural background of many other cases giving rise to similar *Gasoline Products* issues, I determine that based on the facts of this case, the issues of liability and damages are sufficient distinct and separable as to permit a retrial on damages only.

Tesla argues that a damages-only trial is impermissible because the second jury will have to consider the same evidence considered by the first jury, but it fails to distinguish the case where the Ninth Circuit permitted a damages-only retrial under *Gasoline Products* even though the second jury would have to consider an issue determined by the first jury. *See Wharf*, 60 F.3d at 638. In *Wharf*, the plaintiff sued his employer for an injury suffered at work and the jury found the employer was negligent, awarding compensatory damages in part based on repeated representations by the defendant and defense counsel that the plaintiff retained his job after the injury. *Id.* at 634-35. When the defendant fired the plaintiff as soon as the case was submitted to the jury, it was revealed that those representations were false.[7] *Id.* The plaintiff moved for a new

---

[6] Diaz seems to argue that *Gasoline Products* did not concern constitutional rights under the Seventh Amendment but rather concerned the right to a fair trial more broadly. *See* Oppo. 14 n.3. That is incorrect. The case clearly discussed whether the Seventh Amendment right to a jury trial precludes separating claims for retrial. *Gasoline Prods.*, 283 U.S. at 498-99.

[7] Tesla cites another decision where defense counsel lied about material facts affecting the damages calculation. *Pumphrey v. K.W. Thompson Tool Co.*, was a wrongful death action where the jury found the plaintiff-widow suffered $100,000 in damages due to issues with the gun's safety, but that the decedent was 80% contributorily negligent. 62 F.3d 1128, 1130 (9th Cir. 1995). Subsequent unrelated litigation revealed that the defendant's general counsel lied about

10

trial only on damages so that his job loss would be included in the calculation, but the district court construed that as a motion alleging wrongful termination, which it denied as preempted under the Railroad Labor Act. *Id.* at 635-36. The Ninth Circuit agreed that damages for wrongful termination were preempted but found that the motion should have been granted because the jury should have considered whether the job loss was caused by the injury and if so, what damages the plaintiff could recover from that finding. *Id.* at 636-38. The court held that the retrial should be for damages only, not liability for negligence, even though the jury would "of course have to *determine the cause* of [the plaintiff's] damages so that it does not award damages" based on the preempted theory of wrongful discharge. *Id.* at 638 (emphasis added).

In *Wharf*, to determine whether the plaintiff's damages from job loss were caused by his hand injury, the second jury would inherently have to review the same evidence of liability presented to the first jury, including the facts of the plaintiff's job before the accident, how he used his hand, how the hand was injured, what his new role entailed, and how he used his hand in his new role—all with the knowledge of the first jury's verdict finding the employer negligent in causing the injury. Here, too, to calculate damages from Diaz's underlying injuries, the second jury will have to review some of the same evidence presented in the first trial to determine "the nature and extent of the injuries" suffered, *see* Jury Instructions [Dkt. No. 80] at 39, with the knowledge of the liability finding against Tesla. But that question is sufficiently distinct from whether the work environment was racially hostile, whether Tesla was a joint employer, whether there was a sufficient contractual relationship, whether Tesla took reasonable steps to protect Diaz, and whether Tesla actions concerning Ramon Martinez were negligent. *See* Jury Verdict [Dkt. No. 301]; *cf. Gasoline Prods.*, 283 U.S. at 496-500 (describing the similarities between the facts

---

videos manufactured for litigation that purportedly showed the gun's safety never failed, while concealing videos of it failing during testing that same day, and so the district court set aside the verdict for fraud upon the court under FRCP 60(b). *Id.* The defendants argued on appeal that the issues of damages and liability could be separated for the new trial, but the Ninth Circuit held that to avoid injustice, the plaintiff "should be given the opportunity to present a complete case, unhampered by [the attorney's] fraud." *Id.* at 1133-34 (citing *Gasoline Prods.*, 283 U.S. at 500). That case is sufficiently distinct from this one as the Ninth Circuit's concern about fraud unjustly limiting the plaintiff's case is not present here.

