# EXHIBIT D

## TESLA'S PROPOSED JURY INSTRUCTIONS

### JURY INSTRUCTION NO. [1]: PRIOR JURY'S VERDICT FINDING TESLA LIABLE

~~It has already been conclusively determined that defendant~~ Defendant Tesla, Inc.~~, is~~ has been found liable to ~~plaintiff~~ Plaintiff Owen Diaz for three ~~different~~ violations of law:

1. ~~Tesla subjected~~ Mr. Diaz ~~to~~ experienced a racially hostile work environment while working for Tesla;

2. Tesla failed to prevent one or more of Mr. Diaz's supervisors and one or more of his non-immediate supervisors or co-workers from racially harassing Mr. Diaz, and Tesla or a member of Tesla's management knew or should have known of the harassment and failed to take prompt, effective remedial action; and

3. Tesla negligently supervised or negligently continued ~~the employment of~~ to employ one of Mr. Diaz's supervisors, Ramon Martinez.

It has also been found that Mr. Diaz is entitled to recover punitive damages.

You must accept each of these ~~liability~~ findings as true. ~~Your task is decide first,~~

Based on these findings, you must decide two issues:

First, you must decide what amount of damages~~,~~ if any, should be awarded to compensate Mr. Diaz for any injury you find was caused by Tesla.

~~the harms he suffered; and second~~Second, you must decide what amount of punitive damages~~,~~ if any, would be appropriate to punish Tesla for its wrongful conduct and to deter future violations against others.

### ~~JURY INSTRUCTION NO. [2]: HOSTILE WORK ENVIRONMENT BASED ON RACE~~

~~Because it has been conclusively determined that Tesla subjected Mr. Diaz to a racially hostile work environment, you are also required to accept as true the following findings:~~

~~1. Mr. Diaz was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;~~

~~2. The conduct was unwelcome;~~

~~3. The conduct was sufficiently severe or pervasive to alter the conditions of Mr. Diaz's employment and create a racially abusive or hostile work environment;~~

~~4. Mr. Diaz perceived the working environment to be abusive or hostile; and~~

~~5. A reasonable African American man in Mr. Diaz's circumstances would consider the working environment to be abusive or hostile.~~

~~Unwelcome conduct is "severe or pervasive" if it altered the conditions of employment and created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.~~

1

## JURY INSTRUCTION NO. [3]: TESLA'S RESPONSIBILITY FOR RACIAL HARASSMENT COMMITTED BY MR. DIAZ'S SUPERVISORS AND NON-IMMEDIATE SUPERVISORS OR CO-WORKERS

It has also been conclusively determined that Tesla was an employer of Mr. Diaz and was liable to him because (1) one or more of Mr. Diaz's supervisors and one or more of his non-immediate supervisors or co-workers subjected Mr. Diaz to a hostile work environment based on his race, and (2) Tesla or a member of Tesla's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A "supervisor" is a person who exercises immediate (or successively higher) authority over the employee. Whether someone is a supervisor does not depend upon job titles or formal structures within the workplace, but upon whether the person has the authority to demand obedience from an employee. An employer is liable for racial harassment committed by its supervisors.

A person is a "member of management" if the person has substantial authority and direction to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.

For a defendant's remedial action to be prompt, effective, and reasonably calculated to end the harassment, it must be proportionate to the seriousness of the offense and effective in stopping the harasser from continuing to engage in the conduct and in discouraging other potential harassers from engaging in similar unlawful conduct.

The determination that Tesla is liable for the racial harassment committed by Mr. Diaz's non-immediate supervisors or co-workers means that any remedial action Tesla took was not reasonable, adequate, and proportionate to the seriousness of the offense.

## JURY INSTRUCTION NO. [4]: FAILURE TO PREVENT RACIAL HARASSMENT

Because it has been conclusively determined that Tesla failed to prevent one or more of Mr. Diaz's supervisors and one or more of his non-immediate supervisors or co-workers from racially harassing Mr. Diaz, you are required to accept as true the following findings.

1. Mr. Diaz was subjected to racial harassment in the course of Mr. Diaz's employment by Tesla;

2. Tesla failed to take all reasonable steps to prevent the harassment;

3. Mr. Diaz was harmed by the harassment; and

4. Tesla's failure to take all reasonable steps to prevent the harassment was a substantial factor in causing Mr. Diaz's harm.

2

~~**JURY INSTRUCTION NO. [5]: NEGLIGENT SUPERVISION OR CONTINUED EMPLOYMENT**~~

~~Because it has been conclusively determined that Owen Diaz was harmed by Ramon Martinez and that Tesla is responsible for that harm because Tesla negligently supervised or continued to employ of Ramon Martinez, you are required to accept as true the following findings:~~

~~1. Tesla employed Ramon Martinez during the time that Mr. Diaz worked at Tesla;~~

~~2. Ramon Martinez was or became unfit or incompetent to perform the work for which he was employed;~~

~~3. Tesla knew or should have known that Ramon Martinez was or became unfit or incompetent and that this unfitness or incompetence created a particular risk to others;~~

~~4. After Tesla knew or should have known of Ramon Martinez's unfitness or incompetence, it retained or supervised Ramon Martinez in his position at Tesla's factory;~~

~~5. Ramon Martinez's unfitness or incompetence harmed Mr. Diaz; and~~

~~6. Tesla's negligence in supervising or retaining Ramon Martinez was a substantial factor in causing Mr. Diaz's harm.~~

**JURY INS. NO [~~6~~2]: DAMAGES—PROOF**


~~It has further been conclusively determined that Tesla's violations of plaintiff Owen Diaz's rights caused Mr. Diaz to suffer past and future harm. Your role is to determine the amount of money that will reasonably and fairly compensate Mr. Diaz for that past and future harm.~~

~~The plaintiff, Owen~~ Mr. Diaz, has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate ~~the plaintiff~~ Mr. Diaz for the harm caused by ~~the defendant~~Tesla.

In determining the measure of damages, you should consider the following:

1. The nature and extent of the ~~harm~~injuries actually suffered by Mr. Diaz;

2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

It is for you to determine what damages~~,~~ if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

3

## JURY INS. NO [~~7~~3] NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages.  If you find that Mr. Diaz has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## JURY INS. NO [4]: DAMAGES—MITIGATION

Mr. Diaz has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Tesla has the burden of proving by a preponderance of the evidence:

1. that Mr. Diaz failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages could have been mitigated.

## JURY INS. NO [5]: PUNITIVE DAMAGES

~~It has also been conclusively determined that Tesla's conduct in subjecting Mr. Diaz to a racially hostile work environment and/or failing to take all reasonable steps necessary to prevent Mr. Diaz from being subject to racial harassment was malicious, oppressive, or in reckless disregard of Mr. Diaz's rights, and not merely negligent. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.~~

~~Your role is to award the appropriate amount of punitive damages necessary to punish Tesla and to deter similar acts in the future.~~

~~The plaintiff~~ Mr. Diaz has the burden of proving by a preponderance of the evidence the amount of punitive damages that should be awarded.

You must use reason in setting the amount of punitive damages. Punitive damages~~ ~~, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of punitive damages, consider the degree of reprehensibility of the ~~defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case~~Tesla's conduct. You may not, however, set the amount of any punitive damages in order to punish ~~the defendant~~ Tesla for harm to anyone other than ~~the plaintiff~~ Mr. Diaz in this case.

Punitive damages may be awarded even if you award Mr. Diaz only nominal, and not compensatory, damages.