# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---

DEMETRIC DI-AZ, OWEN DIAZ, and
LAMAR PATTERSON,

        Plaintiffs,

                    No. 3:17-cv-06748-WHO

vs.

TESLA, INC. Dba TESLA MOTORS,
INC.; CITISTAFF SOLUTIONS,
INC.; WEST VALLEY STAFFING
GROUP; CHARTWELL STAFFING
SERVICES, INC.; NEXTSOURCE,
INC.; and DOES 1-50,
inclusive,

        Defendants.
_____/

DEPOSITION OF ANNALISA HEISEN

May 29, 2019

Reported by:

Bridget M. Mattos, CSR No. 11410

ANNALISA HEISEN
May 29, 2019

```
 1                  A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFFS:
 4        CALIFORNIA CIVIL RIGHTS LAW GROUP
          By:  LAWRENCE A. ORGAN
 5             Attorney at Law
          332 San Anselmo Avenue
 6        San Anselmo, California 94960
          (415) 453-4740
 7        larry@civilrightsca.com
 8   ALSO PRESENT:  JEAN GER, CCRLG
 9
10   FOR THE DEFENDANT WEST VALLEY STAFFING GROUP:
11        PAHL & MCCAY
          By:  FENN C. HORTON, III
12             Attorney at Law
          225 West Santa Clara, Suite 1500
13        San Jose, California 95113
          (408) 286-5100
14        fhorton@pahl-mccay.com
15   ALSO PRESENT:
     TERESA KOSSAYIAN, WEST VALLEY STAFFING GROUP
16
17   FOR THE DEFENDANT NEXTSOURCE, INC.:
18        FISHER & PHILLIPS
          By:  JUAN C. ARANEDA
19             Attorney at Law
          One Embarcadero Center, Suite 2050
20        San Francisco, California 94111
          (415) 490-9000
21        jaraneda@fisherphillips.com
22
23
24
25
```

**Page 4**

ANNALISA HEISEN
May 29, 2019

```
 1                A P P E A R A N C E S (continued)

 2

 3   FOR THE DEFENDANT TESLA INC. Dba TESLA MOTORS INC.:

 4        SHEPPARD, MULLIN, RICHTER & HAMPTON
          By:  PATRICIA M. JENG
 5              Attorney at Law
          Four Embarcadero Center, 17th Floor
 6        San Francisco, California 94111
          (415) 434-9100
 7        pjeng@sheppardmullin.com

 8   FOR THE DEFENDANT CHARTWELL STAFFING SERVICES, INC.:
          LAFAYETTE & KUMAGAI LLP
 9         By:  CHERYL A. STEVENS
                Attorney at Law
10        1300 Clay Street, Suite 810
          Oakland, California 94612
11        (415) 357-4600
          cstevens@lkclaw.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Page 5**

```
 1                EXAMINATION BY MS. JENG
 2           MS. JENG:  Q.  So you previously testified
 3   that the expectation for antidiscrimination and
 4   harassment standards apply to both contractor and
 5   general employees of Tesla; correct?
 6       A.   Correct.
 7       Q.   When you previously testified that you did
 8   not know whether the employee policies against
 9   discrimination and harassment, quote, "applied
10   equally," unquote, to contract workers and employees,
11   what did you mean by that?
12       A.   The standards that are outlined for
13   expectations of employee behavior and conduct do apply
14   equally.  But there's also verbiage in this policy
15   regarding disciplinary action, up to and including
16   termination, and that would be different for
17   contractors.  If it's an agency, we don't have that
18   relationship with other staff.  The agency does.
19       Q.   One final question:  Are production
20   associates required to do Manufacturing Essentials
21   training?
22       A.   That's my understanding.
23       Q.   And does that apply for contract workers as
24   well?
25       A.   That's my understanding.
```

 1                MS. JENG:  Thank you.
 2                MR ORGAN:  Anybody else?
 3                MR. HORTON:  No questions.
 4                MR. ARANEDA:  No questions.
 5                MR ORGAN:  Okay.  I just have a follow-up on
 6     one of your answers to Patricia.
 7                       ---oOo---
 8             FURTHER EXAMINATION BY MR. ORGAN
 9           MR. ORGAN:  Q.  Relative to disciplinary
10     action, if Tesla finds or gets information that an
11     employee has engaged in harassing conduct, Tesla will
12     act on that, correct, even if it's a contractor doing
13     the harassing conduct?
14        **A.   Tesla would partner with the agency and**
15     **collaborate with them to come up with an action.**
16        Q.   And you would agree that Tesla, with respect
17     to any contract employee, can ask the contracting
18     agency not to send that individual to the Tesla
19     factory; right?
20        **A.   They can say that that person is no longer**
21     **allowed on the property, or request that the contract**
22     **with Tesla end.**
23        Q.   And certainly, if Tesla found or had
24     information that someone, a contractor, had engaged in
25     harassing conduct, Tesla would want to protect its

```
 1   State of California              )
 2   County of Marin                  )
 3
 4                I, Bridget M. Mattos, hereby certify
 5   that the witness in the foregoing deposition was by me
 6   duly sworn to testify to the truth, the whole truth
 7   and nothing but the truth in the within entitled
 8   cause; that said deposition was taken at the time and
 9   place herein named; that the deposition is a true
10   record of the witness's testimony as reported to the
11   best of my ability by me, a duly certified shorthand
12   reporter and disinterested person, and was thereafter
13   transcribed under my direction into typewriting by
14   computer; that the witness was given an opportunity to
15   read, correct and sign the deposition.
16                I further certify that I am not
17   interested in the outcome of said action nor connected
18   with or related to any of the parties in said action
19   nor to their respective counsel.
20                IN WITNESS WHEREOF, I have hereunder
21   subscribed my hand on May 29, 2019.
22
                 _____
23                 BRIDGET M. MATTOS, CSR NO. 11410
24
25
```