1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
2     Alex Spiro (appearance *pro hac vice*)
      alexspiro@quinnemanuel.com
    51 Madison Ave., 22nd Floor
3   New York, NY 10010
      Telephone: (212) 849-7000
4
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
5     Daniel C. Posner (CA Bar No. 232009)
      danposner@quinnemanuel.com
6     Mari F. Henderson (CA Bar No. 307693)
      marihenderson@quinnemanuel.com
7   865 S. Figueroa St., 10th Floor
    Los Angeles, California 90017
8   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
9
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
10    Asher Griffin (appearance *pro hac vice*)
      ashergriffin@quinnemanuel.com
11  300 W. 6th St., Suite 2010
    Austin, TX 78701
12  Telephone: (737) 667-6100

13  *Attorneys for Defendant Tesla, Inc.*

14  [Additional counsel listed on next page]

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17               **SAN FRANCISCO DIVISION**

18

19  OWEN DIAZ,                          Case No. 3:17-cv-06748-WHO

20          Plaintiff,                  **PARTIES' PROPOSED**
                                        **VOIR DIRE QUESTIONS**
21      v.
                                        Hearing Date:  February 27, 2023
22  TESLA, INC. d/b/a TESLA MOTORS, INC.,   Time:  2:00 p.m.
                                        Place:  Courtroom 2, 17th Floor
23          Defendant.                  Judge:  Hon. William H. Orrick

24

25

26

27

28

1   LAWRENCE A. ORGAN (SBN 175503)
    larry@civilrightsca.com
2   CIMONE A. NUNLEY (SBN 326915)
    cimone@civilrightsca.com
3   CALIFORNIA CIVIL RIGHTS LAW GROUP
4   332 San Anselmo Avenue
    San Anselmo, California 94960
5   T: (415)-453-7352 | F: (415)-785-7352

6   J. BERNARD ALEXANDER (SBN 128307)
7   ALEXANDER KRAKOW + GLICK LLP
    1900 Avenue of the Stars, Suite 900
8   Los Angeles, California 90067
    T: (310) 394-0888 | F: (310) 394-0811
9
    MICHAEL RUBIN (SBN 80618)
10  mrubin@altber.com
    JONATHAN ROSENTHAL (SBN 329638)
11  jrosenthal@altber.com
12  ALTSHULER BERZON LLP
    177 Post Street, Suite 300
13  San Francisco, CA 94108
    T: (415)421-7151 | F: (15)362-8064
14
    Attorneys for Plaintiff,
15  OWEN DIAZ

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to the Court's Pretrial Order for Civil Cases, Plaintiff Owen Diaz and Defendant

2  Tesla, Inc. respectfully request that the Court pose the following voir dire questions to the venire.

3  **I.    PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

4  1.  Are any of you aware of the details or verdict of the first trial in this matter? Have you developed

5  any impressions that the size of the verdict was too high or too low?

6    **DEFENDANT'S OBJECTIONS:** Tesla objects to the venire being informed of the first

7  trial (rather than a prior determination of liability), or jury verdict and requests the venire only be

8  questioned regarding whether they are aware of the case or prior determination.

9    **PLAINTIFF'S RESPONSE**: Defendant's suggestion does not address the fact that the first

10  verdict was a groundbreaking decision that resulted in significant national and international press

11  because it was the largest race harassment verdict in American history. Asking questions about that

12  verdict is appropriate to determine if anyone might be biased by that information.

13

14  2.  Are any of you big fans of Elon Musk, his inventions, or his companies Tesla or SpaceX? If yes,

15  please explain.

16  3.   Have you ever had a job where you made important financial or personnel decisions for a

17  company? If yes, please explain.

18  4.  Have you ever had a job where you had to deal with complaints or accusations of discrimination

19  or mistreatment by employees for your company? If yes, please explain.

20  5.   Have you ever developed the belief that the laws in California are too employee-friendly or

21  unfair toward employers, from what you've seen or heard? If yes, please explain.

22  6.  Have you ever seen someone make a false accusation of racism or harassment in the workplace?

23  If yes, please explain.

24  7.   Have you ever seen someone overreact or get offended by a harmless or joking comment in the

25  workplace? If yes, please explain.

26  8.  Have you ever worked in a workplace where it was common for workers to make daily comments

27  or jokes that some people might find racist, offensive, or inappropriate? If yes, how did you feel

28  about it?

