QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
  Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

[Additional counsel listed on next page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| OWEN DIAZ,<br><br>             Plaintiff,<br><br>        v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>             Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**PARTIES' PROPOSED**<br>**JUROR QUESTIONNAIRES**<br><br>Hearing Date:  February 27, 2023<br>Time:  2:00 p.m.<br>Place:  Courtroom 2, 17th Floor<br>Judge:  Hon. William H. Orrick |

LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
T: (415)-453-7352 | F: (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
T: (415)421-7151 | F: (15)362-8064

Attorneys for Plaintiff,
OWEN DIAZ

1      Pursuant to the Court's Pretrial Order for Civil Cases, Plaintiff Owen Diaz and Defendant

2 Tesla, Inc. respectfully request that the Court provide the attached juror questionnaires to the venire.

3 **I.      PLAINTIFF'S PROPOSED JUROR QUESTIONNAIRE**

4      Plaintiff's proposed juror questionnaire is attached hereto as Exhibit A.

5 **II.     DEFENDANT'S PROPOSED JUROR QUESTIONNAIRE**

6      Defendant's proposed juror questionnaire is attached hereto as Exhibit B.   As noted in

7 Tesla's objections to Mr. Diaz's proposed voir dire, Tesla objects to the venire being

8 informed that there was a first trial (rather than a determination of liability), or jury verdict

9 and requests the venire only be questioned regarding whether they are aware of the case or

10 prior determination.  Accordingly, Tesla objects to Plaintiff's proposed Question No. 10.

11

12 DATED:  February 13, 2023                QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
13

14                                         By  */s/ Dan Posner*
                                           _____
                                           Alex Spiro (appearance *pro hac vice*)
15                                         alexspiro@quinnemanuel.com
                                           QUINN EMANUEL URQUHART &
16                                         SULLIVAN, LLP
                                           51 Madison Ave., 22nd Floor
17                                         New York, NY 10010
                                           Telephone: (212) 849-7000
18                                         Facsimile: (213) 443-3100

19                                         Daniel C. Posner
                                           Mari F. Henderson
20                                         865 S. Figueroa St., 10th Floor
                                           Los Angeles, California 90017
21                                         Telephone: (213) 443-3000

22
                                           Asher Griffin (appearance *pro hac vice*)
23                                         ashergriffin@quinnemanuel.com
                                           300 W. 6th St., Suite 2010
24                                         Austin, TX 78701
                                           Telephone: (737) 667-6100
25
                                           *Attorneys for Defendant Tesla, Inc.*
26

27

28

1

DATED:  February 13, 2023

CALIFORNIA CIVIL RIGHTS LAW GROUP
ALEXANDER MORRISON + FEHR LLP
ALTSHULER BERZON LLP

2

3

By */s/ Larry Organ*

4

Lawrence A. Organ

5

Cimone A. Nunley
CALIFORNIA CIVIL RIGHTS LAW GROUP

6

332 San Anselmo Avenue
San Anselmo, California 94960

7

Telephone: (415)-453-7352
Facsimile: (415)-785-7352

8

9

J. Bernard Alexander III
ALEXANDER MORRISON + FEHR LLP

10

1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067

11

Telephone: (310) 394-0888
Facsimile: (310) 394-0811

12

13

Michael Rubin

14

Jonathan Rosenthal
ALTSHULER BERZON LLP

15

177 Post Street, Suite 300
San Francisco, California 94108

16

Telephone: (415) 421-7151
Facsimile: (415) 362-8064

17

*Attorneys for Plaintiff Owen Diaz*

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF CONCURRENCE**

I, Daniel C. Posner, am the ECF user whose ID and password are being used to file the Parties' Proposed Juror Questionnaires.  Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

DATED:  February 13, 2023

By  */s/ Dan Posner*
_____

# EXHIBIT A

**JURY QUESTIONNAIRE**
UNITED STATES DISTRICT COURT

Juror Name: _____          Age  _____

Gender: _____          City of Residence _____

1.  What is your current (or most recent) occupation? _____

2.  What company or employer do you work for? _____

3.  Please describe your job duties and responsibilities in your current or last position:

_____

_____

4.  Please list any other jobs or careers you've had in the past: _____

_____

5.  Are you married, living with, or involved with a significant other?          □  YES  □  NO

    If yes, what does he/she/they do for a living? _____

6.   If you have any adult children, what do they do for a living? _____

_____

7.  Have you (or someone close to you) ever worked as a direct employee or a contractor for
    Tesla or a company providing services or materials to Tesla?

