1   LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com

2   MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com

3   CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com

4   **CALIFORNIA CIVIL RIGHTS LAW
GROUP**

5   332 San Anselmo Avenue
San Anselmo, California 94960

6

7   Telephone:    (415)-453-7352
Facsimile:    (415)-785-7352

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:    (415) 421-7151
Facsimile:    (415) 362-8064

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:    (310) 394-0888
Facsimile:    (310) 394-0811

DUSTIN L. COLLIER (SBN 264766)
dcollier@collierlawsf.com
V. JOSHUA SOCKS (SBN 303443)
jsocks@collierlawsf.com
ELIZABETH R. MALAY (SBN 336745)
emalay@collierlawsf.com
DREW F. TETI (SBN 267641)
drew@collierlawsf.com
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd. Suite 100
Corte Madera, CA 94925
Telephone:   (415) 767-0047
Facsimile:    (415) 767-0037

Attorneys for Plaintiff OWEN DIAZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S OBJECTIONS TO TESLA'S PROPOSED MODIFIED JURY INSTRUCTIONS AND SUPPORTING ARGUMENT; PLAINTIFFS' RESPONSES THERETO** |

**INTRODUCTION**

Tesla is, once again, not playing by the rules. At the pretrial conference, the Court gave Tesla leave to submit by the end of the day a redlined version showing the modifications to the Court's Draft Preliminary Jury Instructions that Tesla's counsel had proposed orally. Tesla obtained leave to extend that deadline to the next day, yet took advantage of the Court's generosity by filing at 6:14 p.m. the next day a Notice of Submission that attached not only the specific modifications that Tesla had proposed in court, but also additional modifications plus a series of mini-briefs in support of each proposed modification.

Although the Court also authorized plaintiff's counsel to respond to Tesla's red-lined draft with citations to cases addressing the nominal punitive damages issue (as we do *infra* at 3), in light of Tesla's further additions and deletions and supplemental legal briefing, plaintiff respectfully requests the Court consider this short response as well.

**I.        Nominal Punitive Damages**

The Court reaffirmed at the pretrial conference that the first jury's punitive damages *liability* verdict would be binding on the second jury – a position Tesla accepted for 10 months until its February 6 change of heart. That is why the second jury will be instructed that Owen Diaz is entitled to punitive damages, that Tesla's conduct was malicious, oppressive, or in reckless disregard of Mr. Diaz's rights (and what those terms mean), and that the jury must consider the reprehensibility of Tesla's conduct and should award an amount sufficient to serve the twin purposes of punishment and deterrence. Instr. Nos. 2, 9, 12.

Tesla now urges the Court to instruct the jury that its award of punitive damages, "if any" (Revised Instruction No. 12), may be "nominal" (Footnote Comment on Instruction No. 13). That cannot be. Nominal damages are awarded in a civil rights case only when the fact of injury has been established but resulting damages cannot be shown. *Cummings v. Connell*, 402 F.3d 936, 942 (9th Cir. 2005). If the second jury were to award no punitive damages (or its equivalent, nominal punitive damages), that verdict could not stand, because it would mean the jury either rejected the first jury's binding punitive damages liability verdict or concluded, contrary to all the evidence, that Tesla's federal law violations, despite being malicious, oppressive, or in reckless disregard of Mr. Diaz's rights, were not at all "reprehensible" and that the goals of

punishment and deterrence would not be served by any award despite the undisputed evidence that Tesla did not engage in affirmative remediation efforts and that its net worth in October 2019 was nearly $50 billion.[1]

Plaintiff has not found many cases addressing the issue of nominal punitive damages, perhaps because none of the standard instructions seem to give juries that option (appropriately so) and because it would be exceedingly rare for a jury to conclude that a defendant is *liable* for punitive damages but is either completely judgment-proof or so uniquely situated that it would be improper to punish that defendant and unnecessary to deter its wrongful conduct. In *Izzarelli v. R.J. Reynolds Tobacco Co.*, 2018 WL 6575458, at *8 (D. Conn. Dec. 13, 2018), for example, the district court refused to remit an award of punitive damages to a nominal $1 award, stating that "It comes as no shock that [defendant] Reynolds is a wealthy company, and therefore, a nominal punitive damages award would not serve to deter such wrongful behavior in the future," *id.* at *8 – which is precisely why a substantial award would be required here. In *Woods-Drake v. Lundy*, 667 F.2d 1198 (5th Cir. 1982), the Fifth Circuit reversed the trial court's decision to award no punitive damages where the defendant landlord used the n-word and had a history of discriminating against Black guests, conduct that "amounts to a willful and gross disregard of plaintiffs' rights under Section 1982 and the Fair Housing Act." *Id.* at 1203-04. The Fifth Circuit then "directed [the district court] to assess against [defendant] an amount of punitive damages sufficient to deter him from continued violations of the civil rights laws," *id.* – again, without any indication that an award of nominal punitive damages would be an option. And in *EEOC v. Finish Line, Inc.*, 940 F.Supp. 2d 777 (M.D. Tenn. 2013), the district court awarded a new damages trial because the jury had failed to award any punitive damages (again, the same as awarding nominal punitive damages), even though the defendant's actions "at a minimum

