1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Alex Spiro (appearance *pro hac vice*)
2    alexspiro@quinnemanuel.com
   51 Madison Ave., 22nd Floor
3  New York, NY 10010
   Telephone: (212) 849-7000
4
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
5    Daniel C. Posner (CA Bar No. 232009)
     danposner@quinnemanuel.com
6    Mari F. Henderson (CA Bar No. 307693)
     marihenderson@quinnemanuel.com
7  865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
8  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
9
   QUINN EMANUEL URQUHART
10 &SULLIVAN, LLP
     Asher Griffin (appearance *pro hac vice*)
11   ashergriffin@quinnemanuel.com
   300 W. 6th St., Suite 2010
12 Austin, TX 78701
   Telephone: (737) 667-6100
13
   *Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>　　　　Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANTS' OBJECTIONS TO ANTICIPATED TESTIMONY OF AMY OPPENHEIMER AND ACCOMPANYING DEMONSTRATIVE SLIDES**<br><br>Judge: Hon. William H. Orrick |

## I. INTRODUCTION

The law is clear: expert witnesses cannot (a) be used to provide a factual narrative of information of which they have no personal knowledge, or (b) offer personal judgments and interpretation of the facts and issues that the jury must resolve. Yet Plaintiff's recent disclosure of expert witness Amy Oppenheimer's proposed demonstrative slides, attached as **Exhibit A**, reveals she intends to violate these rules, and that Plaintiff intends to use Oppenheimer to provide a factual narrative of Plaintiff's theory of this case—a sort of second, more argumentative opening statement. Oppenheimer's slides further show that she intends to offer opinions that are not based on her purported expertise but rather on her personal judgment of the facts and the conduct and motivations of Defendant. Such testimony invades the province of the jury and is improper. The Court should exclude the improper portions of Oppenheimer's testimony, and, at a very minimum, exclude her improper demonstrative slides.[1]

## II. EXPERT TESTIMONY IN QUESTION

Oppenheimer intends to opine about the so-called "standard of care to prevent racial harassment." *See* Ex. A (Slide 2). Oppenheimer will then compare the "standard of care" to factual determinations she apparently made about the disputed issues in this case based on her review of discovery materials from this case that Plaintiff's counsel provided to her.

Oppenheimer's proposed demonstrative slides show that she intends to propose factual findings regarding disputed issues based on her personal view of the evidence. By way of example only, Oppenheimer intends to testify as to the following:

- Tesla "ignored" "evidence of use of N-word" (Slide 3);
- "many" Tesla "employees and supervisors" were "not trained" (Slide 3);
- Tesla "selectively investigated" complaints (Slide 3);

---

[1] Tesla previously moved *in limine* to exclude Ms. Oppenheimer's testimony (Dkt. 381), but the Court denied that motion (Dkt. 417). Tesla preserves its outright objection to Ms. Oppenheimer's testimony, but brings this motion to ensure that to the extent her testimony (and associated demonstrative slides) are permitted, they otherwise remain properly limited.

- There is "no evidence" that Tesla's "workforce" was "reminded of policy and consequences" (Slide 3);

- Tesla's investigation into the July 31, 2015 incident involving Mr. Diaz and Mr. Timbreza involved "no experienced and impartial investigator," and there is "no evidence of any follow up" (Slide 5);

- Tesla's investigation into the October 2015 incident involving Mr. Diaz and Mr. Martinez involved "racist threats in an elevator," "a witness" to those events, a "deci[sion]" to forgo an "investigation" and instead have "Wayne Jackson . . . just speak" to the persons involved, "no attempt to check surveillance," and "no evidence of follow up" (Slide 6);

- Tesla's investigation into the January 2016 incident involving Mr. Diaz and Mr. Martinez involved an "apology" by Mr. Martinez that was "not confirmed with Diaz," no investigation of the "history" of incidents between them, "fears" by Mr. Diaz of "retaliation and safety" that were "not investigated," and "no evidence of further follow up" (Slide 7);

- "Quintero doesn't know the policy applies to contractors" (Slide 8);

- "Supervisor Kawasaki said he did not receive training" (Slide 8);

- "HR Marconi was not trained about use of the N-word" (Slide 8);

- "Complaints of N-word have been substantiated in the Fremont plant" (Slide 8);

- "Tesla employees were not adequately trained on the policies" (Slide 9);

- "Tesla was not responding to known racial harassment" (Slide 9);

- "Investigations were not being conducted by trained/experienced investigators" (Slide 9); and

- "There was a lack of follow up so conduct continued" (Slide 9).

