QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART &SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>        Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT'S OBJECTION TO PLAINTIFF'S OPENING SLIDES 2-5**<br><br>Judge: Hon. William H. Orrick |

## INTRODUCTION

Tesla objects to Slides 2-5 in Plaintiff's proposed opening slide presentation, attached hereto as **Exhibit A**. These slides contain cherry-picked excerpts of certain limited portions of the Court's preliminary jury instructions. Allowing Plaintiff to use these slides in an opening presentation would be unduly argumentative and would confuse and mislead the jury as to the actual legal standards it will ultimately be required to apply. The Court should preclude Plaintiff from using these slides in his opening presentation.

## ARGUMENT

Slides 2-5 in Plaintiff's proposed demonstrative slides to use in his opening statement purport to list certain matters that have been "conclusively determined" in this case. The basis for these slides is the Court's Preliminary Jury Instructions (Dkt. 419). These slides are improper and should be stricken.

As a threshold matter, Tesla objects to Plaintiff's reference to preliminary jury instructions in his opening statement as being premature given that the instructions will not have been given to the jury as of that time and may be nonfinal in certain respects. Tesla further objects that references to the jury instructions is unduly argumentative for an opening statement that is limited to advising the jury regarding what the evidence at the trial may show. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 2009 WL 350643, at *1 (N.D. Cal. Feb. 2, 2008) ("An opening statement is limited to presenting a guide to the evidence that the parties reasonably believe will be admitted into evidence."); *see also Best v. D.C.*, 291 U.S. 411, 415 (1934) ("The opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and defense so that they may better be prepared to understand the evidence"). The only possible relevance of referencing jury instructions is to argue how the jury should apply the evidence to the law to make a finding, which is improper in an opening statement.

But even if Plaintiff were otherwise permitted to rely on preliminary jury instructions in an opening statement, the manner in which he has done so in Slides 2-5 is improper and misleading and will be confusing for the jury. For months now, the parties have been painstakingly meeting and conferring, and addressing with the Court, the highly specific language to use in the jury

instructions. The Court has considered the parties' briefing and extensive oral arguments and made rulings that have resulted in the current set of preliminary jury instructions. The instructions are intended to work together as a unit, and indeed, the jury will be required to consider and apply the instructions as whole. Despite this, Plaintiff has cherry picked small portions of certain instructions to present to the jury in Slides 2-5. By doing so, he has omitted key language and context from the instructions and presented a misleading picture regarding what the instructions will actually be.

For example, in stating his purported "entitlement" to compensatory and punitive damages, Plaintiff neglects to mention that he is only "entitled" to recover "any past or future noneconomic damages and any punitive damages that [the jury] may find based on the evidence at trial," and that as to both forms of damages, Plaintiff bears "the burden of proving the amount by a preponderance of the evidence. Dkt. 419 at Instruction Nos. 2, 10, 12. Likewise, in stating it has been determined that Tesla is liable for "[c]reating a hostile work environment based on race," Plaintiff omits to mention that a "single incident can be sufficiently severe or pervasive to constitute harassment." Dkt. 419 at Instruction No. 3.

Plaintiff's demonstratives further imply the entirety of the case has already been decided by listing what "has been conclusively determined," while leaving out the accompanying instructions explaining that the jury is here to "determine the amount of the damages award." Dkt. 419 at Instructions No. 2.

Plaintiff exacerbates the problem by implying he is presenting a complete and methodical view of the jury instructions. *See* Ex. A at 2-4. For example, Plaintiff lists two statements on his "Compensatory Damages" slide while omitting the cautionary statement immediately following the portion of the jury instructions he excerpts: "Your award must be based upon evidence and not upon speculation, guesswork, or conjecture." Dkt. 419 at Instructions No. 10. In these and other ways, Plaintiff's references to the law the jury must apply are materially incomplete and inaccurate.

Instructing the jury is exclusively the province of the Court. By excerpting certain language from preliminary instructions to present to the jury, Plaintiff is trying to usurp that

function.  *See BP Prod. N. Am., Inc. v. Grand Petroleum, Inc.*, 2021 WL 4482138, at *1 (N.D. Cal. Sept. 30, 2021) ("Lawyers may be hired to assist counsel of record with legal briefing, but legal opinions have no place in a jury trial and usurp the role of the judge and jury."). Additionally, the Court should be particularly careful with how the second jury is informed of determinations that carry over from the first trial because of the weight this information may carry with the second jury.  *See, e.g.*, *Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002) ("Juries are likely to give disproportionate weight to such findings of fact because of the imprimatur that has been stamped upon them by the judicial system.").  The Court should preclude Plaintiff from displaying his incomplete and misleading depiction of selected portions of certain preliminary jury instructions in his opening demonstratives, and exclude Slides 2-5.

## CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court preclude Plaintiff from showing Slides 2-5 during opening statements.

DATED:  March 24, 2023            By: */s/ Daniel C. Posner*
                                                    Daniel C. Posner
                                                    Mari Henderson
                                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                                    865 S. Figueroa St., 10th Floor
                                                    Los Angeles, California 90017
                                                    Telephone: (213) 443-3000

                                                    Alex Spiro (appearance *pro hac vice*)
                                                    alexspiro@quinnemanuel.com
                                                    51 Madison Ave., 22nd Floor
                                                    New York, NY 10010
                                                    Telephone: (212) 849-7000
                                                    Facsimile: (213) 443-3100

                                                    Asher Griffin (appearance *pro hac vice*)
                                                    ashergriffin@quinnemanuel.com
                                                    300 W. 6th St., Suite 2010
                                                    Austin, TX 78701
                                                    Telephone: (737) 667-6100

                                                    *Attorneys for Defendant Tesla, Inc.*