1
QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
2
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
3
New York, NY 10010
Telephone: (212) 849-7000
4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
5
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
6
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
7
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
8
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
9

 QUINN EMANUEL URQUHART
10
 &SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
11
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
12
Austin, TX 78701
Telephone: (737) 667-6100
13

*Attorneys for Defendant Tesla, Inc.*
14

15

16
**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
17

**SAN FRANCISCO DIVISION**
18

19

20
OWEN DIAZ,                                Case No. 3:17-cv-06748-WHO

              Plaintiff,                  **DEFENDANT TESLA, INC.'S**
21
                                          **EXCEPTIONS TO THE COURT'S**
        v.                                **PRELIMINARY JURY INSTRUCTIONS**
22

TESLA, INC. d/b/a TESLA MOTORS, INC.,
23
                                          Place: Courtroom 2, 17th Floor
              Defendant.                  Judge: Hon. William H. Orrick
24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT .......................................................................................................1

I.  LEGAL STANDARD AND STANDARD OF REVIEW ......................................................1

II.  TESLA OBJECTS TO PRELIMINARY INSTRUCTIONS NOS.  2, 9 AND 12
    FOR LEGAL ERROR AS TO THE AWARD OF PUNITIVE DAMAGES ......................2

    A.  Instructions 2, 9 & 12 Contradict The Court's *Gasoline Products* Ruling ...............2

    B.  Instructions 2, 9 & 12 Erroneously Prejudice The Punitive Damages
        Determination ........................................................................................................3

    C.  Instruction No. 9 Is Duplicative And Erroneously Prejudices The
        Compensatory Damages Determination .....................................................................4

    D.  Instruction No. 12 Improperly Instructs The Jury To Consider Harm To
        Others ......................................................................................................................6

III.  TESLA OBJECTS TO PRELIMINARY INSTRUCTIONS NOS. 10, 11 & 12 FOR
     FAILURE TO INCLUDE THE OPTION OF NOMINAL DAMAGES ..............................6

CONCLUSION .........................................................................................................................8

**PRELIMINARY STATEMENT**

Defendant Tesla Inc. recognizes and appreciates the significant time and thought that the Court has dedicated to crafting its Preliminary Jury Instructions through multiple rounds of briefing and after argument at the Pretrial Conference. The following exceptions are respectfully submitted pursuant to Federal Rules of Civil Procedure Rule 51(c) in an effort to remedy potential error, make an appropriate record, and to preserve issues for appeal if necessary.

**TESLA'S EXCEPTIONS TO THE COURT'S PRELIMINARY JURY INSTRUCTIONS**

**I.      LEGAL STANDARD AND STANDARD OF REVIEW**

Jury instructions "must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005). A party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence," *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009), and a trial court "commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence," *id.*; *see also Dang*, 422 F.3d at 810-11 ("Failure to give an instruction on a party's theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable") (internal quotation omitted).

Whether a jury instruction misstated the relevant law is subject to *de novo* review on appeal, *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011), requiring vacatur and remand for new trial "unless the error is more probably than not harmless," *Gantt v. City of L.A.*, 717 F.3d 702, 707 (9th Cir. 2013) (quotation omitted). While errors in formulation of an instruction are reviewed for abuse of discretion, any appeal will require the Ninth Circuit to "engage in de novo review when a party challenges a 'jury instruction as an incomplete, and therefore incorrect, statement of the law.'" *Hunter*, 652 F.3d at 1232 (*citing Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2010).

"Where a proposed instruction is supported by law and not adequately covered by other instructions, the court should give a non-misleading instruction that captures the substance of the proposed instruction." *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1017 (9th Cir. 2007) (emphasis omitted); *see United States v. Unruh*, 855 F.2d 1363, 1372 (9th Cir. 1987) ("[T]he failure

1  to give a requested instruction is reversible error if the defendant's theory of the case is supported
2  by law and has some foundation in the evidence.").

3      A district court need not give an instruction where it is "unnecessary."  *Helionetics, Inc. v.*
4  *Paige & Assocs., Corp.*, 100 F.3d 962 (9th Cir. 1996).

