LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:     (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:     (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:     (415) 421-7151
Facsimile:     (415) 362-8064

DUSTIN COLLIER (SBN 264766)
dcollier@collierlawsf.com
V. JOSHUA SOCKS (SBN 303443)
jsocks@collierlawsf.com
ELIZABETH R. MALAY (SBN 336745)
emalay@collierlawsf.co
DREW F. TETI (SBN 262641)
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd., Suite 100
Corte Madera, CA 94925
Telephone:     (415) 767-0047
Facsimile:     (415) 767-0087

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S RESPONSE TO TESLA'S OBJECTIONS TO PLAINTIFF'S ANTICIPATED TESTIMONY OF AMY OPPENHEIMER AND ACCOMPANYING DEMONSTRATIVE SLIDES** |

1          For the second time, Defendant Tesla seeks to exclude essential testimony from Plaintiff's Human Resources expert, Amy Oppenheimer. Defendant already filed a *timely* motion in limine seeking to exclude Ms. Oppenheimer's testimony, which the Court already denied, reasoning as follows:

> "Tesla's argument is unpersuasive—it says Oppenheimer testified about industry standards and how Tesla's investigation did not meet those standards, but somehow that testimony is unrelated to the extent of harm suffered and so unrelated to damages. I disagree. The extent to which Tesla failed to abide by industry standards is relevant to the harm suffered. Oppenheimer may testify.

*See* Dkt. No. 417, pp. 2:28-3:4.)

Defendant now files a second, eleventh hour motion in limine seeking to exclude Ms. Oppenheimer's testimony, largely renewing arguments the Court has already roundly rejected. Although Defendant claims this second motion is merely a response to Ms. Oppenheimer's demonstrative slides, in reality Defendant targets the substance of her testimony – which has been fully known to Tesla for two years.

The Court should not countenance this attempt to subvert its pre-trial rulings, including the requirement to file all such motions in limine in a timely manner and with ample time for Plaintiff to research and file an appropriate opposition. More generally, the Court should brace itself for this bad faith tactic, as Plaintiff anticipates many more "midnight" motions seeking to relitigate issues this Court has already decided.

Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert opinion testimony is reliable if it has a "basis in the knowledge and experience of [the relevant] discipline." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). "Knowledge" requires more than a subjective belief or an unsupported speculation; it requires an appropriate level of validation. *See id.* at 593, 113 S.Ct. 2786. As the Ninth Circuit has explained:

Under *Daubert* and its progeny, including *Daubert* II, a district court has flexibility in deciding whether expert testimony is admissible. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). In evaluating proffered expert testimony, the trial court is "a gatekeeper, not a fact finder." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation and quotation marks omitted).

"[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* at 564 (quoting *Daubert*, 509 U.S. at 597,). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and internal quotation marks omitted).
"Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, **not exclusion**." *Id.* at 564 (citation omitted, emphasis added). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car*, 738 F.3d at 969. Simply put, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* at 969-70.

While the district court is required to act as a gatekeeper to exclude unreliable and irrelevant expert testimony, "rejection of expert testimony is the exception rather than the rule." *Puga v. RCX Solutions, Inc.* (5th Cir. 2019) 922 F3d 285, 294 (citing Fed. R. Evid. 702 advisory committee's notes (2000)). The fact an expert's testimony may be tentative or even speculative does not mean it must be excluded; the evidence may be admitted so long as opposing counsel has an opportunity to attack the expert's credibility. *Newell Puerto Rico, Ltd. v. Rubbermaid Inc.* (1st Cir. 1994) 20 F3d 15, 22-23.

Expert testimony need only be *relevant* to evaluating a factual matter in the case. It need not relate directly to the ultimate issue to be resolved by the trier of fact. *Smith v. Ford Motor Co.* (7th Cir. 2000) 215 F3d 713, 720; *Walker v. Soo Line R.R. Co.*, supra, 208 F3d at 590.

