| | |
|---|---|
| LAWRENCE A. ORGAN (SBN 175503) | MICHAEL RUBIN (SBN 80618) |
| larry@civilrightsca.com | mrubin@altber.com |
| MARQUI HOOD (SBN 214718) | JONATHAN ROSENTHAL (SBN 329638) |
| marqui@civilrightsca.com | jrosenthal@altber.com |
| CIMONE A. NUNLEY (SBN 326915) | **ALTSHULER BERZON LLP** |
| cimone@civilrightsca.com | 177 Post Street, Suite 300 |
| **CALIFORNIA CIVIL RIGHTS LAW GROUP** | San Francisco, California 94108 |
| | Telephone:    (415) 421-7151 |
| 332 San Anselmo Avenue | Facsimile:    (415) 362-8064 |
| San Anselmo, California 94960 | |
| Telephone:    (415)-453-7352 | DUSTIN COLLIER (SBN 264766) |
| Facsimile:    (415)-785-7352 | dcollier@collierlawsf.com |
| | V. JOSHUA SOCKS (SBN 303443) |
| J. BERNARD ALEXANDER (SBN 128307) | jsocks@collierlawsf.com |
| **ALEXANDER MORRISON + FEHR LLP** | ELIZABETH R. MALAY (SBN 336745) |
| 1900 Avenue of the Stars, Suite 900 | emalay@collierlawsf.co |
| Los Angeles, California 90067 | DREW F. TETI (SBN 262641) |
| Telephone:    (310) 394-0888 | **COLLIER LAW FIRM, LLP** |
| Facsimile:    (310) 394-0811 | 240 Tamal Vista Blvd., Suite 100 |
| | Corte Madera, CA 94925 |
| | Telephone:    (415) 767-0047 |
| | Facsimile:    (415) 767-0087 |

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 3:17-cv-06748-WHO <br><br> **PLAINTIFF'S RESPONSE TO TESLA'S EXCEPTIONS TO COURT'S PRELIMINARY JURY INSTRUCTIONS** |

The Court issued its Preliminary Jury Instructions on March 16, eight days ago. Near midnight last night, without meeting and conferring and on the eve of trial, Tesla filed its "Exceptions to the Court's Preliminary Jury Instructions." Dkt. 425. This filing is tardy, meritless, redundant, and vexatious.

There is no basis for Tesla's new filing. Tesla's filing raises precisely the same arguments it raised previously in its briefs*, see., e.g.,* Dkt. 389, and at the Pretrial Conference. The Court already thoroughly considered and rejected these arguments, including in its "Order on Motions In Limine, Michael Wheeler Testimony, and Punitive Damages," Dkt. 417. Accordingly, Plaintiff will not waste the Court's time by again rebutting Tesla's arguments on their merits, since the Court has already done so, and since the Court's analysis was both thorough and correct.

Given that Tesla's filing provides no basis for this Court to reconsider its earlier rulings, it appears that Tesla's motion is intended to further one or more of three alternative strategies—none of which is proper.

*First*, the Court expressly found that it had *already* ruled that Tesla was judicially estopped from seeking a retrial on liability, including liability for punitive damages, and that Tesla continued to be judicially estopped from making that argument. Dkt. 417 at 9-10. Tellingly, Tesla's new filing completely ignores this aspect of the Court's prior rulings, an adequate, independent ground for the Court's rejection of Tesla's arguments. Tesla now asserts that it is seeking to "make an appropriate record, and to preserve issues for appeal if necessary." Tesla Obj. at 1. But the time has long passed for Tesla to assert new objections or to propose new instructions (other than in response to specific, unanticipated events at trial), and Tesla cannot avoid the Court's prior judicial-estoppel rulings by renewing the same objections and arguments that the Court has previously rejected and ruled that Tesla was already estopped from pursuing.

*Second*, in several instances, Tesla's purported effort to "make an appropriate record, and to preserve issues for appeal if necessary" impermissibly rests upon a completely reversal of Tesla's prior position on the same issue. For example, Tesla now "objects" that the Court has not included an instruction for nominal punitive damages, which Tesla claims (falsely) is "well

established." Tesla Obj. at 7. But when Tesla submitted its initial draft Proposed Jury Instructions to the Court, *Tesla*'s proposed instructions did not include *any* request for a nominal punitive damages instruction. *See* Dkt. 374-2 at 3. While Tesla later reversed course and argued (unsuccessfully) that a nominal punitive damages instruction was proper, Tesla's filing here seems intended in part to cover up its prior contradictory position.

*Third*, given that Tesla filed numerous meritless "objections" on the eve of trial, it appears that Tesla's three midnight motions are simply abusive litigation tactics, designed to disrupt Plaintiff's final trial preparation activities in the little time remaining before trial. The Court, like Plaintiffs, has better things to do with its time than spend the last day before trial revisiting issues that are now well-settled, after having been extensively briefed and comprehensively argued in previous weeks.

For these reasons and those already stated by the Court, the objections should be overruled.

Dated:   March 24, 2023              **CALIFORNIA CIVIL RIGHTS LAW GROUP**
                                     **ALEXANDER MORRISON + FEHR LLP**
                                     **ALTSHULER BERZON LLP**
                                     **COLLIER LAW FIRM, LLP**

                                          /s/ Lawrence A. Organ
                                         Lawrence A. Organ
                                         Cimone A. Nunley
                                         J. Bernard Alexander III
                                         Michael Rubin
                                         Jonathan Rosenthal
                                         Dustin Collier
                                         Attorneys for Plaintiff
                                         OWEN DIAZ