# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DEMETRIC DI-AZ, OWEN DIAZ, and
LAMAR PATTERSON,

        Plaintiff,

vs.

TESLA, INC. dba TESLA MOTORS, INC.;
CITISTAFF SOLUTIONS, INC.; WEST
VALLEY STAFFING GROUP;
CHARTWELL STAFFING SERVICES,
INC.; and DOES 1-50, inclusive,

        Defendants.

Case No.: 3:17-cv-06748-WHO

REPORT OF AMY OPPENHEIMER

Date: October 23, 2019
Time: 2:00 p.m.
Courtroom: 2, 17th Floor
Judge: Hon. William H. Orrick
Trial Date: March 2, 2020
Complaint filed: October 16, 2017

## I.    Background

    1.    I have been retained on behalf of the plaintiffs to render an opinion of the defendants' actions in response to complaints of workplace discrimination, harassment, threats of violence and retaliation, including what is considered typical and acceptable human resource practice in regard to responding to and investigating such complaints.

    2.    I have been informed that discovery is continuing on this case and that recently depositions were taken of Jackelin Delgado and Tom Kawasaki during which there was testimony relevant to my opinions but that transcripts are not yet available from these depositions. Further, the deposition of Veronica Martinez has not yet taken place and she might have testimony relevant to my opinions as may others who have not been deposed. Thus, this report is preliminary and may be augmented or revised after discovery has closed in the case.

    3.    I have been an attorney since 1980. For eight years, from 1984 to 1992, I specialized in sexual harassment and discrimination in employment, representing plaintiffs.

From 1986 to 1990, I investigated EEO complaints for federal government agencies. In 1991, I began training employers, human resource professionals and employees in preventing and responding to workplace harassment, discrimination, retaliation and whistleblower complaints, and in conducting workplace investigations. I have provided such trainings continuously since that time. Since 1996, I have served as an impartial investigator of complaints of harassment, discrimination, retaliation, and other forms of alleged misconduct at work, as well as whistleblower complaints. I have provided this service for both the public and private sectors and have conducted hundreds of impartial investigations in the workplace. These investigations have included police and fire investigations. I currently have a law office focused on conducting such investigations and supervise other attorneys who work for me and conduct workplace investigations.

4.      I co-authored a book about investigating workplace harassment, entitled: *Investigating Workplace Harassment: How to be Fair, Thorough and Legal*, published in 2002 by the Society for Human Resource Management. In 2009 I founded a professional organization for workplace investigators: California Association of Workplace Investigators (CAOWI), now titled Association of Workplace Investigators (AWI). I served as president of the board of directors of that organization from 2009 through November, 2012 and served on the board until 2015. AWI now has over 800 members throughout the United States, Canada, New Zealand and Australia.

5.      I was part of a committee at AWI that researched and wrote "Guiding Principles" for workplace investigators that have assisted in establishing acceptable practices for investigating workplace harassment.

6.      I am the past chair of AWI's Workplace Investigator's Institute, a rigorous week-long course for workplace investigators that has been offered multiple times per year since 2012. I contributed to formulating the curriculum for the Institute and I have been faculty for an institute every year since its inception.

7.      In 2016, I was appointed to a California Department of Fair Employment Taskforce to study and act on the prevention of workplace harassment. As a member of the

taskforce, I helped develop and write a Workplace Harassment Guide for California Employers that was published by DFEH in May 2017.

8.      I was a committee member for the ANSI/ASIS Investigations Standard, which established international standards for workplace investigations and was published in 2015. The American National Standards Institute ("ANSI") facilitates the development of American National Standards (ANS) by accrediting the procedures of standards developing organizations (SDOs), such as AWI. These groups work cooperatively to develop voluntary national consensus standards. Accreditation by ANSI signifies that the procedures used by the standards body in connection with the development of American National Standards meet the Institute's essential requirements for openness, balance, consensus, and due process.

9.      In 2017 I worked on an AWI committee to obtain an ANSI certificate for the workplace investigations institute run by AWI. We were successful and now AWI institute attendees take a test and, if they pass, hold the AWI-CH certificate. I was part of a small committee that developed the test and testing process for this certificate.

10.      I was on the Executive Committee of the Labor and Employment Section of the State Bar of California for more than ten years. In 2015/2016, I was the Chair of the Section.

11.      I have testified as an expert witness more than sixty times at depositions, in both state and federal court cases and in several different states. On more than sixteen occasions I have been qualified as an expert at trial, administrative hearing or arbitration, on human resource policy and practice relating to preventing and responding to workplace harassment, discrimination, retaliation and misconduct, and on human resource practice relating to workplace investigations, including investigations of complaints regarding whistleblowing.

12.      My CV, rate sheet and list of cases in which I have testified are attached.

13.      There are well-developed standards in the human resource field relating to practices in preventing and responding to workplace complaints of harassment, discrimination and retaliation and in particular how to investigate a complaint. These standards include a timely, fair and thorough investigation conducted by an unbiased investigator that comes to a reasoned and fair decision. Based on a review of the defendants' actions subsequent to notice

of potential discriminatory harassment, discrimination and retaliation, I am prepared to testify regarding the standards of care and the defendants' failure to meet those standards.

**II.      Materials Reviewed**

I have reviewed the following materials in forming my opinion:

1.   Amended Complaint for Damages

2.   Defendant Citistaff Solutions, Inc.'s Notice of Motion and Motion for Summary Judgement or, in the Alternative Motion for Summary Adjudication of Issues; Memorandum Points and Authorities in Support Thereof

3.   Plaintiffs' Opposition to Defendant Citistaff Solutions, Inc.'s Notice of Motion and Motion for Summary Judgement or, in the Alternative Motion for Summary Adjudication of Issues

