AWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:    (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
**ALEXANDER MORRISON & FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:    (310) 394-0888
Facsimile:    (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:    (415) 421-7151
Facsimile:    (415) 362-8064

DUSTIN L. COLLIER (SBN 264766)
dcollier@collierlawsf.com
V. JOSHUA SOCKS (SBN 303443)
jsocks@collierlawsf.com
ELIZABETH R. MALAY (SBN 336745)
emalay@collierlawsf.com
DREW F. TETI (SBN 267641)
drew@collierlawsf.com
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd. Suite 100
Corte Madera, CA 94925
Telephone:   (415) 767-0047
Facsimile:   (415) 767-0037

Attorneys for Plaintiff,
OWEN DIAZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.;<br><br>        Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S OBJECTIONS TO TESLA'S OPENING STATEMENT**<br><br>Trial Date: March 27, 2023<br>Complaint filed: October 16, 2017 |

During Tesla's opening statement, Tesla's counsel repeatedly made two arguments that were contrary to the first jury's verdict and in direct contravention of this Court's pretrial orders. *See* Dkt. 417 at 4-5 (granting Plaintiff's Motion in Limine "to preclude new argument or testimony inconsistent with the first jury's liability findings"). Plaintiff respectfully requests a curative instruction, to be given to the jury first thing Tuesday morning before the first witness is

called, and requests that the Court order Tesla's counsel to ensure that all future statements and arguments made to the jury are fully consistent with the first jury's liability verdict.

1. Counsel argued that the jury should discount Ramon Martinez's conduct because it is not attributable to Tesla itself. Real Time Transcript at 16:27:44–28:05 ("[W]hat you are here to judge when you hear these things is not whether an individual person did something wrong—I'm telling [you] Martinez did—what you are here to decide is whether *Tesla* did something to fail to deal with this and how that act caused damaged to Diaz."); *id.* at 16:24:45–50 ("the evidence will show that it was easy years later to say that this was based on race, very easy that's nobody's fault but Ramon Martinez"); *id.* at 16:25:38–41 ("You heard about Ramon Martinez, I'm not here to defend Ramon Martinez."); *id.* at 16:25:43–50 (arguing that "supervisors" reprimanded Martinez, as if Martinez was not himself a supervisor).

This argument is directly contrary to the court's preliminary jury instructions in at least two distinct and material ways. First, it suggests that the second jury is "here to decide … whether Tesla did something to fail to deal with this"—but that is untrue, since the first jury already made that determination. *See, e.g.*, Prelim. Jury Ins. No. 6 ("It has been determined that Tesla failed to take all reasonable steps to prevent harassment based on race."). Second, and more perniciously, it suggests that Tesla is somehow not responsible for the conduct of Martinez, even though Martinez was a supervisor whose conduct is directly attributable to Tesla as a matter of law – as this Court has squarely held. *See, e.g.*, Prelim. Jury Instruction No. 7 ("It has been established that Mr. Diaz was harmed by Ramon Martinez and that ***Tesla is responsible for that harm*** because Tesla negligently supervised or retained Ramon Martinez.") (emphasis added); Prelim. Jury Ins. No. 4 ("It has been determined that Mr. Diaz was subjected to a racially hostile work environment by Tesla, and that Ramon Martinez or Robert Hurtado or both were/was his supervisor empowered by Tesla to take tangible employment actions against him."); *see also* Order on Post-Trial Motions (Dkt. 328) at 40 (finding it relevant for punitive damages that "Martinez, a supervisor," "carried out acts or threats of violence").

2. Counsel also improperly argued to the jury that Owen Diaz was not actually harmed by Tesla's misconduct. *See* Real Time Transcript at 16:32:41–33:00 ("Was Owen Diaz actually damaged by this in a way he can prove to get millions and millions of dollars not hurt but real

1 actual damage?); *id.* at 16:18:24–16:18:36 ("Owen Diaz while frustrated upset hurt by what he
2 experienced fairly" was "not actually psychologically provably damaged"); *id.* at 16:18:40–52
3 (raising doubt about whether Tesla's conduct "cause[d] psychological injury that impacted his
4 functioning and real damage under our law"); *id.* at 16:29:42–30:10 ("[W]as Owen Diaz while
5 frustrated upset or hurt by what he experienced not psychologically provably damaged…"); *id.* at
6 16:33:41–58 ("But he has to prove psychological impairment, injury, not hurt, real proveable
7 damage…Provable damage is something beyond the harm happening."); *id.* at 16:34:39–51
8 ("[H]e has to show and prove that there was a psychological injury that impacted his
9 functioning").

10      This argument that the second jury is entitled to determine that Mr. Diaz was not harmed,
11 or that the only compensable harm is "psychological injury that impacted functioning and real
12 damage"—whatever that means—is also directly contrary to the Court's prior orders and
13 preliminary jury instructions. Order on MILs (Dkt. 417) at 10 ("Tesla is free to argue for a small
14 or negligible value. But the first jury already established his entitlement to these damages, so that
15 nominal damages are not appropriate here."); Prelim. Jury Ins. No. 6 ("Mr. Diaz was harmed" by
16 Tesla's failure to prevent harassment); Prelim. Jury Ins. No. 7 ("Ramon Martinez's unfitness or
17 incompetence harmed Owen Diaz"); Prelim. Jury Ins. No. 3 (Mr. Diaz was subjected to
18 unwelcome severe and pervasive racial harassment that he perceived as abusive or hostile).

19      Plaintiff respectfully requests that the Court give a curative instruction to the jury
20 clarifying that (1) Tesla itself has been found liable to failing to prevent harassment; (2) Tesla
21 itself has been found responsible for the conduct of Ramon Martinez; (3) it has been determined
22 that Mr. Diaz *was* harmed by Tesla's conduct, (4) the governing law is what the Court states in
23 its instructions, not what counsel represents; and (5) the jury should base its calculation of
24 compensatory and punitive damages on the evidence presented, not on the arguments of counsel.

|   |   |
|---|---|
| | CALIFORNIA CIVIL RIGHTS LAW GROUP |
| | ALEXANDER MORRISON + FEHR LLP |
| | ALTSHULER BERZON LLP |
| | COLLIER LAW FIRM, LLP |

DATED:  March 27, 2023

*/s/ Cimone Nunley*

Cimone Nunley
Attorney for Plaintiff OWEN DIAZ