QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OWEN DIAZ, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC. d/b/a TESLA MOTORS, INC., <br><br> Defendant. | Case No. 3:17-cv-06748-WHO <br><br> **TESLA'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO TESLA'S OPENING STATEMENT** |

Plaintiff has not identified anything improper in Tesla's opening statement, and he is not entitled to the "curative instruction" he seeks.

***First***, Plaintiff failed to object during Tesla's opening statement to any of the issues he now raises, and so has waived any objection. Plaintiff cannot allow Tesla to "repeatedly" make improper statements in its opening statement (Dkt. 433 at 1) only to complain about it after-the-fact.

***Second***, Tesla violated no Court orders by referencing in its opening statement that this case is about Tesla's conduct and how it harmed Mr. Diaz. *See* Dkt. 433 at 2 (complaining about Tesla telling the jury that "what you are here to decide is whether Tesla did something to fail to deal with this and how that act caused damaged to Diaz"). That is precisely what this retrial is about. Indeed, Plaintiff can hardly dispute this, as the entirety of his hour-long opening statement was devoted to arguing, in effect, that "Tesla failed to deal with" the alleged harassment he complains about. *See, e.g.*, Trial Tr. 228:1-2 ("despite the fact that managers and supervisors knew this conduct was occurring, Tesla didn't make it stop"). Even though the first jury found that Tesla's conduct contributed to a racially hostile work environment, all that same conduct is now at issue again for sake of determining whether and to what extent Mr. Diaz was damaged by it. This is precisely what Tesla told the jury and it was accurate for it to do so.

***Third***, whether or not Mr. Martinez's conduct in drawing the cartoon image contributed to the first jury's finding of liability for a hostile work environment, nothing in the Court's preliminary jury instructions requires Tesla to endorse or defend that conduct now. *See* Dkt. 433 at 2 (complaining that Tesla's counsel spoke contrary to the jury instructions by stating "I'm not here to defend Ramon Martinez"). A key question on this damages retrial is the amount of any punitive damages that are needed to punish or deter Tesla. *See* Preliminary Instruction No. 12. Tesla is entitled to show that punitive damages should be negligible, at most, for reasons including that it does not endorse or defend Mr. Martinez's conduct and that Mr. Martinez was not the type of senior manager or executive whose personal conduct may be attributable to Tesla for purposes of punitive damages. *See, e.g.*, *Thomas v. iStar Fin., Inc.*, 508 F. Supp. 2d 252, 262 (S.D.N.Y. 2007) (remitting punitive damages where there was no finding that the defendant's "top management" themselves intentionally discriminated).

Moreover, Tesla's statements are entirely consistent with the preliminary jury instructions, which state "that Mr. Diaz was harmed by Ramon Martinez" and that Tesla is responsible for such harm to the extent "that Tesla's negligence in supervising or retaining Ramon Martinez was a substantial factor in causing Owen Diaz's harm." Trial Tr. 187:17-88:9. As such, the second jury's charge is assessing the damages Mr. Diaz suffered as a result of Tesla's conduct. And no matter the relevance of Mr. Martinez's individual acts, there are no jury findings from the first trial concerning what exactly Mr. Martinez did or did not do; Tesla remains entitled to demonstrate that any particular alleged incidents did not contribute to the first jury's finding of liability.

*Fourth*, Plaintiff grossly distorts Tesla's opening statement to argue that Tesla argued improperly that Plaintiff was not "harmed" by Tesla's conduct that the first jury found contributed to a finding of liability. Contrary to Plaintiff's mischaracterizations, Tesla stated clearly and accurately that Plaintiff's burden on this retrial is to prove his ***damages***. *See* Dkt. 433 at 2-3 (Plaintiff complaining about Tesla asking the jury to consider whether Plaintiff was "***actually damaged*** by this in a way he can prove to get millions and millions of dollars . . ."). Tesla reiterated 27 times during the opening that this case was about Mr. Diaz's provable "damages," Trial Tr. 235-49, a point that was not lost in translation, Trial Tr. 250:16-18 ("THE COURT: This case is, as Mr. Spiro said at one point, about Mr. Diaz and what happened to Mr. Diaz and Mr. Diaz's damages. That's what it's about."). The jury instructions already clearly state that Plaintiff bears the burden of proving his damages by a preponderance of the evidence. *See* Preliminary Instruction Nos. 10, 12. And the Court has recognized that "Tesla is free to argue for a small or negligible value." Dkt. 417 at 10. Tesla's comments in its opening statement did nothing more than set the stage to show that Plaintiff will prove, at most, only minimal harm resulting in small or negligible damages.

*Finally*, even if Plaintiff had identified any over-stepping in Tesla's opening statement, the curative instructions Plaintiff seeks would still be unnecessary because they simply repeat, or attempt to paraphrase, the preliminary instructions the Court already gave. *Compare* Preliminary Instruction No. 6 ("It has been determined that Tesla failed to take all reasonable steps to prevent harassment based on race."), *with* Dkt. 433 at 3 (seeking curative instruction stating that "Tesla itself has been found liable to failing to prevent harassment"); *compare* Preliminary Instruction No. 7 ("It

has been established that Mr. Diaz was harmed by Ramon Martinez and that Tesla is responsible for that harm because Tesla negligently supervised or retained Ramon Martinez."), *with* Dkt. 433 at 3 ("it has been determined that Mr. Diaz was harmed by Tesla's conduct").  Nor does the jury need a curative instruction to remind it that it must follow the Court's instructions, because the Court already gave that instruction to the jury repeatedly and swill do so again at the appropriate time.

The Court should overrule Plaintiff's untimely objections to Tesla's opening statement and deny its request for a curative instruction.

| | |
|---|---|
| DATED:  March 28, 2023 | By: */s/ Daniel C. Posner* <br> Daniel C. Posner <br> Mari Henderson <br> QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> 865 S. Figueroa St., 10th Floor <br> Los Angeles, California 90017 <br> Telephone: (213) 443-3000 <br> Facsimile: (213) 443-3100 <br><br> Alex Spiro (appearance *pro hac vice*) <br> alexspiro@quinnemanuel.com <br> 51 Madison Ave., 22nd Floor <br> New York, NY 10010 <br> Telephone: (212) 849-7000 <br><br> Asher Griffin (appearance *pro hac vice*) <br> ashergriffin@quinnemanuel.com <br> 300 W. 6th St., Suite 2010 <br> Austin, TX 78701 <br> Telephone: (737) 667-6100 <br><br> ***Attorneys for Defendant Tesla, Inc.*** |