| | |
|---|---|
| AWRENCE A. ORGAN (SBN 175503) | MICHAEL RUBIN (SBN 80618) |
| larry@civilrightsca.com | mrubin@altber.com |
| MARQUI HOOD (SBN 214718) | JONATHAN ROSENTHAL (SBN 329638) |
| marqui@civilrightsca.com | jrosenthal@altber.com |
| CIMONE A. NUNLEY (SBN 326915) | **ALTSHULER BERZON LLP** |
| cimone@civilrightsca.com | 177 Post Street, Suite 300 |
| **CALIFORNIA CIVIL RIGHTS LAW GROUP** | San Francisco, California 94108 |
| 332 San Anselmo Avenue | Telephone:   (415) 421-7151 |
| San Anselmo, California 94960 | Facsimile:   (415) 362-8064 |
| Telephone:   (415)-453-7352 | |
| Facsimile:   (415)-785-7352 | DUSTIN L. COLLIER (SBN 264766) |
| | dcollier@collierlawsf.com |
| J. BERNARD ALEXANDER (SBN 128307) | V. JOSHUA SOCKS (SBN 303443) |
| balexander@amfllp.com | jsocks@collierlawsf.com |
| **ALEXANDER MORRISON & FEHR LLP** | ELIZABETH R. MALAY (SBN 336745) |
| 1900 Avenue of the Stars, Suite 900 | emalay@collierlawsf.com |
| Los Angeles, California 90067 | DREW F. TETI (SBN 267641) |
| Telephone:   (310) 394-0888 | drew@collierlawsf.com |
| Facsimile:   (310) 394-0811 | **COLLIER LAW FIRM, LLP** |
| | 240 Tamal Vista Blvd. Suite 100 |
| | Corte Madera, CA 94925 |
| | Telephone:  (415) 767-0047 |
| | Facsimile:   (415) 767-0037 |

Attorneys for Plaintiff,
OWEN DIAZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OWEN DIAZ,<br><br>Plaintiff,<br><br>     v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.;<br><br>     Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S TRIAL BRIEF RE: ADMISSION OF "IMPEACHMENT" EVIDENCE**<br><br>Trial Date: March 27, 2023<br>Complaint filed: October 16, 2017 |

I. Introduction

On March 28, 2023, Tesla attempted to introduce Exhibit 410 at trial, describing an incident whereby witness Michael Wheeler sat on feces smeared on the seat of his utility cart—which Wheeler himself described as a "possible hate crime". (Trial Tr. 2:367:11-368:18; Dkt. 440-1 at 2.) This document was demonstrably relevant to Mr. Diaz's claims, and Tesla was aware of that at least as of December 3, 2018, and possibly earlier. In spite of that knowledge, Tesla failed to comply with its discovery obligations under Federal Rule of Civil Procedure 26 and this Court's General Order No. 71 prior to the close of discovery on October 11, 2019 or at any point in the intervening four years. Instead, Tesla yet again willfully concealed evidence with demonstrable relevance to Mr. Diaz's claims and Tesla's defenses until such time as was convenient to Tesla, seeking to introduce this never-before-disclosed document for the first time at trial, in front of the jury, during a damages-only retrial.

Tesla has consistently sought to benefit from evidence it actively concealed from Mr. Diaz during the discovery phase of this matter. For the second time in as many weeks, Tesla has deprived Mr. Diaz from the benefit of conducting full discovery into this incident and then argued to the Court that Tesla should get to reap the benefits of its dishonesty in front of the jury.

The Court must deny Tesla's Motion, and hold Tesla accountable for its willful failure to produce years-old documents during the six-year pendency of this protracted litigation.

