QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>    Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**TESLA'S PROPOSED REVISION TO DRAFT FINAL JURY INSTRUCTION NO. 25**<br><br>Judge: Hon. William H. Orrick |

1    Tesla proposes the below revisions to Draft Final Jury Instruction No. 25 (Dkt. 436) to help
2 ensure that the jury's damages award is based ***only*** on Tesla's liability for race-based unlawful
3 conduct as found by the jury in the first trial.  These proposed revisions are consistent with the law, as
4 all Plaintiff's claims are limited to race-based conduct, such that Plaintiff can recover damages only
5 for harm resulting from race-based conduct.  *See* Dkt. 436 at Instruction Nos. 18-23.
6    Such revisions are additionally necessary and appropriate given testimony offered by
7 Plaintiff's witnesses about violent conduct at the Fremont factory of a non-racial nature that
8 necessarily could not have contributed to the first jury's findings of liability, and thus that cannot
9 support the second jury's damages award either.  *See, e.g*., Trial Tr. at 375:20-21 (Mr. Wheeler
10 testifying:  "So to my knowledge, the individual that you may be referring to was the one that
11 threatened to shoot him."); March 29, 2023 Trial Tr. at 505:25-506:07 (Oppenheimer testifying:
12 "Well, what I would say is that I don't presume somebody can just get damages because something is
13 racial.  If there is—if there is a threat of violence, if somebody is harmed in the workplace, I'm not
14 going to assume they can't get damages for that one way or the other.  I really—that doesn't factor
15 into how I see things.  I consider a threat of violence to be very serious, regardless of whether it's
16 racial . . . ."); *id*. at 205:10-206:19 (Mr. Diaz testifying about Mr. Foster having "threatened to shoot
17 me" and "threatened to kill me").
18    Accordingly, Tesla respectfully requests the following revisions to Instruction No. 25:

**No. 25**

**DAMAGES—PROOF AND PREPONDERANCE OF THE EVIDENCE**

Now that I have told you what has been established, I will give you~~r~~ instructions regarding how to determine the amount of damages to which Mr. Diaz is entitled. Mr. Diaz has the burden of proving damages by a preponderance of the evidence. This means that you must be persuaded by the evidence that the claim of damages is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

Compensatory damages means the amount of money that will reasonably and fairly compensate Mr. Diaz for any injury you find was caused by Tesla<ins>'s conduct that has been</ins>

1  determined to have subjected Mr. Diaz to a racially hostile work environment, as described in
2  Instruction Nos. 18-23. In determining the measure of these damages, you should consider:

3  The nature and extent of the injuries;

4  The loss of enjoyment of life experienced and that with reasonable probability will be
5  experienced in the future; and

6  The mental or emotional pain and suffering experienced and that with reasonable
7  probability will be experienced in the future.

8  It has been established that Mr. Diaz is entitled to compensatory damages. It is for you to
9  determine the amount of damages that have been proved.

10  Your award must be based upon evidence and not upon speculation, guesswork, or
11  conjecture.

13  DATED: March 30, 2023 ~~March 29, 2023~~   By: */s/ Daniel C. Posner*

Daniel C. Posner
Mari Henderson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Alex Spiro (appearance *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

Asher Griffin (appearance *pro hac vice*)
ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*