LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:     (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:     (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:     (415) 421-7151
Facsimile:     (415) 362-8064

DUSTIN COLLIER (SBN 264766)
dcollier@collierlawsf.com
V. JOSHUA SOCKS (SBN 303443)
jsocks@collierlawsf.com
ELIZABETH R. MALAY (SBN 336745)
emalay@collierlawsf.co
DREW F. TETI (SBN 262641)
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd., Suite 100
Corte Madera, CA 94925
Telephone:     (415) 767-0047
Facsimile:     (415) 767-0087

Attorneys for Plaintiff
OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>         Plaintiff,<br><br>     v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.;<br><br>         Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S TRIAL BRIEF RE IMPROPER REFERENCE TO PLAINTIFF'S EXCLUDED CRIMINAL HISTORY** |

I.  **Factual Statement**

On March 29, 2023 during Tesla's cross-examination of Plaintiff Diaz, Tesla twice attempted to elicit testimony from Plaintiff Diaz regarding his prior criminal convictions in direct violation of Judge Orrick's April 2, 2020 order precluding Defendant from introducing such evidence at trial. (Dkt. 180). Specifically, Tesla elicited testimony regarding the "redacted" portion of Plaintiff Diaz's job application (Exh. A to Cimone Nunley Dec.), which references his past criminal conviction, inquiring whether Plaintiff Diaz remembers any inaccuracies made on the form. Plaintiff's counsel objected to the questioning, citing Tesla's reference to the redacted portion. (Trial Tr. 2: 644:23-645:9). This Court instructed Tesla to move to a different line of questioning, adding that the parties could discuss it further on their afternoon conference. (Id.) Plaintiff is concerned that Tesla's counsel will revisit this area of inquiry during its continued cross-examination of Plaintiff Diaz today.

On cross-examination, the relevant questioning included the following

<u>Statement 1:</u>

```
18   BY MR. SPIRO:
19   Q.   Okay. And so if you recall, previously, you were
20        questioned about your answer to a top part of the application
21        that's redacted, and you were told – you said that it was
22        inaccurate because you were rushing to fill out the
23        application.
24        Do you remember that testimony?
25   A.   I do remember rushing to fill out an application. I do
```
Trial Tr. 2: 643:18-25.

<u>Statement 2:</u>

```
17   BY MR. SPIRO:
18   Q.   Yeah. So I'm just asking, the question that you can't
19        see, do you recall previously that you gave testimony where you
20        said, "Yes. That was inaccurate, but I was rushing to fill
```

```
21      this out."
22              Do you recall that testimony?
23      MR. ORGAN: Objection. Move to strike. He's talking
24      about the redacted part, Your Honor.
```

Trial Tr. 2:644:17-23.

Plaintiff Diaz's deposition makes clear that Tesla's counsel was referring to the criminal convictions that have been excluded by Judge Orrick's prior order. (Dkt 180). During Plaintiff Diaz's deposition on May 22, 2018, Tesla elicited testimony from Plaintiff Diaz regarding his prior criminal convictions. Plaintiff Diaz testified that he was convicted of theft in 1988 (Deposition of Owen Diaz, Vol. I at 10:6-22; Exh. B to Nunley Dec.) and a property crime in the 1990s. (Id. at Exh. B 11:9-20, 12:8-16.) Tesla inquired about his CitiStaff Solutions Inc. job application whereby Plaintiff Diaz only disclosed the 1988 conviction in response to a question regarding whether he had been convicted of any felonies. (Id. at Exh. B 25:22-26:11). Plaintiff Diaz testified that the exclusion of the 1990s conviction on the application was a mere "oversight" because he "had limited time to fill out the application." (Id. at Exh. B 26:2-11). Thereafter, the parties filed a proposed joint stipulation and order to exclude this evidence from trial, which Judge Orrick signed on April 2, 2020. (Dkt. 180).

On March 29, 2023, Tesla showed the jury Exhibit 204, page two of the CitiStaff job application from which Plaintiff Diaz's prior criminal conviction was redacted. (Trial Tr. 2: 643:16-17). Tesla proceeded to question Plaintiff Diaz about inaccuracies on the form, pointing Plaintiff Diaz directly to the redacted part. (Trial Tr. 2: 643:18-645:9). The only information in the redacted portion is the excluded criminal background, so the alleged "inaccuracy" referenced by Tesla's counsel must necessarily have been the excluded criminal history. This put Plaintiff in an untenable position where he could not respond honestly to the question without violating the stipulation and revealing his conviction. His only option is to continue to respond equivocally thereby seeming evasive.

Any discussion of Plaintiff Diaz's prior criminal convictions has been excluded from trial. Tesla's reference to the "redacted" "inaccurate" part of Plaintiff Diaz's job application was not

only clearly improper, it was a devious litigation tactic intentionally employed to confuse the jury and arouse suspicions in Plaintiff Diaz's credibility and character, and possibly even elicit reference to the redacted conviction. To preclude any further violation of the Court's order regarding the exclusion of Plaintiff's criminal history, Plaintiff requests that the Court admonish Tesla's counsel from any further reference to Plaintiff's criminal history or to the redactions containing reference to said history.

Dated:  March 30, 2023

**CALIFORNIA CIVIL RIGHTS LAW GROUP**
**ALEXANDER MORRISON + FEHR LLP**
**ALTSHULER BERZON LLP**

_____/s/ Cimone Nunley_____
Lawrence A. Organ
Cimone A. Nunley
J. Bernard Alexander III
Michael Rubin
Jonathan Rosenthal
Attorneys for Plaintiff
OWEN DIAZ