QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>  Plaintiff,<br><br>  v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>  Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**TESLA'S PROPOSED INSTRUCTION REGARDING PAST AND FUTURE NONECONOMIC DAMAGES**<br><br>Judge: Hon. William H. Orrick |

1    Plaintiff has proposed Instruction No. 32 regarding "Return of Verdict."  Dkt. 444.  The purpose of Plaintiff's proposed instruction is to assist the jury in distinguishing between the "past" and "future" noneconomic damages that Mr. Diaz seeks.  Tesla understands the reason for assisting the jury in drawing that distinction, but objects to the manner by which Plaintiff proposes to do so.  There is no basis in law or fact to instruct the jury that "past" means anything other than the time before the date when the jury awards any damages, and "future" means the time afterwards.  Any other definitions would be arbitrary, confusing, and potentially prejudicial.  Plaintiff's proposal for defining these terms based on the October 2021 date of the first trial is improper because the jury has heard no evidence that would permit it to draw a distinction between how or whether Mr. Diaz was harmed before that time or afterwards, and thus, if so instructed, the jury could only award damages based on speculation and guesswork.

The proposed alternative that was discussed at the hearing on March 29—that the delineation should be based on the date of Dr. Reading's evaluation of Mr. Diaz in October 2019—fares no better because the testimony regarding Mr. Diaz's emotional condition was similarly untethered to that date.  In particular, neither Mr. Diaz nor his daughter La Drea, who are the only fact witnesses who testified regarding Mr. Diaz's emotional condition, drew any distinction between his condition before and after Dr. Reading's evaluation.  This definition, too, would be arbitrary and confusing.

Tesla submits that there is no basis to depart from the reality that the jury will be awarding past and future damages based on the date of its verdict.  Assuming the parties have adhered to the Court's rulings that required the evidence on this retrial to be cut off as of the date of the first trial, then there is no risk that the jury's award of past or future damages could be based on evidence of Mr. Diaz's emotional distress from after the date of the first trial.  The jury need not also be instructed to so limit its damages awards.

Accordingly, Tesla submits that, if the jury is to be instructed on the distinction between past and future damages, the instruction should be as follows (which Tesla presents below as a mark-up of Plaintiff's proposed instruction):

1                                    RETURN OF VERDICT

2       A verdict form has been prepared for you.  The verdict form asks you to designate the

3  amounts of "past" and "future" non-economic damages that Owen Diaz sustained as a result of

4  Tesla, Inc.'s unlawful conduct that has been determined to have subjected Mr. Diaz to a racially

5  hostile work environment. Mr. Diaz's "past" non-economic damages are those you determine he

6  sustained before you render your verdict in this case. ~~October 2021, when the first phase of this~~

7  ~~two-phase proceeding was conducted~~. Mr. Diaz's "future" non-economic damages are those you

8  determine he sustained or will sustain after ~~that date~~ you render your verdict.

10  DATED: March 30, 2023              By: */s/ Daniel C. Posner*
                                           Daniel C. Posner
11                                         Mari Henderson
                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP
12                                         865 S. Figueroa St., 10th Floor
                                           Los Angeles, California 90017
13                                         Telephone: (213) 443-3000
14                                         Facsimile: (213) 443-3100

15                                         Alex Spiro (appearance *pro hac vice*)
16                                         alexspiro@quinnemanuel.com
                                           51 Madison Ave., 22nd Floor
17                                         New York, NY 10010
                                           Telephone: (212) 849-7000
18
                                           Asher Griffin (appearance *pro hac vice*)
19                                         ashergriffin@quinnemanuel.com
                                           300 W. 6th St., Suite 2010
20                                         Austin, TX 78701
                                           Telephone: (737) 667-6100
21
                                           *Attorneys for Defendant Tesla, Inc.*