QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART &SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OWEN DIAZ,<br><br>      Plaintiff,<br><br>    v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>      Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**<br><br>Bill of Costs Filed: April 25, 2023<br>Judgment Entered: April 11, 2023<br>Trial Date: March 27, 2023<br>Complaint filed: October 16, 2017 |

**PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 54 and Local Rules 54-2 and 54-3, Defendant Tesla, Inc. hereby objects to the Bill of Costs submitted by Plaintiff Owen Diaz (Dkt. 474). Plaintiff's Bill of Costs is objectionable and improper in multiple respects. Recognizing this, during the parties' meet and confer, counsel for Plaintiff agreed that Plaintiff will withdraw his request to recover certain of the costs identified in the objections below.

*First*, Plaintiff seeks to recover $31,438.02 in costs that were already awarded after the first trial—which are identified at Exhibits 1-58 to the Nunley Declaration (Dkt. 474-2). *Compare* Dkt. 474 *with* Dkt. 316 (Bill of Costs filed after first trial ("Original Bill") seeking $42,879.11) *and* Dkt. 345 (Clerk's Cost Award of $31,438.02). During the parties' meet and confer, Plaintiff's counsel agreed that Plaintiff is not entitled to a double recovery of these costs and will withdraw his request to recover them.

*Second*, Plaintiff seeks to recover $11,441.09 in specific costs that the Clerk previously disallowed, including $9,312.49 in deposition costs and $1,803.60 in daily transcripts from the first trial. *Compare* Dkt. 474-2, Nunley Decl. Exs. 24-58 (deposition receipts) and Ex. 23 (first trial transcript invoice) *with* Dkt. 345 at 1. Again, during the parties' meet and confer, Plaintiff's counsel agreed that Plaintiff is not entitled to these costs that the Clerk has already rejected, and will withdraw his request to recover them.

*Third*, Plaintiff seeks to recover $12,010.60 in costs that post-date the first cost award, but that fall within the same categories of costs the Clerk previously found to be disallowable, including daily transcript fees and costs for video editing. *Compare* Dkt. 474-3, Nunley Decl. Exs. E *and* F *with* Dkt. 345 at 1 (disallowing fees to rush trial transcript and video editing). These costs are not recoverable and should, as before, be disallowed.

Accordingly, Tesla respectfully requests that the Clerk reduce Plaintiff's Bill of Costs by a total of at least **$54,889.71**.

Tesla makes these objections without waiving its right to challenge or object to any future motion for attorneys fees' and costs that Plaintiff files, including Tesla's right to challenge any

award of fees on the grounds that, or to the extent that, Plaintiff was not the prevailing party in the second trial.

## OBJECTIONS

**A.   Plaintiff Cannot Obtain In Costs Previously Sought And Awarded Following The First Trial**

In his Original Bill of Costs submitted after the first trial, Plaintiff sought to recover $42,879.11 in costs.  Dkt. 316 (Original Bill).  In response to the Original Bill, the Clerk awarded $31,438.02 of those costs and disallowed $11,441.09.  Dkt. 345.  In the instant Bill of Costs, Plaintiff has resubmitted a request for the same $42,879.11 he sought after the first trial, as reflected in Exhibits 1-58 to the Nunley Declaration, plus an additional $18,986.39 of costs purportedly accrued in connection with the second trial, reflected in Exhibits A-I to the Nunley Declaration.  *Compare* Dkt. 474-2 (Nunley Decl.) Exs. 1-58 *with* Original Bill.

Plaintiff is not permitted a double recovery on his costs.  Accordingly, Tesla objects to all costs reflected in Exhibits 1-58 to the Nunley Declaration on the grounds they were previously submitted, and that any all allowable costs reflected therein were previously awarded.  *See* Dkt. 345.

During the parties' meet and confer, Plaintiff's counsel agreed that Plaintiff is not entitled to a double recovery of these costs.  Accordingly, Plaintiff's Bill of Costs should be reduced by **$31,438.02**.

