QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART &SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| OWEN DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>        Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND THE JUDGMENT**<br><br>Hearing Date: July 19, 2023<br>Hearing Time:  2 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 19, 2023, at 2 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2, 17th Floor, of the United States Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable William H. Orrick presiding, Defendant Tesla, Inc., through its counsel, will move and hereby does move pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment on the ground that the punitive damages award is manifestly erroneous because it exceeds the 9:1 ratio to compensatory damages that is the outermost constitutional limit under the *State Farm* line of cases, Ninth Circuit precedent, and this Court's prior order in this case.

This motion is based upon this notice of motion and motion; all pleadings and papers on file in this action; such other evidence or arguments as may be presented to the Court; and such other matters of which this Court may take judicial notice.

## ISSUE TO BE DECIDED

1. Should the Court amend the judgment to reduce the award for punitive damages to $1,575,000, which represents nine times the compensatory damages award of $175,000, the outermost constitutional limit of punitive damages in this case under *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), Ninth Circuit precedent, and this Court's prior post-trial order?

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..........................................................................................................1

LEGAL STANDARD .......................................................................................................................1

I.    THE $3 MILLION PUNITIVE DAMAGES JUDGMENT EXCEEDS A 9:1 RATIO TO COMPENSATORY DAMAGES ..................................................................2

II.    RULE 59(e) REQUIRES AMENDMENT OF THE JUDGMENT TO CORRECT THIS MANIFEST LEGAL ERROR ............................................................................3

CONCLUSION ................................................................................................................................6

**PRELIMINARY STATEMENT**

This Court, following uniform binding Supreme Court and Ninth Circuit law, has already found that a 9:1 ratio of punitive to compensatory damages is the constitutionally permissible upper bound for punitive damages in this case. Rather than dispute that finding or argue for a lower ratio, Tesla asks this Court here to amend the judgment to be consistent with the constitutional limit.

After the retrial on damages, the jury awarded Plaintiff Mr. Owen Diaz $175,000 in compensatory damages and $3,000,000 in punitive damages. Dkt. 463. The Court entered judgment on that verdict. Dkt. 471. Pursuant to Federal Rule of Civil Procedure 59(e), Tesla respectfully requests that the Court amend that judgment because it is manifestly legally erroneous under controlling law setting forth a 9:1 ratio to compensatory damages as the outermost constitutional limit on punitive damages on a record like that in this case. The second jury's award of $3,000,000 in punitive damages amounts to a more than 17:1 ratio to the $175,000 compensatory damage award. The punitive damages award is therefore manifestly erroneous. As the Court has already held in its prior order on post-trial motions after the first trial, any award of punitive damages in this case may not exceed a 9:1 ratio to compensatory damages without running afoul of the constitutional limits on punitive damages imposed by the Due Process Clause under the *State Farm* line of cases and settled Ninth Circuit precedent. Dkt. 328 at 37-43. The Court should therefore amend the judgment under Rule 59(e) to reduce the punitive damages award to $1,575,000—an amount that is nine times the compensatory damages award—and accordingly enter an amended judgment reducing the total damages award to $1,750,000.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment" within 28 days after the entry of that judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)); *see also* 11 Wright & Miller's Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) ("Rule 59(e) covers a broad range

of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment . . . .").

The Ninth Circuit has specified four grounds upon which a Rule 59(e) motion may be granted: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quotation marks and citation omitted).  Rule 59(e) serves a "corrective function" for errors arising in a judgment and is not for "new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

## **ARGUMENT**

Amended judgment under Rule 59(e) is required here "to correct [a] manifest error[] of law," *Turner*, 338 F.3d at 1063.  Because the punitive damages award exceeds the outermost constitutional limit this Court has already recognized as governing on the record in this case, namely a 9:1 ratio to compensatory damages, the judgment is manifestly erroneous.

### I.  **THE $3 MILLION PUNITIVE DAMAGES JUDGMENT EXCEEDS A 9:1 RATIO TO COMPENSATORY DAMAGES**

As the Court recognized in its order on post-trial motions after the first trial, it is well-settled that "punitive damages must be 'reasonable and proportionate' to the harm and compensatory damages." Dkt. 328 at 41 (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424 (2003)). "When punitive damages are 'grossly excessive,' they violate the Due Process Clause." *Hardeman v. Monsanto Co.*, 997 F.3d 941, 972 (9th Cir. 2021) (quoting *State Farm,* 538 U.S. at 416).  And the Court found the prior award of punitive damages unconstitutional under that settled law.  Dkt. 328 at 37-43.  The Court reached that conclusion after assessing the trial evidence under the three *State Farm* guideposts: degree of reprehensibility, ratio between compensatory and punitive damages, and comparison to similar civil penalties.  *State Farm*, 538 U.S. at 418.  As the Court recognized, these guideposts make clear that "few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process." Dkt. 328 at 40, 41

(quoting *State Farm*, 538 U.S. at 425). Accordingly, the Court "conclude[d] that a 9:1 ratio is appropriate." *Id.* at 42. And based on the evidence in the first trial, the Court held that the "reprehensibility considerations . . . cut in Tesla's favor and counsel against increasing the penalty above a single-digit ratio." Dkt. 328 at 40. Accordingly, the Court entered an order that would have remitted the punitive damages award to $13.5 million—or nine times the Court's remitted compensatory damages award of $1.5 million—had Mr. Diaz not rejected that remittitur and opted for a new trial on damages. Dkt. 328 at 43.

