LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:   (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
**ALEXANDER MORRISON & FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 394-0888
Facsimile:    (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:   (415) 421-7151
Facsimile:    (415) 362-8064

DUSTIN L. COLLIER (SBN 264766)
dcollier@collierlawsf.com
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd. Suite 100
Corte Madera, CA 94925
Telephone:   (415) 767-0047
Facsimile:    (415) 767-0037

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.;<br><br>　　　Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S NOTICE OF NEW EVIDENCE IN SUPPORT OF RENEWED MOTION FOR MISTRIAL AND MOTION FOR A NEW TRIAL**<br><br>Trial Date: March 27, 2023<br>Complaint filed: October 16, 2017 |

## I. INTRODUCTION

This Court currently has under submission plaintiff Owen Diaz's motions for mistrial (Dkt. 453) and for a new trial (Dkt. 478), both of which demonstrate that defendant Tesla engaged in attorney misconduct during the discovery phase of the original trial and the recent damages retrial that deprived Mr. Diaz of his right to due process and to a fair trial. Among the many instances of misconduct documented in Mr. Diaz's motions were (1) Tesla's wrongful failure to produce highly material evidence in discovery (the email chain and accompanying photographs that confirmed Michael Wheeler's testimony about feces having been placed on the seat of his cart); and (2) Tesla's repeated, and highly prejudicial, cross-examinations of plaintiff and his witnesses with questions Tesla's lawyers knew were improper, including because those questions rested upon factual assertions that Tesla's attorneys knew were false or knew they could not corroborate through admissible evidence. (Dkt. 441 (Wheeler incident); Dkt.453 4:23-8:23 (same); Dkt. 478 7:8-12:12 (same); Dkt. 453 8:24-16:12 (improper questioning with no evidentiary basis); Dkt. 478 12:13-17:16, 18:26-22:8 (same)); *see United States v. Sanchez*, 176 F.3d 1214, 1223 (9th Cir. 1999) ("It is improper, under the guise of artful cross-examination, to tell the jury the substance of inadmissible evidence."); *Searcy v. Jaimet*, 332 F.3d 1081, 1088 (7th Cir. 2003) ("[P]urely conjectural or speculative cross-examination is neither reasonable nor appropriate."); *Ramos v. Cnty. of Suffolk*, 707 F. Supp. 2d 421, 428 (E.D.N.Y. 2010) (party may not "directly impeach[] the [witness's] credibility without any evidentiary basis" in the record).

This past Friday, August 4, 2023, Mr. Diaz's attorneys learned of yet another, previously unknown, example of Tesla's violations of its obligations to produce relevant discovery in this case and of its resulting improper cross-examination of Owen Diaz and other plaintiff witnesses. By this Notice of New Evidence, Mr. Diaz requests that the Court *not* rule on his two pending motions until it can consider this additional evidence as it pertains to those motions.

Because that evidence was produced by Tesla in a different lawsuit, and because Tesla has designated that evidence as "CONFIDENTIAL" pursuant to the protective order in that other lawsuit (improperly, Mr. Diaz believes), Mr. Diaz cannot submit that evidence to this Court until either: (1) this Court orders Tesla to produce unredacted copies of the documents (which are Bates Stamped TSLA(VGN) 26869, 26870, 27092, 27094, and 27095 in *Vaughn et al. v. Tesla,*

*Inc.*, Alameda Superior Court No. RG17882082 ("*Vaughn*")); or (2) the trial court in *Vaughn*, pursuant to the procedures set forth in the *Vaughn* Protective Order or otherwise, either removes Tesla's designation of these emails as confidential or orders Tesla to allow these documents to be filed in this case.

Mr. Diaz's position is that Tesla should have produced the newly discovered documents (an email chain and accompanying photograph dated toward the end of Mr. Diaz's tenure at Tesla) before the first trial in this case, pursuant to General Order 71, three of Mr. Diaz's requests for production, and this Court's October 3, 2019 Order (Dkt. 93). Mr. Diaz also believes that Tesla should not have been permitted to cross-examine Mr. Diaz and two of his witnesses based on factual assertions by Tesla's counsel that were contradicted by these newly discovered documents.

It is only due to the fortuity that Tesla is now represented by different defense counsel in the state court *Vaughn* action that Mr. Diaz's counsel recently obtained copies of these documents (as part of a 34,000-page document production). (Nunley Decl. ¶ 3) Mr. Diaz's counsel requested a meet and confer with Tesla's counsel in *Diaz* immediately after learning of these documents. (Nunley Decl. ¶ 6) The parties subsequently exchanged a series of emails, in which Tesla stated that it is not prepared to meet and confer. *Id.* Mr. Diaz's counsel thereupon asked whether, at a minimum, Tesla would agree that Mr. Diaz could attach copies of the newly discovered documents to a filing in this Court (including under seal) notwithstanding its designation of the documents as "CONFIDENTIAL" under the *Vaughn* protective order and whether Tesla would also agree to unredact the names of the recipients of the initial email and the responders to that email. *Id.* Tesla's counsel have *not* agreed to those requests. *Id.*

For the reasons set forth below, plaintiff now asks this Court to order Tesla to file unredacted copies of the designated documents with the Court and to serve such copies on plaintiff's counsel, and to consider that new evidence as it pertains to the pending motions for mistrial and new trial. Plaintiff also requests that the Court impose whatever additional sanctions on Tesla as it deems appropriate.

