LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:     (415)-453-7352
Facsimile:     (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
**ALEXANDER MORRISON & FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:     (310) 394-0888
Facsimile:     (310) 394-0811
Attorneys for Plaintiff,
OWEN DIAZ

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:     (415) 421-7151
Facsimile:     (415) 362-8064

DUSTIN L. COLLIER (SBN 264766)
dcollier@collierlawsf.com
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd. Suite 100
Corte Madera, CA 94925
Telephone:   (415) 767-0047
Facsimile:     (415) 767-0037

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.;<br><br>    Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DECLARATION OF CIMONE NUNLEY IN SUPPORT OF PLAINTIFF'S NOTICE OF NEW EVIDENCE**<br><br>Trial Date: March 27, 2023<br>Complaint filed: October 16, 2017 |

I, CIMONE A. NUNLEY, hereby declare:

1.  I am an attorney licensed to practice law in the State of California. I am an attorney with the law firm of California Civil Rights Law Group, co-counsel for plaintiff Owen Diaz in this action. I have personal knowledge of the facts stated herein and if called upon to testify, I could and would competently testify thereto, except as to those matters that are stated upon information and belief. I hereby submit this declaration in support of Plaintiff's Notice of New Evidence in Support of Plaintiff's Renewed Motion for Mistrial and Motion for a New Trial.

2.  The California Civil Rights Law Group and Altshuler Berzon LLP are among the counsel of record on behalf of the named plaintiffs and putative class members in a pending Alameda County Superior Court class action alleging racial discrimination in Tesla's Fremont factory, *Vaughn et al. v. Tesla, Inc.*, Alameda Superior Court No. RG17882082 ("*Vaughn*").

3.  In July 2023, Tesla produced approximately 34,000 pages of documents to the named *Vaughn* plaintiffs. While reviewing these documents on August 4, 2023, we discovered two email chains dated March 3, 2016—during the time Mr. Diaz worked in the Tesla factory. The Bates Stamp numbers of those documents are TSLA(VGN) 26869, 26870, 27092, 27094, and 27095. Both email chains attach the same photograph.

4.  . Pursuant to the Protective Order in *Vaughn*, Tesla marked these documents as "CONFIDENTIAL." Although the email chain identifies the person who sent the initial email (who to the best of my knowledge was not identified in Tesla's disclosures or discovery responses in *Diaz*), Tesla redacted the names of the recipients of that email and the name of the person who responded to the sender.

5.  I believe that these documents would have been responsive to General Order 71 as well as to several discovery requests that our office served in the *Diaz* matter, and this Court's subsequent order pertaining to those requests. Dkt. 93.

6.  Upon discovering this email chain in the *Vaughn* production, my office promptly contacted Tesla's counsel of record in this matter, Quinn Emmanuel Urqhart & Sullivan, LLP ("Quinn Emmanuel") by email at 12:07 PM on Friday, August 4, 2023. We informed Tesla that we had received a document that we believed was responsive to our discovery requests in *Diaz* and should have been produced. We asked Tesla's counsel to meet and confer before noon on Monday, August 7, 2023, and we asked them to be prepared to explain Tesla's deficient production. We subsequently also asked Tesla to withdraw its "CONFIDENTIAL" designation of the documents in *Vaughn* so we could submit them to this Court, and we further asked Tesla to unredact the names of the senders and recipients of these documents. On August 7, 2023, we renewed our request to meet and confer. Tesla's counsel stated that they were not prepared to meet and confer. They did not respond to our repeated requests to retract the "CONFIDENTIAL" designation or our request to withdraw the redactions..

7.  On Sunday, August 6, 2023, at 5:17 PM, my office separately reached out to Tesla's counsel in the *Vaughn* matter, Reed Smith LLP. Mr. Diaz's counsel challenged the confidential designations and requested that Reed Smith immediately agree to withdraw the "CONFIDENTIAL" designations in light of Mr. Diaz's pending new trial motion and to unredact the email addresses of the recipients of the emails. Mr. Diaz's counsel requested a response no later than 4:00 PM on Monday, August 7, 2023. We still have not received a response.

8.  Attached hereto as Exhibit 1 is a true and correct copy of the Protective Order in *Vaughn*. That Protective Order does not include any provision for expedited de-classification of an improper "CONFIDENTIAL" designation by the Court. The process set forth in the Protective Order for obtaining de-classification of an improperly classified documents could take several weeks or more.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 8, 2023 in Sacramento, California.

