QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OWEN DIAZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>　　　　Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DEFENDANT TESLA, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF NEW EVIDENCE IN SUPPORT OF RENEWED MOTION FOR MISTRIAL AND MOTION FOR A NEW TRIAL**<br><br>Trial Date: March 27, 2023<br>Judge: Hon. William H. Orrick<br><br>**REDACTED FOR PUBLIC FILING** |

Pursuant to the Court's August 8, 2023 Order Requiring Response from Defendants (Dkt. 486), Tesla hereby responds to Plaintiff Owen Diaz's Notice of New Evidence in Support of Renewed Motion for Mistrial and Motion for New Trial (Dkt. 485, "Notice of New Evidence").

**INTRODUCTION**

Mr. Diaz's Notice of New Evidence is premised on the baseless assertion that Tesla should have produced ███████████████████ ███████████████ and that Tesla's failure to produce the documents entitles him to a third trial on damages. Tesla was not obligated to produce the documents because they were not from the files of the custodians whose records Tesla was required to review. Nor, in any event, did the absence of the documents at trial cause prejudice to Mr. Diaz. The ██████████████████ █████████████████████████████████████████████████████████████████████████████ ██████████. At best, they are cumulative of other ███████████████████ ███████████████████████████████████████████ Nor did Tesla exploit the absence of ████████ at trial. Indeed, at the first trial, which did not include the subject emails, Mr. Diaz convinced a jury to award him one of the largest single plaintiff damages awards in **history**. In light of this, Mr. Diaz cannot possibly prove by "clear and convincing evidence"—as he must—that the absence of the documents from the damages-only retrial "substantially interfered" with his ability to present his case. Nor, in any event, could Mr. Diaz rely on this new "evidence" ████████ ████ during the damages retrial consistent with the Court's evidentiary rulings because that evidence was absent from the liability trial on which the damages must be based. The Court should deny Mr. Diaz's request for further briefing on the issues he raises.

**ARGUMENT**

**I.     MR. DIAZ IDENTIFIES NO DISCOVERY MISCONDUCT BY TESLA**

As the Court requested (Dkt. 486 at 1), Tesla submits herewith under seal, and has served on Mr. Diaz's counsel, unredacted copies of documents Tesla produced in a separate state-court litigation, *Vaughn v. Tesla, Inc.*, Alameda Superior Court No. RG17882082 ("*Vaughn*"), labeled as

TSLA(VGN) 26869, 27092, 27095, 26870, and 27094.  (Declaration of Daniel C. Posner ("Posner Decl."), Exs. A-E (the "*Vaughn* Documents").)[1]

Mr. Diaz errs in asserting that Tesla was obligated to produce the *Vaughn* Documents during discovery.  The relevant Joint Discovery Letter and related Court order required Tesla to run search terms for certain racial epithets only in the "emails and documents of HR partners in plaintiffs' departments."  (Dkt. 93 (Order) at 2; Dkt. 88 (Joint Discovery Letter) at 4.)  In this search, Tesla did ██████████████████████████████████████████████████████████████  However, none of the senders or recipients of the *Vaughn* Documents were HR partners in Mr. Diaz's (or the other plaintiffs') departments.  (Declaration of Jessica Quon-Vaili, ¶ 4.)  Accordingly, Tesla had no obligation in this case to find or produce the *Vaughn* Documents.  The fact that they were found in *Vaughn* is not to the contrary, for *Vaughn* is a putative class action with a much broader scope of discovery and is not governed by the same discovery protocol that the Court approved here.

## II.  MR. DIAZ IDENTIFIES NO PREJUDICE

Even if Tesla had been obligated to produce the *Vaughn* Documents (and it was not), Mr. Diaz cannot meet his burden to prove "by clear and convincing evidence" that the absence of these documents "substantially interfered with" his "ability to fully and fairly present his case" in the damages retrial.  *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990) (applying the Rule 60(b)(3) test and standard to a Rule 59 motion for new trial based on alleged discovery misconduct).  Mr. Diaz must establish the *Vaughn* Documents' "likely worth as trial evidence," or "value as a tool for obtaining meaningful discovery" of evidence probative of an important issue in this trial.  *Id.*  Evidence that is "merely corroborative or cumulative" does not meet this exacting burden.  *See id.*; *Allstate Indem. Co. v. Lindquist*, 2022 WL 1801027, at *5 (W.D. Wash. June 2, 2022) (holding that plaintiff failed to establish that the alleged discovery conduct would have caused "substantial interference" with its ability to present its case).

