# Exhibit 1



22651355

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2       Including Professional Corporations

3 | TRACEY A. KENNEDY, Cal. Bar No. 150782
   | tkennedy@sheppardmullin.com
4 | 333 South Hope Street, 43rd Floor
   | Los Angeles, California 90071-1422
5 | Telephone:    213.620.1780
   | Facsimile:    213.620.1398
6
   | PAUL S. COWIE, Cal. Bar No. 250131
7 | pcowie@sheppardmullin.com
   | PATRICIA M. JENG, Cal. Bar No. 272262
8 | pjeng@sheppardmullin.com
   | SAMI HASAN, Cal Bar No. 272333
9 | shasan@sheppardmullin.com
   | GAL GRESSEL, Cal. Bar No. 286312
10 | ggressel@sheppardmullin.com
   | LUIS F. ARIAS Cal. Bar No. 317819
11 | larias@sheppardmullin.com
   | Four Embarcadero Center, 17th Floor
12 | San Francisco, CA 94111-4109
   | Telephone:    415.434.9100
13 | Facsimile:    415.434.3947

14 | Attorneys for Defendant
   | TESLA, INC.
15
16 | *ATTORNEYS FOR PLAINTIFF*
   | *ON THE FOLLOWING PAGE*
17

FILED BY FAX
ALAMEDA COUNTY

June 23, 2020

CLERK OF
THE SUPERIOR COURT
By Joanne Downie, Deput

CASE NUMBER:
RG17882082

FILED
ALAMEDA COUNTY

JUL  1 2020

CLERK OF THE SUPERIOR COURT
By_____ Deputy

18 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA
19 |                        COUNTY OF ALAMEDA

20 | MARCUS VAUGHN, individually and on          | Case No. RG17882082
   | behalf of all others similarly situated,
21 |                                             | **STIPULATION AND PROTECTIVE**
22 |            Plaintiff,                        | **ORDER**

23 | v.                                          | Complaint Filed:  November 13, 2017
                                                 | Trial Date:       None set
24 | TESLA, INC. doing business in California as
   | TESLA MOTORS, INC.,                         | Assigned for all purposes to the Hon. Winifred
25 |                                             | Y. Smith, Dept. 21
   |            Defendant.
26
27
28

-1-

Case No. RG17882082

SMRH:4851-0995-9616.2

STIPULATION AND PROTECTIVE ORDER

1  BRYAN SCHWARTZ LAW
   BRYAN SCHWARTZ (SBN 209903)
2  NATASHA BAKER (SBN 319381)
   180 Grand Ave., Suite 1380
3  Oakland, California 94612
   Tel: (510) 444-9300
4  Fax: (510) 444-9301
   Email: bryan@bryanschwartzlaw.com
5  natasha@bryanschwartzlaw.com

6  CALIFORNIA CIVIL RIGHTS LAW GROUP
   LAWRENCE ORGAN (SBN 175503)
7  NAVRUZ AVLONI (SBN 279556)
   332 San Anselmo Ave.
8  San Anselmo, CA 94960
   Tel: (415) 453-4740
9  Fax: (415) 785-7352
   Email: larry@civilrightsca.com
10 navruz@civilrightsca.com

11 Attorneys for Plaintiff
   MARCUS VAUGHN
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

Case No. RG17882082
STIPULATION AND PROTECTIVE ORDER

1    WHEREAS the parties in the action pending in the Superior Court of California, County of

2    Alameda entitled *Marcus Vaughn v. Tesla, Inc. dba Tesla Motors, Inc.*, Case No. RG17882082

3    ("the Litigation"), anticipate that during the course of the Litigation documents and/or information

4    of a sensitive, private and confidential nature may be produced in the course of discovery or

5    otherwise disclosed or provided, and the parties wish to protect the confidentiality of such

6    documents or information while ensuring that discovery may be pursued with a minimum of delay

7    and expense;

8        THEREFORE Defendant TESLA, INC. dba TESLA MOTORS, INC. and Plaintiff

9    MARCUS VAUGHN (hereafter "Party or Parties"), by and through their counsel, hereby stipulate

10   and agree to the following proposed Protective Order Re: Confidential Information ("Protective

11   Order"), subject to court approval:

12   **I.    SCOPE OF PROTECTIVE ORDER**

13       a)    The protection of this Protective Order may be invoked with respect to any

14   documents, testimony, information, and things (collectively "materials") produced or created in

15   this action that contain Confidential Information. As used herein, the term "Confidential

