# Exhibit A

CALIFORNIA CIVIL RIGHTS LAW GROUP
Lawrence Organ (SBN 175503)
Navruz Avloni (SBN 279556)
332 San Anselmo Avenue
San Anselmo, CA 94960
Tel. (415) 453-4740
Fax (415) 785-7352
Email: larry@civilrightsca.com
        navruz@civilrightsca.com

BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
Logan Starr (SBN 305598)
1330 Broadway, Suite 1630
Oakland, California 94612
Tel. (510) 444-9300
Fax (510) 444-9301
Email: bryan@bryanschwartzlaw.com
        logan@bryanschwartzlaw.com

*Attorneys for Plaintiff Marcus Vaughn
and the Putative Class*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA – CIVIL UNLIMITED

MARCUS VAUGHN, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TESLA, INC. doing business in California as TESLA MOTORS, INC.; and DOES 1 THROUGH 50, INCLUSIVE,

Defendants.

**Case No.: RG17882082**

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

PROPOUNDING PARTY:    Plaintiff Marcus Vaughn

RESPONDING PARTY:    Defendant Tesla, Inc.

SET NUMBER:    One

Pursuant to California Code of Civil Procedure §§ 2031.010 *et seq.*, Plaintiff MARCUS VAUGHN requests Defendant TESLA, INC. to produce and permit the inspection, copying and/or photocopying of the documents or tangible things designated below.

Inspection shall be permitted by Defendant providing Plaintiff and Plaintiff's attorneys of record with electronic versions of these documents or tangible things within thirty days from the date of this demand: Defendant shall produce to Plaintiffs electronic copies of the following documents and things via a Dropbox.com link or other electronic delivery system at the office of Bryan Schwartz Law, 1330 Broadway, Suite 1630, Oakland, CA 94612.

Defendant shall also serve a written response within thirty (30) days after service of the request, which response shall state the manner in which Defendant will cooperate with the inspection, copying and related activities as to each category of documents and things requested.

## **INSTRUCTIONS**

The following instructions apply throughout this request for production, unless the context clearly indicates otherwise:

A.      You are requested to produce all documents, including electronically stored information ("ESI"), in the electronic forms described above, which are responsive to any of the following numbered requests for inspection at the offices of BRYAN SCHWARTZ LAW, 1330 Broadway, Suite 1630, Oakland, CA 94612 at 10:00 a.m., on the thirtieth (30th) day following the date of service of this request (or the next business day if that day falls on a Saturday, Sunday or court holiday).

B.      If you prefer, you may produce all documents and ESI which are responsive to any of the following numbered requests by delivering electronic copies of such information on or before the thirtieth (30th) day following the date of service of this request to the offices of BRYAN SCHWARTZ LAW.

C.      Produce all responsive documents and ESI in your possession, custody or control, as well as all documents and ESI in the possession, custody or control of your attorneys, agents, representatives, investigators, consultants, independent contractors and experts.

D.     Produce, where possible, originals of the documents and ESI files requested, whether signed or unsigned.  Produce all prior drafts, as well as the final form, of all documents and ESI.  Produce each and every copy where such copy contains any commentary or notation that does not appear on the original.

E.     For all documents maintained in electronic form, produce the information electronically in Adobe PDF format, unless the information is ordinarily maintained in Excel format, in which case, produce the information in Excel format.

F.     Add a unique identifying page number (Bates Number) to every page of every document you produce, so that the parties can identify to the Court pages of documents produced by reference to the Bates number.

G.     This request requires that the Responding Party produce all documents responsive to any of the following numbered requests which are in the Responding Party's possession or control or subject to the Responding Party's control, wherever they may be located.  The documents which the Responding Party must identify and produce include not only documents which the Responding Party presently possesses, but also documents which are in the possession or control of the Responding Party's attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on the Responding Party's behalf.

H.     All documents that are responsive in whole or in part to any of the following numbered requests shall be produced in full, without abridgment, abbreviation or expurgation of any sort.

I.     If the Responding Party objects to producing any information contained or stored in an electronic format (ESI) or any document or thing on the ground that it requires information that is subject to attorney-client privilege or any other privilege, or falls within the work product doctrine, and based on such objection the Responding Party withholds production of said document or thing, provide the following information for each document or thing withheld:

1.     The nature of the privilege or doctrine upon which the Responding Party is relying;

2.     Identify the document by stating its date, title, description, subject and purpose; the name(s), position(s) and address(es) of the author(s) and recipient(s); the identities and addresses of all persons who were intended to receive the document; the identity and address

of each person in possession, custody, or control of the document; a general description of the subject of the document; and if the basis of the claim of privilege of work product doctrine, the proceeding for which the document was prepared; and

   3.   A privilege log compliant with Cal. Code of Civ. Pro. § 2031.240(c)(2).

J.   If any portion of a document or thing responsive to this Request for Production of documents is produced in a redacted manner, identify the document which has been excerpted and/or redacted and for each such document state:

   1.   The nature of the privilege or doctrine upon which the Responding Party is relying for the excerpting and/or redaction; and

   2.   Identify the document by stating its date, author(s), recipient(s), the identity of all persons who were intended to receive the document, the identity of each person in possession, custody or control of the document or copy of the document, and a general description of the subject matter.

K.   If the Responding Party at any time relinquished possession, care, custody or control of, lost, or destroyed any document falling within the scope of this Request, identify the document which has been lost, destroyed, or regarding which control has been relinquished, and for each such document:

   1.   Identify the document by stating its date, author(s), recipient(s), the identity of all persons who were intended to receive the document, the identity of each person (including natural persons, corporate persons, and any other entity) in possession, custody or control of the document or a copy of the document, and a general description of the subject matter;

   2.   If such document still exists, identify each person, if any, who currently has custody, care, possession or control thereof.

L.   Whenever a document demand is framed in the conjunctive, it shall also be taken in the disjunctive.

M.   Whenever a document demand is framed in the singular, it shall also be taken in the plural.

N.   The specificity of any one particular document demand shall not be construed to reduce the scope of any generalized document demand.

O.      This set of document requests is in no way affected or modified by any informal   production of documents earlier conducted, nor does any prior production in any way affect or modify the Responding Party's duty to comply with these requests.

P.      File folders with tabs or labels identifying documents must be produced intact with the documents.

Q.      Documents attached to each other should not be separated.

R.      Selection of documents from files and other sources shall be performed in a manner to ensure that the source of each document may be determined.

S.      Documents shall be produced as they are maintained in the ordinary course of business. If documents are available in electronic format, they should be produced in electronic format either in their original format with all metadata intact or in a searchable file format with intact fields for date, author, origin, creation, modification and other information obtainable from the original electronic files.

T.      The Responding Party is to produce every copy of every document described herein where any such copy is not an identical copy of an original or where any such copy contains any commentary or notation whatsoever that does not appear on the original document.

U.      Each request contained herein extends to all documents in the Responding Party's possession, custody, or control.

## **DEFINITIONS**

The following definitions apply throughout these requests for production, unless the context clearly indicates otherwise:

A.      "DEFENDANT," "TESLA," "YOU," and "YOUR" refer to Defendant Tesla, Inc. doing business in California as Tesla Motors, Inc.

B.      "DOCUMENT(S)" or "WRITING(S)" means handwriting, ESI, typewriting, E-mail, printing, Photostatting, photocopying, tape-recording, and every other means of recording upon any tangible thing, any form or Communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, as defined by California Evidence Code Section 250, and includes, but is not limited to tape-recordings, letters, drafts, notebooks, diaries, calendars, notes,

correspondence of any kind, records, reports of any kind, quality control reports, investigation

reports, inspection reports, insurance policies, insurance claims forms, forms of any kind,

memoranda, minutes of meetings of any kind, telephone messages, directives, court orders, court

documents of any kind, research data, studies, analyses, reports of analyses, checklists, data sheets,

specifications, operations' manuals, procedures' manuals, manuals of any kind, itemizations,

agendas, compliance orders, notices to abate, contracts, agreements, bids, computer printouts,

receipts, and documents, messages or information contained or stored in an electronic format,

including messages that exist on hard drive or on disk.

C.      "COMMUNICATION(S)" means, unless otherwise specified, any transfer of information,

ideas, opinions or thoughts by any means at any time or place under any circumstances and is not

limited to transfers between persons but includes other transfers, such as records and memoranda to

file. The terms "COMMUNICATION" and "COMMUNICATIONS" include the following:

> a.      Any written letter, memorandum, electronic mail, or other DOCUMENT which was
>         sent by one or more PERSON or PERSONS to another,
>
> b.      Any telephone call between one or more PERSONS and another PERSON, whether
>         or not such contact was by chance or prearranged, formal or informal.
>
> c.      Any conversation or meeting between one or more PERSONS and another PERSON,
>         whether or not such contact was by chance or prearranged, formal or informal.

D.      "REGARDING" and "RELATING TO" means having any connection with the topic of the

request of having some logical or casual connection between the information and the topic of the

request whether the DOCUMENT contains a direct reference to the topic of the request or simply

describes or identifies the topic.

E.      "PLAINTIFF" means Plaintiff Marcus Vaughn.

F.      "STATUTORY PERIOD" means the period from November 9, 2016, through the resolution

of this action.

G.      "TESLA FACTORY" means DEFENDANT's automotive plant located at 45500 Fremont

Boulevard in Fremont, California.

