
LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:    (415)-453-7352
Facsimile:    (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
**ALEXANDER MORRISON & FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:    (310) 394-0888
Facsimile:    (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:    (415) 421-7151
Facsimile:    (415) 362-8064

DUSTIN L. COLLIER (SBN 264766)
dcollier@collierlawsf.com
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd. Suite 100
Corte Madera, CA 94925
Telephone:    (415) 767-0047
Facsimile:    (415) 767-0037

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN DIAZ,<br><br>      Plaintiff,<br><br>      v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.;<br><br>      Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**PLAINTIFF'S [PROPOSED] REPLY IN SUPPORT OF NOTICE OF NEW EVIDENCE RE: PLAINTIFF'S RENEWED MOTION FOR MISTRIAL AND MOTION FOR A NEW TRIAL**<br><br>Trial Date: March 27, 2023<br>Complaint filed: October 16, 2017 |

## I. Introduction

Plaintiff Owen Diaz filed a Notice of New Evidence on August 8, 2023, based on evidence that Tesla had wrongfully failed to produce highly relevant discovery during pretrial discovery that would ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████████████████ or in any other document produced by Tesla that ████████████████████████████████ ██████████████████████████████████████████ ███████████████████████.

In response to Mr. Diaz's Notice of New Evidence, Tesla now asserts that it had no obligation to produce these highly relevant documents and that, in any event, Mr. Diaz was not prejudiced by Tesla's failure to produce them. Tesla is absolutely wrong.

## II. Tesla Was Obligated to Produce the Withheld Documents and to Disclose the Identities of the Employees on the Email Chains

There are at least two separate reasons why Tesla should have produced these documents ████████████████████████████████████████████████ First, the documents were responsive to several of Mr. Diaz's discovery requests, including as modified by the Court. ████████████████████████████████████████████████████ should have been disclosed pursuant to General Order 71.

### A. The New Documents Should Have Been Produced in Response to Mr. Diaz's Discovery Requests

During pre-trial discovery, Mr. Diaz served a series of discovery requests on Tesla seeking ███████████████████████████████████████████████ ███████████████████████████████████████████████████

1 ███
2 ███
3 ███
4 ███ (Declaration of Marqui Hood ("Hood Decl.") ¶5, Ex. C).

5 After Tesla objected to producing *any* of those plainly relevant documents, Mr. Diaz
6 sought to compel production. (Dkt. 88). Tesla took the position, in opposition, that it would be
7 too burdensome to search for all responsive documents, ███
8 ███
9 ███ (Hood Decl. ¶6) However, Tesla
10 offered a compromise. ███
11 ███
12 ███ *See* Dkt.
13 88, p.4 (███
14 ███.[1]

15 The Court accepted Tesla's representation and proposal ███
16 _____



Hood Decl. ¶6 & Exh. D (███).

1  ███████████████████████████████████████████████████████████████████
2  ███████████████████████████████████████████████████████████████████
3  ████████████████████████████. (Dkt. 93, p. 2.)
4        Tesla produced ████████████████████████████████████████████
5  ███████████████████████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████. (*See* 9-29-21 Tr. 479:16-480:16.)
8        The *Vaughn* class action alleges that Tesla discriminated against its Black employees at
9  the Fremont factory in violation of California state law. (Hood Decl. ¶1.) In that case, the
10 Alameda County Superior Court on November 3, 2021 issued a discovery order requiring Tesla
11 to produce all "████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████████████████
14 (Hood Decl., ¶ 3, Ex. B.) (The discovery order in *Diaz* had been narrower and more specific, █
15 ███████████████████████████████████████████████████████████████████
16 ██████████████████). In *Vaughn,* as in *Diaz,* Tesla objected to these discovery requests █
17 ███████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████. (*Id.* ¶2.) The *Vaughn* court
19 nonetheless ordered production, ███████████████████████████████████
20 ████████████████████████████████████████. (*Id.* ¶3).
21       Tesla's opposition does not address whether it was aware of those documents in *Diaz* but
22 chose not to disclose them. Nor does Tesla explain why it disclosed those documents in *Vaughn*
23 but not in *Diaz* if, as it represented to this Court and ██████████████████████,
24 Tesla's policies ██████████████████████████████████████████████████
25 ██████████████████████████████████████████.
26       B. The <ins>████████████████████████████████████████████████
          Also Should Have Been Disclosed Under General Order 71</ins>
27
28       General Order No. 71, governing discovery in employment litigation, independently
required Tesla to produce the documents at issue, or at the very minimum, ██████████

1  ██████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████
3  ██████████████████████████████). 

