| | |
|---|---|
| LAWRENCE A. ORGAN (SBN 175503)<br>larry@civilrightsca.com<br>MARQUI HOOD (SBN 214718)<br>marqui@civilrightsca.com<br>CIMONE A. NUNLEY (SBN 326915)<br>cimone@civilrightsca.com<br>**CALIFORNIA CIVIL RIGHTS LAW GROUP**<br>332 San Anselmo Avenue<br>San Anselmo, California 94960<br>Telephone: (415)-453-7352<br>Facsimile: (415)-785-7352     co | MICHAEL RUBIN (SBN 80618)<br>mrubin@altber.com<br>CORINNE JOHNSON (SBN 287385)<br>cjohnson@altber.com<br>JONATHAN ROSENTHAL (SBN 329638)<br>jrosenthal@altber.com<br>**ALTSHULER BERZON LLP**<br>177 Post Street, Suite 300<br>San Francisco, California 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064 |
| J. BERNARD ALEXANDER (SBN 128307)<br>balexander@amfllp.com<br>**ALEXANDER MORRISON + FEHR LLP**<br>1900 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067<br>Telephone: (310) 394-0888<br>Facsimile: (310) 394-0811 | DUSTIN L. COLLIER (SBN 264766)<br>dcollier@collierlawsf.com<br>V. JOSHUA SOCKS (SBN 303443)<br>jsocks@collierlawsf.com<br>ELIZABETH R. MALAY (SBN 336745)<br>emalay@collierlawsf.com<br>DREW F. TETI (SBN 267641)<br>drew@collierlawsf.com<br>**COLLIER LAW FIRM, LLP**<br>240 Tamal Vista Blvd. Suite 100<br>Corte Madera, CA 94925<br>Telephone: (415) 767-0047<br>Facsimile: (415) 767-0037 |

Attorneys for Plaintiff OWEN DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**DECLARATION OF BRYAN SCHWARTZ IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

-i-

DECLARATION OF BRYAN SCHWARTZ IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

**DECLARATION OF BRYAN SCHWARTZ, ESQ.:**

I, Bryan Schwartz, Esq., hereby declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California. This declaration is submitted in support of Plaintiff Owen Diaz's request for attorneys' fees.

2. I am the principal in Bryan Schwartz Law, P.C., a plaintiffs'-side civil rights and employment firm, where I concentrate on litigating employment matters on behalf of workers throughout California.

3. I have been a member of the Bar for over 20 years, and have dedicated my career to fighting for workers' rights. I graduated Berkeley Law (then called Boalt) in 2000, after graduating *magna cum laude* from Cornell University and spending time working at the U.S. Equal Employment Opportunity Commission. Before founding my own firm in 2009, I founded and led the San Francisco office of Nichols Kaster, LLP. Previously, I practiced with the Washington, D.C.-based firm of Passman & Kaplan, P.C. I also clerked for the late Hon. Franklin Van Antwerpen, formerly a member of the Third Circuit Court of Appeal and the Eastern District of Pennsylvania. My cases have been featured in prominent publications such as the *New York Times*, *Washington Post*, and the *Wall Street Journal*, as well as publicized through the media on outlets such as CNN, National Public Radio and MSNBC.

4. I am a member of the Board of Directors of Legal Aid at Work and FAIR, both non-profits dedicated to workers' rights. I am a past Chair of the State Bar of California's Labor and Employment Law section (now affiliated with the California Lawyers Association), which has over 7,500 members, and a past Executive Board member of the California Employment Lawyers Association (CELA). I have chaired the Annual Meeting of the Labor and Employment Law Section, the State Bar's Advanced Wage and Hour Conference, and Legal Aid at Work's Annual Gala. I have appeared as *amicus curiae* before the California Supreme Court on behalf of CELA many times, including in *Brinker Restaurant Corp. v. Sup. Ct.*, *Kirby v. Immoos Fire Protection*, and *Duran v. US Bank*. I am a regular speaker on employment law topics, having

presented frequently to the State Bar, the National Employment Lawyers Association, CELA, NPR's "Your Legal Rights" radio show, the American Bar Association's Labor and Employment Law Section and Commission on Disability Rights, the San Francisco Trial Lawyers Association, and Judicial and Mediation Services (JAMS). I have often published articles about employment law in the *California Labor and Employment Law Review*, *Plaintiff Magazine*, the *Daily Journal,* and in other media. I have been rated one of the top labor and employment lawyers in California every year by the *Daily Journal* and *Super Lawyers,* along with Lawyer of the Year and other honors from Best Lawyers (associated with *U.S. News and World Report*), the Attorney Advocate of the Year award from Wage Justice, the Meritorious Service Award from Legal Aid at Work, and repeated recognition from *Lawdragon*.

