LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
MARQUI HOOD (SBN 214718)
marqui@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone: (415)-453-7352
Facsimile: (415)-785-7352

J. BERNARD ALEXANDER (SBN 128307)
balexander@amfllp.com
**ALEXANDER MORRISON & FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 394-0888
Facsimile: (310) 394-0811

MICHAEL RUBIN (SBN 80618)
mrubin@altber.com
JONATHAN ROSENTHAL (SBN 329638)
jrosenthal@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

DUSTIN L. COLLIER (SBN 264766)
dcollier@collierlawsf.com
V. JOSHUA SOCKS (SBN 303443)
jsocks@collierlawsf.com
ELIZABETH R. MALAY (SBN 336745)
emalay@collierlawsf.com
DREW F. TETI (SBN 267641)
drew@collierlawsf.com
**COLLIER LAW FIRM, LLP**
240 Tamal Vista Blvd. Suite 100
Corte Madera, CA 94925
Telephone: (415) 767-0047
Facsimile: (415) 767-0037

Attorneys for Plaintiff,
OWEN DIAZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

OWEN DIAZ,

Plaintiff,

v.

TESLA, INC. dba TESLA MOTORS, INC.;

Defendant.

Case No. 3:17-cv-06748-WHO

**DECLARATION OF CHRISTOPHER WHELAN, ESQ., IN SUPPORT OF PLAINTIFF∞S APPLICATION FOR REASONABLE ATTORNEYS∞FEES AND EXPENSES**

Retrial Date: March 27, 2023
Complaint filed: October 16, 2017

I, Christopher Whelan, declare as follows:

1. I make this declaration under penalty of perjury and under the laws of the State of California and under the laws of the United States of America. The information contained within this declaration is of my own personal knowledge, and if called upon to do so, I am competent to testify truthfully to the matters stated herein. This declaration is made in support of Plaintiff Owen Diaz's Application for Attorneys' Fees and Expenses.

2. I am an attorney licensed to practice before all the courts in the State of California, and my State Bar Number is 080823. My firm name is Christopher H. Whelan, Inc., located at 11246 Gold Express Drive, Suite 100, County of Sacramento, California 95670. Set forth below is some of my background and the basis for my knowledge of prevailing hourly rates for attorneys in employment cases in the Sacramento and Northern California regions.

3. I graduated from UCLA with a B.A. in Economics in 1974. I received my Juris Doctor from Hastings College of Law in San Francisco in 1977. I was admitted to the State Bar of California in 1978. I have specialized in representing individual plaintiffs in employment law matters since 1981 throughout the state, but mainly in Northern California. I have had my own law office in the Sacramento area since approximately 1981.

4. I successfully tried my first employment law jury trial in 1983, more than forty years ago. Over the years I have obtained a number of significant jury verdicts and judgments for employees including fourteen seven and eight figure verdicts, and fourteen punitive damage awards. All of these verdicts were far in excess of the best offers made by Defendants prior to trial.

5. I was the trial attorney and part of the appellate teams in the following published cases: *Krentz v. CIGNA*, 886 F.2d 1177 (9th Cir. 1989); *Page v. Superior Court (3Net)*, 31 Cal.App.4th 1206 (1995) (manager's individual liability for harassment); *Rains v. Criterion Systems*, 80 F.3d 339 (9th Cir. 1996); *Richards v. CH2M Hill*, 26 Cal .4th 798 (2001) (continuing violation doctrine); *State Dept. of Health Services v. Sup. Ct. (McGinnis)*, 31 Cal .4th 1026 (2003) (avoidable consequences defense to FEHA harassment claims); *Olaes v. Nationwide Mut. Ins. Co.*, 135 Cal.App.4th 1501 (2006) (non-applicability of anti-SLAPP statute to employment

defamation claim); *Roby v. McKesson HBOC*, 47 Cal .4th 686 (2009) (disability harassment, discrimination and punitive damages); *Young v CBS*, 212 Cal. App. 4th 551 (2012) (defamation and anti-SLAPP decision redefining public official); *DesRosiers v. Hartford Ins.*, 979 F. Supp. 2d 1036 (2013) (disability discrimination/ failure to accommodate), *King v US Bank National Association*, 53 Cal. App. 5th 675 (2020) (defamation).

