QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Alex Spiro (appearance *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Daniel C. Posner (CA Bar No. 232009)
  danposner@quinnemanuel.com
  Mari F. Henderson (CA Bar No. 307693)
  marihenderson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART &SULLIVAN, LLP
  Asher Griffin (appearance *pro hac vice*)
  ashergriffin@quinnemanuel.com
300 W. 6th St., Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100

*Attorneys for Defendant Tesla, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| OWEN DIAZ,<br><br>        Plaintiff,<br><br>  v.<br><br>TESLA, INC. d/b/a TESLA MOTORS, INC.,<br><br>        Defendant. | Case No. 3:17-cv-06748-WHO<br><br>**DECLARATION OF DANIEL C. POSNER IN SUPPORT OF TESLA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Hearing Date: January 10, 2024<br>Hearing Time: 2:00 p.m.<br><br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |

I, Daniel C. Posner, hereby declare:

1. I am an attorney licensed to practice law in the State of California. I am an attorney with the firm of Quinn, Emanuel, Urquhart, & Sullivan, counsel for Defendant Tesla, Inc. ("Tesla") in this matter. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Tesla's Opposition to Plaintiff's Motion for Attorneys' Fees and Expenses (the "Motion").

3. I, along with attorneys at my firm under my supervision, reviewed the billing records attached to the Organ Declaration (Dkt. 494-1), Rubin Declaration (Dkt. 494-2), Alexander Declaration (Dkt. 494-3), and Collier Declaration (Dkt. 494-4). The entries included in this declaration and exhibits were pulled via text recognition software directly from those declarations and combined into a single excel database. The "Position" field was added and populated according to the attorney descriptions provided in each declaration. The "Billing Rate" field was added and populated according to the rates asserted in the Motion. (Mot. 19-20.) The "Fees Billed" field was calculated by directly multiplying the "Billing Rate" field times the "Time Billed" field for each attorney and each entry.

4. My review of the billing entries showed that Mr. Diaz's counsel billed a total of 8,437.18 hours for $6,561,305 in fees. This is $59,763.50 less than the sum of the "Lodestar" column asserted in Mr. Diaz's Motion (at pp. 19-20).

5. **Exhibit A** is a chart reflecting the sum of the "Time Billed" field for all attorneys and staff seeking fees in Mr. Diaz's Motion. The chart indicates each biller's law firm and position, and depicts the total time billed by each attorney up to the date of the first verdict (October 4, 2021), the total time billed by each attorney since the day after the first verdict (October 5, 2021) through to the present, and a grand total of all time billed throughout the life of the case.

6. Exhibit A shows that from start of the case through the first verdict, three partners, five associates (a total of eight attorneys), one law clerk, four paralegals, and one legal assistant billed time on Mr. Diaz's case.

7. Exhibit A further shows that since the first verdict, twelve partners, one of-counsel, six associates (a total of nineteen attorneys), two law clerks, and ten paralegals billed time on Mr. Diaz's case.

8. **Exhibit B** is a chart reflecting the sum of the "Fees Billed" field for all attorneys and staff seeking fees in Mr. Diaz's Motion. The chart indicates each biller's law firm and position, and depicts the total fees billed by each attorney up to the date of the first verdict (October 4, 2021), the total fees billed by each attorney since the day after the first verdict (October 5, 2021) through to the present, and a grand total of all fees billed throughout the life of the case.

9. All told, Mr. Diaz's legal team billed 3,925.1 hours to bring this case to its first verdict, for which Mr. Diaz requests $3,025,357.50 in fees.

10. All told, Mr. Diaz's legal team billed 4,484.58 hours from the first verdict through the second, for which he requests $3,535,947.50 in attorneys' fees.

11. Mr. Diaz's attorneys billed 550 more hours after the first verdict (4484.58 hours) than during the entirety of this case before then (3925.1 hours).

12. Mr. Diaz's attorneys billed $3,025,357.50 for work performed through the first verdict, and $3,535,947.50 for work performed since.

