LAWRENCE A. ORGAN (SBN 175503)
larry@civilrightsca.com
CIMONE A. NUNLEY (SBN 326915)
cimone@civilrightsca.com
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:  (415)-453-7352
Facsimile:   (415)-785-7352

J. BERNARD ALEXANDER III (SBN 128307)
**ALEXANDER MORRISON + FEHR LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:  (310) 394-0888
Facsimile:   (310) 394-0811

Attorneys for Plaintiff
OWEN DIAZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIC DI-AZ, OWEN DIAZ, and LAMAR PATTERSON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TESLA, INC. dba TESLA MOTORS, INC.; CITISTAFF SOLUTIONS, INC.; WEST VALLEY STAFFING GROUP; CHARTWELL STAFFING SERVICES, INC.; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 3:17-cv-06748-WHO<br><br>**SUPPLEMENTAL DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Judge:  Hon. William Orrick III |

I, J. Bernard Alexander, III, declare:

1. I am an attorney at law duly admitted to practice before all of the courts of the State of California. If called as a witness, I could and would competently testify to the following facts of my own personal knowledge. I submit this Supplemental Declaration in support of Plaintiff's Motion for Attorney's Fees and Expenses.

Page:Line Summaries

2. Tesla has challenged the 43.3 hours I spent preparing detailed page:line summaries of depositions taken before I joined Mr. Diaz's trial team, from witnesses whom I was responsible for examining at trial. (Opp. P.10:28-11:5)

3. While a more junior attorney would have been able to provide an accurate summary of those witnesses' deposition testimony, it has long been my practice, in my 30+ years of trial experience, to *personally* review, assess, and generate a detailed written analysis of the deposition testimony of each witnesses whom I anticipated examining at trial. Reviewing another attorney's summary of those witnesses' deposition testimony would not have been nearly as useful to my trial preparation or to my effective examination of those witnesses.

4. In this case, the exercise of personally preparing the page:line summaries of several key witnesses enabled me to better understand, at the level of detail required for effective examination, the competing versions of facts being offered by the different Tesla witnesses. Reviewing and analyzing deposition testimony myself enables me to identify subtle overlaps, contradictions, and inexplicable gaps in a witness's testimony, and provides the surrounding connective tissue that allows me as the examining attorney to anchor the witness in details that create opportunities for effective impeachment. I cannot rely on others, such as the junior associates to whom Tesla suggests I should have delegated this responsibility, to provide the level of detail necessary to understand and absorb the nuances that allow for effective cross-examination.

5. Moreover, because trial was quickly approaching at the time I reviewed these deposition transcripts, it was far more efficient for me to learn the case by creating these page:line summaries than by relying on generalized deposition summaries that may have been prepared by others.

### Pre-Trial Opening Statement Critiques ("Focus Group")

6. My billing records include two time entries on September 25, 2021 and March 26, 2023 that refer in general terms to "focus groups." Tesla misunderstands the work reflected in those time entries.

7. Before the first and second trials, I practiced different versions of my proposed opening statements before groups of unpaid friends and colleagues whom I recruited to listen and to offer suggestions, critiques, and other feedback to enable me to hone my presentation. Because the trial team was deeply immersed in the facts and the law, it was important—and consistent with my regular practice—to solicit and incorporate feedback from such "outsiders," to help ensure that my opening statement would present a cohesive and persuasive narrative. My time entries generically referred to those practice runs as "focus groups" not in any technical sense, but simply as a shorthand description of my practice of eliciting comments from trustworthy but unpaid volunteers who would be hearing the story of this case for the first time and providing useful feedback.

### Travel Time Sought

8. I live and work in Los Angeles. During the final weeks before trial and during trial, I worked out of CCRLG offices with Larry Organ and his staff.

9. My records and my earlier declaration document the time that I spent travelling to and from San Francisco in order to prepare for and attend trial. Those records document the flight and hotel expenses associated with my travel. Each of those expenses was necessarily incurred to enable me to prepare for and participate in the two trials as co-lead counsel with Mr. Organ.

10. I customarily bill travel to paying clients and have done so for many

years, going back to the days I worked for a defense firm that billed clients on an hourly basis. It has also been my consistent practice to bill for travel time when I am called upon to serve as an expert and when I am retained as trial counsel in cases being adjudicated in other venues, such as Riverside, Sacramento, San Diego, Santa Clara.

11. Whenever I travel for court appearances and other litigation-related matters, I try to be as efficient as possible with my time. In particular, I routinely perform substantive case-related work, like reviewing files, discussing case strategy, initiating or responding to emails, or calling clients or witnesses during such travel.

12. Attached as Exhibit "**1**" is a true and correct copy of the updated billing statement that captures the time I spent with respect to this fees dispute, between October 7, 2023 and the present, which includes time spent reviewing and editing the reply brief and preparing this supplemental declaration. I have exercised billing discretion to reduce the fee request by 5.6 hours, as reflected below:

| Attorney/Staff | Hourly Rate | Hours Spent | Total |
|---|---|---|---|
| J. Bernard Alexander, III | $1,200 | 27.4 | $32,880 |
| Britt L. Karp | $675 | 5.4 | $3,645 |
| Gustin Ham | $225 | 0.0 | $0 |
| **TOTAL** | | 32.8 | **$36,525** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of December 2023, in the County of Los Angeles, State of California.