11

necessary for damages and liability).  Reviewing some of the same evidence and knowing the first jury found the employer was liable was not enough in *Wharf* to cause the jurors "confusion and uncertainty," *Gasoline Prods.*, 283 U.S. at 500, or to cause "injustice" to the defendant, *United Air Lines*, 286 F.2d at 306.  Here, too, a damages-only retrial will not create confusion or injustice for the same reasons: the questions about damages are sufficiently distinct from the questions of liability.[8]

Tesla asserts that a damages-only retrial is particularly inappropriate in cases solely concerning "emotional injury," Mot. 7:5, as opposed to cases concerning breach of contract or patent infringement, which Tesla argues are more easily calculated and thus more readily separable from the question of liability, *see id.* 11:10-15.  It ignores that its key case, *Gasoline Products*, was a breach of contract case where the Court determined liability and damages had to be retried together because they were so interwoven—which works against Tesla for this specific argument because it merely shows that the determination is case-specific, not predetermined by the legal theory presented.  Moreover, the Ninth Circuit in *Lutz* held that a separate trial for liability and damages was not unconstitutional even where damages were based on pain and suffering, which are similar to the emotional damages awarded to Diaz.  403 F.3d at 1065, 1067 & n.6.  *Lutz* was different from this case: the Ninth Circuit remanded for a new trial on only *liability* where the plaintiff had requested a jury trial only for damages, because the district court had improperly held a jury trial on liability, too.  *See id.* at 1065-67.  But the Ninth Circuit determined that if the subsequent bench trial resulted in a finding of liability, the court could use the jury's determination on damages without retrying the issue because the questions "were sufficiently distinct," even where damages included pain and suffering.  *Id.* at 1067 & n.6.

Despite the factual and procedural differences, the analysis from *Lutz* applies here. Calculating Diaz's damages requires assessing intangible injuries like emotional harm or pain and

---

[8] For this reason, Tesla's concerns about the jury "bolstering" Diaz's evidence are unconvincing. *See* Mot. 10:3-17.  Tesla cannot establish prejudice merely by showing the second jury must consider some of the same evidence considered by the first jury—this was explicitly permitted in *Wharf*.  Also, Tesla may also seek an instruction for the jury to not improperly allow the liability finding to affect its calculation of damages; juries are presumed to follow instructions.  *See United States v. Christensen*, 828 F.3d 763, 800 (9th Cir. 2015).

12

suffering, as in *Lutz*, but the "nature and extent" of the harm suffered by Diaz, including his "mental or emotional pain," Jury Instructions at 39, is sufficiently distinct from whether the work environment was racially hostile, whether Tesla was a joint employer, whether there was a sufficient contractual relationship, whether Tesla took reasonable steps to protect Diaz, and whether Tesla actions concerning Ramon Martinez were negligent, *see* Jury Verdict. The questions are distinct. The compensatory damages may be retried separately and will not result in prejudice to Tesla.

Additionally, while *Lutz* and *Wharf* specifically discuss separate trials for liability and compensatory damages, the reasoning also applies here to allow retrial of punitive damages without retrying liability. As outlined in the jury instructions, assessing punitive damages requires determining whether the conduct at issue was "malicious, oppressive or in reckless disregard of the plaintiff's rights." Jury Instructions at 41. That question is not so intertwined with liability so as to confuse the jury. Asking whether Tesla acted maliciously, oppressively, or recklessly is a fundamentally different question from whether the environment itself was hostile, Tesla was a joint employer, there was a sufficient contractual relationship, Tesla failed to take *reasonable* steps to protect Diaz, or Tesla was *negligent* in supervising or continuing to employ Ramon Martinez. *See* Jury Verdict at 1-2; *cf. United Air Lines*, 286 F.2d at 305-06 (determining the question of exemplary damages was sufficiently intertwined with liability where calculating damages required assessing "the degree of *negligence*" of the defendant (emphasis added)).

And assuming that the second jury must consider some of the same evidence as the first jury did in determining the issue of punitive damages, *Wharf* permits that assessment. Tesla argues that punitive damages must be considered with liability because there is even more overlap between liability and damages. For example, Tesla says to assess punitive damages the second jury will have to consider whether the conduct was repeated, which it asserts is essentially the same question that the first jury considered when determining whether the conduct was systemic or pervasive. *See* Mot. 8:6-9:15. But based on *Wharf*, merely having to consider a similar question addressed by the first jury when calculating damages is not enough to require the second

13

jury to retry liability, too. *See Wharf*, 60 F.3d at 638.[9]

Other cases support granting a new trial on damages only, despite their lack of discussion of *Gasoline Products*.[10] Though these cases do not directly grapple with the edict from *Gasoline Products*, they align with the Ninth Circuit's view of that case, which is that the Seventh Amendment is not violated so long as the form of trial properly "afford[s] opportunity for the consideration by the jury." *Arthur Young & Co.*, 549 F.2d at 693. Here, as discussed in Parts I and II, Tesla was sufficiently afforded consideration by the jury for its arguments about liability. Denying Tesla a retrial by jury on these issues does not violate the Seventh Amendment.