9.   Have you ever worked for a company that had workplace conduct rules that seemed too strict or too politically correct? If yes, please explain.

10.   Have you ever filed an official report or complaint with your company or human resources? If yes, why?

11.   Have you ever chosen to keep quiet and not file a complaint over something you thought was offensive, inappropriate, or wrong that you observed or heard about in the workplace? If yes, why?

12.   Do you believe that there is never a good reason why an employee might decide not to make a written report of harassment, mistreatment, or offensive conduct going on in the workplace to their supervisors or managers or human resources? If yes, please explain.

13.   Have you ever seen a person play the 'race card' or make a false or exaggerated accusation of racism? If yes, please explain.

     **DEFENDANT'S OBJECTION;** Tesla objects to the term "race card" as needlessly inflammatory, suggestive, and prejudicial.

     **PLAINTIFF'S RESPONSE:** The "race card" is code for someone who is biased against people of color complaining about racist conduct in the workplace. Since this will reveal potential bias, it is an appropriate question.

14.   Do you believe that accusations of racism are too quickly believed in our society or legal system these days? If yes, please explain.

15.   Do you have any reservations or disagreements with the concept of using money to compensate for the emotional distress an employee suffered due to racial harassment in the workplace? If yes, please explain.

16.   Do you have any reservations or disagreements with the concept that a company can be held responsible for failing to prevent or stop harassment done by its workers, instead of only holding the harassers personally responsible? If yes, please explain.

17.   Do any of you feel like punitive damages to punish companies and change their behavior does more harm than good? If yes, please explain.

II.   **DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

    A.   **Burden of Proof**

    1.   The Court will instruct you that the burden of proof is on Mr. Diaz, and that Tesla has no duty to prove that Mr. Diaz was not harmed by any alleged conduct.  In other words, if Mr. Diaz fails to prove that he experienced more than nominal harm from any conduct, or if the evidence is 50/50 at the end of the day, you may not award him compensatory damages for harm he did not prove.  If you were given that instruction, could you follow it?

PLAINTIFF'S OBJECTION: Misstates and improperly comments upon a neutral jury instruction with the goal of preconditioning the jury.

DEFENDANT'S RESPONSE: This objection is without merit; Defendant's proposed question is an accurate description of the Jury Instructions on Burden of Proof and Preponderance of the Evidence.  ECF No. 389 at 27, 54.  This question is aimed at determining whether prospective jurors understand and appreciate that Plaintiff bears the burden in this trial.  This question, which does nothing more than accurately describe Plaintiff's burden, is not designed to precondition the jury to do anything but follow the Court's instructions.

    B.   **Opinions About Corporations**

    2.   Tesla is a company.  A corporation is entitled to the same fair trial as an individual. How do you feel about the fact that Tesla is a company?

PLAINTIFF'S OBJECTION: Improperly comments upon a neutral jury instruction with the goal of preconditioning the jury. This question would seem to be an admission by Defendant that when referring to Defendant in this case, it should be referred to as "Tesla Inc." (see Pretrial Conference Statement, Stipulations section)

DEFENDANT'S RESPONSE: This objection is meritless.  This question merely repeats and accurately summarizes a stipulated Jury Instruction and asks if Tesla's status as a corporation would create any bias.  ECF No. 389 at 71.  The question contains an accurate description of the law and is facially offered for a proper purpose.

    C.   **Opinions About Tesla**

    3.   Tesla is an electric-vehicle and solar-panel manufacturer.  What do you think about Tesla?

    4.   Have you or anyone close to you ever owned or leased a Tesla vehicle?  What were your or their impressions of the product?

5.      Have you or anyone close to you ever worked at Tesla?  What was your or their experience like working there?

**D.      Opinions About Elon Musk**

6.      What do you think about Elon Musk?

7.      Have you read or heard any public comments by Elon Musk, including on Twitter, that you felt strongly about?  If yes, what were the comments and how did you feel about them?

PLAINTIFF'S OBJECTION: Elon Musk is not a witness or involved in any way in this trial; it would be inappropriate to bring up Tweets and his reputation generally. It would be more appropriate to ask whether or not their views of Musk  impact their impartiality "even though he is not involved in this lawsuit." Plaintiff does not object to the general question about Mr. Musk, but does object about specific questions relating to Mr. Musk's conduct because that is irrelevant to a bias against Tesla Inc.