_____

□ YES  □ NO          If YES, please explain:  _____

_____

8.          Do you have feelings of respect or admiration for Elon Musk, his inventions, or his
    companies (for example, Tesla, SpaceX, or Twitter)?          □ YES  □ NO

     If YES, please explain: _____

     _____

9.  Do you own any stock in Tesla, or have any financial or business relationships with Tesla?

□ YES  □ NO          Please explain:  _____

_____

10. Are you aware of any of the details or result of the trial that involved allegations of racial harassment in the workplace against Tesla?

□ YES   □ NO               Please explain: _____

_____

**DEFENDANT'S OBJECTIONS:** Defendant objects to this question on the grounds that it references the first trial and its "result" on the grounds that it is prejudicial, unduly suggestive, and encourages the venire to research the first trial and its outcome.  At most, a prospective juror should be asked whether he or she is aware of the dispute and a prior determination of liability; the first trial and its "result" should not otherwise impact this trial.

**PLAINTIFF'S RESPONSE**: Defendant's suggestion does not address the fact that the first verdict was a groundbreaking decision that resulted in significant national and international press because it was the largest race harassment verdict in American history. Asking questions about that verdict is appropriate to determine if anyone might be biased by that information.

11. Have you ever had any of the following work experiences?

□  A job where you made important financial or personnel decisions for a company

□  A job where you managed or supervised employees

□  A job where you had to deal with employee complaints of mistreatment in the workplace

□  Owned, operated, or worked for a company that was harmed by lawsuits

□  Seen or worked for a company that was unfairly sued by an employee or ex-employee

   If YES, please explain: _____

   _____

   _____

12. Have you ever seen or heard any of the following situations in a workplace?

□  Seen or heard someone make a false accusation of racism, harassment, or discrimination in the workplace

□  Seen or heard someone overreact or get offended by a harmless comment or joke in the workplace

□  Seen or heard about someone playing the 'race card' to get special treatment

□  Seen or heard someone get falsely or unfairly accused of racism or racial discrimination

□  Worked with a co-worker who was oversensitive, easily offended, or misinterpreted harmless things

□  Seen a workplace where workers often said things others might find racist, offensive, or inappropriate

□  Worked for a company that had workplace conduct rules that were too strict or too politically correct

   If YES, please explain: _____

**DEFENDANT'S OBJECTION:** Defendant's object to the Plaintiff's use of the term "race card" as needlessly inflammatory and prejudicial.

**PLAINTIFF'S RESPONSE:** The "race card" is code for someone who is biased against people of color complaining about racist conduct in the workplace. Since this will reveal potential bias, it is an appropriate question.

13. Have you (or someone close to you) ever filed a lawsuit or been sued by someone else?

☐ YES   ☐ NO          If YES, please explain: _____

_____

14. Have you ever filed an official report or complaint with your company, manager, or human resources?

☐ YES   ☐ NO          If YES, please explain: _____

_____

15. Have you ever left or quit a well-paying job over how you were being treated in the workplace?

☐ YES   ☐ NO          If YES, please explain: _____

_____

16. Have you ever continued working in a job where you weren't being treated well because it was too good or high-paying a job to quit?

☐ YES   ☐ NO          If YES, please explain: _____

_____

17. Do you feel like the laws in California are too employee-friendly or unfair toward companies?

☐ YES   ☐ NO          If YES, please explain: _____

_____

18. What are your feelings about a person seeking money compensation in a lawsuit over non-financial harms like mental/emotional suffering?

☐ YES   ☐ NO          If YES, please explain: _____

_____

19. Do you have any reservations or disagreements with the concept of lawsuits using money to compensate for the emotional distress and suffering caused by racial harassment in the workplace?

□ YES   □ NO                    If YES, please explain: _____

_____

20. Do you have any reservations or disagreements with the concept that a company can be held
    responsible for failing to prevent or stop harassment by its workers, instead of holding only
    the harassers personally responsible?

□ YES   □ NO                    If YES, please explain: _____

_____

21. Do you feel like punitive damages to punish companies and change their behavior doesn't
    work or does more harm than good?