---

[1] Tesla cites four cases in its Footnote Comment to Instruction 13, but none support its position. *Smith v. Wade*, 461 U.S. 30 (1983), holds  that juries have broad discretion in determining the amount of punitive damages, but does not suggest that a jury can refuse to award *any* punitive damages after finding that the defendant acted with malice, oppression, or reckless disregard. *Schwenk v. Kavanaugh*, 4 F. Supp. 2d 116 (N.D.N.Y. 1998), involved unique circumstances where deterrence was impossible that have no analogy here. Neither *Martinez-Velez v. Rey-Hernández*, 506 F.3d 32 (1st Cir. 2007) nor *Jones v. Lockhart*, 29 F.3d 422 (8th Cir. 1994) addressed or analyzed the appropriateness of nominal punitive damages.

exhibited … reckless disregard" for the affected workers' rights. *Id.* at 786.

## II.    Modifications to Draft Instructions 2, 9, and 12 re Punitive Damages

Tesla next offers a series of additions and deletions to the three instructions referring to punitive damages. Plaintiff objects to those modifications and requests either that the instructions remain as originally drafted or, if the Court is inclined to revise the instructions, it does so in a manner that is consistent with the following five points.

1.   The jury should be instructed that Tesla's liability for punitive damages was determined in the first phase of this trial and that Mr. Diaz is therefore entitled to recover punitive damages in the second phase. (Instr. No. 2).

2.   The jury should be instructed that the purposes of a punitive damages award are to punish a defendant and to deter similar acts in the future, not to compensate a plaintiff. (Instr. No. 9).

3.   The jury should be instructed that it was determined in the first phase that Tesla's conduct that harmed Mr. Diaz was malicious, oppressive or in reckless disregard of Mr. Diaz's rights, and those terms should be defined as they were for the first jury. (Instr. Nos. 9, 12).

4.   The jury should *not* be instructed that it may award "any punitive damages you may find" (Tesla's proposed modification to Instruction No. 2), or "punitive damages, if any" (Tesla's proposed modification to Instruction No. 12), both of which suggest that the jury may award none.

5.   The jury should *not* be instructed in the very first sentence of Instruction No. 12 that Mr. Diaz has the burden of proving the amount of nominal damages by a preponderance of the evidence. The instructions already state that Mr. Diaz has the burden of proving damages by a preponderance (Instruction No. 10) and the point does not need repeating, let alone highlighting (and it is not highlighted in the standard instructions Tesla cites).

## III.    Tesla's Additional Proposed Modifications

Plaintiff objects to each of Tesla's other additions and deletions as well,[2] including its proposed addition to Instruction No. 3: "A single incident can be sufficiently severe or pervasive to constitute harassment." Although that is a generally accurate statement, it is inappropriate for this damages retrial, given that the first jury awarded substantial compensatory ($6.9 million) and punitive ($130 million) damages based on largely unrebutted evidence that Mr. Diaz was exposed to more than 40 instances of the N-word being directed against him, plus other epithets, graffiti, etc. that Tesla was responsible for or failed to prevent, especially because Tesla has

---

[2] Plaintiff has no objection to Tesla's suggestion to remove the words "Title VII" from the titles of instructions 3, 4, and 5.

*conceded* at least two instances of harassment: the Martinez pickanniny drawing and the Timbreza harassment. Dkt. 398 (Pretrial Conference Statement) at 6:20-7:9, 7:20-8:28; *see also* Tr. 78:12-79:11, 117:18-25, 124:21-125:12 (acknowledging that it gave Judy Timbreza a written warning after a shouting match at which he called Mr. Diaz the n-word); Tr. 231:8-15, 243:12-244:7 (acknowledging that it "counseled" Ramon Martinez after his October 2015 verbal altercation with Mr. Diaz).

Tesla may be proposing the single-incident language to be able to argue, by reference to this Court's instructions, that the "binding" determination of "severe and pervasive" harassment could have been based on just a single incident. But that argument, like Tesla's proposed instruction, is factually incompatible with the evidence at the first trial and the finding that Tesla was liable for creating a hostile work environment through the actions of its supervisors *and* non-supervisors or co-workers. Even if the Court were to include Tesla's proposed instruction, though, it should prohibit Tesla from using it as a basis for asserting arguments that are inconsistent with the evidence and verdict from the first trial.

Dated:   March 3, 2023                    California Civil Rights Law Group

Alexander Morrison + Fehr LLP

Altshuler Berzon LLP


Lawrence A. Organ
Cimone A. Nunley
J. Bernard Alexander III
Michael Rubin
Jonathan Rosenthal
Dustin Collier
V. Joshua Socks
Elizabeth R. Malay
Drew F. Teti
Attorneys for Plaintiff
   OWEN DIAZ

PLAINTIFF'S OBJECTIONS TO TESLA'S MODIFIED INSTRUCTIONS