Accordingly, it appears that Plaintiff intends to have Oppenheimer provide a narrative of the facts of the case based on her review of discovery materials and her personal and incomplete views of the evidence, before many of the percipient witnesses with personal knowledge testify.

### III. ARGUMENT

An expert cannot serve as a conduit to feed the jury a factual narrative. *See, e.g.*, *Arista Networks, Inc. v. Cisco Sys. Inc.*, 2018 WL 8949299, at *3 (N.D. Cal. June 15, 2018) (excluding expert testimony as a mere conduit for evidence) (citing *United States v. Freeman*, 498 F.3d 893, 903

(9th Cir. 2007)); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 2553181, at *7 (S.D. Cal. May 20, 2020), *aff'd*, 9 F.4th 1102 (9th Cir. 2021) (excluding expert opinion that is "simply providing a narrative of [Plaintiff's] theory of the case"). Expert testimony that "simply rehashes otherwise admissible evidence about which the expert has no personal knowledge" is therefore inadmissible. *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005)). Moreover, an expert witness cannot supplant the role of the jury by offering "factual narratives and interpretations of conduct or views as to the motivation of parties." *Est. of Gonzales v. Hickman*, 2007 WL 3237727, at *3 (C.D. Cal. May 30, 2007) (citing *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004)). Oppenheimer's proposed testimony is improper to the extent it implicates these concerns, and her demonstrative slides are not "effective for determining the truth" and may not be shown to the jury. *See* Fed. R. Evid. 611(a).

### A. The Court Should Exclude Oppenheimer's Improper Testimony Regarding Disputed Factual Issues

Oppenheimer apparently intends to present a factual narrative of the entire case, from Tesla's response to "Timbreza making racist comments" (Slide 5), to "Martinez making racist threats in an elevator" (Slide 6), to "Martinez making a racist effigy" (Slide 7). But "expert testimony cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence," and accordingly, Plaintiff cannot use Oppenheimer for that purpose here. *Aya Healthcare Servs.*, 2020 WL 2553181, at *6 (citing *Johns v. Bayer Corp.*, No. 09-CV-1935, 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013) (excluding proffered expert testimony that "offer[ed] nothing more than a factual narrative of [ ] documents")).

Rather, the information presented in Oppenheimer's narrative, "to the extent it is admissible, is properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) (rejecting portions of expert testimony that was "a narrative reciting selective regulatory events"). The Court should exclude Oppenheimer's testimony and associated demonstrative slides that purport to present a factual narrative of this case to the jury.

### B. The Court Should Exclude Oppenheimer's Improper Demonstratives Slides

As indicated by her proposed slides, Oppenheimer intends to repeatedly propose factual findings on "lay matters which a jury is capable of understanding and deciding without the expert's help." *Aya Healthcare Servs.,* 2020 WL 2553181, at *6. Among other improper statements in her proposed slides, Oppenheimer claims that the "evidence [shows that] many [Tesla] employees and supervisors [were] not trained" (Slide 3), opines that Tesla "selectively investigated" complaints and "ignored" use of the N-word (Slide 3), and even claims that "Tesla was not responding to known racial harassment" (Slide 9). These statements present Oppenheimer's purported factual determinations regarding the disputed factual issues at the core of this trial.

Indeed, Oppenheimer's proposed demonstrative slides read more like a summation of the evidence than an expert opinion, and are thus outside the scope of appropriate expert testimony. *See Est. of Gonzales,* 2007 WL 3237727, at *3 n. 34 (citing *United States v. Frazier*, 387 F.3d 1244, 1262–63 (11th Cir. 2004) ("Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments")). Allowing Oppenheimer to rely on a veritable "cheat sheet" of misleading findings regarding disputed facts would be highly prejudicial to Tesla and contrary to law.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court preclude Oppenheimer's testimony and any associated demonstrative slides that allow her to improperly testify to a factual narrative in a manner that displaces the role of the jury.

| | |
|---|---|
| DATED: March 23, 2023 | By: */s/ Daniel C. Posner* |
| | Daniel C. Posner |
| | Mari Henderson |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 865 S. Figueroa St., 10th Floor |
| | Los Angeles, California 90017 |
| | Telephone: (213) 443-3000 |
| | |
| | Alex Spiro (appearance *pro hac vice*) |
| | alexspiro@quinnemanuel.com |
| | 51 Madison Ave., 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (213) 443-3100 |
| | |
| | Asher Griffin (appearance *pro hac vice*) |
| | ashergriffin@quinnemanuel.com |
| | 300 W. 6th St., Suite 2010 |
| | Austin, TX 78701 |
| | Telephone: (737) 667-6100 |
| | |
| | *Attorneys for Defendant Tesla, Inc.* |