5  **II.**    **TESLA OBJECTS TO PRELIMINARY INSTRUCTIONS NOS. 2, 9 AND 12 FOR**
6      **LEGAL ERROR AS TO THE AWARD OF PUNITIVE DAMAGES**

7      Tesla objects and takes exception to Preliminary Instruction Nos. 2, 9 and 12, which
8  erroneously instruct that it has already been established that Tesla's conduct was malicious,
9  oppressive or reckless and that Mr. Diaz is entitled to punitive damages.  Dkt. 419 at 3, 10, 13.
10  Because the first jury determined liability only and it is the second jury's duty to determine damages,
11  it is legal error to instruct the second jury that the predicate for punitive damages was already
12  established at the first trial.  Mr. Diaz now bears the burden of proving by a preponderance of
13  evidence his entitlement to any compensatory damages and to any punitive damages, including both
14  the predicate for punitive damages and the amount of punitive damages, if any.  It is thus legal error
15  to instruct that the second jury must find some positive amount of punitive damages without
16  determining whether Tesla's conduct warranted any punitive damages at all.

17      Accordingly, Tesla respectfully renews and reincorporates herein its arguments on these
18  points set forth at Dkt. 389 at 3-4, 6-7, 37-38, 46-49; Dkt. 398 at 29-34; and Dkt. 408-1 at 3, 10, 13,
19  and objects to the Court's erroneous ruling (Dkt. 417 at 9-11) that the second jury will not be
20  permitted to determine whether Mr. Diaz has proved the predicate for punitive damages.

21      **A.**    **Instructions 2, 9 & 12 Contradict The Court's *Gasoline Products* Ruling**

22      The Court previously rejected (Dkt. 365) Tesla's argument that the new trial should
23  encompass both liability and damages, disagreeing with Tesla that the issues are so interwoven that
24  they should be decided by the same jury under *Gasoline Products Co. v. Champlin Refining Co.*,
25  283 U.S. 494 (1931); *see Zender v. Vlasic Foods, Inc.*, 91 F.3d 158, at *5 (9th Cir. 1996)
26  (unpublished); *United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 306 (9th Cir. 1961).  Tesla will not
27  revisit that ruling here but respectfully preserves for appeal its arguments that it was erroneous.

28

But accepting the Court's *Gasoline Product* ruling as governing for present purposes, it precludes the Court from giving Preliminary Instructions 2, 9 and 12.  The premise of that ruling was that the liability and damages issues in this case are completely separate.  And the Court said that was the case for punitive damages too.  As the Court stated:

> As outlined in the jury instructions, assessing punitive damages requires determining whether the conduct at issue was "malicious, oppressive or in reckless disregard of the plaintiff's rights."  That question is not so intertwined with liability so as to confuse the jury. ***Asking whether Tesla acted maliciously, oppressively, or recklessly is a fundamentally different question from whether the environment itself was hostile***, Tesla was a joint employer, there was a sufficient contractual relationship, Tesla failed to take *reasonable* steps to protect Diaz, or Tesla was *negligent* in supervising or continuing to employ Ramon Martinez.

Dkt. 365 at 13:8-19 (emphasis added).  Exactly so.  And thus, by the Court's own prior reasoning, the liability trial cannot have already determined that Tesla acted maliciously, oppressively, or recklessly so as to warrant an award of punitive damages.  The Court now reads that passage to say that "Tesla is free to argue **the extent to which** any conduct was malicious, oppressive, or in reckless disregard of Diaz's rights, *see id.* at 13:8-19" (Dkt. 417 at 11:5-7), but the Court was correct the first time in saying that the second jury would assess "***whether***" any conduct was malicious, oppressive or reckless.  Instructions 2, 9, and 12 erroneously foreclose the second jury from deciding that question.