A witness may qualify as an expert based on knowledge, skill, training, experience or education in the field in question. Fed. R. Evid. 702; *Primiano v. Cook* (9th Cir. 2010) 598 F3d 558, 563 (plaintiff's expert, a board-certified orthopedic surgeon and medical school professor, was qualified to give opinion on elbow replacements); *Klingenberg v. Vulcan Ladder USA, LLC* (8th Cir. 2019) 936 F3d 824, 828-829 (licensed professional engineer qualified to give expert opinion about ladders based on education, license and experience); *Champion v. Outlook*

*Nashville, Inc.* (6th Cir. 2004) 380 F3d 893, 908-909 (civil rights action alleging that police officers used excessive force, an experienced criminologist was permitted to offer expert testimony that the officers violated nationally recognized police standards governing excessive force); *McKenzie v. Benton* (10th Cir. 2004) 388 F3d 1342, 1350-1353 (an ADA action, a psychologist, experienced in law enforcement qualification standards, and a police supervisor were permitted to offer expert testimony as to whether it was reasonable for defendant sheriff to refuse to rehire plaintiff based on her past behavior); *Yu v. Idaho State Univ.* (9th Cir. 2021) 15 F4th 1236, 1239, 1242-1245 (Title VI action for intentional discrimination, plaintiff's expert testified that plaintiff was a victim of "aversive racism," a theory of prejudice that was compared to "unconscious" or "implicit" bias. The district court admitted the testimony, concluding that the witness was qualified on the subject. After a bench trial, the court gave only limited weight to the testimony and found that defendant did not intentionally discriminate against plaintiff).

Thus, the expert may testify as to the standard of care based on the expert's own experience. Fed. R. Evid. 702. The expert need not base the opinion on the experience of other professionals. *First Union Nat'l Bank v. Benham* (8th Cir. 2005) 423 F3d 855, 862 (district court erroneously excluded expert testimony because it was based on attorney's own experience rather than experience of other lawyers). Expert opinion is admissible on the standard of care even if, by itself, it is not sufficient to support the party's entire case. *Walsh v. Chez* (7th Cir. 2009) 583 F3d 990, 994.

"An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they *need not be admissible* for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.

Thus, Rule 703 requires the trial judge to answer two questions:

➢ whether the facts are of a type reasonably relied on by experts in the particular field; and

> ➢ whether the probative value of the underlying data substantially outweighs its prejudicial effect.

*Turner v. Burlington Northern Santa Fe R.R. Co.* (9th Cir. 2003) 338 F3d 1058, 1061.

Here, the evidence and opinions at issue were already presented to the first jury, and this Court has made clear that the evidence presented to the first jury is admissible once again in this second phase on damages. Moreover, the Court has already deemed Oppenheimer's testimony regarding the ways in which Tesla failed to meet the standard of care relevant to the jury's damages analysis. This ends the inquiry.

To be sure, "the expert may be required to disclose those facts or data on cross-examination." Fed. R. Evid. 705. And, to the extent any facts are relayed by the expert on direct or cross that have not already come into evidence or do not otherwise qualify for admission, the appropriate remedy is a limiting instruction stating that it may only be considered for the limited purpose of attacking or explaining the basis of the expert's opinion. See *United States v. 0.59 Acres of Land* (9th Cir. 1997) 109 F3d 1493, 1496-1497.

An expert witness may also state an opinion grounded on facts assumed, but not known, to be true. Naturally, the party who called the expert must "introduce other evidence establishing the facts assumed by the expert," and Plaintiff intends to do precisely that. *Williams v. Illinois* (2012) 567 US 50, 57, 132 S.Ct. 2221, 2228. "While it was once the practice for an expert who based an opinion on assumed facts to testify in the form of an answer to a hypothetical question, modern practice does not demand this formality and, in appropriate cases, permits an expert to explain the facts on which his or her opinion is based without testifying to the truth of those facts." *Williams v. Illinois*, supra, 567 US at 57, 132 S.Ct. at 2228 (citing Fed. R. Evid. 703).

As this Court well knows every fact relied upon by Oppenheimer was already admitted in the first phase, and will be "deemed admitted" once again in the second phase. Thus, there can be no doubt that all testimony from Oppenheimer based on those facts – including her opinions about Tesla's failure to meet the appropriate standard of care in light of those facts – is likewise admissible.

Applying these standards to the case at bar, it is apparent that Defendant Tesla's motion should be denied in its entirety.

Dated:   March 24, 2023

**CALIFORNIA CIVIL RIGHTS LAW GROUP**
**ALEXANDER MORRISON + FEHR LLP**
**ALTSHULER BERZON LLP**
**COLLIER LAW FIRM, LLP**

/s/ Lawrence A. Organ
Lawrence A. Organ
Cimone A. Nunley
J. Bernard Alexander III
Michael Rubin
Jonathan Rosenthal
Dustin Collier
Attorneys for Plaintiff
OWEN DIAZ