4.   Summary of Owen Diaz deposition.

5.   Summary of Demetric Di-az deposition.

6.   Summary of Lamar Patterson deposition.

7.   Summary of Kevin McGinn (nextSource PMK) deposition.

8.   Summary of Annalisa Heisen (Tesla PMK) deposition.

9.   Summary of Ludivina Ledesma (Citistaff PMK) deposition.

10.  Summary of Michael Wheeler deposition.

11.  Summary of Monica DeLeon deposition.

12.  Summary of Titus McCaleb deposition.

13.  Summary of Edward Romero deposition.

14.  Summary of Victor Quintero deposition.

15.  Summary of Wayne Jackson deposition.

16.  Summary of Lamar Patterson deposition.

17.  Exhibit 3, pages WV000137 – WV000138

18.  Exhibit 31, page TESLA-0000249

19.  Exhibit 32, page TESLA-0000220

20.  Exhibit 33, pages TESLA-00002, TESLA-0000218 – TESLA-0000219

21. Exhibit 34, page ODIAZ000003

22. Exhibit 35, pages TESLA-0000140 – TESLA-0000142

23. Exhibit 37, pages TESLA-0000035 – TESLA-0000037

24. Exhibit 38, pages TESLA-0000020, TESLA-000002, TESLA-0000022-
    TESLA0000024

25. Exhibit 39 (Quintero), pages TESLA-(unreadable) – TESLA-(unreadable)

26. Exhibit 40, email pages 1 – 3

27. Exhibit 42, page TESLA-0000510

28. Exhibit 43, page TESLA-0000511

29. Exhibit 44, page TESLA-0000512

30. Exhibit 45, page TESLA-0000513

31. Exhibit 45, page TESLA-0000513

32. Exhibit 46, page TESLA-0000518

33. Exhibit 55, page unreadable (emails dated 10/17/15 – 10/19/15 re: Owen)

34. Exhibit 56, pages TESLA-0000135 – TESLA-0000136

35. Exhibit 57, page TESLA-0000134

36. Exhibit 65, pages TESLA-0000127 – TESLA-0000128

37. Exhibit 74, pages CITISTAFF-0000004 – CITISTAFF-0000005

38. Exhibit 80, pages TESLA-0000211 – TESLA-0000214

39. Exhibit 81, pages TESLA-0000215 – TESLA-0000216

40. Exhibit 82, pages CITISTAFF-0000060 – CITISTAFF-0000104

41. Exhibit 83, pages TESLA-0000723 – TESLA-0000737

42. Exhibit 89, pages unnumbered (emails dated 1/25/16 re: NextSource Ramon
    Martinez Update)

43. Exhibit 106, pages WV000204 – WV000205

44. Exhibit 108, pages WV000309 – WV000321

45. Exhibit 109, pages WV000322 – WV000332

46. Exhibit 116, pages TESLA-0000471 – TESLA-0000481

1    47. Exhibit 118, pages TESLA-0000217 – TESLA-0000219

2    48. Exhibit 123, pages TESLA-0000629 – TESLA0000630

3    49. Exhibit 124, pages TESLA-0000635 – TESLA0000636

4    50. Exhibit 125, page TESLA-0000644

5    51. Exhibit 126, pages TESLA-0000133 – TESLA-0000136

6    52. Exhibit 127, pages TESLA-0000644 – TESLA-000067

7    53. Exhibit 128, pages TESLA-0000020 – TESLA-0000024

8    54. Exhibit 129, pages TESLA-0000009 – TESLA0000012

9    55. Exhibit 130, pages TESLA-0000004 – TESLA0000008

10   56. Exhibit 132, pages TESLA-0000730 – TESLA0000737

11   57. Exhibit 133, pages TESLA-0000738 – TESLA0000739

12   58. Exhibit 148, pages TESLA-0000844 – TESLA0000849

13   59. Exhibit 150, pages TESLA-0000842 – TESLA0000843

14   60. Exhibit 153, pages TESLA-0000863 – TESLA0000878

15   61. Exhibit 157, pages TESLA-0000243 – TESLA0000247

16   62. Exhibit 160, pages TESLA-0000825 – TESLA0000841

17   63. Exhibit 161, pages TESLA-0000852 – TESLA0000862

18   64. Exhibit 162, pages TESLA-0000816 – TESLA0000818

19   65. Exhibit 184, pages NS000038 – NS000045

20   **III.    Opinions**

21          After the passage of the 1964 Civil Rights Act (Title VII), enforcement agencies, such as

22   the U.S. Equal Employment Opportunity Commission (EEOC) and the California Department

23   of Fair Employment and Housing (DFEH), developed protocols for investigating different types

24   of discrimination and for retaliation for bringing workplace complaints. Employers facing

25   complaints of discrimination then followed suit. In the 1980s, the Federal Government

26   conducted large-scale studies of sexual harassment, finding that such harassment was

27

28

prevalent.[1] The studies also showed that most harassment was not reported, in large part due to fears of retaliation.

This led to a focus on prevention of harassment and discrimination, with the employer being held responsible for enacting policies, training its workforce, investigating complaints, taking appropriate disciplinary action when it found there was discrimination or harassment and ensuring that those who complained about discrimination and harassment were not subject to retaliation. In fact, over time (and certainly before the facts that give rise to this case came about) statutes and regulations relating to discrimination and harassment came to include affirmative duties to prevent harassment, discrimination and retaliation from occurring.

Then, in 1998, the U.S. Supreme Court decided the twin cases of *Burlington Industries, Inc. v. Ellerth*[2] and *Faragher v. City of Boca Raton*[3] that established an affirmative defense for charges of discriminatory harassment when the employer had enacted reasonable polices and had responded appropriately to a complaint. These cases set forth some of the things employers could and should do to prevent and respond to harassment, and provided a benefit (protection from liability) for employers who did so.

In the same year, two California cases determined that an employer's good faith and fair investigation of a harassment complaint gave rise to a qualified immunity from liability for wrongful termination when the respondent was terminated as a result of findings in the investigation.[4] These cases also contributed to increased awareness in the employer community of what constituted a proper investigation of employee complaints.

As a result of *Faragher* and *Ellerth,* the EEOC established guidance for employers on preventing and responding to unlawful harassment.[5] These guidelines covered how employers should go about conducting investigations. At the same time, employers, business organizations

---

[1] Sexual Harassment in the Federal Workplace: Is it a Problem" A report of the U.S. Merit Systems Protection Board, Office of Merit Systems Review and Studies, Washington D.C., 1981 (updated 1988 and 1995).
[2] 118 S. Ct. 2257 (1998)
[3] 118 S. Ct. 2275 (1998)
[4] *Cotran v. Rollins Hudig Hall Intl.,* Inc., 17 Cal. 4th 93 (1998*); Silva v. Lucky Stores, Inc.,* 65 Cal App. 4th 256 (1998).
[5] EEOC Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors. EEOC Notice Number 915.002, 6/18/99.

and attorneys advising employers became engaged in training human resource professionals on how to properly investigate a charge of discrimination and harassment. Handbooks were published covering this material, including *Investigating Workplace Harassment: How to be Fair, Thorough and Legal*, the book I co-authored, which was published in 2002, along with other books such as *Investigating Harassment and Discrimination Complaints: A Practical Guide*, Salisbury and Dominick, Wiley Press, 2003.

Liability for discrimination and harassment includes liability for retaliation for complaining about discrimination and harassment and for bringing workplace complaints. Employees are to be protected from retaliation regardless of whether there was a finding of discrimination or harassment. That is, an employee should be able to bring a good faith complaint of harassment without fear of any reprisal.

Thus, by 2015-2016, when these complaints arose, there were well-developed standards in the human resource field relating to practices in responding to workplace complaints of harassment, discrimination and retaliation and to threats of violence in the workplace. These standards include a timely, fair and thorough investigation conducted by an unbiased investigator and monitoring the work environment to ensure complainants do not experience retaliation or any adverse treatment as a result of bringing a complaint. Similar standards are outlined in the difference of the defendants' policies and procedures. Based on a review of the defendants' actions subsequent to the plaintiffs' complaints, it cannot be said that the defendants met that standard of care. There were serious deficiencies in the investigations of the plaintiffs' complaints, as set forth below.

**A. The Defendants' Response to Plaintiff Owen Diaz's Complaints Did Not Meet the Standard of Care**

Plaintiff Owen Diaz testified to being called "nigger" and other racial slurs scores of times over the time that he worked at the Tesla plant. He also testified to seeing racist graffiti in places at the plant that were open and obvious (just as in the restrooms). Owen Diaz said that he brought this up numerous times, verbally, to supervisors.

1    According to the evidence reviewed in this case, there were a number of times that it is

2  uncontested that Owen Diaz brought complaints about racism and/or threats of violence to a

3  supervisor. This includes a complaint about racist comments made to Tom Kawasaki, lead,

4  concerning Judy Timbreza in July/August of 2015; a complaint about threats of violence, made

5  to Edward Romero concerning Ramon Martinez in October 2015; a complaint about threats of

6  violence made to Romero concerning Rothaj Foster in November 2016 and a complaint about a

7  racist effigy, made to Romero and others in January 2016.