II. Factual Background

On December 3, 2018, Mr. Diaz sat for the second day of his deposition. (Exh. A to Nunley Dec.) When questioning Mr. Diaz about his discovery responses, counsel for Tesla asked Mr. Diaz, "What information do you believe Michael Wheeler has about your claims?" (*Id.* 208:6-7) In response, Mr. Diaz stated, "Michael Wheeler, hisself, was a victim of said harassment. They had wiped feces on the cart that he was using to harass him." (*Id.* 208:10-14) Mr. Diaz went on to testify that this incident was a form of "[d]iscriminatory racial" harassment against Mr. Wheeler. (*Id.* 208:18-209:5.) According to Mr. Diaz, Mr. Wheeler asked Tesla supervisors Ed Romero, Jaime Salazar, and Victor Quintero to review video surveillance of the incident, and Mr. Wheeler told Mr. Diaz he "was pretty upset about [the Tesla supervisors] sweeping it under the rug." (*Id.* 210:2-19.) Ultimately, Mr. Diaz did not believe Tesla took any

action in response to this incident. (*Id.* 211:6-10.)

Over a year later, on October 11, 2019, fact discovery in this matter closed. (Dkt. 78 at 1:17.) Tesla concedes that it did not produce this document during the course of discovery in this litigation, or indeed at any point prior to March 28, 2023—over four years after Mr. Diaz described this incident at his deposition. (Dkt. 440 at 3:23-4:22 [arguing Tesla did not produce the document because it was under no obligation to do so].)

III. Legal Argument

    A.       This Unproduced Exhibit Was Demonstrably Relevant to the Parties' Claims and Defenses from the First Day of Mr. Diaz's Deposition, and Thus Exclusion is Mandated Under Rule 37.

Under General Order No. 71 of this court, a defendant in an employment case has an obligation to produce any documents "upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims" at issue in the litigation, superseding a party's obligations under Rule 26(a) of the Federal Rules of Civil Procedure. CAND GO 71 at 4. This Order imposes an affirmative duty to not only produce responsive documents, but to "certify and supplement" the responses should additional information become available. *Id.* at 1.

Evidence of the feces incident was clearly relevant to the parties' claims and defenses. Both Mr. Wheeler, who described the incident as a "hate crime" (Dkt. 440-1 at 2.), and Mr. Diaz, who believed the incident was a form of "[d]iscriminatory racial" harassment against Mr. Wheeler (Exh. A 208:18-209:5.), clearly identified the incident as a form of race-based harassment. Both Mr. Wheeler and Mr. Diaz agreed that Mr. Wheeler complained about the feces on his cart to their shared managers, Ed Romero, Victor Quintero, and Josue Torres. (Dkt. 440-1 at 2; Exh. 210:2-19.)

As this Court observed in ruling on the parties' motions *in limine* in advance of the first trial, evidence of harassment that Mr. Wheeler complained about would "show Tesla's notice" of complaints of harassment to Mr. Diaz's shared managers in their shared work area, while evidence of harassment against Mr. Wheeler that Mr. Diaz knew about would support Mr. Diaz's "failure to prevent" claim. Dkt. 207 7:8-13; see also *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1528-9 (9th Cir. 1995), and *Swinton v. Potomac Corp.*, 270 F.3d 794, 804 (2001).

PLAINTIFF'S OPP TO DEFENDANT'S TRIAL BRIEF RE "IMPEACHMENT" EVIDENCE

Evidence of harassing conduct towards others is further admissible to demonstrate the defendant's "discriminatory state of mind" towards members of the plaintiff's protected class. *Lam v. Univ. of Haw.*, 164 F.3d 1186, 1188 (9th Cir. 1999). In rejecting Tesla's bid to exclude testimony regarding this incident two weeks ago, the court further explained that the incident was relevant to Mr. Diaz's harm, and likewise relevant to the reprehensibility of Tesla's conduct towards its Black employees. Dkt. 417 9:7-13. In other words, evidence regarding the feces incident was relevant for a litany of reasons—to support Mr. Diaz's contention that Tesla had notice of racial harassment in its facility, to support Mr. Diaz's contention that Tesla failed to prevent racial harassment in its facility, to support Mr. Diaz's claims that the Tesla factory was intolerably hostile because of his race, and to support Mr. Diaz's punitive claims.