**B.   Plaintiff Cannot Recover Costs Previously Disallowed By The Clerk**

Tesla also objects to Plaintiff's Bill of Costs on the grounds it seeks recovery of specific costs, in the total amount of $11,441.09, that the Clerk has already rejected and deemed disallowed.  Specifically, Plaintiff seeks (and Tesla objects to):

- $325.00 in Service of Process Fees previously rejected as disallowed "[f]ees to rush or expedite," *compare* Dkt. 474-2, Nunley Decl. Exs. 2-22 *with* Dkt.  345;

- $1,803.60 in trial transcript fees previously rejected as disallowed "[f]ees to rush or expedite," *compare* Dkt. 474-2, Nunley Decl. Ex. 23 *with* Dkt.  345;

- $9,312,49 in notary and reporter attendance fees previously rejected as disallowed "[f]ees for parking, copies beyond original + 1, expediting, attendance fees when a transcript is also billed, and editing of video," *compare* Dkt. 474-2, Nunley Decl. Exs. 24-58 *with* Dkt.  345.

Because the Clerk previously disallowed these specific costs, Plaintiff has no basis to seek them again now.  During the parties' meet and confer, Plaintiff's counsel agreed that Plaintiff is not entitled to seek these costs that the Clerk has already considered and rejected.  Accordingly, Plaintiff's Bill of Costs should be reduced by **$11,441.09**.

### C. **Plaintiff Improperly Seeks Costs In Categories Already Deemed "Disallowable" By The Clerk**

Finally, Tesla objects to **$12,010.60** in costs that Plaintiff seeks to recover that post-date his prior award of costs but that fall within categories of costs that the Clerk previously disallowed in evaluating the Original Bill.  Specifically, Plaintiff seeks (and Tesla objects to):

- $11,835.60 in trial transcript costs, which includes $2,402.40 for daily or rushed transcripts and multiple transcript copies, and $9,433.20 for Realtime services for four persons.  Dkt. 474-3, Nunley Decl. Ex. E.  As the Clerk previously determined, Plaintiff is only entitled to ordinary transcript costs, and not the cost of dailies or—it follows—Realtime.  Dkt. 345.  Any award for transcript costs should be reduced accordingly.

- $175.00 in video synching costs for Michael Wheeler's video deposition. Dkt. 474-3, Nunley Decl. Ex. F.  This cost appears to relate to some form of video editing—which, in any event, was unnecessary as Mr. Wheeler testified live and thus his video did not need to be played or edited by Plaintiff—which the Clerk previously disallowed.  Dkt. 345.  So too here.

During the parties' meet and confer, counsel for Plaintiff did not agree to withdraw Plaintiff's request to recover these costs, even though they fall within categories of costs that the Clerk previously rejected.  Accordingly, Plaintiff's Bill of Costs should be reduced by **$11,441.09**.

### CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Clerk reduce Plaintiff's Bill of Costs in the total amount of **$54,889.71**.

| | | |
|---|---|---|
| 1 | DATED: May 9, 2023 | By: */s/ Daniel C. Posner* |
| 2 | | Alex Spiro (appearance *pro hac vice*) |
| 3 | | alexspiro@quinnemanuel.com<br>51 Madison Ave., 22nd Floor |
| 4 | | New York, NY 10010<br>Telephone: (212) 849-7000 |
| 5 | | |
| 6 | | Daniel C. Posner<br>Mari Henderson |
| 7 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor |
| 8 | | Los Angeles, California 90017<br>Telephone: (213) 443-3000 |
| 9 | | Facsimile: (213) 443-3100 |
| 10 | | Asher Griffin (appearance *pro hac vice*) |
| 11 | | ashergriffin@quinnemanuel.com<br>300 W. 6th St., Suite 2010 |
| 12 | | Austin, TX 78701<br>Telephone: (737) 667-6100 |
| 13 | | *Attorneys for Defendant Tesla, Inc.* |