The second jury's award of $3,000,000 in punitive damages is likewise constitutionally erroneous for exceeding a 9:1 ratio to compensatory damages. The $3,000,000 punitive damage award bears a ratio of more than 17:1 in relation to the $175,000 in compensatory damages awarded by the second jury. That punitive-damages award is unconstitutional under the due process limits imposed by the Supreme Court's *State Farm* guideposts, settled Ninth Circuit precedent, and this Court's prior post-trial order, and is thus manifestly erroneous.

## II. RULE 59(e) REQUIRES AMENDMENT OF THE JUDGMENT TO CORRECT THIS MANIFEST LEGAL ERROR

Because an award of punitive damages representing a 17:1 ratio to compensatory damages is manifestly erroneous under the above settled law, Rule 59(e) provides the Court clear authority to amend the judgment to reduce punitive damages to an amount representing a 9:1 ratio to compensatory damages—the maximum amount permissible under the constitutional limits set forth in *State Farm*, Ninth Circuit precedent, and this Court's prior post-trial order.

Rule 59(e) is routinely invoked for the purpose of so reducing unconstitutional punitive damages awards. In *Bahamas Surgery Ctr., LLC. v. Kimberly-Clark Corp.*, for example, the district court granted the defendant's Rule 59(e) motion to amend the judgment to reduce the punitive damages award to within the constitutional limits set by *State Farm*. 2018 WL 11274489, at *18 (C.D. Cal. Apr. 11, 2018), *vacated and remanded on separate grounds*, 820 F. App'x 563 (9th Cir. 2020); *see also, e.g.*, *Degorski v. Wilson*, 2014 WL 3511220, at *1, *4 (N.D. Ill. July 16, 2014) (finding a "manifest error of law or fact" warranting the grant of a Rule 59(e) motion to "reduce[] the amount of punitive damages"); *Marable v. Nitchman*, 2008 WL 11506621, at *2 (W.D. Wash.

Nov. 26, 2008) (entertaining a Rule 59(e) motion to reduce punitive damages but denying it on the facts); *mophie, Inc. v. Shah*, 2015 WL 13917980, at *16 (C.D. Cal. Dec. 11, 2015) (granting a Rule 59(e) motion to amend a final judgment by striking punitive damages for lack of evidence of the defendant's financial condition); *Luna v. Zaman*, 2008 WL 11451141, at *7-8 (D. Nev. Mar. 14, 2008) (striking the jury award of punitive damages pursuant to a Rule 59(e) motion due to the absence of substantial evidence of oppression, fraud or malice); *Fox v. Hayes*, 2008 WL 4411574, at *4 (N.D. Ill. Sept. 25, 2008) (granting Rule 59(e) motion to strike punitive damages award from judgment because punitive damages were not available as a matter of law), *aff'd in part, vacated in part, rev'd in part*, 600 F.3d 819 (7th Cir. 2010); *Mengelkamp v. Lake Metro. Hous. Auth.*, 549 F. App'x 323, 334-35 (6th Cir. 2013) (recognizing that a defendant may challenge the basis for a punitive damages award under Title VII via a Rule 59(e) motion but affirming district court's denial on the facts).[1]

Nor is there any basis for the Court to now depart from its prior ruling and award punitive damages exceeding the 9:1 ratio that the Court previously held was the constitutional maximum in this case. This is so for several reasons.

*First*, the Court did not permit any new evidence concerning punitive damages in the retrial; the parties were "bound in the new trial on damages by the evidence presented in the previous trial," and "[n]o new witnesses or exhibits [were] allowed." Dkt. 409 at 1.

*Second*, undisputed evidence at the retrial supports and reinforces the Court's prior ruling that "reprehensibility considerations . . . cut in Tesla's favor and counsel against increasing the penalty above a single-digit ratio." Dkt. 328 at 40. For example, Amy Oppenheimer, Mr. Diaz's expert witness on workplace discrimination policies, conceded at the retrial that Tesla's policies

---

[1] These punitive damages rulings are of a piece with the broader use of Rule 59(e) to amend excessive damages judgments wherever based on errors of law. *See, e.g.*, *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1020 (N.D. Cal. 2010) (granting Rule 59(e) motion to amend judgment to reduce damages because jury's verdict "constitute[d] a clear error that the Court may, at its discretion, correct on [defendant]'s Rule 59(e) motion"); *Sattar v. Unocal Corp.*, 829 F. Supp. 331, 334 (N.D. Cal. 1993) (Orrick Jr., J.) (reducing compensatory damages under Rule 59(e) on the basis that the backpay damages were disallowed under law); *Waldo v. Consumers Energy Co.*, 2011 WL 4529375, at *8 (W.D. Mich. Sept. 30, 2011) (reducing compensatory damages under Title VII via Rule 59(e) "to comply with the statutory cap"), *aff'd*, 726 F.3d 802 (6th Cir. 2013).