**II. FACTUAL BACKGROUND**

Two of the law firms that represent Mr. Diaz in this lawsuit (California Civil Rights Law

1  Group and Altshuler Berzon LLP) are also attorneys for the named plaintiffs and putative class
2  in *Vaughn*, a racial harassment class action against Tesla pending in Alameda County Superior
3  Court. (Nunley Decl. ¶ 2) In July 2023, Tesla's defense counsel in *Vaughn* case (not Quinn
4  Emanuel) produced over 34,000 pages of discovery materials to the named plaintiffs in that case.
5  (Nunley Decl. ¶ 3) As a result of that production, Mr. Diaz's counsel on August 4, 2023 became
6  aware of the email chain and photograph now at issue. (*Id.*) Although the emails identify the
7  person who sent the initial email (and who received the response), Tesla has redacted the names
8  of the initial recipients and responders. (*Id.*)

9  Promptly after seeing this email for the first time, Mr. Diaz's counsel contacted Tesla's
10 counsel to demand an explanation for Tesla's failure to have produced this plainly relevant
11 document in *Diaz* discovery. (Nunley Decl. ¶ 6) After an initial exchange of emails between
12 counsel, Mr. Diaz's counsel on Monday morning, August 7, 2023, renewed their request for a
13 meet and confer. (Nunley Decl. ¶ 6) The parties then had a further email exchange, in which
14 Tesla stated it was not prepared to meet and confer. (*Id.*) Mr. Diaz's counsel again asked Tesla to
15 authorize Mr. Diaz to submit those documents to this Court and to unredact the names of the
16 individuals on the email chain. (*Id.*) Tesla has not provided the requested authorization.

17 At the same time, plaintiff's counsel in the *Vaughn* action asked Tesla's attorneys in
18 Vaughn to de-designate the documents as "CONFIDENTIAL"—because there is no legitimate
19 basis for that designation—and to unredact the recipients' email addresses. (Nunley Decl. ¶ 7)
20 Again, Tesla has thus far not responded. (*Id.*) Unfortunately, the Protective Order in *Vaughn*
21 does not include any provision for obtaining de-classification of a document marked
22 "CONFIDENTIAL" on an expedited or emergency basis. (Nunley Decl. ¶ 8, Exh. 1)

23 **III. LEGAL ARGUMENT**
24 **A. Legal Standard**
25 A district court's authority to declare a mistrial is "governed not by rule or statute but by
26 the control necessarily vested in courts to manage their own affairs so as to achieve the orderly
27 and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).
28 Attorney misconduct is grounds for mistrial. See, e.g., *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1115 n.13 (9th Cir. 2005). Attorney misconduct is also grounds for a new trial where "the flavor

of misconduct … sufficiently permeates an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Anheuser-Busch, Inc. v. Nat. Bev. Distributors*, 69 F.3d 337, 346 (9th Cir. 1995). No curative instruction could have remedied Tesla's deliberate and knowing withholding of material evidence that would have supported Mr. Diaz's claims, while at the same time attacking Mr. Diaz's credibility based on factual assertions that its own documents demonstrate were not true.

### B. Tesla's Refusal to Produce This Document Constituted Misconduct and Raises Serious Questions as to Whether Tesla Produced All Relevant Documents in Discovery.

"Failure to disclose or produce materials requested in discovery can constitute 'misconduct'" sufficient to justify a grant of a new trial. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990). In *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402 (9th Cir. 1995), for example, the Ninth Circuit affirmed an order granting a new trial where plaintiff improperly withheld evidence that would have "indirect[ly] rebutted" its claimed damages, could have been "valuable impeachment evidence" for witnesses, and could have led to the discovery of more evidence supporting the plaintiff's claims. *Id.* at 1405.

The email chain and photograph at issue should have been produced in discovery for reasons that will become clear when the Court reviews those documents.

Had Tesla produced those documents when required, Mr. Diaz could have taken further discovery into the incident described and depicted, including by deposing the previously unknown individual who initiated the email chain as well as the Tesla employees who received copies of the emails and attachment. Instead, Tesla was able to use the purported lack of documentary or photographic proof of the matter at issue when cross-examining Mr. Diaz and two of his witnesses, by asserting that they were not telling the truth when they testified about what they saw in the workplace.

A trial cannot be "fair" when one party has selectively withheld information that harms its case and supports its opponent's. Mr. Diaz was deprived of a fair trial because, in addition to the reasons set forth in the pending motions, he did not have the benefit of these critical documents that would have supported his claims, refuted Tesla's contrary assertions and, at a minimum, stopped Tesla from attacking Mr. Diaz's credibility by making assertions that its own

documents refuted.

This is, of course, not the first time that Tesla has wrongfully withheld documents during discovery in this case. (*See* Dkt. 441 (failure to produce Wheeler email thread and accompanying photographs); Dkt.453 4:23-8:23 (same); Dkt. 478 7:8-12:12 (same)) There may well be more. Unfortunately, there is no way to know for sure, given that discovery production under the federal rules of civil procedure is largely self-policing. Our advocacy system of justice can only survive if *both* parties and *both* sets of attorneys scrupulously obey the rules by producing all requested relevant materials, whether those materials help their clients' cause or not. It is becoming increasingly clear that Tesla's side has violated that critical principle, thereby depriving Mr. Diaz of his right to due process and a fair trial.

## IV. CONCLUSION

For the reasons stated above, Mr. Diaz requests that the Court order Tesla to produce unredacted copies of the email chain and photograph at issue to this Court and to plaintiff's counsel, and to set an expedited briefing schedule so the parties may address the relevance of those documents to the pending motions. Plaintiff also requests that the Court such other sanctions against Tesla and its counsel as the Court deems appropriate.

DATED:  August 8, 2023                          Respectfully submitted,


                                                 Cimone A. Nunley
                                                 CALIFORNIA CIVIL RIGHTS LAW GROUP
                                                 ALEXANDER MORRISON + FEHR LLP
                                                 ALTSHULER BERZON LLP
                                                 COLLIER LAW FIRM, LLP
                                                 Attorneys for Plaintiff OWEN DIAZ