Cimone Nunley

DEC OF CIMONE NUNLEY

# Exhibit

# **1**

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2       Including Professional Corporations

3   TRACEY A. KENNEDY, Cal. Bar No. 150782
    tkennedy@sheppardmullin.com
4   333 South Hope Street, 43rd Floor
    Los Angeles, California 90071-1422
5   Telephone:    213.620.1780
    Facsimile:    213.620.1398

6
    PAUL S. COWIE, Cal. Bar No. 250131
7   pcowie@sheppardmullin.com
    PATRICIA M. JENG, Cal. Bar No. 272262
8   pjeng@sheppardmullin.com
    SAMI HASAN, Cal Bar No. 272333
9   shasan@sheppardmullin.com
    GAL GRESSEL, Cal. Bar No. 286312
10  ggressel@sheppardmullin.com
    LUIS F. ARIAS Cal. Bar No. 317819
11  larias@sheppardmullin.com
    Four Embarcadero Center, 17th Floor
12  San Francisco, CA 94111-4109
    Telephone:    415.434.9100
13  Facsimile:    415.434.3947

14  Attorneys for Defendant
    TESLA, INC.

15
    *ATTORNEYS FOR PLAINTIFF*
16  *ON THE FOLLOWING PAGE*

17

18              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

19                          **COUNTY OF ALAMEDA**

20  MARCUS VAUGHN, individually and on      Case No. RG17882082
    behalf of all others similarly situated,
21                                           **STIPULATION AND PROTECTIVE**
                    Plaintiff,               **ORDER**
22
    v.                                       Complaint Filed:  November 13, 2017
23                                           Trial Date:       None set
    TESLA, INC. doing business in California as
24  TESLA MOTORS, INC.,                      Assigned for all purposes to the Hon. Winifred
                                             Y. Smith, Dept. 21
25                  Defendant.

26

27

28
                                                -1-          Case No. RG17882082
    SMRH:4851-0995-9616.2                        STIPULATION AND PROTECTIVE ORDER

BRYAN SCHWARTZ LAW
BRYAN SCHWARTZ (SBN 209903)
NATASHA BAKER (SBN 319381)
180 Grand Ave., Suite 1380
Oakland, California 94612
Tel: (510) 444-9300
Fax: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
natasha@bryanschwartzlaw.com

CALIFORNIA CIVIL RIGHTS LAW GROUP
LAWRENCE ORGAN (SBN 175503)
NAVRUZ AVLONI (SBN 279556)
332 San Anselmo Ave.
San Anselmo, CA 94960
Tel:  (415) 453-4740
Fax:  (415) 785-7352
Email:  larry@civilrightsca.com
navruz@civilrightsca.com

Attorneys for Plaintiff
MARCUS VAUGHN

Case No. RG17882082

SMRH:4851-0995-9616.2

STIPULATION AND PROTECTIVE ORDER

1   WHEREAS the parties in the action pending in the Superior Court of California, County of

2   Alameda entitled *Marcus Vaughn v. Tesla, Inc. dba Tesla Motors, Inc.*, Case No. RG17882082

3   ("the Litigation"), anticipate that during the course of the Litigation documents and/or information

4   of a sensitive, private and confidential nature may be produced in the course of discovery or

5   otherwise disclosed or provided, and the parties wish to protect the confidentiality of such

6   documents or information while ensuring that discovery may be pursued with a minimum of delay

7   and expense;

8   THEREFORE Defendant TESLA, INC. dba TESLA MOTORS, INC. and Plaintiff

9   MARCUS VAUGHN (hereafter "Party or Parties"), by and through their counsel, hereby stipulate

10  and agree to the following proposed Protective Order Re: Confidential Information ("Protective

11  Order"), subject to court approval:

12  **I.      SCOPE OF PROTECTIVE ORDER**

13          a)      The protection of this Protective Order may be invoked with respect to any

14  documents, testimony, information, and things (collectively "materials") produced or created in

15  this action that contain Confidential Information.  As used herein, the term "Confidential

16  Information" includes testimony and records, including but not limited to discovery responses and

17  depositions, whether hardcopy or electronic, that contain confidential, commercially sensitive,

18  and/or proprietary trade secret information, including, but not limited to, technical and

19  competitively-sensitive information protected by law, and information protected by California's