---

[1]  Tesla's disclosure of unredacted versions of the documents is not a waiver of any confidentiality designation in *Vaughn*.  Tesla reserves all rights in and related to *Vaughn*.

To begin, any argument that Mr. Diaz was unfairly deprived of the opportunity to introduce the *Vaughn* Documents in support of his damages claim in the retrial cannot be squared with this Court's rulings on the scope of evidence for that trial. The Court ruled that the evidence in the damages retrial was limited to the exhibits that were admitted and the witnesses who testified during the first trial. (Dkt. 376.) As a result, the jury in the retrial was permitted to determine damages based only on the first jury's liability verdict and the evidence from which it made that finding (Dkts. 376; 417 at 2; 456 (Final Jury Instructions) at Instruction No. 24); allowing the introduction of these documents in the damages-only retrial would necessarily invite the second jury to render an award based on an incident for which Tesla was not found liable by the first. And because Mr. Diaz does not seek a new trial on liability or claim he was prejudiced in the first trial by the absence of the *Vaughn* Documents—nor could he in light of the first jury's verdict in his favor—the *Vaughn* Documents cannot support a motion for new trial on damages.

In any event, even if it were possible for Mr. Diaz to rely on the *Vaughn* Documents at a damages retrial, no "clear and convincing" evidence exists to order a third damages trial based on his inability to rely on these documents ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

***First***, contrary to Mr. Diaz's assertion (Dkt. 485 at 3, 6), the *Vaughn* Documents do not contradict any factual assertions Tesla made or implied in its cross examination of any witness at trial. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Nor do the *Vaughn* Documents contradict any statements Tesla made in or any implications drawn from Tesla's cross-examinations ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1 ██████████████████████████████████████████████████████
2 ██████████████████████████████████████████████████████
3 ██████████████████████████████████████████████████████
4 ██████████████████████████████████████████████████████
5 ██████████████████████████████████████████████████████
6 ████████████████████████████████████████

7      ***Second***, the *Vaughn* Documents are irrelevant to Mr. Diaz's damages because there is no
8 evidence that ████████████████████████████████████████
9 ██████████████████████████████████████████████████████
10 ██████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████
12 ██████████████████████████████████

13      ***Third***, the *Vaughn* Documents would not have led to the discovery of more documents or
14 information that "could well have been probative," *Allstate Indem*, 2022 WL 1801027, at *5, on any
15 important issue relating to Mr. Diaz's emotional distress damages.  At best, the Documents are
16 cumulative of other evidence ██████████████████████████████████
17 ██████████████████████████████████████████████████████
18 ██████████████████████████████████████████████████████
19 ████████████  Mr. Diaz claims that a new trial is warranted because he "could have taken
20 further discovery into the incident described and depicted, including by deposing" the recipients on
21 the email chain (Dkt. 485 at 5), but such a claim could be made for any document not produced in
22 any case.  There is no indication that these documents could have led to discovery so meaningful
23 that it would have impacted the amount of damages the second jury awarded.

24      ***In sum***, Mr. Diaz seeks a third trial on emotional distress damages based on Tesla's
25 purported failure to produce documents that were outside of the Court's discovery order because
26 they involved custodians from whom Tesla was not required to collect, review, or produce
27 documents.  Moreover, the documents relate ████████████████████████
28 ██████████████████████████████████████████████████████

██████████████████████████████████████████ In any event, Mr. Diaz cannot use these documents in a damages retrial under the Court's orders limiting evidence at any damages trial to evidence admitted in the first trial and requiring that damages be assessed based on the liability findings from the first trial. The *Vaughn* Documents provide no grounds for further briefing on the pending post-trial motions, and certainly no justification to grant a new trial or sanctions.

## CONCLUSION

The Court should deny Mr. Diaz's request for further briefing on his motion for new trial.

DATED: August 15, 2023

By:  /s/ Daniel C. Posner

Alex Spiro (appearance *pro hac vice*)
alexspiro@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

Daniel C. Posner
Mari Henderson
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Asher Griffin (appearance *pro hac vice*)
ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*