16   Information" includes testimony and records, including but not limited to discovery responses and

17   depositions, whether hardcopy or electronic, that contain confidential, commercially sensitive,

18   and/or proprietary trade secret information, including, but not limited to, technical and

19   competitively-sensitive information protected by law, and information protected by California's

20   constitution and common law right to privacy. As set forth below, materials containing

21   Confidential Information may be designated as "Confidential" or "Confidential – Attorneys' Eyes

22   Only." Such designation may be made by another Party or non-party producing materials in this

23   action ("Producing Party"), or may be made by a Party who determines, in good faith, that

24   materials produced by a non-party contain Confidential Information ("Designating Party") even

25   though not so designated by the Producing Party. The protections conferred not only cover

26   Confidential Information, but also any information copied or extracted therefrom, as well as

27   copies, excerpts, abstracts, summaries, compilations thereof, in addition to testimony,

28

-1-

1    conversations or presentations by parties or parties' counsel or in court or in other settings that

2    might reveal Confidential Information.

3         b)    In the event that additional Parties join or are joined in this litigation, they shall not

4    have access to materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only"

5    pursuant to this Protective Order until they have executed and, at the request of any Party, filed

6    with the court their agreement to be bound by this Protective Order and shall not have access to

7    materials designated as "Confidential – Attorneys' Eyes Only" except as provided in paragraph V

8    of this Protective Order.

9    **II.    DESIGNATION OF MATERIALS AS CONFIDENTIAL OR CONFIDENTIAL-**

10   **ATTORNEYS' EYES ONLY**

11        a)    "Confidential" materials shall include only such information as the Producing or

12   Designating Party in good faith contends should be protected pursuant to this Protective Order on

13   the grounds that the information is properly subject to protection under existing California or

14   federal law.  A Producing or Designating Party may designate Discovery Material as

15   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is

16   extremely confidential and/or sensitive in nature and the Producing or Designating Party

17   reasonably believes that the disclosure of such Discovery Material is likely to cause economic

18   harm or significant competitive disadvantage to the Producing or Designating Party.

19        b)    In making the designation of materials pursuant to this Protective Order, the

20   Producing or Designating Party shall give due consideration to whether the information contained

21   in the materials (1) has been produced, disclosed or made available to the public in the past, (2)

22   has been published, communicated or disseminated to others not obligated to maintain the

23   confidentiality of the information contained therein, (3) has not been preserved or maintained in a

24   manner calculated to preserve its confidentiality, or (4) is available from a third party or

25   commercial source that is not obligated to maintain its confidentiality or privacy.  The Producing

26   or Designating Party shall also give due consideration to the age of the materials.

27        c)    The protection of this Protective Order may be invoked with respect to materials in

28   the following manner:

-1-

i.    Documents when produced or otherwise designated shall bear the clear and legible designation "Confidential" or "Confidential – Attorneys' Eyes Only" on each page of the document, except that in the case of multi-page documents bound together by staple or other permanent binding, the "Confidential" or "Confidential – Attorneys' Eyes Only" legend need only be affixed to the first page in order for the entire document to be treated as "Confidential" or "Confidential – Attorneys' Eyes Only." Documents produced prior to the entry of this Protective Order may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" within thirty (30) days after entry of this Protective Order. Documents produced by a Party or non-parties may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" by a Party within thirty (30) days after such production or if such production already occurred, within thirty (30) days after entry of this Protective Order.

ii.    As to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" or "Confidential – Attorneys' Eyes Only" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains 'Confidential' Material" or "This Document Contains 'Confidential – Attorneys' Eyes Only' Material";

iii.    As to deposition or other testimony, "Confidential" or "Confidential – Attorneys' Eyes Only" treatment may be invoked by: (1) declaring the same on the record at the deposition, hearing, or proceeding, with instructions to so designate the cover of the transcript, or (2) designating specific pages as "Confidential" or "Confidential – Attorneys' Eyes Only" and serving such designations within thirty (30) days of receipt of the transcript of the deposition, hearing, or proceeding, in which the designations are made. All deposition testimony shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" pending receipt of a transcript.

iv.    For information produced in some form other than documentary and for any

-1-

1 | tangible items, the Producing Party shall affix the legend "Confidential" or

2 | "Confidential – Attorneys' Eyes Only" in a prominent place on the exterior of the

3 | container or containers in which the information or item is stored.