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST NO. 1.**

All non-attorney-client-privileged DOCUMENTS RELATING TO or mentioning in any way PLAINTIFF.

**REQUEST NO. 2.**

All DOCUMENTS RELATING TO work performed by PLAINTIFF at the TESLA FACTORY

**REQUEST NO. 3.**

All DOCUMENTS containing, describing, or identifying PLAINTIFF's attendance records during the period in which PLAINTIFF worked at the TESLA FACTORY.

**REQUEST NO. 4.**

All non-attorney-client-privileged DOCUMENTS RELATING TO or mentioning in any way Timothy Cotton.

**REQUEST NO. 5.**

All non-attorney-client-privileged DOCUMENTS RELATING TO or mentioning in any way Melvin Berry.

**REQUEST NO. 6.**

All handbooks in effect and applicable to employees at the TESLA FACTORY during the STATUTORY PERIOD.

**REQUEST NO. 7.**

All handbooks in effect and applicable to employees of contractors at the TESLA FACTORY during the STATUTORY PERIOD.

**REQUEST NO. 8.**

All employee policies stored on TESLA's intranet accessible to individuals working at the TESLA FACTORY during the STATUTORY PERIOD

**REQUEST NO. 9.**

The complete index and/or table of contents for TESLA's intranet accessible to individuals working at the TESLA FACTORY during the STATUTORY PERIOD.

**REQUEST NO. 10.**

All employee policies stored on TESLA's Workday.com website accessible to individuals working at the TESLA FACTORY during the STATUTORY PERIOD

**REQUEST NO. 11.**

DOCUMENTS sufficient to understand DEFENDANT'S organizational structure during the STATUTORY PERIOD, including but not limited to organizational charts showing its parent companies, subsidiaries, divisions or departments, the job titles within the structure, and the persons holding board, officer, and management positions within the structure.

**REQUEST NO. 12.**

All DOCUMENTS RELATING TO any discrimination training provided to individuals working at the TESLA FACTORY during the STATUTORY PERIOD.

**REQUEST NO. 13.**

All DOCUMENTS RELATING TO any harassment training provided to individuals working at the TESLA FACTORY during the STATUTORY PERIOD.

**REQUEST NO. 14.**

All DOCUMENTS RELATING TO DEFENDANT'S policies concerning complaint and investigation procedures in effect at the TESLA FACTORY during the STATUTORY PERIOD.

**REQUEST NO. 15.**

All DOCUMENTS RELATING TO any investigation of any complaints or other employment-related concerns initiated by PLAINTIFF.

**REQUEST NO. 16.**

All DOCUMENTS RELATING TO any investigation of any complaints initiated by Timothy Cotton.

**REQUEST NO. 17.**

All DOCUMENTS RELATING TO any investigation of any complaints initiated by Melvin Berry.

**REQUEST NO. 18.**

All DOCUMENTS RELATING TO any discipline imposed on any employee at the TESLA FACTORY for using racially-offensive language, including but not limited to any discipline RELATING TO any employee's use of the term "Nigger" or "Nigga."

**REQUEST NO. 19.**

All COMMUNICATIONS distributed to individuals working at the TESLA FACTORY during the STATUTORY PERIOD RELATING TO discrimination, including but not limited to emails and text messages.

**REQUEST NO. 20.**

All COMMUNICATIONS distributed to individuals working at the TESLA FACTORY during the STATUTORY PERIOD RELATING TO harassment, including but not limited to emails and text messages.

**REQUEST NO. 21.**

All text messages sent to or from Elon Musk during the statutory period which contain any of the following terms: "discrimination," discriminate(s)," "discriminatory," "harass(es)," "harassment," "harassing," "harasser(s)," "hostile work environment," "race(s)," "racial," "racist," "black(s)," "African-American(s)," "African(s)," "Afro-Caribbean(s)," "N-word(s)," "Nigger(s)," "Nigga(s)," "monkey(s)," "plantation," "graffiti," "noose(s)," "complaint(s)," "grievance(s)," "lawsuit(s)," "bullying," "bully(ies)," "thick-skin," "thick-skinned," "jerk(s)," "Marcus Vaughn," "Melvin Berry," "Timothy Cotton," "DeWitt Lambert," "Owen Diaz," "Lamar Patterson," or "Demetric Di-Az."

**REQUEST NO. 22.**

All e-mails sent to or from Elon Musk during the statutory period which contain any of the following terms: "discrimination," discriminate(s)," "discriminatory," "harass(es)," "harassment," "harassing," "harasser(s)," "hostile work environment," "race(s)," "racial," "racist," "black(s)," "African-American(s)," "African(s)," "Afro-Caribbean(s)," "N-word(s)," "Nigger(s)," "Nigga(s)," "monkey(s)," "plantation," "graffiti," "noose(s)," "complaint(s)," "grievance(s)," "lawsuit(s)," "bullying," "bully(ies)," "thick-skin," "thick-skinned," "jerk(s)," "Marcus Vaughn," "Melvin Berry," "Timothy Cotton," "DeWitt Lambert," "Owen Diaz," "Lamar Patterson," or "Demetric Di-Az."

**REQUEST NO. 23.**

All e-mails sent to or from Peter Hochholdinger during the statutory period which contain any of the

following terms: "discrimination," discriminate(s)," "discriminatory," "harass(es)," "harassment,"

"harassing," "harasser(s)," "hostile work environment," "race(s)," "racial," "racist," "black(s),"

"African-American(s)," "African(s)," "Afro-Caribbean(s)," "N-word(s)," "Nigger(s)," "Nigga(s),"

"monkey(s)," "plantation," "graffiti," "noose(s)," "complaint(s)," "grievance(s)," "lawsuit(s),"

"bullying," "bully(ies)," "thick-skin," "thick-skinned," "jerk(s)," "Marcus Vaughn," "Melvin

Berry," "Timothy Cotton," "DeWitt Lambert," "Owen Diaz," "Lamar Patterson," or "Demetric Di-

Az."

**REQUEST NO. 24.**

All e-mails sent to or from Rose Sanson during the statutory period which contain any of the

following terms: "discrimination," discriminate(s)," "discriminatory," "harass(es)," "harassment,"

"harassing," "harasser(s)," "hostile work environment," "race(s)," "racial," "racist," "black(s),"

"African-American(s)," "African(s)," "Afro-Caribbean(s)," "N-word(s)," "Nigger(s)," "Nigga(s),"

"monkey(s)," "plantation," "graffiti," "noose(s)," "complaint(s)," "grievance(s)," "lawsuit(s),"

"bullying," "bully(ies)," "thick-skin," "thick-skinned," "jerk(s)," "Marcus Vaughn," "Melvin

Berry," "Timothy Cotton," "DeWitt Lambert," "Owen Diaz," "Lamar Patterson," or "Demetric Di-

Az."

**REQUEST NO. 25.**

All DOCUMENTS RELATING TO any complaints filed during the STATUTORY PERIOD

concerning discrimination of any kind based on race.

**REQUEST NO. 26.**

All DOCUMENTS RELATING TO any complaints filed during the STATUTORY PERIOD

concerning harassment of any kind based on race.

**REQUEST NO. 27.**

All COMMUNICATIONS RELATING TO the email sent by Elon Musk to all TESLA employees

on May 31, 2017, with the subject line "Doing the right thing."

**REQUEST NO. 28.**

All COMMUNICATIONS RELATING TO the communication titled "Hotbed of Misinformation,"

posted on the Tesla.com website around November 14, 2017.

**REQUEST NO. 29.**

All non-attorney-client-privileged COMMUNICATIONS RELATING TO the lawsuit *Lambert v. Tesla, Inc. et al.*, Alameda Superior Court Case No. RG17854515.

**REQUEST NO. 30.**

All non-attorney-client-privileged COMMUNICATIONS RELATING TO the lawsuit *Diaz, et al. v. Tesla, Inc., et al.*, Alameda Superior Court Case No. RG17878854.

**REQUEST NO. 31.**

All DOCUMENTS referenced in YOUR responses to PLAINTIFF'S Form Interrogatories, General, served concurrently with these requests.

**REQUEST NO. 32.**

All DOCUMENTS referenced in YOUR responses to PLAINTIFF'S Form Interrogatories, Employment, served concurrently with these requests.

**REQUEST NO. 33.**

All DOCUMENTS referenced in YOUR responses to PLAINTIFF'S Special Interrogatories, Set One, served concurrently with these requests.

**REQUEST NO. 34.**

All DOCUMENTS RELATING TO the identification of the race of any or all individuals working at the TESLA FACTORY during the STATUTORY PERIOD, including but not limited to Form EEO-1s submitted at any time to the U.S. Equal Employment Opportunity Commission.

**REQUEST NO. 35.**

All DOCUMENTS RELATING TO any insurance policies which may cover YOU for damages and/or defense costs related to this action.