4  General Order 71 requires defendants to "Identify persons the defendant believes to have
5  knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief
6  description of that knowledge." From the outset, one of Mr. Diaz's central claims in this lawsuit
7  ██████████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████████
9  ████████████████████████████████. (See 9-29-21 Tr. at 402:22-404:09; 480:5-
10 12.; Tr. 3:646:23-648:19; Hood Decl. ¶8, Ex F [Diaz Depo. Vol. I, 48:1-51:3].) One of Tesla's
11 defenses was that it was only aware of a ████████████████████████████████),
12 and that Mr. Diaz was lying about what he claimed to have seen. See infra at Section III (A).
13 ██████████████████████████████████████████████████████████
14 ████████████████████████████████████████████
15 ██████████████████████████████ Yet in violation of General Order 71, Tesla never
16 ██████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████████████
18 ██████████████████████████████).

19 General Order 71 also required Tesla to produce any "Workplace policies or guidelines
20 relevant to the adverse action in effect at the time of the adverse action." The disputed
21 ██████████████████████████████████████████████████████████
22 ██████████████████████████████████████████████████████████
23 ████████████████████████████████. Again, had Tesla complied with its
24 obligations under General Order 71, Mr. Diaz would have been able to pursue further discovery
25 ██████████████████████████████████████████████
26 ██████████████████████████████████████████.

### III. Tesla's Failure to Produce the New Documents Prejudiced Mr. Diaz

28 Tesla next contends that even if it should have produced ████████████████, Mr.
Diaz suffered no prejudice as a result of its non-disclosure.

1   Tesla first argues that there was no prejudice because ▮▮▮▮▮
2   ▮▮▮▮▮ and therefore could not have been presented on the damages
3   retrial—a classic "don't punish me for killing my parents because now I'm an orphan" argument.
4   The only reason that evidence was not presented at the first trial was because Tesla wrongfully
5   failed to produce it. Had Tesla complied with its discovery obligations by producing the
6   ▮▮▮▮▮ Mr. Diaz would have been able to use what he
7   learned in *both* trials.
8   Tesla also argues ▮▮▮▮▮
9   ▮▮▮▮▮
10  ▮▮▮▮▮, that the ▮▮▮ have no bearing on Mr. Diaz's
11  emotional distress damages, and that Mr. Diaz could not have obtained any additional relevant
12  information had ▮▮▮▮▮ been timely produced. Not a
13  single one of those arguments is supported by the record – or common sense. The truth, which is
14  well documented by the record, is that Tesla wrongfully took advantage of ▮▮▮▮▮
15  ▮▮▮▮▮
16  ▮▮▮▮▮ during the
17  period of Mr. Diaz's employment.

    A.  <u>Tesla Disputed Mr. Diaz's Allegations ▮▮▮▮▮ Throughout the Trial</u>

19  First and foremost, Mr. Diaz was prejudiced by Tesla's failure to produce ▮▮▮
20  ▮▮▮▮▮
21  ▮▮▮▮▮. (Tr. 3:646:23-649:14.) Tesla claims it "▮▮▮▮▮
22  ▮▮▮▮▮. That is just not true.
23  Tesla's central theme at trial was that Mr. Diaz was lying about every claimed act of
24  racism and harassment except one: ▮▮▮▮▮
25  ▮▮▮▮▮ and
26  thus irrefutable. Tesla's attorney Alex Spiro told the jury in his opening statement that "at the
27  end of it, there was ▮▮▮▮▮
28  ▮▮▮▮▮
    ...." (Tr ▮▮▮.)