5. As a result of my experience and my interactions with other employment attorneys nationwide, in California, and especially in the Bay Area, I am very familiar with the rates charged by other plaintiff's employment attorneys of varying levels of skill, experience, and reputation.

6. Prospective plaintiffs in employment cases are almost require lawyers to handle their cases on a contingency fee basis, particularly if they are litigated through trial. Lawyers who want to obtain and handle civil rights cases for plaintiffs have to be willing to take cases, including ones with high risks, on a contingent fee basis. For this reason, victorious plaintiffs' attorneys must, when successful, receive fee awards with a multiplier, in order to survive and thrive in this highly competitive legal market. Otherwise, there will be an inadequate incentive for attorneys to take these cases, which would only pay routine rates but with exceptional risks and long delays, which in turn means that many cases affecting the public interest will go unprosecuted. Losing and recovering no fees, or recovering only steeply discounted fees, is not just a hypothetical risk – I know from personal experience (as recently as this past month), it happens, even when we feel our case is just and we work hundreds or even thousands of hours on a matter. As such, when we achieve a major victory, which is never certain, and always comes after a time (sometimes many years) receiving no compensation, we need to receive the

"upside" multiplier for the very real risks we have taken in contingency litigation, to be able to keep our civil rights law practices running.

7.  I am informed of the facts of this case and the excellent result obtained at trial, twice, for the Plaintiff. The first trial victory was historic and the second victory hard-fought and important, with this Court making findings earlier this month both regarding the "grievously reprehensible" "endemic racism at the Tesla factory," Tesla's "repeated failure to rectify it," and Tesla counsel's inexcusable, intentional misconduct seeking to defend the company's horrific civil rights violations. I have been co-counsel with Plaintiff's counsel California Civil Rights Law Group ("CCRLG") in the *Vaughn v. Tesla* class action pending in Alameda County Superior Court since 2016, and so am acutely aware of the necessary hard work and diligence required to obtain such a result, and believe it warrants a significant fee award. From my own experiences litigating against Tesla, I have specific knowledge about Tesla's litigation tactics. In my experience, Tesla over-litigates cases in an effort to make it more difficult to obtain discovery, creating obstacles to obtaining even basic discoverable information, such as witness names and contact information. This means that plaintiffs' counsel litigating against Tesla needs to be even more diligent and spend more time litigating what could ordinarily be simple matters. Based upon my experiences litigating against Tesla, it is not surprising that the lawyers in this matter had to spend thousands of hours litigating the case through two trials. Furthermore, in my experience litigating numerous cases with CCRLG, Altshuler Berzon, Mr. Collier and Mr. Alexander, they are efficient in the time they spend doing tasks and act strategically to maximize the efficiencies in a case. Indeed, plaintiffs' lawyers operating on a contingency basis have no reason to spend extra time - every hour we spend, we risk never being paid, or being paid only after a long delay. We must only always do enough to move a case forward and obtain a desired outcome, and that is what I believe Plaintiff's counsel has done here, having to fight for two impressive verdicts for Mr. Diaz.

8.  My own customary rate is $925 per hour, paid by those hourly clients I do have, and I am many years junior in the practice to Plaintiffs' counsel Michael Rubin, Bernard Alexander and Larry Organ. My customary hour rates have been awarded or used as a basis for a

lodestar cross-check (in a collective/class context) dozens of times by courts in Northern California and around the country, often with a multiplier (for example, I was awarded $900/hour in 2021, plus a multiplier, by Alameda County Superior Court). Based on my familiarity with prevailing market rates for work of similar complexity in the Bay Area legal market, I know that my hourly rate is well within the prevailing market rate for work of similar complexity performed by attorneys of similar skill and experience.