6. I am a member of the California Bar; past member of the Executive Board for Sacramento County Bar Labor and Employment Section; past member of the Executive Board for CELA [California Employment Lawyers Association] for approximately 20 years; past head of NELA's [National Employment Lawyers Association's] Sacramento chapter for approximately 17 years; and a member of the Board of Directors of Capitol City Trial Lawyers Association (CCTLA) for approximately 22 years. I am a member of ABOTA [American Board of Trial Advocates] at the Advocate level, and a Fellow of The College of Labor and Employment Lawyers. Both of these professional organizations are composed of both plaintiff and defense side counsel.

7. In 2009, and I believe 2011, I was included in the Daily Journal's Top 10 Plaintiffs Employment Lawyers in California. I have been recognized as a Northern California "Super Lawyer" since 2005. I am rated preeminent by Martindale-Hubbell and been rated as AV for well over eighteen years. I have been included in "Best Lawyer in Sacramento — Labor and Employment Law," Top Lawyers in Northern California and Best Lawyers in America since 2006.

8. I received Capitol City Trial Lawyers' ("CCTLA") Advocate of the Year in 2000 and 2011, and in 2017, I received CCTLA's Morton L. Friedman Humanitarian Award. In 2012 I was nominated for CAOC' s 2012 "Street Fighter of the Year." I received ABOTA' s 2012 Trial Attorney of the Year (Sacramento Valley Chapter) and CELA's 2014 Joe Posner Award (founder of CELA, a statewide organization of approximately 1400 plaintiffs-side employment law attorneys). In 2018 I was the nominee from Sacramento Valley ABOTA for ABOTA's California Trial Lawyer of the Year.

9. I have lectured on various employment and trial issues throughout the State and Country to various groups including the National Employment Lawyers Association (NELA), Consumer

Attorneys of California (CAOC), California Employment Lawyers Association (CELA), the Capitol City Trial Lawyers Association (CCTLA), ABOTA, the Sacramento County Bar Employment Section, the State Bar Employment Section, Consumer Attorneys Association of Los Angeles (CAALA) and Continuing Education of the Bar (CEB), and I have taught at the CELA Trial College. For years I have been a contributing editor on the defamation section for The Rutter Group's California Practice Guide, Employment Litigation.

10. Through my involvement in the National Employment Lawyers' Association (NELA), California Employment Lawyers' Association (CELA), Capitol City Trial Lawyers (CCTLA), and the Consumer Attorneys of California (CAOC). I meet and confer with members of those organizations, and mainly Northern California employment lawyers on a daily basis on a variety of issues in employment cases, including their standard hourly rates. Also, I have daily contact with many Bay Area and Northern California plaintiffs' side employment attorneys to share information on cases, briefs, and to discuss employment related legislation and fees. I participate in six or more fee applications per year for attorneys in the Bay Area and Northern California legal communities. This has been my practice for more than 30 years. Through my own experience and through my daily contacts with other attorneys in these organizations and with the Northern California legal community I am very familiar with the community standards for attorney fees hourly rates in the Bay Area and Northern California regions.

11. My current hourly rate for Bay Area cases is $1250 per hour which I charge in all cases on which I now work.

12. I have reviewed the Complaint and Verdict in this action as well as a summary of the time spent on this matter by Plaintiff's counsel. Plaintiff's attorneys achieved an historical result in the $136.9 million verdict on a difficult case against excellent attorneys. Ms. Tracy Kennedy from Sheppard Mullin enjoys a reputation as one of the best employment defense trial attorneys in California. Prior to his loss in the instant case on the retrial, I am informed that Mr. Alex Spiro claims that he had never lost a civil verdict according to his recent profile in *The New Yorker*.

13. Through my participation in the above-mentioned organizations and my daily phone calls and e-mails from attorneys practicing employment law throughout California, including the Bay Area, and through my daily participation in the CELA and CCTLA list serves, I have become

very aware of the normal and expected hourly rates for attorneys who practice employment discrimination law and civil law in general.

14. I have known Bernard Alexander for decades. We both served on the Board of CELA and I am familiar with his abilities and his experience. I have worked with Mr. Alexander in the CELA Trial College on at least two occasions. I have collaborated on cases in terms of strategy for over 15 years and I have referred cases to him because I am aware of his excellent abilities.

15. My understanding I that Mr. Alexander is seeking a rate of $1200 per hour. In my opinion, this rate is well within the bounds of reasonable fees in civil rights litigation and civil litigation more generally for San Francisco Bay Area trial attorneys, particularly for attorneys with his skill level and experience. If anything, this rate is low for his level of experience and his skill level.