13. The following chart is an accurate depiction of Mr. Diaz's counsel, hours billed, and fees requested through the first verdict and since:

| Phase | Counsel | Hours Billed | Fees Requested |
|---|---|---|---|
| **Diaz's Complaint Through First Verdict** (*September 2017 to October 4, 2021*) | 2 Law Firms<br>3 Partners<br>6 Associates<br>1 Law Clerk<br>4 Paralegals<br>1 Legal Assistant | 3,925.1 hours | $3,025,357.50 |
| **Since First Verdict** (*October 5, 2021 to Present*) | 4 Law Firms<br>12 Partners<br>1 Of-Counsel<br>6 Associates<br>2 Law Clerks<br>10 Paralegals | 4,484.58 hours | $3,535,947.50 |

14.     **Exhibit C** is a chart reflecting the sum of the "Time Billed" field for all attorneys and staff seeking fees in Mr. Diaz's Motion by month. The following chart is an accurate graphical depiction of the hours billed by Mr. Diaz's counsel per month:



15.     **Exhibit D** contains two charts. The first chart reflects the time entries billed during the first trial, *i.e.*, September 26, 2021 through October 4, 2021. During the first trial, Mr. Diaz's team included five attorneys from two law firms. These attorneys billed a total of 497.8 hours during the first trial.

16.     The second chart in Exhibit D reflects the time entries billed during the second trial, *i.e.*, March 27, 2023 through April 3, 2023. During the second trial, Mr. Diaz's team included twelve attorneys from four law firms. These attorneys billed a total of 591.83 hours during the second trial.

17.     Mr. Diaz's counsel billed 94.03 more hours during the damages retrial (591.83) than during the first trial (497.8).

18.     **Exhibit E** is a chart reflecting the sum of the "Time Billed" field for all attorneys and staff seeking fees in Mr. Diaz's Motion by their position. The chart shows that partner time (5,187.43 hours) accounts for 61.5% of the hours for which Mr. Diaz seeks to recover, while associate time (2,331.95 hours) accounts for 27.6%.

19.     **Exhibit F** is a chart reflecting the sum of the "Time Billed" and "Fees Billed" fields for Mr. Alexander's time entries in which the billing description showed Mr. Alexander was performing deposition summaries. Exhibit F also includes a list of time entries that fit this description. At my firm, deposition summaries are tasks that are typically delegated to junior associates (or paralegals and law clerks), not partners. Excluding the 2.5 hours billed on September 17, 2021 not related to deposition summaries, Mr. Diaz requests 43.3 hours in the total amount of $51,960 for deposition summaries performed by Mr. Alexander at a billing rate of $1200/hour.

20.     **Exhibit G** is a chart reflecting the sum of the "Time Billed" and "Fees Billed" fields for time entries reflecting preparation, attendance, and analysis of 13 separate focus groups Mr. Diaz's attorneys conducted. Exhibit G also includes a list of time entries that fit this description, grouped according to focus group. All told, Mr. Diaz requests $504,290.00 in fees for spending 686.6 hours on 13 focus groups.

21.     **Exhibit H** is a chart reflecting the sum of the "Time Billed" and "Fees Billed" fields for all time entries with .1 Time Billed. Exhibit H also includes a list of time entries that fit this description, collated by focus group. All told, Mr. Diaz requests $134,247.50 for 1,928 time entries for .1 hours each.

22.     On March 14, 2023, Larry Organ billed 11 entries for .1 hours, and paralegal Sabrina Grislis billed 15 entries for .1 hours—amounting to $1,410.

23.     **Exhibit I** is a chart reflecting the sum of the "Time Billed" and "Fees Billed" fields for all time entries mentioning "travel" in the time entry description. Exhibit I also includes a list of time entries that fit this description. Among these time entries are 15 entries for Jonathan Rosenthal to "travel to court," "travel to co-counsel offices," or "travel home," for a total of 7.8 hours and $5,070.00. All told, Mr. Diaz requests $507,780.00 for 701.7 hours for time entries that reference time spent on travel.

24.     **Exhibit J** is a chart reflecting the sum of the "Time Billed" and "Fees Billed" fields for all time entries for attending the *Littleton v. Musk* trial. Exhibit J also includes a list of time

entries that fit this description. All told, Mr. Diaz requests $34,807.50 for 35.7 hours of time Mr. Organ spent while watching the trial in *Littleton v. Musk*.

25.   **Exhibit K** is a list of expense entries reflecting expenses billed for costs of conducting thirteen focus groups. All told, Mr. Diaz requests $14,543.96 for expenses related to conducting the 13 focus groups mentioned above.

26.   **Exhibit L** is a list of requested expense entries incurred since the first verdict. All told, Mr. Diaz requests $63,684.32 for these expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th day of November 2023 in Los Angeles, California.

*/s/ Daniel C. Posner*
Daniel C. Posner