*J. Bernard Alexander, III*
_____
J. BERNARD ALEXANDER, III

# Exhibit 1

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 10/09/2023 | BK | Reviewing and redacting JBA's billing for mtn for atty fees | 1.50 | $1,012.50 |
| 10/09/2023 | JBA | ▓▓▓ | ▓ | ▓ |
| 10/10/2023 | JBA | Email exchange with Rubin re revision to fee declaration [.2]; extensive review and revision to address out of town costs and expenses to be added to fee declaration; address redundancies in declaration; [1.0]; emails with associate and office manager (Gus) re costs & expenses [.2] | 1.40 | $1,680.00 |
| 10/10/2023 | BK | Email to Gus re further billing for atty fees motion [0.1]; further revisions to JBA's dec including incorporating Rubin's revisions and section re out of town expenses [1.2]; reviewing emails from Bernard re add'l work for atty fee mtn [0.1]; emailing him re same [0.1]; organizing exhibits for dec and further redacting [0.6] | 2.10 | $1,417.50 |
| 10/11/2023 | JBA | Further extensive review and revision of JBA fee declaration re additional expense details: Reading, hotel, flight, uber; email to office manager (Gus) re missing expenses associated with first trial, details needed for charting of expenses; review of Reading billing [4.7]; | 4.70 | $5,640.00 |
| 10/11/2023 | BK | Responding to email from JBA re amending dec [0.1]; email to Gus re costs [0.1]; further amendment to dec re trial costs [0.8] | 1.00 | $675.00 |
| 10/12/2023 | JBA | Team email exchanges re strategy for briefing fee issues, additions needed to declarations [.3]; | 0.30 | $360.00 |
| 10/13/2023 | JBA | Meeting with co-counsel preparing for M&C with defense counsel [.6]; M&C with defense counsel re filing of MF Attorney Fees [.5] | 1.10 | $1,320.00 |
| 10/15/2023 | JBA | Phone call with co-counsel (Organ) re fee motion, associate rates, waiver of fees for limited time; Whelan declaration [.5] | 0.50 | $600.00 |
| 10/16/2023 | BK | Reviewing and responding to emails from Gus and JBA re mtn for atty fees | 0.10 | $67.50 |
| 10/16/2023 | JBA | Phone calls with co-counsel (Larry) addressing staggered multiplier, ▓▓▓ multiplier allocation [.6]; extensive revision of fee declaration to capture staggered multiplier request, correct charting for costs, identify discretionary reduction of hours billed [2.0] | 2.60 | $3,120.00 |
| 10/17/2023 | BK | Preparing redactions for updated billing for mtn for atty fees [0.3]; email to Gus and JBA re billing [0.1] | 0.40 | $270.00 |
| 10/18/2023 | BK | Revising Bernard's dec for mtn for atty fees [0.2]; email to him re same [0.1] | 0.30 | $202.50 |
| 10/22/2023 | JBA | Email deRubertis re overdue supporting fee declaration [.1] | 0.10 | $120.00 |
| 10/22/2023 | JBA | Receipt of Whelan supporting fee declaration [.1]; email team re overdue deRubertis declaration [.2] | 0.30 | $360.00 |
| 10/23/2023 | JBA | ▓▓▓ review of deRubertis draft declaration and resubmission to him with explanation [.3]; email exchanges re issue with supplemental declarations [.3] | 3.60 | $4,320.00 |
| 10/24/2023 | JBA | Email exchange with deRubertis re supporting declaration [.3]; final review and revision of same [.4]; extensive review and revision of Organ declaration [1.0]; email to co-counsel re costs filing form [.2] | 1.90 | $2,280.00 |
| 10/25/2023 | JBA | Email exchanges re client letter ▓▓▓ [.2]; review email exchanges with co-counsel re same, ▓▓▓ [.3]; preparation of amended declaration to address entry of new counsel into the case and respective roles [1.0]; supply attachments in support of JBA | 1.90 | $2,280.00 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| | | fee motion [.2]; discuss separation of costs for ease or review by Judge Orrick [.2] | | |
| 10/26/2023 | JBA | Review email re false "errata" filing of multiple declarations, review [.3]; discussion with co-counsel re consequences, appropriate response [.4] | 0.70 | $840.00 |
| ▉ | ▉ | ▉ | ▉ | $960.00 |
| 11/01/2023 | JBA | Review corrected Notice of Appeal, exchange re strategy session [.2] | 0.20 | $240.00 |
| 11/02/2023 | JBA | Review emails re ▉ by client, delayed response by Tesla (Dan) to settlement discussion [.3]; filing of notice of appeal [.1] | 0.40 | $480.00 |
| 11/09/2023 | JBA | Review responsive emails from ▉ Tesla (Dan) and Team [.3] | 0.30 | $360.00 |
| 11/13/2023 | JBA | Email exchange re 9th Circuit forms due [.1] | 0.10 | $120.00 |
| 11/19/2023 | JBA | Review of Opposition to MF Attorney Fees [1.0]; preparation of outline of reply in response [.4]; Conference call with trial team [1.0] | 2.40 | $2,880.00 |
| 11/27/2023 | JBA | Preparation of Reply Declaration in support of MF Attorney Fees [2.0]; review of Collier email re Tesla fee opposition [.3] | 2.30 | $2,760.00 |
| 11/29/2023 | JBA | Extensive review and revision of draft Reply in support of MF Attorney Fees; forward to team for further revision [3.0]; email exchanges re revisions to Reply [.2] | 3.20 | $3,840.00 |
| 12/02/2023 | JBA | Review and revision of reply [1.3], email forward for finalization, with comments [.1]; review and revise supplemental fee declaration to correspond to Reply [1.0] | 2.40 | $2,880.00 |