Finally, Tesla cites several other cases for support, many of which are out-of-circuit or unpublished, and several of which merely affirm that district courts do not abuse their discretion by holding new trials on damages and liability. *See, e.g.*, *Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1040 (3d Cir. 1988); *Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1202-03 (3d Cir. 1986); *d'Hedouville*, 552 F.2d at 897. One of Tesla's citations is procedurally similar to this case: *Prendeville v. Singer* is an unpublished memorandum disposition affirming the district court's decision to hold a new trial on damages and liability where the plaintiff sued his former employer for defamation, a jury found for the plaintiff and awarded high compensatory damages, the court remitted the damages or in the alternative ordered a new trial,

---

[9] Tesla cites *Zender v. Vlasic Foods, Inc.*, for the proposition that the law "generally require that the same jury determine both liability for, and the amount of, punitive damages because those questions are so interwoven." 91 F.3d 158, at *5 (9th Cir. 1996), *amended* (Aug. 29, 1996) (unpublished). First, the procedural posture of the case was very different from here because the Ninth Circuit remanded for a new trial as to punitive damages where it affirmed the district court's grant of judgment as a matter of law on some claims but reversed on others, and it was not possible to tell which claims the punitive damages were grounded in. *Id.* Second, the court cited to *United Air Lines* and *Gasoline Products* for this proposition, but neither case distinguished between compensatory and punitive damages. Third, *Zender* is a non-binding memorandum disposition. For those reasons, it does not preclude a retrial on punitive damages alone here. The other cases Tesla cites to support this proposition are similarly distinguishable. *See* Mot. 9:3-15.

[10] *See, e.g.*, *Watson v. City of San Jose*, 800 F.3d 1135, 1137, 1141-43 (9th Cir. 2015) (holding that the district court did not abuse its discretion for ordering a new trial as to compensatory and punitive damages where liability was based on an officer removing children from suspected abusers without a warrant, and at least part of the damages calculation was based on the emotional distress suffered by plaintiffs); *Larez v. Holcomb*, 16 F.3d 1513, 1520-21 (9th Cir. 1994) (remanding for a new trial on punitive damages only where the court erred in instructing the jury on punitive damages); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 304, 313 (1986).

14

1  and the plaintiff rejected the remittitur. 155 F. App'x 303, 304-05 (9th Cir. 2005) (unpublished).

2  Despite the procedural similarities, the case does not contain a rule of law that I have yet to

3  consider, and importantly it does not provide sufficient factual context to analyze the application

4  of the law. Rather, the Ninth Circuit emphasized that district courts have discretion to order new

5  trials on damages or liability and determined that the district court did not abuse that discretion

6  *based on the facts* by ordering a new trial on both liability and damages. *Id.* at 305. The

7  discussion does not provide sufficient factual context to mandate a new trial on liability and

8  damages here.[11]

9  My decision here is therefore in line with the rule applied to those cases: that courts have

10 the discretion to order new trials on damages only. I exercise my discretion to do so here, because

11 doing so will not violate Tesla's Seventh Amendment rights.

## CONCLUSION

As a result of judicial estoppel, the procedural bar, and lack of merit, any one of which alone would be sufficient, Tesla's motion for a new trial on liability and damages is DENIED.

**IT IS SO ORDERED.**

Dated: December 12, 2022

William H. Orrick
United States District Judge

---

[11] For this reason the Ninth Circuit's most recent cite to *Gasoline Products* is similarly unhelpful here. In *City of Pomona v. SQM North America Corp.*, the court remanded the case for a new trial where the district court gave the incorrect instruction on strict products liability and the jury found the defendant was not liable. 801 F. App'x 488, 490-91 (9th Cir. 2020). The plaintiffs sought to not retry an issue that was found in their favor—that the product was a substantial factor in causing harm—but the Ninth Circuit determined it had to be retried with liability and damages because all issues required assessing "the extent to which" the plaintiff's harm was caused by the defendant's product "as opposed to another source." *Id.* at 491. This case does not offer new law and the facts are not sufficiently clear from the short order to determine their applicability here. However, the memorandum does suggest that issues are sufficiently interwoven under *Gasoline Products* where they ask the same underlying question—there, whether the plaintiff's injuries were caused by the product. *See id.* Here, as discussed, the liability and damages issues ask different underlying questions, including whether the work environment was hostile (liability) and whether Tesla acted maliciously (damages).

15