DEFENDANT'S RESPONSE:  As an initial matter, Plaintiff's voir dire contains its own question about Mr. Musk (Plaintiff's Voir Dire at Q. 2) that would be objectionable under Plaintiff's newly proffered concerns.  Plaintiff cannot have it both ways and object to Defendant's questions about Mr. Musk on grounds that implicate Plaintiff's own questions. Furthermore, for many people, Tesla and Mr. Musk are inseparable.  Accordingly, one who holds a strong bias against Mr. Musk may seek to punish him through an adverse verdict against Tesla in this case, even though he is not an official party.

8.      Have you formed any opinions about Elon Musk's purchase of Twitter?  If yes, what did you think of the purchase?

PLAINTIFF'S OBJECTION: Elon Musk is not a witness or involved in any way in this trial; it would be inappropriate to bring up his purchase of Twitter and his reputation generally. It would be more appropriate to ask whether or not their views of Musk  impact their impartiality "even though he is not involved in this lawsuit." Egocentric questions about Mr. Musk do not involve bias against Tesla Inc.

DEFENDANT'S RESPONSE:  As an initial matter, Plaintiff's voir dire contains its own question about Mr. Musk (Plaintiff's Voir Dire at Q. 2) that would be objectionable under Plaintiff's newly proffered concerns.  Plaintiff cannot have it both ways and object to Defendant's questions about Mr. Musk on grounds that implicate Plaintiff's own questions. Furthermore, for many people, Tesla and Mr. Musk are inseparable.  Accordingly, one who holds a strong bias against Mr. Musk may seek to punish him through an adverse verdict against Tesla in this case, even though he is not an official party.

**E.      Opinions About Allegations of Racial Harassment**

9.      Do you think all or most allegations of racial harassment are true?  Put differently, do you think people are unlikely to make up allegations of racial harassment?

**PLAINTIFF'S OBJECTION:** Improperly encourages the jurors to prejudge the facts of the case and preconditions them to remain skeptical of Plaintiff's allegations and the prior determinations of the first jury.

**DEFENDANT'S OBJECTION:** Plaintiff's objection is without merit. First, Plaintiff asks a similar question about false accusation of racism in his own proposed voir dire. (Plaintiff's Voir Dire at Q. 6). Plaintiff therefore concedes that the subject matter in this question is appropriate for voir dire. Second, this question does not encourage potential jurors to prejudge the facts any more than Plaintiff's question concerning false accusations of racism does. There are no details or information relating to the facts of this case identified or referenced in this question. It does not encourage any juror to be skeptical of Plaintiff's allegations, it simply asks—similar to Plaintiff's question—whether a juror believes whether all or most allegations of racial harassment generally are true.

10.     Do you agree that your decision about which incident or incidents of racial harassment occurred in this particular case should be limited to the evidence presented in court and not based on your personal beliefs or population statistics about the veracity of racial harassment allegations? If you were given that instruction, could you follow it?

**PLAINTIFF'S OBJECTION:** Improperly encourages the jurors to prejudge the facts of the case and preconditions them to focus on individual incidents which is a Defense theme. In addition, the question improperly inserts a hypothetical jury instruction with the goal of preconditioning the jury.

**DEFENDANT'S OBJECTION:** Plaintiff's objection is meritless and based on a willful misreading of the question. Defendant's proposed question does not ask the jury to prejudge facts and evidence. To the contrary, it specifically inquires and seeks to confirm that a prospective juror will render a verdict based on the evidence, which is precisely what the Court will instruct. ECF 389 at 85. ("[Y]ou must base your verdict only on the evidence received in the case…")

11.     Have you ever felt that a victim of racial harassment was treated unfairly by our judicial system?

12.     Are you aware of the #BlackLivesMatter movement? Have you participated in any way?

**PLAINTIFF'S OBJECTION:** Improperly invades jurors First Amendment associational privilege. In addition, the question improperly targets African American jurors who are more likely to be members of BLM, and it would therefore be improper to strike any jurors for their membership in BLM. If it cannot be used as a question to strike jurors, then it should be excluded as not relevant and improper.