□ YES   □ NO                    If YES, please explain: _____

_____

22. Do you have a financial situation that would make it an extreme financial hardship to serve as
    a juror in a courtroom for the next 7 to 10 weekdays?

□ YES   □ NO                    If YES, please explain: _____

_____

23. Would serving as a juror in a civil trial for the next 7 to 10 weekdays create any other extreme
    personal hardships for you at this time?

□ YES   □ NO                    If YES, please explain: _____

_____

24. Do you have any other opinions, feelings, concerns, experiences, personal or religious
    beliefs, or possible biases that you think might make it difficult for you to be neutral as a
    juror in a lawsuit seeking money damages against an employer?

□ YES   □ NO                    If YES, please explain: _____

_____

_____

_____

# EXHIBIT B

This Juror Questionnaire has been approved by the court and is to be filled out by each prospective juror in this case. The questionnaire is designed to obtain information regarding your qualifications to sit as a juror in a pending civil case.

This Juror Questionnaire is a confidential court document designed to assist the parties in the jury selection process. Neither the Court nor the Parties in this case will disclose the information that you fill out in this questionnaire to any unauthorized person. The Court will destroy this document upon completion of the juror selection process.

This information is designed solely to save time and assist the Court and the parties in selecting jurors for the trial. By use of the questionnaire, the process of jury selection will be substantially shortened. It is not our intention to embarrass anyone. Your responses to the questionnaire will eliminate the need to ask these questions in open court. You are given more privacy by answering them in this questionnaire.

YOU ARE UNDER OATH AND ARE REQUIRED TO ANSWER THE QUESTIONS TRUTHFULLY. YOU ARE EXPECTED TO SIGN THE QUESTIONNAIRE AND YOUR ANSWERS WILL HAVE THE EFFECT OF A STATEMENT GIVEN UNDER OATH TO THE COURT.

In order to ensure that your answers are not influenced by the opinions of others, you must fill out the questionnaire by yourself without consulting or talking to any other person, including other jurors.

You may not conduct any research (Internet or other type of research) on the parties, the case, or other related topics.  You may not mention this questionnaire on your social media or other platform.

Please read each question carefully and answer each question as completely and accurately as you can. Your complete answers will save a great deal of time for the Court, the parties and you. There are no right or wrong answers to the questions.

If you cannot answer a question because you do not understand it, write "Do not understand" in the space after the question. If you cannot answer the question because you do not know the answer, write "Do not know" in the space after the question.

If you need extra space to answer any question, please use the extra blank sheet of paper included at the end of the questionnaire. Be sure to indicate on the blank page the number of the question you are answering.

DO NOT WRITE ANYTHING ON THE BACK OF THE PAGES. IF YOU NEED ADDITIONAL SPACE, PLEASE CONTINUE YOUR ANSWERS (WITH QUESTION NUMBER) ON THE BLANK PAGES ATTACHED TO THE QUESTIONNAIRE.

Last Name Only: _____          Page 2

## CONFIDENTIAL QUESTIONNAIRE

**Juror Name:** _____ **Juror #:** _____

**1.** Gender: _____ **2.** Age: _____ **3.** Place of Birth: _____

**4.** If you attended high school, college, and, if applicable, graduate school, provide the name of the high school, college, graduate school, major area of study, and degree(s), if any:
_____
_____

_____
_____

**5.** What is your current employment status? Please check all that apply:

☐ Employed full-time                    ☐ Student

☐ Employed part-time                   ☐ Disabled (Since: _____)

☐ Homemaker                              ☐ Unemployed (Since: _____)

☐ Retired (Since: _____)   ☐ Other (Please explain: _____)

**6.** What is your occupation and employer? Or what was it if retired, unemployed, or disabled? Please include your current job title and a brief description of your job duties:

_____
_____

**(a)** Do/did you supervise other persons?                              ☐ **YES**   ☐ **NO**

**(b)** Do/did you hire and fire employees?                              ☐ **YES**   ☐ **NO**

**(c)** Do/did you handle internal employment-related investigations?    ☐ **YES**   ☐ **NO**

**(d)** Do/did you work in human resources (HR)?                         ☐ **YES**   ☐ **NO**

**7.** What other previous jobs or occupations have you held? _____

_____

**8.** Have you ever had a co-worker who was difficult to work with or manage? _____

_____

**PLAINTIFF'S OBJECTION:  Relevance, preconditioning the jury to Defense themes. Defendant mischaracterizes Plaintiff's proposed question 12 which only seeks to uncover bias, not to precondition the jury as to Plaintiff or Defense themes.**