**B.    Instructions 2, 9 & 12 Erroneously Prejudice The Punitive Damages Determination**

"[P]unitive damages . . . are never awarded as of right, no matter how egregious the defendant's conduct," and even "[i]f the plaintiff proves sufficiently serious misconduct on the defendant's part, the question whether to award punitive damages is left to the jury, which may or may not make such an award."  *Smith v. Wade*, 461 U.S. 30, 52 (1983). The proper course after a plaintiff's rejection of a court's remittitur of an unconstitutionally excessive punitive-damages award and the case proceeds to retrial is therefore to instruct the second jury on both the predicate and amount of punitive damages.  *See, e.g.*, *Synnott v. Burgermeister*, 2021 WL 6091755, at *1 (N.D. Ill. Dec. 23, 2021) ("After rejecting the remittitur of an earlier jury award of compensatory and punitive damages, . . . plaintiff . . . proceeded to a second trial limited to the question of

1    damages" under 42 U.S.C. § 1983); *id.* Dkt. 246 at 11 (instructing the second jury it "may assess

2    punitive damages against a defendant only if [it] find[s] that the defendant's conduct was malicious

3    or in reckless disregard of [plaintiff]'s rights" and "may, but [is] not required to, assess punitive

4    damages").  The second jury should be free to award no punitive damages, if it determines that is

5    what the evidence presented at the second trial supports.

6         C.    **Instruction No. 9 Is Duplicative And Erroneously Prejudices The
               Compensatory Damages Determination**

7

8         Tesla takes exception to Jury Instruction No. 9 in its entirety and objects to it being given at

9    all.  As discussed above, any instruction that "it has been established" that Mr. Diaz has proven the

10   predicate for punitive damages is erroneous and prejudicial.  Even if this were not the case,

11   Preliminary Instruction No. 9 should be stricken for the independent reason that it is unnecessary

12   and duplicative of Preliminary Instruction No. 12.  Preliminary Instruction No. 9 defines the terms

13   "malice," "oppression," and "reckless disregard," but the Court ***already*** provides those definitions

14   in Instruction No. 12.  The jury does not need to be given these definitions twice.  Doing so unduly

15   emphasizes the salience of the Court's determination that the punitive damages predicate has been

16   established and compounds the prejudice to Tesla.

17        Moreover, instructing the jury in Preliminary Instruction No. 9 that "***Liability***" for malicious,

18   oppressive, or reckless conduct "has been established" is misleading, confusing and highly

19   prejudicial.  The Court gave no such "liability" instruction in the first trial, instructing only in

20   Instruction No. 40 (Dkt. 280 at 41), the "Punitive Damages" instruction, that the jury could award

21   punitive damages only if it found the predicate of malicious, oppressive, or reckless conduct.

22   Telling the jury that "liability" has been found for punitive damages makes no sense, as punitive

23   damages is a damages issue, not a liability issue.  And Instruction No. 12, by stating that "It has

24   been established that Mr. Diaz is entitled to punitive damages" and then properly defining the

25   predicate for punitive damages, more than sufficiently accomplishes the Court's goal in issuing

26   Instruction No. 9, which is misleading, legally erroneous, confusing, unnecessary, and duplicative.

27        Additionally, the improper instruction that "***liability*** for malicious, oppressive, or reckless

28   conduct" "has been established" (Dkt. 19 at 10 (emphasis added, capitalization altered)), creates

1   unnecessary confusion and undue prejudice in the jury's calculation of compensatory damages. The

2   instruction that Tesla was found **liable** for "malicious, oppressive, or reckless conduct" will bolster

3   and unfairly skew the horizon for Mr. Diaz's compensatory damages claims. This is likely why—

4   to Tesla's knowledge—no court has ever instructed a jury that a plaintiff is entitled to punitive

5   damages **before** the amount of compensatory damages has been resolved. *See, e.g.*, *Saint-Jean v.*

6   *Emigrant Mortg. Co.*, 2019 WL 1220308, at *2 (E.D.N.Y. Mar. 15, 2019) (noting that the "preferred

7   method of accommodating the various interests is to delay trial as to the amount of an award of

8   punitive damages until the usual issues of liability and compensatory damages have been tried")

9   (quoting *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373-74 (2d Cir. 1988)) (in damages

10  retrial, severing plaintiffs' compensatory claim from their request for punitive damages "to avoid

11  prejudice to defendant"). But even if the Court keeps this approach by including Instruction Nos. 2

12  and 12, it should strike Instruction No. 9 to avoid compounding the prejudicial effect upon

13  compensatory damages.