8    Some of those complaints resulted in action being taken against the perpetrator and

9  others resulted in everyone, including Diaz, being counseled. In no case was a thorough

10  investigation conducted. Even when surveillance video was available so that Tesla and/or the

11  staffing agencies employing the individuals could determine whether serious threats were made,

12  the evidence was that the video was not reviewed and the accused/perpetrator was allowed, at

13  times, to stay at work. Multiple complaints of racist statements against the same perpetrator,

14  even when some of the actions were admitted, did not result in serious discipline that would

15  reasonably be serious enough to lead to ending the discriminatory and harassing treatment.

16  Rather, each incident was treated in isolation with only the most cursory response. This was far

17  below the standard of care.

18    Nor did Tesla, or the other entities, make any attempt to determine the extent of the

19  racism by talking to others and monitoring the work environment. The individual who created

20  the racist effigy was disciplined, but, apparently because he apologized, he was not let go and

21  Diaz was expected to accept the apology, regardless of whether it was sincere or led to real

22  change.

23    Even Tesla's PMK, Annalisa Heisen, testified to the fact that the lack of a report of the

24  investigation regarding Diaz's complaint was unusual. She also testified to the fact that Tesla,

25  when it "investigated" the situation with the racial effigy, knew that Diaz had a previous

26  complaint about racial comments. In that instance, the investigator determined that since the

27  racial comments could not be independently corroborated, they could not be substantiated.

28  However, independent corroboration is not necessary for a finding that racial comments were

1  made and the failure to truly investigate, analyze and make determinations did not meet the
2  standard of care.

### B. The Defendants' Response to Notice of a Hostile Work Environment Towards African Americans was Below the Standard of Care

There was evidence from all three plaintiffs and from witnesses of racist speech and images throughout the workplace at Tesla. Yet there was little evidence of management addressing this. According to the evidence, racist graffiti remained on walls and posters and employees used the "n" word freely without retribution. This is contrary to accepted practice which is to address any and all discriminatory comments immediately with a clear message that it will not be tolerated. There are many tools to address discriminatory harassment but a dearth of evidence that those tools were utilized at Tesla.

### C. The Defendants' Failure to Ensure There was No Retaliation for Bringing a Complaint Did Not Meet the Standard of Care

Each plaintiff expressed concerns about retaliation, and it is standard practice for employers to guard against retaliation for individuals who bring complaints of discriminatory harassment. There was no evidence that occurred here. Rather, individuals bringing complaints were asked if they wanted to transfer, implying that they had to either put up with racist harassment or switch jobs. In fact, it is standard practice not to take any action that would have a negative impact on the person bringing the complaint, such as expecting them to switch shifts or take a lower paid position. Furthermore, it is standard practice, after a complaint of harassment, to monitor the work environment to ensure that the harassment has been eradicated and that the individual who brought the complaint suffers no adverse consequences. This did not occur here.

### D. The Defendants Failure to Investigate and Take Action on Other Notice of Discrimination and Harassment was Below the Standard of Care

The other named plaintiffs, Demetric Di-Az and Lamar Patterson, also testified to being called racial epithets and seeing racial graffiti. Di-Az said that he spoke to a supervisor and HR about this. Patterson said that he told Tesla supervisors, including Romero. However, no

investigation of the workplace environment took place which was contrary to accepted HR practice.

**IV.     Conclusion**

Having considered the pertinent materials, my conclusion is that the defendants have not met the standard of care established in the human resource field for responding to complaints of harassment, discrimination, threats of violence and retaliation. The defendants' actions in responding to and investigating notice of and complaints about racial harassment and threats of violence were seriously flawed in several respects. Investigations either did not take place at all or were cursory. The defendants failed to take reasonable and customary steps to assure there was no retaliation. The defendants did not take usual and appropriate disciplinary action and other steps to ensure a harassment free work environment.

Respectfully submitted,

Amy Oppenheimer

Dated: October 11, 2019

# Exhibit 1

**Amy Oppenheimer**
**1442 A Walnut Street, #234**
**Berkeley, CA 94709**
**(510) 393-4212**
**amy@amyopp.com**

**PROFESSIONAL EXPERIENCE**

***Law Offices of Amy Oppenheimer:*** 1996 to present – Law Office dedicated to investigating and mediating complaints of discrimination, harassment and/or retaliation in the workplace, investigating Title IX complaints and providing expert witness testimony regarding preventing and responding to workplace complaints.

**Advisor, Berkeley Comparative Equality Anti-Discrimination Law Study Group:** 2018 to present.

***Founder and Past President of the Board***: California Association of Workplace Investigators (CAOWI), now Association of Workplace Investigators (AWI) - 2009 – 2012.  Member of the Board 2009 – 2016.

***Member, DFEH Statewide Task Force on the Prevention of Sexual Harassment in the Workplace:*** 2016 to present.

***Administrative Law Judge*** (retired), California Unemployment Insurance Appeals Board (CUIAB) – 1992 – 2011.

***Executive Committee of Labor and Employment Section of the State Bar of California***: (2008 – 2019 Member of the advisory committee; advisor to executive committee 2011 to 2019; Chair – October 2015 – October 2016).

***Committee Member***, ASIS International Standard on Investigations (Inv.1-2015) approved July 28, 2015.

***Arbitrator:*** American Arbitration Association - 1989 – 2004; The International Commission on Holocaust Era Insurance Claims Tribunal - 2003 – 2006.

***Mediator:*** Berkeley Dispute Resolution Services - 1989 – 2003; American Arb. Assn. - 1996 – 2004; Alameda County Bar Association - 1996 – 1999; Equal Employment Opportunity Commission - 2001 – 2006; United States Postal Service REDRESS program - 1998 – 2003.

***Board President and Member of the Board***: Berkeley Dispute Resolution Services - 1992 – 1995.

***Senior Consultant:*** Anderson-Davis, Inc.  Provided training to businesses on how to recognize, prevent and investigate sexual harassment.  1992 – 1996.

***Partner, Levy & Oppenheimer,*** Oakland**,** California.  1984 – 1992.  Law practice that specialized in litigating sexual harassment and employment discrimination.

***Judge Pro Tem:*** Alameda County Municipal Courts - 1989 – 1992.

***EEO Investigator:*** Delany, Siegel, Zorn & Associates - Investigated complaints of employment discrimination within the federal government - 1986 – 1990.

***Staff Attorney:*** Legal Services of Northern Virginia Inc., Manassas, Virginia.  1982 – 1984.

***Reginald Heber Smith Fellow (REGGIE):*** Virginia.  1980 – 1981.

**EDUCATION**

Juris Doctor, 1980, University of California, Davis.
B.A., 1975, University of California, Berkeley, with Great Distinction; *Phi Beta Kappa.*

**MEMBER**

California Bar (active); Virginia and District of Columbia Bar (inactive).

**CERTIFICATES**

Title IX Investigator

T9 Mastered, February 2016 and ATIXA (Association of Title IX Administrators) - March 2015 – March 2017.

Association of Workplace Investigations, Workplace Investigations Institute (AWI-CH).

**PUBLICATIONS**

*Guidelines for Responding to Sexual Harassment in the Workplace: An Update,* California Labor & Employment Law Review, Volume 32, No. 2, March 2018.