Though Tesla was aware of the relevance of this incident as early as December 3, 2018, when Mr. Diaz testified under oath about Mr. Wheeler's complaint, Tesla never updated its initial disclosures or produced any documents relating to the complaint. Mr. Diaz has thus never had an opportunity to conduct meaningful discovery into this vile incident of racial harassment and determine (1) whether the incident was truly harassment or an "accident" as Tesla now claims; (2) whether Tesla conducted any investigation into the incident; or (3) whether Tesla's management responded appropriately to this harassment after being placed on notice by Wheeler's complaint. Tesla itself concedes the document is relevant to the only issue in this damages-only retrial, noting, "Exhibit 410 calls into doubt any possibility that Mr. Diaz suffered emotional distress based on his alleged belief or understanding that this incident was a crude act of racial harassment directed towards Mr. Wheeler." Dkt. 440 at 2:20-22.

Instead of producing this relevant document, Tesla continued to argue—right up to the eve of trial—that the incident itself was not relevant because there was there was "no non-speculative evidence in the record that the incident resulted from racial discrimination." 2-27-23 Pretrial Conference Transcript at 53:14-16. Tesla further argued that it was "unaware of any testimony that shows Mr. Diaz was aware of or harmed by the incident during the time he worked at Tesla's Fremont factory," while concealing evidence that demonstrated the incident occurred on February 26, 2016—while Mr. Diaz was still employed at the Tesla factory. Dkt. 415 at 1:23-26. In fact, in its proffer of the document, Tesla continues to conceal the identities of

the individuals copied on Mr. Wheeler's original email reporting the incident, obscuring whether Mr. Wheeler reported the complaint to Mr. Diaz in writing. Dkt. 440-1 at 2.

Fortunately, Rule 37 of the Federal Rules of Civil Procedure provides a remedy against such rank gamesmanship from a party to litigation. If a party fails to identify a document or information as required by Rule 26(a) or (e), "the party is not allowed to use that information… to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). There is no burden on the opponent of the evidence to demonstrate harm or undue prejudice; rather, the full weight of the burden to demonstrate harmlessness or substantial justification falls on "the party facing sanctions." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). In the absence of a showing of harmlessness or substantial justification, a witness preclusion sanction is "automatic" and "self-executing." Fed. R. Civ. P. 37, Advisory Committee's Note (1993). Tesla admits that it failed to produce this document that is directly relevant to Mr. Diaz's damages, Tesla's notice of racial harassment in its factory, and Tesla's failure to prevent racial harassment in its factory. The only basis Tesla offers was a mistaken belief that the document was admissible only for impeachment purposes. This does not satisfy its weighty burden to justify substantial justification or harmlessness, especially given that Tesla concedes the document is relevant to Mr. Diaz's claims of racial harassment and his damages. Accordingly, the Court must uphold its earlier ruling and exclude Exhibit 410.

        B.        Because the Document was Relevant and Discoverable for Non-Impeachment Purposes, Tesla Should have Produced the Document in Discovery.

A document is relevant and discoverable where it has some non-impeachment relevance, even where the proffering party intends to introduce it solely for impeachment. As many courts have explained, "[c]ase law holds that evidence material to the substance of the case—evidence that would tend to prove the truth of a matter to be determined by the jury—must be disclosed even if it could also be considered impeaching with respect to some aspect of a witness's testimony." *Lil' Man In The Boat, Inc. v. City & Cnty. of San Francisco*, 2019 WL 8263440, at *4 (N.D. Cal. Nov. 26, 2019); see *Norwood v. Child. & Youth Servs. Inc.*, 2013 WL 12133879, at

1  *4 (C.D. Cal. Dec. 3, 2013), at *4-5 (explaining rule and collecting cases). Here, Tesla itself
2  identifies at least one non-impeachment use: rebutting the assertion that Mr. Diaz suffered
3  emotional distress based on this allegedly non-racial incident. Dkt. 440 at 2:20-22. Given that the
4  document was relevant for both impeachment and non-impeachment purposes, it should have
5  been produced in discovery and exclusion is thus mandated under Rule 37.