barring racially discriminatory were "fine" and "adequate." Tr. 472:11, 515:9-11 (Oppenheimer). Moreover, Mr. Diaz's witnesses admitted at the retrial that Tesla had processes in place to enforce these policies. *See, e.g.*, Tr. 409:8-410:8, 439:17-440:1 (Jackson); Tr. 558:21-559:1 (Romero); Tr. 297:19-299:2 (Kawasaki). (.  Mr. Diaz's witnesses also admitted that, pursuant to these policies, Tesla disciplined Judy Timbreza for any racial misconduct to Mr. Diaz's satisfaction. *See* Trial Ex. 039; Tr. 291:12-17, 276:19-277:5, 314:14-20 (Kawasaki); Tr. 659:1-4 (Diaz).  And it was further undisputed that Tesla disciplined Ramon Martinez with a "verbal warning" for the elevator incident, *see* Trial Exs. 103 & 076; Tr. 388:18-389:2, 422:22-423:10 (Jackson), and a three-day unpaid suspension and final written warning after the racist drawing incident, *see* Trial Ex. 272; Tr. 432:14-16 (Jackson)—an incident that Mr. Diaz's expert Ms. Oppenheimer admitted did not require Mr. Martinez's termination, *see* Tr. 508:16-509:3 (Oppenheimer).  Ultimately, Mr. Diaz's own expert admitted that Tesla's conduct amounted, in substance, merely to negligence at most. *See* Tr. 516:18-25 (Oppenheimer) ("Q. In this case you—you reached the conclusion that the reasonable employer should have taken more steps to investigate and that Tesla was negligent in their conduct; correct? A. Yeah. I probably don't use the word 'negligent,' but—but yes, what they did was subpar and was not consistent with what was acceptable practice during the period of time that these events occurred.").[2]

*Third*, the fact that the second jury awarded less in compensatory damages ($175,000) than the first jury does not warrant any increase above the 9:1 ratio in punitive damages.  Any exception to the single-digit ratio rule applies only to the rare and narrow circumstance where "a particularly egregious act has resulted in only a small amount of economic damages." *Bains LLC v. Arco Prod. Co., Div. of Atl. Richfield Co*., 405 F.3d 764, 776 (9th Cir. 2005).  And the Ninth Circuit has held under that standard that $50,000 in compensatory damages was not a "small amount" and did not

---

[2] Negligent conduct alone cannot serve as a basis for punitive damages. *See E.E.O.C. v. Wal-Mart Stores, Inc.*, 156 F.3d 989, 992 (9th Cir. 1998); *May v. Chrysler Grp., LLC*, 716 F.3d 963, 974 (7th Cir. 2013); *Pastora v. Cnty. of San Bernardino*, 2021 WL 8743941, at *7 (C.D. Cal. Dec. 22, 2021); Model Civ. Jury Instr. 9th Cir. No. 5.5 (2022).  Punitive damages are supportable only by acts performed with "malice" or "reckless indifference," *i.e.*, an employer must act "in the face of a perceived risk that its actions will violate federal law," and so "a positive element of conscious wrongdoing is always required." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 538 (1999).

support a higher-than-single-digit punitive-damages ratio. *Id*. ("This is not a 'small amount' case because the economic damages were substantial—$50,000. The controlling Supreme Court authority therefore implies a punitive damages ceiling in this case of, at most, $450,000 (nine times the compensatory damages) . . . ."); *see also Paul v. Asbury Auto. Grp., LLC*, 2009 WL 188592, at *11 (D. Or. Jan. 23, 2009) ("The [Supreme] Court has noted that if the compensatory damages are substantial, a lesser ratio, 'perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee.' I consider $150,000 in compensatory damages to be substantial, particularly in light of the fact that plaintiffs suffered no long-term effects and the damages are based on emotional harm, something not easily quantified." (quoting *State Farm*, 538 U.S. at 425)).

If $50,000 and $150,000 in compensatory damages are "substantial" and not "small amounts," so too for the $175,000 compensatory damages award here. Indeed, a total award of $1,750,000 in damages here is still more than five times the $300,000 damages cap for any workplace discrimination claim brought under Title VII, a factor the Court previously determined weighed "in favor of a reduction" of the first jury's punitive damages award in this case. Dkt. 328 at 42; *see Bains*, 405 F.3d at 777 (the Title VII damages cap provides "an appropriate benchmark for reviewing § 1981 damage awards" under the third *State Farm* guidepost).

Accordingly, both as a matter of law and in consideration of the undisputed evidence presented on retrial, there is no basis to exceed the single-digit ratio the Court found was the constitutional maximum after the first jury verdict.

## CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court grant its Rule 59(e) motion to amend the judgment to reduce the punitive damages to the constitutional maximum of $1,575,000 and the total damages award to $1,750,000.


| | |
|---|---|
| DATED: May 9, 2023 | By: */s/ Daniel C. Posner* |

Alex Spiro (appearance *pro hac vice*)
alexspiro@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

Daniel C. Posner
Mari Henderson
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Asher Griffin (appearance *pro hac vice*)
ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*