20  constitution and common law right to privacy.  As set forth below, materials containing

21  Confidential Information may be designated as "Confidential" or "Confidential – Attorneys' Eyes

22  Only."  Such designation may be made by another Party or non-party producing materials in this

23  action ("Producing Party"), or may be made by a Party who determines, in good faith, that

24  materials produced by a non-party contain Confidential Information ("Designating Party") even

25  though not so designated by the Producing Party.  The protections conferred not only cover

26  Confidential Information, but also any information copied or extracted therefrom, as well as

27  copies, excerpts, abstracts, summaries, compilations thereof, in addition to testimony,

28

1 conversations or presentations by parties or parties' counsel or in court or in other settings that

2 might reveal Confidential Information.

3       b)     In the event that additional Parties join or are joined in this litigation, they shall not

4 have access to materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only"

5 pursuant to this Protective Order until they have executed and, at the request of any Party, filed

6 with the court their agreement to be bound by this Protective Order and shall not have access to

7 materials designated as "Confidential – Attorneys' Eyes Only" except as provided in paragraph V

8 of this Protective Order.

9 **II.**    **<u>DESIGNATION OF MATERIALS AS CONFIDENTIAL OR CONFIDENTIAL-</u>**

10     **<u>ATTORNEYS' EYES ONLY</u>**

11       a)     "Confidential" materials shall include only such information as the Producing or

12 Designating Party in good faith contends should be protected pursuant to this Protective Order on

13 the grounds that the information is properly subject to protection under existing California or

14 federal law.  A Producing or Designating Party may designate Discovery Material as

15 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is

16 extremely confidential and/or sensitive in nature and the Producing or Designating Party

17 reasonably believes that the disclosure of such Discovery Material is likely to cause economic

18 harm or significant competitive disadvantage to the Producing or Designating Party.

19       b)     In making the designation of materials pursuant to this Protective Order, the

20 Producing or Designating Party shall give due consideration to whether the information contained

21 in the materials (1) has been produced, disclosed or made available to the public in the past, (2)

22 has been published, communicated or disseminated to others not obligated to maintain the

23 confidentiality of the information contained therein, (3) has not been preserved or maintained in a

24 manner calculated to preserve its confidentiality, or (4) is available from a third party or

25 commercial source that is not obligated to maintain its confidentiality or privacy.  The Producing

26 or Designating Party shall also give due consideration to the age of the materials.

27       c)     The protection of this Protective Order may be invoked with respect to materials in

28 the following manner:

SMRH:4851-0995-9616.2              STIPULATION AND PROTECTIVE ORDER

i.    Documents when produced or otherwise designated shall bear the clear and legible designation "Confidential" or "Confidential – Attorneys' Eyes Only" on each page of the document, except that in the case of multi-page documents bound together by staple or other permanent binding, the "Confidential" or "Confidential – Attorneys' Eyes Only" legend need only be affixed to the first page in order for the entire document to be treated as "Confidential" or "Confidential – Attorneys' Eyes Only."  Documents produced prior to the entry of this Protective Order may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" within thirty (30) days after entry of this Protective Order.  Documents produced by a Party or non-parties may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" by a Party within thirty (30) days after such production or if such production already occurred, within thirty (30) days after entry of this Protective Order.

ii.    As to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" or "Confidential – Attorneys' Eyes Only" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains 'Confidential' Material" or "This Document Contains 'Confidential – Attorneys' Eyes Only' Material";

iii.    As to deposition or other testimony, "Confidential" or "Confidential – Attorneys' Eyes Only" treatment may be invoked by: (1) declaring the same on the record at the deposition, hearing, or proceeding, with instructions to so designate the cover of the transcript, or (2) designating specific pages as "Confidential" or "Confidential – Attorneys' Eyes Only" and serving such designations within thirty (30) days of receipt of the transcript of the deposition, hearing, or proceeding, in which the designations are made.  All deposition testimony shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" pending receipt of a transcript.

iv.    For information produced in some form other than documentary and for any

1    tangible items, the Producing Party shall affix the legend "Confidential" or

2    "Confidential – Attorneys' Eyes Only" in a prominent place on the exterior of the

3    container or containers in which the information or item is stored.