4 | d) If any Producing Party inadvertently produces or discloses any materials designated

5 | as "Confidential" or "Confidential – Attorneys' Eyes Only" without marking it with an

6 | appropriate legend, the Producing Party or a Designating Party shall promptly notify the receiving

7 | party that the information should be treated in accordance with the terms of this Protective Order,

8 | and shall forward appropriately stamped copies of the items in question.  Within five (5) days of

9 | the receipt of substitute copies, the receiving party shall return the previously unmarked items and

10 | all copies thereof, except any such copies that, following their receipt, have been marked up with

11 | attorney work product, in which case all copies containing the attorney work product shall be

12 | destroyed.  The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such

13 | designation shall be made as soon as possible after the discovery of the inadvertent production or

14 | disclosure.

15 | **III.    CHALLENGES TO "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS'**

16 | **EYES ONLY" DESIGNATIONS**

17 | a) Any Party believing materials designated as "Confidential" or "Confidential –

18 | Attorneys' Eyes Only" by another is not entitled to such designation shall at any time, but no later

19 | than thirty (30) days before trial in this action, notify the Producing or Designating Party of that

20 | belief in writing, provide a brief statement of the basis for that belief with service on all other

21 | Parties and allow fifteen (15) days for the Producing or Designating Party to respond.

22 | b) If a Producing or Designating Party does not modify its designation of the materials

23 | in response to a notice pursuant to paragraph III(a) of this Protective Order, then the Party

24 | challenging the ""Confidential"" or "Confidential – Attorneys' Eyes Only" designation may move

25 | the court for an order modifying or removing such designation. To maintain ""Confidential"" or

26 | "Confidential – Attorneys' Eyes Only" status, the burden shall be on the proponent of

27 | confidentiality to show that the material or information is entitled to protection under applicable

28 | law.  Unless and until a ""Confidential"" or "Confidential – Attorneys' Eyes Only" designation is

-1-

1 voluntarily withdrawn by the Producing or Designating party, or the court issues an order

2 modifying or removing such designation, the provisions of the Protective Order shall continue to

3 apply.

4 **IV.   DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL**

5      a)     Materials designated "Confidential," as well as summaries, copies, excerpts, and

6 extracts thereof, shall not be disclosed to or made accessible to any person except as specifically

7 permitted by this Protective Order. Materials designated as "Confidential" shall be used solely in

8 the preparation for trial and/or trial of the Litigation, and shall not be used at any time for any

9 other purpose.

10      b)     Materials designated as "Confidential" may be disclosed only to:

11        i.     The court and all court staff, including its clerks and research attorneys;

12       ii.     Attorneys actively involved in the representation of a Party, their secretaries,

13                paralegals, legal assistants, and other staff actively involved in assisting in the

14                Litigation;

15       iii.     In-house attorneys employed by any Party and working on the Litigation, and their

16                secretaries, paralegals, legal assistants, and other staff actively involved in assisting

17                in the Litigation;

18       iv.     The Parties, potential or actual class members, officers and employees of the

19                Parties assisting counsel in the preparation of the case for trial, motion practice or

20                appellate proceedings, provided that the materials designated "Confidential" may

21                be disclosed to such persons only to the extent such disclosure is, in the judgment

22                of counsel, reasonably necessary to counsel's preparation of the case;

23        v.     Any expert or consultant who is retained by any of the Parties or their counsel of

24                record to assist counsel in the Litigation, and any employee of such an expert

25                assisting in the Litigation (hereafter, "Experts");

26       vi.     Any person called to testify as a witness either at a deposition or court proceeding

27                in the Litigation, but only to the extent necessary for the purpose of assisting in the

28                preparation or examination of the witness, and also only if such persons are

-1-

1          informed of the terms of this Protective Order, provided with a copy of the

2          Protective Order and agree, on the record, that they are bound by the terms of the

3          Protective Order and are required not to disclose information contained in the

4          materials designated as "Confidential";

5    vii.    Deposition and court reporters and their support personnel, for purposes of

6          preparing transcripts;

7    viii.    Employees of outside copying services and other vendors retained by counsel to

8          assist in the copying, imaging, handling or computerization of documents, but only

9          to the extent necessary to provide such services in connection with the Litigation

10          and only after being informed of the provisions of this Protective Order and

11          agreeing to abide by its terms;

12    ix.    Mediators or other Alternative Dispute Resolution neutrals (including their

13          employees, agents and contractors) to whom disclosure is reasonably necessary to

14          their involvement in the Litigation; and

15    x.    Any person who created a document designated as "Confidential" or was the

16          recipient thereof outside of the Litigation.