Dated: December 13, 2017          CALIFORNIA CIVIL RIGHTS LAW GROUP
                                  BRYAN SCHWARTZ LAW


                                  By: _____
                                      Logan Starr
                                      *Attorneys for Plaintiff*

-11-

# Exhibit B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Marcus Vaughn  et al | No.      RG17882082 |
| Plaintiff/Petitioner(s) | |
| vs. | Date:    11/03/2021 |
| Tesla, Inc. | Time:    11:01 AM |
| Defendant/Respondent(s) | Dept:    21 |
| | Judge:   Evelio Grillo |
| | ORDER re: Ruling on Submitted Matter |

The Court, having taken the matter under submission on 10/22/2021, now rules as follows: The Motion of Plaintiff to compel further responses to requests for the production of documents 108-111 and special interrogatories 31, 32, and 34 is GRANTED IN PART

BACKGROUND

This is a putative class action alleging a pattern and practice of race harassment at the Tesla factory in Fremont, CA. Plaintiffs reasonably seek information about all incidents of racial harassment at the factory as well as information about what did Tesla know and when did it know it. Tesla reasonably argues that the discovery be focused on the members of the putative class (which are persons who worked in the factory during time periods when they were not bound by arbitration clauses). Tesla also asserts the privacy interests of persons who worked at the factory.

The court has addressed this issue on at least three prior occasions.

The order of 9/30/20. The court granted plaintiff's motion to compel discovery. The discovery order states: "The court will order that if a complaining employee/worker signs a waiver, the Tesla must produce any third party complaint as well as documents directly related to any resulting investigation and discipline. ... Limiting disclosure of third party complaints, investigations, and discipline to the persons who consent to the disclosure and production of their complaints also addresses the burden issue. The results of the opt-in waiver for complaints of race harassment will define the files to be reviewed, which then limits the burden on Tesla of locating the relevant files."

The IDC guidance of 7/16/21. The guidance states: "The court made the decision early in the case that plaintiff could review the contents of the files of other workers (employees, contractors, etc) if the other workers signed releases regarding the information in their files. The court would be inclined to be consistent with that approach. The approach suggests that if the court ordered a request for documents containing or referencing racial slurs that were reported in the Convercent system/program then the responsive documents would be narrowed to those relating to the persons who signed waivers. The court would be inclined to grant a motion to compel to the extent it sought documents in the Convercent system/program relating to the persons who signed

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

waivers. The court

would be inclined to deny a motion to compel to the extent it sought documents in the Convercent system/program relating to the persons who [have not] signed waivers."

The order of 8/26/21. The court granted Tesla's motion for a protective order in part. The order states: "Tesla seeks to limit its production of records of complaints and investigations to persons who signed waivers and who were complainants, subjects, or witnesses regarding incidents during the proposed class period. (Reply at 4:16-19 and 4:20-22.) GRANTED."

The case has been reassigned. Judge Grillo will not disturb the existing protocol, but views it at the first phase of a two phase process. In the first phase, Tesla's obligation to respond is limited to persons who signed waivers and who were complainants, subjects, or witnesses regarding incidents during the proposed class period. In the second phase, plaintiff may make a motion that Tesla's obligation should be expanded to include additional information based on, among other things, plaintiffs' need for the information considered in light of the burden of production on Tesla and the privacy interests of third parties.

The court modifies the order of 8/26/21 and ORDERS Tesla to produce any anonymous complainants from persons who submitted a complaint regarding race harassment at the Tesla factory. Such complaints are to include complaints referencing harassment and racial slurs, complaints that contain or reference the words nigger, swastikas or racial or racist graffiti. To the extent the names of specific individuals are mentioned in the body of the letter (as opposed to addressees who received the letter) such names may be redacted.

RFPs 108-111

Plaintiffs seek all documents on Tesla's Convercent system/program that contain or reference the word nigger, a swastika, or racial or racist graffiti. DENIED AT THIS TIME.

As the court previously decided in the orders of 9/30/20 and 8/26/21, the information sought is relevant but the court will limit Tesla's obligation to respond to persons who signed waivers and who were complainants, subjects, or witnesses regarding incidents during the proposed class period. The court reaffirms that this is an appropriate balance of relevance, burden, and privacy concerns at this time.

Tesla must comply with the court's prior orders, including the orders of 9/30/20 and 8/26/21.

After Tesla has substantially complied, then plaintiff may make a motion that Tesla's obligation should be expanded to include all documents on Tesla's Convercent system/program that contain or reference the word nigger, a swastika, or racial or racist graffiti.

SROG 31, 32, 34

Plaintiffs ask Tesla to state the first date on which anyone from the HR Department initially became aware of the use of the word nigger and racist graffiti in the restrooms or bathrooms or

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

elsewhere in the Tesla factory. GRANTED.

The information is relevant to when Tesla first became aware of the alleged harassment.

The burden is minimal. Tesla can make a reasonable and good faith effort to identify the relevant dates and answer the questions. Tesla can state it made a reasonable and good faith effort and is not able to answer the questions. (CCP 2030.220) Tesla can, as agreed by plaintiff, provide a verified response that it had the knowledge before the start of the class period. (Moving at 13:15-16.)

There are no concerns with privilege, work product, or privacy.

Tesla must produce further responses to SROG 31, 32, 34 on or before 11/5/21.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 11/03/2021

*Evelio Grillo / Judge*

# Exhibit C

**CALIFORNIA CIVIL RIGHTS LAW GROUP**
Lawrence A. Organ (SBN 175503)
Navruz Avloni (SBN 279556)
332 San Anselmo Avenue
San Anselmo, California 94960-2664
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
larry@civilrightsca.com
navruz@civilrightsca.com

Attorneys for Plaintiff
DEMETRIC DI-AZ and OWEN DIAZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON, | Case No. 3:17-cv-06748-WHO |
| Plaintiffs, | **PLAINTIFF OWEN DIAZ'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TESLA, INC. – SET THREE** |
| v. | |
| TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:**     Plaintiff OWEN DIAZ

**RESPONDING PARTY:**     Defendant TESLA, INC.

**SET NO.:**     Three

     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure § 2031.030, Plaintiff OWEN DIAZ hereby requests that Defendant TESLA, INC. respond to the following Requests for Production of Documents, Set No. Three, separately, fully, and under oath, within thirty (30)

days from service hereof by producing the documents listed below.  Please identify whether defendant will comply with these demands, lacks the ability to comply with these demands or has objections as to these demands.  Plaintiff further demands that Defendant produce the documents, identified in response to this request for production of documents, for inspection and copying within thirty (30) days at the office of the California Civil Rights Law Group located at 332 San Anselmo Avenue, San Anselmo, California 94960.

<u>DEFINITIONS</u>

A. The terms "YOU" and/or "YOUR" and/or "DEFENDANT" and/or "TESLA" refers to Tesla, Inc. and to its representatives, including specifically its attorneys, as well as any owner, officer, director, shareholder, manager, employee, managing agent, agent, or any individual or entity acting with actual or apparent authority of Tesla, Inc.

B. The term "PLAINTIFF" refers to Owen Diaz.

C. The term "PERSON" means all individuals and entities of any nature whatsoever and includes, in the plural as well as in the singular, any natural person, firm, association, partnership, joint venture, corporation, subdivision or part thereof, or any other entity, including all representatives of any such person or persons. The masculine pronoun shall also include the feminine.

D. The term "DOCUMENT" means all originals, drafts and copies that differ in any way from the originals of all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic recording, photograph, printing, tape, transcription of spoken language or other record of spoken language, typewriting, writing or any other means, and includes without limitation agreements, appointment books, bank statements, bills, books, business records, facsimiles, calendars, cards, checks, charts, computer printouts and tapes, correspondence, diaries, file cards, films, financial statements and reports, handwritten notes, including "post-its" or other type adhesive notes, invoices, journals, ledgers, letters, logs, memoranda, memorials in any form of telephone conversations, minutes, notes, notices, pamphlets, papers, purchase orders, personnel records, receipts, recordings, reports, telegrams, and any other pertinent information set forth in written language or any electronic representation thereof and any carbon or copies of

1   such material, if you do not have control over or possession of the original.

2       "DOCUMENT" also includes information stored by computer or on a computer disk,

3   diskette, tape or card, as well as any electronic recording, tape recording, photograph, video, file,

4   microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of

5   any kind.

6       "DOCUMENT" also includes all drafts of, and amendments, or supplements to, any of

7   the foregoing, whether prepared by you or any other person, as well as copies of the document

8   that differ from the copy being produced (e.g., a differing copy is one that contains handwritten

9   notes, interlineation, underlining, and the like).

10      E.  "PERTAINING" and "RELATING," as used in this request, means evidencing,

11  memorializing, referring, constituting, containing, discussing, describing, embodying, reflecting,

12  identifying, mentioning, stating, or otherwise relating to in any way, in whole or in part, the

13  subject matter referred to in this request.

14      F. "IDENTIFY" or "IDENTIFYING" means:

15          a.  with respect to an individual, state the person's name, title at the time in

16              question, employer and business address at the time in question, employer and

17              business address at the time in question and dates of employment (if an

18              employee of YOURS), and current or last known employer, business address,

19              and home address;

20          b.  with respect to a company, state the name of the company, the place of

21              incorporation of the company, and the address of the company's principal

22              place of business;

23          c.  with respect to a DOCUMENT, state the names of the author or creator and

24              the addressee, the subject matter or title, the date of the DOCUMENT, its

25              present location AND custodian, and, if the DOCUMENT is an insurance

26              policy or cover note, the policy number or cover note number;

27          d.  with respect to a meeting, state the date, location, and subject matter of the

28              meeting, and IDENTIFY the participants in the meeting;

e.   with respect to an insurance claim, or notice of potential claim, state the identity of the policyholder;

f.   with respect to a LIABILITY POLICY, state the policy number, policy period and stated limits of the policy;

g.   with respect to a lawsuit, state the names of the parties, docket number, court, and the current status of the litigation.