1   After Mr. Diaz's opening statement (which referred to ███████
2   ███████.), Tesla doubled down, telling the jury that "there is almost no evidence of anything
3   that you just heard other than a lawyer saying that it happened eight years later…" (Tr. 1:236:9-
4   11.) Mr. Spiro then went on to say that this case is about "Owen Diaz, what his damages are,
5   what he can prove, what he has exaggerated, lied…" and that Tesla's lawyers were "here to show
6   you the…actual evidence which will allow you to answer the following questions. One, did
7   Owen Diaz exaggerate, lie, about what he heard and what he saw and how it affected him? And
8   if he did, you should question his credibility and you should give him what he deserves." (Tr.
9   1:235:14-16, 1:237:10-17; *see also* Tr. 1:244:4-10.)

10   Consistent with this theme, Mr. Spiro and his co-counsel relentlessly attacked the
11   credibility of Mr. Diaz and his witnesses ███████████████████ and
12   Tesla's knowledge thereof—and Mr. Diaz could not rebut that attack ███████
13   ███████, because Tesla never produced any. And, of course, if Tesla *had* produced
14   that discovery, Tesla's attorneys could not have attacked Mr. Diaz's and his witnesses'
15   credibility as they did, ███████████████████
16   ███████████████████ would likely have on the jury.

17   Mr. Spiro specifically attacked Mr. Diaz's testimony that ███████
18   ███████, Ed Romero. (Tr. 3:646:23-649:14; *see*
19   *also* Tr. 3:650:6-651:16.) Mr. Spiro also took advantage of the absence of d███████
20   ███████ by using his questioning of witness Michael Wheeler to undermine Mr.
21   Diaz's credibility about whether there had been ███████████████████. (Tr.
22   2:364:16-365:8.) Tesla's counsel similarly asked Mr. Diaz's witness Tom Kawasaki whether the
23   ███████" Mr. Kawasaki had seen had been on "other jobs," not during his
24   employment at Tesla. (*Id.*)

25   During his closing argument, Mr. Spiro returned to Tesla's theme that Mr. Diaz's
26   testimony about ███████████████████ Mr. Spiro insisted that Mr. Diaz's
27   claims of ███████████████████ were unsupported by evidence and were
28   manufactured just to "extend the time that he is suffering." (Tr. 5:1081:12-18.) Mr. Spiro also
    argued that even if there had been ███████████████████

1  █████████████████████████████████████████████████████████████
2  ███████." (Tr. 5:1118:10-13.) Again, the withheld ████████████ show that
3  Tesla *did* know.

4      Mr. Spiro then reiterated that the only allegation by Mr. Diaz that was supported by the
5  evidence was the pickaninny drawing, which had "become the canvas they painted upon for this
6  entire case" (Tr. 5:1081:3-8), implying that other contentions of ████████████, and
7  conduct were the falsified products of Mr. Diaz and his attorneys' self-serving imaginations.
8  That was why Mr. Spiro emphasized to the jury that the "most important instruction in this case"
9  is the one stating that "if you decide that a witness has deliberately testified untruthfully about
10 something important, you don't need to believe anything that the witness said…trials are the
11 bedrock of the system, and the only way it works is if people tell the truth. And he lied to you."
12 (Tr. 5:1101:15-21.)

13     Had Tesla produced these ████████████ in discovery, the Court would not
14 have permitted Tesla's attorneys to ████████████████████████████████████
15 ████████████████████████████████████████████████████████████████
16 Tesla's failure to produce that evidence was highly prejudicial.

17     B.  <u>The New Documents Are Not "Cumulative"</u>
18     Tesla's argument that the ████████████ were "cumulative" makes no sense.
19 There was *no* other ████████████████████████████████████████
20 ████. Moreover, ████████████████████████████████████████████████,
21 especially the statements of witnesses whose veracity is attacked because those statements are
22 not supported by ████████████.