9. I understand that the hourly rates sought in this case by the various attorneys for Plaintiff are: (a) Michael Rubin: $1,275; (b) J. Bernard Alexander, III: $1,200; (c) Lawrence Organ: $975; (d) Marqui Hood: $900; (e) Corinne Johnson $825; (f) Dustin Collier: $750; (g) Navruz Avloni: $725; (h) Jonathan Rosenthal: $650; (i) Britt Karp: $575; (j) Drew F. Teti: $550; (k) Cimone Nunley: $500; and (l) Elizabeth R. Malay: $400.  Based on my personal experience and observations, as well as my familiarity with the prevailing market rates for work of similar complexity in the Bay Area market and my knowledge and understanding of these attorneys' respective reputations in the community, it is my professional opinion that all of these rates are reasonable and well within the prevailing market range for work of similar complexity to the work done in this matter by attorneys of similar skill, experience, reputation and abilities. I have personally co-counseled with almost all of these practitioners, have known many of them for over a decade, and consider them among the finest in the field.

10. In particular, Michael Rubin is the leading legal mind representing employment law plaintiffs in California, with too many Supreme Court victories, "California Lawyer of the Year Awards," and other accolades to count. His $1,275/hour is not only well-justified, it is low – there is no attorney in California whose services are more valuable than Michael Rubin's, in my opinion. I seek to consult Mr. Rubin on every case I have that has any appellate matter pending or likely. Having worked also with his colleagues Corinne Johnson and Jonathan Rosenthal, I can say they are also exceptionally skilled attorneys and their rates are reasonable.

11. Bernard Alexander is one of the top trial lawyers for workers in California, and is routinely recognized as such by virtually every publication and organization that bestows such honors, such as the *Daily Journal* and the Consumer Attorneys Association of Los Angeles

-4-
DECLARATION OF BRYAN SCHWARTZ IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

(CAALA). I recently co-counseled a matter with Mr. Alexander where we won a $2 million jury verdict for a deaf worker who made less than $20/hour who resigned his employment after getting inadequate reasonable accommodations – and that is not even one of Mr. Alexander's bigger jury verdicts *this year*. We have served together for more than 15 years on the Boards and committees of CELA and FAIR, and so I know not only Mr. Alexander's deep commitment to workers' rights, but that he is considered a leader in the field. His $1,200/hour is also clearly reasonable, as is the rate of Britt Karp at his firm.

12. Larry Organ is one of my most frequent collaborators because of his great talent as a litigator and trial lawyer passionately representing workers. We have succeeded in many cases together, including a jury verdict and many cases that settled shortly before trial, or earlier. The $975/hour he seeks for his extraordinary work in this matter is certainly below market rate, considering that he has many more years of experience than I do, and my rate is $925/hour. Mr. Organ is a top trial lawyer in California and in the country as well, not only evidenced by the historic trial result in this case, but such pioneering civil rights cases as *Weeks v. Baker & McKenzie* and *Gober v. Ralphs Grocery.* Mr. Organ deservedly won the National Trial Lawyers' Lawyer of the Year award for his work on this case. I also know the skill of Marqui Hood, Navruz Avloni, and Cimone Nunley, of Mr. Organ's firm, and their claims rates are also reasonable.

13. I have also known Dustin Collier for 15+ years, since he was a law student, and have co-counseled a successful class action with him. I know that his passion is trying workers' rights cases and he has had great success at it, and also in preserving his major victories in precedent-setting appellate wins, such as in *Sargent v. Board of Trustees.* His $750/hour rate is also low, compared with market rates for someone with his track record of success and his level of experience.

14. I do not personally know Drew Teti or Elizabeth Malay, but their rates are reasonable for this case based upon their years of experience.

15. The *Diaz* case will have an impact not only on my *Vaughn* case, but upon civil rights enforcement throughout California and nationwide, and is an exceptionally important case

for demonstrating the strong public policy against workplace racism. The Court should award the full fees sought for Plaintiff's counsel's exceptional work in obtaining this outcome.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge. If called upon to do so, I could and would testify competently to the matters stated herein.

Executed this 25th day of October 2023 in Sonoma, California.

/s/ *Bryan Schwartz*

_____

Bryan Schwartz, Esq.