16. I have known Larry Organ for over 19 years. When he provided assistance in preparing for oral arguments at the Supreme Court, and support for our request for review to the Supreme Court in the *Roby* case, I was impressed by his writing skills and his ability to distill cases to the most important elements. Over the years we have assisted each other in case evaluation, keeping up to date with the latest employment law decisions, damage assessment, law and motion practice, and trial strategy and practice. I have observed Mr. Organ act as lead counsel in a sexual harassment case he tried in 2019 in Merced County. I was impressed by his command of the courtroom, the rapport he had with all participants, and his significant trials skills. The obvious trial skills I observed included his exceptional ability to communicate with, and relate to the jury, and his great skills to effectively and effortlessly examine witnesses in a manner that kept the jury fully engaged. I consulted with Mr. Organ numerous times on strategy relating to this case, so I am familiar with the issues here. In addition, I am fully aware of the tremendous verdict he and Mr. Alexander and their team was able to achieve in the first trial of this matter.

17. I understand that Mr. Organ is seeking attorney's fees in this case at an hourly rate of $975 per hour. This is appropriate and in line with hourly fees being charged by trial attorneys in employment cases in the Bay Area for attorneys at his skill and experience level. I fully support Mr. Organ's claim for fees at $975 per hour as reasonable and commensurate with the prevailing market rates in the San Francisco Bay Area.

18. I have long been familiar with the work and reputation of Michael Rubin of Altshuler Berzon LLP. In late 2016, my co-counsel and I retained Mr. Rubin and his law firm to help oppose an eleventh-hour motion to compel arbitration in an egregious workplace rape case, which defendants filed after switching to more aggressive defense counsel. We prevailed on that motion as a result of Altshuler Berzon's excellent legal analysis and persuasive briefing, and the Court of Appeal affirmed. I understand that Mr. Rubin is seeking his current commercial rate of $1275 per hour for his work on the *Diaz* case. Based on his impeccable credentials, his extensive experience, and my own personal experience, I can state without equivocation that Mr. Rubin's requested rate of $1275 is well within what is reasonable and customary in the San Francisco Bay Area for an appellate and trial attorney with his exceptional skill and experience.

19. Although I am less familiar with the other billing attorneys in this case, I have reviewed the scope of the work performed and their years of experience and relative billing rates. Based on this information, I can state that the following rates are reasonable and commensurate with prevailing market rates for litigation attorneys in the San Francisco Bay Area: Corrine Johnson (2012) $825/hour; Jonathan Rosenthal (2019) $650/hour; Sam Hull (2022) $550/hour; Tracy Fehr (2005) $750/hour; Joshua Arnold (2005) $700/hour; Britt Karp (2011) $675/hour; Jacqueline Gill (2018) $450/hour; Natalie Khoury (2021) $350/hour; Marqui Hood (2001) $900/hour; Molly Durkin (2006) $750/hour; Navruz Avloni (2011) $725/hour; Cimone Nunley (2018) $500/hour; Emily Kohlheim (2021) $425/hour; Noah Baron (2015) $600/hour; Dustin Collier (2009) $750/hour; Drew Teti (2009) $550/hour; and Elizabeth Malay (2012/2021) $400/hour.

20. Additionally, through discussions with Mr. Organ and my review of the facts of this case, I am aware that Plaintiff's counsel faced a great risk of loss of substantial time and significant costs which they advanced in this case. Mr. Organ told me about the threat from Tesla's general counsel upon initiating his first race harassment case against Tesla. Moreover, trying race harassment cases in federal court is statistically less likely to prevail than in state court in part because you have to get a unanimous verdict. The contingent risk in a case like this is very real and, in my opinion, justifies a multiplier or enhancement to the lodestar calculations of 2.0.

21. This case had a significant public impact. I saw that it was covered in the national news and on national television. The first verdict was generally recognized as the highest verdict in a single plaintiff race harassment case in California and the United States. I know that the lawyers had to forego other cases to work on this case as Mr. Organ informed me of this fact. Finally, the expanded period over which this case was litigated means that memories fade and witnesses lose interest in testifying. In light of these factors, this result was noteworthy and deserves a multiplier for the fine work and outcome achieved. Therefore, I believe a 2.0 multiplier is appropriate in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2023, in Gold River, California.

CHRISTOPHER WHELAN, ESQ.