**DEFENDANT'S RESPONSE:** As an initial matter, this question does not invade jurors' associational privilege under the First Amendment. It is common (including in the Northern

District of California) for jury questionnaires and voir dire's to ask potential jurors about their participation in religious, political, and community organizations. *See e.g. In re Tesla Securities Litig.*, Case No. 18-cv-04865-EMC (N.D. Cal), ECF No. 514 (Order re Voir Dire). Second, this question does not target African American jurors but rather asks jurors whether they are members of an organization with strongly held convictions and views about matters that may be relevant to this trial.

### F. Assessing Credibility

13. Do you feel there are reasons an employee might not report racial harassment to a supervisor or human resources?  Would that impact how you view the evidence?

PLAINTIFF'S OBJECTION: Improperly encourages the jurors to prejudge the facts of the case and preconditions them as it relates to workplace complaints. The question is also argumentative.

DEFENDANTS' RESPONSE: Plaintiff's own voir dire asks a similar question about reporting or choosing not to report incidents of racial harassment to an employer. (Voir Dire at Q. 12) Plaintiff's objection to the subject matter and argument that the question asks the jury to prejudge the case is accordingly without merit.

### G. Liability and Damages

14. Mr. Diaz alleges he was racially harassed by a wealthy company.  Even if you feel sympathy for Mr. Diaz, could you award him only nominal compensatory damages if he fails to prove he experienced any harm beyond that?  Even if that means he does not receive much money? Would you be willing to stand by your decision no matter how other jurors felt?

PLAINTIFF'S OBJECTION: The question is argumentative and runs counter to the determinations of the first jury which has determined that Mr. Diaz was racially harassed. The issues of nominal damages are in dispute as noted in the Pretrial Conference Statement. The last question here is inappropriate because it preconditions jurors not to deliberate as they are required to do. In addition, nominal damages are not appropriate in this case because the first jury found significant harm to Mr. Diaz from the hostile work environment to which he was exposed.

DEFENDANT'S RESPONSE:  The question properly asks a prospective juror if he or she would be willing to award only nominal compensatory damages in this action if the evidence calls for such a verdict.  This is a proper inquiry into whether a juror would fulfill his or her duty bound charge.  The last question is not inappropriate nor does it precondition a juror not to deliberate; instead it asks whether a juror would be willing to hold to his or her honest belief regarding the weight of the evidence—which the jury will be instructed to do.  ECF No. 389 at 90 ("However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.").

15.     Based upon what you know at this time, do you have any impressions about which incidents of racial harassment Mr. Diaz experienced or how much Tesla should pay him in damages?

**H.     <u>Closing Questions</u>**

16.     The defense presents its case last, after all the evidence presented by the plaintiff. Would you have any problems in not making up your mind until Tesla has a chance to present its case and the judge has instructed you on the law?

DATED:  February 13, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Daniel C. Posner*

Alex Spiro (appearance *pro hac vice*)
alexspiro@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (213) 443-3100

Daniel C. Posner
Mari F. Henderson
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000

Asher Griffin (appearance *pro hac vice*)
ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

1  DATED:  February 13, 2023

CALIFORNIA CIVIL RIGHTS LAW GROUP
2                                                ALEXANDER MORRISON + FEHR LLP
ALTSHULER BERZON LLP

3
By */s/ Larry Organ*
4                                                Lawrence A. Organ
Cimone A. Nunley
5                                                CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
6                                                San Anselmo, California 94960
Telephone: (415)-453-7352
7                                                Facsimile: (415)-785-7352

8
J. Bernard Alexander III
9                                                ALEXANDER MORRISON + FEHR LLP
1900 Avenue of the Stars, Suite 900
10                                               Los Angeles, California 90067
Telephone: (310) 394-0888
11                                               Facsimile: (310) 394-0811

12
Michael Rubin
13                                               Jonathan Rosenthal
ALTSHULER BERZON LLP
14                                               177 Post Street, Suite 300
San Francisco, California 94108
15                                               Telephone: (415) 421-7151
Facsimile: (415) 362-8064
16

17                                               *Attorneys for Plaintiff Owen Diaz*

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF CONCURRENCE**

I, Daniel C. Posner, am the ECF user whose ID and password are being used to file the Parties' Proposed Voir Dire Questions.  Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

DATED:  February 13, 2023

By  */s/ Dan Posner* _____