**DEFENDANT'S RESPONSE:  Plaintiff has conceded that this line of questioning is relevant as he posed similar questions in his own jury questionnaire.  (Plaintiff's Jury Quest. at Q. 12.)**

**9.** What is your spouse/partner's occupation and employer? Or what was it if retired, unemployed, or disabled? Please include their current job title and a brief description of their job duties: _____

_____

**10.** Please list any organizations, clubs, or associations to which you or your spouse/domestic partner have belonged or participated. (Include any civic, social, religious, charitable, volunteer, political, sporting, professional, business, union, fraternal and recreational groups, ex. Rotary, NRA, ACLU, etc.):  _____

_____

**11.** Have you ever held a leadership position in any organization you listed above?

☐ **YES**   ☐ **NO**

**12.** Do you regularly attend religious services at a church, synagogue, temple, or other religious institution?   ☐ **YES**   ☐ **NO**

**IF YES**, what is/are the name(s) of the religious institutions you regularly attend?

_____

**IF YES**, how often would you say you attend services there?

_____

**PLAINTIFF'S OBJECTION:   Relevance, Privacy of the Jurors and violates their freedom of association rights, and this can't be the basis for striking a juror for cause. Plaintiff does not concede the relevance of this question as Plaintiff's Q.24 has to do with certain religions that to not allow a person to sit in judgment. That is completely different than asking someone to identify their religion or lack thereof.**

**DEFENDANT'S RESPONSE:  Plaintiff has conceded that a prospective juror's religious beliefs and practices may impact his or her ability to serve as a neutral juror.  (Plaintiff's Jury Quest. at Q. 24.)  Facially neutral questions about a prospective juror's religious practices are proper and regularly asked in questionnaires in the Northern District of California.**

**13.** Have you ever been sued?  ☐ **YES**   ☐ **NO**

**IF YES**, please explain: _____

_____

**14.** Have you ever sued a person or organization?        ☐ **YES**   ☐ **NO**

**IF YES**, please explain: _____

_____

**15.** Have you ever been convicted of a crime (excluding minor traffic crimes?)

☐ **YES**   ☐ **NO**

**IF YES**, please explain: _____

_____

**16.** Have you ever had to appear in court, or in any legal proceedings, as a plaintiff, defendant, victim, or witness for any reason?   ☐ **YES**   ☐ **NO**

**IF YES**, please explain when and why you appeared in court:

_____

_____

**17.** Have you ever served as a juror at trial before?       ☐ **YES**   ☐ **NO**

**(a) IF YES**, please complete the following for each trial on which you served as a juror:

| When did you serve? | Criminal or Civil Case? | Charges/Allegations? | Verdict Reached? Yes/No Only |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

**(b) IF YOU SERVED AS A JUROR**, were you ever selected as a jury foreperson?
☐ **YES**   ☐ **NO**

**18.** Please list the television stations, radio stations, newspapers, and news websites you regularly follow:

_____

_____

**19.** How often do you check, follow, or read the news from any source?

☐ CONSTANTLY     ☐ SOMETIMES     ☐ ALMOST NEVER
☐ OFTEN          ☐ RARELY        ☐ I DON'T FOLLOW THE NEWS

**20.** Have you or a close friend or family member been a victim of racial harassment or discrimination?

☐ **YES**   ☐ **NO**

**IF YES**, who was the person and what happened?

_____

_____

**IF YES,** were the police involved?                              ☐ **YES**   ☐ **NO**

**IF YES,** were there any corresponding legal proceedings?      ☐ **YES**   ☐ **NO**

**IF YES,** how do you feel about how the matter was handled?

_____

_____

**PLAINTIFF'S OBJECTION: Plaintiff objects to the reference to the "police." This suggests an improper standard as the police are not required for workplace harassment issues which are the only ones relevant here. Defendant's claim that it is asking a broader question about racial harassment in general merely highlights the lack of relevance to this case. Defendant does not show how elevating a claim to the police is probative of a bias in any way, and it fails to address the prejudice claimed by Plaintiff.**

**DEFENDANT'S RESPONSE: This question asks a prospective juror for any experience with racial harassment and discrimination, not just those in the workplace.  This question seeks information about a prospective juror's experience with both the act of racial harassment and discrimination and any corresponding process arising out of that act.  Whether the experience was elevated to a formal police or legal response is relevant information that will provide a more comprehensive understanding of the juror's experience.**