14      This is especially so because in the first trial, although the jury found liability on all claims,

15  it made no findings as to which of the specific incidents of alleged harassment occurred. In fact, as

16  made clear by the Court's correct Preliminary Instruction No. 4, the first jury could have found a

17  severe and pervasive racially hostile environment based on a "single incident." Dkt. No. 419 at 4.

18  Thus, at the retrial, the jury must determine which of the alleged incidents of harassment occurred

19  and whether and to what extent they harmed Mr. Diaz. And Tesla, in turn, is permitted to introduce

20  evidence showing that the various alleged incidents did not in fact occur, did not occur in the manner

21  in which Mr. Diaz contends they did, and/or did not cause Mr. Diaz harm. But Tesla's ability to

22  mount this defense will be improperly prejudiced by the instruction that Tesla's **liability** for

23  "malicious, oppressive or in reckless disregard of Mr. Diaz's rights" has already been established.

24  Dkt. No. 419 at 10. Such an instruction creates the risk that a jury instructed that Tesla has already

25  been found to have caused "unnecessar[ily] sever[e]" harm to Mr. Diaz would conclude that it must

26  find that Mr. Diaz's purported injuries were severe—and accordingly render a significant

27  compensatory damages award—even if it otherwise finds that Mr. Diaz failed to prove more than

28  minimal emotional distress by a preponderance of the evidence.

1

2

### D.   Instruction No. 12 Improperly Instructs The Jury To Consider Harm To Others

3

4   Additionally, Tesla takes exception to Preliminary Jury Instruction No. 12 on the ground

5   that it improperly instructs the jury that harm to others is relevant to its determination of the amount

6   of punitive damages.  By inviting the jury, in considering the degree of reprehensibility, to consider

7   whether Tesla "caused actual harm or posed a substantial risk of harm to **people who are not parties**

8   **to this case**" (Dkt. No. 419 at 13), Instruction No. 12 is legally erroneous.  The Supreme Court has

9   made clear that "[d]ue process does not permit courts, in the calculation of punitive damages, to

10   adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the

11   reprehensibility analysis."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003).

12   These non-parties "are, essentially, strangers to the litigation," *Philip Morris USA v. Williams*, 549

13   U.S. 346, 353 (2007), and allowing a jury to award punitive damages for such stranger harms would

14   be unconstitutionally "standardless," *id.* at 354.  Here the Court is inviting the jury to calculate a

15   punitive damages award based directly on the harm suffered by these unidentified "strangers to the

16   litigation" by expressly instructing the jury to take their injuries into account when "considering the

17   amount of punitive damages."  Dkt. No. 419 at 13.

18   The Court's follow-on language that the jury "may not, however, set the amount of any

19   punitive damages in order to punish Tesla for harm to anyone other than the plaintiff in this case"

20   does not cure this defect.  This is an accurate statement of the law that is rendered meaningless, or

21   at the very least highly confusing, by the improper instruction before it.  The jury is being told in

22   back-to-back sentences that it should weigh the harm to others in determining the amount of punitive

23   damages but should not set the amount based on the harm to others.  The only way to cure this

24   confusion and remedy potential error is to omit any reference to the harm to others from Instruction

25   No. 12 altogether.

### III.   TESLA OBJECTS TO PRELIMINARY INSTRUCTIONS NOS. 10, 11 & 12 FOR FAILURE TO INCLUDE THE OPTION OF NOMINAL DAMAGES

26

27   Tesla takes exception to Preliminary Instructions Nos. 10 and 11 on the grounds that the

28   Court improperly excludes an instruction that the jury may award nominal damages.  This omission

1   makes these instructions "incomplete, and therefore incorrect, statement[s] of the law." *See Hunter*,

2   652 F.3d at 1232.  Even on retrial, plaintiff bears the burden to prove his entitlement to compensatory

3   damages by a preponderance of the evidence.  *See, e.g.*, Ninth Circuit Model Civil Jury Instruction

4   5.1 (recognizing preponderance of the evidence standard for proving damages); *Vazquez v. Caesar's*

5   *Paradise Stream Resort*, 2013 WL 6244568, at \*7-8 (M.D. Pa. Dec. 3, 2013) ("[Plaintiff] had the

6   burden of proving these damages by a preponderance of the evidence … to recover compensatory

7   damages under § 1981"); *Irish v. Jewel Food Stores, Inc.*, 2012 WL 619555, at \*7-9 (N.D. Ill. Feb.