*How Arbitrators and Advocates Can Understand and Avoid Unconscious Bias and Stereotyping,* Arbitration 2015, Privacy, Transparency, Legitimacy, Proceedings of the Sixty-Eight Annual Meeting, National Academy of Arbitrations, BNA 2016.

*Unconscious Biases: What We Don't Know Can Hurt Us – and Others*, California Labor & Employment Law Review, Volume 29, No. 6, November 2015.

*Understanding and Eliminating Bias in Investigations,* CAOWI Quarterly, Vol 2 No. 1 and 2, 2011.

*Investigating Workplace Harassment and Discrimination,* Employee Relations Law Journal, Vol. 29, No. 4, Spring 2004.

*The Do's and Don'ts of Investigating Workplace Harassment,* PIHRA Scope, Professionals in Human Resources Association, February 2004.

*Experts May Testify on Harassment Policies and Procedures of Employer,* San Francisco Daily Journal, December 11, 2003.

*Using Liability Experts in Sexual Harassment Cases,* Sexual Harassment Litigation Reporter, Volume 9, Issue 10, October 2003.

*Making the Best Use of Liability Experts in Discrimination and Harassment Litigation,* Employment Litigation Reporter, Volume 18, Issue 5, October 14, 2003.

*Investigating Workplace Harassment: Ten Steps to Success*, You and the Law Newsletter, October 2002.

*Investigating Workplace Harassment: How to Be Fair, Thorough, and Legal*, by Amy Oppenheimer and Craig Pratt, Society of Human Resource Management, 2002.

*"The Aftermath of Faragher and Ellerth - The Impact on Pre-trial Discovery and the Use of Liability Experts in Sexual Harassment Cases"*, Conference materials NELA Convention, June 2000.

*"Employment Discrimination and Harassment"*, Chapter 40B of California Torts, Levy, Golden & Sacks, Editors, Matthew Bender & Co., September 1999.

*"Liability Lesson: The Use of an Employment expert In Sexual Harassment Cases can help Jurors Understand the Reasonableness of Investigatory Processes"*, Los Angeles Daily Journal and San Francisco Daily Journal, May 21, 1999.

Contributed to *"Investigating Sexual Harassment: A Practical Guide to Resolving Complaints"*, published by Thompson Publishing Group, Washington D.C., 1998.

*"She Said, They Said – To protect themselves from liability for sexual harassment, employers should examine the numerous legal guidelines",* California Law Business, Supplement to the Los Angeles Daily Journal and San Francisco Daily Journal, March 9, 1998.

*"Ounce of Prevention – An employer's sexual harassment policies and practices are more important than ever.* Good policies, particularly those involving internal investigations, can avert problems and lawsuits, San Francisco Daily Journal, Employment Law Update, April 16, 1998.

*"Working it Out: Using Mediation to Resolve Harassment Complaints"*, San Francisco Daily Journal, August 9, 1995.

Contributing author to *Intent vs. Impact: How to Effectively Manage Sexual Harassment Investigations,* Published by Bureau of National Affairs Communications, 1992.

Contributed to *Sexual Harassment in the Workplace*; an interactive training and testing CD-ROM, Media Code, 1994, as an expert.

**PUBLIC SPEAKING AND TRAINING** (partial list)

*Conducting a Workplace Investigation: What Lawyers Need to Know,* American Law Institute, Webinar, August 14, 2019.

*Faculty,* Association of Workplace Investigators Training Institute, every year from inception (2012) to the present.

*Supporting Transgender Employees – Legal Update and Practical Guidance for Creating Inclusive Workplaces,* California Lawyers Association 2019 Annual Meeting of the CA Tax Bar and the CA Tax Policy Conference, Moderator, July 18, 2019.

*Comparing Workplace Harassment Investigation in the U.S., Canada, Australia, Ireland and New Zealand,* Berkeley Comparative Equality and Anti-Discrimination Law Study Group Annual Conference, Stockholm, Sweden, June 18, 2019.

*The Worldwide #MeToo Movement: Global Resistance to Sexual Harassment,* Berkeley Comparative Equality and Anti-Discrimination Law Study Group Annual Conference, Stockholm, Sweden, June 17, 2019.

*Unconscious Bias and the Legal Profession,* Training provided by the Law Offices of Amy Oppenheimer, Oakland, May 31, 2019.

*Preventing and Responding to Workplace Harassment (AB1825),* Training provided by the Law Offices of Amy Oppenheimer, Oakland, May 31, 2019.

*Gender in the Workplace: How Implicit Bias Impacts Women's Advancement and How to Counteract It,* American Law Institute, Webinar, May 16, 2019.

*Due Process: What Process is Due to Complainants and Respondents?* Moderator, Worldwide #MeToo Conference, UC – Berkeley Law, May 14, 2019.

*Workplace Investigations: A Global Comparison,* Worldwide #MeToo Conference, UC – Berkeley Law, May 14, 2019.

*Unconscious Bias and the Legal Profession,* Northern California Bankruptcy Conference, Sacramento, March 7, 2019.

*Unconscious Bias and the Legal Profession,* California Lawyers Association Intellectual Property Law Section's 43rd Annual IP Institute, November 8, 2018.

*Sexual Harassment: A March through the Decades – From the 1950's to Now,* AWI Annual Conference, October 13, 2018.

*Sexual Harassment Law After #MeToo,* California Lawyers Association Annual Meeting, September 15, 2018.

*Workplace Investigations in the Age of #MeToo,* Continuing Legal Education, Bar Association of San Francisco, August 14, 2018.

*The Aftermath of #MeToo in the Workplace,* with Chaya Mandelbaum, Commonwealth Club of San Francisco, August 8, 2018.

*Impact of #MeToo and #TimesUp on Policies and Investigations,* Keynote Speaker, Continuing Legal Education International, Workplace Investigations, April 23, 2018.

*Breaking Barriers: Building Diversity in the Tech Industry,* Moderator, California Lawyers Association, Labor & Employment Annual Meeting and Annual Public Sector Conference, April 12, 2018.

*Workplace Investigations,* California Lawyers Association, Labor and Employment Law Section, Employment Law 101 – Fundamental for the New Employment Law Lawyer, March 15, 2018.

*Understanding and Eliminating Unconscious Bias in the Legal Profession,* University of the Pacific, McGeorge School of Law Annual MCLE Program, January 20, 2018.

4

*Tough, Tougher, Toughest: Navigating Difficult Situations in Interviews,* CALPELRA Annual Training Conference, December 7, 2017.

*Internal Investigations of Employee Complaints and Misconduct: Avoiding Costly Missteps*, Strafford Publication webinar, December 6, 2017.

*The DFEH New Workplace Harassment Guide and Other Sources of Guidance for Investigators,* with Kevin Kish, AWI Annual Conference, October 6, 2017.

*DFEH's Workplace Harassment Guide*, State Bar of California, Labor & Employment Section, Webinar, September 5, 2017.

*Courtroom Bias,* Annual SAFE (Scientific Association of Forensic Examiners) Conference, August 2017.

*Using Expert Witnesses to Win Employment Cases,* State Bar of California, San Francisco, August 2017.

*DFEH's Workplace Harassment Guide*, State Bar of California, Labor & Employment Section's Annual Conference**,** July 14, 2017, Los Angeles.

*Interviewing: The Good, the Bad and the Ugly – New Approaches for New Challenges,* AWI Annual Conference, November 2016.

*Managing Unconscious Bias,* ABTL Leadership Development Committee Program, October 2016.