    C.   Tesla Will not Face Manifest Injustice if the Document is Deemed
         Inadmissible.

8  District courts "have the discretion to admit or exclude new evidence or witnesses on
9  retrial." *Little v. City of Richmond*, No. 13-CV-02067-JSC, 2015 WL 798544, at *1 (N.D. Cal.
10 Feb. 23, 2015). Generally, to overcome a court's refusal to permit new evidence on retrial, a
11 party must demonstrate that exclusion would result in "manifest injustice." *Id*. at *2; see also
12 *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005); Fed. R. Civ. P. 16(e). Further, "if the
13 moving party knew or should have known that certain witnesses or evidence was necessary at the
14 time of the first trial, then the exclusion of those witnesses during the retrial will likely not be
15 manifestly unjust." *Little*, 2015 WL 798544, at *2 (*citing Martin's Herend Imports, Inc. v.
16 Diamond & Gem Trading U.S. Co*., 195 F.3d 765, 775 n.15 (5th Cir. 1999)); accord *Hooper v.
17 Cnty. of San Diego*, 2020 WL 6565847, at *2 (S.D. Cal. Nov. 9, 2020). Wheeler testified about
18 the feces incident during the first trial. 9-21-21 Trial Tr. 2:432:14-24. Thus, Tesla knew or
19 should have known that the document was relevant to the issues in this case. Yet Tesla failed to
20 produce it despite having over three years to do so, first learning of the incident at Mr. Diaz's
21 December 2018 deposition. Exh. A 208:10-14.

    D.   This Incomplete Document Must Be Excluded Under Rule 403 Because it
         Will Only Serve to Mislead and Confuse the Jury.

24 Under Rule 403 of the Federal Rules of Evidence, otherwise relevant evidence is
25 inadmissible where it would only serve to confuse the issues or mislead the jury. That is
26 precisely the risk presented by this document.
27 At trial and in its request to the Court, Tesla substantially mischaracterized the content of
28 the document. Tesla claimed that its employees e-mailed Mr. Wheeler and told him "that
somebody got sick and they needed to race that person to get them some help because they…

had the stomach flu and they used your [cart]." Dkt. 440 1:13-16.

But that is not what the document says. Instead, Tesla manager Victor Quintero states "there was a [contract employee] who had the stomach flu last night and had to go home. He may have been given a ride in the cart. We are investigating to confirm." Dkt. 440-1 at 2. Notably, Tesla never provided the results of its so-called investigation to Mr. Wheeler, and never in fact confirmed whether this unnamed employee with an alleged stomach bug rode in Mr. Wheeler's cart, nor does it identify the employee or offer any justification as to how an employee who was so ill he had to be transported across the factory by another worker managed to soil the driver's seat of the cart (as Mr. Wheeler himself pointed out during testimony). Trial Tr. Vol. II 367:22-368:13. And in his complaint, Wheeler further notes that the feces was "deliberately put where it could be sat on but not seen." Dkt. 440-1 at 2. Rather than produce the photos that could confirm Mr. Wheeler's assertion, Tesla has produced those portions of the document most likely to bolster its case in a patent attempt to confuse and mislead the jury about the actual events underlying this vile hate crime against a Black employee.

Conclusion

Because Tesla failed to comply with its disclosure obligations, exclusion of this document is mandated under Rule 37. Furthermore, this document should be excluded under Rule 403 because it carries a substantial risk of confusing the issues and misleading the jury.

CALIFORNIA CIVIL RIGHTS LAW GROUP
ALEXANDER MORRISON + FEHR LLP
ALTSHULER BERZON LLP
COLLIER LAW FIRM, LLP

DATED: March 29, 2023

_____

Attorney for Plaintiff OWEN DIAZ