4        d)    If any Producing Party inadvertently produces or discloses any materials designated

5    as "Confidential" or "Confidential – Attorneys' Eyes Only" without marking it with an

6    appropriate legend, the Producing Party or a Designating Party shall promptly notify the receiving

7    party that the information should be treated in accordance with the terms of this Protective Order,

8    and shall forward appropriately stamped copies of the items in question.  Within five (5) days of

9    the receipt of substitute copies, the receiving party shall return the previously unmarked items and

10   all copies thereof, except any such copies that, following their receipt, have been marked up with

11   attorney work product, in which case all copies containing the attorney work product shall be

12   destroyed.  The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such

13   designation shall be made as soon as possible after the discovery of the inadvertent production or

14   disclosure.

15   **III.**    **CHALLENGES TO "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS'**

16        **EYES ONLY" DESIGNATIONS**

17       a)    Any Party believing materials designated as "Confidential" or "Confidential –

18   Attorneys' Eyes Only" by another is not entitled to such designation shall at any time, but no later

19   than thirty (30) days before trial in this action, notify the Producing or Designating Party of that

20   belief in writing, provide a brief statement of the basis for that belief with service on all other

21   Parties and allow fifteen (15) days for the Producing or Designating Party to respond.

22       b)    If a Producing or Designating Party does not modify its designation of the materials

23   in response to a notice pursuant to paragraph III(a) of this Protective Order, then the Party

24   challenging the ""Confidential"" or "Confidential – Attorneys' Eyes Only" designation may move

25   the court for an order modifying or removing such designation. To maintain ""Confidential"" or

26   "Confidential – Attorneys' Eyes Only" status, the burden shall be on the proponent of

27   confidentiality to show that the material or information is entitled to protection under applicable

28   law.  Unless and until a ""Confidential"" or "Confidential – Attorneys' Eyes Only" designation is

1  voluntarily withdrawn by the Producing or Designating party, or the court issues an order

2  modifying or removing such designation, the provisions of the Protective Order shall continue to

3  apply.

4  **IV.    DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL**

5  　　　a)    Materials designated "Confidential," as well as summaries, copies, excerpts, and

6  extracts thereof, shall not be disclosed to or made accessible to any person except as specifically

7  permitted by this Protective Order.  Materials designated as "Confidential" shall be used solely in

8  the preparation for trial and/or trial of the Litigation, and shall not be used at any time for any

9  other purpose.

10  　　　b)    Materials designated as "Confidential" may be disclosed only to:

11  　　　i.    The court and all court staff, including its clerks and research attorneys;

12  　　　ii.    Attorneys actively involved in the representation of a Party, their secretaries,

13  　　　　　paralegals, legal assistants, and other staff actively involved in assisting in the

14  　　　　　Litigation;

15  　　　iii.    In-house attorneys employed by any Party and working on the Litigation, and their

16  　　　　　secretaries, paralegals, legal assistants, and other staff actively involved in assisting

17  　　　　　in the Litigation;

18  　　　iv.    The Parties, potential or actual class members, officers and employees of the

19  　　　　　Parties assisting counsel in the preparation of the case for trial, motion practice or

20  　　　　　appellate proceedings, provided that the materials designated "Confidential" may

21  　　　　　be disclosed to such persons only to the extent such disclosure is, in the judgment

22  　　　　　of counsel, reasonably necessary to counsel's preparation of the case;

23  　　　v.    Any expert or consultant who is retained by any of the Parties or their counsel of

24  　　　　　record to assist counsel in the Litigation, and any employee of such an expert

25  　　　　　assisting in the Litigation (hereafter, "Experts");

26  　　　vi.    Any person called to testify as a witness either at a deposition or court proceeding

27  　　　　　in the Litigation, but only to the extent necessary for the purpose of assisting in the

28  　　　　　preparation or examination of the witness, and also only if such persons are

informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials designated as "Confidential";

vii.  Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

viii. Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

ix.   Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

x.    Any person who created a document designated as "Confidential" or was the recipient thereof outside of the Litigation.

c)    Each person to whom materials designated as "Confidential" are disclosed (other than persons described in paragraphs IV(b)(i)-(iv), (vii), and (viii) shall execute a non-disclosure agreement in the form attached hereto as Exhibit A prior to their receipt of materials designated as "Confidential," and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this court for the purposes of enforcement, except that individuals identified in paragraphs II(b)(ii) and (iii) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of the Protective Order and they agree to be bound thereby.  Counsel disclosing materials designated as "Confidential" to persons required to execute non-disclosure agreements shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party if the court so orders upon a showing of good cause.  The Parties shall ensure that witnesses sign the Protective Order before being presented with materials designated

-1-

"Confidential."  If counsel for either Party represents the witness to whom material designated "Confidential" is being presented, that counsel shall ensure that the witness executes the Protective Order prior to being presented with the material designated "Confidential."  A witness's refusal to sign the protective order does not waive any Party's ability to seek alternative relief to obtain the person's compliance with this Protective Order by other legal means, such as obtaining an order of the Court ordering the person to comply with this Protective Order.