17    c)    Each person to whom materials designated as "Confidential" are disclosed (other

18 than persons described in paragraphs IV(b)(i)-(iv), (vii), and (viii) shall execute a non-disclosure

19 agreement in the form attached hereto as Exhibit A prior to their receipt of materials designated as

20 "Confidential," and shall agree to be bound by this Protective Order and to be subject to the

21 jurisdiction of this court for the purposes of enforcement, except that individuals identified in

22 paragraphs II(b)(ii) and (iii) shall not be required to execute such an agreement, provided that

23 counsel making disclosure to such individuals advise them of the terms of the Protective Order

24 and they agree to be bound thereby. Counsel disclosing materials designated as "Confidential" to

25 persons required to execute non-disclosure agreements shall retain all such executed agreements.

26 Copies of the executed agreements shall be preserved by counsel and shall be provided to the

27 opposing party if the court so orders upon a showing of good cause. The Parties shall ensure that

28 witnesses sign the Protective Order before being presented with materials designated

1  "Confidential." If counsel for either Party represents the witness to whom material designated

2  "Confidential" is being presented, that counsel shall ensure that the witness executes the Protective

3  Order prior to being presented with the material designated "Confidential." A witness's refusal to

4  sign the protective order does not waive any Party's ability to seek alternative relief to obtain the

5  person's compliance with this Protective Order by other legal means, such as obtaining an order of

6  the Court ordering the person to comply with this Protective Order.

7  **V.    DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL –**

8  **ATTORNEYS' EYES ONLY**

9       a)     Unless otherwise ordered by the Court, Discovery Material designated as

10  "Confidential – Attorneys' Eyes Only" may be disclosed only to:

11       i.     The court and all court staff, including its clerks and research attorneys;

12       ii.     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not

13            involved in competitive decision-making, on behalf of a Party or a competitor of a

14            Party, and such Outside Counsel's immediate paralegals and staff, and any copying

15            or clerical litigation support services working at the direction of such counsel,

16            paralegals, and staff;

17       iii.     Any outside expert or consultant retained by the Receiving Party to assist in this

18            action, provided that disclosure is only to the extent necessary to perform such

19            work; and provided that:  (a) such expert or consultant has agreed to be bound by

20            the provisions of the Protective Order by signing a copy of Exhibit A; (b) such

21            expert or consultant is not a current officer, director, or employee of a Party or of a

22            competitor of a Party, nor anticipated at the time of retention to become an officer,

23            director, or employee of a Party or of a competitor of a Party; (c) such expert or

24            consultant is not involved in competitive decision-making, on behalf of a Party or a

25            competitor of a Party; and (d) such expert or consultant accesses the materials in

26            the United States only, and does not transport them to or access them from any

27            foreign jurisdiction;

28

iv.    Court reporters, stenographers and videographers retained to record testimony taken in this action;

v.    Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation, who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

vi.    Any other person with the prior written consent of the Producing or Designating Party.

## VI.    USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS

a)    Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Confidential Information, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed.  Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

b)    The submission of any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Protective Order to the court in the Litigation must comply with California Rules of Court ("CRC") 2.550, 2.551 and 8.46 to the extent applicable.  If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no court order is required. (CRC 2.550(a)(2) and (3).)  However, if the materials are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a court order sealing the materials is required and may only be obtained by careful compliance with the procedures set forth in CRC 2.551.

If either Party seeks to file materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" or disclose the contents of material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by the opposing Party as a basis for adjudication other than discovery motions or proceedings (e.g., motions within the scope of CRC 3.1350 and 3.764), the

SMRH:4851-0995-9616.2

Case No. RG17882082
STIPULATION AND PROTECTIVE ORDER

1 filing Party must meet and confer with the Producing or Designating Party at least 10 calendar

2 days prior to the intended filing date to offer the Producing or Designating Party the opportunity to

3 evaluate whether the designated materials fall within the parameters of CRC 2.550(d).  If the

4 producing or Designating party does not agree to remove the "Confidential" or "Confidential –

5 Attorneys' Eyes Only" designation, the filing Party must prepare a motion or application pursuant

6 to CRC 2.551(b).

7      The Parties understand that failure to comply with the procedural requirements of CRC

8 2.551 or failure to present evidence sufficient to support the findings set forth in CRC 2.550(d)

9 may result in the placement of Confidential Information in the public file.  The Parties further

10 understand that no sealing order will be issued solely on the basis of the existence and

11 applicability of this Protective Order. (CRC 2.551(a).)