G.  "ANY" or "EACH" shall include and encompass "all" and "every."

H.  "COMPLAINT," as used in this request, means the Complaint for Damages on file in this action.

I.  If a request calls for production of a DOCUMENT that has already been produced, it will be sufficient to describe the responsive DOCUMENT which has already been produced.

J.  If, after exercising due diligence to obtain the items requested, YOU cannot or will not produce all the DOCUMENTS requested herein, whether because of privilege or otherwise, YOUR response should include the following:

1)   A statement that YOUR production is or will be incomplete;

2)   A specification of which request or subpart thereof for which YOU will be unable or unwilling to produce; and

3)   A statement of the facts and/or grounds upon which YOU rely to support YOUR contention that YOU are not able and/or should not be compelled to produce completely.

K.  If YOU or YOUR REPRESENTATIVE asserts that any DOCUMENT required to be produced is privileged or otherwise protected from discovery, YOUR response should include the following:

1)   The place, approximate date, and manner of recording or otherwise preparing the DOCUMENT;

2)   The name and organizational position, if any, of each sender of the DOCUMENT;

3)   The name and organizational position, if any, of each recipient of the
     DOCUMENT;

4)   The name and organizational position, if any, of each PERSON (other than
     stenographic or clerical assistants) participating in the preparation of the
     DOCUMENT;

5)   The name and organizational position, if any, of each PERSON to whom the
     contents of the DOCUMENT or any portion thereof have heretofore been
     communicated by copy, exhibition, reading or substantial summarization;

6)   A statement of the basis on which the privilege is claimed with respect to each
     DOCUMENT and whether the contents of each DOCUMENT are limited
     solely to legal advice or information provided for the purpose of securing
     legal advice;

7)   The number of the demand to which the DOCUMENT is responsive; and

8)   The identity and organizational position, if any, of each person supplying the
     author of YOUR response hereto with the information requested in
     subsections (1) through (7) above.

L. "COMMUNICATION," as used in this request, means all written or electronic communications between two or more persons or entities, including but not limited to e-mails, letters, text messages, memoranda, faxes, social media posts, tweets, Instagram and snapchat messages and any similar electronic media.

M. The term "TESLA FACTORY" refers to Tesla's factory in Fremont, California that is located at 45500 Fremont Boulevard, in Fremont, California.

## <u>DOCUMENTS TO BE PRODUCED</u>

### <u>REQUEST FOR PRODUCTION NO. 53</u>

Please produce all DOCUMENTS (including but not limited to pictures, videotape, digital recordings or other manners of capturing visual images) which evidence, reflect, show, or depict any images, words, epithets, drawings, symbols or other matters which refer to or suggest

racial or racist messages or words and were found in any of the bathrooms at any Tesla Factory in Fremont California from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 54**

Please produce all DOCUMENTS which reference or refer to the posting or writing or depicting of racial images, words, epithets, drawings, symbols or other matters of a racial or racist message(s) or words that were found in any of the bathrooms at any Tesla Factory in Fremont California from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 55**

Please produce all DOCUMENTS which reference or refer to efforts to clean up or remove depictions of racial images, words, epithets, drawings, symbols or other matters of a racial or racist message(s) or words that were found in any of the bathrooms at any Tesla Factory in Fremont California from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 56**

Please produce all DOCUMENTS which show or reference videotape or digital recordings or surveillance of Plaintiff Owen Diaz or Plaintiff Demetric Diaz from the time each one started working at Defendant to the present day.

**REQUEST FOR PRODUCTION NO. 57**

Please produce all DOCUMENTS which contradict any statements made by Owen Diaz during his deposition testimony.

**REQUEST FOR PRODUCTION NO. 58**

Please produce all DOCUMENTS which contradict any statements made by Demetric Diaz during his deposition testimony.

**REQUEST FOR PRODUCTION NO. 59**

Please produce all DOCUMENTS in your possession which evidence, reflect, show, or reference any criminal arrest, charges, or convictions relating to Owen Diaz.

**REQUEST FOR PRODUCTION NO. 60**

Please produce all DOCUMENTS which evidence, reflect, show, or reference any criminal arrest, charges, or convictions relating to Demetric Diaz.

**REQUEST FOR PRODUCTION NO. 61**

Please produce all DOCUMENTS related to any investigation YOU conducted into allegations, complaints or concerns filed, raised or brought up by Dewitt Lambert related to inappropriate, harassing, retaliatory or abusive conduct at the FREMONT FACTORY.

**REQUEST FOR PRODUCTION NO. 62**

Please produce all DOCUMENTS related to any investigation YOU conducted into allegations, complaints or concerns filed, raised or brought up by Lamar Patterson related to inappropriate, harassing, retaliatory or abusive conduct at the FREMONT FACTORY.

**REQUEST FOR PRODUCTION NO. 63**

Please produce all DOCUMENTS related to any investigation YOU conducted into allegations, complaints or concerns filed, raised or brought up by Marcus Vaughn related to inappropriate, harassing, retaliatory or abusive conduct at the FREMONT FACTORY.

**REQUEST FOR PRODUCTION NO. 64**

Please produce all DOCUMENTS related to any investigation YOU conducted into allegations, complaints or concerns filed, raised or brought up by Timothy Cotton related to inappropriate, harassing, retaliatory or abusive conduct at the FREMONT FACTORY.

**REQUEST FOR PRODUCTION NO. 65**

Please produce all DOCUMENTS related to any inquiry or investigation YOU conducted into  allegations, complaints or concerns filed, raised or brought up by Tamotsu Kawasaki related to racist comments directed at Owen Diaz in or around July 31, 2015.

**REQUEST FOR PRODUCTION NO. 66**

Please produce all DOCUMENTS related to any disciplinary action that was taken against Judy Timbreza including but not limited to the Verbal Warning or Verbal Notice given to Mr. Timbreza as identified in document Bates Stamped TESLA-0000511.

**REQUEST FOR PRODUCTION NO. 67**

Please produce all DOCUMENTS that reference, refer to, or relate to the racist comments identified in document Bates Stamped TESLA-000511

**REQUEST FOR PRODUCTION NO. 68**

Please produce all electronic COMMUNICATION that forward the document Bates Stamped TESLA-000511.

CALIFORNIA CIVIL RIGHTS LAW GROUP

DATED:  February 4, 2019          By: _____

Lawrence A. Organ, Esq.
Navruz Avloni, Esq.
Attorneys for Plaintiffs
DEMETRIC DI-AZ AND OWEN DIAZ

# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

```
DEMETRIC DIAZ, et al.,           )
                                 )
                Plaintiffs,      )
                                 )  Case No.
          v.                     )  3:17-cv-06748-WHO
                                 )
TESLA, INC., et al.,             )
                                 )
                Defendants.      )
_____)
```

VIDEOTAPED DEPOSITION OF ANDRES DONET

DATE:              Thursday, October 24, 2019

TIME:              4:39 p.m.

LOCATION:          Sheppard, Mullin, Richter &
                   Hampton LLP
                   379 Lytton Avenue
                   Palo Alto, California  94301


REPORTED BY:       Peter Torreano, CSR, CRR
                   Certified Shorthand Reporter
                   License Number C-7623

```
 1                  A P P E A R A N C E S:

 2      For the Plaintiffs:

 3              California Civil Rights Law Group
                By:  LAWRENCE A. ORGAN
 4              larry@civilrightsca.com
                332 San Anselmo Avenue
 5              San Anselmo, CA 94960
                (415) 453-4740
 6
        For the Tesla Defendants and the Deponent:
 7
                Sheppard, Mullin, Richter & Hampton LLP
 8              By:  SAMI HASAN
                shasan@sheppardmullin.com
 9              Four Embarcadero Center
                Fourteenth Floor
10              San Francisco, California  94111
                (415) 774-3286
11
        For Defendant NextSource, Inc.:
12      (Telephonically)

13              Fisher & Phillips LLP
                By:  VINCENT J. ADAMS
14              vadams@fisherphillips.com
                One Embarcadero Center
15              Suite 2050
                San Francisco, California  94111
16              (415) 490-9000


18

19

20

21

22

23

24

25
```

**VIDEOTAPED DEPOSITION OF ANDRES DONET**

17:15:51  1       Q.   Why did you send the e-mail saying you had

17:15:56  2   cleaned up the graffiti to Liza Lipson?

17:15:56  3       A.   Well, it was the practice to send the

17:16:01  4   information to both HR and security.

17:16:10  5       Q.   So you had a practice to send -- any time you

17:16:14  6   were cleaning up offensive graffiti you would be

17:16:17  7   sending it -- your practice was to send it to HR and to

17:16:23  8   security; is that correct --

17:16:23  9            MR. HASAN:   Objection.   Compound.   Misstates

17:16:26 10   testimony.

17:16:26 11            MR. ORGAN:   I'll break it up.   In terms of --

17:16:29 12   I'll strike it and break it up.

17:16:30 13   BY MR. ORGAN:

17:16:30 14       Q.   In terms of whenever you had a picture of

17:16:36 15   graffiti involving what might be offensive content, you

17:16:43 16   would send that to HR; is that correct?