23     C.  <u>The New Documents Are Not "Irrelevant to Damages"</u>
24     Tesla also asserts that the new documents are irrelevant to Mr. Diaz's damages claim
25 because there is no evidence that Mr. Diaz was ████████████████████████
26 ████████. But of course, Tesla's principal defense throughout the damages retrial was that Mr.
27 Diaz was not credible and that he could not have been damaged by ████████████,
28 and conduct that did not occur.

    The withheld documents corroborate ████████████████████████████

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The documents would have bolstered Mr. Diaz's credibility in a trial where Tesla repeatedly called him a liar. Mr. Diaz's credibility was central to the jury's assessment of the amount of emotional distress damages it felt Mr. Diaz should be awarded and the amount of punitive damages it felt Tesla should pay—if Tesla were aware of the racist conduct and did not respond appropriately.

The prejudicial impact of Tesla's misconduct on the jury—in a retrial that was strictly limited to the same evidence presented in the initial trial, but which resulted in a compensatory damages award of a mere $175,000, far less than the first jury's award *or* this Court's remittitur amount—cannot be overstated. Surely Tesla's failure to produce these ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ and the improper cross-examination that Tesla felt at liberty to conduct in the absence of this ▓▓▓▓▓▓▓▓▓▓ of Mr. Diaz's allegation, was likely to have affected the jury's assessment of the amount of emotional distress damages that would compensate Mr. Diaz for the harms he suffered.

This evidence would also support Mr. Diaz's claim for punitive damage award by demonstrating that Tesla failed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Nor, if this evidence had been timely produced, would Tesla have been able to assert, without prompt and effective challenge by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Tr. 5:1118:10-13.)

Contrary to Tesla's contentions, Mr. Diaz testified that he encountered ▓▓▓▓▓▓ *throughout* his employment with Tesla, ▓▓▓▓▓▓▓▓▓▓▓▓▓. In the first trial, Mr. Diaz testified that he saw the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ throughout his time at the Tesla factory, including his last few days there. (See 9-29-21 Tr. at ▓▓▓▓▓▓▓▓▓▓▓▓▓.) In the second trial, he reiterated his testimony that, in addition to seeing ▓▓▓▓▓▓▓

1 ███████████████████████████████████████████████████
2 ██████████████████████████████████ )

3       Also, despite Tesla's misleading suggestion to the contrary (Opp at 1:10-11), Mr. Diaz
4 was still employed at Tesla on March 3, 2016. Although it is true that Mr. Diaz's mother died on
5 February 26, 2016 (see Opp. at 4:11-12), Exhibit 61 (which was not admitted at the first trial
6 because there was no dispute in that first trial about the specific days Mr. Diaz worked, clearly
7 demonstrates that Mr. Diaz worked on February 24- 29, March 3-6, and March 12-13, 2016.
8 (Hood Decl. at ¶7, Ex. E, pp. 5-6.)

      D. <u>Had the Documents Been Produced, Mr. Diaz Would Have Conducted Further Discovery to Support His Claims</u>

10       Finally, Tesla asserts that the new documents would not have led to discovery of any
11 probative documents or information relating to Mr. Diaz's emotional distress damages. In fact,
12 had Tesla produced those documents when required, Mr. Diaz would have taken further
13 discovery ███████████████████████████████████████████
14 ███████████████████████████████████████. There is no evidence in
15 the record or in Tesla's prior discovery responses that Tesla made any attempt ████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████. Had Mr. Diaz had the opportunity to conduct discovery into Tesla's response ████
19 ████████████████████████████████████████████
20 ████████████████████████████████████, thus further bolstering Mr.
21 Diaz's credibility and supporting his claim for punitive damages.

22 DATED:  August 18, 2023          Respectfully submitted,

                                                 _____
                                                 Lawrence A. Organ

                                                 CALIFORNIA CIVIL RIGHTS LAW GROUP
                                                 ALEXANDER MORRISON + FEHR LLP
                                                 ALTSHULER BERZON LLP
                                                 COLLIER LAW FIRM, LLP
                                                 Attorneys for Plaintiff OWEN DIAZ