**21.** Have you or a close friend or family member been falsely accused of racial harassment or discrimination?          ☐ **YES**   ☐ **NO**

**IF YES,** who was the person and what happened?

_____

_____

**IF YES,** were the police involved?                              ☐ **YES**   ☐ **NO**

**IF YES,** were there any corresponding legal proceedings?      ☐ **YES**   ☐ **NO**

**IF YES,** how do you feel about how the matter was handled?

_____

_____

**PLAINTIFF'S OBJECTION: Plaintiff objects to the reference to the "police." This suggests an improper standard as the police are not required for workplace harassment issues which are**

the only ones relevant here. Defendant's claim that it is asking a broader question about racial harassment in general merely highlights the lack of relevance to this case. Defendant does not show how elevating a claim to the police is probative of a bias in any way, and it fails to address the prejudice claimed by Plaintiff.

DEFENDANT'S RESPONSE: This question asks a prospective juror for any experience with false accusations of racial harassment and discrimination, not just those in the workplace.  This question seeks information about a prospective juror's experience with both the act of being falsely accused and any corresponding process arising out of that act.  Whether the experience was elevated to a formal police or legal response is relevant information that will provide a more comprehensive understanding of the juror's experience.

**22.** If you hear or read that an individual is accusing their employer of racial harassment, would you be inclined to believe that person without knowing the specifics of the evidence?

☐ **YES**   ☐ **NO**

**IF YES**, please explain:

_____

_____

**23.** Do you have strong opinions or feeling about racial harassment, allegations of racial harassment, and/or companies accused of racial harassment? If yes, please explain.

☐ **YES**   ☐ **NO**

**IF YES**, please explain:

_____

_____

PLAINTIFF'S OBJECTION: Plaintiff objects to this question as improper because it cannot lead to peremtory or cause challenges. This is precisely the type of question that Defendant used in the first trial  to strike jurors. Black jurors are more likely to have stronger views on this as they are more likely to have been subjected to racial harassment. This also invites jurors to prejudge the case by referencing "companies accused of racial harassment" which clearly relates to Tesla, but in this case, it has not just been accused of racial harassment but has been found responsible and liable for racial harassment. In addition, this is not appropriate in a case where the harassment has already been determined. For example, the question asks about

==**"companies accused of racial harassment" which might implant the idea that Tesla is only accused of harassment and not liable for harassment.**==

==**DEFENDANT'S RESPONSE: This is a simple and common question aimed at determining whether a prospective juror may harbor biases based on their own feelings regarding racial harassment or whether a prospective juror would harbor biases against a defendant simply because it was accused of racial harassment.  Parties are permitted and entitled to probe and inquire about potential biases that a prospective juror may hold.  The Court can and should scrutinize both parties' challenges of prospective jurors and can do so without eliminating proper and appropriate questions that are necessary to uncover potential bias.**==

**24.** Do you have strong opinions or feelings about Tesla or its products?

☐ **YES**   ☐ **NO**

**IF YES**, please explain:

_____

_____

**25.** Do you have strong opinions or feelings about Elon Musk or his other companies (e.g., Twitter, SpaceX)?   ☐ **YES**   ☐ **NO**

**IF YES**, please explain:

_____

_____

**26.** The witnesses expected to testify in this case are listed on the last page of this packet. Do you know any of these witnesses in any way?   ☐ **YES**   ☐ **NO**

**IF YES**, please explain: _____

_____

**27.** Is there anything else not covered by this questionnaire that you think the Court or the lawyers should know about you that may affect your jury service in this case or that may affect your ability to fairly and impartially judge the evidence in this case and apply the law as instructed by the court?   ☐ **YES**   ☐ **NO**

**IF YES**, please explain: _____

_____

**28.** Is there anything that you think would be relevant to this case or your service as a juror or your service as a juror that you did not include on this questionnaire and would prefer to discuss privately?  ☐ **YES**   ☐ **NO**

**IF YES**, please explain: _____

_____

# SIGN YOUR FULL NAME BELOW

_____
**JUROR'S FULL SIGNATURE (FIRST AND LAST NAME)**
(For example: JOHN A. SMITH)

## LIST OF POTENTIAL WITNESSES