8   23, 2012) ("Plaintiff … must prove his damages by a preponderance of the evidence" for § 1981

9   hostile work environment claim).

10          Accordingly, the second jury is entitled to award Mr. Diaz nominal damages if Mr. Diaz

11   fails to prove compensatory damages by a preponderance of the evidence and should be so

12   instructed.  *See, e.g.*, *Guy v. City of San Diego*, 608 F.3d 582, 588 (9th Cir. 2010) (affirming denial

13   of new trial on damages where jury awarded nominal damages despite finding that defendant used

14   excessive force and that plaintiff was injured, because jury was free to find that injury resulted from

15   other than the defendant's excessive use of force); *Bains LLC v. Arco Prod. Co., Div. of Atl.*

16   *Richfield Co.*, 405 F.3d 764, 772 (9th Cir. 2005) ("An award of nominal damages does not mean

17   that there were not actual economic damages, just that the exact amount of damages attributable to

18   the improper conduct was not proven.  The court instructed the jury to award nominal damages if it

19   found that ARCO had harmed Flying B in violation of § 1981, but that Flying B failed to prove

20   damages as defined in these instructions.   And that is exactly what the jury did."); *Brocade*

21   *Communications Systems, Inc. v. A10 Networks, Inc.*, 2013 WL 831528, at \*23 (N.D. Cal. Jan 10,

22   2013) ("Although small in amount, a nominal damages award still reflects the jury's finding that all

23   of the elements of the claim have been met to establish liability.").

24          Additionally, Tesla objects to Instruction No. 12 on the ground that it fails to include an

25   instruction that the jury may award nominal punitive damages in this case.  It is well-established

26   that, even where punitive damages are allowed and even in civil rights cases, nominal punitive

27   damages are a permissible option for a jury.  *See Schwenk v. Kavanaugh*, 4 F. Supp. 2d 116, 118

28   (N.D.N.Y. 1998) (awarding $1 in punitive damages because "[a]ny additional monetary award

1    would be superfluous and would not provide any additional punishment or deterrence"); *see also*

2    *Martinez-Velez v. Rey-Hernandez*, 506 F.3d 32, 38 (1st Cir. 2007) (nominal punitive damages

3    awarded in section 1983 discrimination claims); *Jones v. Lockhart*, 29 F.3d 422, 423 (8th Cir. 1994)

4    ($1 in punitive damages awarded for Eighth Amendment deliberate indifference claim).  The Court

5    should have included the nominal damages option in Instruction No. 12.

6                                              **CONCLUSION**

7            For the foregoing reasons, the Tesla respectfully requests that the Court remedy the above-

8    identified issues and errors in the Preliminary Jury Instructions by making the following changes to

9    the Preliminary Jury Instructions set forth in Dkt. 419:

10           Instruction No. 2:  Strike the sentence "Because of these determinations of Tesla's liability,

11   Mr. Diaz is entitled to recover from Tesla his past and future non-economic damages and punitive

12   damages."

13           Instruction No. 9:  Strike in its entirety.

14           Instruction No. 10:  Add a provision for nominal damages.

15           Instruction No. 11:  Add a provision for nominal damages.

16           Instruction No. 12:  Strike the sentence "It has been established that Mr. Diaz is entitled to

17   punitive damages."  Strike the phrase "including whether the conduct that harmed Mr. Diaz was

18   particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to

19   people who are not parties to this case."  Add a provision for nominal damages.

20

21

22

23

24

25

26

27

28

| 1 | DATED:  March 24, 2023 | By: */s/ Daniel C. Posner* |

Daniel C. Posner
Mari Henderson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000

Alex Spiro (appearance *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (213) 443-3100

Asher Griffin (appearance *pro hac vice*)
ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

TESLA'S EXCEPTIONS TO THE COURT'S PRELIMINARY JURY INSTRUCTIONS