*Across the Divide: Building Cultural Competency & Combatting Bias,* State Bar of California 89th Annual Meeting, September 2016.

*How to Win Harassment, Discrimination & Punitive Damage Claims Without an HR Expert,* NELA#16 (National Employment Lawyers Association 16th Annual Conference) Los Angeles, California, June 2016.

*From Promise to Practice: New Perspectives on Diversity,* Labor & Employment Section of the State Bar of California Public Sector Conference, Berkeley, California, April 2016.

*Workplace Investigations That Hold Up in Court*, Northern California Human Resources Association HR West Conference, Oakland, California, March 2016.

*Avoiding Costly Missteps in Internal Workplace Investigations: Guidance for Employers from Recent Court Decisions,* Webinar Presented by Strafford, December 2015.

*Across the Divide, Cultural Competency and Interviewing People Different from Ourselves*, AWI annual conference, Los Angeles, California, November 2015.

*Workplace Investigations Basics,* Association of Workplace Investigators, Oakland, April 14, 2015, May 26, 2015, June 14, 2016 and April 13, 2017.

*How Arbitrators and Advocates Can Understand and Avoid Unconscious Bias & Stereotyping,* National Academy of Arbitrators Annual Meeting, San Francisco, May 2015.

*Ethical Issues for Attorneys Conducting Workplace Investigations in the Public Sector,* California State Bar Labor & Employment Section Public Sector Conference, Berkeley, April 24, 2015.

*Workplace Investigations Basics,* Association of Workplace Investigators, Oakland, April 14, 2015.
*Nuts & Bolts of an Employment Practice for New Employment Lawyers,* State Bar of California, Labor and Employment Law Section, January 16 (San Francisco) and January 30 (Los Angeles), 2015.

*Interviewing, The First Ninety Seconds and Beyond,* CALPELRA Annual Conference, Monterey, California, November 19, 2014.

*Interviewing, The First Ninety Seconds and Beyond,* Association of Workplace Investigators, Annual Conference, November 14, 2014.

*Investigating Complaints of Retaliation – Tips for Minimizing Claims and Litigation,* California Association of Joint Powers Authorities, November 2014.

*Attacking and Defending the Workplace Investigation During Litigation,* State Bar of California 87th Annual Meeting, September 2014.

*Recognizing and Eliminating Unconscious Biases in Employment Law,* State Bar of California 87th Annual Meeting, September 2014.

*Workplace Investigations: The Good, The Bad & The Ugly,* State Bar of California 87th Annual Meeting, September 2014.

*Using Liability Experts in Employment Discrimination Cases,* California Young Lawyers and the State Bar of California Labor & Employment Section, webinar, May 8, 2014, LexVid webinar September 2014.

*Hot Issues in Workplace Investigations: A plaintiff, Defense and Investigator's Perspective,* moderator, the State Bar of California Labor and Employment Law Section, Annual Conference, April 25, 2014.

*The Law & Practice of Workplace Investigations,* California Young Lawyers and the Labor & Employment Section of the California State Bar, webinar, April 8, 2014. LexVid webinar September 2014.

*Workplace Investigations Basics,* Association of Workplace Investigators, Seattle, April 1, 2014.

*Understanding and Eliminating Implicit Bias in the Legal Profession,* Pupilage Group Inn of Court Presentation, March 12, 2014.

*Nuts & Bolts of an Employment Practice for New Employment Lawyers,* State Bar of California, Labor and Employment Law Section, January 24 and January 17, 2014.

*Understanding and Eliminating Unconscious Bias in the Legal Profession,* Webinar, LexVid, December 6, 2013.

*Understanding Unconscious Bases: What They Are, How They Impact Our Decisions, And How to Eliminate Them in the HR And Legal Professions,* CALPELRA Annual Conference, Monterey, California, November 21, 2013.

*Investigator as Deponent – How to Nail Your Deposition Testimony*, Association of Workplace Investigators, Annual Conference, October 24, 2013.

*Ground Zero in Workplace Investigations: Advanced Interview Techniques*, ACHRO/EEO Fall 2013 Institute, October 17, 2013.

*The Science of Unconscious Biases and Its Impact on EEOC Investigations & Determinations*, EEOC 2013 EXCEL Training Conference, Denver, August 2013.

*Is the Neutral Really Neutral? How Unconscious Biases Impact Mediators and Mediations Without Anyone Realizing It,* EEOC 2013 Conference, Advanced Mediation Track, Denver, August 2013.

*Eliminating Bias in Workplace Investigations*, Webinar, i-Sight, July 31, 2013.

Equal Employment Opportunity Commission, Speech, Monterey TAPS, June 20, 2013.

*Workplace Investigations Basics,* Association of Workplace Investigators, Los Angeles, April 25, 2013.

*How to Spot a Liar AND How Not To: The Scoop on Making Credibility Determinations,* NCHRA Annual Conference - HR West, April 22, 2013.

*The Standard of Care for a Workplace Investigation,* The Labor & Employment Law Section of The State Bar of California, April 12, 2013.

*Understanding Unconscious Bases: What They Are, How They Impact Our Decisions, And How To Eliminate Them in The HR And Legal Professions,* CALPELRA Annual Conference, Monterey, CA, December 2012.

*Core Faculty,* Association of Workplace Investigators Training Institute, San Diego June 2012, Santa Barbara February 2013, Oxnard February 2014.

*Nuts & Bolts of an Employment Practice for New Employment Lawyers,* State Bar of California, Labor and Employment Law Section, Los Angeles, moderator, June 7, 2012.

*The "Good Enough" Investigation: How to Meet Standards While Controlling Costs*, Association of Workplace Investigators, webinar, May 2012.

*What are Unconscious Biases and Why Should HR Professionals Care?* NCHRA Annual Conference (HR West), South San Francisco, April 2012.

*Workplace Investigation Basics,* Association of Workplace Investigator, Los Angeles, March 2012.

*He Said, She Said, Making Credibility Determinations in Investigations*, Sexual Harassment Advisors Spring Luncheon, Stanford University, February 2012.

*Use of Liability Experts in Harassment Litigation,* The State Bar of California 29th Labor and Employment Law Section Annual Meeting, October 2011.

*Workplace Investigations on Trial: Can an Investigation Make or Break Your Case?* The State Bar of California 84th Annual Meeting, September 2011.

*Mock Investigation*, One day training for California Association of Workplace Investigators, Los Angeles, Oakland and Sacramento, July 2011.

*Third Rail Issues (EEOC Conflicts No One Wants to Touch*), EEOC TAPS Seminar, June 2011.

*Understanding and Eliminating Bias in Investigations*, Sexual Harassment Advisors Spring Luncheon, Stanford University, May 2011.

*Conducting Workplace Investigations,* Two-day training, Northern California Human Resources Association, March 2011, 2012, 2013 and 2014.

*What are Cognitive Biases?  And How do They Impact Our Work as Employment Attorneys, Mediators, Investigators & Decision Makers?  And How do we Eliminate Bias in the Legal Profession?* Webinar, State Bar of California, Labor and Employment Section, February 2011.

*The Basics of Investigating Workplace Complaints of Harassment, Discrimination and Retaliation*, Labor and Employment Section of the State Bar of California, January 2011.

*Litigating A Disability Discrimination Case – From Intake to Trial*, State Bar Of California 28th Labor and Employment Law Section Annual Meeting, October 2010.