**V.    DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL – ATTORNEYS' EYES ONLY**

a)    Unless otherwise ordered by the Court, Discovery Material designated as "Confidential – Attorneys' Eyes Only" may be disclosed only to:

i.    The court and all court staff, including its clerks and research attorneys;

ii.    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

iii.    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, on behalf of a Party or a competitor of a Party; and (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

iv.   Court reporters, stenographers and videographers retained to record testimony taken in this action;

v.   Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation, who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

vi.   Any other person with the prior written consent of the Producing or Designating Party.

## VI.   USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS

a)   Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Confidential Information, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed.  Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

b)   The submission of any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Protective Order to the court in the Litigation must comply with California Rules of Court ("CRC") 2.550, 2.551 and 8.46 to the extent applicable.  If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no court order is required. (CRC 2.550(a)(2) and (3).)  However, if the materials are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a court order sealing the materials is required and may only be obtained by careful compliance with the procedures set forth in CRC 2.551.

If either Party seeks to file materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" or disclose the contents of material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by the opposing Party as a basis for adjudication other than discovery motions or proceedings (e.g., motions within the scope of CRC 3.1350 and 3.764), the

-1-

1   filing Party must meet and confer with the Producing or Designating Party at least 10 calendar

2   days prior to the intended filing date to offer the Producing or Designating Party the opportunity to

3   evaluate whether the designated materials fall within the parameters of CRC 2.550(d).  If the

4   producing or Designating party does not agree to remove the "Confidential" or "Confidential –

5   Attorneys' Eyes Only" designation, the filing Party must prepare a motion or application pursuant

6   to CRC 2.551(b).

7        The Parties understand that failure to comply with the procedural requirements of CRC

8   2.551 or failure to present evidence sufficient to support the findings set forth in CRC 2.550(d)

9   may result in the placement of Confidential Information in the public file.  The Parties further

10  understand that no sealing order will be issued solely on the basis of the existence and

11  applicability of this Protective Order. (CRC 2.551(a).)

12  **VII.   MODIFICATION**

13        Nothing in this Protective Order shall preclude any Party from applying to the court to

14  modify this Protective Order to provide for additional safeguards to ensure the confidentiality of

15  materials produced in this action or otherwise modify this Protective Order for good cause shown.

16  In the event that documents or information that warrant heightened protection are requested to be

17  produced, the Parties agree to negotiate in good faith to modify this Protective Order to provide

18  for such protection.

19  **VIII.   DISPOSITION OF MATERIALS AT CONCLUSION OF CASE**

20        All materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall

21  remain in the possession of the counsel of record of the Party to whom such materials are

22  produced, and they shall not permit any such materials to leave their possession, except that copies

23  of such materials may be made for the use of persons to whom disclosure may be made under

24  paragraph IV(b) or paragraph V of this Protective Order, or for the purpose of submission to the

25  court under paragraph VI of this Protective Order.  Within sixty (60) days after this action is

26  concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom

27  materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" were produced

28  shall, at the election of the Party receiving the materials, (a) return all documents and copies

1  containing materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only"

2  (including, but not limited to, copies in the possession or control of any expert or employee) to the

3  Producing or Designating Party, except copies that have attorney work product on them in which

4  case the materials and copies with work product should be destroyed or (b) promptly destroy all

5  such materials and copies and provide a written certification under oath to the Producing Party and

6  to any Designating Party to that effect.  Under no circumstances may materials designated as

7  "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order be used for

8  any purpose whatsoever outside of this Litigation.