12 **VII.   MODIFICATION**

13      Nothing in this Protective Order shall preclude any Party from applying to the court to

14 modify this Protective Order to provide for additional safeguards to ensure the confidentiality of

15 materials produced in this action or otherwise modify this Protective Order for good cause shown.

16 In the event that documents or information that warrant heightened protection are requested to be

17 produced, the Parties agree to negotiate in good faith to modify this Protective Order to provide

18 for such protection.

19 **VIII.   DISPOSITION OF MATERIALS AT CONCLUSION OF CASE**

20      All materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall

21 remain in the possession of the counsel of record of the Party to whom such materials are

22 produced, and they shall not permit any such materials to leave their possession, except that copies

23 of such materials may be made for the use of persons to whom disclosure may be made under

24 paragraph IV(b) or paragraph V of this Protective Order, or for the purpose of submission to the

25 court under paragraph VI of this Protective Order.  Within sixty (60) days after this action is

26 concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom

27 materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" were produced

28 shall, at the election of the Party receiving the materials, (a) return all documents and copies

-1-

Case No. RG17882082

STIPULATION AND PROTECTIVE ORDER

SMRH:4851-0995-9616.2

1  containing materials designated as "Confidential" or "Confidential ~ Attorneys' Eyes Only"

2  (including, but not limited to, copies in the possession or control of any expert or employee) to the

3  Producing or Designating Party, except copies that have attorney work product on them in which

4  case the materials and copies with work product should be destroyed or (b) promptly destroy all

5  such materials and copies and provide a written certification under oath to the Producing Party and

6  to any Designating Party to that effect.  Under no circumstances may materials designated as

7  "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order be used for

8  any purpose whatsoever outside of this Litigation.

9  **IX.  RETENTION OF JURISDICTION.**

10         The court shall retain jurisdiction over all persons to be bound by the terms of this

11  Protective Order, during the pendency of this action and for such time thereafter as is needed to

12  carry out its terms.  Even after the final disposition of this litigation, the confidentiality obligations

13  imposed by this Protective Order shall remain in effect until a Producing Party or Designating

14  Party, as applicable agrees otherwise in writing, or a court order otherwise so directs.

15         **IT IS SO STIPULATED.**

16  Dated:  June 22, 2020          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18                                          By: _____

19                                                 TRACEY KENNEDY
                                                   PAUL S. COWIE
20                                                 PATRICIA M. JENG
                                                   SAMI HASAN
21                                                 GAL GRESSEL
                                                   LUIS ARIAS
22

23                                                 Attorneys for Defendant,
                                                   TESLA, INC.
24

25

26

27

28

                                          -1-                        Case No. RG17882082

1  Dated: June 22, 2020

2

3        By

4        BRYAN SCHWARTZ
         NATASHA BAKER
5        BRYAN SCHWARTZ LAW

6        LAWRENCE ORGAN
         NAVRUZ AVLONI
7        CALIFORNIA CIVIL RIGHTS LAW GROUP

8        Attorneys for Plaintiff,
9        MARCUS VAUGHN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

Case No. RG17882082
STIPULATION AND PROTECTIVE ORDER

SMRH:4851-0995-9616.2

1  **EXHIBIT A**

2  **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3  I, _____ [print or type full name], of

4  _____ [print or type full

5  address], declare under penalty of perjury that I have read in its entirety and understand the

6  Stipulated Protective Order ("Protective Order") that was issued by the Alameda County Superior

7  Court on _____ [date] in the case of *Marcus Vaughn v. Tesla, Inc. dba Tesla*

8  *Motors, Inc.*, Case No. RG17882082. I agree to comply with and to be bound by all the terms of

9  this Protective Order and I understand and acknowledge that failure to so comply could expose me

10  to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

11  in any manner any information or item that is subject to this Protective Order to any person or

12  entity except in strict compliance with the provisions of this Protective Order.

13  I further agree to submit to the jurisdiction of the Alameda County Superior Court for the

14  purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

15  proceedings occur after termination of this action.

16

17  Date: _____        Printed name: _____

18  City and State where sworn and signed:    Signature: _____

19  _____, _____    Title: _____

20

21

22

23

24

25

26

27

28

-1-                    Case No. RG17882082

SMRH:4851-0995-9616.2              STIPULATION AND PROTECTIVE ORDER

## [PROPOSED] ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: July 1, 2020

THE HONORABLE WINIFRED Y. SMITH
Alameda County Superior Court

-1-

Case No. RG17882082
STIPULATION AND PROTECTIVE ORDER

SMRH:4851-0995-9616.2