17:16:46 17            MR. HASAN:   Objection.   Misstates his prior --

17:16:48 18   BY MR. ORGAN:

17:16:48 19       Q.   -- to let them know you cleaned it up?

17:16:51 20       A.   We sent any graffiti that was found to HR and

17:17:02 21   security.

17:17:03 22       Q.   Okay.

17:17:04 23       A.   Offensive or not offensive, that was the

17:17:07 24   practice and still is.

17:17:09 25       Q.   And still is?

**VIDEOTAPED DEPOSITION OF ANDRES DONET**

17:17:10  1      A.   Yeah.  We send that information.

17:17:12  2      Q.   Okay.  So anytime that graffiti is cleaned up

17:17:16  3  once you've cleaned it up you send word to human

17:17:22  4  resources to tell them that it's been cleaned up;

17:17:25  5  correct?

17:17:25  6          MR. HASAN:  Objection.  Misstates testimony.

17:17:27  7          THE DEPONENT:  It is a -- we want to make sure

17:17:33  8  that they know that this happened and was taken care

17:17:39  9  of.

17:17:40 10  BY MR. ORGAN:

17:17:40 11      Q.   I see.  Okay.  So anytime there's graffiti

17:17:43 12  that your department or team is cleaning up you send

17:17:50 13  word to human resources that you have cleaned it up so

17:17:55 14  that they have notice about it and so that they know

17:17:57 15  it's cleaned up; is that correct?

17:17:59 16          MR. HASAN:  Objection.  Compound and misstates

17:18:01 17  testimony.

17:18:01 18          THE DEPONENT:  Yeah.  We send information that

17:18:10 19  we found this or somebody report this and it was

17:18:13 20  cleaned.

17:18:13 21  BY MR. ORGAN:

17:18:13 22      Q.   And that's your typical practice; correct?

17:18:15 23      A.   That's the typical thing to do.

17:18:17 24      Q.   Okay.  And in addition to sending any kind of

17:18:21 25  notice about graffiti to human resources you also sent

REPORTER'S CERTIFICATE

1

2          I, Peter Torreano, duly authorized to

3  administer oaths pursuant to Section 2093(b) of the

4  California Code of Civil Procedure, do hereby certify:

5          That the witness in the foregoing deposition

6  was administered an oath to testify to the whole truth

7  in the within-entitled cause; that said deposition was

8  taken at the time and place therein cited; that the

9  testimony of the said witness was reported by me and

10  was thereafter transcribed under my direction into

11  typewriting; that the foregoing is a full and

12  accurate record of said testimony; and that the witness

13  was given an opportunity to read and correct said

14  deposition and to subscribe the same.

15          Pursuant to Federal Rule 30(e), transcript

16  review was requested.

17          I further certify that I am not of counsel nor

18  attorney for any of the parties in the foregoing

19  deposition and caption named nor in any way interested

20  in the outcome of the cause named in said caption.

21                          Dated:  November 2, 2019

22

23

24                          _____

24                          PETER TORREANO, CSR NO. 7623

25

# Exhibit E

| Name | Number | Supplier | Departme | Date | Time |
|---|---|---|---|---|---|
| Diaz, Owen | 100999 | CitiStaff | Elevator | 10/1/2015 | 6:00:30 PM |
| | | CitiStaff | Elevator | 10/2/2015 | 6:30:08 AM |
| | | CitiStaff | Elevator | 10/2/2015 | 5:35:00 PM |
| | | CitiStaff | Elevator | 10/3/2015 | 6:05:19 AM |
| | | CitiStaff | Elevator | 10/3/2015 | 6:02:35 PM |
| | | CitiStaff | Elevator | 10/4/2015 | 6:09:31 AM |
| | | CitiStaff | Elevator | 10/7/2015 | 5:39:05 PM |
| | | CitiStaff | Elevator | 10/8/2015 | 6:07:32 AM |
| | | CitiStaff | Elevator | 10/8/2015 | 5:04:07 PM |
| | | CitiStaff | Elevator | 10/9/2015 | 1:13:48 AM |
| | | CitiStaff | Elevator | 10/9/2015 | 5:50:25 PM |
| | | CitiStaff | Elevator | 10/10/2015 | 6:11:24 AM |
| | | CitiStaff | Elevator | 10/10/2015 | 5:50:08 PM |
| | | CitiStaff | Elevator | 10/11/2015 | 6:04:56 AM |
| | | CitiStaff | Elevator | 10/14/2015 | 5:27:30 PM |
| | | CitiStaff | Elevator | 10/15/2015 | 5:20:15 AM |
| | | CitiStaff | Elevator | 10/15/2015 | 5:57:10 PM |
| | | CitiStaff | Elevator | 10/16/2015 | 6:11:22 AM |
| | | CitiStaff | Elevator | 10/16/2015 | 5:49:26 PM |
| | | CitiStaff | Elevator | 10/17/2015 | 6:00:00 AM |
| | | CitiStaff | Elevator | 10/17/2015 | 6:00:06 PM |
| | | CitiStaff | Elevator | 10/18/2015 | 6:08:15 AM |
| | | CitiStaff | Elevator | 10/18/2015 | 5:59:10 PM |
| | | CitiStaff | Elevator | 10/19/2015 | 6:08:46 AM |
| | | CitiStaff | Elevator | 10/21/2015 | 4:57:53 PM |
| | | CitiStaff | Elevator | 10/22/2015 | 6:02:37 AM |
| | | CitiStaff | Elevator | 10/22/2015 | 6:02:56 PM |
| | | CitiStaff | Elevator | 10/23/2015 | 6:03:14 AM |
| | | CitiStaff | Elevator | 10/23/2015 | 5:55:47 PM |
| | | CitiStaff | Elevator | 10/24/2015 | 6:27:53 AM |
| | | CitiStaff | Elevator | 10/24/2015 | 6:03:46 PM |
| | | CitiStaff | Elevator | 10/25/2015 | 6:01:58 AM |
| | | CitiStaff | Elevator | 10/28/2015 | 5:54:20 PM |
| | | CitiStaff | Elevator | 10/29/2015 | 6:02:55 AM |
| | | CitiStaff | Elevator | 10/29/2015 | 5:56:32 PM |
| | | CitiStaff | Elevator | 10/30/2015 | 6:07:49 AM |
| | | CitiStaff | Elevator | 10/30/2015 | 5:54:57 PM |
| | | CitiStaff | Elevator | 10/31/2015 | 6:05:02 AM |
| | | CitiStaff | Elevator | 10/31/2015 | 5:53:14 PM |
| | | CitiStaff | Elevator | 11/1/2015 | 7:21:46 AM |
| | | CitiStaff | Elevator | 11/4/2015 | 5:52:51 PM |
| | | CitiStaff | Elevator | 11/5/2015 | 6:09:22 AM |
| | | CitiStaff | Elevator | 11/5/2015 | 5:56:25 PM |
| | | CitiStaff | Elevator | 11/6/2015 | 6:12:23 AM |
| | | CitiStaff | Elevator | 11/6/2015 | 5:51:48 PM |
| | | CitiStaff | Elevator | 11/7/2015 | 6:11:31 AM |
| | | CitiStaff | Elevator | 11/7/2015 | 5:51:58 PM |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**EX 061**