*The Psychology of Bias: Understanding and Eliminating Bias in Investigations,* CAOWI first annual conference, Oakland, CA, November 2010.

*Hot Topics in Employment Investigations,* California State Bar Annual Conference, Monterey, CA, September 2010.

*Mastering the Art of Employment Investigations*, State Bar of California and California Association of Workplace Investigators, Los Angeles, and The Labor and Employment Section of the Bar Association of San Francisco, June 2010.

*Advanced Investigation Skills: Practice Makes Perfect*, HR West 2010, Northern California Human Resource Association, April 2010.

*Avoiding Common Mistakes in Workplace Investigations,* Bar Association of San Francisco, 2009.

*How to Conduct Employment Investigations,* California State Bar 2009 Labor and Employment Annual Meeting, Preconference Training Program.

*Trial Demonstrations: Direct and Cross of Expert Witnesses,* California State Bar 2009 Labor and Employment Annual Meeting.

*Adding Insult to Injury – Understanding the Exposure of Workplace Bullying,* PLUS 2009 Professional Risk Symposium: EPL, E&O and Fiduciary, PLUS.

*Best Practices – For Neutral Investigations of Employment Complaints,* State Bar 2009 Section Education Institute.

*Representing Employees and Employers in Unemployment Hearings*, State Bar Labor and Employment Law Section, 2009.

*Hidden Bias: The Implications for Employment Discrimination Litigation,* 2008 Labor and Employment Annual Meeting.

*Bringing and Defending Against Attorneys' Fees Motions,* 2008 Labor and Employment Annual Meeting.

*Harassment Investigation Critique,* EEOC Annual Technical Assistance Seminar, San Francisco 2007, Santa Clara, 2006 and 2008, Oakland 2009.

*"Conducting Workplace Investigations: Practical Skills for Internal Investigators",* Annual two-day training program for human resource professionals sponsored by the Northern California Human Resource Association (NCHRA), 2003 - 2010.

*Conducting Workplace Investigations: Practical Skills for Internal Investigators*, Northern California Human Resource Association: 2003, 2004 and 2006.

*He Said/She Said: Making Credibility Determinations in Harassment Investigations,* NCHRA Annual Conference, September 2003.

*The How To's of Investigating Workplace Harassment*, 46th Annual PIHRA Conference & Exhibition, September 2003.

*Did He Say What She Said He Said, Or Not?  How Does an Investigator Decide*? Society of Human Resource Management Annual Conference, Philadelphia, June 2002.

*The Aftermath of Faragher and Ellerth: Litigating Hostile Work Environment Cases,* National Employment Lawyers Association Eleventh Annual Convention, Washington D.C., June 2000.

*Employment Litigation: Investigations and Human Resource Experts*, Presentation to the Barristers Club of San Francisco Labor & Employment Section, February 2000.

*Investigating Harassment: An Interactive Training*, Sonoma Developmental Center, September 1999.

*Mediating EEO Complaints*, 40-hour training provided for City of San Francisco, August 1999.

*Sexual Harassment: The Role of the Investigator and the Role of the Mediator*, Society for Professionals in Dispute Resolution, 1998.

Panelist, Association on Employment Practices and Principles, *"Same-Sex Harassment in the Workplace After Oncale",* 1998.

*Investigating Complaints of Sexual Harassment and Discrimination",* Alameda County Bar Association, 1998.

*Resolving Sexual Harassment Complaints",* Society for Professionals in Dispute Resolution, 1997.

*Sexual Orientation Discrimination in the Legal Community*, American Bar Association Annual Conference*,* 1997.

Panelist, Administrative Law Judges Association Annual Forum, 1993, 1994, 1995, 1997, 2001 and 2003.

9

Speaker, Administrative Law Judges Annual Training, Sexual Harassment, 1992; Family and Medical Leave Act, 1996; Gender Bias, 1997; Preventing sexual harassment, 1999.

# Exhibit 2

**Amy Oppenheimer**
**1442 A Walnut Street, #234**
**Berkeley, CA 94709**
**(510) 393-4212**

**Cases Testified as Expert Witness at Deposition, Arbitration or Trial**

**1.** *Jane Doe v. Roe Law Firm,* Superior Court of California, San Francisco County.  Sexual harassment case.  Retained by defendant, represented by Keith Chrestionson and Maureen McClain, Kauff, McClain & McGuire, San Francisco, California.  Testified at deposition on March 27, 1996.

**2.** *Bertheaud v. California Department of Corrections*, Superior Court of California, San Francisco County.  Sexual harassment case.  Retained by plaintiff represented by Tom Duckworth and Kay Lucas, The Lucas Law Firm, San Francisco, California.  Deposition taken September 16, 1996.

**3.** *Coates and Duran v. Wal-Mart Stores and Toby Alire*, First Judicial District Court, County of Santa Fe, State of New Mexico.  Sexual harassment case.  Retained by plaintiff represented by Michele Masiowski and Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico.  Deposition taken September 23, 1996.  Qualified as expert on sexual harassment policies and procedures and testified at trial, December 1996.

**4.** *Caldwell v. Novell, Inc, et al.,* Superior Court of California, Santa Clara County.  Wrongful termination case.  Retained by defendant represented by Millicent S. Meroney, Mark Parnes and Jill Daniels, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, California.  Deposition taken November 26, 1996.

**5.** *Fitzgerald v. Roche Laboratories, et al.,* Superior Court of California, Santa Clara County.  Sexual harassment case.  Retained by plaintiff represented by Tom Duckworth and Kay Lucas, The Lucas Law Firm, San Francisco, California.  Deposition taken January 20, 1997.

**6.** *Martinez v. KFC*, Arbitration, State of New Mexico.  Sexual harassment case.  Retained by plaintiff represented by Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico.  Discovery and arbitration deposition taken October 4, 1997.

**7.** *Tom & Villarreal v. Jonas, et al.*, United States District Court, Eastern District of California.  Sexual harassment case.  Retained by plaintiff represented by E. Bradley Nelson, Hagler & Nelson, Vacaville, California, and Paul Gordon, Gordon & Goddard, Oakland, California.  Deposition taken October 14, 1997.

**8.** *Rankin & Williams v. Darrell Julian Construction*, United States District Court, District of New Mexico.  Sexual harassment case.  Retained by plaintiff represented by Mark M. Rhodes, Rhodes & Salmon, Albuquerque, New Mexico, and Kathryn Hammel, Cates & Hammel, Los Lunas, New Mexico.  Deposition taken December 10, 1997.

**9.** *Ramirez v. Wal-Mart Stores*, United States District Court, District of New Mexico.  Sexual harassment case.  Retained by plaintiff represented by Michele Masiowski and Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico.  Deposition taken March 27, 1998.

**10.** *Raney v. The California Department of Developmental Service, et al*, Superior Court of the State of California, County of Sonoma.  Sexual harassment case.  Retained by plaintiff represented by Larry King and Barbara Giuffre, San Francisco, California.  Trial testimony given November 19, 1998.

**11.** *Molieri v. South San Francisco Police Department, et al,* Superior and Municipal Courts of California, County of San Mateo.  Discrimination case.  Retained by plaintiff represented by Todd M. Schneider, Austen, Schneider & McCormac, San Francisco, California.  Deposition taken December 8, 1998.  Qualified as expert on Investigations of harassment and discrimination and testified on June 23, 1999.