9  **IX.  RETENTION OF JURISDICTION.**

10        The court shall retain jurisdiction over all persons to be bound by the terms of this

11  Protective Order, during the pendency of this action and for such time thereafter as is needed to

12  carry out its terms.  Even after the final disposition of this litigation, the confidentiality obligations

13  imposed by this Protective Order shall remain in effect until a Producing Party or Designating

14  Party, as applicable agrees otherwise in writing, or a court order otherwise so directs.

15        **IT IS SO STIPULATED.**

16  Dated:  June  22, 2020          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18                  By: _____

19                         TRACEY KENNEDY

                       PAUL S. COWIE

20                         PATRICIA M. JENG

                       SAMI HASAN

21                         GAL GRESSEL

                       LUIS ARIAS

22

23                    Attorneys for Defendant,

                  TESLA, INC.

24

25

26

27

28

1    Dated:  June **22** 2020

2

3                                    By  _____

4                                          BRYAN SCHWARTZ
                                           NATASHA BAKER
5                                          BRYAN SCHWARTZ LAW

6                                          LAWRENCE ORGAN
                                           NAVRUZ AVLONI
7                                    CALIFORNIA CIVIL RIGHTS LAW GROUP

8
                                           Attorneys for Plaintiff,
9                                          MARCUS VAUGHN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             -1-                    Case No. RG17882082

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**print or type full name**], of

_____ [**print or type full
address**], declare under penalty of perjury that I have read in its entirety and understand the
Stipulated Protective Order ("Protective Order") that was issued by the Alameda County Superior
Court on _____ [**date**] in the case of *Marcus Vaughn v. Tesla, Inc. dba Tesla
Motors, Inc.,* Case No. RG17882082.  I agree to comply with and to be bound by all the terms of
this Protective Order and I understand and acknowledge that failure to so comply could expose me
to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose
in any manner any information or item that is subject to this Protective Order to any person or
entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the Alameda County Superior Court for the
purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement
proceedings occur after termination of this action.

**Date:** _____          **Printed name:**  _____

**City and State where sworn and signed:**          **Signature:** _____

_____, _____          **Title:** _____

1

## [PROPOSED] ORDER

2     **GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective

3  Order.

4     **IT IS SO ORDERED.**

5  Dated:_____

6                                                     THE HONORABLE WINIFRED Y. SMITH
                                                       Alameda County Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4851-0995-9616.2                                    STIPULATION AND PROTECTIVE ORDER

1

**PROOF OF SERVICE**

2

*Marcus Vaughn v. Tesla, Inc. dba Tesla Motors, Inc.*
Alameda County Superior Court Case No. RG17882082

3

At the time of service, I was over 18 years of age and **not a party to this action**.  I am

4

employed in the County of San Francisco, State of California.  My business address is Four
Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

5

On June 23, 2020, I served true copies of the following document(s) described as:

6

**STIPULATION AND PROTECTIVE ORDER**

7

8

on the interested parties in this action as follows:

9

| | |
|---|---|
| Lawrence Organ, Esq. | Attorneys for Plaintiff |
| Navruz Avloni, Esq. | Marcus Vaughn and the Putative Class |

10

CALIFORNIA CIVIL RIGHTS LAW
GROUP

11

| | |
|---|---|
| 332 San Anselmo Ave. | Tel:  (415) 453-4740 |
| San Anselmo, CA 94960 | Fax:  (415) 785-7352 |
| | Email:  larry@civilrightsca.com |

12

navruz@civilrightsca.com

13

| | |
|---|---|
| Bryan Schwartz, Esq. | Attorneys for Plaintiff |
| Natasha Baker, Esq. | Marcus Vaughn and the Putative Class |

14

| | |
|---|---|
| BRYAN SCHWARTZ LAW | |
| 180 Grant Ave, Suite 1380 | Tel:  (510) 444-9300 |
| Oakland, CA 94612 | Fax:  (510) 444-9301 |

15

Email:  bryan@bryanschwartzlaw.com

16

natasha@bryanschwartzlaw.com

17

natalie@bryanschwartzlaw.com

18

BY E-MAIL 0R ELECTR0NIC TRANSMISSI0N:  Based on a court order or an agreement

19

of the parties to accept service by e-mail or electronic transmission, I caused the documents to
be sent to the person[s] at the e-mail address[es] listed above. I did not receive, within a

20

reasonable time after the transmission, any electronic message or other indication that the
transmission was unsuccessful.

21

22

I declare under penalty of perjury under the laws of the State of California that the

23

foregoing is true and correct.

24

Executed on June 23, 2020, at San Francisco, California.

25

26

Mary Tom-Hum

27

28

Case No. RG18928820

SMRH:4851-0995-9616.2                                                    PROOF OF SERVICE