CASE NO. 17-cv-06748-WHO

DATE ENTERED _____

BY _____

DEPUTY CLERK

CITISTAFF-0000105.xlsx

EX 061-001

| | | CitiStaff | Elevator | 11/8/2015 | 6:00:50 AM |
|---|---|---|---|---|---|
| | | CitiStaff | Elevator | 11/11/2015 | 5:51:19 PM |
| | | CitiStaff | Elevator | 11/12/2015 | 5:14:56 AM |
| | | CitiStaff | Elevator | 11/12/2015 | 5:55:39 PM |
| | | CitiStaff | Elevator | 11/13/2015 | 6:06:23 AM |
| | | CitiStaff | Elevator | 11/13/2015 | 5:52:29 PM |
| | | CitiStaff | Elevator | 11/14/2015 | 6:07:24 AM |
| | | CitiStaff | Elevator | 11/14/2015 | 5:49:10 PM |
| | | CitiStaff | Elevator | 11/15/2015 | 6:46:57 AM |
| | | CitiStaff | Elevator | 11/18/2015 | 5:57:31 PM |
| | | CitiStaff | Elevator | 11/19/2015 | 6:04:30 AM |
| | | CitiStaff | Elevator | 11/19/2015 | 5:48:12 PM |
| | | CitiStaff | Elevator | 11/20/2015 | 6:10:37 AM |
| | | CitiStaff | Elevator | 11/20/2015 | 5:54:39 PM |
| | | CitiStaff | Elevator | 11/21/2015 | 6:19:07 AM |
| | | CitiStaff | Elevator | 11/21/2015 | 5:58:59 PM |
| | | CitiStaff | Elevator | 11/22/2015 | 6:18:08 AM |
| | | CitiStaff | Elevator | 11/25/2015 | 5:52:45 PM |
| | | CitiStaff | Elevator | 11/26/2015 | 6:10:54 AM |
| | | CitiStaff | Elevator | 11/28/2015 | 5:57:04 PM |
| | | CitiStaff | Elevator | 11/29/2015 | 6:06:47 AM |
| | | CitiStaff | Elevator | 12/2/2015 | 5:36:31 PM |
| | | CitiStaff | Elevator | 12/3/2015 | 6:19:38 AM |
| | | CitiStaff | Elevator | 12/3/2015 | 5:52:40 PM |
| | | CitiStaff | Elevator | 12/4/2015 | 6:08:47 AM |
| | | CitiStaff | Elevator | 12/4/2015 | 5:36:43 PM |
| | | CitiStaff | Elevator | 12/5/2015 | 6:17:56 AM |
| | | CitiStaff | Elevator | 12/5/2015 | 5:59:45 PM |
| | | CitiStaff | Elevator | 12/6/2015 | 6:15:14 AM |
| | | CitiStaff | Elevator | 12/9/2015 | 4:27:43 PM |
| | | CitiStaff | Elevator | 12/10/2015 | 6:06:16 AM |
| | | CitiStaff | Elevator | 12/10/2015 | 5:51:19 PM |
| | | CitiStaff | Elevator | 12/11/2015 | 6:20:23 AM |
| | | CitiStaff | Elevator | 12/11/2015 | 5:53:46 PM |
| | | CitiStaff | Elevator | 12/12/2015 | 6:18:26 AM |
| | | CitiStaff | Elevator | 12/12/2015 | 5:03:19 PM |
| | | CitiStaff | Elevator | 12/13/2015 | 6:12:36 AM |
| | | CitiStaff | Elevator | 12/16/2015 | 5:51:54 PM |
| | | CitiStaff | Elevator | 12/17/2015 | 6:12:59 AM |
| | | CitiStaff | Elevator | 12/17/2015 | 6:00:00 PM |
| | | CitiStaff | Elevator | 12/18/2015 | 6:30:00 AM |
| | | CitiStaff | Elevator | 12/18/2015 | 6:00:28 PM |
| | | CitiStaff | Elevator | 12/19/2015 | 6:00:00 AM |
| | | CitiStaff | Elevator | 12/19/2015 | 3:21:33 PM |
| | | CitiStaff | Elevator | 12/20/2015 | 6:10:01 AM |
| | | CitiStaff | Elevator | 12/21/2015 | 5:59:52 PM |
| | | CitiStaff | Elevator | 12/22/2015 | 6:30:00 AM |

CITISTAFF-0000105.xlsx

**EX 061-002**

| | | CitiStaff | Elevator | 12/22/2015 | 6:12:50 PM |
|---|---|---|---|---|---|
| | | CitiStaff | Elevator | 12/23/2015 | 3:29:50 AM |
| | | CitiStaff | Elevator | 12/23/2015 | 5:16:24 PM |
| | | CitiStaff | Elevator | 12/24/2015 | 6:00:00 AM |
| | | CitiStaff | Elevator | 12/30/2015 | 6:00:00 PM |
| | | CitiStaff | Elevator | 12/31/2015 | 6:00:00 AM |
| | | CitiStaff | Elevator | 1/2/2016 | 5:11:28 PM |
| | | CitiStaff | Elevator | 1/2/2016 | 6:00:00 PM |
| | | CitiStaff | Elevator | 1/3/2016 | 6:00:00 AM |
| | | CitiStaff | Elevator | 1/3/2016 | 6:00:00 PM |
| | | CitiStaff | Elevator | 1/4/2016 | 6:00:00 AM |
| | | CitiStaff | Elevator | 1/6/2016 | 6:00:00 PM |
| | | CitiStaff | Elevator | 1/7/2016 | 6:00:00 AM |
| | | CitiStaff | Elevator | 1/7/2016 | 5:48:08 PM |
| | | CitiStaff | Elevator | 1/7/2016 | 6:00:00 PM |
| | | CitiStaff | Elevator | 1/8/2016 | 6:07:34 AM |
| | | CitiStaff | Elevator | 1/8/2016 | 5:59:23 PM |
| | | CitiStaff | Elevator | 1/9/2016 | 6:42:18 AM |
| | | CitiStaff | Elevator | 1/9/2016 | 5:42:14 PM |
| | | CitiStaff | Elevator | 1/10/2016 | 6:11:06 AM |
| | | CitiStaff | Elevator | 1/13/2016 | 5:59:46 PM |
| | | CitiStaff | Elevator | 1/13/2016 | 10:00:00 PM |
| | | CitiStaff | Elevator | 1/13/2016 | 11:00:01 PM |
| | | CitiStaff | Elevator | 1/14/2016 | 6:06:21 AM |
| | | CitiStaff | Elevator | 1/14/2016 | 5:58:04 PM |
| | | CitiStaff | Elevator | 1/14/2016 | 10:00:00 PM |
| | | CitiStaff | Elevator | 1/14/2016 | 11:00:01 PM |
| | | CitiStaff | Elevator | 1/15/2016 | 6:06:13 AM |
| | | CitiStaff | Elevator | 1/15/2016 | 6:00:31 PM |
| | | CitiStaff | Elevator | 1/15/2016 | 10:00:00 PM |
| | | CitiStaff | Elevator | 1/15/2016 | 11:00:01 PM |
| | | CitiStaff | Elevator | 1/16/2016 | 6:00:11 AM |
| | | CitiStaff | Elevator | 1/16/2016 | 6:00:54 PM |
| | | CitiStaff | Elevator | 1/16/2016 | 10:00:00 PM |
| | | CitiStaff | Elevator | 1/16/2016 | 11:00:01 PM |
| | | CitiStaff | Elevator | 1/17/2016 | 6:05:44 AM |
| | | CitiStaff | Elevator | 1/21/2016 | 5:58:27 PM |
| | | CitiStaff | Elevator | 1/21/2016 | 10:30:00 PM |
| | | CitiStaff | Elevator | 1/21/2016 | 11:30:00 PM |
| | | CitiStaff | Elevator | 1/22/2016 | 6:00:24 AM |
| | | CitiStaff | Elevator | 1/22/2016 | 5:55:32 PM |
| | | CitiStaff | Elevator | 1/22/2016 | 10:30:00 PM |
| | | CitiStaff | Elevator | 1/22/2016 | 11:30:00 PM |
| | | CitiStaff | Elevator | 1/23/2016 | 6:07:47 AM |
| | | CitiStaff | Elevator | 1/23/2016 | 6:00:23 PM |
| | | CitiStaff | Elevator | 1/23/2016 | 10:30:00 PM |
| | | CitiStaff | Elevator | 1/23/2016 | 11:30:00 PM |

CITISTAFF-0000105.xlsx

**EX 061-003**

| | | | | | |
|---|---|---|---|---|---|
| | | CitiStaff | Elevator | 1/24/2016 | 6:00:11 AM |
| | | CitiStaff | Elevator | 1/27/2016 | 5:55:46 PM |
| | | CitiStaff | Elevator | 1/27/2016 | 10:00:00 PM |
| | | CitiStaff | Elevator | 1/27/2016 | 10:30:00 PM |
| | | CitiStaff | Elevator | 1/28/2016 | 2:00:00 AM |
| | | CitiStaff | Elevator | 1/28/2016 | 2:30:00 AM |
| | | CitiStaff | Elevator | 1/28/2016 | 6:07:06 AM |
| | | CitiStaff | Elevator | 1/28/2016 | 5:57:28 PM |
| | | CitiStaff | Elevator | 1/28/2016 | 11:05:01 PM |
| | | CitiStaff | Elevator | 1/28/2016 | 11:35:15 PM |
| | | CitiStaff | Elevator | 1/29/2016 | 3:32:17 AM |
| | | CitiStaff | Elevator | 1/29/2016 | 4:02:00 AM |
| | | CitiStaff | Elevator | 1/29/2016 | 6:03:56 AM |
| | | CitiStaff | Elevator | 1/29/2016 | 5:54:04 PM |
| | | CitiStaff | Elevator | 1/29/2016 | 11:20:58 PM |
| | | CitiStaff | Elevator | 1/29/2016 | 11:50:36 PM |
| | | CitiStaff | Elevator | 1/30/2016 | 2:56:29 AM |
| | | CitiStaff | Elevator | 1/30/2016 | 3:27:00 AM |
| | | CitiStaff | Elevator | 1/30/2016 | 6:00:15 AM |
| | | CitiStaff | Elevator | 1/30/2016 | 6:00:00 PM |
| | | CitiStaff | Elevator | 1/30/2016 | 11:02:48 PM |
| | | CitiStaff | Elevator | 1/30/2016 | 11:33:19 PM |
| | | CitiStaff | Elevator | 1/31/2016 | 2:37:32 AM |
| | | CitiStaff | Elevator | 1/31/2016 | 3:07:00 AM |
| | | CitiStaff | Elevator | 1/31/2016 | 6:05:13 AM |
| | | CitiStaff | Elevator | 2/4/2016 | 6:12:18 PM |
| | | CitiStaff | Elevator | 2/4/2016 | 10:51:50 PM |
| | | CitiStaff | Elevator | 2/4/2016 | 11:21:55 PM |
| | | CitiStaff | Elevator | 2/5/2016 | 2:48:00 AM |
| | | CitiStaff | Elevator | 2/5/2016 | 3:14:00 AM |
| | | CitiStaff | Elevator | 2/5/2016 | 6:00:56 AM |
| | | CitiStaff | Elevator | 2/5/2016 | 5:56:18 PM |
| | | CitiStaff | Elevator | 2/5/2016 | 11:08:59 PM |
| | | CitiStaff | Elevator | 2/5/2016 | 11:37:30 PM |
| | | CitiStaff | Elevator | 2/6/2016 | 3:21:21 AM |
| | | CitiStaff | Elevator | 2/6/2016 | 3:54:00 AM |
| | | CitiStaff | Elevator | 2/6/2016 | 6:59:52 AM |
| | | CitiStaff | Elevator | 2/6/2016 | 5:49:38 PM |
| | | CitiStaff | Elevator | 2/6/2016 | 11:02:20 PM |
| | | CitiStaff | Elevator | 2/6/2016 | 11:32:55 PM |
| | | CitiStaff | Elevator | 2/7/2016 | 2:38:57 AM |
| | | CitiStaff | Elevator | 2/7/2016 | 3:08:00 AM |
| | | CitiStaff | Elevator | 2/7/2016 | 6:30:49 AM |
| | | CitiStaff | Elevator | 2/10/2016 | 5:53:19 PM |
| | | CitiStaff | Elevator | 2/10/2016 | 11:22:40 PM |
| | | CitiStaff | Elevator | 2/10/2016 | 11:53:38 PM |
| | | CitiStaff | Elevator | 2/11/2016 | 6:33:14 AM |