**12.** *Jackson v. Alameda County, et al*, Superior Court of California, County of Alameda.  Sexual harassment case.  Retained by plaintiff represented by Char Meaney, Law Offices of Richard J. Werthimer, San Francisco, California.  Deposition taken December 23, 1998.

**13.** *Cross, et al v. Kaiser Foundation Hospitals, et al*, Superior Court of California, County of Sonoma.  Sexual harassment case.  Retained by defendant represented by Sarah Robertson, Fitzgerald, Abbott & Beardsley, Oakland, California.  Deposition taken March 9, 1999.

**14.** *Foster v. Interlake Handling, Inc et al.,* United States District Court, Western District of Kentucky.  Sexual harassment case.  Retained by plaintiff represented by Douglas H. Morris and Lea Player, Oldfather & Morris, Louisville, Kentucky.  Deposition taken June 10, 1999.

**15.** *Disponett v. Frankfort Hospital, Inc et al*, Commonwealth of Kentucky, Franklin Circuit Court.  Sexual harassment case.  Retained by plaintiff represented by Roy D. Snell, Croley, Moore & Snell, LaGrange, Kentucky.  Discovery deposition taken September 22, 1999.  Trial deposition taken April 6, 2000 and admitted into evidence at trial

**16.** *Stites v. Wright Engineered Plastics, et al*, Superior Court of California, County of Sonoma.  Sex discrimination and harassment case.  Retained by plaintiff represented by Michael G. Miller, Perry, Johnson, Murray, Anderson & Miller, Santa Rosa, California.  Deposition taken December 1, 1999.

**17.** *Gallo v. Interstate Brands Corp., et al,* Superior Court of California, County of Alameda.  Sex discrimination and harassment case.  Retained by plaintiff represented by James Farinaro, San Leandro, California.  Deposition taken February 17, 2000.

**18.** *Oshiro v. Atlantis,* Circuit Court of Hawaii.  Sexual harassment case.  Circuit Court of Hawaii.  Retained by defendant represented by Richard Lesser, Redondo Beach, California.  Deposition taken April 25, 2000.

**19.** *Englehardt, et al v. County of Modoc, et al.*  Sexual harassment and retaliation case.  Federal District Court of California.  Retained by plaintiff represented by Howard Moore and Felicia Curran, Oakland, California.  Deposition taken April 26, 2000.

**20.** *Roe et al v. Fillmore Apartments, LLC, et al.*  Sexual harassment case.  Superior Court of California, County of San Francisco.  Retained by plaintiff represented by Dan Feder, San Francisco, California.  Deposition taken May 18, 2000.

**21.** *Sanders v. PG&E, et al.*  Racial harassment/retaliation case.  Superior Court of California, County of San Francisco.  Retained by plaintiff represented by Dan Feder, San Francisco, California.  Deposition taken June 27, 2000.

**22.** *Butler v. Hartnell Community College District, et al.*  Sexual harassment case.  Superior Court of California, County of Monterey.  Retained by plaintiff represented by Martin Horowitz and Stephanie Rubinoff, Oakland, California.  Deposition taken July 5, 2000.

**23.** *Byerly and Lucero v. Compass Groups USA et al.* Sexual harassment case. United States District Court, District of New Mexico. Retained by plaintiff represented by Merit Bennett, Tinkler & Bennett, Santa Fe, New Mexico. Deposition taken September 19, 2000.

**24.** *Leca v. Lucky Stores, Inc., et al.* Sex discrimination/harassment case. Superior Court of California, County of Alameda. Retained by plaintiff represented by Melvin Dayley, Oakland, California. Deposition taken October 5, 2000.

**25.** *Briscoe-King v. California Dept. of Corrections, et al.* Discrimination/retaliation case. United States District Court, Eastern District of California. Retained by defendant represented by State of California, Department of Justice, Sacramento, California. Deposition taken December 14, 2000.

**26.** *Boisvert v. Martinez Unified School District.* Age discrimination case. Superior Court of California, Contra Costa County. Retained by defendant represented by Michael Clark, Edrington, Schirmer & Murphy, Walnut Creek, CA. Deposition taken March 29, 2001

**27.** *Brenner, et al. v. Ran Ken, Inc., et al.* Sexual harassment case. United States District Court, District of New Mexico. Retained by plaintiffs represented by Whitney Warner, Noeding & Moody, Albuquerque, New Mexico. Deposition taken April 2, 2001.

**28.** *Clark v. Frankfurt Hospital.* Sexual harassment case. Kentucky state court. Retained by plaintiff represented by Edward L. Lasley, Conliffe, Sandmann & Sullivan, Louisville, KY. Deposition taken May 8, 2001

**29.** *Pineda v. Able Building Maintenance Company.* Sex Discrimination case. Superior Court of California, City and County of San Francisco. Retained by defendant represented by Kenneth Simoncini, San Jose, California. Testified at trial September 12, 2001.

**30.** *Silva v. Stockton Further Processing, Inc., et al.* Sexual harassment case. Superior Court of California, San Joaquin County. Retained by plaintiff represented by Robert Lazo, San Francisco, California. Deposition taken October 12, 2001. Testified at trial November 1, 2001.

**31.** *Shafiq v. J.R. Simplot Company, et al.* National origin harassment/discrimination case. Superior Court of California, San Joaquin County. Retained by plaintiff represented by Susiejane Eastwood, Stockton, California. Deposition taken October 18, 2001.

**32.** *White v. Chevron Corporation, Inc.* Race discrimination case. United States District Court, Northern District of California. Retained by plaintiff represented by Sheila Thomas, San Francisco, California. Deposition taken October 30, 2001.

**33.** *Perry v. Marriott International, Inc., et al.* Sexual harassment case. Superior court California, City and County of San Francisco. Retained by plaintiff represented by Laura Stevens, Berkeley, California. Deposition taken November 15, 2001.

**34.** *Veale v. Foodmaker, Inc.* Sexual harassment case. Federal District Court for the District of Nevada. Retained by plaintiff represented by Jennifer Sims, Las Vegas, Nevada. Deposition taken December 13, 2001.

**35.** *Cave v. California Department of Developmental Services, et al.* Sexual harassment case. Superior Court California, Tulare County. Retained by plaintiff represented by Walter Whelan, Fresno, California. Deposition taken April 11, 2002. Testified at trial April 30, 2002.

36. *Wong v. City and County of San Francisco, et al*, gender and national origin discrimination case. Superior Court of California, City and County of San Francisco. Retained by plaintiff represented by William Kwong, San Francisco, California. Deposition taken May 20, 2002.

37. *Debro v. San Leandro Unified School District, et al*, retaliation case. Superior Court of California, Alameda County. Retained by plaintiff represented by Julia Sherwin, Oakland, California. Deposition taken June 4, 2002. Testified at trial July 31, 2002.

38. *Passeri v. Pacific Life Insurance Company, et al.* Sexual harassment case. Superior Court of California, City and County of San Francisco. Retained by plaintiff represented by Bruce Nye and Geoffrey Faust. Deposition taken August 6, 2002.

39. *Henderson v. Lafayette Parish School Board.* Parish of Lafayette, State of Louisiana. Retained by plaintiff represented by Anthony Fazzio. Trial deposition taken February 21, 2003.

40. *Kahon v. Harvest House.* Superior Court of Contra Costa County. Retained by plaintiff represented by Hunter Pyle, Oakland, California. Deposition taken July 8, 2003.