CITISTAFF-0000105.xlsx

**EX 061-004**

| | | | | | |
|---|---|---|---|---|---|
| | | CitiStaff | Elevator | 2/11/2016 | 5:53:36 PM |
| | | CitiStaff | Elevator | 2/11/2016 | 11:32:29 PM |
| | | CitiStaff | Elevator | 2/12/2016 | 12:03:22 AM |
| | | CitiStaff | Elevator | 2/12/2016 | 2:45:18 AM |
| | | CitiStaff | Elevator | 2/12/2016 | 3:15:00 AM |
| | | CitiStaff | Elevator | 2/12/2016 | 6:18:54 AM |
| | | CitiStaff | Elevator | 2/12/2016 | 5:48:50 PM |
| | | CitiStaff | Elevator | 2/12/2016 | 11:24:08 PM |
| | | CitiStaff | Elevator | 2/12/2016 | 11:51:35 PM |
| | | CitiStaff | Elevator | 2/13/2016 | 3:30:55 AM |
| | | CitiStaff | Elevator | 2/13/2016 | 3:56:23 AM |
| | | CitiStaff | Elevator | 2/13/2016 | 6:18:33 AM |
| | | CitiStaff | Elevator | 2/13/2016 | 5:59:51 PM |
| | | CitiStaff | Elevator | 2/13/2016 | 10:21:20 PM |
| | | CitiStaff | Elevator | 2/13/2016 | 10:52:04 PM |
| | | CitiStaff | Elevator | 2/14/2016 | 2:03:24 AM |
| | | CitiStaff | Elevator | 2/14/2016 | 2:34:02 AM |
| | | CitiStaff | Elevator | 2/14/2016 | 6:20:22 AM |
| | | CitiStaff | Elevator | 2/18/2016 | 5:58:39 PM |
| | | CitiStaff | Elevator | 2/19/2016 | 2:39:48 AM |
| | | CitiStaff | Elevator | 2/19/2016 | 3:11:15 AM |
| | | CitiStaff | Elevator | 2/19/2016 | 6:32:39 AM |
| | | CitiStaff | Elevator | 2/19/2016 | 6:00:43 PM |
| | | CitiStaff | Elevator | 2/19/2016 | 11:25:50 PM |
| | | CitiStaff | Elevator | 2/20/2016 | 12:00:23 AM |
| | | CitiStaff | Elevator | 2/20/2016 | 3:13:15 AM |
| | | CitiStaff | Elevator | 2/20/2016 | 3:44:00 AM |
| | | CitiStaff | Elevator | 2/20/2016 | 6:36:45 AM |
| | | CitiStaff | Elevator | 2/20/2016 | 5:54:47 PM |
| | | CitiStaff | Elevator | 2/20/2016 | 11:16:49 PM |
| | | CitiStaff | Elevator | 2/20/2016 | 11:45:30 PM |
| | | CitiStaff | Elevator | 2/21/2016 | 3:20:03 AM |
| | | CitiStaff | Elevator | 2/21/2016 | 3:56:00 AM |
| | | CitiStaff | Elevator | 2/21/2016 | 6:30:11 AM |
| | | CitiStaff | Elevator | 2/24/2016 | 6:00:03 PM |
| | | CitiStaff | Elevator | 2/24/2016 | 11:26:24 PM |
| | | CitiStaff | Elevator | 2/24/2016 | 11:58:38 PM |
| | | CitiStaff | Elevator | 2/25/2016 | 3:19:47 AM |
| | | CitiStaff | Elevator | 2/25/2016 | 3:52:00 AM |
| | | CitiStaff | Elevator | 2/25/2016 | 6:30:12 AM |
| | | CitiStaff | Elevator | 2/25/2016 | 5:52:14 PM |
| | | CitiStaff | Elevator | 2/25/2016 | 10:00:00 PM |
| | | CitiStaff | Elevator | 2/25/2016 | 10:30:00 PM |
| | | CitiStaff | Elevator | 2/26/2016 | 6:45:42 AM |
| | | CitiStaff | Elevator | 2/26/2016 | 6:07:53 PM |
| | | CitiStaff | Elevator | 2/27/2016 | 2:53:33 AM |
| | | CitiStaff | Elevator | 2/27/2016 | 3:21:50 AM |

CITISTAFF-0000105.xlsx

EX 061-005

| | | | | | |
|---|---|---|---|---|---|
| | | CitiStaff | Elevator | 2/27/2016 | 6:35:12 AM |
| | | CitiStaff | Elevator | 2/27/2016 | 5:59:20 PM |
| | | CitiStaff | Elevator | 2/28/2016 | 2:30:00 AM |
| | | CitiStaff | Elevator | 2/28/2016 | 3:00:00 AM |
| | | CitiStaff | Elevator | 2/28/2016 | 6:34:53 AM |
| | | CitiStaff | Elevator | 2/28/2016 | 6:00:00 PM |
| | | CitiStaff | Elevator | 2/29/2016 | 2:30:00 AM |
| | | CitiStaff | Elevator | 2/29/2016 | 3:00:00 AM |
| | | CitiStaff | Elevator | 2/29/2016 | 6:30:00 AM |
| | | CitiStaff | Elevator | 3/3/2016 | 7:10:33 PM |
| | | CitiStaff | Elevator | 3/3/2016 | 11:00:00 PM |
| | | CitiStaff | Elevator | 3/3/2016 | 11:30:00 PM |
| | | CitiStaff | Elevator | 3/4/2016 | 6:31:27 AM |
| | | CitiStaff | Elevator | 3/4/2016 | 5:56:06 PM |
| | | CitiStaff | Elevator | 3/5/2016 | 3:12:16 AM |
| | | CitiStaff | Elevator | 3/5/2016 | 3:41:43 AM |
| | | CitiStaff | Elevator | 3/5/2016 | 6:34:13 AM |
| | | CitiStaff | Elevator | 3/5/2016 | 5:58:07 PM |
| | | CitiStaff | Elevator | 3/5/2016 | 10:55:25 PM |
| | | CitiStaff | Elevator | 3/5/2016 | 11:28:15 PM |
| | | CitiStaff | Elevator | 3/6/2016 | 6:31:43 AM |
| | | CitiStaff | Elevator | 3/12/2016 | 6:00:58 PM |
| | | CitiStaff | Elevator | 3/13/2016 | 3:04:18 AM |
| | | CitiStaff | Elevator | 3/13/2016 | 3:32:45 AM |
| | | CitiStaff | Elevator | 3/13/2016 | 5:30:09 AM |

CITISTAFF-0000105.xlsx

EX 061-006

# Exhibit F

1          UNITED STATES DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3

4
                                    REPORTER CERTIFIED
5   _____        TRANSCRIPT

6   DEMETRIC DI-AZ, OWEN DIAZ and
    LAMAR PATTERSON, an individual,
7                                    **CONFIDENTIAL**
            Plaintiffs,
8
    Vs.                        Case No. 3:17-cv-06748-WHO
9
    TESLA, INC. DBA TESLA MOTORS,
10  INC.; CitiStaff SOLUTIONS, INC.;
    WEST VALLEY STAFFING GROUP;
11  CHARTWELL STAFFING SERVICES, INC.
    and DOES 1-10, inclusive,
12
            Defendants.
13  _____/

14

15
                    CONFIDENTIAL
16
             VIDEOTAPED DEPOSITION OF
17
                    OWEN DIAZ
18
             SAN FRANCISCO, CALIFORNIA
19
              TUESDAY, MAY 22, 2018
20