41. *Beamon v. City of Oakland*, Superior Court of Alameda County. Retained by plaintiff represented by Charles A. Bonner, Sausalito, California. Deposition taken November 11, 2003.

42. *Velez v. Roche*, United States District Court, Northern District of California. Retained by plaintiff represented by Jack W. Lee. Testified at deposition December 9, 2003. Testified at trial February 2, 2004.

43. *Williams v. County of Marin*, United States District Court, Northern District of California. Retained by plaintiff represented by Charles A. Bonner, Sausalito, California. Deposition taken August 12, 2004.

44. *EEOC v. Harris Farms*, United States District Court, Eastern District of California. Retained by plaintiff represented by Linda Ordonio-Dixon. Deposition taken September 22, 2004.

45. *St. Martin v. Antioch Unified School District*, Contra Costa County Superior Court. Retained by defendant represented by Ian Fellerman, Oakland, California. Deposition taken November 11, 2004.

46. *Kotla v. Regents of the University of California, et al.*, Alameda County Superior Court. Retained by plaintiff represented by J. Gary Gwilliam, Oakland, California. Deposition taken February 2, 2005. Testified at trial on March 8 and 9, 2005.

47. *Eden v. Los Alamos Public Schools*, United States District Court, District of New Mexico. Retained by plaintiff represented by George Geran, Santa Fe, New Mexico. Deposition taken April 24, 2005

48. *Bice v. Signius Communications*, Superior Court of California, County of Sonoma. Retained by defendant represented by Dawn Ross, Santa Rosa, California. Deposition taken June 1, 2005.

49. *Matta and Quevedo v. Dolex,* Superior Court of California, County of Alameda. Retained by plaintiff represented by Phil Horowitz, San Francisco, California. Deposition taken August 19, 2005.

50. *Horani v. County of Alameda, Superior Court of California*, County of Alameda. Retained by plaintiff represented by Yosef Peretz, San Francisco, California. Deposition taken November 7, 2005. Testified at trial March 22, 2006.

51. **Abboud v. IBM**, Northern District of California.  Retained by plaintiff represented by Robert Baker, San Jose, California.  Deposition taken February 22 and March 14, 2006.

52. **Cambra v. Chevron**, United States District Court, Northern District of California.  Retained by plaintiff represented by Charles Bonner.  Deposition taken July 27 and September 27, 2006.

53. **DeCarvalho v. McCormick & Schmick**, Alameda County Superior Court.  Retained by plaintiff represented by Angela Alioto.  Testified at trial July 1 and 2, 2009.

54. **Romero v. Spectrum**, United States District Court, Central District of California.  Retained by plaintiff represented by Donald A. Hilland.  Deposition taken November 30, 2012.

55. **Cornejo v. McCormick and Schmidt**, arbitration.  Retained by plaintiff represented by Jorge Aguilar II.  Deposition taken August 3, 2012.  Testified at arbitration September 10, 2012.

56. **Foothill-De Anza Faculty Association v. Foothill-De Anza Community College District**, Public Employee Relations Board.  Retained by Respondent represented by Jeffrey Sloan.  Testified October 17 and November 7, 2012.

57. **Burrell et al v County of Santa Clara et al, United States District Court,** Northern District of California, Retained by Plaintiffs represented by Charles Bonner.   Testified at deposition on January 30, 2013.  Testified at trial May 9, 2013.

58. **Kenyon v. Applied Technologies,** Superior Court of California, County of San Luis Obispo.  Retained by plaintiff represented by Barry Kinman.  Testified at deposition February 27, 2013.  Testified at trial April 16, 2013.

59. **Murillo v ABM Industries Inc. et al**, Superior Court of California, County of Fresno.  Retained by plaintiff represented by Marco Palau.  Testified at deposition July 30, 2013 and November 20, 2013.

60. **Vogt v. Peralta Community College District**, Superior Court of California, Alameda County.  Retained by plaintiff represented by Anna Rossi.  Testified at deposition on February 6, 2014.

61. **Thomas v. Costco Wholesale Co.,** United States District Court Central District of California.  Retained by plaintiff represented by Richard Collins.  Testified at deposition on March 6, 2014.  Testified at Trial March 20, 2014.

62. **Radford v. BAE Systems**, Superior Court of California, City and County of San Francisco.  Retained by defendant. Testified at deposition May 9, 2014.

63. **Roeser v. Computer Sciences Corp. et al**, Superior Court of California, Los Angeles County.  Retained by plaintiff.  Testified at deposition on May 16, 2014.

64. **IAR Systems Software, Inc. v Nadim Shehayed et al**, Superior Court of California, County of San Mateo.  Retained by plaintiff.  Testified at deposition on April 3, 3015.

65. **Ellis et al v. Costco Wholesale Co.,** United States District Court, Northern District of California.  Retained by plaintiff.  Testified at deposition on April 28, 2015.

66. **Mauldin v International Surfacing Systems**, JAMS Arbitration.  Retained by plaintiff.  Testified at deposition on September 2, 2015 and at arbitration on September 9, 2015.

**67.** *Jameson v PG&E*, Superior Court of California, City and County of San Francisco.  Retained by plaintiff.  Testified at deposition on November 10, 2015.

**68.** *Phillips v GoDaddy*, JAMS Arbitration.  Retained by plaintiff.  Testified at deposition May 13, 2016 and at arbitration June 13, 2016.

**69.** *Moore v Voss USA, Inc., et al*, Superior Court of California, San Diego County.  Retainer by plaintiff. Testified at deposition September 30, 2016.

**70.** *Vue v. Fresno Unified School District,* Superior Court of California, Fresno County. Retained by plaintiff. Testified at deposition January 6, 2017.

**71.** *Lave v. Charter Communications, et al*, Superior Court of California, Riverside County. Retained by defendant. Testified at trial on May 11, 2017.

**72.** *Evans v. California Commission on Peace Officers Standards and Training, et al,* United States District Court, Eastern District of California. Testified at deposition on December 14, 2017.

**73.** *Harris v. The Queen's Medical Center, et al.,* Circuit Court of Hawaii.  Retained by plaintiff. Testified at trial on February 5, 2018.

**74.** *Appelbaum v. PG&E, et al.,* Superior Court of California, San Francisco County.  Retained by plaintiff.  Testified at deposition on February 22, 2018.

**75.** *Lambert v. Tesla Motors, Inc., et al.,* Arbitration.  Retained by plaintiff.  Testified at deposition on March 12, 2019.

# Exhibit 3

**Amy Oppenheimer**
**1442A Walnut Street, #234**
**Berkeley, CA 94709**
**(510) 393-4212**
**amy@amyopp.com**

**RATE SHEET – 2019 – Expert Witness Work**

$600/hour for review of documents/deposition transcripts, phone calls and emails, meetings, research, preparation, investigations, interviewing witnesses, preparation of reports, and travel.

$600/hour for deposition or trial testimony.  Half-day minimum for deposition.  Full day minimum for trial.

Intern time:          $120/hour
Paralegal time:    $240/hour
Associate time:    $300/hour

Expenses, as incurred (copying, printing, faxes, postage).

Minimum $2,400 retainer fee to disclose as expert: the $2,400 will be billed against, however, if the case resolves prior to the $2,400 retainer fee being used, it is not refundable.  No party is authorized to disclose Ms. Oppenheimer as an expert witness without Ms. Oppenheimer's consent and payment of the minimum retainer.

Additional retainer arranged on a case-by-case basis.