21

22

23
    Reported By:
24  Candy Newland
    CSR No. 14256
25  File No. 18-25470

1    Deposition of OWEN DIAZ, taken on behalf of Defendants

2    at 351 California Street, Suite 200, San Francisco,

3    California, commencing at 10:11 a.m. on Tuesday, May 15,

4    2018, before Candy Newland, Certified Shorthand Reporter

5    No. 14256.

6

7                    A P P E A R A N C E S

8

9    FOR THE PLAINTIFFS:

10

11           CALIFORNIA CIVIL RIGHTS LAW GROUP

12           BY:  LAWRENCE A. ORGAN, ESQ.

13           332 San Anselmo Avenue

14           San Anselmo, CA 94960

15           (415) 453-4740

16           larry@civilrightsca.com

17

18           CALIFORNIA CIVIL RIGHTS LAW GROUP

19           BY:  NAVRUZ AVLONI, ESQ.

20           332 San Anselmo Avenue

21           San Anselmo, CA 94960

22           (415) 453-4740

23           navruz@civilrightsca.com

24

25

Owen Diaz-Confidential

```
 1    APPEARANCES(CONTINUED)

 2

 3    FOR THE DEFENDANT TESLA:

 4

 5            CONSTANGY BROOKS, SMITH & PROPHETE, LLP

 6            BY:  BARBARA I. ANTONUCCI, ESQ.

 7            351 California Street, Suite 200

 8            San Francisco, CA 94104

 9            (415) 918-3000

10            bantonucci@constangy.com

11

12    FOR THE DEFENDANT WEST VALLEY STAFFING:

13

14            PAHL & MCCAY

15            BY:  FENN C. HORTON, III, ESQ.

16            225 West Santa Clara, Suite 1500

17            San Jose, CA 95113-1752

18            (408) 286-5100

19            fhorton@pahl-mccay.com

20

21    ALSO PRESENT:

22            Jaime Bodiford, Tesla

23            Rob Delantoni, Videographer

24

25
```

| | | |
|---|---|---|
| 11:21:21 | 1 | BY MS. ANTONUCCI: |
| 11:21:21 | 2 | Q.     Had you ever seen any other drawings in the |
| 11:21:26 | 3 | Fremont Tesla factory? |
| 11:21:27 | 4 |     MR. ORGAN:  Objection.  Vague and ambiguous as |
| 11:21:29 | 5 | to "drawings." |
| 11:21:31 | 6 | A.     Yes. |
| 11:21:33 | 7 | BY MS. ANTONUCCI: |
| 11:21:33 | 8 | Q.     What other drawings have you seen? |
| 11:21:39 | 9 | A.     Graffiti inside the bathrooms. |
| 11:21:51 | 10 | Q.     And what graffiti did you see in the bathrooms? |
| 11:22:00 | 11 | A.     The N-word wrote inside the bathroom stalls. |
| 11:22:09 | 12 | Q.     Anything else? |
| 11:22:18 | 13 | A.     Possibly, but not that I can recall at this |
| 11:22:23 | 14 | moment. |
| 11:22:27 | 15 | Q.     How many times did you see the N-word written |
| 11:22:30 | 16 | inside the bathroom stall? |
| 11:22:39 | 17 | A.     I don't understand the question. |
| 11:22:43 | 18 | Q.     Did you only see the N-word written inside the |
| 11:22:47 | 19 | bathroom stall once or multiple times? |
| 11:22:52 | 20 | A.     Do you mean every time I went to the bathroom, |
| 11:22:55 | 21 | or wrote on the bathroom walls? |
| 11:22:58 | 22 | Q.     Did you go to that bathroom more than one |
| 11:23:02 | 23 | occasion in which you saw the N-word written on the |
| 11:23:05 | 24 | stall? |
| 11:23:06 | 25 | A.     Yes. |

**Owen Diaz-Confidential**

| | | |
|---|---|---|
| 11:23:06 | 1 | Q.      How many occasions did you go to the bathroom |
| 11:23:08 | 2 | where you saw the N-word written on the bathroom stall? |
| 11:23:16 | 3 | A.      I used the bathroom maybe four or five times a |
| 11:23:21 | 4 | day. |
| 11:23:22 | 5 | Q.      And how long was the N-word written on the |
| 11:23:25 | 6 | bathroom stall? |
| 11:23:27 | 7 | MR. ORGAN:  Objection.  Vague and ambiguous. |
| 11:23:29 | 8 | Compound. |
| 11:23:34 | 9 | THE WITNESS:  To my knowledge, it's still there. |
| 11:23:37 | 10 | I don't know. |
| 11:23:37 | 11 | BY MS. ANTONUCCI: |
| 11:23:38 | 12 | Q.      Did you ever report to anyone that the N-word |
| 11:23:40 | 13 | was written on the bathroom stall? |
| 11:23:43 | 14 | A.      Yes. |
| 11:23:43 | 15 | Q.      Who did you report that to? |
| 11:23:45 | 16 | A.      Ed Romero. |
| 11:23:55 | 17 | Q.      And after you reported it, did someone actually |
| 11:23:59 | 18 | paint over the N-word? |
| 11:24:01 | 19 | A.      No. |
| 11:24:01 | 20 | Q.      It was still on the stall? |
| 11:24:04 | 21 | A.      Yes. |
| 11:24:05 | 22 | Q.      At the end of your employment, it was still on |
| 11:24:08 | 23 | the stall? |
| 11:24:12 | 24 | A.      That I know.  Yes, it was. |
| 11:24:14 | 25 | Q.      Did you always go to the same bathroom in the |

**Owen Diaz-Confidential**

| | | |
|---|---|---|
| 11:24:17 | 1 | Fremont factory? |
| 11:24:21 | 2 | A.     No. |
| 11:24:22 | 3 | Q.     Okay.  Which bathroom did you see this in? |
| 11:24:26 | 4 | A.     The bathroom that's located between the |
| 11:24:40 | 5 | conveyance and the production floor.  The other bathroom |
| 11:24:47 | 6 | is located in between the --I believe it's the battery |
| 11:24:57 | 7 | line and the production floor. |
| 11:25:03 | 8 | Q.     Just one bathroom? |
| 11:25:04 | 9 | A.     No.  There's more than one bathroom. |
| 11:25:09 | 10 | Q.     I'm sorry.  Did you see the N-word written in |
| 11:25:13 | 11 | just one bathroom? |
| 11:25:14 | 12 | A.     No. |
| 11:25:14 | 13 | Q.     You saw it in two bathrooms? |
| 11:25:17 | 14 | A.     No. |
| 11:25:18 | 15 | Q.     How many bathrooms did you see the N-word |
| 11:25:21 | 16 | written in? |
| 11:25:28 | 17 | A.     About four bathrooms. |
| 11:25:32 | 18 | Q.     So one of them was on the conveyance -- near the |
| 11:25:40 | 19 | conveyance area on the production floor; correct? |
| 11:25:44 | 20 | A.     Yes. |
| 11:25:44 | 21 | Q.     And the second one was in the battery area on |
| 11:25:49 | 22 | the production floor? |
| 11:25:50 | 23 | A.     Yes. |
| 11:25:52 | 24 | Q.     Where are the other bathrooms that you saw the |
| 11:25:57 | 25 | N-word written in? |

Owen Diaz-Confidential

| | | |
|---|---|---|
| 11:26:00 | 1 | A.        There's another bathroom that I saw.  I think |
| 11:26:05 | 2 | it's called the stater line.  I'm not 100 percent sure |
| 11:26:09 | 3 | what that line was called. |
| 11:26:12 | 4 | Q.        Also on the production floor? |
| 11:26:15 | 5 | A.        All the bathrooms are used for the production |
| 11:26:19 | 6 | workers. |
| 11:26:22 | 7 | Q.        What other bathrooms did you see the N-word |
| 11:26:26 | 8 | written inside the stall? |
| 11:26:33 | 9 | A.        Can't be 100 percent sure where the bathroom was |
| 11:26:41 | 10 | located but... |
| 11:26:44 | 11 | Q.        So the first time you saw the N-word written |
| 11:26:49 | 12 | inside the bathroom stall, was that before or after you |
| 11:26:54 | 13 | saw the picture that you described that you sent to |
| 11:26:57 | 14 | CitiStaff? |
| 11:26:58 | 15 | A.        Before. |
| 11:27:00 | 16 | Q.        How long before? |
| 11:27:09 | 17 | A.        I would say my second day of employment. |
| 11:27:23 | 18 | Q.        And which bathroom was the -- which bathroom did |
| 11:27:28 | 19 | you see the N-word written in on your second day of |
| 11:27:33 | 20 | employment? |
| 11:27:35 | 21 | A.        The bathroom between conveyance and the |
| 11:27:39 | 22 | production floor. |
| 11:27:40 | 23 | Q.        And when did you see the N-word written in the |
| 11:27:46 | 24 | bathroom stall in the battery bathroom? |
| 11:27:54 | 25 | A.        I can't be sure of the time. |

1      I, CANDY NEWLAND, CSR No. 14256, certify that the

2    foregoing proceedings were taken before me at the time

3    and place herein set forth, at which time the witness

4    was duly sworn, and that the transcript is a true record

5    of the testimony so given.

6

7    Witness review, correction, and signature was

8    (X) by Code.                    (X) requested.

9    ( ) waived.                     ( ) not requested.

10   ( ) not handled by the deposition officer due to party

11   stipulation.

12

13      The dismantling, unsealing, or unbinding of the

14   original transcript will render the reporter's

15   certificate null and void.

16      I further certify that I am not financially

17   interested in the action, and I am not a relative or

18   employee of any attorney of the parties nor of any of

19   the parties.

20      Dated this 29TH day of May, 2018.

21

22

23

24   _____

25           CANDY NEWLAND, CSR 14256